**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION** | Case No. 4:19-cv-00957 |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Counsel for the following parties met and conferred on April 30, 2021:

- Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach and Plumbers and Pipefitters National Pension Fund, represented by Co-Lead Counsel Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP

- Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust represented by Labaton Sucharow LLP

- James T. Hackett, Thomas J. Walker, Michael A. McCabe, William D. Gutermuth, Jeffrey H. Tepper, Diana J. Walters, Stephen Coats, Pierre F. Lapeyre, David M. Leuschen, Donald Sinclair, Ronald Smith, and Riverstone Investment Group LLC represented by Latham & Watkins LLP.

- Harlan H. Chappelle and Michael E. Ellis represented by Latham & Watkins LLP and Winston & Strawn LLP.

- William McMullen and Bayou City Energy Management LLC, represented by Kirkland & Ellis LLP.

- Donald Dimitrievich and HPS Investment Partners LLC, represented by Quinn, Emanuel, Urquhart & Sullivan LLP

- ARM Energy Holdings LLC, represented by Eversheds Sutherland (US) LLP

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   *In re: Alta Mesa Resources, Inc.* et al, Case No. 19-35133 (S.D. Tex. Br.)

3. **Briefly describe what the case is about.**

   Lead Plaintiffs assert federal securities law claims against various former directors and officers of Alta Mesa Resources, Inc. (f/k/a/ Silver Run Acquisition Corp. II), as well as the alleged control entity defendants (Riverstone Holdings LLC, Bayou City Energy LLC, HPS Investment Partners, LLC, and ARM Energy Holdings LLC).  Specifically, Lead Plaintiffs allege the Defendants made false and misleading statements and failed to disclose material adverse facts in Silver Run's January 22, 2018 proxy statement and otherwise during the class period concerning, among other things, Alta Mesa and Kingfisher's operational setbacks, internal controls and financial reporting.

   Defendants deny Lead Plaintiffs' allegations and deny that they are entitled to any relief under the federal securities laws.

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa.  In addition, because this is a civil action arising under the laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

5. **Name the parties who disagree and the reasons.**

   All parties agree that federal jurisdiction is appropriate in this case.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Lead Plaintiffs anticipate naming Alta Mesa Resources, Inc. as a defendant following the lifting of the stay in the company's bankruptcy proceedings.

7. **List anticipated interventions**.

   The parties do not anticipate any interventions.

8. **Describe class-action issues.**

   Lead Plaintiffs bring this action on behalf of themselves and all other persons or entities, excluding Defendants, that purchased or otherwise acquired Alta Mesa securities during the period from August 16, 2017 through May 17, 2019, inclusive, and were damaged thereby.

Lead Plaintiffs also allege claims pursuant to Sections 14(a) and 20(a) of the Exchange Act on behalf of themselves and other shareholders of Alta Mesa Resources, Inc. as of the January 22, 2018 record date.

Lead Plaintiffs anticipate moving for class certification on or before July 30, 2021.

Defendants are unable to take a position on class certification prior to evaluating Plaintiffs' motion for class certification and conducting fact and expert discovery concerning issues pertaining to class certification.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet exchanged their initial disclosures but intend to do so by June 15, 2021.

10. **Describe the proposed agreed discovery plan, including:**
    A. **Responses to all the matters raised in Rule 26(f).**
    B. **When and to whom the plaintiff anticipates it may send interrogatories.**
    C. **When and to whom the defendant anticipates it may send interrogatories.**
    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**
    E. **Of whom and by when the defendant anticipates taking oral depositions.**
    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
    G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
    H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    The Parties have addressed the above-referenced issues in their Proposed Schedule.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Lead Plaintiffs have informally requested Defendants make an initial production of documents collected in connection with government investigations and the Alta Mesa Resources, Inc. bankruptcy proceedings. Lead Plaintiffs served formal discovery demands on April 28 and 29, 2021.

**13. State the date the planned discovery can be reasonably completed.**

> The Proposed Schedule sets party document production to be substantially completed by February 7, 2022 and all fact discovery to be complete by July 1, 2022.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

> The parties do not believe that prompt settlement or resolution is likely at this time, but are generally open to mediation as the case further develops. All parties have agreed to use best efforts to proceed efficiently through discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

> Lead Plaintiffs have informally requested initial document production, proposed a brisk case schedule and consented to trial before a magistrate judge.

> To bring about a prompt resolution, Defendants have proposed, in light of Plaintiffs' expansive initial written discovery requests and the number of defendants, a speedy discovery period and case schedule.

> The parties have also agreed transmittal of a PDF by email will constitute sufficient service of discovery requests and responses pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

> Plaintiffs believe that mediation may be appropriate following the production of certain discrete and easily identifiable documents in Defendants' possession.

> Defendants believe that mediation may be suitable in this case at an appropriate time.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.**

> Plaintiffs consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if was made on time.**

> A timely jury demand was made by Plaintiffs in their initial complaint on March 14, 2019. Lead Plaintiffs' Second Corrected Consolidated Amended Complaint also includes a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

>Plaintiffs believe that this will be approximately a three-week trial (or about 90 hours of evidentiary presentation).

>Defendants are currently unable to reasonably estimate the length of time it will take to present the evidence in this case, but believe that Plaintiffs' estimate of a three week trial grossly underestimates the time necessary. Plaintiffs' Amended Complaint asserts claims against 18 defendants based upon as many as 39 unique statements during a three-year class period. The federal securities laws and the PSLRA require that Plaintiffs prove, among other things, that: (i) each statement was material and false or misleading; (ii) each statement caused economic damages (and to quantify that damage); (iii) each Defendant acted with the requisite state of mind with respect to each statement they made; and (iv) each Defendant's "percentage of responsibility" for damage attributed to each statement. In addition, Plaintiffs have asserted Section 20(a) control person claims against 18 defendants. Each of these defendants can present defenses relating to their alleged control, whether they exercised that control, their purported involvement in the alleged misstatements, and otherwise present evidence to refute a fact-intensive inquiry as to each such defendant.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

>Not applicable. On June 1, 2021, the Parties filed a proposed protective order to preserve the confidentiality of certain commercially sensitive information and an ESI protocol.

**21. List other motions pending.**

>There are no other outstanding motions on these issues.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

>Not applicable.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

- FNY Managed Accounts, LLC, FNY Partners Fund LP – 3/20/19
- Camelot Event Driven Fund, A Series of Frank Funds Trust – 4/1/19
- Alta Mesa Resources, Inc. – 4/25/2019
- Riverstone Investment Group LLC – 4/25/2019
- Bayou City Management LLC– 4/22/2020

- HPS Investment Partners, LLC – 6/30/2020
- ARM Energy Holdings LLC – 7/2/2020

**24. List the names, bar numbers, addresses and telephone numbers of all counsel:**

The parties have listed this information below.

Dated:  June 9, 2021

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
Texas Bar No. 24038131
Attorney-in-Charge
**ENTWISTLE & CAPPUCCI LLP**
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone:  (512) 710-5960

-and-

Joshua K. Porter (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone:  (212) 894-7200

*Court-Appointed Co-Lead Counsel*

Ira A. Schochet (*pro hac vice*)
David Schwartz (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0650

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

Respectfully submitted,

*/s/ Trig Smith*
Trig Smith (*pro hac vice*)
Debashish Bakshi (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058

*Court-Appointed Co-Lead Counsel*

*/s/ David A. Baay*
David A. Baay
Fed ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6112

-and-

Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100

*Counsel for ARM Energy Holdings, LLC*

*/s/ Karl S. Stern*
Karl S. Stern
Texas State Bar No. 19175665
Attorney-in-Charge
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000

-and-

Christopher D. Porter
Michael B. Carlinsky
Jacob B. Waldman
Courtney C. Whang
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Defendants HPS Investment Partners, LLC and Donald Dimitrievich*

| | |
|---|---|
| */s/ J. Christian Word* | */s/ Kenneth A. Young* |
| J. Christian Word (*pro hac vice*) | Kenneth A. Young |
| Attorney-in-Charge | Attorney-in-Charge |
| Matthew Peters (*pro hac vice*) | **KIRKLAND & ELLIS LLP** |
| Charlie Berdahl (*pro hac vice*) | **KIRKLAND & ELLIS** |
| Zachary Williams (*pro hac vice*) | **INTERNATIONAL LLP** |
| **LATHAM & WATKINS LLP** | Texas Bar No. 24088699 |
| 555 Eleventh Street, NW | 609 Main Street |
| Suite 1000 | Houston, Texas 77002 |
| Washington, DC 20004 | Telephone: (713) 836-3600 |
| Telephone: (202) 637-2200 | |
| | -and- |
| -and- | |
| | Stefan Atkinson (*pro hac vice*) |
| Herman H. Yue | **KIRKLAND & ELLIS LLP** |
| Texas Bar No. 24099071 | **KIRKLAND & ELLIS** |
| **LATHAM & WATKINS LLP** | **INTERNATIONAL LLP** |
| 811 Main Street, Suite 3700 | 601 Lexington Avenue |
| Houston, TX 77002 | New York, NY 10022 |
| Telephone: (713) 546-7443 | Telephone: (212) 446-4800 |
| | |
| *Counsel for Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lepeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters* | *Counsel for Bayou City Energy Management LLC and William McMullen* |