# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., | Civil Action No. 4:22-cv-001189 |
| Plaintiffs, | |
| v. | |
| ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, | |
| Defendants. | |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., | Civil Action No. 4:22-cv-02590 |

ORBIS GLOBAL EQUITY FUND
LIMITED, ORBIS INSTITUTIONAL
FUNDS LIMITED, ALLAN GRAY
AUSTRALIA BALANCED FUND, ORBIS
OEIC, and ORBIS INSTITUTIONAL U.S.
EQUITY L.P.,

                 Plaintiffs,

     v.

ALTA MESA RESOURCES, INC., f/k/a
SILVER RUN ACQUISITION
CORPORATION II; RIVERSTONE
HOLDINGS LLC; ARM ENERGY
HOLDINGS LLC; BAYOU CITY
ENERGYMANAGEMENT, LLC; HPS
INVESTMENT PARTNERS, LLC;
JAMES T. HACKETT, HARLAN H.
CHAPPELLE, WILLIAM
GUTERMUTH, JEFFREY H. TEPPER,
DIANA J. WALTERS; MICHAEL E.
ELLIS; RONALD SMITH; DON
DIMITRIEVICH; PIERRE F.
LAPEYRE, JR.; DAVID M.
LEUSCHEN; WILLIAM W.
MCMULLEN; DONALD SINCLAIR;
STEPHEN COATS; and THOMAS J.
WALKER,

                 Defendants.

**MOTION OF DONALD DIMITRIEVICH TO DISMISS PLAINTIFFS'
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

NATURE AND STAGE OF PROCEEDING ....................................................................... 1

STATEMENT OF THE ISSUES ........................................................................................ 1

INTRODUCTION ............................................................................................................... 2

BACKGROUND ................................................................................................................. 4

      A.    The Parties ........................................................................................................ 4

      B.    The Business Combination ............................................................................... 5

      C.    Plaintiffs' Deficient Allegations As To Mr. Dimitrievich ............................. 5

LEGAL STANDARD .......................................................................................................... 6

ARGUMENT ....................................................................................................................... 7

I.     PLAINTIFFS' FAILURE TO ALLEGE THAT MR. DIMITRIEVICH
      ACTED WITH SCIENTER REQUIRES DISMISSAL ........................................ 7

      A.    Plaintiffs' Non-Existent Allegations Of Scienter As To Mr.
            Dimitrievich Require Dismissal .................................................................... 7

      B.    Plaintiffs' Group Pleading Allegations Must Be Rejected As A
            Matter Of Law And, In Any Event, Are Insufficient To State A
            Claim ............................................................................................................ 10

II.    PLAINTIFFS ALSO FAIL TO PLEAD THAT MR. DIMITRIEVICH
      MADE ANY MISSTATEMENTS ...................................................................... 14

III.   PLAINTIFFS FAIL TO PLEAD THAT MR. DIMITRIEVICH IS LIABLE
      AS A CONTROL PERSON UNDER SECTION 20(A) ..................................... 19

CONCLUSION .................................................................................................................. 21

i

## TABLE OF AUTHORITIES

**Page**

### Cases

*Abbott v. Equity Grp., Inc.*,
2 F.3d 613 (5th Cir. 1993) .......................................................................... 19

*Abrams v. Baker Hughes Inc.*,
292 F.3d 424 (5th Cir. 2002) ...................................................................... 13

*Ak. Elec. Pension Fund v. Flotek Indus. Inc.*,
915 F.3d 975 (5th Cir. 2019) ........................................................................ 7

*Carlton v. Cannon*,
184 F. Supp. 3d 428 (S.D. Tex. 2016)................................................... 10, 17

*Carlton v. Cannon*,
2016 WL 3959164 (S.D. Tex. July 22, 2016) ............................................ 19

*Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*,
497 F.3d 546 (5th Cir. 2007) ................................................................ 2, 6, 9

*Colbert v. Rio Tinto PLC*,
392 F. Supp. 3d 329 (S.D.N.Y. 2019) ........................................................ 17

*Collmer v. U.S. Liquids, Inc.*,
268 F. Supp. 2d 718 (S.D. Tex. 2001) ........................................................ 12

*Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*,
433 F. Supp. 3d 515 (S.D.N.Y. 2020) ........................................................ 15

*Dawes v. Imperial Sugar Co.*,
975 F. Supp. 2d 666 (S.D. Tex. 2013) ........................................................ 16

*Delaware Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*,
2022 WL 3227584 at *17 (S.D. Tex. Aug. 10, 2022) ........................... 11, 12

*Dennis v. General Imaging, Inc.*,
918 F.2d 496 (5th Cir. 1990) .................................................................. 19, 20

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) ...................................................................... 10

*G.A. Thompson & Co., Inc. v. Partridge*,
636 F.2d 945 (5th Cir. 1981) ...................................................................... 19

*Greco v. Qudian Inc.*,
    2022 WL 4226022 (S.D.N.Y. Sept. 13, 2022) ............................................................ 11

*Heck v. Orion Grp. Holdings, Inc.*,
    468 F. Supp. 3d 828 (S.D. Tex. 2020) ..................................................................... 18

*Heck v. Triche*,
    775 F.3d 265 (5th Cir. 2014) .................................................................................. 19

*Ho v. Flotek Indus., Inc.*,
    248 F. Supp. 3d 847 (S.D. Tex. 2017), *aff'd sub nom.*
    *Ak. Elec. Pension Fund v. Flotek Indus., Inc.*,
    915 F.3d 975 (5th Cir. 2019) ............................................................................ 12, 13

*In re Barrick Gold Corp. Sec. Litig.*,
    341 F. Supp. 3d 358 (S.D.N.Y. 2018) ...................................................................... 11

*In re BP P.L.C. Sec. Litig.*,
    843 F. Supp. 2d 712 (S.D. Tex. 2012) ..................................................................... 19

*In re BP P.L.C. Sec. Litig.*,
    922 F. Supp. 2d 600 (S.D. Tex. 2013) .................................................................. 4, 20

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    258 F. Supp. 2d 576 (S.D. Tex. 2003) ............................................. 2, 9, 10, 11, 13

*In re IAC/InterActiveCorp Sec. Litig.*,
    695 F. Supp. 2d 109 (S.D.N.Y. 2010) ...................................................................... 17

*In re Kosmos Energy Ltd. Sec. Litig.*,
    955 F. Supp. 2d 658 (N.D. Tex. 2013) ..................................................................... 20

*In re Noah Educ. Holdings, Ltd. Sec. Litig.*,
    2010 WL 1372709 (S.D.N.Y. Mar. 31, 2010) ........................................................... 16

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
    307 F. Supp. 3d 583 (S.D. Tex. 2018) ................................................................... 7, 10

*In re Reliant Sec. Litig.*,
    2004 WL 7347565 (S.D. Tex. Jan 16, 2004) ............................................................ 14

*Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*,
    537 F. 3d 527 (5th Cir. 2008) ...................................................................... 3, 6, 11, 13

*Inter-Local Pension Fund GCC/IBT v. Gen. Elec. Co.*,
    445 F. App'x 368 (2d Cir. 2011) .............................................................................. 11

*Izadjoo v. Helix Energy Sols. Grp., Inc.*,
    237 F. Supp. 3d 492 (S.D. Tex. 2017) .......................................................................... 8

*Janus Capital Grp., Inc. v. First Deriv. Traders*,
    564 U.S. 135 (2011) ................................................................................................... 18

*Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
    810 F.3d 951 (5th Cir. 2016) ...................................................................................... 6

*Magruder v. Halliburton Co.*,
    2009 WL 854656 (N.D. Tex. Mar. 31, 2009) ............................................................. 13

*Maloney v. Ollie's Bargain Outlet Holdings, Inc.*,
    518 F. Supp. 3d 772 (S.D.N.Y. 2021) ....................................................................... 11

*Meek v. Howard, Weil, Labouisse, Friedrichs, Inc.*,
    95 F.3d 45 (5th Cir. 1996) ......................................................................................... 19

*N. Port Firefighters' Pension--Loc. Option Plan v. Temple-Inland, Inc.*,
    936 F. Supp. 2d 722 (N.D. Tex. 2013),
    *aff'd*, 789 F.3d 529 (5th Cir. 2015) .......................................................................... 9

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ...................................................................................... 9

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
    Commerce*,
    694 F. Supp. 2d 287 (S.D.N.Y. 2010) ....................................................................... 11

*Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*,
    777 F. App'x 726 (5th Cir. 2019) .............................................................................. 7

*Rosenzweig v. Azurix Corp.*,
    332 F.3d 854 (5th Cir. 2003) ......................................................................... 3, 12, 18

*SEC v. Killion*,
    2017 WL 7052310 (S.D. Tex. Mar. 24, 2017) ......................................................... 18

*Solow v. Citigroup, Inc.*,
    2012 WL 1813277 (S.D.N.Y. May 18, 2012) .......................................................... 16

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
    365 F.3d 353 (5th Cir. 2004) ..................................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .................................................................................................... 7

## <u>Rules and Regulations</u>

Fed. R. Civ. P. 9(b) ....................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 6

## NATURE AND STAGE OF PROCEEDING

Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (together, "Alyeska Plaintiffs") and Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P., (together, "Orbis Plaintiffs," and, with Alyeska Plaintiffs, "Plaintiffs") filed "opt-out" complaints, the Aleyska Compl. ("AC") and Orbis Compl. ("OC"), as shareholders of Alta Mesa Resources, Inc. alleging claims under the 1934 Securities Exchange Act (the "1934 Act") and Texas law.

Defendant Donald Dimitrievich respectfully submits this Motion, and incorporated memorandum of law, to dismiss the claims brought under Sections 10(b) and 20(a) of the 1934 Act pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act of 1995 ("PSLRA").   As discussed below, Mr. Dimitrievich adopts and incorporates the arguments raised by co-defendants' motions to dismiss filed on January 10, 2023.

## STATEMENT OF THE ISSUES

The issues raised by this motion include whether Plaintiffs' claims must be dismissed pursuant to Rules 12(b)(6) and 9(b) for failure to plead:  (1) facts supporting any inference, much less a compelling inference, that Mr. Dimitrievich acted with scienter, as

required under Section 10(b); (2) that the alleged misstatements attributed to Mr. Dimitrievich were false; and (3) that Mr. Dimitrievich is a Section 20(a) control person.

## INTRODUCTION

Plaintiffs' entire action against Mr. Dimitrievich—an outside director at Alta Mesa Resources, Inc. ("Alta Mesa")—is based on ***just one*** substantive act:  that he signed Alta Mesa's 2017 10-K.  AC ¶ 35 ("Defendant Dimitrievich signed Alta Mesa's March 29, 2018 Form 10- K.");  OC ¶ 44 (same).  That is all.  There are ***no*** allegations that he signed it with any scienter, ***no*** allegations that he was aware that any information contained within the 10-K was false or misleading, and ***no*** allegations that he engaged in any form of improper activity that would support a Section 10(b) claim.  Mr. Dimitrievich's signature on the 2017 10-K—and nothing more—is the sole basis for his inclusion as a defendant here.

But courts within the Fifth Circuit have routinely held that signing an SEC document—with nothing more—is ***not*** grounds for holding an individual liable under Section 10(b).  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 626-27 (S.D. Tex. 2003) ("Plaintiff[s] must allege facts sufficient to give rise to a strong inference of scienter" beyond signing because the mere allegation that an outside director "signed … Form 10-K" was insufficient on its own); *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 555 (5th Cir. 2007) (signing certifications attached to Form 10-K insufficient to "permit a strong inference of scienter" because otherwise "scienter would be established in every case where there was an accounting error or auditing mistake").

For these reasons, and the following, Plaintiffs' claims fail:

*First*, Plaintiffs fail altogether to plead scienter. There are no allegations about Mr. Dimitrievich's knowledge. None. Plaintiffs assert that the "Alta Mesa Board" had knowledge of certain issues, but ***never*** specify what Mr. Dimitrievich supposedly knew. This group-pleading tactic is insufficient as a matter of well-settled law, which requires Plaintiffs to plead scienter specifically as to ***Mr. Dimitrievich***. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("[T]he PSLRA requires the plaintiffs to distinguish among those they sue and enlighten ***each defendant*** as to his or her particular part in the alleged fraud.") (emphasis in original) (quotations omitted).

Further, Plaintiffs nowhere plead precisely what information Mr. Dimitrievich (or any other Alta Mesa director) possessed that was contrary to the statements in the Form 10-K, which likewise renders Plaintiffs' allegations insufficient. *See Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.,* 537 F. 3d 527, 539 (5th Cir. 2008) ("conclusory statement[]" that "defendants knew adverse material do[es] not contribute to a strong inference of scienter" or recklessness) (quotations omitted).

*Second*, Plaintiffs fail to plead falsity. There are five alleged misstatements within the Alta Mesa 2017 Form 10-K, four of which are ***warnings*** to investors, and the fifth of which is merely repeating a report made by Company officers that Plaintiffs nowhere allege Mr. Dimitrievich had any reason to doubt. Indeed, the Form 10-K includes 21 pages of Risk Factors, and even the handful isolated by Plaintiffs reflect the speculative and uncertain nature of Alta Mesa's business and the oil and gas industry in general. The notion that warnings about how Alta Mesa ***could*** fail somehow suggested to investors that Alta Mesa ***would not*** fail is an implausible interpretation of the representations at issue,

3

requiring dismissal. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 867-68 (5th Cir. 2003) (affirming dismissal of Section 10(b) claims because plaintiffs' allegations of falsity were plainly hindsight assessments).

*Finally*, Plaintiffs fail to plead control under Section 20(a) as to Mr. Dimitrievich. With respect to the alleged misstatements outside the Form 10-K, Plaintiffs fail to plead that Mr. Dimitrievich induced or participated in the alleged misstatements of the Company or the other individual defendants. Nor do Plaintiffs plausibly plead that he, as one of 11 (and then 12) directors, exercised, or could have exercised, control over the Company at all, much less control sufficient to sustain a Section 20(a) cause of action. *See In re BP P.L.C. Sec. Litig.*, 922 F. Supp. 2d 600, 640 (S.D. Tex. 2013) (dismissing 20(a) claim against officer/director that rested on allegations of the defendant's position).

Accordingly, Counts I and II should be dismissed, as against Mr. Dimitrievich.

## BACKGROUND

### A.     The Parties

For the purposes of this motion, Plaintiffs consist of two groups: the Alyeska Plaintiffs, which are Cayman Islands exempted limited partnerships, AC ¶¶ 17-19, and the Orbis Plaintiffs, which are various funds, partnerships, and investment companies organized under the laws of Australia, Luxembourg, Bermuda, England and Wales, and Delaware, OC ¶¶ 17-27. Plaintiffs allege that they purchased common stock in Alta Mesa at purportedly inflated prices and held that stock through some or all of a series of alleged corrective disclosures starting on March 29, 2018, and continuing until May 17, 2019. AC ¶¶ 17-19, 297-320; OC ¶¶ 17-26, 372-395.

Mr. Dimitrievich became a director at Alta Mesa after the Business Combination closed, and signed the 2017 10-K.  AC ¶ 35; OC ¶ 44.  Mr. Dimitrievich—alongside David Leuschen, Pierre F. Lapeyre Jr, William W. McMullen, and Donald Sinclair—is named as a "Board Defendant."  AC ¶ 37; OC ¶ 46.

The Complaint also asserts causes of action against numerous other defendants for violations of Sections 10(b), 14(a), 18, and 20(a) of the 1934 Act, and under Texas law, as discussed in the co-defendants' Motions also dated January 10, 2023.

### B.  The Business Combination

Silver Run was a special-purpose acquisition company that launched an IPO in March 2017, and thereafter sought to identify and acquire a private energy company.  AC ¶ 3; OC ¶ 3.  On August 16, 2017, Silver Run announced its intention to acquire AMH and Kingfisher for $3.8 billion, AC ¶ 56; OC ¶ 65, and on February 9, 2018, the transaction closed.  AC ¶ 60; OC ¶ 69.  The new, publicly-traded company became known as Alta Mesa Resources, Inc. (defined above as "Alta Mesa").  AC ¶ 60; OC ¶ 69.

### C.  Plaintiffs' Deficient Allegations As To Mr. Dimitrievich

Plaintiffs assert causes of action under Sections 10(b) and 20(a) against Mr. Dimitrievich.  The sole basis on which Plaintiffs attempt to establish his liability is that he signed the 2017 Form 10-K.  AC ¶ 35; OC ¶ 44.  Plaintiffs fail to plead that, in doing so, Mr. Dimitrievich acted with any fraudulent intent, without which Plaintiffs cannot plead a cause of action under Section 10(b).  Rather, they claim that the ***Board Defendants***, as an undifferentiated group, were aware of unspecified facts supposedly contrary to the allegedly misleading public statements, AC ¶ 270; OC ¶ 332 (emphasis added), and that

*HPS* had incentive to mislead investors because HPS (through funds that it manages) earned substantial returns from the Business Combination and benefited from a higher Alta Mesa share price. *See* AC ¶ 286-288; OC ¶ 355-357. But the complaints contain *no* allegations as to Mr. Dimitrievich's state of mind, as necessary to plead scienter as to Mr. Dimitrievich.

To establish falsity, Plaintiffs point to five statements in the 2017 Form 10-K: four warnings to investors about the risks of investing in Alta Mesa, and a recitation of Alta Mesa's officers' certification of internal controls. As set forth below, these statements are not misleading.

## LEGAL STANDARD

The Court must accept Plaintiffs' well-pleaded factual allegations on a motion to dismiss under Rule 12(b)(6), *Cent. Laborers'*, 497 F.3d at 550, but need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quotations omitted).

Plaintiffs here must also meet the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), which calls for Plaintiffs to "plead with particularity the circumstances constituting fraud." *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016) (quotations omitted). The PSLRA "raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Id.* (citing *Ind. Elec. Workers'*, 537 F.3d at 533). First, "plaintiff[s] must specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading." *Id.* (quotations omitted). Second, "for each

6

act or omission alleged to be false or misleading, plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Id.* (quotations omitted).

Under these standards, Counts I and II should be dismissed as to Mr. Dimitrievich.

## ARGUMENT

## I.     PLAINTIFFS' FAILURE TO ALLEGE THAT MR. DIMITRIEVICH ACTED WITH SCIENTER REQUIRES DISMISSAL

### A.     Plaintiffs' Non-Existent Allegations Of Scienter As To Mr. Dimitrievich Require Dismissal

To plead scienter under the PSLRA, Plaintiffs must allege facts supporting an inference of fraudulent intent that is "more than merely 'reasonable' or 'permissible'" but "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).  In establishing the standard to plead scienter, the Fifth Circuit has rejected "'group pleading' in securities-fraud complaints," meaning plaintiffs cannot "rely on or impute to individuals ***the collective knowledge of all or a group of persons*** associated with the defendant company," *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 614-15 (S.D. Tex. 2018) (emphasis added).[1]  Instead, "[s]cienter must be alleged with respect ***to the individual corporate official*** or officials who make or issue the statement."  *Ak. Elec. Pension Fund v. Flotek Indus. Inc.,* 915 F.3d 975, 982 (5th Cir. 2019) (emphasis added) (citations omitted).  Thus, "[t]he rejection of group pleading requires plaintiffs pleading

---

[1]  *Aff'd on other grounds sub nom. Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th Cir. 2019).

fraud claims against individuals under § 10(b) and Rule 10b-5 to distinguish among the defendants and allege ***each one's*** role, intent, and knowledge," on an individual basis. *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 514–15 (S.D. Tex. 2017) (emphasis added).

Plaintiffs do not even attempt to meet this heightened pleading standard as to Mr. Dimitrievich because there are no allegations whatsoever as to his intent or knowledge. To be clear, the ***entirety*** of allegations specific to Mr. Dimitrievich consist of the following:

> "Don Dimitrievich served as a member of Alta Mesa's Board of Directors following the Merger. Defendant Dimitrievich is a Managing Director at Defendant HPS Investment Partners, LLC. Defendant Dimitrievich signed Alta Mesa's March 29, 2018 Form 10-K." AC ¶ 35; OC ¶ 44.

> "The above-named Defendants – Leuschen, Lapeyre, McMullen, Dimitrievich and Sinclair – along with Defendants Hackett, Gutermuth, Tepper and Walters, are referred to collectively as the 'Board Defendants.'" AC ¶ 37; OC ¶ 46.

> "Even after Alta Mesa filed for bankruptcy in September 2019, representatives of the Control Entity Defendants attended the Company's board meetings. For instance, at a Kingfisher Midstream, LLC board meeting on September 3, 2019, not only were the Control Entity Defendants represented by Defendants McMullen, Dimitrievich, Lapeyre and Leuschen …." OC ¶ 358.

These limited assertions include ***no*** allegations whatsoever as to Mr. Dimitrievich's intent or knowledge; they note only that he was a director of Alta Mesa and a Managing Director at HPS, signed Alta Mesa's 2017 10-K, and attended a post-bankruptcy Kingfisher board meeting (while an Alta Mesa director), months after the alleged misrepresentations.

The Section 10(b) claims against Mr. Dimitrievich fail for this reason alone. Indeed, it is well-settled that where, as here, Plaintiffs allege nothing more than signing a Form 10-

K, they fail to plead the requisite element of scienter.  *Cent. Laborers'*, 497 F.3d at 555 (signing alone insufficient to "permit a strong inference of scienter" because otherwise "scienter would be established in every case where there was an accounting error or auditing mistake made by a publicly traded company"); *In re Enron*, 258 F. Supp. 2d at 626-27 ("Plaintiff[s] must allege facts sufficient to give rise to a strong inference of scienter" beyond signing because the mere allegation that an outside director "signed … Form 10-K" was insufficient on its own); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 697 (5th Cir. 2005) ("[A] securities fraud plaintiff must prove that the defendant either consciously misbehaved … or was so severely reckless that it demonstrates that the defendant must have been aware of the danger of misleading the investing public.").  This is particularly true of outside directors, such as Mr. Dimitrievich.  *N. Port Firefighters' Pension--Loc. Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722, 753 (N.D. Tex. 2013), *aff'd*, 789 F.3d 529 (5th Cir. 2015) ("[Defendant's] position" as outside director "weighs slightly against an inference of scienter.").

The scienter discussion in *In re Enron*, 258 F. Supp. 2d at 627, is squarely on point. The *Enron* court rejected allegations that outside directors were, at a minimum, reckless in signing certain SEC filings containing misstatements about topics that plaintiffs claimed the directors had addressed at board meetings.  The court held that references to the board minutes were insufficient to plead scienter as to the outside directors because the minutes lacked "particular facts or details about the presentation or discussion … that would indicate that the Outside Directors knew or recklessly disregarded that there was a Ponzi scheme afoot."  258 F. Supp. 2d at 627-28.

Plaintiffs here offer even less detail than the conclusory allegations rejected in *Enron*. Plaintiffs allege only that the collective board members were "privy to specific knowledge (or direct access to data and facts regarding Alta Mesa's stack drilling." AC ¶ 270; OC ¶ 332. These allegations do not suffice given that they contain no detail regarding what facts the board members knew about or were told that established that the company's statements were false; in other words, this allegation does not establish that specific facts "were presented to the [Board] members" that revealed the falsity of the company' statements, as *Enron* requires. *Enron*, 258 F. Supp. 2d at 630. Accordingly, because Plaintiffs fail to allege **any** such specific facts were presented to Mr. Dimitrievich—an outside director—much less any that were contrary to the alleged misstatements in the 2017 10-K—their claims fail.

**B.      Plaintiffs' Group Pleading Allegations Must Be Rejected As A Matter Of Law And, In Any Event, Are Insufficient To State A Claim**

Plaintiffs cannot remedy this scienter deficiency as to Mr. Dimitrievich by making allegations about the Alta Mesa board as a whole. As discussed above, the Fifth Circuit has rejected such "group pleading," requiring instead allegations as to "the state of mind **of the individual corporate official** or officials 'who make or issue the statement … rather than generally to the collective knowledge of all the corporation's officers and employees.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 208 (5th Cir. 2009); *see also Carlton v. Cannon*, 184 F. Supp. 3d 428, 459 (S.D. Tex. 2016); *In re Plains*, 307 F. Supp. 3d at 614-15.

Regardless, even as to the directors' **collective** knowledge—which, again, is

insufficient to plead scienter as to Mr. Dimitrievich—the sole relevant allegation pled is insufficient.  Plaintiffs claim that the Alta Mesa board "were privy to specific knowledge (or had direct access to) data and facts regarding Alta Mesa's STACK drilling."  AC ¶ 270; OC ¶ 332.  This assertion is even less particular than the allegations the *Enron* court rejected regarding using generalized board minutes to establish knowledge.  *Enron*, 258 F. Supp. 2d at 630.  Indeed, Plaintiff's conclusory assertion that the board was "privy to specific knowledge" does not come close to the PSLRA pleading standard.  *See Ind. Elec. Workers'*, 537 F. 3d at 539 (mere "conclusory statement[]" that "defendants knew … adverse material do[es] not contribute to a strong inference of scienter" or recklessness) (quotations omitted); *Greco v. Qudian Inc.*, 2022 WL 4226022, at \*26 (S.D.N.Y. Sept. 13, 2022) (scienter "cannot be inferred solely from the fact that, due to the defendants' board membership or executive managerial position, they had access to the company's internal documentation as well as any adverse information");[2] *see also Delaware Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, 2022 WL 3227584 at \*17 (S.D. Tex. Aug. 10, 2022)

---

[2] *Inter-Local Pension Fund GCC/IBT v. Gen. Elec. Co.*, 445 F. App'x 368, 370 (2d Cir. 2011) (finding "vague and general averments" that executives had access to "real-time customer and sales information" insufficient to demonstrate scienter); *Maloney v. Ollie's Bargain Outlet Holdings, Inc.*, 518 F. Supp. 3d 772, 781 (S.D.N.Y. 2021) ("[T]he complaint fails to specify exactly what information was contained in the report or how said information 'contradicted Defendants' public statements,' as is required to show scienter"); *In re Barrick Gold Corp. Sec. Litig.*, 341 F. Supp. 3d 358, 373 (S.D.N.Y. 2018) (allegation that defendants had access to "expense and capital cost data" did not support scienter where plaintiffs failed to identify the specific facts contained in the data or how such facts would have contradicted defendant's statements); *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 299 (S.D.N.Y. 2010) (rejecting scienter allegations where plaintiff failed to "provide specific instances in which Defendants received information that was contrary to their public declarations" and noting that a "broad reference to raw data is not sufficient.") (quotations omitted).

(signatures on Form 10-K certifications do not support scienter, where "the alleged misstatements do not involve glaring irregularities or red flags that would have provided a basis to believe that the Form 10-Ks … contained material misrepresentations"). Plaintiffs' attempt at "group pleading" thus fails.

Plaintiffs likewise cannot plead scienter as to Mr. Dimitrievich by invoking the "core operations" doctrine. *See* AC ¶ 270 ("Alta Mesa's drilling program was essential to Alta Mesa's success and was therefore a core operation of the Company"); OC ¶ 332 (same). "[W]ithout some additional facts such as exposure to content-identified internal corporate documents (and who drafted them, who received them or how plaintiffs learned of them) or specific conversations or attendance at specified management or board meetings dealing with such problems," the "core operations" doctrine "is inadequate to plead scienter." *Collmer v. U.S. Liquids, Inc.*, 268 F. Supp. 2d 718, 754 (S.D. Tex. 2001); *Rosenzweig*, 332 F.3d at 867-868 (rejecting plaintiffs' argument that "the failure of Azurix's core business … supports the inference that defendants knew, or recklessly disregarded, Azurix's prospects for success" and holding that the plaintiffs must "identify exactly who supplied the information or when they knew the information."). Where, as here, Plaintiffs' scienter allegations do not mention Mr. Dimitrievich by name, specify documents contrary to the alleged misstatements, or refer to specific conversations or meetings, invoking "core operations" cannot remedy deficient scienter allegations. *See Ho v. Flotek Indus., Inc.*, 248 F. Supp. 3d 847, 859 (S.D. Tex. 2017), *aff'd sub nom. Ak. Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975 (5th Cir. 2019) ("Defendants do not dispute that FracMax was an important part of their business, but Plaintiffs fail to plead

any facts indicating any of the Defendants had … knowledge of any potential red flags."). Nor does the magnitude of Alta Mesa's write-down and ultimate bankruptcy establish scienter as a matter of law. *Ind. Elec.*, 537 F.3d at 535 (allegations of "magnitude … of the accounting standards violations …. lack specificity about what [defendant] may have known or, for that matter, was reckless not to have known").

Plaintiffs' allegations as to motive and profit are also insufficient to establish scienter. As an initial matter, Plaintiffs fail to allege that Mr. Dimitrievich obtained any "concrete benefits" at all from his supposed misconduct, *see id.* at 543, such as selling Alta Mesa stock at inflated prices—indeed, they nowhere allege he ever owned a single share (he did not). *Cf. Abrams v. Baker Hughes Inc.,* 292 F.3d 424, 434 (5th Cir. 2002) (insider-sale motives fail "[a]bsent an allegation that the defendants profited from the inflated stock value"); *Magruder v. Halliburton Co.*, 2009 WL 854656, at *14 (N.D. Tex. Mar. 31, 2009) ("[T]he fact that Plaintiffs fail to allege suspicious sales of stock … undermines the Plaintiffs' allegations of scienter."); *Enron*, 258 F. Supp. 2d at 628 ("Lead Plaintiff has failed to plead facts showing that any of the Outside Directors personally benefitted from any nonpublic information …"). Nor are "general motive allegations … universal to corporate executives," such as maintaining "stock at artificially high prices to increase its value," sufficient to plead scienter. *Ind. Elec.*, 537 F.3d at 544.

Plaintiffs also cannot rely on allegations that **HPS** profited from the Business Combination, *see* AC ¶ 286-288; OC ¶¶ 355-357, to plead that **Mr**. **Dimitrievich** had motive to commit fraud. Such a "generalized motive for a company to do well or to meet certain broad goals" is not sufficient to plead scienter as to Mr. Dimitrievich (or HPS). *In*

13

*re Reliant Sec. Litig.*, 2004 WL 7347565, at \*14 (S.D. Tex. Jan 16, 2004) (no scienter as to individual defendant where plaintiffs failed to allege that "he personally had a motive or incentive to engage in or to allow" the illegal activity).  Consequently, Plaintiffs fail to plead any inference of scienter—much less a compelling and cogent one—which is fatal to their claim.

## II.   PLAINTIFFS ALSO FAIL TO PLEAD THAT MR. DIMITRIEVICH MADE ANY MISSTATEMENTS

The Court can end its inquiry at scienter and dismiss the claims against Mr. Dimitrievich.  Nevertheless, Plaintiffs' Section 10(b) claims fail also because they do not allege that Mr. Dimitrievich made *any* false statements.  Each of the statements that Plaintiffs attempt to attribute to Mr. Dimitrievich is not actionable as a matter of law.

*First,* Plaintiffs challenge a risk disclosure regarding the use of horizontal drilling, but that statement is neither misleading or inaccurate:

> Our operations involve the use of the latest horizontal drilling, completion and production technologies, as developed by us and our service providers, in an effort to improve efficiencies in recovery of hydrocarbons. Use of these new technologies may not prove successful and could result in significant cost overruns or delays or reduction in production, and in extreme cases, the abandonment of a well …. [C]ertain of the new techniques we are adopting may cause irregularities or interruptions in production due to offset wells being shut in and the time required to drill and complete multiple wells before any such wells begin producing.

*See* AC ¶ 175; OC ¶ 184.  Plaintiffs allege that the risk warning language was false because it did not also disclose that Alta Mesa "improperly drilled vertical bores" in certain wells that would increase the cost of oil extraction and decrease revenue over time.  AC ¶ 176; OC ¶ 185.  As a threshold matter, the statement does not imply anything about the use of

vertical bores at all: instead, the statement notes only that Alta Mesa's operations "involve the use of" horizontal drilling—not that Alta Mesa relied exclusively on that technique or on any single technique. Indeed, Alta Mesa ***does not disclaim*** drilling vertical bores anywhere in its filings. Plaintiffs therefore rely on pleading that a ***risk warning*** is somehow false because it allegedly did not address one of many aspects of Alta Mesa's drilling. However, even that tact fails, because the risk warning accomplishes precisely what it set out to do: it warns investors that Alta Mesa's "new technologies"—including horizontal drilling—"may not prove successful and could result in significant cost overruns or delays or reduction in production." AC ¶ 175; OC ¶ 184. Alta Mesa made clear to reasonable investors that it might not achieve the results it hoped.

To the extent Plaintiffs claim the statement is misleading because a warned-of risk had already materialized when the warning was made, they fail to support that claim with facts showing the statement was false when issued. Plaintiffs merely claim the new technology referenced in the risk disclosure "***would*** dramatically increase the cost of oil extraction"—*i.e.* they fail to allege contemporaneous facts indicating the new technology was, at the time the statements were made, causing cost increases or overruns. AC ¶ 176; OC ¶ 185 (emphasis added). At best, Plaintiffs allege a substantial risk of cost overruns— the very possibility about which Alta Mesa warned—which is insufficient to state a claim for falsity. *See Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 538 (S.D.N.Y. 2020) ("An increase in a risk does not mean the risk has already come to pass, such that a disclosure that simply identifies the risk would be misleading."). Nor does the use of the word "may" in the risk factor render the disclosure misleading: no

reasonable investor could understand the word "may" to mean the warned-of risks were **unlikely** to occur. *In re Noah Educ. Holdings, Ltd. Sec. Litig.*, 2010 WL 1372709, at *7 (S.D.N.Y. Mar. 31, 2010) (warnings about potential increases in cost of raw materials "cannot reasonably be read to imply that [the issuer]'s cost of raw materials had not increased, to some extent, in the current quarter").

*Second,* Alta Mesa's similar warning that its business "involves the use of the latest available horizontal drilling . . . which involve risks and uncertainties in their application" and that its business "depend[s] on successful exploration, exploitation, development and acquisitions to maintain reserves and revenue in the future" is not actionable.  AC ¶ 177; OC ¶ 186.  Plaintiffs allege that this statement is false because Alta Mesa failed to disclose that its drilling techniques were not the "latest available horizontal drilling technology, but were instead work-arounds," AC ¶ 178; OC ¶ 187.  But Plaintiffs do not plead that the Company failed to employ the latest techniques.  Instead, Plaintiffs plead only that those techniques were not as successful as the Company had hoped—which is precisely what the Company warned about in this statement.  AC ¶ 177; OC ¶ 186.  Alta Mesa's statements are not false merely because it failed to state that failure was a certainty.  *See, e.g.*, *Solow v. Citigroup, Inc.*, 2012 WL 1813277, at *4 (S.D.N.Y. May 18, 2012) (defendant "was not obligated to characterize its performance … in negative terms … or paint themselves in the most unflattering light possible" when the underlying disclosure was not alleged to be inaccurate); *see also Dawes v. Imperial Sugar Co*., 975 F. Supp. 2d 666, 707 (S.D. Tex. 2013) (similar).

*Third,* Plaintiffs' statements regarding Kingfisher are also non-actionable. Specifically, Plaintiffs challenge statements disclosing that Kingfisher's growth depends on "success in contracting for existing supplies," "the level of drilling activity," and Kingfisher "can contract for additional supplies at a greater rate than the rate of natural decline in our current supplies," and that Kingfisher's ability to renew or replace existing contracts "depends on a number of factors beyond [Kingfisher's] control." AC ¶¶ 213, 215; OC ¶¶ 222, 224. Plaintiffs allege these warnings are false because Alta Mesa could not produce the advertised amount of oil, the gathering agreements were unfair to Alta Mesa, and other third-party customers had delayed drilling, AC ¶¶ 214, 216; OC ¶¶ 223, 225. But this is an attempt to plead fraud-by-hindsight: Plaintiffs offer no plausible explanation for why the warnings had already come to pass at the time the statements were issued, and the alleged misstatements are therefore inactionable. *Carlton*, 184 F. Supp. 3d at 469 (fraud-by-hindsight insufficient because "it is based on the fact that [because] something turned out badly must mean the defendants knew earlier that it would turn out badly.") (alterations and quotation omitted).[3]

---

[3] Nor can the fact that other third-party customers had delayed drilling render the disclosures false because Plaintiffs affirmatively allege that Alta Mesa disclosed this fact on March 29, 2018, before the statements were made. *See* AC ¶ 63; OC ¶ 72 ("Alta Mesa's CEO, Defendant Chappelle, echoed this explanation in the earnings call, telling investors and analysts that "multiple 'large third-party producers' had delayed drilling on acreage served by Kingfisher."); *see also Colbert v. Rio Tinto PLC*, 392 F. Supp. 3d 329, 340 (S.D.N.Y. 2019) (disclosed information cannot support a securities claim), *aff'd*, 824 F. App'x 5 (2d Cir. 2020); *In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 118 (S.D.N.Y. 2010) (similar).

*Finally,* Plaintiffs again attempt fraud-by-hindsight, in challenging a 2017 Form 10-K statement that Alta Mesa's "Chief Executive Officer and Chief Financial Officer concluded that our disclosure controls and procedures (as defined in Rules 13a-15 (e) and 15d-15 (e) under the Exchange Act) were effective." AC ¶ 230; OC ¶ 239. Plaintiffs claim this statement is false because, nearly *a year after* this statement, Alta Mesa announced weakness in internal controls and a write-down. AC ¶ 231; OC ¶ 240. But "[t]he Fifth Circuit has made clear that allegations of negative results alone are generally not sufficient to satisfy the requirements for pleading securities fraud, and that a plaintiff must allege facts capable of raising a plausible inference that earlier statements *were false when made*." *Heck v. Orion Grp. Holdings, Inc.*, 468 F. Supp. 3d 828, 848 (S.D. Tex. 2020) (emphasis added); *see also Rosenzweig*, 332 F.3d at 867-68 (affirming dismissal of securities fraud action because report dated "well after the alleged misrepresentations" was "plainly a hindsight assessment"). Here, Plaintiffs provide no contemporaneous facts supporting the inference of falsity; they rely exclusively on facts that dramatically post-date the statement, which is insufficient.[4]

---

[4] Mr. Dimitrievich also cannot be liable for statements he is not even alleged to have made—including pre-Business Combination statements in the Proxy or post-Business Combination statements outside the 2017 Form 10-K. *See, e.g.*, *Janus Capital Grp., Inc. v. First Deriv. Traders*, 564 U.S. 135, 142 (2011) ("Without control, a person or entity can merely suggest what to say, not "make" a statement in its own right."); *SEC v. Killion*, 2017 WL 7052310, at *7 (S.D. Tex. Mar. 24, 2017) (CFO did not "make" statements contained in press filings that he did not sign merely by reviewing those documents prior to filing).

### III.   PLAINTIFFS FAIL TO PLEAD THAT MR. DIMITRIEVICH IS LIABLE AS A CONTROL PERSON UNDER SECTION 20(a)

Plaintiffs also cannot establish control person liability given their failure to plead that Mr. Dimitrievich (i) "had actual power over" Alta Mesa or the individual defendants and (ii) "induced or participated in the alleged violation." *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 791 (S.D. Tex. 2012) (citing *Dennis v. General Imaging, Inc.*, 918 F.2d 496, 509 (5th Cir. 1990).[5]

As a threshold matter, Plaintiffs fail to plead that Mr. Dimitrievich "had an ability to control the specific transaction or activity upon which the primary violation is based." *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (quoting *Meek v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 95 F.3d 45, at *3 (5th Cir. 1996)); *see also Carlton v. Cannon*, 2016 WL 3959164, at *5 (S.D. Tex. July 22, 2016) ("Whatever control-person liability demands beyond a defendant's corporate status but short of culpable participation in the primary violation," a plaintiff must make the showing required in *Heck*.).  The Fifth Circuit has not determined whether it is sufficient to plead that a defendant had the "*power to control* [a primary violator]" or undertook the "*actual exercise* of that power," *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 620 (5th Cir. 1993) (emphasis in original).  It is unnecessary

---

[5] While *Dennis* and *In re BP* provide that Section 20(a) requires pleading both "actual power and influence over" the primary violator and that the defendant "induced or participated in the alleged violation" by the primary violator, *G.A. Thompson & Co., Inc. v. Partridge*, 636 F.2d 945 (5th Cir. 1981), alternatively held that 20(a) does not "appear[] to require participation in the wrongful transaction." *Id.* at 958.  Regardless of whether this Court applies the more permissive standard under *G.A. Thompson* or the *Dennis* standard, Plaintiffs' claims fail because Plaintiffs have not pled "actual power or influence" over Alta Mesa or the individual defendants.

19

to resolve the issue here, however, because Plaintiffs plead neither power nor the exercise of power over an alleged primary violator or its supposed misstatements. Indeed, other than alleging that Mr. Dimietrievich was a director on the Alta Mesa board—which is insufficient to establish control—Plaintiffs allege no facts that establish Mr. Dimietrievich's control over any other defendants. *See Dennis*, 918 F.2d at 510 ("Even though a director, there is no showing that Copelin had the requisite power, required for a finding of a Section 15 or 20 control person, to direct either corporation.").[6]

Moreover, the extremely limited allegations against Mr. Dimitrievich nowhere suggest he "induced or participated in" any alleged misstatements anywhere outside the 2017 10-K (which allegations are insufficient). Rather, as discussed above, the allegations against Mr. Dimitrievich are limited to his position on the board of Alta Mesa and his signature on a single SEC filing, neither of which establishes such participation. *See Dennis*, 918 F.2d at 509-10 ("[Director] status alone will not automatically cause him to be a Section 15 or 20 controlling person. He must be found to have influence over at least the direction of the firm."); *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 675 (N.D. Tex. 2013) (quotation omitted) (allegations that defendant was an outside director, and so "not involved in day to day management" are "legally insufficient to support" a Section 20(a) claim). Accordingly, Plaintiffs' Section 20(a) claims fail.

---

[6] Mr. Dimitrievich also incorporates by reference the arguments in the Motion of HPS, among others, concerning Section 20(a) liability, including Plaintiffs' failure to plead that any Board Defendant, including Mr. Dimitrievich, had the ability to control any individual who allegedly made a misstatement, and that Mr. Dimitrievich's position as a director is insufficient to plead control over Alta Mesa or the individual defendants. *See In re BP*, 922 F. Supp. 2d at 639-40.

## CONCLUSION

For the foregoing reasons, Counts I and II against Mr. Dimitrievich should be dismissed with prejudice.

Dated:    January 10, 2023                Respectfully submitted,

/s/ Karl S. Stern
Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone:  (713) 221-7000 /Facsimile:  (713) 221-7100
Email: karlstern@quinnemanuel.com
christopherporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice forthcoming*)
Benjamin I. Finestone (*pro hac vice forthcoming*)
Jacob J. Waldman (*pro hac vice forthcoming*)
Courtney C. Whang (*pro hac vice forthcoming*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000 / Facsimile:  (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DON DIMITRIEVICH**

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record by the Court's ECF system on January 10, 2023.

/s/ Karl S. Stern
By: Karl S. Stern