# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |
| | Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND D, .P., | Civil Action No. 4:22-cv-01189 |
| | Judge George C. Hanks, Jr. |
| Plaintiffs, | |
| v. | |
| ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, | |
| Defendants. | |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., | Civil Action No. 4:22-cv-02590 Judge George C. Hanks, Jr. |

                              Plaintiffs,

              v.

ALTA MESA RESOURCES, INC., f/k/a
SILVER RUN ACQUISITION
CORPORATION II; RIVERSTONE
HOLDINGS LLC; ARM ENERGY
HOLDINGS LLC; BAYOU CITY
ENERGY MANAGEMENT, LLC; HPS
INVESTMENT PARTNERS, LLC;
JAMES T. HACKETT, HARLAN H.
CHAPPELLE, WILLIAM
GUTERMUTH, JEFFREY H. TEPPER,
DIANA J. WALTERS; MICHAEL E.
ELLIS; RONALD SMITH; DON
DIMITRIEVICH; PIERRE F. LAPEYRE,
JR.; DAVID M. LEUSCHEN; WILLIAM
W. MCMULLEN; DONALD SINCLAIR;
STEPHEN COATS; and THOMAS J.
WALKER,

                              Defendants.

# DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

NATURE & STAGE OF PROCEEDING ........................................................... 1

STATEMENT OF THE ISSUES ...................................................................... 2

INTRODUCTION & SUMMARY OF THE ARGUMENT ............................... 3

BACKGROUND .............................................................................................. 4

LEGAL STANDARD ....................................................................................... 6

ARGUMENT ................................................................................................... 7

    I.     THE INDIVIDUAL PLAINTIFFS' SECTION 14(A) AND 20(A) CLAIMS ARE TIME BARRED ...................................................... 7

    II.    THE INDIVIDUAL PLAINTIFFS' SECTION 18 CLAIMS ARE TIME BARRED ....................................................................... 9

          A.    The Three-Year Statute of Repose Expired Before The Individual Plaintiffs Filed The Complaints ....................... 9

          B.    The One-Year Statute of Limitations Bars the Section 18 Claims ............................................................................. 11

    III.   THE INDIVIDUAL PLAINTIFFS' STATE LAW FRAUD CLAIMS ARE PREEMPTED BY SLUSA'S BAR AGAINST COVERED CLASS ACTIONS ................................................. 12

    IV.   THE ORBIS "HOLDER" CLAIMS FAIL AS A MATTER OF LAW .................................................................................... 16

CONCLUSION ............................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*In re Affiliated Comput. Servs. Derivative Litig.*,
    540 F. Supp. 2d 695 (N.D. Tex. 2007) ...............................................................7, 8

*In re Alta Mesa Resources, Inc. Sec. Litig.*,
    No. 19-cv-00957 (S.D. Tex.) ....................................................................................1

*Aly v. Valeant Pharms. Int'l Inc.*,
    1 F.4th 168 (3d Cir. 2021) .......................................................................................8

*Amacker v. Renaissance Asset Mgmt., LLC*,
    657 F.3d 252 (5th Cir. 2011) ...................................................................................7

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974).................................................................................................3

*Amorosa v. Ernst & Young LLP*,
    672 F. Supp. 2d 493 (S.D.N.Y. 2009)....................................................................16

*Anderson v. Edward D. Jones & Co., L.P.*,
    990 F.3d 692 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 745 (2022)..........................7

*Arent v. Distrib. Scis., Inc.*,
    975 F.2d 1370 (8th Cir. 1992) ...............................................................................18

*Arnlund v. Deloitte & Touche, LLP*,
    199 F. Supp. 2d 461 (E.D. Va. 2002) .....................................................................18

*In re Atmel Corp. Derivative Litig.*,
    No. C06-4592, 2007 WL 2070299 (N.D. Cal. July 16, 2007).................................7

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988).................................................................................................6

*Blaz v. Belfer*,
    368 F.3d 501 (5th Cir. 2004) ...................................................................................9

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975)..........................................................................................17, 18

*In re BP p.l.c. Sec. Litig.*,
    109 F. Supp. 3d 946 (S.D. Tex. 2014) ...................................................................15

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
   137 S. Ct. 2042, 2052 (2017) ........................................................................8, 10

*Chanoff v. U.S. Surgical Corp.*,
   857 F. Supp. 1011 (D. Conn. 1994), *aff'd*, 31 F.3d 66 (2d Cir. 1994) ....................18

*Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*,
   No. CV-11-02056-MRP-MAN, 2011 WL 13220509 (C.D. Cal. Aug. 22, 2011) ..................12

*Citigroup Inc. v. AHW Inv. P'ship*,
   140 A.3d 1125 (Del. 2016) ........................................................................18

*Cont'l Cas. Co. v. Street.*,
   364 S.W.2d 184 (Tex. 1963) ......................................................................17

*Crocker v. FDIC*,
   826 F.2d 347 (5th Cir. 1987) ....................................................................18

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983) ..............................................................................11

*Del Sontro v. Cendant Corp.*,
   223 F. Supp. 2d 563 (D.N.J. 2002) ................................................................8

*In re Enron Corp. Sec.*,
   535 F.3d 325 (5th Cir. 2008) ................................................................13, 15

*In re Enron Corp. Sec., Derivative, & "Erisa" Litig.*,
   No. H-01-3624, 2006 WL 3716669 (S.D. Tex. Dec. 12, 2006), *aff'd sub nom. In re
   Enron Corp. Sec.*, 535 F.3d 325 (5th Cir. 2008)............................................13, 19

*In re Exxon Mobil Corp. Sec. Litig.*,
   500 F.3d 189 (3d Cir. 2007)......................................................................8

*In re Fannie Mae 2008 Sec. Litig.*,
   891 F. Supp. 2d 458 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013)......................15

*In re Fed. Nat'l Mortgage Ass'n Sec. Derivative, & "ERISA" Litig.*,
   503 F. Supp. 2d 25 (D.D.C. 2007) ................................................................13

*Gordon Partners v. Blumenthal*,
   No. 02 CIV 7377 LAK AJP, 2007 WL 431864 (S.D.N.Y. Feb. 9, 2007), *report and
   recommendation adopted by* No. 02 CIV 7377 LAK, 2007 WL 1438753 (S.D.N.Y. May
   16, 2007), *aff'd*, 293 F. App'x 815 (2d Cir. 2008) ..............................................13

*Grant Thornton LLP v. Prospect High Income Fund*,
   314 S.W.3d 913 (Tex. 2010)......................................................................17

*Grubb v. FDIC*,
    868 F.2d 1151 (10th Cir. 1989) ............................................................................18

*Hampton v. Pac. Inv. Mgmt. Co.*,
    869 F.3d 844 (9th Cir. 2017) ................................................................................7

*Herndon v. Equitable Variable Life Ins. Co.*,
    325 F.3d 1252 (11th Cir. 2003) ..........................................................................13

*Highfields Cap. I, LP v. SeaWorld Ent., Inc.*,
    365 F. Supp. 3d 1050 (S.D. Cal. 2019)..............................................................16

*Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) ................................................................................7

*Lindner Dividend Fund, Inc. v. Ernst & Young*,
    880 F. Supp. 49 (D. Mass. 1995) ..........................................................6, 9, 10, 12

*Magna Inv. Corp. v. John Does One Through Two Hundred*,
    931 F.2d 38 (11th Cir. 1991) ................................................................................9

*Maine Cmty. Health Options v. United States*,
    140 S. Ct. 1308 (2020)..........................................................................................9

*Mengucci v. Brown Bottling Grp., Inc.*,
    No. 3:09CV577TSL-FKB, 2010 WL 996741 (S.D. Miss. Mar. 16, 2010) ...........7

*Merck & Co. v. Reynolds*,
    559 U.S. 633 (2010)............................................................................................11

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
    547 U.S. 71 (2006)..............................................................................................13

*Pedroli ex rel. Microtune, Inc. v. Bartek*,
    564 F. Supp. 2d 683 (E.D. Tex. 2008) ................................................................8

*Miller v. Nationwide Life Ins. Co.*,
    391 F.3d 698 (5th Cir. 2004) ..............................................................................13

*Park v. Essa Tex. Corp.*,
    311 S.W.2d 228 (Tex. 1958)...............................................................................17

*R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*,
    634 F. App'x 4 (2d Cir. 2015) .............................................................................15

*Ramirez v. Varughese*,
    No. CV H-21-3922, 2022 WL 2223043 (S.D. Tex. June 21, 2022).....................19

*In re Refco Inc. Sec. Litig.*,
    859 F. Supp. 2d 644 (S.D.N.Y. 2012)....................................................................15

*Rivers v. Wachovia Corp.*,
    665 F.3d 610 (4th Cir. 2011) ...............................................................................18

*Shirvanian v. DeFrates* (*Shirvanian I*),
    No. 14-02-00447-CV, 2004 Tex. App. LEXIS 182 (Jan. 8, 2004)........................17

*Shirvanian v. DeFrates* (*Shirvanian II*),
    161 S.W.3d 102 (Tex. App. 2004).........................................................................17

*Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*,
    775 F. Supp. 2d 227 (D. Mass. Mar. 31, 2011) ....................................................12

*In re Suprema Specialties, Inc. Sec. Litig.*,
    438 F.3d 256 (3d Cir. 2006)....................................................................................9

*Westinghouse Elec. Corp. v. Franklin*,
    993 F.2d 349 (3d Cir.1993).....................................................................................7

*In re WorldCom, Inc. Sec. Litig.*,
    336 F. Supp. 2d 310 (S.D.N.Y. 2004)...................................................................18

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
    No. 02CV1105, 2003 WL 25861087 (N.D. Ohio June 4, 2003) ...........................12

## STATUTES

15 U.S.C.
    § 78bb(f)(1)(A) ...............................................................................................14, 15
    § 78bb(f)(5)(B)(ii)...........................................................................................14, 15
    § 78r(a) ...........................................................................................................10, 12
    § 78r(c).............................................................................................................9, 10

28 U.S.C. § 1658(b) .....................................................................................................9

## RULES

Fed. R. Civ. P.
    8(c)(1) .................................................................................................................7
    12(b)(1) ...........................................................................................................2, 7
    12(b)(6) .......................................................................................................2, 6, 7

## NATURE & STAGE OF PROCEEDING

More than three years after the commencement of *In re Alta Mesa Resources, Inc. Sec. Litig.*, No. 19-cv-00957 (S.D. Tex.) (the "Class Action"), arising from a "SPAC" transaction involving Alta Mesa Resources, Inc. ("AMR" or the "Company"), two groups of individual class members (the "Individual Plaintiffs") filed this action.  The two groups include Plaintiffs Alyeska Master Fund, LP, Alyeska Master Fund 3, LP, and Alyeska Master Fund 3, LP (collectively, the "Alyeska Plaintiffs") and Plaintiffs Orbis Global Equity LE Fund, Orbis Global Equity Fund, Orbis Global Balanced Fund, Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (collectively, the "Orbis Plaintiffs"), separately asserting claims under the federal securities laws largely based on the same allegations underlying the Class Action and Texas state law.  Given the Court's prior ruling in the Class Action permitting analogous Sections 10(b) and 20(a) claims under the Exchange Act to proceed to discovery, Defendants will not advance their previously unsuccessful arguments as to the Individual Plaintiffs' parallel claims but reserve all rights to revisit those theories at a later stage.[1]  However, Defendants move to dismiss the Individual Plaintiffs' claims under Sections 14(a) and 18 because they are time barred, and their state law claims because they

---

[1] Defendants HPS Investment Partners, LLC; Bayou City Energy Management, LLC; ARM Energy Holdings LLC; and Mr. Dimitrievich are moving to dismiss the Individual Plaintiffs' Section 10(b) and corresponding Section 20(a) claims.  All defendants should receive the benefit of any rulings that dismiss or narrow applicable claims.

are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and include "holder" theories not recognized under Texas law.

## STATEMENT OF THE ISSUES

The issues are:  **(1)** Whether the Individual Plaintiffs' Section 14(a), and related Section 20(a) claims (Counts IV and V), should be dismissed pursuant to Rule 12(b)(6) because each is time barred by the Exchange Act's three-year statute of repose; **(2)** Whether the Individual Plaintiffs' Section 18 claims (Count III) should be dismissed pursuant to Rule 12(b)(6) because they are time barred by the Exchange Act's three-year statute of repose, as well as the one-year statute of limitations; **(3)** Whether the Individual Plaintiffs' state law fraud claims[2] should be dismissed with prejudice pursuant to Rule 12(b)(1) because SLUSA preempts them; **(4)** Whether the Orbis Plaintiffs' Texas state law "holder" claims (Counts VI and VII)—*i.e.*, claims based on allegations that purported misrepresentations caused the Orbis Plaintiffs to *hold* (not buy or sell) Alta Mesa Resources, Inc. ("AMR" or the "Company") stock—also should be dismissed pursuant to Rule 12(b)(6) because they are not cognizable under Texas law or the weight of authority elsewhere.

---

[2] Count VI of the Alyeska Complaint and Counts VI and VII of the Orbis Complaint allege common law fraud claims, with the only distinction being that Counts VI and VII of the Orbis Complaint divide the claim into two separate counts based on whether the challenged statement was made before or after the Merger (defined below).  Count VII of the Alyeska Complaint and Count VIII of the Orbis Complaint allege identical claims for violations of § 27.01 of the Texas Business and Commerce Code.

## INTRODUCTION & SUMMARY OF THE ARGUMENT

The Individual Plaintiffs, sophisticated hedge funds managed by a Chicago-based investment manager and global investment vehicles managed by an international investment manager, are members of the class in the Class Action but more than three years after the Class Action's commencement seek to assert claims against Defendants on their own.  The problem, however, is that many of their claims are now time-barred and/or deficient as a matter of law.

*First*, the Individual Plaintiffs' Section 14(a) and Section 20(a) claims are based upon statements made in early 2018 and thus are time-barred by the Exchange Act's three-year statute of repose, a limitation that cannot be tolled under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

*Second*, the Individual Plaintiffs base their Section 18 claims upon purchases allegedly made in reliance on statements made in AMR's 2017 Form 10-K publicly issued on March 29, 2018.  These claims are barred by the three-year statute of repose, as well as the one-year state of limitations period under Section 18 (which was not tolled under *American Pipe* because the Class Action complaints did not assert Section 18 claims).

*Third*, the Individual Plaintiffs' Texas law fraud claims are preempted by SLUSA— which prohibits plaintiffs from pursuing certain state law securities claims in federal court where, like here, their suit is consolidated with a federal class action involving common questions of law or fact.

*Fourth*, the Orbis Plaintiffs' Texas state law "holder" claims require dismissal because Texas, like many States, does not recognize such a claim.

For all these reasons, Defendants request that Counts III-VIII of the Complaints be dismissed with prejudice as the Individual Plaintiffs cannot re-plead to correct these fatal flaws.

## BACKGROUND

On April 13, 2022, more than three years after the Class Action began, the Alyeska Plaintiffs filed their Complaint alleging violations of Exchange Act Sections 10(b), 18, 14(a), and 20(a), and Texas state law fraud claims against Defendants based on the same allegations underlying the Class Action.  The Orbis Plaintiffs, who are represented by the same counsel, then filed their Complaint on August 3, 2022, alleging substantially the same claims against the same Defendants.  The Court is already familiar with the Class Action arising from allegations that Defendants made material misstatements or omissions when predicting AMR's ability to extract oil and gas from a geological area in Oklahoma known as the STACK.

All three now-consolidated actions allege Section 10(b) and 20(a) violations against the same defendants based on alleged misstatements related to Alta Mesa Holdings, LP's ("AMH") and Kingfisher Midstream, LLC's ("Kingfisher") operations and the business combination that created AMR (the "Merger").  Compl., No. 22-cv-01189, ECF No. 1 ("Alyeska Compl.") ¶¶ 152-254; Compl., No. 22-cv-02590, ECF No. 1 ("Orbis Compl.") ¶¶ 161-270; TAC ¶¶ 190-258.[3]  The Court previously permitted those claims to proceed to discovery in the Class Action and accordingly this motion will not revisit the arguments

---

[3] The "TAC" refers to the Third Amended Class Action complaint, which is the operative complaint in the Class Action.  *See* ECF No. 218.

4

previously made with respect to these claims, while reserving all rights.  Each of the now-consolidated actions, however, also alleges untimely Section 14(a) and 20(a) claims against the same Defendants based on the same January 19, 2018 proxy statement related to the Merger.  Alyeska Compl. ¶¶ 57, 344; Orbis Compl. ¶¶ 66, 419; TAC ¶¶ 288-94, 371-75.  The Individual Plaintiffs also assert Texas law fraud claims against the same Defendants based on the same alleged misstatements, the same alleged corrective disclosures, and the same alleged conduct underlying the Section 10(b), 14(a), and 20(a) claims in all three actions.  The one difference is that the Orbis Plaintiffs also seek damages based upon the alleged conduct that supposedly caused them to *hold* AMR stock—a theory that is not cognizable under federal or Texas law.

In particular, all three actions challenge largely the same purported misstatements and omissions in the January 19, 2018 proxy statement, certain public statements and presentations, and various SEC filings.  *Compare, e.g.*, Alyeska Compl. ¶ 5 (alleging false and misleading statements regarding:  "(i) [Alta Mesa Holdings, LP's ("AMH")] oil reserves; (ii) projected 2018 and 2019 earnings for AMH and Kingfisher; (iii) [AMH's] ability to sustain growth; (iv) Alta Mesa's undisclosed strategic decisions to prioritize temporary oil production gains at the expense of long-term production viability; and (v) Alta Mesa's internal controls over financial reporting"), *and* Orbis Compl. ¶ 5 (same), *with* TAC ¶ 2 (alleging false and misleading statements regarding "AMH's oil reserves," "[t]he reasonableness of the Company's 2018 and 2019 projected earnings for Kingfisher and AMH," "[t]he Company's ability to sustain growth," "[t]he Company's undisclosed strategic decisions to temporarily inflate oil production rates at the expense of the long-

term viability of its operations," and "[t]he Company's internal controls over financial reporting"). Likewise, all three actions allege that these purported misstatements or omissions were publicly revealed through a series of five disclosures, starting with AMR's 2017 Form 10-K and press release issued on March 29, 2018, and ending with AMR's disclosure of a SEC investigation on May 17, 2019. *Compare* Alyeska Compl. ¶¶ 297-319, *and* Orbis Compl. ¶¶ 372-394, *with* TAC ¶¶ 302-343. Underscoring the overlap with the Class Action complaint, the Complaints explicitly reference the TAC fourteen times, and specifically rely on this Court's order denying dismissal of the Class Action. Alyeska Compl. ¶ 12; Orbis Compl. ¶ 12.

While the legal theories and allegations contained in the Complaints and TAC have significant overlap, the Complaints also contain Section 18 claims that are not in the TAC. The Individual Plaintiffs allege Section 18 claims based on statements in AMR's 2017 Form 10-K. Alyeska Compl. ¶¶ 175, 336; Orbis Compl. ¶¶ 184, 411. Unlike any claim in the Class Action, Section 18 requires that a plaintiff allege and prove *actual reliance* on the alleged misstatements and also shifts the burden to Defendants to affirmatively prove good faith. *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 55-56 (D. Mass. 1995). While the Individual Plaintiffs offer a conclusory allegation of such actual reliance on statements in AMR's 2017 Form 10-K, the Class Action's Section 10 claim relies entirely on the presumption of reliance set forth in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). *See* TAC ¶¶ 344-348.

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if

its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense, such as a statute of limitations or repose argument, appears on the face of the pleadings, *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also* Fed. R. Civ. P. 8(c)(1), or where a state law claim is legally incognizable, *see, e.g.*, *Mengucci v. Brown Bottling Grp., Inc.*, No. 3:09CV577TSL-FKB, 2010 WL 996741, at *1 (S.D. Miss. Mar. 16, 2010). Certain state law claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) due to federal preemption, specifically, here, by SLUSA. *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 699 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 745 (2022) (stating that "[d]ismissals under SLUSA are jurisdictional" and "governed by Federal Rule of Civil Procedure 12(b)(1)" (quoting *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 847 (9th Cir. 2017))).

## ARGUMENT

### I.   THE INDIVIDUAL PLAINTIFFS' SECTION 14(A) AND 20(A) CLAIMS ARE TIME BARRED

The Individual Plaintiffs' Section 14(a) and Section 20(a) claims are subject to the Securities Exchange Act's three-year statute of repose. *In re Affiliated Comput. Servs. Derivative Litig.*, 540 F. Supp. 2d 695, 703 (N.D. Tex. 2007) ("The *Lampf* '1–and–3' rule, providing a one-year statute of limitation and three-year statute of repose, applies to § 14(a) claims." (citing *Westinghouse Elec. Corp. v. Franklin*, 993 F.2d 349, 353 (3d Cir.1993); *In*

*re Atmel Corp. Derivative Litig.*, No. C06-4592, 2007 WL 2070299, at *8 (N.D. Cal. July 16, 2007))); *Pedroli ex rel. Microtune, Inc. v. Bartek*, 564 F. Supp. 2d 683, 686–87 (E.D. Tex. 2008) ("[The Sarbanes-Oxley Act ('SOX')] does not extend limitations or repose for § 14(a) claims" (quoting *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189 (3d Cir. 2007))); *Aly v. Valeant Pharms. Int'l Inc.*, 1 F.4th 168, 171 & n.12 (3d Cir. 2021) (three-year statute of repose applies to Section 20(a) claims predicated upon Section 14(a) claims).  This time limitation is absolute and is not tolled for any reason.  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052 (2017) ("[T]he object of a statute of repose, to grant complete peace to defendants, supersedes the application of a tolling rule based in equity").  Accordingly, the Supreme Court has stated clearly that *American Pipe* tolling is inapplicable to statutes of repose and that individual class members may not pursue claims on their own after the three-year repose period expires.  *Id.*

The Individual Plaintiffs' Section 14(a) and 20(a) claims are based on statements in the Proxy issued on January 19, 2018, and thus the three-year repose period began on that date.  *See, e.g.*, *In re Affiliated Comput. Servs. Derivative Litig.*, 540 F. Supp. 2d at 703 ("A claim based on dissemination of false financial statements accrues when the allegedly false or misleading statement was made." (citing *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 573 (D.N.J. 2002))); Alyeska Compl. ¶¶ 57, 344; Orbis Compl. ¶¶ 66, 419.  This means the Individual Plaintiffs were required to assert these claims by January 19, 2021.  But they did not file their Complaints until April 2022 and August 2022 respectively—*i.e.*, approximately 15 and 19 months too late.  For this reason, the Individual Plaintiffs' Section 14(a) and 20(a) claims are time barred.

## II.   THE INDIVIDUAL PLAINTIFFS' SECTION 18 CLAIMS ARE TIME BARRED

The Individual Plaintiffs' Section 18 claims are governed by the specific limitations periods set forth in subsection (c): "No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued." 15 U.S.C. § 78r(c).[4]  Both limitations periods bar Plaintiffs' Section 18 claims.[5]

### A.   The Three-Year Statute of Repose Expired Before The Individual Plaintiffs Filed The Complaints

The three-year statute of repose expires three years after a plaintiff's purchase of securities in reliance on the alleged false statements. *Lindner Dividend Fund*, 880 F. Supp.

---

[4] SOX extended the limitations periods for certain "private right[s] of action that involve[] a claim of fraud, deceit, manipulation, or contrivance," 28 U.S.C. § 1658(b), but did not amend Section 18's express limitations periods. *See Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) ("[R]epeals by implication are not favored … and are a rarity," and that if "[p]resented with two statutes, the Court will regard each as effective— unless Congress' intention to repeal is clear and manifest, or the two laws are irreconcilable") (internal quotations and citations omitted).  Moreover, Section 18 claims do not require Plaintiffs to prove fraud, making the SOX limitations period irrelevant regardless. *Magna Inv. Corp. v. John Does One Through Two Hundred*, 931 F.2d 38, 40 (11th Cir. 1991) ("[N]othing suggests that an intent to deceive is an element of a civil action under [S]ection 18.").  Therefore, the Fifth Circuit's dicta in *Blaz v. Belfer*, 368 F.3d 501, 503–04 (5th Cir. 2004), that the Section 18 repose period was extended by SOX is contrary to the plain language of Section 18 and statutory interpretation principles.

[5] It is accordingly unnecessary to address whether the Individual Plaintiffs' Section 18 claims are adequately pled, including whether their conclusory allegations are sufficient to plausibly allege actual reliance on any statement in AMR's 2017 Form 10-K, and a causal connection between any such statement and a purchase of AMR stock. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283–84 (3d Cir. 2006).  Defendants reserve all rights as to such additional issues.

at 53.[6]  This means that Individual Plaintiffs can assert Section 18 claims based only on purchases of AMR stock that occurred within the three years immediately preceding the filing of their complaints on April 13, 2022, for the Alyeska plaintiffs and August 3, 2022, for the Orbis plaintiffs.  *See* 15 U.S.C. § 78r(c); *Lindner Dividend Fund,* 880 F. Supp. at 53.  In other words, the statute of repose absolutely bars the Alyeska Section 18 claims based on purchases prior to April 13, 2019, and the Orbis claims for purchases before August 3, 2019.

Neither Alyeska nor Orbis alleges that they purchased AMR stock after these respective dates of repose, and thus neither has pled a timely claim.  Moreover, the Individual Plaintiffs' Section 18 claims are necessarily premised on stock purchases made prior to May 17, 2019, the date on which the alleged misstatements were fully "corrected."  *See* Alyeska Compl. ¶¶ 87-89, 316-319; Orbis Compl. ¶¶ 96-98, 391-394; *see also* 15 U.S.C. § 78r(a) (the transaction must be made "at a price which was affected by such statement").  This means that Orbis cannot plead a timely claim since only purchases made almost three months later would be within the statute of repose.[7]  *See, e.g.*, *Lindner Dividend Fund*, 880 F. Supp. at 53 ("[C]laims based on the August purchases are time-barred because they occurred more than three years prior to the filing of the initial complaint.").  For these reasons, the Individual Defendants' Section 18 claims are time

---

[6] As noted above, statutes of repose are not subject to tolling.  *Cal. Pub. Emps.' Ret. Sys.*, 137 S. Ct. at 2052.

[7] Alyeska similarly could only plead a timely claim based upon stock purchases between April 13, 2019 (three years before filing their complaint) and May 17, 2019.  Defendants understand that Alyeska did not purchase AMR stock during this period.

barred in their entirety.

**B.     The One-Year Statute of Limitations Bars the Section 18 Claims**

The Section 18 one-year limitation period starts to run "(1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, the facts constituting the violation—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 637 (2010) (internal quotations omitted).   Under *Merck*, therefore, the statute of limitations bars Section 18 claims that a plaintiff asserts more one year after the plaintiff could have pled that claim's elements. *See id.*  The Class Action Complaint filed on March 14, 2019 alleges the 2017 Form 10-K contained some of the same false or misleading statements the Individual Plaintiffs allege.   *Compare* CAC ¶¶ 82-84 (alleging false or misleading statement about internal controls), *with* Alyeska Compl. ¶ 223-230 (same), *and* Orbis Compl. ¶¶ 238-246 (same).  Because the Class Action was able to allege statements in the 2017 Form 10-K were false or misleading on March 14, 2019, the elements of the Individual Plaintiffs' Section 18 claims were known by at least March 14, 2019.  Therefore, the statute of limitations for the Individual Plaintiffs' Section 18 claims expired by at least March 14, 2020—years before the Alyeska Complaint was filed on April 13, 2022 and the Orbis Complaint was filed on August 3, 2022.

*American Pipe* tolling is inapplicable to the Section 18 claims because the Class Action does not assert such a claim.  *American Pipe* will toll only those claims "concern the same evidence, memories, and witnesses as the subject matter of the original class suit." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 355 (1983) (Blackmun, J., concurring). "[T]he proof required for the [Section 10(b) and Section 18] claims is markedly different"

(e.g., the requisite state of mind and reliance), and for this reason courts routinely hold that "filing a [Section] 10(b) class action does not put a defendant on notice that it will be called upon to defend a [Section] 18 claim" and does not toll the statute of limitations for a Section 18 claim. *Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*, No. CV-11-02056-MRP-MAN, 2011 WL 13220509, at *3-4 (C.D. Cal. Aug. 22, 2011); *Lindner Dividend Fund*, 880 F. Supp. at 55 ("[W]hereas the onus of proving defendant acted in bad faith is on the plaintiff asserting a claim under [S]ection 10(b), under [S]ection 18, liability is established 'unless *the person sued* shall prove that he acted in good faith and had no knowledge that such statement was false or misleading.'" (quoting 15 U.S.C. § 78r(a))); *Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 246 (D. Mass. Mar. 31, 2011); *see id.* ("The legal standards for proving Section 18 and Section 10(b) claims are sufficiently distinct that filing a class action claim alleging a violation of Section 10(b) does not toll the statute of limitations for a Section 18 claim."); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, No. 02CV1105, 2003 WL 25861087, at *18–19 (N.D. Ohio June 4, 2003) ("Given the meaningful distinctions between the . . . § 10(b) claims and those asserted . . . under § 18, the Court finds that class tolling does not apply."). Accordingly, the pending Class Action did not toll the one year statute of limitations, and the Individual Plaintiffs' Complaints were filed too late.

## III.   THE INDIVIDUAL PLAINTIFFS' STATE LAW FRAUD CLAIMS ARE PREEMPTED BY SLUSA'S BAR AGAINST COVERED CLASS ACTIONS

The Court should also dismiss the Individual Plaintiffs' state law fraud claims, as federal law preempts them.  SLUSA generally precludes, through preemption, private

plaintiffs from filing certain class action lawsuits based on state law. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 82 (2006) (explaining that Congress enacted SLUSA to "prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of" the Private Securities Litigation Reform Act of 1995 ("PSLRA")); *In re Fed. Nat'l Mortgage Ass'n Sec. Derivative, & "ERISA" Litig.*, 503 F. Supp. 2d 25, 33 (D.D.C. 2007) (concluding that state law claims brought by plaintiffs who opted out of a class action were preempted by SLUSA after they had been consolidated with the class action); *Gordon Partners v. Blumenthal*, No. 02 CIV 7377 LAK AJP, 2007 WL 431864, at *18 (S.D.N.Y. Feb. 9, 2007), report and recommendation adopted by No. 02 CIV 7377 LAK, 2007 WL 1438753 (S.D.N.Y. May 16, 2007), *aff'd*, 293 F. App'x 815 (2d Cir. 2008) (individual plaintiffs' state law claims filed in the same court as a pending class action were preempted by SLUSA after consolidation). SLUSA preempts a suit if: "(1) the action is a 'covered class action;' (2) the claims are based on state law; (3) the action involves one or more 'covered securities;' and (4) the claims allege a misrepresentation or omission of material fact 'in connection with the purchase or sale' of the security." *In re Enron Corp. Sec.*, 535 F.3d 325, 338–39 (5th Cir. 2008) (citing *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004); *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003)). State law claims preempted by SLUSA are subject to dismissal with prejudice. *See In re Enron Corp. Sec., Derivative, & "Erisa" Litig.*, No. H-01-3624, 2006 WL 3716669, at *7 (S.D. Tex. Dec. 12, 2006) (actions asserting state law claims "are preempted by SLUSA and therefore subject to dismissal with prejudice"), *aff'd sub nom. In re Enron Corp. Sec.*, 535

F.3d 325 (5th Cir. 2008).

Because all four elements are present in the Individual Plaintiffs' actions, SLUSA preempts their state law fraud claims (Counts VI and VII of the Alyeska and Orbis Complaints, and Count VIII of the Orbis Complaint). *See* 15 U.S.C. § 78bb(f)(1)(A). Indeed, it should be beyond dispute that the Individual Plaintiffs' state law claims satisfy the second, third, and fourth conditions listed above for SLUSA preemption. The only issue is whether this whether the suits qualify as "covered class actions" per the first factor; which they clearly do.

A "covered class action" includes: (1) "any group of lawsuits filed in or pending in the same court"; (2) "involving common questions of law or fact"; in which (3) "damages are sought on behalf of more than 50 persons"; and (4) "the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii). Each of these elements is satisfied here.

The Class Action and the Alyeska and Orbis Actions are all pending in this Court before Your Honor and assert securities law claims based largely the same alleged statements based upon the same conduct. Indeed, unless the Individual Plaintiffs affirmatively opt out of the Class Action, they will be class members. Further, this "group of lawsuits" collectively seek damages "on behalf of more than 50 persons." *See* Alyeska Compl. at 1 (seeking damages on behalf of three plaintiffs); Orbis Compl. at 1 (seeking damages on behalf of ten plaintiffs); TAC ¶¶ 352-54 (seeking damages "on behalf all persons and entities" who purchased Alta Mesa stock "between August 16, 2017 and May 17, 2019," which it alleges likely consists of "thousands of persons").

The final element is satisfied because the Alyeska and Orbis Actions and the Class Action are, within the meaning of SLUSA, "proceed[ing] as a single action for any purpose." 15 U.S.C. § 78bb(f)(1)(A), (f)(5)(B)(ii); *see, e.g.*, *In re Refco Inc. Sec. Litig.*, 859 F. Supp. 2d 644, 649 (S.D.N.Y. 2012) ("'For *any* purpose' is about as broad a provision as Congress could draft."). Cases "proceed[] as a single action for any purpose" when activities are coordinated between them, including general pretrial case management, discovery, motion practice, and when the plaintiff identifies the class action in a notice of related action. *See, e.g.*, *In re BP p.l.c. Sec. Litig.*, 109 F. Supp. 3d 946, 957 (S.D. Tex. 2014); *In re Enron Corp.*, 535 F.3d at 340 (cases "proceed[ed] as a single action" where, in relevant part, the plaintiffs "filed nearly identical complaints" and the parties to both actions "jointly scheduled discovery"). The Court formally consolidating the Alyeska, Orbis, and Class Actions indisputably demonstrates that those actions are "proceed[ing] as a single action for any purpose." 15 U.S.C. § 78bb(f)(1)(A), (f)(5)(B)(ii); Consolidated Order & Second Am. Scheduling Order (Nov. 30, 2022), ECF No. 259; *see R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*, 634 F. App'x 4, 9 (2d Cir. 2015) (affirming that a district court's consolidation order satisfied the final element of a "covered class action" under SLUSA); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 479–80 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013) (consolidation of cases "for pre-trial purposes" satisfied SLUSA's "covered class action"

requirement).[8]   In any event, the Individual Plaintiffs established this final element long

before consolidation, when they identified the Class Action as a "related case" on the civil

cover sheets to the Complaints.  *See* Civil Cover Sheet, No. 22-cv-01189 (Apr. 13, 2022),

ECF No. 1-1 ("Alyeska Civil Cover Sheet") at 1; Civil Cover Sheet, No. 22-cv-02590

(Aug. 3, 2022), ECF No. 1-1 ("Orbis Civil Cover Sheet") at 1.  Courts have found that

related cases proceed as a single action for purposes of SLUSA.  *See Amorosa v. Ernst &*

*Young LLP*, 672 F. Supp. 2d 493, 517 (S.D.N.Y. 2009) (opt-out plaintiff's individual action

proceeded as a single action with a class action when the plaintiff "filed a civil cover sheet

identifying his case as 'related' to the main class action, [and] explain[ed] that his

'allegations on the securities fraud claim [were] identical to those made in the class

action'"); *Highfields Cap. I, LP v. SeaWorld Ent., Inc.*, 365 F. Supp. 3d 1050, 1061 (S.D.

Cal. 2019) (individual action proceeded "as a single action" with class action when, among

other things, plaintiffs "filed a Notice of Related Action or Proceeding").

SLUSA thus absolutely bars the Individual Plaintiffs' state law fraud claims (Counts

VI and VII of the Alyeska and Orbis Complaints, and Count VIII of the Orbis Complaint).

## IV.    THE ORBIS "HOLDER" CLAIMS FAIL AS A MATTER OF LAW

The Orbis Plaintiffs assert state law fraud claims in Counts VI and VII based on the

theory that the alleged misrepresentations induced them to *retain* (rather than purchase or

---

[8] The Individual Plaintiffs even argued that consolidation was warranted because, among
other reasons, discovery "in the Class Action, the Alyeska Action, and the Orbis Action
will involve essentially the same documents and topics and the Plaintiffs in each action
intend to depose largely the same individuals."  Joint Mot. to Consolidate & to Amend
Scheduling Order at 5 (Oct. 7, 2022), ECF No. 256.

sell) AMR stock.  *See* Orbis Compl. ¶¶ 438-439, 443-444, 449-450, 453-454.  These speculative "holder" claims have no support in Texas law.[9]

No Texas precedent recognizes holder claims as cognizable under Texas law. Indeed, the Texas Supreme Court expressly "decline[d]" to decide whether holder claims are "actionable under Texas law." *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930 (Tex. 2010) (discussing that a holder claim must involve a direct communication between plaintiffs and defendants "*to the extent they are viable*" (emphasis added)).[10]

This Court should not create a new "holder" cause of action under Texas law.  As the Supreme Court warned when it rejected recognition of holder claims under the federal securities laws, the claimed loss of an "intangible economic [opportunity]" underlying a holder claims is "largely conjectural," "speculative," and dependent upon "the plaintiff's subjective hypothesis." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 734–35

---

[9] There is accordingly no need to address whether the Orbis Plaintiffs meet the heightened pleading standard applicable to fraud-based claims under Rule 9(b).  In particular, the Orbis Plaintiffs do not allege that they had a specific pre-existing plan to sell a specific amount of their shares by a specific date that they abandoned as result of a direct communication from Defendants.  Defendants reserve their right to address these deficiencies in due course in the event that the claims survive.

[10] The lone Texas state court decision appearing to recognize holder claims was subsequently withdrawn and is not precedential.  *Shirvanian v. DeFrates* (*Shirvanian I*), No. 14-02-00447-CV, 2004 Tex. App. LEXIS 182, at *53–59 (Jan. 8, 2004), opinion withdrawn and substituted by *Shirvanian v. DeFrates* (*Shirvanian II*), 161 S.W.3d 102 (Tex. App. 2004); *see Cont'l Cas. Co. v. Street.*, 364 S.W.2d 184, 188 (Tex. 1963) ("Inasmuch as [an earlier opinion] has been withdrawn by the Court of Civil Appeals[,] it no longer possesses any binding effect." (citing *Park v. Essa Tex. Corp.*, 311 S.W.2d 228 (Tex. 1958))).

(1975); *see id.* at 747 (explaining that allowing holder claims would enable bystanders to "await developments on the sidelines without risk, claiming that inaccuracies in disclosure caused nonselling in a falling market" and "caused them to allow retrospectively golden opportunities to pass"); *see also In re WorldCom, Inc. Sec. Litig.*, 336 F. Supp. 2d 310, 319 (S.D.N.Y. 2004) ("Because a 'holder' claim is not 'verifiable by documentation' and depends entirely on 'oral recollection,' a 'holder' cause of action is likely to encourage frivolous and 'vexatious litigation' that is difficult to resolve on the merits without a trial." (quoting *Blue Chip Stamps*, 421 U.S. at 742)); *Grubb v. FDIC*, 868 F.2d 1151, 1161 (10th Cir. 1989) (explaining that disallowing holder claims "avoids vexatious litigation by ensuring that the conduct of the parties and the resulting damages are objectively demonstrable" (quoting *Blue Chip Stamps*, 421 U.S. at 747)); *Chanoff v. U.S. Surgical Corp.*, 857 F. Supp. 1011, 1018-19 (D. Conn. 1994), *aff'd*, 31 F.3d 66 (2d Cir. 1994) (finding that holder claims are "too speculative to be actionable" under Connecticut law); *Crocker v. FDIC*, 826 F.2d 347, 351–52 (5th Cir. 1987) (concluding that holder claims were "too speculative to state any injury to the shareholders" under Mississippi law); *Arnlund v. Deloitte & Touche, LLP*, 199 F. Supp. 2d 461, 489 (E.D. Va. 2002) (dismissing common law fraud claims of the shareholders who retained their shares based on alleged misrepresentations); *Arent v. Distrib. Scis., Inc.*, 975 F.2d 1370, 1374 (8th Cir. 1992) (same); *Rivers v. Wachovia Corp.*, 665 F.3d 610, 618–19 (4th Cir. 2011) (holding that plaintiff's theory that he "meant to sell his shares in Wachovia before the decline in share price but forwent the opportunity to sell based on the false statements of defendants . . . suffers multiple flaws" and dismissing holder claims); *Citigroup Inc. v. AHW Inv. P'ship*,

140 A.3d 1125, 1137, 1141 (Del. 2016) (stating that the "speculation arguably inherent in [holder claims] has led states to be rightly cautious about creating broad causes of action for securities holders, as opposed to sellers or purchasers, a caution our state law has shared"). The lack of Texas authority, as well as the weight of other authority and reasoning against holder claims, merit dismissal of the Orbis holder claims as not cognizable under Texas law.

## CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Counts III-VII of the Alyeska Complaint and Counts III-VIII of the Orbis Complaint. Because the timing, pre-emption, and lack of cognizable Texas holder claims cannot be fixed by re-pleading, Defendants ask that the claims be dismissed with prejudice. *Ramirez v. Varughese*, No. CV H-21-3922, 2022 WL 2223043, at *6 (S.D. Tex. June 21, 2022) (dismissal with prejudice is appropriate when "any attempt to amend to state a claim is futile"); *In re Enron*, 2006 WL 3716669, at *7.

Dated:  January 10, 2023

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Of Counsel:
Heather A. Waller *(pro hac vice)*
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura Bladow (*pro hac vice*)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (585) 523-5450

Ashley.Gebicke@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen Coats; Michael E. Ellis; William Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald Sinclair; Ronald Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber *(pro hac vice)*
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Tel.: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

21

_/s/ Karl S. Stern_
Karl S. Stern
TX Bar No. 19175665
Federal Bar No. 04870
Attorney-in-Charge
Christopher D. Porter
TX Bar No. 24070437
**QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 221-7000
karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

Of Counsel:
Michael B. Carlinsky (_pro hac vice
forthcoming_)
Benjamin I. Finestone (_pro hac vice
forthcoming_)
Jacob J. Waldman (_pro hac vice
forthcoming_)
Courtney C. Whang (_pro hac vice
forthcoming_)
**QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

_Counsel for HPS Investment Partners,
LLC and Donald Dimitrievich_

_/s/ David A. Baay_
David A. Baay
Fed. ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US)
LLP**
1001 Fannin Street, Suite 3700

Houston, Texas 77002
Tel.: (713) 470-6112
Fax: (713) 654-1301
davidbaay@eversheds-sutherland.com

Of Counsel:
Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
brucebettigole@eversheds-sutherland.com adampollet@eversheds-sutherland.com

*Counsel for ARM Energy Holdings, LLC*

  */s/ Nick Brown with permission of Kenneth A. Young*
Nick Brown
Texas Bar No. 24092182   S.D. Tex. ID 2725667
Kenneth A. Young (*Attorney-in-Charge*)
Texas Bar No. 25088699   S.D. Tex. ID 2506614
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone:   (713) 836-3600
Fax:   (713) 836-3601
Emails:   nick.brown@kirkland.com
       kenneth.young@kirkland.com

*Counsel for Bayou City Energy Management, LLC and William McMullen*

23

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 10, 2023, a true and correct copy of the foregoing

document was filed with the Clerk of Court using the CM/ECF system, which will send

electronic notification of such filing to all counsel of record.

/s/ *J. Christian Word*
J. Christian Word

24