# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957<br><br>JUDGE GEORGE C. HANKS, JR. |

**RESPONSES AND OBJECTIONS ON BEHALF OF
HPS INVESTMENT PARTNERS, LLC TO LEAD PLAINTIFFS'
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, Defendant HPS Investment Partners, LLC ("HPS") hereby provides its Responses and Objections to Lead Plaintiffs' Second Request for Production of Documents (collectively, the "Requests," and each a "Request") as follows:

**GENERAL OBJECTIONS**

1.   HPS responds to the Requests, including the instructions referenced therein, subject to the General Objections set forth below. Failure to refer to a General Objection in a Specific Response & Objection should not be construed as a waiver of any General Objection.

2.   HPS objects to the Requests, including the instructions contained therein, to the extent they seek to impose obligations on HPS beyond those prescribed by the Federal Rules of Civil Procedure, any applicable court order, or the ESI protocol agreed upon by the parties (the "Protocol") and any subsequent agreements relating to that Protocol.

3.   HPS objects to the Requests to the extent they seek Documents outside of its possession, custody, or control, and to the extent the Requests seek Documents outside of the

1

search and production parameters to which the parties' agreed in this Action defining, as applicable, custodians, time periods, search terms, or other necessary parameters (the "Search Parameters").

4. HPS objects to the Requests to the extent they seek Documents protected from discovery by the attorney-client privilege, work-product doctrine, common interest privilege, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). HPS hereby asserts all applicable privileges and protections and will exclude Privileged Information from any production of documents in response to the Requests. Any inadvertent production of Documents containing Privileged Information is not intended as, and shall not be deemed to be, a waiver of the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege. HPS reserves the right to demand the return of all copies of such privileged Document(s) inadvertently produced in response to the Requests.

5. By responding to any Request, HPS does not admit the admissibility or relevance of any Documents provided in the response or the correctness of any assumption or assertion made in any Request, and HPS' use of any defined term in the Requests does not admit the accuracy of any such defined term. HPS reserves the right to object on any grounds recognized by applicable evidentiary rules to the introduction or admissibility, in this or any other proceeding, of any information or documents called for in the Requests.

6. It should not be inferred from the form or substance of any objection that information or Documents responsive to any particular Request exist, or that HPS agrees with Plaintiffs' characterization of any facts or legal theories or conclusions asserted in the Requests. Nothing in these Responses and Objections shall be construed as an admission by HPS that any

Document(s) or information responsive to the Requests exist(s) or as an admission by HPS of the truth or accuracy of any characterization or assertion contained in the Requests.

7.  These Responses and Objections reflect HPS' present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to HPS' attention, further discovery, or subsequent case developments. HPS reserves the right to alter, supplement, amend, or otherwise modify its Responses and Objections to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  HPS objects to the omission of a definition of "Document" to the extent that Plaintiffs seek to impose burdens beyond those required by the discovery provisions of the FRCP, any applicable Court order, the Protocol, and the Search Parameters, and to the extent the definitions would impose an unreasonable or undue burden. HPS will construe the definitions of "Documents" to impose an obligation consistent with the Federal Rules of Civil Procedure, any applicable court order, the Protocol, and the Search Parameters.

2.  HPS objects to the omission of an instruction concerning Privileged Information to the extent Plaintiffs seek to impose privilege log burdens beyond those required by the Federal Rules of Civil Procedure, any applicable Court order, and the Protocol, and to the extent such a privilege log would impose unreasonable and undue burden.

3.  HPS objects to the omission of an instruction concerning the format of producing documents to the extent Plaintiffs seek production of documents different from those in the Protocol.

4.  HPS objects to the omission of a time period instruction or definition on the grounds that an unlimited time period is *per se* overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims and defenses in the Action or proportional to the needs

3

of the case. Accordingly, unless otherwise indicated in a Specific Response, HPS will respond to the Requests pursuant to the parties' agreed-upon time period in this Action, which is from January 1, 2016 through May 17, 2019, referred to herein as the "Relevant Time Period."

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST FOR PRODUCTION NO. 83[1]:

A copy of HPS's production volumes 5 and 6 (*i.e.* HPS_00051014 through HPS_00073711).

RESPONSE:

HPS objects to this Request as seeking documents that are not relevant to the parties' claims or defenses in this Action and disproportional to the needs of the case. HPS further objects to this Request as failing to be specific, reasonably calculated, and narrowly-tailored to the needs of this Action by improperly seeking a document production and not a category of documents. HPS objects to this Request to the extent it seeks documents outside of the responsiveness categories agreed-upon by the parties in or around July 2022, which were the only documents Judge Hanks ordered HPS to produce. [*See* ECF No. 253; *see also* July 11, 2022 Discovery Hearing Transcript 28:16-22 (ordering HPS to review and produce "the documents HPS agreed to provide in the compromise," not "the additional 87,800 documents" or any other "further documents.")]. HPS objects to this Request as flouting, without any justification or change in circumstances, Judge Hanks' directive that "given what has already been produced and given what resources [Plaintiffs] have available to you in terms of depositions," Plaintiffs are not entitled to additional documents. [July 11, 2022 Discovery at 30:12-16; *see also id.* at 27:17-19 ("You guys want it all or nothing and respectfully, I'm not going to order them to produce it.")]. HPS objects to this Request as

---

[1] As noted in HPS' Responses and Objections to Plaintiffs' First Request for Production, Plaintiffs omitted Request for Production No. 71.

4

improperly using clawed-back documents as a basis to obtain other documents, in violation of the Court-ordered Protective Order. [ECF No. 190 ¶ 10]. HPS objects to this Request as overly broad, unduly burdensome, and outside of the scope of FRCP 26 as it seeks Documents produced in a separate legal proceeding, before a separate court, under a different legal standard, to different parties asserting different claims. HPS objects to this Request as unreasonable and unduly prejudicial to the extent it requires HPS to provide a copy of a production produced in an entirely separate legal proceeding, implicating entirely different confidentiality and privilege determinations, using separate Search Parameters and responsiveness categories, without reviewing for the Search Parameters and responsiveness categories applicable to this case; the Requests require HPS to re-review all documents for responsiveness, confidentiality, and privilege, which is overly broad and unduly burdensome to HPS, as well as contrary to Judge Hanks' July 2022 Order. [*See* ECF No. 253; *see also* July 11, 2022 Discovery Hearing Transcript 28:16-22]. HPS objects to this Request as impermissibly seeking Privileged Information. HPS objects to this Request to the extent it seeks documents outside of the Relevant Time Period. HPS objects to this Request to the extent it seeks proprietary, confidential, and sensitive information without need or justification. HPS objects to this Request as untimely and equitably waived since Plaintiffs have known about production volumes 4 and 5 for over nine months and never sought them before, including in previous arguments presented to the Court.

Pursuant to the foregoing Specific Objections and the General Objections, HPS will not produce documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 84:

A copy of the subpoena or request for production pursuant to which HPS produced volumes 5 and 6, as well as any formal or informal written objections and correspondence relating to the subpoena or request for production.

RESPONSE:

HPS objects to this Request as seeking documents that are not relevant to the parties' claims or defenses in this Action and disproportional to the needs of the case. HPS objects to this Request to the extent it seeks documents outside of the responsiveness categories agreed-upon by the parties in or around July 2022, which were the only documents Judge Hanks ordered HPS to produce. [*See* ECF No. 253; *see also* July 11, 2022 Discovery Hearing Transcript 28:16-22 (ordering HPS review and produce "the documents HPS agreed to provide in the compromise," not "the additional 87,800 documents" or any other "further documents.")]. HPS objects to this Request as flouting, without any justification or change in circumstances, Judge Hanks' directive that "given what has already been produced and given what resources [Plaintiffs] have available to you in terms of depositions," Plaintiffs are not entitled to additional documents. [July 11, 2022 Discovery at 30:12-16]. HPS objects to this Request as improperly using clawed back documents as a basis to obtain other documents, in violation of the Court-ordered Protective Order. [ECF No. 190 ¶ 10]. HPS objects to this Request to the extent it seeks documents outside of the Relevant Time Period. HPS objects to this Request to the extent it seeks Privileged Information. HPS objects to this Request as seeking proprietary, confidential, and sensitive information without need or justification.

Pursuant to the foregoing Specific Objections and the General Objections, HPS will not produce documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 85:

To the extent not produced in response to Request for Production No. 84, above, documents sufficient to identify the matter or matters in which volumes 5 and 6 have been produced.

RESPONSE:

HPS objects to this Request as seeking documents that are not relevant to the parties' claims or defenses in this Action and disproportional to the needs of the case. HPS objects to this Request to the extent it seeks documents outside of the responsiveness categories agreed-upon by the parties in or around July 2022, which were the only documents Judge Hanks ordered HPS to produce. [*See* ECF No. 253; *see also* July 11, 2022 Discovery Hearing Transcript (ordering HPS review and produce "the documents HPS agreed to provide in the compromise," not "the additional 87,800 documents" or any other "further documents.")]. HPS objects to this Request as flouting, without any justification or change in circumstances, Judge Hanks' directive that "given what has already been produced and given what resources [Plaintiffs] have available to you in terms of depositions," Plaintiffs are not entitled to additional documents. [July 11, 2022 Discovery at 30:12-16]. HPS objects to this Request as improperly using clawed back documents as a basis to obtain other documents, in violation of the Court-ordered Protective Order. [ECF No. 190 ¶ 10]. HPS objects to this Request to the extent it seeks documents outside of the Relevant Time Period. HPS objects to this Request to the extent it seeks Privileged Information. HPS objects to this Request as seeking proprietary, confidential, and sensitive information without need or justification. HPS objects to this Request to the extent it requires HPS to create Documents that do not exist, which by definition are outside of HPS' possession, custody, or control.

Pursuant to the foregoing Specific Objections and the General Objections, HPS will not produce documents responsive to this Request.

Dated: Houston, Texas

December 8, 2022

Respectfully submitted,

By: /s/ *Karl S. Stern*
Karl S. Stern (SBN 19175665)
Christopher D. Porter (SBN 24070437)
Devin van der Hahn (SBN 24104047)
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000

-and-

Michael B. Carlinsky
Jacob B. Waldman
Courtney C. Whang
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Defendants HPS Investment Partners, LLC and Donald Dimitrievich*

## **CERTIFICATE OF SERVICE**

I certify that on December 8, 2022, a true and correct copy of the foregoing Responses and Objections on Behalf of HPS Investment Partners, LLC to Lead Plaintiffs' Second Request for Production of Documents to Defendant HPS Investment Partners, LLC were served on all counsel of record via electronic mail.

*/s/ Karl S. Stern*
Karl S. Stern