# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>Defendants. | Civil Action No. 4:22-cv-001189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., | Civil Action No. 4:22-cv-02590 |

| | |
|---|---|
| ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, <br><br> Defendants. | |

**REPLY IN FURTHER SUPPORT OF JOINT MOTION OF HPS INVESTMENT PARTNERS, LLC, BAYOU CITY ENERGY MANAGEMENT, LLC, AND ARM ENERGY HOLDINGS, LLC TO DISMISS PLAINTIFFS' SECTION 20(a) CLAIMS**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 5

I. PLAINTIFFS' CURSORY OPPOSITION FAILS TO SALVAGE THEIR LEGALLY DEFICIENT ALLEGATIONS OF CONTROL, REQUIRING DISMISSAL OF PLAINTIFFS' SECTION 20(**a**) CLAIMS .................................. 5

    A. Plaintiffs' Allegations Of Control Before The Business Combination Are Legally Deficient ........................................................................................ 6

    B. Plaintiffs' Allegations Of Control After The Business Combination Are Also Deficient, Requiring Dismissal ....................................................... 9

II. AT A MINIMUM, THIS COURT MUST DISMISS THE CONTROL CLAIMS PREDICATED ON UNTIMELY PRIMARY VIOLATIONS ............... 11

CONCLUSION ........................................................................................................................... 11

Case 4:19-cv-00957   Document 306   Filed on 03/14/23 in TXSD   Page 4 of 19

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bach v. Amedisys, Inc.*,
    No. 10-00395-BAJ-RLB, 2016 WL 4443177 (M.D. La. Aug. 19, 2016) ........... 6, 7

*Carlton v. Cannon*,
    184 F. Supp. 3d 428 (S.D. Tex. 2016) ................................................................. 11

*Carlton v. Cannon*,
    No. H-15-012, 2016 WL 3959164 (S.D. Tex. July 22, 2016) ................................ 6

*Camelot Event Driven Fund v. Alta Mesa Res., Inc.*,
    No. 4:19-CV-957, 2021 WL 1416025 (S.D. Tex. Apr. 14, 2021) .......................... 1

*Dartley v. Ergobilt Inc.*,
    No. CIV. A. 398CV1442M, 2001 WL 313964 (N.D. Tex. Mar. 29, 2001) ..... 9, 11

*Heck v. Triche*,
    775 F.3d 265 (5th Cir. 2014) .................................................................................. 6

*In re Am. Apparel, Inc. S'holder Litig.*,
    No. CV 10-06352, 2013 WL 174119 (C.D. Cal. Jan. 16, 2013) ............................ 7

*In re ArthroCare Corp. Sec. Litig.*,
    726 F. Supp. 2d 696 (W.D. Tex. 2010) .............................................................. 7, 8

*In re BP p.l.c. Sec. Litig.*,
    843 F. Supp. 2d 712 (S.D. Tex. 2012) ................................................................ 5, 6

*In re BP p.l.c. Sec. Litig.*,
    No. 4:13-cv-1393, 2014 WL 4923749 (S.D. Tex. Sept. 30, 2014) ..................... 3, 7

*In re Cobalt Int'l Energy, Inc.*,
    No. H-14-3428, 2016 WL 215476 (S.D. Tex. Jan. 19, 2016) .......................... 8, 10

*In re Concho Res. Inc., Sec. Litig.*,
    4:21-CV-2473, 2023 WL 2297425 (S.D. Tex. Feb. 23, 2023) ............................. 10

*In re Kosmos Energy Ltd. Sec. Litig.*,
    955 F. Supp. 2d 658 (N.D. Tex. 2013) ............................................................... 4, 9

*LLDVF, L.P. v. Dinicola*,
    No. 09-1280(JLL), 2010 WL 3210613 (D.N.J. Aug. 12, 2010) .......................... 11

*Meek v. Howard, Weil, Laboisse, Friedrichs, Inc.*,
    95 F.3d 45, 1996 WL 405436 (5th Cir. Jun. 25, 1996) .......................................... 6

*Ndudzi v. Perez*,
    509 F. Supp. 3d 943 (S.D. Tex. 2020) ........................................................................ 1

*Southland Sec. Corp. v. INSpire Ins. Sol., Inc.*,
    365 F.3d 353 (5th Cir. 2004) ................................................................................... 11

*Zishka v. Am. Pad & Paper Co.*,
    No. 3:98-CV-0660-M, 2001 WL 1748741 (N.D. Tex. Sept. 28, 2001),
    *aff'd*, 72 F. App'x 130 (5th Cir. 2003) ................................................................. 4, 9

**RULES**

Rule 10b-5 ............................................................................................................... 11

Rule 12(b)(6) ............................................................................................................. 1

Rule 14a-9 ............................................................................................................... 11

**OTHER AUTHORITIES**

Section 10(b) ........................................................................................................... 11

Section 14(a) ........................................................................................................... 11

Section 18 ............................................................................................................... 11

Section 20(a) ....................................................................................... 1, 2, 3, 4, 5, 7, 8, 11

Defendants HPS Investment Partners, LLC ("HPS"), Bayou City Energy Management, LLC ("Bayou City"), and Arm Energy Holdings, LLC ("ARM Energy") (together, the "Moving Defendants") respectfully submit this Reply Memorandum of Law in response to Plaintiffs' Opposition ("Opp."), Dkt. 284, and in further support of their Motion ("Mot."), Dkt. 263, to dismiss the claims brought under Section 20(a) against those Defendants.[1]

## INTRODUCTION

Unable to defend the Opt-Out Complaints that they chose to file in this Court, Plaintiffs now try to hide behind the Class Complaint and this Court's prior order on that pleading.[2] But Plaintiffs *chose* to opt-out of the Class Action. Plaintiffs *chose* to file separate Complaints. Now they must defend those Complaints.

Plaintiffs' paltry opposition—which relies on the same conclusory allegations and improper generalizations as in their Complaints—makes clear they cannot survive dismissal. Opting-out of the Class Action does not grant these Plaintiffs a free pass to disregard the abundance of authority in this Circuit, which requires dismissal of their 20(a) claims under Rule 12(b)(6). Likewise, Plaintiffs' attempt to distract the Court by referring to HPS and others as the "Reconsideration Defendants" is a ruse. Plaintiffs know that this

---

[1] Unless otherwise noted, all defined terms retain the definitions provided in the Moving Defendants' Motion.

[2] The mere fact that motions to dismiss were denied in the Class Action, *Camelot Event Driven Fund v. Alta Mesa Res., Inc.*, No. 4:19-CV-957, 2021 WL 1416025 (S.D. Tex. Apr. 14, 2021), does not require that Plaintiffs' Section 20(a) claims survive here. *See Ndudzi v. Perez*, 509 F. Supp. 3d 943, 949 (S.D. Tex. 2020) ("It is axiomatic that this Court is not bound by the opinions of other district judges . . . or even . . . the same judge in a different case." (internal quotations omitted)).

1

is not a motion for reconsideration because this Court has yet to rule on *their* Complaints.

Because Plaintiffs fail to plead that the Moving Defendants could (or did) control the entities alleged to have made misstatements, their Section 20(a) claims against the Moving Defendants (Counts II and V) must be dismissed. There are two entities alleged to have made the misstatements at issue here: Silver Run and Alta Mesa Resources, Inc. ("Alta Mesa").

*First*, Plaintiffs make no effort in the two pages of their Opposition that addresses control person liability to explain how the Moving Defendants could possibly have controlled Silver Run, the issuer of the pre-Business Combination misstatements. In fact, Plaintiffs' sole argument is that the structure is too "complex" to assess at the pleading stage. Opp. 23. In fact, it is very simple: none of the Moving Defendants held ***any ownership interest*** in Silver Run, and therefore did not have any ability to direct the conduct of Silver Run in any capacity, much less control its public statements to its investors. It is Plaintiffs that seek to conjure complexity where none exists. The following chart makes clear that Plaintiffs' pre-Business Combination 20(a) claim (Count V) fails as a matter of law:

2



Faced with no set of facts on which it could prove control, Plaintiffs hang their hat on the unremarkable allegation that Moving Defendants "provided" information to Silver Run—their counterparty—during diligence leading up to the Business Combination. But Plaintiffs ignore the well-settled law that merely providing information to an issuer of a statement is insufficient to constitute control. *See In re BP p.l.c. Sec. Litig.*, No. 4:13-cv-1393, 2014 WL 4923749, at *6 (S.D. Tex. Sept. 30, 2014) (allegations that "the substance of the alleged falsehoods originated with" the defendant are insufficient to plead control). Courts in this Circuit have never found that providing information *to* a counterparty constitutes control *of the counterparty* for purposes of 20(a)—indeed, such a finding is illogical and would have a chilling effect on business transactions in this district.

*Second*, and equally deficient, are Plaintiffs' allegations that the Moving Defendants exercised control over Alta Mesa, the issuer of the alleged misstatements after the Business

3

Combination. The Moving Defendants each held only *minority interests* in Alta Mesa, with no ability to control its management or Board of Directors.

Plaintiffs nonetheless emphasize that two of the Moving Defendants each had the right to appoint *a single member* of Alta Mesa's eleven-member Board of Directors. It is equally well-established, however, that such appointment rights are insufficient to establish control, particularly given the significant majority of board seats that the Moving Defendants could *not* appoint. *See Zishka v. Am. Pad & Paper Co.*, No. 3:98-CV-0660-M, 2001 WL 1748741, at *1 (N.D. Tex. Sept. 28, 2001), *aff'd*, 72 F. App'x 130 (5th Cir. 2003) (investment funds' ownership of "38%-50%" of company stock and right to designate board majority insufficient to plead "exercise of power and control"); *see also In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013) (similar). And Plaintiffs identify *no* other allegations to establish that the Moving Defendants exercised control, individually or collectively, over Alta Mesa. Likewise, this illustrated chart makes clear that Plaintiffs' post-Business Combination 20(a) claim (Count II) fails as a matter of law:



For the foregoing reasons, and those provided in the Moving Defendants' Motion, the Section 20(a) claims asserted against the Moving Defendants in Counts II and V should be dismissed.

## ARGUMENT

**I.   PLAINTIFFS' CURSORY OPPOSITION FAILS TO SALVAGE THEIR LEGALLY DEFICIENT ALLEGATIONS OF CONTROL, REQUIRING DISMISSAL OF PLAINTIFFS' SECTION 20(a) CLAIMS**

Plaintiffs do not dispute the applicable legal standard: at a minimum, Plaintiffs must plausibly allege "that the controlling person had actual power over the controlled person." *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 791 (S.D. Tex. 2012)*; see also* Opp. 24 (explaining that, "to state a claim for control person liability," a plaintiff must "allege that [the defendant] possessed the power to control the primary violator").  Nor do Plaintiffs dispute that, to establish actual power over the controlled person, Plaintiffs must allege "at least . . . that the defendant[s] had an ability to control the specific transaction or activity

5

upon which the primary violation is based." *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (quoting *Meek v. Howard, Weil, Laboisse, Friedrichs, Inc.*, 95 F.3d 45, 1996 WL 405436, at *3 (5th Cir. Jun. 25, 1996)); *Carlton v. Cannon*, No. H-15-012, 2016 WL 3959164, at *5 (S.D. Tex. July 22, 2016) (same); Mot. 11.

As explained in the Moving Defendants' Motion, there are two categories of alleged misstatements: those made prior to the Business Combination, and those made after the Business Combination. Mot. 12. Both fail as a matter of law because the Moving Defendants ***could not***—by their undisputed corporate structures—exert actual control over Silver Run or Alta Mesa.

### A. Plaintiffs' Allegations Of Control <u>Before</u> The Business Combination Are Legally Deficient

Plaintiffs assert that their conclusory allegations establish control of the pre-merger entity, Silver Run, because the Moving Defendants "had a unique and significant influence prior to the Merger." Opp. 24. Mere influence, however, falls far short of "actual power over the controlled person." *BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d at 791. Indeed, if mere influence were enough, it would expand liability for securities fraud to ***every party*** to deal negotiations.

Plaintiffs allege no additional facts to establish actual power. Nor could they. It is impossible that the Moving Defendants could exert actual power over their ***counterparty***, Silver Run, in an arms-length transaction. Put differently, because the Moving Defendants did not own ***any*** interest in Silver Run, the Moving Defendants could not have controlled Silver Run, let alone its statements to investors, as a matter of law. *See* Mot. 12-13; *Bach*

6

*v. Amedisys, Inc.*, No. 10-00395-BAJ-RLB, 2016 WL 4443177, at *14 (M.D. La. Aug. 19, 2016) (dismissing for failure to plead "Section 20(a) claims against" defendants who "did not work for Amedisys at the time of the" alleged misstatements); *In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352, 2013 WL 174119, at *36 (C.D. Cal. Jan. 16, 2013) (similar). Indeed, Plaintiffs make no effort to distinguish these authorities, which stand for the well-established proposition that an entity with no position or ownership interest in the issuer of the alleged misstatements cannot constitute a 20(a) controller as a matter of law.

Because they cannot plausibly allege that the Moving Defendants exerted actual power over Silver Run, their **counterparty**, Plaintiffs assert that the Moving Defendants are liable because they "provided the operational information contained in [***Silver Run's***] Merger Proxy." Opp. 25. Notably, Plaintiffs do not cite **any** authority for the proposition that an entity that supplies information to the issuer of an alleged misstatement can be liable as a control person. *See* Opp. 24-25. Nor do Plaintiffs make any effort to distinguish the well-established authority on this question, which uniformly holds that a defendant may not be deemed a controller or subjected to liability merely because "the substance of the alleged falsehoods originated with" the defendant. *In re BP p.l.c. Sec. Litig.*, 2014 WL 4923749, at *6; *see also In re ArthroCare Corp. Sec. Litig.*, 726 F. Supp. 2d 696, 731 (W.D. Tex. 2010) (Defendant "cannot be held liable as a control person simply due to his involvement in the underlying activities about which the Individual Defendants are alleged to have misled investors."); Mot. 14-15 (collecting authorities). Plaintiffs ask this Court to disregard these authorities and to expand control person liability to **every deal** where one party "provide[s] the operational information" to its counterparty. Such a novel expansion

7

of Section 20(a) is illogical and would meaningfully chill transactions in this district.

Plaintiffs' last-ditch argument—that control liability is a "factual question," Opp. 25, does not render Plaintiffs' implausible allegations of control sufficient to state a claim. Control is a question of fact only when it "involv[es] scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." *In re ArthroCare Corp. Secs. Litig.*, 726 F. Supp. 2d at 730. Here, there is *no* participation by the Moving Defendants to scrutinize because the Moving Defendants were negotiating *counterparties* to the issuer of the alleged misrepresentations, and thus had no control over the day-to-day affairs of Silver Run. *In re Cobalt Int'l Energy, Inc.*, No. H-14-3428, 2016 WL 215476 (S.D. Tex. Jan. 19, 2016), cited at Opp. 25, is distinguishable for this reason. In that case, the court held that the plaintiffs sufficiently alleged control because the four control defendants cumulatively owned over 70% of the company and appointed a majority of the company's board of directors. *In re Cobalt Int'l Energy, Inc.*, 2016 WL 215476, at *11. Here, Plaintiffs admit that the Moving Defendants held *zero* interest in Silver Run prior to the Business Combination. Alyeska Compl. ¶¶ 39-41; Orbis Compl. ¶¶ 48-50.

Accordingly, Plaintiffs have failed to state a Section 20(a) claim against the Moving Defendants predicated on alleged misstatements made by Silver Run because Plaintiffs do not (and cannot) allege the Moving Defendants had any actual power over Silver Run, an entity the Moving Defendants held no interest in whatsoever.

### B. Plaintiffs' Allegations Of Control <u>After</u> The Business Combination Are Also Deficient, Requiring Dismissal

Plaintiffs also fail to allege that the Moving Defendants held actual power over Alta Mesa or any of the Individual Defendants alleged to have made misstatements on behalf of Alta Mesa, after the Business Combination. Plaintiffs do not dispute that, individually, each of the Moving Defendants were only a minority shareholder in Alta Mesa. Nor do Plaintiffs dispute well-settled law that mere status as even a majority shareholder "does not, without more, create control person liability." *Dartley v. Ergobilt Inc.*, No. 398CV1442M, 2001 WL 313964, at *1 (N.D. Tex. Mar. 29, 2001); *see also* Mot. 16-17.

Plaintiffs attempt to establish the required "more" by noting that HPS and Bayou City each appointed a single member to Alta Mesa's eleven-member board of directors. Opp. 24. But, again, well-established (and unaddressed) law holds that allegations regarding the right to appoint a board member, even in conjunction with allegations of shareholder stakes greatly exceeding those of the Moving Defendants, are insufficient to establish control. *Zishka*, 2001 WL 1748741, at *1 (investment funds' ownership of "38%-50%" of company stock and right to designate board majority insufficient to plead "exercise of power and control . . . as to the challenged acts"); *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d at 676 ("[T]he Court cannot assume that [control defendants'] designees on the Kosmos Board of Directors were acting on behalf of [the control defendants] in their capacity as Kosmos directors."); Mot. 11-18.

Plaintiffs also repeat their allegations that "HPS, Bayou City, and ARM Energy . . . received over $1.3 billion from the Merger." Opp. 25. But Plaintiffs offer no

9

explanation as to how receipt of bargained-for deal consideration establishes control. Indeed, Plaintiffs make only the unremarkable assertion that HPS, Bayou City, and ARM Energy received consideration for *selling* their interests in AMH and Kingfisher to Silver Run as part of the Business Combination. No law or logic supports holding sellers liable for *securities fraud* because they refused to transfer valuable assets for free.

*In re Cobalt*, cited at Opp. 25, is wholly distinguishable and does not compel a different result. There, the alleged controllers held the "ability to elect a majority of [the company's] Board of Directors," *In re Cobalt*, 2016 WL 215476, at *11, unlike HPS and Bayou City, who are each alleged to have the ability to appoint one of eleven members of the board of directors. In *Cobalt*, the alleged controllers were party to a stockholder agreement that "gave them the right to select a majority of the members of every Board Committee," *id.*, unlike the Moving Defendants here. In *Cobalt*, the controlled company publicly disclosed that the controllers "have significant influence over all matters that require approval by [the] shareholders, including . . . approval of significant corporate transactions," *id.* (alternations in original), but Plaintiffs here make no such allegations. In short, ***none*** of the bases on which *In re Cobalt* relies to establish control is alleged here.

Finally, Plaintiffs cannot salvage their deficient allegations as to the Moving Defendants, each of which owned only minority stakes in Alta Mesa after the Business Combination, by asserting that the Moving Defendants exercised control over Alta Mesa as a group. It is black-letter law that defendants cannot be grouped for purposes of control person liability, *In re Concho Res. Inc., Sec. Litig.*, 4:21-CV-2473, 2023 WL 2297425, at *5 (S.D. Tex. Feb. 23, 2023), and "each defendant's control must be evaluated separately

10

unless there is some basis on which to consider their collective action." *LLDVF, L.P. v. Dinicola*, No. 09-1280 (JLL), 2010 WL 3210613, at *12 (D.N.J. Aug. 12, 2010). Critically, Plaintiffs have pled *no* facts to support the inference that the Moving Defendants acted together to control Alta Mesa after the Business Combination. Mot. 18-20.[3]

## II. AT A MINIMUM, THIS COURT MUST DISMISS THE CONTROL CLAIMS PREDICATED ON UNTIMELY PRIMARY VIOLATIONS

There is no dispute that Section 20(a) claims cannot stand absent a sufficiently pled primary violation. *See* Mot. 10-11; *Southland Sec. Corp. v. INSpire Ins. Sol., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004). As explained in Defendants' separate motions to dismiss, Plaintiffs have failed to timely allege primary violations of Section 14(a) (and Rule 14a-9) and Section 18, and have failed to plead actionable false or misleading statements or scienter under Section 10(b) (and Rule 10b-5). *See* Dkt. 264, 265, 266. Thus, the secondary Section 20(a) claims must also fail. Mot. 10-11.

## CONCLUSION

For these reasons, the claims brought under Section 20(a) of the 1934 Act against the Moving Defendants should be dismissed with prejudice.

---

[3] Even if pleading a control group were appropriate (it is not), courts have rejected claims at the motion to dismiss stage, where even *majority* interests in the issuer were alleged. *Carlton v. Cannon*, 184 F. Supp. 3d 428, 495 (S.D. Tex. 2016) (granting motion to dismiss 20(a) claims against majority shareholder because the plaintiff's complaint did "not allege facts supporting a plausible inference that [the majority shareholder] had the ability to control Cannon's specific, allegedly misleading public statements."); *Dartley*, 2001 WL 313964, at *1 (granting motion to dismiss 20(a) claims because "[t]he Court finds that Troutman's status as a major shareholder and a party to the voting agreement at issue does not, without more, create control person liability.").

Dated: March 14, 2023

Respectfully submitted,

/s/ *Karl S. Stern*
Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
Email: karlstern@quinnemanuel.com
christopherporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Benjamin I. Finestone (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DON DIMITRIEVICH**

David A. Baay
Fed. ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel.: (713) 470-6112
Fax: (713) 654-1301
davidbaay@eversheds-sutherland.com

**-AND-**

Of Counsel:

Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
brucebettigole@eversheds-sutherland.com
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com

**COUNSEL FOR ARM ENERGY HOLDINGS, LLC**

Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
Kenneth A. Young (Attorney-in-Charge)
Texas Bar No. 25088699,
S.D. Tex. ID 2506614
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone:   (713) 836-3600
Fax:     (713) 836-3601
Emails:  nick.brown@kirkland.com
         kenneth.young@kirkland.com

**COUNSEL FOR BAYOU CITY ENERGY MANAGEMENT, LLC AND WILLIAM MCMULLEN**

13

## CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record by the Court's ECF system on March 14, 2023.

<p style="text-align:right">/s/ <i>Karl S. Stern</i><br>By: Karl S. Stern</p>