# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, <br><br> Defendants. | Civil Action No. 4:22-cv-001189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., | Civil Action No. 4:22-cv-02590 |

ORBIS GLOBAL EQUITY FUND
LIMITED, ORBIS INSTITUTIONAL
FUNDS LIMITED, ALLAN GRAY
AUSTRALIA BALANCED FUND, ORBIS
OEIC, and ORBIS INSTITUTIONAL U.S.
EQUITY L.P.,

                 Plaintiffs,

      v.

ALTA MESA RESOURCES, INC., f/k/a
SILVER RUN ACQUISITION
CORPORATION II; RIVERSTONE
HOLDINGS LLC; ARM ENERGY
HOLDINGS LLC; BAYOU CITY
ENERGYMANAGEMENT, LLC; HPS
INVESTMENT PARTNERS, LLC;
JAMES T. HACKETT, HARLAN H.
CHAPPELLE, WILLIAM
GUTERMUTH, JEFFREY H. TEPPER,
DIANA J. WALTERS; MICHAEL E.
ELLIS; RONALD SMITH; DON
DIMITRIEVICH; PIERRE F.
LAPEYRE, JR.; DAVID M.
LEUSCHEN; WILLIAM W.
MCMULLEN; DONALD SINCLAIR;
STEPHEN COATS; and THOMAS J.
WALKER,

                 Defendants.

## REPLY IN SUPPORT OF DONALD DIMITRIEVICH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINTS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 4

I.   PLAINTIFFS ESSENTIALLY CONCEDE THEIR FAILURE TO PLEAD
     SCIENTER ................................................................................................ 4

     A.   Plaintiffs Do Not Address That Their Allegations Constitute
          Improper Group Pleading ................................................................. 4

     B.   Plaintiffs' Motive Allegations Likewise Fail To Support Scienter .............. 9

II.  PLAINTIFFS FAIL TO PLEAD THAT MR. DIMITRIEVICH MADE
     ANY MISSTATEMENTS ......................................................................... 13

III. PLAINTIFFS FAIL TO PLEAD OR ARGUE THAT MR.
     DIMITRIEVICH IS LIABLE AS A CONTROL PERSON UNDER
     SECTION 20(A) ...................................................................................... 13

CONCLUSION ................................................................................................ 14

## TABLE OF AUTHORITIES

**Page**

### Cases

*Abrams v. Baker Hughes Inc.*,
    292 F.3d 424 (5th Cir. 2002)..................................................................2, 6, 12

*In re Aceto Corp. Sec. Litig.*,
    2019 WL 3606745 (E.D.N.Y. Aug. 6, 2019) ...................................... 9

*In re Aegean Marine Petrol. Network, Inc. Sec. Litig.*,
    529 F. Supp. 3d 111 (S.D.N.Y. 2021) ............................................... 7

*Ak. Elec. Pension Fund v. Flotek Indus. Inc.*,
    915 F.3d 975 (5th Cir. 2019)...................................................5, 7, 8

*Austin v. Kroger Texas, L.P.*,
    864 F.3d 326 (5th Cir. 2017)........................................................... 3

*In re BP p.l.c. Sec. Litig.*,
    852 F. Supp. 2d 767 (S.D. Tex. 2012) ...........................................5, 7

*Callinan v. Lexicon Pharma., Inc.*,
    479 F. Supp. 3d 379 (S.D. Tex. 2020) ............................................. 5

*Camelot Event Driven Fund v. Alta Mesa Resources, Inc.*,
    2021 WL 1416025 (S.D. Tex. Apr. 14, 2021) .................................. 1

*Cargill v. Garland*,
    57 F.4th 447 (5th Cir. 2023) ...................................................... 4, 13

*Carlton v. Cannon*,
    2016 WL 3959164 (S.D. Tex. July 22, 2016) ................................ 13

*Crutchfield v. Match Group, Inc.*,
    529 F. Supp. 3d 570 (N.D. Tex. 2021) ............................................. 5

*Davidoff v. Farina*,
    2005 WL 2030501 (S.D.N.Y. Aug. 22, 2005)................................ 12

*Dawes v. Imperial Sugar Co.*,
    975 F. Supp. 2d 666 (S.D. Tex. 2013)............................................. 5

*Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*,
    579 F. Supp. 3d 933 (S.D. Tex. 2022) ............................................. 7

*Diece-Lisa Indus., Inc. v. Disney Enter., Inc.*,
    943 F.3d 239 (5th Cir. 2019)............................................................................. 3

*Edgar v. Anadarko Petrol. Corp.*,
    2019 WL 1167786 (S.D. Tex. Mar. 13, 2019) .................................................. 5

*Edwards v. McDermott Int'l, Inc.*,
    2021 WL 1421609 (S.D. Tex. Apr. 13, 2021) ................................................ 10

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
    53 F. Supp. 3d 882 (E.D. La. 2014) .................................................................. 8

*In re Firstenergy Corp.*,
    2022 WL 681320 (S.D. Ohio Mar. 7, 2022).................................................... 10

*Flaherty & Crumrine Pref. Income Fund, Inc. v. TXU Corp.*,
    565 F.3d 200 (5th Cir. 2009).............................................................................. 7

*In re Franklin Bank Corp. Sec. Litig.*,
    782 F. Supp. 2d 364 (S.D. Tex. 2011) ........................................................... 6, 7

*In re Garrett Motion Inc. Sec. Litig.*,
    2022 WL 976269 (S.D.N.Y. Mar. 31, 2022) .................................................. 8, 9

*Hall v. Hall*,
    138 S. Ct. 1118 (2018) ...................................................................................... 3

*Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*,
    464 F. App'x 334 (5th Cir. 2012) ...................................................................... 6

*Heck v. Orion Grp.*,
    468 F. Supp. 3d 828 (S.D. Tex. 2020) .............................................................. 9

*Ind. Elect. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*,
    537 F.3d 527 (5th Cir. 2008)......................................................2, 4, 7, 10, 12

*Iron Workers Benefit & Pension Fund-Iron Workers Dist. Council Phila. & Vicinity v. Anadarko Petrol. Corp.*,
    788 F. App'x. 268 (5th Cir. 2019) .................................................................... 5

*Izadjoo v. Helix Energy Sols. Grp., Inc.*,
    237 F. Supp. 3d 492 (S.D. Tex. 2017)............................................................... 8

*Kakkar v. Bellicum Pharm., Inc.*,
    2020 WL 2845279 (S.D. Tex. May 29, 2020).................................................. 5

*Kalnit v. Eichler*,
    264 F.3d 131 (2d Cir. 2001) ................................................................ 12

*In re Key Energy Services, Inc. Sec. Litig.*,
    166 F. Supp. 3d 822 (S.D. Tex. 2016) ................................................... 5

*Local 120 Unity Pension & Welfare Funds v. McDermott Intern. Inc.*,
    2015 WL 1143081, at *10 (S.D. Tex. Mar. 13, 2015) ........................... 9

*Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
    810 F.3d 951 (5th Cir. 2016) ................................................................. 4

*Melder v. Morris*,
    27 F.3d 1097 (5th Cir. 1994) ..................................................... 10, 11, 12

*Mortensen v. AmeriCredit Corp.*,
    123 F. Supp. 2d 1018 (N.D. Tex. 2000) .............................................. 11

*Ndudzi v. Perez*,
    509 F. Supp. 3d 943 (S.D. Tex. 2020) ................................................... 1

*Neiman v. Bulmahn*,
    854 F.3d 741 (5th Cir. 2017) ....................................................... 9, 10, 12

*Owens v. Jastrow*,
    789 F.3d 529 (5th Cir. 2015) ....................................................2, 5, 6, 7, 9

*Parker v. Home Depot USA, Inc.*,
    2020 WL 6728899 (S.D. Tex. Nov. 16, 2020) ....................................... 3

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
    307 F. Supp. 3d 583 (S.D. Tex. 2018) ................................................... 5

*Plaisance v. Schiller*,
    2019 WL 1205628 (S.D. Tex. Mar. 14, 2019) ................................... 6, 8

*Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*,
    777 Fed. App'x. 726 (5th Cir. 2019) ..................................................... 5

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ............................................................... 12

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ............................................................... 11

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004)............................................................................. 5

*Tarica v. McDermott Int'l, Inc.*,
  2000 WL 1346895 (E.D. La. Sept. 19, 2000)............................................... 8, 11

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
  273 F. Supp. 3d 650 (N.D. Tex. 2017) ............................................................ 9

*United States v. 89.9270303 Bitcoins*,
  2021 WL 5203337 (W.D. Tex. Nov. 8, 2021)................................................ 3

<u>**Rules and Regulations**</u>

Fed. R. Civ. P. 9(b) ............................................................................................ 7, 12

Fed. R. Civ. P. 12(b)(6)........................................................................................ 1

Fed. R. Civ. P. 54(b) ............................................................................................ 3

Donald Dimitrievich respectfully submits this reply brief in support of his motion to dismiss the Alyeska and Orbis Plaintiffs' Complaints under Rule 12(b)(6) ("MTD").[1]

## INTRODUCTION

Plaintiffs style their brief as an "Opposition," but it makes virtually no attempt to defend the sufficiency of Plaintiffs' allegations. The MTD argues in detail, with abundant Fifth Circuit authority, that Plaintiffs fail to plead (i) scienter—including by relying on impermissible "group pleading"—(ii) that Mr. Dimitrievich made a single false statement, or (iii) that he exercised, or could have exercised, control over Alta Mesa (or "AMR"). Remarkably, the Opposition fails to offer any meaningful defense to these arguments. Rather, Plaintiffs simply repeat the assertion that this Court is bound by an interlocutory order in another action—even if the Court believes that controlling Fifth Circuit law mandates a different result here.[2] Although Plaintiffs want to skip this step, the Court should address whether *these* Plaintiffs and *these* Complaints have met their pleading burden and can stand on their own.

As the MTD demonstrates, and the Opposition confirms, the Complaints cannot stand on their own. The total of the allegations specific to Mr. Dimitrievich are that he:

---

[1] Capitalized terms and abbreviations have the same meaning as in the MTD.

[2] Opp. at 2, 4, 5, 9, 20, 23, 24 (citing *Camelot Event Driven Fund v. Alta Mesa Res., Inc.*, 2021 WL 1416025, at *10-12 (S.D. Tex. Apr. 14, 2021) (henceforth, the "Opinion")); *see also Ndudzi v. Perez*, 509 F. Supp. 3d 943, 949 (S.D. Tex. 2020) ("It is axiomatic that this Court is not bound by the opinions of other district judges . . . or even [] the same judge in a different case.") (quotation omitted).

- Was appointed by HPS as an AMR director (AC ¶¶ 35, 40; OC ¶¶ 44, 49);

- Was a Managing Director at HPS (AC ¶ 35; OC ¶ 44);

- Signed AMR's March 29, 2018 Form 10-K (AC ¶ 35; OC ¶ 44); and

- Attended a September 3, 2019 KFM board meeting (OC ¶ 358).

These allegations cannot possibly plead scienter under the PSLRA, so Plaintiffs try to impute scienter to Mr. Dimitrievich by claiming that all 19 Defendants, or at other times the nine so-called "Board Defendants," were collectively aware of facts contrary to AMR's public statements.  But the Fifth Circuit has "rejected the group pleading approach to scienter," *Ind. Elect. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008), and requires courts to "***disregard the group-pleaded allegations***." *Owens v. Jastrow*, 789 F.3d 529, 538 (5th Cir. 2015) (emphasis added).  Further, even if Plaintiffs could plead scienter by alleging motive and opportunity—and it is settled law they ***cannot***, *see Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002)— Plaintiffs fail to allege that Mr. Dimitrievich personally gained any concrete benefit from the purported fraud, as necessary to plead motive.  Indeed, Plaintiffs nowhere allege that Mr. Dimitrievich ever owned AMR stock (he did not), much less sold it at an inflated price.

Plaintiffs likewise offer no real resistance to arguments that these Complaints fail to plead that Mr. Dimitrievich made a single false statement.  They instead insist—again— that the separate Opinion takes precedence over Fifth Circuit law and the PSLRA.  Likewise, Plaintiffs offer no meaningful defense for the total absence of allegations that Mr. Dimitrievich—a non-executive, outside director—exercised, or even could have exercised, control over AMR, much less any individual defendants.  *See* MTD at 4, 19-20.

Finally, Plaintiffs, knowing they cannot rebut the clear and overwhelming Fifth Circuit precedent set forth herein and in the MTD, seek to distract the Court by colloquially referring to Mr. Dimitrievich and others as the "Reconsideration Defendants." But, as Plaintiffs undoubtedly know, this is not a motion for reconsideration because, among other reasons, this Court has yet to rule on the Complaints they chose to file, which are separate from and non-identical to the complaints in the class action—in other words, there is nothing to "reconsider." *See Diece-Lisa Indus., Inc. v. Disney Enter., Inc.*, 943 F.3d 239, 247-48 (5th Cir. 2019) ("When cases are consolidated, their 'merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately.'") (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018)).  This gambit is nothing more than another attempt to divert the Court from the myriad, unaddressed deficiencies in the Complaints.[3]

For these reasons, and those in the MTD, Counts I and II should be dismissed as to Mr. Dimitrievich, with prejudice.

---

[3] As an aside, in addition to wrongfully claiming the MTD is a motion for reconsideration, Plaintiffs go so far as to invent a timeliness argument—*i.e.* that there is some deadline (unspecified by Plaintiffs) by which a reconsideration motion must be filed.  In fact, Rule 54(b), which Plaintiffs do not even cite, but which governs revisiting interlocutory orders, includes no time limitation.  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[ ] at any time" "any order or other decision . . . [that] does not end the action.") (quoting Fed. R. Civ. P. 54(b)); *see also United States v. 89.9270303 Bitcoins*, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021) ("As the Court already informed the parties, Rule 54(b) applies when a party seeks reconsideration of an interlocutory order."); *Parker v. Home Depot USA, Inc.*, 2020 WL 6728899, at *2 n.3 (S.D. Tex. Nov. 16, 2020) (same).

## ARGUMENT

### I.   PLAINTIFFS ESSENTIALLY CONCEDE THEIR FAILURE TO PLEAD SCIENTER

#### A.   Plaintiffs Do Not Address That Their Allegations Constitute Improper Group Pleading

The MTD made clear that Plaintiffs' scienter allegations against Mr. Dimitrievich rely exclusively on impermissible "group pleading." The Opposition ***completely ignores*** this dispositive deficiency, which is fatal to all of Plaintiffs' causes of action (and forfeits any assertion that "group pleading" is somehow permissible, *see, e.g.*, *Cargill v. Garland*, 57 F. 4th 447, 465 (5th Cir. 2023) (arguments a party fails to make are forfeited).

The Complaints contain just a handful of specific references to Mr. Dimitrievich, ***none*** of which addresses what he knew, thought, or intended. *See* MTD at 8 (citing AC ¶¶ 35, 37; OC ¶¶ 44, 46, 358). The remaining allegations on which Plaintiffs rely are undifferentiated assertions about "Defendants" or the so-called "Board Defendants." *See, e.g.*, AC ¶ 270; OC ¶ 332. But it is beyond dispute—and unchallenged in the Opposition— that "group pleading" cannot satisfy Plaintiffs' significant burden under the PSLRA to plead scienter at the motion stage. *See Shaw*, 537 F.3d at 533 (Fifth Circuit "has rejected the group pleading approach to scienter"); *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 957 (5th Cir. 2016) ("[T]his court has rejected the group pleading approach to scienter, and focuses on the state of mind of the corporate officials who make, issue, or approve the statement") (quotation omitted); MTD

3, 10.[4]  Rather, "the PSLRA requires the plaintiffs to distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (quotation omitted). The Court should therefore "***disregard the group-pleaded allegations*** and determine whether the remaining, properly pleaded allegations raise a strong inference of scienter." *Owens*, 789 F.3d at 538 (rejecting scienter as to "Individual Defendants" and "Bank executives") (emphasis added); *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 814 (S.D. Tex. 2012) ("references" such as "Defendants" and "BP's officers and directors" are "group pleading," and the Court must "disregard all group pleaded allegations.").[5]

_____

[4] *See also Ak. Elec. Pension Fund v. Flotek Indus. Inc.*, 915 F.3d 975, 982 (5th Cir. 2019) ("Scienter must be alleged with respect to the individual corporate official or officials who make or issue the statement . . . rather than generally to the collective knowledge of all the corporation's officers and employees . . . .") (quotation omitted); *Kakkar v. Bellicum Pharm., Inc.*, 2020 WL 2845279, at *3 (S.D. Tex. May 29, 2020) ("Plaintiff cannot support an inference of scienter by relying on Defendants' 'collective knowledge'"); *Edgar v. Anadarko Petrol. Corp.*, 2019 WL 1167786, at *12 (S.D. Tex. Mar. 13, 2019) (rejecting scienter allegations where "plaintiff relie[d] on group pleading in asserting that the defendants—collectively—knowingly or recklessly made the misstatements to raise capital."), *aff'd sub nom. Iron Workers Benefit & Pension Fund-Iron Workers Dist. Council Phila. & Vicinity v. Anadarko Petrol. Corp.*, 788 F. App'x. 268 (5th Cir. 2019); *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 831 (S.D. Tex. 2016) ("The Fifth Circuit does not permit group pleading in securities fraud suits."); *Dawes v. Imperial Sugar Co.*, 975 F. Supp. 2d 666, 690 (S.D. Tex. 2013) ("[T]he Fifth Circuit has rejected group pleading as inconsistent with the PSLRA."); *Crutchfield v. Match Grp., Inc.*, 529 F. Supp. 3d 570, 596 (N.D. Tex. 2021) ("The Fifth Circuit has explicitly rejected the group pleading approach to scienter.") (quotation omitted).

[5] *See also Callinan v. Lexicon Pharma., Inc.*, 479 F. Supp. 3d 379, 430 (S.D. Tex. 2020) ("Group allegations that 'the defendants' or 'the company' knew something" are insufficient to plead scienter) (citation omitted); *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 638-39 (S.D. Tex. 2018) (same), *aff'd on other grounds sub nom. Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th Cir. 2019) (citation omitted).

There are, however, **no** "properly pleaded allegations" as to Mr. Dimitrievich's state of mind.[6]  The allegations specific to Mr. Dimitrievich are mundane assertions that he was a Managing Director at HPS and a post-Business Combination director at AMR, that as an AMR director he signed AMR's March 29, 2018 Form 10-K, and that he attended a KFM board meeting **18 months** after his last alleged misstatement.  *See* MTD at 8 (citing AC ¶¶ 35, 37; OC ¶¶ 44, 46, 358).  These run-of-the-mill facts do not come close to demonstrating that the alleged misstatements in the March 29, 2018 10-K were "belied by [Mr. Dimitrievich's] actual knowledge of contradictory facts or by facts so obvious that [he] had to have been aware of it."  *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 376 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012).  Indeed, Plaintiffs **do not dispute** (and so concede and forfeit any contrary argument) that Mr. Dimitrievich's position as an outside director who signed a Form 10-K is insufficient to plead scienter.[7]  *See* MTD at 8-9; *see also Owens*, 789 F.3d at 546 ("[S]cienter may not rest on the inference that defendants must have been aware of the misstatement based on their positions within the company.") (quoting *Abrams*, 292 F.3d at 432); *Plaisance v. Schiller*, 2019 WL 1205628, at *17 (S.D. Tex. Mar. 14, 2019) ("A defendant's signature on an SEC filing . . . cannot by itself support a strong inference of scienter.").  Indeed, even alleging that a defendant was the **CEO** is

---

[6] Notably, Plaintiffs' assertion that the directors, collectively, were "privy to specific knowledge" (AC ¶ 270; OC ¶ 332) would be insufficiently particular to support scienter even if it were not also group-pleaded.  *See* MTD at 10-12; *Owens*, 789 F.3d at 546.

[7] Plaintiffs also fail to address that Plaintiffs cannot rely on the "core operations" doctrine, and so forfeit any opposition on that basis.  MTD at 12-13.

insufficient, without more, to plead scienter. *In re BP*, 852 F. Supp. 2d at 816 ("Broad, conclusory allegations of scienter against Hayward, based solely on his position as CEO and a member of the [group operations committee], are insufficient" under Rule 9(b) and the PSLRA); *see also Shaw*, 537 F.3d at 533 (declining to infer scienter based on defendants' "positions with the company" even where one defendant allegedly claimed "there is nothing in this company that I don't know") (quotation omitted).[8]

Plaintiffs similarly fail to point to facts in *their* Complaints even suggesting that Mr. Dimitrievich acted with "severe recklessness"—meaning that "the danger of misleading buyers or sellers" through the handful of alleged misstatements in the March 29, 2018 Form 10-K was "either known to the defendant or [] so obvious that the defendant must have been aware of it." *Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, 579 F. Supp. 3d 933, 953 (S.D. Tex. 2022) (quoting *Flaherty & Crumrine Pref. Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009)). Indeed, even allegations that Mr. Dimitrievich could independently have verified well data—which are absent from the Complaints— would be insufficient to allege that he acted with recklessness. *See Flotek*, 915 F.3d at 984-85; *see also Owens*, 789 F.3d at 542-45 (declining to infer "severe recklessness"

---

[8] *See also Flotek*, 915 F.3d at 982 ("[Scienter] allegations ordinarily must be based on more than an individual's position within the company, absent special circumstances.") (citation omitted); *In re Franklin*, 782 F. Supp. 2d at 376 ("Pleadings of scienter may not rest on the inference that a defendant must have been aware of the misstatements based on his positions with the company . . . ."); *In re Aegean Marine Petrol. Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 161 (S.D.N.Y. 2021) ("Allegations regarding a defendant's title, Board membership, and/or signatures on documents . . . are plainly insufficient to allege scienter as to each defendant.").

despite motive **and** allegations that defendants knew of company's "undercapitalization, a large misstatement, red flags, and ignor[ed] [] internal warnings").

Rather, as the Opposition makes clear, Plaintiffs rely for their recklessness allegations entirely on the notion that AMR filed for bankruptcy 18 months after the March 29, 2018 Form 10-K was published. *See* Opp. at 7-8. Such "fraud-by-hindsight" (which, in any case, is group-pleaded) is routinely rejected, as a matter of law, by Courts in this Circuit and elsewhere because it relies on the fallacy that "the fact that something turned out badly must mean [the] defendant[s] knew earlier that it would turn out badly." *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 518 (S.D. Tex. 2017) (internal quotations omitted) (alterations in original); *see also Plaisance*, 2019 WL 1205628, at \*24 (allegations that "'[o]nly one of 15 target wells . . . ever produced oil'" and that the company's "ultra-deep drilling activities were ultimately not successful" were insufficient to show that defendant "knew earlier material information that he chose not to disclose until later"); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 898 (E.D. La. 2014) (rejecting claim as "classic fraud-by-hindsight" that defendants knew, in 2010, that [the company] would file bankruptcy in 2012 even where "one defendant, with the benefit of hindsight, stated [in 2012] that [the company] lacked the liquidity to survive" a drilling moratorium that had begun in 2010); *Tarica v. McDermott Int'l, Inc.*, 2000 WL 1346895, at \*9 (E.D. La. Sept. 19, 2000) ("[M]ere temporal proximity . . . is insufficient to conclude that defendants knew [their] statements were false at the time" even where company filed for bankruptcy just "nine months after the beginning of the class period"); *In re Garrett Motion Inc. Sec. Litig.*, 2022 WL 976269,

8

at *14 (S.D.N.Y. Mar. 31, 2022) ("Defendants' knowledge about Garrett's financial strains *during* the bankruptcy proceedings has little bearing on their knowledge when they made the allegedly misleading statements *prior to* those proceedings. Rule 10b-5 assuredly does not impose this fraud-by-hindsight liability.") (emphasis in original).[9]

### B.   Plaintiffs' Motive Allegations Likewise Fail To Support Scienter

Even if Plaintiffs had pleaded a cognizable motive for Mr. Dimitrievich to have committed fraud, "allegations of motive and opportunity, without more, will ***not*** fulfill the pleading requirements of the PSLRA." *Owens*, 789 F.3d at 539 (quotation omitted) (emphasis in original). In *Neiman v. Bulmahn*, 854 F.3d 741 (5th Cir. 2017), cited in the Opposition at 22, the Fifth Circuit ***rejected*** a theory of scienter—similar to Plaintiffs'

---

[9] *See also Heck v. Orion Grp.*, 468 F. Supp. 3d 828, 847-48 (S.D. Tex. 2020) ("[T]he court has not found any authority that has accepted reports of poor financial results attributed to unexpected events that postdate the alleged misrepresentations as evidence that earlier reports of good financial results were false when made."); *Local 120 Unity Pension & Welfare Funds v. McDermott Intern. Inc.*, 2015 WL 1143081, at *10 (S.D. Tex. Mar. 13, 2015) ("No allegation supports . . . a *strong inference*[] that the defendants knew or should have known that there was no basis for concluding that project objectives were achievable. This is a classic case of pleading 'fraud by hindsight,'. . . . Business misjudgments are simply not fraud." (emphasis in original)); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 273 F. Supp. 3d 650, 672 (N.D. Tex. 2017) ("'[P]oor business judgment—even if attributable to monetary incentives—does not establish an inference of recklessness . . . . We do not recognize allegations of fraud by hindsight.'") (quoting *Owens*, 789 F.3d at 544-45); *In re Aceto Corp. Sec. Litig.*, 2019 WL 3606745, at *4 (E.D.N.Y. Aug. 6, 2019) ("[T]he amended complaint assumes that because a problem was disclosed in November, defendants must have known of the problem in August . . . [b]ut this is a classic example of 'fraud by hindsight'").

theory here—based on the defendant's "purported motive to deceive investors" and "high rank in the company."[10]  *Id*. at 747-50.

Regardless, Plaintiffs fail to plead a motive as to Mr. Dimitrievich.  Plaintiffs' assertions that ***HPS*** had an incentive to mislead investors (which is untrue) cannot establish scienter as to ***Mr. Dimitrievich***, given Plaintiffs' failure to plead that he obtained any concrete, personal benefit from any of the alleged misconduct.  *See* MTD at 6, 13-14; *see also*, *e.g.*, *Shaw*, 537 F.3d at 543 ("To demonstrate motive, plaintiffs must show concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged.") (quotation omitted); *Neiman*, 854 F.3d at 752 (failure to "allege[] that Defendants themselves profited from their alleged misstatements undercuts a motive allegation."); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994) (no motive where "there is no allegation that any of the corporate defendants actually personally profited from the allegedly inflated stock values or the money raised from the two offerings.").  Indeed, there are ***zero*** allegations that Mr. Dimitrievich profited personally from the Business Combination.  *See* AC ¶¶ 35, 37; OC ¶¶ 44, 46, 358.  Nor do they allege how someone in Mr. Dimitrievich's position ***could*** benefit directly, nor even what his role or responsibilities were at HPS.

---

[10] Plaintiffs' authority does not support scienter as to Mr. Dimitrievich.  In *In re Firstenergy Corp.*, 2022 WL 681320 (S.D. Ohio Mar. 7, 2022), the Court found that plaintiff properly alleged scienter based on specific allegations against each individual defendant. *Id*. at *22-24.  And in *Edwards v. McDermott Int'l, Inc.*, 2021 WL 1421609 (S.D. Tex. Apr. 13, 2021), unlike here, plaintiff alleged that the individual defendants themselves benefited from the merger and received bonuses and pay raises.  *Id*. at *9.

Plaintiffs cite their allegation that Mr. Dimitrievich "was a managing director of HPS, which appointed him to the Alta Mesa Board," Opp. at 21, in an attempt to impute HPS' purported incentive and alleged motive to Mr. Dimitrievich. The other allegations Plaintiffs expressly highlight concern HPS only, and do not speak to Mr. Dimitrievich's purported motive to complete the Business Combination. *See id.* at 21-22. Regardless, the motivation to close a corporate transaction or obtain return on an investment are ordinary motives that are not cognizable as a matter of law for pleading scienter. *See Melder*, 27 F.3d at 1102 (allegations that defendants' motive was to inflate price of company's common stock to bring about a successful stock offering were insufficient to plead scienter); *Mortensen v. AmeriCredit Corp.*, 123 F. Supp. 2d 1018, 1023 (N.D. Tex. 2000) ("Assertions that would almost universally be true, such as the desire to raise capital, or successfully to bring a public offering to fruition . . . are inadequate of themselves to plead motive.") (quotation omitted); *Tarica*, 2000 WL 1346895, at *10 ("[A] corporate acquisition, in and of itself, does not provide a legally sufficient basis for scienter. Such transactions are routine corporate events, and the courts reject motive theories that would almost universally permit an inference of fraud.") (quotation omitted); *Rombach v. Chang*, 355 F.3d 164, 177 (2d Cir. 2004) ("[T]he success of an investment . . . does not entail concrete benefits sufficient to demonstrate motive.") (quotation omitted); MTD at 13-14. The notion that HPS (or Mr. Dimitrievich) was motivated to close the Business

Combination is "universal to corporate executives" and cannot support scienter. *Shaw*, 537 F.3d at 544.[11]

Plaintiffs' rhetorical flourish that HPS' motivations (which, as noted above, cannot be imputed to Mr. Dimitrievich) were "squarely at odds with public shareholders" is contrary to Plaintiffs' own allegations. *See* Opp. at 22. As Plaintiffs plead, HPS understood that after the Business Combination it would be a holder of "significant interest" in publicly-traded AMR stock. *Id.* at 21 (citing AC ¶ 287; OC ¶ 356). That means HPS held AMR securities alongside public shareholders, and stood to (and did) lose millions on those holdings. The notion that HPS set itself up to hold a large stake in a company it knew was verging on collapse makes no economic sense and militates against attributing any motive to HPS (much less to Mr. Dimitrievich). *See Kalnit v. Eichler*, 264 F.3d 131, 140-41 (2d Cir. 2001) ("[P]laintiff's view of the facts defies economic reason . . . [and] does not yield a reasonable inference of fraudulent intent.") (citations omitted); *see also Davidoff v. Farina*, 2005 WL 2030501, at *11 n.19 (S.D.N.Y. Aug. 22, 2005) ("[I]t would have made no economic sense for defendants to invest literally billions of dollars in a venture that they knew would fail").[12]

---

[11] *See also Melder*, 27 F.3d at 1104 (considering fees sufficient to plead motive "would make a mockery of Rule 9(b) by effectively eliminating the scienter requirement as to securities underwriters since all underwriters are, of course, fee seekers."); *Abrams*, 292 F.3d at 434 (rejecting allegations where "[t]he plaintiffs allege that the defendants were motivated to commit fraud by the need to raise capital").

[12] Notably, Plaintiffs' failure to plead a motive means that the "'strength of [the] circumstantial evidence of scienter must be correspondingly greater.'" *Neiman*, 854 F.3d at 748 (alteration in original) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 644 (5th Cir. 2005)). As discussed above, however, Plaintiffs fail to plead **any** circumstantial evidence that would attribute scienter to Mr. Dimitrievich.

## II.   PLAINTIFFS FAIL TO PLEAD THAT MR. DIMITRIEVICH MADE ANY MISSTATEMENTS

The MTD explains in detail that Plaintiffs failed to plead that Mr. Dimitrievich made any false statements.  MTD 14-18.  Although Plaintiffs cannot plead a Section 10(b) claim without falsity, they nonetheless ***do not respond to this argument***.  Rather, they assert that Defendants are not entitled to "reconsideration" of the Opinion, which irrelevant assertion is addressed above.  *See* Opp. at 23 n.10.  Plaintiffs therefore also forfeit any arguments that Mr. Dimitrievich made a false statement.  *See Cargill*, 57 F.4th at 465.  Accordingly, for the reasons stated in the MTD, Plaintiffs fail to establish falsity as to Mr. Dimitrievich, and so the 10(b) claim against Mr. Dimitrievich should be dismissed for this reason as well.

## III.   PLAINTIFFS FAIL TO PLEAD OR ARGUE THAT MR. DIMITRIEVICH IS LIABLE AS A CONTROL PERSON UNDER SECTION 20(a)

The MTD establishes that Plaintiffs fail to plead control person liability because they fail to plead that Mr. Dimitrievich (i) had actual power and influence over Alta Mesa or any of the individual defendants, and (ii) induced or participated in the alleged violation. MTD at 19-20.  Indeed, even alleging that a defendant is the CFO—as opposed to Mr. Dimitrievich's position as a non-executive, outside director—is insufficient without more to plead "the ability to control what [the company], acting through its agents, said in press releases or on earnings calls . . . ." *Carlton v. Cannon*, 2016 WL 3959164, at *7 (S.D. Tex. July 22, 2016).  Once again, Plaintiffs fail to address this argument and therefore forfeit arguments to the contrary.  *See Cargill*, 57 F.4th at 465.  Additionally, Plaintiffs do not come close to suggesting Mr. Dimitrievich induced or participated in any alleged misstatements, beyond the misstatements allegedly contained in a document he actually

signed (the March 29, 2018 Form 10-K).  *See* Opp. at 20.  Plaintiffs' Section 20(a) claims

therefore fail and should be dismissed as well.

## CONCLUSION

For the foregoing reasons, and those stated in the MTD, Counts I and II against Mr.

Dimitrievich should be dismissed with prejudice.

Dated:   March 14, 2023

Respectfully submitted,

/s/ Karl S. Stern

Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone:  (713) 221-7000
Facsimile:  (713) 221-7100
Email: karlstern@quinnemanuel.com
christopherporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Benjamin I. Finestone (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DON DIMITRIEVICH**

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record by the Court's ECF system on March 14, 2023.

/s/ Karl S. Stern
By: Karl S. Stern