UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |
| | Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND D, .P., | Civil Action No. 4:22-cv-01189 |
| | Judge George C. Hanks, Jr. |
| Plaintiffs, | |
| v. | |
| ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, | |
| Defendants. | |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., | Civil Action No. 4:22-cv-02590<br><br>Judge George C. Hanks, Jr. |

Plaintiffs,

v.

ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,

Defendants.

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................5

I.     THE INDIVIDUAL PLAINTIFFS' SECTION 14(A) AND 20(A) CLAIMS ARE TIME BARRED.........................................................................................................5

II.    THE INDIVIDUAL PLAINTIFFS' SECTION 18 CLAIMS ARE TIME BARRED ...............................................................................................................9

     A.    The Statute of Repose Bars the Section 18 Claims....................................9
     B.    The Statute of Limitations Bars the Section 18 Claims ..........................11

III.    SLUSA BARS THE INDIVIDUAL PLAINTIFFS' STATE LAW FRAUD CLAIMS ...............................................................................................................15

IV.    THE ORBIS "HOLDER" CLAIMS FAIL AS A MATTER OF LAW ...........................18

CONCLUSION..........................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*In re Affiliated Comput. Servs. Derivative Litig.*,
    540 F. Supp. 2d 695 (N.D. Tex. 2007) ........................................................................ 6

*In re Alstom SA Sec. Litig.*,
    406 F. Supp. 2d 402 (S.D.N.Y. 2005)......................................................................... 11

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974)..................................................................................................... 2

*In re AOL Time Warner, Inc. Sec. Litig.*,
    503 F. Supp. 2d 666 (S.D.N.Y. 2007)........................................................................ 17

*Asadi v. G.E. Energy (USA), L.L.C.*,
    720 F.3d 620 (5th Cir. 2013) ..................................................................................... 16

*Blaz v. Belfer*,
    368 F.3d 501 (5th Cir. 2004) ..................................................................................... 11

*Broadway Gate Master Fund, Ltd. v. Ocwen Fin. Corp.*,
    No. 16-80056-CIV-WPD, 2016 WL 9413421 (S.D. Fla. June 29, 2016) ............ 13, 15

*Brown v. Brewer*,
    No. CV 06-3731-GHK, 2008 WL 6170885 (C.D. Cal. July 14, 2008)........................ 7

*Carcieri v. Salazar*,
    555 U.S. 379 (2009)................................................................................................... 16

*Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*,
    No. CV-11-02056-MRP-MAN, 2011 WL 13220509 (C.D. Cal. Aug. 22, 2011) 12, 13,
    14

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983) (Blackmun, J., concurring)....................................................... 12

*Dekalb County Pension Fund v. Transocean Ltd.*,
    817 F.3d 393 (2d. Cir. 2016)..................................................................................... 10

*Engel v. Sexton*,
    Civil Action Nos. 06-10447, 06-10547, 07-116, 2009 WL 361108 (E.D. La. Feb. 11,
    2009) ............................................................................................................................ 8

ii

*In re Enron Corp.*,
No. H-01-3624, 2006 WL 3716669 (S.D. Tex. Dec. 12, 2006) ........................... 16, 19

*In re Enron Corp. Sec.*,
465 F. Supp. 2d 687 (S.D. Tex. 2006) ........................................................ 6, 9, 10, 11

*In re Enron Corp. Sec.*,
535 F.3d 325 (5th Cir. 2008) ....................................................................... 16, 17

*In re Exxon Mobil Corp. Sec. Litig.*,
500 F.3d 189 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ............................... 6, 9, 11

*In re FirstEnergy Corp. Sec. Litig.*,
316 F. Supp. 2d 581 (N.D. Ohio 2004) ................................................................ 6

*Grant Thornton LLP v. Prospect High Income Fund*,
314 S.W.3d 913 (Tex. 2010) ................................................................... 3, 4, 18

*Instituto De Prevision Militar v. Merrill Lynch*,
546 F.3d 1340 (11th Cir. 2008) ...................................................................... 17

*Jackson v. City of Hearne*,
959 F.3d 194 (5th Cir. 2020) ........................................................................ 19

*Jones v. Southpeak Interactive Corp. of Del.*,
777 F.3d 658 (4th Cir. 2015) ..................................................................... 6, 11

*Lord Abbett Inv. Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharms. Int'l, Inc.*,
Civil Action Nos. 17-6365 (MAS) (LHG), 17-7636 (MAS) (LHG), 17-7625 (MAS) (LHG), 2018 WL 3637514 (D.N.J. July 31, 2018) .................................................... 10

*Margolies v. Deason*,
464 F.3d 547 (5th Cir. 2006) ........................................................................... 8

*Margolies v. Deason*,
No. 3:03-CV-0572-P, 2005 WL 3547948 (N.D. Tex. June 20, 2005) ......................... 8

*MYL Litig. Recovery I LLC v. Mylan N.V.*,
No. 19-CV-1799, 2020 WL 1503673 (S.D.N.Y. Mar. 30, 2020) .................... 13, 14, 15

*Newby v. Enron Corp.*,
338 F.3d 467 (5th Cir. 2003) ......................................................................... 17

*Ramirez v. Varughese*,
No. CV H-21-3922, 2022 WL 2223043 (S.D. Tex. June 21, 2022) ............................ 19

iii

*Steele v. Certalogic, Inc.*,
    No. A-07-CA-658-SS, 2007 WL 9710216 (W.D. Tex. Oct. 9, 2007)..........................7

*Twin Master Fund, Ltd. v. Akorn, Inc.*,
    Nos. 19 C 3648, 19 C 4651, 2020 WL 564222 (N.D. Ill. Feb. 5, 2020) ....................10

*In re WorldCom, Inc. Securities Litigation*,
    308 F. Supp. 2d 236 (S.D.N.Y. 2004).........................................................................16

## STATUTES

15 U.S.C.
    § 78bb(f)(5)(B) ..........................................................................................................16
    § 78r(a) ...............................................................................................................10, 13
    § 78u-4(b)(1) ...............................................................................................................7

28 U.S.C.
    § 1658(b) ...........................................................................................................*passim*
    § 1658(b)(1) .................................................................................................................6

## RULES

Fed. R. Civ. P. 9(b) ..................................................................................................7, 8

## TREATISES

*Private Right of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019)................................5

## INTRODUCTION[1]

The Individual Plaintiffs urge the Court to disregard or defer the challenges to their Section 14(a), related Section 20(a), Section 18, and state law claims because they say their Section 10(b) related claims will continue in any event.[2]  But shedding their non-Section 10(b) related dismissible theories at the inception will streamline these individual actions for both discovery and potential settlement purposes, particularly where the Individual Plaintiffs represent a significant amount of the "class."  The Individual Plaintiffs' preference to avoid this motion is understandable as they offer no cogent basis to forestall dismissal of their untimely and otherwise procedurally deficient non-Section 10(b) claims.

To start, the Individual Plaintiffs do not dispute that their Section 14(a), related Section 20(a), and Section 18 claims were filed more than three years after accrual and thus would be absolutely time-barred under the Exchange Act's three-year statute of repose. They argue, however, that by strategically infusing allegations of intentional fraud into those inherently non-fraud claims, they gain the benefit of the five-year repose period enacted as part of the Sarbanes-Oxley Act ("SOX"), applicable to "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a

---

[1] Capitalized terms not defined herein have the same meaning as in Defendants' Motion to Dismiss (ECF No. 265).

[2] As noted in Defendants' Motion, certain Defendants have also sought dismissal of the Individual Plaintiffs' Section 10(b) and related Section 20(a) claims notwithstanding that the analogous Class Action claims were permitted to proceed to discovery.  To the extent that those claims are dismissed, the dismissal should be as to all Defendants to the extent appropriate.

regulatory requirement concerning the securities laws." 28 U.S.C. § 1658(b); *see* Alyeska and Orbis Pls.' Opp'n to Defs.' Mot. to Dismiss ("Opp'n") at 5. Not so. As numerous courts have held, the plain text of Section 1658(b) confirms that the longer statute of repose applies only to claims that require the plaintiff to prove *fraud*, which the Individual Plaintiffs concede is not an element of their non-Section 10(b) claims (including Section 18's affirmative defense of good faith). Indeed, as two Circuit courts have concluded, a plaintiff cannot unilaterally extend the three-year statute of repose by gratuitously inserting allegations of fraud into a non-fraud claim. Were it otherwise, it would be impossible to know which repose period actually applied until the fact finder decided whether the defendant acted fraudulently, thus defeating the whole objective of repose: to achieve finality and certainty.

Beyond the Individual Plaintiffs' sophistic theory that they can extend the absolute repose period through crafty surplus allegations, they contend that, under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the statute of limitations applicable to their Section 18 claims was tolled when the Class Plaintiffs filed their Section 10(b) claims in the Class Action. Opp'n at 5. Again, not so. To start, numerous courts have held that as a matter of law, Section 18 claims are unique and that the filing of a related Section 10(b) class claim accordingly does not toll the limitations period. For example, Section 18 shifts the burden to prove good faith on Defendants whereas the Class Plaintiffs have the burden to prove scienter for a Section 10(b) claim. Defendants were therefore not on notice throughout the Class Action that they had the burden to develop such evidence, memories, and witnesses to prove good faith, versus relying on Class Plaintiffs' lack of proof.

Section 18 also requires the Individual Plaintiffs to prove actual reliance on the alleged misstatements—necessarily involving evidence, memories, and witnesses distinct from the Class Action which relies on the *Basic* class-wide presumption of reliance.  Accordingly, witnesses from the Individual Plaintiffs not otherwise fact witnesses in the Class Action would need to be deposed about their specific reliance.  Moreover, these particular Section 18 claims are different than what was alleged in the Class Action because the Individual Plaintiffs challenge different statements in the 2017 Form 10-K and also allege different reasons why the challenged statements were false or misleading.  In short, the Section 18 claims are untimely and cannot be tolled by the Class Plaintiffs' filing of an entirely different claim that requires different evidence and witnesses.

The Individual Plaintiffs' state law claims fare no better.  The Individual Plaintiffs do not dispute that their Texas law fraud claims satisfy all the elements for SLUSA preemption, and instead ask this Court to ignore the statutory language and precedents based on a meritless policy argument a judge in this District already dismissed over fifteen years ago.  Opp'n at 14-17 (citing no cases interpreting SLUSA in the manner Individual Plaintiffs urge based on policy arguments).  This Court should apply the law as written, not as Individual Plaintiffs wish it had been written.

So, too, with Texas law governing the Orbis Plaintiffs' purported "holder claims."  The Orbis Plaintiffs mischaracterize the holding of *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913 (Tex. 2010).  Contrary to the Orbis Plaintiffs' argument that the Texas Supreme Court "has already spoken" in *Grant Thornton* that "holder claims could be viable under Texas law" (Opp'n at 18-19), the Court expressly declined to decide

3

whether such claims are viable.  314 S.W.3d at 930 ("[w]e need not decide today whether a holder claim involving more specific and direct communications is actionable under Texas law because this is not such a claim").  No Texas court has recognized "holder" claims and the weight of authority elsewhere resoundingly rejects these claims.  This Court therefore should reject the Orbis Plaintiffs' suggestion to kick the can down the road and "revisit the issue" of the legal viability of the "holder" claims at summary judgment.  The "holder" claims require fact and expert discovery beyond what is required for the other claims—for example, evidence of whether the Orbis Plaintiffs had a plan to sell a specific amount of shares as of a specific date that they abandoned as a result of a direct communication from Defendants.  (Indeed, the Orbis Plaintiffs fail even to *allege* particularized facts concerning any such purported plan.)  Now is the time to dispose of these non-viable claims as a matter of law.

The Individual Plaintiffs are sophisticated hedge funds and global investment vehicles that have made the decision to pursue individual claims relating to their investment in AMR.  With that decision comes the consequences of filing their claims more than three years after the Class Action adding different claims and theories than the Class Action.  The procedural infirmities of the Individual Plaintiffs' Section 14, Section 20, Section 18, and state law claims should not be ignored and merit dismissal with prejudice.

**ARGUMENT**

## I.   THE INDIVIDUAL PLAINTIFFS' SECTION 14(A) AND 20(A) CLAIMS ARE TIME BARRED

The Individual Plaintiffs do not dispute that their Section 14(a) and related Section 20(a) claims would be time barred under the Exchange Act's three-year statute of repose expressly applicable to such claims.[3]  *See* Opp'n at 5, 8-11; Defs.' Mot. to Dismiss ("Mot.") at 7-8.  Instead, the Individual Plaintiffs argue that the application of the SOX period turns not on whether fraud is an element of their Section 14(a) claim that they must prove, but rather on their gratuitous inclusion of *allegations* of fraud.[4]  The reasoning relies entirely on a contorting of Section 1658(b)'s plain text, which extends the limitations period only for "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47))."  28 U.S.C. § 1658(b).

The problem for the Individual Plaintiffs is that Section 1658(b) speaks to a "private *right* of action," and not to a plaintiff's own "private action."  A "private *right* of action" is "[a]n individual's *right to sue* in a personal capacity to enforce a legal claim."  *Private Right of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added).  The clause "that involves a *claim* of fraud" modifies "private right of action," clarifying that Section

---

[3] The Individual Plaintiffs do not dispute that their Section 20(a) claim is subject to a three-year statute of repose.  *See* Opp'n at 5-7 (omitting timeliness of 20(a) claim from the issues to be ruled upon).  That claim therefore should be dismissed regardless.

[4] The Individual Plaintiffs do not dispute that Section 14(a) requires only proof of negligence and not fraud.  Opp'n at 9.

1658(b) applies when the statute or rule giving rise the plaintiffs' right to sue "involves a claim of fraud."  28 U.S.C. § 1658(b).  In this context, "claim" refers to the elements required to support the "private right of action," and not whatever allegations plaintiffs choose to plead.

The Fourth Circuit succinctly explained this distinction in *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 668 (4th Cir. 2015), when it rejected the same argument the Individual Plaintiffs advance here:  "[Section] 1658(b) does not speak in terms of 'allegations.'  Per its text, § 1658(b) covers private rights of action that 'involve[ ] a claim of fraud.'" (citing 28 U.S.C. § 1658(b)).  Because Section 14(a) does not require a plaintiff to prove fraud, the SOX statute of repose does not apply.  *See, e.g.*, *id.* ("Her retaliation claim can succeed without 'discovery of the facts constituting' securities fraud. 28 U.S.C. § 1658(b)(1).  It stands to reason, then, that § 1658(b)(1), which hinges on the discovery of such facts, does not apply."); *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 197 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ("[W]e conclude that Congress did not intend to include § 14(a) claims within the scope of § 1658(b), but rather intended that provision to apply to § 10(b) claims and other claims requiring proof of fraudulent intent."); *In re Affiliated Comput. Servs. Derivative Litig.*, 540 F. Supp. 2d 695, 703 (N.D. Tex. 2007) ("SOX does not extend limitations or repose for § 14(a) claims"); *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 601 (N.D. Ohio 2004) ("Since fraud is not a required element for claims under §§ 11 or 12(a)(2), the Court concludes that Sarbanes–Oxley Act does not extend the limitations period for these claims."); *In re Enron Corp. Sec.*, 465 F.

Supp. 2d 687, 711 n.33 (S.D. Tex. 2006) ( "[T]he new Sarbanes-Oxley statute of limitations does not apply to non-fraud-based actions under § 11 and 12(a)(2) of the 1933 Act.").

If Congress wanted the limitations periods to hinge on the factual allegations in a complaint, rather than the elements of the specific claims brought, it could have said so expressly. *Compare* 28 U.S.C. § 1658(b) (extending limitations periods for "*a private right of action* that involves *a claim*" (emphases added)), *with* 15 U.S.C. § 78u-4(b)(1) (PSLRA particularity requirement for "*any private action* arising under this chapter *in which the plaintiff alleges*" a material misstatement or omission (emphases added)), *and* Fed. R. Civ. P. 9(b) ("In *alleging* fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." (emphasis added)).

The cases on which the Individual Plaintiffs rely to the contrary improperly apply the "sounding in fraud" concept that is specific to the PSLRA's and Rule 9(b)'s pleading requirements for all allegations of fraud whether elements of a claim or not. *See Brown v. Brewer*, No. CV 06-3731-GHK, 2008 WL 6170885, at *1 n.4 (C.D. Cal. July 14, 2008) (applying the "sounding in fraud" pleading test to conclude that the extended SOX limitations period *may* apply but ultimately declining to decide the issue because the plaintiff had failed to state a claim for fraud regardless); *Steele v. Certalogic, Inc.*, No. A-07-CA-658-SS, 2007 WL 9710216, at *2 n.2 (W.D. Tex. Oct. 9, 2007) ("Because his claims sound in fraud, however, they are subject to Sarbanes-Oxley's amended statute of limitations.").   The better-reasoned decisions addressing this issue with respect to inherently non-fraud claims under Section 11, 12, or 14—and greater weight of authority— conclude that SOX does not extend the limitations periods for negligence statutes,

regardless of the infusion of unnecessary scienter-based allegations that are inherently always subject to Rule 9(b).[5]   The Individual Plaintiffs' response to the overwhelming weight of authority is to ask the Court to treat as dispositive a single sentence of dicta from *Margolies v. Deason*,  464 F.3d 547, 550 (5th Cir. 2006) (considering Sections 11 and 12 of the Securities Act and Section 10(b) of the Exchange Act).   The Fifth Circuit in *Margolies* did not itself analyze whether Section 1658(b) applied to Section 11 and 12 claims and instead simply misstated the findings of the district court.  Specifically, the Fifth Circuit said, "The district court correctly found that the claims in the first and second causes of action involved fraud such that they were the type of claims that fall within the confines of this statute." *Id.*  But the district court actually declined to "address whether Plaintiffs' claims involve fraud, deceit, manipulation, or contrivance as required to apply" Section 1658(b). *See Margolies v. Deason*, No. 3:03-CV-0572-P, 2005 WL 3547948, at *9 (N.D. Tex. June 20, 2005).  Plaintiffs do not (and cannot) cite any other statements in *Margolies* to support their assertion that "the applicability of § 1658(b) turns on the conduct alleged" as opposed to the elements of the claim.  Opp'n at 9.

Indeed, Judge Harmon's decision in *Enron* confirms that *Margolies* does not support the Individual Plaintiffs' argument.  Decided just a few months after *Margolies*, Judge Harmon relied upon *Margolies*' actual holding (*i.e.*, that SOX does not apply retroactively), but also specifically concluded that Section 1658(b) does not apply to

---

[5] *Compare, e.g.*, cases cited *supra* p. 6, *with Engel v. Sexton*, Civil Action Nos. 06-10447, 06-10547, 07-116, 2009 WL 361108, at *15 (E.D. La. Feb. 11, 2009) (cited Opp'n at 9-10) (citing no authority or reasoning to support its entirely conclusory application of Section 1658(b) to a Section 14(a) claim).

securities claims that do not have fraud as an element. *In re Enron*, 465 F. Supp. 2d at 711-713.[6]  Obviously, Judge Harmon would not have done so if the Fifth Circuit had reached the opposite conclusion.

And this interpretation makes eminent sense.  The Third Circuit underscored why the Individual Plaintiffs' reading contorts not only Section 1658(b)'s plain text, but also its purpose: "[T]he policy choice of Congress to establish firm deadlines for securities fraud claims help[s] defendants.  Allowing plaintiffs effectively to bypass this policy judgment—and thereby select the length of the limitations periods that will apply to a claim merely by sounding their § 14(a) claim in fraud—would not promote the principal reason for having time-bars: certainty for defendants." *Exxon Mobil*, 500 F.3d at 198.  Such a rule would also mean that the ultimate determination of which repose period actually applied would need to await a factfinder's determination on whether a plaintiff proved fraud.  A repose period that subjects defendants at the pleading stage to the whims of a plaintiff's allegations with the final determination deferred until final factfinding should be rejected, leaving the Section 14(a) and 20(a) claims time barred.

## II.   THE INDIVIDUAL PLAINTIFFS' SECTION 18 CLAIMS ARE TIME BARRED

### A.   The Statute of Repose Bars the Section 18 Claims

The Individual Plaintiffs concede that unless Section 1658(b) abrogated Section 18's express periods, repose bars their claims, and that a Section 18 claim does not

---

[6] As discussed below, Judge Harmon thoroughly analyzed the case law evaluating whether Section 1658(b) applies to Section 18 claims and concluded that it does not because fraud is not an element of the claim.

require Plaintiffs to allege or prove scienter. *See* Opp'n at 5 (asking the Court to determine whether their claims are timely under Section 1658(b)); *id.* at 12 & n.5.

Nevertheless, the Individual Plaintiffs assert that Section 1658(b) applies to Section 18 because Section 18 includes an affirmative good-faith *defense*. Opp'n at 11-12 (principally relying on *Dekalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 406 (2d. Cir. 2016));[7] 15 U.S.C. § 78r(a) ("[U]nless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading."). But an affirmative defense does not require that a plaintiff plead and prove fraud. Rather, the plaintiff proves its claim by pleading and establishing the elements of Section 18 (which do not include fraud) and, if it does so, the defendant can avoid liability by proving that it acted in good faith.

Judge Harmon actually considered this very argument 17 years ago in *Enron* and rejected it. The court began by observing, "Most of the courts that have addressed the issue have reasoned that because the plain language of § 18 does not require Plaintiffs to plead and prove scienter, and thus, unlike [Section 1658(b)] , covers negligence and strict liability claims, Sarbanes–Oxley's enlarged limitations does not apply to § 18 claims." *In re Enron*, 465 F. Supp. 2d at 711 (citing cases rejecting application of SOX to Section 18 claims). Judge Harmon then considered the decisions of courts that came out the other way based

---

[7] The other two district court cases that the Individual Plaintiffs cite for support both merely adopt the holding in *Dekalb*. Opp'n at 11-12 (citing *Twin Master Fund, Ltd. v. Akorn, Inc.*, Nos. 19 C 3648, 19 C 4651, 2020 WL 564222, at *4 (N.D. Ill. Feb. 5, 2020); *Lord Abbett Inv. Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharms. Int'l, Inc.*, Civil Action Nos. 17-6365 (MAS) (LHG), 17-7636 (MAS) (LHG), 17-7625 (MAS) (LHG), 2018 WL 3637514, at *8 (D.N.J. July 31, 2018)).

on the presence of the good faith defense like in *Dekalb*.  In the end, Judge Harmon sided with those courts holding that Section 1658(b) applies "only to causes of action under the securities laws in which fraudulent intent is an element that plaintiffs are required to plead as a part of the underlying claim.  Section 18 does not require the pleading of scienter, or fraudulent intent." *In re Enron*, 465 F. Supp. 2d at 712 (quoting *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 920 (S.D.N.Y. 2005)).

The Individual Defendants' argument to the contrary is no more persuasive today than it was in 2006.  In fact, Judge Harmon's analysis and interpretation of Section 1658(b) as applying to causes of action in which fraud is an element that plaintiffs must plead and prove has been validated by the Third and Fourth Circuits' analysis of Section 1658(b) focusing only on the elements of a claim.[8]  *Jones*, 777 F.3d at 668; *In re Exxon*, 500 F.3d at 197.  Accordingly, "the extended statute of limitations in Sarbanes-Oxley does not apply to claims under § 18(a)" and the Individual Plaintiffs' Section 18 claims are time barred. *In re Enron*, 465 F. Supp. 2d at 712-13.

### B.    The Statute of Limitations Bars the Section 18 Claims

Even if SOX is interpreted to amend Section 18's express limitations period, the Individual Plaintiffs concede that the longer two-year statute of limitations expired before they filed their complaints unless the limitations period is tolled under *American Pipe*.  *See* Opp'n at 5.  But *American Pipe* tolls only those claims that "concern the same evidence,

---

[8] The Individual Plaintiffs do not dispute that the Fifth Circuit's dicta in *Blaz v. Belfer*, 368 F.3d 501, 503–04 (5th Cir. 2004), that the Section 18 repose period was extended by SOX, is contrary to Section 18's plain language and statutory interpretation principles.  *See* Opp'n at 11-12.

memories, and witnesses as the subject matter of the original class suit." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 355 (1983) (Blackmun, J., concurring). That is not the case here. The Individual Plaintiffs concede that Section 18 claims involve different elements and burdens of proof than Section 10(b) claims. Opp'n at 13-14. The weight of authority addressing the issue has concluded that these important distinctions necessarily mean that a Section 10(b) claim does not toll the limitations period to file a Section 18 claim for two primary reasons. *See Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*, No. CV-11-02056-MRP-MAN, 2011 WL 13220509, at *3 (C.D. Cal. Aug. 22, 2011).

*First*, Section 18 involves a different factual basis for the element of reliance. The Class Plaintiffs can rely on the fraud-on-the-market theory to plead and prove reliance for their Section 10(b) claims, whereas Section 18 requires proof of actual reliance. *Id.* at *3. This distinction is why "courts have almost universally declined to certify § 18 claims in class actions." *Id.* (internal quotations omitted). Contrary to the Individual Plaintiffs' argument (Opp'n at 14), the element of specific reliance also means that the Section 18 cause of action involves different "evidence, memories, and witnesses" than the class action. *Crown, Cork & Seal Co.*, 462 U.S. at 355. For example, proving a violation of Section 18 requires evidence of who exactly read and relied on the alleged misstatements. *Compare, e.g.*, Third Am. Compl., No. 19-cv-00957, ECF No. 218 ("TAC") ¶ 347 (alleging a presumption of reliance under the fraud-on-the-market doctrine), *with* Compl., No. 22-cv-01189, ECF No. 1 ("Alyeska Compl.") ¶¶ 293-296, 337 (alleging actual reliance), *and*

Compl., No. 22-cv-02590, ECF No. 1 ("Orbis Compl.") ¶¶ 365-371, 412 (alleging actual reliance).

   *Second*, an important difference between Section 10(b) and Section 18 claims is who bears the burden of proof on scienter.  Unlike Section 10(b) which places the burden of proof for scienter on the plaintiff, Section 18 requires the defendant to prove good faith. *See Children's Hosp. & Med. Ctr. Found. of Omaha*, 2011 WL 13220509, at *3 ("[A] § 18 claim … allows evidence of good faith as an affirmative defense." (citing 15 U.S.C. § 78r(a))).  The Individual Plaintiffs' argument that shifting the burden of proving good faith to Defendants "makes it easier to defend" a Section 18 claim is nonsensical.  Opp'n at 14. This shift in the burden of proof can and does prejudice Defendants.  Defendants have investigated and litigated the Class Action for years without any affirmative burden of proof as to scienter.  The Class Action provided no notice that Defendants would later shoulder the burden to develop such evidence, memories, and witnesses to prove good faith, rather than relying on Class Plaintiffs' lack of proof.  The elemental differences between Section 10(b) and Section 18 claims mean that the former cannot toll the latter as a matter of law.

   The Individual Plaintiffs try to sidestep this reality by arguing that the Section 10(b) and Section 18 claims are "based on the same core of operative factual allegations."  Opp'n at 13 (citing *MYL Litig. Recovery I LLC v. Mylan N.V.*, No. 19-CV-1799, 2020 WL 1503673, at *8 (S.D.N.Y. Mar. 30, 2020); *Broadway Gate Master Fund, Ltd. v. Ocwen Fin. Corp.*, No. 16-80056-CIV-WPD, 2016 WL 9413421, at *10 (S.D. Fla. June 29, 2016)). As an initial matter, the two cases on which the Individual Plaintiffs rely focus on the

13

similarity of the factual allegations underlying the Section 10(b) and 18 claims, which makes them outliers from the weight of authority discussed above holding that the *elemental differences* between the claims alone preclude tolling. *Children's Hosp. & Med. Ctr. Found. of Omaha*, 2011 WL 13220509, at *3 (collecting cases). But even if the analysis turned on the similarity of the factual allegations, the Individual Plaintiffs' two cases are distinguishable because the allegations here for the respective claims are different from those underlying the Class Action Section 10(b) claim. These new factual theories did not put Defendants on notice of the "substantive claims" that they would have to defend against in the Alyeska and Orbis Actions and therefore preclude any application of *American Pipe* tolling to their Section 18 cause of action.[9]

Here, the Individual Plaintiffs' Section 18 theory challenges different statements in the 2017 Form 10-K than those challenged in the Class Action. *Compare* TAC ¶¶ 217, 219, 220, *with* Alyeska Compl. ¶¶ 175, 177, 206, 208, 223, 225, 227, 229, *and* Orbis Compl. ¶¶ 184, 186, 222, 224, 239, 241, 243, 245. The Individual Plaintiffs also allege different reasons why the challenged statements were purportedly false or misleading. *Compare, e.g.*, TAC ¶ 218 (alleging statement in 2017 Form 10-K was false or misleading because "Defendants knew that AMH's wells were not profitable (despite efforts to temporarily inflate production)"), *with* Alyeska Compl. ¶ 176 (alleging statement in 2017

---

[9] Indeed, the court in *MYL Litigation Recovery I LLC* held that "[c]ourts do not . . . permit tolling when a plaintiff raises a new factual theory." 2020 WL 1503673, at *8. While some of the factual theories raised by the Individual Plaintiffs are the same as those raised in the Class Action, many are different. Therefore, under the Individual Plaintiffs' own case law, the portions of the Individual Plaintiffs' Section 10(b) and 14(a) claims that raise new factual theories also should be dismissed.

Form 10-K was false or misleading "because [it] did not disclose that nearly all of Alta Mesa's STACK wells had improperly drilled vertical bores that would dramatically increase the cost of oil extraction while at the same time eliminating about a third of the well's revenue generating capabilities over the course of its life"), *and* Orbis Compl. ¶ 185 (same).  These new factual theories distinguish this case from Plaintiffs' cited cases that applied *American Pipe* tolling when the Section 18 causes of action were based on "the same facts" as the corresponding class action.  *MYL Litig. Recovery I LLC*, No. 19-CV-1799 (JPO), 2020 WL 1503673, at *8 (S.D.N.Y. Mar. 30, 2020) ("Because there is no dispute that MLR's Section 18 claims rest on the same facts on which the Class Action rests . . . MLR's Section 18 claims are not time barred." (internal citation omitted)); *Broadway Gate Master Fund, Ltd.*, 2016 WL 9413421, at *10 (reasoning that *American Pipe* tolling applied because "the virtually identical alleged factual basis for the Section 10(b) claims in [class action] and the Section 18 claims in the instant action").

For all these reasons, *American Pipe* does not serve to toll the Individual Plaintiffs' Section 18 claims, and these claims should be dismissed as time barred.

## III.   SLUSA BARS THE INDIVIDUAL PLAINTIFFS' STATE LAW FRAUD CLAIMS

The Individual Plaintiffs' Opposition does not identify any decision from any court supporting their argument that the Court should ignore the plain language of SLUSA and instead rely on their interpretation of the statute's legislative history.  *See* Opp'n at 14-18; Mot. at 12-16.  Specifically, the Individual Plaintiffs argue that "Congress did not pass SLUSA to preclude individual actions—which by definition are not class actions," Opp'n

at 15, but entirely ignore the actual statutory language. SLUSA's definition of a "covered class action" includes groups of *individual* actions that, like here, meet SLUSA's requirements, *see* 15 U.S.C. § 78bb(f)(5)(B); Mot. at 14-15. Their policy argument is plainly contrary to well-established Fifth Circuit law. *See, e.g.*, *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) ("When faced with questions of statutory construction, 'we must first determine whether the statutory text is plain and unambiguous' and, '[i]f it is, we must apply the statute according to its terms.'" (quoting *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009))). And there is no reason for this Court to be the first to adopt it.

Once again, Judge Harmon already considered and rejected the Individual Plaintiffs' policy argument and the Fifth Circuit affirmed. *See In re Enron Corp.*, No. H-01-3624, 2006 WL 3716669, at *4-5 (S.D. Tex. Dec. 12, 2006) (plaintiffs citing SLUSA's "legislative history" and "express statutory purpose" to argue that SLUSA applied only to "securities class actions bringing state claims" and "not [to] individual securities actions" (internal quotations omitted)), *aff'd sub nom. In re Enron Corp. Sec.*, 535 F.3d 325 (5th Cir. 2008). The district court found the analysis in *In re WorldCom, Inc. Securities Litigation*, 308 F. Supp. 2d 236 (S.D.N.Y. 2004), persuasive and held that SLUSA preempted the plaintiffs' "individual actions" because they satisfied the statutory definition of a "covered class action." *In re Enron Corp.*, 2006 WL 3716669, at *6-7; *see id.* at *5 n.4 ("This Court notes that [the plaintiffs] fail[] to address the fact that the statute created a unique definition of 'covered class action' that does not comport with the traditional definition of 'individual' versus 'class' action."); *In re WorldCom, Inc. Sec. Litig.*, 308 F.

Supp. 2d at 244 (discussing SLUSA's background and legislative history and finding that SLUSA's bar on "covered class actions" applied to ten individual actions, each brought on behalf of "five to forty-eight" plaintiffs).   The Fifth Circuit "agree[d] with the well-reasoned analysis of the *WorldCom* Court" and affirmed the district court's finding of SLUSA preemption.  *In re Enron Corp. Sec.*, 535 F.3d at 340.[10]

Courts across the country uniformly hold the same.  *See, e.g.*, *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 672 (S.D.N.Y. 2007) (finding that the plaintiffs' individual actions "once aggregated per SLUSA's instructions, are a 'covered class action' for purpose of SLUSA and are properly subject to the Act's limitations on mass actions"); *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1346 (11th Cir. 2008) (individual action was a "covered class action" barred by SLUSA).   The Opposition has no answer for these cases so it ignores them.  This Court need not do the same and should dismiss the Individual Plaintiffs' state law fraud claims with prejudice just as many other courts have.

---

[10] The Opposition's citations to *Newby v. Enron Corp.*, 338 F.3d 467 (5th Cir. 2003), only undermine their argument.  Opp'n at 16-17.  In *Newby*, the Fifth Circuit rejected a similar policy argument that ignored the PSLRA's statutory text and attempted to limit the PSLRA's discovery stay provision only to state class actions, and not to include individual state actions.  338 F.3d at 470.  The Fifth Circuit held that the appellants' proposed reading limiting the PSLRA was "contrary to the plain language of the statute," *id.* at 473, and expressly stated that SLUSA, as well as the PSLRA, could indeed limit individual actions, *see id.* at 472 (stating that "[s]imply because the PSLRA and SLUSA were enacted to combat abuses in class action securities cases, does not mean that the remedy Congress chose to curb these abuses would not affect non-class action cases").   Whether the Individual Plaintiffs bring both state and federal claims and purport not to be "attempting to evade the requirements of the PSLRA," Opp'n at 17 n.7, is entirely irrelevant to whether the plain language of SLUSA applies to individual actions, *Newby*, 338 F.3d at 473 ("In this circuit, the plain language of the statute governs when clear on its face.").

## IV.   THE ORBIS "HOLDER" CLAIMS FAIL AS A MATTER OF LAW

The Orbis Plaintiffs argue incorrectly that their holder claims are cognizable because the Texas Supreme Court's decision in *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, supposedly affirmed the viability of such claims under Texas law.   *See* Opp'n at 18-19.   The Orbis Plaintiffs misstate *Grant Thornton* and are wrong as a matter of law.

In *Grant Thornton*, the Texas Supreme Court explicitly declined to decide whether holder claims (even ones alleging direct communications) are viable under Texas law:  "We need not decide today whether a holder claim involving more specific and direct communications is actionable under Texas law because this is not such a claim."  *Grant Thornton*, 314 S.W.3d at 930.   No Texas court has recognized such a cause of action and there is no reason for this Court to do so.

Indeed, Plaintiffs seemingly agree since they ask the Court essentially to defer the question and "revisit the issue" at summary judgment.  Opp'n at 19.  Doing so would result in wasteful discovery into these non-existent claims.  Indeed, since the cause of action does not exist under Texas law, the parties do not even know all of the elements the plaintiffs would be required to prove and what defenses defendants could assert.  At a minimum, holder claims would seem to require more expansive discovery than is required for Section 10(b).  For example, they would require evidence that the Orbis Plaintiffs had a specific pre-existing plan to sell a specific amount of their AMR shares by a specific date that they abandoned as result of a direct communication from Defendants.  Mot. at 17 n.9. A motion to dismiss is the appropriate stage at which to determine whether Plaintiffs have

adequately pled a plausible claim for relief and thereby established their entitlement to discovery on their holder claims. *Jackson v. City of Hearne*, 959 F.3d 194, 202 (5th Cir. 2020) ("To get to discovery, [plaintiff] must allege sufficient facts in his complaint to state a plausible claim for relief.").  Accordingly, Defendants request that the Court not delay a decision on this issue, and dismiss these holder claims as not cognizable under Texas law.

## CONCLUSION

For the reasons above and stated in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss Counts III-VII of the Alyeska Complaint and Counts III-VIII of the Orbis Complaint.  Because the timing, preemption, and lack of cognizable Texas holder claims cannot be fixed by re-pleading, Defendants ask that the claims be dismissed with prejudice. *Ramirez v. Varughese*, No. CV H-21-3922, 2022 WL 2223043, at *6 (S.D. Tex. June 21, 2022) (dismissal with prejudice is appropriate when "any attempt to amend to state a claim is futile"); *In re Enron*, 2006 WL 3716669, at *7.


Dated: March 14, 2023

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive San Diego, CA
92130 Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge

**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle,
Michael E. Ellis*

/s/ Karl S. Stern
Karl S. Stern
TX Bar No. 19175665
Federal Bar No. 04870
Attorney-in-Charge
**QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 221-7000
karlstern@quinnemanuel.com

Of Counsel:
Christopher D. Porter

**QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 221-7000
chrisporter@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
**QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

*Counsel for HPS Investment Partners,
Donald Dimitrievich*

/s/ David A. Baay
David A. Baay
Fed. ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US)
LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel.: (713) 470-6112
Fax: (713) 654-1301
davidbaay@eversheds-sutherland.com

Of Counsel:
Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US)
LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593

22

brucebettigole@eversheds-
sutherland.com
adampollet@eversheds-sutherland.com

*Counsel for ARM Energy Holdings, LLC*

/s/ Kenneth A. Young
Kenneth A. Young
Attorney-in-Charge
Texas Bar No. 24088699
S.D. Tex. No. 2506614
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS**
**INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Tel.: (713) 836-3600
Fax: (713) 836-3601
kenneth.young@kirkland.com

Of Counsel:
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS**
**INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Tel.: (713) 836-3600
Fax: (713) 836-3601
nick.brown@kirkland.com

*Counsel for Bayou City Energy*
*Management LLC, William W. McMullen*

23