| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP**<br>500 WEST 2ND STREET, SUITE 1900-16<br>AUSTIN, TEXAS 78701 | **LATHAM & WATKINS LLP**<br>555 ELEVENTH ST, NW, SUITE 1000<br>WASHINGTON, D.C. 20004 |
| **ROBBINS GELLER RUDMAN<br>& DOWD LLP**<br>655 WEST BROADWAY, SUITE 1900<br>SAN DIEGO, CALIFORNIA 92101 | **WINSTON & STRAWN LLP**<br>800 CAPITOL STREET, SUITE 2400<br>HOUSTON, TEXAS 77002 |

April 24, 2023

**VIA ECF**
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Ruck Street, Room 6206
Houston, Texas 77002

      Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

      Certain of the Parties jointly submit this letter to seek an agreed extension of future case deadlines and for assistance with certain limited disputes regarding the extended schedule.

      The Parties have jointly agreed to seek an extension to amend all future case deadlines by approximately two months to accommodate counsel and witness conflicts with respect to ongoing fact discovery. The only open issues in the proposed schedule are (a) the number and timing of requests for admission ("RFAs") and (b) the timing and briefing schedule(s) for summary judgment motions.

**I. Class Plaintiffs' Position**

      The filing of piecemeal summary judgement motions by as many as 19 separate defendants potentially dramatically increases the number of motions and creates the possibility that at least some are made on an incomplete record. Such an approach is vexatious, inefficient and unduly burdensome on the resources of the Court and the parties. Among many other complications, it precludes presentation to the Court by Plaintiffs of an omnibus response in one document as to all facts and issues common to multiple defendants. It also encourages piecemeal consideration of inter-related evidence and risks the possibility of inadvertently inconsistent judgements. Certainly, if a party wants to file a motion early they can do so, but all oppositions and replies should be filed on the same dates. Nothing about this preferred approach would lessen the obligation of Plaintiffs to respond to each of the individual arguments and presentations of evidence by each of the respective Defendants in this action.

      A copy of Plaintiffs' Proposed Third Amended Schedule is attached hereto as Exhibit A.

**II. Position of Defendants Alta Mesa Resources, Riverstone Holdings, Mr. Chappelle, Mr. Coats, Mr. Ellis, Mr. Gutermuth, Mr. Hackett, Mr. Lapeyre, Mr. Leuschen, Mr. Sinclair, Mr. Smith, Mr. Tepper, and Ms. Walters**

As they have done to date in discovery and motion practice, the 19 Defendants (14 individuals and 5 entities) will make every reasonable effort to work together, avoid duplication, and coordinate on common arguments and issues with respect to requests for admission and summary judgment. But the Defendants are differently situated and entitled under the Federal and Local Rules to pursue the unique and individualized issues involved in their respective defenses and simply wish to preserve that right. For example, the Defendants differ in terms of the specific statements for which they are purportedly responsible, whether their liability is direct or secondary as a control person, and the specific evidence of scienter as to each statement and Defendant. Defendants' position on the number of requests for admission and their proposed schedule accounts for these differences and is necessary for each Defendant to defend the serious fraud-based charges Plaintiffs allege. Having named differently situated defendants—including pre-business combination owners, transaction sponsors, and pre- and post-business combination directors and officers—Plaintiffs should not be heard to protest the non-monolithic dynamic of their own making.

*Requests for Admission*. Defendants oppose Plaintiffs' arbitrary and limiting cap of 100 RFAs collectively for each side (*i.e.*, for all Defendants in total). This suit alleges violations of multiple sections of the federal securities laws against 19 separate Defendants challenging dozens of public statements. Plaintiffs Alyeska and Orbis also have filed their own claims with additional allegations that will require additional discovery. While Defendants intend to coordinate to serve RFAs common to all Defendants—as they have done for other written discovery—they also expect to serve RFAs individualized to their own liability. For all 19 Defendants, the RFAs served on the Class Plaintiffs, Alyeska, and Orbis may tip over 100 *in total collectively*. To be sure, Defendants do not intend to serve 100 RFAs *per party* and will coordinate on common RFAs, but some amount of individualized RFAs served by each party is necessary to understand the individualized facts and issues in this litigation. Rule 33's limit of 25 interrogatories *per party* is instructive and supports that each party must be afforded sufficient opportunity to discover information specific to their own liability. Rather than artificially capping RFAs, the parties can bring any disputes to the Court once RFAs are served should any party believe that the RFAs are unreasonable so that the Court can evaluate the reasonableness of RFAs actually served based on the proportionality factors contained in Rule 26(b).

Defendants also concur in the July 6 deadline for all RFAs except those related to experts, but propose that the deadline for responding to expert-related RFAs come after expert reports have been exchanged and the Parties are able to assess the extent to which RFAs concerning experts are needed. In particular, Defendants expect that they will seek to obtain admissions regarding Plaintiffs' damages theories after those theories are disclosed in expert discovery. Indeed, Plaintiffs have already objected to written discovery on the basis that such information is the subject of expert discovery.

*Timing for Plaintiffs' Opposition in Response to Dispositive Motions*. Plaintiffs acknowledge that Defendants have the right to file summary judgment motions when they choose. The only dispute is the timing for Plaintiffs to respond. Defendants' schedule proposes that if any

Defendants file a summary judgment motion prior to the final deadline, the Federal and Local Rules apply (unless the parties agree on a separate briefing schedule and Defendants have already agreed to consider reasonable proposals). Plaintiffs' proposed schedule, on the other hand, contains a static deadline for a single "omnibus response" after the *close of expert discovery*—regardless of when any dispositive motion(s) are filed. In other words, Plaintiffs' proposed schedule would force all Defendants to remain in this case for several extra months even if, as Defendants expect, some or all Defendants file for summary judgment at or around the *close of fact discovery*. Defendants who may otherwise be dismissed from this Action after the close of fact discovery will be forced to spend *millions of dollars* participating in months of unnecessary expert discovery. That defeats the purpose of allowing for summary judgment when the evidence so dictates.

Defendants will coordinate as much as possible and do not expect to file 19 individual briefs (*i.e.*, one for each Defendant). Moreover, none of the Defendants has any incentive to file a premature motion on "an incomplete record." But after the extensive discovery to date, Defendants expect that at least some Defendants will seek summary judgment around the end of fact discovery as the evidence has fallen far short of proving Plaintiffs' claims. Plaintiffs' request for a single "omnibus response" to group all Defendants together after the close of expert discovery should be rejected. The Defendants have a fundamental right to an individual determination of the evidence against them when a summary judgment motion is ripe and that timing may not be the same for all Defendants.

A copy of Defendants' Proposed Third Amended Schedule is attached hereto as Exhibit B.[1]

Respectfully submitted,

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
Texas Bar No. 24038131
Attorney-in-Charge
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
(512) 710-5960
aentwistle@entwistle-law.com

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)

*/s/ Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

---

[1] Exhibit C contains a redline showing Defendants' changes to Plaintiffs' Proposed Third Amended Schedule.

**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
(212) 894-7200
jporter@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

*Court-Appointed Class Counsel*


*/s/ Trig Smith*
Trig Smith (*pro hac vice*)
Lonnie Browne (*pro hac vice*)
Sean McGuire (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
TrigS@rgrdlaw.com
LBrown@rgrdlaw.com
SMcGuire@rgrdlaw.com

*Court-Appointed Class Counsel*

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Morgan R. Hoffman (*pro hac vice*)
D.C. Bar No. 1739625
Emani V. Walks (*pro hac vice*)
D.C. Bar No. 1719531
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Morgan.Hoffman@lw.com
Emani.Walks@lw.com

Herman H. Yue
TX Bar No. 24099071
S.D. Tex. Bar No. NY4602645
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Herman.Yue@lw.com

*Counsel for Alta Mesa Resources, Inc.,
Riverstone Holdings LLC,
Harlan H. Chappelle, Stephen S. Coats,
Michael E. Ellis, William D. Gutermuth,
James T. Hackett, Pierre F. Lapeyre, Jr.,
David M. Leuschen, Donald R. Sinclair,
Ronald J. Smith, Jeffrey H. Tepper, Thomas
J. Walker, and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

Of Counsel:
John E. Schreiber (*pro hac vice pending*)
CA Bar No. 261558
Aaron C. O'Dell (*pro hac vice pending*)
CA Bar No. 281851
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com
acodell@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*