| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** 711 LOUISIANA STREET, SUITE 500 HOUSTON, TEXAS 77002 | **KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP** 609 MAIN STREET HOUSTON, TEXAS 77002 | **EVERSHEDS SUTHERLAND (US) LLP** 1001 FANNIN STREET, SUITE 3700 HOUSTON, TEXAS 77002 |
|---|---|---|

April 25, 2023

**VIA ECF**
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Ruck Street, Room 6206
Houston, Texas 77002

      Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

      Defendants HPS Investment Partners ("HPS"), Don Dimitrievich, Bayou City Energy ("Bayou"), William McMullen, and ARM Energy Holdings ("ARM") write separately to underscore: (1) that Defendants are not all similarly situated and (2) the prejudice these Defendants will suffer if Plaintiffs are allowed to deviate from the Federal and Local Rules to file one omnibus response instead of addressing our dispositive motions individually, when they are ripe.[1]

      Plaintiffs allege serious claims of fraud and/or "control person liability" against these Defendants. Yet, Plaintiffs admit that HPS, Bayou, and ARM had ***zero*** interest in Silver Run (the pre-acquisition entity), and only ***minority*** interests in Alta Mesa Resources (the post-acquisition entity). Mr. Dimitrievich and Mr. McMullen were each just ***one of eleven*** Alta Mesa Resources board members—whose alleged conduct begins and ends with their signing of a single 10-K. Because their allegations are insufficient under clear Fifth Circuit precedent, Plaintiffs do not want to address the allegations against these Defendants on an individual basis.

      Plaintiffs instead want to rewrite the rules for summary judgment to obscure the fact that— after production of over four million documents and dozens of depositions that Plaintiffs requested—they have been unable to adduce the evidence necessary to keep each of these Defendants in this lawsuit, much less to warrant that they proceed to trial. Plaintiffs' plea for an "omnibus response" to summary judgment is nothing more than another attempt to improperly group the Defendants, confuse evidentiary issues, and evade dispositive briefing as to each Defendant. *See, e.g.*, ECF No. 264 (motion to dismiss Section 10(b) claims because, among other things, improper group pleading). And Plaintiffs' proposed "omnibus response" many months after the close of fact discovery would keep all Defendants in this action until after the close of

---

[1]  In addition to numerous email exchanges, Andrew Sher and Courtney Whang telephonically conferred on these issues on April 24, 2023 but were not able to resolve these issues.

expert discovery.  Thus, Defendants who should be dismissed from this Action would be forced to spend ***millions of dollars*** participating in unnecessary expert discovery.

Plaintiffs' self-serving notion that "piecemeal" summary judgment briefing is novel or drastic is, in fact, the outlier assertion.  By contrast, Defendants' position requires nothing more than adherence to existing Federal and Local Rules, which unambiguously provide each Defendant the right to file, and have heard, a motion for summary judgment when the evidence, or lack of evidence, dictates.

Finally, Plaintiffs cannot employ shotgun pleading that subjects 19 Defendants to years of resource and time-intensive litigation, and then claim it is too much work to respond to the dispositive motions of Defendants whose liability they cannot prove.  Plaintiffs must defend the claims that they chose to bring against each individual Defendant by responding in accordance with the timeline set forth in the Federal and Local Rules. Plaintiffs' proposal is highly prejudicial and should be rejected.

Respectfully submitted,

/s/ Karl S. Stern
Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone:  (713) 221-7000
Facsimile:  (713) 221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com


**-AND-**


Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com
*Counsel to HPS Investment Partners, LLC and Don Dimitrievich*

/s/ Kenneth Alan Young
Kenneth Alan Young
Attorney-in-Charge
Nick Brown
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Texas Bar No. 24088699
609 Main Street
Houston, TX 77002
Telephone:  (713) 836-3600

**-AND-**

Stefan Atkinson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4800

*Counsel for Bayou City Energy Management LLC and William McMullen*

*/s/* David A. Baay_____
David A. Baay
Fed ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, TX 77002
Telephone: (713) 470-6112

-**AND**-

Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100

*Counsel for ARM Energy Holdings, LLC*