| | | |
|---|---|---|
| **ENTWISTLE & CAPPUCCI LLP**<br>500 WEST 2ND STREET, AUSTIN, TEXAS 78701 | **JULES P. SLIM**<br>PO Box 140307<br>IRVING, TX 75014-0307 | **LATHAM & WATKINS LLP**<br>555 ELEVENTH ST, NW<br>WASHINGTON, D.C. 20004 |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 WEST BROADWAY<br>SAN DIEGO, CALIFORNIA 92101 | **ROLNICK KRAMER SADIGHI LLP**<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020 | **WINSTON & STRAWN LLP**<br>800 CAPITOL STREET<br>HOUSTON, TEXAS 77002 |

May 5, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

 Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957 (consolidated)

Dear Judge Hanks:

 Counsel for Lead Plaintiffs, Counsel for the Individual Action Plaintiffs, along with counsel for defendant Harlan H. Chappelle jointly submit this letter regarding a discovery dispute concerning the duration of Mr. Chappelle's deposition in this matter. Counsel for Lead Plaintiffs questioned Defendant Chappelle for seven hours of record time on April 19, 2023. Lead Counsel and Counsel for the Individual Action Plaintiffs collectively submit that up to an additional full day of testimony from Mr. Chappelle is necessary to complete the examination and reasonably prepare for trial. Mr. Chappelle disagrees that the Lead Plaintiffs and the Individual Action Plaintiffs have established a basis to question him for more than seven hours under Federal Rule of Civil Procedure 30(d)(1). Mr. Chappelle offered to provide a maximum of 90 minutes of additional deposition time, as a compromise between the Plaintiffs' original demand of 10 hours and the seven hours provided by the Rules, but the Plaintiffs rejected that proposal.[1]

---

[1] The parties met and conferred regarding this issue several times. In addition to the Parties' many email communications, on April 25, Brendan J. Brodeur participated in a call on behalf of Lead Plaintiffs, Matthew Peller and Joseph R. Sparacio participated on behalf of the Individual Action Plaintiffs, and Katherine Preston and Matthew Peters participated on behalf of Mr. Chappelle. Further, on May 1, 2023, Ms. Preston and Mr. Peller spoke regarding Individual Action Plaintiffs' position, and on May 4, 2023, Mr. Preston and Andrew Sher spoke regarding Lead Plaintiffs' position.

**I. Lead Plaintiffs' Position**

As Your Honor will recall, Defendant Chappelle was Alta Mesa's CEO from 2004 until late 2018 (which includes most of the August 2017 through May 2019 class period) and was a maker of the vast majority of the public misstatements at the heart of this securities class action.[2] Because of Defendant Chappelle's central role, Lead Counsel previously alerted counsel we would likely need more than seven hours with the witness but agreed to initially take one day and then see how much additional time was required.

During the first day of the deposition, Lead Counsel worked quickly to question Defendant Chappelle regarding misstatements made in the second half of 2017 and through the January 2018 Definitive Proxy Statement, including the preparation of those statements, the factual basis therefore, his and others' contemporaneous knowledge of, and access to, facts and data contradicting the statements, and the extent to which he and other persons controlled and/or benefited from those statements. The examination on these topics took a full day because of the numerous alleged false and misleading statements at issue attributable to Defendant Chappelle and the complex oil and gas assumptions underlying the core statements.

Lead Counsel now requires additional time to question Defendant Chappelle regarding the post-business combination misstatements he made in March and May of 2018, as well as the partial corrective disclosures in August and November of 2018, which he presented to the public prior to his resignation in December 2018. In addition, several witnesses and numerous contemporaneous documents[3] have indicated that it was Defendant Chappelle's idea to inflate Alta Mesa's short term production results in 2018 by aggressively overusing electronic submersible pumps (ESPs).[4] For those reasons Lead Counsel respectfully requests additional time pursuant to FRCP Rule 30(d)(1) (and consistent with Rule 26(b)(1) and (2)) to fully and fairly complete the examination of Defendant Chappelle.

**II. Individual Action Plaintiffs' Position**

At Defendants' request, the Alyeska and Orbis Plaintiffs agreed to participate in the depositions being conducted by Lead Counsel to minimize the possibility that Defendants' employees or former employees would need to be deposed multiple times. As it stands now, the Alyeska and Orbis Plaintiffs have been denied the opportunity to question Defendant Chappelle.

---

[2] The fact that "the examination will cover events occurring over a long period of time" weighs in favor of permitting additional deposition time. *See, e.g.*, *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012)

[3] Notably, Defendant Chappelle is the sender or recipient of more than 26,000 email communications produced during discovery. *See Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, No. 3:15-CV-2117-L, 2016 WL 2609995, at *4 (N.D. Tex. May 6, 2016) (permitting third deposition day in part due to the "volume of relevant documents that Defendant reasonably may, in light of the core allegations in this case, cover" during the deposition).

[4] These additional topics are not duplicative and the information in this action must be obtained from former employees, such as Defendant Chappelle, because Alta Mesa Resources has objected to testifying on many of the noticed Rule 30(b)(6) topics on the grounds that it "is a bankrupt entity and has no employees, officers or directors with personal knowledge of events relevant in the above-captioned action[.]"

The Alyeska and Orbis Plaintiffs respectfully request that they be permitted two hours to question Defendant Chappelle (assuming that Lead Counsel is granted additional questioning time). If Lead Counsel is granted an additional full day to question Defendant Chappelle, the Alyeska and Orbis Plaintiffs will agree with Lead Counsel that the total additional examination time of Defendant Chappelle does not exceed seven hours, including questioning by both Lead Counsel and Counsel for the Alyeska and Orbis Plaintiffs. Of course, if granted time to question Defendant Chappelle, the Alyeska and Orbis Plaintiffs will not be duplicative of Lead Counsel and will strive to conduct an efficient examination. If Lead Counsel is not granted additional questioning time, the Alyeska and Orbis Plaintiffs respectfully request that they be permitted to question Defendant Chappelle for five hours.

In deciding whether to allow additional deposition time, courts routinely consider "the need for each party to examine the witness in multi-party cases." *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012). The Alyeska and Orbis Plaintiffs' examination of Defendant Chappelle will address documents and events unique to those plaintiffs' claims and not be duplicative of Lead Counsel's examination. In particular, Defendant Chappelle made statements *directly* to the Alyeska and Orbis Plaintiffs at face-to-face meetings and by phone. For example, the Orbis Plaintiffs spoke with Defendant Chappelle (either in person or via phone) at least five separate times, during which Defendant Chappelle allegedly made false and misleading statements directly to Orbis. (*See* Orbis Compl. ¶¶ 276-303.) The Orbis Plaintiffs have brought Section 10(b) claims and other federal and state claims based on these statements—*which are not at issue in the Class Action*. Similarly, Defendant Chappelle met directly with the Alyeska Plaintiffs on multiple occasions. (*See, e.g.*, RIVERSTONE_SDTX00010612; AMR_022442; AMR_SDTX00943038.)

### III. Defendant Chappelle's Position[5]

The Lead Plaintiffs and Individual Action Plaintiffs have not shown good cause to continue Mr. Chappelle's deposition past seven hours—let alone ***an additional seven hours*** for a total of ***14 hours***. When considering whether to grant additional time, "the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule." *Somerset Studios, LLC v. Sch. Specialty, Inc.*, 2011 WL 4344596, at *5 (N.D. Cal. Sept. 14, 2011) (quoting *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007)); *see also* Fed. R. Civ. P. 30(d), Committee Notes (2000 Amendment) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."). The Lead Plaintiffs and Individual Action Plaintiffs cannot overcome that presumption here—especially since they originally demanded only ten total hours total and have only recently increased their demand to fourteen.

Fundamentally, the Lead Plaintiffs cannot show that they lacked an opportunity to question Mr. Chappelle about the relevant subject-matter during the full seven hours of testimony that he already provided. As the Lead Plaintiffs concede, they spent virtually all that time questioning Mr. Chappelle about the mid-2017 to January 2018 period. This decision was surprising because

---

[5] For clarity, Mr. Chappelle offered to provide the Lead Plaintiffs and Individual Action Plaintiffs with a continued deposition of up to 90 minutes, but the Plaintiffs rejected that proposal.

3

Mr. Chappelle did not even become an officer or director of Alta Mesa Resources, Inc.—the formerly publicly traded entity at issue in this litigation—until February 9, 2018. Thus, the Lead Plaintiffs apparently chose to use the entire seven hours guaranteed by the Rules to question Mr. Chappelle about a period of time for which the Lead Plaintiffs should not even be able to bring claims against him at all.

Having chosen to proceed that way, the Lead Plaintiffs cannot now complain that they lacked the opportunity to question Mr. Chappelle about other time periods or subjects. "[T]he fact that time ran out does not mean the opportunity was not there." *C.H. by Hilligloss v. Sch. Bd. of Okaloosa Cnty., Fla.*, 2021 WL 8918070, at *4 (N.D. Fla. July 19, 2021). Rather, the Lead Plaintiffs "simply did not efficiently allocate their time." *Id.*; *see also, e.g.*, *Williams v. Fire Sprinkler Assocs. Inc.*, 2017 WL 1156012, at *4 (E.D.N.Y. Mar. 27, 2017) ("Plaintiffs have not met their burden to establish that 'good cause' exists here, especially due to the lack of explanation for their failure to more efficiently allocate their topical inquiries[.]"); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2008 WL 2224288, at *7 (S.D.N.Y. May 29, 2008) ("Counsel elicited an unnecessary amount of detail and could have conducted his examination far more efficiently.").

Even a brief review of Mr. Chappelle's deposition transcript confirms this lack of efficiency. As already explained, the Lead Plaintiffs spent the full seven hours covering just a few months of the relevant time period.[6] The relevant time period for the Lead Plaintiffs' claims against Mr. Chappelle is the period when he was an officer and director of Alta Mesa Resources—from February to December 2018. Yet the Lead Plaintiffs wasted at least six hours of Mr. Chappelle's deposition before even beginning to ask questions about that time period. Indeed, instead of trying to make the best and most efficient use of the time they had, the Lead Plaintiffs apparently proceeded under the assumption that they would receive more time (or would need to support a request for more time from the Court). It should be the Lead Plaintiffs, not Mr. Chappelle, who bear the consequences of that decision.

Beyond that, the Lead Plaintiffs repeatedly wasted time on details that were either unnecessary or available from other witnesses or forms of discovery. As just a few examples, the Lead Plaintiffs spent significant amounts of time: (i) walking Mr. Chappelle through long email exchanges he did not remember (*e.g.*, Tr. 43:15-48:11, 91:16-94:8, 109:15-120:7); (ii) asking him to compare details of documents he did not remember (*e.g.*, Tr. 96:23-102:19, 152:16-156:19); (iii) asking him about emails that other witnesses had written (*e.g.*, Tr. 38:6-40:12, 130:23-133:17); and (iv) asking about topics, like financial modeling, that plainly fall within the domains of other fact witnesses (*e.g.*, Tr. 54:24-58:7, 62:2-21, 197:16-200:1). The Lead Plaintiffs offer no explanation for their decision to waste time on details like these instead of questioning Mr. Chappelle about several months' worth of arguably more relevant events (*i.e.*, between February and December 2018). Given the specific manner in which the Lead Plaintiffs chose to conduct Mr. Chappelle's deposition, the Court should reject their vague and unsupported arguments that

---

[6] For this very reason, the Court should reject the Lead Plaintiffs' suggestion that more than seven hours are warranted because "the examination will cover events occurring over a long period of time." *See supra* note 2 (citation omitted). As the Lead Plaintiffs concede, they used their first seven hours to cover just a few months, and the remaining events they wish to cover occurred during less than a one-year period.

4

additional time is warranted because Mr. Chappelle is significant to the litigation or because many of his emails were produced.[7]

Plaintiffs' additional argument about Alta Mesa's inability to provide substantive testimony in a Rule 30(b)(6) deposition is a red herring. To start, Mr. Chappelle can testify only as to his personal knowledge and not on behalf of Alta Mesa. And Plaintiffs do not identify a single topic or subject on which they plan to question Mr. Chappelle in the absence of 30(b)(6) testimony from Alta Mesa. Moreover, Plaintiffs already have the benefit of the fully developed factual record in the bankruptcy action, *In re Alta Mesa Resources, Inc., et. al.*, Case No. 19-35133 (S.D. Tex. Bankr.). This includes thousands of pages of testimony, including that of senior Alta Mesa executives, as well as ***over three days of testimony from Mr. Chappelle***, an independent investigation report from Robbins Russell, the findings of the bankruptcy court, and various depositions of other Alta Mesa employees and advisors. Moreover, the Defendants have already agreed to allow the Lead Plaintiffs to depose ***37 other fact witnesses***, including many other former Alta Mesa employees.[8] Under these circumstances, the Lead Plaintiffs and Individual Action Plaintiffs have not shown (and cannot show) good cause to exceed the seven-hour deposition limit with Mr. Chappelle.

Indeed, Plaintiffs' changing positions on how much time they need to fairly examine Mr. Chappelle underscores just how unreasonable and harassing their request is. Before Mr. Chappelle's deposition, the Lead Plaintiffs stated that "Lead Plaintiffs and the two groups of Individual Action Plaintiffs collectively require a total of ten hours to fairly examine" Mr. Chappelle. Likewise, toward the end of Mr. Chappelle's deposition on April 19, 2023, the Lead Plaintiffs stated that they needed two more hours with Mr. Chappelle to finish their questions. Now, the Lead Plaintiffs and Individual Action Plaintiffs have more than ***doubled*** their original request for additional time by seeking an entire second day of testimony. In an effort to find a reasonable compromise, Mr. Chappelle offered 90 minutes, or a total of 8.5 hours—halfway between the seven hours guaranteed by the Rules and the ten hours the Plaintiffs originally sought. But the Plaintiffs rejected that position.

The Lead Plaintiffs' inefficiencies and waste of time in the seven hours they had with Mr. Chappelle simply is not good cause to continue Mr. Chappelle's deposition for another seven hours. Because good cause has not been shown, the Court should reject the Plaintiffs' request.

---

[7] On a similar note, the Court should reject the Lead Plaintiffs' suggestion that they need an opportunity to ask Mr. Chappelle about ESPs because they already covered that topic with him (*e.g.*, Tr. 183:14-186:25, 233:14-238:16).

[8] The Lead Plaintiffs also do not and cannot argue that additional time is warranted because Mr. Chappelle or his counsel contributed to any delays—one of the primary reasons why courts typically allow additional time. *Compare, e.g.*, *Miller v. Waseca Med. Ctr.*, 205 F.R.D. 537, 541–42 (D. Minn. 2002) (citing obstructive behavior as grounds to permit additional time), *with Margel*, 2008 WL 2224288, at *7 (noting lack of delay by defending counsel).

Respectfully submitted,

/s/ Andrew J. Entwistle
Andrew J. Entwistle
Texas Bar No. 24038131
Attorney-in-Charge
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
(512) 710-5960
aentwistle@entwistle-law.com

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
(212) 894-7200
jporter@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

*Court-Appointed Class Counsel*


/s/ Trig Smith
Trig Smith (*pro hac vice*)
Lonnie Browne (*pro hac vice*)
Sean McGuire (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
TrigS@rgrdlaw.com
LBrown@rgrdlaw.com
SMcGuire@rgrdlaw.com

*Court-Appointed Class Counsel*

/s/ Jules P. Slim
Jules P. Slim
State Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307

/s/ Christian Word
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com


Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Morgan R. Hoffman (*pro hac vice*)
D.C. Bar No. 1739625
Emani V. Walks (*pro hac vice*)
D.C. Bar No. 1719531
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Morgan.Hoffman@lw.com
Emani.Walks@lw.com

Herman H. Yue
TX Bar No. 24099071
S.D. Tex. Bar No. NY4602645

6

Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

Matthew A. Peller (*pro hac vice*)
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 597-2800
mpeller@rksllp.com

*Counsel for Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., Alyeska Master Fund 3, L.P., Orbis Global Equity Le Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis Oeic, and Orbis Institutional U.S. Equity L.P*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Herman.Yue@lw.com

-and-

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

Of Counsel:
John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
Aaron C. O'Dell (*pro hac vice*)
CA Bar No. 281851
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com
acodell@winston.com

*Counsel for Harlan H. Chappelle*