| **LATHAM & WATKINS LLP** | **WINSTON & STRAWN LLP** |
|---|---|
| 555 ELEVENTH ST, NW | 800 CAPITOL STREET |
| WASHINGTON, D.C. 20004 | HOUSTON, TEXAS 77002 |

May 10, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957 (consolidated)

Dear Judge Hanks:

      Counsel for Defendant Harlan H. Chappelle submits this supplement to the joint letter filed on May 5, 2023 at ECF No. 326 concerning the length of Mr. Chappelle's deposition. Consistent with the Court's instructions during the hearing on Monday, May 8, counsel delivered the transcript and video of Mr. Chappelle's deposition to Your Honor's chambers on Tuesday, May 9. The purpose of this supplement is to address arguments raised for the first time during the May 8 hearing, which Mr. Chappelle naturally did not have the opportunity to address in his prior submission.

      As Your Honor heard on Monday, Mr. Chappelle's counsel is disappointed that the Lead Plaintiffs chose to wait until the parties were in open court make brand-new arguments about alleged inefficiencies during Mr. Chappelle's deposition. At the hearing, Lead Plaintiffs claimed that Mr. Chappelle's counsel caused delay by repeatedly instructing Mr. Chappelle to review the documents that Lead Plaintiffs used during questioning. During meet-and-confer calls, Mr. Chappelle's counsel openly invited the Plaintiffs to explain their basis for requesting more time with him. The Plaintiffs ***never once*** mentioned that the amount of time Mr. Chappelle spent reading documents at counsel's instruction was a basis for their request. Yet, before the Court, the Lead Plaintiffs urged Your Honor to give them more time because Mr. Chappelle supposedly wasted significant time reviewing documents on the record.

      The Lead Plaintiffs' claims are false. During the deposition, counsel gave Mr. Chappelle ***only six instructions*** over seven hours to review ***only four exhibits***.[1] None of these exhibits were especially long, and some involved multiple, interrelated emails forming a single thread, which are especially important to review together before answering questions about a particular email or sentence. Indeed, now that the video files are available, the data indicates that throughout his entire seven-hour deposition, Mr. Chappelle spent a total of ***just six minutes*** reading exhibits at his counsel's instruction. *See* Ex. A. That is a far cry from the picture the Lead Plaintiffs tried to paint for the Court.

      The transcript also shows that the Lead Plaintiffs, not Mr. Chappelle, created inefficiencies of their own. In addition to the issues that Mr. Chappelle already mentioned in the joint letter (*see*

---

[1] *See* Tr. at 10:3–4, 11:18–19, 12:1–20, 122:1–5, 147:13–14, 183:20.

ECF No. 326 at 4–5), the transcript shows that the Lead Plaintiffs' counsel struck and rephrased his own questions *26 times* during the deposition.[2] The Lead Plaintiffs' counsel also read documents into the record at least *21 times* over the course of Mr. Chappelle's deposition—a process that took up almost exactly the same amount of time as the issues they now complain about. *See* Ex. B.[3] With this context, it is staggering for Plaintiffs to seek seven more hours of testimony because Mr. Chappelle spent a few minutes reading five-year-old documents that he was being asked to testify about under oath.

The bottom line, and what the transcript shows, is that the Lead Plaintiffs did not make a genuine effort to cover the most important and relevant topics and documents as efficiently as possible. Instead, the Lead Plaintiffs proceeded at Mr. Chappelle's deposition as if they were not subject to the clear durational limit and good cause standard in Rule 30: they started at the beginning of the relevant time period, questioned Mr. Chappelle chronologically in an unnecessary level of detail (and about many documents he was not on or had no personal knowledge of), and then complained at the end that they had not reached several months' worth of relevant events. Whether this is an example of intentional sandbagging because Mr. Chappelle would not agree in advance to Plaintiffs' request for 10 hours or just poor planning, the Court should not reward it. Mr. Chappelle respectfully requests that the Court deny the Plaintiffs' request for additional deposition time.[4]

---

[2] *See* Tr. at 26:1–2, 28:13–14, 30:4–5, 35:11–14, 47:13–15, 49:19–23, 50:18–19, 52:7–8, 53:19–20, 60:4–5, 61:4–8, 70:11–12, 76:1, 107:20–21, 144:6–9, 157:25–158:1, 172:8–9, 177:14–15, 177:16–18, 180:14–15, 181:10–12, 190:8, 207:25–208:1, 211:9–10, 221:7–8, 234:2–3.

[3] *See also* Tr. at 19:12–18, 38:24–39:1, 39:17–23; 41:17–19, 46:11–14, 53:15–17, 57:15–16, 72:24–73:3, 85:6–9, 85:11–13, 90:22–23, 92:14–16, 110:3–6, 112:13–14, 141:16–20, 142:25–143:3, 177:6–12, 178:17–22, 202:14–16, 205:6–8, 218:1–5

[4] Even if the Court is inclined to provide Plaintiffs some additional time, Plaintiffs have not come close to establishing good cause for an effective "blank check" of seven additional hours. Lead Plaintiffs could not articulate at the hearing a basis for such an extreme amount of additional time—far beyond their time estimates prior to *and at the end of* Mr. Chapelle's deposition—other than suggesting over-estimating the time needed would avoid having to bring a future, hypothetical dispute to the Court's attention.

Respectfully submitted,

*/s/ Walter M. Berger*
Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

Of Counsel:
John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
Aaron C. O'Dell (*pro hac vice*)
CA Bar No. 281851
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com
acodell@winston.com

-and-

*/s/ Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Morgan R. Hoffman (*pro hac vice*)
D.C. Bar No. 1739625
Emani V. Walks (*pro hac vice*)
D.C. Bar No. 1719531
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Morgan.Hoffman@lw.com
Emani.Walks@lw.com
Herman H. Yue
TX Bar No. 24099071
S.D. Tex. Bar No. NY4602645
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Herman.Yue@lw.com

*Counsel for Harlan H. Chappelle*