| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 500 WEST 2ND STREET, SUITE 1900 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

May 10, 2023

VIA ECF
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

Re:   *In re Alta Mesa Resources, Inc. Securities Litigation,*
      C.A. No. 19-cv-00957 (S.D. Tex.)

Dear Judge Hanks:

We write to briefly respond to Counsel for Defendant Harlan Chappelle's supplemental letter dated May 10, 2023 (ECF No. 329).

Defendant Chappelle's supplemental letter entirely misses the point. Defendant Chappelle cannot avoid that he is one of, if not the, central witness in this complex consolidated securities class action.

The Federal Rules mandate that the Court provide additional deposition time when it is necessary to fairly examine the deponent.[1] Several of the factors that the Advisory Committee notes specify should be considered in deciding whether to extend the time for a deposition (for example, (i) that "the examination will cover events occurring over a long period of time" or (ii) "in multi-party cases, the need for each party to examine the witness"), are not only present here but also make clear that extending the time for a deposition is appropriate when there is a vast amount of information and documents to cover. Here, Defendant Chappelle's involvement includes:

- From 2004 to late 2018, Defendant Chappelle was the Chief Executive Officer of the subject oil and gas company (known during the class period as Alta Mesa Holdings and then Alta Mesa Resources);

- Defendant Chappelle was a speaker of the alleged false and misleading statements on nine separate dates (specifically, August 16/17, 2017; February 21, 2018; March 29, 2018; April 9, 2018; May 14, 2018; May 21, 2018; August 14/15, 2018; September 6, 2018; and November 13/14, 2018);

---

[1] Specifically, FRCP Rule 30(d)(1) provides that "the court **must** allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." (emphasis added).

May 10, 2023
Page 2 of 2

- Defendant Chappelle was the sender of more than 8,000 emails and the recipient of more than 18,000 emails produced in discovery; and

- Multiple witnesses deposed to date have pointed to Defendant Chappelle as the driver of many of the key allegations, such as the erroneous well spacing assumptions and Alta Mesa's aggressive and uneconomic use of electronic submersible pumps (ESPs) to temporarily inflate oil production.

Unsurprisingly, Class Plaintiffs allege claims against Defendant Chappelle pursuant to both Section 10(b) and 20(a) of the Securities Exchange Act of 1934.

Class Plaintiffs raised counsel's repeated instructions to review documents in their entirety as a counterpoint to Defendant Chappelle's argument that Class Plaintiffs were "inefficient" with their questioning.  As Defendant Chappelle's letter concedes, Class Plaintiffs' purported inefficient questioning took just several minutes out of the 7-hour deposition time.

As Your Honor will see from the transcript, Class Plaintiffs moved quickly and efficiently during Defendant Chappelle's deposition, including, among other things, skipping many of the background questions that usually take up the first session of an exam.  Indeed, Class Plaintiffs have worked to efficiently complete all of the depositions in this matter.  With the exception of one witness who was deposed simultaneously in both his capacity as an individual witness and as HPS's Rule 30(b)(6) designee, to date Class Plaintiffs have completed every other deposition in this case without seeking leave for additional time over the seven-hour presumptive limit set forth in the Federal Rules.

While Class Plaintiffs, together with the Orbis/Alyeska Plaintiffs, collectively seek up to an additional seven hours with Mr. Chappelle, Class Plaintiffs will as always use our best efforts to work as efficiently as possible to complete the deposition quickly.  However, an artificial limit of only 90 additional minutes as proposed by Defendant Chappelle is not feasible given the vast amount of information Class Plaintiffs are required to cover with such an important witness (not to mention the Orbis/Alyeska Plaintiffs who would share in the seven additional hours and we understand have their own important questions to ask Defendant Chappelle regarding statements allegedly made directly to those investors).

As always, we thank the Court for its attention to this matter and are available to answer any questions.

Respectfully submitted,

*/s/ Andrew J. Entwistle*              */s/ Trig Smith*