June 6, 2023

VIA ECF
The Honorable George C. Hanks, Jr.
United States District Judge
Bob Casey United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957 (cons)

Dear Judge Hanks:

Counsel for the Alyeska and Orbis Plaintiffs (the "Direct Action Plaintiffs") submit this letter requesting that the Court extend the fact discovery deadline in the Alyeska and Orbis Actions (the "Direct Actions") and issue a protective order adjourning the noticed depositions of Plaintiffs and their current and former employees until this Court has resolved Defendants' motion to dismiss.[1] The Direct Action Plaintiffs provided a draft of this letter to Defendants at 3:30 p.m. (Houston time) on Thursday, June 1, 2023. The Direct Action Plaintiffs initially requested that Defendants provide their position by end-of-day Monday, June 5, and later extended that deadline to noon on Tuesday, June 6. Defendants did not provide the Direct Action Plaintiffs with a draft by the afternoon of Tuesday, June 6. The Direct Action Plaintiffs understand that Defendants will file their position separately.

## I. Alyeska and Orbis Plaintiffs' Position

The Direct Action Plaintiffs have sought to prosecute this action diligently, quickly, and efficiently by participating in common discovery with the Class Action. However, the Direct Actions have now reached an inflection point where discovery cannot continue on the same schedule as the Class Action due to Defendants' unresolved motions to dismiss in the Direct Actions. Rather than agree to either extend the discovery period or withdraw their pending motions, Defendants have taken the unreasonable position that the Direct Actions should proceed into expert discovery without any clarity on the scope of the claims at issue. This is a transparent litigation tactic designed to annoy and harass, and should be rejected.

Although the Class Action and the Direct Actions arise from the same fraud, the Direct Action Plaintiffs have brought additional claims that are not available to the class plaintiffs. Plaintiffs agreed to consolidation of their cases with the Class Action (ECF No. 259) at the request of Defendants and for Defendants' benefit because it meant that they did not have to produce the same witness for multiple depositions. Plaintiffs received Defendants' documents in December 2022—nearly 20 months after the Rule 26(f) conference in the Class Action. (*See* ECF No. 180.).

---

[1] Counsel met and conferred via email (since the week of May 23, 2023) and telephonically (including on June 1, 2023), but were unable to resolve the issue amongst themselves. Matthew Peller of Rolnick Kramer Sadighi LLP participated in the telephonic meet-and-confer and e-mail communications on behalf of the Alyeska and Orbis Plaintiffs. Heather Waller of Latham & Watkins LLP and Courtney Whang of Quinn Emanuel Urquhart & Sullivan, LLP principally participated on behalf of the Defendants.

Notwithstanding having had much less time to review Defendants' documents, the Direct Action Plaintiffs have participated alongside the Class Action in the depositions of Defendants, which are ongoing. This arrangement has undeniably benefited Defendants—the Direct Action Plaintiffs have coordinated their questioning with the class plaintiffs and, with one exception, all depositions have been completed within the prescribed time limits, or by mutual agreement.

Defendants moved to dismiss certain of the claims asserted in the Direct Actions on January 10, 2023. (*See* ECF Nos. 263-66.) In particular, Defendants seek to dismiss the Section 14 and 18 claims and the state-law claims (including, for Orbis, holder-in-reliance claims). In addition, five Defendants seek to dismiss the Direct Actions in their entirety. Thus, the scope of the Direct Action Plaintiffs' claims and the Defendants against whom those claims are asserted remain unresolved as a result of Defendants' motions.

Under the stipulated schedule, fact discovery is set to end in the Class Action on June 29, 2023. (*See* ECF No. 336.) With that date in their sights, on May 26, the Defendants notified the Direct Action Plaintiffs that they are seeking the depositions of *eight* individuals by that June 29 deadline, in addition to 30(b)(6) depositions of Alyeska and Orbis. The Court should extend the fact discovery deadline in the Direct Actions for the following reasons:

*First*, given the pendency of the dismissal motions, the scope of claims and Defendants remain unresolved. The Direct Action Plaintiffs should not be required to produce current and former employees for depositions given that the resolution of the motions to dismiss will almost certainly impact the preparation for, and conduct of, those depositions. For example, Plaintiffs bear the burden of proving direct reliance for their Section 18 and state-law claims.[2] The strategic considerations surrounding the depositions, as well as the scope of questioning, will meaningfully differ if those claims are at issue, versus only claims under Sections 10 and 14 of the Exchange Act, where the fraud-on-the-market presumption of reliance applies and Defendants bear the burden of disproving reliance.[3] Similarly, Plaintiffs' Section 14 claims—but not their other claims—raise the issue of whether Plaintiffs would have redeemed their Silver Run II stock prior to the SPAC merger that created Alta Mesa had they not be misled by Defendants. In short, counsel's preparation of multiple witnesses for deposition will be materially different based on what claims (and Defendants) remain after the dismissal motions are decided. Plaintiffs should not be unnecessarily prejudiced by being forced to sit for depositions when the legal claims (and their concomitant elements) remain up in the air and undecided.

*Second*, under the stipulated schedule, expert reports are due July 27—only two months from now. The outcome of the pending motion will directly affect expert testimony and the Direct Action Plaintiffs will be prejudiced by having to prepare expert reports on issues that may not

---

[2] *See In re Enron Corp. Sec., Deriv., and ERISA Litig.*, 540 F. Supp. 2d 800, 812 (S.D. Tex. 2007) (Section 18); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (Texas common law of fraud); *see also Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930 (Tex. 2010) ("[H]older claims . . . must involve a direct communication between the plaintiff and the defendant.").

[3] That the Alyeska and Orbis Plaintiffs have participated in depositions of various Defendant witnesses is irrelevant. The Direct Action Plaintiffs did so in order to achieve efficiencies *for the Defendants*, *i.e.*, to obviate the need for witnesses to sit for multiple depositions.

ultimately be part of their case.  For example, the Orbis Plaintiffs bring state-law holder claims, which provide for a different damages recovery than do Section 10 claims.  *See Grant Thornton LLP*, 314 S.W.3d at 926 ("the plaintiff [asserting a holder claim] seeks damages for the diminished value of the stock, or the value of a forfeited opportunity . . . .").  Until there is clarity on whether these holder claims remain, it will be impossible for a damages expert to apply a reliable methodology to calculate damages.  Moreover, other aspects of damages testimony will depend on the outcome of the motion to dismiss.

*Finally*, Defendants identify no meaningful prejudice from a modest extension to the discovery schedule.  Consolidation has thus far reaped benefits for Defendants, but there is no reason that the Direct Actions should be artificially forced to proceed in lockstep with the Class Action going forward, when doing so will unnecessarily force Plaintiffs prematurely into depositions and expert discovery, thereby prejudicing them.  Coordination has served its purpose by creating enormous efficiencies for Defendants; they should not be now permitted to weaponize that coordination to impose undue burden on Plaintiffs.

The Direct Action Plaintiffs therefore respectfully request that the Court (i) extend the fact discovery deadline in the Direct Actions until 60 days after the Court decides Defendants' fully submitted motions to dismiss the Direct Actions; and (ii) issue a protective order adjourning the noticed depositions of Alyeska and Orbis and eight of their current and former employees until mutually agreeable dates can be identified after the Court decides Defendants' motions to dismiss.

## II.  Class Counsel's Position

Lead Plaintiffs take no position regarding the schedule for the individual actions beyond noting that the schedule in those actions should have no bearing on the schedule in the Class action—even if the result is that those actions need to be deconsolidated from the Class action in order to maintain the schedule in the Class action.

Respectfully submitted,

*/s/ Matthew A. Peller*

Matthew A. Peller