June 7, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
Bob Casey United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

      Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957 (cons)

Dear Judge Hanks:

      Counsel for Defendants submit this letter concerning the Alyeska and Orbis Plaintiffs' (the "Direct Action Plaintiffs") request to extend the fact discovery deadline in the Alyeska and Orbis Actions (the "Direct Actions") and to issue a protective order adjourning the noticed depositions of Direct Action Plaintiffs' witnesses until this Court has resolved Defendants' motions to dismiss (*see* ECF 339). Defendants respectfully ask the Court to (i) deny Direct Action Plaintiffs' request and (ii) compel Direct Action Plaintiffs to serve its Rule 26 disclosures, respond to Mr. Hackett's overdue interrogatories, supplement deficient interrogatory responses to other Defendants, and complete their document productions.[1]

      Despite the absence of any stay and having the benefit of all the written discovery and deposition testimony from Defendants and third-parties in these substantively identical consolidated actions, the Direct Action Plaintiffs have long refused to provide their own depositions ostensibly because motions to dismiss their individual complaints are still pending. To obviate an imposition on the Court, Defendants agreed as part of the consolidation and scheduling process to defer the Direct Action Plaintiffs' depositions until the last month of fact discovery (*i.e.*, April 1, 2023 under the Nov. 30, 2022 scheduling order, and currently June 29, 2023 as recently extended). Nonetheless, in a classic bait and switch, Direct Action Plaintiffs now request to extend fact discovery for the Direct Actions indefinitely until 60 days after the Court rules on the pending motions to dismiss and adjourn the properly noticed depositions of Direct Action Plaintiffs. The Court should (a) decline to extend fact discovery indefinitely in the Direct Actions or to adjourn their depositions; and (b) order Direct Action Plaintiffs to comply fully and promptly with their outstanding discovery obligations under the Federal Rules.

      ***First***, Direct Action Plaintiffs' belated protest as the fact discovery deadline approaches that they should not "be artificially forced to proceed in [discovery] lockstep with the Class

---

[1] Counsel met and conferred via email and telephonically (including on June 1, 2023), but were unable to resolve the issue amongst themselves. Matthew Peller of Rolnick Kramer Sadighi LLP participated on behalf of the Alyeska and Orbis Plaintiffs. Heather Waller of Latham & Watkins LLP and Courtney Whang of Quinn Emanuel, among others, participated on behalf of the Defendants. For efficiency, Defendants have submitted their response to Direct Action Plaintiffs' request for extension and protective order, and Defendants' request to compel Direct Action Plaintiffs' compliance with outstanding discovery, in a single letter rather than separate letters. Defendants notified Direct Action Plaintiffs that Defendants were coordinating on their response when Direct Action Plaintiffs filed their letter at ECF 339.

Action" is the exact *opposite* of the position they took to this Court when seeking consolidation with the Class Action eight months ago. *See* ECF 256 at 2 (Direct Action Plaintiffs "agree[ing] that consolidation of the three actions (*at least for purposes of fact discovery*) would conserve party and Court resources and further the efficient administration of these cases") (emphasis added). The Direct Action Plaintiffs have received all discovery from other parties along the way. Meanwhile, since motions to dismiss their complaints had yet to be decided, Defendants acceded to their request to defer the Direct Action Plaintiffs' depositions until the end of fact discovery. Direct Action Plaintiffs made that deal with eyes wide open that the dismissal motions were outstanding, and they should not be heard to vitiate it now.

Moreover, there is no basis to their cries that the motions' disposition will inform their ability to respond to discovery and prepare witnesses effectively. Despite substantively replicating the Class Action allegations and legal theories, Direct Action Plaintiffs themselves chose to infuse several additional legal theories in their individual complaints. But their dominant Section 10(b) claim and the underlying facts subject to discovery are unchanged, and the depositions will therefore focus on the same relevant topics. That Direct Action Plaintiffs' *preparation* of their witnesses could differ slightly depending on whether their ancillary theories survive is simply not a compelling reason to adjourn the depositions or defer other discovery. Similarly, Direct Action Plaintiffs' claim that it would be "impossible for a damages expert to apply a reliable methodology to calculate damages" without resolution of their holder claims is also meritless. Direct Action Plaintiffs offer no justification for why their expert could not perform all potentially relevant analysis and opinions even if some theories end up being dismissed. That is no different than the disposition of a summary judgment motion typically following expert discovery which narrows the parties' theories and impacts the corresponding portions of expert work.

Moreover, granting an indefinite extension of fact discovery pending resolution of the motions to dismiss and adjourning the depositions would substantially prejudice Defendants and reward Direct Action Plaintiffs' dilatory conduct. Before fact discovery closed in April, the parties all agreed to seek an extension of the discovery schedule by two months. *See* ECF 323. The parties also appeared before the Court on May 8, 2023 to argue limited disputes regarding the otherwise agreed schedule and subsequently submitted to the Court a revised scheduling order. ECF 336. Each time the discovery schedule was negotiated and submitted to the Court, Direct Action Plaintiffs knew, but raised no objection to, the agreed-upon fact discovery deadline nor Defendants' planned deposition of their representatives and potential witnesses prior to the close of fact discovery on June 29, 2023. In fact, Direct Action Plaintiffs never objected to Defendants' notices, served on April 24, 2023, of Direct Action Plaintiffs' depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) to take place in June. It was only after Defendants followed up multiple times regarding Direct Action Plaintiffs' materially deficient discovery responses that Direct Action Plaintiffs revealed on May 15, 2023, that they intended to seek a one- or two-month extension of fact discovery because of the pending motions to dismiss. On the June 1, 2023 meet-and-confer call, Direct Action Plaintiffs' position changed yet again—now they are seeking an indefinite extension of fact discovery for their cases and protective order to prevent their witnesses' depositions until 60 days after the motions to dismiss are decided.

Granting this request would substantially prejudice Defendants: it would allow the Direct Action Plaintiffs to reap all the benefits (and considerable cost savings) of participating in the

Class Action discovery—receiving voluminous document productions from Defendants without serving a single document request, attending numerous depositions taken by the Class Counsel, and actively questioning witnesses about their specific clients and claims—despite sitting on their rights for the last six months. All the while, Direct Action Plaintiffs will continue to delay compliance with their discovery obligations. This would effectively give Direct Action Plaintiffs months' more time than Defendants to review relevant discovery and develop their arguments for summary judgment and trial, and require Defendants to prepare for trial of the Class and individual actions on different timelines and records.[2] Additionally, Direct Action Plaintiffs also revealed on the June 1 meet-and-confer call that they intend to serve additional written and/or document discovery on Defendants, claiming after more than six months of fact discovery that they do not know whether there are documents relating to their clients that Class Plaintiffs did not request. Permitting such discovery would unequivocally prejudice Defendants. *See Abboud v. Agentra*, LLC, No. 3:19-CV-00120-X, 2020 WL 5526557, at *2 (N.D. Tex. Sept. 14, 2020) (finding that a discovery extension "could prejudice [the party] by subjecting it to further discovery requests").

**Second**, the Court should order Direct Action Plaintiffs to fully and promptly comply with their discovery obligations under the Federal Rules. Indeed, six months after this Court granted consolidation, the Direct Action Plaintiffs still have not served initial disclosures as required by Rule 26 despite Defendants' multiple requests.[3] Direct Action Plaintiffs' interrogatory responses for most Defendants were due on March 30, 2023, and the parties met and conferred on April 17, 2023 and May 15, 2023 regarding deficiencies with the incomplete and unverified responses as well as the incomplete document productions. Yet on the June 1, 2023 meet-and-confer call, the Direct Action Plaintiffs refused to provide any definitive timeline for supplementation and verification of their interrogatory responses or correction of the deficiencies identified with their document productions, and they conceded that their document production will not be complete until the end of June (*i.e.*, the close of fact discovery under the currently submitted schedule, *see* ECF 336). Direct Action Plaintiffs also have not served *any* response to Defendant James Hackett's interrogatories, which were due on May 31, 2023.

Accordingly, Direct Action Plaintiffs' request should be denied, and Direct Action Plaintiffs should be ordered to (i) serve Rule 26 disclosures and supplement and verify their interrogatory responses on or before June 9, 2023, (ii) complete their document production on or before June 12, 2023, and (iii) offer dates by June 9, 2023, that their witnesses are available for depositions to be completed by the end of June.

---

[2] Direct Action Plaintiffs' request also creates inefficiencies for the Court. Defendants and the Class Plaintiffs will proceed with expert discovery and summary judgment in the Class Action on many of the same factual and legal issues that the Court will later address in the Direct Actions.

[3] Direct Action Plaintiffs imply that Defendants somehow ambushed them by notifying them, on May 26, 2023, of the planned depositions of eight Alyeska and Orbis witnesses in the middle and end of June. Not so. As explained above, the parties had always agreed that these witnesses would be deposed at the end of the fact discovery period, to the Direct Action Plaintiffs' benefit. Nonetheless, Defendants would have notified the Direct Action Plaintiffs of the dates of these depositions sooner, had the Direct Action Plaintiffs complied with their Rule 26 initial disclosure obligations (along with Defendants' repeated requests) and confirmed which witnesses they intend to rely on. Direct Action Plaintiffs still have not done so, and, with the close of fact discovery approaching, Defendants simply could not wait any longer.

Dated:  June 7, 2023

Respectfully submitted,


/s/ *J. Christian Word*
J. Christian Word
Attorney in Charge
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura Bladow (*pro hac vice*)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400

Fax: (585) 523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Riverstone Holdings LLC; Harlan H. Chappelle; Stephen Coats; Michael E. Ellis; William Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald Sinclair; Ronald Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700 kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*