| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> 711 LOUISIANA STREET, SUITE 500 <br> HOUSTON, TEXAS 77002 | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> 609 MAIN STREET <br> HOUSTON, TEXAS 77002 | **EVERSHEDS SUTHERLAND (US) LLP** <br> 1001 FANNIN STREET, SUITE 3700 <br> HOUSTON, TEXAS 77002 |
|---|---|---|

June 7, 2023

**VIA ECF**
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Ruck Street, Room 6206
Houston, Texas 77002

  Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

  Defendants HPS Investment Partners ("HPS"), Don Dimitrievich, Bayou City Energy ("Bayou"), William McMullen, and ARM Energy Holdings ("ARM") write separately to underscore the frivolous nature of the Opt-Out Plaintiffs'[1] request and, specifically, the prejudice these Defendants will suffer if the Opt-Out Plaintiffs are allowed to flout the Court's long-standing Order consolidating the Class and Opt-Out Actions. (Dkt. 259)[2]

  The Opt-Out Plaintiffs allege serious claims of fraud and/or control liability and seek many millions in damages. Their apparent concern that those claims will be dismissed under well-settled Fifth Circuit precedent does not change their duty to defend those claims now, *exactly* as they have pled them. If the Opt-Out Plaintiffs continue to refuse to defend those claims, they should be dismissed.[3]

  Particularly concerning is the Opt-Out Plaintiffs' purported reason for refusing to provide discovery: that motions to dismiss their claims are still pending. This is a sham. Defendants filed these motions on January 10, 2023, yet only now—weeks before the close of consolidated fact discovery—do the Opt-Out Plaintiffs raise the pending motions to justify their discovery failures.

  For instance, and perhaps most egregious, the Parties and the Court just expended significant time and resources to revise the case schedule. Yet at no point during that process,

---

[1] The "Opt-Out Plaintiffs" refers to the Alyeska and Orbis Plaintiffs, who are part of the above-captioned consolidated action.

[2] Matthew Peller, Kenneth Young, Adam Pollet, Andrea Gordon, Jacob Waldman, Courtney Whang, and others telephonically conferred on these issues on June 1, 2023 but were not able to resolve these issues.

[3] *See, e.g., Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (affirming dismissal of claims for failure to comply with discovery order).

including at the recent May 8 hearing, did the Opt-Out Plaintiffs raise that they would refuse to produce witnesses until the outstanding motions to dismiss are resolved. (Dkt. 336). They were silent despite the fact that Defendants had *already noticed* the Alyeska and Orbis 30(b)(6) depositions—underscoring that Plaintiffs' reasoning is nothing but gamesmanship. And the Opt-Out Plaintiffs were silent at the March 28, in-person hearing on the motions to dismiss, *never* suggesting that those motions would have to be resolved before the Opt-Out Plaintiffs would fulfill their discovery obligations.

This eleventh hour justification by the Opt-Out Plaintiffs is not just a meritless attempt to upend the agreed-upon schedule, but a complete abandonment of the discovery commitment the Opt-Out Plaintiffs made to Defendants and this Court. Seven months ago, the Opt-Out Plaintiffs asked this Court to consolidate their actions with the Class, so that they could receive all discovery from Defendants in this case, arguing that "consolidation of the three actions (at least *for purposes of fact discovery*) would conserve party and Court resources." (Dkt. 256, Mot. for Consolidation) (emphasis added). The Court granted that request. (Dkt. 259). Defendants kept their side of the Court-ordered bargain, and the Opt-Out Plaintiffs received *millions* of documents and participated in all 28 depositions taken by Plaintiffs to date.[4] But after *taking* discovery for the last 7 months, they now refuse to *give* discovery, having inexplicably failed to complete their document productions (which were due on April 27), and outright refuse to produce their witnesses for depositions.

Now, with weeks until the stipulated fact discovery cut-off (June 29), Opt-Out Plaintiffs should be compelled to: (1) complete their delinquent document productions by June 9; (2) attend the properly noticed depositions of their clients; and (3) pay Defendants' fees incurred in responding to this meritless motion.[5]

Respectfully submitted,

| | |
|---|---|
| */s/* Karl S. Stern | */s/* Kenneth Alan Young |
| Karl S. Stern (attorney in charge) (SBN 19175665) | Kenneth Alan Young |
| Christopher D. Porter (SBN 24070437) | Attorney-in-Charge |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | Nick Brown |
| 711 Louisiana Street, Suite 500 | **KIRKLAND & ELLIS LLP** |
| Houston, TX 77002 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (713) 221-7000 | Texas Bar No. 24088699 |
| Facsimile: (713) 221-7100 | 609 Main Street |
| Email: karlstern@quinnemanuel.com | Houston, TX 77002 |
| | Telephone: (713) 836-3600 |

---

[4] For example, Opt-Out Plaintiffs asked 58 pages of questions at the April 27, 2023 deposition of Jim Hackett after Class Plaintiffs' concluded their questioning.

[5] On the June 1 conferral, the Opt-Out Plaintiffs noted their intention to belatedly seek party discovery. Any such requests are untimely and—having failed to make *any* such efforts for the last seven months—should not be allowed.

chrisporter@quinnemanuel.com

-**AND**-

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com
*Counsel to HPS Investment Partners, LLC and Don Dimitrievich*

*/s/* David A. Baay
David A. Baay
Fed ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, TX 77002
Telephone: (713) 470-6112

-**AND**-

Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100

*Counsel for ARM Energy Holdings, LLC*

-**AND**-

Stefan Atkinson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4800

*Counsel for Bayou City Energy Management LLC and William McMullen*