June 16, 2023

**VIA ECF**
The Honorable George C. Hanks Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

      Defendants submit this letter to seek resolution of the discovery dispute letters filed by Alyeska and Orbis Plaintiffs (the "Direct Action Plaintiffs") on June 6, 2023 (ECF 339) and by Defendants on June 7, 2023 (ECF 341, 342). Defendants provided a draft of this letter to Direct Action Plaintiffs at 12:05 PM on Thursday, June 15, 2023. Direct Action Plaintiffs did not provide Defendants with a draft of their position. Defendants understand that Direct Action Plaintiffs will file their position separately.[1] The Parties remain at an impasse on (1) Direct Action Plaintiffs' request to extend the fact discovery deadline and adjourn the noticed depositions of Direct Action Plaintiffs and their current and former employees, and (2) Defendants' request for a date certain by which Direct Action Plaintiffs serve Rule 26 disclosures, supplement their interrogatory responses, complete their document production, and provide dates to complete depositions of their witnesses before the close of fact discovery at the end of June. The Parties respectfully request a discovery conference this week to resolve these outstanding issues.

**I.     DEFENDANTS' POSITION**

      Direct Action Plaintiffs' request for an extension of fact discovery and adjournment of the properly noticed depositions was premised on Defendants' then-pending motions to dismiss, the resolution of which Direct Action Plaintiffs contended "will almost certainly impact the preparation for, and conduct of, those depositions." ECF 339 at 2. The Court subsequently issued a Memorandum Opinion and Order on June 7, 2023, denying Defendants' motions to dismiss the Direct Actions "without prejudice to being reasserted as motions for summary judgment. ECF No. 343. On June 8, 2023, Defendants requested an update on Direct Action Plaintiffs' deficient discovery responses and offered to move the F.R.C.P. 30(b)(6) depositions scheduled for June 13 and 15, 2023 if Direct Action Plaintiffs provided alternative dates before the close of fact discovery. On June 9, 2023, the Direct Action Plaintiffs informed Defendants that they would not produce witnesses for their 30(b)(6) depositions but did not offer any alternative dates (let alone within the fact discovery cutoff). Late on June 12, 2023, on the eve of Alyeska's deposition, counsel for Direct Action Plaintiffs served for the first time objections and responses to the F.R.C.P. 30(b)(6) deposition notices properly served on April 24, 2023. On June 13, 2023 and June 15, 2023, the Direct Action Plaintiffs failed to appear for their depositions. Late on June 14,

---

[1] On June 14, 2023, counsel Christian Word and Heather Waller conferred via email and telephone with Matt Peller, counsel for the Direct Action Plaintiffs.

2023, Direct Action Plaintiffs offered dates in July and August[2] for only certain of their witnesses and for the first time identified their corporate designees. And despite Defendants' further follow up, they have yet to identify a date certain when they will serve their outstanding Rule 26 disclosures and responses to Mr. Hackett's interrogatories, supplement their deficient interrogatory responses to other Defendants, and complete their document productions.

Direct Action Plaintiffs' filing for a protective order does not excuse them from appearing at their properly noticed depositions. *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."); *King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188 (5th Cir. 1983) ("[T]he greater error in the Kings' analysis is that a motion to quash must be not only made but granted before the scheduled deposition to excuse compliance."); *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979) ("The court's inaction on appellant's motion did not relieve him of the duty to appear for his deposition."); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Tex. 2011). Nor does their filing for an extension of the overall fact discovery period excuse Direct Action Plaintiffs from compliance with their obligations under the Federal Rules to serve Rule 26 disclosures, supplement their interrogatory responses, complete their document production, and provide dates to complete depositions of their witnesses before the close of fact discovery at the end of June. Since filing their letter request to extend the discovery schedule and adjourn their noticed depositions, Direct Action Plaintiffs continue to attend every deposition of Defendants and third parties noticed by the Class Plaintiffs and Defendants, while refusing to appear for their own depositions or comply with their written and document discovery obligations. Direct Action Plaintiffs' deliberate strategy to disregard their discovery obligations should be rejected, and Direct Action Plaintiffs should be compelled to comply with the schedule that they agreed to in front of the Court just weeks ago.

Defendants request that the Court deny Direct Action Plaintiffs' request to extend the fact discovery period and order Direct Action Plaintiffs to (i) serve Rule 26 disclosures and supplement and verify their interrogatory responses on or before June 16, 2023, (ii) complete their document production on or before June 16, 2023, and (iii) offer dates by June 16, 2023, that their witnesses are available for depositions to be completed by the end of June.

## II.  CLASS PLAINTIFFS' POSITION

Lead Plaintiffs continue to take no position regarding the schedule for the individual actions beyond noting that the schedule in those actions should have no bearing on the schedule in the Class action—even if the result is that those actions need to be deconsolidated from the Class action in order to maintain the schedule in the Class action.

---

[2] The only date offered for one witness was August 21, which is already beyond the 60 days that Direct Action Plaintiffs seek from the Court in their motion for extension.

Respectfully submitted,

/s/ *J. Christian Word*
J. Christian Word
Attorney in Charge
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura Bladow (pro hac vice)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (585) 523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Riverstone Holdings
LLC; Harlan H. Chappelle; Stephen Coats;*

3

*Michael E. Ellis; William Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald Sinclair; Ronald Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700 kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

/s/ *Karl S. Stern*
Karl S. Stern
TX Bar No. 19175665
Federal Bar No. 04870
Attorney-in-Charge
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002

4

(713) 221-7000
karlstern@quinnemanuel.com

Of Counsel:
Christopher D. Porter
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
(713) 221-7000
chrisporter@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
**QUINN, EMANUEL, URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

*Counsel for HPS Investment Partners, Donald Dimitrievich*

/s/ *David A. Baay*
David A. Baay
Fed. ID No. 598715
Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel.: (713) 470-6112
Fax: (713) 654-1301
davidbaay@eversheds-sutherland.com

Of Counsel:
Bruce M. Bettigole (pro hac vice)
Adam Pollet (pro hac vice)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593

5

brucebettigole@evershedssutherland.com
adampollet@eversheds-sutherland.com

*Counsel for ARM Energy Holdings, LLC*

/s/ *Kenneth A. Young*
Kenneth A. Young
Attorney-in-Charge
Texas Bar No. 24088699
S.D. Tex. No. 2506614
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Tel.: (713) 836-3600
Fax: (713) 836-3601
kenneth.young@kirkland.com

Of Counsel:
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Tel.: (713) 836-3600
Fax: (713) 836-3601
nick.brown@kirkland.com

*Counsel for Bayou City Energy Management LLC, William W. McMullen*