June 16, 2023

<u>**VIA ECF**</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

   Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

   The Alyeska and Orbis Plaintiffs (the "Direct Action Plaintiffs") respectfully submit this letter in response to the two letters improperly filed with the Court earlier today by Defendants.

**I.**  **Defendants' Letters Violate Your Honor's Individual Procedures**

   On the afternoon of Thursday, June 15, 2023, counsel for Defendants sent counsel for the Direct Action Plaintiffs an email attaching their portions of two proposed joint letters to the Court: one opposing the Direct Action Plaintiffs' request for an extension of fact discovery; and one seeking an extension of their time to answer the Complaints.[1]  At that time, the undersigned counsel was preparing to catch a flight to Atlanta to conduct a deposition in another case the following day.  Accordingly, the Direct Action Plaintiffs sent Defendants an email informing them of this obligation, but nevertheless committing to provide the Direct Action Plaintiffs' portion of the joint submission the next day.  I specifically told Defendants' counsel that I would be out of the office in a deposition on Friday, June 16.

   Rather than waiting to receive the Direct Action Plaintiffs' portion of the joint letters, and knowing that the Direct Action Plaintiffs' counsel was in a deposition, on the morning of June 16, Defendants unilaterally electronically filed their letters without the Direct Action Plaintiffs' portion.  (ECF Nos. 345, 346).  In those letters, Defendants misleadingly asserted that:  "Direct Action Plaintiffs did not provide Defendants with a draft of their position.  Defendants understand that Direct Action Plaintiffs will file their position separately."  To the contrary, the Direct Action Plaintiffs had informed Defendants that they would send their portion of the joint submission today, but Defendants elected to file their letters without waiting for the Direct Action Plaintiffs' portion.

   To make matters worse, shortly after filing their letters, Defendants emailed the Court seeking an immediate status conference, but without informing the Court that they knew that the Direct Action Plaintiffs' counsel was unavailable.  The only counsel for the Direct Action Plaintiffs that Defendants copied on their email to the Court was me, who they knew was taking a deposition in Atlanta.  Defendants inexplicably omitted from their email two other attorneys who have filed

---

[1] Although Defendants did not explain why they had broken their submission into two separate letters, presumably it was because they did not want to ask the Court in a single document to grant them an extension of time but deny the Direct Action Plaintiffs an extension of time.

appearances for the Direct Action Plaintiffs as "ATTORNEY TO BE NOTICED" on the Court's docket.  During a break in the deposition, I read Defendants' email to the Court and was able to send a response to apprise the Court of the situation and request that any status conference be scheduled next week when I am available.

Defendants' letters violate Your Honor's Procedures.  Paragraph 6(e)(1) of those Procedures clearly state: "Counsel are responsible for conferring in good faith to resolve discovery and scheduling disputes. If counsel for the parties are unable to reach an agreement, a conference with the Court must be sought by a **joint** letter filed with the Court."  (Emphasis in original). Rather than file a joint letter, Defendants elected to attempt to sandbag the Direct Action Plaintiffs by filing one-sided letters less than 24 hours after sending the Direct Action Plaintiffs a proposed draft of purported joint letters and prior to the time that the Direct Action Plaintiffs had agreed to provide their insert.[2]  They then asked the Court for an immediate status conference, copying only one attorney for the Direct Action Plaintiffs, who they knew to be in a deposition at that time.

Defendants' conduct in seeking to raise these issues with the Court was unprofessional and in complete disregard of ordinary civil practice.  Although we recognize that litigation is an adversarial process, Defendants' actions push the bounds of aggressive advocacy to their limits and violate this Court's specific rules of conduct.  We believe it was inappropriate for Defendants to represent to the Court that "Defendants understand that Direct Action Plaintiffs will file their position separately" when we had told them that we would promptly provide them with an insert for a joint submission.  We also believe that it was inappropriate for Defendants to email this Court seeking an immediate status conference knowing that the only attorney for the Direct Action Plaintiffs who they copied on their email was unavailable, taking a deposition in Georgia. Nevertheless, we respond to Defendants' substantive points below.

## II.     The Direct Actions Should Move Promptly and Efficiently Now that Defendants' Motions to Dismiss Have Been Resolved

Defendants' request for an extension of their time to answer the Direct Action Complaints lays bare the fallacy of their opposition to the Direct Action Plaintiffs' reasonable request for a modest extension of the fact discovery deadline.  As Defendants concede, the Direct Actions involve different and more complex claims than the Class Action.  (ECF No. 345.)  Because Defendants filed motions to dismiss these claims, the scope of the Direct Actions was unclear until this Court recently denied Defendants' motions.  As explained in the Direct Action Plaintiffs' June 6, 2023 letter to the Court (ECF No. 339), discovery of the Direct Action Plaintiffs could not proceed without the clarity provided by that decision.  Defendants' insistence that fact discovery be completed in the Direct Actions by June 30 is not only unreasonable, but also contrary to their own position in seeking an extension of the answer deadline.

The Direct Action Plaintiffs have stood true to their word that once the Court provided clarity on the scope of the claims at issue, they would proceed with alacrity to ensure that fact

---

[2] Defendants' conduct stands in stark contrast to the Direct Action Plaintiffs' conduct in filing a letter without Defendants' portion on June 6 (ECF No. 339), where Defendants refused to provide their portion of a joint letter for five days and ultimately told the Direct Action Plaintiffs in an email that "we will file our response separately."

discovery in the Direct Actions can be completed in the additional time requested.  In the short time since the Court issued its decision on June 7, the Direct Action Plaintiffs have served initial disclosures, served additional answers to interrogatories, produced additional documents, and provided a number of proposed deposition dates.  The Direct Action Plaintiffs already have offered proposed dates for five of their collective witnesses (including their 30(b)(6) designees), including dates as early as July 10 and July 13.[3]  Rather than engage in a constructive dialogue with Plaintiffs to schedule the depositions, Defendants have reverted to a charade of unilaterally scheduling ten depositions in two weeks, even though there is a pending application before this Court to adjourn those depositions to a mutually agreeable date and it is physically impossible to conduct so many depositions in such a short time-frame.[4]

Defendants cannot credibly claim that Plaintiffs "missed" their depositions.  Plaintiffs clearly communicated in advance that they were not available on June 13 and 15, 2023 – the dates in Defendants' 30(b)(6) notices – and applied to this Court to extend discovery to accommodate dates in July and August.[5]  Defendants' position – that wherever a party has been noticed and is unavailable to testify on the noticed date, the noticing party may simply go forward with the deposition and then use the deponent's excusable non-appearance to secure a court order – is contrary to the Federal Rules of Civil Procedure.  The Federal Rules provide that a party's failure to appear at a properly noticed deposition is not excusable "unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).  Defendants' cases are not to the contrary, as each concerns a party taking the position that they do not need to sit for the deposition at all.[6]  Here, the Direct Action Plaintiffs are not opposing the discovery sought, they are simply trying to schedule the depositions at a mutually convenient time now that Defendants' motions to dismiss have been resolved.  Given that the Direct Action Plaintiffs have reasonably asked the Defendants to consider dates beyond June, but were rebuffed and then sought Court intervention to permit them the time they need, there is no basis for the relief Defendants' seek.

---

[3] The Direct Action Plaintiffs are in the process of identifying available dates for the other depositions to the extent the witnesses are under their control or have agreed to appear voluntarily.

[4] Even though many of the depositions in the Class Action have been conducted over Zoom, Defendants are insisting that the depositions in the Direct Actions be conduct in person.  The witnesses that Defendants seek to depose are scattered around the country, and some will even have to travel to the U.S. in order to be deposed.  As such, Defendants' request for in-person depositions is itself unreasonable and appears to be a vexatious litigation tactic.

[5] The Direct Action Plaintiffs have also informed Defendants that they are unavailable for the other deposition dates Defendants have noticed in June, including the deposition that Defendants have unilaterally scheduled on Juneteenth, which is a federal holiday.

[6] For example, in *Barnes v. Madison*, 79 Fed. App'x 691, 707 (5th Cir. 2003), the sole excuse of the party failing to appear for her deposition was that she had filed for a protective order on the business day preceding the deposition, which the court held to be insufficient to excuse her appearance.  Here, on the other hand, the Direct Action Plaintiffs made an application to the Court well in advance of the noticed deposition dates.

With respect to Defendants' request for an extension of their time to answer, the Direct Action Plaintiffs never said they were opposed to such a request. Rather, in response to Defendants' request, the Direct Action Plaintiffs suggested that the parties have a discussion about the overall schedule for the Direct Actions because Defendants were suggesting not answering the Complaints until after the completion of fact discovery. Defendants stubbornly refused. The Direct Action Plaintiffs are willing to consider, and extend, the professional courtesy of providing Defendants additional time to answer. But Defendants should not be allowed to have their cake and eat it too.

Plaintiffs respectfully submit that the Court grant Plaintiffs' request to extend fact discovery 60 days from the date the motion to dismiss decision was issued, and in that way afford Defendants the time they seek to answer and Plaintiffs the time they need to finish producing the discovery they have already begun issuing in good faith.

* * * *

We appreciate the Court's continued time and attention to the Direct Actions.


Respectfully submitted,

*/s/ Matthew A. Peller*

Matthew A. Peller