**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION, | |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, <br><br> Defendants. | CIVIL ACTION NO.: 4:19-cv-00957 |

**DEFENDANT ARM ENERGY HOLDINGS, LLC'S
<u>ANSWER TO THE COMPLAINT</u>**

Defendant ARM Energy Holdings, LLC ("ARM") hereby answers and asserts affirmative defenses to Plaintiffs' Complaint (the "Complaint").[1]

## PRELIMINARY STATEMENT

Plaintiffs claim that ARM is liable under Section 20(a) of the Securities Exchange Act of 1934 because it allegedly (i) had the ability to control persons that violated Section 10(b) of the Securities Exchange Act and Rule 10b-5 (Count II); and (ii) had the ability to control the January 19, 2018 Definitive Merger Proxy Statement ("Proxy") in violation of Section 14(a) of the Securities Exchange Act (Count IV).  But Plaintiffs improperly lump ARM together with other Defendants, make virtually no allegations about ARM's purported relationships or conduct, and attempt to stretch secondary liability beyond its limits.  ARM denies all wrongdoing as alleged in the Complaint, including that it could or did control the Defendants that allegedly violated Sections 10(b) and 14(a).

As a threshold matter, Plaintiffs have not sufficiently alleged that any person violated Sections 10(b) or 14(a), nor have they satisfied the heightened pleading standard required by Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  With no primary liability upon which Section 20(a) control liability can attach, the control person claims against ARM fail.

Plaintiffs' entire theory hinges on ARM's role as a minority shareholder of Alta Mesa, which simply is insufficient to establish control person liability as a matter of law.  Plaintiffs have not, and cannot, allege that ARM nominated any board members or otherwise had any indicia of control over either a primary violator or the allegedly fraudulent statements underlying the Section 10(b) violations.

Plaintiffs' only other allegation to support their claims is that ARM provided unspecified

---

[1] For convenience only and unless otherwise noted, ARM's Answer uses terms as they are defined in the Complaint.

2

"operational information" contained in the Proxy. Allegations that ARM is liable for providing "operational information" to Alta Mesa is insufficient to confer the control required to sustain a Section 20(a) claim as a matter of law. And Plaintiffs do not even allege what operational information was supposedly provided by ARM, whom it was supposedly provided to, whether ARM had any ability to insist that such information be included in the Proxy, or whether any of that information was in fact included.

## GENERAL DENIAL

All allegations of the Complaint that are not expressly admitted, denied, or otherwise responded to are expressly denied, including all headings. ARM denies that Plaintiffs are entitled to any relief whatsoever, including the relief requested in the Complaint.

## HISTORICAL EVENTS AND PUBLICLY AVAILABLE INFORMATION

Certain allegations in the Complaint relate to historical events and publicly available information. ARM denies any allegations that are inconsistent with them and refers the Court to such publicly available information. ARM further denies any inferences or related allegations.

## ALLEGATIONS RELATING TO DOCUMENTS

Certain allegations in the Complaint purport to quote, characterize, or summarize documents. These documents speak for themselves, and ARM denies any allegations inconsistent with their contents. ARM further denies any inferences or related allegations.

## JURISDICTION AND VENUE

ARM admits that this Court has jurisdiction over the subject matter of this action and that venue is proper in this district.

## AFFIRMATIVE DEFENSES

ARM alleges, asserts, and states the following defenses as separate and distinct defenses

to the Complaint. By virtue of alleging these defenses, ARM does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege that any Defendant made a misleading statement or omission in violation of Section 10(b) with the particularity required by Federal Rule of Civil Procedure ("FRCP") 9(b) and the PSLRA.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to identify any statement or omission that was misleading.

## FOURTH AFFIRMATIVE DEFENSE

Any misrepresentation or omission that any Defendant is alleged to have made was not material.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were contained in risk disclosures or were made in the context of sufficient cautionary language and thus are not actionable under the "bespeaks caution" doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were corporate puffery or opinion and are not actionable as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements are protected by PSLRA safe harbor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege and cannot prove that any Defendant knew that a statement was false or misleading at the time that it was made.

## NINTH AFFIRMATIVE DEFENSE

ARM is not liable as a control person under Section 20(a) because it did not have the ability to control or exercise control over any person that allegedly committed a primary violation of Section 10(b).

## TENTH AFFIRMATIVE DEFENSE

The Proxy does not contain a material misrepresentation or omission that could form the basis for Section 14(a) liability.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege that any Defendant made a material misrepresentation or omission in the Proxy in violation of Section 14(a) with the particularity required by FRCP 9(b) and the PSLRA.

## TWELFTH AFFIRMATIVE DEFENSE

ARM is not liable as a control person under Section 20(a) because it did not have the ability to control or exercise control over any person that allegedly committed a primary violation of Section 14(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

ARM is not liable as a control person under Section 20(a) because it did not have the ability to control or exercise control over the information contained in the Proxy that allegedly violated Section 14(a).

## FOURTEENTH AFFIRMATIVE DEFENSE

ARM is not liable as a control person because it acted in good faith at all times and did not directly or indirectly induce any act that violated Section 10(b) or Section 14(a).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged losses and/or damages, if any, were caused by superseding or intervening causes, and/or the conduct of other Defendants and/or third parties over which ARM had no control, and did not result from any acts or omissions by ARM.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations and/or the statute of repose.

\*   \*   \*

ARM expressly reserves the right to amend this Answer to allege additional defenses that may become apparent during the course of this litigation.

Dated: June 21, 2023

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

By:   /s/ David A. Baay
David A. Baay (*Attorney-in-Charge*)
Fed. ID No. 598715
1001 Fannin Street, Suite 3700
Houston, TX 77002
Telephone: (713) 470-6112
Fax: (713) 654-1301
davidbaay@eversheds-sutherland.com

Bruce M. Bettigole (*pro hac vice*)
1114 Avenues of the Americas, 40th Floor
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com

*Attorneys for Defendant ARM Energy Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing Defendant ARM Energy Holdings, LLC's Answer to the Complaint, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 21st day of June, 2023.

/s/ David A. Baay
David A. Baay (*Attorney-in-Charge*)