# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION** |

## ANSWER TO THE ALYESKA PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Donald Dimitrievich ("Dimitrievich") respectfully submits the following Answer to the Complaint filed by Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. ("Plaintiffs").   Mr. Dimitrievich denies all allegations unless expressly stated otherwise, and further states that no allegations accuse Mr. Dimitrievich with particularity of having committed any wrongdoing:[1]

1.      Mr. Dimitrievich denies the allegations in Paragraphs 1-12, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, and on that basis denies them.

2.      Mr. Dimitrievich denies the allegations in Paragraphs 13-16, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa

---

[1] For ease of reference, the section headings are copied from the Complaint.  They require no response.  To the extent a response is required, they are denied.

Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.  Mr. Dimitrievich further states that these paragraphs contain legal conclusions to which no response is required, and to the extent a response is required, these allegations are denied.

3.      Mr. Dimitrievich denies the allegations in Paragraphs 17-19, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.  Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, and on that basis denies them.

4.      Mr. Dimitrievich denies the allegations in Paragraphs 18-34, 36-39, and 41-43, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.  Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr.

2

Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, and on that basis denies them.

5.      Mr. Dimitrievich admits the allegations in the first and third sentences of Paragraph 35.   Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 35.

6.      Mr. Dimitrievich admits the allegations in the first two sentences of Paragraph 40.  Mr. Dimitrievich denies the allegations in the third sentence of Paragraph 40.

7.      Mr. Dimitrievich denies the allegations in Paragraphs 44-51, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

8.      Mr. Dimitrievich denies the allegations in Paragraphs 52-60, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of

them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to view held by management of Silver Run, and on that basis denies them.

9.     Mr. Dimitrievich denies the allegations in Paragraphs 61-66, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

10.     Mr. Dimitrievich denies the allegations in Paragraphs 67-98, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to

any of the alleged misstatements or any wrongdoing. Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

11. Mr. Dimitrievich denies the allegations in Paragraphs 99-113, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing. Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources. Mr. Dimitrievich admits that HPS provided certain debt and equity financing to Kingfisher.

12. Mr. Dimitrievich denies the allegations in Paragraphs 114-130, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing. Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the

extent they differ from the content of those documents or public sources. Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 121-123 and 130, and on that basis denies them.

13.     Mr. Dimitrievich denies the allegations in Paragraphs 131-144, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing. Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources. Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 132-144, and on that basis denies them.

14.     Mr. Dimitrievich denies the allegations in Paragraphs 145-151, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing. Mr. Dimitrievich further

respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

15.     Mr. Dimitrievich denies the allegations in Paragraphs 152-174, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that Paragraphs 152-174 do not allege that Mr. Dimitrievich made, participated in making, or controlled, any of the alleged misstatements.

16.     Mr. Dimitrievich denies the allegations in Paragraphs 175-178, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources

from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

17.     Mr. Dimitrievich denies the allegations in Paragraphs 179-219, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that Paragraphs 179-219 do not allege that Mr. Dimitrievich made, participated in making, or controlled, any of the alleged misstatements.

18.     Mr. Dimitrievich denies the allegations in Paragraphs 220-254, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr.

8

Dimitrievich further states that Paragraphs 220-254 do not allege that Mr. Dimitrievich made, participated in making, or controlled, any of the alleged misstatements.

19.     Mr. Dimitrievich denies the allegations in Paragraphs 255-257, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that although the Court denied Mr. Dimitrievich's motion to dismiss this action, the Court stated that his and other motions were denied "without prejudice to being reasserted as motions for summary judgment."  ECF No. 343.

20.     Mr. Dimitrievich denies the allegations in Paragraphs 258-263, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the

extent they differ from the content of those documents or public sources.    Mr. Dimitrievich admits that HPS provided certain debt and equity financing to Kingfisher.

21.    Mr. Dimitrievich denies the allegations in Paragraphs 264-280, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.    Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.    Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 264-267, 269, 277, and 280 and on that basis denies them.

22.    Mr. Dimitrievich denies the allegations in Paragraphs 281-287, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.    Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources

from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

23.     Mr. Dimitrievich denies the allegations in Paragraphs 288, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.  Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.  Mr. Dimitrievich further states that this paragraph contains legal conclusions to which no response is required, and to the extent a response is required, these allegations are denied.

24.     Mr. Dimitrievich denies the allegations in Paragraphs 289-291, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.  Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.  Mr.

11

Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs, and on that basis denies them.

25.     Mr. Dimitrievich denies the allegations in Paragraphs 292-296, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that Mr. Dimitrievich lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Alyeska's reliance and investment processes, and on that basis denies them.

26.     Mr. Dimitrievich denies the allegations in Paragraphs 297-320, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources

from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.

27.     Mr. Dimitrievich denies the allegations in Paragraphs 321-322, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr. Dimitrievich further states that these paragraphs contain legal conclusions to which no response is required, and to the extent a response is required, these allegations are denied.

28.     Mr. Dimitrievich denies the allegations in Paragraphs 323-377, including to the extent they claim or suggest that Mr. Dimitrievich (i) committed or participated in any alleged misstatements or wrongdoing whatsoever; (ii) controlled Alta Mesa Resources, Inc. ("AMR"), Silver Run, the Proxy, the alleged misstatements or any of them, or any wrongdoing; (iii) acted with fraudulent intent or recklessness with respect to any of the alleged misstatements or any wrongdoing.   Mr. Dimitrievich further respectfully refers the Court to the documents or other written or other third-party sources from which Plaintiffs have derived any allegations, and denies those allegations to the extent they differ from the content of those documents or public sources.   Mr.

Dimitrievich further states that these paragraphs contain legal conclusions to which no response is required, and to the extent a response is required, these allegations are denied. Mr. Dimitrievich further states that to the extent any Count is not alleged against Mr. Dimitrievich, the allegations under that Count require no response, and to the extent they require a response, they are denied.

29.     Mr. Dimitrievich denies that the Plaintiffs are entitled to any relief whatsoever from Dimitrievich.

30.     Mr. Dimitrievich admits that Plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Mr. Dimitrievich does not concede that he bears the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  Mr. Dimitrievich further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which he becomes aware during discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA").

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish a primary violation of any laws, including Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability as to Dimitrievich.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Dimitrievich did control, or had the ability to control, any Defendants accused of a primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Dimitrievich.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Dimitrievich did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Dimitrievich.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Dimitrievich was a culpable participant in any primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Dimitrievich.

## SEVENTH AFFIRMATIVE DEFENSE

Dimitrievich exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of

action.  Dimitrievich is therefore not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

### EIGHTH AFFIRMATIVE DEFENSE

Dimitrievich is not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Dimitrievich over which Dimitrievich had no control.  15 U.S.C. § 78u-4(f)(3)(A).

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[2] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

---

[2] For purposes of Dimitrievich's affirmative defenses, references to "Alta Mesa" includes Silver Run Acquisition Corporation II.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because the allegedly undisclosed facts underlying their claims were known to the market.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with Alta Mesa securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are limited from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Dimitrievich is not liable because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Dimitrievich because they knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the SAC, or would have purchased Alta Mesa

securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act to reflect only Dimitrievich's percentage of responsibility, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs lack standing to maintain this action under Article III or other applicable statute or common law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

18

Dimitrievich is not liable because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of Alta Mesa securities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Dimitrievich is not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because certain alleged misstatements contained non-actionable expressions of opinion that were truly held and reasonably made.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants were under no duty or obligation to disclose any allegedly withheld information.

19

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Dimitrievich hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, either by motion or otherwise, by any other Defendant in this action to the extent that such defense is applicable to Dimitrievich.

**WHEREFORE**, Mr. Dimitrievich respectfully requests that the Court enter judgment for him by adjudging and decreeing:

1. That the Complaint, and each purported cause of action against Mr. Dimitrievich, be dismissed with prejudice;

2. That the Court grant Mr. Dimitrievich all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

3. That the Court award Mr. Dimitrievich any such other and further relief as the Court may deem just and proper.

Respectfully submitted June 21, 2023.

> **QUINN EMANUEL URQUHART &**
> **SULLIVAN, LLP**
>
> */s/ Karl S. Stern*
>     Karl S. Stern (SBN 19175665)
>     Christopher D. Porter (SBN 24070437)
>     Devin van der Hahn (SBN 24104047)
>     711 Louisiana Street, Suite 500
>     Houston, TX 77002
>     Telephone: (713) 221-7000
>     Facsimile: (713) 221-7100
>     Email:  karlstern@quinnemanuel.com
>         chrisporter@quinnemanuel.com

devinvanderhahn@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
52 Madison Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
Email:  michaelcarlinsky@quinnemanuel.com
      jacobwaldman@quinnemanuel.com
      courtneywhang@quinnemanuel.com

**COUNSEL TO DONALD DIMITRIEVICH**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LR 5.3 of the Local Rules for the United States District Court for the Southern District of Texas, I certify that a true and correct copy of the foregoing instrument has been served on June 21, 2023, on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Southern District of Texas.

*/s/ Karl S. Stern*
Karl S. Stern