**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. <br><br> SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br>             Plaintiffs, <br><br>     v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II *et al.*, <br>                Defendants. | Civil Action No. 4:22-cv-01189 <br><br> Judge George C. Hanks, Jr. |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Alta Mesa Resources, Inc. ("Alta Mesa," or the "Company"), James T. Hackett, Thomas J. Walker, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters, Stephen Coats (together, the "Proxy Defendants"), Harlan H. Chappelle, Michael E. Ellis, Ronald Smith (together, the "Management Defendants"), David M. Leuschen, Pierre F. Lapeyre, Jr., Donald Sinclair (together, with Hackett, Gutermuth, Tepper, and Walters, the "Board Defendants"), and Riverstone Holdings LLC ("Riverstone") (together, "Defendants"), submit their Answer to the Complaint (ECF No. 1, Case No. 22-cv-01189) filed by Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (together, "Plaintiffs").

**PREAMBLE**

Defendants deny that they violated the federal securities laws or Texas state law. They deny that they made any false or misleading statements, that they caused Plaintiffs any recoverable damages, and that they acted negligently or with the requisite fraudulent intent. Defendants also deny that they controlled any person who violated the federal securities laws or Texas state law. In sum, Defendants deny any and every allegation that suggests or implies that any public statement was false or misleading or they otherwise engaged in improper or illegal conduct. Accordingly, Plaintiffs are not entitled to any relief for any of the claims they assert.

More specifically, Defendants deny each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only to the specific fact alleged and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in

1

the Complaint as a whole.  Moreover, except to the extent expressly admitted herein, Defendants specifically deny any allegations contained in the Complaint's headings, footnotes, appendices, table of contents, or images.  Unless otherwise defined, capitalized terms refers to the capitalized terms defined in the Complaint, but any such use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the capitalized terms.  With respect to any purported document cited to or quoted in the Complaint, Defendants do not admit that the documents are relevant or admissible in this action, and Defendants reserve all objections regarding admissibility.  The Complaint contains purported excerpts from, and references to, a number of documents and third-party publications, and Defendants refer to the respective documents and third-party publications for their contents.  Any factual averment admitted is done so based upon Defendants' personal knowledge to the extent Defendants have such knowledge and otherwise upon information and belief.  Defendants reserve the right to change, supplement, and amend their answer if and when new information is revealed to them. Defendants deny that substantial additional evidentiary support (or any support) will exist for the allegations set forth in the Complaint and deny that relevant facts are known only by Defendants or are exclusively within their custody or control.

The foregoing general denials and responses are incorporated by reference into the following specific responses to Plaintiffs' allegations.  Additionally, the allegations in Plaintiffs' Complaint contain many substantively identical allegations to those in the Second and Third Amended Complaints filed in *In re Alta Mesa Resources, Inc. Sec. Litig.*,

No. 19-cv-00957, ECF Nos. 69, 218 (S.D. Tex.), Defendants incorporate by reference their

Answers to those pleadings, No. 19-cv-00957, ECF Nos. 169, 232.

## SPECIFIC RESPONSES

Defendants admit and aver that Plaintiffs bring this action as described in the

Complaint and deny the remaining allegations in the prefatory paragraphs of the

Complaint.

1.      Defendants deny the allegations in Paragraphs 1, 3, 5-6, 8, 11-13, 16, 31, 37,

50-51, 67, 80, 91, 96-102, 104, 109-112, 114-123, 126-129, 131-132, 135, 138, 143-144,

147, 149-151,153, 155, 157, 160, 162, 164, 166, 168, 170, 172, 174, 176, 178, 180, 182,

184, 186, 188, 190, 193, 195, 197, 199, 201, 203, 205, 207, 209, 211, 213, 215, 217, 219-

222, 224, 226, 228, 230, 232, 234, 236, 238, 240, 242, 244, 246, 248, 250, 252, 254, 255,

257, 259, 262-270, 273-280, 285-289, 291-292, 296-303, 305-307, 309-311, 314-315, 317,

319-322, 324-331, 333-334, 336, 338-342, 344-346, 350-354, 358-360, 362-368, and 370-

377.

2.      Defendants admit the allegations in Paragraph 14.

3.      Defendants admit venue is proper in this District.  Defendants deny the

remaining allegations in Paragraph 15.

4.      Defendants admit and aver that Paragraphs 2, 4, 7, 20-30, 32-36, 42-43, 45-

47, 49, 52, 55-65, 68-69, 71-73, 76-78, 81, 84-88, 92-95, 113, 124-125, 130, 133-134, 136-

137, 139-142, 145-146, 148, 152, 154, 156, 158-159, 161, 163, 165, 167, 169, 171, 173,

175, 177, 179, 181, 183, 185, 187, 189, 191-192, 194, 196, 198, 200, 202, 204, 206, 208,

210, 212, 214, 216, 218, 223, 225, 227, 229, 231, 233, 235, 237, 239, 241, 243, 245, 247,

249, 251, 253, 256, 271-272, 304, 308, 312-313, 316, 318, and 348-349 purport to reference a number of documents, public statements, and third-party publications, and Defendants refer to the respective documents, public statements, and third-party publications for their complete contents. Defendants deny any allegations in Paragraphs 2, 4, 7, 20-30, 32-36, 42-43, 45-47, 49, 52, 55-65, 68-69, 71-73, 76-78, 81, 84-88, 92-95, 113, 124-125, 130, 133-134, 136-137, 139-142, 145-146, 148, 152, 154, 156, 158-159, 161, 163, 165, 167, 169, 171, 173, 175, 177, 179, 181, 183, 185, 187, 189, 191-192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 212, 214, 216, 218, 223, 225, 227, 229, 231, 233, 235, 237, 239, 241, 243, 245, 247, 249, 251, 253, 256, 271-272, 304, 308, 312-313, 316, 318, and 348-349 that are inconsistent with the documents, public statements, and third-party publications. Defendants deny the remaining allegations in Paragraphs 2, 4, 7, 20-30, 32-36, 42-43, 45-47, 49, 52, 55-65, 68-69, 71-73, 76-78, 81, 84-88, 92-95, 113, 124-125, 130, 133-134, 136-137, 139-142, 145-146, 148, 152, 154, 156, 158-159, 161, 163, 165, 167, 169, 171, 173, 175, 177, 179, 181, 183, 185, 187, 189, 191-192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 212, 214, 216, 218, 223, 225, 227, 229, 231, 233, 235, 237, 239, 241, 243, 245, 247, 249, 251, 253, 256, 271-272, 304, 308, 312-313, 316, 318, and 348-349.

5.      Defendants refer to Alta Mesa's public filings for their complete contents and deny any allegations in Paragraphs 9-10, 38-41, 44, 48, 53-54, 75, 79, 83, 90, 103, 105-108, 258, 260-261, 281-284 that are inconsistent with Alta Mesa's public filings. Defendants deny the remaining allegations in Paragraphs 9-10, 38-41, 44, 48, 53-54, 75, 79, 83, 90, 103, 105-108, 258, 260-261, 281-284.

6.      Defendants admit and aver that Paragraphs 66, 70, 74, 82, and 89 purport to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraphs 66, 70, 74, 82, and 89.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 17-19, 290, 293-295, 337, and on that basis deny the allegations.

8.      In response to Paragraph 323, Defendants repeat and reallege their responses to Paragraphs 1-322 to the extent those Paragraphs are properly incorporated into Count I.

9.      In response to Paragraph 332, Defendants repeat and reallege their responses to Paragraphs 1-331 to the extent those Paragraphs are properly incorporated into Count II.

10.     In response to Paragraph 335, Defendants repeat and reallege their responses to Paragraphs 1-334 to the extent those Paragraphs are properly incorporated into Count III.

11.     In response to Paragraph 343, Defendants repeat and reallege their responses to Paragraphs 1-342 to the extent those Paragraphs are properly incorporated into Count IV.

12.     In response to Paragraphs 347, 355, and 357, Defendants admit that Defendants Walker and Coats did not violate Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), or Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9.  Defendants deny the remaining allegations in Paragraphs 347, 355, and 357.

13.     In response to Paragraph 356, Defendants repeat and reallege their responses to Paragraphs 1-355 to the extent those Paragraphs are properly incorporated into Count V.

14.     In response to Paragraph 361, Defendants repeat and reallege their responses to Paragraphs 1-360 to the extent those Paragraphs are properly incorporated into Count VI.

15.     In response to Paragraph 369, Defendants repeat and reallege their responses to Paragraphs 1-368 to the extent those Paragraphs are properly incorporated into Count VII.

16.     Defendants deny that Plaintiffs are entitled to the requested relief and judgment or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Defendants do not concede that they bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations. Defendants further reserve the right to assert additional affirmative defenses.  Defendants also adopt and incorporate by reference any applicable defense pleaded by any other Defendant in this action not expressly set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Defendants exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.

Defendants are therefore not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

## SECOND AFFIRMATIVE DEFENSE

No Defendant is liable for any alleged damages suffered by Plaintiffs to the extent that their purported damages, if any, were caused or contributed to, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendant over which Defendant had no control. 15 U.S.C. § 78u-4(f)(3)(A).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[1] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

---

[1] For purposes of Defendants' affirmative defenses, references to "Alta Mesa" includes Silver Run Acquisition Corporation II.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable because certain alleged misstatements were forward-looking statements and thus are immunized by the Safe Harbor provided by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1), and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Defendants because they knew or should have known the allegedly omitted or misstated information or ratified the alleged wrongful acts and omissions alleged in the Complaint or would have purchased Alta Mesa securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 14(a) (15 U.S.C. § 78n) against Riverstone are barred, in whole or in part, because Riverstone did not solicit or permit its name to be used to solicit their proxies in connection with the Proxy Statement or the Business Combination.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Riverstone are barred, in whole or in part, because Riverstone is not a proper Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or statute of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable under Section 18 (15 U.S.C. § 78r) because Defendants acted in good faith and had no knowledge that allegedly omitted or misstated information was false or misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, and other related equitable defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of Common Law Fraud and a violation of Texas Business and Commerce Code Section 27.01 are barred by the Securities Litigation Uniform Standards Act (15 U.S.C. § 78bb(f)).

**WHEREFORE**, Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1. That Plaintiffs take nothing by reason of this Complaint, and that judgment be rendered in favor of Defendants;

2. That the Complaint, and each purported cause of action against Defendants, be dismissed with prejudice;

3. That the Court grant Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4. That the Court award Defendants any such other and further relief as the Court may deem just and proper.

Dated: June 21, 2023

/s/ J. Christian Word

J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com

11

*Counsel for Defendants Alta Mesa
Resources, Inc., f/k/a Silver Run
Acquisition Corporation II; Riverstone
Holdings LLC; Harlan H. Chappelle;
Stephen S. Coats; Michael E. Ellis;
William D. Gutermuth; James T.
Hackett; Pierre F. Lapeyre, Jr.; David
M. Leuschen; Donald R. Sinclair;
Ronald J. Smith; Jeffrey H. Tepper;
Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle,
Michael E. Ellis*

12

## **CERTIFICATE OF SERVICE**

I certify that on June 21, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *J. Christian Word*
J. Christian Word