# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC.<br><br>SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P.,<br>ALYESKA MASTER FUND 2, L.P., and<br>ALYESKA MASTER FUND 3, L.P.,<br><br>            Plaintiffs,<br><br>     v.<br><br>ALTA MESA RESOURCES, INC., f/k/a<br>SILVER RUN ACQUISITION<br>CORPORATION II *et al.*,<br>            Defendants. | Civil Action No. 4:22-cv-01189<br><br>Judge George C. Hanks, Jr. |

## <u>DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendants Alta Mesa Resources, Inc. ("Alta Mesa," or the "Company"), James T. Hackett, Thomas J. Walker, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters, Stephen Coats (together, the "Proxy Defendants"), Harlan H. Chappelle, Michael E. Ellis, Ronald Smith (together, the "Management Defendants"), David M. Leuschen, Pierre F. Lapeyre, Jr., Donald Sinclair (together, with Hackett, Gutermuth, Tepper, and Walters, the "Board Defendants"), and Riverstone Holdings LLC ("Riverstone") (together, "Defendants"), submit their Amended Answer to the Complaint (ECF No. 1, Case No. 22-cv-01189) filed by Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (together, "Plaintiffs").

## PREAMBLE

Defendants deny that they violated the federal securities laws or Texas state law. They deny that they made any false or misleading statements, that they caused Plaintiffs any recoverable damages, and that they acted negligently or with the requisite fraudulent intent. Defendants also deny that they controlled any person who violated the federal securities laws or Texas state law. In sum, Defendants deny any and every allegation that suggests or implies that any public statement was false or misleading or they otherwise engaged in improper or illegal conduct. Accordingly, Plaintiffs are not entitled to any relief for any of the claims they assert.

More specifically, Defendants deny each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only to the specific fact alleged and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in

the Complaint as a whole.  Moreover, except to the extent expressly admitted herein, Defendants specifically deny any allegations contained in the Complaint's headings, footnotes, appendices, table of contents, or images.  Unless otherwise defined, capitalized terms refers to the capitalized terms defined in the Complaint, but any such use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the capitalized terms.  With respect to any purported document cited to or quoted in the Complaint, Defendants do not admit that the documents are relevant or admissible in this action, and Defendants reserve all objections regarding admissibility.  The Complaint contains purported excerpts from, and references to, a number of documents and third-party publications, and Defendants refer to the respective documents and third-party publications for their contents.  Any factual averment admitted is done so based upon Defendants' personal knowledge to the extent Defendants have such knowledge and otherwise upon information and belief.  Defendants reserve the right to change, supplement, and amend their answer if and when new information is revealed to them. Defendants deny that substantial additional evidentiary support (or any support) will exist for the allegations set forth in the Complaint and deny that relevant facts are known only by Defendants or are exclusively within their custody or control.

The foregoing general denials and responses are incorporated by reference into the following specific responses to Plaintiffs' allegations.  Additionally, the allegations in Plaintiffs' Complaint contain many substantively identical allegations to those in the Second and Third Amended Complaints filed in *In re Alta Mesa Resources, Inc. Sec. Litig.*,

No. 19-cv-00957, ECF Nos. 69, 218 (S.D. Tex.), Defendants incorporate by reference their Answers to those pleadings, No. 19-cv-00957, ECF Nos. 169, 232.

## SPECIFIC RESPONSES

Defendants admit and aver that Plaintiffs bring this action as described in the Complaint and deny the remaining allegations in the prefatory paragraphs of the Complaint.

1.      Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that on March 30, 2022, the SEC proposed new rules relating to SPACs, and Defendants refer to the SEC's March 30, 2022 announcement and draft of proposed rules for their complete contents.  Defendants deny any allegations in Paragraph 2 that are inconsistent with the announcement and draft proposed rules. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit and aver that on August 16, 2017, Silver Run Acquisition Corporation II ("Silver Run II") issued a press release, and Defendants refer to the press release for its complete description of its announcement to combine with AMH and Kingfisher (the "Business Combination").  Defendants deny any allegations in Paragraph 4 that are inconsistent with the press release.  Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.     Defendants admit and aver that on March 31, 2021, this Court issued an Order (ECF 157) denying Defendants' motions to dismiss the Second Amended Complaint in Civil Action No. 4:19-CV-957.  Defendants admit that Paragraph 7 contains accurate partial quotations from the Memorandum Opinion and Order (ECF 160) issued on April 14, 2021, and Defendants refer to the Memorandum Opinion and Order for its complete description of the Court's decision.  Defendants deny the remaining allegations in Paragraph 7.

8.     Defendants deny the allegations in Paragraph 8.

9.     Defendants admit and aver that on February 25, 2019, Alta Mesa issued a press release, and on September 11, 2019, Alta Mesa filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code, and Defendants refer to the press release and the Chapter 11 petition for their complete contents. Defendants deny any allegations in Paragraph 9 that are inconsistent with the press release and Chapter 11 petition.  Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit and aver that on March 23, 2017, Silver Run II issued a Prospectus, and Defendants refer to the Prospectus for its complete description of the terms of its formation.  Defendants deny any allegations in Paragraph 10 that are inconsistent with the Prospectus.  Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit and aver that this Court issued a Memorandum Opinion and Order (ECF 160) on April 14, 2021, and Defendants refer to the Memorandum Opinion and Order for its complete contents.  Defendants deny any allegations in Paragraph 12 that

are inconsistent with the Memorandum Opinion and Order.  Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit venue is proper in this District.  Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny the allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny the allegations.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny the allegations.

20.     Defendants refer to the Definitive Merger Proxy Statement (the "Proxy") issued on January 19, 2018 for its complete description of Alta Mesa.  Defendants refer to the Proxy for its complete description of the terms of Silver Run II's formation.  Defendants deny any allegations in Paragraph 20 that are inconsistent with the Proxy.

21.     Defendants admit and aver that on January 19, 2018, Silver Run II issued the Proxy, and that on March 29, 2018, Alta Mesa filed a Form 10-K, and that Alta Mesa convened earnings calls.  Defendants refer to the Proxy, Form 10-K, and earnings calls for their complete contents.  Defendants deny any allegations in Paragraph 21 that are

inconsistent with the Proxy, Form 10-K, or earnings calls. Defendants admit the remaining allegations in Paragraph 21.

22. Defendants refer to the Prospectus for its complete description of Mr. Walker, and to the Proxy for its complete description of the Business Combination. Defendants further admit and aver that on August 16, 2017, Silver Run II filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents. Defendants deny any allegations in Paragraph 22 that are inconsistent with the Prospectus, Proxy, or Form 8-K. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents. Defendants deny any allegations in Paragraph 23 that are inconsistent with the Form 10-K. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents. Defendants deny any allegations in Paragraph 24 that are inconsistent with the Form 10-K. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents. Defendants deny any allegations in Paragraph 25 that are inconsistent with the Form 10-K. Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants refer to the Prospectus and Proxy for their complete description of Mr. Coats.  Defendants deny any allegations in Paragraph 26 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 27 that are inconsistent with the Proxy.  Paragraph 27 also contains nonfactual statements or legal arguments that do not require a response.  To the extent that the nonfactual statements or legal arguments in Paragraph 27 require a response, Defendants deny the allegations.

28.     Defendants admit and aver that Alta Mesa filed a Form 10-K on March 29, 2018, filed a Form 10-Q on May 21, 2018, filed a Form 10-Q on August 15, 2018, filed a Form 10-Q on November 14, 2018, issued a press release on December 20, 2018, as well as that Alta Mesa convened earnings calls.  Defendants refer to the Form 10-K, Forms 10-Q, press release, and earnings calls for their complete contents, and deny any allegations in Paragraph 28 that are inconsistent with the Form 10-K, Forms 10-Q, press release, and earnings calls.  Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K and on December 20, 2018 issued a press release, and Defendants refer to the Form 10-K and press release for their complete contents.  Defendants deny any allegations in Paragraph 29 that are inconsistent with the Form 10-K and press release.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K and on July 8, 2019 filed a Form 8-K, and Defendants refer to the Form 10-K and

Form 8-K for their complete contents.  Defendants deny any allegations in Paragraph 30 that are inconsistent with the Form 10-K and Form 8-K.  Defendants deny the remaining allegations in Paragraph 30.

31.     Paragraph 31 contains non-factual statements or legal arguments that do not require a response.  To the extent that Paragraph 31 requires a response, Defendants deny the allegations.

32.     Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 32 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 33 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 34 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 35 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 36 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 36.

37.     Paragraph 37 contains non-factual statements or legal arguments that do not require a response.  To the extent that Paragraph 37 requires a response, Defendants deny the allegations.

38.     Defendants refer to the Prospectus and Proxy for their description of Defendant Riverstone.  Defendants deny any allegations in Paragraph 38 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants refer to the Proxy for its description of the joint development agreement and Defendant Bayou City.  Defendants deny any allegations in Paragraph 39 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants refer to the Proxy for its description of Defendant HPS. Defendants deny any allegations in Paragraph 40 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 41 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 41.

42.     Paragraph 42 contains non-factual statements or legal arguments that do not require a response.  To the extent those non-factual statements or legal arguments in Paragraph 42 require a response, Defendants deny the allegations.  Defendants admit that Defendants Bayou City, HPS, and ARM Energy provided certain information contained in the Proxy, and Defendants refer to the Proxy for the complete contents of the information

Defendants Bayou City, HPS, and ARM Energy provided.  Defendants deny any allegations in Paragraph 42 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit and aver that on January 24, 2020, High Mesa Holdings GP, LLC and High Mesa Holdings, LP filed Chapter 7 bankruptcy petitions.  Defendants refer to the Proxy for its complete description of High Mesa Holdings GP, LLC, and High Mesa Holdings, LP, and to the Chapter 7 bankruptcy petitions for their complete contents. Defendants deny any allegations in Paragraph 43 that are inconsistent with the Proxy or Chapter 7 bankruptcy petitions.  Defendants deny the remaining allegations in Paragraph 43.

44.     Defendants refer to the Prospectus and Proxy for a description of Alta Mesa and Silver Run II.  Defendants deny any allegations in Paragraph 44 that are inconsistent with the Prospectus or Proxy.  Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants refer to the Prospectus and Proxy for a description of a special purpose acquisition company and for the specific structures and processes used for Silver Run II.  Defendants deny any allegations in Paragraph 45 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants refer to the Prospectus and Proxy for a description of a special purpose acquisition company and for the specific structures and processes used for Silver Run II.  Defendants deny any allegations in Paragraph 46 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants refer to the Prospectus and Proxy for a description of a special purpose acquisition company and for the specific structures and processes used for Silver Run II.  Defendants deny any allegations in Paragraph 47 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants refer to the Prospectus and Proxy for a description of a special purpose acquisition company and for the specific structures and processes used for Silver Run II.  Defendants deny any allegations in Paragraph 48 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 48.

49.     Defendants admit that on March 30, 2022, the SEC proposed new rules relating to SPACs, and Defendants refer to the SEC's March 30, 2022 announcement and draft of proposed rules for their complete contents.  Defendants deny any allegations in Paragraph 49 that are inconsistent with the announcement and draft proposed rules. Defendants deny the remaining allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations to the extent they refer to Riverstone. Defendants refer to the Prospectus and Proxy for a description of a special purpose acquisition company and for the specific structures and processes used for Silver Run II. Defendants deny any allegations in Paragraph 51 that are inconsistent with the Prospectus and Proxy.  Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants deny the allegations to the extent they refer to Riverstone. Defendants admit and aver that on March 24, 2017, Silver Run II completed its IPO, and Defendants refer to the Prospectus for its complete description of the IPO's terms.

Defendants deny any allegations in Paragraph 52 that are inconsistent with the Prospectus. Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants refer to the Proxy for its complete description of AMH, Kingfisher, and the STACK.  Defendants deny any allegations in Paragraph 53 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants refer to the Proxy for its complete description of the ownership of AMH and Kingfisher and Kingfisher revenues.  Defendants deny any allegations in Paragraph 54 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants refer to the August 16, 2017 Form 8-K for its complete contents. Defendants deny any allegations in Paragraph 55 that are inconsistent with the August 16, 2017 Form 8-K.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit and aver that on August 16, 2017, Silver Run II issued a press release, and Defendants refer to the press release for its complete contents. Defendants deny any allegations in Paragraph 56 that are inconsistent with the press release.  Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 57 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants refer to the Proxy for its complete description of its projections and internal controls.  Defendants deny any allegations in Paragraph 58 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants refer to the Proxy for its complete description of AMH's internal controls.  Defendants deny any allegations in Paragraph 59 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 59.

60.     Defendants refer to the Alta Mesa Form 10-K dated March 29, 2018 for its complete contents.  Defendants deny any allegations in Paragraph 60 that are inconsistent with the Alta Mesa Form 10-K dated March 29, 2018.  Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, convened an earnings call, and issued a press release.  Defendants refer to the Form 10-K, earnings call, and press release for their complete contents.  Defendants deny any allegations in Paragraph 61 that are inconsistent with the Form 10-K, earnings call, and press release.  Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants refer to the March 29, 2018 press release for its complete contents.  Defendants deny any allegations in Paragraph 62 that are inconsistent with the March 29, 2018 press release.  Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants admit and aver that on March 29, 2018, Alta Mesa convened an earnings call, and Defendants refer to the earnings call for its complete contents.  Defendants deny any allegations in Paragraph 63 that are inconsistent with the earnings call.  Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants refer to the March 29, 2018 press release for its complete contents.  Defendants deny any allegations in Paragraph 64 that are inconsistent with the March 29, 2018 press release.  Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit and aver that on March 29, 2018, Alta Mesa convened an earnings call, and Defendants refer to the earnings call for its complete contents. Defendants deny any allegations in Paragraph 65 that are inconsistent with the earnings call.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants admit and aver that Paragraph 66 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants admit and aver that on August 14, 2018, Alta Mesa issued a Form 8-K, and Defendants refer to that Form 8-K for its complete description of Defendant's financial results.  Defendants deny any allegations in Paragraph 68 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants admit and aver that on August 14, 2018, Alta Mesa issued a Form 8-K and held an earnings call.  Defendants refer to that Form 8-K and earnings call for their complete contents.  Defendants deny any allegations in Paragraph 69 that are inconsistent with the Form 8-K and earnings call.   Defendants deny the remaining allegations in Paragraph 69.

70.     Defendants admit and aver that Paragraph 70 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit and aver that on November 13, 2018, Alta Mesa issued a press release, and Defendants refer to the press release for its complete description of financial performance.   Defendants deny any allegations in Paragraph 71 that are inconsistent with the press release.   Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants admit and aver that on November 13, 2018, Alta Mesa convened an earnings call, and Defendants refer to the earnings call for its complete contents. Defendants deny any allegations in Paragraph 72 that are inconsistent with the earnings call.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit and aver that on November 13, 2018, Alta Mesa issued a press release, and Defendants refer to the press release for its complete description of Mr. McCabe.  Defendants deny any allegations in Paragraph 73 that are inconsistent with the press release.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants admit and aver that Paragraph 74 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit and aver that on December 20, 2018, Alta Mesa issued a press release, and Defendants refer to the press release for its complete description of Mr. Chappelle and Mr. Ellis.  Defendants deny any allegations in Paragraph 75 that are inconsistent with the press release.   Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit and aver that on February 25, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents.  Defendants deny any allegations in Paragraph 76 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants admit and aver that on February 25, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents.  Defendants deny any allegations in Paragraph 77 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants admit and aver that on February 25, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents.  Defendants deny any allegations in Paragraph 78 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants admit and aver that on February 25, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents.  Defendants deny any allegations in Paragraph 79 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants admit and aver that Paragraph 81 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants further admit and aver that on March 2, 2019, Alta Mesa filed a Form NT 10-K, and Defendants refer to the Form NT 10-K for its complete description of internal controls and financial performance.

Defendants deny any allegations in Paragraph 81 that are inconsistent with the Form NT 10-K. Defendants deny the remaining allegations in Paragraph 81.

82. Defendants admit and aver that Paragraph 82 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock. Defendants deny the remaining allegations in Paragraph 82.

83. Defendants admit and aver that on March 28, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete description of Mr. Collins. Defendants deny any allegations in Paragraph 83 that are inconsistent with the Form 8-K. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants admit and aver that on April 8, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete description of correspondence from NASDAQ. Defendants deny any allegations in Paragraph 84 that are inconsistent with the Form 8-K. Defendants deny the remaining allegations in Paragraph 84.

85. Defendants admit and aver that on May 13, 2019, Alta Mesa filed a Form NT 10-Q, and Defendants refer to the Form NT 10-Q for its complete contents. Defendants deny any allegations in Paragraph 85 that are inconsistent with the Form NT 10-Q. Defendants deny the remaining allegations in Paragraph 85.

86. Defendants admit and aver that on May 13, 2019, Alta Mesa filed a Form NT 10-Q, and on May 17, 2019, Alta Mesa filed a press release, and Defendants refer to the Form NT 10-Q for its complete contents, and to the press release for its complete description of correspondence from NASDAQ. Defendants deny any allegations in

Paragraph 86 that are inconsistent with the Form NT 10-Q or press release.  Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants admit and aver that on May 17, 2019, Alta Mesa issued a press release, and Defendants refer to the press release for its complete contents.  Defendants deny any allegations in Paragraph 87 that are inconsistent with the press release. Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit and aver that on May 17, 2019, Alta Mesa Holdings, LP filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents. Defendants deny any allegations in Paragraph 88 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants admit and aver that Paragraph 89 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants admit and aver that on July 8, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete description of Mr. Smith. Defendants deny any allegations in Paragraph 90 that are inconsistent with the Form 8-K. Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants admit and aver that on August 12, 2019, Alta Mesa filed a Form NT 10-Q dated August 9, 2019, and Defendants refer to the Form NT 10-Q for its complete contents.  Defendants deny any allegations in Paragraph 91 that are inconsistent with the Form NT 10-Q.  Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants admit and aver that on August 27, 2019, Alta Mesa filed a Form 10-K ("2018 Form 10-K"), and Defendants refer to the 2018 Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 92 that are inconsistent with the 2018 Form 10-K.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants admit and aver that on August 27, 2019, Alta Mesa filed its 2018 Form 10-K, and Defendants refer to the 2018 Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 93 that are inconsistent with the 2018 Form 10-K.  Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants admit and aver that on September 12, 2019, Alta Mesa filed a Form 8-K, and Defendants refer to the Form 8-K for its complete description of Mr. Hackett.  Defendants deny any allegations in Paragraph 94 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants admit and aver that on September 11, 2019, Alta Mesa and other entities filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code, and Defendants refer to the bankruptcy petitions for their complete contents.  Defendants deny any allegations in Paragraph 95 that are inconsistent with the bankruptcy petitions.  Defendants deny the remaining allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants admit and aver that this Court issued a Memorandum Opinion and Order (ECF 160) on April 14, 2021 citing various bankruptcy court pleadings, and Defendants refer to the Memorandum Opinion and Order and the bankruptcy court pleadings cited therein for their complete descriptions of the Bankruptcy Proceeding.

Defendants deny any allegations in Paragraph 97 that are inconsistent with the Memorandum Opinion and Order and the bankruptcy court pleadings cited therein. Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants refer to the 2018 Form 10-K for its complete contents of KPMG's Report of Independent Registered Public Accounting Firm. Defendants deny any allegations in Paragraph 98 that are inconsistent with the 2018 Form 10-K. Defendants deny the remaining allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.     Defendants deny the allegations in Paragraph 100.

101.     Defendants refer to the Proxy for its complete description of Kingfisher's formation on January 30, 2015. Defendants admit and aver that AMH utilized other companies for its midstream needs before Kingfisher's formation. Defendants deny the remaining allegations in Paragraph 101.

102.     Defendants refer to the Proxy for its complete description of Kingfisher. Defendants deny any allegations in Paragraph 102 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 102.

103.     Defendants refer to the Proxy for its complete description of the ownership of Kingfisher. Defendants deny any allegations in Paragraph 103 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants refer to the Proxy for its complete description of the agreements and to the 2015 Gathering Agreements for their complete contents. Defendants deny any

allegations in Paragraph 105 that are inconsistent with the Proxy or the 2015 Gathering Agreements.  Defendants deny the remaining allegations in Paragraph 105.

106.    Defendants refer to the Proxy for its complete description of the agreements and to the 2015 Gathering Agreements for their complete contents.  Defendants deny any allegations in Paragraph 106 that are inconsistent with the Proxy or the 2015 Gathering Agreements.  Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants refer to the Proxy for its complete description of the agreements and to the 2015 Gathering Agreements for their complete contents.  Defendants deny any allegations in Paragraph 107 that are inconsistent with the Proxy or the 2015 Gathering Agreements.  Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants refer to the Proxy for its complete description of the amended agreements and to the amended agreements for their complete contents.  Defendants deny any allegations in Paragraph 108 that are inconsistent with the amended agreements. Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants refer to the amended agreements for their complete contents. Defendants deny any allegations in Paragraph 109 that are inconsistent with the amended agreements.  Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants refer to the amended agreements for their complete contents. Defendants deny any allegations in Paragraph 110 that are inconsistent with the amended agreements.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants refer to the amended agreements for their complete contents. Defendants deny any allegations in Paragraph 111 that are inconsistent with the amended agreements.  Defendants deny the remaining allegations in Paragraph 111.

112.    Defendants refer to the amended agreements for their complete contents. Defendants deny any allegations in Paragraph 112 that are inconsistent with the amended agreements.  Defendants deny the remaining allegations in Paragraph 112.

113.    Defendants admit that Paragraph 113 refers a November 29, 2017 email from Tim Turner to, among others, Mr. Chappelle, and to an August 2018 email from Michael McCabe to Mr. Chappelle, and Defendants refer to the emails for their complete contents. Defendants deny any allegations in Paragraph 113 that are inconsistent with the emails. Defendants deny the remaining allegations in Paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis deny the allegations.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis deny the allegations.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis deny the allegations.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

124.    Defendants admit that Paragraph 124 refers a November 1, 2017 email from Gene Cole to, among others, Mr. Ellis, and Defendants refer to the email for its complete contents.  Defendants admit that Paragraph 124 also refers to a November 2, 2017 email and attachment from Mr. Turner to, among others, Mr. Cole and Mr. Ellis, and Defendants refer to the email and attachment for their complete contents.  Defendants deny any allegations in Paragraph 124 that are inconsistent with the emails and attachment. Defendants deny the remaining allegations in Paragraph 124.

125.    Defendants admit that Paragraph 125 refers a November 2, 2017 email from Mr. Cole to, among others, Mr. Ellis, and Defendants refer to the email for its complete contents.  Defendants admit that Paragraph 125 also refers to a November 3, 2017 email from Mr. Turner to, among others, Mr. Cole, and Defendants refer to the email for its complete contents.  Defendants deny any allegations in Paragraph 125 that are inconsistent with the emails.  Defendants deny the remaining allegations in Paragraph 125.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants admit that Paragraph 130 refers to Mr. Hackett's testimony during Alta Mesa's bankruptcy proceedings, and Defendants refer to the transcript of those proceedings for Mr. Hackett's complete testimony.  Defendants deny any allegations in

Paragraph 130 that are inconsistent with that testimony. Defendants deny the remaining allegations in Paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants admit that Paragraph 133 refers to a March 22, 2018 email from Mr. Chappelle to Mr. Ellis and others attaching a report titled "STACK Meramec Spacing: Co-Completed Wells Shine, Child Wells Decline," and Defendants refer to the email and report for their complete contents. Defendants deny any allegations in Paragraph 133 that are inconsistent with the email and report. Defendants deny the remaining allegations in Paragraph 133.

134. Defendants admit that Paragraph 134 refers to an April 7, 2018 email from Mr. Chappelle to Mr. Turner and Mr. Bourque, and Defendants refer to the email for its complete contents. Defendants deny any allegations in Paragraph 134 that are inconsistent with the email. Defendants deny the remaining allegations in Paragraph 134.

135. Defendants deny the allegations in paragraph 135.

136. Defendants admit that Paragraph 136 refers to an April 2018 email conversation between Mr. Turner and Mr. Chappelle, and Defendants refer to the email conversation for its complete contents. Defendants deny any allegations in paragraph 136 that are inconsistent with the email conversation. Defendants deny the remaining allegations in Paragraph 136.

137. Defendants admit that Paragraph 137 refers to an April 16, 2018 email conversation involving Mr. Turner, Mr. Ellis, and others, and Defendants refer to the email

and attachment for their complete contents.  Defendants deny any allegations in Paragraph 137 that are inconsistent with the email and attachment.  Defendants deny the remaining allegations in Paragraph 137.

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants admit that Paragraph 139 refers to an April 17, 2018 email to Mr. Ellis, and Defendants refer to the email for its complete contents.  Defendants deny any allegations in Paragraph 139 that are inconsistent with the email.  Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants admit that Paragraph 140 refers to a July 5, 2018 email from Mr. Turner to Mr. Chappelle, and Defendants refer to the email for its complete contents. Defendants deny any allegations in Paragraph 140 that are inconsistent with the email. Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants admit that Paragraph 141 refers to a July 27, 2018 email conversation between Mr. Turner and Mr. Chappelle, and Defendants refer to the email conversation for its complete contents.  Defendants deny any allegations in Paragraph 141 that are inconsistent with the email conversation.   Defendants deny the remaining allegations in Paragraph 141.

142.    Defendants admit that Paragraph 142 refers to a PowerPoint Mr. Turner sent on July 31, 2018, entitled "Type Well Process and Review," to Mr. Ellis, Mr. Bourque, and others.  Defendants refer to the PowerPoint for its complete contents.  Defendants deny any allegations in Paragraph 142 that are inconsistent with the PowerPoint.  Defendants deny the remaining allegations in Paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    The allegations in Paragraph 144 are based on allegations in the Class Action Complaint that are based on unidentified confidential witnesses without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

145.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 145 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, convened an earnings call, and issued a press release.  Defendants refer to the Form 10-K, earnings call, and press release for their complete contents.  Defendants deny any allegations in Paragraph 146 that are inconsistent with the Form 10-K, earnings call, and press release.  Defendants deny the remaining allegations in Paragraph 146.

147.    Defendants deny the allegations in paragraph 147.

148.    Defendants admit that Paragraph 148 refers to a February 22, 2018 email from Kevin Bourque, and Defendants refer to the email for its complete contents. Defendants deny any allegations in Paragraph 148 that are inconsistent with the email. Defendants deny the remaining allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are based on allegations in the Class Action Complaint that are based on an unidentified confidential witness without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 that "beginning in 2017 Kingfisher knew that multiple large third-party producers had delayed drilling on acreage served by Kingfisher because those operators also realized the STACK play was not as lucrative as anticipated" and on that basis deny the allegations.  Defendants deny the remaining allegations in Paragraph 151.

152.     Defendants admit and aver that on August 16, 2017, Silver Run II issued a press release and filed a Form 8-K, and Defendants refer to the press release and Form 8-K for their complete contents.  Defendants deny any allegations in Paragraph 152 that are inconsistent with the press release and Form 8-K.   Defendants deny the remaining allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.     Defendants admit and aver that on August 17, 2017, Silver Run II convened a conference call and made a presentation, and Defendants refer to the conference call and presentation for their complete contents.  Defendants deny any allegations in Paragraph 154 that are inconsistent with the conference call or presentation.  Defendants deny the remaining allegations in Paragraph 154.

155.     Defendants deny the allegations in Paragraph 155.

156.     Defendants admit and aver that on August 17, 2017, Silver Run II convened a conference call, and Defendants refer to the conference call for its complete contents.

Defendants deny any allegations in Paragraph 156 that are inconsistent with the conference call.  Defendants deny the remaining allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants admit and aver that on January 19, 2018, Silver Run II issued the Proxy, and Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 158 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 158.

159.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 159 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 161 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 163 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants refer to the Proxy for its complete description of AMH's internal controls.  Defendants deny any allegations in Paragraph 165 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 165.

166.   Defendants deny the allegations in Paragraph 166.

167.   Defendants admit and aver that on February 21, 2018, Defendant Chappelle participated in the ENERCOM Dallas conference.  Defendants further admit and aver that on February 21, 2018, Alta Mesa made a presentation, and Defendants refer to the presentation for its complete contents.  Defendants deny any allegations in Paragraph 167 that are inconsistent with the presentation.  Defendants deny the remaining allegations in Paragraph 167.

168.   Defendants deny the allegations in Paragraph 168.

169.   Defendants admit and aver that on March 29, 2018, Alta Mesa issued a press release, and Defendants refer to the press release for its complete contents.  Defendants deny any allegations in Paragraph 169 that are inconsistent with the press release. Defendants deny the remaining allegations in Paragraph 169.

170.   Defendants deny the allegations in Paragraph 170.

171.   Defendants admit and aver that on March 29, 2018, Alta Mesa made a presentation, and Defendants refer to the presentation for its complete contents. Defendants deny any allegations in Paragraph 171 that are inconsistent with the earnings call and press release. Defendants deny the remaining allegations in Paragraph 171.

172.   Defendants deny the allegations in Paragraph 172.

173.   Defendants admit and aver that on March 29, 2018, Alta Mesa convened an earnings call.  Defendants refer to the earnings call for its complete contents.  Defendants deny any allegations in Paragraph 173 that are inconsistent with the earnings call. Defendants deny the remaining allegations in Paragraph 173.

174.     Defendants deny the allegations in Paragraph 174.

175.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 175 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 175.

176.     Defendants deny the allegations in Paragraph 176.

177.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete description of Alta Mesa's risk factors.  Defendants deny any allegations in Paragraph 177 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178.

179.     Defendants admit and aver that on May 14, 2018, Alta Mesa convened an earnings call and made a presentation, and Defendants refer to the earnings call and presentation for their complete contents.  Defendants deny any allegations in Paragraph 179 that are inconsistent with the earnings call and presentation.  Defendants deny the remaining allegations in Paragraph 179.

180.     Defendants deny the allegations in Paragraph 180.

181.     Defendants admit and aver that on May 14, 2018, Alta Mesa convened an earnings call.  Defendants refer to the earnings call for its complete contents.  Defendants deny any allegations in Paragraph 181 that are inconsistent with the earnings call.  Defendants deny the remaining allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.    Defendants admit and aver that on May 21, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete description of Alta Mesa's risk factors.  Defendants deny any allegations in Paragraph 183 that are inconsistent with the Form 10-Q and Form 10-K. Defendants deny the remaining allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants admit and aver that Alta Mesa prepared a slide presentation for the J.P. Morgan Energy Conference, dated June 18-20, 2018, and Defendants refer to the slide presentation for its complete contents.  Defendants deny any allegations in Paragraph 185 that are inconsistent with the slide presentation.   Defendants deny the remaining allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants admit and aver that on August 14, 2018, Alta Mesa convened an earnings call and made a presentation.   Defendants refer to the earnings call and presentation for their complete contents.  Defendants deny any allegations in Paragraph 187 that are inconsistent with the earnings call and presentation.  Defendants deny the remaining allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants admit and aver that on August 15, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete description of Alta Mesa's risk factors.  Defendants deny

any allegations in Paragraph 189 that are inconsistent with the Form 10-Q and Form 10-K. Defendants deny the remaining allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants admit and aver that on November 14, 2018, Alta Mesa filed a Form 10-Q, and Defendants refer to the Form 10-Q for its complete contents.  Defendants deny any allegations in Paragraph 191 that are inconsistent with the Form 10-Q. Defendants deny the remaining allegations in Paragraph 191.

192.    Defendants admit and aver that on November 14, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete description of Alta Mesa's risk factors.  Defendants deny any allegations in Paragraph 192 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants admit and aver that on August 16, 2017, Silver Run II filed a Form 8-K, and Defendants refer to the Form 8-K for its complete contents.  Defendants deny any allegations in Paragraph 194 that are inconsistent with the Form 8-K.  Defendants deny the remaining allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants admit and aver that on August 17, 2017, Silver Run II convened a conference call, and Defendants refer to the conference call for its complete contents. Defendants deny any allegations in Paragraph 196 that are inconsistent with the conference call.  Defendants deny the remaining allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 198 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 198.

199.    Defendants deny the allegations in Paragraph 199.

200.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 200 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 200.

201.    Defendants deny the allegations in Paragraph 201.

202.    Defendants refer to the Proxy for its complete contents.  Defendants deny any allegations in Paragraph 202 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants admit and aver that on February 21, 2018, Defendant Chappelle participated in the ENERCOM Dallas conference.  Defendants further admit and aver that on February 21, 2018, Alta Mesa made a presentation, and Defendants refer to the presentation for its complete contents.  Defendants deny any allegations in Paragraph 204 that are inconsistent with the presentation.  Defendants deny the remaining allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205.

206.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents.  Defendants deny

any allegations in Paragraph 206 that are inconsistent with the Form 10-K.  Defendants

deny the remaining allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form

10-K, and Defendants refer to the Form 10-K for its complete contents.  Defendants deny

any allegations in Paragraph 208 that are inconsistent with the Form 10-K.  Defendants

deny the remaining allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants admit and aver that on May 21, 2018, Alta Mesa filed a Form 10-

Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and

Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 210

that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining

allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants admit and aver that Alta Mesa prepared a slide presentation for

the J.P. Morgan Energy Conference, dated June 18-20, 2018, and Defendants refer to the

slide presentation for its complete contents.  Defendants deny any allegations in Paragraph

212 that are inconsistent with the slide presentation.  Defendants deny the remaining

allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants admit and aver that on August 14, 2018, Alta Mesa convened an

earnings call and made a presentation.  Defendants refer to the presentation for its complete

contents.  Defendants deny any allegations in Paragraph 214 that are inconsistent with the earnings call and presentation.  Defendants deny the remaining allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

216.    Defendants admit and aver that on August 15, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 216 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 216.

217.    Defendants deny the allegations in Paragraph 217.

218.    Defendants admit and aver that on November 14, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 218 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants refer to the Sarbanes-Oxley Act of 2002 ("SOX") for its complete contents.  Defendants refer to Alta Mesa's certifications filed with the SEC for their complete contents.  Defendants deny any allegations in Paragraph 220 that are inconsistent with SOX or Alta Mesa's certifications.  Defendants deny the remaining allegations in Paragraph 220.

221.    Defendants refer to SOX for its complete contents.  Defendants refer to Alta Mesa's certifications filed with the SEC for their complete contents.  Defendants deny any allegations in Paragraph 221 that are inconsistent with SOX or Alta Mesa's certifications. Defendants deny the remaining allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, and Defendants refer to the Form 10-K for its complete contents.  Defendants deny any allegations in Paragraph 223 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 2017 Form 10-K, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 225 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 2017 Form 10-K, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 227 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228.

229.     Defendants admit and aver that on March 29, 2018, Alta Mesa filed a certification pursuant to 18 U.S.C. § 1350 signed by Mr. Chappelle relating to Alta Mesa's 2017 Form 10-K, and Defendants refer to the certification for its complete contents. Defendants deny any allegations in Paragraph 229 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 229.

230.     Defendants deny the allegations in Paragraph 230.

231.     Defendants admit and aver that on May 21, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 231 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 231.

232.     Defendants deny the allegations in Paragraph 232.

233.     Defendants admit and aver that on May 21, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 1Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 233 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 233.

234.     Defendants deny the allegations in Paragraph 234.

235.     Defendants admit and aver that on May 21, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 1Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any

allegations in Paragraph 235 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants admit and aver that on May 21, 2018, Alta Mesa filed a certification pursuant to 18 U.S.C. § 1350 signed by Mr. Chappelle relating to Alta Mesa's 1Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents. Defendants deny any allegations in Paragraph 237 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants admit and aver that on August 15, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 239 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240.

241.    Defendants admit and aver that on August 15, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 2Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 241 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 241.

242.    Defendants deny the allegations in Paragraph 242.

243.     Defendants admit and aver that on August 15, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 2Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 243 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 243.

244.     Defendants deny the allegations in Paragraph 244.

245.     Defendants admit and aver that on August 15, 2018, Alta Mesa filed a certification pursuant to 18 U.S.C. § 1350 signed by Mr. Chappelle relating to Alta Mesa's 2Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 245 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 245.

246.     Defendants deny the allegations in Paragraph 246.

247.     Defendants admit and aver that on November 14, 2018, Alta Mesa filed a Form 10-Q, and on March 29, 2018, filed a Form 10-K, and Defendants refer to the Form 10-Q and Form 10-K for their complete contents.  Defendants deny any allegations in Paragraph 247 that are inconsistent with the Form 10-Q and Form 10-K.  Defendants deny the remaining allegations in Paragraph 247.

248.     Defendants deny the allegations in Paragraph 248.

249.     Defendants admit and aver that on November 14, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 3Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any

allegations in Paragraph 249 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 249.

250.   Defendants deny the allegations in Paragraph 250.

251.   Defendants admit and aver that on November 14, 2018, Alta Mesa filed a certification signed by Mr. Chappelle relating to Alta Mesa's 3Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 251 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 251.

252.   Defendants deny the allegations in Paragraph 252.

253.   Defendants admit and aver that on November 14, 2018, Alta Mesa filed a certification pursuant to 18 U.S.C. § 1350 signed by Mr. Chappelle relating to Alta Mesa's 3Q 2018 Form 10-Q, and Defendants refer to the certification for its complete contents.  Defendants deny any allegations in Paragraph 253 that are inconsistent with the certification.  Defendants deny the remaining allegations in Paragraph 253.

254.   Defendants deny the allegations in Paragraph 254.

255.   Defendants admit and aver that on March 31, 2021, this Court issued an Order (ECF 157) denying Defendants' motions to dismiss the Second Amended Complaint in Civil Action No. 4:19-CV-957.  Defendants refer to the Memorandum Opinion and Order (ECF 160) issued on April 14, 2021 for its complete description of the Court's decision.  Defendants deny any allegations in Paragraph 255 that are inconsistent with the Memorandum Opinion and Order.  Defendants deny the remaining allegations in Paragraph 255.

256.     Defendants admit and aver that on March 31, 2021, this Court issued an Order (ECF 157) denying Defendants' motions to dismiss the Second Amended Complaint in Civil Action No. 4:19-CV-957.    Defendants admit that Paragraph 256 contains an accurate partial quotation from the Memorandum Opinion and Order (ECF 160) issued on April 14, 2021, and Defendants refer to the Memorandum Opinion and Order for its complete description of the Court's decision.    Defendants deny any allegations in Paragraph 256 that are inconsistent with the Memorandum Opinion and Order.   Defendants deny the remaining allegations in Paragraph 256.

257.     Defendants admit and aver that on March 31, 2021, this Court issued an Order (ECF 157) denying Defendants' motions to dismiss the Second Amended Complaint in Civil Action No. 4:19-CV-957.   Defendants admit that Paragraph 257 contains accurate partial quotations from the Memorandum Opinion and Order (ECF 160) issued on April 14, 2021, and Defendants refer to the Memorandum Opinion and Order for its complete description of the Court's decision.   Defendants deny any allegations in Paragraph 257 that are inconsistent with the Memorandum Opinion and Order.   Defendants deny the remaining allegations in Paragraph 257.

258.     Defendants refer to the Proxy for its complete description of Kingfisher. Defendants deny any allegations in Paragraph 258 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 258.

259.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 and on that basis deny the allegations.

260.    Defendants refer to the Proxy for its complete description of the agreements and to the 2015 Gathering Agreements for their complete contents.  Defendants deny any allegations in Paragraph 260 that are inconsistent with the Proxy or the 2015 Gathering Agreements.  Defendants deny the remaining allegations in Paragraph 260.

261.    Defendants refer to the Proxy for its complete description of the agreements. Defendants deny any allegations in Paragraph 261 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 261.

262.    Defendants refer to the amended agreements for their complete contents. Defendants deny any allegations in Paragraph 262 that are inconsistent with the amended agreements.  Defendants deny the remaining allegations in Paragraph 262.

263.    Defendants deny the allegations in Paragraph 263.

264.    Defendants deny the allegations in Paragraph 264.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants refer to AMH's drilling results for its complete data.  Defendants deny any allegations in Paragraph 268 that are inconsistent with AMH's drilling results. Defendants deny the remaining allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants admit and aver that on August 11, 2016, AMH convened an earnings call, and Defendants refer to that earnings call for its complete contents.

Defendants deny any allegations in Paragraph 271 that are inconsistent with the earnings call.  Defendants deny the remaining allegations in Paragraph 271.

272.   Defendants admit and aver that on November 10, 2016, AMH convened an earnings call, and Defendants refer to that earnings call for its complete contents. Defendants admit and aver that on March 30, 2017, AMH convened an earnings call, and Defendants refer to that earnings call for its complete contents.  Defendants deny any allegations in Paragraph 272 that are inconsistent with those earnings calls.  Defendants deny the remaining allegations in Paragraph 272.

273.   The allegations in Paragraph 273 are based on allegations in the Class Action Complaint that are based on an unidentified confidential witness without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

274.   The allegations in Paragraph 274 are based on allegations in the Class Action Complaint which are based on an unidentified confidential witness without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

275.   Defendants deny the allegations in Paragraph 275.

276.   Defendants deny the allegations in Paragraph 276.

277.   The allegations in Paragraph 277 are based on allegations in the Class Action Complaint that are based on an unidentified confidential witness without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

278.   The allegations in Paragraph 278 are based on allegations in the Class Action Complaint that are based on an unidentified confidential witness without presenting any foundation or basis to substantiate the purported witness's knowledge or context, and are denied.

279.   Defendants deny the allegations in Paragraph 279.

280.   Defendants deny the allegations in Paragraph 280.

281.   Defendants refer to the Proxy for its complete description of founder shares. Defendants deny any allegations in Paragraph 281 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 281.

282.   Defendants refer to the Proxy for its complete description of founder shares. Defendants deny any allegations in Paragraph 282 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 282.

283.   Defendants refer to the Proxy for its complete description of founder shares. Defendants deny any allegations in Paragraph 283 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 283.

284.   Defendants refer to the Proxy for its complete description of founder shares. Defendants deny any allegations in Paragraph 284 that are inconsistent with the Proxy. Defendants deny the remaining allegations in Paragraph 284.

285.   Defendants deny the allegations in Paragraph 285.

286.   Defendants refer to the Proxy for its complete description of Bayou City and HPS.  Defendants deny any allegations in Paragraph 286 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 286.

287.     Defendants deny the allegations in Paragraph 287.

288.     Defendants deny that Defendants made any misrepresentations or failed to disclose any material facts.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 288 and on that basis deny the allegations.

289.     Defendants deny that Defendants made any materially false or misleading statements or misrepresentations.  Defendants deny the remaining allegations in Paragraph 289.

290.     Defendants deny the allegations in Paragraph 290.

291.     Defendants refer to No. 19-cv-957, ECF No. 240 for its complete contents. Defendants deny any allegations in Paragraph 291 that are inconsistent with No. 19-cv-957, ECF No. 240.  Defendants deny the remaining allegations in Paragraph 291.

292.     Defendants deny that Defendants made any misstatements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 292 and on that basis deny the remaining allegations.

293.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and on that basis deny the allegations.

294.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 and on that basis deny the allegations.

295.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 and on that basis deny the allegations.

296.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 296 and on that basis deny the remaining allegations.

297.    Defendants deny the allegations in Paragraph 297.

298.    Defendants deny the allegations in Paragraph 298.

299.    Defendants deny the allegations in Paragraph 299.

300.    Defendants admit and aver that on March 29, 2018, Alta Mesa filed a Form 10-K, convened an earnings call, and issued a press release, and Defendants refer to the Form 10-K, earnings call, and press release for their complete contents.  Defendants deny any allegations in Paragraph 300 that are inconsistent with the Form 10-K, earnings call, and press release.  Defendants deny the remaining allegations in Paragraph 300.

301.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 301 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 301.

302.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 302 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 302.

303.   Defendants deny the allegations in Paragraph 303.

304.   Defendants admit and aver that on August 14, 2018, Alta Mesa issued a Form 8-K, convened an earnings call, and made a presentation and Defendants refer to that Form 8-K, earnings call, and presentation for their complete contents.   Defendants deny any allegations in Paragraph 304 that are inconsistent with the Form 8-K, earnings call, and presentation.   Defendants deny the remaining allegations in Paragraph 304..

305.   Defendants deny that Defendants made any materially false or misleading statements.   Defendants admit and aver that Paragraph 305 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.   Defendants deny the remaining allegations in Paragraph 305.

306.   Defendants deny that Defendants made any materially false or misleading statements.   Defendants admit and aver that Paragraph 306 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.   Defendants deny the remaining allegations in Paragraph 306.

307.   Defendants deny the allegations in Paragraph 307.

308.   Defendants admit and aver that, on November 14, 2018, Defendant filed a Form 10-Q and on November 13, 2018, issued a press release, and Defendants refer to the Form 10-Q and press release for their complete description of Defendant's financial results and projections.   Defendants deny any allegations in Paragraph 383 that are inconsistent

with the Form 10-Q and press release.  Defendants deny the remaining allegations in Paragraph 308.

309.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 309 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 309.

310.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 310 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 310.

311.    Defendants deny the allegations in Paragraph 311.

312.    Defendants admit and aver that on February 25, 2019, Alta Mesa issued a press release, and Defendants refer to the press release for its complete contents. Defendants deny any allegations in Paragraph 312 that are inconsistent with the press release.  Defendants deny the remaining allegations in Paragraph 312.

313.    Defendants admit and aver that on February 25, 2019, Alta Mesa issued a press release, and Defendants refer to the press release for its complete contents. Defendants deny any allegations in Paragraph 313 that are inconsistent with the press release.  Defendants deny the remaining allegations in Paragraph 313.

314.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 314 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 314.

315.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 315 purports to reference certain per share closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 315.

316.    Defendants admit and aver that on May 17, 2019, Alta Mesa Holdings, LP filed a Form 10-K and issued a press release, and Defendants refer to the Form 10-K and press release for their complete contents.  Defendants deny any allegations in Paragraph 316 that are inconsistent with the Form 10-K or the press release.  Defendants deny the remaining allegations in Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants admit and aver that on May 17, 2019, Alta Mesa Holdings, LP filed a Form 10-K, and Defendants refer to the Form 10-K for its complete description of advisors.  Defendants deny any allegations in Paragraph 318 that are inconsistent with the Form 10-K.  Defendants deny the remaining allegations in Paragraph 318.

319.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants admit that Paragraph 319 purports to reference certain per share

closing prices of Alta Mesa's common stock, and Defendants refer to the publicly reported closing prices of Alta Mesa's common stock.  Defendants deny the remaining allegations in Paragraph 319.

320.    Defendants deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322.

323.    Defendants repeat and reallege their responses to Paragraphs 1–322 to the extent those Paragraphs are properly incorporated into Count I.

324.    Defendants deny the allegations in Paragraph 324.

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants deny the allegations in Paragraph 327.

328.    Defendants deny the allegations in Paragraph 328.

329.    Defendants deny the allegations in Paragraph 329.

330.    Defendants deny the allegations in Paragraph 330.

331.    Defendants deny the allegations in Paragraph 331.

332.    Defendants repeat and reallege their responses to Paragraphs 1–331 to the extent those Paragraphs are properly incorporated into Count II.

333.    Defendants deny the allegations in Paragraph 333.

334.    Defendants deny the allegations in Paragraph 334.

335.    Defendants repeat and reallege their responses to Paragraphs 1–334 to the extent those Paragraphs are properly incorporated into Count III.

336.    Defendants deny the allegations in Paragraph 336.

337.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 and on that basis deny the allegations.

338.    Defendants deny that Defendants made any materially false or misleading statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 with respect to Plaintiffs' alleged reliance and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 338.

339.    Defendants deny the allegations in Paragraph 339.

340.    Defendants deny the allegations in Paragraph 340.

341.    Defendants deny the allegations in Paragraph 341.

342.    Defendants deny the allegations in Paragraph 342.

343.    Defendants repeat and reallege their responses to Paragraphs 1–342 to the extent those Paragraphs are properly incorporated into Count IV.

344.    Defendants deny the allegations in Paragraph 344.

345.    Defendants deny the allegations in Paragraph 345.

346.    Defendants deny the allegations in Paragraph 346.

347.    Defendants admit that Defendants Walker and Coats did not violate Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), or Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9.  Defendants deny the remaining allegations in Paragraph 347.

348.    Defendants refer to the Proxy, including any cover letters, for its complete contents.  Defendants deny any allegations in Paragraph 348 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 348.

349.    Defendants refer to the Proxy, including any cover letters, for its complete contents.  Defendants deny any allegations in Paragraph 349 that are inconsistent with the Proxy.  Defendants deny the remaining allegations in Paragraph 349.

350.    Defendants deny the allegations in Paragraph 350.

351.    Defendants deny the allegations in Paragraph 351.

352.    Defendants deny the allegations in Paragraph 352.

353.    Defendants deny the allegations in Paragraph 353.

354.    Defendants deny the allegations in Paragraph 354.

355.    Defendants admit that Defendants Walker and Coats did not violate Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), or Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9.  Defendants deny the remaining allegations in Paragraph 355.

356.    Defendants repeat and reallege their responses to Paragraphs 1–355 to the extent those Paragraphs are properly incorporated into Count V.

357.    Defendants admit that Defendants Walker and Coats did not violate Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), or Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9.  Defendants deny the remaining allegations in Paragraph 357.

358.    Defendants deny the allegations in Paragraph 358.

359.    Defendants deny the allegations in Paragraph 359.

360.    Defendants deny the allegations in Paragraph 360.

361.    Defendants repeat and reallege their responses to Paragraphs 1–360 to the extent those Paragraphs are properly incorporated into Count VI.

362.    Defendants deny the allegations in Paragraph 362.

363.    Defendants deny the allegations in Paragraph 363.

364.    Defendants deny the allegations in Paragraph 364.

365.    Defendants deny the allegations in Paragraph 365.

366.    Defendants deny the allegations in Paragraph 366.

367.    Defendants deny the allegations in Paragraph 367.

368.    Defendants deny the allegations in Paragraph 368.

369.    Defendants repeat and reallege their responses to Paragraphs 1–368 to the extent those Paragraphs are properly incorporated into Count VII.

370.    Defendants deny the allegations in Paragraph 370.

371.    Defendants deny the allegations in Paragraph 371.

372.    Defendants deny the allegations in Paragraph 372.

373.    Defendants deny the allegations in Paragraph 373.

374.    Defendants deny the allegations in Paragraph 374.

375.    Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

377.    Defendants deny the allegations in Paragraph 377.

378.    Defendants admit that Plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Defendants do not concede that they bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations. Defendants further reserve the right to assert additional affirmative defenses.  Defendants also adopt and incorporate by reference any applicable defense pleaded by any other Defendant in this action not expressly set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Defendants exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action. Defendants are therefore not subject to liability under the federal securities laws.  15 U.S.C. §§ 78(t), 78w(a)(1).

## SECOND AFFIRMATIVE DEFENSE

No Defendant is liable for any alleged damages suffered by Plaintiffs to the extent that their purported damages, if any, were caused or contributed to, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendant over which Defendant had no control.  15 U.S.C. § 78u-4(f)(3)(A).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence and/or the proportionate liability provisions of Texas law.  Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[1] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable because certain alleged misstatements were forward-looking statements and thus are immunized by the Safe Harbor provided by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1), and the bespeaks caution doctrine.  The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

---

[1] For purposes of Defendants' affirmative defenses, references to "Alta Mesa" includes Silver Run Acquisition Corporation II.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Defendants because they knew or should have known the allegedly omitted or misstated information or ratified the alleged wrongful acts and omissions alleged in the Complaint or would have purchased Alta Mesa securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 14(a) (15 U.S.C. § 78n) against Riverstone are barred, in whole or in part, because Riverstone did not solicit or permit its name to be used to solicit their proxies in connection with the Proxy Statement or the Business Combination.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Riverstone are barred, in whole or in part, because Riverstone is not a proper Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or statute of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable under Section 18 (15 U.S.C. § 78r) because Defendants acted in good faith and had no knowledge that allegedly omitted or misstated information was false or misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, and other related equitable defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of Common Law Fraud and a violation of Texas Business and Commerce Code Section 27.01 are barred by the Securities Litigation Uniform Standards Act (15 U.S.C. § 78bb(f)).

**WHEREFORE**, Defendants respectfully request that the Court enter judgment for them by adjudging and decreeing:

1. That Plaintiffs take nothing by reason of this Complaint, and that judgment be rendered in favor of Defendants;

2. That the Complaint, and each purported cause of action against Defendants, be dismissed with prejudice;

3.  That the Court grant Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.  That the Court award Defendants any such other and further relief as the Court may deem just and proper.

Dated: July 12, 2023

/s/ J. Christian Word
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Roman Martinez (*pro hac vice*)
D.C. Bar No. 1001100
Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Roman.Martinez@lw.com
Matthew.Peters@lw.com
Laura.Bladow@lw.com

Ashley Gebicke (*pro hac vice*)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive

San Diego, CA 92130
Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com
*Counsel for Defendants Alta Mesa*
*Resources, Inc., f/k/a Silver Run*
*Acquisition Corporation II; Riverstone*
*Holdings LLC; Harlan H. Chappelle;*
*Stephen S. Coats; Michael E. Ellis;*
*William D. Gutermuth; James T.*
*Hackett; Pierre F. Lapeyre, Jr.; David*
*M. Leuschen; Donald R. Sinclair;*
*Ronald J. Smith; Jeffrey H. Tepper;*
*Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle,*
*Michael E. Ellis*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 12, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ <em>J. Christian Word</em>

J. Christian Word
