# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

IN RE ALTA MESA RESOURCES,
INC. SECURITIES LITIGATION

Case No. 4:19-cv-00957

## CLASS ACTION

# AMENDED ANSWER ON BEHALF OF DONALD DIMITRIEVICH
# TO THE ALYESKA PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Donald Dimitrievich ("Mr. Dimitrievich") respectfully submits the following Amended Answer to the Complaint filed by Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. ("Plaintiffs"). Mr. Dimitrievich denies all allegations unless expressly stated otherwise, and further states that no allegations accuse Mr. Dimitrievich with particularity of having committed any wrongdoing.

Mr. Dimitrievich denies the allegations in the introductory paragraphs to the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the statements concerning Plaintiffs' alleged investigation concerning their purported causes of action, and admits that Plaintiffs purport to bring an action against certain Defendants.

## I.  NATURE OF THE ACTION[1]

1.  Mr. Dimitrievich denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring an action against certain Defendants.

2.  Mr. Dimitrievich respectfully refers the Court to the commentary referenced in Paragraph 2 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

3.  Mr. Dimitrievich denies the allegations in Paragraph 3.

---

[1] For ease of reference, the section headings are copied from the Complaint. They require no response. To the extent a response is required, they are denied.

4.      Mr. Dimitrievich respectfully refers the Court to the announcement referenced in Paragraph 4 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

5.      Mr. Dimitrievich denies the allegations in Paragraph 5.

6.      Mr. Dimitrievich denies the allegations in Paragraph 6.

7.      Mr. Dimitrievich respectfully refers the Court to the Opinion referenced in Paragraph 7 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

8.      Mr. Dimitrievich denies the allegations in Paragraph 8.

9.      Mr. Dimitrievich admits the allegations in the first two sentences of Paragraph 9.  Mr. Dimitrievich denies the allegations in the third sentence of Paragraph 9.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 9, except denies that any conduct on the part of Mr. Dimitrievich caused harm to Alyeska.

10.      Mr. Dimitrievich denies the allegations in Paragraph 10.

11.      Mr. Dimitrievich denies the allegations in Paragraph 11.

12.      Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 12.  As to the remaining allegations in Paragraph 12, Mr. Dimitrievich respectfully refers the Court to the Opinion referenced in Paragraph 12 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## II.   JURISDICTION AND VENUE

13.   Paragraph 13 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 13.

14.   Paragraph 14 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 14.

15.   Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 15.  Mr. Dimitrievich admits the allegations in the second sentence of Paragraph 15.

16.   Mr. Dimitrievich denies the allegations in Paragraph 16.

## III.   PARTIES

### A.   Plaintiffs

17.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 17.

18.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 18.

19.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 19.  Mr. Dimitrievich denies the allegations in the third sentence of Paragraph 19.

### B.   Defendants

#### 1.   Defendant Alta Mesa

20.   Mr. Dimitrievich admits the allegations in Paragraph 20.

### 2.      Proxy Defendants

21.     Mr. Dimitrievich admits the allegations in Paragraph 21.

22.     Mr. Dimitrievich admits the allegations in Paragraph 22.

23.     Mr. Dimitrievich admits the allegations in Paragraph 23.

24.     Mr. Dimitrievich admits the allegations in Paragraph 24.

25.     Mr. Dimitrievich admits the allegations in Paragraph 25.

26.     Mr. Dimitrievich admits the allegations in Paragraph 26.

27.     The allegations in the first two sentences of Paragraph 27 require no response as they merely define a term used in the Complaint.  As to the allegations in the third sentence of Paragraph 27, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 27 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

### 3.      The Management Defendants

28.     Mr. Dimitrievich admits the allegations in Paragraph 28.

29.     Mr. Dimitrievich admits the allegations in Paragraph 29.

30.     Mr. Dimitrievich admits the allegations in Paragraph 30, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the SEC investigation, its timing, or it relationship (if any) to Mr. Smith's resignation.

31.     The allegations in Paragraph 31 require no response as they merely define a term used in the Complaint.  To the extent a response is required, the allegations in Paragraph 31 are denied.

### 4.     The Board Defendants

32.     Mr. Dimitrievich admits the allegations in Paragraph 32.

33.     Mr. Dimitrievich admits the allegations in Paragraph 33.

34.     Mr. Dimitrievich admits the allegations in Paragraph 34.

35.     Mr. Dimitrievich admits the allegations in the first and third sentences of Paragraph 35.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 35.

36.     Mr. Dimitrievich admits the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 require no response as they merely define a term used in the Complaint.  To the extent a response is required to the allegations in Paragraph 37, the allegations are denied.

### 5.     The Control Entity Defendants

38.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 38.  Mr. Dimitrievich admits the allegations in the last sentence of Paragraph 38.

39.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 39.  Mr. Dimitrievich denies the allegations in the fourth sentence of Paragraph 39.

40.     Mr. Dimitrievich admits the allegations in Paragraph 40, except denies that HPS owns a significant portion of Alta Mesa.

41.     Mr. Dimitrievich denies knowledge or information admits the allegations in Paragraph 41.

42.     The allegations in the first sentence of Paragraph 42 require no response as they merely define a term used in the Complaint.  To the extent a response to the allegations in the first sentence of Paragraph 42 is required, they are denied.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 42.

### C.     Relevant Non-Parties

43.     Mr. Dimitrievich denies the allegations in the first and third sentences of Paragraph 43.  Mr. Dimitrievich admits the allegations in the second and fifth sentences of Paragraph 43.  Mr. Dimitrievich denies  knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 43.

## IV.   FACTUAL ALLEGATIONS

### A.     The Formation of the Silver Run SPAC Vehicle

44.     Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 44.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44.

45.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, except admits that NASDAQ has certain rules that relate to SPACs and respectfully refers the Court to those rules for their true and correct content, and denies the allegations to the extent that Plaintiffs have misreported that content.  Mr. Dimitrievich also respectfully refers the Court to the article referenced in the last sentence of Paragraph 45 for its true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

46.     Mr. Dimitrievich respectfully refers the Court to the public statement referenced in Paragraph 46 for its true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

47.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, except denies any wrongdoing to the extent Paragraph 47 alleges that Mr. Dimitrievich committed any wrongdoing, and respectfully refers the Court to the SEC statement referenced in Paragraph 47 for its true and correct contents and denies the allegations to the extent Plaintiffs have misreported those contents.

48.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Mr. Dimitrievich respectfully refers the Court to the SEC rules referenced in Paragraph 49 for their true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

50.     Mr. Dimitrievich denies the allegations in Paragraph 50.

**B.      The Merger of Silver Run with AMH and Kingfisher**

51.     Mr. Dimitrievich denies the allegations in Paragraph 51.

52.     Mr. Dimitrievich respectfully refers the Court to the prospectus referenced in Paragraph 52 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

53.     Mr. Dimitrievich admits the allegations in Paragraph 53.

54.     Mr. Dimitrievich denies that the  allegations in Paragraph 54 provide a complete record of the interests it purports to describe.

55.     Mr. Dimitrievich respectfully refers the Court to the SEC Form 8-K referenced in the first sentence of Paragraph 55 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

56.     Mr. Dimitrievich respectfully refers the Court to the announcement referenced in Paragraph 56 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

57.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 57 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

58.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 58 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

59.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 59 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

60.     Mr. Dimitrievich respectfully refers the Court to the Form 10-K referenced in Paragraph 60 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

### C.    Alta Mesa's Post-Merger Financial Disclosures Immediately Fall Short

61.    Mr. Dimitrievich respectfully refers the Court to the SEC documents, release, and other public statements referenced in Paragraph 61 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

62.    Mr. Dimitrievich respectfully refers the Court to the SEC documents and release referenced in Paragraph 62 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

63.    Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 63 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

64.    Mr. Dimitrievich respectfully refers the Court to the release referenced in Paragraph 64 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

65.    Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 65 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

66.    Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 66 to the extent they are inconsistent with those publicly-reported prices.

**D.      Alta Mesa's Second Quarter 2018 Results Also Fall Short**

67.     Mr. Dimitrievich respectfully refers the Court to the public statements referenced in Paragraph 67 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

68.     Mr. Dimitrievich respectfully refers the Court to the 8-K referenced in Paragraph 68 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

69.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript and 8-K referenced in Paragraph 69 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

70.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 70 to the extent they are inconsistent with those publicly-reported prices, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the reason the stock price declined.

**E.      Alta Mesa's Third Quarter 2018 Results Are No Better Than Previous Results and Its CFO Resigns**

71.     Mr. Dimitrievich respectfully refers the Court to the 8-K and Proxy referenced in Paragraph 71 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

72.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 72 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

73.     Mr. Dimitrievich admits the allegations in Paragraph 73.

74.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 74 to the extent they are inconsistent with those publicly-reported prices.

**F.     More Executives Resign, Alta Mesa Discloses Material Internal Control Weaknesses, Is Unable to File Its 2018 Annual Report, Takes a $3.1 Billion Write-Down, and Ultimately Goes Bankrupt**

75.     Mr. Dimitrievich admits the allegations in Paragraph 75.

76.     Mr. Dimitrievich respectfully refers the Court to the contents of the 8-K referenced in Paragraph 76 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

77.     Mr. Dimitrievich respectfully refers the Court to the contents of the 8-K referenced in Paragraph 77 or its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

78.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 78 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

79.     Mr. Dimitrievich denies the allegations in Paragraph 79, except respectfully refers the Court to the publicly filed documents  referenced in Paragraph 79 for their true

and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

80.   Mr. Dimitrievich denies the allegations in Paragraph 80.

81.   Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and SEC filing referenced in Paragraph 81 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and  denies knowledge or information sufficient to form a belief as to the cause of the alleged decline in Alta Mesa's stock price alleged in Paragraph 81.

82.   Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 82 to the extent they are inconsistent with those publicly-reported price.

83.   Mr. Dimitrievich admits the allegations in Paragraph 83.

84.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 84.  Mr. Dimitrievich respectfully refers the Court to the NASDAQ notices referenced in the second sentence of Paragraph 84 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

85.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 85, for its true and correct contents, denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies Plaintiffs' characterization of those contents.

86.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 86 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

87.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 87 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

88.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 88 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

89.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 88 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

90.     Dr. Dimitrievich admits the allegations in Paragraph 90.

91.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 91 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

92.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 92 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

93.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 93 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

94.     Mr. Dimitrievich admits the allegations in Paragraph 94.

95.     Mr. Dimitrievich admits the allegations in Paragraph 95, but denies knowledge or information sufficient to form a belief as to Plaintiffs' use of the term "related entities."

96.     Mr. Dimitrievich admits the allegations in Paragraph 96.

97.     Mr. Dimitrievich respectfully refers the Court to the Opinion referenced in Paragraph 97 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

**G.    Alta Mesa's Collapse Resulted From Defendants' Intentional Misconduct**

98.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and bankruptcy proceedings referenced in the first sentence of Paragraph 98, and the SEC filing referenced in the second sentence of Paragraph 98, for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 98.

99.     Mr. Dimitrievich denies the allegations in Paragraph 99.

**1.     Before the Merger, Defendants Systematically Looted AMH for the Benefit of Kingfisher.**

100.    Mr. Dimitrievich denies the allegations in Paragraph 100.

101.    Mr. Dimitrievich admits that AMH began expanding its operations in the STACK in 2014 and that AMH used midstream companies for certain purposes, and

denies knowledge or information sufficient to form a belief as to the meaning of the term "independent" in Paragraph 101 as used by Plaintiffs.

102.    Mr. Dimitrievich admits the allegation in Paragraph 102 that HPS participated in creating Kingfisher Midstream, LLC, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what that company "would" do or Plaintiffs' meaning as to that term.

103.    Mr. Dimitrievich admits the allegations in Paragraph 103 that funds managed by HPS provided funding to Kingfisher, and denies knowledge or information sufficient to form a belief as to the meaning of "large" or "stake" as used by Plaintiffs.

104.    Mr. Dimitrievich denies the allegations in Paragraph 104, except respectfully refers the Court to the presentations referenced in Paragraph 104 for its true and accurate contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

105.    Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 105. Mr. Dimitrievich respectfully refers the Court to the agreements referenced in Paragraph 105 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, except denies Plaintiffs' characterization in the second sentence of Paragraph 105.

106.    Mr. Dimitrievich denies the allegations in Paragraph 106.

107.    Mr. Dimitrievich denies the allegations in Paragraph 107, and denies the allegations in the second sentence as providing an incomplete picture of the agreements between AMH and Kingfisher.

15

108.    Mr. Dimitrievich denies the allegations in Paragraph 108.

109.    Mr. Dimitrievich respectfully refers the Court to the agreements referenced in Paragraph 109 for their true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

110.    Mr. Dimitrievich denies the allegations in Paragraph 110.

111.    Mr. Dimitrievich denies the allegations in Paragraph 111.

112.    Mr. Dimitrievich denies the allegations in Paragraph 112.

113.    Mr. Dimitrievich denies the allegations in Paragraph 113, and denies knowledge or information sufficient to form a belief as to internal emails of the Company prior to the Business Combination.

> **2.     Before the Merger, Defendants Knew That the Production Projections Made by AMH and Alta Mesa Were Not Achievable.**

114.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 114.

115.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Mr. Dimitrievich admits the allegations in Paragraph 117.

118.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Mr. Dimitrievich denies the allegations in Paragraph 120, except respectfully refers the Court to the documents containing the well statistics cited by Plaintiff in Paragraph 120 for their true and correct contents, and denies the allegations to the extent they are inconsistent with those contents.

121.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 124 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

125.    Mr. Dimitrievich respectfully refers the Court to the email referenced in the first sentence of Paragraph 125 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

126.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 126 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

127.    Mr. Dimitrievich denies the allegations in Paragraph 127.

128.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 128, except respectfully refers the Court to the documents containing the well statistics for 2016 and 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

129.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 128, except respectfully refers the Court to the documents containing the rig statistics for 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

130.    Mr. Dimitrievich denies the allegations in Paragraph 130, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle, Ellis, and Hackett allegedly knew, and respectfully refers the Court to the testimony referenced in the second sentence of Paragraph 130 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

131.    Mr. Dimitrievich denies the allegations in Paragraph 131.

132.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, except respectfully refers the

Court to the document referenced in Paragraph 133 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

134.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 134 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

135.    Mr. Dimitrievich denies the allegations in Paragraph 135, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle and Ellis agreed to or knew.

136.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 136 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

137.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 137 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

138.    Mr. Dimitrievich respectfully refers the Court to the spreadsheet referenced in Paragraph 138 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

139.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 139 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

140.   Mr. Dimitrievich respectfully refers the Court to the email referenced in Paragraph 140 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

141.   Mr. Dimitrievich respectfully refers the Court to the email referenced in Paragraph 141 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

142.   Mr. Dimitrievich respectfully refers the Court to the email referenced in Paragraph 142 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

143.   Mr. Dimitrievich denies the allegations in Paragraph 143.

144.   Mr. Dimitrievich denies the allegations in Paragraph 144, except respectfully refers the Court to the Complaint referenced in Paragraph 144 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

145.   Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 144 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

146.   Mr. Dimitrievich denies the allegations in Paragraph 146, except respectfully refers the Court to the public statements referenced in Paragraph 146 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

147.    Mr. Dimitrievich denies the allegations in the first two sentences of Paragraph 147. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in last three sentences of Paragraph 147.

148.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, except respectfully refers the Court to the communications referenced in Paragraph 148 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

149.    Mr. Dimitrievich denies the allegations in Paragraph 149, except respectfully refers the Court to the Complaint referenced in Paragraph 149, and to the documents containing ESP statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

150.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.    Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 151.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of Paragraph 151.

## V.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A.    Materially False and Misleading Statements About AMH/Alta Mesa Oil Production and Drilling Methods

152.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 152 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

153.    Mr. Dimitrievich denies the allegations in Paragraph 153.

154.    Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 154 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

155.    Mr. Dimitrievich denies the allegations in Paragraph 155.

156.    Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 156 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

157.    Mr. Dimitrievich denies the allegations in Paragraph 157.

158.    Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 158.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 158.

159.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 159 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

160.    Mr. Dimitrievich denies the allegations in Paragraph 160.

161.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 161 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

162.     Mr. Dimitrievich denies the allegations in Paragraph 162.

163.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 163 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

164.     Mr. Dimitrievich denies the allegations in Paragraph 164.

165.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 165 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

166.     Mr. Dimitrievich denies the allegations in Paragraph 166.

167.     Mr. Dimitrievich respectfully refers the Court to the slide deck referenced in Paragraph 167 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

168.     Mr. Dimitrievich denies the allegations in Paragraph 168.

169.     Mr. Dimitrievich respectfully refers the Court to the press release referenced in Paragraph 169 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

170.     Mr. Dimitrievich denies the allegations in Paragraph 170.

171.     Mr. Dimitrievich respectfully refers the Court to the slide presentation referenced in Paragraph 171 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

172.     Mr. Dimitrievich denies the allegations in Paragraph 172.

173.     Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 173 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

174.     Mr. Dimitrievich denies the allegations in Paragraph 174.

175.     Mr. Dimitrievich respectfully refers the Court to the 10-K referenced in Paragraph 175 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

176.     Mr. Dimitrievich denies the allegations in Paragraph 176.

177.     Mr. Dimitrievich respectfully refers the Court to the 10-K referenced in Paragraph 177 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

178.     Mr. Dimitrievich denies the allegations in Paragraph 178.

179.     Mr. Dimitrievich respectfully refers the Court to the slide presentation referenced in Paragraph 179 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

180.     Mr. Dimitrievich denies the allegations in Paragraph 180.

181.    Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 181 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

182.    Mr. Dimitrievich denies the allegations in Paragraph 182.

183.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 183 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

184.    Mr. Dimitrievich denies the allegations in Paragraph 184.

185.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 185 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

186.    Mr. Dimitrievich denies the allegations in Paragraph 186.

187.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 187 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

188.    Mr. Dimitrievich denies the allegations in Paragraph 188.

189.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 189 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

190.    Mr. Dimitrievich denies the allegations in Paragraph 190.

191.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 191 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

192.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 192 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

193.    Mr. Dimitrievich denies the allegations in Paragraph 193.

**B.    Materially False and Misleading Statements About Kingfisher's Prospects and Expected Revenue**

194.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 194 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

195.    Mr. Dimitrievich denies the allegations in Paragraph 195.

196.    Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 196 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

197.    Mr. Dimitrievich denies the allegations in Paragraph 197.

198.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 198 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

199.    Mr. Dimitrievich denies the allegations in Paragraph 199.

200.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 200 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

201.    Mr. Dimitrievich denies the allegations in Paragraph 201.

202.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 202 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents

203.    Mr. Dimitrievich denies the allegations in Paragraph 203.

204.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 204 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

205.    Mr. Dimitrievich denies the allegations in Paragraph 205.

206.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 206 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

207.    Mr. Dimitrievich denies the allegations in Paragraph 207.

208.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 208 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

209.    Mr. Dimitrievich denies the allegations in Paragraph 209.

210.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 210 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

211.   Mr. Dimitrievich denies the allegations in Paragraph 211.

212.   Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 212 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

213.   Mr. Dimitrievich denies the allegations in Paragraph 213.

214.   Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 214 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

215.   Mr. Dimitrievich denies the allegations in Paragraph 215.

216.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 216 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

217.   Mr. Dimitrievich denies the allegations in Paragraph 217.

218.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 218 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

219.   Mr. Dimitrievich denies the allegations in Paragraph 219.

**C.      Materially False and Misleading Statements About Alta Mesa's Internal Controls**

220.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 220.  Mr. Dimitrievich respectfully refers the Court to the legislation referenced in the remaining sentences of Paragraph 220 for its true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

221.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, except respectfully refers the Court to the legislation referenced in Paragraph 221 to the extent for its true and correct contents to the extent Paragraph 221 refers to that legislation, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

222.    Mr. Dimitrievich denies the allegations in Paragraph 222.

223.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 223 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

224.    Mr. Dimitrievich denies the allegations in Paragraph 224.

225.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 225 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

226.    Mr. Dimitrievich denies the allegations in Paragraph 226.

227.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 227 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

228.    Mr. Dimitrievich denies the allegations in Paragraph 228.

229.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 229 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

230.    Mr. Dimitrievich denies the allegations in Paragraph 230.

231.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 231 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

232.    Mr. Dimitrievich denies the allegations in Paragraph 232.

233.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 233 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

234.    Mr. Dimitrievich denies the allegations in Paragraph 234.

235.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 235 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

236.    Mr. Dimitrievich denies the allegations in Paragraph 236.

237.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 237 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

238.    Mr. Dimitrievich denies the allegations in Paragraph 238.

239.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 239 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

240.    Mr. Dimitrievich denies the allegations in Paragraph 240.

241.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 241 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

242.    Mr. Dimitrievich denies the allegations in Paragraph 242.

243.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 243 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

244.    Mr. Dimitrievich denies the allegations in Paragraph 244.

245.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 245 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

246.    Mr. Dimitrievich denies the allegations in Paragraph 246.

247.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 247 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

248.    Mr. Dimitrievich denies the allegations in Paragraph 248.

249.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 249 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

250.    Mr. Dimitrievich denies the allegations in Paragraph 250.

251.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 251 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

252.    Mr. Dimitrievich denies the allegations in Paragraph 252.

253.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 253 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

254.    Mr. Dimitrievich denies the allegations in Paragraph 254.

**D.    This Court's Decision Denying the Motion to Dismiss the Class Action Complaint Confirms Defendants' Numerous Materially False and Misleading Statements**

255.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 255 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

256.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 256 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## VI.    SUMMARY OF DEFENDANTS' SCIENTER

257.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 257 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

258.    Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 258.  As to the second sentence of Paragraph 258, Mr. Dimitrievich admits that HPS provided certain funding to Kingfisher.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 258.

259.    Mr. Dimitrievich respectfully refers the Court to the presentations referenced in Paragraph 259 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

260.    Mr. Dimitrievich denies the allegations in Paragraph 260, except respectfully refers the Court to the agreements referenced in Paragraph 260 for their true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

261.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261.

262.     Mr. Dimitrievich respectfully refers the Court to the agreement referenced in Paragraph 262 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  Mr. Dimitrievich further denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 262.

263.     Mr. Dimitrievich denies the allegations in Paragraph 263.

264.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264.

265.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265.

266.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266.

267.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267.

268.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268.

269.     Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 269.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 269.

270.     Mr. Dimitrievich denies the allegations in Paragraph 270, except states that the first sentence of Paragraph 270 contains a legal conclusion to which no response is

required, and to the extent a response is required, the allegations in the first sentence of Paragraph 270 are denied.

271.   Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 271 for its true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

272.   Mr. Dimitrievich respectfully refers the Court to the calls referenced in Paragraph 272 for their true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

273.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 273, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 273 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

274.   Mr. Dimitrievich denies the allegations in Paragraph 274.

275.   Mr. Dimitrievich denies the allegations in Paragraph 275, except denies knowledge or information sufficient to form a belief as to what Alta Mesa management knew, and respectfully refers the Court to the documents containing the ESP cost statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

276.   Mr. Dimitrievich denies the allegations in Paragraph 276.

277.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277, and respectfully refers the Court

to the Class Action Complaint referenced in Paragraph 277 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

278.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 278 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

279.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 279 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

280.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 280 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

281.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282.

283.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 283 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

284.    Mr. Dimitrievich denies knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 284.

285.    Mr. Dimitrievich denies the allegations in Paragraph 285.

286.    Mr. Dimitrievich denies the allegations in Paragraph 286.

287.    Mr. Dimitrievich denies the allegations in Paragraph 287.

**VII.    PRESUMPTION OF RELIANCE**

288.    Mr. Dimitrievich denies the allegations in Paragraph 288.

289.    Mr. Dimitrievich denies the allegations in Paragraph 289, except denies knowledge or information sufficient to form a belief as to the character of the market for Alta Mesa stock or what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock.

290.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290.

291.    Mr. Dimitrievich denies the allegations in Paragraph 291, except admits that Defendants did not oppose the relief sought in Plaintiffs' motion for class certification.

292.    Mr. Dimitrievich denies the allegations in Paragraph 292, except denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on.

## VIII.   PLAINTIFFS' ACTUAL RELIANCE

293.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293.

294.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295.

296.    Mr. Dimitrievich denies the allegations in Paragraph 296, except denies knowledge or information sufficient to form a belief as to what Plaintiffs relied on.

## IX.     LOSS CAUSATION

297.    Mr. Dimitrievich denies the allegations in Paragraph 297, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

298.    Mr. Dimitrievich denies the allegations in Paragraph 298.

299.    Mr. Dimitrievich denies the allegations in Paragraph 299.

300.    Mr. Dimitrievich denies the allegations in Paragraph 300, except respectfully refers the Court to the disclosure referenced in Paragraph 300 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

301.    Mr. Dimitrievich denies the allegations in Paragraph 301, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

302.    Mr. Dimitrievich denies the allegations in Paragraph 302, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

303.    Mr. Dimitrievich denies the allegations in Paragraph 303, except respectfully refers the Court to the public statements referenced in Paragraph 303 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

304.    Mr. Dimitrievich respectfully refers the Court to the public statements referenced in Paragraph 304 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

305.    Mr. Dimitrievich denies the allegations in Paragraph 305, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

306.    Mr. Dimitrievich denies the allegations in Paragraph 306, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

307.    Mr. Dimitrievich denies the allegations in Paragraph 307.

308.    Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 308 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

309.    Mr. Dimitrievich denies the allegations in Paragraph 309, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

310.    Mr. Dimitrievich denies the allegations in Paragraph 310, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

311.    Mr. Dimitrievich denies the allegations in Paragraph 311.

312.    Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 312 for its true and correct contents, and denies the allegations to the extent Plaintiffs have  inaccurately reported those contents.

313.    Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 313 for their true and correct contents, and denies the allegations to the extent Plaintiffs have  inaccurately reported those contents.

314.    Mr. Dimitrievich denies the allegations in Paragraph 314, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

315.    Mr. Dimitrievich denies the allegations in Paragraph 315, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

316.    Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 316 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

317.    Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 317 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

318.    Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 318 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

319.    Mr. Dimitrievich denies the allegations in Paragraph 319, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

320.    Mr. Dimitrievich denies the allegations in Paragraph 320.

## X.    NO SAFE HARBOR

321.    Mr. Dimitrievich denies the allegations in Paragraph 321.

322.    Paragraph 322 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 322.

## COUNT I

**For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 Against Alta Mesa, the Management Defendants, and the Board Defendants**

323.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

324.    Mr. Dimitrievich denies the allegations in Paragraph 324.

325.    Mr. Dimitrievich denies the allegations in Paragraph 325.

326.    Mr. Dimitrievich denies the allegations in Paragraph 326.

327.    Mr. Dimitrievich denies the allegations in Paragraph 327.

328.    Mr. Dimitrievich denies the allegations in Paragraph 328.

329.    Mr. Dimitrievich denies the allegations in Paragraph 329.

330.    Mr. Dimitrievich denies the allegations in Paragraph 330.

331.    Mr. Dimitrievich denies the allegations in Paragraph 331.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act Against All Defendants

332.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

333.    Mr. Dimitrievich denies the allegations in Paragraph 333.

334.    Mr. Dimitrievich denies the allegations in Paragraph 334.

## COUNT III

### Violations of Section 18 of the Exchange Act Against Alta Mesa, the Management Defendants, and the Board Defendants

335.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

336.    Mr. Dimitrievich denies the allegations in Paragraph 336.

337.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337.

338.    Mr. Dimitrievich denies the allegations in Paragraph 338.

339.    Mr. Dimitrievich denies the allegations in Paragraph 339.

340.    Mr. Dimitrievich denies the allegations in Paragraph 340.

341.    Mr. Dimitrievich denies the allegations in Paragraph 341.

342.    Mr. Dimitrievich denies the allegations in Paragraph 342.

## COUNT IV

**Violations of Section 14(a) of the Exchange Act Against Alta Mesa, the Proxy Defendants (Except for Walker and Coates) and Riverstone**

343.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

344.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 344.

345.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  Mr. Dimitrievich denies the allegations in Paragraph 345.

346.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  Mr. Dimitrievich denies the allegations in Paragraph 346.

347.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 347 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

348.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 348 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

349.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 349 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

350.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350.

351.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the intent of the referenced Defendants in Paragraph 351.

352.     This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 352.

353.     This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353.

354.     This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 354.

355.     This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 355.

## COUNT V

### Violations of Section 20(a) of the Exchange Act Against the Proxy Defendants and the Control Entity Defendants

356.     Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

357.     This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 357.

358.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 358.

359.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 359.

360.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response. To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 360.

## COUNT VI

### Common Law Fraud Against Alta Mesa, the Management Defendants, and the Board Defendants

361.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

362.    Mr. Dimitrievich denies the allegations in Paragraph 362.

363.    Mr. Dimitrievich denies the allegations in Paragraph 636.

364.    Mr. Dimitrievich denies the allegations in Paragraph 364.

365.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 365, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

366.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 366, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

367.    Mr. Dimitrievich denies the allegations in Paragraph 367.

368.    Mr. Dimitrievich denies the allegations in Paragraph 368.

## COUNT VII

**Violation of Texas Business and Commerce Code § 27.01 Against Alta Mesa, the Management Defendants, and the Board Defendants**

369.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

370.    Mr. Dimitrievich denies the allegations in Paragraph 370.

371.    Mr. Dimitrievich denies the allegations in Paragraph 371.

372.    Mr. Dimitrievich denies the allegations in Paragraph 372.

373.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 373, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

374.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 374, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

375.   Mr. Dimitrievich denies the allegations in Paragraph 375.

376.   Mr. Dimitrievich denies the allegations in Paragraph 376.

377.   Mr. Dimitrievich denies the allegations in Paragraph 377.

## XI.   PRAYER FOR RELIEF

Mr. Dimitrievich denies that Plaintiffs are entitled to any relief whatsoever.

## XII.   JURY DEMAND

Mr. Dimitrievich admits that Plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Mr. Dimitrievich does not concede that he bears the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  Mr. Dimitrievich further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which he becomes aware during discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish a primary violation of any laws, including Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Mr. Dimitrievich did control, or had the ability to control, any Defendants accused of a primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Mr. Dimitrievich did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Mr. Dimitrievich was a culpable participant in any primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Dimitrievich exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of

action.  Mr. Dimitrievich is therefore not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Mr. Dimitrievich over which Mr. Dimitrievich had no control.  15 U.S.C. § 78u-4(f)(3)(A).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[2] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

---

[2] For purposes of Mr. Dimitrievich's affirmative defenses, references to "Alta Mesa" includes Silver Run Acquisition Corporation II.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because the allegedly undisclosed facts underlying their claims were known to the market.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with Alta Mesa securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are limited from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Mr. Dimitrievich because they knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the SAC, or would have purchased Alta

Mesa securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act to reflect only Dimitrievich's percentage of responsibility, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs lack standing to maintain this action under Article III or other applicable statute or common law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of Alta Mesa securities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because certain alleged misstatements contained non-actionable expressions of opinion that were truly held and reasonably made.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants were under no duty or obligation to disclose any allegedly withheld information.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they fail to establish specific or "eyeball" reliance upon the alleged misstatements and documents identified in the complaint, as necessary to plead a cause of action under Section 18 of the 1934 Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Mr. Dimitrievich hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, either by motion or otherwise, by any other Defendant in this action to the extent that such defense is applicable to Mr. Dimitrievich.

**WHEREFORE**, Mr. Dimitrievich respectfully requests that the Court enter judgment for him by adjudging and decreeing:

1.     That the Complaint, and each purported cause of action against Mr. Dimitrievich, be dismissed with prejudice;

2.     That the Court grant Mr. Dimitrievich all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

3. That the Court award Mr. Dimitrievich any such other and further relief as

the Court may deem just and proper.

Respectfully submitted July 12, 2023.

   **QUINN EMANUEL URQUHART &**
   **SULLIVAN, LLP**

   */s/ Karl S. Stern*
    Karl S. Stern (SBN 19175665)
    Christopher D. Porter (SBN 24070437)
    711 Louisiana Street, Suite 500
    Houston, TX 77002
    Telephone: (713) 221-7000
    Facsimile: (713) 221-7100
    Email: karlstern@quinnemanuel.com
       chrisporter@quinnemanuel.com

   **-AND-**

    Michael B. Carlinsky (*pro hac vice*)
    Jacob J. Waldman (*pro hac vice*)
    Courtney C. Whang (*pro hac vice*)
    52 Madison Avenue, 22nd Floor
    New York, New York 10022
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100
    Email: michaelcarlinsky@quinnemanuel.com
       jacobwaldman@quinnemanuel.com
       courtneywhang@quinnemanuel.com

   **COUNSEL TO DONALD DIMITRIEVICH**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LR 5.3 of the Local Rules for the United States District Court for the Southern District of Texas, I certify that a true and correct copy of the foregoing instrument has been served on July 12, 2023, on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Southern District of Texas.

*/s/ Karl S. Stern*
Karl S. Stern