# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> **<u>CLASS ACTION</u>** |

# AMENDED ANSWER ON BEHALF OF DON DIMITRIEVICH
# TO THE ORBIS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Donald Dimitrievich ("Mr. Dimitrievich") respectfully submits the following Amended Answer to the Complaint filed by Orbis Global Equity LE Fund (Australia Registered); Orbis Global Equity Fund (Australia Registered); Orbis Global Balanced Fund (Australia Registered); Orbis SICAV; Orbis Institutional Global Equity L.P.; Orbis Global Equity Fund Limited; Orbis Institutional Funds Limited; Allan Gray Australia Balanced Fund; Orbis OEIC; and Orbis Institutional U.S. Equity L.P. ("Plaintiffs").  Mr. Dimitrievich denies all allegations unless expressly stated otherwise, and further states that no allegations accuse Mr. Dimitrievich with particularity of having committed any wrongdoing:

Mr. Dimitrievich denies the allegations in the introductory paragraphs to the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the statements concerning Plaintiffs' alleged investigation concerning their purported causes of action, and admits that Plaintiffs purport to bring an action against certain Defendants.

## I.    NATURE OF THE ACTION[1]

1.    Mr. Dimitrievich denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring an action against certain Defendants.

2.    Mr. Dimitrievich respectfully refers the Court to the commentary referenced in Paragraph 2 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

---

[1] For ease of reference, the section headings are copied from the Complaint.  They require no response.  To the extent a response is required, they are denied.

3.      Mr. Dimitrievich denies the allegations in Paragraph 3.

4.      Mr. Dimitrievich respectfully refers the Court to the announcement referenced in Paragraph 4 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

5.      Mr. Dimitrievich denies the allegations in Paragraph 5.

6.      Mr. Dimitrievich denies the allegations in Paragraph 6.

7.      Mr. Dimitrievich respectfully refers the Court to the opinion referenced in Paragraph 7 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

8.      Mr. Dimitrievich denies the allegations in Paragraph 8.

9.      Mr. Dimitrievich admits the allegations in the first two sentences of Paragraph 9. Mr. Dimitrievich denies the allegations in the third sentence of Paragraph 9. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 9, except denies that any conduct on the part of Mr. Dimitrievich caused harm to Orbis

10.     Mr. Dimitrievich denies the allegations in Paragraph 10.

11.     Mr. Dimitrievich denies the allegations in Paragraph 11.

12.     Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 12. As to the remaining allegations in Paragraph 12, Mr. Dimitrievich respectfully refers the Court to the opinion referenced in Paragraph 12 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## II.    JURISDICTION AND VENUE

13.    Paragraph 13 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 13.

14.    Paragraph 14 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 14.

15.    Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 15. Mr. Dimitrievich admits the allegations in the second sentence of Paragraph 15.

16.    Mr. Dimitrievich denies the allegations in Paragraph 16.

## III.    PARTIES

### A.    Plaintiffs

17.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 17.

18.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 18.

19.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 19.

20.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 20.

21.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 21.

22.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 22.

23.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 23.

24.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 24.

25.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 25.

26.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 26.

27.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

B.    **Defendants**

       1.    **Defendant Alta Mesa**

29.    Mr. Dimitrievich admits the allegations in Paragraph 29.

       2.    **Proxy Defendants**

30.    Mr. Dimitrievich admits the allegations in Paragraph 30.

31.    Mr. Dimitrievich admits the allegations in Paragraph 31.

32.    Mr. Dimitrievich admits the allegations in Paragraph 32.

33.    Mr. Dimitrievich admits the allegations in Paragraph 33.

34.    Mr. Dimitrievich admits the allegations in Paragraph 34.

35.    Mr. Dimitrievich admits the allegations in Paragraph 35.

36.    The allegations in the first two sentences of Paragraph 36 require no response as they merely define a term used in the Complaint.  As to the allegations in the third sentence of Paragraph 36, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 36 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

       3.    **The Management Defendants**

37.    Mr. Dimitrievich admits the allegations in Paragraph 37.

38.    Mr. Dimitrievich admits the allegations in Paragraph 38.

39.    Mr. Dimitrievich admits the allegations in Paragraph 39, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the SEC investigation, its timing, or it relationship (if any) to Mr. Smith's resignation.

40.     The allegations in Paragraph 40 require no response as they merely define a term used in the Complaint.   To the extent a response is required, the allegations in Paragraph 40 are denied.

### 4.     The Board Defendants

41.     Mr. Dimitrievich admits the allegations in Paragraph 41.

42.     Mr. Dimitrievich admits the allegations in Paragraph 42.

43.     Mr. Dimitrievich admits the allegations in Paragraph 43.

44.     Mr. Dimitrievich admits the allegations in the first and third sentences of Paragraph 44.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 44.

45.     Mr. Dimitrievich admits the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 require no response as they merely define a term used in the Complaint.   To the extent a response is required to the allegations in Paragraph 46, the allegations are denied.

### 5.     The Control Entity Defendants

47.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 47.   Mr. Dimitrievich admits the allegations in the last sentence of Paragraph 47.

48.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 48.   Mr. Dimitrievich denies the allegations in the fourth sentence of Paragraph 48.

49.     Mr. Dimitrievich admits the allegations in Paragraph 49, except denies that

HPS owns a significant portion of Alta Mesa.

50.     Mr. Dimitrievich admits the allegations in Paragraph 50.

51.     The allegations in the first sentence of Paragraph 51 require no response as they merely define a term used in the Complaint.  To the extent a response to the allegations in the first sentence of Paragraph 51 is required, they are denied.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 51.

### C.     Relevant Non-Parties

52.     Mr. Dimitrievich denies the allegations in the first and third sentences of Paragraph 52.  Mr. Dimitrievich admits the allegations in the second and fifth sentences of Paragraph 52.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 52.

## IV.     FACTUAL ALLEGATIONS

### A.     The Formation of the Silver Run SPAC Vehicle

53.     Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 53. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 53.

54.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, except admits that NASDAQ has certain rules that relate to SPACs and respectfully refers the Court to those rules for their true and correct content, and denies the allegations to the extent that Plaintiffs have misreported that content.  Mr. Dimitrievich also respectfully refers the Court to the article referenced in the last sentence of Paragraph 54 for its true and correct contents, and denies the allegations to

the extent Plaintiffs have misreported those contents.

55.     Mr. Dimitrievich respectfully refers the Court to the public statement referenced in Paragraph 55 for its true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

56.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, except denies any wrongdoing to the extent Paragraph 56 alleges that Mr. Dimitrievich committed any wrongdoing, and respectfully refers the Court to the SEC statement referenced in Paragraph 56 for its true and correct contents and denies the allegations to the extent Plaintiffs have misreported those contents.

57.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     Mr. Dimitrievich respectfully refers the Court to the SEC rules referenced in Paragraph 58 for their true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

59.     Mr. Dimitrievich denies the allegations in Paragraph 59.

**B.      The Merger of Silver Run with AMH and Kingfisher**

60.     Mr. Dimitrievich denies the allegations in Paragraph 60.

61.     Mr. Dimitrievich respectfully refers the Court to the prospectus referenced in Paragraph 61 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

62.     Mr. Dimitrievich admits the allegations in Paragraph 62.

63.     Mr. Dimitrievich denies that the allegations in Paragraph 63 provide a complete record of the interests it purports to describe.

64.     Mr. Dimitrievich respectfully refers the Court to the SEC Form 8-K referenced in Paragraph 64 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

65.     Mr. Dimitrievich respectfully refers the Court to the announcement referenced in Paragraph 65 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

66.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 66 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

67.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 67 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

68.     Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 68 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

69.     Mr. Dimitrievich respectfully refers the Court to the Form 10-K referenced in Paragraph 69 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

**C.     Alta Mesa's Post-Merger Financial Disclosures Immediately Fall Short**

70.     Mr. Dimitrievich respectfully refers the Court to the SEC documents, release,

and other public statements referenced in Paragraph 70 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

71.     Mr. Dimitrievich respectfully refers the Court to the SEC documents and release referenced in Paragraph 71 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

72.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 72 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

73.     Mr. Dimitrievich respectfully refers the Court to the release referenced in Paragraph 73 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

74.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 74 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

75.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 75 to the extent they are inconsistent with those publicly-reported prices.

**D.     Alta Mesa's Second Quarter 2018 Results Also Fall Short**

76.     Mr. Dimitrievich respectfully refers the Court to the public statements referenced in Paragraph 76 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

77.     Mr. Dimitrievich respectfully refers the Court to the 8-K referenced in

Paragraph 77 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

78.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript and 8-K referenced in Paragraph 78 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

79.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 79 to the extent they are inconsistent with those publicly-reported prices, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the reason the stock price declined.

**E.     Alta Mesa's Third Quarter 2018 Results Are No Better Than Previous Results and Its CFO Resigns**

80.     Mr. Dimitrievich respectfully refers the Court to the 8-K and Proxy referenced in Paragraph 80 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

81.     Mr. Dimitrievich respectfully refers the Court to the earnings call transcript referenced in Paragraph 81 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

82.     Mr. Dimitrievich admits the allegations in Paragraph 82.

83.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 83 to the extent they are inconsistent with those publicly-reported prices.

**F.    More Executives Resign, Alta Mesa Discloses Material Internal Control Weaknesses, Is Unable to File Its 2018 Annual Report, Takes a *$3.1 Billion* Write-Down, and Ultimately Goes Bankrupt**

84.    Mr. Dimitrievich admits the allegations in Paragraph 84.

85.    Mr. Dimitrievich respectfully refers the Court to the contents of the 8-K referenced in Paragraph 85 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

86.    Mr. Dimitrievich respectfully refers the Court to the contents of the 8-K referenced in Paragraph 86 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

87.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 87 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

88.    Mr. Dimitrievich denies the allegations in Paragraph 88, except respectfully refers the Court to the publicly filed documents referenced in Paragraph 88 for their true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

89.    Mr. Dimitrievich denies the allegations in Paragraph 89.

90.    Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and SEC filing referenced in Paragraph 90 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the cause of the alleged decline in Alta Mesa's stock price alleged in Paragraph 90.

91.     Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 91 to the extent they are inconsistent with those publicly-reported prices.

92.     Mr. Dimitrievich admits the allegations in Paragraph 92.

93.     Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93.  Mr. Dimitrievich respectfully refers the Court to the NASDAQ notices referenced in the second sentence of Paragraph 93 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

94.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 94, for its true and correct contents, denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies Plaintiffs' characterization of those contents.

95.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 95 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

96.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 96 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

97.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 97 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

98.     Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 98 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

99.     Dr. Dimitrievich admits the allegations in Paragraph 99.

100.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 100 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

101.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 101 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

102.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 102 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

103.    Mr. Dimitrievich admits the allegations in Paragraph 103.

104.    Mr. Dimitrievich admits the allegations in Paragraph 104, but denies knowledge or information sufficient to form a belief as to Plaintiffs' use of the term "related entities."

105.    Mr. Dimitrievich admits the allegations in Paragraph 105.

106.    Mr. Dimitrievich respectfully refers the Court to the opinion referenced in Paragraph 106 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

### G.     Alta Mesa's Collapse Resulted From Defendants' Intentional Misconduct

107.    Mr. Dimitrievich respectfully refers the Court to Alta Mesa's publicly-reported stock prices and bankruptcy proceedings referenced in the first sentence of Paragraph 107, and the SEC filing referenced in the second sentence of Paragraph 107, for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 107.

108.    Mr. Dimitrievich denies the allegations in Paragraph 108.

### 1.     Before the Merger, Defendants Systematically Looted AMH for the Benefit of Kingfisher.

109.    Mr. Dimitrievich denies the allegations in Paragraph 109.

110.    Mr. Dimitrievich admits that AMH began expanding its operations in the STACK in 2014 and that AMH used midstream companies for certain purposes, and denies knowledge or information sufficient to form a belief as to the meaning of the term "independent" in Paragraph 110 as used by Plaintiffs.

111.    Mr. Dimitrievich admits the allegation in Paragraph 111 that HPS participated in creating Kingfisher Midstream, LLC, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what that company "would" do or Plaintiffs' meaning as to that term.

112.    Mr. Dimitrievich admits the allegations in Paragraph 112 that funds managed by HPS provided funding to Kingfisher, and denies knowledge or information sufficient to

form a belief as to the meaning of "large" or "stake" as used by Plaintiffs.

113.    Mr. Dimitrievich denies the allegations in Paragraph 113, except respectfully refers the Court to the presentations referenced in Paragraph 113 for its true and accurate contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

114.    Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 114.  Mr. Dimitrievich respectfully refers the Court to the agreements referenced in Paragraph 114 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, except denies Plaintiffs' characterization in the second sentence of Paragraph 114.

115.    Mr. Dimitrievich denies the allegations in Paragraph 115.

116.    Mr. Dimitrievich denies the allegations in Paragraph 116, and denies the allegations in the second sentence as providing an incomplete picture of the agreements between AMH and Kingfisher.

117.    Mr. Dimitrievich denies the allegations in Paragraph 117.

118.    Mr. Dimitrievich respectfully refers the Court to the agreements referenced in Paragraph 118 for their true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

119.    Mr. Dimitrievich denies the allegations in Paragraph 119.

120.    Mr. Dimitrievich denies the allegations in Paragraph 120.

121.    Mr. Dimitrievich denies the allegations in Paragraph 121.

122.    Mr. Dimitrievich denies the allegations in Paragraph 122, and denies

16

knowledge or information sufficient to form a belief as to internal emails of the Company prior to the Business Combination.

2.     **Before the Merger, Defendants Knew That the Production Projections Made by AMH and Alta Mesa Were Not Achievable.**

123.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 123.

124.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 124.

125.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126.    Mr. Dimitrievich admits the allegations in Paragraph 126.

127.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    Mr. Dimitrievich respectfully refers the Court to the documents containing the statistics cited by Plaintiff in Paragraph 129 for their true and correct contents, and denies the allegations to the extent they are inconsistent with those contents.

130.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 133 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

134.    Mr. Dimitrievich respectfully refers the Court to the email referenced in the first sentence of Paragraph 134 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

135.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 135 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

136.    Mr. Dimitrievich denies the allegations in Paragraph 136.

137.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 137, except respectfully refers the Court to the documents containing the well statistics for 2016 and 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

138.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, except respectfully refers the Court to the documents containing the rig statistics for 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

139.    Mr. Dimitrievich denies the allegations in Paragraph 139, except denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle, Ellis, and Hackett allegedly knew, and respectfully refers the Court to the testimony referenced in the second sentence of Paragraph 139 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

140.    Mr. Dimitrievich denies the allegations in Paragraph 140.

141.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, except respectfully refers the Court to the document referenced in Paragraph 142 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

143.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 143 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

144.    Mr. Dimitrievich denies the allegations in Paragraph 144, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle and Ellis agreed to or knew.

145.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 145 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

146.    Mr. Dimitrievich respectfully refers the Court to the emails referenced in

Paragraph 146 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

147.   Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 147 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

148.   Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 148 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

149.   Mr. Dimitrievich respectfully refers the Court to the emails referenced in Paragraph 149 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

150.   Mr. Dimitrievich respectfully refers the Court to the email referenced in Paragraph 150 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

151.   Mr. Dimitrievich respectfully refers the Court to the email referenced in Paragraph 151 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

152.   Mr. Dimitrievich denies the allegations in Paragraph 152.

153.   Mr. Dimitrievich denies the allegations in Paragraph 153, except respectfully refers the Court to the Complaint referenced in Paragraph 144 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

20

154.    Mr. Dimitrievich respectfully refers the Court to the Complaint referenced in Paragraph 154 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

155.    Mr. Dimitrievich denies the allegations in Paragraph 155, except respectfully refers the Court to the public statements referenced in Paragraph 155 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

156.    Mr. Dimitrievich denies the allegations in the first two sentences of Paragraph 156.  Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in last three sentences of Paragraph 156.

157.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, except respectfully refers the Court to the communications referenced in Paragraph 157 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

158.    Mr. Dimitrievich denies the allegations in Paragraph 158, except respectfully refers the Court to the Complaint referenced in Paragraph 158 and to the documents containing ESP statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

159.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 160. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth

of the allegations in the last two sentences of Paragraph 160.

## V.   DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A.   Materially False and Misleading Statements About AMH/Alta Mesa Oil Production and Drilling Methods

161.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 161 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

162.   Mr. Dimitrievich denies the allegations in Paragraph 162.

163.   Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 163 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

164.   Mr. Dimitrievich denies the allegations in Paragraph 164.

165.   Mr. Dimitrievich respectfully refers the Court to the call transcript referenced in Paragraph 165 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

166.   Mr. Dimitrievich denies the allegations in Paragraph 166.

167.   Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 167.  Mr. Dimitrievich denies the allegations in the second sentence of Paragraph 167.

168.   Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 168 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

169.   Mr. Dimitrievich denies the allegations in Paragraph 169.

170.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 170 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

171.    Mr. Dimitrievich denies the allegations in Paragraph 171.

172.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 172 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

173.    Mr. Dimitrievich denies the allegations in Paragraph 173.

174.    Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 174 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

175.    Mr. Dimitrievich denies the allegations in Paragraph 175.

176.    Mr. Dimitrievich respectfully refers the Court to the slide deck referenced in Paragraph 176 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

177.    Mr. Dimitrievich denies the allegations in Paragraph 177.

178.    Mr. Dimitrievich respectfully refers the Court to the press release referenced in Paragraph 178 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

179.    Mr. Dimitrievich denies the allegations in Paragraph 179.

180.    Mr. Dimitrievich respectfully refers the Court to the slide presentation referenced in Paragraph 180 for its true and correct contents, and denies the allegations to

the extent Plaintiffs have inaccurately reported those contents.

181.   Mr. Dimitrievich denies the allegations in Paragraph 181.

182.   Mr. Dimitrievich respectfully refers the Court to the call transcript referenced in Paragraph 182 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

183.   Mr. Dimitrievich denies the allegations in Paragraph 183.

184.   Mr. Dimitrievich respectfully refers the Court to the 10-K referenced in Paragraph 184 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

185.   Mr. Dimitrievich denies the allegations in Paragraph 185.

186.   Mr. Dimitrievich respectfully refers the Court to the 10-K referenced in Paragraph 186 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

187.   Mr. Dimitrievich denies the allegations in Paragraph 187.

188.   Mr. Dimitrievich respectfully refers the Court to the slide presentation referenced in Paragraph 188 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

189.   Mr. Dimitrievich denies the allegations in Paragraph 189.

190.   Mr. Dimitrievich respectfully refers the Court to the call transcript referenced in the first sentence of Paragraph 190 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of

the allegations in the second sentence of Paragraph 190.

191.    Mr. Dimitrievich denies the allegations in Paragraph 191.

192.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 192 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

193.    Mr. Dimitrievich denies the allegations in Paragraph 193.

194.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 194 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

195.    Mr. Dimitrievich denies the allegations in Paragraph 195.

196.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 196 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

197.    Mr. Dimitrievich denies the allegations in Paragraph 197.

198.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 198 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

199.    Mr. Dimitrievich denies the allegations in Paragraph 199.

200.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200.

201.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 201 for its true and correct contents, and denies the allegations to the extent

Plaintiffs have inaccurately reported those contents.

202.    Mr. Dimitrievich denies the allegations in Paragraph 202.

203.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 203 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

204.    Mr. Dimitrievich denies the allegations in Paragraph 204.

205.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 205 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

206.    Mr. Dimitrievich denies the allegations in Paragraph 206.

207.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 207 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

208.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 208 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

209.    Mr. Dimitrievich denies the allegations in Paragraph 209.

**B.      Materially False and Misleading Statements About Kingfisher's Prospects and Expected Revenue**

210.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 210 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

211.   Mr. Dimitrievich denies the allegations in Paragraph 211.

212.   Mr. Dimitrievich respectfully refers the Court to the call referenced in Paragraph 212 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

213.   Mr. Dimitrievich denies the allegations in Paragraph 213.

214.   Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 214 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

215.   Mr. Dimitrievich denies the allegations in Paragraph 215.

216.   Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 216 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

217.   Mr. Dimitrievich denies the allegations in Paragraph 217.

218.   Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 218 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

219.   Mr. Dimitrievich denies the allegations in Paragraph 219.

220.   Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 220 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

221.   Mr. Dimitrievich denies the allegations in Paragraph 221.

222.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in

Paragraph 222 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

223.    Mr. Dimitrievich denies the allegations in Paragraph 223.

224.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 224 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

225.    Mr. Dimitrievich denies the allegations in Paragraph 225.

226.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 226 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

227.    Mr. Dimitrievich denies the allegations in Paragraph 227.

228.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 228 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

229.    Mr. Dimitrievich denies the allegations in Paragraph 229.

230.    Mr. Dimitrievich respectfully refers the Court to the presentation referenced in Paragraph 230 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

231.    Mr. Dimitrievich denies the allegations in Paragraph 231.

232.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 232 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

233.    Mr. Dimitrievich denies the allegations in Paragraph 233.

234.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 234 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

235.    Mr. Dimitrievich denies the allegations in Paragraph 235.

### C.    Materially False and Misleading Statements About Alta Mesa's Internal Controls

236.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 236.   Mr. Dimitrievich respectfully refers the Court to the legislation referenced in the remaining sentences of Paragraph 236 for its true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

237.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, except respectfully refers the Court to the legislation referenced in Paragraph 236 for its true and correct contents to the extent Paragraph 237 refers to that legislation, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

238.    Mr. Dimitrievich denies the allegations in Paragraph 238.

239.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 239 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

240.    Mr. Dimitrievich denies the allegations in Paragraph 240.

241. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 241 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

242. Mr. Dimitrievich denies the allegations in Paragraph 242.

243. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 243 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

244. Mr. Dimitrievich denies the allegations in Paragraph 244.

245. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 245 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

246. Mr. Dimitrievich denies the allegations in Paragraph 246.

247. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 247 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

248. Mr. Dimitrievich denies the allegations in Paragraph 248.

249. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 249 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

250. Mr. Dimitrievich denies the allegations in Paragraph 250.

251. Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 251 for its true and correct contents, and denies the allegations to the extent

Plaintiffs have inaccurately reported those contents.

252.    Mr. Dimitrievich denies the allegations in Paragraph 252.

253.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 253 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

254.    Mr. Dimitrievich denies the allegations in Paragraph 254.

255.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 255 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

256.    Mr. Dimitrievich denies the allegations in Paragraph 256.

257.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 257 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

258.    Mr. Dimitrievich denies the allegations in Paragraph 258.

259.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 259 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

260.    Mr. Dimitrievich denies the allegations in Paragraph 260.

261.    Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 261 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

262.    Mr. Dimitrievich denies the allegations in Paragraph 262.

263.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 263 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

264.   Mr. Dimitrievich denies the allegations in Paragraph 264.

265.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 265 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

266.   Mr. Dimitrievich denies the allegations in Paragraph 266.

267.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 267 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

268.   Mr. Dimitrievich denies the allegations in Paragraph 268.

269.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 269 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

270.   Mr. Dimitrievich denies the allegations in Paragraph 270.

**D.      Materially False and Misleading Statements Made Directly to Orbis Investments**

271.   Mr. Dimitrievich denies the allegations in Paragraph 271.

272.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272.

273.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 273.

274.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274.

275.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275.

276.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276.

277.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277.

278.    Mr. Dimitrievich denies the allegations in Paragraph 278.

279.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279.

280.    Mr. Dimitrievich denies the allegations in Paragraph 280.

281.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282.    Mr. Dimitrievich denies the allegations in Paragraph 282, except denies knowledge or information sufficient to form a belief at to the truth of the allegations in Paragraph 282 as to what certain defendants or Kingfisher "knew."

283.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.

284.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284.

285.    Mr. Dimitrievich denies the allegations in Paragraph 285.

286.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286.

287.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287.

288.    Mr. Dimitrievich denies the allegations in Paragraph 288.

289.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289.

290.    Mr. Dimitrievich denies the allegations in Paragraph 290.

291.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291.

292.    Mr. Dimitrievich denies the allegations in Paragraph 292.

293.    Mr. Dimitrievich respectfully refers the Court to the SEC filing and stock price data referenced in Paragraph 293 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

294.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.    Mr. Dimitrievich denies the allegations in Paragraph 295, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 as to what Kingfisher "knew."

296.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297.   Mr. Dimitrievich denies the allegations in Paragraph 297.

298.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299.   Mr. Dimitrievich denies the allegations in Paragraph 299.

300.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300.

301.   Mr. Dimitrievich denies the allegations in Paragraph 301.

302.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302.

303.   Mr. Dimitrievich denies the allegations in Paragraph 303.

304.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304.

305.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305.

306.   Mr. Dimitrievich denies the allegations in Paragraph 306.

307.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307.

308.   Mr. Dimitrievich denies the allegations in Paragraph 308, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 as to what Kingfisher "knew."

309.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309.

310.    Mr. Dimitrievich denies the allegations in Paragraph 310, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 as to what Kingfisher "knew."

311.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, except denies the allegations in Paragraph 312 to the extent they purport to incorporate the allegations of misleading statements above.

313.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 as to what Kingfisher or the other referenced defendants "knew."

314.    Mr. Dimitrievich admits the allegations in the first sentence of Paragraph 314.  Mr. Dimitrievich denies the remaining allegations in Paragraph 314.

E.    **This Court's Decision Denying the Motion to Dismiss the Class Action Complaint Confirms Defendants' Numerous Materially False and Misleading Statements**

315.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 315 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

316.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 316 for its true and correct contents, and denies the allegations to the extent

36

Plaintiffs have inaccurately reported those contents.

## VI.    SUMMARY OF DEFENDANTS' SCIENTER

317.    Mr. Dimitrievich respectfully refers the Court to its prior ruling referenced in Paragraph 317 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

318.    Mr. Dimitrievich denies the allegations in Paragraph 318.

319.    Mr. Dimitrievich denies the allegations in Paragraph 319.

320.    Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 320. As to the second sentence of Paragraph 320, Mr. Dimitrievich admits that HPS provided certain funding to Kingfisher.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 320.

321.    Mr. Dimitrievich respectfully refers the Court to the presentations referenced in Paragraph 321 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

322.    Mr. Dimitrievich denies the allegations in Paragraph 322, except respectfully refers the Court to the agreements referenced in Paragraph 322 for their true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

323.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323.

324.    Mr. Dimitrievich respectfully refers the Court to the agreement referenced in

37

Paragraph 324 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents. Mr. Dimitrievich further denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 324.

325. Mr. Dimitrievich denies the allegations in Paragraph 325.

326. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326.

327. Mr. Dimitrievich further denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327.

328. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328.

329. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329.

330. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330.

331. Mr. Dimitrievich denies the allegations in the first sentence of Paragraph 331. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 331.

332. Mr. Dimitrievich denies the allegations in Paragraph 332, except states that the first sentence of Paragraph 332 contains a legal conclusion to which no response is required, and to the extent a response is required, the allegations in the first sentence of Paragraph 332 are denied.

333.   Mr. Dimitrievich respectfully refers the Court to the call transcript referenced in Paragraph 333 for its true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

334.   Mr. Dimitrievich respectfully refers the Court to the call transcripts referenced in Paragraph 334 for their true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

335.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 335, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 335 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

336.   Mr. Dimitrievich denies the allegations in Paragraph 336.

337.   Mr. Dimitrievich denies the allegations in Paragraph 337, except denies knowledge or information sufficient to form a belief as to what Alta Mesa management knew, and respectfully refers the Court to the documents containing the ESP cost statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

338.   Mr. Dimitrievich denies the allegations in Paragraph 338.

339.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 339 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

340.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief

39

as to the truth of the allegations in Paragraph 340, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 340 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

341.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 341 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

342.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 342 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

343.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343.

344.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344.

345.    Mr. Dimitrievich respectfully refers the Court to the SEC filings referenced in Paragraph 345 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

346.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346.

347.    Mr. Dimitrievich respectfully refers the Court to the Prospectus referenced in Paragraph 347 for its true and correct contents, and denies the allegations to the extent

Plaintiffs have inaccurately reported those contents.

348.   Mr. Dimitrievich denies the allegations in Paragraph 348.

349.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349.

350.   Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, except respectfully refers the Court to the Proxy referenced in Paragraph 350 for its true and correct contents and denies the allegations to the extent they are inconsistent with those contents.

351.   Mr. Dimitrievich respectfully refers the Court to the SEC filing referenced in Paragraph 351 from which this information is taken for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

352.   Mr. Dimitrievich denies knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 352.

353.   Mr. Dimitrievich denies the allegations in Paragraph 353.

354.   Mr. Dimitrievich denies knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 354.

355.   Mr. Dimitrievich denies the allegations in Paragraph 355.

356.   Mr. Dimitrievich denies the allegations in Paragraph 356.

357.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 357.  Mr. Dimitrievich respectfully refers the Court to the agreement referenced in the second sentence of Paragraph 357 for its true and correct contents, and denies the allegations to

the extent Plaintiffs have inaccurately reported those contents.  Mr. Dimitrievich denies the allegations in the third sentence of Paragraph 357.

358.    Mr. Dimitrievich denies the allegations in Paragraph 358.

359.    Mr. Dimitrievich respectfully refers the Court to the referenced bankruptcy proceeding records and statement referenced in Paragraph 359 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## VII.    PRESUMPTION OF RELIANCE

360.    Mr. Dimitrievich denies the allegations in Paragraph 360.

361.    Mr. Dimitrievich denies the allegations in Paragraph 361, except denies knowledge or information sufficient to form a belief as to the character of the market for Alta Mesa stock or what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock.

362.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362.

363.    Mr. Dimitrievich denies the allegations in Paragraph 363, except admits that Defendants did not oppose the relief sought in Plaintiffs' motion for class certification.

364.    Mr. Dimitrievich denies the allegations in Paragraph 364, except denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on.

## VIII.   PLAINTIFFS' ACTUAL RELIANCE

365.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365.

366. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, except denies any allegation that Mr. Dimitrievich spoke directly with any representatives of Orbis concerning Silver Run or Alta Mesa.

367. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367.

368. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368.

369. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369.

370. Mr. Dimitrievich denies the allegations in Paragraph 370, except denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on.

371. Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371.

## IX. LOSS CAUSATION

372. Mr. Dimitrievich denies the allegations in Paragraph 372, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

373. Mr. Dimitrievich denies the allegations in Paragraph 373.

374. Mr. Dimitrievich denies the allegations in Paragraph 374.

375. Mr. Dimitrievich denies the allegations in Paragraph 375, except respectfully

43

refers the Court to the disclosure referenced in Paragraph 375 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

376.   Mr. Dimitrievich denies the allegations in Paragraph 376, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

377.   Mr. Dimitrievich denies the allegations in Paragraph 377, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

378.   Mr. Dimitrievich denies the allegations in Paragraph 378, except respectfully refers the Court to the public statements referenced in Paragraph 378 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

379.   Mr. Dimitrievich respectfully refers the Court to the public statements referenced in Paragraph 379 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

380   Mr. Dimitrievich denies the allegations in Paragraph 380, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

381.   Mr. Dimitrievich denies the allegations in Paragraph 381, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

382.   Mr. Dimitrievich denies the allegations in Paragraph 382.

383    Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 383 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

384.   Mr. Dimitrievich denies the allegations in Paragraph 384, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

385.   Mr. Dimitrievich denies the allegations in Paragraph 385, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

386.   Mr. Dimitrievich denies the allegations in Paragraph 386.

387.   Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 387 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

388.   Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 388 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

389.   Mr. Dimitrievich denies the allegations in Paragraph 389, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

390.   Mr. Dimitrievich denies the allegations in Paragraph 390, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the

allegations to the extent they are inconsistent with that information.

391.    Mr. Dimitrievich respectfully refers the Court to the disclosures referenced in Paragraph 391 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

392.    Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 392 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

393.    Mr. Dimitrievich respectfully refers the Court to the disclosure referenced in Paragraph 393 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

394.    Mr. Dimitrievich denies the allegations in Paragraph 394, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

395.    Mr. Dimitrievich denies the allegations in Paragraph 395.

## X.    NO SAFE HARBOR

396.    Mr. Dimitrievich denies the allegations in Paragraph 396.

397.    Paragraph 397 contains legal conclusions that require no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 397.

### COUNT I

**For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5
Against Alta Mesa, the Management Defendants, and the Board Defendants**

398.    Mr. Dimitrievich repeats each response contained above to each allegation

in the Complaint, as if fully set forth herein.

399.    Mr. Dimitrievich denies the allegations in Paragraph 399.

400.    Mr. Dimitrievich denies the allegations in Paragraph 400.

401.    Mr. Dimitrievich denies the allegations in Paragraph 401.

402.    Mr. Dimitrievich denies the allegations in Paragraph 402.

403.    Mr. Dimitrievich denies the allegations in Paragraph 403.

404.    Mr. Dimitrievich denies the allegations in Paragraph 404.

405.    Mr. Dimitrievich denies the allegations in Paragraph 405.

406.    Mr. Dimitrievich denies the allegations in Paragraph 406.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against All Defendants

407.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

408.    Mr. Dimitrievich denies the allegations in Paragraph 408.

409.    Mr. Dimitrievich denies the allegations in Paragraph 409.

## COUNT III

### Violations of Section 18 of the Exchange Act Against Alta Mesa, the Management
### Defendants, and the Board Defendants

410.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

411.    Mr. Dimitrievich denies the allegations in Paragraph 411.

412.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 412.

413.    Mr. Dimitrievich denies the allegations in Paragraph 413.

414.    Mr. Dimitrievich denies the allegations in Paragraph 414.

415.    Mr. Dimitrievich denies the allegations in Paragraph 415.

416.    Mr. Dimitrievich denies the allegations in Paragraph 416.

417.    Mr. Dimitrievich denies the allegations in Paragraph 417.

### COUNT IV

**Violations of Section 14(a) of the Exchange Act Against
Alta Mesa, the Proxy Defendants (Except for Walker and Coates) and Riverstone**

418.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

419.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 419.

420.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 420.

421.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 421.

422.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich

respectfully refers the Court to the Proxy referenced in Paragraph 422 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

423.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 423 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

424.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich respectfully refers the Court to the Proxy referenced in Paragraph 424 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

425.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425.

426.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich

49

denies knowledge or information sufficient to form a belief as to the intent of the referenced Defendants in Paragraph 426.

427.   This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 427.

428.   This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428.

429.   This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 429.

430.   This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 430.

## COUNT V

### Violations of Section 20(a) of the Exchange Act Against the Proxy Defendants and the Control Entity Defendants

431.   Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

432.   This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich

denies the allegations in Paragraph 432.

433.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 433.

434.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 434.

435.    This Count is not alleged against Mr. Dimitrievich, and therefore this allegation requires no response.  To the extent a response is required, Mr. Dimitrievich denies the allegations in Paragraph 435.

**COUNT VI**

**Common Law Fraud Against**
**Alta Mesa, the Management Defendants, and the Board Defendants for Statements**
**Prior to the Merger**

436.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

437.    Mr. Dimitrievich denies the allegations in Paragraph 437.

438.    Mr. Dimitrievich denies the allegations in Paragraph 438.

439.    Mr. Dimitrievich denies the allegations in Paragraph 439.

440.    Mr. Dimitrievich denies the allegations in Paragraph 440.

441.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 441, except denies the allegations to the extent they assert that Defendants made

misrepresentations or omissions.

442.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 442, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

443.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 443, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

444.    Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 444, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

445.    Mr. Dimitrievich denies the allegations in Paragraph 445.

446.    Mr. Dimitrievich denies the allegations in Paragraph 446.

## COUNT VII

### Common Law Fraud Against
### Alta Mesa, the Management Defendants, and the Board Defendants for Statements After the Merger

447.    Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

448.    Mr. Dimitrievich denies the allegations in Paragraph 448.

449.    Mr. Dimitrievich denies the allegations in Paragraph 449.

450.   Mr. Dimitrievich denies the allegations in Paragraph 450.

451.   Mr. Dimitrievich denies the allegations in Paragraph 451.

452.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 452, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions..

453.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 453, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

454.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 454, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

455.   Mr. Dimitrievich denies the allegations in Paragraph 455.

456.   Mr. Dimitrievich denies the allegations in Paragraph 456.

## COUNT VIII

### Violation of Texas Business and Commerce Code § 27.01 Against Alta Mesa, the Management Defendants, and the Board Defendants

457.   Mr. Dimitrievich repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

458.   Mr. Dimitrievich denies the allegations in Paragraph 458.

459.   Mr. Dimitrievich denies the allegations in Paragraph 459.

460.   Mr. Dimitrievich denies the allegations in Paragraph 460.

461.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 461, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

462.   Mr. Dimitrievich denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 462, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

463.   Mr. Dimitrievich denies the allegations in Paragraph 463.

464.   Mr. Dimitrievich denies the allegations in Paragraph 464.

465.   Mr. Dimitrievich denies the allegations in Paragraph 465.

## XI.   PRAYER FOR RELIEF

Mr. Dimitrievich denies that the Plaintiffs are entitled to any relief whatsoever from Mr. Dimitrievich.

## XII.   JURY DEMAND

Mr. Dimitrievich admits that Plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

By asserting these defenses, Mr. Dimitrievich does not concede that he bears the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the

allegations.  Mr. Dimitrievich further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which he becomes aware during discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish a primary violation of any laws, including Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Mr. Dimitrievich did control, or had the ability to control, any Defendants accused of a primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that Mr. Dimitrievich did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws,

including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

<h3 align="center">SIXTH AFFIRMATIVE DEFENSE</h3>

Plaintiffs have failed to establish that Mr. Dimitrievich was a culpable participant in any primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to Mr. Dimitrievich.

<h3 align="center">SEVENTH AFFIRMATIVE DEFENSE</h3>

Mr. Dimitrievich exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  Mr. Dimitrievich is therefore not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

<h3 align="center">EIGHTH AFFIRMATIVE DEFENSE</h3>

Mr. Dimitrievich is not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Mr. Dimitrievich over which Mr. Dimitrievich had no control.  15 U.S.C. § 78u-4(f)(3)(A).

<h3 align="center">NINTH AFFIRMATIVE DEFENSE</h3>

Plaintiffs' claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

56

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[2] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because the allegedly undisclosed facts underlying their claims were known to the market.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with Alta Mesa securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are limited from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

---

[2] For purposes of Mr. Dimitrievich's affirmative defenses, references to "Alta Mesa" includes Silver Run Acquisition Corporation II.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Mr. Dimitrievich because they knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the SAC, or would have purchased Alta Mesa securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act to reflect only Mr. Dimitrievich's percentage of responsibility, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs lack standing to maintain this action under Article III or other applicable statute or common law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of Alta Mesa securities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Mr. Dimitrievich is not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because certain alleged misstatements contained non-actionable expressions of opinion that were truly held and reasonably made.

59

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Texas law does not recognize Plaintiffs' "holder" claims—*i.e.* that Plaintiffs were fraudulently induced to retain Alta Mesa stock.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they fail to establish specific or "eyeball" reliance upon the alleged misstatements and documents identified in the complaint, as necessary to plead a cause of action under Section 18 of the 1934 Act.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants were under no duty or obligation to disclose any allegedly withheld information.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

HPS hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, either by motion or otherwise, by any other Defendant in this action to the extent that such defense is applicable to HPS.

**WHEREFORE**, Mr. Dimitrievich respectfully requests that the Court enter judgment for him by adjudging and decreeing:

1.      That the Complaint, and each purported cause of action against Mr. Dimitrievich, be dismissed with prejudice;

2.      That the Court grant Mr. Dimitrievich all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

3.      That the Court award Mr. Dimitrievich any such other and further relief as the Court may deem just and proper.

Respectfully submitted July 12, 2023.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Karl S. Stern*
      Karl S. Stern (SBN 19175665)
      Christopher D. Porter (SBN 24070437)
      711 Louisiana Street, Suite 500
      Houston, TX 77002
      Telephone: (713) 221-7000

Facsimile: (713) 221-7100
Email:  karlstern@quinnemanuel.com
          chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
52 Madison Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
Email:  michaelcarlinsky@quinnemanuel.com
          jacobwaldman@quinnemanuel.com
          courtneywhang@quinnemanuel.com

**COUNSEL TO DONALD DIMITRIEVICH**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LR 5.3 of the Local Rules for the United States District Court for the Southern District of Texas, I certify that a true and correct copy of the foregoing instrument has been served on July 12, 2023 on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Southern District of Texas.

*/s/ Karl S. Stern*
Karl S. Stern
