# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
| --- | --- |
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> **CLASS ACTION** |

# AMENDED ANSWER ON BEHALF OF HPS INVESTMENT PARTNERS, LLC TO THE ORBIS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant HPS Investment Partners, LLC ("HPS") respectfully submits the following Amended Answer to the Complaint filed by Orbis Global Equity LE Fund (Australia Registered); Orbis Global Equity Fund (Australia Registered); Orbis Global Balanced Fund (Australia Registered); Orbis SICAV; Orbis Institutional Global Equity L.P.; Orbis Global Equity Fund Limited; Orbis Institutional Funds Limited; Allan Gray Australia Balanced Fund; Orbis OEIC; and Orbis Institutional U.S. Equity L.P. ("Plaintiffs").  HPS denies all allegations unless expressly stated otherwise, and further states that no allegations accuse HPS with particularity of having committed any wrongdoing:

HPS denies the allegations in the introductory paragraphs to the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the statements concerning Plaintiffs' alleged investigation concerning their purported causes of action, and admits that Plaintiffs purport to bring an action against certain Defendants.

## I.    NATURE OF THE ACTION[1]

1.    HPS denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring an action against certain Defendants.

2.    HPS respectfully refers the Court to the commentary referenced in Paragraph 2 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

3.    HPS denies the allegations in Paragraph 3.

---

[1] For ease of reference, the section headings are copied from the Complaint.  They require no response.  To the extent a response is required, they are denied.

4.      HPS respectfully refers the Court to the announcement referenced in Paragraph 4 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

5.      HPS denies the allegations in Paragraph 5.

6.      HPS denies the allegations in Paragraph 6.

7.      HPS respectfully refers the Court to the opinion referenced in Paragraph 7 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

8.      HPS denies the allegations in Paragraph 8.

9.      HPS admits the allegations in the first two sentences of Paragraph 9.  HPS denies the allegations in the third sentence of Paragraph 9.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 9, except denies that any conduct on the part of HPS caused harm to Orbis

10.     HPS denies the allegations in Paragraph 10.

11.     HPS denies the allegations in Paragraph 11.

12.     HPS denies the allegations in the first sentence of Paragraph 12.  As to the remaining allegations in Paragraph 12, HPS respectfully refers the Court to the opinion referenced in Paragraph 12 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## II.    JURISDICTION AND VENUE

13.     Paragraph 13 contains legal conclusions that require no response.  To the extent a response is required, HPS denies the allegations in Paragraph 13.

2

14.     Paragraph 14 contains legal conclusions that require no response.   To the extent a response is required, HPS denies the allegations in Paragraph 14.

15.     HPS denies the allegations in the first sentence of Paragraph 15.  HPS admits the allegations in the second sentence of Paragraph 15.

16.     HPS denies the allegations in Paragraph 16.

## III.   PARTIES

### A.   Plaintiffs

17.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17.  HPS denies the allegations in the second sentence of Paragraph 17.

18.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18.  HPS denies the allegations in the second sentence of Paragraph 18.

19.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19.  HPS denies the allegations in the second sentence of Paragraph 19.

20.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20.  HPS denies the allegations in the second sentence of Paragraph 20.

21.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21.  HPS denies the allegations in the second sentence of Paragraph 21.

22.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22.  HPS denies the allegations in the second sentence of Paragraph 22.

23.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23.  HPS denies the allegations in the second sentence of Paragraph 23.

24.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24.  HPS denies the allegations in the second sentence of Paragraph 24.

25.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25.  HPS denies the allegations in the second sentence of Paragraph 25.

26.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26.  HPS denies the allegations in the second sentence of Paragraph 26.

27.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

**B.     Defendants**

**1.     <u>Defendant Alta Mesa</u>**

29.     HPS admits the allegations in Paragraph 29.

### 2. Proxy Defendants

30.     HPS admits the allegations in Paragraph 30.

31.     HPS admits the allegations in Paragraph 31.

32.     HPS admits the allegations in Paragraph 32.

33.     HPS admits the allegations in Paragraph 33.

34.     HPS admits the allegations in Paragraph 34.

35.     HPS admits the allegations in Paragraph 35.

36.     The allegations in the first two sentences of Paragraph 36 require no response as they merely define a term used in the Complaint.  As to the allegations in the third sentence of Paragraph 36, HPS respectfully refers the Court to the Proxy referenced in Paragraph 36 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

### 3. The Management Defendants

37.     HPS admits the allegations in Paragraph 37.

38.     HPS admits the allegations in Paragraph 38.

39.     HPS admits the allegations in Paragraph 39, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the SEC investigation, its timing, or it relationship (if any) to Mr. Smith's resignation.

40.     The allegations in Paragraph 40 require no response as they merely define a term used in the Complaint.  To the extent a response is required, the allegations in Paragraph 40 are denied.

### 4.     The Board Defendants

41.     HPS admits the allegations in Paragraph 41.

42.     HPS admits the allegations in Paragraph 42.

43.     HPS admits the allegations in Paragraph 43.

44.     HPS admits the allegations in the first and third sentences of Paragraph 44. HPS denies the allegations in the second sentence of Paragraph 44.

45.     HPS admits the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 require no response as they merely define a term used in the Complaint.  To the extent a response is required to the allegations in Paragraph 46, the allegations are denied.

### 5.     The Control Entity Defendants

47.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 47.  HPS admits the allegations in the last sentence of Paragraph 47.

48.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 48.  HPS denies the allegations in the fourth sentence of Paragraph 48.

49.     HPS admits the allegations in Paragraph 49, except denies that HPS owns a significant portion of Alta Mesa.

50.     HPS admits the allegations in Paragraph 50.

51.     The allegations in the first sentence of Paragraph 51 require no response as they merely define a term used in the Complaint.  To the extent a response to the allegations

in the first sentence of Paragraph 51 is required, they are denied. HPS denies the allegations in the second sentence of Paragraph 51.

### C. Relevant Non-Parties

52. HPS denies the allegations in the first and third sentences of Paragraph 52. HPS admits the allegations in the second and fifth sentences of Paragraph 52. HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 52.

## IV. FACTUAL ALLEGATIONS

### A. The Formation of the Silver Run SPAC Vehicle

53. HPS admits the allegations in the first sentence of Paragraph 53. HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 53.

54. HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, except admits that NASDAQ has certain rules that relate to SPACs and respectfully refers the Court to those rules for their true and correct content, and denies the allegations to the extent that Plaintiffs have misreported that content. HPS also respectfully refers the Court to the article referenced in the last sentence of Paragraph 54 for its true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

55. HPS respectfully refers the Court to the public statement referenced in Paragraph 55 for its true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

56.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, except denies any wrongdoing to the extent Paragraph 56 alleges that HPS committed any wrongdoing, and respectfully refers the Court to the SEC statement referenced in Paragraph 56 for its true and correct contents and denies the allegations to the extent Plaintiffs have misreported those contents.

57.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     HPS respectfully refers the Court to the SEC rules referenced in Paragraph 58 for their true and correct contents, and denies the allegations to the extent Plaintiffs have misreported those contents.

59.     HPS denies the allegations in Paragraph 59.

**B.     The Merger of Silver Run with AMH and Kingfisher**

60.     HPS denies the allegations in Paragraph 60.

61.     HPS respectfully refers the Court to the prospectus referenced in Paragraph 61 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

62.     HPS admits the allegations in Paragraph 62.

63.     HPS denies that the allegations in Paragraph 63 provide a complete record of the interests it purports to describe.

64.     HPS respectfully refers the Court to the SEC Form 8-K referenced in Paragraph 64 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

65.     HPS respectfully refers the Court to the announcement referenced in Paragraph 65 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

66.     HPS respectfully refers the Court to the Proxy referenced in Paragraph 66 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

67.     HPS respectfully refers the Court to the Proxy referenced in Paragraph 67 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

68.     HPS respectfully refers the Court to the Proxy referenced in Paragraph 68 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

69.     HPS respectfully refers the Court to the Form 10-K referenced in Paragraph 69 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

**C.     Alta Mesa's Post-Merger Financial Disclosures Immediately Fall Short**

70.     HPS respectfully refers the Court to the SEC documents, release, and other public statements referenced in Paragraph 70 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

71.     HPS respectfully refers the Court to the SEC documents and release referenced in Paragraph 71 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

72.     HPS respectfully refers the Court to the earnings call transcript referenced in Paragraph 72 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

73.     HPS respectfully refers the Court to the release referenced in Paragraph 73 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

74.     HPS respectfully refers the Court to the earnings call transcript referenced in Paragraph 74 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

75.     HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 75 to the extent they are inconsistent with those publicly-reported prices.

**D.     Alta Mesa's Second Quarter 2018 Results Also Fall Short**

76.     HPS respectfully refers the Court to the public statements referenced in Paragraph 76 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

77.     HPS respectfully refers the Court to the 8-K referenced in Paragraph 77 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

78.     HPS respectfully refers the Court to the earnings call transcript and 8-K referenced in Paragraph 78 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

79.     HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 79 to the extent they are inconsistent with those publicly-reported prices, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the reason the stock price declined.

### E.     Alta Mesa's Third Quarter 2018 Results Are No Better Than Previous Results and Its CFO Resigns

80.     HPS respectfully refers the Court to the 8-K and Proxy referenced in Paragraph 80 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

81.     HPS respectfully refers the Court to the earnings call transcript referenced in Paragraph 81 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

82.     HPS admits the allegations in Paragraph 82.

83.     HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 83 to the extent they are inconsistent with those publicly-reported prices.

### F.     More Executives Resign, Alta Mesa Discloses Material Internal Control Weaknesses, Is Unable to File Its 2018 Annual Report, Takes a *$3.1 Billion* Write-Down, and Ultimately Goes Bankrupt

84.     HPS admits the allegations in Paragraph 84.

85.     HPS respectfully refers the Court to the contents of the 8-K referenced in Paragraph 85 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

86.     HPS respectfully refers the Court to the contents of the 8-K referenced in Paragraph 86 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

87.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 87 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

88.     HPS denies the allegations in Paragraph 88, except respectfully refers the Court to the publicly filed documents referenced in Paragraph 88 for their true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

89.     HPS denies the allegations in Paragraph 89.

90.     HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and SEC filing referenced in Paragraph 90 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the cause of the alleged decline in Alta Mesa's stock price alleged in Paragraph 90.

91.     HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and denies the allegations in Paragraph 91 to the extent they are inconsistent with those publicly-reported prices.

92.     HPS admits the allegations in Paragraph 92.

93.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93.  HPS respectfully refers the

Court to the NASDAQ notices referenced in the second sentence of Paragraph 93 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

94.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 94, for its true and correct contents, denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies Plaintiffs' characterization of those contents.

95.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 95 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

96.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 96 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

97.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 97 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

98.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 98 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

99.     HPS admits the allegations in Paragraph 99.

100.     HPS respectfully refers the Court to the SEC filing referenced in Paragraph 100 for its true and correct contents, and denies the allegations to the extent Plaintiffs have

inaccurately reported those contents.

101.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 101 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

102.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 102 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

103.   HPS admits the allegations in Paragraph 103.

104.   HPS admits the allegations in Paragraph 104, but denies knowledge or information sufficient to form a belief as to Plaintiffs' use of the term "related entities."

105.   HPS admits the allegations in Paragraph 105.

106.   HPS respectfully refers the Court to the opinion referenced in Paragraph 106 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

**G.   Alta Mesa's Collapse Resulted From Defendants' Intentional Misconduct**

107.   HPS respectfully refers the Court to Alta Mesa's publicly-reported stock prices and bankruptcy proceedings referenced in the first sentence of Paragraph 107, and the SEC filing referenced in the second sentence of Paragraph 107, for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 107.

108.    HPS denies the allegations in Paragraph 108.

**1.      Before the Merger, Defendants Systematically Looted AMH for the Benefit of Kingfisher.**

109.    HPS denies the allegations in Paragraph 109.

110.    HPS admits that AMH began expanding its operations in the STACK in 2014 and that AMH used midstream companies for certain purposes, and denies knowledge or information sufficient to form a belief as to the meaning of the term "independent" in Paragraph 110 as used by Plaintiffs.

111.    HPS admits the allegation in Paragraph 111 that HPS participated in creating Kingfisher Midstream, LLC, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what that company "would" do or Plaintiffs' meaning as to that term.

112.    HPS admits the allegations in Paragraph 112 that funds managed by HPS provided funding to Kingfisher, and denies knowledge or information sufficient to form a belief as to the meaning of "large" or "stake" as used by Plaintiffs.

113.    HPS denies the allegations in Paragraph 113, except respectfully refers the Court to the presentations referenced in Paragraph 113 for its true and accurate contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

114.    HPS admits the allegations in the first sentence of Paragraph 114.  HPS respectfully refers the Court to the agreements referenced in Paragraph 114 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, except denies Plaintiffs' characterization in the second sentence of

Paragraph 114.

115.   HPS denies the allegations in Paragraph 115.

116.   HPS denies the allegations in Paragraph 116, and denies the allegations in the second sentence as providing an incomplete picture of the agreements between AMH and Kingfisher.

117.   HPS denies the allegations in Paragraph 117.

118.   HPS respectfully refers the Court to the agreements referenced in Paragraph 118 for their true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

119.   HPS denies the allegations in Paragraph 119.

120.   HPS denies the allegations in Paragraph 120.

121.   HPS denies the allegations in Paragraph 121.

122.   HPS denies the allegations in Paragraph 122, and denies knowledge or information sufficient to form a belief as to internal emails of the Company prior to the Business Combination.

        **2.**    **Before the Merger, Defendants Knew That the Production Projections Made by AMH and Alta Mesa Were Not Achievable.**

123.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 123.

124.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 124.

125.   HPS denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 125.

126.    HPS admits the allegations in Paragraph 126.

127.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    HPS respectfully refers the Court to the documents containing the statistics cited by Plaintiff in Paragraph 129 for their true and correct contents, and denies the allegations to the extent they are inconsistent with those contents.

130.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    HPS respectfully refers the Court to the emails referenced in Paragraph 133 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

134.    HPS respectfully refers the Court to the email referenced in the first sentence of Paragraph 134 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

135.    HPS respectfully refers the Court to the emails referenced in Paragraph 135

for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

136.    HPS denies the allegations in Paragraph 136.

137.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in  Paragraph 137, except respectfully refers the Court to the documents containing the well statistics for 2016 and 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

138.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, except respectfully refers the Court to the documents containing the rig statistics for 2017 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

139.    HPS denies the allegations in Paragraph 139, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle, Ellis, and Hackett allegedly knew, and respectfully refers the Court to the testimony referenced in the second sentence of Paragraph 139 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

140.    HPS denies the allegations in Paragraph 140.

141.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    HPS denies knowledge or information sufficient to form a belief as to the

18

truth of the allegations in Paragraph 142, except respectfully refers the Court to the document referenced in Paragraph 142 for its true and correct contents and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

143.    HPS respectfully refers the Court to the emails referenced in Paragraph 143 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

144.    HPS denies the allegations in Paragraph 144, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chappelle and Ellis agreed to or knew.

145.    HPS respectfully refers the Court to the emails referenced in Paragraph 145 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

146.    HPS respectfully refers the Court to the emails referenced in Paragraph 146 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

147.    HPS respectfully refers the Court to the emails referenced in Paragraph 147 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

148.    HPS respectfully refers the Court to the emails referenced in Paragraph 148 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

149.    HPS respectfully refers the Court to the emails referenced in Paragraph 149

for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

150.    HPS respectfully refers the Court to the email referenced in Paragraph 150 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

151.    HPS respectfully refers the Court to the email referenced in Paragraph 151 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

152.    HPS denies the allegations in Paragraph 152.

153.    HPS denies the allegations in Paragraph 153, except respectfully refers the Court to the Complaint referenced in Paragraph 144 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

154.    HPS respectfully refers the Court to the Complaint referenced in Paragraph 154 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

155.    HPS denies the allegations in Paragraph 155, except respectfully refers the Court to the public statements referenced in Paragraph 155 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

156.    HPS denies the allegations in the first two sentences of Paragraph 156.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in last three sentences of Paragraph 156.

157.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, except respectfully refers the Court to the communications referenced in Paragraph 157 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

158.   HPS denies the allegations in Paragraph 158, except respectfully refers the Court to the Complaint referenced in Paragraph 158 and to the documents containing ESP statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

159.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.   HPS denies the allegations in the first sentence of Paragraph 160.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of Paragraph 160.

## V.   DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A.   Materially False and Misleading Statements About AMH/Alta Mesa Oil Production and Drilling Methods

161.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 161 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

162.   HPS denies the allegations in Paragraph 162.

163.   HPS respectfully refers the Court to the call referenced in Paragraph 163 for its true and correct contents, and denies the allegations to the extent Plaintiffs have

21

inaccurately reported those contents.

164.   HPS denies the allegations in Paragraph 164.

165.   HPS respectfully refers the Court to the call transcript referenced in Paragraph 165 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

166.   HPS denies the allegations in Paragraph 166.

167.   HPS admits the allegations in the first sentence of Paragraph 167.   HPS denies the allegations in the second sentence of Paragraph 167.

168.   HPS respectfully refers the Court to the Proxy referenced in Paragraph 168 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

169.   HPS denies the allegations in Paragraph 169.

170.   HPS respectfully refers the Court to the Proxy referenced in Paragraph 170 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

171.   HPS denies the allegations in Paragraph 171.

172.   HPS respectfully refers the Court to the Proxy referenced in Paragraph 172 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

173.   HPS denies the allegations in Paragraph 173.

174.   HPS respectfully refers the Court to the Proxy referenced in Paragraph 174 for its true and correct contents, and denies the allegations to the extent Plaintiffs have

inaccurately reported those contents.

175.   HPS denies the allegations in Paragraph 175.

176.   HPS respectfully refers the Court to the slide deck referenced in Paragraph 176 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

177.   HPS denies the allegations in Paragraph 177.

178.   HPS respectfully refers the Court to the press release referenced in Paragraph 178 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

179.   HPS denies the allegations in Paragraph 179.

180.   HPS respectfully refers the Court to the slide presentation referenced in Paragraph 180 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

181.   HPS denies the allegations in Paragraph 181.

182.   HPS respectfully refers the Court to the call transcript referenced in Paragraph 182 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

183.   HPS denies the allegations in Paragraph 183.

184.   HPS respectfully refers the Court to the 10-K referenced in Paragraph 184 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

185.   HPS denies the allegations in Paragraph 185.

186.    HPS respectfully refers the Court to the 10-K referenced in Paragraph 186 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

187.    HPS denies the allegations in Paragraph 187.

188.    HPS respectfully refers the Court to the slide presentation referenced in Paragraph 188 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

189.    HPS denies the allegations in Paragraph 189.

190.    HPS respectfully refers the Court to the call transcript referenced in the first sentence of Paragraph 190 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 190.

191.    HPS denies the allegations in Paragraph 191.

192.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 192 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

193.    HPS denies the allegations in Paragraph 193.

194.    HPS respectfully refers the Court to the presentation referenced in Paragraph 194 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

195.    HPS denies the allegations in Paragraph 195.

196.    HPS respectfully refers the Court to the presentation referenced in Paragraph 196 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

197.    HPS denies the allegations in Paragraph 197.

198.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 198 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

199.    HPS denies the allegations in Paragraph 199.

200.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200.

201.    HPS respectfully refers the Court to the presentation referenced in Paragraph 201 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

202.    HPS denies the allegations in Paragraph 202.

203.    HPS respectfully refers the Court to the presentation referenced in Paragraph 203 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

204.    HPS denies the allegations in Paragraph 204.

205.    HPS respectfully refers the Court to the presentation referenced in Paragraph 205 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

206.    HPS denies the allegations in Paragraph 206.

207. HPS respectfully refers the Court to the SEC filing referenced in Paragraph 207 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

208. HPS respectfully refers the Court to the SEC filing referenced in Paragraph 208 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

209. HPS denies the allegations in Paragraph 209.

**B. Materially False and Misleading Statements About Kingfisher's Prospects and Expected Revenue**

210. HPS respectfully refers the Court to the SEC filing referenced in Paragraph 210 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

211. HPS denies the allegations in Paragraph 211.

212. HPS respectfully refers the Court to the call referenced in Paragraph 212 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

213. HPS denies the allegations in Paragraph 213.

214. HPS respectfully refers the Court to the Proxy referenced in Paragraph 214 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

215. HPS denies the allegations in Paragraph 215.

216. HPS respectfully refers the Court to the Proxy referenced in Paragraph 216

for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

217.   HPS denies the allegations in Paragraph 217.

218.   HPS respectfully refers the Court to the Proxy referenced in Paragraph 218 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

219.   HPS denies the allegations in Paragraph 219.

220.   HPS respectfully refers the Court to the presentation referenced in Paragraph 220 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

221.   HPS denies the allegations in Paragraph 221.

222.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 222 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

223.   HPS denies the allegations in Paragraph 223.

224.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 224 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

225.   HPS denies the allegations in Paragraph 225.

226.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 226 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

227.   HPS denies the allegations in Paragraph 227.

228.   HPS respectfully refers the Court to the presentation referenced in Paragraph 228 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

229.   HPS denies the allegations in Paragraph 229.

230.   HPS respectfully refers the Court to the presentation referenced in Paragraph 230 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

231.   HPS denies the allegations in Paragraph 231.

232.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 232 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

233.   HPS denies the allegations in Paragraph 233.

234.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 234 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

235.   HPS denies the allegations in Paragraph 235.

C.   **Materially False and Misleading Statements About Alta Mesa's Internal Controls**

236.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 236.  HPS respectfully refers the Court to the legislation referenced in the remaining sentences of Paragraph 236 for its

true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

237.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, except respectfully refers the Court to the legislation referenced in Paragraph 236 for its true and correct contents to the extent Paragraph 237 refers to that legislation, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

238.   HPS denies the allegations in Paragraph 238.

239.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 239 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

240.   HPS denies the allegations in Paragraph 240.

241.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 241 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

242.   HPS denies the allegations in Paragraph 242.

243.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 243 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

244.   HPS denies the allegations in Paragraph 244.

245.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 245 for its true and correct contents, and denies the allegations to the extent Plaintiffs have

inaccurately reported those contents.

246.    HPS denies the allegations in Paragraph 246.

247.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 247 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

248.    HPS denies the allegations in Paragraph 248.

249.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 249 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

250.    HPS denies the allegations in Paragraph 250.

251.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 251 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

252.    HPS denies the allegations in Paragraph 252.

253.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 253 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

254.    HPS denies the allegations in Paragraph 254.

255.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 255 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

256.    HPS denies the allegations in Paragraph 256.

257.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 257 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

258.    HPS denies the allegations in Paragraph 258.

259.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 259 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

260.    HPS denies the allegations in Paragraph 260.

261.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 261 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

262.    HPS denies the allegations in Paragraph 262.

263.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 263 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

264.    HPS denies the allegations in Paragraph 264.

265.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 265 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

266.    HPS denies the allegations in Paragraph 266.

267.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 267 for its true and correct contents, and denies the allegations to the extent Plaintiffs have

inaccurately reported those contents.

268.   HPS denies the allegations in Paragraph 268.

269.   HPS respectfully refers the Court to the SEC filing referenced in Paragraph 269 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

270.   HPS denies the allegations in Paragraph 270.

**D.    Materially False and Misleading Statements Made Directly to Orbis Investments**

271.   HPS denies the allegations in Paragraph 271.

272.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272.

273.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273.

274.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274.

275.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275.

276.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276.

277.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277.

278.   HPS denies the allegations in Paragraph 278.

279.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279.

280.     HPS denies the allegations in Paragraph 280.

281.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282.     HPS denies the allegations in Paragraph 282, except denies knowledge or information sufficient to form a belief at to the truth of the allegations in Paragraph 282 as to what certain defendants or Kingfisher "knew."

283.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.

284.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284.

285.     HPS denies the allegations in Paragraph 285.

286.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286.

287.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287.

288.     HPS denies the allegations in Paragraph 288.

289.     HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289.

290.     HPS denies the allegations in Paragraph 290.

291.     HPS denies knowledge or information sufficient to form a belief as to the

33

truth of the allegations in Paragraph 291.

292.   HPS denies the allegations in Paragraph 292.

293.   HPS respectfully refers the Court to the SEC filing and stock price data referenced in Paragraph 293 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

294.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.   HPS denies the allegations in Paragraph 295, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 as to what Kingfisher "knew."

296.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297.   HPS denies the allegations in Paragraph 297.

298.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299.   HPS denies the allegations in Paragraph 299.

300.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300.

301.   HPS denies the allegations in Paragraph 301.

302.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302.

303.   HPS denies the allegations in Paragraph 303.

304.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304.

305.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305.

306.    HPS denies the allegations in Paragraph 306.

307.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307.

308.    HPS denies the allegations in Paragraph 308, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 as to what Kingfisher "knew."

309.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309.

310.    HPS denies the allegations in Paragraph 310, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 as to what Kingfisher "knew."

311.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, except denies the allegations in Paragraph 312 to the extent they purport to incorporate the allegations of misleading statements above.

313.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, except denies knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 313 as to what Kingfisher or the other referenced defendants "knew."

314.   HPS admits the allegations in the first sentence of Paragraph 314.   HPS denies the remaining allegations in Paragraph 314.

> **E.    This Court's Decision Denying the Motion to Dismiss the Class Action Complaint Confirms Defendants' Numerous Materially False and Misleading Statements**

315.   HPS respectfully refers the Court to its prior ruling referenced in Paragraph 315 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

316.   HPS respectfully refers the Court to its prior ruling referenced in Paragraph 316 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## VI.    SUMMARY OF DEFENDANTS' SCIENTER

317.   HPS respectfully refers the Court to its prior ruling referenced in Paragraph 317 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

318.   HPS denies the allegations in Paragraph 318.

319.   HPS denies the allegations in Paragraph 319.

320.   HPS denies the allegations in the first sentence of Paragraph 320.   As to the second sentence of Paragraph 320, HPS admits that HPS provided certain funding to Kingfisher.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 320.

321.    HPS respectfully refers the Court to the presentations referenced in Paragraph 321 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

322.    HPS denies the allegations in Paragraph 322, except respectfully refers the Court to the agreements referenced in Paragraph 322 for their true and correct contents, and denies the allegations to the extent that Plaintiffs have inaccurately reported those contents.

323.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323.

324.    HPS respectfully refers the Court to the agreement referenced in Paragraph 324 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  HPS further denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 324.

325.    HPS denies the allegations in Paragraph 325.

326.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326.

327.    HPS further denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327.

328.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328.

329.    HPS denies knowledge or information sufficient to form a belief as to the

37

truth of the allegations in Paragraph 329.

330.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330.

331.   HPS denies the allegations in the first sentence of Paragraph 331.  HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 331.

332.   HPS denies the allegations in Paragraph 332, except states that the first sentence of Paragraph 332 contains a legal conclusion to which no response is required, and to the extent a response is required, the allegations in the first sentence of Paragraph 332 are denied.

333.   HPS respectfully refers the Court to the call transcript referenced in Paragraph 333 for its true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

334.   HPS respectfully refers the Court to the call transcripts referenced in Paragraph 334 for their true and accurate contents, and denies the allegations to the extent they are inconsistent with the call.

335.   HPS denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 335, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 335 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

336.   HPS denies the allegations in Paragraph 336.

337.   HPS denies the allegations in Paragraph 337, except denies knowledge or

information sufficient to form a belief as to what Alta Mesa management knew, and respectfully refers the Court to the documents containing the ESP cost statistics for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

338.    HPS denies the allegations in Paragraph 338.

339.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 339 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

340.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 340 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

341.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 341 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

342.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and respectfully refers the Court to the Class Action Complaint referenced in Paragraph 342 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

343.    HPS denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 343.

344.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344.

345.    HPS respectfully refers the Court to the SEC filings referenced in Paragraph 345 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

346.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346.

347.    HPS respectfully refers the Court to the Prospectus referenced in Paragraph 347 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

348.    HPS denies the allegations in Paragraph 348.

349.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349.

350.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, except respectfully refers the Court to the Proxy referenced in Paragraph 350 for its true and correct contents and denies the allegations to the extent they are inconsistent with those contents.

351.    HPS respectfully refers the Court to the SEC filing referenced in Paragraph 351 from which this information is taken for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

352.    HPS denies knowledge or information sufficient to for a belief as to the truth

of the allegations in Paragraph 352.

353.   HPS denies the allegations in Paragraph 353.

354.   HPS denies knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 354.

355.   HPS denies the allegations in Paragraph 355.

356.   HPS denies the allegations in Paragraph 356.

357.   HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 357.  HPS respectfully refers the Court to the agreement referenced in the second sentence of Paragraph 357 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.  HPS denies the allegations in the third sentence of Paragraph 357.

358.   HPS denies the allegations in Paragraph 358.

359.   HPS respectfully refers the Court to the referenced bankruptcy proceeding records and statement referenced in Paragraph 359 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

## VII.   PRESUMPTION OF RELIANCE

360.   HPS denies the allegations in Paragraph 360.

361.   HPS denies the allegations in Paragraph 361, except denies knowledge or information sufficient to form a belief as to the character of the market for Alta Mesa stock or what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock.

362.   HPS denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 362.

363.    HPS denies the allegations in Paragraph 363, except admits that Defendants did not oppose the relief sought in Plaintiffs' motion for class certification.

364.    HPS denies the allegations in Paragraph 364, except denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on.

## VIII.   PLAINTIFFS' ACTUAL RELIANCE

365.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365.

366.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, except denies any allegation that HPS spoke directly with any representatives of Orbis concerning Silver Run or Alta Mesa.

367.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367.

368.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368.

369.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369.

370.    HPS denies the allegations in Paragraph 370, except denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on.

371.    HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371.

## IX.   LOSS CAUSATION

372.   HPS denies the allegations in Paragraph 372, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

373.   HPS denies the allegations in Paragraph 373.

374.   HPS denies the allegations in Paragraph 374.

375.   HPS denies the allegations in Paragraph 375, except respectfully refers the Court to the disclosure referenced in Paragraph 375 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

376.   HPS denies the allegations in Paragraph 376, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

377.   HPS denies the allegations in Paragraph 377, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

378.   HPS denies the allegations in Paragraph 378, except respectfully refers the Court to the public statements referenced in Paragraph 378 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

379.   HPS respectfully refers the Court to the public statements referenced in Paragraph 379 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

380     HPS denies the allegations in Paragraph 380, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

381.    HPS denies the allegations in Paragraph 381, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

382.    HPS denies the allegations in Paragraph 382.

383     HPS respectfully refers the Court to the disclosures referenced in Paragraph 383 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

384.    HPS denies the allegations in Paragraph 384, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

385.    HPS denies the allegations in Paragraph 385, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

386.    HPS denies the allegations in Paragraph 386.

387.    HPS respectfully refers the Court to the disclosure referenced in Paragraph 387 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

388.    HPS respectfully refers the Court to the disclosures referenced in Paragraph 388 for their true and correct contents, and denies the allegations to the extent Plaintiffs

44

have inaccurately reported those contents.

389.    HPS denies the allegations in Paragraph 389, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

390.    HPS denies the allegations in Paragraph 390, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

391.    HPS respectfully refers the Court to the disclosures referenced in Paragraph 391 for their true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

392.    HPS respectfully refers the Court to the disclosure referenced in Paragraph 392 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

393.    HPS respectfully refers the Court to the disclosure referenced in Paragraph 393 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents.

394.    HPS denies the allegations in Paragraph 394, except respectfully refers the Court to public information concerning Alta Mesa's stock price, and denies the allegations to the extent they are inconsistent with that information.

395.    HPS denies the allegations in Paragraph 395.

## X.    NO SAFE HARBOR

396.    HPS denies the allegations in Paragraph 396.

397.    Paragraph 397 contains legal conclusions that require no response.  To the extent a response is required, HPS denies the allegations in Paragraph 397.

## COUNT I

**For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5
Against Alta Mesa, the Management Defendants, and the Board Defendants**

398.    HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

399.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 399.

400.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 400.

401.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 401.

402.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 402.

403.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 403.

404.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 404.

405.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 405.

406.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 406.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against All Defendants

407.     HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

408.     HPS denies the allegations in Paragraph 408.

409.     HPS denies the allegations in Paragraph 409.

## COUNT III

### Violations of Section 18 of the Exchange Act Against Alta Mesa, the Management
### Defendants, and the Board Defendants

410.     HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

411.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph

411.

412.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412.

413.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 413.

414.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 414.

415.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 415.

416.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 416.

417.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 417.

**COUNT IV**

**Violations of Section 14(a) of the Exchange Act Against
Alta Mesa, the Proxy Defendants (Except for Walker and Coates) and Riverstone**

418.   HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

419.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 419.

420.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 420.

421.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 421.

422.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS respectfully refers the Court to the Proxy referenced in Paragraph 422 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

423.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS respectfully refers the Court to the

Proxy referenced in Paragraph 423 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

424.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS respectfully refers the Court to the Proxy referenced in Paragraph 424 for its true and correct contents, and denies the allegations to the extent Plaintiffs have inaccurately reported those contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning permission.

425.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425.

426.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to the intent of the referenced Defendants in Paragraph 426.

427.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 427.

428.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428.

429.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 429.

430.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 430.

## COUNT V

### Violations of Section 20(a) of the Exchange Act Against the Proxy Defendants and the Control Entity Defendants

431.    HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

432.    HPS denies the allegations in Paragraph 432.

433.    HPS denies the allegations in Paragraph 433.

434.    HPS denies the allegations in Paragraph 434.

435.    HPS denies the allegations in Paragraph 435.

## COUNT VI

### Common Law Fraud Against
### Alta Mesa, the Management Defendants, and the Board Defendants for Statements Prior to the Merger

436.    HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

437.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph

437.

438.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 438.

439.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 439.

440.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 440.

441.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 441, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

442.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 442, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

443.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information

sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 443, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

444.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 444, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

445.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 445.

446.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 446.

## COUNT VII

### Common Law Fraud Against
### Alta Mesa, the Management Defendants, and the Board Defendants for Statements After the Merger

447.    HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

448.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 448.

449.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 449.

450.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 450.

451.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 451.

452.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 452, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions..

453.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 453, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

454.     This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta

Mesa stock as alleged in Paragraph 454, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

455.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 455.

456.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 456.

## COUNT VIII

### Violation of Texas Business and Commerce Code § 27.01 Against Alta Mesa, the Management Defendants, and the Board Defendants

457.   HPS repeats each response contained above to each allegation in the Complaint, as if fully set forth herein.

458.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 458.

459.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 459.

460.   This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 460.

461.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 461, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

462.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs relied on in purchasing Alta Mesa stock as alleged in Paragraph 462, except denies the allegations to the extent they assert that Defendants made misrepresentations or omissions.

463.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 463.

464.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 464.

465.    This Count is not alleged against HPS, and therefore this allegation requires no response.  To the extent a response is required, HPS denies the allegations in Paragraph 465.

## XI.    PRAYER FOR RELIEF

HPS denies that the Plaintiffs are entitled to any relief whatsoever from HPS.

## XII.   JURY DEMAND

HPS admits that Plaintiffs purport to demand a trial by jury.

### AFFIRMATIVE DEFENSES

By asserting these defenses, HPS does not concede that it bears the burden of proof on any defense. Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations. HPS further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which it becomes aware during discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) or the Private Securities Litigation Reform Act of 1995 ("PSLRA").

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish a primary violation of any laws, including Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability as to HPS.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that HPS did control, or had the ability to control, any Defendants accused of a primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to HPS.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that HPS did control or had the ability to control any of the alleged conduct that supposedly constituted violations of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to HPS.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish that HPS was a culpable participant in any primary violation of any laws, including Sections 10(b) and 14(a) of the 1934 Act, and therefore fail to plead control-person liability as to HPS.

## SEVENTH AFFIRMATIVE DEFENSE

HPS exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  HPS is therefore not subject to liability under the federal securities laws. 15 U.S.C. §§ 78(t), 78w(a)(1).

## EIGHTH AFFIRMATIVE DEFENSE

HPS is not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than HPS over which HPS had no control.  15 U.S.C. § 78u-4(f)(3)(A).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved with Alta Mesa's[2] business and the oil and gas industry and thus assumed the risk that the value of Alta Mesa stock would decline if such risks materialized.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because the allegedly undisclosed facts underlying their claims were known to the market.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with Alta Mesa securities.

---

[2] For purposes of HPS's affirmative defenses, references to "Alta Mesa" include Silver Run Acquisition Corporation II.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are limited from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

HPS is not liable because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from HPS because they knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the SAC, or would have purchased Alta Mesa securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA and to the proportionate liability provisions of the 1934 Act to reflect only HPS's percentage of responsibility, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because Plaintiffs lack standing to maintain this action under Article III or other applicable statute or common law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

HPS is not liable because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of Alta Mesa securities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

HPS is not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited, in whole or in part, because certain alleged misstatements contained non-actionable expressions of opinion that were truly held and reasonably made.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Texas law does not recognize Plaintiffs' "holder" claims—*i.e.* that Plaintiffs were fraudulently induced to retain Alta Mesa stock.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants were under no duty or obligation to disclose any allegedly withheld information.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they fail to establish specific or "eyeball" reliance upon the alleged misstatements and documents identified in the complaint, as necessary to plead a cause of action under Section 18 of the 1934 Act.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

HPS hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, either by motion or otherwise, by any other Defendant in this action to the extent that such defense is applicable to HPS.

**WHEREFORE**, HPS respectfully requests that the Court enter judgment for it by adjudging and decreeing:

1.     That the Complaint, and each purported cause of action against HPS, be dismissed with prejudice;

2.     That the Court grant HPS all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

3.     That the Court award HPS any such other and further relief as the Court may deem just and proper.

Respectfully submitted July 12, 2023.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Karl S. Stern*
Karl S. Stern (SBN 19175665)
Christopher D. Porter (SBN 24070437)
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000

Facsimile: (713) 221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
52 Madison Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT
PARTNERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LR 5.3 of the Local Rules for the United States District Court for the Southern District of Texas, I certify that a true and correct copy of the foregoing instrument has been served on July 12, 2023 on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Southern District of Texas.

*/s/ Karl S. Stern*
Karl S. Stern