| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP**<br>500 WEST 2ND STREET,<br>AUSTIN, TEXAS 78701 | **LATHAM & WATKINS LLP**<br>555 ELEVENTH ST, NW<br>WASHINGTON, D.C. 20004 |

**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 WEST BROADWAY
SAN DIEGO, CALIFORNIA 92101

July 12, 2023

<u>VIA ECF</u>

The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re:    *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957
              (consolidated)

Dear Judge Hanks:

      Undersigned counsel for Lead Plaintiffs and Defendant Alta Mesa Resources, Inc. ("<u>AMR</u>") jointly submit this letter concerning their discovery dispute on the scope of AMR's obligations in this class action (the "<u>Action</u>") under the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") to provide: (i) a witness pursuant to Federal Rule 30(b)(6) with adequate knowledge to testify on the factual basis for certain of AMR's positions in pleadings in this Action; and (ii) substantive responses to certain interrogatories served by Lead Plaintiffs under Federal Rule 33.[1]

      Lead Plaintiffs believe they are entitled to substantive testimony on the Rule 30(b)(6) deposition topics contained in their notice (as narrowed by the Parties' prior agreement) and responses on the information sought by the interrogatories. AMR disagrees because the plan administrator of the AMR/SRII Plan Administration Trust (the "AMR Trustee") provided full and complete answers to Lead Plaintiffs' questions during the Rule 30(b)(6) deposition and AMR simply lacks the knowledge necessary to answer certain interrogatories because it is a bankrupt entity without any employees from the relevant time period.

---

[1] The parties have met and conferred telephonically and by email regarding these issues several times. In addition to the Parties' numerous email communications, on June 22, 2023, Josh Porter and Andrew Sher of Entwistle & Cappucci LLP ("E&C") participated in a call on behalf of Lead Plaintiffs with Christian Word on behalf of AMR. Andrew Entwistle and Mr. Word subsequently spoke on the issues by phone on June 23 and June 26.

I.     **Lead Plaintiffs' Position**

   a.     **AMR's Failure to Present a Knowledgeable Rule 30(b)(6) Witness**

As Your Honor suggested during the June 26, 2023 discovery hearing, Plaintiffs conducted the Rule 30(b)(6) deposition of AMR's bankruptcy trustee, Robert Albergotti, Jr., to explore the nature and extent of his ability to answer questions on the four (4) agreed-upon topics (and various documents provided in advance pursuant to agreement of the parties) – despite having been advised by counsel for AMR that they had not and would not prepare the witness to fully answer questions on the topics, including on what Plaintiffs viewed as the most crucial topic: "AMR's factual assertions in specific Court filings and correspondence identified by plaintiffs."

During the June, 27, 2023 deposition, Plaintiffs inquired about, among other things, the factual basis for AMR's denials to approximately fifty (50) selected paragraphs in the complaint that are representative of Plaintiffs' overall allegations and five (5) affirmative defenses. The witness responded each time that AMR's basis for denying the factual allegations was conversations with its corporate counsel (and current counsel) Latham & Watkins LLP and an investigation by former counsel in its bankruptcy proceedings (although the witness conceded that investigation did not address potential securities fraud as alleged in this Action).[2] The following question and answer is an example of the witness's knowledge of AMR's factual basis to deny matters in the complaint:

   Q.     As AMR's corporate representative, do you know the factual basis for AMR denying the allegations in paragraph 113?

   A.     It would primarily be through discussions with Latham & Watkins based on the information that they were aware of as well as the underpinning Robbins Russell report that was produced.

The Rule 30(b)(6) witness provided no substantive responses to Plaintiffs' inquiries into the factual bases for AMR's denials and affirmative defenses and could not answer questions about the bulk of documents Lead Plaintiffs provided in advance of the deposition.

The case law simply does not support the notion that AMR's bankruptcy and wind-up relieves its obligation to educate and present a knowledgeable Rule 30(b)(6) witness. *See, e.g.*, *Kaye v. Lone Star Fund L.P.*, 2012 WL 13093400 (N.D. Tex. 2012) ("The Plaintiff Trustee thus has an obligation to be prepared to testify as a Rule 30(b)(6) spokesperson, however irksome the task may be. To the extent that he is able, after a *reasonable* amount of preparation, he must make a good faith effort to answer Defendants' questions about the above-listed topics, even if the facts upon which he bases his answers have been provided to him by [debtor's] attorneys."). This is particularly true where, as here, the topics are very limited. *See*, *e.g.*, *In re Reagor-Dykes Motors*,

---

   Q.     Once again, the Robbins Russell report drew no conclusions with respect to securities fraud, is that right?

   A.     That's correct.

LP, 2021 WL 5226485, at *3 (N.D. Tex. Bankr. Nov. 4, 2021) (excusing bankruptcy trustee from seven deposition topics only because they would require the trustee to memorize "thousands of documents"). Plaintiffs also note that to the extent there are former management members of AMR who would require less preparation to act as a Rule 30(b)(6) designee, including former CEO Hal Chappelle, those individuals should be designated and prepared to act as AMR's Rule 30(b)(6) witness.[3]

### b. AMR's Refusal to Answer Interrogatories

AMR has taken a similarly improper tactic with its interrogatory responses. AMR has refused to provide substantive responses to twelve (12) of Plaintiffs' sixteen (16) interrogatories, claiming it "lacks the information necessary to answer the Interrogatories." But AMR is currently represented by counsel with access to all of AMR's documents (directly or through the bankruptcy trustees), have presumably investigated the relevant facts and circumstances in this litigation, and have knowledge of the information sought by the interrogatories. Indeed, AMR (or its counsel) had knowledge sufficient to admit or deny in whole or part 396 paragraphs of the complaint and to assert ten affirmative defenses. AMR is responsible for answering interrogatories based on the knowledge of its officers, directors, employees, and attorneys. *See, e.g.*, *Nice Group USA, Inc. v. Melenyzer*, 2016 WL 11783016, at *4 (W.D. Tex, Aug. 23, 2016) ("Rule 33(b)(1) has been interpreted to require the representative to respond based on 'all information available to the corporation's officers, directors, employees and attorneys.'"); *Chapman & Cole v. Itel Container Intern. B.V.*, 116 F.R.D. 550, 558 (S.D. Tex. 1987) (same). Simply put, the information sought by the interrogatories is available to AMR and its obligation to respond under Federal Rule 33 is not relieved by bankruptcy.

Plaintiffs have been working to try to solve these issues for months and have reached an impasse on both AMR's failure to: (i) designate (and/or prepare) a witness who can provide the factual underpinnings of their legal positions; and (ii) provide full factual responses to the long outstanding interrogatories. AMR cannot have it both ways – taking fact-based legal positions and then refusing to provide the factual basis for those positions. Put simply, Lead Plaintiffs are entitled to testimony and interrogatory responses necessary to bind AMR to its positions in advance of trial, or AMR should be precluded from proof that is being withheld from Plaintiffs.[4]

---

[3] It should be noted that AMR – in connection with getting its joint plan of liquidation approved (and the attendant valuable releases for certain former officers and directors from the specter of other potential litigation arising from AMR's collapse) approved by U.S. Bankruptcy Judge Marvin Isgur in 2020 – stipulated to being named as a party in this Action and indeed the plan of liquidation expressly preserved the claims against AMR. *See* ECF No. 217 (*Stipulation and Proposed Order Permitting Plaintiffs to File Third Amended Complaint to Name Debtor Alta Mesa Resources, Inc. as an Additional Defendant*, dated December 3, 2021).

[4] *See, e.g., Hunt Construction Group, Inc. v. Cobb Mechanical Contractors, Inc*., 2018 WL 5311380, at *3 (W.D. Tex. Oct. 25, 2018). ("If [defendant] chooses not to, or cannot, provide more detail than it has to date, that is fine, but it will mean [defendant] will be precluded from presenting anything more than those same vague facts to the jury to support its claim. In short, any fact [defendant] intends to offer at trial . . . must be included in response to interrogatories").

## II. Defendant AMR's Position

### A. AMR's 30(b)(6) Witness Was Fully Prepared and Answered Lead Plaintiffs' Questions

Lead Plaintiffs misstate AMR's position and the parties' prior discussions with respect to the Rule 30(b)(6) deposition. Over a year ago, AMR and Lead Plaintiffs agreed that the AMR Trustee, Robert Albergotti, would testify on four topics, including "Any factual assertions made by AMR in its Answer, Initial Disclosures, and Responses & Objections to Plaintiffs' Requests for Production." Counsel for AMR told Lead Plaintiffs that Mr. Albergotti would be prepared to testify on this topic (as well as the other three). In fact, he was prepared and he provided full and complete answers to Lead Plaintiffs' questions about AMR's answer and affirmative defenses.

Lead Plaintiffs questioned Mr. Albergotti at length about AMR's factual bases for denying various paragraphs in the complaint. Mr. Albergotti first explained that because AMR has no employees and he is the sole remaining officer of AMR's trust, he approved the responses in AMR's answer based on his personal knowledge. He then responded to each question about a specific paragraph by explaining that AMR's response was based upon one or more of: (a) consultation with AMR's counsel; (b) his knowledge of the independent investigation of AMR performed by the law firm Robbins Russell in connection with the Bankruptcy Proceeding;[5] and (c) Judge Isgur's ruling after hearing testimony and argument that there was no evidence of wrongdoing in connection with AMR's drilling program.[6] There is nothing more for AMR to say in response to these questions.

Lead Plaintiffs appear to suggest that Mr. Albergotti was wrong to rely on the Robbins Russell report as a factual basis for AMR's denials because the independent counsel at Robbins Russell did not reach a conclusion on securities fraud. As an initial matter, this argument is irrelevant since it does not go to whether Mr. Albergotti was adequately prepared. But in any event, it is incorrect. That Robbins Russell's investigation focused on breaches of fiduciary duty rather than securities fraud is a distinction without a difference because both claims concern the same factual circumstances—whether there was evidence to show that Defendants implemented and continued to operate a drilling program they knew would fail. Thus, Robbins Russell's conclusions go directly to Lead Plaintiffs' allegations about the same subject matter. For example, Robbins Russell concluded:

- There was "no support for any allegation that … AMH's managers or Sponsors believed that the 2018 drilling program was overly aggressive and destined to fail."

- "Because of the lag time between drilling a well and receiving reliable data about its performance, it appears that AMH was not aware of systemic production issues

---

[5] Robbins Russell reviewed thousands of documents and interviewed numerous witnesses.

[6] On the basis of Robbins Russell's independent investigation and live testimony from witnesses, Judge Isgur succinctly concluded: "[t]here is simply no evidence, literally none[,] that the initiation of [that] program was not done properly, that it was not done independently and that it was not done after thorough work."

4

with its new wells until sometime during the latter half of 2018."

- "We also do not find any support in the documents or testimony for the [unsecured creditors committee's] theory that BCE and others adopted and continued a 2018 drilling program that they knew would fail and did so for nefarious motives."

Accordingly, Mr. Albergotti was fully justified in relying on the Robbins Russell report in responding to allegations on the complaint regarding the same subject matter.[7]

### B. AMR Cannot Answer The Disputed Interrogatories

During the meet and confer process, Lead Plaintiffs acknowledged that "the management defendants and seven of the board defendants … are the best source (other than the documents) of the information sought in the interrogatories." AMR completely agrees.

As a bankrupt entity, AMR does not have the ability to answer interrogatories that require first-hand knowledge of decisions and actions taken in 2017 and 2018, as opposed to interrogatories seeking information available from AMR's filings with the SEC. For example, Interrogatory Nos. 1 and 2 request discrete historical information about the company that is found in AMR's public filings, and, for that reason, Mr. Albergotti was able to answer these interrogatories. In contrast, Interrogatory 3 asks AMR to "Identify the Production Data, test results or other information that supported the 'base case development concept' for 12 to 14 wells per section as stated in slide 21 of Alta Mesa's December 2017 Investor Presentation (produced: AMR_SDTX01581577 at AMR_SDTX01581597)." Interrogatory No. 4 asks AMR to "State the EURs, MBO and MBOE per well You assumed You could recover using the base case development concept that is the subject of Interrogatory No. 3 and the Production Data, test results or other information that support such expected recoveries, as well as any changes to the anticipated EURs, MBO and MBOE per well during the Class Period." The AMR Trustee, Mr. Albergotti, did not author the 2017 Investor Presentation or make any assumptions about EURs, MBO or MBOE. And he has no way to determine all of the "Production Data, test results or other information" supporting any statement in that presentation, much less certainly verify under oath that any response is true and accurate.

Lead Plaintiffs are asking Mr. Albergotti to review and analyze all of AMR's data and speculate as to what AMR's former management team utilized and relied upon.[8] Such an unduly

---

[7] Among other issues, Lead Plaintiffs' suggestion that AMR designate a former employee to testify on its behalf overlooks the fact that AMR does not control any of its former employees and cannot make them testify for it. They also now suggest the designee be Mr. Chappelle, when they previously pointed to the negotiated scope of AMR's Rule 30(b)(6) deposition as a basis for needing more time with Mr. Chappelle. *See* Dkt. 326 at 2 n.4.

[8] Courts routinely hold that corporations in bankruptcy or receivership are not required to seek out information from former employees where the information is otherwise available to the plaintiff. *See, e.g.*, *Cont'l W. Ins. Co. v. Opechee Constr. Corp.*, 2016 WL 865232, at *3 (D.N.H. Mar. 2, 2016) (defendant could not "be compelled to provide information" in response to interrogatories "that must be obtained from former employees" explaining that, "given the parties' relative access to the requested information and their respective resources, it would not be 'proportional to the

5

burdensome and uncertain task is not proportional to the needs of the case when Lead Plaintiffs can get the information they seek from "the best source," *i.e.*, the documents and the former directors, officers and employees. To that end, AMR produced over 654,000 documents (in addition to offering Lead Plaintiffs access to hundreds of thousands more) and over 200 gigabytes of data on the performance of AMR's wells. And Lead Plaintiffs have deposed 28 former AMR directors, officers, and employees, the four other entity defendants, and four of AMR's third-party advisors and auditors. Lead Plaintiffs clearly have had all the information they need to answer the interrogatories.[9]

Respectfully submitted,

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
Texas Bar No. 24038131
Attorney-in-Charge
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
(512) 710-5960
aentwistle@entwistle-law.com

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
(212) 894-7200
jporter@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

*Court-Appointed Class Counsel*

*/s/ Trig Smith*
Trig Smith (*pro hac vice*)

*/s/ Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. DC461346
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700

---

needs of the case' to require [the defendant], who is in receivership, to interview its former employees for the purposes of providing answers"); *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007) (same).

[9] Indeed, Defendants agreed to the exorbitant number of depositions in part because AMR lacked the ability provide detailed substantive information such as the information sought in the interrogatories.

Lonnie Browne (*pro hac vice*)
Sean McGuire (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
TrigS@rgrdlaw.com
LBrown@rgrdlaw.com
SMcGuire@rgrdlaw.com

*Court-Appointed Class Counsel*

Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Morgan R. Hoffman (*pro hac vice*)
D.C. Bar No. 1739625
Emani V. Walks (*pro hac vice*)
D.C. Bar No. 1719531
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Morgan.Hoffman@lw.com
Emani.Walks@lw.com

*Counsel for Alta Mesa Resources, Inc.*