| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 500 West 2nd Street, Suite 1900 | 655 West Broadway, Suite 1900 |
| Austin, Texas 78701 | San Diego, California 92101 |
| Telephone: 512/710-5960 | Telephone: 619/231-1058 |
| 212/894-7272 (fax) | 619/231-7423 (fax) |

July 13, 2023

VIA ECF

The Honorable George C. Hanks, Jr.
United States District Judge
  for the Southern District of Texas
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re:    *In re Alta Mesa Resources, Inc. Securities Litigation*,
              No. 19-CV-00957 (S.D. Tex.) (consolidated)

Dear Judge Hanks:

      Counsel for Lead Plaintiffs submit this letter regarding a discovery dispute concerning the production of transcripts of testimony from the Alta Mesa Resources ("AMR") Bankruptcy Action.[1] Several of the named Individual Defendants in the instant action or personnel associated with Defendants were deposed in the Bankruptcy Action, namely, Messrs. Dimitrievich, Hackett, Chappelle, Leuschen, Limbacher, and McMullen. Plaintiffs seek the production of these transcripts of testimony. Defendants object.[2]

---

[1] The bankruptcy case is styled *In re: Alta Mesa Resources, Inc. et al.*, No. 19-35133 (S.D. Tex. Bankr.). The dispute here centers around depositions provided in an adversary proceeding brought by the AMH Litigation Trustee ("Trustee") as a part of the bankruptcy, styled *Dunn v. Chappelle, et al.*, No. 21-03423 (S.D. Tex. Bankr.) (together with the lead bankruptcy case, "Bankruptcy Action").

[2] Counsel for the parties to the instant dispute (Lonnie Browne on behalf of Lead Plaintiffs and Courtney Whang, Sydney Corry, Heather Waller, and Jacob Waldman on behalf of the above identified Individual Defendants and Defendant-associated personnel that they represent) met and conferred, exchanging a series of correspondence, between June 26 and June 30, 2023. Unable to reach agreement on the matter, on June 30, 2023, counsel for Lead Plaintiffs sent a draft of this letter to counsel for Defendants and requested that Defendants provide their position for a joint submission to the Court. Counsel for Lead Plaintiffs followed up on their request to Defendants on July 7 and July 11, 2023, and notified Defendants that if they did not receive Defendants' position for a joint submission to the Court by July 12, 2023, they intended to file the letter without Defendants' position. At the time of this filing, Defendants still have not provided their portion of the letter and otherwise have failed to provide Plaintiffs with a definitive answer regarding when their insert would be ready.

The Honorable George C. Hanks, Jr.
July 13, 2023
Page 2

**Plaintiffs' Position**

Lead Plaintiffs served a validly issued subpoena on the Trustee that included, among other things, a request for all transcripts of depositions taken in the Bankruptcy Action – many of which Lead Plaintiffs attended, and most of which involved party defendants or their representatives. The Trustee is ready and willing to produce those transcripts. Defendants have objected (but have not sought protection from the Court) pointing to a protective order in the Bankruptcy Action which mirrors the protective order here in important respects. However, the protective order in the Bankruptcy Action in no way prohibits the production of the materials here and seems to anticipate production on consent (which the Trustee has given and which Defendants cannot validly withhold) and/or by court order. *See* Agreed Protective Order, 21-03423 (Bankr. S.D. Tex.), ECF No. 99, ¶25 ("By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case."). Moreover, the transcripts (which are also in defense counsels' control) are testimony of Defendants or associated personnel on the same or related subject matter to that at issue in the instant litigation and must be produced on that basis alone.[3] Lastly, of course, to the extent actually confidential, the production would be more than protected under the protective order in this case. *See* Stipulation and Protective Order, 4:19-cv-00957 (S.D. Tex.), ECF No. 190.

Defendants' purported confidentiality concerns and the protective order in the Bankruptcy Action are not a valid basis to object to the production of the requested transcripts, and Defendants do not offer any other bases (attorney client privilege, work product protection, etc.) for their stonewalling. Defendants do not offer any particular and specific harm that may result from the production of the transcripts, and the simple fact that the requested transcripts may be designated confidential in Bankruptcy Action, and under the protective order in that case the use of the transcripts may be limited, does not make for the type of particular and specific harm that may warrant Defendants' position. The only "harm" to Defendants would flow from the natural and normal consequences of witnesses offering inconsistent and contradictory testimony.

As noted above, without prior objection from Defendants, Lead Plaintiffs attended most, if not all, of the depositions in question. Indeed, at Defendants' insistence, the Bankruptcy Action depositions in dispute were sometimes held on the same day and in the same physical room as the

---

[3] If there was any doubt Plaintiffs have a right to the requested materials, Plaintiffs also served requests on Defendants in the instant action seeking materials from the Bankruptcy Action, including transcripts of testimony. Defendant AMR's only response is that it is not a defendant in the adversary proceeding being pursued by the Trustee. Notably, AMR did not go the extra, necessary step and indicate that, as a result, it does not have actual or constructive possession, custody, or control of the requested transcripts.

The Honorable George C. Hanks, Jr.
July 13, 2023
Page 3

depositions in the instant action. As a result, Defendants have waived any basis to object on the grounds of confidentiality or prejudice. Further, pursuant to the subpoena served on it by Plaintiffs, the Trustee has previously produced other documents marked as "Confidential" in the Bankruptcy Action, including transcripts of prior deposition testimony from some of the same persons that are the subject of the instant dispute. This further illustrates the pretense of Defendants' claimed objection.

For all of the above reasons, Plaintiffs request the Court to set aside Defendants' objection and compel the production of the requested deposition transcripts.

Respectfully submitted,

s/ *Andrew J. Entwistle*
Andrew J. Entwistle
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
Telephone: 512/710-5960
aentwistle@entwistle-law.com

s/ *Trig R. Smith*
Trig R. Smith
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
trigs@rgrdlaw.com

Co-Lead Counsel for Lead Plaintiffs and the Class