# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> **CLASS ACTION** <br><br> [Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, <br><br> Defendants. | Civil Action No. 4:22-cv-001189 <br><br> [Consolidated Case] |

|  |  |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., | Civil Action No. 4:22-cv-02590<br><br>[Consolidated Case] |

                       Plaintiffs,

     v.

ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,

                       Defendants.

## DEFENDANTS' MOTION FOR SANCTIONS, AWARD OF FEES AND COSTS

.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

    A.    The Opt-Out Plaintiffs Agree To A Consolidated Discovery Schedule ......................... 2

    B.    The Opt-Out Plaintiffs Failed to Inform Defendants They Would Decline to Appear for Depositions ......................................................................................................... 3

    C.    The Opt-Out Plaintiffs Fail To Appear At Eight Properly-Noticed Depositions............. 3

    D.    The Court Authorizes Defendants to Seek Sanctions ...................................................... 5

ARGUMENT ....................................................................................................... 5

I.    THE OPT-OUT PLAINTIFFS' FAILURE TO APPEAR FOR PROPERLY-NOTICED DEPOSITIONS IS SANCTIONABLE CONDUCT .................................................. 5

II.    THE COURT SHOULD ORDER THE OPT-OUT PLAINTIFFS TO PAY ATTORNEY FEES AND COSTS ASSOCIATED WITH THEIR FAILURE TO APPEAR AT THE DEPOSITIONS AND THE ATTORNEY FEES AND COSTS OF THIS MOTION .................. 8

    A.    Defendants Incurred Vendor Costs And Attorney Fees In Connection With The Depositions At Which Defendants Failed To Appear ................................................ 8

    B.    Awarding The Foregoing Expenses Is Fair And Proportionate ..................................... 10

CONCLUSION .................................................................................................... 12

APPENDIX A: COSTS INCURRED FOR VIDEOGRAPHY & REPORTING SERVICES..... 16

APPENDIX B: ATTORNEY FEES INCURRED TO APPEAR AT NO-SHOW DEPOSITIONS, ENFORCE DEPOSITION NOTICES, AND SEEK SANCTIONS ........................................... 20

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alexander v. Wells Fargo Bank, N.A.*,
   2018 WL 1629143 (S.D. Tex. Apr. 4, 2018) ...........................................................6

*Barnes v. Madison*,
   79 F. App'x 691 (5th Cir. 2003) ...................................................................1, 6, 7

*Batson v. Neal Spelce Assocs., Inc.*,
   765 F.2d 511 (5th Cir. 1985) ......................................................................12

*Chilcutt v. U.S.*,
   4 F.3d 1313 (5th Cir. 1993) .....................................................................6, 11

*Edwards v. 4JLJ, LLC*,
   2019 WL 172842 (S.D. Tex. Jan. 11, 2019) ...........................................11, 12

*F.D.I.C. v. Conner*,
   20 F.3d 1376 (5th Cir. 1994) ......................................................................6

*Guidry v. Contl. Oil Co.*,
   640 F.2d 523 (5th Cir. 1981) .....................................................................10

*Hepperle v. Johnston*,
   590 F.2d 609 (5th Cir. 1979) ......................................................................8

*King v. Fidelity Nat. Bank of Baton Rouge*,
   712 F.2d 188 (5th Cir. 1983) ......................................................................7

*Moore v. Chertoff*,
   255 F.R.D. 10 (D.D.C. 2008)......................................................................6

*Rangel v. Gonzalez Mascorro*,
   274 F.R.D. 585 (S.D. Tex. 2011)................................................................7

*Resolution Trust Corp. v. S. Union Co., Inc.*,
   985 F.2d 196 (5th Cir. 1993) ......................................................................9

*Roadway Exp., Inc. v. Piper*,
   447 U.S. 752 (1980)................................................................................12

*Robinson v. Nexion Health At Terrell, Inc.*,
   312 F.R.D. 438 (N.D. Tex. 2014) ...............................................................9

*Solomon v. Nationwide Investigations and Sec. Inc.*,
    2020 WL 6747992 (S.D. Tex. Nov. 17, 2020) ................................................................9, 11

## **Rules**

Fed. R. Civ. P. 37 ......................................................................................1, 5, 6, 10, 11 12

## INTRODUCTION

Defendants seek reimbursement pursuant to Federal Rule of Civil Procedure ("Rule") 37(d) for the expenses and attorney fees reasonably incurred due to the Opt-Out Plaintiffs' flagrant disregard of this Court's rules, in failing to appear for eight properly-noticed depositions and thus necessitating this motion.

The facts supporting Defendants' claim for relief are not in dispute. The Opt-Out Plaintiffs concede that the eight depositions at which the Opt-Out Plaintiffs failed to produce witnesses were properly noticed. And there is no question that, at the time the Opt-Out Plaintiffs failed to appear, the Court had not entered a protective order excusing their attendance. The Opt-Out Plaintiffs therefore failed to appear for properly-noticed depositions without justification, beyond their own preference to hold the depositions at another time.

Where, as here, properly-noticed witnesses fail to appear for depositions without substantial justification, "the court must require the party failing to act, the attorney advising that party, or both to pay," at a minimum, "reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(C)) (emphasis added); *see also Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (where, as here, a party fails to attend scheduled depositions, the court "shall" order that party to pay the opposing party's expenses unless the failure to attend was "substantially justified").

Notably, the Opt-Out Plaintiffs did not simply fail to appear. They also flouted their obligations, asserting on the day before their first of eight failures to appear that "[t]o the

extent [Defendants] attempt to proceed with the deposition tomorrow without a witness *as a display of theatrics*, any costs incurred by you or your clients are not Plaintiffs' responsibility."  (June 12, 2023 e-mail from M. Peller to H. Waller) (Declaration of Christopher Porter ("Porter Decl.") dated July 14, 2023, Ex. B) (emphasis added).

Defendants therefore respectfully request reimbursement for the expenses and fees incurred in connection with the Opt-Out Plaintiffs' failure to appear at duly-noticed depositions.

## FACTUAL BACKGROUND

### A.    The Opt-Out Plaintiffs Agree To A Consolidated Discovery Schedule

On October 7, 2022, the Opt-Out Plaintiffs, along with the other parties to the consolidated action, moved to consolidate their actions (the "Consolidation Motion," Dkt. 256), *Alyeska Master Fund, L.P. v. Alta Mesa Resources, Inc., et al.*, 4:22-cv-01189 (S.D. Tex.) ("Alyeska Action") and *Orbis Global Equity LE Fund (Australia Registered) v. Alta Mesa Resources, Inc., et al.*, 4:22-cv-02590 (S.D. Tex.) (the "Orbis Action," and with the Alyeska Action, the "Opt-Out Actions") with *In re Alta Mesa Resources, Inc. Securities Litigation*, 4:19-cv-00957 (S.D. Tex.) (the "Class Action").   In connection with consolidation, the Opt-Out Plaintiffs agreed to a combined discovery schedule.  (Dkt. 256 at 4).   As an accommodation to the Opt-Out Plaintiffs, Defendants agreed to defer depositions of the Opt-Out Plaintiffs' witnesses until the last month of fact discovery. (Dkts. 259, 336).

2

## B.   The Opt-Out Plaintiffs Failed to Inform Defendants They Would Decline to Appear for Depositions

In the eight months that followed the Consolidation Motion, the Opt-Out Plaintiffs never raised their purported inability to produce witnesses during this pre-arranged time period, despite several opportunities to do so.  Between October 2022 and May 2023, the Opt-Out Plaintiffs attended multiple hearings, never once raising the possibility with Defendants or the Court that they were not planning to produce their witnesses before the fact discovery deadline.  (Dkts. 265, 266, 313, 327).   And on April 24, 2023, when the Defendants noticed 30(b)(6) depositions of the Opt-Out Plaintiff entities, the Opt-Out Plaintiffs again said nothing.  Instead, the Opt-Out Plaintiffs waited until the middle of May even to make a request to extend the deadlines.  (Hr'g Tr. 10:21-25, June 23, 2023) ("June 23 Tr.") (Dkt. 370).  On May 26, 2023, Defendants properly noticed the remaining depositions at issue.   (Dkt. 339 at 2).

## C.   The Opt-Out Plaintiffs Fail To Appear At Eight Properly-Noticed Depositions

On June 6, 2023, the Opt-Out Plaintiffs filed a letter seeking (i) an extension of fact discovery until 60 days after the Court's ruling on the pending motions to dismiss the Opt-Out Plaintiffs' complaints, and (ii) a protective order adjourning all noticed depositions of the Opt-Out Plaintiffs' witnesses.  (Dkt. 339).  By this point, Defendants' 30(b)(6) deposition notices had been outstanding for at least five weeks.

On June 7, the Court issued its order regarding Defendants' motions to dismiss. (Dkt. 343).  The next day, Defendants requested an update on the Opt-Out Plaintiffs' deficient document productions and interrogatory responses, and, in light of scheduling

discussions with the Opt-Out Plaintiffs, offered to adjourn the 30(b)(6) depositions scheduled for June 13 and 15, 2023 if the Opt-Out Plaintiffs agreed to produce those witnesses prior to the fact discovery cutoff of June 29, 2023. (Dkt. 346 at 1.) In response, the Opt-Out Plaintiffs informed Defendants that they would ***not*** produce witnesses for their 30(b)(6) depositions. *Id.* The Opt-Out Plaintiffs did not offer alternate dates until late on June 14, 2023 (after they had already failed to appear for the Alyeska 30(b)(6) deposition), none of which was within the June 29, 2023 fact discovery cutoff. *Id.*[1]

Between June 13 and June 23, 2023, the Opt-Out Plaintiffs failed to produce witnesses and appear for the following, properly-noticed depositions:

June 13, 2023:　　　Rule 30(b)(6) deposition of Alyeska;

June 15, 2023:　　　Rule 30(b)(6) deposition of Orbis;

June 20, 2023:　　　Deposition of Randy Mitchell;

June 22, 2023:　　　Deposition of Pat Donovan;

June 23, 2023:　　　Deposition of Adam Karr;

June 23, 2023:　　　Deposition of Maurice Taylor;

June 26, 2023:　　　Deposition of Alec Cutler;

June 27, 2023:　　　Deposition of Matt Adams.

---

[1] Late in the evening of June 12, 2023, on the eve of the 30(b)(6) deposition of Alyeska, counsel for the Opt-Out Plaintiffs served, for the first time, objections and responses to the 30(b)(6) deposition topics that Defendants properly served on April 24, 2023. (Dkt. 346 at 1.) These untimely responses and objections could not, and did not, serve as a valid means for adjourning any of the properly-noticed depositions.

At each properly-noticed deposition, Defendants appeared and were forced to take a notice of non-appearance for each witness.  (Appxs. A-B.)

### D.    The Court Authorizes Defendants to Seek Sanctions

On June 23, 2023, the Court held a discovery hearing regarding the Opt-Out Plaintiffs' refusal to appear for noticed depositions and request to extend fact discovery. (Dkt. 365).   The Court ruled that the Opt-Out Plaintiffs were not entitled to skip validly noticed depositions, noting that disputes among the parties and a request for a protective order *did not* excuse them from appearing.  ((June 23 Tr. at 31:17) ("[Y]ou can't just ignore a deposition order because you're having disputes about other issues in the case . . . . [Y]ou can't just blow off a deposition notice."); *see also id.* at 11:13-17; 13:2-5; 30:16-31:4).  The Court also found that the Opt-Out Plaintiffs' motion for a protective order was "not timely." (*Id.* at 31:8-113).   The Court invited Defendants to submit a motion for sanctions for expenses incurred from the Opt-Out Plaintiffs' "failure to comply with deposition notices as duly noticed" to address the "time and effort of the parties."  (*Id.* at 31:25-32:2; 34:13-14; *see also* Dkt. 365).

Notwithstanding the Court's clear ruling on June 23, 2023, the Opt-Out Plaintiffs also failed to appear for the depositions of Alec Cutler and Pat Donovan on June 26 and June 27, 2023, respectively.  *See supra* at 4-5.

### ARGUMENT

## I.    THE OPT-OUT PLAINTIFFS' FAILURE TO APPEAR FOR PROPERLY-NOTICED DEPOSITIONS IS SANCTIONABLE CONDUCT

Federal Rule of Civil Procedure 37(d) authorizes sanctions against a party that "fails, after being served with proper notice, to appear for" a deposition.  Fed. R. Civ. P.

37(d)(1)(A)(i).  At minimum, when a party so fails, "the court **must require the party**

**failing to act**, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified

or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3)

(incorporating Fed. R. Civ. P. 37(b)(2)(C)) (emphasis added); *Barnes*, 79 F. App'x at 707

(where, as here, a party fails to attend scheduled depositions, the court "shall" order that

party to pay the opposing party's expenses unless the failure to attend was "substantially

justified"); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1382 (5th Cir. 1994) ("Rule 37(b)(2) places

the burden on the disobedient party to avoid expenses") (*citing* Adv. Comm. Note to 1970

Amendments to Rule 37); *see also Moore v. Chertoff,* 255 F.R.D. 10, 32 (D.D.C. 2008)

("[T]he language of the Rule itself is mandatory, dictating that the [c]ourt must award

expenses . . . unless one of the specified bases for refusing to make such an award is found

to exist.") (citations omitted).

When fashioning sanctions under Rule 37, courts in the Fifth Circuit consider

whether the sanction is fair and just, and whether the sanction meets "the Rule 37 goals of

punishing the party which has obstructed discovery and deterring others who would

otherwise be inclined to pursue similar behavior." *Chilcutt v. U.S.*, 4 F.3d 1313, 1321 (5th

Cir. 1993); *Edwards v. 4JLJ, LLC*, 2019 WL 172842, at *5 (S.D. Tex. Jan. 11, 2019).

"Awarding attorneys' fees and expenses is viewed as one of the least severe remedies

afforded by Rule 37(b)." *Alexander v. Wells Fargo Bank, N.A.*, 2018 WL 1629143, at *5

(S.D. Tex. Apr. 4, 2018) (*citing Chilcutt*, 4 F.3d at 1320 n.17); *see also Solomon v.*

*Nationwide Investigations and Sec. Inc.*, 2020 WL 6747992, at *2 (S.D. Tex. Nov. 17, 2020).

Here, the Opt-Out Plaintiffs' unjustified failure to appear for eight properly noticed depositions warrants sanctions. As the Opt-Out Plaintiffs concede, each deposition was properly noticed. June 23 Tr. at 8:5-7 ("The Court: . . . [W]ere the [depositions] properly noticed, yes or no? / Mr. Peller: Yes, Your Honor.")). The mere fact that the Opt-Out Plaintiffs informed Defendants they did not intend to appear does not excuse their conduct because "parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592-94 (S.D. Tex. 2011) (citations omitted) (awarding attorney's fees where defendant's counsel told plaintiff neither he nor his client would appear at scheduled depositions). Notably, the Opt-Out Plaintiffs concede that they informed Defendants on June 9, 2023 that they would not appear for a deposition scheduled on June 13, 2023—just two business days later. (June 23 Tr. at 27:8-11) ("Mr. Peller: . . . [O]n June 9th, we told the defendants that we would not be producing witnesses on the noticed dates for those depositions given the pendency of the protective order motion.").

Nor may the Opt-Out Plaintiffs evade sanctions based on their attempt to secure a protective order. As this Court explained on June 23, in the Fifth Circuit "the mere filing of a motion for [a] protective order does not, absent an order by the court granting the motion, excuse the moving party from complying with . . . scheduled discovery" or prevent the Court from issuing sanctions. (*Id.* at 30:24-31:4); *see also, e.g.*, *Barnes*, 79 F. App'x at 706-07 ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."); *King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983)

7

("[T]he greater error in the Kings' analysis is that a motion to quash must be not only made but granted before the scheduled deposition to excuse compliance.") (affirming award of sanctions despite a pending motion to squash); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) ("The court's inaction on [plaintiff's] motion did not relieve him of the duty to appear for his deposition.") (affirming decision to dismiss with prejudice when plaintiff failed to appear).  Here, although the Opt-Out Plaintiffs eventually filed a request for a protective order, that request had not been granted at the time that they chose to absent themselves for multiple depositions.  (*See* Dkt. 365; *see also* June 23 Tr. at 13:2-5 (ruling that the Opt-Out Plaintiffs cannot ignore properly-noticed depositions absent a protective order); *id.* at 31:8-15, 23:2-25 (deeming Opt-Out Plaintiffs' motion for a protective order "not timely" and its rationale "manufactured.")).  Accordingly, their failure to appear was both unexcused and sanctionable.

## II.   THE COURT SHOULD ORDER THE OPT-OUT PLAINTIFFS TO PAY ATTORNEY FEES AND COSTS ASSOCIATED WITH THEIR FAILURE TO APPEAR AT THE DEPOSITIONS AND THE ATTORNEY FEES AND COSTS OF THIS MOTION[2]

### A.   Defendants Incurred Vendor Costs And Attorney Fees In Connection With The Depositions At Which Defendants Failed To Appear

The expenses caused by failures under Rule 37(d) can include the attorney fees and costs incurred when: (i) preparing for and appearing at no show depositions; (ii)

---

[2] Defendants have included with this motion Appendices listing the *costs* of the depositions at which Defendants were forced to take notices of non-appearance, as well as the *time* spent in attending those depositions and attending the related discovery hearings on June 23 and June 26, 2023.  Should the Court conclude that Defendants are entitled to the attorney fees associated with time spent attending the depositions and hearings, we will provide the Court with additional attorney fee information.  Further, should the Court

communicating about, drafting, and filing a motion for sanctions and any related replies, responses, or applications, and (iii) preparing for and participating in related hearings. *See Solomon*, 2020 WL 6747992, at *3 (reimbursing attorney's fees and expenses for communications about the Rule 37 violation and all efforts to enforce the discovery order, including a hearing, motion, and all related responses); *Robinson v. Nexion Health At Terrell, Inc.,* 312 F.R.D. 438, 442-43 (N.D. Tex. 2014) (awarding attorney's fees and costs the plaintiff incurred (i) preparing for and taking defendant's designee's deposition and (ii) preparing and filing "this motion" for sanctions, where defendant's corporate representative was so unprepared that her appearance was "essentially no appearance at all"); *Resolution Trust Corp. v. S. Union Co., Inc.,* 985 F.2d 196, 197-98 (5th Cir. 1993) (affirming  award of attorney's fees and costs defendant incurred taking depositions of unprepared corporate representatives and identifying an alternative, knowledgeable deponent).

Here, Defendants incurred attorney fees and costs in connection with the depositions at which the Opt-Out Plaintiffs failed to appear, as well as in connection with the hearing to address these failures and in preparing this motion.  These expenses were the direct consequence of the Opt-Out Plaintiffs' admitted failures.  As the Court acknowledged, given the June 29, 2023 discovery deadline, Defendants "didn't have a choice" but to notice the depositions and appear because "the time for discovery was about to expire."  (June 23

---

decide that Defendants are entitled to attorney fees for all of their efforts to enforce these deposition notices and seek sanctions—including the attorney fees for preparing for the June 23 and 26 hearings and for preparing this motion—Defendants will provide information for those attorney fees as well.

Tr. at 32:5-10).  If Defendants cancelled the depositions when Opt-Out Plaintiffs' refused to appear, Defendants would have risked waiving their right to relevant discovery.  (*Id.* at 27:17-24, June 23, 2023 ("The Court: …If they don't notice the deposition and show up, if I don't extend the deadline, defendants are, in effect, over the barrel because they have now lost the right to depose your witness.")).

Defendants therefore seek to recover the costs enumerated on the attached Appendices:

- Appendix A:   Costs associated with the depositions at which the Opt-Out Plaintiffs failed to appear, including court reporters and videographers (attaching vendor bills);

- Appendix B:   Attorney time spent in connection with (i) appearing at the depositions; and (ii) appearing at the June 23 and June 26, 2023 discovery hearings.

The total costs enumerated on Appendix A are $14,981.56.  The total time set forth on Appendix B is 48.6 hours.

## B.    Awarding The Foregoing Expenses Is Fair And Proportionate

The award requested here serves to "hold the scales of justice even" both by reimbursing Defendants for appropriate costs and expenses and by deterring future conduct.  *Guidry v. Cont'l. Oil Co.*, 640 F.2d 523, 533-34 (5th Cir. 1981) (*citing* 8 Wright & Miller, Federal Practice and Procedure: Civil, §2284 at 764 (1970)) (Rule 37 sanctions are proper for "causing an unnecessary incurrence of expenses").  Defendants seek no more than what they expended to appear at required depositions and the related hearings, and the expenses incurred to recover those expenditures from the responsible parties.

When evaluating the fairness of Rule 37 sanctions, courts consider "(1) the bad faith or willfulness of the conduct; (2) the proportionate punitive value of the sanction; (3) the sanction's deterrent effect even beyond the litigation at hand; (4) the prejudice suffered by the opposing party; and (5) whether the sanctionable conduct is attributable to the party or his representatives." *Edwards*, 2019 WL 172842, at *5. Each of these factors weighs heavily in favor of the requested sanction.

***Willful Disregard***: Because Defendants ask only for costs and fees, Defendants need not show that the Opt-Out Plaintiffs' engaged in bad faith or willful conduct. *Solomon,* 2020 WL 6747992, at *2 ("[T]he Fifth Circuit doesn't require a showing of willful or 'contumacious' misconduct as a prerequisite to sanctions that are less harsh than a dismissal or default judgement") (*citing Chilcutt,* 4 F.3d at 1322 n. 22). Nonetheless, there is no question that the Opt-Out Plaintiffs willfully failed to appear, knowing there was no protective order in place. Indeed, as noted above, the Opt-Out Plaintiffs' confidently informed Defendants that any costs for proceeding with the properly-noticed depositions would be borne by Defendants. (Porter Decl. Ex. B).

***Proportionate and Tailored***: Here, Defendants' requested sanction is "one of the least severe remedies afforded by Rule 37(b)." *Alexander*, 2018 WL 1629143, at *5; *Solomon,* 2020 WL 6747992, at *2. Defendants seek only to be made whole for the time and resources expended in connection with the depositions for which the Opt-Out Plaintiffs failed to appear, as well as the time and resources to which the Opt-Out Plaintiffs have put Defendants in connection with pursuing appropriate remedies. Nonetheless, the Court has significant discretion to pursue ***more drastic*** penalties for Opt-Out Plaintiffs' conduct, such

11

as striking pleadings or precluding testimony from the non-appearing witnesses.  Fed. R. Civ. P. 37(d)(3) (authorizing any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i-vii)); *Edwards*, 2019 WL 172842, at *5 (this Court is "not required to impose minimal sanctions").

**Deterrent Effect**: Rule 37 sanctions are designed to penalize those who engage in misconduct and to deter such conduct in the future. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985).  Given that the Opt-Out Plaintiffs knowingly failed to appear, sanctions are crucial for showing the Opt-Out Plaintiffs that they cannot flout Court orders with impunity.

**Prejudice**: Because Defendants seek only reimbursement at this time, the Opt-Out Plaintiffs' efforts to pursue their claims will not be prejudiced at all.[3]

## CONCLUSION

For these reasons, Defendants respectfully request that the Court award Defendants the costs and fees discussed in Argument Section II.A. and any other relief the Court views as just and appropriate.

Dated:   July 14, 2023                    Respectfully submitted,

/s/ Karl S. Stern
Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

---

[3] Because Defendants' counsel has communicated only with the Opt-Out Plaintiffs' counsel in connection with these depositions—and not the Opt-out Plaintiffs themselves—Defendants are not in a position to attribute the sanctionable conduct as between the two.

711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone:  (713) 221-7000
Facsimile:   (713) 221-7100
Email: karlstern@quinnemanuel.com
christopherporter@quinnemanuel.com

-AND-

Michael B. Carlinsky (*pro hac vice*)
Benjamin I. Finestone (*pro hac vice* )
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Amy Hood (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com
amyhood@quinnemanuel.com

-AND-

Emily Couture (*pro hac vice*)
300 West 6th Street, Suite 2010
Austin, TX 78701
Telephone:  (737) 667-6100
Facsimile:   (737) 667-6110
Email: emilycouture@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT
PARTNERS, LLC AND DON
DIMITRIEVICH**

## <u>CERTIFICATE OF ATTORNEY REGARDING</u>
## <u>COMPLIANCE WITH RULE 37(D)(1)(B)</u>

Pursuant to Fed. R. Civ. P. 37(d)(1)(B), I certify that Defendants conferred in good faith with the Opt-Out Plaintiffs in an effort to hold the depositions in compliance with the discovery schedule without court action.

/s/ *Karl S. Stern*
By: Karl S. Stern

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record by the Court's ECF system on July 14, 2023.

/s/ *Karl S. Stern*
By: Karl S. Stern

# APPENDIX A: COSTS INCURRED FOR VIDEOGRAPHY & REPORTING SERVICES

### APPENDIX A: COSTS INCURRED BY QUINN EMANUEL FOR VIDEOGRAPHY & REPORTING SERVICES[4]

| Job number | Date | Deposition | Invoice | Total |
|---|---|---|---|---|
| 5973369 | June 23, 2023 | A. Karr | Invoice for reporter package attached. | $455.65 |
| 5973319 | June 23, 2023 | M. Taylor | Invoice for reporter package attached. | $207.45 |
| 5973390 | June 26, 2023 | A. Cutler | Invoice for reporter package attached. | $402.00 |
| **Total** | | | | **$1,065.1** |

---

[4] Invoices are attached as Exhibit A to the Porter Declaration.

## APPENDIX A: COSTS INCURRED BY KIRKLAND & ELLIS
## FOR VIDEOGRAPHY & REPORTING SERVICES[5]

| Job number | Date | Deposition | Invoice | Total |
|---|---|---|---|---|
| 5973369 | June 23, 2023 | A. Karr | Invoice for reporter package attached. | $301.05 |
| 5973319 | June 23, 2023 | M. Taylor | Invoice for reporter package attached. | $77.35 |
| 5973390 | June 26, 2023 | A. Cutler | Invoice for reporter package attached. | $300.00 |
| **Total** | | | | **$678.40** |

---

[5] Invoices are attached as Exhibit A to the Porter Declaration.

## APPENDIX A: COSTS INCURRED BY LATHAM & WATKINS FOR VIDEOGRAPHY & REPORTING SERVICES[6]

| Job number | Date | Deposition | Invoice | Total |
|---|---|---|---|---|
| 5923016 | June 13, 2023 | Alyeska 30(b)(6) | Invoices for both reporter & videographer attached. | $1,473.22 |
| 5923024 | June 15, 2023 | Orbis 30(b)(6) | Invoices for both reporter & videographer attached. | $2,037.50 |
| 5973293 | June 20, 2023 | R. Mitchell | Invoices for both reporter & videographer attached. | $1,552.00 |
| 5973369 | June 23, 2023 | A. Karr | Invoices for both reporter & videographer attached. | $2,037.70 |
| 5973319 | June 23, 2023 | M. Taylor | Invoices for both reporter & videographer attached. | $1,714.84 |
| 5973390 | June 26, 2023 | A. Cutler | Invoices for both reporter & videographer are attached. | $2,464.80 |
| 5973412 | June 27, 2023 | M. Adams | Invoices for both reporter & videographer attached. | $1,958.00 |
| **Total** | | | | **$13,238.06** |

---

[6] Invoices are attached as Exhibit A to the Porter Declaration.

# APPENDIX B: ATTORNEY FEES INCURRED TO APPEAR AT NO-SHOW DEPOSITIONS, ENFORCE DEPOSITION NOTICES, AND SEEK SANCTIONS

## APPENDIX B: ATTORNEY FEES INCURRED BY QUINN EMANUEL FOR APPEARANCES[7]

| Date | Service | Hours |
|------|---------|-------|
| June 13, 2023 | Appearance of Chris Porter at Alyeska 30(b)(6) deposition | 1.0 |
| June 15, 2023 | Appearance of Courtney Whang at Orbis 30(b)(6) deposition | 0.7 |
| June 20, 2023 | Appearance of Amy Hood at R. Mitchell deposition | 0.6 |
| June 23, 2023 | Appearance of Amy Hood at A. Karr deposition | 0.3 |
| June 23, 2023 | Appearance of Courtney Whang at M. Taylor deposition | 0.8 |
| June 26, 2023 | Appearance of Emily Couture at A. Cutler deposition | 0.3 |
| June 27, 2023 | Appearance of Melanie Guzman at M. Adams deposition | 0.3 |
| June 23, 2023 | Appearance of Chris Porter, Silpa Maruri, Courtney Whang, Amy Hood, Emily Couture and Melanie Guzman at discovery hearing | 1.5 (each) |
| June 26, 2023 | Appearance of Chris Porter, Silpa Maruri, Courtney Whang, and Amy Hood at discovery hearing | 1.0 (each) |
| **Total** | | **19.5** |

---

[7] Each chart in Appendix B excludes attorney rate information. If the Court agrees to reimburse defendants for time spent appearing (i) at the no-show depositions and (ii) at the discovery hearings, Defendants will provide complete attorney fee information. Moreover, this chart excludes time spent (i) preparing for the no-show depositions; (ii) corresponding with Opt-Out Plaintiffs about their absences and rescheduling; (iii) preparing for the June 23 and June 26, 2023 discovery hearings to address the Opt-Out plaintiffs' failures; and (iv) preparing this motion. Should the Court decide to reimburse Defendants for these fees as well—in order to reimburse Defendants for the full expense of enforcing the deposition notices and seeking sanctions—Defendants will provide further attorney fee information.

**APPENDIX B: ATTORNEY'S FEES INCURRED BY KIRKLAND & ELLIS FOR APPEARANCES**

| Date | Service | Hours |
|------|---------|-------|
| June 13, 2023 | Appearance of Nick Brown at Alyeska 30(b)(6) deposition | 1.0 |
| June 20, 2023 | Appearance of Kenneth Young at R. Mitchell deposition | 0.6 |
| June 23, 2023 | Appearance of Kenneth Young at A. Karr deposition | 0.3 |
| June 23, 2023 | Appearance of Kenneth Young at M. Taylor deposition | 0.8 |
| June 26, 2023 | Appearance of Sydney Corry at A. Cutler deposition | 0.3 |
| June 27, 2023 | Appearance of Sydney Corry at M. Adams deposition | 0.3 |
| June 23, 2023 | Appearance Nick Brown and Kenneth Young at discovery hearing | 1.5 (each) |
| June 26, 2023 | Appearance of Nick Brown and Kenneth Young at discovery hearing | 1.0 (each) |
| **Total** | | **8.3** |

## APPENDIX B: ATTORNEY'S FEES INCURRED BY EVERSHEDS SUTHERLAND FOR APPEARANCES

| Date | Service | Hours |
|---|---|---|
| June 13, 2023 | Appearance of Andrea Gordon at Alyeska 30(b)(6) deposition | 1.0 |
| June 15, 2023 | Appearance of Andrea Gordon at Orbis 30(b)(6) deposition | 0.7 |
| June 20, 2023 | Appearance of Adam Pollet at R. Mitchell deposition | 0.6 |
| June 23, 2023 | Appearance of Dane Sowers at A. Karr deposition | 0.3 |
| June 23, 2023 | Appearance of Tanvi Shah at M. Taylor deposition | 0.8 |
| June 26, 2023 | Appearance of Dane Sower at A. Cutler deposition | 0.3 |
| June 27, 2023 | Appearance of Dane Sowers at M. Adams deposition | 0.3 |
| June 23, 2023 | Appearance of Bruce Bettigole, Adam Pollet, and Andrea Gordon at discovery hearing | 1.5 (each) |
| June 26, 2023 | Appearance of Bruce Bettigole, Adam Pollet, and Andrea Gordon at discovery hearing | 1.0 (each) |
| **Total** | | **11.5** |

## APPENDIX B: ATTORNEY'S FEES INCURRED BY LATHAM & WATKINS FOR APPEARANCES

| Date | Service | Hours |
|------|---------|-------|
| June 13, 2023 | Appearance of Laura Bladow at Alyeska 30(b)(6) deposition | 1.0 |
| June 15, 2023 | Appearance of Ashley Gebicke at Orbis 30(b)(6) deposition | 0.7 |
| June 20, 2023 | Appearance of Laura Bladow at R. Mitchell deposition | 0.6 |
| June 23, 2023 | Appearance of Ashley Gebicke at A. Karr deposition | 0.3 |
| June 23, 2023 | Appearance of Laura Bladow at M. Taylor deposition | 0.8 |
| June 26, 2023 | Appearance of Jansen VanderMeulen and Ashley Gebicke at A. Cutler deposition | 0.3 (each) |
| June 27, 2023 | Appearance of Emani Walks at M. Adams deposition | 0.3 |
| June 23, 2023 | Appearance of Heather Waller and J. Christian Word at discovery hearing | 1.5 (each) |
| June 26, 2023 | Appearance of Heather Waller and J. Christian Word at discovery hearing | 1.0 (each) |
| **Total** | | **9.3** |