**quinn emanuel** trial lawyers | houston

Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, Texas 77002-2721 | TEL (713) 221-7000 FAX (713) 221-7100

July 18, 2023

WRITER'S DIRECT DIAL NO.
(713) 221-7007

**VIA ECF**

WRITER'S EMAIL ADDRESS
chrisporter@quinnemanuel.com

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:   In re Alta Mesa Securities Litigation, 4:19-cv-00957 (consolidated)

Dear Judge Hanks:

Counsel for Defendants Don Dimitrievich, Jim Hackett, David Leuschen, Randy Limbacher, and William McMullen respond to Plaintiffs' demand for production of the transcripts of these Defendants' depositions in the Bankruptcy Action (as defined in Plaintiffs' letter). Notably, none of these Defendants is even a defendant in the Bankruptcy Action: Dimitrievich, Hackett, and Leuschen were ***dismissed with prejudice*** from that action, and Limbacher and McMullen (to whom the Bankruptcy Court granted a release) were never defendants. It is unclear whether Plaintiffs seek to compel Defendants to produce the transcripts, or seek an order that such transcripts are relevant that they can take to Judge Isgur. Neither relief is appropriate.

First, the Agreed Protective Order ("APO") in the Bankruptcy Action protects the transcripts from disclosure. Plaintiffs' letter makes *no* mention of the APO's central provision: that material designated as confidential or attorney eyes only "may only be used for purposes of preparation, trial and appeal of" the Bankruptcy Action, and "may not be used ***under any circumstances*** for ***any other purpose***."[1] Plaintiffs' demand for production of the transcripts—which are designated confidential or attorneys eyes only—is thus prohibited by the APO.[2]

Although Plaintiffs claim that the APO "in no way prohibits the production of the materials here," they can do so only by pretending the language above doesn't exist. Plaintiffs also claim—without support—that the Trustee's purported willingness to produce the transcripts ends the inquiry, since the APO supposedly "seems to anticipate production on consent." In fact, this scenario—a party's unilateral agreement to produce protected materials to a non-party—is precisely what the APO (and any such stipulated protective order) is designed to prevent. The cited language that the APO "does not intend to preclude another court from finding that

---

[1] APO, 21-03423 (Bankr. S.D. Tex.), ECF No. 99, ¶ 11 (emphasis added).

[2] Plaintiffs' assertion that Defendants "have not sought protection from the Court" ignores that the APO is already in place in the Bankruptcy Action.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

information may be relevant and subject to disclosure in another case" recognizes only what is already true—the Bankruptcy Court cannot preclude another Court from making its own determination about relevance or responsiveness. But that language does not authorize this Court to abrogate the APO of the Bankruptcy Court.

Second, Plaintiffs have made no showing of relevance or responsiveness. To the contrary, Plaintiffs' letter makes clear that their assertions of relevance are pure speculation in support of a fishing expedition. For instance, they claim that the only prejudice Defendants might suffer from production of the Bankruptcy Action transcripts "would flow from . . . witnesses offering inconsistent and contradictory testimony." Yet, despite *attending* "most, if not all" of the noted depositions, they identify *no* such testimony or even a *reason to believe it exists*. Rather, with summary judgment approaching, they are scrambling for more discovery in the hope of finding something—anything—to support their claims. Plaintiffs also claim that the transcripts are "on the same or related subject matter to that at issue in the instant litigation," yet identify *not one* topic or fact in any of the testimony they demand that supports their relevance and responsiveness claims. Indeed, Plaintiffs deposed each of these witnesses in the class action, so their failure to obtain information that the Trustee might instead have elicited reflects only that Plaintiffs did not regard that information as sufficiently important to pursue with these witnesses.

Finally, the transcripts Plaintiffs demand were created *years* after the time periods to which the parties *agreed* that Defendants would confine their productions. Notably, Plaintiffs' original requests for production sought documents created through the "present," but each Defendant objected to that demand, and negotiated a specific end date and finite time period for production of documents. For instance, the agreed-upon relevant time period for Mr. Dimitrievich ends on May 17, 2019, or approximately *four years* before Mr. Dimitrievich was deposed in the Bankruptcy action. Under the parties' agreement there was *no* risk that these transcripts would be provided because they were created long after the agreed-upon timeframe. But Plaintiffs (yet again) seek unilaterally to rewrite the parties' agreements on the limits to discovery for the sole reason that they wish they had cut a different deal. And the fact that these Defendants' sensitive information is in the hands of other parties does not confer on those parties the right to waive, on behalf of Defendants, the protections of the APO or the negotiated discovery parameters.

For these reasons, the Court should reject Plaintiffs continued attempts to obtain more discovery than they are entitled to under the Federal Rules and the parties' own agreements.[3]

Respectfully submitted,

*/s/ Christopher Porter*

Christopher Porter

cc:    All counsel (via ECF)

---

[3] The Court has repeatedly rejected Plaintiffs' requests to do so. *See, e.g.*, ECF No. 254 (Hr'g Tr. dated July 11, 2022); ECF Nos. 277, 280 (Hr'g Trs. dated Jan. 25 and Jan. 27, 2023).