| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 500 West 2nd Street, Suite 1900 | 655 West Broadway, Suite 1900 |
| Austin, Texas 78701 | San Diego, California 92101 |
| Telephone: 512/710-5960 | Telephone: 619/231-1058 |
| 212/894-7272 (fax) | 619/231-7423 (fax) |

July 19, 2023

<u>VIA ECF</u>

The Honorable George C. Hanks, Jr.
United States District Judge
  for the Southern District of Texas
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re:    *In re Alta Mesa Resources, Inc. Securities Litigation*,
            No. 19-CV-00957 (S.D. Tex.) (consolidated)

Dear Judge Hanks:

      Plaintiffs respectfully submit this supplemental letter in response to the Defendants' belated position filed with the Court on July 18, 2023 on the issue of the production of deposition transcripts from the Bankruptcy Litigation. *See* ECF 390, 398.

      ***First***, Defendants misstate the procedural aspects of this dispute and simply ignore the fact that Plaintiffs are seeking the transcripts through a properly issued subpoena on the Trustee, which moots Defendants' first and third points. As Plaintiffs pointed out in their initial letter, the protective order filed in the Bankruptcy Action specifically contemplates another court ordering the production of the requested material. *See* ECF 390 at 2. This is exactly what Plaintiffs ask the Court to do here. Defendants' invocation of a provision in virtually every protective order that the pertinent documents are to be used solely in connection with the relevant litigation hardly changes those facts. Such a provision is no defense to a properly served subpoena absent a finding otherwise by the Court upon a motion for a protective order, which, again, Defendants failed to seek. Defendants' dismissal of the language contemplating another court allowing access to the documents by saying it merely provides such other court with the right to pass on their relevance or responsiveness is nonsensical and flies in the face of the clear language of the protective order in the Bankruptcy Litigation. ECF 390 at 2 ("[T]he [Bankruptcy] Court does not intend to preclude another court from finding that information may be relevant ***and subject to disclosure in another case***.") (quoting Agreed Protective Order, *Dunn v. Chappelle*, No. 21-03423 (Bankr. S.D. Tex.), ECF 99, ¶25) (emphasis added).

      Further, the "agreed-upon relevant time period" for certain Defendants' document productions in this case, *see* ECF 398 at 2, is completely irrelevant because Plaintiffs seek the

4871-0008-1777.v1

The Honorable George C. Hanks, Jr.
July 19, 2023
Page 2

transcripts from the Trustee, not Defendants.[1]  While the depositions occurred recently, their subject matter was Alta Mesa's 2018 drilling program – *i.e.*, squarely within the heart of the relevant discovery period in this action.

**Second**, Defendants' other argument that Plaintiffs have made no showing of relevance or responsiveness is flat wrong.  The Trustee presumably made this determination in response to Plaintiffs' subpoena and, as previously noted, stands ready and willing to produce the transcripts but for Defendants' objection.  *See* ECF 390 at 2.  A simple reading of the Trustee's complaint in the Bankruptcy Litigation, which concerns the reasonableness of Alta Mesa's 2018 drilling program, makes clear the overlap between the issues at play there and in this action.  *See Dunn v. Chappelle*, No. 21-03423 (Bankr. S.D. Tex.), ECF 50.  And Defendants themselves have admitted this overlap in numerous ways and at various times, including for example by the following:

- February 21, 2023 email from Courtney Whang stating "Mr. Dimitrievich has also been subpoenaed by the AMH Litigation Trustee to testify as non-party witness *in Dunn v. Chappelle*, Adv. Proc. No. 21-3423.  As Plaintiffs have previously noted, '[t]he facts at issue in the bankruptcy cases are tightly interwoven with the facts of this case.' (12/27/22 B. Brodeur email, attaching letter).  Accordingly, we have invited the AMH Litigation Trustee to observe Mr. Dimitrievich's deposition on March 7, at our offices.  At the conclusion of Plaintiffs' questioning, the AMH Litigation Trustee may ask Mr. Dimitrievich additional questions related to Adv. Proc. No. 21-3423."

- February 23, 2023 "Joint Stipulation" in the Trustee's case where the parties agreed "to treat all testimony from the Class Action Litigation [defined as *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-00957] as admissible" in the Trustee's action because "The Class Action Litigation involves the same subject matter between the same parties as this case for purposes of Federal Rule of Civil Procedure 32(a)(8)." *Dunn v. Chappelle*, No. 21-03423, ECF 102.

- April 25, 2023 "Amended Joint Schedule Stipulation" in the Trustee's case where a scheduling mirroring the schedule in this action was proposed "to allow continued coordination between this action and the Related Actions [defined as *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-00957, *Alyeska Master Fund, LP et al. v. Alta Mesa Resources, Inc.*, No. 4:22-cv-01189, and *Orbis Global Equity LE Fund*

---

[1]   Although, as noted in Plaintiffs' initial letter, the transcripts are also the subject of requests served on Defendants.  ECF 390 at 2 n.3.

*(Australia) et al. v. Alta Mesa Resources, Inc.*, No. 4:22-cv-02590]." *Dunn v. Chappelle*, No. 21-03423, ECF 147.[2]

For all of the above reasons, and for those explained in Plaintiffs' letter submitted on July 13, 2023, Plaintiffs respectfully request the Court to set aside Defendants' objections and compel the production of the requested deposition transcripts.

Respectfully submitted,

| | |
|---|---|
| s/ *Andrew J. Entwistle* | s/ *Trig R. Smith* |
| Andrew J. Entwistle | Trig R. Smith |
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN** |
| 500 W. 2nd Street, Suite 1900-16 | **& DOWD LLP** |
| Austin, TX 78701 | 655 West Broadway, Suite 1900 |
| Telephone:  512/710-5960 | San Diego, CA 92101 |
| aentwistle@entwistle-law.com | Telephone:  619/231-1058 |
| | trigs@rgrdlaw.com |

Co-Lead Counsel for Lead Plaintiffs and the Class

---

[2] Defendants point to the fact that some of the persons that were deposed in the Bankruptcy Action and that are the subject of the instant dispute (namely, Messrs. Dimitrievich, Hackett, Leuschen, Limbacher, and McMullen) were never or are no longer defendants in the Bankruptcy Action.  *See* ECF 398 at 1.  But it does not necessarily follow that their testimony is irrelevant to this action.  Further, Plaintiffs also seek (and Defendants object to the production of) the transcript of testimony provided by Mr. Chappelle in the Bankruptcy Action.  Defendants conspicuously fail to address Mr. Chappelle who remains a defendant in both actions.

4871-0008-1777.v1