# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 (CONSOLIDATED)<br><br>JUDGE GEORGE C. HANKS, JR.<br><br>THIS DOCUMENT RELATES TO:<br><br>CASE NO. 4:22-CV-01189<br>CASE NO. 4:22-CV-02590 |

## THE ALYESKA AND ORBIS PLAINTIFFS'
## OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S
## JUNE 7, 2023 ORDER FOR INTERLOCUTORY APPEAL

# <u>TABLE OF CONTENTS</u>

**Page**

NATURE AND STAGE OF THE PROCEEDING ............................................................1

SUMMARY OF THE ARGUMENT ...............................................................................1

STATEMENT OF ISSUES TO BE RULED UPON...........................................................5

ARGUMENT.............................................................................................................5

    I.    Defendants Have Not Met Their Burden of Demonstrating the Necessity of an Interlocutory Appeal.............................................................................................5

        A.    The Appeal Sought by Defendants Will Not Materially Advance Termination of the Litigation and, Relatedly, Does Not Involve a Controlling Issue of Law ...............................................................7

        B.    Defendants Fail to Establish Substantial Ground For Difference of Opinion as to the Issues For Which They Seek Appeal ...........................................15

CONCLUSION..........................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*Adhikari v. Daoud & Partners*,
    2012 WL 718933 (S.D. Tex. March 5, 2012) ............................................................5, 6

*Allen v. Okam Holdings, Inc.*,
    116 F.3d 153 (5th Cir. 1997)...........................................................................................6

*American Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974)........................................................................................................2

*Blaz v. Belfer*,
    368 F.3d 501 (5th Cir. 2004)........................................................................................18

*Castellanos-Contreras v. Decatur Hotels, LLC*,
    622 F.3d 393 (5th Cir. 2010).........................................................................................16

*Coates v. Brazoria Cnty. Tex.*,
    919 F. Supp. 2d 863 (S.D. Tex. 2013) .................................................................. passim

*Exxon Mobil Corp. v. United States*,
    108 F. Supp. 3d 486 (S.D. Tex. 2015) ..........................................................................10

*Fannie Mae v. Hurst*,
    613 Fed. App'x 314 (5th Cir. 2015)................................................................................6

*Gordon Partners v. Blumenthal*,
    2007 WL 431864 (S.D.N.Y. Feb. 9, 2007)...................................................................17

*Grant Thornton LLP v. Prospect High Income Fund*,
    314 S.W.3d 913 (Tex. 2010).........................................................................................17

*In re BP P.L.C. Sec. Litig.*,
    2013 WL 12156398 (S.D. Tex. Jan. 4, 2013) ............................................................7, 9

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
    2016 WL 949065 (S.D. Tex. Mar. 14, 2016)..............................................................8, 9

*In re L.L.P. & D. Marine, Inc.*,
    1998 WL 66100 (E.D. La. Feb. 13, 1998) ...............................................................5, 6, 8

*In re Parkcentral Glob. Litig.*,
    No. 3:09-CV-765, 2010 WL 3119403 (N.D. Tex. Aug. 5, 2010)..................................18

*Margolies v. Deason*,
  464 F.3d 547 (5th Cir. 2006) ..........................................................................18

*Orson, Inc. v. Miramax Film Corp.*,
  867 F. Supp. 319 (E.D. Pa. 1994) ....................................................................8

*Releford v. City of Houston*,
  2016 WL 7051662 (S.D. Tex. Dec. 5, 2016) ...................................................10

*Ryan v. Flowserve Corp.*,
  444 F. Supp. 2d 718 (N.D. Tex. 2006) ...................................................... passim

*Solis v. Universal Project Mgmt., Inc.*,
  2009 WL 2018260 (S.D. Tex. July 6, 2009) .....................................................6

*Strougo v. Scudder, Stevens & Clark, Inc.*,
  1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) ....................................................7

*United States v. Garner*,
  749 F.2d 281 (5th Cir. 1985) ............................................................................5

*United States v. Planned Parenthood Fed'n of America, Inc.*,
  2022 WL 2718612 (N.D. Tex. July 13, 2022) ..................................................9

**Statutes**

28 U.S.C. § 1292(b) ...............................................................................2, 5, 6

**Other Authorities**

16 Charles Alan Wright et al., *Fed. Practice & Procedure* § 3930 (3d ed. 2012) ........7, 14

4 Am. Jur. 2d *Appellate Review* § 123 (2012) .................................................17

## NATURE AND STAGE OF THE PROCEEDING

The Alyeska Plaintiffs filed their complaint on April 13, 2022, and the Orbis Plaintiffs filed their complaint on August 3, 2022.[1]  On January 10, 2023, the Defendants[2] filed motions to dismiss the Alyeska and the Orbis Plaintiffs' (collectively, the "Direct Action Plaintiffs" or the "DAPs") complaints.  The DAPs opposed the motions to dismiss and, on June 7, 2023, the Court entered a Memorandum Opinion and Order denying the Defendants' motions to dismiss the DAPs' complaints (the "Opinion" or the "Order"). (Dkt. 343.)  The Alyeska and Orbis Plaintiffs file this brief in opposition to Defendants' Motion to Certify the Court's June 7, 2023 Order For Interlocutory Appeal (the "Motion") (Dkt. 374.)

## SUMMARY OF THE ARGUMENT

Defendants' request for an interlocutory appeal should be denied because it lacks *the* fundamental element necessary for granting such relief:  the requested interlocutory appeal will do nothing to bring about the termination of this action, nor will it result in any efficiencies.  Quite the opposite.  Allowing Defendants to pursue an interlocutory appeal

---

[1] The Alyeska Plaintiffs are:  Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P.  The Orbis Plaintiffs are:  Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P.

[2] The Defendants are Alta Mesa Resources, Inc. ("Alta Mesa"), James T. Hackett, Thomas J. Walker, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters, Stephen Coats, Harlan H. Chappelle, Michael E. Ellis, Ronald Smith, David M. Leuschen, Pierre F. Lapeyre, Jr., William W. McMullen, Don Dimitrievich, Donald Sinclair, Riverstone Holdings LLC ("Riverstone"), Bayou City Energy Management, LLC ("Bayou City"), HPS Investment Partners, LLC ("HPS"), and ARM Energy Holdings LLC ("ARM Energy").

will increase the burden on the parties, forcing them to brief and argue an appeal in the midst of expert discovery and summary judgment practice (both of which will take place entirely while the appeal is pending, foreclosing the possibility an appeal could streamline those processes).  Worse, even a successful appeal will do virtually nothing to streamline this action, which would still need to be tried on the same facts with the same witnesses. In other words, an interlocutory appeal of the Court's Order would serve no purpose other than to unnecessarily increase costs and waste judicial and party resources.

The overriding purpose of 28 U.S.C. § 1292(b) is to promote the efficient resolution of civil actions.  Section 1292(b) allows a district court, in its discretion, to certify an order for appeal where the order involves a "controlling issue of law," there is "substantial ground for difference of opinion" regarding the issue, and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Defendants challenge the Court's determinations in the Opinion that (1) the Securities Litigation Uniform Standards Act ("SLUSA") does not bar the DAPs' state-law claims, (2) the Orbis Plaintiffs' "holder" claims are viable under Texas state law, (3) the limitations period in 28 U.S.C. § 1658(b) applies to the DAPs' claims under Sections 14(a), 18, and 20(a) (to the extent they are based on the Section 14(a) claims) of the Securities Exchange Act of 1934 (the "Exchange Act"), and (4) the DAPs were entitled to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  Most of the argument in the Motion focuses on Defendants' disagreements with the Court's determinations, or contrary decisions from other courts, attempting to create an appearance of a "substantial ground for difference of opinion."  While Defendants misstate the standard applicable to meet that

2

requirement – and fail to meet the correct standard – the Court need not even consider this issue because an interlocutory appeal could not hasten the termination of this case – a fact that is fatal to their Motion.

In the relatively little space Defendants devote to arguing the related propositions that their proposed appeal involves controlling issues of law and would materially advance termination of the litigation, Defendants primarily point to the fact that a successful appeal would result in the dismissal of certain of the DAPs' claims.  But this is not nearly sufficient to establish that the appeal might advance the litigation's termination.  Courts routinely deny certification of orders for appeal where a successful appeal would not obviate the need for a trial, especially where the remaining claims to be tried arise from the same facts and would require substantially the same witnesses and evidence.  The reason is self-evident in this case.  Even if the Defendants succeed in dismissing the DAPs' state law and Section 14(a), 18, and 20(a) claims on appeal, the parties will still have to try the DAPs' (and the Class's) securities fraud claims under Section 10(b) of the Exchange Act.  As all the parties – including the Defendants – agreed when consolidating the DAPs' actions with the Class Action, "the factual allegations supporting [the DAPs'] claims are substantially similar to those in the Class Action.  In addition, the three related suits assert claims against the same Defendants, challenge as materially false or misleading statements based upon the same alleged conduct, and seek damages based on the same declines in the price of Alta Mesa's securities."

In short, a successful appeal would have little impact on the parties' (and the Court's) trial burden, as a trial following a successful appeal would closely resemble a trial

with no interlocutory appeal.  It would, however, increase the parties' and the courts' overall burden, as the parties and the Court of Appeals would be burdened with undertaking an appeal, while the parties and this Court shoulder the burden of preparing for, and proceeding with, trial.  Following trial, another appeal would be likely, as any issues arising subsequent to the Court's June 7, 2023 Order would not be heard in the appeal sought by Defendants.  This additional burden, with no countervailing chance to terminate the litigation, runs counter to Section 1292(b)'s purpose.  Accordingly, the Court should deny the Motion on this basis alone.

Defendants also fail to meet their burden of demonstrating a "substantial ground for difference of opinion" as to the issues for which the seek appellate review.  In the Motion, Defendants erroneously claim this standard is easily met by demonstrating the question is one "about which reasonable jurists can . . . debate."  But the quoted language was not discussing the "difference of opinion" standard.  In fact, the standard is exacting, requiring more than simply the existence of contrary authority or disagreeing opinions.  Defendants' arguments as to this requirement of Section 1292(b) essentially amount to disagreement with the Court as to its interpretation of relevant authority, and pointing out differently decided non-binding cases primarily from district courts outside the Fifth Circuit.  The arguments are insufficient to meet the standard applied under Section 1292(b).

This Court should not allow piecemeal review of the Court's interlocutory June 7, 2023 Order to derail the speedy and efficient resolution of this action that is already well-underway.  Therefore, Defendants' Motion should be denied.

4

## STATEMENT OF ISSUES TO BE RULED UPON

1. Have Defendants met their burden of demonstrating the necessity of an interlocutory appeal of the Court's June 7, 2023 Order by establishing "(1) the order from which the appeal is taken involves a 'controlling question of law'; (2) there is a 'substantial ground for difference of opinion' concerning the issue; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation[?]'" *Coates v. Brazoria County Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (quoting 28 U.S.C. § 1292(b)).

## ARGUMENT

### I.   Defendants Have Not Met Their Burden of Demonstrating the Necessity of an Interlocutory Appeal

Defendants' Motion fails because they cannot carry their burden of demonstrating the necessity of an extraordinary interlocutory appeal.  "In general, only final judgments of federal district courts can be appealed." *Adhikari v. Daoud & Partners*, 2012 WL 718933, at *1 (S.D. Tex. March 5, 2012) (citing *United States v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985)).  A district court may certify an order for interlocutory appeal under limited circumstances pursuant to 28 U.S.C. § 1292(b).  While the decision to certify an order for interlocutory appeal falls within the court's discretion, "such appeals 'represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals.'" *Coates*, 919 F. Supp. 2d at 866-67 (quoting *In re   & D. Marine, Inc.*, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)).   "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Fannie Mae v. Hurst*, 613 Fed. App'x 314,

318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) (per curiam)).

"Certification of an interlocutory appeal under section 1292(b) is only appropriate when: (1) the order from which the appeal is taken involves a 'controlling question of law'; (2) there is a 'substantial ground for difference of opinion' concerning the issue; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *Coates*, 919 F. Supp. 2d at 867 (quoting 28 U.S.C. § 1292(b)).  "The burden of demonstrating the necessity of an interlocutory appeal is on the moving party." *Coates*, 919 F. Supp. 2d at 867 (quoting *L.L.P. & D. Marine*, 1998 WL 66100, at *1.). "Ultimately, '[u]nless all the statutory criteria are satisfied, a district court may not and should not certify its order … for an immediate appeal under [§] 1292(b).'" *Adhikari*, 2012 WL 718933, at *2 (quoting *Solis v. Universal Project Mgmt., Inc.*, 2009 WL 2018260, at *3 (S.D. Tex. July 6, 2009)).

The interlocutory appeal Defendants seek will compound, rather than reduce, the burden of litigating this case.  No matter the result of the prospective appeal, the upcoming trial (likely to begin in May 2024) will proceed against the same Defendants on the same underlying facts.  An interlocutory appeal of the Court's Order and Opinion denying Defendants' motion to dismiss is therefore not appropriate, and the Court should deny the Defendants' Motion.

## A. The Appeal Sought by Defendants Will Not Materially Advance Termination of the Litigation and, Relatedly, Does Not Involve a Controlling Issue of Law

The Court should deny Defendants' Motion because an interlocutory appeal will neither bring about an end to the case nor simplify trial in any material way. The primary purpose of Section 1292(b) is to promote judicial efficiency. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) ("The institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b).") (quoting *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566, at *6 (S.D.N.Y. Aug. 18, 1997). "Section 1292(b) is intended to 'minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings.'" *Coates*, 919 F. Supp. 2d at 866 (quoting 16 Charles Alan Wright et al., *Fed. Practice & Procedure* § 3930 (3d ed. 2012)). "A key concern consistently underlying Section 1292(b) decisions is whether permitting an interlocutory appeal will speed up the litigation." *In re BP P.L.C. Sec. Litig.*, 2013 WL 12156398, at *4 (S.D. Tex. Jan. 4, 2013). Despite Section 1292(b)'s underlying purpose, Defendants give this requirement relatively short shrift, devoting only two pages of their 19-page argument to this critical factor. That is because Defendants' proposed appeal would run counter to Section 1292(b)'s goals, adding to the burden imposed on both the courts and the parties without reducing the burden of trial.

In evaluating whether an interlocutory appeal "may materially advance the ultimate termination of the litigation" (28 U.S.C. § 1292(b)), "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."

7

*Coates*, 919 F. Supp. 2d at 867 (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)).  Defendants' Motion fails on each point.

As an initial matter, Defendants ignore points (1) and (3) completely in their moving brief, as the appeal they seek can neither eliminate the need for trial nor ease the burden of discovery.  Fact discovery has already ended, expert reports are due at the end of August, and the expert discovery cut-off date is November 16, 2023 – long before any appeal in this matter will likely be heard, let alone decided.  Thus, Defendants' contemplated appeal would not streamline discovery in this matter.

Nor would it eliminate the need for a trial – perhaps the single most important factor in the entire Section 1292(b) analysis.  "The Fifth Circuit has held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact."  *Coates*, 919 F. Supp. 2d at 867 (quoting *L.L.P. & D. Marine*, 1998 WL 66100, at *2).  Courts routinely deny Section 1292(b) certification where the appeal will not obviate the need for a trial because an appeal in that situation will *add* to the overall litigation burden of the parties and the courts without the concomitant possibility of materially reducing the burden if the appeal is successful.  *See, e.g.*, *Coates*, 919 F. Supp. 2d at 867 (noting, in denying certification, that a successful appeal "would not obviate the need for a trial.  On the other hand, a trial could obviate the need for an appeal on these issues.").  Indeed, when an appeal will not eliminate the need for trial, courts deny certification even where the impact of an appeal would be much greater than it would be here, such as where an appeal may eliminate parties entirely, *see In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2016 WL 949065, at *6 (S.D. Tex. Mar. 14, 2016) (finding appeal would not materially

8

advance "final resolution of this lawsuit" where successful appeal may dismiss claims against some, but not all, defendants), or where an appeal may remand some portion of cases that have been consolidated in an MDL to state court for adjudication, *see BP P.L.C.*, 2013 WL 12156398, at *5 (explaining that appeal that could remand certain cases in consolidated MDL to state court if successful "would not terminate [the litigation]; it would simply shift to another forum" and certification was therefore inappropriate).

In addition, as other courts have recognized in similar cases, this consolidated action is already on an efficient and expeditious path to resolution, and allowing an appeal now (which very well may not be resolved by the trial date) will do nothing but delay resolution of these actions.  *See, e.g.*, *Cobalt*, 2016 WL 949065, at *6 (denying certification of motions to dismiss in securities fraud action where "[t]he Court has handled, and will continue to handle, this case expeditiously.  The case will progress efficiently to final resolution, at which time all the disputed issues can be raised in one appeal rather than piecemeal.").

For example, in *United States v. Planned Parenthood Federation of America, Inc.*, 2022 WL 2718612, at *8 (N.D. Tex. July 13, 2022), the court pointed to its scheduling order – practically identical to the one in place here – in noting that an appeal would delay, and not advance, termination of the litigation.  That decision, issued in July 2022, noted that "[d]ispositive motions are to be filed by December 27, 2022 – a date only six months away – and trial scheduled another four months on for April 24, 2023." *Id.*  Based on that schedule, the court explained, "[i]nterlocutory appeal here would only delay resolution of the case.  Following final judgment in this case, any party can seek appellate review." *Id.*

Here, dispositive motions must be filed by December 22, 2023, and the Court has set an April 12, 2024 docket call to set the case on the Court's May trial calendar. (*See* Dkt. 376.) Thus, contrary to Defendants' insistence that an appeal would "'simplify' summary judgment proceedings and . . . trial, and make the overall litigation both 'easier and less costly'" (Mot. at 23), *even a successful appeal* will have no impact on summary judgment (which will be filed no later than December) and likely would have no impact on trial other than potentially to delay it.

Defendants erroneously argue that an interlocutory appeal, if successful, may "simplify trial" by eliminating certain of the DAPs' claims. (Mot. at 23 (arguing dismissal of claims on appeal could "streamline[]" the cases and "narrow the range of disputes" remaining for trial).) But these arguments fail where, as here, a trial on the same underlying facts will still be necessary even if Defendants prevail on their appeal. *See, e.g.*, *Exxon Mobil Corp. v. United States*, 108 F. Supp. 3d 486, 516 (S.D. Tex. 2015) (finding successful appeal on statute of limitations issue would terminate one of two related environmental clean-up cases, but declining to certify for appeal "[b]ecause both cases involve overlapping evidence and testimony that will be presented at the trial"); *Releford v. City of Houston*, 2016 WL 7051662, at *4 (S.D. Tex. Dec. 5, 2016) (holding appeal would not hasten termination of litigation where, although "a favorable appellate decision . . . may narrow the scope of evidence or issues," it would not result in summary judgment and trial would still proceed).

*Coates* is instructive as to why Defendants' arguments that dismissing certain claims will "streamline" trial are insufficient to certify the Order for interlocutory appeal. *Coates*

10

involved both Title VII and Section 1983 claims against, among others, a judge that allegedly sexually harassed two Brazoria County Juvenile Probation Department employees, and Brazoria County itself for allegedly acquiescing in the judge's conduct and retaliating against the complaining employees.  919 F. Supp. 2d at 865.  The Court denied Brazoria County's motion to dismiss the Section 1983 claims against it, and the county moved to certify for appeal the order denying that motion as to certain issues relating to the Section 1983 claims against it.  *Id.* at 865-66.  In denying the motion, the court noted that, because the appeal would only relate to the Section 1983 claims against the county, "an interlocutory appeal – regardless of its outcome – would not obviate the need for a trial."  *Id.* at 867.  Because a trial would not be avoided, the court explained, to obtain certification the county would have to show that the proposed appeal "would simplify or shorten the inevitable trial."  *Id.* at 868.  But it could not do so.  As the court explained, "Plaintiffs' Title VII claims against the County and the section 1983 claims asserted against [the judge] will presumably require much of the same evidence, examination, and argument as the section 1983 claims asserted against the County."  *Id.*  Accordingly, the court reasoned, "[c]ertifying an interlocutory appeal would thus not eliminate or simplify the trial but serve only to delay it."  *Id.*

Defendants' Motion should be denied for the same reason.  The Motion rests entirely on the notion that an appeal may "narrow the issues in dispute" because it *may* result in the dismissal of the Alyeska and Orbis Plaintiffs' state-law claims (including the

Orbis Plaintiffs' holder claims) and their claims arising under Sections 14(a), 18, and 20(a)[3] of the Exchange Act.  (*See, e.g.*, Mot. at 22.)  But the Motion ignores the fact that – no matter the result of the appeal they seek – the DAPs, the Class, and Defendants must still proceed with trial of the significant and extensive securities fraud claims arising under Section 10(b) that have been asserted by the DAPs and the Class.  Thus, Defendants are wrong that eliminating the DAPs' state-law claims "would substantially streamline this case."  (*See* Mot. at 22.)

The DAPs' state-law claims are based upon the same conduct and underlying facts as their Section 10(b) claims – including the very same alleged misstatements of fact.  (*See, e.g.*, Orbis Compl. ¶ 437 (referring to misstatements in body of Complaint as underlying common-law fraud claim, which misstatements also underlie the Section 10(b) claims.)  Thus, eliminating the Orbis Plaintiffs' holder claims will not materially streamline the trial, nor would a new trial be required if the claims are dismissed in a post-trial appeal.

Similarly, an appeal dismissing the DAPs' Section 14(a) and Section 18 claims (and the Section 20(a) claims predicated on the Section 14(a) claims) would have little impact on the scope of trial.  These claims arise from misstatements in Silver Run's Proxy and in Alta Mesa's 2017 Form 10-K, which misstatements also underlie the DAPs' Section 10(b) claims.  (*See, e.g.*, Orbis Compl. ¶ 402 (referring to "false statements specified above" as bases for Section 10(b) claims, which include false statements in Proxy and 2017 Form 10-

---

[3] Defendants' argument as to the Section 20(a) claims applies only to those claims where alleged violations of Section 14(a) are the predicate.  (*See* Order at 10.)  Even if Defendants won an interlocutory appeal on this issue, Section 20(a) claims would remain to be adjudicated against all Defendants, predicated on Plaintiffs' Section 10(b) claims.

K).)  While eliminating these claims may truncate some testimony as to the DAPs' reliance or the Defendants' scienter (*see* Mot. at 23-24), even these potential efficiencies are limited and speculative.  For instance, the "direct communications" Orbis must establish to prove its holder claims will also support its Section 10(b) claims for purchases made after those communications.  Defendants claim efficiencies will be gained by their not having to affirmatively prove lack of knowledge as to the misstatements underlying the DAPs' Section 18 claims (Mot. at 24), but Defendants will likely rely on the same or similar evidence, in any event, to undermine the DAPs' and the Class's attempts to establish scienter in proving their Section 10(b) claims.

Defendants themselves have acknowledged the significant overlap of the DAPs' actions with the Class Action in the Joint Motion to Consolidate and to Amend Scheduling Order (the "Joint Consolidation Motion") filed on October 7, 2022.  (*See* Dkt. 256.)  The Joint Consolidation Motion, executed and filed by counsel for all parties, including the Defendants now seeking interlocutory review, acknowledged that "the Class Action and Opt Out Actions involve the same defendants, common questions of law and fact and will require largely the same discovery."  (*Id.* at 4.)  Defendants, in the Joint Consolidation Motion, further acknowledged that "the factual allegations supporting [the DAPs'] claims are substantially similar to those in the Class Action.  In addition, the three related suits assert claims against the same Defendants, challenge as materially false or misleading statements based upon the same alleged conduct, and seek damages based on the same declines in the price of Alta Mesa's securities."  (*Id.* at 5.)  Thus, while the DAPs assert

13

some additional claims, Defendants have long-since acknowledged those claims arise from the same underlying facts and course of conduct as the Section 10(b) claims.

For the same reasons, the issues Defendants seek to have determined on appeal are not "controlling issues of law" as required by Section 1292(b). "Whether an issue of law is *controlling* generally hinges upon its potential to have some impact on the course of the litigation." *Ryan*, 444 F. Supp. 2d at 723. "The issue of whether an interlocutory appeal involves a controlling question of law is 'closely tied' to the requirement that the appeal materially advance the ultimate termination of the litigation." *Coates*, 919 F. Supp. 2d at 868, n. 4 (citing *Ryan*, 444 F. Supp. 2d at 723). "[A] *controlling* question of law – although not consistently defined – at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation – thereby saving time and expense for the court and the litigants." *Ryan*, 444 F. Supp. 2d at 723. "Direct focus on the seemingly pragmatic requirement that immediate appeal may materially advance the outcome may be more helpful, however, than wrestling with the more abstract 'controlling question of law' requirement." *Coates*, 919 F. Supp. 2d at 868 n.4 (quoting Wright et al., *supra*, § 3930 at 507).

Defendants' sole argument as to why the questions upon which they seek an appeal are "controlling issues of law" is that, if differently decided on appeal, certain of the DAPs' claims would be dismissed. (*See* Mot. at 7 (arguing question as to whether SLUSA preempts DAPs' state-law claims "is controlling, because its resolution determines whether Plaintiffs' state-law claims must be dismissed"); *id.* at 13 (same as to Orbis Plaintiffs' holder claims); *id.* at 20 (noting that appellate finding that *American Pipe* tolling did not

14

toll DAPs' Section 18 claims "would require dismissal of that claim").  But the mere fact that a determination on a question would result in the dismissal of a particular claim is not, in itself, sufficient to render that question "controlling" for purposes of Section 1292(b). *See, e.g.*, *Coates*, 919 F. Supp. 2d at 868 n.4 (explaining "the Court could find that no controlling issues of law exist for the same reasons" it found that potential elimination of a claim against a party would not materially advance termination of the litigation where other claims arising from same facts would remain after appeal).  As discussed above, trial on the Class's and DAPs' Section 10(b) claims would involve the same core facts – including, among other things, the same misrepresentations and the same evidence regarding scienter – even if the DAPs' state-law claims and Section 14(a) and Section 18 claims were dismissed on appeal.  Defendants' proposed appeal would not materially advance this case toward resolution and, for that reason, it does not involve a controlling question of law.

### B.   Defendants Fail to Establish Substantial Ground For Difference of Opinion as to the Issues For Which They Seek Appeal

The vast majority of argument in the Motion is dedicated to rehashing the arguments Defendants made in the Motions to Dismiss and attempting to establish that there is "substantial ground for difference of opinion" as to the issues on which they seek interlocutory appeal.  The Court need not even consider this Section 1292(b) requirement because, as discussed at length above, an interlocutory appeal would not resolve controlling issues of law or materially advance the termination of this litigation.   Nonetheless, Defendants fail to meet their burden to establish this requirement.

Defendants quote *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc), to argue that the "substantial ground for difference of opinion" requirement "is not a high bar" and "the question need only be one 'about which reasonable jurists can . . . debate.'" (Mot. at 5.)  But the language Defendants quote from *Castellanos-Contreras* did not refer to the standard for establishing the second requirement of Section 1292(b), but instead, whether the Fifth Circuit should have exercised its discretion to hear the appeal in that case after the district court and prior appellate panels already concluded that the requirements of Section 1292(b) were met.  *See* 622 F.3d at 399 ("Interlocutory review under § 1292(b) is not mandatory; rather, it is discretionary.  Thus, we must consider whether we should address these questions at this stage.  Suffice it to say that *this* is a question about which reasonable jurists can—and, in the case of this court, do—debate." (emphasis added)).

The actual standard is more stringent.  "The threshold for establishing a 'substantial ground for difference of opinion' is higher than mere disagreement or even the existence of some contrary authority."  *Coates*, 919 F. Supp. 2d at 868.  "[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement."  *Ryan*, 444 F. Supp. 2d at 724.  "Courts traditionally will find a substantial ground for difference of opinion 'if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Coates*, 919 F. Supp.

2d at 868-69 (quoting 4 Am. Jur. 2d *Appellate Review* § 123 (2012)). "In the end, 'substantial' means just that – significantly great." *Ryan*, 444 F. Supp. 2d at 724.

As to the Court's decision that SLUSA does not preempt the DAPs' state-law claims, Defendants argue "multiple federal courts have reached the opposite conclusion . . . ." (Mot. at 8.) This is immaterial. Defendants cite to some district court decisions and only one appellate decision (from the 11th Circuit)[4] finding contrary to the Court's decision here, but "the existence of some contrary authority" is insufficient. *See Coates*, 919 F. Supp. 2d at 868. Defendants neither cite authority showing the Court's decision is contrary to the uniform authority of multiple Courts of Appeals, nor does it show a circuit split as to an issue upon which the Fifth Circuit has not ruled. *See Ryan*, 444 F. Supp. 2d at 724. Defendants' arguments that the Court wrongly decided the issue (Mot. at 9-11) is, in addition to being wrong, irrelevant for purposes of fulfilling the requirements of Section 1292(b). *See Ryan*, 444 F. Supp. 2d at 724.

Defendants also fail to establish the existence of substantial ground for difference of opinion as to the DAPs' holder claims under Texas state law. Indeed, Defendants rely on *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913 (Tex. 2010), a case that, Defendants admit (Mot. at 14), this Court correctly noted "left open the prospect that holder claims involving specific, direct communications are actionable under Texas

---

[4] Defendants cite to an S.D.N.Y. case that was affirmed by the Second Circuit. (Mot. at 8 (citing *Gordon Partners v. Blumenthal*, 2007 WL 431864 (S.D.N.Y. Feb. 9, 2007), *adopted*, 2007 WL 1438753 (S.D.N.Y. May 16, 2007), *aff'd*, 293 F. App'x 815 (2d Cir. 2008)).). But as the Court pointed out in its Opinion, "[t]he Second Circuit affirmed *Gordon Partners* but expressly did not consider whether the district court had correctly decided the SLUSA preclusion issue." (Order at 7.)

law[.]"  (*See* Order at 9 (quoting *In re Parkcentral Glob. Litig.*, 2010 WL 3119403, at *8 (N.D. Tex. Aug. 5, 2010)).)  Defendants' argument amounts to a hope that the Fifth Circuit will differently predict what the Texas Supreme Court might decide in this case, but it does not rely on any actual contrary authority.  (*See* Mot. at 14-15 (referring to issue as "fairly contestable").)  Defendants' wish for a Fifth Circuit panel more receptive to their arguments is not an appropriate ground for certifying the Order for interlocutory appeal. *See Ryan*, 444 F. Supp. 2d at 724 (explaining that "a party's claim that a district court has ruled incorrectly [does not] demonstrate a substantial disagreement.").

Similarly, Defendants arguments regarding the applicability of Section 1658 of the Sarbanes-Oxley Act to the DAPs' Section 14(a), Section 18, and Section 20(a) claims (based on the underlying Section 14(a) claims) amounts to a disagreement with the Court as to Fifth Circuit precedent.  As the Defendants acknowledge, the Court primarily relied upon two Fifth Circuit decisions – *Margolies v. Deason*, 464 F.3d 547 (5th Cir. 2006), and *Blaz v. Belfer*, 368 F.3d 501 (5th Cir. 2004) – in deciding that the Section 1658 limitations period applied to the DAPs' claims as pled.  (*See* Mot. at 19.)  Defendants reargue what they argued on the motion to dismiss – that the language the Court relied upon in those decisions "appears to be *dicta*."  (*See id.* ("At a minimum, Defendants' view that the language from *Margolies* and *Blaz* was non-binding *dicta* is reasonable.").)  But again, this reveals nothing more than a disagreement with the Court over the how to apply those Fifth Circuit decisions to this case – and disagreeing with the Court's conclusion is insufficient to warrant interlocutory review.  *See Ryan*, 444 F. Supp. 2d at 724.

Finally, Defendants seek interlocutory review of the Court's determination that *American Pipe* tolling applies to the DAPs' Section 18 claims based on a disagreement of fact and a handful of contrary district court opinions in other circuits.  (*See* Mot. at 21.) Neither is sufficient to support certification under Section 1292(b).  The Motion notes that "Defendants have argued[] a Section 10(b) claim does not concern the same 'subject matter' and the 'same evidence, memories, and witnesses' as a Section 18 claim, as a matter of law." (Mot. at 21.)  Despite adding the phrase "as a matter of law" at the end of this sentence, Defendants here merely state a factual disagreement with the Court's finding that "[t]he opt-out plaintiffs have at least a colorable argument that their suits share enough of a common factual basis and legal nexus with the class claims to obtain the benefit of the *American Pipe* doctrine."   (Order at 13-14.)   In addition to a fact dispute being inappropriate for interlocutory review, Defendants are contradicted by the Joint Consolidation Motion they filed, which represented to the Court that the Class Action and the Alyeska and Orbis actions "involve the same defendants, common questions of law and fact and will require largely the same discovery."  (Dkt. 256 at 4.)  The mere fact that a handful of district courts may have decided a similar question differently (*see* Mot. at 21) also fails to establish substantial ground for difference of opinion.  *See Coates*, 919 F. Supp. 2d at 868 ("The threshold for establishing a 'substantial ground for difference of opinion' is higher than mere disagreement or even the existence of some contrary authority.").

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Defendants' Motion to Certify the Court's June 7, 2023 Order For Interlocutory Appeal.

Dated:  July 28, 2023

Respectfully submitted,

By: */s/ Matthew A. Peller*
Lawrence M. Rolnick
Marc B. Kramer
Michael J. Hampson
Matthew A. Peller
Frank T.M. Catalina
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com
mpeller@rksllp.com
fcatalina@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*

Jules P. Slim
TX Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307
Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

*Counsel for the Alyeska and Orbis Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 28, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Matthew A. Peller*
Matthew A. Peller
