**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |
| | Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND D, .P., | Civil Action No. 4:22-cv-01189 |
| | Judge George C. Hanks, Jr. |
| Plaintiffs, | |
| v. | |
| ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, | |
| Defendants. | |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., | Civil Action No. 4:22-cv-02590<br><br>Judge George C. Hanks, Jr. |
| Plaintiffs, | |
| v. | |
| ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, | |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................. 3

    I.    THE RESPONSE FAILS TO MINIMIZE THE DECISION'S
        MULTIPLE ISSUES ON WHICH REASONABLE JURISTS
        COULD DISAGREE ................................................................................ 3

    II.    THE RESPONSE FAILS TO REFUTE THAT REVERSAL ON
        THE PROPOSED APPEAL ISSUES WILL SIMPLIFY THIS
        COMPLEX CASE ................................................................................... 8

CONCLUSION ........................................................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Ainsworth v. Cargotec USA, Inc.*,
  2011 WL 6291812 (S.D. Miss. Dec. 15, 2011) ............................................................ 4

*Alfred Dunhill of London, Inc. v. Republic of Cuba*,
  425 U.S. 682 (1976) ........................................................................................................ 7

*Blaz v. Belfer*,
  368 F.3d 501 (5th Cir. 2004) ...................................................................................... 7

*Boone v. Ill. Dep't of Corr.*,
  71 F.4th 622 (7th Cir. 2023) .................................................................................. 3, 4

*Castellanos-Contreras v. Decatur Hotels, LLC*,
  622 F.3d 393 (5th Cir. 2010) (en banc) .................................................................. 4

*Coates v. Brazoria Cnty.*,
  919 F. Supp. 2d 863 (S.D. Tex. 2013) .............................................................. 1, 8, 11

*In re Denar Restaurants, LLC*,
  2010 WL 150161 (N.D. Tex. Jan. 14, 2010) ............................................................ 11

*Doe #1 v. Marriott Int'l*,
  2023 WL 138047 (S.D. Miss. Jan. 9, 2023) ............................................................ 4

*In re Fed. Nat'l Mortg. Ass'n Secs., Deriv. & ERISA Litig.*,
  503 F. Supp. 2d 25 (D.D.C. 2007) ............................................................................ 4

*Fisher v. Halliburton*,
  703 F. Supp. 2d 639 (S.D. Tex. 2010), *vacated on other grounds*,
  667 F.3d 602 (5th Cir. 2012) ...................................................................................... 4

*Gordon Partners v. Blumenthal*,
  2007 WL 431864 (S.D.N.Y. Feb. 9, 2007)................................................................ 4

*Grant Thornton LLP v. Prospect High Income Fund*,
  314 S.W.3d 913 (Tex. 2010)........................................................................................ 6

*Hall v. Hall*,
  138 S. Ct. 1118 (2018).................................................................................................. 7

*Harcon Barge Co. v. D&G Boat Rentals, Inc.*,
    746 F.2d 278 (5th Cir. 1984) ............................................................................. 7

*Margolies v. Deason*,
    464 F.3d 547 (5th Cir. 2006) ............................................................................. 6

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ...................................................................... 3, 4, 6

## STATUTES

15 U.S.C.
    § 78j .............................................................................................................. *passim*
    § 78n ............................................................................................................. *passim*
    § 78r .............................................................................................................. *passim*
    § 78t .............................................................................................................. *passim*

28 U.S.C.
    § 1292(b) ....................................................................................................... *passim*
    § 1658 .............................................................................................................. 6, 7

# INTRODUCTION

Faced with this Court's own recognition that its rulings were close calls on the issues proposed for interlocutory appeal—SLUSA preemption, Texas "holder" claims, and applicable limitations under Sections 14(a), 18, and 20(a)—as well as the significant streamlining of these proceeding that would flow from dismissal of the impacted claims, Plaintiffs' Response (ECF No. 401) ("Resp.") attempts to increase and distort the Section 1292(b) standards.

Given that conflicting authority on each issue underscores that the statute's requirement of a legal question on which there is a "substantial ground for difference of opinion" is satisfied, the Response leads instead with the requirement that the appeal "may materially advance the ultimate termination of the litigation." Yet, Plaintiffs spend the bulk of that discussion rebutting an argument that Defendants *have never made*—that an interlocutory appeal would "eliminate the need for [a] trial." Resp. 7-8. By contrast, Plaintiffs have no cogent response to the argument that Defendants *did* make, that reversal on any one of the controlling questions of law highlighted in Defendants' motion would end *those claims* for good, thereby in the Response's own words "at least simplifying trial court proceedings." Resp. 7 (quoting *Coates v. Brazoria Cnty.*, 919 F. Supp. 2d 863, 866 (S.D. Tex. 2013)).

As a threshold matter, Plaintiffs do not dispute that eliminating their claims under Sections 14(a), 18, and 20(a) and under state law would at least reduce their remaining claims to be substantially similar to those in the Class Action, dramatically simplifying the Court's adjudication if these cases are to remain consolidated. Otherwise, the Court—and

the jury—would be required to grapple with varying standards and burdens of proof for *seven* sources of liability against *nineteen* defendants in *three* consolidated cases. The parties would need to devote significant fact and expert testimony to Plaintiffs' unique claims, like those under Section 18 and Texas state law, that are unrelated to establishing any other claim. Moreover, although the Class Action also includes a Section 14(a) claim, eliminating Plaintiffs' version through an appeal on repose grounds would obviate the challenge of managing conflicting burdens of proof, with the Class theory requiring proof only of negligence, while Plaintiffs have infused scienter in an effort to extend the repose period.

Indeed, the present significant variations and complexity will inevitably prompt debate about whether it is even feasible to adjudicate *all* the current claims across the Class Action and the opt out cases in a single trial. By contrast, a successful appeal would narrow Plaintiffs' cases to Section 10(b) and related Section 20(a) claims that substantially overlap with the Class claims. It is common sense that reducing these cases to overlapping claims would be easier to administer and possibly resolve.

As to their fallback argument contesting the "substantial ground[s] for difference of opinion" already recognized by the Court's analysis, Plaintiffs fault Defendants for failing to demonstrate that the district court's decision was "contrary to the uniform authority of multiple Courts of Appeals," or implicates "a circuit split as to an issue upon which the Fifth Circuit has not ruled." Resp. 17. But courts have never interpreted Section 1292(b) to require movants to clear such a high hurdle. Instead, this prong merely requires a movant to show that the district court's resolution of an issue was one with which "reasonable

jurists might disagree." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). And apart from misstating the standard, Plaintiffs do not even engage with the substance of Defendants' arguments for why it is satisfied here, instead characterizing Defendants' arguments as "disagreement" with this Court's decision and "rearguing" the motion to dismiss. That superficial response is not only wrong, it fails to change the conclusion that the Court's resolution of each issue here is at least "contestable." *Boone v. Ill. Dep't of Corr.*, 71 F.4th 622, 625 (7th Cir. 2023).

For all these reasons, each of the issues identified in Defendants' motion independently warrants interlocutory review by the Fifth Circuit under Section 1292(b). This Court should grant the motion to certify.

## ARGUMENT

### I.   THE RESPONSE FAILS TO MINIMIZE THE DECISION'S MULTIPLE ISSUES ON WHICH REASONABLE JURISTS COULD DISAGREE

The Response studiously avoids any discussion of the Court's own frank discussion of the contrary authorities on each of the issues proposed for appeal. Instead, Plaintiffs attempt to elevate what it takes to demonstrate "substantial ground for difference of opinion" under Section 1292(b) rather than acknowledge the force of Defendants' arguments.

Plaintiffs incorrectly argue that the standard for this prong of Section 1292(b) is "stringent," Resp. 16, and requires evidence that the district court's decision was "contrary to the uniform authority of multiple Courts of Appeals," or implicates "a circuit split as to an issue upon which the Fifth Circuit has not ruled," *id.* at 17. While either of those

circumstances would be *sufficient* to satisfy Section 1292(b), neither is *necessary*.  To the contrary, consistent with the plain language of the statute, a "substantial ground for difference of opinion" exists if the legal question presented is "contestable," *Boone*, 71 F.4th at 625, or one on which "reasonable jurists might disagree," *Reese*, 643 F.3d at 688; *see also Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc) ("reasonable jurists can . . . debate"); *Fisher v. Halliburton*, 703 F. Supp. 2d 639, 665 (S.D. Tex. 2010) ("contestable"), *vacated on other grounds*, 667 F.3d 602 (5th Cir. 2012).[1]  By those lights, each of the issues that Defendants have identified self-evidently meets this standard.

Start with the Court's analysis of SLUSA.  This Court acknowledged that reasonable jurists could disagree—and *have* disagreed—with the Court's decision here.  *See* Memo. Op. & Order (ECF No. 343) ("Op.") 7 (citing *In re Fed. Nat'l Mortg. Ass'n Secs., Deriv. & ERISA Litig.*, 503 F. Supp. 2d 25 (D.D.C. 2007); *Gordon Partners v. Blumenthal*, 2007

---

[1] Plaintiffs' argument that *Castellanos-Contreras* was not interpreting Section 1292(b) does not hold water.  *See* Resp. 16.  The Fifth Circuit was determining whether it should exercise its discretion to permit an appeal under Section 1292(b), and concluded that it should, after noting that "this is a question about which reasonable jurists can—and, in the case of this court, do—debate."  *Castellanos-Contreras*, 622 F.3d at 399.  That is clearly a reference to Section 1292(b)'s "substantial ground for difference of opinion" standard, as other courts in this circuit have recognized.  *See, e.g.*, *Doe #1 v. Marriott Int'l*, 2023 WL 138047, at *2 (S.D. Miss. Jan. 9, 2023) (quoting *Castellanos-Contreras*'s "reasonable jurists can debate" standard for this prong of Section 1292(b)); *Ainsworth v. Cargotec USA, Inc.*, 2011 WL 6291812, at *4 (S.D. Miss. Dec. 15, 2011) (same).

4

WL 431864 (S.D.N.Y. Feb. 9, 2007)).  Astonishingly, Plaintiffs dismiss as "immaterial"
the same case law that this Court found significant in its decision.  Resp. 17.

Plaintiffs otherwise ignore Defendants' arguments on the merits of the SLUSA
preemption question altogether.  They do not engage with Defendants' analysis of
SLUSA's text or explain why reasonable jurists could not agree with Defendants' reading.
They instead accuse Defendants of simply "reargu[ing] what they argued on the motion to
dismiss." *Id.* at 18.  That's simply not true.  Defendants' argument is not just "that the
Court wrongly decided the issue," *id.* at 17—rather, it is that other reasonable jurists could
have reached a different outcome than this Court did, which is the relevant inquiry under
Section 1292(b).[2]  The multiple federal court cases agreeing with Defendants' view of this
issue is powerful evidence that the Court's resolution of the SLUSA preemption issue is at
a minimum contestable, as the Court acknowledged in its decision.  And Plaintiffs' failure
to engage with either Defendants' or those courts' reasoning is telling.

Likewise, Plaintiffs do not grapple with any of Defendants' arguments for why the
Court's failure to dismiss Plaintiffs' "holder" claims under Texas state law is subject to
substantial ground for difference of opinion.  Instead, they fault Defendants for not
"rely[ing] on any actual contrary authority."  Resp. 18.[3]  Defendants did, of course, cite

---

[2] In that sense, some amount of "reargument" is an inevitable feature of a motion to certify,
because the procedural posture will always involve a movant arguing that an issue the
district court resolved against the movant could have been decided differently.

[3] Plaintiffs also describe Defendants' argument as "amount[ing] to a hope that the Fifth
Circuit will differently predict what the Texas Supreme Court might decide in this case."
Resp. 18.  Even if that accurately describes this Court's holding, Plaintiffs' description
could be applied to any motion to certify an interlocutory appeal.  Of course a movant

contrary authority across the nation, but, again, whether Texas itself has enunciated contrary authority is not the standard: "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese*, 643 F.3d at 688.  There are strong reasons to think that the Texas Supreme Court would reject the viability of holder claims under Texas law, given (1) the Texas Supreme Court's recognition of the widespread criticism of such claims from courts around the country, and (2) that Court's recognition that Texas securities law generally tracks federal securities law (which does not recognize holder claims).  *See* Defs.' Mot. to Certify the Court's June 7, 2023 Order ("Mot.") 12-15 (discussing *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913 (Tex. 2010)).  At a minimum, a reasonable jurist could hold that view.  Again, Plaintiffs provide no counterargument on the merits of that issue at all.

The same is true of the Court's resolution of the timing and limitations issues. Plaintiffs again attempt to reduce Defendants' arguments "to a disagreement with the Court as to Fifth Circuit precedent."  Resp. 18.  But Plaintiffs completely ignore Defendants' arguments on the merits for why reasonable jurists could disagree with the Court's resolution of whether 28 U.S.C. § 1658 applies to Plaintiffs' Section 14(a), 18, and 20(a) claims.  Indeed, Plaintiffs do not acknowledge the multiple circuit courts and district courts

_____

seeking to appeal an adverse opinion would do so in hopes of obtaining reversal on appeal. This rhetoric does not answer the only question that matters—whether reasonable jurists could disagree with the Court's resolution of the issue.  Plaintiffs have no meaningful response to *that* question.

that reached results contrary to the Court's resolution of this issue.  *See* Mot. 18-19.  Nor do they attempt to mount any counterargument to Defendants' point that a reasonable jurist could conclude that the Fifth Circuit's language in *Margolies v. Deason*, 464 F.3d 547 (5th Cir. 2006), and *Blaz v. Belfer*, 368 F.3d 501 (5th Cir. 2004), is *dicta*.  And if Defendants are correct that those cases are not binding, then this Court's resolution of the Section 1658 question is at least contestable given the weight of circuit authority adopting Defendants' view of the statute.

Plaintiffs' arguments on *American Pipe* tolling fare no better.  As an initial matter, Plaintiffs are wrong that this issue implicates "a disagreement of fact."  Resp. 19.  Defendants have argued that a Section 18 claim can never avail itself of *American Pipe* tolling based on a predicate Section 10(b) claim, because the two claims are so fundamentally different.[4]  The Court's conclusion otherwise raises a pure question of law that is appropriate for resolution under Section 1292(b).  And the vast majority of courts to

---

[4] Plaintiffs assert that this argument is "contradicted by the Joint Consolidation Motion," but the fragment of one sentence they quote does not contradict anything.  Resp. 19.  It is true that Class Action and opt-out cases generally "involve the same defendants, common questions of law and fact and will require largely the same discovery."  *Id.* (quoting ECF No. 256 at 4).  But to say that two cases generally involve a sufficient degree of overlap to justify consolidation to "enabl[e] more efficient case management," *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018), is not the same as conceding that one specific claim within a sprawling lawsuit qualifies for *American Pipe* tolling.  In other words, Defendants "may not by consolidation . . . be deprived of some substantive right"—*i.e.*, an argument against *American Pipe* tolling—simply because these separate actions were "consolidated for [discovery] in the interest of economy."  *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984) (quoting *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 726 (1976)).

address this question have agreed with Defendants.  *See* Mot. 21 (collecting cases).  That is more than enough to demonstrate that this question is subject to reasonable disagreement.

In sum, when viewed through the lens of the actual standard for "substantial ground for difference of opinion," rather than the exaggerated standard Plaintiffs' opposition asserts, every issue in Defendants' motion is at least contestable.  Plaintiffs' arguments to the contrary (to the extent they even offer any) do not change that result.

## II.   THE RESPONSE FAILS TO REFUTE THAT REVERSAL ON THE PROPOSED APPEAL ISSUES WILL SIMPLIFY THIS COMPLEX CASE

As to the second prong of Section 1292(b)—whether "an immediate appeal . . . may materially advance the ultimate termination of the litigation"—Plaintiffs spend the bulk of their discussion rebutting an argument that Defendants *never made*: that an interlocutory appeal would end this case completely.  *See* Resp. 7-9, 10-12.  Defendants instead addressed why they have satisfied the correct statutory standard, which as the Response grudgingly concedes, requires only that the appeal have the effect of "accelerating or at least simplifying trial court proceedings."  Resp. 7 (quoting *Coates*, 919 F. Supp. 2d at 866).

Nothing in the Response refutes that an immediate appeal on the proposed issues will likely "simplify[]" these proceedings.  As it stands today, this complex matter spans three consolidated cases, with 19 defendants, 105 challenged statements, seven different sources of alleged liability under both federal and state law (each implicating different theories of liability, and divergent burdens of proof), and as many as 17 affirmative

defenses.  An immediate appeal of the Court's order could dramatically streamline these proceedings in multiple ways ignored or downplayed by the Response.

*First*, although an appellate dismissal of the affected claims will create a complete identity their remaining claims with the Class Action, Plaintiffs protest that the parties "must still proceed with trial of the significant and extensive securities fraud claims arising under Section 10(b)" and that claim and Plaintiffs' non-overlapping claims "will likely rely on the same or similar evidence."  Resp. 12-13.  But certainly Plaintiffs' additional claims require evidence that is totally unnecessary to proving the Section 10(b) or 14(a) claims (like direct communications for any holder claim, actual reliance for each transaction under Section 18, and scienter under Section 14(a) as Plaintiffs have elected to plead the claim in an attempt to circumvent the repose period).[5]  Whether the evidence involved for the various claims will be "similar," Plaintiffs completely ignore the practical and logistical complexity inherent in a trial that requires the Court and potentially a jury to grapple with *seven* theories of liability rather than only two or three.

---

[5] Those differences translate into varying evidentiary burdens, like the need to offer additional testimony about actual reliance for every trade involved in the Section 18 claim (but not for any other claim), or the need to demonstrate knowledge of falsity for Section 10(b) and for some Section 14(a) claims but (confusingly to a jury) not for other Section 14(a) claims.  Those varying evidentiary burdens, in turn, translate into more complex and more time-consuming (and potentially more contentious) trial proceedings.  All of this is even more true of any holder claim, for which the Court would have to formulate legal standards and burdens of proof that Texas law has never defined, and that would bear no similarity to any other claims, like proof of direct communications that Plaintiffs had with Defendants. *See* Mot. 23.  Plaintiffs cannot wave away these legal complexities merely by pointing to some "overlap" in the factual record.  Resp. 13.

Indeed, given the varying standards of liability between the Class Action and Plaintiffs' claims, it may prove infeasible to conduct a single consolidated trial.  By contrast, a single trial would likely be sufficient to resolve a case limited only to Plaintiffs' Section 10(b) and related Section 20(a) claims, and would be significantly more manageable and less time consuming for the Court, the parties, the witnesses, and the jury. Those tangible benefits demonstrate why this case warrants interlocutory appeal.

*Second*, if Defendants prevail in the interlocutory appeal, it is entirely possible that this case could go away in its entirety.  Such a ruling could change the settlement dynamics by eliminating multiple theories of recovery, thereby enhancing the potential for a negotiated resolution.  Alternatively, Plaintiffs could conclude that it is inefficient (or even irrational) for them to pursue their Section 10(b) and related Section 20(a) claims in this opt-out action, instead of as part of the Class Action which advances the same ultimate theories.

*Third*, at a minimum, an interlocutory appeal could avoid the need for the Court to rule on complex summary judgment briefing on Plaintiffs' Section 14(a), 18, or 20(a) claims or the state-law claims.  If the Fifth Circuit granted permission to appeal and an expedited briefing schedule, that could result in argument and a decision by December 2023 or January 2024.  A reversal would mean that this Court need only address the Class Action claims and Plaintiffs' Section 10(b) and related Section 20(a) claims at summary judgment.

Given all this, Plaintiffs' contention that an interlocutory appeal could not simplify these proceedings rings hollow.  A trial where Plaintiffs have only Section 10(b) and related

10

Section 20(a) claims remaining would be far less complex and more efficient than one that *also* requires adjudication of (1) claims under state law for which there is no precedent, and (2) Section 14(a), 18, and 20(a) claims with idiosyncratic factual bases and burdens of proof, to say nothing of the possibility that Plaintiffs' state and federal claims could require a second trial all to themselves.

That conclusion also puts the lie to Plaintiffs' arguments that these questions are not "controlling." Resp. 14-15. Even if one equates the "controlling question" analysis with the analysis for "materially advanc[ing] the ultimate termination of the litigation" (as Plaintiffs do, *see* Resp. 14-15), that test is satisfied here. A reversal by the Fifth Circuit on any one of these issues "could materially affect the outcome of the case," *In re Denar Restaurants, LLC*, 2010 WL 150161, at *12 (N.D. Tex. Jan. 14, 2010), by "at least simplifying trial court proceedings" in the ways outlined above. *Coates*, 919 F. Supp. 2d at 866.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion, and certify the Court's June 7, 2023 Memorandum Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: August 4, 2023

Respectfully submitted,

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**

11

555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller (*pro hac vice*)
IL Bar No. 6302537
Arthur F. Foerster (*pro hac vice*)
IL Bar No. 6271201
Daniel J. Robinson (*pro hac vice*)
IL Bar No. 6339592
**LATHAM & WATKINS LLP**
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com
Arthur.Foerster@lw.com
Daniel.Robinson@lw.com

Roman Martinez (*pro hac vice*)
D.C. Bar No. 1001100
Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Jansen M. VanderMeulen (*pro hac vice*)
DC Bar No. 1672242
Emani Verlynne Walks (*pro hac vice)*
DC Bar No. 1719531
Eunice M. Kabuga (*pro hac vice*)
DC Bar No. 90006573
Henry Zaytoun (*pro hac vice*)
DC Bar No. 1672976
Stephen T. Nasko (*pro hac vice*)
DC Bar No. 1779366
William Tazewell Jones (*pro hac vice*)
DC Bar No. 1725117
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW

12

Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 673-2201
Roman.Martinez@lw.com
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Jansen.VanderMeulen@lw.com
Emani.Walks@lw.com
Eunice.Kabuga@lw.com
Henry.Zaytoun@lw.com
Morgan.Hoffman@lw.com
Roberto.Borgert@lw.com
Stephen.Nasko@lw.com
Taz.Jones@lw.com

Wesley Horton (pro hac vice)
CA Bar No. 307567
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290
Wesley.Horton@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar. No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Alta Mesa
Resources, Inc., f/k/a Silver Run
Acquisition Corporation II; Riverstone
Holdings LLC; Harlan H. Chappelle;
Stephen S. Coats; Michael E. Ellis;
William D. Gutermuth; James T.
Hackett; Pierre F. Lapeyre, Jr.; David
M. Leuschen; Donald R. Sinclair;*

13

*Ronald J. Smith; Jeffrey H. Tepper;*
*Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle,*
*Michael E. Ellis*

14

## **CERTIFICATE OF SERVICE**

I certify that on August 4, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *J. Christian Word*
J. Christian Word