| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
|---|---|
| 500 W. 2ND STREET, SUITE 1900-16 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

August 8, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

        Re:  *In re Alta Mesa Resources, Inc. Sec. Litig.* No. 19-CV-00957 (consolidated)

Dear Judge Hanks:

    We write in connection with defendants' ongoing refusal to consent to production of deposition transcripts taken in the related Trustee action. Letter briefs have previously been submitted and are attached for the Court's convenience.[1]

    We are advised several defendants plan to shortly make early motions for summary judgement, including defendants who are objecting to the production of their deposition transcripts. Thus, we ask that the Court schedule a virtual conference to address this issue at Your Honor's earliest convenience.

                                Respectfully submitted,

| */s/ Andrew J. Entwistle* | */s/ Trig Smith* |
|---|---|
| Andrew J. Entwistle | Trig Smith (*pro hac vice*) |
| Texas Bar No. 24038131 | **ROBBINS GELLER RUDMAN** |
| Attorney-in-Charge | **& DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 W. 2nd Street, Suite 1900-16 | San Diego, CA 92101 |
| Austin, TX 78701 | (619) 231-1058 |
| (512) 710-5960 | TrigS@rgrdlaw.com |
| aentwistle@entwistle-law.com | |
| *Court-Appointed Class Counsel* | *Court-Appointed Class Counsel* |

    CC:  Byron Thomas (via e-mail)
           All Counsel (via ECF)

---

[1] By way of update, after the letters were submitted, one defendant, Chappelle, dropped his objection.

| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP**<br>500 West 2nd Street, Suite 1900<br>Austin, Texas  78701<br>Telephone: 512/710-5960<br>212/894-7272 (fax) | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, California  92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) |

July 13, 2023

VIA ECF

The Honorable George C. Hanks, Jr.
United States District Judge
  for the Southern District of Texas
515 Rusk Street, Room 6206
Houston, Texas  77002

      Re:   *In re Alta Mesa Resources, Inc. Securities Litigation*,
            No. 19-CV-00957 (S.D. Tex.) (consolidated)

Dear Judge Hanks:

      Counsel for Lead Plaintiffs submit this letter regarding a discovery dispute concerning the production of transcripts of testimony from the Alta Mesa Resources ("AMR") Bankruptcy Action.[1] Several of the named Individual Defendants in the instant action or personnel associated with Defendants were deposed in the Bankruptcy Action, namely, Messrs. Dimitrievich, Hackett, Chappelle, Leuschen, Limbacher, and McMullen.  Plaintiffs seek the production of these transcripts of testimony.  Defendants object.[2]

---

[1]     The bankruptcy case is styled *In re: Alta Mesa Resources, Inc. et al.*, No. 19-35133 (S.D. Tex. Bankr.).  The dispute here centers around depositions provided in an adversary proceeding brought by the AMH Litigation Trustee ("Trustee") as a part of the bankruptcy, styled *Dunn v. Chappelle, et al.*, No. 21-03423 (S.D. Tex. Bankr.) (together with the lead bankruptcy case, "Bankruptcy Action").

[2]     Counsel for the parties to the instant dispute (Lonnie Browne on behalf of Lead Plaintiffs and Courtney Whang, Sydney Corry, Heather Waller, and Jacob Waldman on behalf of the above identified Individual Defendants and Defendant-associated personnel that they represent) met and conferred, exchanging a series of correspondence, between June 26 and June 30, 2023.  Unable to reach agreement on the matter, on June 30, 2023, counsel for Lead Plaintiffs sent a draft of this letter to counsel for Defendants and requested that Defendants provide their position for a joint submission to the Court.  Counsel for Lead Plaintiffs followed up on their request to Defendants on July 7 and July 11, 2023, and notified Defendants that if they did not receive Defendants' position for a joint submission to the Court by July 12, 2023, they intended to file the letter without Defendants' position.  At the time of this filing, Defendants still have not provided their portion of the letter and otherwise have failed to provide Plaintiffs with a definitive answer regarding when their insert would be ready.

The Honorable George C. Hanks, Jr.
July 13, 2023
Page 2

**Plaintiffs' Position**

Lead Plaintiffs served a validly issued subpoena on the Trustee that included, among other things, a request for all transcripts of depositions taken in the Bankruptcy Action – many of which Lead Plaintiffs attended, and most of which involved party defendants or their representatives. The Trustee is ready and willing to produce those transcripts. Defendants have objected (but have not sought protection from the Court) pointing to a protective order in the Bankruptcy Action which mirrors the protective order here in important respects. However, the protective order in the Bankruptcy Action in no way prohibits the production of the materials here and seems to anticipate production on consent (which the Trustee has given and which Defendants cannot validly withhold) and/or by court order. *See* Agreed Protective Order, 21-03423 (Bankr. S.D. Tex.), ECF No. 99, ¶25 ("By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case."). Moreover, the transcripts (which are also in defense counsels' control) are testimony of Defendants or associated personnel on the same or related subject matter to that at issue in the instant litigation and must be produced on that basis alone.[3] Lastly, of course, to the extent actually confidential, the production would be more than protected under the protective order in this case. *See* Stipulation and Protective Order, 4:19-cv-00957 (S.D. Tex.), ECF No. 190.

Defendants' purported confidentiality concerns and the protective order in the Bankruptcy Action are not a valid basis to object to the production of the requested transcripts, and Defendants do not offer any other bases (attorney client privilege, work product protection, etc.) for their stonewalling. Defendants do not offer any particular and specific harm that may result from the production of the transcripts, and the simple fact that the requested transcripts may be designated confidential in Bankruptcy Action, and under the protective order in that case the use of the transcripts may be limited, does not make for the type of particular and specific harm that may warrant Defendants' position. The only "harm" to Defendants would flow from the natural and normal consequences of witnesses offering inconsistent and contradictory testimony.

As noted above, without prior objection from Defendants, Lead Plaintiffs attended most, if not all, of the depositions in question. Indeed, at Defendants' insistence, the Bankruptcy Action depositions in dispute were sometimes held on the same day and in the same physical room as the

---

[3] If there was any doubt Plaintiffs have a right to the requested materials, Plaintiffs also served requests on Defendants in the instant action seeking materials from the Bankruptcy Action, including transcripts of testimony. Defendant AMR's only response is that it is not a defendant in the adversary proceeding being pursued by the Trustee. Notably, AMR did not go the extra, necessary step and indicate that, as a result, it does not have actual or constructive possession, custody, or control of the requested transcripts.

The Honorable George C. Hanks, Jr.
July 13, 2023
Page 3

depositions in the instant action.  As a result, Defendants have waived any basis to object on the grounds of confidentiality or prejudice.  Further, pursuant to the subpoena served on it by Plaintiffs, the Trustee has previously produced other documents marked as "Confidential" in the Bankruptcy Action, including transcripts of prior deposition testimony from some of the same persons that are the subject of the instant dispute.  This further illustrates the pretense of Defendants' claimed objection.

For all of the above reasons, Plaintiffs request the Court to set aside Defendants' objection and compel the production of the requested deposition transcripts.

Respectfully submitted,

s/ *Andrew J. Entwistle*
Andrew J. Entwistle
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
Telephone:  512/710-5960
aentwistle@entwistle-law.com

s/ *Trig R. Smith*
Trig R. Smith
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
trigs@rgrdlaw.com

Co-Lead Counsel for Lead Plaintiffs and the Class

4854-6326-2829.v2

## quinn emanuel trial lawyers | houston

Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, Texas 77002-2721 | TEL (713) 221-7000 FAX (713) 221-7100

July 18, 2023

WRITER'S DIRECT DIAL NO.
(713) 221-7007

**VIA ECF**

WRITER'S EMAIL ADDRESS
chrisporter@quinnemanuel.com

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re: In re Alta Mesa Securities Litigation, 4:19-cv-00957 (consolidated)

Dear Judge Hanks:

Counsel for Defendants Don Dimitrievich, Jim Hackett, David Leuschen, Randy Limbacher, and William McMullen respond to Plaintiffs' demand for production of the transcripts of these Defendants' depositions in the Bankruptcy Action (as defined in Plaintiffs' letter). Notably, none of these Defendants is even a defendant in the Bankruptcy Action: Dimitrievich, Hackett, and Leuschen were *dismissed with prejudice* from that action, and Limbacher and McMullen (to whom the Bankruptcy Court granted a release) were never defendants. It is unclear whether Plaintiffs seek to compel Defendants to produce the transcripts, or seek an order that such transcripts are relevant that they can take to Judge Isgur. Neither relief is appropriate.

First, the Agreed Protective Order ("APO") in the Bankruptcy Action protects the transcripts from disclosure. Plaintiffs' letter makes *no* mention of the APO's central provision: that material designated as confidential or attorney eyes only "may only be used for purposes of preparation, trial and appeal of" the Bankruptcy Action, and "may not be used *under any circumstances* for *any other purpose*."[1] Plaintiffs' demand for production of the transcripts—which are designated confidential or attorneys eyes only—is thus prohibited by the APO.[2]

Although Plaintiffs claim that the APO "in no way prohibits the production of the materials here," they can do so only by pretending the language above doesn't exist. Plaintiffs also claim—without support—that the Trustee's purported willingness to produce the transcripts ends the inquiry, since the APO supposedly "seems to anticipate production on consent." In fact, this scenario—a party's unilateral agreement to produce protected materials to a non-party—is precisely what the APO (and any such stipulated protective order) is designed to prevent. The cited language that the APO "does not intend to preclude another court from finding that

---

[1] APO, 21-03423 (Bankr. S.D. Tex.), ECF No. 99, ¶ 11 (emphasis added).

[2] Plaintiffs' assertion that Defendants "have not sought protection from the Court" ignores that the APO is already in place in the Bankruptcy Action.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

information may be relevant and subject to disclosure in another case" recognizes only what is already true—the Bankruptcy Court cannot preclude another Court from making its own determination about relevance or responsiveness. But that language does not authorize this Court to abrogate the APO of the Bankruptcy Court.

Second, Plaintiffs have made no showing of relevance or responsiveness. To the contrary, Plaintiffs' letter makes clear that their assertions of relevance are pure speculation in support of a fishing expedition. For instance, they claim that the only prejudice Defendants might suffer from production of the Bankruptcy Action transcripts "would flow from . . . witnesses offering inconsistent and contradictory testimony." Yet, despite **attending** "most, if not all" of the noted depositions, they identify *no* such testimony or even a **reason to believe it exists**. Rather, with summary judgment approaching, they are scrambling for more discovery in the hope of finding something—anything—to support their claims. Plaintiffs also claim that the transcripts are "on the same or related subject matter to that at issue in the instant litigation," yet identify **not one** topic or fact in any of the testimony they demand that supports their relevance and responsiveness claims. Indeed, Plaintiffs deposed each of these witnesses in the class action, so their failure to obtain information that the Trustee might instead have elicited reflects only that Plaintiffs did not regard that information as sufficiently important to pursue with these witnesses.

Finally, the transcripts Plaintiffs demand were created **years** after the time periods to which the parties **agreed** that Defendants would confine their productions. Notably, Plaintiffs' original requests for production sought documents created through the "present," but each Defendant objected to that demand, and negotiated a specific end date and finite time period for production of documents. For instance, the agreed-upon relevant time period for Mr. Dimitrievich ends on May 17, 2019, or approximately **four years** before Mr. Dimitrievich was deposed in the Bankruptcy action. Under the parties' agreement there was *no* risk that these transcripts would be provided because they were created long after the agreed-upon timeframe. But Plaintiffs (yet again) seek unilaterally to rewrite the parties' agreements on the limits to discovery for the sole reason that they wish they had cut a different deal. And the fact that these Defendants' sensitive information is in the hands of other parties does not confer on those parties the right to waive, on behalf of Defendants, the protections of the APO or the negotiated discovery parameters.

For these reasons, the Court should reject Plaintiffs continued attempts to obtain more discovery than they are entitled to under the Federal Rules and the parties' own agreements.[3]

Respectfully submitted,

*/s/ Christopher Porter*

Christopher Porter

cc:     All counsel (via ECF)

---

[3] The Court has repeatedly rejected Plaintiffs' requests to do so. *See, e.g.*, ECF No. 254 (Hr'g Tr. dated July 11, 2022); ECF Nos. 277, 280 (Hr'g Trs. dated Jan. 25 and Jan. 27, 2023).

<div style="display: flex; justify-content: space-between;">

**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: 512/710-5960
212/894-7272 (fax)

**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: 619/231-1058
619/231-7423 (fax)

</div>

July 19, 2023

VIA ECF

The Honorable George C. Hanks, Jr.
United States District Judge
 for the Southern District of Texas
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re:    *In re Alta Mesa Resources, Inc. Securities Litigation*,
             No. 19-CV-00957 (S.D. Tex.) (consolidated)

Dear Judge Hanks:

      Plaintiffs respectfully submit this supplemental letter in response to the Defendants' belated position filed with the Court on July 18, 2023 on the issue of the production of deposition transcripts from the Bankruptcy Litigation. *See* ECF 390, 398.

      ***First***, Defendants misstate the procedural aspects of this dispute and simply ignore the fact that Plaintiffs are seeking the transcripts through a properly issued subpoena on the Trustee, which moots Defendants' first and third points. As Plaintiffs pointed out in their initial letter, the protective order filed in the Bankruptcy Action specifically contemplates another court ordering the production of the requested material. *See* ECF 390 at 2. This is exactly what Plaintiffs ask the Court to do here. Defendants' invocation of a provision in virtually every protective order that the pertinent documents are to be used solely in connection with the relevant litigation hardly changes those facts. Such a provision is no defense to a properly served subpoena absent a finding otherwise by the Court upon a motion for a protective order, which, again, Defendants failed to seek. Defendants' dismissal of the language contemplating another court allowing access to the documents by saying it merely provides such other court with the right to pass on their relevance or responsiveness is nonsensical and flies in the face of the clear language of the protective order in the Bankruptcy Litigation. ECF 390 at 2 ("[T]he [Bankruptcy] Court does not intend to preclude another court from finding that information may be relevant ***and subject to disclosure in another case***.") (quoting Agreed Protective Order, *Dunn v. Chappelle*, No. 21-03423 (Bankr. S.D. Tex.), ECF 99, ¶25) (emphasis added).

      Further, the "agreed-upon relevant time period" for certain Defendants' document productions in this case, *see* ECF 398 at 2, is completely irrelevant because Plaintiffs seek the

The Honorable George C. Hanks, Jr.
July 19, 2023
Page 2

transcripts from the Trustee, not Defendants.[1]  While the depositions occurred recently, their subject matter was Alta Mesa's 2018 drilling program – *i.e.*, squarely within the heart of the relevant discovery period in this action.

**Second**, Defendants' other argument that Plaintiffs have made no showing of relevance or responsiveness is flat wrong.  The Trustee presumably made this determination in response to Plaintiffs' subpoena and, as previously noted, stands ready and willing to produce the transcripts but for Defendants' objection.  *See* ECF 390 at 2.  A simple reading of the Trustee's complaint in the Bankruptcy Litigation, which concerns the reasonableness of Alta Mesa's 2018 drilling program, makes clear the overlap between the issues at play there and in this action.  *See Dunn v. Chappelle*, No. 21-03423 (Bankr. S.D. Tex.), ECF 50.  And Defendants themselves have admitted this overlap in numerous ways and at various times, including for example by the following:

- February 21, 2023 email from Courtney Whang stating "Mr. Dimitrievich has also been subpoenaed by the AMH Litigation Trustee to testify as non-party witness *in Dunn v. Chappelle*, Adv. Proc. No. 21-3423.  As Plaintiffs have previously noted, '[t]he facts at issue in the bankruptcy cases are tightly interwoven with the facts of this case.' (12/27/22 B. Brodeur email, attaching letter).  Accordingly, we have invited the AMH Litigation Trustee to observe Mr. Dimitrievich's deposition on March 7, at our offices.  At the conclusion of Plaintiffs' questioning, the AMH Litigation Trustee may ask Mr. Dimitrievich additional questions related to Adv. Proc. No. 21-3423."

- February 23, 2023 "Joint Stipulation" in the Trustee's case where the parties agreed "to treat all testimony from the Class Action Litigation [defined as *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-00957] as admissible" in the Trustee's action because "The Class Action Litigation involves the same subject matter between the same parties as this case for purposes of Federal Rule of Civil Procedure 32(a)(8)." *Dunn v. Chappelle*, No. 21-03423, ECF 102.

- April 25, 2023 "Amended Joint Schedule Stipulation" in the Trustee's case where a scheduling mirroring the schedule in this action was proposed "to allow continued coordination between this action and the Related Actions [defined as *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-00957, *Alyeska Master Fund, LP et al. v. Alta Mesa Resources, Inc.*, No. 4:22-cv-01189, and *Orbis Global Equity LE Fund*

---

[1]   Although, as noted in Plaintiffs' initial letter, the transcripts are also the subject of requests served on Defendants.  ECF 390 at 2 n.3.

The Honorable George C. Hanks, Jr.
July 19, 2023
Page 3

*(Australia) et al. v. Alta Mesa Resources, Inc.*, No. 4:22-cv-02590]." *Dunn v. Chappelle*, No. 21-03423, ECF 147.[2]

      For all of the above reasons, and for those explained in Plaintiffs' letter submitted on July 13, 2023, Plaintiffs respectfully request the Court to set aside Defendants' objections and compel the production of the requested deposition transcripts.

Respectfully submitted,

| s/ *Andrew J. Entwistle* | s/ *Trig R. Smith* |
|---|---|
| Andrew J. Entwistle | Trig R. Smith |
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN** |
| 500 W. 2nd Street, Suite 1900-16 |   **& DOWD LLP** |
| Austin, TX 78701 | 655 West Broadway, Suite 1900 |
| Telephone: 512/710-5960 | San Diego, CA 92101 |
| aentwistle@entwistle-law.com | Telephone: 619/231-1058 |
| | trigs@rgrdlaw.com |

Co-Lead Counsel for Lead Plaintiffs and the Class

---

[2] Defendants point to the fact that some of the persons that were deposed in the Bankruptcy Action and that are the subject of the instant dispute (namely, Messrs. Dimitrievich, Hackett, Leuschen, Limbacher, and McMullen) were never or are no longer defendants in the Bankruptcy Action. *See* ECF 398 at 1. But it does not necessarily follow that their testimony is irrelevant to this action. Further, Plaintiffs also seek (and Defendants object to the production of) the transcript of testimony provided by Mr. Chappelle in the Bankruptcy Action. Defendants conspicuously fail to address Mr. Chappelle who remains a defendant in both actions.

4871-0008-1777.v1