**quinn emanuel** trial lawyers | houston

Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, Texas 77002-2721 | TEL (713) 221-7000 FAX (713) 221-7100

August 8, 2023

WRITER'S DIRECT DIAL NO.
**(713) 221-7007**

**VIA ECF**

WRITER'S EMAIL ADDRESS
**chrisporter@quinnemanuel.com**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:    In re Alta Mesa Securities Litigation, 4:19-cv-00957 (consolidated)

Dear Judge Hanks:

Counsel for Defendants Don Dimitrievich, Jim Hackett, David Leuschen, Randy Limbacher, and William McMullen respond to Plaintiffs' "supplemental" letter in support of their demand for these Defendants' deposition transcripts in the separate Bankruptcy Action:

***First***, the APO protects the transcripts from disclosure, yet Plaintiffs' subpoena to the Trustee nonetheless improperly seeks disclosure of the transcripts in breach of Judge Isgur's APO.[1] The only proper way for Plaintiffs to seek these transcripts is to demonstrate to this Court that the information contained therein is responsive in ***this action***, and therefore subject to production by ***these individuals*** in ***this action***.  But, as addressed below, Plaintiffs make no such showing of responsiveness, and therefore they are not entitled to this material.

***Second***, Plaintiffs' bank-shot, non-party subpoena does not change the fact that Plaintiffs seek discovery from ***these individuals*** in ***this action***, and the Court should not permit Plaintiffs to end-run the long-established discovery parameters in ***this action***.  Plaintiffs' defense—that their discovery agreements are irrelevant "because Plaintiffs seek the transcripts from the Trustee, not Defendants"—only confirms that Plaintiffs seek to end-run their discovery agreements.

***Third***, despite filing two letters, Plaintiffs make no showing of responsiveness, failing to cite a single fact, topic, or line of testimony that is responsive to a single one of their Requests for Production.  General assertions that the Class and Bankruptcy Actions have overlapping facts does not change this failure, nor does citing a "Joint Stipulation" or "Amended Joint Schedule Stipulation" that ***was not executed*** by or on behalf of any of the individuals here.

---

[1] *Cf.* Order Regarding Reorganized Debtors' Emergency Motion to Compel Compliance with This Court's Protective Order, *In re Washington Prime Group, Inc.*, Case No. 21-31948 (MI), ECF No. 1174 (Nov. 15, 2021) (ordering, among other things, that "[u]se of Discovery Material for any purpose outside of these Cases is prohibited" and that "Securities Plaintiffs shall immediately cease using all Discovery Material and any derivative works in the securities litigation they have initiated.").

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

We respectfully request that Plaintiffs' demand for production be denied.

Respectfully submitted,

*/s/ Christopher Porter*

Christopher Porter

cc:     All counsel (via ECF)