# EXHIBIT 1

# In re Alta Mesa Resources, Inc. Securities Litigation

Case No. 4:19-CV-00957 (Consolidated)

AUGUST 16, 2023 HEARING RE: PRODUCTION OF DEPOSITION TRANSCRIPTS FROM TRUSTEE ACTION (ECFs 390, 398, 400, 404, 405); AND DEFENDANT AMR'S OBLIGATION TO ADEQUATELY PREPARE A WITNESS TO TESTIFY UNDER FED. R. CIV. P. 30(B)(6) AND PROVIDE SUBSTANTIVE INTERROGATORY RESPONSES UNDER FED. R. CIV. P. 33 (ECF 386)

**ENTWISTLE & CAPPUCCI LLP**
500 WEST 2ND STREET, SUITE 1900
AUSTIN, TEXAS 78701

**ROBBINS GELLER RUDMAN & DOWD LLP**
655 WEST BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101

# Defendants Have No Basis to Object to the Trustee's Production of Indisputably Relevant Transcripts of Testimony

- Plaintiffs seek the deposition transcripts pursuant to a validly issued subpoena on the Litigation Trustee, served on June 29, 2021.

- Defendants lack standing to object to the Trustee's production of the deposition transcripts.
  - *See Guzman v. Latin Am. Ent., LLC*, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014) (Costa, J.) ("'As an initial matter, it should be noted that a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'") (ellipses in original and internal citation omitted).

- The Protective Order in the Trustee Action explicitly allows this Court to order production of the transcripts.

- The Trustee does not object to the production of the transcripts on either relevance or burden (nor could it).

# Alta Mesa Has No Basis to Avoid Its Discovery Obligations Under the Federal Rules of Civil Procedure

- Alta Mesa Resources, Inc. ("Alta Mesa") is a defendant and filed an Answer (ECF 232) denying the allegations against it and asserting ten affirmative defenses, but nonetheless refuses to provide Rule 30(b)(6) testimony and interrogatory responses on factual issues because it is a bankrupt entity with no employees and claims it is too burdensome to respond.

- Plaintiffs are entitled to discovery into Alta Mesa's positions on crucial factual matters in this action – including issues raised in defense – as set forth in both the Rule 30(b)(6) deposition topics contained in Plaintiffs' valid and timely deposition notice and interrogatories.  Alta Mesa may not raise issues in defense and then refuse to provide testimony and interrogatory responses on relevant topics.

- Alta Mesa can gather information from its former senior management, many of whom are defendants in this action, or its lawyers.  In *Kaye v. Lone Star Fund L.P.*, 2012 WL 13093400, at *4 (N.D. Tex. March 23, 2012), the court found that a Trustee "has an obligation to be prepared to testify as a Rule 30(b)(6) spokesperson, however irksome the task may be. To the extent that he is able, after a *reasonable* amount of preparation, he must make a good faith effort to answer Defendants' questions . . . even if the facts upon which he bases his answers have been provided to him by [debtor's] attorney."  In this regard it is noteworthy that Alta Mesa refused to designate any former employee as a 30(b)(6) witness even though several testified on their own behalf as defendants in this action including, for example, former CEO Defendant Chappelle.

- Following the June 26, 2023, discovery hearing, Plaintiffs conducted the Rule 30(b)(6) deposition of Alta Mesa's bankruptcy trustee to explore the nature and extent of his ability to answer questions on the four agreed-upon topics narrowed by agreement in 2022 – including the defenses asserted by Alta Mesa in "factual assertions in specific Court filings and correspondence identified by plaintiffs."  The Rule 30(b)(6) witness provided no substantive factual responses despite Alta Mesa's obligation to do so.