# **Exhibit D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE ALTA MESA RESOURCES, INC. | § | Case No. 4:19-cv-00957 |
| SECURITIES LITIGATION | § | |
| | § | <u>CLASS ACTION</u> |
| | § | |
| This Document Related To: | § | Hon. George C. Hanks, Jr. |
| | § | |
| ALL ACTIONS. | § | |
| | § | |

**WILLIAM W. MCMULLEN'S RESPONSES AND OBJECTIONS TO LEAD**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO THE INDIVIDUAL DEFENDANTS**

William McMullen ("<u>McMullen</u>"), by and through his undersigned counsel, submits his responses and objections to Lead Plaintiffs' First Set of Interrogatories to the Individual Defendants (the "<u>Requests</u>" and, individually, a "<u>Request</u>") pursuant to the Federal Rules of Civil Procedure. Each response to a particular Request is made subject to the objections and conditions within that response, as well as the General Objections, Objections to Definitions, and Objections to Instructions.

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to each Definition, Instruction, and Request, and shall have the same force and effect as if fully set forth in response to each Request. These limitations and objections, which are part of McMullen's response to each Request, are set forth herein to avoid the duplication of restating them for each individual response. While McMullen may refer to certain General Objections in his Specific Objections for the purposes of emphasis and clarity, failure to restate any General Objection is not a waiver of any General Objection.

1.      McMullen objects to each Request, Definition, or Instruction to the extent it seeks to impose a burden or requirement in addition to, different from, or broader than those in the Federal Rules, the Local Rules of the United States District Court for the Southern District of Texas, or the applicable Procedures, Standing Orders, or any other Orders of the Court (collectively, the "Applicable Rules").  McMullen will construe the Requests, Definitions, and Instructions in accordance with the Applicable Rules.

2.      McMullen objects to the Requests to the extent they incorporate legal conclusions or factual characterizations.  McMullen does not admit the propriety or correctness of any legal conclusion or factual characterization in responding or objecting to any Request.  McMullen's responses and objections to the Requests shall not be construed in any way as an admission that any fact or circumstance alleged in any Request exists or that the Plaintiffs' characterization of any fact or circumstance is either factually or legally binding on McMullen.  Unless expressly indicated, McMullen's responses do not admit, concede, state, imply, or adopt any legal conclusion or factual characterization.

3.      McMullen objects to the Requests to the extent they misstate, misquote, or otherwise mischaracterize the contents of documents relevant to Plaintiffs' claims, including, but not limited to, the proxy statement filed by Silver Run Acquisition Corporation II on January 18, 2019.

4.      McMullen objects to the Requests to the extent they seek confidential information, including, without limitation, information that is proprietary, commercially sensitive, competitively significant, protected health information, or personal information related to McMullen, his agents or his representatives, or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality obligations, or information that is

protected by other privacy protections provided by applicable laws, rules, and/or regulations. McMullen objects to the Requests to the extent they purport to require McMullen to provide information without regard to the limitations of an appropriate protective order sufficient to preserve the confidentiality of sensitive commercial, competitively significant, protected health, or personal information.

5.      McMullen objects to the Requests to the extent they seek information protected by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable law, privilege, doctrine, or immunity, or that would result in disclosure of McMullen's attorneys' mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.   Any inadvertent disclosure of such information shall not be deemed, nor shall it constitute, a waiver of any such privilege or of any other ground for objecting to the discovery of admissibility of such material, its subject matter, or the information contained therein, nor shall such disclosure constitute a waiver of McMullen's rights to object to the use of such information during this or any other proceeding.

6.      McMullen objects to the Requests to the extent that they purport to require McMullen to respond on behalf of any person or entity other than McMullen.   McMullen responds to these Requests on behalf of himself only.

7.      McMullen's responses reflect only the current state of his knowledge and information after reasonable investigation.   Further investigation may identify additional facts or information, add meaning to known facts, and establish entirely new factual conclusions and contentions.   This may lead to additions, changes, or variations from the responses set forth herein.   Consequently, McMullen reserves the right to: (i) revise, correct, supplement, amend,

modify, or clarify his responses as additional information is discovered; (ii) provide additional responsive information; (iii) modify his objections on grounds including, but not limited to, relevance, undue burden, and/or proportionality; (iv) object to further discovery; and (v) challenge the authenticity or admissibility of any information. McMullen further reserves the right to make any use of and/or introduce in any hearing or at trial, documents, communications, or information not known to exist at the time of production, including, but not limited to, documents obtained or identified in the course of discovery in this litigation.

8.     To the extent McMullen responds to any Request, McMullen does so without waiving his right to object to the admissibility of any document or information at any hearing.

## OBJECTIONS TO DEFINITIONS

The following Objections to Part I ("Definitions") apply to each Instruction and Request, and shall have the same force and effect as if fully set forth in the response to each Request. McMullen does not waive any Objections to Definitions by providing his responses or objections. These limitations and objections, which form a part of McMullen's response to each individual Request, are set forth herein to avoid the duplication of restating them for each individual response. While McMullen may refer to certain Objections to Definitions in his Specific Objections for the purposes of emphasis and clarity, failure to restate any Objections to Definitions is not intended to be a waiver of any Objections to Definitions.

9.     McMullen objects to Definition 1 as overly broad and unduly burdensome. McMullen is not answerable for individuals who are not McMullen and that are beyond his control, nor can he produce materials that are beyond his possession, custody, or control. McMullen will respond to Requests for information from or regarding "Individual Defendants" to include materials in McMullen's possession, custody, or control under the Applicable Rules, and McMullen will not respond on behalf of any Defendant other than McMullen.

10.     McMullen objects to Definition 2 as overly broad, unduly burdensome, vague, ambiguous, and unclear.  McMullen is not in a position to ascertain each entity or individual that has ever been, or purported to be, connected to him at any point in time, including "any representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing." McMullen cannot be answerable for entities and individuals that are not McMullen and that are beyond his control. McMullen further objects to the extent that "<u>You</u>" and "<u>Your</u>" may refer to either McMullen or all Individual Defendants to whom similar Requests have been propounded.  Accordingly, McMullen will interpret "<u>You</u>" or "<u>Your</u>" to mean McMullen, and the entities or individuals that he knows are his agents.

11.     McMullen objects to Definition 4 as overly broad, unduly burdensome, vague, ambiguous, and unclear.  McMullen is not in a position to ascertain each entity or individual that has ever been, or purported to be, connected to Alta Mesa Resources, Inc. at any point in time, including "any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures . . . present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing."  McMullen will interpret "<u>AMR</u>" or the "<u>Company</u>" to mean Alta Mesa Resources, Inc., Alta Mesa Holdings, and Kingfisher (as defined below), and any of their known agents.

12.     McMullen objects to Definition 5 as overly broad and unduly burdensome. McMullen is not answerable for individuals who are not McMullen and that are beyond his control, nor can he produce materials that are beyond his possession, custody, or control. McMullen will respond to Requests for information from or regarding "<u>Board Defendants</u>" to include materials in McMullen's possession, custody, or control under the Applicable Rules, and McMullen will not respond on the behalf of any Defendant other than McMullen.

13.     McMullen objects to Definition 8 as overly broad and unduly burdensome because it encompasses every "well drilled to continue field development."  McMullen further objects to Definition 8 as vague and ambiguous in that it relates to a well drilled to "continue field development" and includes a well that is intended to produce hydrocarbons left in place from "older parent wells," with the term "parent wells" remaining undefined.  McMullen further objects to Definition 8's use of the defined term "Infill Well" as vague and ambiguous as this encompasses "an additional well added to a field to decrease average well spacing in the STACK."

14.     McMullen objects to Definition 14 as overly broad and unduly burdensome. McMullen is not answerable for entities and individuals that are not McMullen and that are beyond his control, nor can he produce materials that are beyond McMullen's possession, custody, or control.  McMullen will respond to Requests for information from or regarding "Defendants" as limited to include only materials in McMullen's possession, custody, or control under the Applicable Rules, and McMullen will not respond on the behalf of any Defendant other than McMullen.

15.     McMullen objects to Definition 17 to the extent it defines "EUR" differently than how the term is defined in the January 18, 2019 proxy statement of Silver Run Acquisition Corporation II.

16.     McMullen objects to Definition 18 as vague and ambiguous to the extent that the phrase "but is not limited to" has no definite meaning.  The definition identifies only the specific documents sought and does not otherwise indicate what documents are included beyond that limitation.  McMullen will interpret "Financial statements" to mean the specific documents referred to in Definition 18. McMullen also objects to Definition 18 insofar as it covers

information describing McMullen's "past or present financial condition" that is beyond the scope of the claims at issue.

17.     McMullen objects to Definition 21 as seeking to impose a burden or requirement in addition to, different from, or broader than those set forth in the Applicable Rules.  McMullen is obligated to produce information responsive to these Requests, and is not obligated to provide narrative answers or factual details in response to these Requests.  McMullen will disregard Definition 21.

18.     McMullen objects to Definition 22 as seeking to impose a burden or requirement in addition to, different from, or broader than those set forth in the Applicable Rules.  McMullen is obligated to produce information responsive to these requests, and is not obligated to provide narrative answers or factual details in response to these Requests.  McMullen will disregard Definition 22.

19.     McMullen objects to Definition 24 as overly broad and unduly burdensome. McMullen further objects to Definition 24 as vague, ambiguous, and unclear.  McMullen is not in a position to ascertain each entity or individual that has ever been, or purported to be, a subsidiary of Kingfisher Midstream LLC.  McMullen will interpret "Kingfisher" to mean Kingfisher Midstream LLC and any of its known agents.

20.     McMullen objects to Definition 27 to the extent it defines "MBOE" differently than how the term is defined in the January 18, 2019 proxy statement of Silver Run Acquisition Corporation II.

21.     McMullen objects to Definition 34 to the extent it defines "Reservoir" differently than how the term is defined in the January 18, 2019 proxy statement of Silver Run Acquisition Corporation II.

22.     McMullen objects to Definition 35 as overly broad, unduly burdensome, vague, ambiguous, and unclear.  McMullen is not in a position to ascertain each entity or individual that has acted on the SEC's behalf at any point in time, including "any person, employee, agent, or representative acting on its behalf."  McMullen will interpret "SEC" to mean the United States Securities and Exchange Commission and its known employees, agents, or representatives.

23.     McMullen objects to Definition 37 as overly broad, unduly burdensome, vague, ambiguous, and unclear.  McMullen is not in a position to ascertain each entity or individual that has acted on the SEC's behalf at any point in time, including "any person, employee, agent, or representative acting on its behalf."  Accordingly, McMullen will interpret "SEC" to mean the United States Securities and Exchange Commission and its known employees, agents, or representatives.

## OBJECTIONS TO INSTRUCTIONS

The following Objections to Part II ("Instructions") and other Parts referenced herein apply to each Request, and shall have the same force and effect as if fully set forth in the response to each Request.  McMullen does not waive any Objections to Instructions by providing his responses or objections.  These limitations and objections, which form a part of McMullen's response to each individual Request, are set forth herein to avoid the duplication of restating them for each individual response.  While McMullen may refer to certain Objections to Instructions in his Specific Objections for the purposes of emphasis and clarity, failure to restate any Objections to Instructions is not intended to be a waiver of any Objections to Instructions.

1.     McMullen objects to the Instructions as seeking to impose burdens or requirements in addition to, different from, or broader than those set forth in the Applicable Rules.  McMullen will produce responsive, non-privileged information within his possession, custody, or control in a manner that meets the requirements of the Applicable Rules.  If Plaintiffs

have questions about McMullen's production, McMullen will meet and confer with Plaintiffs and cooperate in good faith to answer those questions.

2.    McMullen objects to Instruction 2 as seeking to impose burdens or requirements in addition to, different from, or broader than those set forth in the Applicable Rules to the extent it requires McMullen to "specify the portion of the interrogatories that you claim you are unable to answer fully and completely; state the facts on which you rely to support your contention that you are unable to answer the interrogatories fully and completely; and state what knowledge, information, and believe you have concerning the unanswered portion of the interrogatories." McMullen will answer in a manner consistent with the Applicable Rules.

## OBJECTIONS TO REQUESTS

**INTERROGATORY 1:** Identify and describe "the former management team's drilling experience in other U.S. shale plays" that You represented to KMPG in 2019 as being one of the bases of Your assumptions that: (1) there were three "benches" or "shelves" within the STACK; and (2) "up to 12 wells per section and three benches were reasonable . . . given the distance between the two shales."

**RESPONSE:** McMullen objects to this interrogatory as compound because it contains two discrete subparts (identification and description of two separate assertions) with separate factual predicates that each count toward the total number of interrogatories allowed Plaintiffs; the total interrogatories propounded thus far amounts to two interrogatories. McMullen further objects to this interrogatory as vague, ambiguous, and unclear. McMullen is unable to ascertain the identity of KMPG. For purposes of this interrogatory, McMullen interprets KMPG as KPMG. McMullen is also unable to ascertain when and where this representation was allegedly made. To the extent such alleged representations were made by Alta Mesa, they are not attributable to

McMullen, who was not a member of the board at the time those statements were purportedly made.

Without waiving the foregoing, McMullen did not make the representations referenced in this interrogatory.

**INTERROGATORY 2:** To the extent You provided any Documents to KPMG in 2019 in further support of Your assertion that "the former management team's drilling experience in other U.S. shale plays" was one of the bases of the two assumptions identified in Interrogatory No. 1, identify the Bates numbers of each Document in Your production.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to three interrogatories. McMullen objects to this interrogatory as vague, ambiguous, and unclear. McMullen is unable to ascertain when and where this representation was allegedly made.  To the extent such documents or assertions were between persons other than McMullen, such conduct is not attributable to McMullen.  And to the extent that such documents or assertions were made by Alta Mesa, McMullen was not a member of the board at that time.  McMullen further objects that an interrogatory asking for one to identify materials by Bates number is an improper means of shifting Plaintiffs' discovery diligence and is unreasonably burdensome and cumulative given the needs of this case.

Without waiving the foregoing, McMullen did not provide any Documents to KPMG in 2019 related to the representations alleged in this interrogatory, which he did not make.

**INTERROGATORY 3:** Identify all Child Wells completed by Alta Mesa in the STACK as of February 9, 2018, including, for each identified Child Well, when it was completed and began

operating (or, as applicable, ceased operating), the Pad where it is located, and any associated parent well or wells.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to four interrogatories.  McMullen objects to this interrogatory as overly broad and unduly burdensome because the benefit of McMullen identifying "all" Child Wells completed by Alta Mesa in the STACK for all the time leading up to February 9, 2018 is greatly outweighed by the burden of gathering and supplying this information.  Similarly, to the extent such information exists and is ascertainable, it can be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.   Fed. R. Civ. P. 26(b)(2)(C)(i).  McMullen further objects to this interrogatory as vague and ambiguous in its use of the defined term, Child Wells, for the reasons provided in his objections to the definition of that term.  Furthermore, McMullen objects because he was not a member of the Alta Mesa board at the time that these wells were completed.  Without waiving the foregoing, McMullen states that he does not have possession, custody, or control of such information from his time on the board.


**INTERROGATORY 4:** Identify all individuals the SEC has deposed or interviewed in connection with the agency's formal investigation, the date of each such interview, and all persons in possession, custody, or control of those transcripts."

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to five interrogatories.  McMullen objects to this interrogatory because it seeks information beyond his possession, custody, or control.  Furthermore, McMullen objects because the information is equally available to Plaintiffs because the information is in a third-party's control.  Similarly, to the extent such information exists and is ascertainable, it can be "obtained from some other

source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa, the entity the SEC investigated.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Additionally, McMullen states that he does not have possession, custody, or control of such information from his time on the board.


**INTERROGATORY 5:** Identify all individuals who have received a Wells Notice, responded to a Wells Notice, the dates of the receipt and response to a Wells Notice, and all persons in the possession, custody, or control of copies of the Wells Notices and responses thereto.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to six interrogatories.  McMullen further objects to this interrogatory as overly broad and unduly burdensome.  McMullen is not answerable for entities and individuals that are not McMullen and that are beyond his control, nor can he provide information beyond his possession, custody, or control.  Additionally, McMullen objects because the information is in a third-party's control meaning it is equally available to Plaintiffs.  Similarly, to the extent such information exists and is ascertainable, it can be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Without waiving the foregoing, McMullen states that he does not have possession, custody, or control of such information from his time on the board.


**INTERROGATORY 6:** Identify Your personal email addresses that existed during the Class Period, and the date (or date range) when You collected potentially relevant information from each email account.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to seven interrogatories.  McMullen objects to this interrogatory because Plaintiffs impermissibly

seek discovery on discovery without an adequate factual basis to justify such a Request. As the Court has stated: "As a general matter, neither a requesting party nor the [C]ourt should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations." *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330, 2021 WL 5121853 at *3 (S.D. Tex. Nov. 4, 2021) (citing *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2018)). There is no basis to support discovery on discovery because McMullen has not acted in bad faith, submitted materially deficient production, or committed spoliation. McMullen further objects that any substantive information implicated by this Request is cumulative and duplicative of document requests seeking Communications. McMullen will stand on his objections and will not answer this interrogatory.


**INTERROGATORY 7:** For each electronic device You imaged and preserved to collect information relevant to the claims and defenses in this case, identify:

> (a) The make and model of the device;
>
> (b) The date the device was imaged;
>
> (c) The person who used the device; and
>
> (d) The telephone number, if any, assigned to the device.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to eight interrogatories. McMullen objects to this interrogatory because it is irrelevant as it has no

bearing on the claims at issue in this case.  Similarly, McMullen objects that Plaintiffs lack an adequate basis to justify a request seeking discovery on discovery.  As mentioned, courts are not in the business of "micro-manag[ing] the parties' internal review procedures" absent specific, evidence-based indicia that the responding party materially failed to meet its discovery obligations.  *Id.*  McMullen will stand on his objections and will not answer this interrogatory.

**INTERROGATORY 8:** Identify Your ownership interest in each of AMR, AMH, Kingfisher, and High Mesa as of August 16, 2017.

**RESPONSE:** McMullen objects to this interrogatory as compound because it contains four discrete subparts (information about four different entities) with separate factual predicates that each count toward the total number of interrogatories allowed Plaintiffs; the total interrogatories propounded thus far amounts to twelve interrogatories.  Without waiving the foregoing, as to each of the interrogatories, and as of August 16, 2017, McMullen did not have any ownership interest in (1) AMR; (2) AMH; (3) Kingfisher; or (4) High Mesa.

**INTERROGATORY 9:** Identify the amount of money or other compensation (including equity) You received from the Business Combination.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to thirteen interrogatories.  McMullen objects to this interrogatory because it is irrelevant, based on a false premise, and has no relationship to the claims in this case.  Without waiving the foregoing, McMullen never received any money as part of the Business Combination, including through compensation for serving as a board member or through direct sale proceeds.  He also denies receiving any equity from the Business Combination.

**INTERROGATORY 10:** Identify the amount of money You invested in the Business Combination, and each date You made those payments, and the amounts of money You received back on Your investment, and the dates You received that money back.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to fourteen interrogatories.  McMullen objects to this Request as being overly broad and unduly burdensome because it requests each date of every payment and every return on investment. Without waiving the foregoing, McMullen denies having personally invested in the Business Combination and thus has no payment history or return on investments.

**INTERROGATORY 11:** Identify the dates and amounts of money You received from the sale of any interest in Alta Mesa securities after February 6, 2018.

**RESPONSE:** McMullen notes that the total interrogatories propounded thus far amounts to fifteen interrogatories.  McMullen objects to this interrogatory because it is irrelevant to the claims at issue, lacks any factual basis, and erroneously assumes that McMullen sold Alta Mesa securities after February 6, 2018.  Without waiving the foregoing, McMullen states that he did not receive any money because he never sold a single share of Alta Mesa stock, nor did he receive any compensation for his role as a member of the board of directors.

**INTERROGATORY 12:** Identify the factual bases You had at the time You made each of the statements alleged to be false and/or misleading in the following paragraphs of the Complaint: ¶¶190, 192, 194, 196, 199, 201, 204, 206-207, 209, 211, 213-214, 216-217, 219-220, 222, 224,

226-227, 229, 231, 233, 235, 237, 239, 241-242, 245-246, 248, 250, 252, 254, 256-257, 289-290, and 293.

**RESPONSE:** McMullen objects to this interrogatory as compound because it contains thirty-one discrete subparts (information about separate assertions further delineated below) with separate factual predicates that each count toward the total number of interrogatories allowed Plaintiffs; the total interrogatories propounded thus far amounts to forty-six interrogatories.   Thus, McMullen also objects to this interrogatory because Plaintiffs have exceeded the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33(a).   Additionally, McMullen objects to this interrogatory because it is ambiguous and unclear as to which Complaint Plaintiffs refer to and it falsely assumes that McMullen made these alleged statements and that these statements were "false and/or misleading."   McMullen also objects that many of the interrogatories seek information concerning statements from others about which McMullen has no information or about which Plaintiffs should seek information from more convenient and less burdensome sources (like the alleged speaker) rather than McMullen.   Without waiving the foregoing, McMullen responds as follows:

**Subpart 1**: As it relates to ¶190, these were statements allegedly quoted from Jim Hackett and Hal Chappelle, and were not made by McMullen.   To the extent that the statements were made by Silver Run Acquisition Corporation II ("Silver Run"), McMullen was not a member of the board at this time and this information is not within his control.   Rather, it can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Hackett, Chappelle, or Alta Mesa (formerly Silver Run).   Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 2**: As it relates to ¶192, these were statements allegedly quoted from Hackett, Chappelle, and Michael McCabe (Alta Mesa's CFO)—not McMullen.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Hackett, Chappelle, or others.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 3**: As it relates to ¶194, these were statements allegedly quoted from Chappelle—not McMullen.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Chappelle.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 4**: As it relates to ¶196, these were statements allegedly quoted from Silver Run—not McMullen.  McMullen was not a member of the board and does not control this information.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 5**: As it relates to ¶199, these proxy statements were representations allegedly made by Silver Run, and not made by McMullen.  McMullen did not sign this document, nor was he a member of the board at this time.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 6**: As it relates to ¶201, these proxy statements were representations allegedly made by Silver Run, and not made by McMullen.  McMullen did not sign this document, nor was he a member of the board at this time.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 7**: As it relates to ¶204, these proxy statements were representations allegedly made by Silver Run, and not made by McMullen.  McMullen did not sign this document, nor was he a member of the board at this time.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 8**: As it relates to ¶¶206–207, these proxy statements were representations allegedly made by Silver Run, and not made by McMullen.  McMullen did not sign this document, nor was he a member of the board at this time.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Alta Mesa.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 9**: As it relates to ¶209, this statement was allegedly made by Chappelle at a conference.  McMullen did not make this statement.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Chappelle.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 10**: As it relates to ¶211, this statement was allegedly made by Chappelle in a press release.  McMullen did not make this statement.  The information sought can (and should) be "obtained from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Chappelle.  Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subpart 11**: McMullen objects that this is the twenty-sixth interrogatory, and is thus beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 12**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 13**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 14**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 15**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 16**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 17**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 18**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 19**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 20**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 21**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 22**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 23**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 24**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 25**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 26**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 27**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 28**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 29**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 30**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.

**Subpart 31**: McMullen objects that this interrogatory is beyond the permissible number of interrogatories.  McMullen will not answer this interrogatory.


**INTERROGATORY 13:** Identify all persons You claim You are entitled to recover contribution from as a result of any alleged misrepresentations, omissions, and conduct attributed to third parties, including any other persons You claim to have caused or contributed to the losses incurred by Lead Plaintiffs, as set forth in Private Securities Litigation Reform Act § 78u-4(f)(3)(A).

**RESPONSE:** McMullen objects to this interrogatory as exceeding the permissible limit on interrogatories because it is the forty-seventh interrogatory.  For the same reason, this interrogatory is unduly burdensome given the voluminous discovery requests (interrogatory or otherwise) that Plaintiffs have already propounded.  McMullen further objects that this Request is overly broad because it requests information relating to "any" alleged misrepresentation, omission, or conduct attributable to third parties against Plaintiffs.  McMullen also objects to this interrogatory because it asks a legal question and assumes without basis that Plaintiffs incurred losses as a result of misrepresentations and omissions.  Additionally, McMullen objects to the Request as a premature contention interrogatory given the current state of discovery.  McMullen will stand on his objections and will not answer this interrogatory.

**INTERROGATORY 14:** For each affirmative defense You have asserted in Your Answer to the Complaint, identify the factual basis underlying each defense that existed at the time each defense was asserted.

**RESPONSE:** McMullen objects to this interrogatory as compound because it contains thirty-six discrete subparts (information about separate affirmative defenses) with separate factual predicates that each count toward the total number of interrogatories allowed Plaintiffs; the total interrogatories propounded thus far amounts to eighty-three interrogatories.  Accordingly, McMullen also objects to this interrogatory because Plaintiffs have exceeded the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33(a).  McMullen also objects to this Request as ambiguous, specifically with respect to the undefined term, "factual basis."  Additionally, McMullen objects to this request as premature.  Because discovery is ongoing, further fact-finding, legal research, and analysis is necessary to provide the requested

information.  Furthermore, to the extent that this Request is limited to information existing "at the time each defense was asserted," McMullen objects to the Request as seeking information protected under attorney-client privilege, the attorney work product doctrine, or any other privilege provided by law.  McMullen will stand on his objections and will not answer this interrogatory.

Houston, Texas
May 9, 2022

Respectfully submitted,

*/s/ Kenneth A. Young*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Stefan Atkinson (admitted *pro hac vice*)
NY Bar No. 4543362
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: stefan.atkinson@kirkland.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Kenneth A. Young
*Attorney-in-Charge*
Texas Bar No. 24088699
S.D. Tex. No. 2506614
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email: kenneth.young@kirkland.com

*Counsel for Bayou City Energy Management, LLC and William WcMullen*

**CERTIFICATE OF SERVICE**

I certify that on May 9, 2022 a true and correct copy of the foregoing was served on Plaintiffs' counsel.

*/s/ Kenneth A. Young*
Kenneth A. Young

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | § § § | Case No. 4:19-cv-00957 |
| | § | CLASS ACTION |
| This Document Related To: | § § § | Hon. George C. Hanks, Jr. |
| ALL ACTIONS. | § § § | |

**VERIFICATION FOR WILLIAM W. MCMULLEN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE INDIVIDUAL DEFENDANTS**

I, William W. McMullen, hereby declare and state as follows:

1.      I have read William M. McMullen's Responses and Objections to Lead Plaintiffs' First Set of Interrogatories to the Individual Defendants (the "Responses") and I am familiar with the statements contained therein.

2.      To the extent that the Responses concern my own actions, or matters of which I have direct personal knowledge, I verify that the Responses are true and correct to the best of my knowledge, information, and belief.

3.      To the extent that the Responses concern the actions of others or matters of which I do not have direct personal knowledge, I believe the Responses to be true and correct and based upon information and records presently recollected and thus far discovered in the course of preparing the Responses.

4.      This verification, subject to inadvertent and undiscovered errors, is based on and necessarily limited by information thus far discovered in the course of preparing the Responses. Consequently, I reserve the right to make changes if it appears at any time that omissions or errors have been made or that more accurate information becomes available.

24

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5/9___, 2022.

William M. McMullen

25