# Exhibit N

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |

**RESPONSE ON BEHALF OF DONALD DIMITRIEVICH**
**TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**DIRECTED TO THE INDIVIDUAL DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33, and Local Rule 33.1, Defendant Donald Dimitrievich ("Dimitrievich") provides Responses and Objections to Lead Plaintiffs' First Set of Interrogatories Directed to the Individual Defendants (collectively, the "Interrogatories" and each an "Interrogatory") as follows:

**GENERAL OBJECTIONS**

1.      Dimitrievich responds to the Interrogatories, including definitions and instructions referenced therein, subject to the General Objections set forth in this section.  Failure to refer to a General Objection in a Specific Response and Objection cannot be construed as waiver of any General Objection.

2.      Dimitrievich objects to the Interrogatories to the extent they purport to impose obligations or burdens beyond those imposed by the FRCP or Local Rules.

3.      Dimitrievich objects to the Interrogatories to the extent they seek Documents or information protected from discovery by the attorney-client privilege, work product doctrine, common-interest privilege, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information").

4.      Dimitrievich objects to the Interrogatories to the extent they seek information not in the possession, custody, or control of Dimitrievich.

5.      By responding to any Interrogatory, Dimitrievich does not concede the admissibility or relevance of any Documents provided or the correctness of any assumption or assertion made in any Interrogatory.  Dimitrievich reserves the right to object on any applicable grounds to the introduction or admissibility, in this or any other proceeding, of information or documents called for in the Interrogatories.

6.      It may not be inferred from any objection that responsive information or documents exist, or that Dimitrievich agrees with Plaintiffs' characterizations of any facts or legal theories or conclusions asserted in the Interrogatories.

7.      These Responses and Objections reflect Dimitrievich's present knowledge, information, and belief, and Dimitrievich reserves the right to alter, supplement, amend, or otherwise modify them if and when appropriate.

## OBJECTIONS TO DEFINITIONS

1.      Dimitrievich objects to Definition #2 as overly broad, unduly burdensome, and vague and ambiguous for purporting to include "any representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing."  Dimitrievich will interpret this definition as referring to Dimitrievich.

## OBJECTIONS TO INSTRUCTIONS

1.      Dimitrievich objects to Instruction #5 as overly broad, unduly burdensome, and vague and ambiguous because it fails to impose any limits upon the phrase "available to you." Dimitrievich will interpret "available to you" to mean information reasonably available after a reasonable search or inquiry.

**SPECIFIC RESPONSES AND OBJECTIONS
TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and describe "the former management team's drilling experience in other U.S. shale plays" that You represented to KMPG in 2019 as being one of the bases of Your assumptions that: (1) there were three "benches" or "shelves" within the STACK; and (2) "up to 12 wells per section and three benches were reasonable . . . given the distance between the two shales."

**RESPONSE TO INTERROGATORY NO. 1:**

Dimitrievich objects to this Interrogatory as vague and ambiguous because it fails to offer any context for the quotation, including to whom "You" refers or when in 2019 such representation was made.  Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he did not make such a representation to KPMG.

**INTERROGATORY NO. 2:**

To the extent You provided any Documents to KPMG in 2019 in further support of Your assertion that "the former management team's drilling experience in other U.S. shale plays" was one of the bases of the two assumptions identified in Interrogatory No. 1, identify the Bates numbers of each Document in Your production.

**RESPONSE TO INTERROGATORY NO. 2:**

Dimitrievich objects to this Interrogatory as vague and ambiguous because it fails to offer any context for the quotation, including to whom "You" refers or when in 2019 such representation

3

was made.  Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he did not make the assertion quoted in Interrogatory No. 1 to KPMG.

**INTERROGATORY NO. 3:**

Identify all Child Wells completed by Alta Mesa in the STACK as of February 9, 2018, including, for each identified Child Well, when it was completed and began operating (or, as applicable, ceased operating), the Pad where it is located, and any associated parent well or wells.

**RESPONSE TO INTERROGATORY NO. 3:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because Dimitrievich is not aware of any easily accessible documents containing this information, and it would be burdensome to assemble such information.  Dimitrievich objects to this Interrogatory because, to the extent this information can be compiled from produced documents, Plaintiffs are equally able to locate the requested information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from, and more readily available from, other parties.  Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.

Subject to, and without waiving any General or Specific objections asserted herein, to the extent this information is available, it can be obtained more easily, cheaply, and reasonably from

4

another Defendant or, to the extent available in produced documents, it is equally available to Plaintiffs.

**INTERROGATORY NO. 4:**

Identify all individuals the SEC has deposed or interviewed in connection with the agency's formal investigation, the date of each such interview, and all persons in possession, custody, or control of those transcripts.

**RESPONSE TO INTERROGATORY NO. 4:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because it is not limited by subject matter.  Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and vague and ambiguous because it fails to identify the "formal investigation" to which it refers.  Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he is unaware of any individuals employed by HPS who have been interviewed or deposed by the SEC in connection with the subject matter of the Third Amended Complaint.

**INTERROGATORY NO. 5:**

Identify all individuals who have received a Wells Notice, responded to a Wells Notice, the dates of the receipt and response to a Wells Notice, and all persons in the possession, custody, or control of copies of the Wells Notices and responses thereto.

**RESPONSE TO INTERROGATORY NO. 5:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because it seeks information about every individual who has ever received a Wells Notice. Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and vague and ambiguous because it fails to identify the "individuals" to whom it refers. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification. Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information. Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he is unaware of any individuals employed by HPS who have received a Wells Notice in connection with the subject matter of the Third Amended Complaint.

**INTERROGATORY NO. 6:**

Identify Your personal email addresses that existed during the Class Period, and the date (or date range) when You collected potentially relevant information from each email account.

**RESPONSE TO INTERROGATORY NO. 6:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because it seeks information about a repository with little or no relevant, responsive, non-duplicative information. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification. Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he conducted no non-duplicative business using his personal e-mail address, and it is therefore irrelevant to the action.

**INTERROGATORY NO. 7:**

For each electronic device You imaged and preserved to collect information relevant to the claims and defenses in this case, identify:

(a) The make and model of the device;

(b) The date the device was imaged;

(c) The person who used the device; and

(d) The telephone number, if any, assigned to the device.

**RESPONSE TO INTERROGATORY NO. 7:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because it does not seek information relevant to any claims or defenses of a party. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that the mobile phone issued to him by HPS was collected and imaged, and responsive, non-privileged documents contained therein were produced.  The device is an iPhone 11; it was imaged on or about September 21, 2021; Dimitrievich used the device; and the phone number is 646-584-6823.

**INTERROGATORY NO. 8:**

Identify Your ownership interest in each of AMR, AMH, Kingfisher, and High Mesa as of August 16, 2017.

**RESPONSE TO INTERROGATORY NO. 8:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because Mr. Dimitrievich did not join the AMR board until on or about February 9, 2018. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification. Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information. Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he has never held any ownership interest in AMR, AMH, Kingfisher, High Mesa Holdings, LP, High Mesa Holdings GP, LLC, or High Mesa, Inc.

**INTERROGATORY NO. 9:**

Identify the amount of money or other compensation (including equity) You received from the Business Combination.

**RESPONSE TO INTERROGATORY NO. 9:**

Dimitrievich objects to this Interrogatory because "from the Business Combination" is vague, ambiguous, and undefined. Dimitrievich objects to this Interrogatory because "Business Combination" is defined as a merger among certain entities, and it is impossible to determine how an individual could receive compensation from that merger. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without

justification.   Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he has never held any ownership interest in any of the entities involved in the Business Combination, and that the terms of the Business Combination did not provide for compensation for Dimitrievich.

**INTERROGATORY NO. 10:**

Identify the amount of money You invested in the Business Combination, and each date You made those payments, and the amounts of money You received back on Your investment, and the dates You received that money back.

**RESPONSE TO INTERROGATORY NO. 10:**

Dimitrievich objects to this Interrogatory because "amount of money You invested in the Business Combination" is vague, ambiguous, and undefined.   Dimitrievich objects to this Interrogatory because "Business Combination" is defined as a merger among certain entities, and it is impossible to determine what is meant by investing money in that merger.  Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because the sole allegations against Mr. Dimitrievich arise from AMR's March 2018 10-K, which was executed after the Business Combination.  Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

9

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he did not invest any money in the Business Combination.

**INTERROGATORY NO. 11:**

Identify the dates and amounts of money You received from the sale of any interest in Alta Mesa securities after February 6, 2018.

**RESPONSE TO INTERROGATORY NO. 11:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because Plaintiffs' allegations concern only AMR stock, and not other securities of AMR. Dimitrievich objects to this interrogatory because "Alta Mesa" securities is vague and ambiguous. Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case because Plaintiffs' allegations as to Mr. Dimitrievich concern only two statements contained in the March 29, 2018 AMR 10-K, and therefore sales of AMR securities after that date are irrelevant. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification.  Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information.  Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that he has never held any securities issued by AMR, AMH, Kingfisher, or their subsidiaries.

**INTERROGATORY NO. 12:**

Identify the factual bases You had at the time You made each of the statements alleged to be false and/or misleading in the following paragraphs of the Complaint: ¶¶190, 192, 194, 196, 199, 201, 204, 206-207, 209, 211, 213-214, 216-217, 219-220, 222, 224, 226-227, 229, 231, 233, 235, 237, 239, 241-242, 245-246, 248, 250, 252, 254, 256-257, 289-290, and 293.

**RESPONSE TO INTERROGATORY NO. 12:**

Dimitrievich objects to this Interrogatory as overly broad, unduly burdensome, and not seeking information relevant to the claims or defenses of any party or proportional to the needs of the case to the extent the Third Amended Complaint does not allege that he made the misstatement alleged in the referenced paragraphs. Dimitrievich objects to this Interrogatory as compound and in fact comprising multiple interrogatories, and reserves the right to argue Plaintiffs have exceeded their limit under the FRCP. Dimitrievich objects to this Interrogatory as a premature contention interrogatory served while discovery is ongoing. Dimitrievich objects to this Interrogatory to the extent it seeks confidential, sensitive, and/or proprietary information without justification. Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information. Dimitrievich objects to this Interrogatory as duplicative of information sought from other Defendants.

Subject to, and without waiving any General or Specific objections asserted herein, Dimitrievich states that (i) the misstatement alleged in Paragraph 217 was a risk factor that was self-evidently true; and (ii) the misstatement alleged in Paragraph 219 was true because, to the best of Dimitrievich's knowledge at the time, AMR's officers and order of operations had not changed since the Business Combination, and Dimitrievich was not aware of any material weakness in AMR's internal controls as of the date of the alleged misstatement.

**INTERROGATORY NO. 13:**

Identify all persons You claim You are entitled to recover contribution from as a result of any alleged misrepresentations, omissions, and conduct attributed to third parties, including any other persons You claim to have caused or contributed to the losses incurred by Lead Plaintiffs, as set forth in Private Securities Litigation Reform Act §78u-4(f)(3)(A).

**RESPONSE TO INTERROGATORY NO. 13:**

Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information. Dimitrievich objects to this Interrogatory as premature because the factual investigation in this case is ongoing.  Dimitrievich objects to this Interrogatory as compound and in fact comprising multiple interrogatories, and reserves the right to argue Plaintiffs have exceeded their limit under the FRCP.  Dimitrievich objects to this Interrogatory as a premature contention interrogatory served while discovery is ongoing. Dimitrievich objects to this Interrogatory because it prematurely seeks information that might be the subject of expert discovery prior to the court-ordered deadline for expert disclosures.  Dimitrievich objects to this Interrogatory a premature because it concerns positions, arguments, and decisions at trial.

Subject to, and without waiving any General or Specific objections asserted herein, parties from whom Dimitrievich could potentially seek contribution include other Defendants in the action and third parties who participated in preparing Alta Mesa Resources, Inc.'s March 29, 2018 Form 10-K.

**INTERROGATORY NO. 14:**

For each affirmative defense You have asserted in Your Answer to the Complaint, identify the factual basis underlying each defense that existed at the time each defense was asserted.

**RESPONSE TO INTERROGATORY NO. 14:**

Dimitrievich objects to this Interrogatory to the extent it seeks Privileged Information. Dimitrievich objects to this Interrogatory as premature because the factual investigation in this case is ongoing.   Dimitrievich objects to this Interrogatory because it prematurely seeks information that might be the subject of expert discovery prior to the court-ordered deadline for expert disclosures.  Dimitrievich objects to this Interrogatory as compound and in fact comprising multiple interrogatories, and reserves the right to argue Plaintiffs have exceeded their limit under the FRCP.  Dimitrievich objects to this Interrogatory as a premature contention interrogatory served while discovery is ongoing.

Subject to, and without waiving any General or Specific objections asserted herein: the bases for the First, Second, and Third Affirmative Defenses that existed at the time they were asserted includes, but is not limited to, Plaintiffs' pleading failures; the bases for the Fourth and Fifth Affirmative Defenses that existed at the time they were asserted include, but are not limited to, that Dimitrievich, as a single director of AMR, did not have control over the other Defendants or their actions; the basis for the Sixth and Seventh Affirmative Defenses that existed at the time they were asserted include, but are not limited to, that Dimitrievich acted in good faith and with reasonable care at all relevant times and did not commit, or intend to commit, or attempt to commit, wrongdoing; the basis for the Eighth Affirmative Defense that existed at the time it was asserted is the referenced provision of the PSLRA;  the basis for the Ninth Affirmative Defense that existed at the time it was asserted includes, but is not limited to, Plaintiff's allegations of corrective disclosures on the same date of the only two alleged misstatements attributed to Dimitrievich; the basis for the Tenth Affirmative defense that existed at the time it was asserted includes, but is not limited to, that Plaintiffs are sophisticated investors, with access to information about the STACK,

13

the oil and gas industry, and SPAC investing, and that they also failed to account for the Risk Factors included in the relevant public filings; the basis for the Eleventh and Twelfth Affirmative Defenses that existed at the time they were asserted includes, but is not limited to, the Company's robust disclosures in its public filings, publicly-available information concerning the oil and gas industry, SPAC investments, and the STACK, and Plaintiffs' sophistication as investors; the basis for the Thirteenth Affirmative defense that existed at the time it was asserted includes, but is not limited to, Plaintiffs' failure to meet their pleading burden and because the claims are limited to the extent that shares of AMR did not trade in an efficient market; the basis for the Fourteenth Affirmative defense that existed at the time it was asserted includes, but is not limited to, that Defendant is unaware of actions Plaintiffs took to mitigate damages; the basis for the Fifteenth Affirmative defense that existed at the time it was asserted includes, but is not limited to, the nature of the alleged misstatements and the Risk Factors and cautionary language included in AMR's public statements; the basis for the Sixteenth Affirmative defense that existed at the time it was asserted includes, but is not limited to, that sophisticated investors made a risky investment in a risky industry, and that AMR's public filings warned investors about the risks of investing; the basis for the Seventeenth Affirmative Defense that existed at the time it was asserted includes, but is not limited to, the referenced statutes; the basis for the Eighteenth Affirmative Defense that existed at the time it was asserted includes, but is not limited to, the criteria set forth in FRCP 23, and because plaintiffs with claims arising under Section 14(a) are differently situated from plaintiffs with claims arising under Section 10(b) and 20(a); the basis for the Nineteenth Affirmative Defense that existed at the time it was asserted includes, but is not limited to, that Dimitrievich committed no wrongdoing, as well as certain legal bases; the basis for the Twentieth Affirmative defense that existed at the time it was asserted includes, but is not limited to, that

Plaintiffs were not injured; the basis for the Twenty-First Affirmative Defense are the doctrines of *res judicata* and collateral estoppel; the basis for the Twenty-Second Affirmative Defense that existed at the time it was asserted includes, but is not limited to, that the alleged misstatements attributed to Mr. Dimitrievich were unconnected to the purchase or sale of AMR securities; the basis for the Twenty-Third Affirmative Defense that existed at the time it was asserted includes, but is not limited to, that the two alleged misstatements attributed to Dimitrievich are sentence fragments buried in hundreds of pages of the March 29, 2018 10-K that Plaintiffs fail to allege caused any price inflation, particularly in light of their allegations that corrective disclosures on the same day drove the stock price down; the basis for the Twenty-Fourth Affirmative Defense that existed at the time it was asserted includes, but is not limited to, the content of the alleged misstatements; the basis for the Twenty-Fifth Affirmative defense that existed at the time it was asserted includes, but is not limited to, any relevant, related proceedings in which the issues in this action have been litigated; the basis for the Twenty-Sixth Affirmative defense that existed at the time it was asserted includes, but is not limited to, any applicable statute of limitation, repose, or equitable principle related to any delay in filing this action; the basis for the Twenty-Seventh Affirmative defense that existed at the time it was asserted includes, but is not limited to, that the two alleged misstatements attributed to Dimitrievich are sentence fragments buried in hundreds of pages of the March 29, 2018 10-K that Plaintiffs fail to allege caused any price inflation, particularly in light of their allegations that corrective disclosures on the same day drove the stock price down; the basis for the Twenty-Eighth Affirmative defense that existed at the time it was asserted includes, but is not limited to, Plaintiffs' failure to meet their pleading burden; the basis for the Twenty-Ninth Affirmative defense that existed at the time it was asserted is incorporation by reference.

Dated:   May 9, 2022                    Respectfully submitted,

/s/ Karl S. Stern
Karl S. Stern (attorney in charge)
Texas State Bar No. 19175665
Federal Bar No. 04870
Email: karlstern@quinnemanuel.com

/s/ Christopher D. Porter
Christopher D. Porter
Texas State Bar No. 24070437
Federal Bar No. 1052367
Email: christopherporter@quinnemanuel.com

QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone:     (713) 221-7000
Facsimile:      (713) 221-7100

/s/ Michael B. Carlinsky
Michael B. Carlinsky
*Pro Hac Vice* granted.
Email: michaelcarlinsky@quinnemanuel.com

QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

*Attorneys for Defendant HPS Investment Partners,
LLC*

16

**VERIFICATION**

STATE OF NEW YORK      )
                                 ) ss:
COUNTY OF NEW YORK   )


      I, Donald Dimitrievich, verify that the foregoing responses to Interrogatories 1-2 and 4-12, and the responses to Interrogatory 14 relating to the Fourth, Fifth, Sixth, Seventh, and Nineteenth Affirmative Defenses, of Plaintiffs' First Set of Interrogatories, are true and correct to the best of my knowledge, information, or belief.


By: _____   Dated: _May 9, 2022_____

Donald Dimitrievich



Sworn before me on _May 9, 2022_____.


_____
Notary Public