UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO FILE AN OMNIBUS OPPOSITION TO
MOTIONS FOR SUMMARY JUDGMENT ON BEHALF OF
HPS INVESTMENT PARTNERS, LLC, DONALD DIMITRIEVICH,
WILLIAM MCMULLEN, ARM ENERGY HOLDINGS, LLC,
AND BAYOU CITY ENERGY MANAGEMENT, LLC**

Defendants HPS Investment Partners, LLC ("HPS"), Donald Dimitrievich, William McMullen, ARM Energy Holdings, LLC ("ARM"), and Bayou City Energy Management, LLC ("BCE," and with HPS, AMR, and the individuals, "Defendants") respectfully submit this Opposition to Class Plaintiffs' purported motion to file an omnibus opposition and extraneous "Fed. R. Civ. P. 56 statement of facts" in response to Defendants' distinct motions for summary judgment (ECF Nos. 427-435):

**STATEMENT OF ISSUES**

This Opposition addresses whether Class Plaintiffs' request to file a single, 75-page opposition, as well as a separate, additional "Rule 56 statement of facts," in response to three separate summary judgment motions, should be denied because: (i) Class Plaintiffs' filing is improper under Paragraph 7 of the Court's Procedures ("CP"); (ii) Class Plaintiffs' proposal will not result in greater efficiency or clarity, but

will instead conflate and confuse facts, legal issues, and Defendants; (iii) there is no provision in the Federal Rules of Civil Procedure, this Court's Local Rules, or the Court's Procedures, for filing such a statement, and Paragraph 7.A of the Court's Procedures provides that "separate memoranda should not be filed," CP ¶ 7.A.; and (iv) Class Plaintiffs articulate no prejudice they will suffer by following existing procedures and filing separate oppositions.

## SUMMARY OF ARGUMENT

Class Plaintiffs' proposal to file a single, omnibus opposition, and a *separate* "Rule 56 statement of facts" should be rejected. Class Plaintiffs' one-page letter, which is devoid of authority and even *argument*, is procedurally improper under the Court's Procedures, and Class Plaintiffs' proposal will not result in greater efficiency or clarity, nor make the Court's work easier in deciding the motions. Further, a "Rule 56 statement of facts" is procedurally improper, and is sought *in addition to* the 75 pages Class Plaintiffs request just for their memorandum of law—strongly suggesting Class Plaintiffs have little interest in efficiency. Further, Class Plaintiffs offer no reason they will be prejudiced simply by filing separate oppositions to separate motions.

Defendants are now entitled to know, once and for all, what—if any—claims and/or evidence Class Plaintiffs have against each specific Defendant. Class Plaintiffs' continued attempt to group all Defendants together is completely improper and must end. Hence, Class Plaintiffs' proposal should be rejected, and Class Plaintiffs should file separate oppositions that address the specific facts, arguments, and Defendants at issue in each motion.

## BACKGROUND

On August 31, 2023, Defendants filed four separate motions for summary judgment:

1. On behalf of Mr. McMullen, for summary judgment as to the Class and Opt-Out Plaintiffs' Section 10(b) and Section 20(a) causes of action against him;

2. On behalf of Mr. Dimitrievich, for summary judgment as to the Section 10(b) and Section 20(a) causes of action against him;

3. On behalf of three separate Defendants here, for summary judgment on the Class and Opt-Out Plaintiffs' Section 20(a) causes of action against them; and

4. On behalf of Mr. Dimitrievich and Mr. McMullen, for summary judgment on the Opt-Out Plaintiffs' state-law and Section 18 causes of action against them. *See* ECF Nos. 427-435.

On September 12, 2023, Class Plaintiffs filed a "motion"—no more than a letter consisting of a single substantive paragraph—seeking leave to file an omnibus opposition to motions 1-3 above of up to **75 *pages***, as well as a separate and additional "Rule 56 statement of facts." As Class Plaintiffs' letter indicates, Defendants have objected to Class Plaintiffs' request. *See* ECF No. 436 at 1.

## ARGUMENT

The Court should deny Class Plaintiffs' request as procedurally improper, and because Class Plaintiffs' proposal will not be more efficient, nor make any issues clearer for the Court, and Class Plaintiffs do not even argue that it will. Rather, Class Plaintiffs' proposed, omnibus response to three separate motions, filed by five differently-situated

3

defendants, will—and likely is intended to—confuse the facts and legal issues addressed in those separate motions. For the foregoing reasons, and the following reasons, the Court should reject Class Plaintiffs' request:

*First*, Class Plaintiffs' request breaches Paragraph 7.A of the Court's Procedures, which requires, among other things, that "**all motions, briefs and memoranda** must contain" the following:

- A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement (supported by legal authority) of the standard of review.

- A short summary of the argument.

- A short conclusion stating the precise relief sought.

CP ¶ 7.A (3), (4), (6) (emphasis original). Class Plaintiffs' letter includes none of these.

*Second*, Class Plaintiffs seek exceptions to the Court's Procedures—including filing an opposition that exceeds the Court's page limit by 50 pages *in addition to* a "Rule 56 statement of facts," *see* CP ¶ 7.A. Class Plaintiffs must therefore support their request with authority or, at the very least, an ***argument***. But Class Plaintiffs' letter includes neither.

Class Plaintiffs do claim to have made their proposal "[i]n the interests of judicial efficiency." ECF No. 436 at 1. But Class Plaintiffs offer no reason that filing a single, omnibus brief of ***75 pages*** is more efficient than filing separate oppositions that are necessarily tailored to the specific facts, arguments, and differently-situated Defendants at issue in each separate motion. In other words, Class Plaintiffs' motion is a bare request for relief devoid of support, and should be rejected for that reason alone. By comparison,

4

even *unopposed* motions "to extend a particular deadline" require the movant to "recite[] sufficient cause." CP ¶ 6.C (8).

In fact, Class Plaintiffs' proposal is likely to be less efficient and reduce clarity for the Court. Class Plaintiffs undoubtedly will include a single statement of relevant facts that will not separate out which facts go to which Defendant. This was Class Plaintiffs' strategy at the motion to dismiss phase: lump all Defendants together so that Class Plaintiffs did not have to do the hard work of actually setting forth facts specific to each individual Defendant. This tactic should not be allowed at this juncture in the Case. The Court made this same distinction at the May 8, 2023 hearing concerning the scheduling of summary judgment briefing, noting that the Court "handled the motion to dismiss in the omnibus fashion because we're dealing with one complaint," but that "at this point in time, there are differences between the different types of defendants . . . especially between [] what I call the control defendant[s] and other defendants in this case." ECF No. 334 (Hrg. Tr. dated May 8, 2023) at 5:1-6; *see also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Indeed, it is telling that after more than two years of discovery, the production of millions of documents, and dozens of depositions, Class Plaintiffs *still* are not in a position to address each Defendant individually. Instead, Class Plaintiffs want to recite a litany of facts they claim to be relevant, and leave Defendants and the Court to untangle what applies to whom. The Court can guarantee this will *not* happen, however, by denying the request and requiring Class Plaintiffs to follow existing procedure.

*Third*, Class Plaintiffs' separate demand to file a "Rule 56 statement of facts" should be rejected. To start, this Court's Procedures provide that "a motion should contain the legal argument and authorities and ***separate memoranda should not be filed***." CP ¶ 7.A (emphasis added). Further, although Class Plaintiffs title the extraneous document they seek to file a "Rule 56 statement of facts," neither the Federal Rules of Civil Procedure, Local Rules of this Court, nor the Court's Procedures require or provide for a separate statement. Rather, Class Plaintiffs improperly seek to expand their page limits even beyond the 75 pages they already seek—which, again, strongly indicates that Class Plaintiffs' goal is not to increase "judicial efficiency" with their submissions.

Additionally, as with their other requested relief, Class Plaintiffs offer no reason or justification for a separate statement, rather than preparing fact sections within their memoranda of law, just as Defendants did in each motion. Nor do Class Plaintiffs offer any reason it would be more efficient for the Court to have to go back and forth between Class Plaintiffs' 75-page brief and "Rule 56 statement of facts" of indeterminate length—particularly given that none of the applicable rules or procedures asks for such a statement in the first place.

*Fourth*, the Court already denied a similar request by Class Plaintiffs. At the May 8, 2023 hearing, the Court denied Class Plaintiffs' request to respond to Defendants' summary judgment motions all at once because, among other reasons, "there are unique facts that apply to certain defendants that don't apply to other defendants with respect to their level of culpability and liability in this matter." ECF No. 334 (Hrg. Tr. dated May 8, 2023) at 15:5-9. That is still true, and the Court should continue to recognize the need

to address separate motions separately by requiring Class Plaintiffs to file separate oppositions. Indeed, basic fairness strongly supports requiring Class Plaintiffs to address each Defendant so that Defendants know precisely what they need to address in their respective replies. Otherwise, it will be nothing more than an improper guessing game.

*Finally*, Class Plaintiffs nowhere argue that following existing procedures will prejudice Class Plaintiffs at all, as against the serious risk of making the Court's work more difficult, and prejudicing Defendants, by muddling facts and issues in a single opposition brief.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reject Class Plaintiffs' proposal, including their request to file a separate "Rule 56 statement of facts," and require Class Plaintiffs to file separate oppositions to each motion.

Dated: September 13, 2023

Respectfully submitted,

/s/ *Christopher Porter*
(signed by permission of Attorney-in-Charge)

Karl S. Stern (Attorney-in-Charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000 /
Facsimile: (713) 221-7100
Email:
karlstern@quinnemanuel.com
christopherporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DON DIMITRIEVICH**

Kenneth A. Young (Attorney-in-Charge)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email:
kenneth.young@kirkland.com
nick.brown@kirkland.com

**COUNSEL FOR BAYOU CITY ENERGY MANAGEMENT, LLC AND WILLIAM MCMULLEN**

David A. Baay (*Attorney-in-Charge*)
Fed. ID No. 598715
1001 Fannin Street, Suite 3700
Houston, TX 77002
Telephone: (713) 470-6112
Fax: (713) 654-1301

8

davidbaay@eversheds-sutherland.com
Bruce M. Bettigole (*pro hac vice*)
The Grace Building, 40th Floor
1114 Avenues of the Americas
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com

**COUNSEL TO ARM ENERGY HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record by the Court's ECF system on September 13, 2023.

/s/ Karl S. Stern
By: Karl S. Stern