| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 500 W. 2ND STREET, SUITE 1900-16 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

September 14, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

  Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

  We write briefly on behalf of Class Plaintiffs to respond to the *Memorandum of Law in Opposition to Plaintiffs' Motion to File an Omnibus Opposition to Motions for Summary Judgment on Behalf of HPS Investment Partners, LLC, Donald Dimitrievich, William McMullen, ARM Energy Holdings, LLC and Bayou City Energy Management, LLC.* (ECF No. 437).

  The Class Plaintiffs' request to file a single omnibus opposition to the three motions for summary judgment is a routine request that should not be controversial. It simply allows the Class Plaintiffs to avoid repetition in responding to common arguments (each Moving Defendant made principally scienter and/or "control person" arguments) with facts from the extensive discovery record that demonstrate summary judgment is inappropriate. The fact that Moving Defendants McMullen and Dimitrievich chose to file individual motions to isolate themselves from the entities they principally owned and/or controlled at the relevant time (Defendant McMullen is the founder of Bayou City and Defendant Dimitrievich was a Managing Director at HPS) and from one another does nothing to change the fact that they acted in concert with those entities and one another in connection with the fraud here, and certainly should not dictate the form and presentation of Class Plaintiffs' opposition.

  It is also nonsensical that the Moving Defendants claim they "are now entitled to know the facts" against them, but then argue on one hand that Class Plaintiffs have elicited no facts, and on the other seek to preclude Class Plaintiffs from filing a detailed statement with those facts all in one place, organized in a manner convenient for the Court's review. The facts uncovered in discovery more than support the allegations in the Third Amended Complaint, which this Court has twice sustained, and Class Plaintiffs should have a full opportunity to marshal those facts in opposition to the Moving Defendants' motions, giving the Moving Defendants the chance to rebut them if they can.

The fact that the Moving Defendants decided to make piecemeal summary judgement filings should not work to deny Class Plaintiffs the opportunity to provide a full exposition of the factual matters at issue, just as such a showing should not work to the detriment of judicial efficiency as the Moving Defendants wrongly insist. Class Plaintiffs also note that the Moving Defendants' claim that the Court has previously denied this application is simply untrue. In fact, in 2020, the Court permitted Class Plaintiffs' omnibus briefing in opposition to the long-since denied motions to dismiss. Class Plaintiffs have never made this request previously concerning the summary judgment motions, as the Moving Defendants well know. Their reference to the fact the Court permitted them to separately file summary judgment motions at a time and in a manner of their choosing has nothing to do with Class Plaintiffs' current request, except perhaps to militate in favor of Class Plaintiffs likewise being allowed to oppose in a manner of their choosing.

At bottom, it is clear that judicial efficiency is served by combined briefing because many of the facts and authorities apply to more than one Moving Defendant, and Class Plaintiffs are taking care to identify to which Moving Defendant(s) each fact and argument applies. The Moving Defendants' assertion that this sensible request to be able to avoid duplication is in any way an effort to avoid doing this is unsupportable.

As Class Plaintiffs stated in their request, they will endeavor to use fewer than 75 pages if possible. In that regard, Class Plaintiffs also note that, after we filed our letter request, both groups of opt-out plaintiffs informed us they intend to join in Class Plaintiffs' omnibus opposition, rather than submitting their own arguments on the three motions in question. If the Class and each group submitted their own 25-page briefs on each motion, that would be 225 pages – in that light, a single brief of no more than 75 pages and omnibus statement of facts in this complex case is manifestly efficient.

Respectfully submitted,

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
Texas Bar No. 24038131
Attorney-in-Charge
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
(512) 710-5960
aentwistle@entwistle-law.com

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor

*/s/ Trig Smith*
Trig Smith (*pro hac vice*)
Lonnie Browne (*pro hac vice*)
Sean McGuire (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
TrigS@rgrdlaw.com
LBrown@rgrdlaw.com
SMcGuire@rgrdlaw.com

*Court-Appointed Class Counsel*

New York, NY 10169
(212) 894-7200
jporter@entwistle-law.com
bbrodeur@entwistle-law.com
asher@entwistle-law.com

*Court-Appointed Class Counsel*

CC: Byron Thomas (via e-mail)
All Counsel (via ECF)

3