UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 |

**CLASS PLAINTIFFS' MOTION TO UNSEAL DEFENDANT MCMULLEN'S MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS**

1

Pursuant to Paragraph 14 of the filed stipulated Protective Order (ECF No. 190, the "PO") in the above-captioned action, Class Plaintiffs respectfully submit this Motion to Unseal Defendant William McMullen's ("McMullen") Motion for Summary Judgment and accompanying Exhibits.

## I. BACKGROUND

### A. Relevant History

On August 31, 2023, Defendant McMullen filed his Motion for Summary Judgment under seal (ECF No. 427, the "McMullen MSJ"). On the same day, McMullen sought leave from the Court to file the McMullen MSJ under seal and to file a public, redacted version of the McMullen MSJ (ECF No. 426, the "Sealing Motion"). In the Sealing Motion, McMullen also sought leave to file his Exhibits A, D, and F-M, under seal.[1] According to the Sealing Motion, the redactions in the McMullen MSJ are "quotes and references" to McMullen's Exhibits A, D, and F-M, which are "excerpts of deposition transcripts and other documents that have been designed 'Confidential' or 'Confidential Attorney Eyes Only.'" Sealing Motion at 2, 4.

Also on August 31, 2023, Defendant McMullen filed a public, redacted version of the McMullen MSJ (ECF No. 428).

On September 18, 2023, the Court granted the application for leave to file under seal. ECF 440. As Class Plaintiffs had not had an opportunity before such decision to timely file an opposition (and had been waiting for further communications Defendants'

---

[1] *See* ECF Nos. 428-2, 428-5, and 428-7 to 428-14. Defendant McMullen's Exhibit B, C, and E were filed publicly on the docket. *See* ECF Nos. 428-3, 428-4, and 428-6.

counsel represented they would provide following the meet and confer, referred to below), they respectfully file this motion to unseal.

### B. The Protective Order

According to Paragraph 14 of the PO, "[p]rior to, or within five (5) business days of, the filing of documents under seal . . . the parties will meet-and-confer to discuss whether any or all of the documents require being submitted under seal, or should remain under seal, in accordance with the law governing the sealing of documents. If the parties are unable to reach agreement, the party objecting to the filing under seal may file a motion to unseal." PO at ¶ 14. Importantly, "[t]he burden of establishing that the documents should remain sealed shall remain with the Designating Party, regardless of whether a motion to unseal is filed." *Id.*

### C. The Meet and Confer

On August 31, 2023, prior to filing the McMullen MSJ and accompanying Exhibits under seal, Defendant McMullen reached out to Plaintiffs by email to inquire as to whether Class Plaintiffs are opposed to the filing of the McMullen MSJ and accompanying Exhibits under seal. Class Plaintiffs responded that they are opposed. The parties subsequently agreed to meet and confer on September 11, 2023—jointly with Defendants HPS Investment Partners, LLC and Donald Dimitrievich (who also filed a motion for summary judgment under seal and sealed exhibits) and other Defendants in the action who designated certain documents confidential under the PO—to universally discuss the redactions to both sets of briefs and the sealed exhibits, for purposes of efficiency and judicial economy. Counsel for Class Plaintiffs made many of the same points during the meet and confer

reflected in this motion. Counsel for the moving Defendants, while not agreeing, stated that they would reconsider the specific redactions they made and contact us thereafter as to Defendants' position at that point. There were no further communications.

## II. ARGUMENT

Defendant McMullen's ***sole*** argument is that the PO, specifically Paragraph 24 therein, mandates that Exhibits A, D, and F-M (and portions of the McMullen MSJ that quote or reference those Exhibits) "must be filed" under seal, simply because they were designated as "Confidential" or "Confidential Attorneys Eyes Only" by certain Defendants in the action (including Defendant McMullen). Sealing Motion at 4. McMullen makes no other argument whatsoever.

As contemplated in the stipulated PO, the appropriate lens to view the issue of whether documents shall be filed under seal is whether such sealing is "in accordance with the law governing the sealing of documents." PO at ¶ 14.

The Fifth Circuit has previously—and vehemently—rejected the "growing practice of parties agreeing to private discovery and presuming that whatever satisfies the lenient protective-order standard will necessarily satisfy the ***stringent*** sealing-order standard." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18 (5th Cir. 2021).[2] In *Exeter*, "the district court granted an agreed protective order, authorizing the sealing, in perpetuity, of any documents that the parties ***themselves*** labeled confidential." *Id.* at 417 (emphasis in original). As a result, a portion of the record was hidden from public view, "for no

---

[2] Citations are omitted and emphasis is added unless otherwise stated.

discernable reason other than both parties wanted it that way." *Id.* The Fifth Circuit rejected this approach, finding that the "[t]he public deserves better" and recognizing that there is a more "exacting standard for sealing" of documents, beyond what is merely agreed to in a protective order. *Id.* at 417-18. The Fifth Circuit affirmed that "at the ***adjudicative*** stage, when materials enter the court record, the standard for shielding records from public view is far more arduous" than at the discovery stage. *Id.* at 420 (emphasis in original).

Here, to be clear, Class Plaintiffs did not—and do not—agree with Defendants' blanket assertion(s) of confidentiality under the PO. But separate and apart from this, Defendant McMullen's blatant and misguided attempt to ***seal*** the subject documents purely on the basis of their self-proclaimed confidentiality designation runs afoul of *Exeter* and well-settled case law on this matter. *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *5 (S.D.N.Y. Jan. 17, 2023) ("[T]he existence of a protective order covering a document is not, in and of itself, sufficient grounds to seal or redact that document."). Further, Defendant McMullen's misguided attempt at sealing goes even beyond *Exeter*, because here, Class Plaintiffs did not—and do not—agree with the blanket designation(s) of confidentiality under the PO for the vast majority of documents sought to be designated as such. Indeed, Defendants evidently seek to keep the documents out of public sight simply because they "want[] it that way." *Exeter*, 990 F.3d at 417. There are "no reasons given, no authorities cited, no document-by-document inquiry," in McMullen's Sealing Motion. *Id.* at 420. "There [is] no grappling with public and private interests, no consideration of less drastic

alternatives. There [is] no assurance that the extent of sealing [is] congruent to the need." *Id.*

To that end, the Court should unseal the underlying documents because McMullen does not ***substantively*** meet the "more arduous" and "exacting" sealing legal standard described above that district courts are "duty-bound" to uphold. *Id.* at 417-18, 420. Under ***this*** standard, there is a "presumption in favor of the public's common law right of access to court records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). "This presumption reflects the fact that public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (cleaned up).[3] The Fifth Circuit has described the more exacting sealing legal standard as a "***stricter*** balancing test," balancing the "public's common law right of access against the interests favoring nondisclosure." *Exeter*, 990 F.3d at 419. And according to the Fifth Circuit, examples of instances where sealing is appropriate are where "trade secrets" or the "identities of confidential informants" may be revealed. *Id.*

None of Defendant McMullen's Exhibits A, D, F-M—and by extension, the redactions of the McMullen MSJ—come close to meeting the "stricter balancing test" in

---

[3] This brief uses (cleaned up) to indicate that internal quotation marks, alterations, and/or citations have been omitted from quotations. For an example of its use in a published opinion, *see Brownback v. King*, 141 S. Ct. 740, 748 (2021).

favor of McMullen. ***None*** of the Exhibits and redactions disclose any confidential trade secrets, proprietary information, confidential informant information, personal information (like Social Security numbers), or other such sensitive information. Class Plaintiffs invite the Court to conduct an *in-camera* review of McMullen's MSJ and the Exhibits and redactions, which will lead the Court to the same conclusion as Class Plaintiffs: the documents should be unsealed and filed publicly.

Further, the exacting sealing standard weighs heavily in favor of Class Plaintiffs on the specific facts here. Courts routinely find that information that is old or "stale" shall not be sealed. *See, e.g.*, *Ross Dress for Less, Inc. v. ML Dev. LP*, No. H-20-978, 2022 WL 2704545, at *4 (S.D. Tex. July 12, 2022) ("Ross has not presented a sufficient basis for sealing the PwC report. The report contains data showing the average and median rates of attorneys from eight law firms from 2020 and 2021. The information the report contains is already stale."); *Dawson v. Merck & Co.*, No. 1:12-CV-1876 (BMC)(PK), 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021) ("[s]tale business records cannot support the necessary finding of harm"); *Keurig*, 2023 WL 196134, at *9 ("[McMullen] does not explain why this apparently stale information is still commercially sensitive.").

Here the information concerns events that occurred roughly ***four to six years*** ago (between 2017 and 2019) – and courts routinely find such years-old information stale. *See, e.g.*, *Ross Dress*, 2022 WL 2704545, at *4 (finding that information from 1 to 2 years ago was "already stale"); *Zavala v. Wal-Mart Corp.*, No. 03-5309 (JAG), 2007 WL 2688934, at *4 (D.N.J. Sept. 12, 2007) (three-year old documents are stale); *Lee v. Clark*, No. C 10-03533 WHA, 2019 WL 13412548, at *1 (N.D. Cal. July 3, 2019) ("Although this paragraph

calls out specific dollar amounts, they are in the context of the transition costs for the Blue Coat acquisition and concern events that are now approximately three years old and stale. Accordingly, the information sought to be sealed in this paragraph does not deserve to be kept private."). Furthermore, the primary corporate defendant in this case (*i.e.*, Alta Mesa Resources) is **bankrupt**. Needless to say, no confidentiality concerns or concerns of harm due to disclosure could possibly arise for such entity, because Alta Mesa Resources is not in existence anymore.

Additionally, this litigation is a securities class action with likely hundreds of thousands, if not more, absent class members whose rights are being adjudicated. Such absent class members do not have access to important documents from the litigation other than what is on the public docket, which militates in favor of the documents not being sealed. *See Dickerson v. Novartis Corp.*, No. 1:15-cv-1980-GHW, 2016 WL 9560056, at *2 (S.D.N.Y. Apr. 11, 2016) ("The presumption of public access is particularly relevant in the class action context, given that the judicial documents may be relevant to an absent class members' decision to opt out or object to the proposed settlement, as well as '[t]he public interest in the fair administration of class actions.'"); *Schwab v. Philip Morris USA Inc.*, 228 F.R.D. 165, 168 (E.D.N.Y. 2005) ("The courts discourage unnecessary sealing particularly in a matter of public interest such as a national class action.").

### III.   CONCLUSION

For the reasons set forth herein, Class Plaintiffs request that the Court unseal Defendant McMullen's MSJ and accompanying Exhibits.

Dated: September 20, 2023                                         Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Entwistle* | */s/ Trig Smith* |
| Andrew J. Entwistle (attorney-in-charge) | Trig Smith (*pro hac vice*) |
| State Bar No. 24038131 | Sean McGuire (*pro hac vice*) |
| Callie Crispin | Lonnie Browne (*pro hac vice*) |
| State Bar No. 24104231 | John Kelley (*pro hac vice*) |
| Sal H. Lee (*pro hac vice*) | |
| | **ROBBINS GELLER RUDMAN &** |
| **ENTWISTLE & CAPPUCCI LLP** | **DOWD LLP** |
| 500 West 2nd Street, Suite 1900 | 655 West Broadway, Suite 1900 |
| Austin, TX 78701 | San Diego, CA 92101 |
| Telephone: (512) 710-5960 | Telephone: (619) 231-1058 |
| Facsimile: (212) 894-7278 | Facsimile: (619) 231-7423 |
| | |
| -and- | *Court-Appointed Co-Lead Counsel* |

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Court-Appointed Co-Lead Counsel*


Ira A. Schochet (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

>                                     */s/ Andrew J. Entwistle*
>                                     Andrew J. Entwistle