UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 (CONSOLIDATED)<br><br>JUDGE GEORGE C. HANKS, JR.<br><br>THIS DOCUMENT RELATES TO:<br><br>CASE NO. 4:22-CV-01189<br>CASE NO. 4:22-CV-02590 |

**THE ALYESKA AND ORBIS PLAINTIFFS' JOINDER IN THE CLASS PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS HPS INVESTMENT PARTNERS, LLC, ARM ENERGY HOLDINGS LLC, AND BAYOU CITY ENERGY MANAGEMENT, LLC**

Direct Action Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (collectively, the "Alyeska Plaintiffs"), and Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (collectively, the "Orbis Plaintiffs" and, together with the Alyeska Plaintiffs, the "Direct Action Plaintiffs"), hereby file this Joinder in the Class Plaintiffs' Opposition (ECF No. 445) (the "Opposition") to the Motion for Summary Judgment by Defendants HPS Investment Partners, LLC, ARM Energy Holdings LLC, and Bayou City Energy Management, LLC (ECF No. 423) (the "Control Entities' Motion").

## **JOINDER**

The Control Entities' Motion is a single motion and supporting brief seeking dismissal of the common claims asserted against them by the Class Plaintiffs, the Alyeska Plaintiffs, and the Orbis Plaintiffs, and based upon the fact record jointly developed in discovery among all of the parties to the Class and Direct Actions. Therefore, in the interest of judicial economy, the Direct Action Plaintiffs hereby join in the Opposition (ECF No. 445), and support, adopt, and incorporate by reference in full the arguments made therein in opposition to the Control Entities' Motion.

The Direct Action Plaintiffs further note that the Defendants' attempt to get a third bite at the Rule 12(b)(6) dismissal apple (following denial of their motions to dismiss the Class and Direct Action complaints) is entirely improper, misinterprets the Court's denial

of their motion to dismiss the Direct Action Plaintiffs' complaints, and misstates the applicable law.  The Defendants point to the Court's statement, in denying their motions to dismiss the Direct Action Plaintiffs' complaints, that the motions were denied "without prejudice to being reasserted as motions for summary judgment" as somehow indicating that the Court has not already ruled on the sufficiency of the pleadings, and argue that the Court should, therefore, re-examine the sufficiency of the Direct Action Plaintiffs' pleadings separately from its review of the evidence adduced in discovery.  (*See* Mot. at 11.)  The Defendants' argument amounts to a backdoor "request that the Court reconsider its denial of the Defendants' motion to dismiss," something that the Court already has expressly "decline[d] to do" in ruling on the motions to dismiss the Direct Action Plaintiffs' complaints.  (ECF No. 343 at 14.)  Further, unlike the cases relied upon by Defendants, the Control Entities' Motion does not apply new law derived from new "key decisions" (*see In re Enron Corp. Sec., Deriv & ERISA Litig.*, 610 F. Supp. 2d 600, 607 (S.D. Tex. 2009)), is not "based solely on the pleadings [with] no reference to affidavits, deposition, or interrogatories" (*see Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993)), nor is it one where no motion to dismiss the relevant claims was previously adjudicated (*see Whalen v. Carter*, 954 F.2d 1087, 1090 (5th Cir. 1992)).  Finally, having developed a voluminous fact record through months of ongoing discovery, it would be grossly inefficient and unjust for the Court to accept the Defendants' request to look past the overwhelming evidence of liability (as set forth extensively in the Opposition) and simply reconsider their prior Rule 12(b)(6) motion.

## **CONCLUSION**

For the reasons set forth in the Opposition, and for the foregoing reasons, the Direct Action Plaintiffs respectfully Request that the Court deny the Control Entities' Motion in its entirety.

Dated: September 21, 2023

Respectfully submitted,

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Michael J. Hampson
Matthew A. Peller
Frank T.M. Catalina
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
mhampson@rksllp.com
mpeller@rksllp.com
fcatalina@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*

Jules P. Slim
TX Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307
Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

*Counsel for the Alyeska and Orbis Plaintiffs*