| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 500 W. 2ND STREET, SUITE 1900-16 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

September 23, 2023

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

We write briefly in response to the Moving Defendants' September 22, 2023 letter (Dkt. 452). Counsel for the Moving Defendants have inexplicably mischaracterized Class Plaintiffs' position. When the Moving Defendants proposed argument dates beginning just a week after the close of briefing, we reminded them that Your Honor's rules quite specifically provide that the Case Manager will notify counsel if the Court determines oral argument would be beneficial. We then told the Moving Defendants that if the Court wanted oral argument on the pending motions, we stood ready to provide dates at that time. The relevant email exchange is attached.

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Entwistle* | */s/ Trig Smith* |
| Andrew J. Entwistle | Trig Smith (*pro hac vice*) |
| Texas Bar No. 24038131 | **ROBBINS GELLER RUDMAN** |
| Attorney-in-Charge | **& DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 W. 2nd Street, Suite 1900-16 | San Diego, CA 92101 |
| Austin, TX 78701 | (619) 231-1058 |
| (512) 710-5960 | TrigS@rgrdlaw.com |
| aentwistle@entwistle-law.com | |
| | |
| *Court-Appointed Class Counsel* | *Court-Appointed Class Counsel* |

| | |
|---|---|
| **From:** | Andrew J. Entwistle |
| **To:** | Courtney Whang |
| **Cc:** | Sheila Sadighi; Christopher Porter; Jacob Waldman; kenneth.young@kirkland.com; Brown, Nick; Brendan Brodeur; Trig Smith; Andrew Sher; Lonnie Browne; Michael Hampson; Matt Peller |
| **Subject:** | Re: Alta Mesa |
| **Date:** | Saturday, September 16, 2023 2:14:31 PM |

I am glad defendants and the opt out plaintiffs have worked out the issue of their short extension on the state law motion.

As to oral argument I note that Section 6.C.6 of Judge Hanks' Court Procedures states: "Separate requests for oral argument on motions are not necessary. The Case Manager will notify counsel if the Court determines that oral argument would be beneficial."  LR7.5.A provides that "[i]f a party views oral argument as helpful to the Court, the motion or response may include a request for it." We will provide our availability when and of we are so notified by the Court.

**Andrew J. Entwistle**

# Entwistle & Cappucci LLP

500 West 2nd Street, Suite 1900
Austin, TX 78701
**M** +1 917 656-5742 **O** +1 512-710-5960
aentwistle@entwistle-law.com   www.entwistle-law.com
AustinNew York

> On Sep 16, 2023, at 11:13 AM, Courtney Whang <courtneywhang@quinnemanuel.com> wrote:
>
> Hi Sheila,
>
> As stated in my September 15 email (before any health issues were raised to us) we were willing to extend professional courtesy to your request for an extension, despite the fact that your firm had previously refused to do the same.  As I re-stated on the phone yesterday afternoon (when we first learned of your reasons for an extension), we remain willing to work out a reasonable extension.  Future correspondence should accurately reflect our communications.  Regardless, your recent proposal (i.e., opposition on 9/26, and reply on 10/6) is fine.
> We have now asked multiple times for Plaintiffs' availabilities in order to advise the Court of a range of hearing dates the parties would be available.  It is clear that neither Class Plaintiffs nor Opt Out Plaintiffs are willing to do that at this time.  We will proceed accordingly.

Best,
Courtney

**Courtney Whang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7375 Direct Office
212-849-7100 FAX
808-554-1223 Mobile
courtneywhang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sheila Sadighi <ssadighi@rksllp.com>
**Sent:** Friday, September 15, 2023 7:35 PM
**To:** Courtney Whang <courtneywhang@quinnemanuel.com>; Andrew J. Entwistle <aentwistle@Entwistle-Law.com>
**Cc:** Christopher Porter <chrisporter@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; kenneth.young@kirkland.com; Brown, Nick <nick.brown@kirkland.com>; Brendan Brodeur <BBrodeur@Entwistle-Law.com>; Trig Smith <TrigS@rgrdlaw.com>; Andrew Sher <asher@entwistle-law.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Michael Hampson <mhampson@rksllp.com>; Matt Peller <mpeller@rksllp.com>
**Subject:** Re: Alta Mesa

**[EXTERNAL EMAIL from ssadighi@rksllp.com]**

Hi Courtney,

I have been off-line for a few hours, but note that it is not our position to refuse to provide our availability to the court. I was trying to disaggregate the hearing issue from our request for a briefing extension, and only gave examples of what I thought communications may be with respect to hearing dates if there were no request for extension.

We are of course happy to check dates and provide availabilities to the extent there will be argument. Including in light of Andrew's email, I would request that you please

advise as to your clients' position on our proposed extended briefing schedule for the one motion; we can then cross the bridge of the scope of communication to the court advising of any such extension, if there is agreement as to that piece.

Thank you and best regards,
Sheila




Sheila Sadighi
Managing Partner
Rolnick Kramer Sadighi LLP
ssadighi@rksllp.com
Direct: 973.996.4991
Mobile: 201.233.1860

---

**From:** Courtney Whang <courtneywhang@quinnemanuel.com>
**Sent:** Friday, September 15, 2023 6:41:48 PM
**To:** Andrew J. Entwistle <aentwistle@Entwistle-Law.com>; Sheila Sadighi <ssadighi@rksllp.com>
**Cc:** Christopher Porter <chrisporter@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; kenneth.young@kirkland.com <kenneth.young@kirkland.com>; Brown, Nick <nick.brown@kirkland.com>; Brendan Brodeur <BBrodeur@Entwistle-Law.com>; Trig Smith <TrigS@rgrdlaw.com>; Andrew Sher <asher@entwistle-law.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Michael Hampson <mhampson@rksllp.com>; Matt Peller <mpeller@rksllp.com>
**Subject:** RE: Alta Mesa


Andrew,


At the June 26, 2023 hearing, HPS requested an argument on the motions for summary judgment and the court said, "not a problem.  If you ever want a hearing, all you do is request it."  Tr. at 32 (Q.  we would like -- if the court thinks it's helpful, we would like a hearing on the MSJ, an oral [argument]. But if the court just thinks that at this point you just need the papers, that's fine. But I would just like to put that out there that we

would like a hearing since we're talking about all of this now and we can raise it at the time. THE COURT: Anybody that requests a hearing, I always give a hearing. So that's not a problem. If you ever want a hearing, all you do is request it.").

You personally attended that hearing, as did Matthew Peller for the Opt-Out Plaintiffs. The record speaks for itself.  We intend to request a hearing, and we reached out for your availability.

Further, when I spoke with Sheila this afternoon, I reiterated that we planned to request a hearing the weeks of October 16 and October 23 (except October 27).  As a matter of "common courtesy"—as you put it—we asked whether Class Plaintiffs and Opt-Out Plaintiffs were also available those weeks.  We take it from your response below, as well as Sheila's, that Plaintiffs are unwilling to provide their availability to us or to the Court.  Given that position, we will simply note in our submission that you are not willing to provide that information.

Best,

Courtney

**Courtney Whang**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7375 Direct Office
212-849-7100 FAX
808-554-1223 Mobile
courtneywhang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Andrew J. Entwistle <aentwistle@Entwistle-Law.com>
**Sent:** Friday, September 15, 2023 5:50 PM
**To:** Sheila Sadighi <ssadighi@rksllp.com>
**Cc:** Courtney Whang <courtneywhang@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Jacob Waldman <jacobwaldman@quinnemanuel.com>; kenneth.young@kirkland.com; Brown, Nick <nick.brown@kirkland.com>; Brendan Brodeur <BBrodeur@Entwistle-Law.com>; Trig Smith <TrigS@rgrdlaw.com>; Andrew Sher <asher@entwistle-law.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Michael Hampson <mhampson@rksllp.com>; Matt Peller <mpeller@rksllp.com>
**Subject:** Re: Alta Mesa

[EXTERNAL EMAIL from aentwistle@entwistle-law.com]

The Class Plaintiffs take no position on any extension of your time on the state law brief. That is between you and defendants.

Whether, if and when the Court desires to hear argument on all or any part of the motions will be up to the Court to decide.  In fact, the Court declined to hear oral argument when it considered and denied with prejudice these same defendants' motions to dismiss in the Class case.  Given that the current motions essentially seek to reargue the motions that were previously denied with prejudice,  it is not clear at all that the Court will want or need oral argument. At best defendants' request is premature and at its worst it appears to be an unfortunate effort to leverage the medical hardships your firm has suffered over the last few weeks when common courtesy would seem to require they simply grant the four business day extension you seek.

**Andrew J. Entwistle**

# Entwistle & Cappucci LLP

500 West 2nd Street, Suite 1900

Austin, TX 78701

**M** +1 917 656-5742 **O** +1 512-710-5960
aentwistle@entwistle-law.com   www.entwistle-law.com

AustinNew York

On Sep 15, 2023, at 3:06 PM, Sheila Sadighi <ssadighi@rksllp.com> wrote:

Andrew and Courtney,

Putting us together on an email string to level set. Apologies in advance for the lengthy email.

As you both are aware, RKS has requested an extension of time on our opposition to the motion directed to our clients' state court claims (to be clear, we have not sought and are not seeking any adjustments to the default schedules for the motions that also involve the Class). We are trying to find agreement on a modest extension that would accommodate our current issues and yet not prejudice, unduly delay, or otherwise adversely impact the other motions, these Defendants, and/or the Class.

We last requested a one-week bump just to our schedule. I am modifying and further limiting that request, and propose now to move our opposition (on just the state law claims motion) from Thursday, September 21 to Wednesday, September 26 (a 4-buisness day extension); and move the Defendants' reply from Thursday, September 28 to Friday October 6.

Courtney previously requested that in connection with any extension to our briefing schedule, we and the Class agree to offer hearing dates during the week of October 16 or 23rd. I relayed the request to the Class, and relayed back to Courtney the Class view that it is up to Judge Hanks to decide if and when he wants to hear from the parties on these issues.

Having now spoken to Courtney, as I understand it, her request that all

parties offer hearing dates was based on the Court previously advising Chris Porter that the Court <u>would</u> hear oral argument on these motions, and that the practice in this case has been to offer the Court a range of dates to schedule.  In that regard, as I understand from Courtney, Defendants would like to send one letter to the Court addressing all motion-related dates, including any change to our state-law claim focused motion briefing schedule, and offering all parties' availability for hearing.

Lacking sufficient information to take any position on what the Court said or didn't say as to oral argument, and/or past practice with respect to scheduling, I'm just focusing on whether we can agree on the above-proposed modest briefing extension for the single motion directly solely to our clients' state law claims.   My guess is that if we were not seeking any extension, and all motions were on the default schedule, at some point Quinn would ask to put in a joint letter offering hearing availability.  Without speaking for the Class, I presume the Class and we would then say that we don't agree that oral argument is necessary, but to the extent the Court would like argument, we are available [X]; or we would provide availability; or Quinn would send its own letter saying the Class and/or we did not join the request for argument.  I can't change the dynamic or ask the Class to change its position as a result of our requested change to the briefing schedule.

If Defendants are willing to agree to my above proposal, then the three main motions would be fully briefed by Thursday, September 28, and the motion on our clients' state law claims would be fully briefed and submitted by the end of the following week.  A separate issue (in my view) would be whether and how anything about possible argument is communicated to the Court, noting only that as a practical matter, if the Court is inclined to hear argument, and hear argument on all the motions together, then subject to the Court's calendar, the earliest likely hearing (to give the Court meaningful time with the papers) would be after Wednesday, October 11th.

Please weigh in if I have not correctly captured the lay of the land.  Otherwise, my ask is whether we can agree on the above-proposed briefing schedule independent of which – if any – potential hearing dates/ranges will be offered by all three of our respective groups.  I'm happy to address that from the RKS perspective separately, as we would in the absence of any request for extension.

Thanks to both of you in advance for your consideration, especially on a Friday afternoon.

Best regards,

Sheila

Sheila Sadighi

Rolnick Kramer Sadighi LLP

ssadighi@rksllp.com

Direct: 973.996.4991

Mobile: 201.233.1860

[This email originated from outside of the organization]

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. Please notify the sender immediately if you have received this e-mail by mistake and delete it from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited

**Entwistle & Cappucci llp has implemented 100% remote working due to COVID-19 and cannot accept physical mail delivery or service of legal papers. Entwistle & Cappucci will accept email service of all documents and will email copies of all correspondence, pleadings and other papers until further guidance is provided. Please email or phone any Entwistle & Cappucci attorney or staff for assistance.**

[This email originated from outside of the organization]