**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION**<br><br>[Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>Defendants. | Civil Action No. 4:22-cv-001189<br><br>[Consolidated Case] |

ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,

Plaintiffs,

v.

ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,

Defendants.

Civil Action No. 4:22-cv-02590

[Consolidated Case]

**REPLY TO THE OPT-OUTS PLAINTIFFS' JOINDERS IN THE CLASS PLAINTIFFS' OPPOSITIONS TO THE MOTIONS FOR SUMMARY JUDGMENT BY DONALD DIMITRIEVICH AND WILLIAM MCMULLEN**

Defendants Donald Dimitrievich and William McMullen respectfully submit this Reply to the Joinders filed by the Alyeska Plaintiffs and Orbis Plaintiffs[1] (the "Opt-Out Plaintiffs" or "Opt-Outs") in the Class Plaintiffs' Oppositions to the Motions for Summary Judgment filed by Messrs. Dimitrievich and McMullen.

**BACKGROUND**

On August 31, 2023, Donald Dimitrievich and William McMullen each filed separate Motions for Summary Judgment as to the Class and Opt-Out Plaintiffs' Section 10(b) and Section 20(a) causes of action against them, Dkt. Nos. 422 and 427, respectively (the "Motions"). On September 21, 2023, the Class Plaintiffs filed individual Oppositions to the Motions, Dkt Nos. 446 and 449, following this Court's denial of their prior request for omnibus briefing. *See* Dkt. No. 439. Rather than file their own separate memoranda of law, the Opt-Outs chose to rely on the Class Plaintiffs' arguments and join in their Oppositions. *See* Dkt. Nos. 447 and 448 (the "Joinders"). The Joinders do not address any alleged misstatements underlying the Opt-Outs' Section 10(b) claims against Messrs. Dimitrievich and McMullen that differ from those alleged by the Class Plaintiffs. *Compare* TAC at ¶¶ 210, 212, *with Alyeska et al. v. AMR et al.*, 4:22-CV-1189 at Dkt. 1 ("Alyeska Complaint") ¶¶ 175, 177, 206, 208, 223, *and Orbis et al. v. AMR et. al*, 4:22-CV-02590 at Dkt. 1 ("Orbis Complaint") ¶¶ 184, 186, 222, 224, 239. The Opt-Outs have therefore

[1] The Alyeska Plaintiffs include Alyeska Master Fund, L.P.; Alyeska Master Fund 2, L.P; and Alyeska Master Fund 3. The Orbis Plaintiffs include Orbis Global Equity LE Fund (Australia Registered); Orbis Global Equity Fund (Australia Registered); Orbis Global Balanced Fund (Australia Registered); Orbis Sicav; Orbis Institutional Global Equity L.P.; Orbis Global Equity Fund Limited; Orbis Institutional Funds Limited; Allan Gray Australia Balanced Fund; Orbis OEIC; and Orbis Institutional U.S. Equity L.P.

waived any arguments related to those alleged misstatements, and their Section 10(b) and Rule 10b-5 claims against Messrs. Dimitrievich and McMullen should be dismissed.

**ARGUMENT**

As discussed in Mr. McMullen's Motion, *see* Dkt. No. 427 at 19-21, which Mr. Dimitrievich has incorporated by reference, Dkt. No. 422 at 17 n.38, Class Plaintiffs have attributed just two statements from the 2017 Form 10-K to Messrs. McMullen and Dimitrievich. To the extent the Opt-Outs have alleged further misrepresentations, such claims are time-barred as argued in Mr. McMullen's January 10, 2023 Motion to Dismiss, Dkt. No. 266 at 3-5, and noted in the Motions. *See* Dkt. 427 at 19 n.51; Dkt. 422 at 17 n.38. Having joined the Class Plaintiffs, Opt-Outs chose to rely on the arguments in their Oppositions, which make no reference to any of the alleged misstatements underlying Opt-Outs' Section 10(b) claims against Messrs. Dimitrievich and McMullen. *See* Alyeska Complaint ¶¶ 175, 177, 206, 208, 223; Orbis Complaint ¶¶ 184, 186, 222, 224, 239. The three-page Joinders filed by the Opt-Outs nowhere address any of their separate alleged misstatements, nor the argument raised by Mr. McMullen, and incorporated by Mr. Dimitrievich, that their Section 10(b) claims are now time-barred.[2] Because the Opt-Outs have failed to put forth ***any*** evidence in support of these alleged misstatements, those arguments are now waived. *See Thorn v. McGary*, 684 F. App'x 430 (5th Cir. 2017) (waiving argument where plaintiff "did not raise [the] argument in opposition to

[2] Rather than substantively address the Motions, the Joinders mischaracterize the law of this case and well-established precedent related to challenges to the sufficiency of pleadings. Messrs. Dimitrievich and McMullen respectfully incorporate their Motions and Replies in Support of their Motions on these issues.

Defendants' motion for summary judgment"). The Opt-Outs' Section 10(b) and Rule 10b-5 claims against Messrs. Dimitrievich and McMullen should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Donald Dimitrievich and William McMullen respectfully request that this Court dismiss the Opt-Out Plaintiffs' Section 10(b) and Rule 10b-5 claims against them as having been waived in opposition to Messrs. Dimitrievich and McMullen's Motions for Summary Judgment.

Dated: September 28, 2023

Respectfully submitted,

/s/ Christopher Porter
(signed by permission of Attorney-in-Charge)

Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000 / Facsimile: (713) 221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000 / Facsimile: (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com

courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DON DIMITRIEVICH**

s/ Kenneth A. Young
Kenneth A. Young (Attorney-in-Charge)
Texas Bar No. 25088699 S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182 S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Emails: kenneth.young@kirkland.com
nick.brown@kirkland.com

**COUNSEL TO BAYOU CITY ENERGY MANAGEMENT, LLC AND WILLIAM MCMULLEN**

**CERTIFICATE OF SERVICE**

I certify that this Reply has been served under seal by the Court's ECF system, and a copy has been served by email to counsel for all parties on September 28, 2023.

/s/ *Christopher Porter*
By: Christopher Porter