# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION**<br><br>[Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>Defendants. | Civil Action No. 4:22-cv-001189<br><br>[Consolidated Case] |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,<br><br>     Plaintiffs,<br><br> v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>     Defendants. | Civil Action No. 4:22-cv-02590<br><br>[Consolidated Case] |

**MOTION ON BEHALF OF DONALD DIMITRIEVICH TO SEAL PORTIONS OF THE REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**
**Dkt No. 468.**

Defendant Donald Dimitrievich respectfully files this Motion to Seal Portions of the Reply in Support of his Motion for Summary Judgment, Dkt. No. 468 (the "Reply"), and accompanying declarations and exhibits, which have been designated as "Confidential" or "Confidential Attorney Eyes Only" (the "Protected Materials") under the Stipulation and Protective Order (ECF No. 190).  Only Class Plaintiffs oppose this Motion to Seal.

Today, Mr. Dimitrievich filed the Reply and accompanying declarations and exhibits under seal.  Mr. Dimitrievich will file a public, redacted version of the Reply and accompanying declarations and exhibits within five (5) business days.

## BACKGROUND

**A.    The Court Executes the Agreed-Upon Stipulation and Protective Order**

On June 1, 2021, Class Plaintiffs and Defendants submitted to the Court an agreed-upon, proposed Stipulation and Protective Order.  ECF No. 174.  Two months later, in a letter observing that the Court had not entered the requested order, Class Plaintiffs urged the Court to issue the proposed Stipulation and Protective Order.  ECF No. 189.  The next day, the Court entered the Stipulation and Protective Order (the "SPO").  ECF No. 190.

The SPO permits parties and non-parties who produce documents in this action to designate such materials as "Confidential" or "Confidential Attorney Eyes Only," limits the permissible disclosure of such materials, and requires that if such materials are filed with the Court that they be "filed only under seal on CM/ECF if filed electronically."  SPO ¶¶ 4, 24.  To the extent another party wishes to challenge the designations of the filed materials, that party can file a motion to unseal the filing.  *Id.* ¶ 14.

The SPO also defines each category of protected information. Specifically, the SPO provides that the "Confidential" designation may be applied to a document that "contains information that is proprietary, commercially sensitive, or composed of trade secrets or commercial information that is not publicly known, or other information required by law or agreement to be kept confidential." *Id.* ¶ 4. The SPO reserved the "Confidential Attorney Eyes Only" designation for material that is "extremely sensitive and contains one of the following categories of information: (i) third-party financial account information; (ii) personal social security numbers, personal bank account numbers or personal credit card numbers; and (iii) a party's current operational or strategic plans regarding its operations, potential mergers, acquisitions, sales or investments." *Id.*.

**B.     Plaintiffs Oppose This Motion to Seal**

When a party files designated materials under seal (as required by Paragraph 24 of the SPO), the parties must "meet-and-confer" before, or within five (5) business days of, the filing "to discuss whether any or all of the documents require being submitted under seal, or should remain under seal." *Id.* ¶¶ 14, 24. If the parties "are unable to reach agreement, the party objecting to the filing under seal may file a motion to unseal." *Id.* ¶ 14.

Pursuant to the SPO, on September 27, 2023, Mr. Dimitrievich notified all parties of his intent to file portions of the Reply under seal and listed the specific exhibits he intended to file under seal, all of which have been designated "Confidential" or "Confidential Attorney Eyes Only" under the SPO. Class Plaintiffs responded that they had no objection to the motion but disagreed that *any* documents should be made

2

confidential under the SPO (other than those containing personal identifying information). No other parties opposed the motion.

## ARGUMENT

Under the SPO, "[i]f any party submits Confidential Discovery Material or Confidential Attorney Eyes Only Discovery Material to the Court, the submission must be filed only under seal on CM/ECF if filed electronically." SPO ¶ 24 (emphasis added). There is no dispute that the exhibits that Mr. Dimitrievich is filing as attachments to the Reply, and portions of his memoranda of law that refer to those exhibits, contain material designated by certain parties as "Confidential" or "Confidential Attorney Eyes Only" under the SPO. *See id.* ¶ 4. The SPO therefore requires that they be filed under seal.

Class Plaintiffs' blanket opposition to any confidentiality designations under the SPO (except those pertaining to personal identifying information) amounts to claiming that the parties were never entitled to the agreed-upon SPO protections in the first place. But Class Plaintiffs cannot cast aside Court-ordered terms on which the parties have relied for two years in producing information in these actions. Pursuant to Paragraph 14 of the SPO, Defendants will seek to continue their meet-and-confer efforts after this filing to determine Class Plaintiffs' specific objections and whether they can be resolved without motion practice.

## CONCLUSION

Pursuant to Paragraph 24 of the SPO, the Protected Materials "must be filed under seal on CM/ECF." SPO ¶ 24. Mr. Dimitrievich therefore requests that the Court grant this Motion to Seal and order the Protected Materials to remain sealed.

Dated: September 28, 2023

Respectfully submitted,

/s/ *Christopher Porter*
(signed by permission of Attorney-in-Charge)

Karl S. Stern (attorney in charge) (SBN 19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000 / Facsimile: (713) 221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000 / Facsimile: (212) 849-7100
Email: michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

**COUNSEL TO HPS INVESTMENT PARTNERS, LLC AND DONALD DIMITRIEVICH**

## CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record by the Court's ECF system and served electronically to counsel for all parties with an email address on record on September 28, 2023.

                                                                                        /s/ *Christopher Porter*
                                                                                        By:  Christopher Porter

## CERTIFICATE OF CONFERENCE

I certify that, on September 27, 2023, counsel for Defendant Donald Dimitrievich conferred with counsel for all parties regarding the substance of this Motion. Only Class Plaintiffs oppose this Motion.

                                                                                        /s/ *Christopher Porter*
                                                                                       By:  Christopher Porter