## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> **<u>CLASS ACTION</u>** <br><br> [Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br>        Plaintiffs, <br><br>   v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER, <br><br>       Defendants. | Civil Action No. 4:22-cv-001189 <br><br> [Consolidated Case] |

ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,

            Plaintiffs,

     v.

ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,

            Defendants.

Civil Action No. 4:22-cv-02590

[Consolidated Case]

## UNOPPOSED MOTION ON BEHALF OF DONALD DIMITRIEVICH AND WILLIAM MCMULLEN TO SEAL PORTIONS OF THE REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
**Dkt No. 476**

Donald Dimitrievich and William McMullen respectfully file this Motion to Seal Portions of the Reply in Support of their Motion for Summary Judgment as to Opt-Out Plaintiffs' Section 18 and State Law Claims, Dkt. No. 476 (the "Reply"), and accompanying declarations and exhibits, which have been designated as "Confidential" or "Confidential Attorney Eyes Only" (the "Protected Materials") under the Stipulation and Protective Order (ECF No. 190).  The Motion to Seal is unopposed, but Class Plaintiffs reserve their right to move to unseal.

Today, Messrs. Dimitrievich and McMullen filed the Reply and accompanying declarations and exhibits under seal.  Messrs. Dimitrievich and McMullen will file a public, redacted version of the Reply and accompanying declarations and exhibits within five (5) business days.

## BACKGROUND

### A.    The Court Executes the Agreed-Upon Stipulation and Protective Order

On August 17, 2021, this Court entered the Stipulation and Protective Order (the "SPO").  ECF No. 190.

The SPO permits parties and non-parties who produce documents in this action to designate such materials as "Confidential" or "Confidential Attorney Eyes Only," limits the permissible disclosure of such materials, and requires that if such materials are filed with the Court that they be "filed only under seal on CM/ECF if filed electronically."  SPO ¶¶ 4, 24.  To the extent another party wishes to challenge the designations of the filed materials, that party can file a motion to unseal the filing.  *Id.* ¶ 14.

The SPO also defines each category of protected information.  Specifically, the SPO provides that the "Confidential" designation may be applied to a document that "contains information that is proprietary, commercially sensitive, or composed of trade secrets or commercial information that is not publicly known, or other information required by law or agreement to be kept confidential."  *Id.* ¶ 4.  The SPO reserved the "Confidential Attorney Eyes Only" designation for material that is "extremely sensitive and contains one of the following categories of information:  (i) third-party financial account information; (ii) personal social security numbers, personal bank account numbers or personal credit card numbers; and (iii) a party's current operational or strategic plans regarding its operations, potential mergers, acquisitions, sales or investments."  *Id.*.

### B.    Plaintiffs Reserve Right to Move to Unseal

When a party files designated materials under seal (as required by Paragraph 24 of the SPO), the parties must "meet-and-confer" before, or within five (5) business days of, the filing "to discuss whether any or all of the documents require being submitted under seal, or should remain under seal."  *Id.* ¶¶ 14, 24.  If the parties "are unable to reach agreement, the party objecting to the filing under seal may file a motion to unseal."  *Id.* ¶ 14.

Pursuant to the SPO, on October 10, 2023, Messrs. Dimitrievich and McMullen notified all parties of their intent to file portions of the Reply under seal and listed the specific exhibits they intended to file under seal, all of which have been designated "Confidential" or "Confidential Attorney Eyes Only" under the SPO.  Class Plaintiffs

responded that they do not object to the Motion to Seal, but reserve the right to move to unseal. No parties oppose the motion.

## ARGUMENT

Under the SPO, "[i]f any party submits Confidential Discovery Material or Confidential Attorney Eyes Only Discovery Material to the Court, the submission must be filed only under seal on CM/ECF if filed electronically." SPO ¶ 24 (emphasis added). There is no dispute that the exhibits that Messrs. Dimitrievich and McMullen file as attachments to the Reply, and portions of their memoranda of law that refer to those exhibits, contain material designated by certain parties as "Confidential" or "Confidential Attorney Eyes Only" under the SPO. *See id.* ¶ 4. The SPO therefore requires that they be filed under seal.

## CONCLUSION

Pursuant to Paragraph 24 of the SPO, the Protected Materials "must be filed under seal on CM/ECF." SPO ¶ 24. Messrs. Dimitrievich and McMullen therefore request that the Court grant this unopposed Motion to Seal and order the Protected Materials to remain sealed.

Dated:   October 10, 2023                  Respectfully submitted,

                                           /s/ *Christopher Porter*
                                           (signed by permission of Attorney-in-Charge)


                                           Karl S. Stern (attorney in charge) (SBN 19175665)
                                           Christopher D. Porter (SBN 24070437)
                                           **QUINN EMANUEL URQUHART &**
                                           **SULLIVAN, LLP**
                                           711 Louisiana Street, Suite 500
                                           Houston, TX 77002
                                           Telephone:  (713) 221-7000
                                           Facsimile:   (713) 221-7100
                                           Email: karlstern@quinnemanuel.com
                                           chrisporter@quinnemanuel.com

                                           **-AND-**

                                           Michael B. Carlinsky (*pro hac vice*)
                                           Jacob J. Waldman (*pro hac vice*)
                                           Courtney C. Whang (*pro hac vice*)
                                           51 Madison Avenue, 22nd Floor
                                           New York, NY 10010
                                           Telephone:  (212) 849-7000
                                           Facsimile:   (212) 849-7100
                                           Email: michaelcarlinsky@quinnemanuel.com
                                           jacobwaldman@quinnemanuel.com
                                           courtneywhang@quinnemanuel.com
                                           **COUNSEL TO HPS INVESTMENT**
                                           **PARTNERS, LLC AND DONALD**
                                           **DIMITRIEVICH**

4

## **CERTIFICATE OF SERVICE**

I certify that this motion has been served on counsel of record by the Court's ECF system and served electronically to counsel for all parties with an email address on record on October 10, 2023.

/s/ *Christopher Porter*
By:  Christopher Porter

## **CERTIFICATE OF CONFERENCE**

I certify that, on October 10, 2023, counsel for Donald Dimitrievich and William McMullen conferred with counsel for all parties regarding the substance of this Motion. No parties oppose this Motion.

/s/ *Christopher Porter*
By:  Christopher Porter

5