**Christian J. Word**
Direct Dial: 202.637.2223
christian.word@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

December 22, 2023

VIA ECF
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Ruck Street, Room 6206
Houston, Texas 77002

Re: *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 19-CV-00957

Dear Judge Hanks:

Defendants Alta Mesa Resources, Inc., Riverstone Holdings, LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters ("Defendants") submit this letter to advise the Court regarding the filing of their motions for summary judgment in the above-referenced consolidated action.

As the Court has acknowledged, this is a complex case. It concerns claims made under four separate federal statutes (as well as Texas statutory and common law) by a class of stockholders and two separate groups of investment funds against nineteen defendants (fourteen of which are parties to this letter) challenging dozens of alleged misstatements under a variety of legal theories that apply to only certain defendants. Because Plaintiffs must prove their claims against each individual defendant (e.g., prove a defendant made a statement that was materially false or misleading, did so with the requisite intent or acted negligently, and that the statement proximately caused Plaintiffs' alleged loss) and each defendant has a personal affirmative defense (i.e., whether they acted with good faith), each of the fourteen Defendants has a personalized basis for seeking summary judgment.

Despite these varying legal theories and defenses across the fourteen Defendants we represent, we have avoided fourteen separate motions and instead have done our best to consolidate their arguments into five motions for summary judgment with each focused on a separate group of defendants, time-period, and/or related claims. For the Court's reference, the attached appendix sets forth a summary of the issues and arguments addressed in each motion (replicating the table of contents of each).

While Defendants recognize that inevitably the five motions still contain some overlap, we have tried to minimize duplication and structure the motions in the best way possible to ease the Court's consideration of the multitude of claims, issues, and parties in this case. Defendants also advised Plaintiffs that they would be filing these motions for summary judgment by the deadline as required in the attached scheduling order.

Respectfully submitted,

/s/ *J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

LATHAM&WATKINS LLP

**Appendix A: Defendants' Summary Judgment Motions**

| Moving Defendants | Table of Contents |
|---|---|
| AMR, Riverstone, Gutermuth, Hackett, Tepper, and Walters ("Proxy Defendants") | A. The Undisputed Facts Demonstrate That The Proxy Defendants Exercised Reasonable Care In Distributing The Proxy<br><br>B. The Undisputed Facts Demonstrate That The Challenged Statements In The Proxy Are Not Materially False<br><br>1. The PSLRA Safe Harbor Immunizes The Projections<br><br>2. The Proxy Defendants Believed The Opinion Statements Were True<br><br>C. Plaintiffs Cannot Prove Loss Causation<br><br>D. The Proxy Defendants Are Entitled To Summary Judgment on Plaintiffs' Proxy-Related Section 20(a) Claims Because They Acted In Good Faith |
| Gutermuth, Hackett, Lapeyre, Leuschen, Sinclair, Tepper, and Walters ("AMR Directors") | A. AMR Directors Are Entitled To Summary Judgment On Plaintiffs' Section 10(b) Claims<br><br>1. The Undisputed Facts Demonstrate That The SRII ICFR Statement Was Not False<br><br>2. The Undisputed Facts Demonstrate That The KFM Risk Disclosure Was Not Actionably False<br><br>3. The Undisputed Facts Demonstrate That AMR Directors Did Not Act With Scienter In Signing The 2017 10-K<br><br>4. The Undisputed Facts Demonstrate That Plaintiffs Cannot Prove Loss Causation Or Damages<br><br>B. AMR Directors Are Entitled To Summary Judgment On Plaintiffs' Section 20(a) Claims<br><br>1. The Undisputed Facts Demonstrate AMR Directors Lacked Control<br><br>2. The Undisputed Facts Demonstrate The AMR Directors Acted In Good Faith |

LATHAM&WATKINS LLP

| Moving Defendants | Table of Contents |
|---|---|
| AMR, Chappelle, Ellis, and Smith ("AMR and Management") | I. Moving Defendants Are Entitled To Summary Judgment On The Section 10(b) Claims<br>A. Statements Made About AMH And KFM Before The Business Combination Are Not Actionable Under Section 10(b)<br>B. The Projection Statements Are Immunized By The Safe Harbor<br>1. The Projection Statements Were Accompanied By Meaningful Cautionary Language And Were Immaterial<br>2. A Jury Could Not Reasonably Conclude That Projection Statements Were Made With Actual Knowledge Of Falsity<br>C. The Undisputed Record Disproves Plaintiffs' Claims Of An Alleged Undisclosed Production Inflation Strategy<br>1. Plaintiffs Abandoned Their Deviated-Wellbores Argument<br>2. Undisputed Evidence Shows That AMR's Use Of Esps Was Appropriate And Disclosed<br>D. No Scienter: Plaintiffs Cannot Prove Chappelle Made The Internal Controls Statements Recklessly<br>E. Plaintiffs Have Not Proved Loss Causation Or Damages<br>II. Ellis And Smith Are Entitled To Summary Judgment On Plaintiffs' Section 20(a) Claims |

LATHAM&WATKINS LLP

| Moving Defendants | Table of Contents |
|---|---|
| Riverstone, Coats, and Walker | A. Riverstone Was A Minority Stockholder Without Control Over the Speakers of the Challenged Statements<br>B. Riverstone Acted In Good Faith<br>C. Coats and Walker Did Not Control the SRII Board or AMH's CEO<br>D. The Undisputed Facts Establish That Coats and Walker Acted in Good Faith |
| All Defendants | A. Opt-Out Plaintiffs Cannot Establish Evidence Sufficient To Support Their Section 10(b) Claims<br>1. The Projections Are Immunized by the Safe Harbor<br>2. The Undisputed Facts Demonstrate that Defendants Believed The Opinion Statements Were True<br>3. The Opt-Out Plaintiffs Cannot Prove The Generalized Statements Were Material To Their Investment Decisions<br>4. Plaintiffs Have Not Proved Loss Causation Or Damages<br>B. Defendants Are Entitled to Summary Judgment As To The Opt-Out Plaintiffs' Section 14(a) Claims<br>C. The Section 18 Claims Are Time Barred And Fail On The Merits<br>D. The State-Law Claims Must Be Dismissed Under SLUSA<br>E. The Opt-Out Plaintiffs' Common Law Fraud And Texas Business & Commerical Code § 27.01(a) Claims Also Fail<br>F. Defendants Are Entitled To Summary Judgment As To The Orbis Plaintiffs' Holders-Type Fraud Claim |

## Appendix B: Fourth Amended Scheduling Order (ECF 376)

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |
| --- | --- |

# FOURTH AMENDED SCHEDULING ORDER

The disposition of the above-captioned consolidated class action and the two individual actions consolidated therewith will be controlled by the following schedule:

| | |
| --- | --- |
| 1. N/A | **RULE 26(F) CONFERENCE** |
| 2. N/A | **ANSWER TO COMPLAINT** |
| 3. N/A | **MOTION TO CERTIFY CLASS** |
| 4. N/A | **COMPLETION OF DEPOSITIONS IN CONNECTION WITH CLASS CERTIFICATION** |
| 5. N/A | **OPPOSITIONS TO CLASS CERTIFICATION MOTION** |
| 6. N/A | **REPLIES TO CLASS CERTIFICATION OPPOSITIONS** |
| 7. N/A | **MOTIONS FOR LEAVE TO AMEND PLEADINGS AND ADD NEW PARTIES** |

| | |
|---|---|
| 8. N/A | **SUBSTANTIAL COMPLETION OF DOCUMENT DISCOVERY** |
| 9. N/A | **REQUEST(S) FOR PRE-MOTION CONFERENCE FOR MOTIONS TO DISMISS *ORBIS* AND *ALYESKA* COMPLAINTS** |
| 10. N/A | **RESPONSE(S) TO REQUEST(S) FOR PRE-MOTION CONFERENCE** |
| 11. N/A | **COMMENCEMENT OF MERITS DEPOSITIONS** |
| 12. June 29, 2023 | **COMPLETION OF FACT DISCOVERY (other than RFAs)** Written discovery and document requests are not timely if they are served at a time where the recipient would not be required under the Federal Rules of Civil Procedure to respond until after this deadline. The parties will follow the meet and confer protocol regarding requests for admission outlined by the Court at the May 8, 2023 conference. The conclusion of fact discovery does not affect the parties' rights to enforce or seek relief from the Court with respect to timely served discovery requests. |
| 13. July 18, 2023 | **LAST DATE TO SERVE UPDATED RESPONSES TO CONTENTION INTERROGATORIES** Each party may supplement its responses to contention interrogatories to include evidence obtained during any deposition of an adverse party occurring after this date. |
| 14. July 31, 2023 | **LAST DATE TO SERVE FACT-RELATED REQUESTS FOR ADMISSION AND TO COMPLETE DEPOSITIONS PROPERLY NOTICED PRIOR TO THE END OF FACT** |

**DISCOVERY** The parties have scheduled certain depositions that were properly noticed prior to the close of fact discovery to occur in July 2023. All such depositions shall be treated as if they occurred prior to the close of fact discovery for purposes of the parties' discovery rights with respect to those depositions, including requests made in connection with new information identified during such depositions. No additional depositions are permitted.

15. August 31, 2023 — **EXPERT REPORTS DUE**

16. October 19, 2023 — **REBUTTAL EXPERT REPORTS DUE**

17. November 16, 2023 — **EXPERT DISCOVERY CUT-OFF** Expert-related requests for admission are not timely if they are served at a time where the recipient would not be required under the Federal Rules of Civil Procedure to respond until after this deadline. The parties will follow the meet and confer protocol regarding expert-related requests for admission outlined by the Court at the May 8, 2023 conference.

18. On or before December 22, 2023 — **SUMMARY JUDGMENT AND/OR DAUBERT MOTIONS** Briefing shall follow schedule set forth in the Local Rules unless otherwise stipulated.

19. April 12, 2024 at 3:30 p.m. — **DOCKET CALL** Case to be set on the Court's May trial calendar.

Estimated Trial Time: TBD

SIGNED at Houston, Texas, this 10th day of July, 2023.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE