UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**PUBLIC VERSION OF DKT. 516** |

**CLASS PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY BY DEFENDANTS' EXPERT EDWARD FETKOVICH**

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING ............................................................ 1

STATEMENT OF ISSUE TO BE RULED UPON .......................................................... 1

APPLICABLE LEGAL STANDARD ............................................................................... 1

SUMMARY OF PERTINENT FACTS ............................................................................ 2

SUMMARY OF OPINION AT ISSUE ............................................................................. 5

SUMMARY OF THE ARGUMENT ................................................................................. 5

EXPANDED ARGUMENT AND POINTS OF AUTHORITY ........................................ 6

  A. Mr. Fetkovich Failed to Use Actual Cost Data .............................................. 6

  B. Mr. Fetkovich Improperly Failed to Include the Cost of 21 ESPs
    That Yielded No Measurable Economic Benefit .......................................... 7

CONCLUSION ................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Daubert v. Merrell Dow Pharms, Inc.*,
    509 U.S. 579 (1993) ................................................................................................... 1, 2, 8

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-CV-33-JRG-RSP, 2016 WL 122967 (E.D. Tex. Jan. 9, 2016) ................. 7

*Guillory v. Domtar Indus. Inc.*,
    95 F.3d 1320 (5th Cir. 1996) .................................................................................. 6, 7

*Lewis v. Seacor Marine, Inc.*,
    No. 02-116, 2002 WL 34359733 (E.D. La. Oct. 23, 2002) .................................... 8

*McNabney v. Lab'y Corp. of Am.*,
    153 F. App'x 293 (5th Cir. 2005) ............................................................................ 8

*Moore v. Int'l Paint, L.L.C.*,
    547 F. App'x 513 (5th Cir. 2013) ............................................................................ 6

*Puga v. RCX Solutions, Inc.*,
    922 F.3d 285 (5th Cir. 2019) ................................................................................... 2

*Viterbo v. The Dow Chem. Co.*,
    826 F.2d 420 (5th Cir. 1987) ................................................................................... 2

*Watkins v. Telsmith, Inc.*,
    121 F.3d 984 (5th Cir. 1997) ................................................................................... 2

**Rules**

Fed. R. Evid. 702 ................................................................................................................ 1, 5

## NATURE AND STAGE OF THE PROCEEDING

This is a certified class action pursuant to Sections 10(b), 14(a) and 20(a) of the Exchange Act. Dkt. 241. The dispute arose in the wake of the catastrophic collapse of Alta Mesa Resources, Inc. ("AMR") within a year after it was taken public on February 9, 2018, at a valuation of $3.8 billion by way of a SPAC named Silver Run. The class includes shareholders who were entitled to vote on the de-SPAC transaction, as well as persons and entities who bought shares in the public SPAC or the successor entity. Expert discovery has concluded, and the matter is scheduled for a docket call on April 12, 2024 with trial to be set on the Court's May trial calendar (Dkt. 376).

## STATEMENT OF ISSUE TO BE RULED UPON

Is Mr. Fetkovich's proffered testimony regarding a purported economic analysis of Alta Mesa's ESP usage in 2018, as described in his rebuttal report (Ex. 1)[1] at Section IV and summarized on page 2 thereof, inadmissible pursuant to Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and related decisional authority because it: (i) uses unrealistic ESP cost assumptions instead of actual cost data; and (ii) completely ignores a significant subset of the wells on which Alta Mesa installed ESPs from the analysis?

## APPLICABLE LEGAL STANDARD

Fed. R. Evid. 702 provides that an expert witness may only offer opinion testimony "if the proponent demonstrates to court that it is more likely than not that:

---

[1] All "Ex. _" references are to the exhibits attached to the Declaration of Andrew J. Entwistle in Support of Class Plaintiffs' Motion to Exclude Certain Opinion Testimony by Defendants' Expert Edward Fetkovich, filed concurrently herewith.

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

In the Fifth Circuit, while a trial court has "wide latitude in determining the admissibility of expert testimony," *Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quoting *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997)), the court must "ensur[e] that the evidence in dispute is at least sufficiently reliable and relevant to the issue so that it is appropriate for the jury's consideration." *Puga* at 294.[2]

## SUMMARY OF PERTINENT FACTS

Class Plaintiffs assume the Court's general familiarity with the facts and issues of the case, and respectfully incorporate by reference the statement of facts contained in their opposition to the motion for summary judgment by Entity Defendants HPS, BCE and ARM (Dkt. 445). The following facts, variously disputed or undisputed, in this section are pertinent to the present motion and are provided for context.

Leading up to and following Alta Mesa's transformation into a publicly held company, certain defendants made a series of statements in 2017 and 2018 regarding the

---

[2] In other words, exclusion is available but disfavored in this Circuit. "Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. The Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

amount of recoverable oil and gas in Alta Mesa's acreage and, relatedly, the number of drilling locations that had been identified and the amount of oil that would be recovered, on average from those locations. Third Amended Complaint, Dkt. 218 at pp. 58-80 ("TAC"). Additionally, Alta Mesa's investor materials and the Proxy Statement for the de-SPAC transaction included earnings estimates that were based on the projected production from Alta Mesa's existing and future wells. TAC ¶¶ 206-208. Class Plaintiffs allege that these statements were made without a reasonable basis and in contradiction of Defendants' internal data and projections. ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

        ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████  ███

████████████████████████████

3

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████

Plaintiffs allege that Alta Mesa used ESPs to boost its production results in the short term to create the false appearance that it might attain its medium-term and long-term projections, rather than as part of the "disciplined artificial lift review process" that Alta Mesa publicly claimed to employ. Ex. 10 at slide 9. Class Plaintiffs intend to submit to the jury that Alta Mesa's frantic and indiscriminate deployment of expensive ESPs is one factor demonstrating the scienter of Chappelle, Ellis and Alta Mesa, *i.e.*, they undertook a counter-economic course of action to inflate short-term production results because they knew that, otherwise, Alta Mesa would fall even farther short of its 2018 production forecasts. Class Plaintiffs also intend to submit to the jury that these defendants' use of ESPs in 2018 was itself a component of their fraud, *i.e.*, that defendants made false and misleading statements regarding their approach to artificial lift. Contemporaneous documents and percipient-witness testimony demonstrate that Alta Mesa's personnel concluded that the ESP program was not economical and conveyed this information to

Defendant Chappelle, but, when told, Chappelle pretended not to hear and walked away. Ex. 14 at 152:16-153:23; 166:1-168:11.

## SUMMARY OF OPINION AT ISSUE

Latham & Watkins, counsel for Alta Mesa, Riverstone, and certain individual defendants, retained Edward Fetkovich, a petroleum engineer, to testify on Defendants' behalf as an expert witness at the trial in this matter.[3] Among other opinions not challenged here, Fetkovich purports to conduct a retrospective economic analysis concluding that Alta Mesa's ESP usage was economical.[4]

## SUMMARY OF THE ARGUMENT

In addition to the numerous other shortcomings in his analysis, which implicate its weight and which are not raised herein, Mr. Fetkovich's economic analysis is inadmissible because it uses assumptions regarding the costs of ESPs instead of Alta Mesa's actual cost data, and because it excludes the costs of 21 ESPs that yielded no measurable economic benefit. Thus, his opinion is not "based on sufficient facts or data," (Fed. R. Evid. 702(b)), nor does it "reflect[ ] a reliable application of the principles and methods to the facts of the case" (Fed. R. Evid. 702(d)).

---

[3] Ex. 2 at 19:22-20:11. Mr. Fetkovich has not specifically identified the defendants on whose behalf he was retained. *Id*.

[4] Mr. Fetkovich's reports also disclose opinions regarding ESPs outside of his purported economic analysis, in a vein similar to the opinion testimony offered by Class Plaintiffs' experts Kirkland and McGowen. Class Plaintiffs intend to cross-examine Mr. Fetkovich on this testimony at trial, but do not challenge its admissibility by this motion.

### EXPANDED ARGUMENT AND POINTS OF AUTHORITY

    A.    **Mr. Fetkovich Failed to Use Actual Cost Data**

At a general level, a retrospective economic analysis of a program, such as Alta Mesa's 2018 ESP program, (1) measures the economic benefits derived as a result the program, (2) measures the economic costs incurred as a result of the program, and (3) compares the costs and benefits arithmetically. ███████████

███████████████████████████████████████

███████████████████████████████████████

███

Estimating an input instead of using available actual data can render the output unreliable and inadmissible. *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515-16 (5th Cir. 2013) (affirming exclusion of expert opinion based on an assumed hourly wage of $6.00 when actual hourly rate varied between $6.99 and $8.00). Here, neither Fetkovich nor the defendants offer any reason why he could not have used Alta Mesa's actual accounting data, rather than a combination of his own guesswork and Alta Mesa's internal guesswork that was internally known to be inaccurate. ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████ In *Guillory*, the defendant's expert reconstructed a forklift accident using a model that contained modifications made after the accident. *Id*. The district court excluded the portion of his opinion based on that reconstruction, and the

Fifth Circuit affirmed, because the expert's opinion "was not based upon the facts in the record but on altered facts and speculation designed to bolster Deere's position." *Id.* Similarly, here, Defendants have constructed an analysis based on a fictional set of operating cost assumptions, rather than using the actual operating costs. As such, the opinion should be excluded. *See also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 122967, at *5 (E.D. Tex. Jan. 9, 2016) (excluding expert opinion valuing patent royalty by comparison to other licensed patents without considering differences in the value of those patents).

In addition to guessing at the costs of operating the ESPs, Mr. Fetkovich's analysis assumes the cost of installing each ESP was the cost listed on Alta Mesa's prospective Authorization For Expenditure forms ("AFEs"), instead of the actual, now known, installation cost. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Because the installation costs shown in the AFEs are unreliable, Fetkovich's opinion based on those costs is unreliable, and should be excluded.

### B. Mr. Fetkovich Improperly Failed to Include the Cost of 21 ESPs That Yielded No Measurable Economic Benefit

Mr. Fetkovich's economic analysis should be excluded for the additional independent reason that it does not account for the costs of 21 wells for which ESPs were installed and had no measurable economic benefit. Mr. Fetkovich has explained that these ESPs were installed in "new wells" and that his methodology for calculating the benefit derived from ESPs therefore could not be applied to such wells. Ex. 2 at 252:19-253:9; 271:25-272:4. But Mr. Fetkovich conceded at his deposition that the costs incurred in

7

connection with these 21 ESPs could be calculated just as easily as the costs for the 81 wells he did analyze, and that the costs were excluded simply because he could not calculate the benefit. Ex. 2 at 254:20-255:4. ██████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████). *Lewis v. Seacor Marine, Inc.*, No. 02-116, 2002 WL 34359733, at *2 (E.D. La. Oct. 23, 2002) ("Although the case law makes it clear that absolute certainty is impossible, considerations of reliability and relevance require that any economic analysis be ensconced with some resemblance to reality.") (citing *Daubert*). *See also McNabney v. Lab'y Corp. of Am.*, 153 F. App'x 293, 295 (5th Cir. 2005) (affirming exclusion of causation expert who did not consider alternative possible causes of injury suggested by medical record).

## **CONCLUSION**

For all of the foregoing reasons, Class Plaintiffs respectfully request that the Court issue an Order striking from the Expert Rebuttal Report of Edward Fetkovich: (█████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

8

████████████████████████████████ Class Plaintiffs further request that the Court decline to consider Mr. Fetkovich's purported economic analysis in connection with any motion for summary judgment. Class Plaintiffs further request that the Court order Mr. Fetkovich not to testify at trial regarding his purported economic analysis and order defense counsel not to elicit such testimony. A proposed order is submitted herewith.

Dated: December 22, 2023                                   Respectfully submitted,

/s/ Andrew J. Entwistle
Andrew J. Entwistle (attorney-in-charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308

**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7278

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Court-Appointed Co-Lead Counsel*

Ira A. Schochet (*pro hac vice*)

/s/ Trig Smith
Trig Smith (*pro hac vice*)
Lonnie Browne (*pro hac vice*)
John Kelley (*pro hac vice*)

**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Court-Appointed Co-Lead Counsel*

9

David Saldamando (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served under seal via the Court's ECF system, and a copy has been served via email to counsel for all parties on December 22, 2023.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle