# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |

## DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION TO EXCLUDE CERTAIN OPINION TESTIMONY BY DEFENDANTS' EXPERT ROBERT RASOR[1]

---

[1] Alta Mesa Resources, Inc. ("AMR"), Riverstone Holdings, LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters.

## STATEMENT OF THE ISSUE AND SUMMARY OF ARGUMENT

Defendants intend to offer the testimony of Robert Rasor, a Texas-licensed petroleum engineer with over 35 years of experience in oil and natural gas reserves valuation and in upstream operations. Rasor has a Masters in Petroleum Engineering with a secondary focus on statistics. Rasor Rpt. (ECF No. 539-2) ¶ 2. Rasor intends to testify that Alta Mesa's well count and spacing decisions were reasonable and consistent with industry standards and practices in the context of the STACK. *Id.* ¶ 7. Rasor also intends to testify, based on his statistical analysis, to the earliest time at which Alta Mesa could have reliably estimated the average estimated ultimate recovery ("EUR") for wells placed on production at the end of 2017 and beginning of 2018. *Id.* ¶¶ 93-94.

Class Plaintiffs only challenge Rasor's statistical analysis. They recognize that Rasor is a "longtime petroleum engineer" and make no claim that he is not qualified to offer his opinions, including with respect to his statistical analysis. Mot. (ECF No. 539) at 4. Class Plaintiffs also do not dispute the relevance of Rasor's analysis or the "soundness of the statistical theory." *Id.* at 6. They concede the analysis is "sophisticated and mathematically complex." *Id.* at 5. Class Plaintiffs claim, however, that Rasor's statistical analysis should be excluded because they say he "arbitrarily excludes" results from wells they believe should be included. *Id.* at 1.

Class Plaintiffs' dispute with Rasor's statistical analysis is quintessentially one that should be resolved by a jury, not a *Daubert* motion. Their core contention is that Rasor should have picked some reference date other than December 1, 2017 for beginning his analysis. Class Plaintiffs in effect challenge Rasor's inputs but do not contend that Rasor's

general methodology is unsound nor that he applied it incorrectly based on the inputs he did select. Their claim that Rasor's inputs rely on "counter-evidentiary premises" is not just wrong but, as they themselves emphasize, is better left to vigorous cross examination and presentation of contrary evidence. *Id.* at 2 n.2.

## LEGAL STANDARD

Federal Rule of Evidence 702 requires that "[expert] testimony [be] the product of reliable principles and methods" and "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(c)-(d). "The Court's role is not to decide whether an expert's opinion is correct, but is limited to determining whether expert testimony is pertinent to an issue in the case and whether the methodology underlying that testimony is sound." *YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 429208, at *3 (W.D. Tex. Jan. 28, 2017).[2] "[T]he Fifth Circuit has cautioned against transforming a motion to exclude an expert into a trial on the merits, because the factfinder may be entitled to accept or reject an expert's testimony including by judging whether the predicate facts on which an expert relied are accurate." *Nucor Corp. v. Requenez*, 578 F. Supp.3d 873, 889-90 (S.D. Tex. 2022).

## ARGUMENT

### A.  Class Plaintiffs' Argument Is Not a Proper Basis for Exclusion

Class Plaintiffs object to Rasor's use of December 1, 2017, as the reference date for his statistical analysis, alleging it was "arbitrary, or it was deliberately chosen to yield the

---

[2] Internal quotation marks, emphasis and citations are omitted unless otherwise noted.

2

desired result" and "depends on the premise that data from the 'old wells' could not be used to predict recovery from the new wells." Mot. at 6, 8. But these objections are a paradigmatic matter for cross-examination, not a *Daubert* motion.

Whether December 1, 2017 is a valid input date or whether Rasor should have included older wells is to be decided by the jury; it is not part of the reliability inquiry under Rule 702. *See Om Sai Ram Hosp. LLC v. Amguard Ins. Co.*, 2023 WL 5670647, at *2 (W.D. La. July 27, 2023) ("Challenges to the inputs used by an expert rather than his methodology are fodder for cross-examination instead of grounds for exclusion."); *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, 2022 WL 16964752 at *4 (N.D. Tex. Nov. 16, 2022) ("[A]n expert's opinions are not inadmissible simply because an underlying assumption may be contestable."). Moreover, "criticisms with [an expert's] assumptions concern[ing] factual disputes between the parties . . . are [] not grounds for excluding [an expert's] opinion." *United States ex rel. Mitchell v. CIT Bank, N.A.*, 2022 WL 1233651, at *4 (E.D. Tex. Apr. 26, 2022). "The *Daubert* analysis applies to the process of the expert's conclusions, not the merits of the conclusions themselves. The merits remain subject to attack at trial under traditional principles of vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Bailey v. Stanley Access Techs., Inc.*, 2015 WL 6828921, at *5 (N.D. Miss. Nov. 6, 2015).

Class Plaintiffs' arguments are not the stuff of motions to exclude under *Daubert*—Class Plaintiffs do not allege that Rasor employed pseudoscience to reach a pernicious or outlandish conclusion. And they do not allege that he lacked the qualifications to perform his analysis. Mot. at 5. It is only where an expert uses an unreliable methodology or

3

applies that method unreliably that exclusion is warranted. *See* Fed. R. Evid. 702(c)-(d). Here, Class Plaintiffs simply disagree with Rasor's chosen data set.[3] But the trier of fact is best suited to determine whether Rasor's statistical analysis is correct, and Class Plaintiffs can probe the opinion on cross-examination.

### B. Rasor's Reference Date Reflects a Reliable Application of His Sound Methodology

Contrary to Class Plaintiffs' claims, Rasor provided ample and sound justification for his choice of December 1, 2017, as the beginning date for his statistical analysis. Rasor's methodology was thus reliably applied to the facts of the case, and his resulting opinion should not be excluded.

The purpose of Rasor's statistical analysis was to determine when Alta Mesa had "sufficient data . . . available to estimate with reasonable confidence an average ultimate oil recovery for wells recently placed on production." Rasor Rpt. ¶ 93; *see also* Ex. 1 (Rasor Dep.) at 209:5-16. Rasor identified December 1, 2017, as the appropriate reference date for his analysis because of the high number of wells that came online in December

---

[3] Class Plaintiffs' experts contend that Alta Mesa should have known much earlier about the less-than-projected recovery based earlier drilled wells. Rasor, however, disagrees that such early data was sufficient to put Alta Mesa on notice. *See* Rasor Rpt. ¶¶ 103–105. The Defendants also disagree about the sufficiency of this early data, which is why they continued to drill. *See, e.g.*, Defs.' Mot. Summ. J. (ECF No. 526) at 6 ("[T]here is no evidence that the information provided to the board by management suggested that continued drilling in the latter half of 2018 would be a failure or wasteful."). Class Plaintiffs seek to take this factual dispute away from the jury, so that the jury only hears their version. However, that is not the purpose of *Daubert*. *See Zarling v. Seeling*, 2009 WL 2176832, at *6 (S.D. Miss. July 21, 2009) ("The Court notes that disagreement between opposing expert witnesses, or disagreement with an expert witness's conclusion, does not establish inadequate methodology.").

2017 and because November 2017 was the final month accounted for in Alta Mesa's 2017 year-end type curve. Ex. 1 (Rasor Dep.) at 212:6-21; *see also* Rasor Rpt. ¶ 94-95 (explaining that December 1, 2017 "link[ed] smoothly with the historical data" on well production, which "extend[ed] to mid-November 2017, with data collection from new wells expected to begin thereafter"). Given the large number of new wells and November cut-off point for considering wells in the 2017 year-end type curve, Rasor determined that a "fresh" data set beginning with December 1, 2017, was necessary in order to obtain "accurate" results from this analysis. Ex. 1 (Rasor Dep.) at 212:22-213:2, 218:1-8. In addition, obtaining a new data set was necessary to determine whether the 2017 year-end type curve—built on data from wells on production as of November 2017—was "still accurate" and "usable." *Id.* at 215:25-216:5. Rasor confirmed that he "made a choice" based on the data available to him, rather than selecting December 1, 2017 arbitrarily. *Id*. at 218:1-11.

Class Plaintiffs contend there is a "disconnect between Mr. Rasor's premises and the factual record in the case." Mot. at 8 (citing *Russell v. Allianz Life Ins. Co. of N. Am.*, 2015 WL 127867, at *4 (N.D. Miss. Jan. 8, 2015)). But they make no effort to explain how the facts of *Russell* are analogous to Rasor's analysis. In *Russell*, the court excluded expert testimony because the expert relied on lost data and the proponent's testimony that he had "lost his entire book of business" without verifying with relevant records and also because the expert failed "to use any objective standard" when calculating financial losses. *Id.* at *4-6. But Rasor's testimony is nothing like *Russell*. Rasor's selection of December 1, 2017, as a reference date was based on objective data that can be readily reviewed and

cross examined at trial, and Rasor applied objective statistical standards common to the oil and gas industry when analyzing that data. *See* Ex. 1 (Rasor Dep.) at 212:6-213:2; Rasor Rpt. ¶¶ 92-96.

Class Plaintiffs also contend that Rasor's analysis contains an "analytical gap between the facts he relies on and the conclusions he reaches." Mot. at 6 (quoting *McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433 (5th Cir. 2020)). In *McGill*, the expert was excluded from opining on medical causation because he failed to "address other potential causes of [plaintiff's] illness and the method by which he ruled them out." 830 F. App'x at 433. There is no comparable "analytical gap" in Rasor's analysis. Rasor addressed and fully explained why he used the data set he did, foreclosing any "analytical gap" in his analysis: "[I]t was time to get a fresh sample" to avoid "overlap between wells" that were considered in the 2017 year-end type curve and the wells used to evaluate whether that type curve was accurate. Ex. 1 (Rasor Dep.) at 212:6-213:2; 215:20-216:5. And, Rasor demonstrated that he is familiar with and considered the details of Alta Mesa's operations necessary to conduct his analysis. Rasor Rpt. ¶ 95 (describing the "foundation" for his statistical analysis). Class Plaintiffs merely object to Rasor's methodological judgment calls, which is not grounds for exclusion. *See Lyondell Chem. Co. v. Albemarle Corp.*, 2007 WL 9711338, at *5 (E.D. Tex. May 31, 2007) (explaining expert is "entitled

6

to exercise his discretion and professional judgment" and declining to exclude "merely because [defendant] disagrees with the weight to be accorded" the evidence).[4]

Class Plaintiffs' reliance on *Moore v. International Paint, LLC* for the proposition that an opinion based on "insufficient, erroneous information fails the reliability standard" is equally misplaced, and they offer no analogy between the facts of that decision and Rasor's testimony. Mot. at 8-9 (quoting *Moore v. Int'l Paint, LLC*, 547 F. App'x 513, 515 (5th Cir. 2013)). In *Moore*, the Fifth Circuit affirmed a district court's exclusion of an expert opining on whether exposure to benzene caused a worker's illness because the expert made assumptions inconsistent with the undisputed record. 547 F. App'x at 516. For example, the expert's opinion on causation was based on only indoor exposure even though the worker also testified to outdoor use, and the expert artificially increased the exposure time ignoring accurate wages per hour. *Id*. As such, the court concluded the opinion stemmed from "insufficient, erroneous information." *Id.* at 515.

Rasor's opinion does not suffer from any comparable defects. As noted above, Rasor carefully explained his analysis based on the record, both in his report and at deposition. *See* Rasor Rpt. ¶¶ 92-105; Ex. 1 (Rasor Dep.) at 212:6-220:10. Class Plaintiffs ignore that *Moore* also makes clear that "reliable expert testimony often involves

---

[4] Class Plaintiffs' reliance on *Curtis v. M&S Petroleum, Inc*. fares no better. In *Curtis*, the Fifth Circuit actually **reversed** a district court's exclusion of an expert. 174 F.3d 661 (5th Cir. 1999). Even though the expert had a so-called "gap" for failing to perform a "differential diagnosis," the Fifth Circuit concluded the expert considered ample facts and left the rest to cross. *Id.* at 670-72. Class Plaintiffs do not explain how *Curtis* justifies Rasor's exclusion—they simply quote it for favorable language while ignoring that the expert testimony at issue was not excluded.

7

estimation and reasonable inferences." 547 F. App'x at 516; *see also CIT Bank*, 2022 WL 1233651, at *3 (holding that disagreements over an expert's assumptions that are based on disputed facts, "not facts that are indisputably wrong," go to weight not admissibility). Class Plaintiffs cannot show that Rasor ignored data or applied false data. Instead, Rasor makes an explicit and amply supported judgment call when selecting the reference date for his data set. Accordingly, Rasor's opinion at issue does not contain an analytical gap and should therefore be admitted at trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Class Plaintiffs' Motion to Exclude Certain Opinion Testimony by Defendants' Expert Robert Rasor.

Dated: January 19, 2024

Respectfully submitted,

By */s/ J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Of Counsel:
Heather A. Waller
IL Bar No. 6302537

8

S.D. Tex. Bar No. 2886108
Arthur Foerster (*pro hac vice*)
IL Bar No. 6271201
Daniel Robinson (*pro hac vice*)
IL Bar No. 6339592
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com
Arthur.Foerster@lw.com
Daniel.Robinson@lw.com

Jansen M. VanderMeulen (*pro hac vice*)
DC Bar No. 1672242
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Jansen.VanderMeulen@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700

cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com

*Co-Counsel for Defendants Harlan H. Chappelle and Michael E. Ellis*

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ J. Christian Word*
J. Christian Word