# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 (CONSOLIDATED) <br><br> JUDGE GEORGE C. HANKS, JR. <br><br> THIS DOCUMENT RELATES TO: <br><br> CASE NO. 4:22-CV-01189 <br> CASE NO. 4:22-CV-02590 |

**THE DIRECT ACTION PLAINTIFFS' JOINDER IN CLASS PLAINTIFFS' OPPOSITION TO PROXY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 14(a) AND 20(a) CLAIMS**

Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (collectively, the "Alyeska Plaintiffs"), and Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (collectively, the "Orbis Plaintiffs," and, together with the Alyeska Plaintiffs, the "Direct Action Plaintiffs"), hereby file this Joinder in the Class Plaintiffs' Opposition (ECF No. 571) (the "Opposition") to Proxy Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law on Plaintiffs' Section 14(a) and 20(a) Claims (ECF No. 520) (the "Proxy Defendants' Motion").

## JOINDER

The Proxy Defendants' Motion seeks dismissal of the common claims asserted under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 against Defendants Alta Mesa Resources, Inc., Riverstone Holdings LLC, James Hackett, William Gutermuth, Jeffrey Tepper, and Diana Walters ("Moving Defendants") by the Class Plaintiffs, the Alyeska Plaintiffs, and the Orbis Plaintiffs. Therefore, in the interest of judicial economy, the Direct Action Plaintiffs hereby join in the Opposition and support, adopt, and incorporate by reference in full the arguments made therein in opposition to the Proxy Defendants' Motion.

In Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law on Opt-Out Plaintiffs' Claims, the Proxy Defendants argue that the Direct Action

1

Plaintiffs cannot as a matter of law establish the Proxy Defendants' scienter. The Proxy Defendants are wrong.

"Scienter is an inherently fact-specific issue that should ordinarily be left to the trier of fact." *In re Zonagen, Inc. Sec. Litig.*, 322 F. Supp. 2d 764, 774 (S.D. Tex. 2003). Indeed, "***[w]hen scienter is at issue, courts rarely grant summary judgment because of the element's subjective nature***." *SEC v. Blackburn*, 431 F. Supp. 3d 774, 807 (E.D. La. 2019) (citing Thomas Lee Hazen, *Treatise on the Law of Securities Regulation*, § 12:52 (2019)) (emphasis added).

The Direct Action Plaintiffs join, adopt, and incorporate by reference, without limitation, Sections V, VI.A, and VI.D of the Opposition. Specifically, but without limitation, Sections V, VI.A, and VI.D.1 of the Opposition cite and describe extensive record evidence establishing Proxy Defendants Alta Mesa Resources, Inc.'s, Riverstone Holdings LLC's, and James Hackett's actual knowledge and intent to deceive, which more than comfortably establishes their scienter—or, at a minimum, that their scienter should be decided by a jury. *See, e.g.*, *In re Apache Corp.*, 2022 WL 4277350, at *8 (S.D. Tex. Sept. 15, 2022) (citing decisions), *adopted*, 2022 WL 17324439 (S.D. Tex. Nov. 29, 2022).

The record evidence cited in the Opposition is also more than sufficient to establish that a jury should decide whether Proxy Defendants William Gutermuth, Jeffrey Tepper, and Diane Walters acted with scienter. "Strict intentional misconduct is not required to show scienter, it is sufficient to prove conduct that is an extreme departure from the standards of ordinary care and presents a danger of misleading buyers or sellers, as well as either knowledge of that danger, or a danger so obvious that the actor must be aware of it."

*Tr. Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1490 (5th Cir. 1997). Thus, the Direct Action Plaintiffs need only demonstrate that there is a triable issue of fact about whether Gutermuth, Tepper, and Walters knew, or were severely reckless in not knowing, that their misstatements presented a danger of misleading Alta Mesa's investors. Moreover, "it is well settled that scienter may be established by circumstantial evidence." *SEC v. World Tree Fin., L.L.C.*, 43 F.4th 448, 464 (5th Cir. 2022) (internal quotation marks omitted).

The Opposition cites extensive record evidence on which a reasonable jury could rely to determine that Gutermuth, Tepper, and Walters were severely reckless in not knowing that their misstatements presented a danger of misleading investors. As the Opposition explains in Sections V.B. and VI.D.3, the Proxy Defendants' own expert conceded they had a duty to "independently evaluate the assumptions and information" presented to them by the company's officers and advisors. It further cites record evidence proving these Defendants completely abdicated their responsibilities, under standards of ordinary care, to do so. *See* Opposition Sections V.B. and VI.D.3 (citing evidence that Gutermuth, Tepper, and Walters had no knowledge of, and did nothing to obtain knowledge of and evaluate, the basic information and assumptions underlying the misstatements in the Proxy Statement). Given the extensive record evidence that Gutermuth, Tepper, and Walters made no attempt to comply with the minimum standard of care articulated by their own expert, the question of whether these defendants acted with the requisite scienter is—as are nearly all scienter determinations—properly reserved for the jury to decide. *See Zonagen*, 322 F. Supp. 2d at 774; *Gebhart v. SEC*, 595 F.3d 1034, 1044 (9th Cir. 2010) ("reasonable . . . to infer that the [defendants] were consciously aware

3

that they lacked sufficient information for their statements" where they "based th[o]se statements on representations by [third party] and conducted no meaningful independent investigation to confirm the truth of their representations"); Restatement (Second) of Torts § 526 ("A misrepresentation is fraudulent if the maker . . . does not have the confidence in the accuracy of his representation that he states or implies, or . . . knows that he does not have the basis for his representations that he states or implies."), *quoted with approval in In re Mercer*, 246 F.3d 391, 407 (5th Cir. 2001).

## CONCLUSION

For the reasons set forth in the Opposition, and for the foregoing reasons, the Direct Action Plaintiffs respectfully request that the Court deny the Proxy Defendants' Motion in its entirety.

Dated: January 19, 2024

Respectfully submitted,

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Michael J. Hampson
Matthew A. Peller
Joseph R. Sparacio
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
mhampson@rksllp.com
mpeller@rksllp.com
jsparacio@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*

Jules P. Slim

TX Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307
Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

*Counsel for the Alyeska and Orbis Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 19, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
