**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 (CONSOLIDATED) |
| | JUDGE GEORGE C. HANKS, JR. |
| | THIS DOCUMENT RELATES TO: |
| | CASE NO. 4:22-CV-01189 CASE NO. 4:22-CV-02590 |

**THE DIRECT ACTION PLAINTIFFS' JOINDER IN CLASS PLAINTIFFS' OPPOSITION TO AMR DIRECTORS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 10(b) AND 20(a) CLAIMS**

Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (collectively, the "Alyeska Plaintiffs"), and Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (collectively, the "Orbis Plaintiffs," and, together with the Alyeska Plaintiffs, the "Direct Action Plaintiffs"), hereby file this Joinder in the Class Plaintiffs' Opposition (ECF No. 573) (the "Opposition") to AMR Directors' Motion for Summary Judgment and Incorporated Memorandum of Law on Plaintiffs' Section 10(b) and 20(a) Claims (ECF No. 526) (the "AMR Directors' Motion").

## **JOINDER**

The AMR Directors' Motion seeks dismissal of the common claims asserted under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 against Defendants David M. Leuschen, Pierre F. Lapeyre, Donald R. Sinclair, James T. Hackett, William D. Gutermuth, Jeffrey H. Tepper, and Diana J. Walters ("Moving Defendants") by the Class Plaintiffs, the Alyeska Plaintiffs, and the Orbis Plaintiffs. Therefore, in the interest of judicial economy, the Direct Action Plaintiffs hereby join in the Opposition and support, adopt, and incorporate by reference in full the arguments made therein in opposition to the AMR Directors' Motion.

In their Motion for Summary Judgment and Incorporated Memorandum of Law on Opt-Out Plaintiffs' Claims, Defendants argue that there is no evidence that the statements

challenged by the Direct Action Plaintiffs in Alta Mesa's 2017 10-K were false and misleading.  (ECF No. 521 at 10-13, 16.)  To the extent those arguments are based on the purported testimony of the Direct Action Plaintiffs, Defendants are wrong for the reasons shown in the Direct Action Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Opt-Out Plaintiffs' Claims (ECF No. 578) at 19-25 & n.81.

Moreover, the Opposition marshals substantial evidence demonstrating that Moving Defendants' statements in the 2017 10-K were materially false or misleading.  In addition to disclosing Alta Mesa's financial results for the fourth quarter and full year 2017, the 2017 10-K contained "risk factors" applicable to Alta Mesa's business.[1]  This included risk factors specific to Alta Mesa's upstream business ("Upstream Risk Disclosures") and risks specific to its midstream business ("Midstream Risk Disclosures").  (*See* Declaration of Lawrence M. Rolnick in Opposition to Defendants' Motion for Summary Judgment on Opt-Out Plaintiffs' Claims ("Rolnick Decl.") (ECF No. 575), Ex. 32 ("2017 10-K") at 6-43 (All Risk Factors); *id.* at 13-36 ("Risks Related to Our E&P Business"); *id.* at 37-43 ("Risks Related to Our Midstream Business").  These risk factor statements were materially false or misleading for the same reasons set out in the Opposition.

The Upstream Risk Disclosures were also materially false or misleading because they failed to disclose that Alta Mesa possessed internal data contradicting the feasibility of its drilling program, including data related to well spacing and parent-child well interference.  (*See, e.g.*, Rolnick Decl., Ex. 9 (Dudenas Rpt.) ¶¶ 49-67; *id.* Ex. 10 (Dudenas

---

[1] This includes additional risk factor misstatements that the Direct Action plaintiffs have alleged were materially false or misleading.  *See* Defs.' App'x 1 (ECF. No. 529) at App'x C, Statement Nos. 16-19.

Rebuttal) ¶ 25, 60.)  The Midstream Risk Disclosures were materially false or misleading because they failed to disclose that Alta Mesa was projecting future business from its upstream segment and third parties based on utterly unfounded assumptions.  (*See, e.g.*, Rolnick Decl., Exs. 12-20.)  This evidence demonstrates the falsity of Defendants' Risk Disclosures—or, at a minimum, shows that the question must be decided by the jury.  *See, e.g.*, *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 217 (5th Cir. 2023) ("[U]nder Rule 10b-5, a duty to speak the full truth arises when a defendant undertakes a duty to say anything") (internal quotation marks omitted); *Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, 2024 WL 83503, at *12 (S.D. Tex. Jan. 8, 2024) ("'[C]autionary language cannot be meaningful if it is misleading in light of historical facts[ ] that were established at the time the statement was made'" because "'[s]uch statements are neither significant nor of useful quality or purpose.'") (alterations in original) (quoting *In re Harmon Int'l Indus., Inc. Sec. Litig.*, 791 F.3d 90, 102 (D.C. Cir. 2015); *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 514 F. Supp. 3d 942, 953 (S.D. Tex. 2021) ("When risks have already begun to materialize, it is no longer sufficient to generally warn of the possibility of these risks in the future.") (internal quotation marks omitted).

Moving Defendants also challenge whether the Direct Action Plaintiffs have shown loss causation.  (ECF No. 521 at 14.)  Those arguments are dispensed with in the Opposition.  They are also shown to be wrong in the Direct Action Plaintiffs' Opposition to Defendants' Motion to Exclude Opinions of Dr. Zachary Nye, Ph.D. (ECF No. 561), which the Direct Action Plaintiffs incorporate herein by reference.  As explained there,

Dr. Nye (like the Class Plaintiffs' damages expert) used a reliable methodology to analyze loss causation and specifically found that the disclosures corrected Defendants' material misstatements and omissions.  Moving Defendants' arguments lack merit.

<u>**CONCLUSION**</u>

For the reasons set forth in the Opposition, and for the foregoing reasons, the Direct Action Plaintiffs respectfully request that the Court deny the AMR Directors' Motion in its entirety.

Dated:  January 19, 2024

Respectfully submitted,

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Michael J. Hampson
Matthew A. Peller
Joseph R. Sparacio
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
mhampson@rksllp.com
mpeller@rksllp.com
jsparacio@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*

Jules P. Slim
TX Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307
Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

4

*Counsel for the Alyeska and Orbis
Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 19, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

<em><u>/s/ Lawrence M. Rolnick</u></em><br>
Lawrence M. Rolnick