# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION**<br><br>[Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>Defendants. | Civil Action No. 4:22-cv-001189<br><br>[Consolidated Case] |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br>                  Plaintiffs,<br><br>    v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGYMANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; RONALD SMITH; DON DIMITRIEVICH; PIERRE F. LAPEYRE, JR.; DAVID M. LEUSCHEN; WILLIAM W. MCMULLEN; DONALD SINCLAIR; STEPHEN COATS; and THOMAS J. WALKER,<br><br>                  Defendants. | Civil Action No. 4:22-cv-02590<br><br>[Consolidated Case] |

**DECLARATION OF JACOB J. WALDMAN
IN SUPPORT OF DON DIMITRIEVICH AND WILLIAM MCMULLEN'S
OPPOSITION TO OPT-OUT PLAINTIFFS' MOTION TO EXCLUDE EXPERT
OPINIONS OF AUDRA L. BOONE**

I, Jacob J. Waldman, declare as follows:

1. I am Of Counsel at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants Don Dimitrievich and HPS Investment Partners, LLC in this action. I am a member of the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I respectfully submit this declaration in support of Don Dimitrievich and William McMullen's Opposition to Opt-Out Plaintiffs' Motion to Exclude Expert Opinions of Audra L. Boone, and to put certain relevant documents before the Court. On information and belief, I understand the facts in this declaration to be true.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of Audra Boone's November 16, 2023 deposition.

3. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the transcript of Zachary Nye's November 14, 2023 deposition.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Expert Report of Professor Audra L. Boone, Ph.D., dated October 19, 2023.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Expert Report of Zachary Nye, Ph.D., dated August 31, 2023.

6. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the book D. Tabak and F. Dunbar, 2001, *Litigation Services Handbook: The Role of the*

1

*Financial Expert* (3rd Edition), John Wiley & Sons, Inc.

7. Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the book K.L. Gold, E. Korman, and A Nabi, 2017, *Litigation Services Handbook: The Role of the Financial Expert* (6th Edition), John Wiley & Sons, Inc.

8. Attached hereto as **Exhibit G** is a true and correct copy of the article E. Fama, L. Fisher, M. Jensen and R. Roll, 1969, "The Adjustment of Stock Prices to New Information," *International Economic Review*, 10(1).

9. Attached hereto as **Exhibit H** is a true and correct copy of excerpts from the book J. Campbell, A. Lo, and A.C. MacKinlay, 1997, *The Econometrics of Financial Markets*, Princeton University Press.

10. Attached hereto as **Exhibit I** is a true and correct copy of the article A.C. MacKinlay, 1997, "Event Studies in Economics and Finance," *Journal of Economic Literature*, Vol. 35:13-39.

11. Attached hereto as **Exhibit J** is a true and correct copy of the article D. Fischel "Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities." *The Business Lawyer*, vol. 38, no. 1, 1982.

12. Attached hereto as **Exhibit K** is a true and correct copy of the article B. Cornell and R.G. Morgan, 1990, "Using Finance Theory to Measure Damages in Fraud on The Market Cases," *UCLA Law Review*, 37(5).

13. Attached hereto as **Exhibit L** is a true and correct copy of the article M. Mitchell and J. Netter, 1993, "The Role of Financial Economics in Securities Fraud Cases:

Applications at the Securities and Exchange Commission," *The Business Lawyer*, 49(2).

14. Attached hereto as **Exhibit M** is a true and correct copy of the article A. Ferrell and A. Saha, 2007, "The Loss Causation Requirement for Rule 10b-5 Causes of Action: The Implications of Dura Pharmaceuticals v. Broudo," *The Business Lawyer*, 63(1).

15. Attached hereto as **Exhibit N** is a true and correct copy of Expert Report of Rene Stulz, Ph.D., dated October 19, 2023.

16. Attached hereto as **Exhibit O** is a true and correct copy of excerpts from the transcript of Steve Feinstein's November 10, 2023 deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 19, 2024 in New York, New York.

Dated:    January 19, 2024

/s/ *Jacob J. Waldman*
By: Jacob J. Waldman

3