# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al*. <br><br> Defendants. | Judge George C. Hanks, Jr. <br><br> No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOVAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al*. <br><br> Defendants. | No. 4:22-cv-2590 |

## REPLY IN SUPPORT OF WILLIAM MCMULLEN'S JOINDER IN LOSS CAUSATION/DAMAGES MOTION FOR SUMMARY JUDGMENT

The Plaintiffs concede—by failing to address—that they have no evidence of damages caused by William McMullen. Despite not engaging at all with Mr. McMullen's arguments in his Joinder in Loss Causation / Damages Motion for Summary Judgment [Dkt. No. 531] (the "Joinder"), the Plaintiffs expressly ask the Court to "deny [it] . . . in [its] entirety."[1] But the Opposition fails to respond to the fact that Plaintiffs have not disclosed any expert testimony performing a causation and damages analysis specific to the only two alleged statements that the Complaint attributes to Mr. McMullen. Without expert testimony, Plaintiffs cannot quantify any damage that McMullen's two alleged misstatements caused.[2] Plaintiffs' failure to produce the expert testimony required to prove causation and damages compels rendering judgment on the claims against Mr. McMullen.

Instead of responding to Mr. McMullen's arguments, Plaintiffs again point to evidence against the other defendants. Plaintiffs thereby improperly again attempt to lump all claims related to purported misstatements against the "AMR Director Defendants" together.[3] But Mr. McMullen is not even included in the Opposition's definition of "AMR

---

[1] Dkt. No. 573 at 25 (the "Opposition").

[2] *See, e.g.*, *Fener v. Operating Eng'rs Const. Indus. & Misc. Pension Fund (Local 66)*, 579 F.3d 401, 409 (5th Cir. 2009) ("[T]he testimony of an expert—along with some kind of analytical research or event study—is **required** to show loss causation." (emphasis added)).

[3] *See, e.g.*, *Oscar Priv. Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 271 (5th Cir. 2007) (rejecting a damages theory where "there [was] no evidence linking the *culpable* disclosure to the stock-price movement," as opposed to "the *entire bundle* of negative information" (emphasis in original)), *abrogated on other grounds by Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 807 (2011) (reiterating that "investors must demonstrate that *the defendant's* deceptive conduct caused their claimed economic loss," although not necessarily at the class certification stage (emphasis added)).

Director Defendants,"[4] and cannot be held liable for statements he is not alleged to have made. The Opposition's improper grouping is especially impermissible because Plaintiffs allege that unrelated parties all control the two purported misrepresentations allegedly made by Mr. McMullen in the Complaint.[5] In failing to provide evidence specific to the claims against Mr. McMullen, the Opposition only bolsters Mr. McMullen's arguments that the claims against him fail as a matter of law.

The only passing references to Mr. McMullen made in the Opposition are immaterial to Mr. McMullen's motion for summary judgment, as they neither address loss causation or any other claim against him.

First, the Opposition references and incorporates unspecified arguments previously made by Plaintiffs in opposition to Mr. McMullen's motion for summary judgment, which he filed on August 31, 2023 [Dkt. 424].[6] But that motion for summary judgment was filed before the deadline for Plaintiffs to make expert disclosures, and Mr. McMullen thus had no occasion to make the argument that Plaintiffs had failed to disclose expert testimony on loss causation and damages. Plaintiffs' *subsequent* failure to disclose expert testimony on loss causation and damages specific to the statements against Mr. McMullen are *further* fatal deficiencies in Plaintiffs' claims against him. Plaintiffs' prior response, like their other pleadings, never address Mr. McMullen's loss causation and damages argument.

---

[4] *See* Opposition at 1-2 (naming the AMR Director Defendants).

[5] *See* Opposition at 22-23 (alleging control over the Form 10-K statements by directors not including Mr. McMullen and companies that were unrelated and counterparties to BCE and Mr. McMullen).

[6] Opposition at 2 n.2 and 9 (incorporating arguments from Plaintiffs' opposition to Mr. McMullen's motion for summary judgment [Dkt. No. 424]).

2

The second immaterial, passing reference in the Opposition is a stray statement in the background that also has nothing to do with Plaintiffs' failure to disclose expert testimony on loss causation and damages. Plaintiffs state that Mr. McMullen had "advised his firm's limited partners" that "Riverstone controlled 7 of the 11 Board seats."[7] This stray piece of information is not expert testimony on loss causation or damages, and therefore does nothing to defeat the arguments in Mr. McMullen's Joinder.

If anything, the Opposition's central arguments—related to the alleged control by *Riverstone* (not Mr. McMullen) over AMR and Silver Run II—further establish that the Plaintiffs lack evidence that that Mr. McMullen caused any loss. Bayou City Energy Management LLC ("BCE"), of which Mr. McMullen is a partner, was *adverse* to both Riverstone and Silver Run II in the subject transaction. The Opposition never attempts to show that Mr. McMullen controlled the statements made by Riverstone or Silver Run II, let alone how he could be liable for alleged losses caused by statements he did not control. Plaintiffs put forward no substantive argument or evidence that show otherwise.

Plaintiffs cannot prove essential elements of their claims against Mr. McMullen. These failures have been argued extensively in Mr. McMullen's August 31, 2023, motion for summary judgment on liability and in the Joinder related to damages and causation evidence following the expert discovery stage. Because Plaintiffs do not put forward expert evidence that can quantify any damage that Mr. McMullen's alleged misstatements caused, there is no rational basis for the jury to do so at trial. Therefore, Mr. McMullen

---

[7] *Id.* at 6.

joins the other Director Defendants' motion for summary judgment's arguments on loss causation and damages. The Court should render judgment in favor of Mr. McMullen on all claims.

Dated: February 2, 2023

Respectfully submitted,

/s/ Kenneth A. Young
Kenneth A. Young (*Attorney-in-Charge*)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, TX 77002
United States
Telephone: +1 713 836 3600
Facsimile: +1 713 836 3601
Email: kenneth.young@kirkland.com
Email: nick.brown@kirkland.com

*Counsel for Bayou City Energy Management, LLC and William McMullen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically on this 2nd day of February 2024, and will, therefore, be served electronically upon all counsel of record.

/s/ Kenneth A. Young
Kenneth Young

4