UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr.<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN OPINIONS OF CLASS PLAINTIFFS'
<u>EXPERT JAMES JOHNSON UNDER RULE 702</u>**

## STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

Plaintiffs' Opposition does not refute the arguments in Defendants' Opening Brief In Support of the Motion to Exclude Certain Opinions of Plaintiffs' Expert James C. Johnson ("Motion" or "Mot."). The three opinions that Defendants challenge should be excluded.

Defendants' Motion established that Johnson's Design and Purpose-Built Opinions (which Plaintiffs refer to as Opinion "d" and Opinion "c," respectively) are irrelevant and will not assist the jury in determining any fact at issue. In these two opinions, Johnson opines, in part, that "Kingfisher's poor design and operations may have also undermined its efforts to obtain business from third-party producers" and "defendants' statements characterizing Kingfisher as a purpose-built and integrated midstream system for Alta Mesa Holdings were inaccurate." Ex. 1 (Johnson Rpt.) ¶ 8.d (ECF 507-1). But as the Motion explained, these topics are disconnected from the issues in this case and would not help the jury. Mot. (ECF 507) at 3-4. In their Opposition, Plaintiffs do not even address—and therefore concede—Defendants' argument that Johnson's Design Opinion (*i.e.*, Opinion "d") is irrelevant. While Plaintiffs attempt to argue that Johnson's Purpose-Built Opinion is relevant by suggesting it addresses a "purpose-built" statement in the Complaint, no such statement is actually challenged as false or misleading (as the Opposition tacitly concedes).

Defendants' Motion further established that Johnson's Design Opinion (Opinion "d") should be excluded because it amounts to unhelpful speculation that something may or may not have impacted Kingfisher. Those are Johnson's exact words: "Kingfisher's

1

poor design and operations *may* have also undermined its efforts to obtain business from third-party producers." Ex. 1 ¶ 8.d. The Opposition does not contest that Defendants accurately described the Design Opinion and provides no meaningful argument to rebut Defendants' showing that the Design Opinion is inadmissible. Instead, the Opposition simply declares that the Design Opinion will assist the jury to assess whether "representations in the Proxy" were "reasonable." But, a speculative opinion that pipeline design *may* (or may not) have impacted Kingfisher's business-development efforts to obtain business from third-party producers will not help.

Similarly, nothing in the Opposition rebuts Defendants' showing that Johnson's Cash Flow Opinion (which Plaintiffs refer to as Opinion "e") is not based on any expert analysis and is therefore inadmissible. Instead, Plaintiffs argue the Cash Flow Opinion should be admitted and subject to cross examination, but Rule 702 is intended precisely to prevent allowing unreliable opinions, such as the Cash Flow Opinion, from reaching the jury.

## LEGAL STANDARD

Defendants' Motion set forth the applicable legal standard. Mot. at 3-4. Plaintiffs seek to bypass this Court's gatekeeping function, citing *Viterbo v. Dow Chemical Co.* (a 1987 decision) for the proposition that "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." Pls.' Opp'n to Defs.' Mot. ("Opp."), ECF No. 553, at 3-4. But the 2023 amendments to Rule 702 have made clear that deferring questions of an expert's bases on grounds of weight is "an incorrect application of Rules

2

702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendments. Contrary to Plaintiffs' position, the reasons why this Court should exclude Johnson's Design, Purpose-Built, and Cash Flow Opinions go straight to admissibility. *See* Fed. R. Evid. 702(a), (c).

## ARGUMENT

### A. The Opposition Confirms that the Design and Purpose-Built Opinions Are Irrelevant

Defendants explained in their Motion that Johnson's Design and Purpose-Built Opinions (Opinions "d" and "c," respectively) should be excluded because they are not relevant to any issue in this case. Simply, Plaintiffs did not allege that any statement about Kingfisher's being a purpose-built system or about its design was false or misleading. *See* TAC (ECF 218).

First, as to the Design Opinion, Plaintiffs do not address Defendants' argument that the Design Opinion is irrelevant. *See* Mot. at 13-14. Uncontested arguments are waived. *See Cavazos v. Philippus*, 273 F.3d 1096 (5th Cir. 2001) (finding that "plaintiffs effectively abandoned claims . . . by failing to argue those claims in the plaintiffs' opposition to the defendants' summary judgment motion"); *see also Lister v. United States*, 2023 WL 4281469, at *5 (S.D. Tex. June 29, 2023) ("When a party fails to defend a claim in response to a summary judgment motion, the claim is deemed abandoned.").

3

Second, as to the Purpose-Built Opinion,[1] Plaintiffs respond by arguing—*without citation* to the Complaint—that "the Complaint identifies the 'purpose-built' language and other Kingfisher-related misstatements and omissions in the Proxy as designed to mislead Class members," and that it is "difficult to conceive of how an expert's analysis of why the statement concerning synergies was inaccurate will not help the jury determine whether Class Plaintiffs have proven essential elements of their Section 14(a) claim." Opp. at 14 (emphasis omitted). The Complaint itself belies Plaintiffs' argument.

Neither of the two sections of the Complaint setting forth "Defendants' Materially False and Misleading Statements and Omissions of Material Facts" contain any "purpose-built" statement (nor a statement challenging the "design" of Kingfisher's midstream system). TAC ¶¶ 190-258. Accordingly, no such statement was briefed for dismissal for this Court, ECF 116, 119, 120, 125, 126, 127, 128, 129, 263, 264, 265, 266, and no such statement was subject to any of this Court's orders on the pleadings, ECF 160, 343. And, of course, the deadline to amend pleadings passed years ago, ECF 180 (setting amendment deadline as December 15, 2021).[2]

---

[1] Contrary to the Opposition at 7, the Purpose-Built Opinion also includes Johnson's statement that "This likewise undermined the statements that Kingfisher was a purpose-built and integrated midstream system for Alta Mesa Holdings."

[2] Even if Plaintiffs' argument that "the Complaint identified the 'purpose-built' language" refers to TAC ¶ 105 (*i.e.*, Kingfisher's assets overlay AMH's contiguous acreage in the STACK, and afford AMH with a purpose-built system), that statement was not pled as a false or misleading statement and, in any event, simply refers to one thing among many that the Silver Run II Board considered when evaluating the Business Combination (which Plaintiffs do not dispute). *Id.*

4

Plaintiffs' Opposition also argues that the "materials forming the basis" for the Purpose-Built Opinion are "largely technical in nature." Opp. at 14. Plaintiffs' argument is a *non sequitur*; it has no bearing on whether the Purpose-Built Opinion—which does not concern any issue challenged in this case—is relevant.³ *See In re Provident Royalties, LLC*, 581 B.R. 185, 197 (Bankr. N.D. Tex. 2017) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.").

**B.      The Opposition Concedes That Johnson's "Design Opinion" Is Speculation**

The Opposition does nothing to refute that the Design Opinion (*i.e.*, Opinion "d") is inadmissible speculation. In his Design Opinion, Johnson opines that "Kingfisher's poor design and operations *may* have also undermined its efforts to obtain business from third-party producers." Ex. 1 (Johnson Rpt.) ¶ 8.d.⁴ Johnson's Design Opinion is speculative and cannot help the jury because, essentially, the opinion is devoid of substance—it is mere conjecture that purported design issues *may* have affected Kingfisher's ability to obtain additional third-party business. Mot. at 5. In Opposition, Plaintiffs do not disagree. Plaintiffs' Opposition confirms that the parties agree that the Design Opinion goes only so

---

³ Even the case Plaintiffs cite as support articulates Defendants' argument regarding relevance. *See McManaway v. KBR, Inc.*, 2012 WL 13059744, at *3 (S.D. Tex. Aug. 22, 2012) ("In order to be relevant . . . there must be a connection between scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify.").

⁴ Unless otherwise noted, internal quotation marks and citations are omitted, and emphasis is added.

5

far to say that issues *may* have affected Kingfisher's ability to get new third-party business, not that it in fact did. Opp. at 15.

The only remaining question, therefore, is whether a speculative opinion that the design of the pipeline *may* (or may not) have impacted Kingfisher's ability to obtain third-party business is reliable and can help, as opposed to confuse, the jury. Speculation like what Johnson offers cannot; an expert's opinion must be reliable and not just conjecture. *See Huss v. Gayden*, 571 F.3d 442, 460 (5th Cir. 2009) ("Courts must be arbiters of truth, not junk science and guesswork."); *Puga v. RCX Sols., Inc.,* 922 F.3d 285, 293 (5th Cir. 2019) (expert testimony must "be more than unsupported speculation or subjective belief"). Plaintiffs assert that *Puga* supports their argument. It does not. Plaintiffs' own parenthetical describes *Puga* as "allowing [witness] to offer an expert opinion on the *cause of the accident*." Opp. at 15 (citing *id.* at 293). By contrast, the inherently equivocal Design Opinion offers nothing but speculation about what may or may not have happened, not an opinion based on expert methodology.

### C. The Opposition Confirms That Johnson's Cash Flow Opinion Is Not Based on Expert Analysis

Plaintiffs do not dispute that Johnson's Cash Flow Opinion (Opinion "e")—that Kingfisher had "profit and cash flow problems" due to the quality of its volumes—is devoid of any methodology. Specifically, Plaintiffs *do not contest* that:

- Johnson did no independent economic analysis to quantify whether the disclosed risk—adverse effects to AMR's gross profit and cash flows—had actually materialized as of March 29, 2018. Mot. at 6 (citing Ex. 1 (Johnson Rpt.) ¶¶ 127-130).

6

- For his Cash Flow Opinion, Johnson's methodology was to recite a single observation that, in February 2018, a third party, Chisholm, "purportedly injected too much methanol at their wells, causing the NGL's purchaser to reject deliveries at the tailgate of the plant." Ex. 1 (Johnson Rpt.) ¶ 128; Opp. at 16.

- Johnson's opinion is a recitation of facts rather than substantive analysis.[5] Even Plaintiffs are unable to distinguish Johnson's testimony from the facts purportedly underlying it. Opp. at 17. In explaining the value of Johnson's opinion to the jury, Plaintiffs characterize Johnson as providing evidence of "the fact that Kingfisher had non-conforming volumes in its system before March 2018" (emphasis in original); nevertheless, Plaintiffs themselves acknowledge that this 'fact' is "uncontroverted" in this case. *Id*. at 17.

These methodological deficiencies render Johnson's Cash Flow Opinion unreliable and inadmissible. *See Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 537 (5th Cir. 2013) ("[W]e have long held that [w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.").

Instead of addressing these methodological deficiencies, Plaintiffs try to reframe Johnson's opinion as merely opining that AMR's risk factor "reflected conditions that already existed rather than reflecting a potential outcome." Ex. 1 (Johnson Rpt.) ¶¶ 8.e; 127-130. Specifically, AMR publicly cautioned in a March 29, 2018 disclosure:

> [i]f third-party pipelines or other midstream facilities interconnected to our gathering, processing, storage or transportation systems become partially or fully unavailable, or if the volumes we gather, process, store or transport do not meet the quality requirements of the pipelines or facilities to which we connect, ***our gross profit and cash flow could be adversely affected***.

TAC ¶¶ 217, 231, 241, 254. But the "conditions that already existed" that Johnson refers to are purported quality issues. Plaintiffs ignore that Johnson also opines that Kingfisher

---

[5] Plaintiffs twice acknowledge that Johnson merely "refers" to materials. Opp. at 16.

7

had "profit and cash flow problems" due to the quality of its volumes. And Johnson has no methodology or analysis supporting this part of his opinion that purports to connect any quality issues to profit and cash flow problems.

Plaintiffs also try to reframe the argument as a disagreement about the Cash Flow Opinion's factual basis that can only be addressed "during cross examination." Opp. at 17. But, as an initial matter, disagreement about underlying facts is not the basis for this Motion; it is the absence of expert methodology. As explained above, recent revisions to Rule 702, effective December 1, 2023, make clear Plaintiffs' argument is wrong. The Committee explicitly noted that questions of the sufficiency of an expert's basis and the application of the expert's methodology are questions of admissibility, not weight. *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("[M]any courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).").

Even the cases Plaintiffs cite establish that this Court must evaluate the reasoning and methodology underling the Cash Flow Opinion, *Browning v. Sw. Rsch. Inst.*, 2006 WL 6549921, at *2 (W.D. Tex. Aug. 17, 2006) ("determination of reliability includes a preliminary determination whether the *reasoning or methodology underlying the testimony is valid*."); *Wealthmark Advisors Inc. v. Phoenix Life Ins. Co.*, 2017 WL 1133506, *3 (W.D. Tex. Mar. 24, 2017) (same). And where, as here, an expert's opinion lacks the methodology and analytical reliability required under Rule 702, the Court must exclude the unreliable opinion. *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, 2020 WL 11025602,

8

at *3, 11 (S.D. Tex. Oct. 1, 2020) (excluding expert testimony where the "challenged opinions are fundamentally unsupported by reliable methodology and would not likely provide any assistance to the jury").

## CONCLUSION

For the foregoing reasons, Johnson's Purpose-Built Opinion, Design Opinion, and Cash Flow Opinion fail to satisfy Rule 702 and should be excluded.

Dated: February 2, 2024                    Respectfully submitted,

By /s/ *J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather A. Waller
IL Bar No. 6302537
S.D. Tex. Bar No. 2886108
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Emani V. Walks (*pro hac vice*)
D.C. Bar No. 1719531
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Matthew.Peters@lw.com
Emani.Walks@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis;*

10

*William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com

*Co-Counsel for Defendants Harlan H. Chappelle and Michael E. Ellis*

11

## **CERTIFICATE OF SERVICE**

I certify that on February 2, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ J. Christian Word*
J. Christian Word
