# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr.<br><br>ORAL ARGUMENT REQUESTED |

# DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF CLASS PLAINTIFFS' EXPERT <u>TAYLOR KIRKLAND UNDER RULE 702</u>

## STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

Rather than engage with Defendants' narrowly targeted motion to exclude just two of Taylor Kirkland's opinions, Class Plaintiffs fill more than 20 pages pressing unrelated case narratives, posing strawmen, and obscuring the only two questions at issue. Defendants decline to indulge Plaintiffs' misdirection. Instead, Defendants reply only on the two opinions at issue in their Motion.

Defendants seek to exclude Kirkland's claims that Alta Mesa's use of ESPs was uneconomic, and to exclude his speculation that a change in well-spacing nomenclature proves Defendants' subjective knowledge that the layers of its reservoir were connected. For the reasons explained in the Motion, both opinions are improper—Kirkland admitted that he did not review the information necessary to determine if ESPs' production increases justified their costs, and admitted that he doesn't know what Defendants were thinking when. Those frank acknowledgements of reality carry the day.

## LEGAL STANDARD

Defendants set forth the applicable legal standard in their Motion. Plaintiffs try to avoid this Court's gatekeeping function, citing *Viterbo v. Dow Chemical Co.* (a 1987 decision) for the proposition that "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." Pls.' Opp'n to Mot. ("Opp.") at 2 (ECF No. 555). But the 2023 amendments to Rule 702 have made clear that deferring questions of an expert's bases on grounds of weight is "an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendments. Contrary to Plaintiffs' position,

1

the lack of any valid bases for Kirkland's challenged opinions go straight to admissibility. *See* Fed. R. Evid. 702(a), (c).

## ARGUMENT

### A. Kirkland's Attempts to Reframe His ESP Opinion Are Unavailing

Kirkland should not be permitted to testify that Alta Mesa's ESP program was uneconomic because he did not review the financial data of Alta Mesa's ESP program. Kirkland cannot opine on the financial results of a program he concedes he did not review. *See* Ex. 2[1] (Kirkland Dep.) at 41:2-8 (ECF 508-1); *see also* Mot. at 2-4 (ECF No. 508). In moving to exclude, Defendants demonstrated that Kirkland reaches sweeping conclusions unsupported by the material he reviewed—but unsupported conjectures do not amount to a reliable methodology.[2] *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (affirming district court's exclusion of expert who offered "little more than personal assurances").[3] Nothing Plaintiffs offer in opposition proves otherwise.

Plaintiffs concede that Kirkland did not review the financial data of Alta Mesa's ESP program but contend he should still be permitted to opine the program was uneconomical. They argue: (1) Kirkland can opine on whether Alta Mesa's program was economical, even though he did not review ESP financial data, because at some point he

---

[1] Exhibit numbers refer to the exhibits to Defendants' Motion, ECF No. 555.

[2] Plaintiffs are wrong that Defendants did not challenge "the science or the methodology" of Kirkland's ESP opinion. Opp. at 6. The lack of science and methodology is exactly why Defendants moved. Mot. at 4 (citing *Hathaway*, 507 F.3d at 318 for proposition that Kirkland's ESP opinion should be excluded because it is "not based on any . . . methodology" but rather "a host of unsupported conjectures").

[3] Unless otherwise noted, internal quotation marks and citations are omitted, and emphasis is added.

asked for the data; (2) Kirkland never testified that Alta Mesa's ESP program was uneconomical, but only that such a program "would be uneconomical"; and (3) even without reviewing the financial data, Kirkland can opine on its implications. Opp. at 15-17. All three arguments should be rejected.

*First*, Plaintiffs concede Kirkland did not review the financial data that would establish the program's economics but, incredibly, argue he can testify that Alta Mesa's ESP program was uneconomical because he asked for the information he *would* have needed to reach such an opinion. Opp. at 15. But Kirkland had access to ESP financial data. *See* Defs.' Opp'n to Pls. Mot. to Exclude Testimony of E. Fetkovich at 9 (ECF No. 564) (describing how Defendants' expert Edward Fetkovich conducted a well-by-well analysis of each ESP using actual financial data that he, in his professional experience, considered a reasonable proxy for the final costs, such as data from the ARIES reserves database, wells files, and authorizations for expenditure). Kirkland could have also reviewed this data, *see* Ex. 4 (Kirkland Dep.) at 231:16-232:4 ("Q. Did you rely on ARIES data from – produced in this litigation to assess well performance of AMH wells? A. I don't believe so . . . . "), but ignored it because it does not support his desired opinion. This is impermissible under *Daubert*. *See Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, 2020 WL 11025602, at *8-9 (S.D. Tex. Oct. 1, 2020) (excluding opinion as unreliable when expert failed to consider significant information inconsistent with his opinion).

*Second*, seeming to recognize the fallacy in their claim, Plaintiffs now attempt to walk back Kirkland's ESP opinion, claiming he did not actually opine that Alta Mesa's

3

program was uneconomic. *See* Opp. at 15-16. Kirkland's own words belie this *post hoc* attempt to reconstrue his opinions:

| What Kirkland Said | What Plaintiffs Say |
|---|---|
| "This campaign [to use ESPs] is consistent with an effort to accelerate production and *does not have any economically reasonable basis*, and, as such, appears to have been a desperate attempt to meet production guidance." "[T]he overall result of the ESP program was a very short-term gain at an exorbitant and unnecessary cost." Ex. 1 (Kirkland Rpt.) ¶ 101.[4] | "Mr. Kirkland did not conclude that the ESP program was ultimately uneconomical, but rather explains why certain technical data available in 2018 indicated that such a program *would be uneconomical*." Opp. at 16. |

*Third*, Plaintiffs argue that "an economic analysis of the ESP program is unnecessary" and Kirkland's ESP opinion—divorced from a review of financial data—would still be helpful to the jury. Opp. at 17. Plaintiffs offer that Kirkland "can explain the technical aspects and terms of those documents." *Id*. at 18. Plaintiffs are attacking a strawman: Defendants haven't moved to exclude *all* testimony from Kirkland on ESPs—just his speculation on the economics of Alta Mesa's ESP program. *See* Mot. at 1. Kirkland cannot tell the jury the program was uneconomic or an "exorbitant and unnecessary cost," because he admits he did not examine any costs. *Cf. Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) (a trial court need not "admit opinion evidence

---

[4] In his rebuttal, Kirkland added, "[A]n ESP installation was rarely, if ever, economic when correctly evaluated using incremental production." Ex. 3 (Kirkland Rebuttal Rpt.) ¶ 41.

4

that is connected to existing data only by the *ipse dixit* of the expert.").[5] Kirkland's opinions about the economics of Alta Mesa's ESPs should be excluded.

### B. Plaintiffs' Obfuscations Can't Change That Kirkland Expressly Opines on Alta Mesa's Mental State

Defendants also moved to exclude Kirkland's opinion that Alta Mesa "***did not believe*** there were separate Osage benches" because it is speculation about Alta Mesa's subjective mental state. Mot. at 1, 5 (quoting Kirkland Rpt. ¶ 59). Despite Kirkland's express words, Plaintiffs now claim that Kirkland does not opine on Alta Mesa's "belief" and instead just describes what Alta Mesa has stated about its beliefs by analyzing "a highly technical presentation that Alta Mesa published." Opp. at 18.

Kirkland explicitly opines on Alta Mesa's subjective state of mind, which renders the opinion inadmissible. *See Hanan v. Crete Carrier Corp.*, 2020 WL 584370, at *3 (N.D. Tex. Feb. 6, 2020) (excluding expert testimony because it opined on a party's intent); *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007) ("[A]n expert's conclusory assertions regarding a defendant's state of mind are not helpful or admissible"). Plaintiffs again distort Kirkland's opinion beyond recognition in order to escape exclusion:

---

[5] Plaintiffs argue Kirkland relied on "contemporaneous internal documents" to "discern" the ESPs' cost. Opp. at 18. But none of the documents support a conclusion about the overall program's economics.

5

| What Kirkland Said | What Plaintiffs Say |
|---|---|
| "[T]his [change] was a clear indication ***Alta Mesa believed*** the Osage was behaving as one unit, not two isolated benches." Ex. 1 (Kirkland Rpt.) at ¶ 53. | "This is an opinion about what Alta Mesa ***said it believed.***" Opp. at 18 (emphasis in original). |
| "***Implicitly***, the change [in nomenclature used to describe test patterns] reflects a ***difference in thinking*** about how the two 'benches' of the Osage interact." Ex. 1 (Kirkland Rpt.) ¶ 26. | "[T]his was an ***unexplained change*** when comparing the technical data in Alta Mesa's public presentations and internal documents." Opp. at 19. |

At deposition, Kirkland walked back the statements from his report, claiming he was not "giving an opinion on what . . . [Alta Mesa] thought." *Compare* Ex. 2 (Kirkland Dep.) at 218:11-20 (ECF 508-1), *with* Ex. 1 (Kirkland Rpt.) ¶¶ 26, 53, 59. As Kirkland now concedes that he is not opining on what Alta Mesa believed, any testimony based on his opinions that Alta Mesa showed a "difference in thinking" and "belie[f]" about Osage bench behavior must be excluded.

Plaintiffs seek to justify Kirkland's opinion by mischaracterizing his analysis. Plaintiffs claim that the opinion reflects an analysis of "a highly technical presentation." Opp. at 18; *see also id.* at 21 (characterizing as Kirkland's interpretation of "technical terms in internal documents that reveal information possessed" by Alta Mesa). But Kirkland made just two mundane observations: (1) Alta Mesa used one of two measurements to label the horizontal distance between its wells in August 2017 (at the same time publishing images of the ***same spacing with both measurements clearly marked***); and (2) Alta Mesa used the other measurement label in March 2018. *See* Ex. 1 (Kirkland Rpt.) ¶ 51, Fig. 28 (using purported single-bench spacing label in August 2017); *id.* ¶ 25, Fig. 8, ¶ 30, Fig. 10,

6

¶ 47, Fig. 21 (using both labels to describe the same wells in August 2017); KX 12 at -1005 (ECF 556-12) (using purported inter-bench label to describe the same wells in March 2018).

In short, Kirkland's "technical" analysis involved no more than pointing out that AMR had switched its spacing-test labels from one measurement to another—both of which had been consistently publicized to investors by August 2017[6]—plus speculation about the motive for the switch. Plaintiffs contend that this elementary comparison of two spacing measurements provides "an opinion about what Alta Mesa *said it believed*." Opp. at 18 (emphasis in original). But this unsophisticated comparison of two measurements reveals nothing about Alta Mesa's beliefs on Osage bench behavior. Any juror can read the change in the presentations and reach their own conclusions about what those changes mean—Kirkland's expertise is not needed. *See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[T]he trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument."); *Ibanez v. Tex. A&M Univ.-Kingsville*, 2023 WL 6538413, at *2 (S.D. Tex. Aug. 29, 2023) (expert witness's "simply passing along information provided by others and laying out [Plaintiff's] theory of the case" is

---

[6] In addition to speculating about state of mind, Kirkland's opinion about Alta Mesa's belief is the product of an unreliable methodology. Plaintiffs contend that Kirkland's opinion was "based on record evidence showing that Alta Mesa itself started to describe the spacing between wells within the Osage as one unit, rather than the distance between wells within the upper or lower Osage Benches." Opp. at 18-19. But the only other document cited is one Kirkland used to assess the labels used in March 2018. *See* Opp. at 18 (citing KX 12 (March 2018 AMR Reserves Discussion Presentation at -0993)). That document is not a sufficient basis for concluding—or telling the jury—that Alta Mesa believed its Osage layers acted as a single unit.

7

"improper") (alteration in original).  Kirkland's supposition about the difference in labeling in the two presentations is rank speculation.

## CONCLUSION

Defendants respectfully request that the Court exclude Taylor Kirkland's opinions on the economics of Alta Mesa's ESP program and Alta Mesa's subjective mental state.

Dated: February 2, 2024    Respectfully submitted,

By  *J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
DC Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Of Counsel:
Heather A. Waller
IL Bar No. 6302537
S.D. Tex. Bar No. 2886108
Arthur F. Foerster (*pro hac vice*)
IL Bar No. 6271201
Daniel Robinson (*pro hac vice*)
IL Bar No. 6339592
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com
Arthur.Foerster@lw.com
Daniel.Robinson@lw.com

Jansen M. VanderMeulen (*pro hac vice*)
DC Bar No. 1672242
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200

9

Fax: (202) 637-2201
Jansen.VanderMeulen@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com

...

*Co-Counsel for Defendants Harlan H. Chappelle and Michael E. Ellis*

## CERTIFICATE OF SERVICE

      I certify that on February 2, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                    *J. Christian Word*
                                    J. Christian Word