# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II *et al.*,<br>Defendants. | Civil Action No. 4:22-cv-01189<br><br>Judge George C. Hanks, Jr. |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; *et al.*,<br><br>Defendants. | Civil Action No. 4:22-cv-02590<br><br>Judge George C. Hanks, Jr. |

# APPENDIX TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF EXPERT WITNESSES STEVEN P. FEINSTEIN AND ZACHARY NYE UNDER RULE 702

In accordance with Court Procedure 7(B)(3), Moving Defendants submit this Appendix in support of their Reply in Support of Motion to Exclude Opinions of Expert Witnesses Steven P. Feinstein and Zachary Nye, which is filed concurrently herewith. Moving Defendants rely on the following evidence to support their motion:

| Ex. No. | Description |
|---|---|
| 5 | Excerpts of the Deposition of Audra L. Boone, Ph.D. taken on November 16, 2023 |

Dated: February 2, 2024               Respectfully submitted,

By /s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

Heather A. Waller
IL Bar No. 6302537
S.D. Tex. Bar No. 2886108
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

Fax: (312) 993-9767
Heather.Waller@lw.com

Matthew Peters (*pro hac vice*)
DC Bar. No. 1015700
Laura E. Bladow (*pro hac vice*)
D.C. Bar No. 1740343
Henry Zaytoun III (*pro hac vice*)
D.C. Bar No. 1672976
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Henry.Zaytoun@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Stephen S. Coats; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald R. Sinclair; Ronald J. Smith; Jeffrey H. Tepper; Thomas J. Walker; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255

3

**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com

*Co-Counsel for Defendants Harlan H. Chappelle and Michael E. Ellis*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ J. Christian Word*
J. Christian Word

# EXHIBIT 5

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

----------------------------------*

IN RE ALTA MESA RESOURCES, INC.

SECURITIES LITIGATION

----------------------------------*

STENOGRAPHIC AND VIDEO-RECORDED

REMOTE VIRTUAL DEPOSITION OF

AUDRA L. BOONE, Ph.D.

Thursday, November 16, 2023

9:50 a.m.

Stenographically recorded by:

Josephine H. Fassett, RPR, CCR

Job No. 6316198

| | |
|---|---|
| Page 2 | Page 4 |

Page 2
1
2         Thursday, November 16, 2023
3             9:50 a.m.
4
5      T R A N S C R I P T  of the stenographic and
6  video-recorded remote virtual deposition of AUDRA L.
7  BOONE, Ph.D., held pursuant to the Federal Rules of
8  Civil Procedure, on Thursday, November 16, 2023,
9  commencing at approximately 9:50 a.m.,
10 stenographically recorded by Josephine H. Fassett, a
11 Registered Professional Reporter, Certified Court
12 Reporter, and Notary Public of the states of New
13 York and New Jersey.

Page 4
1
2 APPEARANCES (cont'd.):
3 APPEARING ON BEHALF OF DEFENDANTS ALTA MESA
4 RESOURCES, INC., JAMES T. HACKETT, HARLAN H.
5 CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER,
6 THOMAS J. WALKER, DIANA J. WALTERS, RIVERSTONE
7 INVESTMENT GROUP LLC, STEPHEN COATS, MICHAEL E.
8 ELLIS, PIEERE F. LAPEYRE, DAVID M. LEUSCHEN, DONALD
9 SINCLAIR, AND RONALD SMITH:
10     LATHAM & WATKINS LLP
11     555 Eleventh Street, N.W.
12     Suite 1000
13     Washington, D.C. 20004
14     202.637.2200
15 BY: HENRY ZAYTOUN, ESQ.
16     henry.zaytoun@lw.com

Page 3
2 APPEARANCES:
3 APPEARING ON BEHALF OF CLASS PLAINTIFFS:
4     ROBBINS GELLER RUDMAN & DOWD LLP
5     655 West Broadway
6     San Diego, California 92101
7     619.231.1058
8 BY: TRIG SMITH, ESQ.
9     smitht@rdrglaw.com
10
11 APPEARING ON BEHALF OF ALYESKA AND ORBIS PLAINTIFFS:
12     ROLNICK KRAMER SADIGHI LLP
13     1251 Sixth Avenue
14     New York, New York 10020
15     212.597.2800
16 BY: MICHAEL HAMPSON, ESQ.
17     mhampson@rksllp.com

Page 5
2 APPEARANCES (cont'd.):
3 APPEARING ON BEHALF OF DEFENDANTS BAYOU CITY ENERGY
4 AND WILLIAM McMULLEN:
5     KIRKLAND & ELLIS LLP
6     609 Main Street
7     Houston, Texas 77002
8     713.836.3600
9 BY: DIANA CLOUGH BENTON, ESQ.
10     diana.benton@kirkland.com
11     BELLE HARRIS, ESQ.
12     belle.harris@kirkland.com
13
14 APPEARING ON BEHALF OF DEFENDANT ARM ENERGY HOLDINGS
15 LLC:
16     EVERSHEDS SUTHERLAND (US) LLP
17     700 Sixth Street, N.W.
18     Suite 700
19     Washington, D.C. 20001
20     202.383.0100
21 BY: ADAM POLLET, ESQ.
22     adampollet@eversheds-sutherland.com

2 (Pages 2 - 5)

Page 6

```
 1
 2  APPEARANCES (cont'd.):
 3  APPEARING ON BEHALF OF DEFENDANTS HPS INVESTMENT
 4  PARTNERS LLC, DON DIMITRIEVICH AND THE WITNESS AUDRA
 5  L. BOONE, Ph.D.:
 6      QUINN EMANUEL URQUHART & SULLIVAN LLP
 7      51 Madison Avenue
 8      New York, New York 10010
 9      212.849.7000
10  BY: SILPA MARURI, ESQ.
11      silpamaruri@quinnemanuel.com
12      JACOB J. WALDMAN, ESQ.
13      jacobwaldman@quinnemanuel.com
14      AMY HOOD, ESQ.
15      amyhood@quinnemanuel.com
16
17  ALSO PRESENT:
18      GABRIEL HUTTER, Robbins Geller Documents Clerk
19      MICHAEL RUSSO, Rolnick Kramer Law Clerk
20      MICHAEL A. KEABLE, Compass Lexecon
21      PETER COOPER, Videographer
22
23
24
25
```

Page 7

```
 1
 2  ----------------------INDEX-----------------------
 3  WITNESS                                      PAGE
 4  AUDRA L. BOONE, Ph.D.
 5    By Mr. Smith                                  9
 6    By Mr. Hampson                              228
 7
 8         AFTERNOON SESSION - 129
 9
10  ---------------------EXHIBITS---------------------
11  PLAINTIFF  DESCRIPTION                       PAGE
12  Exhibit 807 Expert Report of Professor Audra  27
13          L. Boone, Ph.D., dated October
14          19, 2023
15  Exhibit 808 Expert Report of Zachary Nye,    237
16          Ph.D., dated August 31, 2023
17  Exhibit 809 Article titled Shareholder       285
18          Litigation Risk and the
19          Information Environment:
20          Revisiting Evidence from Two
21          Natural Experiments dated May 5,
22          2023
23
24
25
```

Page 8

```
 1                  BOONE, Ph.D.
 2      (On the stenographic and video record
 3  9:50 a.m.)
 4      THE VIDEOGRAPHER: Good morning. We
 5  are going on the record at 9:50 a.m. on
 6  Thursday, November 16, 2023.
 7      Please note that this deposition is
 8  being conducted virtually. The quality of
 9  recording depends on the quality of camera
10  and internet connection of participants.
11      Audio and video recording will
12  continue to take place unless all parties
13  agree to go off the record.
14      This is Media 1 of the video-recorded
15  deposition of Audra Boone, Ph.D., taken in
16  the matter of In re Alta Mesa Resources
17  Incorporated Securities Litigation filed in
18  the United States District Court for the
19  Southern District of Texas with
20  Case number 419-CV-00957.
21      My name is Pete Cooper representing
22  Veritext, and I'm the videographer. The
23  court reporter is Josephine Fassett from
24  the firm Veritext.
25      All appearances will be held upon the
```

Page 9

```
 1                  BOONE, Ph.D.
 2  stenographic record.
 3      If there are any objections to
 4  proceeding today, please state them now.
 5      Hearing no objections, the court
 6  reporter may swear in the witness and we
 7  can proceed.
 8          AUDRA L. BOONE, Ph.D.
 9  the witness, having been duly sworn, was examined
10  and testified under oath as follows:
11              EXAMINATION
12  BY MR. SMITH:
13      Q. Good morning, Ms. Boone. Am I
14  pronouncing your last name correct, Boone?
15      Am I pronouncing your last name
16  correctly?
17      A. Yes, that's correct.
18      Q. All right. Can you please state your
19  full name for the record.
20      A. My name is Audra Boone. A-u-d-r-a
21  B-o-o-n-e.
22      Q. Okay. Thank you.
23      And my name is Trig Smith. I work for
24  the law firm of Robbins Geller, the counsel that
25  represents plaintiffs in the class case. Do you
```

3 (Pages 6 - 9)

| Page 170 | Page 172 |
|---|---|
| 1          BOONE, Ph.D.<br>2    A.  Again, as I'm understanding, you're<br>3  telling me they're not linked, and I'm making the<br>4  assumption, based on the evidence that you gave,<br>5  that the warehouse delayed reporting, there's<br>6  somebody made a determination there was fraud.  So<br>7  based on the hypothetical that you gave me, again,<br>8  I don't see that there's a link that was between<br>9  those two based on the information that I<br>10 understand you gave me.<br>11   Q.  And you would agree that in the<br>12 instance, the hypothetical that we've agreed to,<br>13 that that disclosure of the CFO being fired would<br>14 be potentially negative confounding information?<br>15   A.  Based on the information that you've<br>16 presented that there are two pieces of information<br>17 that you've told me are unrelated to each other,<br>18 that is possible that could be viewed as<br>19 confounding information if they were again<br>20 released at the exact same time with each other.<br>21   Q.  And you would agree under that<br>22 hypothetical if a plaintiff's expert were trying<br>23 to estimate what the damages were, the expert<br>24 would have to control for that negative<br>25 confounding information to arrive at what the | 1          BOONE, Ph.D.<br>2      for a legal conclusion.<br>3    A.  So I just want to be clear.  Now we're<br>4  stepping back from the hypothetical, we're back<br>5  into the specifics of the case with Alta Mesa<br>6  Resources?<br>7    Q.  Yes.<br>8    A.  Okay.  Again, for what I have -- what my<br>9  conclusion is, is that the plaintiffs' experts<br>10 have not provided information that could go to a<br>11 jury that would tell them how much of any price<br>12 decline was associated with any particular piece<br>13 of information.<br>14   Q.  And I understand that, but that's not<br>15 answering my question.<br>16      My question is:  Is it your position in<br>17 this case that after the jury has seen all the<br>18 evidence provided to it, including the experts'<br>19 opinions, and the way that evidence is presented,<br>20 that the jury would be incapable of making the<br>21 allocation decision that you're criticizing<br>22 Dr. Feinstein for failing to do?<br>23      MS. MARURI:  Objection.  Calls for a<br>24     legal conclusion.<br>25   A.  I don't know what the jury would be able |
| Page 171 | Page 173 |
| 1          BOONE, Ph.D.<br>2  damage figure is?<br>3    A.  If somebody were to approach this and<br>4  they wanted to assign specific damages to the<br>5  information about the warehouse burning down, they<br>6  would -- and, again, the specific damages -- they<br>7  would need to consider how much of the residual<br>8  return that day was due to that particular<br>9  information relative to the unrelated information.<br>10   Q.  Thank you.<br>11      I think we're getting towards the end of<br>12 this.  I just have a handful of questions left.<br>13 And if you need a break, just let me know.  I'm<br>14 more than happy to accommodate it between now and<br>15 then.<br>16      I'm not asking you whether this is an<br>17 opinion that you're stating in your report, I just<br>18 want to make that clear.<br>19      Is it your position that a jury would be<br>20 incapable, in light of all the evidence that it's<br>21 presented during trial, of concluding how much of<br>22 that inflation is attributable to the ICFR<br>23 statement and the other bits of confounding<br>24 information that you've identified?<br>25      MS. MARURI:  Object to form.  Calls | 1          BOONE, Ph.D.<br>2  to conclude, but I do know that the information<br>3  that is presented in the plaintiffs' reports do<br>4  not provide any roadmap for how much of the<br>5  returns were associated with any of the purported<br>6  corrective disclosures.<br>7    Q.  Again, I understand that, but that's not<br>8  responding to my question.<br>9      My question is, is after the jury<br>10 considers all the evidence in the case, is it your<br>11 position that they would have been incapable of<br>12 making the allocation decision that you're<br>13 criticizing Dr. Feinstein for failing to do with<br>14 regard to Mr. Dimitrievich and Mr. McMullen?<br>15      MS. MARURI:  Objection to form.<br>16   A.  Yeah, I don't know what the jury would<br>17 be able to determine.  That's not my role here is<br>18 to do that, other than, again, to point out that<br>19 based on what I've seen there's not information<br>20 to -- presented to them that would do that.<br>21   Q.  Is it your position that a jury is<br>22 incapable of looking at the evidence and saying,<br>23 well, I know what a big lie is and I know what a<br>24 small lie is, so, you know, I'm just going to --<br>25 this artificial inflation that's been given to me, |

Page 174
BOONE, Ph.D.
1
2  I'm just going to apportion 10 percent to the ICFR
3  false statement.  Do you think that that would be
4  an improper jury verdict?
5       MS. MARURI:  Objection.  Calls for a
6    legal conclusion.
7    A.  Yeah, I don't know what the jury would
8  be capable of.  I mean, it would be based on the
9  entirety of the evidence that is presented at
10 trial.
11      What I can offer you is to say, again,
12 based on what I have reviewed and put in my
13 report, there is no economic evidence that has
14 been offered by plaintiffs that would allow them
15 to disaggregate any information associated with
16 the ICFR and alleged -- and risk alleged
17 misstatements.
18    Q.  Okay.  That's just based on the evidence
19 that you've seen cited in the expert reports,
20 correct?
21    A.  Yeah, and any of the other public
22 filings that I have reviewed.
23    Q.  And you don't pretend to have any
24 knowledge whatsoever of the entirety of the record
25 in this case -- what that evidence says.  How it

Page 175
BOONE, Ph.D.
1
2  may be presented to a jury -- you don't have any
3  knowledge of that, right?
4       MS. MARURI:  Objection to form.
5    Misstates prior testimony.
6    A.  So, again, the -- I stayed within the
7  scope of my assignment, which was to look at those
8  two, look at those two misstatements.  So as part
9  of that I didn't deem it necessary to look at
10 everything else because I was only confining to
11 these particular misstatements and the general
12 issue of how the analysis was done to allocate any
13 damages.
14    Q.  Do you know how many pages of documents
15 have been produced in this case?
16    A.  I do not know.
17    Q.  Millions.  Have you looked at all that
18 evidence?
19    A.  It wasn't within the scope I deemed
20 necessary, so I have not reviewed millions of
21 pages.
22    Q.  All right.  So is it your position that
23 the jury would not have the necessary tools to
24 make the allocation decision that you're
25 criticizing Dr. Feinstein for?

Page 176
BOONE, Ph.D.
1
2       MS. MARURI:  Objection.  Asked and
3    answered multiple times.
4    A.  As I'm sitting here today, I don't know
5  all the evidence that would be presented to the
6  jury, nor am I on the jury, right, to make a
7  determination.  But the evidence that I reviewed
8  regarding the reports of Professor Feinstein, and
9  Dr. Nye as well, do not offer any disaggregation
10 of the different information that was disclosed
11 that day that would provide a roadmap for
12 allocating specific damages to any particular
13 party.
14    Q.  Is it your position that Dr. Feinstein
15 has not done that, that the jury does not have the
16 tools necessary to make the allocation decision?
17      MS. MARURI:  Objection.  Calls for a
18    legal conclusion.
19    A.  I don't know what other tools the jury
20 might be given here.  But Doctor or Professor
21 Feinstein's report does not give information on
22 the disaggregation of any of those particular
23 parts, so that's where my opinion is.
24    Q.  Is it your position that it would be
25 impossible for the jury to make the allocation

Page 177
BOONE, Ph.D.
1
2  decision that you're criticizing Dr. Feinstein for
3  failing to do -- strike that.
4       Is it your position that because
5  Dr. Feinstein didn't do that analysis that the
6  jury could not reach a verdict regarding the
7  allocation decision that you're criticizing
8  Dr. Feinstein for?
9       MS. MARURI:  Objection.  Calls for a
10   legal conclusion.
11   A.  I don't have any other information to
12 know what the jury might be presented with.
13   Q.  Okay.
14   A.  My role here is to analyze the economic
15 evidence on the damages for these misstatements
16 attributed to Mr. Dimitrievich and Mr. McMullen.
17 And Professor Feinstein has not provided any
18 disaggregation of the potentially confounding
19 information that came out in February 2019 and May
20 of 2019.
21   Q.  According to your position, because
22 Doctor -- you're saying that Dr. Feinstein did not
23 perform disaggregation.  Okay.  So I'll just
24 accept that as true.
25   A.  Okay.

45 (Pages 174 - 177)

Page 314

1  BOONE, Ph.D.
2  Total number of media used was five
3  and will be retained by Veritext.
4  (Off the record.)
5  (Stenographic and video-recorded
6  deposition adjourned 6:09 p.m.)

Page 315

C E R T I F I C A T E

I, JOSEPHINE H. FASSETT, a Registered Professional Reporter, Certified Court Reporter, and Notary Public of the states of New York and New Jersey, do hereby certify that the witness, whose stenographically recorded remote virtual deposition is hereinbefore set forth, was first duly sworn by me on the date indicated, and that the foregoing stenographically recorded remote virtual deposition is a true and accurate record of the testimony given by such witness.

I FURTHER CERTIFY that I am not employed by nor related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have subscribed my hand this 21st day of November 2023.

_(signature)_

JOSEPHINE H. FASSETT, RPR, CCR
NCRA License No. 32148
CCR License No. 30XI00098400
New York Notary Public
New Jersey Notary Public

Page 316

CERTIFICATION OF WITNESS

I, AUDRA L. BOONE, Ph.D., hereby certify that I have read the transcript of my testimony taken under oath in my stenographically recorded deposition on November 16, 2023, and that the transcript is a true, complete and accurate record of my testimony, and that the answers on the record as given by me are true and correct, subject to the changes and/or corrections, if any, shown on the attached page.

_____
AUDRA L. BOONE, Ph.D.

Subscribed and sworn to before me this_____ day of_____, 2023.

_____
Notary Public State of

Page 317

ERRATA SHEET

CASE: ALTA MESA RESOURCES, INC. SECURITIES LITIGATION
DATE: NOVEMBER 16, 2023
NAME: AUDRA L. BOONE, Ph.D.

PAGE  LINE(s)  CHANGE  REASON
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____
___|_____|_____|_____

_____
AUDRA L. BOONE, Ph.D.

Subscribed and sworn to before me this_____ day of_____, 2023.

_____  _____
Notary Public        My Commission Expires

80 (Pages 314 - 317)