| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> 711 LOUISIANA STREET, SUITE 500 <br> HOUSTON, TEXAS 77002 | **KIRKLAND & ELLIS LLP <br> KIRKLAND & ELLIS INTERNATIONAL LLP** <br> 609 MAIN STREET <br> HOUSTON, TEXAS 77002 | **EVERSHEDS SUTHERLAND (US) LLP** <br> 1001 FANNIN STREET, SUITE 3700 <br> HOUSTON, TEXAS 77002 |
|---|---|---|

WRITER'S DIRECT DIAL NO.
**(713) 221-7007**

February 7, 2024

WRITER'S EMAIL ADDRESS
**chrisporter@quinnemanuel.com**

**VIA ECF**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:   <u>In re Alta Mesa Resources Securities Litigation, 4:19-cv-00957-GCH</u>

Dear Judge Hanks:

On behalf of HPS Investment Partners, LLC ("HPS"), Donald Dimitrievich, Bayou City Energy Management, LLC, William McMullen, and ARM Energy Holdings, LLC (collectively, "Moving Defendants"), we write respectfully to renew our request for a separate oral argument in support of our clients' motions for summary judgment (the "SJ Motions").[1]

### I.   <u>As The Court Previously Noted, Defendants Here Are Differently Situated</u>

At the recent February 1, 2024 Status Conference, the Court informed the parties that the Court will consider the pending motions for summary judgment altogether in light of perceived overlap, allowing argument only if deemed necessary. Given this, Moving Defendants respectfully renew their request for a hearing because real differences exist between the different types of Defendants. The Court previously recognized these differences at the May 8, 2023 hearing, when it denied Plaintiffs' request for an omnibus SJ briefing schedule and required Plaintiffs to respond to summary judgment motions as they were filed:

> I know that I handled the motion to dismiss in the omnibus fashion because we're dealing with one complaint. But at this point in time, *there are differences between the different types of defendants*, between -- especially between the what I call the control defendant and other defendants in this case. And so why -- and I'm all about efficiency. I like to handle cases as efficiently as possible. But *since there are differences between these defendants*, why is it, why is it that we should be treating all these defendants the same in terms of deadlines for dispositive motion? It seems

---

[1] *See* Dkt Nos. 422, 423, 424, 427.

like (indiscernible) the defendants have different levels, *separate and apart from other defendants*, *and get out of the case sooner rather than later*.

May 8, 2023 Hr'g Tr. at 5:1-13 (emphasis added); *see also id.* at 15:5-9 ("[N]ow there does appear, you know, based on the argument of the defendants, *that there are unique facts that apply to certain defendants that don't apply to other defendants with respect to their level of culpability and liability in this matter*.") (emphasis added).

With this guidance, Moving Defendants moved expeditiously to file their SJ Motions on August 31, 2023, and they were fully briefed by October 10, 2023, months before the flurry of recent SJ and *Daubert* Motions were filed.[2]

On September 22, 2023, Moving Defendants requested a hearing (ECF No. 452) on those SJ Motions in line with the Court's previous instruction that parties requesting a hearing would receive one. *See* June 26, 2023 Hr'g Tr. at 32:24-33:1 ("Anybody that requests a hearing, I always give a hearing. So that's not a problem. If you ever want a hearing, all you do is request it."). Now that it appears the SJ Motions will be considered in an omnibus fashion—regardless of when they were filed—Moving Defendants believe a separate hearing is important because there remain "differences between the different types of defendants." May 8, 2023 Hr'g Tr. at 5:3-4.

## II. The Court Does Not Need To Resolve The Daubert Motions Before Considering Moving Defendants' Narrow SJ Motions

The Court does not need to resolve the *Daubert* motions before addressing the Moving Defendants' SJ Motions—as the Court indicated it planned to do before turning to the parties' summary judgment motions—because they will have no impact on these particular motions. Moving Defendants filed their SJ Motions *without relying on any expert reports and before any expert depositions*, because expert discovery was not necessary to resolve the narrow issues presented in their SJ Motions. And Plaintiffs clearly did not disagree, as their oppositions did not contain any references to expert reports or testimony, and they *never* argued under Rule 56(f) that expert discovery was necessary for them to fully respond.

Thus, providing a hearing to the Moving Defendants will not delve into expert issues because, again, those narrow motions are expert-free.

## III. A Hearing Will Compel Plaintiffs To Address Moving Defendants Individually

Finally, it is evident that Plaintiffs are happy to forgo a hearing because it would force them to describe, before the Court, the specific *evidence* that justifies keeping the Moving Defendants in this case. As yet, Plaintiffs have avoided addressing Defendants individually by shuffling facts and Defendants like a game of Three-Card Monte. Thankfully, well-settled Fifth Circuit precedent mandates that to "recover on their claims against all the Defendants, the Plaintiffs must prove" the elements of each claim "*as to each Defendant*." *Young v. Mem'l Hermann Hosp. Sys.*, 2006 WL 1984613, at *2 (S.D. Tex. July 14, 2006), *aff'd*, 573 F.3d 233 (5th Cir. 2009); *see*

---

[2] Moving Defendants would have moved substantially earlier, but fact discovery was extended in light of the Alyeska and Orbis Plaintiffs' failures to produce witnesses timely for deposition.

*also Berry v. Fitts*, 2010 WL 345750, at *1 (S.D. Tex. Jan. 22, 2010) (separately considering and dismissing claims against the defendants, "each [of whom] filed a motion for summary judgment" individually).

For these reasons, Moving Defendants respectfully renew their September 22, 2023 request for a separate hearing on their narrow SJ Motions. We appreciate the Court's attention to this important issue and are happy to answer any questions the Court may have.

Respectfully submitted,

| | |
|---|---|
| */s/* Christopher Porter | */s/* Kenneth Alan Young |
| (signed by permission of Attorney-in-Charge) | Kenneth Alan Young |
| Karl S. Stern (attorney in charge) (SBN 19175665) | Attorney-in-Charge |
| | Nick Brown |
| Christopher D. Porter (SBN 24070437) | **KIRKLAND & ELLIS LLP** |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 711 Louisiana Street, Suite 500 | Texas Bar No. 24088699 |
| Houston, TX 77002 | 609 Main Street |
| Telephone: (713) 221-7000 | Houston, TX 77002 |
| Facsimile: (713) 221-7100 | Telephone: (713) 836-3600 |
| Email: karlstern@quinnemanuel.com | |
| chrisporter@quinnemanuel.com | -**AND**- |
| | |
| -**AND**- | Stefan Atkinson (*pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael B. Carlinsky (*pro hac vice*) | 601 Lexington Avenue |
| Courtney C. Whang (*pro hac vice*) | New York, NY 10022 |
| Jacob J. Waldman (*pro hac vice*) | Telephone: (212) 446-4800 |
| 51 Madison Avenue, 22nd Floor | |
| New York, NY 10010 | *Counsel for Bayou City Energy Management LLC and William McMullen* |
| Telephone: (212) 849-7000 | |
| Facsimile: (212) 849-7100 | |
| Email: michaelcarlinsky@quinnemanuel.com | |
| courtneywhang@quinnemanuel.com | |
| jacobwaldman@quinnemanuel.com | |

*Counsel to HPS Investment Partners, LLC and Don Dimitrievich*

*/s/* James L. Silliman
James L. Silliman
SBN 24081416

Attorney-in-Charge
**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, TX 77002
Telephone: (713) 470-6112

-**AND**-

Bruce M. Bettigole (*pro hac vice*)
Adam Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100

*Counsel for ARM Energy Holdings, LLC*

cc:   All counsel (via ECF)