# EXHIBIT 18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |
| | Judge George C. Hanks, Jr. |

## ALTA MESA RESOURCES, INC.'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALTA MESA RESOURCES, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Alta Mesa Resources, Inc. ("AMR"), by and through undersigned counsel, hereby submit its responses and objections to Lead Plaintiffs' First Request for Production of Documents to Alta Mesa Resources, Inc., dated September 3, 2021[1] (individually, "Request" and, collectively, the "Requests").

### PRELIMINARY STATEMENT

The following responses are based upon the facts, documents, and information presently known and available to AMR.  Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses.

These responses were prepared on AMR's good faith interpretation and understanding of the definitions in the Requests and are subject to correction for inadvertent errors or omissions, if any.

---

[1] Although Lead Plaintiffs provided counsel a copy of the Requests on September 3, 2021, AMR was not added as a party to the litigation until December 6, 2021.  AMR is therefore treating the Requests as served on December 6, 2021, and has timely served these Responses and Objections.

[PAGES INTENTIONALLY OMITTED]

All Documents concerning the "previous pattern tests," "[c]onsistency and geographic breadth of well results," and "[s]pacing test pilots" referred to in the PowerPoint Presentation made at ENERCOM in Dallas, Texas on February 21, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for "[a]ll Documents concerning" statements made in a presentation made on February 21, 2018, regardless of whether such document is relevant to the issues, claims or defenses in this action.

Subject to and without waiving its General and Specific Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents forming the basis of Your May 14, 2018 and August 14 2018 statements that "[m]ulti-well development pattern results across [STACK] are favorable" and "utilization of ESPs continued to make economic sense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that the phrase "forming the basis of" is vague and ambiguous.  AMR further objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for "[a]ll Documents forming the basis of" two statements, regardless of whether such document is relevant to the issues, claims or defenses in this action.

22

Subject to and without waiving its General Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents You considered or relied on in determining whether to revise Your 2018 earnings and production guidance, including Documents regarding the "setbacks" experienced in "late 2017" that contributed to the revision of earnings and production guidance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that the phrase "consider or relied on" is vague and ambiguous, and on the grounds that the Request purports to quote from an unidentified source. AMR further objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for "[a]ll Documents considered or relied on in determining whether to revise [AMR's] 2018 earnings and production guidance," regardless of whether such document is relevant to the issues, claims or defenses in this action.

Subject to and without waiving its General Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning Your financial estimates and/or guidance provided to investors, including Documents forming the basis for statements provided to investors regarding the amount of oil and gas being produced from wells operated by AMR at STACK, expected to be produced for any well or group of wells, and the economics for any well or group of wells.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

[PAGES INTENTIONALLY OMITTED]

natural gas, condensate, and water for each well operated by AMR in STACK, including as relating to wellhead flowing pressures, artificial lift operating conditions, total well depth and length, and the EUR of each well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning" wells operated by AMR regardless of whether such document is relevant to the issues, claims or defenses in this action.

Subject to and without waiving its General and Specific Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the projected and actual costs to drill, hydraulically fracture, construct, operate, and maintain wells in STACK, including the cost of artificial lift equipment, pumpers, well supervision, electricity, repairs, and water disposal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning the projected and actual costs to drill . . . in STACK," regardless of whether the information even pertains to AMR or is relevant to the issues, claims or defenses in this action.

Subject to and without waiving its General and Specific Objections, AMR responds that it

will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents and that relate to AMR's wells.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning economic forecasts for each well operated by AMR in STACK, including all Production Data and reserve, capital, and operating cost documentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning" economic forecasts for all wells operated by AMR in STACK regardless of whether such document is relevant to the issues, claims or defenses in this action.

Subject to and without waiving its General and Specific Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning well economics for wells operated by AMR in STACK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning" well economics for wells operated by AMR in STACK regardless of whether such document is relevant to the issues, claims or defenses in this action.  AMR also objects on the grounds that "well economics" is vague and ambiguous.

26

[PAGES INTENTIONALLY OMITTED]

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning analysis of the utilization of ESPs at STACK, including AFEs, actual or potential economic or production impact at adjacent wells, and all underlying data and documentation forming the bases of such analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning" analyses of the utilization of ESPs at STACK regardless of whether such document is relevant to the issues, claims or defenses in this action. AMR also objects on the grounds that the terms "AFES," "underlying data," and "documentation" are vague and ambiguous.

Subject to and without waiving its General and Specific Objections, AMR responds that it will produce, to the extent such documents exist, non-privileged documents that are responsive to the Request identified during a reasonable search for documents.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and data concerning the ESP Production Enhancement program, true vertical depth analyses of STACK wells, drillouts, cleanouts, Reservoir simulation, well bore diagrams, AFE capital expense accruals, depletion reports, and post-drill analysis of STACK wells.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

AMR incorporates the General Objections and Objections to the Definitions and Instructions as if set forth fully herein.

AMR objects to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of this action in that it calls for every document "concerning" various analyses, including the ESP Production Enhancement program, regardless of whether such

[PAGES INTENTIONALLY OMITTED]