February 15, 2024

**VIA ECF**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:    In re Alta Mesa Resources Securities Litigation, 4:19-cv-00957-GCH

Dear Judge Hanks:

Pursuant to Rule 6(E) of Your Honor's Court Procedures, Defendants, Class Plaintiffs and the Individual Action Plaintiffs jointly submit their positions as to whether the Court should continue the upcoming docket call and putative trial setting.  Defendants informed the parties that they intend to seek a continuance on February 9, 2024; the parties held a telephonic meet and confer on February 12, 2024, at 3 p.m. ET.

## I.    **Defendants' Position**

Defendants respectfully seek a short continuance of the April 12, 2024 docket call, and putative trial setting for the first two weeks of June, until the Court resolves the pending summary judgment motions (the "Pending Motions").  Indeed, this Court has routinely found good cause to continue trial-related deadlines while dispositive motions remain pending, even where the plaintiff opposes the continuance.  *See Rylander v. The Kroger Co. et al*, No. 4:22-cv-04260, ECF No. 54 (S.D. Tex. Jan. 4, 2024) (Hanks, J.); *Doohan v. Exxon*, No. 4:21-CV-01467, ECF No. 30 (S.D. Tex. Jan. 3, 2023) (Hanks, J.); *Vandenberg v. Univ. of St. Thomas*, No. 4:18-CV-00379, ECF No. 99 (S.D. Tex. Aug. 7, 2020) (Hanks, J.); *Gonzalez v. BP Exploration & Prod. Inc. and BP Am. Produc. Co.*, No. 4:19-cv-01595, ECF No. 44 (S.D. Tex. July 14, 2020) (Hanks, J.); *Morgan v. Goodman Mfg. Co., L.P.*, No. 4:19-cv-00850, ECF No. 60 (S.D. Tex. July 8, 2020) (Hanks, J.).[1]

---

[1]    Notably, Plaintiffs do not cite *any* case law in which the Court denied a similar request for continuance based on a pending dispositive motion.  The only case the Opt-Out Plaintiffs do cite, *infra* at 4, concerned a Rule 16(b) motion to modify a scheduling order to allow the plaintiff to file a late amended complaint, ***which this Court ultimately granted***.  *See Rivera v. Kirby Corp.*, 2018 WL 722591, at *3 (S.D. Tex. Feb. 6, 2018) (Hanks, J.).  Class Plaintiffs do ***not*** adopt this Rule 16 argument.  Indeed, Rule 16(b) applies to scheduling order modifications, ***not*** continuances for trial-related deadlines.

Such a continuance is especially warranted here, in the interests of judicial efficiency and fairness, and to preserve both the Court's and the parties' resources. At the recent Status Conference, the Court informed the parties that it expects to resolve the Pending Motions by the end of May 2024 and for the trial to proceed shortly thereafter. *See* Status Conf. Tr. at 21:14-21. Under the current schedule, this means that the parties must complete the vast majority of pretrial work—including, but not limited to, the joint pretrial order, jury charge, motions *in limine*, exhibit and witness lists, deposition designations, joint trial worksheet, and trial memorandum—by April 5, 2024, without the benefit of the Court's rulings on the Pending Motions. *See* Court's Procedures R. 9 and 10; *id.* at 22. Until the Pending Motions are resolved, the parties cannot know which of the nearly 100 alleged misstatements or numerous causes of action will be at issue, or even which of the 19 Defendants will remain in this matter. Indeed, the Court has acknowledged that its ruling on the Pending Motions is critical to trial preparation, "so you can figure out exactly what you need to do [at trial]." *See* Status Conf. Tr. (Feb. 1, 2024) at 21:23-22:1.

Compounding this problem, Class Plaintiffs informed the parties on February 6, 2024, that they want to divorce their trial from the Opt-Out Plaintiffs pursuant to FRCP 42(b), a request that will be opposed. Notably, Class Plaintiffs ***said nothing*** about seeking a severance at the February 1, 2024 Status Conference, leaving the parties—and, more importantly, the Court—with the impression that there would be only ***one*** trial for all parties, which would take place during the first two weeks of June. *See* Status Conf. Tr. at 21:23-22:1 ("THE COURT: Because I'm going to block out, you know, a couple of weeks for this…. And the time I have are available right now is those first two weeks in June.").

Class Plaintiffs' sudden request for separate trials seriously risks increasing the burdens on both the Court and Defendants in preparing for multiple trials. Indeed, if the Court ultimately grants the Class's Rule 42(b) motion, Defendants will have to completely re-do the pretrial filings that, as of now, are being prepared with ***just one*** trial in mind. These filings would have to be ***further revised*** after the Court rules on the Pending Motions, and Defendants would then need to prepare ***another set*** of pretrial filings for the second trial with the Opt-Out Plaintiffs.

This needless expenditure of time and resources can easily be avoided by a short extension of the docket call to allow the Court to resolve the Pending Motions and clarify which claims and Defendants (if any) may proceed to trial. Given the demands posed by the current schedule, the Court has good cause to continue the docket call until at least **July 12, 2024**, and to set the trial date for no earlier than **September 2024**. *See Myers v. CitiMortgage*, Inc., 557 F. App'x 296, 298 (5th Cir. 2014) ("When making scheduling decisions, the district court 'must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's [time]." (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)).

Importantly, ***no party*** will be prejudiced by a short continuance to streamline the docket call by allowing the Court to determine which issues will remain at trial, which Plaintiffs cannot dispute. Keeping the current schedule as-is, however, will prejudice Defendants by forcing them to prepare multiple iterations of pretrial materials for claims (and parties) that may ultimately be dismissed, while the Court will be asked to issue premature rulings on pretrial matters that may be later rendered moot.

This is the first time Defendants have requested a continuance related to trial, and critically, also the first time the equities of such a decision have been put before the Court. The Opt-Outs' assertion that the Court already "explicitly rejected" Defendants' arguments (*infra* at 3-4) is a blatant

misrepresentation, as demonstrated by the very transcript they cite. *See* Status Conf. Tr. (Feb. 1, 2024) at 21:3-21.

## II. <u>Class Plaintiffs' Position</u>

Defendants' letter is just an expression of frustration with the schedule that the Court set in July 2023 (Dkt. 376). Most recently, the Court reiterated that schedule on February 1, 2024, (responding to counsel for HPS and Dimitrievich), when Your Honor made clear to all parties that the Court was maintaining the April 12, 2024 Docket Call date and the Court had tentatively scheduled trial to commence at the beginning of June. (2/1/24 Status Conference Tr. at 21:24-22:24; *see also* Dkt. 633). HPS and the other Defendants now seek to take yet another bite at the "delay apple." That request should be denied. Neither Defendants' frustration with the longstanding trial schedule set by the Court nor the fact they filed a raft of summary judgment motions that rehashed arguments the Court previously rejected at the motion to dismiss stage are a legitimate basis to delay here.

Now, Defendants complain that trying the Class Case and the Individual Actions separately somehow supports delaying the Docket Call and the trial by three months. Not true. Class Plaintiffs have already discussed those issues with all counsel and will shortly move for the purpose of streamlining the Class Case and eliminating prejudice and jury confusion (*e.g.*, precluding individual "eyeball reliance" and "presumption of reliance" elements and damage theories unrelated to the class claims from being tried together). Should the Court grant Lead Plaintiffs' upcoming motion, it provides Defendants no basis for additional delay—particularly where, as here, we are still approximately two months out from the April 12, 2024 Docket Call.

With or without Defendants' cooperation Class Plaintiffs will be ready to submit all required pre-trial materials on or before April 5, 2024, in anticipation of the April 12, 2024 Docket Call.

## III.   <u>Opt-Out Plaintiffs' Position</u>

At the recent February 1, 2024 Status Conference, the Court adhered to the April 12 docket call date—to prepare for a trial of the consolidated Class Action and Opt-Out Actions in early June—despite that summary judgment and *Daubert* motions remain pending. (Feb. 1, 2024 Tr. at 22:15-24.) In so doing, the Court explicitly rejected Defendants' argument for delay because the Pending Motions have not yet been decided:

> MR. PORTER: Yeah, just trying to plan around kind of other things because I know we have an April 12th trial. I'm sorry, we have an April 12th pretrial conference and I think that the Court is going to give us a date. I remember previously you had said that the date would, you know, like 45 days. So likely sometime in May. However, given the instruction that we just received from the Court where we're looking at, maybe, you know, June or July, just real -- from a realistic standpoint, should we be thinking about May? Because we're -- you know, there's a lot of moving parts, as the Court can imagine, to get that done.
>
> THE COURT: Sure. So basically, if I start in March, I'm – we'll get you with my plan right now is to get started in March. I should have you an answer by the end of May, is what I'm shooting for and that

> puts you, giving you trial settings in June, first of June.  So, basically
> at the April setting, 45 days ahead of that -- after that would be the end
> of May, which puts me right where I expect us to be, which is trial --
> actual trial setting, you know, sometime early June.

(Feb. 1, 2024 Tr. at 21:3-21.)  Thus, Defendants' continuance request seeks nothing more than to reargue the Court's ruling during the February 1 Status Conference.[2]  But Defendants identify no clear error with that ruling.  As the Court has recognized, to modify a scheduling order under Rule 16, a party must show "good cause," *i.e.*, "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Rivera v. Kirby Corp.*, 2018 WL 722591, at *2 (S.D. Tex. Feb. 6, 2018).  Defendants do not even attempt to meet that standard, but simply argue—once again—that it would be more convenient for them if the Pending Motions were decided prior to the docket call.  The Court rejected that argument during the February 1 Status Conference and should do so again.  Stripped of this argument, Defendants offer no valid basis for a continuance—Defendants are not seeking a continuance due to previously unforeseen scheduling conflicts or extenuating circumstances.  Their request should therefore be denied.

Moreover, the Class Plaintiffs' anticipated severance motion does not justify delaying the docket call.  As Defendants acknowledge, there is currently one trial scheduled for these consolidated actions, and all parties are preparing for that single trial.  There is no reason to delay the docket call because of speculation about a hypothetical future ruling granting the Class Plaintiffs' severance request, which all Defendants and the Opt-Out Plaintiffs oppose.  If the Court later grants Class Plaintiffs' motion over the objections of all other parties, the parties can at that point evaluate the impact of any such ruling.  An as-yet unfiled severance motion does not prevent the parties from preparing for the docket call that has been set by the Court for many months.

---

[2]    Tellingly, based on their docket sheets, none of the decisions that Defendants cite granted continuance requests immediately following a status conference where the docket call date was affirmed by the court despite pending summary judgment motions.  Moreover, the parties agreed to the continuances in *Gonzalez v. BP Exploration & Production Inc.*, No. 4:19-cv-01595, ECF No. 44 (S.D. Tex. July 14, 2020), and *Morgan v. Goodman Manufacturing Co.*, No. 4:19-cv-00850, ECF No. 60 (S.D. Tex. July 8, 2020).  Similarly, in *Doohan v. Exxon*, No. 4:21-CV-01467, ECF No. 30 (S.D. Tex. Jan. 3, 2023), the plaintiff did not file an opposition to defendants' continuance request.

Respectfully submitted,

s/ Andrew J. Entwistle

Andrew J. Entwistle
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, TX 78701
Telephone:  512/710-5960
aentwistle@entwistle-law.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Class*

s/ Karl S. Stern

Karl S. Stern
Christopher D. Porter
**QUINN, EMANUEL, URQUHART**
**& SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
713/221-7000
karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
**QUINN, EMANUEL, URQUHART**
**&**
**SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com
courtneywhang@quinnemanuel.com

*Counsel for HPS Investment Partners, Donald*
*Dimitrievich*

s/ Trig R. Smith

Trig R. Smith
**ROBBINS GELLER RUDMAN**
**& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
trigs@rgrdlaw.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Class*

s/ J. Christian Word

J. Christian Word
Attorney-in-Charge
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 2004
Tel.: (202) 637-2200
Fax: (202) 637-2201
Christian.Word@lw.com

*Counsel for Defendants Alta Mesa Resources,*
*Inc., f/k/a Silver Run Acquisition Corporation*
*II; Riverstone Holdings LLC; James T.*
*Hackett, Harlan H. Chappelle, William*
*Gutermuth, Jeffrey H. Tepper, Diana J.*
*Walters; Michael E. Ellis; Ronald Smith;*
*Pierre F. Lapeyre, Jr.; David M. Leuschen;*

5

*Donald Sinclair; Stephen Coats; and Thomas J. Walker*

s/ Walter M. Berger

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

Of Counsel:
John E. Schreiber (pro hac vice)
CA Bar No. 261558
Aaron C. O'Dell (pro hac vice)
CA Bar No. 281851
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com
acodell@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

s/ Kenneth A. Young

Kenneth A. Young
Attorney-in-Charge
Texas Bar No. 25088699
S.D. Tex. No. 2506614
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Tel.: (713) 836-3600
Fax: (713) 836-3601
kenneth.young@kirkland.com

*Counsel for Bayou City Energy Management, LLC and William W. McMullen*

s/ James L. Silliman

James L. Silliman
Attorney-in-Charge
**EVERSHEDS SUTHERLAND LLP**
1001 Fannin Street
Suite 3700
Houston, TX 77002
Tel.: (713) 470-6119
Fax: (713) 221-7100
jimsilliman@eversheds-sutherland.com

*Counsel for ARM Energy Holdings LLC*

/s/ Lawrence M. Rolnick

Lawrence M. Rolnick
Michael J. Hampson
Matthew A. Peller
Joseph R. Sparacio
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
mhampson@rksllp.com
mpeller@rksllp.com
jsparacio@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*

Jules P. Slim
TX Bar No. 00793026
Attorney and Counselor
PO Box 140307
Irving, TX 75014-0307
Tel.: (214) 350-5183
Fax: (214) 350-5184
jslim@slimlawfirm.com

*Counsel for the Alyeska and Orbis Plaintiffs*

cc:     All counsel (via ECF)