UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**PUBLIC VERSION OF DKT. 582** |

**CLASS PLAINTIFFS' MOTION TO STRIKE
THE REDACTED POST-HOC MEMO BY KPMG**

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

STATEMENT OF THE ISSUE TO BE RULED UPON ................................................... 2

APPLICABLE LEGAL STANDARDS ............................................................................ 2

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 3

STATEMENT OF FACTS ................................................................................................ 4

ARGUMENT ..................................................................................................................... 8

    A.    The KPMG Memo is Inadmissible Hearsay ................................................ 8

    B.    The Business Records Exception Does Not Save The KPMG Memo .......... 9

    C.    The KPMG Memo Is More Prejudicial than Probative ............................. 12

CONCLUSION ................................................................................................................ 13

i

# **TABLE OF AUTHORITIES**

**Cases**

*Fowler v. Smith*,
    68 F.3d 124 (5th Cir. 1995) ................................................................................ 2

*In re Deepwater Horizon*,
    48 F.4th 378 (5th Cir. 2022) ............................................................................ 3, 8

*In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, & ERISA Litig.*,
    898 F. Supp. 2d 176 (D.D.C. 2012) ................................................................. 11

*Klocke v. Watson*,
    No. 22-10348, 2023 WL 2823060 (5th Cir. Apr. 7, 2023) ........................ 4, 9, 11

*Rock v. Huffco Gas & Oil Co.*,
    922 F.2d 272 (5th Cir. 1991) ............................................................................. 9

*Sabet v. City of N. Chicago*,
    No. 16-CV-10783, 2020 WL 832360 (N.D. Ill. Feb. 20, 2020) ....................... 12

*United States v. Lumiere*,
    249 F. Supp. 3d 748 (S.D.N.Y. 2017) .............................................................. 11

**Rules**

Fed. R. Evid. 403 ................................................................................................ 3, 12

Fed. R. Evid. 801 .................................................................................................. 2, 8

Fed. R. Evid. 802 ..................................................................................................... 8

Fed. R. Evid. 803 ............................................................................................ 2, 9, 10

## NATURE AND STAGE OF PROCEEDINGS

This is a certified class action pursuant to Sections 10(b), 14(a) and 20(a) of the Exchange Act. (Dkt. 241). On December 22, 2023, fourteen defendants (herein the "Moving Defendants") collectively filed four cross-incorporated motions for summary judgment directed at Class Plaintiffs' claims, along with 254 accompanying exhibits.

Those motions rely on a post-hoc investigation by KPMG after AMR filed for bankruptcy, after the initiation of lawsuits (including the instant action), and after initiation of an investigation by the U.S. Securities and Exchange Commission ("SEC") into actual or suspected non-compliance with laws and regulations at Alta Mesa ("AMR"). *See* Decl. of J. Christian Word (Dkt. 529) at Ex. 144 (referred to herein as the "KPMG Memo"). Specifically, the Management Defendants state, in arguing the PSLRA's Safe Harbor applies, that "[i]n a 2019 review of its financial statements, KPMG assessed and determined that AMR's procedures in response to less-than-optimal performance in 2018 and 2019 were 'timely and appropriate.'" (Dkt. 523 at p. 20).



Class Plaintiffs hereby move to strike the KPMG Memo from the summary judgment record, contemporaneously with their oppositions to those motions.

## STATEMENT OF THE ISSUE TO BE RULED UPON

Whether the conclusions of the KPMG Memo may be considered in connection with Defendants' motions for summary judgment and received into evidence at trial.

## APPLICABLE LEGAL STANDARDS

"Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Notwithstanding the rule against hearsay, a "record of an act, event, condition, opinion, or diagnosis" may be admissible if it meets all of the following conditions (the "business records" exception):

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Although the foundation need not be laid as solidly as it would be at trial, "[t]he party offering the evidence [at summary judgment] needs to be able to demonstrate that it can be put into an admissible form by the time of a trial." *In re Deepwater Horizon*, 48 F.4th 378, 385 (5th Cir. 2022). However, otherwise admissible evidence is excludable "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

## INTRODUCTION AND SUMMARY OF ARGUMENT

[text redacted]

[redacted]

## STATEMENT OF FACTS

[redacted]

5

[Page content fully redacted]



███████████████████████████████████████████
████████████████████████████████

**ARGUMENT**

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████

**A.  The KPMG Memo is Inadmissible Hearsay**

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

---

[1] Defendants misconstrue Class Plaintiffs' responses to Defendants' Requests for Admission as conceding there were no "material misstatements in the current or prior period financial statements (including the 2017 10-K)." (Dkt. 526 at p. 12). ████
████

8

■■■

**B. The Business Records Exception Does Not Save The KPMG Memo**

■■■



███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

      █████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

**C.     The KPMG Memo Is More Prejudicial than Probative**

[redacted]



## CONCLUSION

Because the KPMG Memo cannot be presented in a form that would be admissible at trial, and even if it could, would be more prejudicial than probative for the reasons discussed above, Class Plaintiffs respectfully request that the Court (1) decline to consider the KPMG Memo and all references thereto in connection with Defendants' summary judgment motions and (2) strike the same from summary judgment record.

Dated: January 19, 2024                    Respectfully submitted,

*/s/ Andrew J. Entwistle*                  */s/ Trig Smith*
Andrew J. Entwistle (attorney-in-charge)   Trig Smith (*pro hac vice*)
State Bar No. 24038131                     Lonnie Browne (*pro hac vice*)
Callie Crispin                             John Kelley (*pro hac vice*)
State Bar No. 24104231                     **ROBBINS GELLER RUDMAN &**
Sal H. Lee                                 **DOWD LLP**
State Bar No. 24127308                     655 West Broadway, Suite 1900
**ENTWISTLE & CAPPUCCI LLP**               San Diego, CA 92101
500 West 2nd Street, Suite 1900            Telephone: (619) 231-1058
Austin, TX 78701                           Facsimile: (619) 231-7423
Telephone: (512) 710-5960
Facsimile: (212) 894-7278                  *Court-Appointed Co-Lead Counsel*

-and-

Joshua K. Porter (*pro hac vice*)

Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Court-Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice forthcoming*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## **CERTIFICATE OF CONFERRAL**

I certify that on January 19, 2024, my co-counsel and I met and conferred via videoconference with counsel for the Moving Defendants. Class Counsel advised defense counsel of the grounds for this motion and were unable to obtain assent for the relief sought.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served under seal via the Court's ECF system, and a copy has been served via email to counsel for all parties on January 19, 2024.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
