**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**PUBLIC VERSION OF DKT. 663** |
|---|---|

**CLASS PLAINTIFFS' REPLY IN FURTHER SUPPORT OF**
**MOTION TO STRIKE THE REDACTED POST-HOC MEMO BY KPMG**

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ..... 1

STATEMENT OF THE ISSUE TO BE RULED UPON ..... 1

APPLICABLE LEGAL STANDARDS ..... 1

SUMMARY OF ARGUMENT ..... 2

ARGUMENT ..... 4

I. THE KPMG MEMO IS NOT A BUSINESS RECORD ..... 4

A. The KPMG Memo Is Not a Business Record Because It Was Prepared in Anticipation of, and in Reaction to, Litigation ..... 5

B. Defendants Have Not Demonstrated That KPMG Regularly Issues Reports to Its Clients Detailing Its Investigation Into Current Allegations of Fraudulent Conduct ..... 6

II. THE KPMG MEMO IS NOT ADMISSIBLE AS OPINION ..... 8

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases**

*Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*,
No. 1:11-cv-427, 2014 WL 12748898 (S.D. Ohio May 24, 2014) .......................... 7

*Fowler v. Smith*,
68 F.3d 124 (5th Cir. 1995) .......................... 1

*In re Deepwater Horizon*,
48 F.4th 378 (5th Cir. 2022) .......................... 2, 4

*In re Homestore.com, Inc. Sec. Litig.*,
347 F. Supp. 2d 769 (C.D. Cal. 2004) .......................... 7

*In re Homestore.com, Inc. Sec. Litig.*,
No. CV 01-11115 RSWL (CWx), 2011 WL 291176 (C.D. Cal. Jan. 25, 2011) ..... 7

*In re WorldCom, Inc. Sec. Litig.*,
No. 02 CIV.3288 DLC, 2005 WL 375313 (S.D.N.Y. Feb. 17, 2005) .......................... 7

*Jordan v. Binns,*
712 F.3d 1123 (7th Cir. 2013) .......................... 5

*Klocke v. Watson*,
No. 22-10348, 2023 WL 2823060 (5th Cir. Apr. 7, 2023) .......................... 8, 9

*Marlin v. Moody Nat. Bank, N.A.,*
248 Fed. App'x 534 (5th Cir. 2007) .......................... 3

*MT. Hawley Ins. Co. v. J2 Res. LLC*,
No. 4:20-CV-2540, 2022 WL 1785483 (S.D. Tex. June 1, 2022) (Hanks, J.)..... 4, 8

*Paddack v. Dave Christensen, Inc.*,
745 F.2d 1254 (9th Cir. 1984) .......................... 3, 7

*Palmer v. Hoffman*,
318 U.S. 109 (1943) .......................... 2, 5

*Pizza Hut, LLC v. Ronak Foods, LLC*,
No. 5:21-CV-00089-RWS, 2022 WL 3544403 (E.D. Tex. June 17, 2022) .......................... 7

*Robinson v. Eni US Operating Co.*,
No. CV H-09-1413, 2010 WL 11646540 (S.D. Tex. Dec. 10, 2010) .......................... 9

*Rock v. Huffco Gas & Oil Co., Inc.*,
922 F.2d 272 (5th Cir. 1991) .................................................................. 2, 5, 9

*S.E.C. v. Goldstone*,
No. CIV 12-0257 JB/LFG, 2016 WL 3854689 (D.N.M. June 3, 2016) .................. 8

*Smilovits v. First Solar, Inc.*,
No. CV12-0555-PHX-DGC, 2019 WL 6698199 (D. Ariz. Dec. 9, 2019)............... 7

*Sowders v. TIC United Corp.*,
No. SA–05–CA–309, 2007 WL 3171797 (W.D. Tex. Aug. 15, 2007).................... 4

*Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*,
71 F.3d 335 (10th Cir. 1995) ....................................................................... 3, 5

*United States v. Casoni*,
950 F.2d 893 (3d Cir. 1991) ........................................................................ 3, 5

*United States v. Frazier*,
53 F.3d 1105 (10th Cir. 1995) ........................................................................... 8

*United States v. Grinage*,
390 F.3d 746 (2d Cir. 2004) ............................................................................ 10

*United States v. Haines,*
803 F.3d 713 (5th Cir. 2015) ....................................................................... 4, 10

## NATURE AND STAGE OF PROCEEDINGS

On December 22, 2023, fourteen defendants (herein the "Moving Defendants") collectively filed four cross-incorporated motions for summary judgment directed at Class Plaintiffs' claims, relying in part on a memo by KPMG dated May 15, 2019 (the "KPMG Memo", Dkt. 584-1 "Ex. A"). Class Plaintiffs moved to strike the KPMG Memo from the summary judgment record (Dkt. 582, "Motion" or "Mot."), contemporaneously with their oppositions to those motions. Defendants opposed (Dkt. 650, "Opposition" or "Opp.").

## STATEMENT OF THE ISSUE TO BE RULED UPON

Whether the conclusions of the KPMG Memo may be considered in connection with Defendants' motions for summary judgment.

## APPLICABLE LEGAL STANDARDS

"Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Notwithstanding the rule against hearsay, a "record of an act, event, condition, opinion, or diagnosis" may be admissible if it meets all of the following conditions (the "business records" exception):

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Although the foundation need not be laid as solidly as it would be at trial, "[t]he party offering the evidence [at summary judgment] needs to be able to demonstrate that it can be put into an admissible form by the time of a trial." *In re Deepwater Horizon*, 48 F.4th 378, 385 (5th Cir. 2022). However, otherwise admissible evidence is excludable "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

## SUMMARY OF ARGUMENT



*See Palmer v. Hoffman*, 318 U.S. 109, 114 (1943) (reports prepared for the purpose of litigation do not fall within business records exception to hearsay rule because they are not kept in the course of regularly conducted business); *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279 (5th Cir. 1991) (accident report properly excluded as hearsay because, among other things, the maker had no actual knowledge of the events); *Timberlake Const. Co. v. U.S. Fidelity &*

*Guar. Co.*, 71 F.3d 335, 342 (10th Cir. 1995) ("It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."); *see also United States v. Casoni*, 950 F.2d 893, 911 n.10 (3d Cir. 1991).

*Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1256–58 (9th Cir. 1984) (excluding a report generated by an accounting firm in a compliance audit because "such reports do not contain the same reliability that normally attends records kept in the course of a regularly conducted business activity").

*See Marlin v. Moody Nat. Bank, N.A.*, 248 Fed. App'x 534, 541 (5th Cir. 2007) (noting an "expert's credentials do not place him in a better position than the jury to draw conclusions about a defendant's state of mind").



[redacted] *See United States v. Haines*, 803 F.3d 713, 734 (5th Cir. 2015) (vacating conviction and noting how similar flaws in a lay opinion usurped the jury's function) (citing *United States v. Hampton*, 718 F.3d 978, 986 (D.C. Cir. 2013)); *see also MT. Hawley Ins. Co. v. J2 Res. LLC*, No. 4:20-CV-2540, 2022 WL 1785483, at *11–12 (S.D. Tex. June 1, 2022) (Hanks, J.) (excluding as hearsay affidavit summarizing affiant's "understanding," which was based on conversations with various unidentified individuals).

Accordingly, the KPMG Memo should be excluded in its entirety.

## ARGUMENT

### I. THE KPMG MEMO IS NOT A BUSINESS RECORD

[redacted]

[1] And it's too late to produce those materials now. Defendants make the empty assertion that Plaintiffs failed to obtain these materials for them. *See* Opp. at 3, 15-16. But it is Defendants' burden as the proponent of the evidence to come forward with facts to support the admissibility of hearsay and lay opinion and they may not hide behind claims of privilege to relieve them of that burden. *Deepwater Horizon*, 48 F.4th at 385 (proponent of evidence "needs to be able to demonstrate that it can be put into an admissible form"); *Sowders v. TIC United Corp.*, No. SA–05–CA–309, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007) (burden is on the proponent of the evidence to show that the evidence falls within an exclusion or exception to the hearsay rule). Here, Defendants had nearly three full years of discovery to obtain and produce this necessary foundational evidence. But, they never did.

[redacted]

### A. The KPMG Memo Is Not a Business Record Because It Was Prepared in Anticipation of, and in Reaction to, Litigation

[redacted]

It is black-letter law that records prepared in anticipation of or in connection with litigation are not made in the ordinary course of business and are not business records. *See Palmer*, 318 U.S. at 114; *Huffco Gas & Oil Co.*, 922 F.2d at 279; *Timberlake Const.*, 71 F.3d at 342 ("It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."); *Casoni*, 950 F.2d at 911 n.10 (such records lose the assumption of trustworthiness). [redacted] *See Jordan v. Binns*, 712 F.3d 1123, 1136 (7th Cir. 2013) (a non-affiliated investigator's report is not a business record because he "may have pecuniary motives to skew a report in favor

of the client that hired him, for a damaging report may result in the client looking elsewhere next time"). [redacted]

[redacted]

### B. Defendants Have Not Demonstrated That KPMG Regularly Issues Reports to Its Clients Detailing Its Investigation Into Current Allegations of Fraudulent Conduct

[redacted]

[redacted] *Paddack*, 745 F.2d at 1256–58 (excluding a report generated by an accounting firm in a compliance audit because "such reports do not contain the same reliability that normally attends records kept in the course of a regularly conducted business activity"). [redacted] *See id.*; *see also Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 1:11-cv-427, 2014 WL 12748898, at *3–4 (S.D. Ohio May 27, 2014) (excluding as hearsay an auditor's investigation because defendant failed to demonstrate the auditor had regularly and previously conducted such investigations for the client); *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *6 (C.D. Cal. Jan. 25, 2011) (excluding audit report where it was authored in response to "irregular transactions" and was likely made in "anticipation and preparation for this current litigation").[2]

[2] Defendants' leading out-of-circuit case, *In re WorldCom, Inc. Securities Litigation*, No. 02 CIV.3288 DLC, 2005 WL 375313, at *5–9 (S.D.N.Y. Feb. 17, 2005), involved publicly filed restated audited financials—[redacted] Defendants also wrongly state that the *WorldCom* court admitted the material weakness letter. (Opp. at 12). But the *WorldCom* court explicitly reserved its ruling on that document for trial. Defendants' other cases are also inapt. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (court declined to strike two audit work papers—not the memo of a separate investigation as here); *Pizza Hut, LLC v. Ronak Foods, LLC*, No. 5:21-CV-00089-RWS, 2022 WL 3544403, at *2 (E.D. Tex. June 17, 2022) (involved a contemporaneous report prepared during a routine site inspection, not an inspection performed in response to litigation); *Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DGC, 2019 WL 6698199, at *4 (D. Ariz. Dec. 9, 2019) (did not address a hearsay objection, but rather a Rule 701 objection to lay opinion testimony in an auditor's memo.

[redacted]

## II. THE KPMG MEMO IS NOT ADMISSIBLE AS OPINION

As this Court has recently held, hearsay does not become admissible simply because it is repackaged as an opinion of the listener. *MT. Hawley Ins. Co.*, 2022 WL 1785483, at *11–12 (excluding as hearsay affidavit summarizing affiant's "understanding," which was based on conversations with various individuals); *see also Klocke v. Watson*, No. 22-10348, 2023 WL 2823060, at *6–7 (5th Cir. Apr. 7, 2023) (investigator's interview notes excluded where investigator was acting in the regular course of business but interviewee was not). [redacted]

---

There is no indication that the auditor's memo in that case was similar to the memo at issue here, as Defendants baldly assert. The court reserved its ruling on admissibility for trial and prohibited defendants from referring to it in opening statements); *S.E.C. v. Goldstone*, No. CIV 12-0257 JB/LFG, 2016 WL 3854689, at *18 (D.N.M. June 3, 2016) (also did not address a hearsay objection—the court simply allowed scope evidence to show completeness); *United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir. 1995) (Tenth Circuit affirmed, post-trial, the admission of an audit report issued by a government appointed auditor as part of its regulatory compliance program—not in connection with litigation as here).



[redacted] *Robinson v. Eni US Operating Co.*, No. CV H-09-1413, 2010 WL 11646540, at *14 (S.D. Tex. Dec. 10, 2010) (manager's affidavit based on interviews inadmissible hearsay in part because the manager did not engage in any systematic effort to determine whether the allegations were true).[3] [redacted] *Huffco Gas & Oil Co.*, 922 F.2d at 280 (double-hearsay was untrustworthy where only the first declarant had motive to fabricate); *Klocke*, 2023 WL 2823060, at *7 (same).

[redacted]

[3] [redacted]



*See Haines*, 803 F.3d at 734 (vacating conviction and noting how similar flaws in a lay opinion usurped the jury's function) (citing *Hampton*, 718 F.3d at 986); *see also United States v. Grinage*, 390 F.3d 746, 751 (2d Cir. 2004) (vacating conviction where agent testified as to his interpretation of recorded calls because it usurped the jury's function).

**CONCLUSION**

The Court should (1) decline to consider the KPMG Memo and all references thereto in connection with Defendants' summary judgment motions and (2) strike the same from summary judgment record.

Dated: February 16, 2024

Respectfully submitted,

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle (attorney-in-charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231

*/s/ Trig Smith*
Trig Smith (*pro hac vice*)
Lonnie Browne (*pro hac vice*)
John Kelley (*pro hac vice*)

Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7278

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Court-Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Court-Appointed Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served under seal via the Court's ECF system, and a copy has been served via email to counsel for all parties on February 16, 2024.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle