# EXHIBIT D

```
                                                                        1
     97kyviv1
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   IN RE:
 4           VIVENDI UNIVERSAL, S.A.        New York, New York
 5           SECURITIES LITIGATION          02 Civ. 05571 (RJH)
 6
 6   ------------------------------x
 7
 7                                          July 20, 2009
 8                                          10:45 a.m.
 8
 9   Before:
 9
10                   HON. RICHARD J. HOLWELL,
10
11                                          District Judge
11
12                        APPEARANCES
12
13   ABBEY GARDY RODD & ABRAMS, LLP
13        Attorneys for Class Plaintiffs
14   BY:  STEPHEN T. RODD
14        ARTHUR N. ABBEY
15        RICHARD B. MARGOLIES
15        JAMES S. BURRELL, II
16
16   MILBERG WEISS BERSHAD & SCHULMAN, LLP
17        Attorneys for Class Plaintiffs
17   BY:  MICHAEL SPENCER
18        MATTHEW GLUCK
19   BROWNE WOODS GEORGE, LLP
19        Attorneys for Class Plaintiffs
20   BY:  BRIAN C. KERR
20        OLIVIA VASILESCU PALMER
21
21   POMERANTZ HAUDEK BLOCK GROSSMAN BLOCK & GROSS, LLP
22        Attorneys for Class Plaintiff Stoneridge
22   BY:  MARC I. GROSS
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

97KYVIV7

1              MR. QUINN:  Your Honor, from the defendants'
2    standpoint, we believe that there ought to be one trial on
3    liability, individual damage trial regard to the individual
4    plaintiffs were there to be a verdict.
5              What we want to avoid is essentially the idea that we
6    have three or four trials, and that seems to be what at least
7    may be contemplated by the class plaintiffs or in part by the
8    individual plaintiffs.
9              The reality is that we believe that in fairness to
10   Vivendi that there ought to be one trial on liability, because
11   if we win that trial, then all of the claims of the individual
12   plaintiffs and the class plaintiffs go away.
13             What part of this seems to assume is that we may end
14   up losing the trial and we would have to have additional trial.
15   We believe we will win on liability and, therefore, we believe
16   we all the to have one trial on liability.
17             If there is ever going to be a damage trial, so be it,
18   and if there is going to be another trial by Liberty Media, so
19   be it.  But the fact is that these claims are identical.  They
20   are not simply what Rule 42 talks about, which is common
21   questions of law and fact, they are identical questions of law
22   and fact.
23             The idea that we would have to have separate trials,
24   have people come back and testify on several different times,
25   have to win over and over again, it's unfair, it is judicially

179
```
     97KYVIV7
 1   uneconomic and, frankly, your Honor, it doesn't make any sense.
 2              Yes, there are issues with regard to standing,
 3   although I believe that many of those issues will get resolved.
 4   We will probably have some -- there are some that we would
 5   still contest, but probably the vast majority of them we are
 6   not going to contest so that issue is largely going to go away.
 7              I will be perfectly happy to argue the fraud on the
 8   market issue now or later, but we believe that we should be
 9   entitled to raise those issues.  We think, as I have said, we
10   said in our papers --
11              THE COURT:  Of course, that brings to the fore the
12   manageability issue.  If you are correct that Vivendi has
13   either the right or the obligation to put on evidence of
14   reliance, and if that is going to entail calling each of the
15   individual plaintiffs -- how many individual plaintiffs are
16   there that we are talking about?
17              MR. QUINN:  I think there are 85.  I believe they are
18   probably in groups in terms of who would actually testify.
19              THE COURT:  If you are talking about calling 85
20   witnesses, which may well be in your rights on issues of
21   reliance, whether you have the burden or not, that brings up
22   different manageability considerations.
23              MR. QUINN:  I agree it does bring up manageability
24   issues, there is no question about that.  But you got to weigh
25   those manageability issues whether or not we should have
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

97KYVIV7
1  several, two, three different trials over a period of time to
2  different juries.  It would go on ad in finitim.  My friend
3  here, Paul Saunders, at some time wants to retire.
4              THE COURT:  Never.
5              MR. QUINN:  We really believe, there is no doubt as
6  Mr. Abby says, it's true, it is a very complex case, there is
7  no question about it, but the core of the case is the same with
8  regard to the individual plaintiffs and the class plaintiffs,
9  and under those circumstances it really is, particularly given
10 the fact that we have prepared our case now, getting closer and
11 closer to trial, to try it on a consolidated basis, and now to
12 have to pull that apart is going to cause, I think, prejudice
13 to the Vivendi side, to the defendant, but more importantly
14 ultimately it makes no judicial economic sense to have multiple
15 trials.
16             THE COURT:  It is hard for me to believe that you
17 would have a jury that would still focus and remember all of
18 the issues that they have to decide if they had sat here for an
19 extra month, say, to listen to 85 individual plaintiffs testify
20 about reliance.
21             MR. QUINN:  Your Honor, that may be the case or may
22 not be the case.  This is going to be a long trial no matter
23 what.  It is going to probably take a couple of months.
24 Whether it adds on -- I mean, the plaintiff said, the
25 individual plaintiffs said in their pretrial order that they

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300