| | |
|---|---|
| **ENTWISTLE & CAPPUCCI LLP**<br>500 W. 2ND STREET, SUITE 1900-16<br>AUSTIN, TEXAS 78701<br>TELEPHONE: (512) 710-5960<br>FACSIMILE: (212) 894-7272 | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 WEST BROADWAY, SUITE 1900<br>SAN DIEGO, CALIFORNIA 92101<br>TELEPHONE: (619) 231-1058<br>FACSIMILE: (619) 231-7423 |

March 8, 2024

**VIA ECF**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:   *In re Alta Mesa Resources Securities Litigation*, 4:19-cv-00957-GCH

Dear Judge Hanks:

Class Plaintiffs submit this letter in advance of the March 8, 2024 status conference to update Your Honor regarding their ongoing discussions with Defendants about the logistics of completing the Joint Pretrial Order and exhibits.

As the Court is aware, the parties have been working together on a proposal with regard to pretrial logistics since February 4, 2024. There have been various proposals exchanged and meet and confer sessions with all counsel. Since our last conference with the Court we have worked directly with counsel at Latham & Watkins with the hope of reaching a proposal that would not only be acceptable to their clients, but to all Defendants. Those discussions resulted in the compromise proposal below which is acceptable to Class Plaintiffs and the Individual Action Plaintiffs.

To be clear, we have been unable to obtain all Defendants' assent to the proposed schedule. Nevertheless, we believe we have reached a point where everyone would benefit from Your Honor's guidance to ensure the proposal provides the Court everything it needs in a timely fashion for the upcoming April 12, 2024 docket call and June trial setting.

We provided a draft of this letter to Defendants following our late afternoon meet and confer on the proposal yesterday, and Defendants provided their section below a few minutes ago. Given our one o'clock pm conference today, we thought it important to get the most recent proposal to you as a discussion piece, (i) so that the parties could have the benefit of the Court's guidance as soon as possible, and (ii) so that Your Honor would be in a position to address any specific concerns any Defense counsel may have during our call.

- **March 12, 2024** – Plaintiffs will provide Defendants with a draft of the Joint Pretrial Order, including drafts of the following sections: (a) Statement of the Case; (b) Jurisdiction; (c) Settlement; (d) initial outline of Contentions of Plaintiffs; (e) initial Admissions of Fact; (f) initial outline of Propositions of Law; (g) preliminary list of proposed exhibits, and (h) initial witness list (indicating who Plaintiffs intend to present live or by deposition). Defendants will provide Plaintiffs with the following: (a) preliminary list of proposed exhibits and (b) initial witness list (indicating who Defendants intend to present live or by deposition), (c) initial outline of Contentions of Defendants; (d) initial outline of Propositions of Law; and (e) initial Admissions of Fact. The parties expressly reserve the right to supplement and modify these initially exchanged lists and drafts.

- **March 19, 2024** – Defendants will provide Plaintiffs with any proposed changes to the following sections of the Joint Pretrial Order: (a) Statement of the Case, (b) Jurisdiction and (c) Settlement. Further, Plaintiffs and Defendants will exchange any proposed changes to the other sections of the Joint Pretrial Order they previously provided. By this date, the Parties will also meet and confer about the probable length of trial.

- **April 5, 2024** – Plaintiffs to file (a) proposed joint exhibit list; (b) current witness lists; and (c) initial Joint Pretrial Order.

- **April 19, 2024** – Deadline to notify the parties in writing whether authentication of any exhibit is required. The parties will exchange: (a) deposition designations; (b) objections to proposed exhibits; (c) proposed jury instructions, definitions, and interrogatories; (d) proposed questions for the venire panel; (d) any other sections of the Joint Pretrial Order that the parties did not complete prior to the Docket Call, (e) an initial listing of anticipated motions in limine ("MIL"), and (f) respective portions of the joint trial worksheet.

- **April 26, 2024** – The Parties will exchange objections to deposition designations and counter-designations, and objections to (a) proposed jury instructions, definitions, and interrogatories and (b) proposed questions for the venire panel. By this date, the parties will meet and confer regarding the respective listings of anticipated MILs (and any others subsequently identified) and page limits for an omnibus MIL brief to filed by each side. Each party reserves their rights to seek leave to file a separate MIL brief if the parties are unable to agree on page limits or if they, in good faith, determine that they cannot join an omnibus brief for their side.

- **May 1, 2024** - By this date, the parties will file all pretrial motions, including MILs.

- **May 3, 2024** – The parties will exchange objections to counter-designations.

- **May 8, 2024**– The Parties will meet and confer regarding objections to proposed exhibits, deposition designations, and counter-designations on or before this date. The parties will also exchange a copy of all pre-marked exhibits.

- **May 15, 2024**: Plaintiffs to file amended Joint Pretrial Order, including, among other things, (a) the parties' proposed jury instructions, definitions, and interrogatories; (b) proposed questions for the venire panel; (c) witness lists, including a brief statement of subject matter and substance of their testimony; and (d) the joint trial worksheet. The parties will file oppositions to the other side's motion in limine (no reply briefs to be filed). *[Defendant HPS proposed during a recent meet-and-confer that replies to MILs be allowed with oppositions due 14 days after filing and replies due seven days after oppositions are filed].*

- **May 22, 2024** – Deadline to notify the parties in writing whether authentication is required for any exhibits added on or after April 5, 2024. The parties will exchange objections to any exhibits added to the parties' respective lists on or after April 5, 2024.

- **Seven (7) days before trial** – Deadline for Parties to file two (2) copies of the joint trial notebook, including the Joint Pretrial Order; final joint exhibit list; final witness lists; deposition designations; objections to exhibits, deposition designations, and counter-designations; any pre-trial motions (including motions in limine); jury charges; and memoranda of law.

Class Plaintiffs thank the Court for its time, attention and guidance on the above.

**Defendants' Position**

At the last hearing, the Court made clear that the parties should work together in good faith to negotiate a pretrial schedule. Plaintiffs, however, excluded counsel for HPS, Don Dimitrievich, Bayou City, Will McMullen, and ARM Energy in these negotiations. Throughout their negotiations with other Defendants, Plaintiffs were warned by Latham and Watkins that they could not speak for anyone other than their own clients. Undeterred, Plaintiffs advanced discussions without all parties. After conferring with all parties ***for the first time yesterday afternoon***, Plaintiffs filed their pretrial proposal with the Court over Defendants objection.[1]

Plaintiffs' proposed schedule raises significant, prejudicial issues, as outlined below. Taking to heart the Court's directive to be solution-oriented, Defendants' schedule addresses each of these issues, while keeping the parties moving expeditiously towards trial. Defendants'

---

[1] Following the conferral, Plaintiffs demanded a response to their "joint" letter within ***two business hours***, threatening to file unilaterally, in contravention of Rule 6(E), if Defendants did not respond by this arbitrary deadline. This is not good faith negotiating.

schedule also comports with the Local Rules and this Court's Procedural Rules, whereas Plaintiffs' proposal does not.

*First*, Plaintiffs refuse to prepare initial drafts of the joint pretrial order and jury instructions, insisting instead on a simultaneous exchange of documents that Plaintiffs are obligated to prepare. Not only is this inconsistent with the Court's Procedural Rules, but it also contravenes Plaintiffs' repeated insistence that it is "***Plaintiff[s']*** obligation to pull all this together for…the Joint Pre- Trial Order."[2] As the first parties to present their case-in-chief, it follows that Plaintiffs must outline their contentions ***before*** Defendants can respond. It is time for Plaintiffs to fulfill their promises of being trial-ready.

*Second*, Plaintiffs demand that each Defendant give up its right to file its own motion in limine. Plaintiffs' proposal would require all ***19 Defendants*** to submit ***one*** omnibus motion, despite the fact that, as the Court has recognized, Defendants are ***not*** similarly situated. Defendants' proposal, on the other hand, adheres to the Local Rules and the Court's Procedures. In accordance with the Local Rules, oppositions would be filed for each motion (not in omnibus fashion), and the moving party would be allowed to reply.[3] The parties will of course work to coordinate joint briefing where possible.

*Third*, Plaintiffs' proposed schedule runs afoul of the Court's recent guidance that pretrial filings be due "middle of May" and that the parties cannot "start working completely on the jury charge until after [they] get [the Court's] ruling with respect to the MSJs."[4] Defendants' proposal incorporates this guidance.

Defendants respectfully request that the Court enter the following pretrial schedule, which largely adopts Plaintiffs' proposed deadlines while comporting with the Local Rules, this Court's Procedural Rules, and the Court's directives:

---

[2] Feb. 21, 2024 Status Conf. Tr. at 23:5-10 ("MR. ENTWISTLE: Your Honor, just on logistics for what we would be submitting then since it's Plaintiff's obligation to pull all this together for you for the Joint Pre-Trial Order, we would intend to follow your rules, get you whatever we can, all of the attachments, the Order itself, Trial Memos, etc."); *id.* at 28:15-19 ("And obviously, we're completely solution oriented. Obviously, in the Joint Pre-Trial process, the burden, for what it's worth, of coordinating and keeping the process moving, ***falls to the Plaintiffs***.") (emphasis added).

[3] Defendants have proposed to reduce the time to file opposition briefs from 21 days to 14 days, in the interest of efficiency.

[4] Feb. 21, 2024 Status Conf. Tr. at 21:14-23 ("So, you don't need to have everything ready [for the docket call]. If you can have all that information ready by the middle of May, that would be plenty enough time for me…[A]nd you can't really finalize the jury charge probably until after you-- or start working completely on the jury charge until after you get my ruling with respect to the MSJs. And by then, you'll have that information so it's easier to get it done a little bit later.").

- **March 12, 2024** – Consistent with Plaintiffs' February 4, 2024 proposed Stipulation Concerning Pretrial Deadlines[5] and the Court's Procedural Rule 9(A),[6] Plaintiffs will provide Defendants with a draft of the Joint Pretrial Order. Plaintiffs and Defendants will exchange their (a) preliminary list of proposed exhibits and (b) initial witness list (indicating who they intend to present live or by deposition). For this date, and the following initial exchange dates, all Parties expressly reserve the right to supplement and modify these initially exchanged lists and drafts.

- **March 19, 2024** – Consistent with Plaintiffs' February 4, 2024 proposed Stipulation Concerning Pretrial Deadlines[7] and the Court's Procedural Rule 9(A), Defendants will provide their inserts and/or proposed changes to Plaintiffs' draft of the Joint Pretrial Order. By this date, the Parties will also meet and confer about the probable length of trial.

- **April 5, 2024** – Plaintiffs and Defendants will separately file a copy of their (a) proposed exhibit list and (b) current witness list.

- **April 19, 2024** – Deadline to notify the Parties in writing whether authentication of any exhibit is required. Consistent with Procedural Rule 9(B)(2)(c),[8] Plaintiffs will provide Defendants with a draft of the joint proposed jury charge, including all necessary instructions, definitions, and questions, in accordance with the Court's Procedural Rule 9(B)(2)(a)-(c). The Parties will also exchange: (a) deposition designations; (b) objections to proposed exhibits; and (c) proposed questions for the venire panel.

- **April 26, 2024** – The Parties will exchange (a) objections to deposition designations and counter-designations and (b) objections to proposed questions for the venire panel. Consistent with Procedural Rule 9(B)(2)(c), Defendants will provide their proposed changes to Plaintiffs' draft of the joint proposed jury charge,

---

[5]  *See* Attach. to Feb. 4, 2024 Email from A. Sher at 2 ¶ 1 ("Also on February 27, 2024, Class Plaintiffs will provide Defendants with an initial draft of the Joint Pretrial Order.").

[6]  Court's Pro. R. 9(A) ("All parties are responsible for cooperating and complying with all requirements to prepare the Joint Pretrial Order, however, it is the plaintiff's responsibility to manage such joint efforts…. Plaintiff is responsible for ensuring that a complete Joint Pretrial Order is filed timely…. If the plaintiff fails to file the Joint Pretrial Order, then the defendant is responsible for filing the defendant's portions of the Proposed Pretrial Order in the Joint Pretrial Order format.").

[7]  *See* Attach. to Feb. 4, 2024 Email from A. Sher at 2 ¶ 2 ("**March 6, 2024** … Also by this date Defendants will provide their inserts for the Joint Pretrial Order."); Court's Pro. R. 9(A).

[8]  Rule 9(B)(2)(c) requires, in addition to a "single, **unified charge**," that "[e]ach disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed," with a label showing "which party is requesting the disputed language" (emphasis in original). Absent an initial draft of the joint proposed jury charge from Plaintiffs, Defendants are unable to identify which instructions, definitions, and questions are in dispute.

including any disputed instruction, definition, or question, in accordance with the Court's Procedural Rule 9(B)(2)(a)-(c).

- **May 3, 2024** – The Parties will exchange objections to counter-designations and their respective portions of the joint pretrial worksheet. All pretrial motions, including motions in limine, must be filed by this date, if not earlier, in accordance with the Local Rules and the Court's Procedures. Oppositions to motions in limine must be filed within fourteen (14) days of the motion; replies must be filed within seven (7) days of the opposition. Opposition and reply briefs must otherwise be filed in accordance with the Local Rules and the Court's Procedures.

- **May 8, 2024** – The Parties will meet and confer regarding (a) objections to proposed exhibits; (b) objections to deposition designations and counter-designations; and (c) the joint proposed jury charge on or before this date. The Parties will also exchange a copy of all pre-marked exhibits.

- **May 15, 2024 –** Consistent with the Court's recent guidance (Feb. 21, 2024 Status Conf. Tr. at 21:14-23), Plaintiffs are to file the Joint Pretrial Order, including, among other things, (a) the Parties' joint proposed jury charge, including all proposed jury instructions, definitions, and interrogatories; (b) proposed questions for the venire panel; (c) witness lists, including a brief statement of subject matter and substance of their testimony; and (d) the joint trial worksheet. The Parties will each file a separate copy of their trial memoranda of law, as well as a copy of the documents required under the Court's Procedural Rule 9(B)(1)(a),(c),(d).

- **May 22, 2024** – Deadline to notify the Parties in writing whether authentication is required for any exhibits added to the Parties' respective lists on or after March 12. The Parties will also exchange objections to any exhibits added to the Parties' respective lists on or after March 12.

- **Seven (7) days before trial** – Deadline for Parties to file two (2) copies of the joint trial notebook, including (a) the Joint Pretrial Order; (b) final joint exhibit list; (c) final witness lists; (d) deposition designations; (e) objections to exhibits, deposition designations, and counter-designations; (f) any pending pretrial motions, including motions in limine; (g) the joint proposed jury charge; and (h) the parties' trial memoranda of law. The Parties will exchange the approximate date(s) on which they intend to call any adverse witness. The Parties agree to work in good faith to accommodate any schedule issues.

- **Seven (7) days before any adverse witness is called** – Deadline for each party to notify opposing counsel that they intend to call that witness.

| | |
|---|---|
| s/ *Andrew J. Entwistle* | s/ *Trig Smith* |
| Andrew J. Entwistle (Attorney-in-Charge) State Bar No. 24038131 **ENTWISTLE & CAPPUCCI LLP** 500 West 2nd Street, Suite 1900 Austin, TX 78701 Tel: (512) 710-5960 Facsimile: (212) 894-7278 | Trig Smith (*pro hac vice*) **ROBBINS GELLER RUDMAN & DOWD LLP** 655 West Broadway, Suite 1900 San Diego, CA 92101 Tel: (619) 231-1058 Facsimile: (619) 231-7423 |

*Co-Lead Counsel for Lead Plaintiffs and the Class*

cc:   All counsel (via ECF)