| **ENTWISTLE & CAPPUCCI LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
|---|---|
| 500 W. 2ND STREET, SUITE 1900-16 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

March 15, 2024

**VIA ECF**
Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:    *In re Alta Mesa Resources Securities Litigation*, 4:19-cv-00957-GCH

Dear Judge Hanks:

We write in connection with *Class Representatives' Unopposed Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures and Appointment of Notice Administrator*, filed with the Court on February 27, 2024 (Dkt. 695).

Since the filing of the motion, the proposed Notice Administrator, JND Legal Administration, has prepared fully formatted versions of the previously-filed notice documents in anticipation of the Court signing the Order permitting their dissemination to Class Members and/or their respective representatives. Copies of the Order filed at Dkt. 695, and the formatted documents, are attached hereto for the Court's convenience.

We remain available to answer any questions the Court may have regarding the proposed notice program.

Respectfully submitted,

s/ *Andrew J. Entwistle*
Andrew J. Entwistle
(Attorney-in-Charge)
State Bar No. 24038131
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Tel: (512) 710-5960
Facsimile: (212) 894-7278

s/ *Trig Smith*
Trig Smith (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite
1900 San Diego, CA 92101
Tel: (619) 231-1058
Facsimile: (619) 231-7423

*Co-Lead Counsel for Lead Plaintiffs and the Class*

cc:    All counsel (via ECF)

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00957

Judge George C. Hanks, Jr

### NOTICE OF PENDENCY OF CLASS ACTION

**TO: (1) ALL PERSONS AND ENTITIES WHO HELD SHARES OF ALTA MESA (SILVER RUN II) COMMON STOCK AND/OR SILVER RUN II UNITS ON JANUARY 22, 2018; AND (2) ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF ALTA MESA / SILVER RUN II FROM AUGUST 16, 2017 THROUGH MAY 17, 2019 (THE "CLASS PERIOD").**

*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOU MAY BE A MEMBER OF THE CLASS DESCRIBED HEREIN.**

**AS SUCH, YOUR RIGHTS MAY BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT.  THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION.**

**PLEASE DO NOT CALL OR WRITE THE COURT.**

**IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, YOU SHOULD CONTACT CLASS COUNSEL OR THE ADMINISTRATOR, AS DISCUSSED FURTHER BELOW.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas (the "Court") to inform you: (a) of a class action lawsuit that is now pending in the Court under the above caption (the "Action") against (i) Alta Mesa Resources, Inc., formerly known as Silver Run II Acquisition Corp. ("AMR," "Alta Mesa," "Silver Run II" or the "Company"); (ii) the following former officers and directors of AMR: Harlan H. Chappelle, Stephen S. Coats, Don Dimitrievich, Michael Ellis, William D. Gutermuth, James T. Hackett,  Pierre F. Lapeyre, Jr., David M. Leuschen, William W. McMullen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker and Diana Walters, (the "Individual Defendants"); and (iii) Riverstone Holdings LLC ("Riverstone"), HPS Investment

Partners, LLC ("HPS"), Bayou City Energy Management, LLC ("BCE") and ARM Energy Holdings LLC ("ARM Energy") (the "Control Entity Defendants," and collectively with AMR and the Individual Defendants, "Defendants"); and (b) that the Action has been certified by the Court to proceed as a class action on behalf of the Class (as that term is defined in Paragraph 1 below).  This Notice is not a settlement notice and you are not being asked to submit a claim.

      1.     By an order granting Plaintiffs' Motion for Class Certification dated January 24, 2022, the Court certified the following class (the "Class"):

> (a) All persons and entities that held shares of Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with AMH and Kingfisher (the "Section 14a Class Members");

> (b) All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (the "Silver Run Class Members");

> and

> (c) All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive) (the "Alta Mesa Class Members").

(Dkt. No. 241).

      Excluded from the Class are: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, Alta Mesa Holdings, LP ("AMH"), Kingfisher Midstream, LLC ("KFM") and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendants, and Excluded Officer or (Director or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM and Control Entity Defendants' plans that are covered by ERISA; and (viii)

the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such.

2.     This Notice is directed to you because you may be a member of the Class.  If you are a member of the Class, your rights will be affected by this Action.  If you do not meet the Class definition, this Notice does not apply to you.  If you are uncertain whether you are a member of the Class, contact Class Counsel listed in Paragraph 23 below, or your own attorney.

3.     This Notice is ***not*** an admission by Defendants or an expression of any opinion by the Court as to the merits of the Action, or a finding by the Court that the claims asserted by Class Representatives[1] in this Action are valid.  This Notice is intended solely to inform you of the pendency of this Action and of your rights in connection with it, including the right to request exclusion from the Class.  There is no judgment, settlement or monetary recovery at this time, and there may be no judgment in favor of the Class, settlement or monetary recovery at any time in the Action.  Defendants have denied and continue to deny any wrongdoing and each and all of the claims alleged in the Action and deny that the members of the Class suffered any damages or were otherwise harmed by the conduct alleged in the Action.

4.     The Class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## DESCRIPTION AND STATUS OF THE LAWSUIT

5.     This is a securities class action against Defendants for alleged violations of the federal securities laws.  Class Representatives allege that certain Defendants made material misrepresentations and omissions of material facts in the Definitive Proxy Statement ("Proxy") issued in connection with the Business Combination in which Silver Run II "De-SPAC'd," acquiring Alta Mesa Holdings and Kingfisher Midstream and changing its name to Alta Mesa Resources, Inc.  Class Representatives also allege that certain Defendants made material misrepresentations and omissions of material facts in other public statements during the Class Period.  Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

6.     On January 15, 2020, the Court consolidated three related federal securities class actions, appointed Lead Plaintiffs to lead the consolidated Action and appointed

---

[1] Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach and United Association National Pension Fund (formerly Plumbers and Pipefitters National Pension Fund) and Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust are referred to herein as "Class Plaintiffs," and are the Court-appointed "Class Representatives" (Dkt. No. 241).

Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Co-Lead Counsel (Dkt No. 54).

7.      On April 6, 2020, Plaintiffs filed the Second Corrected Consolidated Amended Complaint against all Defendants except AMR, alleging that those Defendants violated, variously, Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 (Dkt. No. 69).  On March 31, 2021, the Court denied Defendants' eight separate motions to dismiss the Complaint (Dkt. No. 157).  The Court issued a Memorandum Opinion and Order regarding the motions to dismiss on April 14, 2021 (Dkt. No. 160).

8.      On May 14, 2021, Defendants (other than AMR, which was in bankruptcy and was not then a party) filed their Answers to the Second Corrected Consolidated Amended Complaint, denying all wrongdoing and asserting affirmative and other defenses. (Two Defendants amended their Answers on June 2, 2021).

9.      Please note that this Notice does not fully describe all claims and defenses asserted by the parties.  The section entitled "Where You Can Find Additional Information" describes the process by which you can obtain additional information about the Action and the claims and defenses asserted.

10.      On July 30, 2021, Class Plaintiffs filed their motion for class certification.

11.      On December 6, 2021, Class Plaintiffs filed their Third Consolidated Amended Complaint, which added claims against AMR.  (Class Plaintiffs had obtained permission from the bankruptcy court to bring certain claims against AMR, after the Second Corrected Consolidated Amended Complaint was filed).  AMR filed its Answer on January 5, 2022.

12.      As mentioned above, the Court entered an order on January 24, 2022 certifying the Action as a class action, appointing Class Plaintiffs as Class Representatives and appointing co-Lead Counsel Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel.

13.      On November 30, 2022, the Court consolidated the Class Action with two individual actions that were filed earlier in 2022 (but after the Class was certified).

14.      The litigation is ongoing.  The parties completed fact and expert discovery in 2023 and are preparing for trial, which is currently scheduled for June 2024.  Defendants have moved for summary judgment, essentially asking the Court to decide the case in their favor without holding a trial; those motions for summary judgment are pending.

15.      The Court has not made a ruling on the merits of Class Representatives' allegations or on Defendants' denials and defenses.  By establishing the Class and authorizing this Notice, the Court is not suggesting that the Class Representatives will win or lose this case.

## YOUR RIGHTS AS A CLASS MEMBER

16.     A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly situated persons and entities to obtain monetary or other relief for the benefit of the entire group.  Class actions avoid the necessity of each member of a class having to file his, her, or its own separate lawsuit to obtain relief.  Class actions are used to decide legal and factual issues that are common to all members of a class.

17.     If you fall within the definition of the Class set forth in Paragraph 1 above, you are a member of the Class.  If you are a member of the Class, you have the right to decide whether to remain a member of the Class.  If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedures set forth in paragraph 18 below. *If you want to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in AMR/Silver Run II.  Your decision is important for the following reasons:*

     a.     **If you choose to remain a member of the Class**, you will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable.  If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court after a trial and any appeal, you may be eligible to receive a share of that award.  However, if you remain a member of the Class, you may not pursue a lawsuit on your own behalf with regard to any of the issues in this Action.  Please note that if you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or expenses.  Class Counsel have agreed to represent the Class on a contingent fee basis, which means that they will be awarded fees and expenses to be approved by the Court only if they succeed in obtaining a recovery from one or more Defendants.  Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class.  As a member of the Class you will be represented by Class Counsel.  Alternatively, you may remain a member of the Class and elect to be represented by counsel of your own choosing.  If you do retain separate counsel, you will be responsible for that attorney's fees and expenses and that attorney must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in Paragraph 20 below on or before [**Insert Date**].

     b.     **If you choose to be excluded from the Class**, you will not be bound by any orders or judgments in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.  You will retain any right you have to individually pursue any legal recourse that you may have

against any Defendants with respect to the claims asserted in the Action. ***Please note, if you decide to exclude yourself from the Class, you may be time-barred by a statute (or statutes) of limitation or repose from asserting the claims covered by the Action.*** Please refer to Paragraphs 19-22 below if you would like to request exclusion from the Class.

18.    Members of the Class will be eligible to participate in any recovery that might be obtained in the Action.  While this Notice is not intended to suggest any likelihood that Class Representatives or members of the Class will obtain any recovery, if there is a recovery, members of the Class will be required to support their requests to participate in the distribution of the recovery by demonstrating their membership in the Class and documenting their transactions in, and/or holdings of, the relevant securities, and their resulting damages.  ***For this reason, please be sure to keep all records of your holdings in this security.  DO NOT mail them to Class Counsel or the Administrator at this time.***

## HOW TO BE EXCLUDED FROM THE CLASS

19.    To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 4:19-cv-00957."  Your request must state your full name, address and telephone number, and be signed.  If you are signing on behalf of a Class Member (such as an estate, corporation or partnership), please indicate your full name and the basis of your authority to act on behalf of the Class Member.  Your request for exclusion must also state: (1) the number of relevant AMR/Silver Run securities you purchased or otherwise acquired during the Class Period and (2) the number of shares of Alta Mesa (Silver Run II) common stock and Silver Run II Units you held as of the January 22, 2018 record date.  You must mail your exclusion request, ***such that it is received [Insert Date]***, to:

**Alta Mesa Resources Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91218**
**Seattle, WA 98111**

20.    You cannot exclude yourself from the Class by telephone, facsimile or e-mail.  Requests for exclusion that do not comply with the above requirements will be invalid, unless otherwise accepted by the Court, subject to any objections of the parties to be resolved by the Court.

21.    Do not request exclusion if you wish to participate in this Action as a member of the Class.

22.    If you properly request exclusion from the Class, you will not be bound by any orders or judgments in this Action, but you also will not be eligible to share in any recovery that might be obtained in this Action. If you properly request exclusion from the

6

Class, you will be entitled to pursue an individual lawsuit, claim, or remedy, if available, which you may have, at your own expense.  Please note: *if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute (or statutes) of limitation or repose*.

## CLASS COUNSEL

23.     The Court has appointed the law firms of Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel.  If you have any questions concerning the matters raised in this Notice, you may contact Class Counsel, as follows:

| ENTWISTLE & CAPPUCCI LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| Andrew J. Entwistle | Trig Smith |
| 500 W. 2nd Street, Suite 1900 | 655 West Broadway, Suite 1900 |
| Austin, TX 78701 | San Diego, CA 92101 |
| Tel.: (512) 710-5960 | Tel.: (619) 231-1058 |
| aentwistle@entwistle-law.com | settlementinfo@rgrdlaw.com |

24.     If you want to be represented by your own lawyer, you may hire one at your own expense.

25.     As noted above, unless you elect to retain your own personal lawyer, if you remain in the Class, you will not have any direct obligations to pay the costs of the litigation.  If there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount approved by the Court.

## PLEASE KEEP YOUR ADDRESS CURRENT

26.     To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

**Alta Mesa Resources Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91218**
**Seattle, WA 98111**

27.     If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Administrator, JND Legal Administration, at the address above or toll free at (855) 208-4124 and provide them with your correct address.  If the Administrator does not have your correct address, you may not receive notice of important developments in this Action.

## WHERE YOU CAN FIND ADDITIONAL INFORMATION

28.     This Notice gives only a summary of the lawsuit and the claims asserted by Class Representatives.  For more detailed information regarding the Action, you may contact Class Counsel or visit **www.AltaMesaSecuritiesLitigation.com.**

29.     Complete copies of the public pleadings, orders, and other documents filed in this Action are available at http://www.pacer.gov or at the office of the Clerk of Court at the United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002.

## NOTICE TO BROKERS AND CUSTODIANS

30.     If, for the beneficial interest of any person or entity other than yourself, you (1) held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II Units on January 22, 2018; or (2) purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019, inclusive , you are requested to send the Postcard Notice to all such beneficial owners/purchasers within seven days after receipt of the Postcard Notice, or to send a list of names and addresses of such beneficial owners to the Notice Administrator at Alta Mesa Resources, Inc. Securities Litigation c/o JND Legal Administration, PO Box 91218 Seattle, WA 98111, within seven days of receipt thereof, in which event the Notice Administrator shall promptly mail the Postcard Notice to such beneficial owners and update the electronic mailing list.  If you elect to send the Postcard Notice to your beneficial owners, you are required to send a statement to the Notice Administrator confirming that the mailing was made as directed.  Additional copies of the Postcard Notice will be made available to any record holder requesting the Postcard Notice for the purpose of distribution to beneficial owners.  Such record holders shall be reimbursed by Class Counsel, upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Notice Administrator per record; up to a maximum of $0.03 plus postage at the rate used by the Notice Administrator per Postcard Notice.  Copies of the Postcard Notice and the Printed Notice will also be posted on the website established and maintained for the class action by the Notice Administrator.

## <u>PLEASE DO NOT CALL OR WRITE THE COURT OR</u><br><u>CLERK OF COURT REGARDING THIS NOTICE.</u>

DATED:                                   BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              SOUTHERN DISTRICT OF TEXAS

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00957

Judge George C. Hanks, Jr

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**TO: (1) ALL PERSONS AND ENTITIES WHO HELD SHARES OF ALTA MESA (SILVER RUN II) COMMON STOCK AND/OR SILVER RUN II UNITS ON JANUARY 22, 2018; AND (2) ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF ALTA MESA / SILVER RUN II FROM AUGUST 16, 2017 THROUGH MAY 17, 2019, INCLUSIVE (THE "CLASS PERIOD").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas (the "Court") that a class action lawsuit is now pending in the Court under the above caption (the "Action") against (i) Alta Mesa Resources, Inc. f/k/a Silver Run II ("AMR"), (ii) Riverstone Holdings, LLC, (iii) HPS Investment Partners, LLC, (iv) Bayou City Energy Management, LLC, (v) ARM Energy Holdings, LLC and (vi) certain current and former officers and directors of AMR. The Action has been certified by the Court to proceed as a class action on behalf of individuals and entities meeting the precise definition below (the "Class" and "Class Members").

THIS NOTICE IS NOT A SETTLEMENT NOTICE AND YOU ARE NOT BEING ASKED TO SUBMIT A CLAIM AT THIS TIME. NO ACTION ON YOUR PART IS REQUIRED. HOWEVER, IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION.

This is a securities class action against Defendants for alleged violations of the federal securities laws. Class Representatives allege that certain Defendants made material misrepresentations and omissions of material facts in the Definitive Proxy Statement ("Proxy") issued in connection with the Business Combination in which Silver Run II "De-SPAC'd," acquiring Alta Mesa Holdings and Kingfisher Midstream and changing its name to Alta Mesa Resources, Inc. Class Representatives also allege that certain Defendants made material misrepresentations and omissions of material facts in other public statements during the Class Period. Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

By an order granting Plaintiffs' Motion for Class Certification dated January 24, 2022, the Court certified the following class (the "Class"):

> (a) All persons and entities that held shares of Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with AMH and Kingfisher (the "Section 14a Class Members");

> (b) All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"),

and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (the "Silver Run Class Members");

and

(c) All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive) (the "Alta Mesa Class Members").

(Dkt. No. 241).  Certain individuals and entities are excluded from the Class.  (Dkt. No. 241).

A full Notice of Pendency of Class Action (the "Notice") is available on the website www.AltaMesaSecuritiesLitigation.com/notice. If you believe you may be a member of the Class and you would like a printed copy of the Notice, you may request one from:

Alta Mesa Resources Securities Litigation
c/o JND Legal Administration
P.O. Box 91218
info@AltaMesaSecuritiesLitigation.com
855-208-4124

If you are a Class Member, you have the right to decide whether to remain a Class Member. ***If you want to remain a Class Member, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in securities of Alta Mesa/Silver Run II***.  If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.  If you move, or if the Notice was mailed to an old or incorrect address, please send the Notice Administrator written notification of your new address.

As a member of the Class you will be represented by Class Counsel, who are listed below.

| ENTWISTLE & CAPPUCCI LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| Andrew J. Entwistle | Trig Smith |
| 500 W. 2nd Street, Suite 1900 | 655 West Broadway, Suite 1900 |
| Austin, TX  78701 | San Diego, CA  92101 |
| Tel.: (512) 710-5960 | Tel.: (619) 231-1058 |

If you would like to remain part of the Class but be represented separately, you may hire your own attorney at your expense.

If you ask to be excluded from the Class, you will not be bound by any order or judgment of this Court in this Action; however you will not be eligible to receive a share of any funds which might be recovered for the benefit of the Class.  To exclude yourself from the Class, you must submit a written request for exclusion **postmarked no later than [Insert Date],** in accordance with the instructions set forth in the Notice.

**Further information regarding this matter may be obtained by writing to the Notice Administrator at the address provided above.**

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED:                                  BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF TEXAS

# EXHIBIT C

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

In Re Alta Mesa Resources, Inc. Sec. Litig., Case No. 4:19-cv-00957 (S.D. Tex.)

Case Pending in the U.S. District Court for the Southern District of Texas

*Important Notice about a Pending Securities Class Action*

*This Notice may affect your legal rights Please read it Carefully*

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

*Alta Mesa Resources, Inc. Securities Litigation*
**c/o JND Legal Administration**
**PO Box 91218**
**Seattle, WA 98111**

**<<MAILING_BARCODE>>**
Postal Service: Please do not mark barcode

«Fullname»
«AddressLine1»
«AddressLine2»
«City», «State» «Zip»

*In Re Alta Mesa Resources, Inc. Securities Litigation,* Case No. 4:19-cv-00957 (S.D. Tex.)
THIS CARD PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT **WWW.ALTAMESASECURITIESLITIGATION.COM** OR CALL **1-855-208-4124** FOR MORE INFORMATION.

If you: (1) held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II Units on January 22, 2018; and/or (2) purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019, inclusive, your rights might be affected by the above-captioned Class Action.

**THIS IS NOT A SETTLEMENT NOTICE – THERE IS NO SETTLEMENT AND YOU ARE NOT BEING ASKED TO SUBMIT A CLAIM FORM.**

The precise definition of the Class has been set by the Court and is available at **www.AltaMesaSecuritiesLitigation.com**. If you are a Class Member, you have the right to decide whether to remain a Class Member. ***If you want to remain a Class Member, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in securities of Alta Mesa/Silver Run II***. If you are a member of the Class and do not exclude yourself, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable. If you move, or if this card was mailed to an old or incorrect address, please send the Notice Administrator written notification of your new address.

If you ask to be excluded from the Class, you will not be bound by any order or judgment of the Court in this Action; however you will not be eligible to receive a share of any funds which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion **postmarked no later than [Insert Date],** in accordance with the instructions set forth at **www.AltaMesaSecuritiesLitigation.com.**

The Class is represented by Andrew J. Entwistle, Entwistle & Cappucci LLP, 500 W. 2nd St., Suite 1900, Austin, TX 78701, (512) 710-5960, and Trig Smith, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, (619) 231-1058.



**NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:** If you acquired and/or held relevant Alta Mesa/Silver Run II securities for the benefit of an individual or entity other than yourself, you are directed **by order of the Court** to visit the Administrator's website or contact the Administrator within 7 days for instructions on how to disseminate this information to the beneficial owners.

# EXHIBIT D

«PrintedNoticeDate»

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
«City», «State» «ZIP»«FCountry»

**Re:** *In re Alta Mesa Resources, Inc. Securities Litigation*, **Case No. 4:19-cv-00957 (S.D. Tex.)**

Dear «GENDER» «LastName»:

Please find enclosed the Postcard Notice of Pendency of Class Action for *In re Alta Mesa Resources, Inc. Securities Litigation*. Please note both the relevant periods and the designated eligible securities described on the Postcard Notice, specifically the inclusion of persons or entities who (i) held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II Units on January 22, 2018; and (ii) purchased or otherwise acquired Alta Mesa/Silver Run II securities from August 16, 2017 through May 17, 2019, inclusive, subject to certain exclusions. In addition, **the Postcard Notice provides that the Exclusion Deadline is [Insert Date].**

Brokers and nominees who held Silver Run II common stock and/or Silver Run II Units on January 22, 2018 and/or purchased or otherwise acquired Alta Mesa/Silver Run II securities between August 16, 2017 and May 17, 2019, inclusive, for the beneficial ownership of another are requested to send a list of the names and addresses (and email addresses where available) of such beneficial owners to JND Legal Administration (the "Notice Administrator") at ATASecurities@JNDLA.com or Alta Mesa Securities Litigation, Notice Administrator, c/o JND Legal Administration, PO Box 91218, Seattle WA, 98111 **no later than seven (7) days** after receipt of notice of this Litigation. The Notice Administrator will thereafter email or mail copies of the Postcard Notice directly to all such beneficial owners. Brokers and nominees that prefer to mail or email Postcard Notices themselves may request the required number of Postcard Notices from the Notice Administrator. Class Counsel will reimburse the reasonable and actually incurred costs of preparing a list of the names, addresses and email addresses (where available) of such beneficial owners or mailing or emailing such Notice. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses and email addresses to the Notice Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Notice Administrator; or $0.03 per Postcard Notice sent by email.

Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to ATASecurities@JNDLA.com, via CD-Rom to the above address or contact (855) 208-4124 to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:

- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email ATASecurities@JNDLA.com.

Sincerely,

JND Legal Administration

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00957

Judge George C. Hanks, Jr

# [PROPOSED] ORDER GRANTING CLASS REPRESENTATIVES' UNCONTESTED MOTION FOR ENTRY OF AN ORDER APPROVING NOTICE OF PENDENCY OF CLASS ACTION, NOTICE PROCEDURES AND APPOINTMENT OF NOTICE ADMINISTRATOR

And now this _____ day of _____, 2024, upon consideration of the Class Representatives' Unopposed Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures and Appointment of Notice Administrator (the "Motion") relating to giving notice of pendency of this class action and Class members' rights of exclusion, and there being no objection by Defendants to the Court's entry of this Order, IT IS HEREBY DETERMINED AND ORDERED THAT the Motion is GRANTED as follows:

1.       The proposed Notice of Pendency of Class Action (the "Printed Notice"), the proposed Summary Notice of Pendency of Class Action (the "Summary Notice"), and the Postcard Notice, all of which are attached to this Order as Exhibits "A," "B," and "C," respectively (collectively, the "Notice"), are found to comport with the mandates of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure in that the Notice plainly states the nature of the action, the definition of the Class certified, and the Class claims, and, advises each member of the Class that:

(a)      the Court will exclude from the Class any member who requests exclusion by a specified date;

(b)      the time and manner for requesting exclusion;

(c)      any judgment in this litigation, whether favorable or not, will include all members who do not request exclusion and is binding; and

(d)      any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

2.      Counsel for the Class Representatives shall cause the Postcard Notice to be mailed to all potential members of the Class who can be identified through reasonable effort, cause the Summary Notice to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal*, and once over a national newswire service. The Printed Notice and the Summary Notice shall also be posted on a website established for this class action by JND Legal Administration ("JND") (which will serve as the Notice Administrator, *see infra*). The Court finds that the foregoing meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereof.

3.      Alta Mesa, through its counsel, has provided Class Counsel with an electronic copy of transfer records containing the names and addresses of AMR shareholders, which list shall be provided to the Notice Administrator solely to facilitate prompt and efficient mailing or emailing of the Postcard Notice. The Notice Administrator will submit this list to the National Change of Address registry maintained by the United States Postal Service requesting updated address information. Any updated address information will be included in the data file used to complete the mailing of the Postcard Notice.

4.      Class Counsel is hereby authorized to retain JND as the Notice Administrator. The Notice Administrator shall supervise and administer the Notice procedure as more fully set forth below:

2

(a)     Not later than fourteen (14) days after entry of this Order, Class Counsel, through the Notice Administrator, shall cause a copy of the Postcard Notice, substantially in the form submitted to the Court and conformed as needed to comport with this Order, to be emailed or mailed by first class mail to all Class members who can be identified with reasonable effort appearing on the mailing list (the "Notice Date");

(b)     Contemporaneously with the mailing and emailing of the Postcard Notice, the Notice Administrator shall establish a dedicated website, to make available to Class members the full-length Printed Notice and other case information and filings, including: (1) the Court's Order Granting Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Dkt. No. 241); (2) the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws (Dkt. No. 218); (3) the Court's Memorandum Opinion denying Defendants' Motions to Dismiss (Dkt. No. 160); and (4) Defendants' Answers (Dkt. Nos. 169, 170, 173, 176,177 and 232), as well as such other documents as the parties may agree or the Court shall require.  The website shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for copies of the Printed Notice.  The website will be available until at least one year after any settlement, other resolution, or the conclusion of trial and exhaustion of all possible appeals in this action.  The Notice Administrator shall establish a toll-free telephone number for Class members to call if they have questions or to request copies of the Class notices or other documents; and

(c)     Within seven (7) calendar days of mailing of the Postcard Notice, Class Counsel, through the Notice Administrator, shall cause the Summary Notice,

3

substantially in the form submitted to the Court, to be published once in the national editions of *Investor's Business Daily*, and *The Wall Street Journal*, and once over a national newswire service.  The Summary Notice shall also be posted on the website for the class action established and maintained by JND.

5.       The Notice Administrator shall use reasonable efforts to give notice to omnibus account or nominee owners such as brokerage firms and other persons or entities who held and/or purchased or acquired Alta Mesa shares as record owners but not as beneficial owners.  To the extent the beneficial account holders are not known or readily available, nominee owners who purchased, acquired, or held stock for the benefit of another person during the Class Period shall be requested to send the Postcard Notice to all such beneficial owners within seven days after receipt thereof, or to send a list of names and addresses of such beneficial owners to the Notice Administrator within seven days of receipt thereof, in which event the Notice Administrator shall promptly mail the Postcard Notice to such beneficial owners and update the electronic mailing list.  Nominee owners who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made as directed.  Additional copies of the Postcard Notice shall be made available to any record holder requesting the Postcard Notice for the purpose of distribution to beneficial owners.  Such record holders shall be reimbursed by Class Counsel, upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the

Notice Administrator per record; up to a maximum of $0.03 plus postage at the rate used by the Notice Administrator per Postcard Notice.   The Notice Administrator will, contemporaneously with the mailing of the Postcard Notice, send a letter in the form set out in Exhibit "D" attached to this Order specifically requesting the brokerage firms, banks, and other nominees to, within seven days of receipt of the letter and Postcard Notice: (a) supply an Excel file, text file, or other compatible data format containing the names, email addresses if available, and mailing addresses of Class members; (b) indicate that they will email or mail the Postcard Notices themselves and identify how many Postcard Notices they require to complete the mailing; or (c) indicate they have no records of Class members as described in the Postcard Notice in this litigation.   Copies of the Postcard Notice and the Printed Notice shall also be posted on the website established and maintained for the class action by the Notice Administrator.

6.     The Notice Administrator shall also cause the Postcard Notice and the Printed Notice to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System.

7.     Any person falling within the definition of the Class shall be bound by all determinations and judgments in the above-captioned action, whether favorable or unfavorable to the Class, unless such person requests exclusion from the Class in a timely and proper manner, as hereinafter provided.   A Class member wishing to make such a request for exclusion shall mail the request by first class mail postmarked no later than forty-five (45) days following the initial mailing described in Paragraph 4(a) above to the address designated in the Printed Notice and the case website.   Such request for exclusion

shall clearly identify the name and address of the person seeking exclusion, the type and number of AMR/Silver Run securities purchased or otherwise acquired during the Class Period, the number of shares of Alta Mesa (Silver Run II) common stock and Silver Run II Units held as of the January 22, 2018 record date, be signed, and clearly state that the person requests to be excluded from the Class.  Class members requesting exclusion from the Class shall not be entitled to any recovery that might be obtained in the above-captioned action, or bound by any Court orders or judgments in the above-captioned action.

8.     The Notice Administrator shall identify and number all exclusion requests received and create images of those requests for Class Counsel and counsel for Defendants. The Notice Administrator shall maintain original requests in its files.   The Notice Administrator shall promptly provide via email copies of any exclusion requests received to Class Counsel and counsel for Defendants.

9.     Within seven (7) calendar days following the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice, and an affidavit or declaration setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class, as well as a list of persons and entities who requested exclusion from the Class that were not deemed to be valid or timely.

10.     Any member of the Class may enter an appearance in the above-captioned action, at their own expense, individually or through counsel of their own choice; such appearances must be entered no later than forty-five (45) days after the Notice Date.  If they do not enter an appearance, they will be represented by Class Counsel.

11.     Subject to potential reimbursement, the costs of notice shall be borne by Class Counsel.

12.     This Order may be modified by the Court upon motion by any party, for good cause shown.

IT IS SO ORDERED.

DATED:  _____

_____
THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE