April 19, 2024

**VIA ECF**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re:  In re Alta Mesa Resources Securities Litigation, 4:19-cv-00957-GCH

Dear Judge Hanks:

Defendants and Plaintiffs submit this joint letter pursuant to Rule 6(E) of Your Honor's Court Procedures and in advance of the April 24, 2024 Oral Argument setting. Defendants and Plaintiffs disagree on the amount of time to be allocated between the parties for argument on Defendants' Motions for Summary Judgment, Dkts. 422, 423, 424, 427, 518, 520, 521, 523, 526 (the "Motions").[1]

### I.  Defendants' Position

Defendants want to begin by thanking the Court for granting a hearing on this very important matter where, as the Court noted, the stakes are high. Indeed, as the Court is aware, this hearing will cover 9 motions regarding **19 Defendants** who are differently situated and represented by five sets of counsel. Given this, Defendants seek to present their respective clients' cases in a fair, concise manner, and will consolidate arguments where feasible. Defendants also want to have time to address questions from the Court to further streamline this hearing.

Unfortunately, the Plaintiffs, representing only two groups (the Class and the Individual Action Plaintiffs), have demanded an unworkable and unfair time allocation, giving them *double* the amount of time to defend the Motions than Defendants, as the

---

[1] The parties have met and conferred by email on April 16-17, 2024. Counsel involved in the conferral included: Chris Porter and Courtney Whang for HPS; Kenneth Young and Nick Brown for Bayou City Energy; Adam Pollet and Andrea Gordon for ARM Energy; Christian Word and Heather Waller for AMR and certain individual defendants; Katy Preston for certain individual defendants; Andrew Entwistle, Trig Smith, and Brendan J. Brodeur for the Class Plaintiffs; and Matthew Peller, Joseph Sparacio, Frank Catalina, Michael Hampson, and Sheila Sadighi for the Individual Action Plaintiffs. The parties each provided proposals for the allotment of time for oral argument and cannot reach agreement. The parties seek Your Honor's guidance on an argument schedule.

moving parties, have to present them. Tellingly, Plaintiffs provide no support for their position because they misconstrue the record. Contrary to Plaintiffs' proposal, the Court made clear that (a) Plaintiffs and Defendants would get equal time for opening arguments; (b) Defendants would argue at once; and (c) Defendants would also receive time for rebuttal. *See* Tr. 7:6-15 ("I'm going to give each side 30 minutes to argue . . . the defendants having an extra five minutes for rebuttal at the end. . . I would really like to have all of the defendants argue at once.").

Plaintiffs' proposed time allocation would deprive Defendants any meaningful opportunity to argue their Motions—and would leave the differently-situated Defendants little time to articulate their distinct positions. Plaintiffs cannot use this argument to, again, try and group all of the Defendants together; they must allow them adequate time to speak for themselves. Further, it is particularly confusing that the Individual Action Plaintiffs want as much time as they do given that they filed short joinders to ***every response*** filed by the Class Plaintiffs and only filed two stand-alone responses for their state-law claims. Defendants' proposal set forth below is fair in allocating equal time to each side for argument and allowing Defendants a small amount of time for rebuttal.

Defendants' proposal is as follows:

- **3.5 hours** for total argument time (including rebuttal);

- Defendants will allocate amongst themselves **90 minutes** of opening argument to address all of their Motions;

- Plaintiffs will then have **90 minutes** of argument to address their oppositions;

- Defendants will then collectively have **30 minutes** for rebuttal argument.

This even split of opening argument time should be more than enough for Plaintiffs, especially since their oppositions are so intertwined given the aforementioned joinders by the Individual Action Plaintiffs. Stated differently, if five law firms representing 19 different Defendants can compromise to split 90 minutes of opening argument time, then certainly two law firms representing similarly situated Plaintiffs can do the same.

Again, Defendants thank the Court for its generosity in hearing these arguments, and respectfully request that the Court enter an argument schedule that allows Defendants to adequately address these Motions and fully address any questions Your Honor may have.

## II.     Class Plaintiffs' and the Individual Action Plaintiffs' Position

We write in brief response to the defense proposal above which wholly ignores the fact that Defendants raised these same self-serving points during the Docket Call before

Your Honor provided your direction on the structure of the oral arguments on the two separate and distinct rounds of pending summary judgement motions.

Your Honor made clear the day would begin with the first round of summary judgment motions—with argument time allocated: 30 minutes for movants; 30 minutes for the class; 30 minutes for the Individual Action Plaintiffs; and five (5) minutes for rebuttal. The first round arguments would be followed by arguments on the second round of summary judgment motions, with the time allocated the same way—30 minutes for movants; 30 minutes for the class; 30 minutes for the Individual Action Plaintiffs; and five (5) minutes for rebuttal. Defendants offer no reasonable justification for the Court to change that direction—and in particular no reason to give Defendants almost an extra hour of argument time while collectively depriving Class Plaintiffs and the Individual Action Plaintiffs of thirty minutes of their time.

It is ironic that despite having insisted on individualized responses by Class Plaintiffs to each of their separate motions, Defendants now seek to lump both rounds of motions into an hour and a half of opening arguments. They offer no explanation for not following Your Honor's structure where the parties address all of the issues raised in the initial round of motions first, followed by the second round of motions. Defendants are also wrong that Plaintiffs "misconstrue" the record, taking the quoted statement out of context.  The record is clear that the Court anticipated separate arguments on each of the two separate rounds of motions and that the allocation would be 30/30/30/5 for each separate round of argument.  The proposal Defendants now make was not discussed during the Docket Call.

Lastly, Defendants ignore the fact that there are two separate actions here dealing with myriad different legal issues that Defendants attacked separately in the two rounds of summary judgment motions.  The Class and the Individual Action Plaintiffs are not the same and Defendants' suggestion that they should be treated as one group in responding to the separate motions is contrary to Defendants' prior insistence on individualized responses and ignores that the Court determined at the Docket Call that each of the Class and the Individual Action Plaintiffs should receive 30 minutes to respond to the separate motions made against them.  We are sending a proposed order consistent with the direction the Court gave at the Docket Call under separate cover for the Court's convenience.

| s/ *Andrew J. Entwistle* | s/ *J. Christian Word* |
|---|---|
| Andrew J. Entwistle (attorney-in-charge) State Bar No. 24038131 Callie Crispin Sal H. Lee **ENTWISTLE & CAPPUCCI LLP** 500 West 2nd Street, Suite 1900 Austin, TX 78701 Tel: (512) 710-5960 Facsimile: (212) 894-7278 *Co-Lead Counsel for Lead Plaintiffs and the Class* | J. Christian Word Attorney-in-Charge D.C. Bar No. 461346 S.D. Tex. Bar No. 3398485 **LATHAM & WATKINS LLP** 555 Eleventh Street, NW Suite 1000 Washington DC 2004 Tel.: (202) 637-2200 Fax: (202) 637-2201 Christian.Word@lw.com *Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; James T. Hackett, Harlan H. Chappelle, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters; Michael E. Ellis; Ronald Smith; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald Sinclair; Stephen Coats; and Thomas J. Walker* |

| s/ *Trig Smith* | s/ *Karl S. Stern* |
|---|---|
| Trig Smith (*pro hac vice*) Lonnie Browne (*pro hac vice*) John Kelley (*pro hac vice*) **ROBBINS GELLER RUDMAN & DOWD LLP** 655 West Broadway, Suite 1900 San Diego, CA 92101 Tel: (619) 231-1058 Facsimile: (619) 231-7423 *Court-Appointed Co-Lead Counsel* | Karl S. Stern (attorney in charge SBN 19175665) Christopher D. Porter (SBN 24070437) **QUINN, EMANUEL, URQUHART & SULLIVAN, LLP** 700 Louisiana Street, Suite 3900 Houston, TX 77002 713-221-7000 karlstern@quinnemanuel.com chrisporter@quinnemanuel.com Michael B. Carlinsky (*pro hac vice*) |

4

|  |  |
|---|---|
|  | Courtney C. Whang (*pro hac vice*)<br>Jacob J. Waldman (*pro hac vice*)<br>**QUINN, EMANUEL, URQUHART &SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>michaelcarlinsky@quinnemanuel.com<br>courtneywhang@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com<br><br>*Counsel for HPS Investment Partners, LLC* and *Don Dimitrievich* |
| s/ *Walter M. Berger* | s/ *Kenneth A. Young* |
| Walter M. Berger<br>TX Bar No. 00798063<br>Attorney-in-Charge<br>Katherine A. Preston<br>TX Bar No. 24088255<br>**WINSTON & STRAWN LLP**<br>800 Capitol Street, Suite 2400<br>Houston, TX 77002-2925<br>Tel.: (713) 615-2699<br>Fax: (713) 651-2700<br>cberger@winston.com<br>kpreston@winston.com<br><br>Of Counsel:<br>John E. Schreiber (pro hac vice)<br>CA Bar No. 261558<br>Aaron C. O'Dell (pro hac vice)<br>CA Bar No. 281851<br>**WINSTON & STRAWN LLP**<br>333 S. Grand Ave., 38th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 615-1700<br>Fax: (213) 615-1750<br>jschreiber@winston.com<br>acodell@winston.com | Kenneth A. Young<br>Attorney-in-Charge<br>Texas Bar No. 25088699<br>S.D. Tex. No. 2506614<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Tel.: (713) 836-3600<br>Fax: (713) 836-3601<br>kenneth.young@kirkland.com<br><br>*Counsel for Bayou City Energy Management, LLC and William W. McMullen* |

5

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

s/ *James L. Silliman*

James L. Silliman
Attorney-in-Charge
TX Bar No. 24081416
Federal Bar No. 2365032
**EVERSHEDS SUTHERLAND LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel.: (713) 470-6100
Fax: (713) 654-1301
jimsilliman@eversheds-sutherland.com

*Counsel for ARM Energy Holdings LLC*

s/ *Lawrence M. Rolnick*

Lawrence M. Rolnick
Sheila Sadighi
Michael J. Hampson
Matthew A. Peller
Joseph R. Sparacio
Rolnick Kramer Sadighi LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
ssadighi@rkllp.com
mhampson@rksllp.com
mpeller@rksllp.com
jsparacio@rksllp.com

*Counsel for the Alyeska and Orbis Plaintiffs*

cc: All counsel (via ECF)