April 24, 2024

**VIA ECF**

Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

    Re:    In re Alta Mesa Resources Securities Litigation, 4:19-cv-00957-GCH

Dear Judge Hanks:

    Defendants submit this letter in advance of the April 24, 2024 Oral Argument to object to the purported demonstrative exhibits provided by Class Plaintiffs on April 22, 2024. These include Class Plaintiffs' (i) "Demonstrative Chart of Alleged False and Misleading Statements" ("Demonstrative Chart"); (ii) "Demonstrative Diagrams Illustrating Control" ("Demonstrative Diagrams"); and (iii) "Demonstrative Regarding Evidence of Control" ("Control Demonstrative"). Class Plaintiffs should be prohibited from relying on these exhibits during the upcoming oral argument setting for the following reasons:

    **First,** Class Plaintiffs' Demonstrative Chart is plainly inconsistent with not only their Complaint, but also their prior representations to this Court about which alleged misstatements were attributable to each Defendant individually. Specifically, Class Plaintiffs filed a "Chart of Alleged Misstatements" in August 2020 as an attachment to their Opposition to Defendants' Motions to Dismiss, where they represented to this Court that their §10(b) claims against Defendants Dimitrievich, Ellis, Gutermuth, Lapeyre, Leuschen, McMullen, Smith, Tepper, and Walters were based on *just two statements from the 2017 10-K* that was filed on March 29, 2018.[1] The operative Complaint—which governs the Class Plaintiffs' claims—also does not in any way attribute these new statements to these defendants.[2] Further, the parties have operated off this Complaint (and to the extent it is consistent, this chart) for almost four years as providing the sole basis for

---

[1]  *See* Ex. A ("Chart of Alleged Misstatements") (Dkt. 139-3) at 6.
[2]  *See* Third Amended Complaint ("TAC") (Dkt. 218).

Class Plaintiffs' claims regarding "which Defendant is responsible for which alleged misstatement."[3]

Now, however, Class Plaintiffs claim in their Demonstrative Chart that these defendants are liable not only for the two statements in the 2017 10-K,[4] but also for five additional statements from three different 10-Q reports issued between May 2018 and November 2018.[5] Notably, Class Plaintiffs previously represented to the Court that these five statements were attributable *only to* Defendant Chappelle,[6] and ***nowhere*** alleged that anyone else was in any way involved in the making of those statements. Plaintiffs cannot now amend their claims through summary judgment briefing. *See Garza v. City of La Porte*, 160 F. Supp. 3d 986, 993 (S.D. Tex. 2016) ("[A] party cannot use a motion for summary judgment to raise new claims." (citing *U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012))); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (a claim raised in response to summary judgment motion and not in the complaint "was not properly before the court"). Nor can they adopt a new position in their Demonstrative Chart that contradicts the one they took four years ago in front of this very Court regarding which alleged misstatements were attributable to each Defendant. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) ("Judicial estoppel prevents a party from asserting a position in a legal proceeding ***that is contrary to a position previously taken in the same*** … ***proceeding***.").

**Second**, Class Plaintiffs *never once* indicated in their summary judgment oppositions that these defendants were liable for any alleged misstatements other than the two contained in the 2017 10-K, much less the five 10-Q statements attributed to them in the Demonstrative Chart. Indeed, both Mr. McMullen and Mr. Dimitrievich noted in their summary judgment motions ("SJ Motions") that these were the only two statements underlying the Class Plaintiffs' §10(b) claims against them,[7] to which Plaintiffs did not object or otherwise dispute.[8] In fact, Class Plaintiffs *even agreed* that they had only "state[d] a Section 10(b) claim against McMullen … [for] ***two materially false and***

---

[3] Class Pls.' Opp. to Defs.' Mot. to Dismiss (Dkt. 139) at 60 n. 43; *see also id.* at 60 ("Plaintiffs submit as Appendix 3 a chart detailing each of the Complaint's allegations regarding each challenged statement[] [and] ***when it was made and who it was made by***…." (emphasis added)).

[4] Ex. B (Demonstrative Chart) at 10 (citing Class Pls.' Third Amended Complaint ("TAC") ¶¶ 217, 219).

[5] *Id.* at 12-14, 16 (citing TAC ¶¶ 229, 231, 239, 241, 252, 254)

[6] Ex. A at 8-11.

[7] *See* McMullen SJ Motion (Dkt. 427) at 19; Dimitrievich SJ Motion (Dkt. 422) at 17 n.38.

[8] *See* Reply In Support of McMullen SJ Motion (Dkt. 466) at 6; Reply In Support of Dimitrievich SJ Motion (Dkt. 468) at 5 n.3.

2

*misleading statements made in AMR's 2017 10-K*."[9]  Same too for the other Defendants.[10] Class Plaintiffs have thus waived any argument that these defendants are liable for any additional misstatements and cannot assert new allegations to expand the scope of liability in their Demonstrative Chart.  *See Tilson v. DISA, Inc.*, 2019 WL 6878867, at *4 (M.D. La. Dec. 17, 2019), aff'd, 828 F. App'x 193 (5th Cir. 2020) ("[A]n opposition cannot substantively expand or refine a party's claims presented in its original complaint.").

Moreover, the Class Plaintiffs' attempt to expand their §10(b) claims with respect to the 10-Q statements is just one relevant example.  Attached hereto as Exhibit E is a complete chart identifying all of the discrepancies between the Class Plaintiffs' chart at the motion to dismiss stage and the Class Plaintiffs' purported demonstrative.

**Third,** the Demonstrative Chart improperly seeks to hold Mr. McMullen and Mr. Dimitrievich liable for statements made prior to the closing of the Business Combination on February 9, 2018.  As Mr. McMullen and Mr. Dimitrievich both raised in their SJ Motions,[11] Class Plaintiffs failed to expressly plead *any* §20(a) claims against either of them for statements made before February 9, 2018.  In any event, Class Plaintiffs' Demonstrative Diagrams make clear that the only Defendants they seek to hold liable as control persons for pre-Business Combination statements are Defendants Bayou City Energy ("Bayou City"), HPS Investment Partners, LLC ("HPS"), ARM Energy,[12] and Riverstone Holdings, LLC—*not* any of the Individual Defendants.[13]

**Finally**, Class Plaintiffs attempt to raise new arguments in their demonstrative exhibits that they failed to address (and thus waived) in their summary judgment oppositions.  For example, Class Plaintiffs assert in their Control Demonstrative that "Dimitrievich also advised, commented on, and directed Defendant Chappelle regarding public statements issued during the Class Period (e.g., PX 95; PX 115)."[14]  However, this

---

[9]  *See* Class Pls.' Opp. to McMullen SJ Motion (Dkt. 449) at 2.
[10]  *See* AMR Directors' SJ Motion (Dkt. 526) at 11 ("Plaintiffs assert that the AMR Directors made the 10-K Challenged Statements [and aside from Hackett, only those statements]."); *id.* at 2 ("These statements are Plaintiffs' only basis for Section 10(b) liability against the AMR Directors…"); Class Pls.' Opp. (Dkt. 573) at 9 ("Substantial Evidence Supports Section 10(b) Liability Against The AMR Directors. A. The Statements in the Form 10-K Were False and Misleading").
[11]  *See* McMullen SJ Motion at 22-23; Dimitrievich SJ Motion at 20-24.
[12]  As noted in the SJ motion filed by Bayou City, HPS, and ARM Energy, Plaintiffs failed to specifically plead any §20(a) claims against these Defendants arising out of pre-Business Combination statements.  *See* Joint 20(a) SJ Motion (Dkt. 423) at 14-17.
[13]  *See* Ex. C (Demonstrative Diagrams) at 2-3; *cf. id.* at 3 ("Illustrative Control of the Post-de-SPAC Statements").
[14]  Ex. D (Control Demonstrative) at 13.

3

assertion, and the exhibits cited in support, ***do not appear anywhere*** in the Class's Opposition to Mr. Dimitrievich's SJ Motion.[15]

Likewise, Class Plaintiffs cite multiple exhibits in their Control Demonstrative as somehow indicative of control for specific Defendants that were ***never cited*** in their oppositions to those Defendants' SJ Motions.[16] Because Class Plaintiffs never addressed these arguments or exhibits in response to the relevant SJ Motions, they have waived those issues now. *See Thorn v. McGary*, 684 F. App'x 430, 434 n.5 (5th Cir. 2017) (waiving argument where plaintiff "did not raise [the] argument in opposition to Defendants' motion for summary judgment"). To the extent Class Plaintiffs wish to raise new arguments, they are bound by the Court's Procedures, which provide that, after a reply brief, "[n]o further briefing, ***including supplements and sur-replie*s**, should be filed without leave of Court." Court's Pro. R. 6(C)(4) (emphasis added). Nothing in the Court's Procedures or Local Rules allow Plaintiffs to introduce demonstrative exhibits as a backdoor sur-reply.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher D. Porter* | */s/ Kenneth Alan Young* |
| (signed by permission of Attorney-in-Charge) | Kenneth Alan Young |
| | Attorney-in-Charge |
| Karl S. Stern (attorney in charge) (SBN 19175665) | Nick Brown |
| | **KIRKLAND & ELLIS LLP** |
| Christopher D. Porter (SBN 24070437) | **KIRKLAND & ELLIS** |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **INTERNATIONAL LLP** |
| | Texas Bar No. 24088699 |
| 711 Louisiana Street, Suite 500 | 609 Main Street |
| Houston, TX 77002 | Houston, TX 77002 |
| Telephone: (713) 221-7000 | Telephone: (713) 836-3600 |
| Facsimile: (713) 221-7100 | |
| Email: karlstern@quinnemanuel.com | -**AND**- |
| chrisporter@quinnemanuel.com | |
| | Stefan Atkinson (*pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| -**AND**- | **KIRKLAND & ELLIS** |
| | **INTERNATIONAL LLP** |
| Michael B. Carlinsky (*pro hac vice*) | 601 Lexington Avenue |
| Jesse Bernstein (*pro hac vice*) | |

---

[15] *See* Class Pls.' Opp. to Dimitrievich SJ Motion (Dkt. 446).
[16] *See e.g.*, Ex. D at 4 (citing PX 181 at 44:13-45:18, 94:8-25); *id.* at 7 (citing PX 182 at 33:8-19); *id*. at 1 (citing PX 182 at 43:22-25).

| | |
|---|---|
| Courtney C. Whang (*pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Facsimile:  (212) 849-7100<br>Email:<br>michaelcarlinsky@quinnemanuel.com<br>jessebernstein@quinnemanuel.com<br>courtneywhang@quinnemanuel.com | New York, NY 10022<br>Telephone:  (212) 446-4800<br><br>*Counsel for Bayou City Energy Management LLC and William McMullen* |

*Counsel to HPS Investment Partners, LLC and Don Dimitrievich*

  */s/ Christian Word*
  J. Christian Word
  Attorney-in-Charge
  D.C. Bar No. 461346
  S.D. Tex. Bar No. 3398485
  **LATHAM & WATKINS LLP**
  555 Eleventh Street, NW
  Suite 1000
  Washington DC 2004
  Tel.: (202) 637-2200
  Fax: (202) 637-2201
  Christian.Word@lw.com

  *Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; James T. Hackett, Harlan H. Chappelle, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters; Michael E. Ellis; Ronald Smith; Pierre F. Lapeyre, Jr.; David M. Leuschen; Donald Sinclair; Stephen Coats; and Thomas J. Walker*


cc: All counsel (via ECF)