**ENTWISTLE & CAPPUCCI LLP**
500 WEST 2ND STREET, SUITE 1900
AUSTIN, TEXAS 78701
TELEPHONE: (512) 710-5960
FACSIMILE: (212) 894-7272

**ROBBINS GELLER RUDMAN & DOWD LLP**
655 WEST BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 231-1058
FACSIMILE: (619) 231-7423

May 8, 2024

**VIA ECF**

The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

      Re:    *In re Alta Mesa Resources, Inc. Securities Litigation*,
             Case No. 4:19-cv-00957 (S.D. Tex.)

Dear Judge Hanks:

We write in brief response to Defendants' May 6, 2024 Notice of Supplemental Authority in Support of Defendants' Motion to Exclude Class Plaintiffs' Expert D. Paul Regan (Dkt. 762).

This Court should disregard Defendants' May 6, 2024 submission as an improper sur-reply under paragraph 6.C.4 of Your Honor's Court Procedures, which makes clear that "[n]o further briefing, including supplements and sur-replies, should be filed without leave of Court." Here, Defendants' arguments, cloaked within a "Notice of Supplemental Authority," merely rehash their erroneous contention that Regan's opinions in this action are based on "cherry-picked" evidence and incorrectly contend that Regan's accounting opinions have now been "precluded" three times by other courts. *See Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, No. 5:15-CV-00027-RWS, 2018 WL 11351323, at *2 n.1 (E.D. Tex. Dec. 14, 2018) ("NOV made this argument in a procedurally-improper briefing styled as a 'Notice of Supplemental Authority.'").

Defendants' improper arguments are also belied by their proffered "Supplemental Authority" itself. The District Court in Maryland merely precluded one of Regan's opinions ("tone at the top"), but left standing all other accounting-based opinions in light of Regan's "50 years of accounting and auditing experience." *In re Under Armour Sec. Litig.*, __ F. Supp. 3d __, 2024 WL 1635680, at *5 (D. Md. Apr. 16, 2024). Further, *Under Armour* does not even reference "cherry-picked" evidence as a basis to exclude Regan's "tone at the top" opinion. Accordingly, Defendants' May 6, 2024 submission should be given no weight in the Court's consideration of their Rule 702 motion.

                 Respectfully submitted,

    */s/ Andrew J. Entwistle*            */s/ Trig Smith*

            *Co-Lead Counsel for the Class*