# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>**CLASS ACTION**<br><br>[Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; and RONALD SMITH.<br><br>Defendants. | Civil Action No. 4:22-cv-001189<br><br>[Consolidated Case] |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., | Civil Action No. 4:22-cv-02590<br><br>[Consolidated Case] |

| |
|---|
| ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; and RONALD SMITH, <br><br> Defendants. |

**MOTION OF HPS INVESTMENT PARTNERS, LLC FOR A JUDGMENT ON THE PLEADINGS AND INCORPORATED MEMORANDUM OF LAW**

## PRELIMINARY STATEMENT

Plaintiffs' remaining claims against Defendant HPS Investment Partners, LLC ("HPS") should be dismissed for lack of statutory standing. In its order dated August 12, 2024, the Court clarified the specific claims remaining against HPS. Granting in part and denying in part HPS's motion for summary judgment, the Court held over for trial only those Section 20(a) claims based on the public statements made by Defendant Harlan Chappelle, CEO of **non-party** Alta Mesa Holdings ("AMH"), **prior to** the Business Combination. Dkt. 778 (hereinafter, the "MSJ Order") at 2. Plaintiffs, however, do not have standing to bring claims based on those statements. HPS is therefore entitled to a dismissal of Plaintiffs' Section 20(a) claims in their entirety.

Indeed, in a decision dated August 8, 2024, just days before this Court's MSJ Order and months after oral argument, the Ninth Circuit became the first Court of Appeals to hold that the purchaser-seller rule,[1] which limits statutory standing to purchasers of securities about which an alleged misstatement was made, applies to Special Purpose Acquisition Companies ("SPACs."). *See In re: CCIV / Lucid Motors Sec. Litig.*, 2024 WL 3710186, *2 (9th Cir. Aug. 8, 2024) ("*In re: CCIV*"). In *In re: CCIV*, the Ninth Circuit held that statements about an acquisition **target** did not confer statutory standing to plaintiffs who purchased securities in the **acquirer/SPAC** and affirmed the dismissal of claims on that

---

[1] This rule, was adopted by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), and is also known as the *Birnbaum* rule, named after the Second Circuit decision *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir. 1952), which held that "a person who is neither a purchaser nor a seller of securities may not bring an action under [Section] 10(b) of the Act or the SEC's Rule 10b-5." *Blue Chip Stamps*, 421 U.S. at 730-31 (citing *Birnbaum*, 193 F.2d at 463)).

1

basis.[2]  The court reasoned that because plaintiffs bought shares in the SPAC—*and not the target*—they did not have standing to bring claims based on statements about the *target*, before the acquisition.  *In re: CCIV*, 2024 WL 3710186 at *5 ("Because Plaintiffs did not purchase or sell the securities about which the alleged misrepresentations were made, Plaintiffs lack standing under Section 10(b).").

HPS brings this Motion under Rule 12(c), supported by the Ninth Circuit's recent decision in *In re: CCIV*, on the basis that the remaining Section 20(a) claims asserted against HPS should be dismissed for lack of standing.[3]  Put simply:

- Chappelle's pre-Business Combination statements were "regarding AMH and Kingfisher before the SPAC transaction," MSJ Order at 52;

- Plaintiffs *did not* buy shares of AMH or Kingfisher; and therefore,

- Plaintiffs lack standing to sue based on the statements made by Chappelle before the acquisition.

Absent standing to assert a claim under Section 10(b) for Chappelle's pre-Business-Combination statements, the Section 20(a) claims remaining against HPS necessarily fail.

---

[2]   The lower court dismissed the claims on different grounds, finding that the purchaser-seller rule was inapplicable to the facts of the case.  The Ninth Circuit rejected the reasoning of the district court but nonetheless affirmed the dismissal based on the application of the purchaser-seller rule.  *See In re: CCIV*, 2024 WL 3710186 at *2.

[3]   Under the operative Scheduling Order, the December 22, 2023 deadline for "Summary Judgment and/or Daubert Motions" *did not* cover all dispositive motions, and thus, does not bar the filing of this Rule 12(c) Motion, which is based on a lack of statutory standing.  Thus, HPS was not required to seek leave of the Court to file this Motion.  Further, pursuant to the Court's guidance at the May 8, 2023 Status Conference, a pre-motion conference letter is not required prior to filing a dispositive motion in this matter. See Tr. at 17:23-18:1 ("[T]he parties do not need to file a premotion letter on dispositive motions going forward because I know what the issues are.").

HPS therefore respectfully requests that the Court grant this Motion for a Judgment on the Pleadings (the "Motion") and enter an order dismissing the remaining claims against HPS.

## FACTUAL & PROCEDURAL BACKGROUND

In its recent MSJ Order, the Court dismissed nearly every claim against HPS, finding that "Plaintiffs' evidence does not create a triable fact issue on most of their Section 20(a) claims against HPS." MSJ Order at 51. The Court determined, however, that Plaintiffs raised a genuine issue of material fact regarding HPS's control person liability related to statements Chappelle made "***regarding AMH and Kingfisher before the SPAC transaction***, while Chappelle was AMH's CEO." MSJ Order at 52 (emphasis added). The Section 20(a) claims based on this small set of statements identified by the Court are properly dismissed under Rule 12(c), in light of the Ninth Circuit's decision in *In re: CCIV*, which was issued only days before the MSJ Order and after briefing and argument by the parties.

## STATEMENT OF ISSUES TO BE RULED UPON

Whether Plaintiffs' remaining claims against HPS based on statements made by Chappelle before the acquisition should be dismissed for lack of statutory standing because the Ninth Circuit held in *In re: CCIV* that statements about an acquisition target do not confer statutory standing to plaintiffs who purchase securities in the acquiring SPAC.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion is warranted if a "judgment on the merits can be rendered by looking to

3

the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (citation omitted).  Even if discovery has already closed, a judgment on the pleadings is nevertheless appropriate if "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002) (citation omitted); *see also Luxottica Grp., S.p.A. v. Ochoa's Flea Mkt., LLC*, 2022 WL 836823, at *14 (S.D. Tex. Mar. 21, 2022) (a Rule 12(c) motion may not "be breezily dismissed because it was not filed earlier").

"The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6)." *Hale*, 963 F.3d at 427 (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  When ruling on a Rule 12(c) motion, the court may consider documents that are a matter of public record or are "referred to in the plaintiff's complaint and are central to [their] claim." *Luxottica Grp.*, 2022 WL 836823, at *14  (collecting cases).

"Section 20(a) imposes derivative liability on any person who controlled another person who committed securities fraud in violation of a provision of the Exchange Act, including Section 10(b)." MSJ Order at 8 (citing 15 U.S.C. § 78t(a)).  However, Section 20(a) "[c]ontrol person liability is secondary only and cannot exist in the absence of a primary violation." *Carlton v. Cannon*, 2016 WL 3959164, at *3 (S.D. Tex. July 22, 2016) (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2003)).  Without an underlying primary violation, a Section 20(a) claim must be dismissed.

4

*Talarico v. Johnson*, 2024 WL 939738, at *4 (5th Cir. Mar. 5, 2024) (dismissing 20(a) claim because plaintiff lacked standing to bring a 10(b) primary violation).

## ARGUMENT

### I. Under The Ninth Circuit's Recent Ruling Applying The Purchaser-Seller Rule To SPAC Transactions, Plaintiffs Lack Standing To Bring Section 10(b) Claims Based On Chappelle's Pre-Acquisition Statements

Under the decades-old purchaser-seller rule established by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730-31 (1975), Plaintiffs must establish statutory standing to bring a claim under Section 10(b) and Rule 10b-5. The purchaser-seller rule limits the class of plaintiffs with standing to bring a Section 10(b) claim to "actual purchasers and sellers" of the securities to which the alleged misstatements relate. *Id.* at 731. Here, statements about the target companies—AMH and Kingfisher— cannot support statutory standing because Plaintiffs ***did not purchase those securities***.

In *In re: CCIV*, a Court of Appeals, ***for the first time***, applied the purchaser-seller rule to a SPAC transaction, holding that the rule applied to bar claims based on pre-acquisition statements made regarding the target company before the closing of the transaction (also known as a de-SPAC transaction). *In re: CCIV*, 2024 WL 3710186 at *2. Specifically, the Ninth Circuit considered whether plaintiffs who purchased stock in a SPAC had standing to bring Section 10(b) claims against the SPAC (and the target's CEO) based on statements the target's CEO made before the acquisition was complete. Applying the purchaser-seller rule, the Ninth Circuit determined that plaintiffs lacked statutory standing to bring a Section 10(b) claim against the SPAC because "the securities about which Defendants allegedly made misrepresentations were those of [the target company],"

5

*and not* the SPAC securities plaintiffs actually purchased. *Id.* at *5 ("Under the *Birnbaum* Rule, Plaintiffs would need to have purchased or sold [target company] stock to have standing to bring this action under Section 10(b)."). That the alleged misstatements arose in the context of the prospective SPAC acquisition did not change the Ninth Circuit's analysis because, "[a]t the time of Defendants' alleged misrepresentations, [the SPAC] and [the target] were two entirely separate companies. [The target's] alleged misrepresentations made about itself ***cannot be imputed to another company that later acquired it***." *Id.* at *5 (emphasis added).

Here, HPS did not have the benefit of the Ninth Circuit's decision when briefing or arguing the prior motions to dismiss and motions for summary judgment. The Ninth Circuit cited with approval—and specifically extended to the SPAC context—the Second Circuit's holding in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 88 (2d Cir. 2022), that plaintiffs lacked standing to bring a Section 10(b) claim against Frutarom, which had been acquired by IFF "based on alleged misstatements about Frutarom because [Plaintiffs] bought shares of IFF, not Frutarom." *Id.* at 86. That some of the alleged misstatements were included in the IFF's SEC filings and investor presentations was insufficient to create an exception to the bright-line rule established by the Supreme Court in *Blue Chip Stamps*.[4] The Ninth Circuit's extension of the purchaser-

---

[4] The Supreme Court determined that a bright-line rule and not "a shifting and highly fact-oriented disposition" was the appropriate standard to assess statutory standing and protect against an improper expansion of the judicially created private right of action to bring a claim under Section 10(b) and Rule 10b-5. *Blue Chip Stamps*, 421 U.S. at 755; *see also id.* at 740 (the purchaser-seller rule avoids "the danger of vexatious litigation which could result from a widely expanded class of plaintiffs under Rule 10b-5").

seller rule to SPACs affirms that the rule is a bright-line rule designed to avoid "the fact-intensive inquiry that the Supreme Court expressly rejected" in *Blue Chip Stamps*. *In re: CCIV*, 2024 WL 3710186 at *4.[5]

This Court should apply the same purchaser-seller rule concerning SPAC transactions that the Ninth Circuit recently articulated in *In re: CCIV* to the claims Plaintiffs assert here. The alleged Section 10(b) violation on which the Section 20(a) claims remaining against HPS are based arise out of Chappelle's "statements ***regarding AMH and Kingfisher before the SPAC transaction***." MSJ Order at 52 (emphasis added). "Because Plaintiffs did not purchase or sell the [AMH or KFM] securities about which the alleged misrepresentations were made, Plaintiffs lack standing," and their Section 10(b) claims based on Chappelle's pre-acquisition statements must be dismissed. *In re: CCIV*, 2024 WL 3710186 at *5.

## II. Absent A Primary Violation, The Section 20(a) Claims Against HPS Must Be Dismissed

As a result of the Court's MSJ Order, the only alleged primary violation on which the remaining Section 20(a) claims against HPS can be sustained arise from Chappelle's pre-acquisition statements about the targets. MSJ Order at 52. However, in light of the recent *In re: CCIV* decision expressly finding that pre-acquisition statements about the

---

[5] The district court in the Southern District of New York has likewise applied the purchaser-seller rule to a SPAC transaction. *See In re CarLotz, Inc. Sec. Litig.*, 2024 WL 1348749, at * 6 (S.D.N.Y. Mar. 29, 2024) (reaffirming that purchaser-seller rule is a bright-line rule and rejecting the argument that the target company's pre-acquisition statements, when "read in context [were] also 'about' the securities of the [SPAC], which they did purchase" and inclusion of the alleged misstatements in SEC filings did not "not change the analysis").

7

*target* cannot support a claim against the *SPAC* in which Plaintiffs held securities, Plaintiffs lack standing to maintain these Section 10(b) claims. Because "the failure to state a § 10(b) claim for primary securities fraud also constitutes a failure to state a § 20(a) claim for control person liability," Plaintiffs' 20(a) claims against HPS must likewise be dismissed. *Talarico*, 2024 WL 939738, at *4 (dismissing 20(a) claim because plaintiff lacked standing to bring a 10(b) primary violation).

### III. If The Motion Is Denied, HPS Seeks Certification For Immediate Review By The Fifth Circuit

If the instant Motion is denied, HPS respectfully requests that this Court certify its decision for interlocutory appeal and immediate review by the Fifth Circuit pursuant to 28 U.S.C. § 1292(b). An order denying the Motion would satisfy the certification criteria because (1) it is a "controlling question of law" that will determine whether HPS must proceed to trial on the remaining claims against it; (2) there is a "substantial ground for difference of opinion" based on the Ninth Circuit's decision in *In re: CCIV*; and (3) determining whether Plaintiffs lack standing to maintain their claims against HPS "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In light of the Ninth Circuit's recent finding (extending Second Circuit precedent) that parties in the same position as Plaintiffs here lack standing to bring a Section 10(b) claim, HPS respectfully requests immediate certification to avoid undertaking the burden and expense of preparing for and participating in a long, complex trial from which it may ultimately be dismissed.

8

## **CONCLUSION**

For the foregoing reasons, HPS respectfully requests that the Court grant this Motion and dismiss the remaining Section 20(a) claims against HPS, or in the alternative, certify the issue for interlocutory appeal.

Dated:   August 21, 2024

        Respectfully submitted,

        /s/ Christopher D. Porter
        (signed by permission of Attorney-in-Charge)
        Karl S. Stern (attorney in charge) (SBN 19175665
        Christopher D. Porter (SBN 24070437)
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        711 Louisiana Street, Suite 500
        Houston, TX 77002
        Telephone:  (713) 221-7000 / Facsimile:  (713) 221-7100
        Email: karlstern@quinnemanuel.com
        chrisporter@quinnemanuel.com

        **-AND-**

        Michael B. Carlinsky (*pro hac vice*)
        Courtney C. Whang (*pro hac vice*)
        Jesse Bernstein (*pro hac vice*)
        51 Madison Avenue, 22nd Floor
        New York, NY 10010
        Telephone:  (212) 849-7000 / Facsimile:  (212) 849-7100
        Email: michaelcarlinsky@quinnemanuel.com
        courtneywhang@quinnemanuel.com
        jessebernstein@quinnemanuel.com

        **COUNSEL TO HPS INVESTMENT PARTNERS, LLC**

## CERTIFICATE OF SERVICE

I certify that this motion has been served by the Court's ECF system, and a copy has been served by email to counsel for all parties on August 21, 2024.

/s/ *Christopher Porter*
By:  Christopher Porter

## CERTIFICATE OF CONFERENCE

I certify that, on August 21, 2024, counsel for HPS conferred by e-mail twice with counsel for all parties regarding the substance of this motion. Counsel for HPS advised Plaintiffs of the grounds for this Motion and were unable to obtain assent for the relief sought.

/s/ *Christopher Porter*
By:  Christopher Porter