# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |

| | |
|---|---|
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II *et al.*, <br> Defendants. | Civil Action No. 4:22-cv-01189 |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), *et al.,* <br><br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-02590 |

**DEFENDANTS CHAPPELLE, HACKETT, GUTERMUTH, TEPPER, WALTERS, ELLIS, SMITH, RIVERSTONE, AND AMR'S JOINDER IN DEFENDANTS HPS'S AND BCE'S MOTIONS REGARDING THE PRE-BUSINESS COMBINATION STATEMENTS ABOUT AMH AND KFM FOR LACK OF STANDING**

Defendants Harlan Chappelle, James Hackett, William Gutermuth, Jeffrey Tepper, Diana Walters, Michael Ellis, Ronald Smith, Riverstone Holdings LLC, and Alta Mesa Resources, Inc. ("AMR") (together, "Moving Defendants") respectfully submit this joinder in Defendant HPS's Rule 12(c) Motion for Judgment on the Pleadings (ECF No. 782) and Defendant BCE's Rule 12(b)(1) Motion to Dismiss for Lack of Standing (ECF No. 783).

Moving Defendants request that the Court dismiss the Section 10(b) and related 20(a) claims against them that are based on the pre-Business Combination statements for lack of standing.  As the HPS and BCE Motions explain, four days before this Court issued its decision on Defendants' motions for summary judgment, the Ninth Circuit rendered its decision in *In re CCIV/Lucid Motors Sec. Litig.*, 2024 WL 3710186 (9th Cir. Aug. 8, 2024), joining the Second Circuit in holding that the Supreme Court's "purchaser-seller rule" (also known as the "*Birnbaum* Rule") means that persons who purchased stock in an *acquiring* company do not have standing under Section 10(b) to challenge alleged misstatements about a *target* company prior to the merger.  *See id.* at *4 ("We now address th[e] issue and agree with the Second Circuit that the *Birnbaum* Rule and [Supreme Court's decision in] *Blue Chip* limit Section 10(b) standing to purchasers and sellers of the security about which the alleged misrepresentations were made." (citing *Blue Chip Stamps v. Manor Drug*

*Stores*, 421 U.S. 723 (1975)); *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 88 (2d Cir. 2022).[1]

As HPS and BCE explain, applying *Blue Chip*, *Menora*, and *Lucid* to this case, the Class Plaintiffs and Opt-Out Plaintiffs lack standing to challenge alleged misstatements made before the Business Combination about the merger targets (*i.e.*, Alta Mesa Holdings ("AMH") and Kingfisher ("KFM")) because they bought stock only in the SPAC (Silver Run II), not the target companies (AMH or KFM) that were both privately held at that time. If HPS's and BCE's motions are granted, the same conclusion inevitably follows as to the Moving Defendants.[2]

Moving Defendants also join HPS's and BCE's requests that if the Court disagrees with the Second and Ninth Circuits' application of the Supreme Court's bright-line rule in *Blue Chip*, the Court should certify its decision for immediate review by the Fifth Circuit

---

[1] In *Lucid*, the Ninth Circuit rejected the plaintiffs' argument that they were induced to purchase stock in a SPAC called CCIV because of allegedly false statements made by CCIV's merger target Lucid and Lucid's CEO. *Lucid*, 2024 WL 3710186, at *4-5. That CCIV was a SPAC and "CCIV later acquired Lucid [did] not change [the court's] analysis." *Id.* Rather, the Ninth Circuit held that "[u]nder the *Birnbaum* Rule, [p]laintiffs would need to have purchased or sold Lucid stock to having standing" to bring Section 10(b) claims based on false statements by Lucid and its CEO but did not as Lucid was privately held during the relevant period. *Id.* The Ninth Circuit *Lucid* decision necessarily overruled the two California district court decisions cited by Class Plaintiffs in their summary judgment briefing to the extent that those district courts rejected the Second Circuit's holding. (See ECF No. 572 at 15 (citing two district court cases)).

[2] Moving Defendants raised this argument in their motions for summary judgment but this Court did not address it in its decision and did not have the benefit of the Ninth Circuit's new decision when it decided those motions. Moving Defendants also reserve all rights to be heard before this Court with respect to Plaintiffs' standing to bring Section 10(b) and 20(a) claims for these statements.

pursuant to 28 U.S.C. § 1292(b).  *See* ECF No. 783 at 12 (explaining that the Court's order would easily satisfy the three statutory criteria for certification); ECF No. 782 at 8 (same).

## **CONCLUSION**

Moving Defendants respectfully request that this Court enter an order dismissing the Section 10(b) and 20(a) claims arising out of the pre-Business Combination challenged statements, and grant any other and further relief as this Court deems just and proper.

Dated: August 22, 2024

Respectfully submitted,

By *J. Christian Word*

    J. Christian Word
    Attorney-in-Charge for Defendants
    DC Bar No. 461346
    S.D. Tex. Bar No. 3398485
    **LATHAM & WATKINS LLP**
    555 Eleventh Street, NW
    Suite 1000
    Washington DC 20004
    Tel: (202) 637-2200
    Fax: (202) 637-2201
    Christian.Word@lw.com

    Of Counsel:
    Heather A. Waller
    IL Bar No. 6302537
    S.D. Tex. Bar No. 2886108
    **LATHAM & WATKINS LLP**
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Tel: (312) 876-7700
    Fax: (312) 993-9767
    Heather.Waller@lw.com

    *Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Ronald J. Smith; Jeffrey H. Tepper; and Diana J. Walters*

    Walter M. Berger
    TX Bar No. 00798063
    Attorney-in-Charge
    **WINSTON & STRAWN LLP**
    800 Capitol Street, Suite 2400
    Houston, TX 77002-2925
    Tel: (713) 615-2699

4

Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
jschreiber@winston.com

*Co-Counsel for Defendants Harlan H.
Chappelle and Michael E. Ellis*

## CERTIFICATE OF CONFERENCE

I certify that on August 21, 2024, Counsel for Defendants conferred with counsel for Plaintiffs regarding the relief sought in this motion.  Plaintiffs opposed this motion.


*J. Christian Word*
J. Christian Word


## CERTIFICATE OF SERVICE

I certify that on August 22, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


*J. Christian Word*
J. Christian Word