# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 |

# CLASS PLAINTIFFS' MOTION FOR AN ORDER (1) THAT THE ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION OF RELIANCE WERE ESTABLISHED BY THE CLASS CERTIFICATION ORDER AND/OR (2) TAKING JUDICIAL NOTICE THAT THE ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION ARE MET IN THIS CASE

## I. INTRODUCTION

This Court necessarily made findings related to each of the elements of the fraud on the market presumption of class-wide reliance in connection with its January 24, 2022 Order Granting Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Dkt. 241) (the "Certification Order").[1] Those findings, which have never been contested by Defendants and as to which Defendants have not developed any factual basis or advanced expert testimony to rebut them, are the law of the case. *Matter of AKD Invs.*, 79 F.4th 487, 491 (5th Cir. 2023).

As a result, Class Plaintiffs now move this Court for an order deeming established and/or taking judicial notice of the findings in its Certification Order for purposes of three of the four elements of the fraud on the market presumption in advance of the trial of this case:

> (a) that the alleged misrepresentations at issue were publicly known;
>
> (b) that AMR's securities at issue traded in an efficient market; and
>
> (c) that Class members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed.

While Class Plaintiffs believe that the fourth element—materiality—cannot be seriously contested on the developed record here, we leave that issue for determination at trial.

---

[1] *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("(1) the alleged misrepresentations were publicly known, (2) they were material, (3) the stock [or other security] traded in an efficient market, and (4) the plaintiff traded the stock between when the misrepresentations were made and when the truth was revealed.") (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 250 (1988). "Proof" of the materiality element of the fraud on the market presumption of reliance "is not a prerequisite to class Certification." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013).

Defendants have refused to stipulate that any of the elements of the fraud on the market doctrine are satisfied.[2] Plainly, Defendants are attempting to crowd this jury trial with facts and issues that are not actually in dispute in order to distract from the issues that will necessarily be determined by the jury regarding core matters related to Class Plaintiffs' claims. Defendants' efforts in this regard should be rejected in favor of an order determining that Class Plaintiffs do not need to re-establish these three prior findings. Such an order would shorten the trial and avoid unnecessary confusion by eliminating the need for testimony by the Class Representatives or Class Plaintiffs' market efficiency expert.

## II. STATEMENT OF FACTS

Class Plaintiffs filed their Motion for Class Certification and Incorporated Memorandum of Law on July 30, 2021 (Dkt. 187) (the "Certification Motion"). In the Certification Motion, Class Plaintiffs detailed the basis for establishing each element required under Rule 23 for class certification, including those related to whether common questions predominate and the related question of whether the fraud on the market presumption applies (*see* Dkt. 187 pp. 14-21, and the Expert Report of Michael Hartzmark, Ph.D. (Dkt. 188-1)). The Certification Motion demonstrated that AMR common stock and warrants traded in an efficient market by analyzing the securities' high trading volume, extensive analyst coverage, listing on the NASDAQ, numerous market makers for the

---

[2] In accordance with Local Civil Rule 7.1(d), Plaintiffs conferred with Defendants on multiple occasions over the past three months and were unable to reach an agreement on the requested relief.

3

securities, prompt reaction to new, company-specific information, and other considerations. (Dkt. 187 pp. 15-21).

Class-related discovery followed, including document productions as well as depositions of each of the Class Plaintiffs, certain of their investment professionals and outside investment advisors, and of Dr. Hartzmark. Defendants subsequently decided not to oppose the Certification Motion (Dkt. 240).

On January 24, 2022, the Court entered the Certification Order. The Certification Order specifically found that the Class met each element of Rule 23 and that Class Plaintiffs will fairly and adequately protect the interests of the Class. (Dkt. 241).

**III. ARGUMENT**

    **A.    The Law of the Case Doctrine Should Prevent Relitigating Issues Already Decided through the Certification Order**

The three elements of the fraud on the market presumption of reliance Class Plaintiffs raise in this motion were undisputed and necessarily decided in connection with the Certification Motion. Therefore, "that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (the law of the case doctrine "was developed to 'maintain consistency and avoid [needless] reconsideration of matters once decided during the course of a single continuing lawsuit.'") (citation omitted). In granting the Certification Order, the Court had to, and did, find that the fraud on the market presumption applies. A finding that the fraud on the market presumption applies was necessary for the certification of the Section 10(b) claims because,

4

if Class Plaintiffs were unable to invoke the presumption to prove reliance, common issues for the Section 10(b) fraud claims would likely not predominate over individual issues as required by Rule 23(b)(3). *Halliburton*, 573 U.S. at 267-269 (citing *Basic Inc.*, 485 U.S. at 250).[3]

Class Plaintiffs established in the Certification Motion the three relevant elements of the fraud on the market presumption (Dkt. 187 pp. 14-21). *Halliburton*, 573 U.S. at 258 (citing *Basic Inc.*, 485 U.S. at 250). Defendants took voluminous class certification related discovery but chose to forgo the opportunity to oppose the Certification Motion.

By finding common issues predominate and the fraud on the market presumption applies, the necessary implication is that the Court recognized that the alleged misrepresentations at issue were publicly known; that AMR's securities at issue traded in an efficient market; and that the Class Plaintiffs traded AMR securities between the making of the alleged misrepresentations and when the truth was revealed. *AKD Invs.*, 79 F.4th at 491 (for the law of the case doctrine to apply, "the issues need not have been explicitly decided; the doctrine also applies to those issues decided by 'necessary implication.'") (citation omitted).

Since there have been no relevant changes in the circumstances or the law, the Court should deem the publicly available nature of the alleged misstatements, the market

---

[3] Reliance is not an issue for Class Plaintiffs' Section 14(a) claims and therefore a finding regarding the fraud on the market presumption was not necessary to certify that Class. In addition, besides the fraud on the market presumption, other common issues exist for the Section 10(b) claims, including (a) whether there was a misstatement or omission; (b) whether that misstatement or omission was material; (c) whether there was scienter; and (d) loss causation. (*See* Dkt 187 p. 14).

efficiency of the at issue securities, and Class Plaintiffs' standing based on their purchases of AMR securities during the Class Period established by judicial notice and the law of the case doctrine.

**B. The Court Should Take Judicial Notice of the Factors Required to Invoke the Fraud on the Market Presumption**

Even if the Court had not already determined the fraud on the market presumption applies through the Certification Order, the issue of whether the statements were public, whether the market for AMR securities was efficient, and whether Class members bought AMR securities between the dates of the alleged misstatements and corrective disclosures are proper for judicial notice. Fed. R. Evid. 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Here, as detailed below, each of the three underlying class certification issues Class Plaintiffs seek judicial notice of by way of this motion cannot reasonably be disputed by the factual record or common sense. Therefore, the Court should judicially notice the facts, and, in accordance with Fed. R. Evid. 201(f), should therefore "instruct the jury to accept th[is] noticed fact as conclusive."

1. **The Misstatements Being Public are Judicially Noticeable**

The misstatements at issue in this case appear in documents that were widely published. Indeed, most of the alleged misstatements appear in documents filed with the SEC and available on its website even to this day.[4] The SEC record of public filings is a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Defendants do not dispute the content or publication date of documents appearing on the SEC website.[5] Nor do they dispute the publication of the press releases, investor presentations and earnings calls containing alleged misstatements and omissions that were not filed with the SEC but were published on Alta Mesa's website and available through other investor resources. *See, e.g.,* Dkt. 232 (AMR's Answer) at ¶¶ 38, 43 (admitting that AMR issued press releases, convened earnings calls and made presentations to investors as alleged in the operative complaint and referring to those documents "for their complete contents"). Accordingly, the public nature of the alleged misstatements and omissions is a judicial admission and established fact. *See Davis v. A.G. Edwards & Sons,* 823 F.2d 105, 108 (5th Cir. 1987) ("[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them.") (emphasis in original). As the Fifth Circuit has long recognized, "facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.

---

[4] *See,* https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001690769&owner=include&count=40

[5] *See, e.g.,* Dkt. 232 (AMR's Answer), repeatedly admitting that AMR filed certain documents containing alleged misstatements and omissions; Dkt. 177 (HPS's Amended Answer), repeatedly admitting the "Plaintiffs have accurately stated the content of the ***public statements***" at issue (emphasis added).

A fact admitted by answer is no longer a fact in issue." *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941).[6]

For these reasons, the Court should take judicial notice that the alleged false and misleading statements were publicly disseminated.

### 2. That AMR Securities Traded in an Efficient Market is Judicially Noticeable

With the Certification Motion, Class Plaintiffs submitted a detailed expert report from Dr. Michael L. Hartzmark explaining that the AMR securities at issue traded in an efficient market throughout the Class Period (Dkt. 188-1). Defendants did not designate an expert to rebut Dr. Hartzmark's testimony and therefore they did not challenge Dr. Hartzmark's opinions regarding market efficiency at class certification and cannot do so now.

There is also no credible basis for Defendants to contest that, as the Court previously found in granting the Certification Order, AMR securities necessarily traded in an efficient market. AMR's stock and warrants traded on the NASDAQ stock exchange throughout the Class Period and had all the other indicia that it traded in an efficient market. (Dkt. 187, at pp. 15-22). As one district court remarked, "It would be remarkable for a court to

---

[6] Even absent a judicial admission, courts regularly take judicial notice of documents in securities fraud cases for the purpose of showing the public availability of statements and disclosures. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, at 1018, n. 1 (5th Cir. 1996) (adopting rule permitting courts to take judicial notice of "relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC." ); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882 (E.D. La. 2014) (taking judicial notice of earnings call transcripts to show what information was publicly available); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 884 (S.D. Tex. 2001) (same).

conclude NASDAQ is not an efficient market." *Lumen v. Anderson*, 280 F.R.D. 451, 459 (W.D. Mo. 2012).[7]

For these reasons, the Court should take judicial notice that AMR's stock and warrants traded in an efficient market.

### 3. That Class Members Purchased AMR Securities During the Class Period is Judicially Noticeable

There is no dispute that members of the Class purchased AMR securities during the Class Period. The reported daily trading volume of a stock – how many shares are traded each day – is precisely the type of fact that is not reasonably subject to dispute and appropriate for judicial notice. *See, e.g.*, *SEC v. Panuwat*, 2023 WL 9375861, at *15, n. 2 (N.D. Cal. Nov. 20, 2023) (taking judicial notice of stock options trading volume); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1253 (C.D. Cal. 2015) (*sua sponte* taking judicial notice of the volume of shares traded during the class period); *Linenweber v. Sw. Airlines Co.*, 2023 WL 6149106, at *4 (N.D. Tex. Sept. 19, 2023) (taking "judicial notice of Southwest's stock price as a fact not reasonably subject to dispute"). Here, Dr. Hartzmark's report includes the reported daily trading volume for AMR's stock and warrants for each day during the Class Period. Dkt. No. 188-1 at Appendix K. As Dr. Hartzmark identifies, during the Class Period a total of 798.6 million shares of AMR stock and 91.2 million warrants were purchased by prospective members

---

[7] The Court can also take judicial notice the AMR securities traded on NASDAQ. *Picard Chem., Inc. Profit Sharing Plan v. Perrigo Co.,* No. 1:95-cv-141, 1996 WL 739170, *3 (W.D. Mich. Sept. 27, 1996) (taking judicial notice of the fact that defendant's stock "was actively traded on the NASDAQ National Market System").

9

of the Class. These judicially noticeable facts, that Defendants do not and cannot contest, establish that Class members purchased AMR securities during the Class Period.[8] *Id*. at ¶44.

## IV. CONCLUSION

For the foregoing reasons, the Court should deem the following facts conclusively established as the law of the case and/or judicial notice: (1) that the alleged misstatements were publicly known; (2) that AMR securities traded in an efficient market; and (3) that Class Members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed. A proposed order is submitted herewith.

---

[8] As discussed above and consistent with the Court's Certification Order, there is also no dispute that the Class Plaintiffs purchased AMR securities during the Class Period. Each of the Class Plaintiffs submitted verifications required by the PSLRA with their motions for appointment as lead plaintiffs and, subsequently, with the Certification Motion, attesting that they purchased AMR securities during the Class Period, and specifying the dates, quantity and nature of those transactions. *See* Dkt. 8-2 at Exhibits A and B, Dkt. 9-1 at Exhibit B, Dkt. 11-2 at Exhibits A, B and C, and Dkt. 188 at Exhibits 2, 3, 4 and 5. Defendants have never disputed this fact and offer no evidence to the contrary. Moreover, whether Class Plaintiffs purchased AMR securities as they have attested is essentially a question of whether they have standing, a question typically resolved by the Court, not the jury. *See, e.g., Script Sec. Sols., LLC v. Amazon.com, Inc.*, 2016 WL 6433776, at *2 (E.D. Tex. Oct. 31, 2016) (the task of resolving that factual issue is for the district court, not the jury, unless the jurisdictional issue is inextricably intertwined with the merits of the underlying dispute).

Dated: September 6, 2024

Respectfully submitted,

/s/ *Andrew J. Entwistle*
Andrew J. Entwistle (attorney-in-charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7278

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Co-Lead Counsel for the Class*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

/s/ *Trig Smith*
Trig Smith (*pro hac vice*)
Tor Gronberg (*pro hac vice*)
John Kelley (*pro hac vice*)
Stephen Johnson (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

-and-

Shawn A. Williams (*pro hac vice*)
Daniel J. Pfefferbaum (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

*Co-Lead Counsel for the Class*

**CERTIFICATE OF CONFERENCE**

I certify that Class Plaintiffs have conferred with Defendants numerous times regarding the issues raised in this motion, including most recently during a September 3, 2024 meet and confer, and were unable to reach an agreement.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle