**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' MOTION TO BIFURCATE AND TO PRECLUDE
EVIDENCE AS TO INDIVIDUALIZED ISSUES, INCLUDING TESTIMONY BY
CLASS REPRESENTATIVES, DURING THE CLASS-WIDE PHASE OF TRIAL**

Pursuant to Federal Rule of Civil Procedure 42(b) and Federal Rules of Evidence 402 and 403, Class Plaintiffs[1] move to (1) bifurcate the trial into two phases: a first phase to determine Class-wide issues, including defendants' liability ("Phase One"), and a second phase concerning any individualized issues ("Phase Two"); and (2) preclude evidence or argument regarding individual members of the Class from Phase One of trial, including the Class Plaintiffs' or any absent Class members' trading records, trading strategies or investment history, reliance on Defendants' alleged misstatements, or the testimony (live or by deposition video) of any individual Class members, including Class Plaintiffs.

## I.　INTRODUCTION

In nearly every securities fraud class action trial, courts have bifurcated the trial, precluding class-member-specific, individualized evidence from the class-wide phase of trial. In just the past six months, two federal district courts presiding over securities class actions nearing trial issued the same order Class Plaintiffs seek here, bifurcating class-wide issues in "accord[] with the majority approach in cases, such as this, where the plaintiffs proceed on a 'fraud on the market' theory and, thus, reliance is presumed." *Sjunde AP-Fonden v. Gen. Elec. Co.*, 2024 WL 1208778, at *2 (S.D.N.Y. Mar. 21, 2024) (collecting cases)[2]; *In re Under Armour Sec. Litig.*, 2024 WL 2230177, at *1 (D. Md. May 16, 2024) (bifurcating the trial based on the finding that bifurcation of "common, class-wide issues" from "issues

---

[1] "Class Plaintiffs" refers to the Class Representatives, Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund) and Plaintiff Camelot Event Driven Fund.

[2] Unless otherwise noted, citations are omitted and emphasis added throughout.

specific to individual class members" in securities class actions "is more convenient, minimizes prejudice and risk of juror confusion, and is likely more efficient.").

This standard approach makes sense, as juries determine defendants' liability on a class-wide basis. Liability under the Securities Exchange Act of 1934 ("Exchange Act"), by virtue of the elements and nature of Exchange Act claims, hinges almost exclusively on defendants' conduct and statements. Indeed, evidence solely relating to individual class members can only bear possible relevance as to one element – reliance. Thus, where, as here, a class-wide presumption of reliance applies, proof as to any individual class member is rendered wholly irrelevant to determining defendants' liability.

The Court has already held – and Defendants have never contested – that Class Plaintiffs are entitled to proceed based on the "fraud-on-the-market" presumption of reliance. *See* Dkt. 187 at 14-24 (arguing common questions predominate as to reliance because the "fraud-on-the-market" presumption applies); Dkt. 241 at 1-2 (certifying the Class, "noting that Defendants do not oppose certification of the Class," and finding "questions of law or fact common to members of the Class predominate over any questions affecting only individual members"). Accordingly, evidence as to any individual member of the Class is irrelevant to Defendants' liability. *See, e.g.*, *In re FirstPlus Fin. Grp., Inc., Sec. Litig.*, 2002 WL 31415951, at *4 (N.D. Tex. Oct. 28, 2002) ("A fraud-on-the-market theory would be applicable to this case, so proof of each individual class member's reliance is not necessary here.").

Defendants may try to rebut the fraud-on-the-market presumption of reliance as to the Class as a whole. But evidence and arguments attempting to rebut the presumption as to any

individual Class member would only serve to confuse the issues, prejudice Class Plaintiffs and absent Class members, and increase the length and complexity of trial, thereby increasing the burden on the Court and jury. That danger – consistently recognized in securities class actions – is only heightened by the presence of the Individual Action Plaintiffs who have asserted direct reliance for their Exchange Act claims and whose independent, state-law claims require proof of individual reliance.

Nevertheless, Defendants seek to present individualized evidence of reliance at trial, including Class Plaintiffs' trading records and testimony from five Class Plaintiffs or their representatives. *See* Johnson Decl. at ¶ 4.[3] The Court should preclude individualized, Class-member-specific evidence, including any testimony by Class Plaintiffs themselves, from Phase One of trial.[4]

## II. ARGUMENT

In federal securities fraud class actions where the plaintiffs are proceeding under the fraud-on-the-market presumption of reliance, courts almost uniformly recognize that individualized proof at the class-wide phase of trial is inadmissible as irrelevant, prejudicial, and confusing.[5] Individual issues of reliance, including any efforts to rebut the presumption of reliance as to any individual Class Members, are reserved for a second phase.

---

[3] *See* Declaration of Stephen Johnson in Support of the Motion ("Johnson Decl.") at ¶ 4. All references to "Exhibits" or "Ex." are to the exhibits appended to the Johnson Decl.

[4] Class Plaintiffs hereby certify, in accordance with Court Procedures § 6.C.2, that Plaintiffs met and conferred with Defendants, in accordance with Local Civil Rule 7.1(d), and the parties were unable to reach an agreement on the requested relief.

[5] The fraud-on-the-market presumption is "a presumption that a public, material misrepresentation will distort the price of stock traded in an efficient market, and that anyone

For example, in the securities fraud class action against General Electric Company, which is set for trial in November, the court granted the plaintiffs' motion to bifurcate and directed that the trial proceed "with a Phase One limited to class-wide issues concerning liability and damages; and, only if necessary, a Phase Two addressing individual issues, including class member damages and any individual issues concerning reliance of both Class Representatives and other class members." *Gen. Elec.*, 2024 WL 1208778, at *2.[6] The court held that this "accords with the majority approach in cases, such as this, where the plaintiffs proceed on a 'fraud-on-the-market' theory and, thus, reliance is presumed" and it "is more likely to serve the purposes of Rule 42(b) than Defendants' approach of mixing class-wide and individualized issues in Phase One." *Id.* Accordingly, the court recognized that "Class Representative-specific evidence is largely irrelevant to, and thus inadmissible at, Phase One of the trial" and ordered that "all evidence and argument[s] pertaining to the individual circumstances of Class Representatives, their employees, and their agents, including their transactions in GE stock, are presumptively excluded from Phase One." *Id.* at *3.

---

who purchases the stock at the market price may be considered to have done so in reliance on the misrepresentation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 284 (2014). The fraud-on-the-market presumption is properly applied where (1) the allegedly false statements were made publicly; (2) stock purchases were made after the alleged false statements; and (3) the market for the securities is efficient. *Id.* at 275-76. When applicable, plaintiffs need not show that they actually read or relied on the misstatements at issue; it is enough that they relied upon the price of the security. *See, e.g.*, *FirstPlus Fin. Grp.*, 2002 WL 31415951, at *4 ("A fraud-on-the-market theory would be applicable to this case, so proof of each individual class member's reliance is not necessary here.").

[6] Here, a Phase Two would be limited to addressing individual issues regarding § 10(b) liability as there is no reliance element for Class Plaintiffs' § 14(a) claims.

Similarly, in the *In re Under Armour Securities Litigation* class action, the court ordered that "the trial will be bifurcated, with Phase One focusing solely on common, class-wide issues concerning liability and damages; and, if necessary, a Phase Two addressing issues specific to individual class members." 2024 WL 2230177, at *1. That court also found that "this approach advances the purposes of Rule 42(b) – it is more convenient, minimizes prejudice and risk of juror confusion, and is likely more efficient." *Id.* And, as a result, the court noted that it "does not envision such [Class Representative specific] evidence being admissible in the first phase of trial." *Id*.

Courts across the country are in accord:

- *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314, Dkt. 499 at 3 (N.D. Cal. May 8, 2020) ("Consistent with the proposed [Phase One/Phase Two] trial structure agreed to by the parties, evidence and argument concerning the Class Representatives or individual absent Class Members, other than as discussed above, shall be excluded from the first phase of trial" and "[n]either Plaintiffs nor Defendants shall introduce evidence or argument concerning the absence of the Class Representatives, individual Class members, or Defendants from the courtroom during portions of the trial.")[7];

- *Baker v. SeaWorld Ent., Inc.*, 2020 WL 241441, at *1 (S.D. Cal. Jan. 16, 2020) (bifurcating "class-wide questions of Defendants' liability and the measure of damages" from "Class member-specific individual issues," holding "bifurcation promotes judicial economy and avoids prejudice");

- *Smilovits v. First Solar, Inc.*, 2019 WL 6698199, at *7 (D. Ariz. Dec. 9, 2019) ("The purpose of this trial is to resolve class-wide issues. Individual issues, such as Lead Plaintiffs possible individual lack of reliance on the market, must be addressed after the class trial.");

- *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 312 F.R.D. 332, 349-50 (S.D.N.Y. 2015) (bifurcating evidence relevant to "the common questions" from that relating solely to "the individualized issues");

---

[7] Attached as Ex. 1.

- *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 1:11-cv-03658, Dkt. 240 at 16-17 (S.D.N.Y. Oct. 29, 2014) (granting motion *in limine* to exclude individualized investment decisions)[8];

- *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584-85, 585 n.63 (S.D.N.Y. 2011) ("courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial");

- *In re Vesta Ins. Grp. Inc. Sec. Litig.*, No. 2:98-cv-01407, Dkt. 459 (N.D. Ala. Aug. 20, 2008) (precluding evidence and argument concerning individual reliance during class-wide proceeding)[9];

- *In re JDS Uniphase Corp. Sec. Litig*, No. 4:02-cv-01486, Dkt. 1692 (N.D. Cal. Oct. 9, 2007) (granting motion *in limine* to exclude evidence and argument relating to the named plaintiffs and their financial advisors")[10];

- *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005) ("Given Plaintiffs' reliance on the fraud on the market theory, resolution of individualized reliance issues is not necessary to establishing class-wide liability."); *Household*, No. 02-cv-5893, Dkt. 2282 at 170-76 (N.D. Ill. Dec. 21, 2016) (granting plaintiffs' motion *in limine* to exclude evidence regarding lead plaintiffs under Rules 402 and 403)[11]; *Household*, 2006 WL 3332917, at *2-*4 (N.D. Ill. Nov. 13, 2006) (holding evidence of what individual investors knew – even when those investors were the class representatives – was irrelevant to a determination of what the market knew);

---

[8] Attached as Ex. 2.

[9] Attached as Ex. 3.

[10] Attached as Ex. 4. Following the order granting plaintiffs' uncontested *motion in limine* to bifurcate, the defendants in the *JDS Uniphase* class action agreed that "'evidence relating to any of the named plaintiffs is not probative of any of the issues for the class,'" and "that individualized issues of damages and reliance shall be reserved for the second phase . . . [of trial.]" *In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 5150084, at *17 (N.D. Cal. Sept. 25, 2007) (quoting *In re JDS*, No. 02-cv-014686, Dkt. 1474, at ¶¶ 3, 13 (N.D. Cal. Sept. 18, 2007)) (alteration in original).

[11] Attached as Ex. 5.

- *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 408137, at *1-*2 (S.D.N.Y. Feb. 22, 2005) (granting motion *in limine* "to exclude evidence from the plenary trial relating to the individualized issues of the class representatives");

- *In re Lucent Techs. Inc. Sec. Litig.*, 2002 WL 32818345, at *1 (D.N.J. May 9, 2002) ("Conclusions drawn from the experience of this handful of named parties cannot be extrapolated to represent the experience of a class of hundreds of thousands of individuals of which the putative class is comprised.");

- *In re ICN/Viratek Sec. Litig.*, 1996 WL 34448146, at *1 (S.D.N.Y. July 15, 1996) ("to separately address class-wide issues and individual reliance issues, is proper"); and

- *Arthur Young & Co. v. U. S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977) ("separation of the trial on individual damage issues from the class trial in [a] securities fraud class action is not a novel procedure") (citing cases).[12]

Indeed, bifurcation of securities fraud class action trials is so routinely granted that Defendants have already assumed it will occur here. *See* Dkt. 806 at 6-7 (defense counsel discussing a potential discovery process to follow Phase One wherein "defendants potentially have the ability to rebut the presumption of reliance").

---

[12] The only real outlier to the overwhelming weight of authority excluding evidence and argument regarding individualized issues is *Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865, Dkt. 614 at 5 (C.D. Cal. Oct. 24, 2018) (attached as Ex. 6). The court in *Puma* offered no analysis and cited only to *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1262 (S.D. Cal. 2010), as support for its ruling allowing evidence regarding the individual plaintiff's transactions in Puma securities to be introduced at trial. But the *REMEC* decision did not concern any aspect of a trial, let alone hold that evidence of individualized issues should be permitted in a securities class action trial on class-wide issues of liability. Indeed, Judge Michael Anello of the Southern District of California, who authored the *REMEC* decision, declined to follow *Puma* and ordered a bifurcated trial in *Baker*, 2020 WL 241441, at *1. Defendants may also cite to the recent *In re Tesla Inc. Sec. Litig.* class action trial. The individual plaintiffs did testify at trial, but the plaintiffs there, unlike here, were proceeding on a theory of direct reliance, as well as the fraud-on-the-market presumption of reliance. *In re Tesla Inc. Sec. Litig.*, 2023 WL 7164333 at *19 n.4 (N.D. Cal. Mar. 7, 2023).

Just as evidence or argument regarding the Class Plaintiffs is irrelevant to the issue of reliance, it is also irrelevant to the determination of whether Defendants' misstatements and omissions were material. "A 'material' fact is one that a reasonable investor would consider significant in the decision whether to invest, a fact that alters the total mix of information available to a reasonable investor." Pattern Civ. Jury Instr. 5th Cir. 7.1 (2024); *see also Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (holding material facts are facts "'viewed by the reasonable investor as having significantly altered the "total mix" of information made available.'"). The issue the jury will determine is whether a "reasonable investor" would have thought the misstated or omitted facts were material, not the individual Class Plaintiffs. While Defendants, no doubt, will argue that the testimony of Class Plaintiffs is somehow relevant to that materiality assessment, "most courts have rejected that argument, reasoning that 'the jury is to determine materiality with respect to what a reasonable investor would consider important – not with respect to what an actual (or typical) investor would consider important.'" *Gen. Elec. Co.*, 2024 WL 1208778, at *3 (quoting *In re ICN*, 1996 WL 34448146, at *3-*4); *see also First Solar*, 2019 WL 6698199, at *7 (rejecting defendants' argument that lead plaintiffs' "testimony is relevant to materiality"); *WorldCom*, 2005 WL 408137, at *3-*5 (noting the potential for evidence of named plaintiff's investment decisions to "confuse . . . the class-wide issues of reliance . . . [and] materiality").

Permitting evidence and argument regarding the individual Class Plaintiffs or absent Class members thus serves only to potentially confuse or mislead the jury. *See, e.g.*, *WorldCom*, 2005 WL 408137, at *5 ("there is a significant danger that the defendants seek to use the evidence about the named plaintiffs to divert the jury's attention from the serious

- 8 -

issues before them, including an evaluation of what the defendants themselves did and did not do"); *ICN/Viratek*, 1996 WL 34448146, at *2 ("bifurcation[] 'avoid[s] prejudice' to the parties, in that it . . . avoid[s] potential jury confusion"); *McCray v. Neely*, 2017 WL 11503824, at *3 (E.D. Va. January 23, 2017) ("Defendants' attenuated theory of relevance is more likely to distract and confuse a jury than to add anything of merit to Defendants' case.").

Moreover, the dangers of prejudice are not limited solely to the first jury the Court will soon empanel. As the court in *First Solar* observed, one of the most prejudicial impacts of allowing individualized evidence as to reliance during the class-wide phase of trial is revealed upon considering the result of such a challenge being successful:

> Yet if Defendants' were permitted to present evidence that Lead Plaintiffs did not rely on the market and the jury were to agree and enter a defense verdict, then what? Because individual reliance by absent class members would not have been adjudicated, and those members would still be entitled to the presumption of the fraud-on-the-market theory if Defendants could not rebut it in their cases, judgment against them would not be appropriate. The case would need to be tried again on a class-wide basis, or would proceed class-member-by-class-member contrary to the Court's class certification.

2019 WL 6698199, at *7.

The Court should preclude, under Federal Rules of Evidence 402 and 403, all individualized, class member-specific evidence from Phase One of trial.[13]

---

[13] To ensure an order granting the instant motion does not itself prejudice Plaintiffs or any member of the Class, Plaintiffs request the Court preclude any commentary upon Plaintiffs or any absent Class member's lack of testimony or physical presence during trial and instruct the jury to not consider their absence. *See Baker*, 2020 WL 241441, at *1 (holding "evidence or argument concerning individual issues and the absence of Plaintiffs is irrelevant during Phase One"); *Twitter*, No. 4:16-cv-05314, Dkt. 499 at 3) ("Neither Plaintiffs nor Defendants shall introduce evidence or argument concerning the absence of the Class Representatives,

## III. CONCLUSION

For all of the foregoing reasons (1) the trial should be bifurcated into two phases: Phase One concerning Class-wide issues of proof and Phase Two concerning individualized issues, if any, with individual Class members; (2) evidence and argument regarding the Class Plaintiffs and absent Class members should be precluded at trial; and (3) Defendants should be precluded from making any comment or argument regarding Class Plaintiffs or any other member of the Class's lack of testimony or absence from trial.

Dated:  September 6, 2024

Respectfully submitted,

/s/ *Andrew J. Entwistle*
Andrew J. Entwistle (attorney in charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX  78701
Telephone:  (512) 710-5960
Facsimile:  (212) 894-7278

/s/ *Stephen J. Johnson*
Stephen Johnson (*pro hac vice*)
Tor Gronborg (*pro hac vice*)
Trig R. Smith (*pro hac vice*)
John M. Kelley (*pro hac vice*)
**ROBBINS GELLER RUDMAN
  & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

-and-

---

individual Class members, or Defendants from the courtroom during portions of the trial.") (attached as Ex. 1).

– and –

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Co-Lead Counsel for the Class*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP** 140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

Shawn A. Williams (*pro hac vice*)
Daniel J. Pfefferbaum (*pro hac vice*)
**ROBBINS GELLER RUDMAN
  & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 288-4545
Facsimile:  (415) 288-4534 (fax)

*Co-Lead Counsel for the Class*

**CERTIFICATE OF CONFERENCE**

I certify that Class Plaintiffs have conferred with Defendants numerous times regarding the issues raised in this motion, including most recently during a September 3, 2024 meet and confer, and were unable to reach an agreement.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle