# EXHIBIT 1

| | |
|---|---|
| COOLEY LLP<br>STEPHEN C. NEAL (170085)<br>(nealsc@cooley.com)<br>JOHN C. DWYER (136533)<br>(dwyerjc@cooley.com)<br>JESSICA VALENZUELA SANTAMARIA (220934)<br>(jvs@cooley.com)<br>BRETT DE JARNETTE (292919)<br>(bdejarnette@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>KATHLEEN GOODHART (165659)<br>(kgoodhart@cooley.com)<br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>LAURA ELLIOTT (286702)<br>(lelliott@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Attorneys for Defendants TWITTER, INC., RICHARD COSTOLO, and ANTHONY NOTO<br><br>[Additional counsel appear on signature page.] | ROBBINS GELLER RUDMAN & DOWD LLP<br>DANIEL S. DROSMAN (200643)<br>(dand@rgrdlaw.com)<br>TOR GRONBORG (179109)<br>(torg@rgrdlaw.com)<br>LUCAS F. OLTS (234843)<br>NATHAN R. LINDELL (248668)<br>CHRISTOPHER R. KINNON (316850)<br>HEATHER G. SCHLESIER (322937)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>Telephone: (619) 231-1058<br>Facsimile: (619) 231-7423<br><br>MOTLEY RICE LLC<br>GREGG S. LEVIN (*pro hac vice*)<br>(glevin@motleyrice.com)<br>LANCE OLIVER (*pro hac vice*)<br>(loliver@motleyrice.com)<br>MEGHAN S.B. OLIVER (*pro hac vice*)<br>MAX N. GRUETZMACHER (*pro hac vice*)<br>CHRISTOPHER F. MORIARTY (*pro hac vice*)<br>MEREDITH B. WEATHERBY (*pro hac vice*)<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>Telephone: (846) 216-9000<br>Facsimile: (846) 216-9450<br><br>Co-Class Counsel for the Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:16-cv-05314-JST (SK)<br><br>(Consolidated with 4:16-cv-05439-JST)<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING TRIAL PROCEDURES AND EVIDENTIARY ISSUES** |

Pursuant to Section E of the Court's Standing Order for Civil Jury Trials, the parties have met and conferred in advance of the filing of motions in limine and have reached agreement regarding certain procedural and evidentiary issues. The terms of the parties' agreements are set forth below. If the trial is structured in two phases as set forth below, the Stipulations Regarding Evidence and Argument at Trial pertain only to the first phase (Phase One) of trial.

## I.      TRIAL STRUCTURE

The parties agree that the trial currently set for June 22, 2020 shall address class-wide issues (Phase One), and individual issues, in the event Plaintiffs prevail in Phase One, will be addressed in Phase Two.

Issues to be tried in Phase One include falsity, materiality, scienter, class-wide reliance under the "fraud on the market" presumption, loss causation, the measure of per-share damages (if any), control person liability, and any defenses that may be presented to each such element of Plaintiffs' Section 10(b) and 20(a) claims. If Plaintiffs prevail in Phase One, issues to be addressed or litigated in Phase Two will include individual Class Members' membership in the Class; whether Defendants can individually rebut the presumption of reliance as to specific Class Members, both as to the Class Representatives and absent Class Members; the amount of damages due each Class Member; and pre-judgment interest.

In the event Plaintiffs prevail at the Phase One trial, the parties agree that, after the disposition of any post-trial motions or upon order of the Court, the following procedures should be adopted:

1.      The Court should set a schedule for the parties to identify Class Members who may have potentially valid claims based on the verdict and to prepare a form of notice to such Class Members that would explain the verdict and Class Members' rights and obligations with respect to filing a claim.

2.      Once notice is approved by the Court, transmitted to Class Members, and Class Members are afforded the opportunity to respond, the Court should schedule a conference for purposes of establishing a framework, timetable and method for potential challenges to Class Members or claims.

3.  If there are disputes regarding any Class Members or claims, the Court should schedule a second conference to determine the procedures necessary for resolving any challenges to Class Members' claims, including the potential appointment of a Special Master in the event adjudication of a significant number of challenges is required.

4.  This agreement is without waiver by any party to argue for or against the use of any process or procedure for Phase Two, including but not limited to discovery of absent class members and additional jury trials.

The parties will be prepared to address any questions the Court may have regarding these procedures at the Pretrial Conference.

## II. STIPULATIONS REGARDING EVIDENCE AND ARGUMENT AT TRIAL

### A. Preclusion Of Evidence Or Argument Concerning Counsel And/Or Contingency Fee Arrangements

The parties agree not to present evidence or argument regarding counsel for any party or such counsel's fee arrangements, including references to opposing counsel as "class action trial lawyers," "contingency lawyers," "corporate defense lawyers," "well-paid lawyers," and/or similar argumentative characterizations of counsel.

### B. Preclusion Of Evidence Or Argument Concerning The Class Representatives And/Or Characterizations Of The Class

If the parties proceed with a Phase One trial on only class-wide issues, the parties agree not to present evidence or argument regarding the Class Representatives or absent Class Members. The Class Representatives may be identified once in the opening statements and/or by the Court as follows: KBC Asset Management is an asset management company that manages mutual funds, private funds, and institutional funds; The National Elevator Industry Pension Fund, which provides retirement benefits for the members of the International Union of Elevator Constructors. In addition, the Court may also identify, and/or the parties may identify once in the opening statements, that the National Elevator Industry Pension Fund managed more than $6 billion in assets during the Class Period for the International Union of Elevator Constructors. The parties may describe the Class during the remainder of the trial in neutral terms, consistent with the Court's class certification order, as persons

or entities that purchased or otherwise acquired common stock of Twitter, Inc. during the class period, or as a class of investors in Twitter stock. Consistent with the proposed trial structure agreed to by the parties, evidence and argument concerning the Class Representatives or individual absent Class Members, other than as discussed above, shall be excluded from the first phase of trial, including any argument or representation regarding the benefits of a class action.

C. **Preclusion Of Pleadings and Orders,**

Neither Plaintiffs nor Defendants shall introduce any pleading, Court order regarding any pleading or the Court's Summary Judgment order as a trial exhibit.[1]

D. **Preclusion Of Evidence Or Argument Concerning Expert Witnesses**

Neither Plaintiffs nor Defendants shall introduce evidence or argument regarding the personal lives of any expert, such as any criminal record or religious or political beliefs, unrelated to the expert's educational or professional experience.[2]

E. **Preclusion Of Evidence Or Argument Concerning Absence Of Class Representatives, Class Members, or Defendants From Portions Of Trial**

Neither Plaintiffs nor Defendants shall introduce evidence or argument concerning the absence of the Class Representatives, individual Class members, or Defendants from the courtroom during portions of the trial.

F. **Preclusion Of Evidence Or Argument Concerning Other Litigation Or Investigations Involving Defendants**

Neither Plaintiffs nor Defendants shall introduce any evidence or argument regarding other litigation or external investigations involving any of Defendants or Plaintiffs (including any governmental investigation or investigation by or for Twitter's Board of Directors, any committee of

---

[1] This stipulation does not preclude any party from utilizing any pleading or Court order on any pleading in any arguments to the Court, including any arguments regarding whether claims have been alleged or dismissed or any facts have been judicially admitted.

[2] This stipulation does not preclude evidence or argument regarding Todd Henderson's experience with or bias towards Twitter or other social media platforms that is the subject of one of Plaintiffs' motions *in limine*, although Defendants agree that they will not present evidence or argument regarding the content of any postings on Twitter or other social media platforms.

the Board of Directors, or any counsel working for or on behalf of Twitter or any Twitter shareholder) and neither Plaintiffs nor Defendants shall introduce any evidence or argument regarding the lack of any other litigation or such investigation involving any of Defendants or Plaintiffs.

Dated: May 7, 2020

SIMPSON THACHER & BARTLETT LLP

By  /s/ Jonathan K. Youngwood
JONATHAN K. YOUNGWOOD

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
John A. Robinson (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

James G. Kreissman
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

Stephen C. Neal
John C. Dwyer
Jessica Valenzuela Santamaria
Brett De Jarnette
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400

Kathleen Goodhart
Aarti Reddy
Laura Elliott
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

*Attorneys for Defendants Twitter Inc., Richard Costolo, and Anthony Noto.*

Dated: May 7, 2020                    ROBBINS GELLER RUDMAN & DOWD LLP

By  */s/ Tor Gronborg*
    TOR GRONBORG

Daniel S. Drosman
Tor Gronborg
Lucas F. Olts
Nathan R. Lindell
J. Marco Janoski Gray
Christopher R. Kinnon
Heather G. Schlesier
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone:    (619) 231-1058
Facsimile:    (619) 231-7423


Gregg S. Levin
Lance V. Oliver
Meghan S.B. Oliver
Max N. Gruetzmacher
Christopher F. Moriarty
Meredith B. Weatherby
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:    (843) 216-9000
Facsimile:    (843) 216-9450

*Co-Class Counsel for the Class*


Lesley E. Weaver
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Telephone:    (415) 445-4003
Facsimile:    (415) 445-4020

*Liaison Counsel*

**[PROPOSED]** **ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

Dated: ___May 8___, 2020

                                                  JON S. TIGAR
United States District Judge

# ECF ATTESTATION

I, Jonathan K. Youngwood, am the ECF User whose user ID and password are being used to file this:

**STIPULATION AND [PROPOSED] ORDER CONCERNING TRIAL PROCEDURES AND EVIDENTIARY ISSUES**

In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from Tor Gronborg.

Dated: May 7, 2020                    SIMPSON THACHER & BARTLETT LLP

By  */s/ Jonathan K. Youngwood*
    JONATHAN K. YOUNGWOOD

*Attorneys for Defendants Twitter, Inc., Richard Costolo, and Anthony Noto*