# EXHIBIT 2

EAKFLONC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In re: Longtop Financial Technologies Ltd. Securities Litigation,

11 CV 3658 (SAS)

------------------------------x

New York, N.Y.

October 20, 2014
4:00 p.m.

Before:

HON. SHIRA A. SCHEINDLIN,

District Judge

APPEARANCES

KESSLER, TOPAZ, MELTZER & CHECK
Attorneys for Plaintiff
GREGORY CASTALDO, ESQ.
KIMBERLY JUSTICE, ESQ.

GRANT & EISENHOFER
Attorneys for Plaintiff
DANIEL BERGER, ESQ.

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
Attorneys for Defendants
JACK SYLVIA, ESQ.
ADAM SISITSKY, ESQ.

(Case called)

(In open court)

THE COURT: Mr. Castaldo, is that you?

MR. CASTALDO: Yes, your Honor.

THE COURT: Ms. Justice?

MS. JUSTICE: Good afternoon, your Honor.

THE COURT: Mr. Berger?

MR. BERGER: Good afternoon, your Honor.

THE COURT: Mr. Sylvia?

MR. SYLVIA: Yes, your Honor, good afternoon.

THE COURT: Mr. Sisitsky?

MR. SISITSKY: Yes, your Honor, good afternoon.

THE COURT: All right. I wanted to deal with the motion for leave to amend the answer and also with the many motions in limine at this conference. I'd like to start with the motion for leave to amend. Mr. Palaschuk wants to amend his answer to insert an defense of good faith under Section 20A. He originally served his answer to the first consolidated class action and complaint on July 30, 2012. He then filed his answer to plaintiff's amended consolidated class action complaint on January 22, 2013. Neither answer included an affirmative defense of good faith. He was represented by counsel when he filed his first answer, but has been appearing pro se for a long time until in fact September 19, 2014 when the attorneys here today, Ms. Levin, filed a notice of

appearance.

You seem to want to speak. I was just going to rule. Did you want to speak, Mr. Sylvia?

MR. SYLVIA: I just wanted to clarify one thing and apologize. I think I was less than clear in my letter request for all of the reasons motivating this. In the original complaint there was an affirmative defense which stated, quote --

THE COURT: In the original complaint?

MR. SYLVIA: The original answer, I'm sorry. The fifth affirmative defense said, "each and every act or omission alleged in the complaint was performed or omitted in good faith and in conformity with the rules and regulations of the Securities Exchange Commission and therefore pursuant to Section 23A1 of the Exchange Act there is no liability for any act or omission alleged."

When I originally read that complaint --

THE COURT: That answer? Wait a minute.

MR. SYLVIA: I apologize.

THE COURT: When you originally read that answer. Go ahead.

MR. SYLVIA: That was something that said good faith to me. I was wondering why plaintiffs had filed a motion in limine looking to close all amendments to the pleading. I've never seen anyone file such a motion. That prompted me to look

at the complaint. It wasn't until we started exchanging jury instructions where they objected to our good faith jury instruction. It's clear that the plaintiffs are taking the position that that must not be sufficient for good faith.

THE COURT: Was it in the amended answer -- I'm sorry, the answer he filed to the amended class action complaint on January 22, 2013?

MR. SYLVIA: It was in his original answer and amended answer both. It was repeated. That's the point. That's why I apologize to the Court. I could have been more clear in my letter why I was motivated to make this. It would be our position that we don't need an amendment for good faith but the plaintiffs clearly take the position --

THE COURT: Thanks for standing, then, because I was under the misimpression that he had not raised this before and it was a motion for leave to amend the answer and I had given consideration to the arguments made, the good cause argument, the undue prejudice argument, etc. So it's a little different than I thought. So I guess I have to turn to the plaintiffs and say why isn't that good enough? I will add, because I analyzed this, when I analyzed it I noted that the original expert report that was later stricken that Mr. Palaschuk put forward did address the good faith defense. So that expert report you'll recall, Ms. Justice, it was in there, too.

MS. JUSTICE: And when we moved to exclude it under

Daubert --

THE COURT: I realize that. That wasn't my point. It was argued, so to speak, the notion that this was something that he thought was in the case was raised. I of course recall the Daubert challenge to it, I recall my ruling, but clearly he thought it was there. Well, so this is a different situation, Mr. Castaldo, than I thought. So what's the story now?

MR. CASTALDO: Your Honor, in our experience this isn't an assertion of a good faith affirmative defense.

THE COURT: Why not? Why not? It says "good faith." He just read it. I don't have it in front of me but you can read it again, Mr. Sylvia is here, one more time. It uses the term "good faith," doesn't it?

MR. CASTALDO: It does, your Honor, but the title is conformity with SEC rules and regulations. It's not in response to 20A.

THE COURT: I'm sorry. I was going to rule in his favor anyway, but now it's clear. I want to put you on notice I was going that way anyway. I was going to take into account your undue prejudice argument, I was going to take into account the undue prejudice the first time it was raised. But now it's clear his first answer, hey, good faith. His expert wrote, hey, good faith. This was no shock to the plaintiffs that he's going to say he acted in good faith. I don't have to allow it, because as Mr. Sylvia just said, it's there. I don't need to

allow an amended answer. To the extent you think it wasn't there, you said you relied on its absence and there was certain discovery you didn't do that you would have done had you known, and so I wanted to talk to you about that discovery.

I am not delaying this trial by an hour, clearly, so you need to know that. However, given that I thought it wasn't there at all I was going to allow you to reopen the deposition of Mr. Palaschuk if you wanted to and to question him about this good faith defense and the internal controls and how the internal controls work, etc., but I don't think -- not I don't think, I will not allow you to engage an expert to analyze these internal controls. I do think it's a late-breaking request. Now I see you really did have notice of the words "good faith" not to mention it was in the stricken report. You knew about it. The most I would give you now is the chance to reopen Mr. Palaschuk's deposition and question about special controls, but no expert.

MR. CASTALDO: And that will be fine, your Honor. We obviously wouldn't need a full seven-hour --

THE COURT: Obviously you wouldn't. He isn't around anyway. Where is he; Canada?

MR. SYLVIA: Your Honor, he resides in Vancouver.

THE COURT: You have to figure out how to do that. You can do a telephone deposition. You've already seen him, you can go to Vancouver, if that's what you want to do but I'm

not going to make him come in for deposition and for trial. Do what you want to do, either travel or do it by phone.

MR. CASTALDO: Either way is fine.

THE COURT: You can even do it by Skype.

MR. CASTALDO: We can teleconference.

THE COURT: You can set up a Skype teleconference. What is it, Mr. Sylvia?

MR. SYLVIA: Your Honor, since good faith was clearly in the original answer, as your Honor has indicated you're not going to delay the trial, we're working furiously to get ready for trial.

THE COURT: I understand that.

MR. SYLVIA: To allow them to take an extra deposition really gives them another bite at the apple.

THE COURT: But I respect the lawyers and therefore if they tell me that they didn't perceive this to be the classic good faith defense because it was couched in terms of violating an SEC rule and only an SEC rule but not the usual way it would be pled, I'll accept that and give them a couple of hours to go over internal controls. They say they didn't go into it and they didn't as far as I know so I don't think it's a hardship. I'm trying to be fair to both sides so that's what I'm going to do.

MR. SYLVIA: Thank you, your Honor. So it's limited to internal controls?

THE COURT: Yes, it is. Oh, yes. You can't open any other doors and get another chance to redepose this guy. Just on that issue.

MR. CASTALDO: Thank you, your Honor.

THE COURT: All right. So that takes care of that.

Now, I might as well go into the motions in limine. Plaintiffs filed seven motions in limine and Mr. Palaschuk opposes several of them and seeks to modify some of them and I might as well just do them one by one. Now, one of them I no longer have to do because one of them was this business about excluded evidence, an argument related to an affirmative defense is not asserted. If that was about this good faith defense I've ruled on that motion. There's no other late breaking defenses, Mr. Sylvia, right?

MR. SYLVIA: No, your Honor.

THE COURT: So we're done with that one. I won't rule on it. It's really just six. The first has to do with exclusion of evidence and argument about dismissed or abandoned claims. Plaintiffs move to dismiss evidence related to claims that have been dismissed or abandoned. Defendant does not oppose this motion as this evidence would be irrelevant. However, plaintiffs seek to reserve the right to offer certain evidence relating to XLHRS, which of course is Xiaman Longtop Human Resources Service, but I'll call it XLHRS from now on. So plaintiff seeks to reserve the right to offer certain

evidence relating to XLHRS which relates to abandoned claims against Palaschuk related to Longtop's accounting for XLHRS or the adequacy of its social welfare payments. However, they wish to offer certain evidence regarding XLHRS as a red flag to support their claim that Palaschuk acted recklessly. Specifically, and I quote, plaintiffs intend to present evidence concerning XLHRS to show that defendant was made aware of questions concerning the integrity of certain aspects of Longtop's financial statements and consequentially of the possibility that other aspects of Longtop's financial statements were materially misstated as well. And that comes from the reply memorandum of law at pages 3 through 4 on the motions in limine.

To state -- now I'm quoting from a case -- "To state a claim based on recklessness plaintiffs may either specifically allege defendant's knowledge of facts or access to information contradicting defendant's public statements or allege that defense failed to check information they had a duty to monitor," close quote. Evidence that plaintiffs asserted additional claims that have since been dismissed or abandoned is not relevant and is therefore excluded. However, evidence that supports these abandoned claims may be relevant to plaintiff's claims that Palaschuk acted recklessly, specifically evidence regarding XLHRS may be relevant to show that defendant here had knowledge of facts that would

contradict his public statements or he failed to check information that he had a duty to monitor. Evidence regarding reports that Palaschuk received describing the use of XLHRS as a red flag for potential fraud is potentially relevant to establishing that Palaschuk was reckless, thus Palaschuk's request to exclude all evidence regarding XLHRS is denied. So of course you won't say we had a claim and we abandoned it. You understand that, but the evidence itself is admissible.

Okay, the next one. Exclusion of evidence and argument concerning the U.S. government's failure to act. Plaintiffs move to preclude Palaschuk from introducing evidence or making any argument relating to the SEC's or DOJ's failure to date to act against Longtop, its executives or Longtop's auditor, Deloitte Touche Tomatsu CPA Ltd., known as DTT. Palaschuk does not oppose this motion and agrees not to introduce any evidence regarding the SEC's or DOJ's investigation of Longtop. However, Palaschuk requests that plaintiffs also be precluded from introducing any evidence of SEC investigations. In the alternative, if plaintiffs are permitted to introduce evidence concerning the SEC's investigation then Palaschuk requests permission to introduce evidence that to date the SEC has taken no adverse action against Longtop, its executives or DTT and that the SEC has not referred the matter for criminal prosecution.

Statements that Palaschuk may have made to the SEC

during the course of its investigation could be relevant and as a party admission would not be hearsay. I can't rule on relevancy because I don't know what statements might be offered. Certainly any statement made by Palaschuk to the SEC would be admissible at the very least for the purpose of impeachment. However, if these statements actually do come in, Palaschuk may not introduce evidence that the SEC has not to date instituted proceedings against Longtop, its executives or DTT.

Such evidence has no relevance as the SEC's decision not to bring an action is likely based on factors that have no bearing on the claims at issue here. That evidence could also be misleading as a jury could conclude that the SEC's failure to bring an action indicates that no wrongdoing occurred. Therefore, Palaschuk may not offer evidence relating to the SEC's failure to bring an enforcement action.

Now, all of that said, it may be that we need to redact the agency to whom the statements were made and just call it a government agency. "Questioned by a government agency, Mr. Palaschuk made the following statements," and they could come in. But if we leave the words "SEC" out of the trial there isn't a lingering notion that the SEC is pursuing him when it's not, so I think we just leave out the agency.

Okay, the next one. Plaintiff's motion to exclude certain affidavits is not opposed by Mr. Palaschuk and

therefore is moot.

The next is the motion to preclude lay witnesses from providing opinions requiring specialized knowledge. Plaintiffs move to preclude lay witnesses from offering opinions on certain technical issues. To the extent that this motion references opinions contained in affidavits that Palaschuk does not seek to introduce, it is moot. However, Palaschuk seeks to reserve the right to offer them and I'm quoting here from his opposition to the motion in limine at page 11, quote, that to the best of his knowledge and in accordance with the processes and procedures that he implemented at Longtop he acted competently and professionally in carrying out his duties at CFO.

And then quoting from Rule 701 of the Federal Rules of Evidence and, quote, opinion testimony concerning whether Longtop's books were compliant with GAAP based on his personal knowledge and observations, close quote. I'm sorry. I misspoke. Both of those quotes were from the defendant's brief on page 11.

If I confused you I could read it again. So Palaschuk seeks to reserve the right to offer testimony, quote, "that to the best of his knowledge and in accordance with the processes and procedures that he implemented at Longtop he acted competently and professionally in carrying out his duties as CFO and opinion testimony concerning whether Longtop's books

were compliant with GAAP based on his personal knowledge and observations." Okay, that's all from his brief.

Federal Rule of evidence 701 allows lay witnesses to express opinions, inferences and conclusions only if they are, quote, "rationally based on the witnesses's perception, helpful in understanding the witness' testimony and determining a fact in issue and not based on any scientific, technical or otherwise knowledge within the scope of Rule 702."

And this next quote is from a case. Further, quote, "A lay witnesses's testimony in the form of an opinion is permissible only when it is helpful to understanding the witnesses's testimony or to the determination of a fact in issue. If the jury already has all the information upon which the witness's opinion is based the opinion is not admissible."

Palaschuk in his capacity as CFO may testify as to the accounting and other financial processes that Longtop had in place as this testimony is based on his perception. Further, his testimony that as far as he's concerned, self evaluation, his practices were performed competently and professionally is based on his own self assessment of his performance at his job.

I will instruct the jury that this testimony is limited to Palaschuk's own self assessment. It's in no way either a lay or expert opinion. He's just saying, "I think I was competent" and they must determine for themselves whether Palaschuk himself did perform his duties competently.

Additionally, Palaschuk's testimony concerning whether Longtop's books were compliant with GAAP is his own testimony based on his own experience as CFO of the company. I will again instruct the jury that Palaschuk is not an expert and his testimony that Longtop's books were compliant with GAAP should be taken only as his self assessment of his work as CFO.

I look at this as his right to present his own defense. Obviously, he's interested and self interested and I'm sure you'll make that point, but he's allowed to say I think I did everything right, I think I did everything in accordance with GAAP, I think I was competent. What else is a defendant going to say? I have no problem with him saying that.

Then there's a last one. No, next to the last. This is the business about aggregate damages. Plaintiffs move to preclude Palaschuk from making any reference to any amount of aggregate damages. First, plaintiffs argue that the correct measure of damages for claims brought under Section 10b is out-of-pocket loss which is determined on a per-share basis. Second, plaintiffs contend that their expert, Dr. Hoo, who has now been replaced by Dr. Feinstein, I understand that, but it's Dr. Hoo's report anyway.

Let me back up and make that sentence coherent.

Plaintiffs contend that their expert, Dr. Hoo, calculated aggregate damages only for purposes of their motion

for a default judgment. Finally, plaintiffs argue that the class period for the default judgment and the class period for the claims against Palaschuk are different, thus plaintiffs move to preclude Palaschuk from referencing an amount of aggregate damages as irrelevant under Rule 401 and unfairly prejudicial under 403.

Palaschuk opposes this motion. He argues he has a right to cross-examine Dr. Feinstein about the methodology and conclusions to challenge his credibility and reliability. Palaschuk contends that Dr. Hoo's calculation of aggregate damages forms an important component of the opinion that Dr. Feinstein will testify to and as such Palaschuk is entitled to question the underlying assumptions and analysis. The amount of aggregate damages identified in Dr. Hoo's report is not relevant to the claims at issue in this trial because the class periods are different and plaintiffs are seeking damages calculated on a per-share basis.

Palaschuk does not dispute that the aggregate end of this figure is irrelevant. He argues only that he must be permitted to explore the assumptions and analysis underlying Dr. Feinstein's expert opinion which includes Dr. Hoo's calculation of aggregate damages. That was a quote from defendant's opposition.

I agree that Palaschuk must be allowed the opportunity to cross-examine plaintiff's expert on the full extent of the

methodology he used, which includes the calculation of aggregate damages. However, I will instruct the jury that the amount of aggregate damages does not relate to the issues that they must decide in this trial and they should not use it in any way to measure the damages here. They must only consider it as part of Dr. Feinstein's analysis as it relates to his credibility. Therefore, plaintiff's motion to exclude the amount of aggregate damages is denied.

Finally, plaintiffs move to preclude Palaschuk from introducing evidence or making arguments related to the investment decisions, strategies and transactions of the lead plaintiffs and other members of the trial class. Palaschuk does not oppose this motion. Instead, Palaschuk argues that all testimony from representatives of lead plaintiff should be excluded as irrelevant. In response, plaintiffs argue that testimony from the named plaintiffs is relevant to establish standing and damages by authenticating trading records. As it is unopposed, plaintiff's motion to exclude evidence and argument relating to the investment decisions of plaintiffs is granted. However, Palaschuk's request to exclude all testimony from representatives of lead plaintiffs is denied.

A representative of lead plaintiffs may testify in order to authenticate trading records because Palaschuk has challenged their admissibility. However, the witness may not testify about any individualized loss. So if you were weren't

challenging the authenticity, Mr. Sylvia, then we wouldn't need the testimony at all. But if you are, then they've got to authenticate their trading records and I will let them authenticate their trading records and say "and I suffered a loss" but nothing more.

That concludes the motions in limine.

Now, the trial starts November 17, is that correct?

MS. JUSTICE: It's been moved to the 18th.

THE COURT: You're right. I remember I have a hearing on the 17th. You're right. It's the 18th. So the last act I wanted do today was simply schedule a final pretrial conference. Because I like to make as many pretrial rulings as I can and if there are evidentiary rulings to be made it's a very efficient trial when I do that all in advance. Generally I meet a week to ten days before the trial and everything should be in by then. Let me just get the rulings done. So I'm looking at the week of, how about just the day. November 10. Monday, November 10 at 10:30 in the morning.

MS. JUSTICE: That's fine, your Honor.

THE COURT: All right, November 10 at 10:30 and that would be for all evidentiary rulings that I could possibly make so I hope they're all teed up. Okay, is there anything else?

MR. SYLVIA: May I ask the Court for a point of clarification on the answer? So do I need to file the motion or is the answer as filed containing the affirmative defense?

THE COURT: As far as I'm concerned the answer as filed contains the affirmative defense. That's my ruling. I will issue a three-line order saying in the alternative I would have admitted it, in case somebody disagrees and reviews some day.

MR. SYLVIA: Your Honor I wasn't involved in the case at the time of the challenge to defendant's expert. Part of Dr. Bell's report which related to XLHRS was deemed moot. I would assume that he is allowed to testify about that now if XLHRS evidence is going to come into the case?

THE COURT: If it's going to come in as a red flag that he should have known as a fraud and I do think that he's allowed to rebut it on that limited basis, not on the basis that it doesn't state a claim or anything like that, but just that it could not have been a red flag and why. Okay. I have to run. I have another case. I hope there really wasn't anything further today. I know you've all come in for the conference. Was there anything else you hoped to raise?

MS. JUSTICE: Your Honor, we do have some business record declarations in accordance with the rules that defendant has challenged. In order to tee those up for your Honor would it be helpful to submit them so that you're ready to rule on them by letter?

THE COURT: Sure. Why are you challenging business records?

MR. SYLVIA: When you have something that's an anonymous internet posting and call it a business record we have problems with that.

MS. JUSTICE: That one was authenticated as being from Morgan Stanley.

THE COURT: Could you agree together and get rid of the ones which are obvious business records like Morgan Stanley? Please look at that, Mr. Sylvia. Okay. So meet and confer is what I'm telling you. Please, limited it to what needs to be done.

(Adjourned)