# EXHIBIT 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING TRIAL PROCEDURES AND PRETRIAL FILINGS**

This order addresses the matters discussed during the October 22, 2018 Final Pretrial Conference, the parties' proposed final pretrial conference order, motions in limine, and other trial procedures.

# 1. ISSUES FROM JOINT PROPOSED PRETRIAL CONFERENCE ORDER (DKT. 585-1)

## 1.1 Pretrial Conference Order

The Court has signed the joint pretrial conference order, subject to comments it makes.

## 1.2 Division of Time

Defendants request that the parties have an equal amount of time and that Plaintiffs reserve time for rebuttal as needed. Plaintiffs request an additional 2.5 hours for rebuttal. (Dkt. 585-1 at 2-3.) Following its general practice, the Court finds it unnecessary to have a timed trial.

## 1.3 Availability of Witnesses

The Court will make determinations of witness availability and the appropriateness of using deposition testimony at trial on a case-by-case basis and as the issue arises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

## 2. TIMING

Trial times are generally 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Tuesday through Thursday, and 8:00 a.m. to 1:30 p.m. Friday, with the chance of alterations some days as necessary.

## 3. TRANSCRIPT TESTIMONY

Any transcript testimony that must be reviewed by the Court for objections, counter-designations, *etc.*, shall be submitted as early as possible.

## 4. JURY SELECTION

There will be an eight person jury, with the entire jury deliberating. Each side will have three peremptory challenges.

## 5. VOIR DIRE

The Court will question jurors concerning standard topics. Any special questions or topics requested to be put to prospective jurors by the Court on voir dire shall be filed and served timely if not already filed.

## 6. JURY INSTRUCTIONS AND SPECIAL VERDICT

The Court will *pre-instruct with the standard preliminary instructions*. By the first day of trial, counsel shall file and serve the following if they have not already:

- A joint set of jury instructions where there is agreement. The Plaintiff has the burden of preparing the joint set of jury instructions.

- Each party's proposed jury instructions receiving objections from any other party, accompanied by points and authorities supporting those instructions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

- Each party's points and authorities supporting their objections to another party's proposed jury instructions.

If any special forms of verdict are requested, they shall be filed and served with the jury instructions.

## 7. EXHIBITS

COUNSEL SHOULD LIMIT THE NUMBER OF TRIAL EXHIBITS SUBMITTED FOR THE TRIAL. Ideally, at least 80% of the trial exhibits submitted should be properly offered into evidence at trial. The Court encourages the parties to submit a revised exhibit list to honor this recommendation. Unless an electronic alternative is approved by the Court, the parties shall prepare an original set and a copy set of trial exhibits in 3-ring binders, each tabbed down the right side with the exhibit number, prefaced by an index of each exhibit, following Local Rule 26-3 in numbering exhibits. If voluminous exhibits will be delivered to the Court's loading dock, the delivery should be coordinated **before trial** with the Courtroom Deputy Clerk at AG_chambers@cacd.uscourts.gov.

## 8. ITEMS TO BE SUBMITTED AT TRIAL

The parties shall submit the following to the Courtroom Deputy Clerk on the first day of trial:

- The original exhibits binder set with the Court's exhibit tags attached and filled out showing the case number, case name, and exhibit number. (Exhibit tags must be attached so as not to cover exhibit text.)

- Three copies of exhibit lists, showing which exhibits may be received into evidence without objection.

- Three copies of witness lists with estimates of the total time on the stand for each witness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

- A transcript or copy of any deposition or other discovery response to be read, following Local Rule 16-2.7.

## 9. WITNESSES

If a party runs out of witnesses, the Court may deem that party has rested. Trial counsel must keep opposing counsel informed about upcoming witnesses, always informing opposing counsel of the witnesses for the next court day *by 5:00 p.m.* of the previous court day. Generally, only one attorney per party shall examine and defend a witness.

## 10. ADMISSION OF EXHIBITS

When a party thinks an exhibit is admissible and should be admitted, that party should move for its admission.

## 11. OBJECTIONS

Objections should be brief, stating only, "Objection" followed by the specific legal ground such as "Hearsay" or "403."

## 12. DECORUM

Trials will be conducted in a dignified manner, following the traditional rules of trial decorum. Show respect for the trial process by being on time. Do not address witnesses over age 14 by their first names. Most examination and argument should be done at the lectern. The Court recognizes that at times it is necessary to enter the well in this courtroom.

## 13. MOTIONS IN LIMINE

Plaintiff submitted 7 motions in limine, and Defendants submitted 5. The Court rules as follows.

Case 4:18-cv-00957 Document 80-17 Filed on 09/06/24 in TXSD Page 6 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

Plaintiff's Motion in Limine 1 to exclude evidence or reference to aggregate damages to the Class (Dkt. 512) is DENIED WITHOUT PREJUDICE.

Plaintiff's Motion in Limine 2 to exclude evidence regarding the individual Plaintiff's transactions in Puma securities (Dkt. 513) is DENIED. On further review, the Court finds that this evidence is relevant to Defendants' rebuttal of the fraud-on-the-market presumption. *See* Dkt. 557 (Order on Summary Judgment) at 7-9; *see, e.g., In re REMEC Inc. Securities Litig.*, 702 F. Supp. 2d 1202 at 1262 (S.D. Cal. 2010).

Plaintiff's Motion in Limine 3 to exclude evidence or reference to Cougar Biotechnology, Inc. or the drug abiraterone (Zytiga) (Dkt. 514) is DENIED.

Plaintiff's Motion in Limine 4 to exclude evidence of post-Class Period events, results, or outcomes (Dkt. 515) is GRANTED.

Plaintiff's Motion in Limine 5 to exclude Kandi Franklin's testimony (Dkt. 516) is GRANTED.

Plaintiff's Motion in Limine 6 to exclude witnesses not previously disclosed during discovery, Eric Stern and Darcy Kopcho, is DENIED WITHOUT PREJUDICE, on the condition that neither witness shall testify at trial if Plaintiff is unreasonably denied an opportunity to depose that witness beforehand. (Dkt. 517.)

Plaintiff's Motion in Limine 7 regarding trial procedures (Dkt. 518) is DENIED regarding the request to prohibit communications between counsel and trial witnesses and DENIED WITHOUT PREJUDICE regarding witness unavailability.

Defendants' Motion in Limine 1 to exclude evidence or argument relating to FDA meeting minutes and the Declaration of Jeannette Dinin (Dkt. 524-1) is DENIED WITHOUT PREJUDICE with two exceptions: (1) Counsel are prohibited from referring to Auerbach's conduct as criminal or illegal in the presence of the jury; and (2) the Dinin Declaration will not be admitted at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 15-00865 AG (SHKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | HSINGCHING HSU. v. PUMA BIOTECHNOLOGY, INC. ET AL. | | |

Defendants' Motion in Limine 2 to exclude evidence of Puma's dispute with third party Pfizer regarding the license agreement negotiation (Dkt. 524-2) is GRANTED.

Defendants' Motion in Limine 3 to exclude evidence regarding insider trading policies and allegations (Dkt. 520) is DENIED WITHOUT PREJUDICE with two exceptions: (1) Counsel are prohibited from referring to Auerbach's or Eyler's conduct as insider trading or as criminal or illegal or in the presence of the jury; and (2) counsel may not offer evidence or argument regarding Puma's internal insider trading policy.

Defendants' Motion in Limine 4 to exclude evidence or argument relating to Auerbach's character (Dkt. 524-3) is GRANTED.

Defendants' Motion in Limine 5 to exclude the testimony of Shayne Kennedy (Dkt. 575-1) is GRANTED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |