UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks Jr. |

**CLASS PLAINTIFFS' MOTION TO SET THE ORDER OF PROOF AT TRIAL**

## **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

STATEMENT OF ISSUE TO BE RULED UPON ........................................................... 1

APPLICABLE LEGAL STANDARD ................................................................................ 2

SUMMARY OF ARGUMENT ........................................................................................... 2

ARGUMENT ....................................................................................................................... 5

I.      THE COURT HAS BROAD DISCRETION TO CONTROL THE ORDER OF PROOF AT TRIAL ............................................................................................ 5

II.    THE PROPOSED ORDER OF PROOF MINIMIZES ANY POTENTIAL PREJUDICE TO THE PARTIES, AVOIDS DUPLICATION, AND ENSURES AN ORDERLY PROCESS AT TRIAL ................................................. 6

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988) ....................................................................................................... 7

*In re Perry*,
    345 F.3d 303 (5th Cir. 2003) ......................................................................................... 5

*In re Vivendi Universal, S.A. Sec. Litig.*,
    2009 WL 10795068 (S.D.N.Y. Aug. 18, 2009) ........................................................... 7

*Kirkpatrick v. HomeAway.com Inc.*,
    2020 WL 7680558 (W.D. Tex. Apr. 21, 2020) ............................................................ 8

*Litton Sys., Inc. v. VHC, Inc.*,
    1998 WL 386164 (N.D. Tex. July 8, 1998) ................................................................ 6

*Rodriguez v. Olin Corp.*,
    780 F.2d 491 (5th Cir. 1986) ......................................................................................... 2

*Sims v. ANR Freight Sys., Inc.*,
    77 F.3d 846 (5th Cir. 1996) ........................................................................................... 2

*Tershakovec v. Ford Motor Co., Inc.*,
    79 F.4th 1299 (11th Cir. 2023) ..................................................................................... 8

*United States v. Southers*,
    583 F.2d 1302 (5th Cir. 1978) ....................................................................................... 5

**Other Authorities**

75 Am. Jur. 2d *Trial* § 269 (Feb. 2024 update) ...................................................................... 6

**Rules**

Fed. R. Evid. 611 ............................................................................................................. 2, 5, 10

## NATURE AND STAGE OF PROCEEDINGS

On February 14, 2024, Class Plaintiffs filed their Motion for Separate Trials of the Class Action and the Individual Actions Pursuant to Fed. R. Civ. P. 42(b) (Dkt. 659) ("Rule 42(b) Motion"), requesting that the Court order separate trials of Class Plaintiffs' federal securities claims brought under Sections 10(b), 14(a), and 20(a) of the Exchange Act, on the one hand, and the Individual-Action Plaintiffs' unique direct federal, Texas statutory, and common law claims, on the other.[1]  After full briefing, the Court denied the motion (Dkt. 725).  Class Plaintiffs now bring the present motion, with agreement from the Individual-Action Plaintiffs, for an order establishing the sequence of Plaintiffs' trial presentations as set forth in the Proposed Order attached hereto so as to minimize risks of prejudice, duplication, and jury confusion.

## STATEMENT OF ISSUE TO BE RULED UPON

Whether the Court should allow Class Plaintiffs to present their case-in-chief first—during which the Individual-Action Plaintiffs could examine any fact witnesses called by Class Plaintiffs, but would not present their own witnesses or evidence in support of their unique claims, including any additional proof of, *inter alia*, their individualized reliance and damages, until **after** Class Plaintiffs concluded their case-in-chief.  Defendants would then be able to present their case-in-chief as they see fit.

---

[1] The Individual-Action Plaintiffs are the named plaintiffs in *Alyeska Master Fund, LP et al. v. Alta Mesa Resources, Inc. et al.*, Case No. 4:22-cv-01189, and *Orbis Global Equity LE Fund (Australia) et al. v. Alta Mesa Resources, Inc. et al.*, Case No. 4:22-cv-02590 (the "Individual Actions").

## APPLICABLE LEGAL STANDARD

It is well-settled that questions as to the order of proof at trial rest within the sound discretion of the trial court. *See Rodriguez v. Olin Corp.*, 780 F.2d 491, 494 (5th Cir. 1986). Federal Rule of Evidence 611(a) gives the trial court express authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence." In exercising such control, the trial court should not deprive the parties "a fair opportunity to present their evidence in the light most favorable to their claim" and "in a comprehensible manner." *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 850 (5th Cir. 1996).

## SUMMARY OF ARGUMENT

Given the Court's previous ruling that the Class Action and the Individual Actions will be tried together before a single jury, it is critical that both Class Plaintiffs and Individual-Action Plaintiffs be able to try their respective cases in a manner that will allow them to present their distinct claims, theories, and evidence to the jury without causing needless confusion, complicating the issues, or prejudicing any party. To those ends, Class Plaintiffs propose that the Court set the order of proof at trial, allowing them to present their entire case-in-chief to the jury first—subject to the Individual-Action Plaintiffs' right to examine any fact witnesses called during Class Plaintiffs' case-in-chief—and then allowing the Individual-Action Plaintiffs to present their unique claims, call their own witnesses, and introduce any additional proof of their individualized claims, reliance, and damages before the jury.[2]

---

[2] The Individual-Action Plaintiffs have consented to Class Plaintiffs' proposed order of proof and the filing of this motion. Following conferences with Defendants beginning on May 9, 2024,

2

As discussed below, Class Plaintiffs' proposed order of proof mitigates against the very real risk that the jury will impermissibly conflate the Class and Individual-Action Plaintiffs' differing claims and burdens of proof, including issues of individualized reliance and class-wide reliance, in determining liability in either case by creating a gap in the presentation of evidence on those distinct issues. This, in turn, both avoids the inherent danger of unfairly prejudicing the Class by allowing the jury to hear proof of wholly irrelevant individualized issues of reliance during Class Plaintiffs' case-in-chief and gives the Individual-Action Plaintiffs the benefit of the jury having heard the evidence relating to common issues such as falsity, scienter, and materiality before their respective case-in-chief. In that same vein, creating a gap in the presentation of evidence of class-wide issues of liability and individualized issues relevant only to the Individual-Action Plaintiffs provides the Court an opportunity to give the jury a brief explanatory instruction at the outset of the Individual-Action Plaintiffs' presentation, should it choose to do so, explaining that the Individual-Action Plaintiffs will now proceed to present their proof on individualized issues that are unrelated to the Class claims and that the Class is not required to prove given its differing claims. The same procedure would apply to Plaintiffs' rebuttal cases, but with the Individual-Action Plaintiffs going first and then Class Plaintiffs going second.

---

Defendants are still considering whether to stipulate to certain aspects of Plaintiffs' requested relief. But given the limited time before the October 7, 2024 commencement of trial and the need to have the order of proof established before that date, Plaintiffs bring this motion now.

Moreover, Defendants suffer no prejudice under the proposed order of proof allowing Class Plaintiffs to present their case to the jury first. Indeed, regardless of how the Court orders the proof on the Plaintiffs' side, Defendants will have a full and fair opportunity to cross-examine any witnesses called by either the Individual-Action Plaintiffs or Class Plaintiffs as part of their defense. And, of course, after the jury has heard all the evidence from the plaintiffs' side, Defendants will be able to present their case-in-chief on the defenses for which they bear the burden of proof as they see fit. Unlike with separate trials, there is no concern here that a defendant or other fact witness will have to be called to the stand more than once because, under Class Plaintiffs' proposal, the Individual-Action Plaintiffs will be able to question any fact witness called during Class Plaintiffs' case-in-chief to avoid duplication.

The proposed order of proof also makes practical sense given the parties' discussions to date on the estimated length of time required for trial. During the meet and confer process, counsel for the Individual-Action Plaintiffs represented that they would need approximately three trial days, plus a half to full day for rebuttal, to present their case fully. The relatively short length of the Individual-Action Plaintiffs' anticipated trial time clearly reflects their intent primarily to supplement the arguments and evidence presented during Class Plaintiffs' case-in-chief. Accordingly, allowing Class Plaintiffs to present their case first will be the most efficient use of trial time, as it will make it easier for the jury to digest and understand what issues are common between the Class Action and the Individual Actions, and what issues are unique to the Individual-Action Plaintiffs. Defendants conceded as much in their opposition to Class Plaintiffs' Rule 42(b) Motion,

acknowledging that the discovery process proved efficient with the Individual-Action Plaintiffs "relying on Defendants' document production to Class Plaintiffs and asking minimal question of defense witnesses after Class Plaintiffs completed their questioning." Defs.' Opp'n to Class Pls.' Mot. for Separate Trials ("Def. Opp."), Dkt. 703 at 6.

For the foregoing reasons, Class Plaintiffs respectfully move the Court for an order of proof allowing them to present their case to the jury first, after which the Individual-Action Plaintiffs may present their arguments and evidence on their unique issues, followed by Defendants' case-in-chief on their affirmative defenses, and then Plaintiffs' rebuttals to be presented in reverse order.

## **ARGUMENT**

### I. THE COURT HAS BROAD DISCRETION TO CONTROL THE ORDER OF PROOF AT TRIAL

Federal Rule of Evidence 611(a) gives the Court broad discretion to control "the mode and order of examining witnesses and presenting evidence." *See In re Perry*, 345 F.3d 303, 309-310 (5th Cir. 2003) ("We have held that judges are to be permitted 'wide discretion' in exercising their power to control federal trials." (citations omitted)). Accordingly, its "efforts to maintain an orderly and coherent presentation of the evidence" will not be disturbed unless they exceed "the reasonable bounds of discretion." *United States v. Southers*, 583 F.2d 1302, 1309 (5th Cir. 1978).

Setting the order of proof at trial "is a rule of practice, not of law," and is permitted "whenever the court considers [it] necessary to promote justice, so long as the trial court does not place the burden of proof on the wrong party." 75 Am. Jur. 2d *Trial* § 269 (Feb.

5

2024 update) (internal footnotes omitted).  In addition to promoting justice, the trial court "has considerable discretion in requiring that evidence be brought to the jury's attention in a manner least likely to cause confusion."  *Id.* § 268.

## II. THE PROPOSED ORDER OF PROOF MINIMIZES ANY POTENTIAL PREJUDICE TO THE PARTIES, AVOIDS DUPLICATION, AND ENSURES AN ORDERLY PROCESS AT TRIAL

Allowing Class Plaintiffs to present their case first makes sense for several reasons.  *First*, the proposed order of proof simply seeks to control the order in which the jury hears evidence from Class Plaintiffs and the Individual-Action Plaintiffs on discrete claims and issues of reliance and damages, which does not deviate from the usual course of having the party with the burden of proof open and close the case.  *Litton Sys., Inc. v. VHC, Inc.*, 1998 WL 386164, at *1 (N.D. Tex. July 8, 1998).  Because counsel for the Individual-Action Plaintiffs have stated they do not oppose the proposed order of proof, the only potential objection comes from Defendants and considerations of fairness, promoting justice, and minimizing jury confusion should guide the Court's determination here.

*Second*, without an orderly process governing the presentation of evidence on those discrete claims and issues, it is highly likely that admitting evidence of individualized issues particular to the Individual-Action Plaintiffs during Class Plaintiffs' presentation of class-wide issues of liability will unfairly prejudice the Class and create confusion for the jury.  Courts have recognized the very real risk that "issues of individualized reliance would overwhelm the trial and impermissibly distract the jury from reasoned determination of the Class claims."  *In re Vivendi Universal, S.A. Sec. Litig.*, 2009 WL 10795068, at *1

(S.D.N.Y. Aug. 18, 2009). This is particularly true where, as here, the Individual-Action Plaintiffs must prove direct reliance or actual "eyeball" reliance as an element of their unique claims. To the contrary, Class Plaintiffs only need to prove their entitlement to the fraud-on-the-market presumption of reliance under *Basic Incorporated v. Levinson*, 485 U.S. 224 (1988) – which Defendants did not dispute at Class Certification or contest in their motions for summary judgment – which allows them to prove reliance on a class-wide basis for their Section 10(b) claim.

As a practical matter, the difference in elements between the Individual-Action Plaintiffs' direct claims and the Class claims necessarily means the Individual-Action Plaintiffs will have to call witnesses, pursue lines of questioning, and present evidence at trial that are irrelevant to the Class. For example, it is standard practice for Class Plaintiffs in a securities fraud class action not to testify at trial because there is no need to prove direct reliance where, as here, they are invoking *Basic*'s fraud-on-the-market presumption. *See, e.g.*, *Tershakovec v. Ford Motor Co., Inc.*, 79 F.4th 1299, 1307–08 (11th Cir. 2023) ("Affirmatively proving reliance is a very individualized inquiry, the kind that would predominate over other common questions in a class action. By contrast, where the presumption of reliance applies, it does so generally and can therefore be resolved on a class-wide basis."); *Kirkpatrick v. HomeAway.com Inc.*, 2020 WL 7680558, at *6 (W.D. Tex. Apr. 21, 2020) ("the economies ordinarily associated [sic] the class-action device are defeated where proof of individual reliance is required").

But because the Individual-Action Plaintiffs must prove their direct reliance or actual "eyeball" reliance as an element of their unique claims, the jury will undoubtedly

7

hear from the Alyeska and Orbis representatives who will testify as to statements Defendants made directly to them leading up to the transaction at issue. Such testimony will in turn invite vigorous cross-examination from Defendants on the Individual-Action Plaintiffs' trading patterns, conversations with Defendants, and actual reliance that have no bearing on the issues relevant to the Class case. Given this unavoidable back and forth, an order of proof reserving those witnesses until after the conclusion of Class Plaintiffs' case-in-chief ensures the jury will be better able to separate that proof from the class-wide issues of liability during its deliberations. And while Class Plaintiffs fully intend to propose that certain limiting instructions be given before jury deliberations as a reminder of those distinctions, the proposed order of proof also allows the Court to give a brief explanatory instruction (to be agreed upon by the parties or ordered by the Court) about those discrete issues in between Plaintiffs' trial presentations. More specifically, at the outset of the Individual-Action Plaintiffs' case-in-chief, the Court would explain that the Individual-Action Plaintiffs will now proceed to present their proof on, among other things, issues of direct reliance and damages that are unrelated to the Class claims and that the Class is not required to prove because they are not applicable on a class-wide basis.

*Third*, in opposing Class Plaintiffs' Rule 42(b) Motion, Defendants raised the concern that separate trials would require "duplicate testimony by fact and expert witnesses," thereby increasing the burden on Defendants and the Court. Def. Opp. at 1. Under Class Plaintiffs' proposed order of proof, however, there is no similar concern of duplication because the Individual-Action Plaintiffs will have the right to examine any fact witnesses called during Class Plaintiffs' case-in-chief to the extent there is any overlap,

8

avoiding the need to recall those same defendants or witnesses at a later time. In other words, after Class Plaintiffs have concluded their opening presentation, the Individual-Action Plaintiffs would be presenting any *additional* proof on their unique claims and issues, including introducing testimony from their respective corporate representatives and experts.

Significantly, ordering the presentation of evidence in this manner will not have any impact on Defendants' ability to cross-examine any witnesses called during either Class Plaintiffs' or the Individual-Action Plaintiffs' cases-in-chief.[3] On the other hand, failing to create some separation between Class Plaintiffs' presentation and the Individual-Action Plaintiffs' on their discrete claims and issues substantially increases the risk that the jury will improperly conflate the issues in reaching their determination in either case.

*Finally*, allowing Class Plaintiffs to present all their evidence on class-wide issues of liability and damages *before* the jury hears from the Individual-Action Plaintiffs on their

---

[3] In the interest of efficiency and to mitigate the need to call witnesses to testify more than once, Class Plaintiffs and the Individual-Action Plaintiffs do not oppose Defendants, at their election, being permitted to use their cross-examination during the Class Plaintiffs' and the Individual-Action Plaintiffs' cases-in-chief to develop Defendants' case-in-chief by asking questions that go beyond the scope of the Class Plaintiffs' and the Individual-Action Plaintiffs' direct examinations. To do so, Defendants would need to notify the Court and counsel for the Class Plaintiffs and the Individual-Action Plaintiffs prior to their examination of a witness whether they are only cross-examining the witness in accordance with Federal Rule of Evidence 611(b) or if they intend to directly examine the witness (in which case they would not be limited to the subject matter of the Plaintiffs' direct examination(s)). Witnesses under Defendants' control who Defendants only cross-examined in accordance with Federal Rule of Evidence 611(b) could be recalled by Defendants in their case-in-chief. All other witnesses, including those Defendants directly examined during Class Plaintiffs' or the Individual-Action Plaintiffs' case-in-chief, could only be recalled by Defendants for good cause and with leave of the Court. The scope of the direct examination of any witness recalled by any party would be restricted to matters that were not within the scope of the witness's prior testimony.

unique claims and issues avoids needlessly complicating what will be an already complex trial from the jury's standpoint. Notably, the Individual-Action Plaintiffs advance 25 separate damages claims, theories, and methodologies that are different than those articulated by the Class, including a "lost opportunity" theory of Section 14(a) damages that is not available on a class-wide basis under the facts of this case. To say it is likely to overwhelm a lay jury to hear all the evidence on the various damages theories and methodologies in quick succession is an understatement.

In short, given the sheer complexity of this case, the more opportunities there are for the Court and the parties to guide the jury in its understanding of the disparate issues throughout the trial (as opposed to relying solely on limiting jury instructions given right before jury deliberations), the more likely it is that the jury will be able to separate the evidence, where appropriate, fairly assess the Class claims and the unique claims asserted by the Individual-Action Plaintiffs, and reach its verdicts accordingly. On this point, it is worth noting that while Class Plaintiffs and the Individual-Action Plaintiffs have been working cooperatively and jointly on the majority of their required pre-trial submissions, they have agreed that distinct jury instructions on these claims and separate verdict forms are appropriate here, because there are disparate legal issues between the cases that must be distinguished.

## **CONCLUSION**

As detailed above, there remain genuine concerns of prejudice and jury confusion that Class Plaintiffs seek to mitigate against by proposing, without objection from the Individual-Action Plaintiffs, that they be allowed to present their case first at the upcoming

trial pursuant to the Court's broad discretion to control the order of proof at trial. Accordingly, and for the reasons discussed herein, Class Plaintiffs respectfully request the Court grant their proposed order of proof, allowing Class Plaintiffs a full opportunity to present their case-in-chief to the jury, after which the Individual-Action Plaintiffs may present their arguments and evidence in support of their unique claims and issues, followed by Defendants' case-in-chief on their affirmative defenses for which they bear the burden of proof, and concluding with Plaintiffs' rebuttals, if any, in reverse order.

Dated: September 6, 2024

Respectfully submitted,

| /s/ Andrew J. Entwistle | /s/ Trig Smith |
|---|---|
| Andrew J. Entwistle (attorney-in-charge) | Trig Smith (*pro hac vice*) |
| State Bar No. 24038131 | Tor Gronborg (*pro hac vice*) |
| Callie Crispin | John Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN &** |
| State Bar No. 24127308 | **DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Suite 1900 | San Diego, CA 92101 |
| Austin, TX 78701 | Telephone: (619) 231-1058 |
| Telephone: (512) 710-5960 | Facsimile: (619) 231-7423 |
| Facsimile: (212) 894-7278 | |
| | -and- |
| -and- | |
| | Shawn A. Williams (*pro hac vice*) |
| Joshua K. Porter (*pro hac vice*) | Daniel J. Pfefferbaum (*pro hac vice*) |
| Brendan J. Brodeur (*pro hac vice*) | **ROBBINS GELLER RUDMAN &** |
| Andrew M. Sher (*pro hac vice*) | **DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | Post Montgomery Center |
| 230 Park Avenue, 3rd Floor | One Montgomery Street, Suite 1800 |
| New York, NY 10169 | San Francisco, CA 94104 |
| Telephone: (212) 894-7200 | Telephone: (415) 288-4545 |
| Facsimile: (212) 894-7278 | Facsimile: (415) 288-4534 |

11

*Co-Lead Counsel for the Class*                *Co-Lead Counsel for the Class*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

12

## CERTIFICATE OF SERVICE

I certify that on September 6, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ Andrew Entwistle
Andrew J. Entwistle

## CERTIFICATE OF CONFERENCE

Following conferences with Defendants beginning on May 9, 2024, Defendants are still considering whether to stipulate to certain aspects of Plaintiffs' requested relief. But given the limited time before the October 7, 2024 commencement of trial and the need to have the order of proof established before that date, Plaintiffs bring this motion now.

/s/ Andrew Entwistle
Andrew J. Entwistle

13