UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |

### [PROPOSED] ORDER GRANTING CLASS PLAINTIFFS' MOTION TO SET THE ORDER OF PROOF AT TRIAL

The Court, having considered Class Plaintiffs' Motion to Set the Order of Proof at Trial ("Motion"), and all submissions submitted in support of and in opposition thereto, hereby **GRANTS** the Motion as follows:

1. Class Plaintiffs shall present their case-in-chief to the jury first during which the Individual-Action Plaintiffs and Defendants will have the right to examine any witnesses called by Class Plaintiffs.

2. During the presentation of Class Plaintiffs' case-in-chief, the order of examining each witness shall be as follows: (a) Class Plaintiffs' direct examination; (b) Individual-Action Plaintiffs' direct examination; and (c) Defendants' cross-examination. Re-direct examination by the Class Plaintiffs and Individual-Action Plaintiffs shall be permitted and shall be sequenced in the same manner.

3. To decrease the likelihood that any witness is called to testify more than once, Defendants shall be permitted to use their cross-examination during the Class Plaintiffs' and the Individual-Action Plaintiffs' cases-in-chief to develop Defendants' case-in-chief by asking questions that go beyond the scope of the Class Plaintiffs' and the

Individual-Action Plaintiffs' direct examinations. To do so, Defendants would need to notify the Court and counsel for the Class Plaintiffs and the Individual-Action Plaintiffs prior to their examination of a witness whether they are only cross-examining the witness in accordance with Federal Rule of Evidence 611(b) or if they intend to directly examine the witness (in which case they would not be limited to the subject matter of the Plaintiffs' direct examination(s)).

4. Following the conclusion of Class Plaintiffs' case-in-chief, the Individual-Action Plaintiffs shall present additional witnesses and evidence in support of their claims.

5. The Parties shall request the Court give the jury a brief explanatory instruction (as jointly drafted by the Parties or otherwise ordered by the Court) at the close of the Class Plaintiffs' case-in-chief instructing the jury that: (a) the Individual-Action Plaintiffs will present their proofs on issues unique to their claims; and (b) the jury should nevertheless consider all of the evidence presented in Class Plaintiffs' case-in-chief in its consideration of the Individual-Action Plaintiffs' claims, whether those claims are unique or common with the Class Plaintiffs.

6. Following the conclusion of the Individual-Action Plaintiffs' presentation of additional witnesses and evidence, Defendants shall present their case-in-chief. Witnesses under Defendants' control who Defendants only cross-examined in accordance with Federal Rule of Evidence 611(b) could be recalled by Defendants in their case-in-chief. All other witnesses, including those Defendants directly examined during the Class Plaintiffs' or the Individual-Action Plaintiffs' case-in-chief, could only be recalled by Defendants for

good cause and with leave of the Court.  The scope of the direct examination of any witness recalled by any party would be restricted to matters that were not within the scope of the witness's prior testimony.

      7.    Following Defendants' presentation of their case-in-chief, any rebuttal evidence shall then be presented in the reverse order, with Individual-Action Plaintiffs going first and then Class Plaintiffs going second.

Signed this __ day of _____ 2024.

_____
THE HON. GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE