# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 (CONSOLIDATED) <br><br> JUDGE GEORGE C. HANKS, JR. <br><br> THIS DOCUMENT RELATES TO: <br><br> CASE NO. 4:22-CV-01189 <br> CASE NO. 4:22-CV-02590 |

## THE ALYESKA AND ORBIS PLAINTIFFS' RESPONSE TO CLASS PLAINTIFFS' MOTION TO BIFURCATE

Individual Action Plaintiffs Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (collectively, the "Alyeska Plaintiffs"), and Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (collectively, the "Orbis Plaintiffs" and, together with the Alyeska Plaintiffs, the "Individual Action Plaintiffs"), hereby file this response ("Response") to Class Plaintiffs' Motion to Bifurcate and to Preclude Evidence as to Individualized Issues, Including Testimony of Class Representatives, During the Class-Wide Phase of Trial (the "Motion to Bifurcate").

## **RESPONSE**

The Individual Action Plaintiffs file this Response for the avoidance of doubt to clarify that the relief requested in the Motion to Bifurcate is not intended to and shall not affect the trial of the Individual Action Plaintiffs' claims. Accordingly, the jury will render a final verdict with respect to the claims of the Individual Action Plaintiffs at the conclusion of Phase One of the trial, as that term is used in the Motion to Bifurcate. This is consistent with the Order of Proof Motion filed by Class Plaintiffs, which seeks to streamline the upcoming trial and efficiently order the presentation to the jury. (*See* ECF No. 810.) The Individual Action Plaintiffs consulted with Class Plaintiffs regarding the Order of Proof Motion and support the relief requested therein, which will allow the Individual Action

Plaintiffs' case to be fully presented to the jury and to obtain a verdict at the conclusion of Phase One of the upcoming trial.

The Motion to Bifurcate seeks, among other things, an order bifurcating the trial "into two phases: Phase One concerning Class-wide issues of proof and Phase Two concerning individualized issues, if any, with individual Class members[.]" (ECF No. 809 at 10.) Because the Class Action and the Individual Actions have been consolidated (ECF No. 259), and the Court denied the Class Plaintiffs' previous motion for separate trials (ECF No. 725), the Class Action and Individual Actions will be tried concurrently beginning on October 7, 2024.

The Class Plaintiffs' Motion to Set the Order of Proofs at Trial acknowledges that, although the Class seeks to bar individualized issues as to Class members during Phase One of the trial through the Motion to Bifurcate, for these purposes, such reference to Class members does not include the Individual Action Plaintiffs. Consistent with the Order of Proof Motion filed by the Class Plaintiffs, the Individual Action Plaintiffs plan to, and will, call client representatives and experts offering evidence relating to individualized issues as to the Individual Action Plaintiffs and their damages. (ECF No. 810 at 8-10.) Having done so during the Phase One of the trial contemplated by the Motion to Bifurcate, the jury will be able to deliver a final verdict as to all of the Individual Action Plaintiffs' claims at the conclusion of Phase One. Notably, unlike Defendants, who contacted the Court without meeting and conferring with the Class or Individual Action Plaintiffs regarding the trial schedule, the Class and Individual Action Plaintiffs have closely coordinated as to how

their respective can be most efficiently presented at trial, and sought agreement with the Defendants, though Defendants did not agree.

The Individual Action Plaintiffs respectfully request that the Court make clear in any order the Motion to Bifurcate that:

- Any relief granted pursuant to the Motion to Bifurcate applies only to the Class Action, exclusive of the Individual Action Plaintiffs;

- Any relief granted pursuant to the Motion to Bifurcate will have no effect on the Individual Action Plaintiffs' portion of the trial; and

- Any relief granted pursuant to the Motion to Bifurcate shall not affect or delay the final verdict that will be rendered with respect to the Individual Action Plaintiffs' claims at the conclusion of Phase One of the trial.

Dated: September 9, 2024

Respectfully submitted,

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Richard Bodnar
Frank T.M. Catalina
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 597-2800
lrolnick@rksllp.com
rbodnar@rksllp.com
fcatalina@rksllp.com

*Attorneys for the Alyeska and Orbis Plaintiffs*