# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> Judge George C. Hanks, Jr. |

**DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR AN ORDER THAT (1) THE ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION OF RELIANCE WERE ESTABLISHED BY THE CLASS CERTIFICATION ORDER AND/OR (2) TAKING JUDICIAL NOTICE THAT THE ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION ARE <u>MET IN THIS CASE</u>**

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF PROCEEDINGS.................................................................... 1

STATEMENT OF ISSUE TO BE RULED UPON ......................................................... 1

APPLICABLE LEGAL STANDARD ............................................................................. 1

SUMMARY OF ARGUMENT........................................................................................ 2

INTRODUCTION ........................................................................................................... 2

ARGUMENT................................................................................................................... 4

I.      Class Plaintiffs' Request for Relief Is an Improper Motion for Summary
        Judgment............................................................................................................. 4

II.     The Court's Grant of Class Certification Did Not Finally Establish Any
        Element of Fraud-On-the-Market Reliance......................................................... 5

III.    It Would Be Inappropriate for the Court to Take Judicial Notice of Class
        Plaintiffs' "Facts" ............................................................................................ 10

CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*,
   77 F.4th 74 (2d Cir. 2023) ...........................................................................................9

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)....................................................................................................1, 3

*Bell v. Ascendant Sols., Inc.*,
   422 F.3d 307 (5th Cir. 2005) .......................................................................................11

*Bowers v. NCAA*,
   563 F. Supp. 2d 508 (D.N.J. 2008) ................................................................................5

*Broadspring, Inc. v. Congoo, LLC*,
   2014 WL 7392905 (S.D.N.Y. Dec. 29, 2014) ...............................................................5

*Garcia v. Gloor*,
   618 F.2d 264 (5th Cir. 1980), *cert. denied* 449 U.S. 1113 ...........................................9

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*,
   594 U.S. 113 (2021)..................................................................................................2, 12

*Halliburton Co. v. Erica P. John Fund., Inc.*,
   573 U.S. 258 (2014)......................................................................................................1

*Johnson v. Big Lots Stores, Inc.*,
   561 F. Supp. 2d 567 (E.D. La. 2008).............................................................................9

*Lindquist v. City of Pasadena*,
   669 F.3d 225 (5th Cir. 2012) .........................................................................................8

*Lumen v. Anderson*,
   280 F.R.D. 451 (W.D. Mo. 2012).................................................................................10

*Luv n' care v. Laurain*,
   2021 WL 3440623 (W.D. La. Aug. 5, 2021).................................................................5

*Nichols v. Mobile Bd. of Realtors, Inc.*,
   675 F.2d 671 (5th Cir. 1982) .........................................................................................9

*Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*,
   3 F.3d 877 (5th Cir. 1993) ...........................................................................................10

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
   2024 WL 4246159 (S.D.N.Y. Sept. 18, 2024)..........................................................5

*Taylor v. Charter Med. Corp.*,
   162 F.3d 827 (5th Cir. 1998) ..............................................................................11

*Unger v. Amedisys Inc.*,
   401 F.3d 316 (5th Cir. 2005) .........................................................................9, 10

*United States v. Matthews*,
   312 F.3d 652 (5th Cir. 2002) ................................................................................8

*United States v. Palmer*,
   122 F.3d 215 (5th Cir. 1997) ................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..............................................................................................9

*WesternGeco v. Ion Geophysical Corp.*,
   2009 WL 3497123 (S.D. Tex. Oct. 28, 2009)......................................................11

*Zarnow v. City of Wichita Falls*,
   614 F.3d 161 (5th Cir. 2010) ................................................................................8

## RULES

Fed. R. Civ. P.
   23 Advisory Committee's 2003 Note on subd. (c)(1) ......................................9, 10
   23(c)(1)(C) .....................................................................................................9, 10

Fed. R. Evid. 201 ...........................................................................................4, 2, 10, 11

## TREATISES

Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure:
   Evidence § 5103 (1977)......................................................................................11

## NATURE AND STAGE OF PROCEEDINGS

This is a class-action lawsuit brought by former shareholders of Alta Mesa Resources, Inc., against Alta Mesa and various of its former officers, directors, and investors. Trial is scheduled for November 4, 2024.

## STATEMENT OF ISSUE TO BE RULED UPON

On the eve of trial and long past the deadline for summary judgment motions, Class Plaintiffs have requested that the Court excuse them from proving three of the four facts required to invoke the fraud-on-the-market presumption of class-wide reliance by "deeming" them established or alternatively taking "judicial notice" of them. Combined with their related motion to eviscerate defenses by "bifurcating" trial and precluding evidence focused on the individual plaintiffs, they ask the Court to spare them the need to prove their case and overcome defenses, thereby improperly usurping the role of the jury and requiring the Court to resolve material disputes of fact.

## APPLICABLE LEGAL STANDARD

Reliance is an element of a Section 10(b) claim on which Plaintiffs bear the burden of proof. *See Halliburton Co. v. Erica P. John Fund., Inc.*, 573 U.S. 258, 267 (2014). Plaintiffs may be entitled to a ***rebuttable*** "fraud-on-the-market presumption" by proving "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Id.* at 268; *Basic Inc. v. Levinson*, 485 U.S. 224, 248 n.27 (1988). The Court "may judicially notice a fact that is not subject to reasonable dispute" only if the fact is "generally known"

or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

## SUMMARY OF ARGUMENT

Both of Class Plaintiffs' motions on the eve of trial are disguised (and late) motions for summary judgment, which should be rejected for that reason alone.  Moreover, Class Plaintiffs are wrong that this Court's class certification order constitutes "law of the case" or made factual findings regarding the fraud-on-the-market presumption that bind the parties and the jury forever, essentially rendering the *Basic* rebuttable presumption in reality *irrebuttable*.  Finally, a request for "judicial notice" is the wrong vehicle for the Court to resolve factual disputes.

## INTRODUCTION

This is one of two motions filed by the Class Plaintiffs seeking to shirk their obligation to prove their inherently fact-based claims and avoid Defendants' correspondingly fact-based defenses.  Specifically, in this motion they ask the Court to "deem established" three of the four facts they must prove in order to invoke the fraud-on-the-market presumption of class-wide reliance, or alternatively to take judicial notice of those facts.

Class Plaintiffs do not dispute that they have the burden of proof for each of the facts necessary to invoke the fraud-on-the-market presumption or that such a presumption is rebuttable.  *See Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 118 (2021) ("The defendant may . . . rebut the presumption through '[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by

2

the plaintiff, or his decision to trade at a fair market price.'" (quoting *Basic*, 485 U.S. at 248)).   But preferring to avoid the need to actually prove them or withstand Defendants' rebuttal, they now argue that the Court's order certifying the class made definitive factual findings regarding three of the four elements of the fraud-on-the-market presumption that are forever binding on the parties and the jury such that Class Plaintiffs need not prove those three facts at the trial.   In other words, the Class Plaintiffs are trying to transform the rebuttable *Basic* presumption of reliance into an irrebuttable finding based solely on the Court's interlocutory class-certification order.   That is a gross overstatement of the Court's order and contrary to the law.

As a threshold matter, the Court's class-certification order itself admonished that it was not intended to foreclose further evaluation, expressly noting that it was "[b]ased on the current record" and that Defendants did not oppose the motion to certify "on the current record."   Order Granting Class Certification, ECF No. 241, at 3.   Having now completed fact and expert discovery beyond the limited class-certification discovery conducted before, the record is undeniably more complete.   And the Court expressly stated that Defendants preserved their rights to seek to alter or amend the Court's Order pursuant to Rule 23(c)(1)(C).   In other words, the Order was manifestly interlocutory and not the binding "law of the case" Class Plaintiffs now claim.

Moreover, Class Plaintiffs' request that the Court take judicial notice of these facts (which is tantamount to a belated motion for summary judgment) is completely improper.   To start, neither expert opinions on market efficiency nor the timing of absent class members' securities purchases vis-à-vis the alleged misstatements are a "fact that is not

3

subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Defendants have developed during discovery—and intend to put forward at trial—fact and expert testimony demonstrating that Class Plaintiffs have failed to prove the market for Alta Mesa stock was efficient, that any of the challenged statements were false or misleading, and that the alleged corrective disclosures "corrected" any challenged statements. Thus, at a minimum, there is a factual dispute over two of the three elements Class Plaintiffs must prove to invoke the fraud-on-the-market presumption. A "request for judicial notice" is the wrong vehicle to resolve factual issues or to deem a conclusion like "market efficiency" established.

Defendants respectfully request that the Court deny Class Plaintiffs' Motion.

## ARGUMENT

### I. CLASS PLAINTIFFS' REQUEST FOR RELIEF IS AN IMPROPER MOTION FOR SUMMARY JUDGMENT

Under the guise of an amorphous "motion for an order," Class Plaintiffs ask the Court to hold that they have already proved elements of their case-in-chief. *See* Mot. at 2 (ECF No. 808) (seeking "an order *deeming established*" the elements of the fraud-on-the-market presumption because "Defendants have not developed any factual basis or advanced expert testimony to rebut" the presumption) (emphasis added).[1] In other words,

---

[1] Class Plaintiffs' unsupported assertion about the factual record is false. Defendants questioned Class Plaintiffs' expert regarding market efficiency and the alleged corrective

Class Plaintiffs are seeking summary judgment.  But that motion was required to be filed last year and is now untimely.  *See* 4th Am. Scheduling Order, ECF No. 376, at 3 (setting deadline for summary judgment motions "[o]n or before December 22, 2023").  The Court should deny this motion for that reason alone.

Indeed, this is what Judge Furman did when the class plaintiffs in the GE securities litigation attempted a similar maneuver with a motion *in limine*.  Judge Furman denied the motion, explaining that "[a]lthough Plaintiffs' requests here 'nominally seek exclusion of evidence, they are, in reality, [improper] requests for judgment as a matter of law on aspects of Plaintiff[s'] claims.'"  *Sjunde AP-Fonden v. Gen. Elec. Co.*, 2024 WL 4246159, at *1 (S.D.N.Y. Sept. 18, 2024) (quoting *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014)).  *See also Luv n' care v. Laurain*, 2021 WL 3440623, at *5 (W.D. La. Aug. 5, 2021)  ("An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." (quoting *Bowers v. NCAA*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008)).

## II.   THE COURT'S GRANT OF CLASS CERTIFICATION DID NOT FINALLY ESTABLISH ANY ELEMENT OF FRAUD-ON-THE-MARKET RELIANCE

Class Plaintiffs' motion rests on the simple fallacy that the Court made binding factual findings in its class-certification order that forever established the elements of the

---

disclosures (this testimony is evidence) and also offered their own expert who opined on these issues.  Furthermore, Defendants' summary judgment briefs set forth the considerable evidence demonstrating that none of the challenged statements were false or misleading.

fraud-on-the-market presumption, such that Class Plaintiffs are relieved of their burden to prove those elements at trial. It did not.

As an initial matter, the Court's class-certification order simply found that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3), including that common issues predominate, were satisfied. Order Granting Class Certification, ECF No. 241, at 3. To the extent, as Class Plaintiffs suggest, the "necessary implication" of that finding was that Class Plaintiffs could "invoke the presumption to prove reliance," Mot. at 5, the Court made clear that its order granting class certification was "*[b]ased on the current record*." Order Granting Class Certification, ECF No. 241, at 3 (emphasis added). That "current record" consisted of "class-certification discovery" and nothing more. Contrary to Class Plaintiffs' representation that "there have been no relevant changes in the circumstances," Mot. at 5, the record is now much different from the one on which the Court certified the class.

Most notably, Class Plaintiffs subsequently submitted an expert report from Dr. Steven Feinstein (a different economist than the one who submitted a report on Class Plaintiffs' behalf at class certification), in which he opines that the market took two-to-three days to "capture the full extent of the price movements elicited by the disclosures" about AMR and for AMR's stock price to reflect new information. *See* Feinstein Dep. at 248:4-11. There is substantial disagreement among economists and other experts about whether a stock that takes multiple days to reflect new information trades in an efficient market. Defendants' expert, Professor Rene Stulz, will explain to the trier-of-fact that, contra Dr. Feinstein's conclusions about market efficiency, "in an efficient market, stock

6

prices are generally expected to react within one trading day of the information disclosure." Expert Rebuttal Report of R. Stulz, at 54. The jury will hear both opinions and will decide whether the market in which Alta Mesa's stock traded was efficient if it truly took days to reflect new information.

Likewise, whether class members traded AMR securities between the making and subsequent correction of any misrepresentations depends upon Class Plaintiffs' first proving that the challenged statements were materially false and misleading and that a later statement revealed the truth. At the class-certification stage, Class Plaintiffs' allegations that such misrepresentations and corrective disclosures were made (and trades occurred between) sufficed. But the time for allegations is over and Class Plaintiffs must now *prove* that both events occurred. The jury might well find that Class Plaintiffs failed to meet their burden and there was no misrepresentation at all. That is, of course, Defendants' resolute contention. And even were the jury to find that a misrepresentation occurred, it must also determine that such misrepresentation caused loss when the market learned the "truth." That, too, is in dispute. *See, e.g.*, Expert Rebuttal Report of R. Stulz, 57 ("Prof. Feinstein fails to establish a causal link between the alleged misrepresentations and the losses he claims were precipitated by alleged corrective disclosures because he performs no analysis to establish a link between the alleged misrepresentations and the specific outcomes disclosed on alleged corrective disclosure days."). Unless or until the jury fixes these dates, whether Class members traded between those dates cannot be known.

Labeling the Court's class certification order "law of the case" does not help Class Plaintiffs either. Even had the Court decided the elements of the fraud-on-the-market

presumption in conclusive fashion in its order certifying the class (it did not), the law-of-the-case doctrine would not bind the Court, the parties, and the jury to that decision.  Law-of-the-case "generally bars *the district court on remand*, or *the appellate court on a subsequent appeal*, from reexamining an issue of law *decided on appeal*."  *Lindquist v. City of Pasadena*, 669 F.3d 225, 238 (5th Cir. 2012) (emphases added) (citation omitted).[2] Here, of course, no appeal has been had.   Indeed, Class Plaintiffs fundamentally misapprehend the law-of-the-case doctrine, which "does not . . . set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error."  *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997).  District courts are not inexorably bound to their previous rulings; to the contrary, district courts should and do reach different conclusions about issues as a case proceeds.  A motion denied as unripe at one stage may later be granted; an argument accepted at one time might later fail to meet an elevated standard of proof.  A district court has the power to revisit decisions of its own for any reason it deems sufficient.  *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010).

---

[2] Specifically, an issue decided on appeal may be reexamined by the district court only if "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice."  *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

And in the class-certification context specifically, a class may of course be decertified as the factual record evolves.[3]  *See, e.g.*, *Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 105 (2d Cir. 2023) (decertifying a securities class upon finding that the defendants had successfully showed that the alleged misrepresentations did not actually impact the stock price); *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 586-87 (E.D. La. 2008) (decertifying a class upon a finding that discovery revealed that common issues did not predominate over individual questions); *see also* Fed. R. Civ. P. 23(c)(1)(C) (class certification order "may be altered or amended" at any time before final judgment)*.*  Class-certification orders are a *procedural* determination, not a binding legal holding*.  See Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980), *cert. denied* 449 U.S. 1113; *see also* Advisory Committee's 2003 Note on subd. (c)(1) of Fed. Rule Civ. P. 23 ("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision.").  Accordingly, determining market efficiency at the class-certification is a preliminary finding that will need to be proven again at trial and "may be revised *(or wholly rejected) by the ultimate factfinder.*"  *Unger v. Amedisys Inc.*, 401 F.3d 316, 322-23 (5th Cir. 2005) (emphasis added); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 n.6 (2011) ("[T]he plaintiffs seeking 23(b)(3) certification must prove that their shares were traded on an efficient market, *an issue they will surely have to prove again at trial* in order to make

---

[3] If Class Plaintiffs are unable to prove each element necessary to invoke the fraud-on-the-market presumption or if Defendants are able to rebut the presumption, the consequence is that the class must be decertified because individual issues of reliance will predominate.  *See Nichols v. Mobile Bd. of Realtors, Inc.*, 675 F.2d 671, 677 (5th Cir. 1982) (affirming decertification of class upon finding that individual issues predominated over common questions).

out their case on the merits." (emphasis added) (citations omitted)).[4]  This Court recognized as much in its order certifying the class.  *See* ECF No. 241, at 4 ("The parties' rights under Fed. R. Civ. P. 23(c)(1)(C) are preserved.").  Thus, whatever the Court's "findings" are deemed to be with respect to the fraud-on-the-market presumption at the class certification stage, they are not binding "law of the case."

## III.    IT WOULD BE INAPPROPRIATE FOR THE COURT TO TAKE JUDICIAL NOTICE OF CLASS PLAINTIFFS' "FACTS"

Class Plaintiffs' alternative suggestion that the Court take judicial notice of these elements can be easily dispensed with.[5]  A court may take judicial notice of "a ***fact*** that is not subject to reasonable dispute," either because it is "generally known within the trial court's territorial jurisdiction" or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added).  Those requirements plainly are not met here. Neither market efficiency nor the timing of class member securities purchases vis-à-vis the alleged misstatements and corrective disclosures are generally known or capable of accurate and ready

---

[4] The *Unger* court points out that courts "have likened the degree of proof required" to meet the market efficiency requirement of Rule 23 in 10(b) cases "to the standards used in preliminary injunction hearings."  401 F.3d at 322-23.  But "[a]s to factual determinations … a preliminary injunction often will not establish law of the case" because the standard of review for a preliminary injunction is "a substantial likelihood of success on the merits." *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 881 (5th Cir. 1993).

[5] Indeed, the *one* case that Class Plaintiffs cite in support of their ill-founded argument is both out-of-circuit and was decided at class certification, not the merits stage.  *See* Mot. at 9 (citing *Lumen v. Anderson*, 280 F.R.D. 451, 462 (W.D. Mo. 2012)).

determination.[6]   These elements of the presumption are not "facts" at all—they are economic and legal **conclusions** that Defendants dispute, for the reasons set forth above.[7] "Findings, conclusions, disputed facts, and unverified data are inappropriate materials for judicial notice." *WesternGeco v. Ion Geophysical Corp.*, 2009 WL 3497123, at *2 (S.D. Tex. Oct. 28, 2009) (rejecting plaintiff's request for judicial notice on the issue of inventorship, "the precise issue over which the parties are now in dispute"); *see Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998) (Rule 201(b) "authorizes the court to take notice only of 'adjudicative facts,' not legal determinations") (quoting Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5103 at 472–73 (1977)).   Defendants do not dispute that judicial notice might be appropriate for certain basic facts, for example, that AMR securities traded on NASDAQ.[8]   *See* Mot. at 9. But it would be wholly inappropriate for the Court to take judicial notice of the basis on which Class Plaintiffs seek to prove an element (reliance) of their securities fraud claims against Defendants when the Defendants dispute those elements.   Class Plaintiffs do not

---

[6] While the Class may be correct that the statements they challenge were publicly available, the Class does not even identify for the Court what statements they believe remain in the case.   Moreover, the Individual Action Plaintiffs' claims are predicated on some statements allegedly made in private, but the Class Plaintiffs' proposed order would seemingly apply to these admittedly nonpublic statements.   *See* ECF No. 808-1 at 1.

[7] With respect to market efficiency, Class Plaintiffs point out that they submitted an expert opinion from Dr. Michael Hartzmark regarding market efficiency and claim that Defendants have no credible basis to contest it.   Mot. at 8.   Opinions are, by definition, not fact.

[8] Even the stock's trading on a sophisticated exchange like the NASDAQ does not, on its own, establish that it traded in an efficient market.   *See e.g., Bell v. Ascendant Sols., Inc.*, 422 F.3d 307, 316 (5th Cir. 2005) (affirming denial of class certification for lack of market efficiency when stock was traded on a major stock exchange).

cite *even a single case* in which a court took judicial notice of any element underlying the fraud-on-the-market presumption. The presumption of reliance is exactly that—a presumption that Defendants are lawfully permitted to rebut with evidence. *See Goldman*, 594 U.S. at 118. And this is precisely what Defendants intend to do. Class Plaintiffs' desire to avoid being held their burden of proof and to mute Defendants' defense is not a valid legal basis for "judicial notice."

## **<u>CONCLUSION</u>**

Defendants respectfully request that this Court deny Class Plaintiffs' motion.

Dated: September 27, 2024

Respectfully submitted,

By  /s/ J. Christian Word

J. Christian Word
Attorney-in-Charge for Defendants
S.D. Tex. Bar No. 3398485
Andrew S. Clubok
S.D. Tex. Bar No. 3891875
Matthew J. Peters (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Henry Zaytoun III (*pro hac vice*)
Jansen VanderMeulen (*pro hac vice*)
William Tazewell Jones (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
christian.word@lw.com
andrew.clubok@lw.com
matthew.peters@lw.com
sarah.gragert@lw.com
laura.bladow@lw.com
henry.zaytoun@lw.com
jansen.vandermeulen@lw.com
taz.jones@lw.com

Heather A. Waller
S.D. Tex. Bar No. 2886108
Kathryn George (*pro hac vice*)
Arthur F. Foerster (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
heather.waller@lw.com
katie.george@lw.com
arthur.foerster@lw.com

Ashley Gebicke (*pro hac vice*)

13

**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
(828) 523-5400
ashley.gebicke@lw.com

*Counsel for Alta Mesa Resources, Inc.,*
*Harlan H. Chappelle, Michael E. Ellis,*
*William D. Gutermuth, James T. Hackett,*
*Ronald Smith, Jeffrey H. Tepper, Diana J.*
*Walters, and Riverstone Holdings LLC*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-counsel for Harlan H. Chappelle and*
*Michael E. Ellis*

Kenneth A. Young (Attorney-in-Charge)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**

14

**KIRKLAND & ELLIS
INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Emails:
kenneth.young@kirkland.com
nick.brown@kirkland.com

*Counsel for Bayou City Energy Management,
LLC*

Karl S. Stern (attorney in charge) (SBN
19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000 / Facsimile: (713)
221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Jesse Bernstein (*pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000 / Facsimile: (212)
849-7100
Email: michaelcarlinsky@quinnemanuel.com
courtneywhang@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Counsel to HPS Investment Partners, LLC*

James L. Silliman (attorney in charge) (SBN
24081416)

15

**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Fax: (713) 654-1301
jimsilliman@eversheds-sutherland.com

Bruce M. Bettigole (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
Jessica R. Rodgers (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com
jessicarodgers@eversheds-sutherland.com

Samantha N. Darnell (*pro hac vice*)
Ian Jones (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309
Telephone: (404) 853-8004
Fax: (404) 853-8806
samanthadarnell@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

*Counsel for ARM Energy Holdings, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ J. Christian Word*
J. Christian Word

17