# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr. |

# DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION TO BIFURCATE AND TO PRECLUDE EVIDENCE AS TO INDIVIDUALIZED ISSUES, INCLUDING TESTIMONY BY CLASS REPRESENTATIVES, DURING THE CLASS-WIDE PHASE OF TRIAL

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................. 4

I.   Class-Plaintiff Evidence Is Relevant to Issues of Materiality, Reliance, and
     the Safe Harbor ................................................................................................ 4

II.  Addressing Class Plaintiffs' Reliance in Phase One Would Be More
     Efficient and Orderly ....................................................................................... 9

III. Testimony about the Class Plaintiffs Will Not Confuse the Jury ......................... 13

CONCLUSION ............................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Arthur Young & Co. v. United States District Court.*,
    549 F.2d 686 (9th Cir. 1977) ................................................12

*Audet v. Fraser*,
    2020 WL 2113620 (D. Conn. May 4, 2020) ..........................11

*Baker v. SeaWorld Ent., Inc.*,
    2022 WL 298662 (S.D. Cal. Jan. 31, 2022)..........................12

*Branch-Hess Vending Servs. Emps.' Pension Tr. v. Guebert*,
    751 F. Supp. 1333 (C.D. Ill. 1990) ........................................6

*Commodity Futures Trading Comm'n v. Walczak*,
    2022 WL 855562 (W.D. Wis. Mar. 23, 2022)........................6

*Crown Cork & Seal Co., Inc. Master Ret. Tr. v. Credit Suisse First Boston Corp.*,
    288 F.R.D. 331 (S.D.N.Y. 2013) .........................................13

*Dubin v. Miller*,
    132 F.R.D. 269 (D. Colo. 1990) ..........................................10

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014).................................................... 4, 7, 9

*Hsu v. Puma Biotechnology, Inc.*,
    2018 WL 11669124 (C.D. Cal. Oct. 24, 2018)...................8, 11

*Hsu v. Puma Biotechnology, Inc.*,
    No. 15-cv-865 (C.D. Cal. Sept. 25, 2018), ECF No. 513 .........7

*Hsu v. Puma Biotechnology, Inc.*,
    2021 WL 2644100 (C.D. Cal. June 11, 2021) ........................7

*In re Alta Mesa Res., Inc. Sec. Litig.*,
    2024 WL 3760481 (S.D. Tex. Aug. 12, 2024) ........................6

*In re BP p.l.c. Sec. Litig.*,
    843 F. Supp. 2d 712 (S.D. Tex. 2012) ..................................6

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
    312 F.R.D. 332 (S.D.N.Y. 2015) .........................................12

*In re ICN/Viratek Sec. Litig.*,
   1996 WL 34448146 (S.D.N.Y. July 15, 1996) .......................................................12

*In re JDS Uniphase Corp. Sec. Litig.*,
   2007 WL 5150084 (N.D. Cal. Sept. 25, 2007) ......................................................12

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
   No. 11-cv-3658 (S.D.N.Y. Oct. 20, 2014), ECF No. 240 ......................................12

*In re Lucent Techs. Inc. Sec. Litig.*,
   2002 WL 32818345 (D.N.J. May 9, 2002) .............................................................11

*In re REMEC Inc. Securities Litigation*,
   702 F. Supp. 2d 1202 (S.D. Cal. 2010) ..................................................................8

*In re Tesla, Inc. Sec. Litig.*,
   2023 WL 7164333 (N.D. Cal. Mar. 7, 2023) .........................................................13

*In re Twitter, Inc. Sec. Litig.*,
   No. 4:16-cv-05314 (N.D. Cal. May 8, 2020), ECF No. 499 ..................................12

*In re Vesta Ins. Grp., Inc. Sec. Litig.*,
   No. 98-cv-1407 (N.D. Ala. Aug. 20, 2008), ECF No. 459 ....................................12

*In re Vesta Ins. Grp., Inc. Sec. Litig.,*
   No. 98-cv-1407  (N.D. Ala. Dec. 12, 2008), ECF No. 487 .......................................12

*In re Vivendi Universal, S.A. Sec. Litig.*,
   765 F. Supp. 2d 512 (S.D.N.Y. 2011) ....................................................................12

*In re WorldCom, Inc. Sec. Litig.*,
   2005 WL 375315 (S.D.N.Y. Feb. 7, 2005) ............................................................12

*Lawrence E. Jaffe Pension Plan v. Household Int'l*,
   2005 WL 3801463 (S.D.N.Y. Apr. 18, 2005) ........................................................11

*Nester v. Textron, Inc.*,
   888 F.3d 151 (5th Cir. 2018) ..................................................................................2

*Rand v. Cullinet Software, Inc.*,
   847 F. Supp. 200 (D. Mass. 1994) ........................................................................10

*SEC v. Collectors' Coffee Inc.*,
   2023 WL 8111865 (S.D.N.Y. Nov. 22, 2023) ........................................................6

*SEC v. Leslie*,
   2010 WL 2991038 (N.D. Cal. July 29, 2010), *modified on other grounds*,
   2010 WL 3259375 (N.D. Cal. Aug. 18, 2010) ......................................................13

*Sims v. City of Jasper*,
— F.4th —, 2024 WL 3964352 (5th Cir. Aug. 28, 2024) ........................................................2

*Sjunde AP-Fonden v. General Electric Co.*,
2024 WL 1208778 (S.D.N.Y. Mar. 21, 2014) ..........................................................................8

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
365 F.3d 353 (5th Cir. 2004) ....................................................................................................8

## STATUTES

15 U.S.C. § 78u-5(c)(1) .....................................................................................................................8

## RULES

Fed. R. Civ. P. 23(c)(1)(C) ............................................................................................................10

Fed. R. Civ. P. 42 .............................................................................................................................2

## OTHER AUTHORITIES

H.R. Rep. No. 104-369 (1995) (Conf. Rep.) ....................................................................................2

## NATURE AND STAGE OF PROCEEDINGS

This is a class-action lawsuit brought by former stockholders of Alta Mesa Resources, Inc., against Alta Mesa and various of its former officers, directors, and investors.  Trial is scheduled for November 4, 2024.

## STATEMENT OF ISSUE TO BE RULED UPON

Having separately moved to be excused from proving critical elements of their claims, Class Plaintiffs have also moved on the eve of trial to spare themselves the need to address formidable defenses by (1) bifurcating trial and (2) excluding any evidence or testimony regarding individual class members, including the Class Plaintiffs.  Defendants agree that issues related solely to *individual absent class members* obviously cannot be adjudicated at the trial set for November 4, 2024, and that a Phase Two will be required if Defendants do not prevail.  However, Defendants oppose excluding evidence or testimony regarding the individual Class Plaintiffs themselves from the trial because no further discovery is necessary from the Class Plaintiffs, they are able to appear at trial to provide the relevant evidence, and the jury will be capable of deciding their individual claims in an efficient manner. [1]

---

[1] Class Plaintiffs falsely claim to have met and conferred with Defendants regarding this motion. Mot. at 3 n.4.  No such conference occurred.  If Class Plaintiffs had conferred with Defendants, the parties would have been able to agree regarding the absent class members and narrowed the issue to whether evidence about the Class Plaintiffs would be deferred until Phase Two.

## APPLICABLE LEGAL STANDARD

The purpose of bifurcation is "to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42; *Sims v. City of Jasper*, — F.4th —, 2024 WL 3964352, at *4 (5th Cir. Aug. 28, 2024). The decision to bifurcate lies "within the sole discretion of the trial court." *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (citation omitted).

## SUMMARY OF ARGUMENT

Defendants agree that bifurcating the trial in this case with respect to issues uniquely impacting absent class members is necessary to promote judicial economy and the orderly presentation of certain issues. Excluding evidence or testimony regarding the individual Class Plaintiffs from Phase One of trial, however, would result in the exclusion of relevant evidence, unduly prejudice Defendants, and be contrary to efficient, sound trial management.

## INTRODUCTION

Securities class actions have long been criticized as "lawyer-driven lawsuits" with little or no control exercised by the lead plaintiffs. H.R. Rep. No. 104-369, at 32 (1995) (Conf. Rep.). Perpetuating that stereotype, Class Plaintiffs ask the Court to excuse them from the trial and to preclude all evidence or argument about them until after the jury decides Defendants' liability. This is not truly a plea for efficiency (indeed, there is no good reason why the jury could not decide the totality of the Class Plaintiffs' claims all at once), but rather a transparent attempt to avoid the need to overcome defenses by keeping a single jury from hearing the Class Plaintiffs' testimony about their knowledge of the risks of investing in Alta Mesa, their understanding of the extensive cautionary language in Alta

2

Mesa's SEC filings, and the simple fact that they were not misled by any of the challenged statements.  In other words, combined with their related motion to "deem" elements of their claims "established" (or subject to judicial notice), Class Plaintiffs ask the Court to spare them from actually proving much of their claims or responding to key parts of Defendants' defenses.  Class Plaintiffs do not (and cannot) claim their testimony and evidence about them is wholly irrelevant and that the jury will never hear it.  To the contrary, they concede that it is relevant to the element of reliance but simply do not want the jury to be able to consider it because it could adversely impact the jury's evaluation of Defendants' liability. That's gamesmanship, not economization.

The simple truth is that evidence regarding the Class Plaintiffs' purchases of Alta Mesa stock is relevant to multiple liability and damage issues the jury must decide and can be easily presented to the jury through their testimony.  Class Plaintiffs' speculation that introduction of evidence about them in Phase One will confuse the jury is unfounded; it is exactly what happens in any fraud case.  And to the extent Class Plaintiffs argue that the danger of confusion is "heightened" by the presence of the Individual Action Plaintiffs at trial, as this Court already held, a single jury is fully capable of adjudicating the Class Plaintiffs and Individual Action Plaintiffs' claims simultaneously.  For these reasons, Defendants respectfully request that the Court deny Class Plaintiffs' Motion to the extent it seeks to exclude evidence about the Class Plaintiffs from Phase One.

## ARGUMENT

### I.   CLASS-PLAINTIFF EVIDENCE IS RELEVANT TO ISSUES OF MATERIALITY, RELIANCE, AND THE SAFE HARBOR

Class Plaintiffs are simply wrong when they argue that their testimony and evidence is "wholly irrelevant to determining defendants' liability." Mot. at 2 (ECF No. 809).  First, Class Plaintiffs' Section 10(b) and Section 14(a) claims each require them to prove that the alleged misstatements or omissions by Defendants were material; *i.e.*, that they would have "been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 278 (2014) ("*Halliburton II*") (citation omitted).  Bearing the burden of proof on this element, Class Plaintiffs must introduce evidence to prove each of the alleged misstatements was material.  Defendants are entitled to challenge that evidence and present their own evidence showing that the alleged misstatements were immaterial, including by the cross-examination of Class Plaintiffs.  It would be fundamentally unfair and contrary to due process if Class Plaintiffs were allowed to present their evidence and Defendants were not.

As just one example, Class Plaintiffs contend that this statement was materially false and misleading:  "with regard to [Kingfisher], our vision for growth remain[s] strong." *See* 3d Am. Compl. ¶ 216 (ECF No. 218).  But the Class Plaintiffs apparently do not want the jury to hear whether they themselves thought this seemingly benign and generic statement "significantly altered the 'total mix' of information." *Halliburton II*, 573 U.S. at 278.  The jurors are entitled to hear from the Class Plaintiffs why this statement was material to them

4

(or not) since they claim that it was.  Indeed, the most probative evidence that the statement was not material would be if the Class Plaintiffs (or their investment advisors) testified that the statement was irrelevant to their investment decision.

And this is not a mere hypothetical—such testimony was elicited in discovery. Class Plaintiff United Association National Pension Fund's investment advisor, Eugene Khmelnik, testified that Alta Mesa and Kingfisher's projections in the Proxy were not facts material to his decision to invest:

> Q: So if you – if the unaudited financial projections were included in an investor presentation issued by Silver Run in connection with the business combination, you would have reviewed them?
>
> A: Yes.
>
> Q: And you know that those projections were not fact. Right?
>
> A: Nothing – there's not a lot of facts in the investment business. There's a lot of uncertainty.  So I would have realized that, yes.
>
> Q: And based on your experience as an analyst at Wellington, you knew that companies sometimes don't achieve their projections; is that right?
>
> A: Yeah.
>
> Q: And you, when analyzing AMR, actually discounted management's projections, wouldn't you?
>
> A: Generally, yes.

*See* Khmelnik Dep. at 108:23-109:18 (objections omitted).  The same witness later testified that he "relied on models that [he] built in having [his] own financial projections."  *Id.* at 112:7-13.  Similarly, Thomas Kirchner of Plaintiff Camelot, when asked whether he or

anyone at Camelot had even read the Proxy testified, "Not to my knowledge." *See* Kirchner Dep. at 63:23-64:7.  In other words, the challenged statements in the Proxy were not material to Mr. Khmelnik or Camelot.  The jury is entitled to hear this testimony (and other testimony like this) and rely on it to decide whether the Class Plaintiffs have met their burden to prove that *each* challenged statement was *materially* false or misleading—*i.e.*, that there is a substantial likelihood that the disclosure of the omitted fact or correction of the misstated fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available to the investor.  *See In re Alta Mesa Res., Inc. Sec. Litig.*, 2024 WL 3760481, at *3 (S.D. Tex. Aug. 12, 2024) (citing *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 747 (S.D. Tex. 2012)).

Indeed, courts have repeatedly found evidence concerning individual investors' views probative as to materiality.  *See SEC v. Collectors' Coffee Inc.*, 2023 WL 8111865, at *4 (S.D.N.Y. Nov. 22, 2023) ("[I]t is well established that investor testimony is probative of the materiality of fraudulent statements . . . ."); *Commodity Futures Trading Comm'n v. Walczak*, 2022 WL 855562, at *4 (W.D. Wis. Mar. 23, 2022) ("[Defendant] may provide evidence of actual investors' understanding of the fund, and whether they found material to their own investment decisions defendants' allegedly fraudulent statements."); *Branch-Hess Vending Servs. Emps.' Pension Tr. v. Guebert*, 751 F. Supp. 1333, 1340 (C.D. Ill. 1990) ("While the test of materiality depends upon the hypothetical *reasonable* investor, the actual Plaintiffs' own testimony is both persuasive and revealing.").

The same is true with respect to the element of reliance.  In fact, Class Plaintiffs concede that their testimony about their purchases of Alta Mesa stock is relevant to whether

they can invoke the class-wide fraud-on-the-market presumption of reliance. *See* ECF No. 808 at 3 (Class Plaintiffs arguing that a Court order establishing the presumption applies "would shorten the trial and avoid unnecessary confusion *by eliminating the need for testimony by the Class Representatives*") (emphasis added). And Class Plaintiffs cannot dispute that Defendants can rely upon evidence about the Class Plaintiffs to rebut that presumption even if invoked. *Halliburton II*, 573 U.S. at 268-69, 276. In one of the few federal securities class actions to be tried to verdict in the last decade, *Hsu v. Puma Biotechnology, Inc.*, the court refused to bifurcate due to the relevance of the reliance evidence. There, the parties agreed to reserve "the individual reliance of absent class members" for a later phase. *See Puma*, 2021 WL 2644100, at *1 (C.D. Cal. June 11, 2021). But relying on many of the same cases Class Plaintiffs cite here, the *Puma* lead plaintiff moved to exclude any evidence, argument, or testimony about the lead plaintiff's transactions in Puma stock from phase one as irrelevant to "any element" of liability, including the fraud-on-the-market presumption of class-wide reliance. *See* Pl.'s Mot. in Lim. No. 2 at 2-4, *Hsu v. Puma Biotechnology, Inc.*, No. 15-cv-865 (C.D. Cal. Sept. 25, 2018), ECF No. 513. The *Puma* court denied the motion, finding that such evidence was "relevant to Defendants' rebuttal of the fraud-on-the-market presumption"—that is, to the issue of reliance. *See Hsu v. Puma Biotechnology, Inc.,* 2018 WL 11669124, at *2 (C.D. Cal. Oct. 24, 2018) ("*Puma II*").[2]

---

[2] The court found support in *In re REMEC Inc. Securities Litigation*, which explained that a defendant's showing "that the plaintiff would have bought his stock at the same price had he known the information that was not disclosed or misrepresented" may rebut the fraud-

And finally, the Class Plaintiffs' testimony about the challenged forward-looking statements and the cautionary language that accompanied them is relevant to whether those statements are immunized by the PSLRA safe harbor.[3]  *See* 15 U.S.C. § 78u-5(c)(1) (PSLRA safe harbor); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 371 (5th Cir. 2004) (setting out standard for what makes a statement forward looking).  At trial, the Class Plaintiffs would provide evidence about whether they read and understood the extensive warnings made by Alta Mesa.  For instance, when asked whether he knew the projections in the Proxy could differ from actual results, Class Plaintiff Paul Burbach testified, "As always, with any business, yes.  These are kind of catchalls, you know, just to say, you know . . . we don't know what's going to happen in the future.  Well of course not."  Burbach Dep. at 117:4-11.  Burbach also testified that he reviewed the Risk Factors in the Proxy and knew that the company identified as a risk that "the wells are not quite as successful as they anticipated."  *Id.* at 61:23-62:5.  Defendants are entitled to put on a defense demonstrating that the Class Plaintiffs read and understood these warnings and, as a result, understood the risks that predictions about the future might not come to pass.  In that case, the Class Plaintiffs will have admitted that Defendants' cautionary language was

---

on-the-market presumption.  *See* 702 F. Supp. 2d 1202, 1262 (S.D. Cal. 2010) (internal quotation marks and citation omitted).

[3] In *Sjunde AP-Fonden v. General Electric Co.*, relied upon by Class Plaintiffs, Judge Furman left open the possibility that evidence of Class Plaintiffs' stock purchases could be relevant for purposes other than materiality.  *See* 2024 WL 1208778, at *3 n.3 (S.D.N.Y. Mar. 21, 2014) ("[T]he Court is not prepared to say at this time that Class-Representative-specific evidence is *categorically* inadmissible, just that it is not admissible with respect to materiality, adequacy, or typicality.")

"meaningful" and Defendants therefore cannot be found liable for claims based upon forward-looking statements.

Class Plaintiffs understandably do not want the jury to hear this testimony. But it would be a miscarriage of justice and unduly prejudicial to Defendants to exclude relevant evidence under the guise of trial efficiency. Class Plaintiffs' testimony and the evidence about their decisions to invest in AMR go to the heart of their claims and Defendants' defenses, and the jury should not remain ignorant of those facts as they decide liability.

## II.   ADDRESSING CLASS PLAINTIFFS' RELIANCE IN PHASE ONE WOULD BE MORE EFFICIENT AND ORDERLY

Class Plaintiffs' proposal is also inefficient, because it makes it impossible for the jury to render a judgment in Phase One.

Defendants' Approach. Under Defendants' approach, if the jury finds that Class Plaintiffs did not in fact rely on any purported misstatements or omissions, then the Court must enter judgment in Defendants' favor on Class Plaintiffs' Section 10(b) claims after Phase One. *See, e.g.*, *Halliburton II*, 573 U.S. at 263 (plaintiffs can establish liability "only if they prove that they relied on the defendant's misrepresentation [or omissions] in deciding to buy or sell a company's stock"). That outcome would, in turn, require the Court to decertify the class with respect to the Section 10(b) claims because the lack of reliance by a lead plaintiff would make its "claims far different from those of the class [it] purports to represent." *Dubin v. Miller*, 132 F.R.D. 269, 274-75 (D. Colo. 1990) (decertifying class); *see, e.g.*, *Rand v. Cullinet Software, Inc.*, 847 F. Supp. 200, 213-14 (D. Mass. 1994) (decertifying class where class representative was inadequate

9

representative); *see also* Fed. R. Civ. P. 23(c)(1)(C) (class certification order "may be altered or amended" at any time before final judgment).  Judicial resources are plainly better served by determining as soon as possible—*i.e.*, in Phase One—whether that result is warranted.

Plaintiffs' Approach.  By contrast, Class Plaintiffs' proposal—which would defer resolution of Class Plaintiffs' reliance to Phase Two—risks a highly inefficient process. Class Plaintiffs' approach to Phase One would not conclusively resolve liability issues, because (1) reliance is an element of the Section 10(b) claim that must be established by Class Plaintiffs in order to establish liability, and (2) reliance cannot be established until Defendants have the opportunity to rebut the presumption of reliance as to Class Plaintiffs. Under Class Plaintiffs' approach, if they prevail on all other elements of their Section 10(b) claims at trial, the parties would then proceed to Phase Two, in which they would expend massive resources to identify who the individual class members are, whether they are entitled to damages, and what the exact amount of those damages are (if any).  *See* Mot. at 2.  It is also likely that Phase Two will require additional motions practice, including briefing related to discovery, summary judgment, and pretrial matters—not to mention any Phase Two trial itself.

Under Plaintiffs' proposal, all of this work by the parties, Court, and class members could be borne only to discover at the end of the process that it was all unnecessary because Class Plaintiffs themselves cannot establish reliance.  Thus, it is Class Plaintiffs' proposal, not Defendants', that stands to prejudice the Court and all parties by burdening them with potentially unnecessary work when the issue of Class Plaintiffs' reliance is ripe now and

ready to be tried in Phase One. Discovery of the Class Plaintiffs has already been completed, including depositions of representatives of the Class Plaintiffs, and the parties have already identified the relevant evidence for trial.

In other words, the parties are ready and able to try all of the issues in this case with respect to the Class Plaintiffs and there is no good reason to postpone consideration of these issues until a second trial with a different jury on some distant date in the future. *See Audet v. Fraser*, 2020 WL 2113620, at *7 (D. Conn. May 4, 2020) (bifurcating securities class action and addressing all issues of liability in first phase of trial); *Puma II*, 2018 WL 11669124, at *2 (denying plaintiff's motion to exclude evidence regarding individual relevance and finding it relevant to the defendants' argument to refute the fraud-on-the-market presumption).

Class Plaintiffs cite a laundry list of cases to make it appear as though courts overwhelmingly favor bifurcation, but most of those decisions are inapt. Several of Plaintiffs' authorities either do not concern bifurcation of trial at all,[4] or else concern high-level questions of whether or when a trial should be bifurcated,[5] or are inapplicable because

---

[4] *See Lawrence E. Jaffe Pension Plan v. Household Int'l*, 2005 WL 3801463, at *4 (S.D.N.Y. Apr. 18, 2005) (concerning motion to quash third-party subpoena); *In re Lucent Techs. Inc. Sec. Litig.*, 2002 WL 32818345, at *1 (D.N.J. May 9, 2002) (adjudicating motion to compel).

[5] *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 351 (S.D.N.Y. 2015) (ruling on class certification and reserving questions of "specific procedures for management" of bifurcated issues).

the parties consented to bifurcation.[6]  And others were tentative rulings or presented unique facts.[7]  Finally, in *Arthur Young & Co. v. United States District Court.*, 549 F.2d 686, 697 (9th Cir. 1977), the court allowed *liability* to be bifurcated from *damages*—it did not permit the liability determination itself to be split into two phases, as Plaintiffs seek to do here by preventing any judgment from occurring in Phase One.  Excluding evidence of lead plaintiffs' reliance from Phase One would be a gross abuse of discretion.

---

[6] *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 585-86 (S.D.N.Y. 2011) (acknowledging that Court had not issued any order before trial concerning which issues were reserved for the second phase); Tr. of Oral Arg. at 16, *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 11-cv-3658 (S.D.N.Y. Oct. 20, 2014), ECF No. 240 (Johnson Ex. 2, ECF No. 809-3) ("As it is unopposed, plaintiff's motion to exclude evidence and argument relating to the investment decisions of plaintiffs is granted."); Defs.' Opp'n to Pl.'s Mots. in Lim. at 12, *In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 5150084, at *12 (N.D. Cal. Sept. 25, 2007) (parties "already have stipulated" to address lead plaintiffs in phase two); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375315, at *1 (S.D.N.Y. Feb. 7, 2005) (agreeing to address all individual issues in later phase of trial where "[r]eliance is not an element"); Order Concerning Trial Procedures at 1, *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal. May 8, 2020), ECF No. 499 (Johnson Ex. 1, ECF No. 809-2) ("*The parties agree* that the trial . . . shall address class-wide issues (Phase One), and individual issues, in the event Plaintiffs prevail in Phase One, will be addressed in Phase Two.") (emphasis added).

[7] Order re Reliance Issue, *In re Vesta Ins. Grp., Inc. Sec. Litig.*, No. 98-cv-1407 (N.D. Ala. Aug. 20, 2008), ECF No. 459 (Johnson Ex. 3, ECF No. 809-4); *id.* Final J. & Order of Dismissal [after settlement] (N.D. Ala. Dec. 12, 2008), ECF No. 487) (tentative ruling subject to reconsideration; however, case settled); *Baker v. SeaWorld Ent., Inc.*, 2022 WL 298662, at *1 (S.D. Cal. Jan. 31, 2022) (case settled).  *See also In re ICN/Viratek Sec. Litig.,* 1996 WL 34448146, at *4 (S.D.N.Y. July 15, 1996) (acknowledged class representative's testimony may be relevant to materiality, but defendants proposed to call six different witnesses to prove the same point).

## III.   TESTIMONY ABOUT THE CLASS PLAINTIFFS WILL NOT CONFUSE THE JURY

Class Plaintiffs assert that if the jury hears evidence about Class Plaintiffs' investment decisions, they will be confused about the issues of reliance and materiality, Mot. at 8, and will not be able to understand the differences between the Class Plaintiffs' and Individual Action Plaintiffs' respective claims, *id.* at 3.  They drastically overstate the potential for confusion, but any purported confusion can in all events be obviated through well-crafted jury instructions.  *See Crown Cork & Seal Co., Inc. Master Ret. Tr. v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 335 (S.D.N.Y. 2013) (denying motion to sever securities defendants because the court could "minimize any . . . prejudice by giving limiting instructions to the jury"); *SEC v. Leslie*, 2010 WL 2991038, at *6 (N.D. Cal. July 29, 2010) (denying motion to sever securities claims because "careful jury instructions" would address any confusion), *modified on other grounds*, 2010 WL 3259375 (N.D. Cal. Aug. 18, 2010).  The Court already rejected Class Plaintiffs' concerns regarding confusion caused by the presence of the Individual Action Plaintiffs when it denied Class Plaintiffs' earlier motion for separate trials.  ECF No. 725.  *See also* Pl.'s Mot. for J. as Matter of Law*, In re Tesla, Inc. Sec. Litig.,* 2023 WL 7164333, at *13 n.4 (N.D. Cal. Mar. 7, 2023) (noting court had permitted testimony about direct reliance despite additional claims relying on the presumption of reliance).  Indeed, if there is potential for any confusion or prejudice that could not be cured by careful instructions, it is the confusion or prejudice that may result if only some, but not all, of the plaintiffs bringing fraud claims are subject to cross-examination by Defendants before the jury renders a liability verdict.

## **<u>CONCLUSION</u>**

Defendants respectfully request that this Court grant Class Plaintiffs' request to bifurcate trial to litigate issues related to absent class members in a Phase Two trial, but deny Class Plaintiffs' request to exclude all evidence and testimony specific to Class Plaintiffs from Phase One.

Dated: September 27, 2024     Respectfully submitted,

By */s/ J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
S.D. Tex. Bar No. 3398485
Andrew S. Clubok
S.D. Tex. Bar No. 3891875
Matthew J. Peters (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Henry Zaytoun III (*pro hac vice*)
Jansen VanderMeulen (*pro hac vice*)
William Tazewell Jones (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
christian.word@lw.com
andrew.clubok@lw.com
matthew.peters@lw.com
sarah.gragert@lw.com
laura.bladow@lw.com
henry.zaytoun@lw.com
jansen.vandermeulen@lw.com
taz.jones@lw.com

Heather A. Waller
S.D. Tex. Bar No. 2886108
Kathryn George (*pro hac vice*)
Arthur F. Foerster (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
heather.waller@lw.com
katie.george@lw.com
arthur.foerster@lw.com

Ashley Gebicke (*pro hac vice*)

15

**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
(828) 523-5400
ashley.gebicke@lw.com

*Counsel for Alta Mesa Resources, Inc.,*
*Harlan H. Chappelle, Michael E. Ellis,*
*William D. Gutermuth, James T. Hackett,*
*Ronald Smith, Jeffrey H. Tepper, Diana J.*
*Walters, and Riverstone Holdings LLC*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
Winston & Strawn LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-counsel for Harlan H. Chappelle and*
*Michael E. Ellis*

Kenneth A. Young (Attorney-in-Charge)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS
INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Emails:
kenneth.young@kirkland.com
nick.brown@kirkland.com

*Counsel for Bayou City Energy Management,
LLC*

Karl S. Stern (attorney in charge) (SBN
19175665)
Christopher D. Porter (SBN 24070437)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000 / Facsimile: (713)
221-7100
Email: karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com

**-AND-**

Michael B. Carlinsky (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000 / Facsimile: (212)
849-7100
Email: michaelcarlinsky@quinnemanuel.com
courtneywhang@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Counsel to HPS Investment Partners, LLC*

James L. Silliman (attorney in charge) (SBN
24081416)

**EVERSHEDS SUTHERLAND (US) LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Fax: (713) 654-1301
jimsilliman@eversheds-sutherland.com

Bruce M. Bettigole (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
Jessica R. Rodgers (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com
jessicarodgers@eversheds-sutherland.com

Samantha N. Darnell (*pro hac vice*)
Ian Jones (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309
Telephone: (404) 853-8004
Fax: (404) 853-8806
samanthadarnell@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

*Counsel for ARM Energy Holdings, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


*/s/ J. Christian Word*
J. Christian Word
