# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

CASE NO. 4:19-CV-00957

**CLASS PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER (1) THAT ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION OF RELIANCE WERE ESTABLISHED BY THE CLASS CERTIFICATION ORDER AND/OR (2) TAKING JUDICIAL NOTICE THAT ELEMENTS OF THE FRAUD ON THE MARKET PRESUMPTION ARE MET IN THIS CASE**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................. 1

II.    ARGUMENT ........................................................................................... 3

    A.    Judicial Notice of Class Certification Related Facts is Appropriate ............. 3

    B.    Defendants Make No Attempt to Dispute the Fraud on the Market Presumption Elements ..................................................................... 4

        1.    The Statements were Publicly Made ................................................. 4

        2.    Alta Mesa Securities Traded in an Efficient Market ......................... 5

        3.    Class Members Traded AMR Securities During the Class Period Between the Misrepresentations and Omissions and Disclosures ..... 5

    C.    The Class Certification Order Establishes the Elements and Has Not Been Disturbed .......................................................................... 7

III.    CONCLUSION ...................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Doe v. Karadzic*,
    192 F.R.D. 133 (S.D.N.Y. 2000)...................................................................... 7

*Gordon v. Hunt*,
    117 F.R.D. 58 (S.D.N.Y. 1987)........................................................................ 7

*In re Atlantic Fin. Fed. Sec. Litig.*,
    No. 89–645, 1992 WL 50072 (E.D. Pa. Feb. 28, 1992)........................................ 7

*Lumen v. Anderson*,
    280 F.R.D. 451 (W.D. Mo. 2012) ..................................................................... 5

*Unger v. Amedisys Inc.*,
    401 F.3d 316 (5th Cir. 2005) ....................................................................... 5, 9

**Rules**

Fed. R. Civ. P. 23(b)............................................................................................ 7

Fed. R. Civ. P. 23(c)............................................................................................ 7

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Class Plaintiffs' Motion asks the Court to shorten and simplify the trial presentation in this consolidated class action by taking judicial notice of three facts that have not been disputed in the several years since they were first alleged: (1) that the alleged misstatements were publicly known; (2) that AMR securities traded in an efficient market; and (3) that Class Members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed.  Dkt. 808 ("Motion") at 2, 10.  Defendants did not contest any of these facts at the Class Certification stage of the case and, while they oppose the Motion and every other effort to simplify the trial, they do not actually contest these facts or suggest how they would do so at trial.

Defendants essentially *concede* the first fact, admitting "the Class may be correct that the statements they challenge were publicly available," (Dkt. 838 ("Opp.") at 11 n. 6). And of course they have never disputed, and cannot dispute, that AMR's filings with the SEC, press releases, and investor presentations containing the alleged misstatements were publicly known.

Defendants also effectively concede the second fact, that the AMR securities traded in an efficient market, by pointing out that their *damages* expert, Rene Stulz, believes the market actually incorporated new information faster (*i.e.* more efficiently), than Class Plaintiffs' expert observed in connection with his analysis of damages.  While the question of the proper event window that Defendants' expert raises for damages purposes is irrelevant to the question of overall market efficiency, those defense arguments necessarily assume the efficiency of the market for AMR securities, thereby belying any contrary

argument by the defense in connection with this motion. Indeed, Stulz confirmed under oath that he is *not* offering an opinion that the market for AMR securities was not efficient. Ex. A (Stulz Dep. Tr.) at 48:19-49:1.[1]

Defendants also do not contest the third fact, that Class Members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed.  Instead, Defendants make the irrelevant observation that the jury might conclude that they did not make any misstatements or made only some of the alleged misstatements. This is a straw man argument that has nothing to do with the relief sought by the Motion. Class Plaintiffs simply ask the Court to find that members of the Class purchased AMR securities between the time when the alleged misstatements were made and the dates on which the truth was allegedly revealed.  Defendants do not and cannot dispute this.  The average trading volume of AMR securities, drawn from publicly available sources, was more than a million shares per day, and the Class is defined to include all such purchasers (with certain exclusions for defendants and the Individual Action Plaintiffs).  The question of whether the alleged misstatements and omissions were materially misleading is for the jury and is not at issue or relevant to this motion.

Plainly stated, these three factual elements of the fraud on the market presumption of reliance are not credibly contested by Defendants and are readily apparent from facts generally known and not in dispute (such that judicial notice is appropriate). Moreover, these three elements have been previously established by the Court's Class Certification

---

[1] "Ex. __" refers to the exhibits to the Declaration of Andrew J. Entwistle, filed herewith.

Order which stands as the law of the case unless and until Defendants seek decertification of a Class.  No such application is made here, nor could it be on the undisputed record. For those reasons and the reasons set forth below the Court should take judicial notice of these factual elements of the fraud on the market presumption: (1) that the alleged misstatements were publicly known; (2) that AMR securities traded in an efficient market; and (3) that Class Members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed.

## II.   ARGUMENT

### A.   Judicial Notice of Class Certification Related Facts is Appropriate

Defendants' complaint that the Motion is "tantamount to a belated motion for summary judgment" (Opp. at 3) is nonsense.  All Class Plaintiffs are asking the Court to do here is to take judicial notice of three factual elements of the fraud on the market presumption that have previously been established to the satisfaction of the Court on Class Certification and which Defendants did not then, and do not now, contest.  And no one disputes that taking judicial notice of these three factual elements will streamline the trial by avoiding the need to have the jury hear testimony from, *inter alia*, the Class Plaintiffs' market efficiency expert, Michael Hartzmark, on the same matters that are already part of the fulsome class certification record.  In fact, the only reason Class Plaintiffs had to seek judicial notice of these established and undisputed facts is that Defendants advised they would not stipulate to them (even though Defendants now concede that judicial notice is appropriate at least for some facts, including that Alta Mesa securities traded on the NASDAQ market). Opp. at 11.

3

Defendants also argue judicial notice is inappropriate because the elements of the presumption are not facts but "legal conclusions that Defendants dispute." Defendants are wrong. The motion seeks judicial notice of three previously established *factual* elements of the fraud on the market presumption, not any legal conclusions.[2]

### B. Defendants Make No Attempt to Dispute the Fraud on the Market Presumption Elements

Defendants chose not to dispute the three relevant fraud-on-the-market factual elements at the class certification stage, or when Class Plaintiffs sought leave to publish class notice, and do not actually contest any of these facts here.

### 1. The Statements were Publicly Made

As detailed in the Motion, all of the SEC filings, press releases and investor presentations containing the alleged misstatements were (and mostly still are) publicly available. Motion at 7-8. In their Opposition, Defendants concede "the Class may be correct that the statements they challenge were publicly available." Opp. at 11 n.6. That concession, along with the clearly judicially noticeable fact that all of the alleged misstatements and omissions were in publicly available SEC filings, press releases, and investor presentations, ends the inquiry here. There simply is no dispute that each of the alleged misstatements in the class case were publicly made.

---

[2] Class Plaintiffs are not asking the Court to deem the fourth element of the fraud on the market presumption of reliance – the that alleged misstatements or omissions were material – established or judicially noticed. The jury will determine whether Defendants' misstatements and omissions were material and the fraud on the market presumption of reliance is only applicable if the jury does so.

2. <u>Alta Mesa Securities Traded in an Efficient Market</u>

Defendants cite *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) for the proposition that determining market efficiency at the class certification stage is a "preliminary finding." Opp. at 9. But they ignore the fact that *Unger* involved a small-cap stock traded "over the counter" and the Fifth Circuit explicitly stated that "[i]n many cases, where heavily-traded or well known stocks are the target of suits, market efficiency will not even be an issue." *Unger*, 401 F.3d at 322. This case, which involves securities traded on the NASDAQ exchange, is exactly one of those cases. *See also, Lumen v. Anderson*, 280 F.R.D. 451, 459 (W.D. Mo. 2012) ("It would be remarkable for a court to conclude NASDAQ is not an efficient market."). Defendants have effectively conceded this fact by referencing their damages expert who *assumes* market efficiency and specifically testified that he was not offering an opinion the market for AMR securities was inefficient. Opp. at 6-7.

And, as discussed in Section C, *infra*, the undisputed record on Class Certification more than supports the Court's prior finding that AMR securities traded in an efficient market.

3. <u>Class Members Traded AMR Securities During the Class Period Between the Misrepresentations and Omissions and Disclosures</u>

There is similarly no credible argument that Class Members did not trade AMR securities between when each of the challenged statements were made and the later revelations of the truth. Here, the Class includes all persons or entities that purchased AMR securities during the Class Period (with some exclusions not relevant here). That the AMR

securities were traded every day the market was open, with an average daily trading volume of more than one million shares *per day* is not in dispute.[3]   In other words, Class Members were purchasing shares on literally every single trading day during the Class Period. Accordingly, if the jury finds that Defendants are liable for *any* of the alleged misstatements or omissions, an identifiable set of Class Members will have purchased securities after those misstatements and omissions were made and before the truth was revealed.

Defendants argue that "whether class members traded AMR securities between the making and subsequent correction of any misrepresentation depends upon Class Plaintiffs' first proving that the challenged statements were materially false and misleading and that a later statement revealed the truth."  Opp. at 7.  But that conflates two separate and unrelated issues, the latter of which is not relevant to Class Plaintiffs' request here.  The first issue—whether members of the Class traded AMR securities during the Class Period—is not and cannot be disputed. That is what we are asking the Court to take judicial notice of here. The second issue, whether Class Plaintiffs have proven their claims regarding the alleged misrepresentations and omissions is for the jury and is plainly not at issue on this Motion.

---

[3] Specifically, Dr. Hartzmark found the daily trading volume of AMR stock during the Class Period ranged from 3,647 shares to 28,913,257 shares.  The average daily trading volume during the during the Class Period was 1,160,398 shares.  *See,* Ex. B, excerpt of Dkt. 188-1, Expert Report of Dr. Hartzmark at Exhibit I (noting a 5.6% average weekly turnover, far in excess of the 2% average weekly turnover to justify a strong presumption that the market for the security is an efficient one).

## C.     The Class Certification Order Establishes the Elements and Has Not Been Disturbed

Not only are the three elements presented by the Motion judicially noticeable, they have already been implicitly found by the Court in this case. This Court's Certification Order was required to "find" the facts and conclusions necessary for class certification. Fed. R. Civ. P. 23(b)(3).  The parties agree that in order to find "predominance," the Court was required to – and did – find that the fraud on the market presumption applies.

The Certification Order does state that the parties' rights are preserved under Fed. R. Civ. P. 23(c)(1)(C) – *i.e.* to move to decertify the class.  But Defendants have *not* moved for decertification.  Such a motion would certainly fail.  In the decertification context, "the defendant bears a heavy burden to show that there exist clearly changed circumstances that make continued class action treatment improper."  *In re Atlantic Fin. Fed. Sec. Litig.*, No. 89–645, 1992 WL 50072, at *2 (E.D. Pa. Feb. 28, 1992); *Gordon v. Hunt*, 117 F.R.D. 58, 61 (S.D.N.Y. 1987) (finding that a class action defendant "bear[s] a heavy burden to prove the necessity of . . . the drastic step of decertification").   Reconsideration of class certification is warranted only if there is a showing of a "significant intervening event" or "compelling reasons" that could render the requirements of Rule 23 no longer satisfied. *Doe v. Karadzic*, 192 F.R.D. 133, 136–37 (S.D.N.Y. 2000).  Defendants have not identified any intervening event or compelling reason here.

The only thing Defendants do is point to a difference in opinion between Class Plaintiffs' damages expert, Feinstein, and Defendants' damages expert, Stulz, over whether multi-day event windows or single-day event windows are more appropriate, with

Defendants' expert claiming the market for AMR securities was *so efficient* it incorporated the disclosed truth within one day.  Opp. at 7.  The dispute between Feinstein and Stulz is about the *amount of damages*, not market efficiency.  Stulz confirmed as much at his deposition:

> Q.  Do you intend to offer testimony at trial to the effect that the market for Alta Mesa's stock was not efficient?
>
> A. I am not going to offer an affirmative opinion that the market for Alta Mesa's stock was not efficient.
>
> Q. Right.  And is it not correct that your report does not contain an opinion regarding whether or not Alta Mesa's stock traded in an efficient market?
>
> A.  That is correct

Ex. A at 48:21-49:8 (objections omitted).

Defendants' expert also conceded that the Court already found "as part of class certification the market for Alta Mesa securities was deemed to be efficient."  *Id*. at 47:22-25.  Indeed, neither Stulz nor any other defense expert critiqued or rebutted any of the opinions offered by Class Plaintiffs' market efficiency expert, Hartzmark.  As Stulz confirmed at his deposition, "I don't intend to offer any opinions on Professor Hartzmark's report or his opinions."  *Id*. at 47:14-16.

Defendants' other arguments about the Certification Order—which they never contested and do not actually contest now—fare no better.  For example, while Defendants cite cases stating that class certification orders are procedural determinations, they wholly ignore that same body of case law holds that Courts should not "expand[] the . . . certification analysis to include consideration of whether the proposed class is likely to

prevail ultimately on the merits," *Unger*, 401 F.3d at 326 (concurring opinion), which is precisely what Defendants seem to be asking the Court to do here.  The other cases cited by Defendants are wholly inapt and would not support an actual challenge to the Court's Certification Order and related factual findings even if had one been made here.

## III.   CONCLUSION

For the foregoing reasons, the Court should deem the following facts conclusively established as the law of the case and/or judicially noticed: (1) that the alleged misstatements were publicly known; (2) that AMR securities traded in an efficient market; and (3) that Class Members traded AMR securities between when the alleged misrepresentations were made and when the truth was revealed.

Dated: October 4, 2024

Respectfully submitted,

/s/ Andrew J. Entwistle

Andrew J. Entwistle (attorney-in-charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7278

-and-

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Co-Lead Counsel for the Class*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

/s/ Trig Smith

Trig Smith (*pro hac vice*)
Tor Gronborg (*pro hac vice*)
John Kelley (*pro hac vice*)
Stephen Johnson (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

-and-

Shawn A. Williams (*pro hac vice*)
Daniel J. Pfefferbaum (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile:  (415) 288-4534

*Co-Lead Counsel for the Class*