EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DIVISION OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |

## DEFENDANT ALTA MESA RESOURCES, INC.'S RESPONSES AND OBJECTIONS TO CLASS PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Alta Mesa Resources, Inc. ("AMR"), by and through undersigned counsel, hereby submit its responses and objections to Class Plaintiffs' Requests for Admission to Defendant Alta Mesa Resources, Inc., dated July 31, 2023 (individually, "Request" and, collectively, the "Requests").

AMR bases the following responses on facts, documents, and information presently known and available to it after reasonable inquiry.  AMR reserves the right to alter, supplement, amend, or otherwise modify these responses in any manner, at any time, in light of additional facts revealed through subsequent inquiry or otherwise brought to its attention.

AMR's responses are made without waiving, in any way, (i) the right to object on any basis permitted by law to the use of any information provided in its responses for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (ii) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of AMR's responses.

## GENERAL OBJECTIONS

The following objection is continuing in nature and applies to each Request. Each individual response below is made subject to and without waiver of this objection. AMR objects to the Requests to the extent they call for information that is not relevant to any cause of action or defense of any party in this action or proportional to the needs of this case, in contravention of Rule 26(b)(1) of the Federal Rules of Civil Procedure. AMR submits these responses without conceding the relevance or materiality of the subject matter of any Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The objections that follow concern Class Plaintiffs' Definitions and Instructions and are applicable to each Request, unless otherwise noted, and are hereby incorporated into each and every individual response.

1.     AMR objects to the definition of "AMR" and "Alta Mesa" (Definition No. 1) to the extent it purports to construe references to "AMR" and "Alta Mesa" to include unspecified or undefined "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures," "present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing," on the grounds that the definition is vague, overly broad, unduly burdensome and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case. For purposes of responding to these Requests, and unless otherwise noted, AMR will understand "AMR" and "Alta Mesa" to mean Alta Mesa Resources, Inc. and Silver Run Acquisition Corporation II ("Silver Run"), as well as, for the period after the "Business Combination" (Definition No. 2), Alta Mesa Holdings, LP ("AMH") and Kingfisher Midstream LLC ("KFM"), subject to all applicable objections herein.

2.     AMR objects to the definition of "EUR" (Definition No. 6) to the extent the definition means something other than the definition for the term "EUR" provided in the Proxy

(Definition No. 10).

3.      AMR objects to the definition of "Kingfisher" and "KFM" (Definition No. 7) to the extent that it purports to include unnamed "subsidiaries," on the basis that such a construction is vague, overly broad, unduly burdensome, and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case.  For purposes of responding to these Requests, AMR will construe "Kingfisher" and "KFM" to mean Kingfisher Midstream LLC, subject to all applicable objections herein.

4.      AMR objects to the definition of "Proxy" (Definition No. 10) to the extent it purports to include "all drafts and amendments."  For purposes of responding to these Requests, AMR will construe "Proxy" to mean the final Proxy statement filed with the Securities and Exchange Commission on January 19, 2018.

5.      AMR objects to the definition of "You," "Your," and "Yours" (Definition No. 11) to the extent it purports to include anyone other than Alta Mesa and Silver Run, as well as, for the period after the Business Combination, AMH and KFM.

6.      AMR objects to Paragraphs 1 through 14 of the Instructions to the extent they purport to impose upon it discovery obligations, including the obligation to supplement these responses, that are greater than or different from those imposed by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the Southern District of Texas ("Local Rules"), or any Order entered by the Court in these proceedings.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1.

Admit between August 16, 2017 and the close of the Business Combination, Alta Mesa (then Silver Run II) did not have any employees.

### AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1.

Denied.

### REQUEST FOR ADMISSION NO. 2.

Admit between August 16, 2017 and the close of the Business Combination, all of Alta Mesa's (then Silver Run II) employees were affiliated with or employed by Riverstone.

### AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2.

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  AMR also objects that Request No. 2 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "Riverstone" in Request No. 2 identifies the incorrect Riverstone entity.  For purposes of responding to Request No. 2, AMR will understand "Riverstone" to mean Riverstone Holdings, LLC, the only Riverstone entity named as a Defendant in the above-captioned litigation. Subject to and without waiving any foregoing objections, AMR admits that the officers of Silver Run II were affiliated with Riverstone, and denies the remaining portion of Request No. 2.

### REQUEST FOR ADMISSION NO. 3.

Admit Alta Mesa had fewer than 6 horizontal drilling rigs operating in its STACK acreage as of September 30, 2017.

### AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3.

Denied.

**REQUEST FOR ADMISSION NO. 4.**

Admit Alta Mesa had fewer than 6 rigs horizontal drilling rigs operating in its STACK acreage in October 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4.**

Denied.

**REQUEST FOR ADMISSION NO. 5.**

Admit Alta Mesa had fewer than 6 horizontal drilling rigs operating in its STACK acreage in November 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5.**

Denied.

**REQUEST FOR ADMISSION NO. 6.**

Admit Alta Mesa had fewer than 6 horizontal drilling rigs operating in its STACK acreage in December 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6.**

Denied.

**REQUEST FOR ADMISSION NO. 7.**

Admit Alta Mesa had fewer than 6 horizontal drilling rigs operating in its STACK acreage as of January 1, 2018.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7.**

Denied.

**REQUEST FOR ADMISSION NO. 8.**

Admit the presentation contained in deposition exhibit CP-0407 was provided to investors on August 17, 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that the presentation contained in deposition exhibit CP-0407 was filed with the SEC on August 17, 2017, and denies the remaining portion of Request No. 8.

**REQUEST FOR ADMISSION NO. 9.**

Admit that You published the presentation contained in deposition exhibit CP-0407 on or about August 17, 2017

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that the presentation contained in exhibit CP-0407 was filed with the SEC on August 17, 2017, and denies the remaining portion of Request No. 9.

**REQUEST FOR ADMISSION NO. 10.**

Admit deposition exhibit CP-0409 contains an accurate reconstruction of the footnotes to Slide 14 of the presentation provided to investors on August 17, 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to an without waiving the foregoing objections, AMR admits that CP-0409 appears to contain the footnotes contained in Slide 14 of CP-0407, and denies the remaining portion of Request No. 10.

**REQUEST FOR ADMISSION NO. 11.**

Admit the NAV buildup shown on Slide 14 of that presentation was based in part on the assumption that if Alta Mesa drilled 12 horizontal wells per section in the Mississippian aged rock

across much of its STACK acreage, those wells would yield, on average, hydrocarbons in line with the actual results and projected future results from the horizontal wells Alta Mesa had previously drilled as single wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11.**

Denied.

**REQUEST FOR ADMISSION NO. 12.**

Admit deposition exhibit Alyeska 39 is a true copy of a presentation provided to the public on March 29, 2018.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that deposition exhibit Alyeska 39 is a true copy of a presentation provided to the public on March 29, 2018, and denies the remaining portion of Request No. 12.

**REQUEST FOR ADMISSION NO. 13.**

Admit deposition exhibit CP-0416 is a true copy of the presentation provided to the public in connection with the May 14, 2018 First Quarter 2018 Operational Update.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 13.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that deposition exhibit CP-0416 is a true copy of Exhibit 99.2 to the Current Report on Form 8-K filed by AMH with the SEC on May 14, 2018, and denies the remaining portion of Request No. 13.

**REQUEST FOR ADMISSION NO. 14.**

Admit deposition exhibit CP-0053 is a true copy of the final Proxy statement filed with the SEC on or about January 18, 2018.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 14.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to the foregoing objections, AMR admits deposition exhibit CP-0053 is a true copy of the final Proxy statement filed with the SEC in January 2018, and denies the remaining portion of Request No. 14.

**REQUEST FOR ADMISSION NO. 15.**

Admit the "Alta Mesa Projections" contained on page 173 of the Proxy were prepared by You (then Silver Run II).

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 15.**

Denied.

**REQUEST FOR ADMISSION NO. 16.**

Admit the "Alta Mesa Projections" contained on page 173 of the Proxy were prepared by Riverstone.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 16.**

Denied.

**REQUEST FOR ADMISSION NO. 17.**

Admit the "Kingfisher Projections" contained on page 173 of the Proxy were prepared by You (then Silver Run II).

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 17.**

Denied.

**REQUEST FOR ADMISSION NO. 18.**

Admit the "Kingfisher Projections" contained on page 173 of the Proxy were prepared by Riverstone.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 18.**

Denied.

**REQUEST FOR ADMISSION NO. 19.**

Admit the Citi Model served as the basis for the "Alta Mesa Projections" and "Kingfisher Projections" contained on page 173 of the Proxy.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 19.**

Denied.

**REQUEST FOR ADMISSION NO. 20.**

Admit the Citi Model assumed Kingfisher's cryo plant would start increasing production starting in the third quarter of 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 20.**

Denied.

**REQUEST FOR ADMISSION NO. 21.**

Admit the $42 million in 2017 EBITDA projected for Kingfisher on page 173 of the Proxy was based on a model that did not Include Kingfisher's actual financial results for the first three quarters of 2017.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 21.**

Denied.

**REQUEST FOR ADMISSION NO. 22.**

Admit the "Kingfisher Projections" on page 173 of the Proxy Included projected revenues from potential third party producers that at the time were not contracted KFM customers.

9

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 22.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 23.**

Admit the Proxy states on page 170 "Of the 220 wells drilled, over 183 were on production, and of that number, about 116 had sufficient production history give Alta Mesa's management confidence that Alta Mesa's type well EUR is greater than 650 MBOE."

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 23.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to the foregoing objections Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 24.**

Regarding the "type well" referenced on page 170 of the Proxy, admit that Alta Mesa's management had excluded wells from its type well analysis on the basis that those wells had low original oil in place ("OOIP").

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 24.**

Denied.

**REQUEST FOR ADMISSION NO. 25.**

Regarding the "type well" referenced on page 170 of the Proxy, admit that Alta Mesa's management had excluded wells from its type well analysis on the basis that those wells had high water production.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 25.**

Denied.

**REQUEST FOR ADMISSION NO. 26.**

Regarding the "type well" referenced on page 170 of the Proxy, admit that Alta Mesa's management had excluded wells from its type well analysis on the basis that those wells were drilled close to other wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 26.**

Denied.

**REQUEST FOR ADMISSION NO. 27.**

Regarding the "type well" referenced on page 170 of the Proxy, admit that Alta Mesa's management had Included in its analysis predominantly unbounded wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 27.**

Denied.

**REQUEST FOR ADMISSION NO. 28.**

Admit that, when the Proxy was issued, Alta Mesa planned to drill mostly wells that were not unbounded.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 28.**

Denied.

**REQUEST FOR ADMISSION NO. 29.**

Admit the figure 4,000 primary gross locations referenced on page 170 of the Proxy depended on the assumption that Alta Mesa would drill more than 10 wells per section across much of its STACK acreage.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 29.**

Denied.

**REQUEST FOR ADMISSION NO. 30.**

Admit the 4,000 primary gross locations referenced on page 170 of the Proxy Included mostly bounded locations.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 30.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 31.**

Admit the 4,000 primary gross locations referenced on page 170 of the Proxy Included well locations that had low OOIP.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 31.**

Denied.

**REQUEST FOR ADMISSION NO. 32.**

Admit the production and financial projections in the Proxy at page 173 were based in part on the assumption that Alta Mesa's type well would yield 250 MBO.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 32.**

Denied.

**REQUEST FOR ADMISSION NO. 33.**

Admit You publicly referred to a "base case development concept" for 12 to 14 wells per section in a September 2017 Investor Presentation.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 33.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  AMR objects to the term "September 2017 Investor Presentation" as vague, ambiguous, and undefined. AMR understands the term

12

"September 2017 Investor Presentation" to refer to Exhibit 99.1 to the Current Report on Form 8-K filed by AMH with the SEC on September 14, 2017.  Subject to and without waiving the foregoing objections, AMR admits that slide 29 of the September 2017 Investor Presentation depicts a "base case development concept," and denies the remaining portion of Request No. 33.

**REQUEST FOR ADMISSION NO. 34.**

Admit the statement in deposition exhibit CP-0407 conveys that Alta Mesa's had a plan to drill twelve wells per section across its STACK acreage, Including through the statement that: "Alta Mesa's 4,196 Identified Gross Drilling Locations are the primary focus of the near-term development plan" (slide 14) and the diagram on slide 23.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 34.**

Denied.

**REQUEST FOR ADMISSION NO. 35.**

Admit neither AMH nor AMR ever had a near term plan to drill twelve wells per section in its STACK acreage.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 35.**

Denied.

**REQUEST FOR ADMISSION NO. 36.**

Admit that Alta Mesa never drilled 12 or more wells in a section.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 36.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 37.**

Admit the "Bullis-Coleman" pattern test contained 10 wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 37.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that the Bullis-Coleman pattern development contained 10 wells, and denies the remaining portion of Request No. 37.

**REQUEST FOR ADMISSION NO. 38.**

Admit the pattern with "1,000 ft spacing / 3 benches" in "Section 9 & 10 17N 6W" on slide 57 of the September 2017 Investor Presentation refers to the Bullis-Coleman pattern test.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 38.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  AMR objects to the term "September 2017 Investor Presentation" as vague, ambiguous, and undefined.  AMR understands the term "September 2017 Investor Presentation" to refer to Exhibit 99.1 to the Current Report on Form 8-K filed by AMH with the SEC on September 14, 2017.  Subject to and without waiving the foregoing objections, AMR admits that the pattern with "1,000 ft spacing / 3 benches" in "Section 9 & 10 17N 6W" on slide 57 of the September 2017 Investor Presentation refers to the Bullis-Coleman pattern development, and denies the remaining portion of Request No. 38.

**REQUEST FOR ADMISSION NO. 39.**

Admit that the results shown for the Bullis-Coleman pattern test on slide 57 of the September 2017 Investor Presentation show less than 121 days of production.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 39.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  AMR objects to the term "September 2017 Investor Presentation" as vague, ambiguous, and undefined.  AMR understands the term

"September 2017 Investor Presentation" to refer to Exhibit 99.1 to the Current Report on Form 8-K filed by AMH with the SEC on September 14, 2017.   Subject to and without waiving the foregoing objections, AMR admits that the results shown for the Bullis-Coleman pattern development on slide 57 of the September 2017 Investor Presentation show less than 121 days of production, and denies the remaining portion of Request No. 39.

**REQUEST FOR ADMISSION NO. 40.**

Admit as of September 2017, more than six months of Production Data was available for the wells in the Bullis-Coleman pattern test.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 40.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.   Subject to and without waiving the foregoing objections, AMR admits that as of September 2017, more than six months of Production Data was available for the wells in the Bullis-Coleman pattern development, and denies the remaining portion of Request No. 40.

**REQUEST FOR ADMISSION NO. 41.**

Admit the "Ash Foster" pattern test contained 10 wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 41.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.   Subject to and without waiving the foregoing objections, AMR admits that the Ash Foster pattern development contained ten wells, and denies the remaining portion of Request No. 41.

**REQUEST FOR ADMISSION NO. 42.**

Admit the results displayed on slide 9 of the November 14, 2017 Earnings Call presentation for the Ash Foster pattern test omitted the results for Ash 4B, Ash 5B, and Ash 7-24.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 42.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  AMR objects to the term "November 14, 2017 Earnings Call presentation" as vague, ambiguous, and undefined.  AMR understands the term "November 14, 2017 Earnings Call presentation" to refer to Exhibit 99.1 to the Current Report on Form 8-K filed by AMH with the SEC on November 14, 2017. Subject to and without waiving the foregoing objections, AMR admits that the results displayed on slide 9 of the November 14, 2017 Earnings Call presentation for the Ash Foster pattern development appears to omit the results for Ash 4B, Ash 5B, and Ash 7-24, and denies the remaining portion of Request No. 42.

**REQUEST FOR ADMISSION NO. 43.**

Admit that besides the Bullis-Coleman pattern test and Ash Foster pattern test, none of Alta Mesa's other pattern tests in 2016, 2017 or 2018 Included more than 8 wells.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 43.**

Denied.

**REQUEST FOR ADMISSION NO. 44.**

Admit Alta Mesa utilized electronic submersible pumps (ESPs) in more than 90 wells during 2018.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 44.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, AMR admits that over the course of 2018 it utilized ESPs in more than 90 wells, and denies the remaining portion of Request No. 44.

**REQUEST FOR ADMISSION NO. 45.**

Admit KFM failed to meet its budgeted EBITDA target for the month ended June 30, 2017 as described in ARMEnergy_00011920 at 924.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 45.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response. Subject to and without waiving the foregoing objections, AMR states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 46.**

Admit KFM's actual fiscal 2017 EBITDA was approximately $22.1 million as described in AMR_SDTX00020158 at 174.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 46.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response. Subject to and without waiving the foregoing objections, AMR states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 47.**

Admit AMR's volume of AMR's oil and gas reserves, which formed the basis for "Oil and natural gas properties, successful efforts" line item in the Alta Mesa Holdings, LP and Subsidiaries financial statements made part of the Proxy, was dependent on assumptions established by AMR.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 47.**

Denied.

**REQUEST FOR ADMISSION NO. 48.**

Admit AMR identified to KPMG three assumptions -- (1) that three benches existed within the STACK, (2) that up to twelve or more wells could productively be drilled in each section, and (3) that those wells would combine to yield total recovery of 3 million barrels of oil (or, in the alternative, barrels of oil equivalent)---as relevant to the determination of the fair value of O&G Reserves as reported in the Business Combination Proxy, as described in deposition exhibit CP-0026.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 48.**

Denied.

**REQUEST FOR ADMISSION NO. 49.**

Admit the SEC investigation described in deposition exhibit CP-0020, Including at KPMGAMH-ea2018YE-0006926, was ongoing in October 2019 when AMR was delisted by Nasdaq.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 49.**

AMR incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to and without waiving the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 50.**

Admit AMR's evaluation of whether deficiencies in internal control over financial reporting could have resulted in a material misstatement of its financial statements for periods prior to December 31, 2018, Including as described in Management's Summary of Control Deficiencies, relied, in part, on assumed levels of proved and unproved O&G reserves that were determined to be no longer reliable at the time of the evaluation.

**AMR'S RESPONSE AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 50.**

Denied.

Dated:  August 30, 2023

/s/ *J. Christian Word*

J. Christian Word
Attorney-in-Charge for Defendants
S.D. Tex. Bar No. DC461346
D.C. Bar No. 461346
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather Ann Waller (*pro hac vice*)
IL Bar No. 6302537
Arthur F. Foerster (*pro hac vice*)
IL Bar No. 6271201
Daniel J. Robinson (*pro hac vice*)
IL Bar No. 6339592
**LATHAM & WATKINS LLP**
330 N Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com
Arthur.Foerster@lw.com
Daniel.Robinson@lw.com

Roman Martinez (*pro hac vice*)
D.C. Bar No. 1001100
Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura Elizabeth Bladow (*pro hac vice*)
DC Bar No. 1740343
Jansen M. VanderMeulen (*pro hac vice*)
DC Bar No. 1672242
Emani Verlynne Walks (*pro hac vice*)
DC Bar No. 1719531
Eunice M. Kabuga (*pro hac vice*)
DC Bar No. 90006573
Henry Zaytoun (*pro hac vice*)
DC Bar No. 1672976
Stephen T. Nasko (*pro hac vice*)
DC Bar No. 1779366
William Tazewell Jones (*pro hac vice*)

20

DC Bar No. 1725117
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200
Fax: (202) 673-2201
Roman.Martinez@lw.com
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Jansen.VanderMeulen@lw.com
Emani.Walks@lw.com
Eunice.Kabuga@lw.com
Henry.Zaytoun@lw.com
Stephen.Nasko@lw.com
Taz.Jones@lw.com

Wesley Horton (*pro hac vice*)
CA Bar No. 307567
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290
Wesley.Horton@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Alta Mesa
Resources, Inc., f/k/a Silver Run Acquisition
Corporation II, Riverstone Holdings LLC,
Harlan H. Chappelle, Stephen S. Coats,
Michael E. Ellis, William D. Gutermuth,
James T. Hackett, Pierre F. Lapeyre, Jr.,
David M. Leuschen, Donald R. Sinclair,
Ronald J. Smith, Jeffrey H. Tepper, Thomas
J. Walker, and Diana J. Walters*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of August 2023, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

/s/ *J. Christian Word*
J. Christian Word