# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., AND ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br>v.<br><br>ALTA MESA RESOURCES, INC., et al.,<br><br>Defendants. | No. 4:22-cv-1189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,<br><br>Plaintiffs,<br>v.<br><br>ALTA MESA RESOURCES, INC., et al.,<br><br>Defendants. | No. 4:22-cv-2590<br><br>Judge George C. Hanks, Jr. |

**DEFENDANT ARM ENERGY HOLDINGS, LLC'S RESPONSES AND OBJECTIONS TO CLASS PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant ARM Energy Holdings, LLC ("Defendant" or "ARM Energy"), by and through undersigned counsel, hereby responds and objects to Class Action Plaintiffs' (the "Plaintiffs") Requests for Admission, dated July 31, 2023 (individually, the "Request," and, collectively, the "Requests").

ARM Energy's responses and objections to these Requests are made to the best of its present knowledge, information, and belief. These responses and objections are made without prejudice to ARM Energy's right to correct, revise, or supplement its responses and objections as appropriate, and in so doing ARM Energy may rely upon documents, testimony, admissions, or any other evidence in this matter. Further, by providing the responses and objections set forth below, ARM Energy does not intend to waive any applicable privilege against disclosure.

## **GENERAL OBJECTIONS**

The following General Objections are hereby incorporated by reference with the same force and effect as if fully set forth in the Specific Responses and Objections to each Request:

1. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they are vague, indefinite, incomprehensible, unduly burdensome, ambiguous, overly broad (as to scope, time, or otherwise), or attempt to amend or add to the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, or other applicable law.

2. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they have no reasonable relationship to any of Plaintiffs' claims or ARM Energy's defenses or seek irrelevant or immaterial information.

3. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they request information protected by the attorney-client privilege, the attorney work

product doctrine, or any other applicable privilege or immunity afforded by law. ARM Energy hereby claims such privileges, immunities, and protections to the extent implicated by the Requests. ARM Energy will exclude privileged and protected material when responding to the Requests. Any disclosure of such protected or privileged information is inadvertent and is not intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege, immunity, protection, or any other ground for objection to discovery or use of any such information. And ARM Energy objects to these Requests to the extent the same purport to require ARM Energy to "identify" the nature of a privilege objection beyond ARM Energy's obligations concerning the same, as set forth in Federal Rule of Civil Procedure 26, and any procedure agreed to by the Parties in this case.

4. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they seek private, proprietary, or other similarly protected confidential materials, including to the extent they purport to call for production of documents or information for which ARM Energy owes a third party an obligation of confidentiality or privacy, whether contractual or under any federal or state law or regulation. ARM Energy reserves all rights and applicable objections with respect to its private, proprietary, and other similarly protected materials.

5. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they assume disputed facts or legal conclusions, including through the definitions proffered in relation to the information requested herein. Any response or objection by ARM Energy is without prejudice to this objection.

6. ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they seek information that is already in Plaintiffs' possession, custody, or control, or that is a matter of public record because such information is as easily available to Plaintiffs from another

source as from ARM Energy.

7.   ARM Energy objects to the Requests, the Instructions, and the Definitions to the extent they seek information that is not in ARM Energy's possession, custody, or control, as any such request is overbroad, unduly burdensome, and oppressive.

8.   In providing responses to the Requests, ARM Energy will not in any way waive and does not intend to waive, but rather intends to preserve and will preserve:

    a. all objections to the competency, relevancy, materiality, and admissibility of the Requests, the responses, and their subject matter;

    b. all objections as to the vagueness, ambiguity, or other infirmity in the form of the Requests, and any objections based on the undue burden imposed by the Requests;

    c. all rights to object on any ground to the use of the responses, or their subject matter, at any subsequent proceeding, including the trial of this matter, or in any other action;

    d. all rights to object on any ground to any further Requests or any other discovery request involving or relating to the subject matter of the Requests;

    e. the right at any time to revise, modify, clarify, and/or supplement the responses to the Requests prior to trial; and

    f. any and all privileges and/or rights under the applicable Rules of this Court, or the common law, including but not limited to the attorney-client privilege, work-product protections, and with respect to any other materials prepared in anticipation of litigation privileges.

9.   ARM Energy's response to any Request is not intended to be and should not be

construed as an acknowledgement that the requested information is relevant to the subject matter of this case.

10. ARM Energy further objects that these Requests are irrelevant because the requested facts do not relate to any claims against ARM Energy and are not probative of any liability with respect to ARM Energy.

11. ARM Energy objects to the definition of "ARM Energy" (Definition No. 2) to the extent this Definition purports to construe references to "ARM Energy" to include undefined "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other Persons acting or purporting to act on behalf of the foregoing[,]" on the grounds that the definition is vague, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. For purposes of responding to these Requests, and unless otherwise noted, ARM Energy will understand "ARM Energy" to mean "ARM Energy Holdings, LLC," subject to all applicable objections herein.

12. ARM Energy objects to the definition of "Alta Mesa" (Definition No. 1) to the extent this Definition purports to construe references to "Alta Mesa" to include unspecified or undefined "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, . . . present and former officers, directors, employees, representatives, agents, and all other Persons acting or purporting to act on behalf of the foregoing[,]" on the grounds that the definition is vague, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. For the purposes of responding to these Requests, and unless otherwise noted, ARM Energy will understand "Alta Mesa" to mean Alta Mesa Resources, Inc. ("AMR") and Silver Run Acquisition Corporation II ("Silver Run"), as well as,

for the period before the "Business Combination" (Definition No. 3), Alta Mesa Holdings, LP ("AMH") and Kingfisher Midstream LLC ("Kingfisher"), subject to all applicable objections herein.

13.     ARM Energy objects to the definition of "Kingfisher" or "KFM" (Definition No. 9) to the extent this Definition purports to include unnamed "subsidiaries," on the basis that such a construction is vague, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. For purposes of responding to these Requests, ARM Energy will construe "Kingfisher" or "KFM" to mean Kingfisher Midstream LLC, subject to all applicable objections herein.

14.     ARM Energy objects to the definition of "Person" (Definition No. 10) to the extent this Definition purports to encompass unspecified and unknowable "business[es] . . . government entit[ies] . . . [and] association[s]," on the basis that such a construction is vague, overly broad, and unduly burdensome, and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case. In responding to the Requests, ARM Energy will construe "Person" to have its ordinary meaning.

15.     ARM Energy objects to the definition of "You" and "Your" (Definition No. 13) to the extent this Definition purports to construe references to "You" and "Your" to include "all other Persons acting or purporting to act on behalf of the foregoing," on the grounds that the definition is vague, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. For purposes of responding to these Requests, ARM Energy will understand "You" and "Your" to mean ARM Energy Holdings, LLC, subject to all applicable objections herein.

16.     Subject to and without waiving any General or Specific Objection, unless otherwise

noted, capitalized terms used herein shall have the meaning as defined in the Requests.

17. The foregoing General Objections are incorporated by reference into each of the Specific Responses and Objections set forth below.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

1. Admit that ARM Energy was the operator of KFM prior to the Business Combination.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the term "operator." Subject to and without waiving the foregoing objections, ARM Energy admits that any responsibilities or obligations it undertook on behalf of KFM are defined by the terms of the Operating and Construction Management Agreement By and Between KFM and ARM Energy (the "Operating Agreement") – produced at ARMEnergy_00168008.

2. Admit that ARM Energy or its counsel provided the operational and financial information KFM used to make the EBITDA projections that appeared in the Proxy.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrase "operational and financial information." Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request because ARM Energy was not responsible for making the EBITDA projections that appeared in the Proxy.

3. Admit that ARM Energy continued to provide operational and financial information which KFM used to make EBITDA projections for Alta Mesa's public filings for a period following the Business Combination, including for the first and second quarters of 2018.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrases "operational and financial information," "used," and "Alta Mesa's public filings." Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request because ARM Energy was not responsible for making the EBITDA projections for any of Alta Mesa's public filings following the Business Combination.

4. Admit ARM Energy's February 9, 2018 Transition Services Agreement with Kingfisher remained in place for at least six months after the Business Combination closed.

**RESPONSE:** ARM Energy denies that it provided services to KFM under the February 9, 2018 Transition Services Agreement ("Transition Services Agreement") for at least six months after the Business Combination closed. ARM Energy relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 2023, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) that ARM Energy ceased providing services to KFM before the six-month term under the Transition Services Agreement. *See* Deposition of Michael Christopher 216:16 – 218:2.

5. Admit ARM Energy assisted in the operations of KFM until at least June 1, 2018, pursuant to the Transition Services Agreement.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the terms "assisted" and "operations." Subject to and without waiving the foregoing objections, ARM Energy denies it provided operational services to KFM until at least June 1, 2018. ARM Energy relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 2023, respectively, in their capacity as corporate representatives of ARM Energy pursuant to

Federal Rule of Civil Procedure 30(b)(6) that ARM Energy did not assist in the operations of KFM until at least June 1, 2018. *See* Deposition of Michael Christopher 216:16 – 218:2.

6. Admit KFM charged AMH a higher rate structure than it charged other customers.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrases "rate structure" and "other customers." ARM Energy further objects because the time period specified by the Request is sufficiently vague and ambiguous as to render the Request unintelligible. Subject to and without waiving the foregoing objections, ARM Energy admits that at certain times, the rate structure KFM charged AMH was higher than for other customers.

7. Admit that, prior to the Business Combination, ARM Energy notified HPS of all material decisions regarding KFM.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrase "material decisions regarding KFM." Subject to and without waiving the foregoing objections, ARM Energy admits that it provided information about KFM to HPS in accordance with its contractual obligations under the KFM LLC Agreements produced at ARMEnergy_00235654 and ARMEnergy_00235663 (the "KFM LLC Agreements"). ARM Energy otherwise relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 2023, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) that ARM Energy informed HPS about important decisions related to KFM. *See* Deposition of Michael Christopher 136:4 – 137:17, 189:16 – 190:1.

8. Admit that, prior to the Business Combination, ARM Energy provided HPS access to all material KFM operational and financial information.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrases "all material" and "operational and financial information." Subject to and without waiving the foregoing objections, ARM Energy admits that it complied with its contractual obligations under the KFM LLC Agreements to provide information about KFM to HPS. ARM Energy otherwise relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 2023, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) that HPS had access to all of KFM's information at its request. *See* Deposition of Charles "Bo" Dunne 71:21-23; *See also* Deposition of Michael Christopher 136:4 – 137:17, 189:16 – 190:1.

9. Admit that ARM Energy possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of KFM prior to the Business Combination.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrases "direct" and "cause the direction." ARM Energy further objects to this Request because it calls for a legal conclusion. Subject to and without waiving the foregoing objections, ARM Energy admits that it acted in accordance with its contractual authority and obligations under the KFM LLC Agreements and Operating Agreement, and denies this Request to the extent it purports to impute powers to ARM Energy beyond the terms of those agreements.

10. Admit that ARM Energy exercised control over KFM prior to the Business Combination.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the term "control." ARM Energy further objects to this Request because it calls for a legal conclusion. Subject to and without waiving the foregoing objections, ARM Energy admits that it acted in accordance with its contractual authority and obligations under the KFM LLC Agreements and the

Operating Agreement, and denies this Request to the extent it purports to impute control to ARM Energy beyond the terms of those agreements.

11. Admit that KFM's EBITDA projections for revenue and EBITDA pre-Business Combination included potential revenue from customers who at the time were not under contract with KFM.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the term "EBITDA projections." ARM Energy further objects because the Request is sufficiently vague and ambiguous in substance and timing as to render the Request unintelligible. To ARM Energy's knowledge, many iterations of projections concerning KFM's EBITDA pre-Business Combination existed, such that it is not possible to respond to this Request. Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request.

12. Admit that KFM's EBITDA projections for revenue and EBITDA post-Business Combination included potential revenue from customers who at the time were not under contract with KFM.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the term "EBITDA projections." Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request because ARM Energy was not responsible for any financial projections for KFM post-Business Combination.

13. Admit that during 2017, ARM Energy and HPS worked with JP Morgan and Barclays in connection with a potential sale of KFM in what was referred to internally as Project

Rugby.

**RESPONSE:** Admit.

14. Admit that on April 20, 2017, ARM Energy provided the Project Rugby financial model to Riverstone.

**RESPONSE:** ARM Energy admits it produced an email at ARMEnergy_00063680 in which Michael Christopher, ARM Energy's then-CFO, sent a document titled "Project Rugby – Management Presentation" to Olivia Wassenaar, a Managing Director at Riverstone, on April 20, 2017.

15. Admit that the Riverstone/Citi Model dated August 17, 2017 provided the basis for the projections in the Proxy.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the terms "Riverstone/Citi Model" and "basis." ARM Energy further objects because the Request is sufficiently vague and ambiguous as to render the Request unintelligible. Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request because ARM Energy was not responsible for making any projections that appeared in the Proxy.

16. Admit the Riverstone/Citi Model did not include the correct KFM actual 1H17 adjusted EBITDA.

**RESPONSE:** ARM Energy objects to this request as vague and ambiguous as to the term "Riverstone/Citi Model." ARM Energy further objects because the Request is sufficiently vague and ambiguous as to render the Request unintelligible. Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient

information to admit or deny the Request because ARM Energy was not responsible for creating the model referred to as the Riverstone/Citi Model.

17. Admit ARM Energy informed Riverstone in November 2017 that KFM volumes for October were ~117 Mmcf/d.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the term "KFM volumes." Subject to and without waiving the foregoing objections, ARM Energy admits it produced a document at ARMEnergy_00088041 showing members of ARM Energy discussed KFM volumes for the month of October 2017 with members of Riverstone in November of 2017.

18. Admit ARM Energy never told Riverstone the information provided on or about April 20, 2017, as referenced in Request for Admission No. 14, was inaccurate.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the terms "information" and "inaccurate." ARM Energy further objects because the Request is sufficiently vague and ambiguous as to render the Request unintelligible. Subject to and without waiving the foregoing objections, after making reasonable inquiry, ARM Energy does not have sufficient information to admit or deny the Request.

19. Admit ARM Energy informed Riverstone in November 2017 that KFM's new cryo plant would be delayed until the first weeks of 2018.

**RESPONSE:** ARM Energy objects to this Request as vague and ambiguous as to the phrase "new cryo plant." Subject to and without waiving the foregoing objections, ARM Energy admits it produced documents at ARMEnergy_0001461 and ARMEnergy_00059742 showing members of ARM Energy informing Riverstone that KFM's cryogenic gas gathering and processing facility would be completed in the first weeks of 2018.

20. Admit that ARM Energy paid certain expenses for KFM in the second quarter 2017 that it later demanded Alta Mesa to reimburse it for.

**RESPONSE**: ARM Energy objects to this Request as vague and ambiguous as to the terms "certain expenses," "demanded," and "reimburse." Subject to and without waiving the foregoing objections, ARM Energy denies the Request to the extent it suggests that ARM Energy, at any point, acted in a manner inconsistent with the terms of ARM Energy's agreements with Alta Mesa. ARM Energy otherwise relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 202, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) as it relates to the circumstances raised by this Request. *See* deposition of Michael Christopher 179:10 – 180:20.

21. Admit that ARM Energy's payment of the expenses referenced in Request for Admission No. 20 caused Kingfisher's EBITDA to appear greater than if KFM had paid for the expenses itself in the first instance.

**RESPONSE**: ARM Energy objects because the Request is sufficiently vague and ambiguous in substance and timing as to render the Request unintelligible. Subject to and without waiving the foregoing objections, ARM Energy denies the Request to the extent it suggests that ARM Energy, at any point, acted in a manner inconsistent with the terms of ARM Energy's agreements with Alta Mesa. ARM Energy otherwise relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 202, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) as it relates to the circumstances raised by this Request. *See* deposition of Michael Christopher 179:10 – 180:20.

22. Admit that Alta Mesa did reimburse ARM Energy in full for the expenses referenced in Request for Admission No. 20.

**RESPONSE:** ARM Energy objects because the Request is sufficiently vague and ambiguous in substance and timing as to render the Request unintelligible. Subject to and without waiving the foregoing objections, ARM Energy denies the Request to the extent it suggests that ARM Energy, at any point, acted in a manner inconsistent with the terms of ARM Energy's agreements with Alta Mesa. ARM Energy otherwise relies on the testimony provided by Michael Christopher and Bo Dunne on June 6, 2023 and June 8, 202, respectively, in their capacity as corporate representatives of ARM Energy pursuant to Federal Rule of Civil Procedure 30(b)(6) as it relates to the circumstances raised by this Request. *See* deposition of Michael Christopher 179:10 – 180:20.

Dated: August 30, 2023

        Respectfully submitted,

        **EVERSHEDS SUTHERLAND (US) LLP**

        By: */s/   David Baay*
        David A. Baay (*Attorney-in-Charge*)
        Fed. ID No. 598715
        1001 Fannin Street, Suite 3700
        Houston, TX 77002
        Telephone: (713) 470-6112
        Fax: (713) 654-1301
        davidbaay@eversheds-sutherland.com

        Bruce M. Bettigole (*pro hac vice*)
        The Grace Building, 40th Floor
        1114 Avenues of the Americas
        New York, NY 10023
        Telephone: (212) 389-5000
        Fax: (212) 389-5099
        brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com

*Attorneys for Defendant ARM Energy Holdings, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 30, 2023, a true and correct copy of the foregoing Defendant Arm Energy Holdings LLC's Responses and Objections to Class Plaintiffs' First Set of Requests for Admission was served on all counsel of record via electronic email.

                   */s/*   David Baay
                   David A. Baay