# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DIVISION OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 |

## <u>DEFENDANT RIVERSTONE HOLDINGS, LLC'S RESPONSES AND OBJECTIONS TO CLASS PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Riverstone Holdings, LLC ("Riverstone"), by and through undersigned counsel, hereby submit its responses and objections to Class Plaintiffs' Requests for Admission to Defendant Riverstone Holdings, LLC, dated July 31, 2023 (individually, "Request" and, collectively, the "Requests").

Riverstone bases the following Responses on facts, documents, and information presently known and available to it after reasonable inquiry. Riverstone reserves the right to alter, supplement, amend, or otherwise modify these Responses in any manner, at any time, in light of additional facts revealed through subsequent inquiry or otherwise brought to Riverstone's attention.

Riverstone's Responses are made without waiving, in any way, (i) the right to object on any basis permitted by law to the use of any information provided in its Responses for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (ii) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of Riverstone's responses.

## GENERAL OBJECTIONS

The following objection is continuing in nature and applies to each Request. Each individual response below is made subject to and without waiver of this objection. Riverstone objects to the Requests to the extent they call for information that is not relevant to any cause of action or defense of any party in this action or proportional to the needs of this case, in contravention of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Riverstone submits these Responses without conceding the relevance or materiality of the subject matter of any Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The objections that follow concern Class Plaintiffs' Definitions and Instructions and are applicable to each Request, unless otherwise noted, and are hereby incorporated into each and every individual response.

1.      Riverstone objects to the definition of "AMR" and "Alta Mesa" (Definition No. 1) to the extent it purports to construe references to "AMR" and "Alta Mesa" to include unspecified or undefined "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures," "present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing," on the grounds that the definition is vague, overly broad, unduly burdensome and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case. For purposes of responding to these Requests, and unless otherwise noted, Riverstone will understand "AMR" and "Alta Mesa" to mean Alta Mesa Resources, Inc. ("AMR") and Silver Run Acquisition Corporation II ("Silver Run"), as well as, for the period after the "Business Combination" (Definition No. 3), Alta Mesa Holdings, LP ("AMH") and Kingfisher Midstream LLC ("KFM"), subject to all applicable objections herein.

2.      Riverstone objects to the definition of "Agents" (Definition No. 2) to the extent it

purports to construe references to "Agents" to include unspecified or undefined persons "working on [Riverstone's] behalf, including but not limited to investment bankers, consultants, engineers, auditors, accountants, lawyers or portfolio companies" on the grounds that the definition is vague, overly broad, unduly burdensome and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case.  For purposes of responding to these Requests, and unless otherwise noted, Riverstone will understand "Agents" to refer to individuals or entities with whom Riverstone had a contractual relationship for purposes of the Business Combination (Definition No. 3), subject to all applicable objections herein.

    3.    Riverstone objects to the definition of "Citi Model" (Definition No. 4) to the extent it purports to construe references to "Citi Model" to include unspecified document or documents produced in this action on the grounds that the definition is vague, overly broad, unduly burdensome and requires Defendants to guess as to what document or document(s) Class Plaintiffs are referencing.  For purposes of responding to these Requests, and unless otherwise noted, Riverstone will understand "Citi Model" to refer to the document designated CP-586 in this action, subject to all applicable objections herein.

    4.    Riverstone objects to the definition of "Kingfisher" and "KFM" (Definition No. 8) to the extent that it purports to include unnamed "subsidiaries," on the basis that such a construction is vague, overly broad, unduly burdensome, and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case.  For purposes of responding to these Requests, Riverstone will construe "Kingfisher" and "KFM" to mean Kingfisher Midstream LLC, subject to all applicable objections herein.

    5.    Riverstone objects to the definition of "You," "Your," and "Yours" (Definition No. 10) to the extent it incorporates other terms defined in the Requests to which Riverstone objects.

3

For the purposes of responding to these Requests, Riverstone will construe "You," "Your," and "Yours" to mean Riverstone Holdings, LLC, the only Riverstone entity named as a Defendant in the above-captioned litigation, subject to all applicable objections herein.

6.      Riverstone objects to the definition of "material weakness" (Definition No. 11) to the extent that it purports to mean "a deficiency, or a combination of deficiencies, in internal control over financial reporting, such that there is a reasonable possibility that a material misstatement of the company's annual or interim financial statements will not be prevented or detected on a timely basis" on the basis that such a construction is vague, overly broad, unduly burdensome, and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case.  For purposes of responding to these Requests, and unless otherwise noted, Riverstone will construe "material weakness" consistent with how it is defined in Alta Mesa's Form 10-K filed on August 27, 2019, subject to all applicable objections herein.

7.      Riverstone objects to the definition of "Riverstone Fund VI" (Definition No. 13) to the extent it purports to include Riverstone Global Energy and Power Fund VI, L.P. and Riverstone VI SR II Holdings, L.P. on the basis that such a construction is vague, overly broad, unduly burdensome, and seeks information that is neither relevant to the above-referenced lawsuit nor proportional to the needs of the case.  For purposes of responding to these Requests, and unless otherwise noted, Riverstone will understand "Riverstone Fund VI" to mean Riverstone Global Energy and Power Fund VI, L.P., subject to all applicable objections herein.

8.      Riverstone objects to Paragraphs 1 through 14 of the Instructions to the extent they purport to impose upon Riverstone discovery obligations, including the obligation to supplement these Responses, that are greater than or different from those imposed by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the

4

Southern District of Texas ("Local Rules"), or any Order entered by the Court in these proceedings.

<strong><u>REQUESTS FOR ADMISSION</u></strong>

**REQUEST FOR ADMISSION NO. 1.**

Admit Riverstone Holdings, LLC and its attendant investment committee approved all investment decisions on behalf of Riverstone Fund VI.

**<u>RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 1.</u>**

Riverstone objects that Request No. 1 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "Riverstone Holdings, LLC and its attendant investment committee" in Request No. 1 identifies the incorrect Riverstone entity. Subject to the foregoing objections, Riverstone admits that the investment committee of Riverstone Global Energy and Power Fund VI, L.P., approved the investment into AMH and KFM, and denies the remaining portion of Request No. 1.

**REQUEST FOR ADMISSION NO. 2.**

Admit Riverstone Holdings, LLC managed and operated Riverstone Fund VI.

**<u>RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 2.</u>**

Denied.

**REQUEST FOR ADMISSION NO. 3.**

Admit that You had control over Silver Run II prior to the Business Combination.

**<u>RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 3.</u>**

Denied.

**REQUEST FOR ADMISSION NO. 4.**

Admit that You possessed, directly or indirectly, the power to direct or cause the direction

of the management and policies of Silver Run II prior to the Business Combination.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 4.**

Denied.

**REQUEST FOR ADMISSION NO. 5.**

Admit that You appointed James Hackett as the Chief Executive Officer of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 5.**

Riverstone objects that Request No. 5 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 5 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed James Hackett as Silver Run II's CEO, and denies the remaining portion of Request No. 5.

**REQUEST FOR ADMISSION NO. 6.**

Admit that You appointed Thomas Walker as the Chief Financial Officer of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 6.**

Riverstone objects that Request No. 6 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 6 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed Thomas Walker as Silver Run II's Chief Financial Officer, and denies the remaining portion of Request No. 6.

**REQUEST FOR ADMISSION NO. 7.**

Admit that You appointed Stephen Coats as the Corporate Secretary of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 7.**

Riverstone objects that Request No. 7 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 7 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed Stephen Coats as Silver Run II's Corporate Secretary, and denies the remaining portion of Request No. 7.

**REQUEST FOR ADMISSION NO. 8.**

Admit that You appointed William Gutermuth as a member of Silver Run II's Board of Directors.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 8.**

Riverstone objects that Request No. 8 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 8 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed William Gutermuth to Silver Run II's Board of Directors, and denies the remaining portion of Request No. 8.

**REQUEST FOR ADMISSION NO. 9.**

Admit that You appointed Jeffrey Tepper as a member of Silver Run II's Board of Directors.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 9.**

Riverstone objects that Request No. 9 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 9 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing

objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed Jeffrey Tepper to Silver Run II's Board of Directors, and denies the remaining portion of Request No. 9.

**REQUEST FOR ADMISSION NO. 10.**

Admit that You appointed Diana Walters as a member of Silver Run II's Board of Directors.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 10.**

Riverstone objects that Request No. 10 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 10 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Silver Run II Sponsor, LLC appointed Diana Walters to Silver Run II's Board of Directors, and denies the remaining portion of Request No. 10.

**REQUEST FOR ADMISSION NO. 11.**

Admit that You identified potential transaction partners on behalf of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 11.**

Riverstone objects that Request No. 11 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 11 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that, together with Silver Run II, Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., Riverstone identified potential acquisition targets, and denies the remaining portion of Request No. 11.

**REQUEST FOR ADMISSION NO. 12.**

Admit that You evaluated potential transaction partners on behalf of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 12.**

Riverstone objects that Request No. 12 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 12 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that, together with Silver Run II, Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., Riverstone considered and conducted analysis of potential acquisition targets, and denies the remaining portion of Request No. 12.

**REQUEST FOR ADMISSION NO. 13.**

Admit that You conducted due diligence on AMH and KFM on behalf of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 13.**

Riverstone objects that Request No. 13 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 13 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that, together with Silver Run II, Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., Riverstone conducted extensive due diligence on AMH and KFM, and denies the remaining portion of Request No. 13.

**REQUEST FOR ADMISSION NO. 14.**

Admit that as part of Your due diligence on AMH and KFM You had access to the historical financial results of AMH and KFM.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 14.**

Riverstone objects that Request No. 14 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 14 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that, together with Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., Riverstone had access to certain historical financial results of AMH and KFM as part of due diligence on AMH and KFM, and denies the remaining portion of Request No. 14.

**REQUEST FOR ADMISSION NO. 15.**

Admit that You negotiated the Business Combination on behalf of Silver Run II.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 15.**

Denied.

**REQUEST FOR ADMISSION NO. 16.**

Admit You conducted due diligence on AMH and KFM between the August 2017 announcement of the Business Combination and the January 18, 2018 issuance of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 16.**

Riverstone objects that Request No. 16 is vague, ambiguous, and/or otherwise incapable

of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 16 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that, together with Silver Run II, Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., Riverstone conducted due diligence on AMH and KFM between the August 2017 announcement of the Business Combination and the January 18, 2018 issuance of the Proxy, and denies the remaining portion of Request No. 16.

**REQUEST FOR ADMISSION NO. 17.**

Admit that You had control over Alta Mesa Resources, Inc. after the Business Combination.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 17.**

Denied.

**REQUEST FOR ADMISSION NO. 18.**

Admit that You possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of Alta Mesa Resources, Inc. after the Business Combination.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 18.**

Denied.

**REQUEST FOR ADMISSION NO. 19.**

Admit that you appointed David Leuschen to serve as a member of Alta Mesa's Board of Directors after the Business Combination.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 19.**

Riverstone objects that Request No. 19 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 19 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that the Riverstone Contributor—Riverstone VI Alta Mesa Holdings, L.P.—appointed Mr. Leuschen as a director of AMR, and denies the remaining portion of Request No. 19.

**REQUEST FOR ADMISSION NO. 20.**

Admit that appointed Pierre Lapeyre Jr. to serve as a member of Alta Mesa's Board of Directors after the Business Combination.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 20.**

Riverstone objects that Request No. 20 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" in Request No. 20 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that the Riverstone Contributor—Riverstone VI Alta Mesa Holdings, L.P.—appointed Mr. Lapeyre as a director of AMR, and denies the remaining portion of Request No. 20.

**REQUEST FOR ADMISSION NO. 21.**

Admit that David Leuschen acted on Riverstone's behalf in his capacity as an AMR board member.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO.**

**21.**

Denied.

**REQUEST FOR ADMISSION NO. 22.**

Admit Pierre Lapeyre, Jr. acted on Riverstone's behalf in his capacity as an AMR board member.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 22.**

Denied.

**REQUEST FOR ADMISSION NO. 23.**

Admit James Hackett acted on Riverstone's behalf in his capacity as an AMR board member.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 23.**

Denied.

**REQUEST FOR ADMISSION NO. 24.**

Admit James Hackett acted on Riverstone's behalf in his capacity as a Silver Run II board member.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 24.**

Denied.

**REQUEST FOR ADMISSION NO. 25.**

Admit the document introduced by Class Plaintiffs as CP-0053 is a copy of the final Proxy

statement filed with the SEC on or about January 18, 2018.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 25.**

Riverstone incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response.  Subject to the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 26.**

Admit that You had control over the Proxy and its content.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 26.**

Denied.

**REQUEST FOR ADMISSION NO. 27.**

Admit that You or Your Agents drafted the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 27.**

Riverstone objects that Request No. 27 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" or "Your" in Request No. 27 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., and their Agents participated in the process of drafting the Proxy, and denies the remaining portion of Request No. 27.

**REQUEST FOR ADMISSION NO. 28.**

Admit that You or Your Agents provided edits to drafts of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 28.**

Riverstone objects that Request No. 28 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" or "Your" in Request No. 28 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., and their Agents provided comments to drafts of the Proxy, and denies the remaining portion of Request No. 28.

**REQUEST FOR ADMISSION NO. 29.**

Admit that You or Your Agents provided comments to drafts of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 29.**

Riverstone objects that Request No. 29 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "You" or "Your" in Request No. 29 is overbroad in that it captures Riverstone entities unrelated to this matter.  Subject to the foregoing objections, Riverstone admits that Riverstone Investment Group LLC and its affiliates, Riverstone Silver Run II Sponsor, LLC, and Riverstone VI SR II Holdings, L.P., and their Agents provided comments to drafts of the Proxy, and denies the remaining portion of Request No. 29.

**REQUEST FOR ADMISSION NO. 30.**

Admit that You or Your Agents prepared the "Alta Mesa Projections" contained on page 173 of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 30.**

Denied.

**REQUEST FOR ADMISSION NO. 31.**

Admit that You or Your Agents prepared the "Kingfisher Projections" contained on page 173 of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 31.**

Denied.

**REQUEST FOR ADMISSION NO. 32.**

Admit that the Citi Model is the basis for the "Alta Mesa Projections" and "Kingfisher Projections" contained on page 173 of the Proxy.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 32.**

Denied.

**REQUEST FOR ADMISSION NO. 33.**

Admit that in the Citi Model KFM's first half of 2017 Adjusted EBITDA was approximately $6.7 million.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO.**

**33.**

Denied.

**REQUEST FOR ADMISSION NO. 34.**

Admit the actual KFM first half of 2017 Adjusted EBITDA was approximately $12.4 million.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 34.**

Denied.

**REQUEST FOR ADMISSION NO. 35.**

Admit that Meridian Energy LLC ("Meridian") was affiliated with Riverstone in 2018.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 35.**

Riverstone objects to that Request No. 35 is vague, ambiguous, and/or otherwise incapable of reasonable ascertainment, including but not limited to the extent that "Riverstone" in Request No. 35 is overbroad in that it captures Riverstone entities unrelated to this matter. Subject to the foregoing objections, Riverstone admits that Meridian was a Riverstone-employed technical team in 2018, where "Riverstone" refers to Riverstone Investment Group LLC and its affiliates, including Silver Run Sponsor II, LLC., Riverstone VI SR II Holdings, L.P., and Riverstone VI Alta Mesa Holdings, L.P., and denies the remaining portion of Request No. 35.

**REQUEST FOR ADMISSION NO. 36.**

Admit that You retained Meridian to analyze Alta Mesa's business and operations in the second half of 2018.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 36.**

Denied.

**REQUEST FOR ADMISSION NO. 37.**

Admit that Alta Mesa did not reimburse You for retaining Meridian to analyze Alta Mesa's business and operations in the second half of 2018.

**RIVERSTONE HOLDINGS, LLC'S RESPONSE TO REQUEST FOR ADMISSION NO. 37.**

Denied.

Dated:  August 30, 2023

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
S.D. Tex. Bar No. DC461346
D.C. Bar No. 461346
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com

Of Counsel:
Heather Ann Waller (*pro hac vice*)
IL Bar No. 6302537
Arthur F. Foerster (*pro hac vice*)
IL Bar No. 6271201
Daniel J. Robinson (*pro hac vice*)
IL Bar No. 6339592
**LATHAM & WATKINS LLP**
330 N Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com
Arthur.Foerster@lw.com
Daniel.Robinson@lw.com

Roman Martinez (*pro hac vice*)
D.C. Bar No. 1001100
Matthew Peters (*pro hac vice*)
D.C. Bar No. 1015700
Laura Elizabeth Bladow (*pro hac vice*)
DC Bar No. 1740343
Jansen M. VanderMeulen (*pro hac vice*)
DC Bar No. 1672242
Emani Verlynne Walks (*pro hac vice*)
DC Bar No. 1719531
Eunice M. Kabuga (*pro hac vice*)
DC Bar No. 90006573
Henry Zaytoun (*pro hac vice*)
DC Bar No. 1672976
Stephen T. Nasko (*pro hac vice*)
DC Bar No. 1779366
William Tazewell Jones (*pro hac vice*)

19

DC Bar No. 1725117
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200
Fax: (202) 673-2201
Roman.Martinez@lw.com
Matthew.Peters@lw.com
Laura.Bladow@lw.com
Jansen.VanderMeulen@lw.com
Emani.Walks@lw.com
Eunice.Kabuga@lw.com
Henry.Zaytoun@lw.com
Stephen.Nasko@lw.com
Taz.Jones@lw.com

Wesley Horton (*pro hac vice*)
CA Bar No. 307567
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290
Wesley.Horton@lw.com

Ashley Gebicke (*pro hac vice*)
CA Bar No. 330300
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: 858-523-5450
Ashley.Gebicke@lw.com

*Counsel for Defendants Alta Mesa*
*Resources, Inc., f/k/a Silver Run Acquisition*
*Corporation II, Riverstone Holdings LLC,*
*Harlan H. Chappelle, Stephen S. Coats,*
*Michael E. Ellis, William D. Gutermuth,*
*James T. Hackett, Pierre F. Lapeyre, Jr.,*
*David M. Leuschen, Donald R. Sinclair,*
*Ronald J. Smith, Jeffrey H. Tepper, Thomas*
*J. Walker, and Diana J. Walters*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of August 2023, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

/s/ <em>J. Christian Word</em>
J. Christian Word
