Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | § § § | Civil Action No. 4:19-cv-00957 |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § § | Hon. George C. Hanks, Jr. |
| ALL ACTIONS. | § § | |
| | § | |

**LEAD PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF CONTROL
ENTITY DEFENDANT BAYOU CITY ENERGY MANAGEMENT, LLC**

TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund) (collectively, "Lead Plaintiffs") will take the deposition of the Defendant identified below, on the date set forth below or otherwise mutually agreed upon by the parties.  Unless otherwise mutually agreed upon, the deposition shall be held at the location indicated below, and shall commence at 9:00 a.m. local time.  The deposition will continue from day to day until completed, weekends and Court-recognized holidays excepted.

The deposition will be recorded stenographically, by video, and through instant visual display of testimony by means of LiveNote or other similar technology, before a notary public or other person authorized to administer oaths pursuant to Federal Rule of Civil Procedure 28(a).

| Deponent | Date/Time | Location |
|---|---|---|
| Bayou City Energy Management, LLC<br>1201 Louisiana Street, Suite 3308<br>Houston, TX 77002 | June 21, 2022<br>9:00 a.m. | Regus Business Centre<br>11111 Katy Freeway, Suite 910<br>Houston, TX 77079 |

### A.    Designation of Witnesses

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Bayou City Energy Management, LLC shall designate and produce an individual representative or representatives, as may be required, who are knowledgeable and prepared to testify fully on behalf of Defendant concerning the topics identified in the Schedule A below (each a "Representative"; collectively, the "Representatives").

Lead Plaintiffs request that Defendant provides written notice at least five business days before the deposition of the name(s) and employment position(s) of the Representative(s) designated to testify for the Defendant.

- 1 -

By designating each Representative, Defendant indicates that the Representative has authority to speak on the Defendant's behalf on the matters listed in this notice – not only to facts, but also to beliefs and opinions.  If it becomes clear that the Representative is unable to respond to questions on the matters for which he or she has been designated, Defendant must promptly provide a substitute knowledgeable witness.  This is required even if the initial witness designation was made in good faith.

The testimony elicited in each Representative's deposition represents the Defendant's knowledge, not the individual deponent's knowledge.  Defendant must conduct a thorough investigation in response to the deposition notice and must prepare each Representative to testify to the topics in the Schedule A below with information "known or reasonably available to the organization," pursuant to Federal Rule of Civil Procedure 30(b)(6).  Therefore, if a Representative does not have prior knowledge about the topics in the Schedule A, Defendant must nonetheless prepare the Representative to give knowledgeable, binding answers on those topics.  "Reasonably available" information includes all documents that Defendant has the authority, legal right, or practical ability to obtain.  An inadequately prepared Representative will amount to an impermissible refusal to answer and a sanctionable failure to appear.

DATED:  May 17, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
LONNIE A. BROWNE (Admitted *Pro Hac Vice*)
SEAN C. McGUIRE (Admitted *Pro Hac Vice*)

_____
LONNIE A. BROWNE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
Email:  trigs@rgrdlaw.com
Email:  lbrowne@rgrdlaw.com
Email:  smcguire@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
Email:  drosenfeld@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
ANDREW J. ENTWISTLE
(Texas Bar No. 24038131)
500 West 2nd Street, Floor 19, Suite 140
Austin, TX  78701
Telephone:  (512) 710-5960
Email:  aentwistle@entwistle-law.com

*Co-Lead Counsel for the Lead Plaintiff and the Class*

McDOWELL HETHERINGTON LLP
JASON A. RICHARDSON
Texas Bar No. 24056206
Southern District No. 827917
1001 Fannin Street, Suite 2700
Houston, TX  77002
Telephone:  (713) 337-8872
Facsimile:  (713) 337-8862
Email:  Jason.Richardson@mhllp.com

*Liaison Counsel*

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  (202) 362-0041
Facsimile:  (202) 362-2640
Email:  lmalone@odonoghuelaw.com

- 3 -

*Additional Counsel for Lead Plaintiff*

LABATON SUCHAROW LLP
IRA A. SCHOCHET (Admitted *Pro Hac Vice*)
DAVID SCHWARTZ (Admitted *Pro Hac Vice*)
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
Email:  ischochet@labaton.com
Email:  dschwartz@labaton.com

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## SCHEDULE A
## (Bayou City Energy Management, LLC)

I.     **DEFINITIONS**

1.     "You" or "your" refers to Bayou City Energy Management, LLC and any of your parents, predecessors, other affiliates, successors or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entities.

2.     "Advisors" means Tudor, Pickering, Holt & Co, Rock Oil and Meridian Energy LLC, Ernst & Young LLP, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, KPMG LLP, Schlumberger Limited, Schlumberger Technology Corporation, W.D. Von Gonten & Co., Muse Stancil & Co., Pinnacle Energy Services, LLC, and Ryder Scott Company, L.P., and any of their subsidiaries, divisions, subdivisions, affiliates, predecessors, successors and joint ventures.

3.     "AFE" means approval for expenditure.

4.     "AMR" and "Alta Mesa," mean Alta Mesa Resources, Inc. and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, including Alta Mesa Holdings ("AMH") and Kingfisher (defined below), former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

5.     "Board Defendants" refers to James T. Hackett, William D. Gutermuth, Jeffrey H. Tepper, Diana J. Walters, David M. Leuschen, Pierre F. Lapeyre, Jr., William W. McMullen, Donald Dimitrievich, and Donald R. Sinclair.

6.     "Business Combination" means the February 9, 2018 transaction between and among Silver Run Acquisition Corporation II, Alta Mesa Holdings LP, and Kingfisher Midstream LLC.

- 1 -

7.      "Class Period" means the period August 16, 2017 through and including May 17, 2019.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether written or recorded in any manner, and is included within the scope of the term "documents" (as that term is defined below).

9.      "Concerning" and "regarding" mean relating to, referring to, describing, evidencing, or constituting.

10.     "Control Entities" or "Control Entity Defendants" means Defendants Riverstone Holdings, LLC, Bayou City Energy Management, LLC, HPS Investment Partners, LLC, and ARM Energy Holdings LLC, and any of their subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

11.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" includes, without exception, "communications" (as that term is defined above).

12.     "ESP" means electric submersible pump, employed as an artificial-lift method for lifting moderate to high volumes of fluids from well bores.

13.     "EUR" means estimated ultimate recovery, an energy industry term for the approximation of the quantity of oil and gas that is potentially recoverable or has already been recovered from a reserve or well.

- 2 -

14.    "Financial Statements" includes without limitation the following (whether audited or unaudited and whether final, interim, pro forma, complete, or partial): consolidated and non-consolidated balance sheets, statements of earnings, additional paid in capital, retained earnings, source and application of funds, cash flow, projections, and notes that pertain to the applicable Defendant's past or present financial condition, including accountants' work papers.

15.    "GOR" means the ratio of the volume of gas that comes out of a solution to the volume of oil at standard conditions.

16.    "Individual Defendants" refers collectively to the Board Defendants, Management Defendants, and Proxy Defendants, and includes all natural persons named as defendants in the Third Amended Complaint.

17.    "Kingfisher" or "KFM" refers to Kingfisher Midstream LLC and any of its subsidiaries.

18.    "Management Defendants" refers to Harlan H. Chappelle, Michael E. Ellis, and Ronald J. Smith.

19.    "Meeting" or "meetings" means a contemporaneous connection among persons, including in person, telephonic, or electronic, whether or not such connection was by chance or pre-arranged, was formal or informal, or occurred in connection with some other activity.

20.    "MBOE" means one thousand barrels of oil equivalent.

21.    "Pad" means drilling pad, an energy industry term for a platform that houses the wellheads for horizontally drilled wells.

22.    "Person" means any natural person or any business, legal or governmental entity, or association.

23.     "Policies" means any rule, procedure, practice, standard, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly.

24.     "Production Data" includes all data derived from wells, leases, and mineral interests within STACK, including: (i) flowing pressure, flowing wellhead pressure, and artificial lift operating conditions for all wells; (ii) initial 30-day well test rates and monthly rates of oil, natural gas, natural gas liquids, GOR, and water; and (iii) cumulative production data for each well inclusive of oil, natural gas, natural gas liquids, GOR, and water.

25.     "Proxy" means the merger proxy statement seeking shareholder approval of the proposed Business Combination, filed with the SEC on or about January 19, 2018, including all drafts and amendments.

26.     "Proxy Defendants" refers to James T. Hackett, Thomas J. Walker, William Gutermuth, Jeffrey H. Tepper, Diana J. Walters, and Stephen Coats.

27.     "Reservoir" means a porous and permeable underground formation or a horizon within a formation that contains a natural accumulation of producible oil and/or gas, is confined by impermeable rock or water barriers, and is individual, separate and distinct from other reservoirs, and as described in the Third Amended Complaint.

28.     "Silver Run" means Alta Mesa Resources, Inc. f/k/a/ Silver Run Acquisition Corporation II.

29.     "SEC" means the U.S. Securities and Exchange Commission and any person, employee, agent, or representative acting on its behalf.

30.     "STACK" refers to the Sooner Trend (oil field), Anadarko (basin), Canadian, and Kingfisher (counties) play in the State of Oklahoma.

31.     "Third Amended Complaint" means the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws (ECF 218), filed December 6, 2021.

## II.     INSTRUCTIONS

1.     Any term stated in the singular includes the plural and vice versa.

2.     The use of any tense of any word includes all other tenses.

3.     Each of the Subject Matters of Testimony, including subtopics, should be read to apply to each Defendant.

4.     Unless words or terms have been given a specific definition in the above section or in a specific Topic, each word or term shall be given its usual and customary dictionary definition, except where a word or term has a specific customary and usage definition in your trade and industry. In that case, the word or term shall be interpreted in accordance with the specific customary and usage definition.

5.     Unless otherwise indicated, the Schedule A seeks information responsive to the period from March 29, 2017 through and including September 11, 2019, including, as necessary, events or circumstances that relate in whole or part to this period even though dating to before and after this time period (the "Relevant Time Period").

## III.     SUBJECT MATTERS OF TESTIMONY

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are advised of your duty to designate one or more of your officers, directors, employees, managing agents, or other persons most qualified to testify on your behalf with respect to any and all facts concerning the following:

TOPIC NO. 1:

Your corporate structure, including but not limited to information concerning investment funds or vehicles under your management or control and the investors in those funds or vehicles.

TOPIC NO. 2:

The corporate structure, management hierarchy, and ownership of AMR, SRII Opco, High Mesa, AMH, and KFM prior to and after the Business Combination.

TOPIC NO. 3:

The Business Combination, including: (i) the negotiation and analysis of the Business Combination and any other contemplated transactions or investments among Silver Run, AMH, and/or KFM and related entities and (ii) any proceeds, distribution, or compensation from the Business Combination received directly or indirectly by you, any of the other Control Entity Defendants, High Mesa, or any other person or entity.

TOPIC NO. 4:

The distribution of any proceeds from the Business Combination from you to your employees, owners, or investors.

TOPIC NO. 5:

Any analysis of the costs and expenses that would be lost by you or AMH or KFM if the Business Combination announced on August 16, 2017 was not completed.

TOPIC NO. 6:

The January 2018 Proxy, including: (i) the process and procedures for developing the Proxy; (ii) the operational information contained within the Proxy and the sources of this information, including for any information supplied by you, the process to vet or confirm the validity of this information; and (iii) the financial projections contained within the Proxy and the sources of this information, including for any information supplied by you, the process to vet or confirm the validity of this information.

TOPIC NO. 7:

AMR's internal controls over: (i) financial reporting; (ii) reserve or production estimates; and (iii) public relations, investor relations, or disclosure obligations, including any such internal controls at AMH or KFM prior to or after the Business Combination.

TOPIC NO. 8:

Any analyses and assessments or projections of AMH's oil reserves, EURs, production volumes (including decline rates), and any variance between actual and forecasted projections.

TOPIC NO. 9:

Any geological, geophysical, and engineering software or models used in assessing the STACK formation and use of these software or models in analyzing or assessing the formation (benches, zones, flow barriers, variability of formation, etc.), including any reports, maps or studies generated.

TOPIC NO. 10:

AMH's oil extraction processes and costs, including use of ESPs, wells per pad, well density, well shape, lift technology, well spacing, multi-well drilling, parent and child well drilling and relationship between parent and child wells, parent-child well interference, well depletion, shut-ins, and rig count.

TOPIC NO. 11:

KFM's operations, including: (i) how actual or projected well production or a delay in well production at AMR and the STACK overall impacted KFM's operations and operational revenue; and (ii) KFM's customer base and any firm or prospective long-term acreage dedication contracts and takeaway contracts on pipelines.

TOPIC NO. 12:

Any communications with third-party operators (*i.e.*, not AMH) in the STACK, including but not limited to those concerning (i) delayed drilling on the acreage served by KFM, and (ii) rig and drilling projections for the acreage served by KFM.

TOPIC NO. 13:

Any analyses and assessments of a potential KFM spinoff or other strategic transaction.

TOPIC NO. 14:

Any analyses and assessments or projections of revenue, earnings, EBITDA and free cash flow for AMH and KFM, including the personnel, process and procedures, including internal controls, employed AMR, AMH, or KFM to prepare internal and publicly stated projections of earnings.

TOPIC NO. 15:

Any consideration of other oil well operators or historical oil well production within the STACK relied upon in analyzing or estimating AMH's oil reserves and production, including the identity of these other oil well operators.

TOPIC NO. 16:

Any pattern tests or test pilots conducted by AMH and the results of these tests.

TOPIC NO. 17:

Any consideration of non-STACK oil well operators or historical oil well production relied upon in analyzing or estimating AMH's oil reserves and production, including the identity and location of these other oil well operators or wells.

- 8 -

TOPIC NO. 18:

The selection and retention of advisors regarding analysis or estimation of (i) AMH's oil reserves and production, including drilling patterns or plans, well spacing, and type curve assumptions,  and (ii) KFM's operational model and projected growth.  The time frame for this topic is January 1, 2015 through September 11, 2019.

TOPIC NO. 19:

The facts and circumstances of the termination of, or changes to, employment and other relationships between AMR and each of Michael A. McCabe, Michael E. Ellis, Harlan H. Chappelle, and Ronald Smith, including any stated or actual reasons for such departures and the implications of such departures upon the compensation of said individuals.

TOPIC NO. 20:

All policies related to insider trading, including the implementation and enforcement or non-enforcement of those policies.

TOPIC NO. 21:

The scope, substance, timing, nature and outcomes of the SEC and Department of Justice investigations of AMR.

TOPIC NO. 22:

Any investigations, audits, or consultations regarding AMR's business operations, proved reserves, internal controls or Financial Statements, whether performed by internal personnel or outside agents or consultants, including but not limited to, audits conducted by Ryder Scott Petroleum Co. LP and KPMG LLP.

TOPIC NO. 23:

Your relationship with any individual serving as a manager or director of Silver Run, AMR, AMH, or KFM, including but not limited to their involvement in other companies you have invested in, owned or operated, the identity of any such persons and their roles, responsibilities, and tenures in management or on the board of directors (including any committees of the board of directors) at Silver Run, AMR, AMH, or KFM.

TOPIC NO. 24:

Your policies and procedures for reviewing and approving or otherwise performing due diligence concerning any investment in Silver Run, AMR, AMH or KFM, including any meetings of your board of directors, investment or management committees or other governing bodies, relating to AMR, AMH, KFM, Silver Run, or the Business Combination.

TOPIC NO. 25:

Your communications with your investors or stakeholders concerning AMR, AMH, KFM, Silver Run, or the Business Combination.

TOPIC NO. 26:

Your relationship with High Mesa Inc. and AM Management and their affiliates, subsidiaries or parents, including any ownership interest in High Mesa and AM Management and their investments in AMH, KFM, and AMR prior to and after the Business Combination, as well as any distributions received from High Mesa Inc. or AM Management at any time during the Class Period.

TOPIC NO. 27:

Any agreements between you and AMR, AMH or Kingfisher and their affiliates or predecessors, including any joint development or financing agreements.  The time frame for this request is January 1, 2015 through present.

TOPIC NO. 28:

Any communications between you and any of the other Control Entity Defendants regarding AMR, AMH, KFM, Silver Run, or the Business Combination.

TOPIC NO. 29:

The factual assertions made by you (including made by your attorneys purportedly on your behalf) in any court filing or correspondence in this action, including the factual bases for the affirmative defenses, denials, or privilege claims you have asserted in this action.

TOPIC NO. 30:

Your policies, practices, and procedures related to document retention and destruction, including the identity and roles and responsibilities of any employees responsible for maintaining your production data or other electronically-stored information.

TOPIC NO. 31:

Your efforts in answering Plaintiffs' interrogatories and complying with Plaintiffs' requests for production in this action, including any actual, estimated, or asserted burden associated with collecting, searching, and producing electronically-stored information.

## DECLARATION OF SERVICE BY EMAIL

I, SUMNER CAESAR, not a party to the within action, hereby declare that on May 17, 2022, I served the attached LEAD PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT BAYOU CITY ENERGY MANAGEMENT, LLC on the parties in the within action by email addressed as follows:

## COUNSEL FOR PLAINTIFFS:

| NAME | FIRM | EMAIL |
|---|---|---|
| Trig R. Smith<br>Lonnie A. Browne<br>Sean C. McGuire | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Class* | trigs@rgrdlaw.com<br>lbrowne@rgrdlaw.com<br>smcguire@rgrdlaw.com |
| Andrew J. Entwistle<br>Callie D. Crispin | ENTWISTLE & CAPPUCCI LLP<br>500 West 2nd Street, Suite 1900-16<br>Austin, TX 78701<br>Telephone: 512/710-5960<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Class* | aentwistle@entwistle-law.com<br>ccrispin@entwistle-law.com |
| Robert N. Cappucci<br>Joshua K. Porter<br>Andrew M. Sher<br>Brendan J. Brodeur | ENTWISTLE & CAPPUCCI LLP<br>230 Park Avenue, 3rd Floor<br>New York, NY 10169<br>Telephone:  212/894-7200<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Class* | rcappucci@entwistle-law.com<br>jporter@entwistle-law.com<br>asher@entwistle-law.com<br>bbrodeur@entwistle-law.com |
| Ira A. Schochet<br>David Schwartz | LABATON SUCHAROW LLP<br>140 Broadway, 34th Floor<br>New York, NY 10005<br>Telephone: 212/907-0650<br>212/818-0477 (fax)<br><br>*Additional Counsel for Lead Plaintiff* | ischochet@labaton.com<br>dschwartz@labaton.com |

**<u>COUNSEL FOR DEFENDANTS</u>**:

| NAME | FIRM | EMAIL |
|------|------|-------|
| Herman H. Yue | LATHAM & WATKINS LLP<br>811 Main Street, Suite 3700<br>Houston, TX 77002<br>Telephone:  713/546-7443<br><br>*Counsel for Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lepeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters* | herman.yue@lw.com |
| J. Christian Word<br>Matthew Peters<br>Laura E. Bladow<br>Emani V. Walks<br>Morgan R. Hoffman<br>Chantel Y. Christian (Paralegal) | LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington DC 20004<br>Telephone:  202/637-2200<br><br>*Counsel for Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lepeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters* | christian.word@lw.com<br>matthew.peters@lw.com<br>laura.bladow@lw.com<br>emani.walks@lw.com<br>morgan.hoffman@lw.com<br>chantel.christian@lw.com |

| | | |
|---|---|---|
| Heather A. Waller | LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone:  312/876-7700<br><br>*Counsel for Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lepeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, and Diana J. Walters* | heather.waller@lw.com |
| Jonathan Fombonne<br>Kenneth Alan Young<br>Sydney Corry | KIRKLAND & ELLIS LLP<br>609 Main Street<br>Houston, TX 77002<br>Telephone:  713/836-3336<br><br>*Counsel for Bayou City Energy Management, LLC and William W. McMullen* | jonathan.fombonne@kirkland.com<br>kenneth.young@kirkland.com<br>sydney.corry@kirkland.com |
| Stefan Atkinson<br>Gianni Mascioli | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone:  212/446-4803<br><br>*Counsel for Bayou City Energy Management, LLC and William W. McMullen* | stefan.atkinson@kirkland.com<br>gianni.mascioli@kirkland.com |
| Bruce M. Bettigole<br>Adam Pollet<br>Andrea Gordon | EVERSHEDS SUTHERLAND LLP<br>700 6th Street NW<br>Suite 700<br>Washington DC 20001<br>Telephone:  202/383-0100<br><br>*Counsel for ARM Energy Holdings LLC* | brucebettigole@eversheds-sutherland.com<br>adampollet@eversheds-sutherland.com<br>andreagordon@eversheds-sutherland.com |

| David A. Baay | EVERSHEDS SUTHERLAND LLP<br>1001 Fannin Street<br>Suite 3700<br>Houston, TX 77002-6760<br>Telephone:  713/470-6112<br><br>*Counsel for ARM Energy Holdings LLC* | davidbaay@eversheds-sutherland.com |
| Karl S. Stern | QUINN, EMANUEL, URQUHART & SULLIVAN, LLP<br>711 Louisiana Street, Suite 500<br>Houston, TX 77002<br>Telephone:  713/221-7000<br><br>*Counsel for HPS Investment Partners LLC and Donald Dimitrievich* | karlstern@quinnemanuel.com |
| Christopher D. Porter<br>Michael B. Carlinsky<br>Jacob J. Waldman<br>Courtney C. Whang | QUINN, EMANUEL, URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:  212/849-7000<br><br>*Counsel for HPS Investment Partners LLC and Donald Dimitrievich* | christopherporter@quinnemanuel.com<br>michaelcarlinsky@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com<br>courtneywhang@quinnemanuel.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 17, 2022, at San Diego, California.

_____
SUMNER CAESAR