UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> **CLASS ACTION** <br><br> [Lead Case] |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; and RONALD SMITH, <br><br> Defendants. | Civil Action No. 4:22-cv-001189 <br><br> [Consolidated Case] |

| | |
|---|---|
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., f/k/a SILVER RUN ACQUISITION CORPORATION II; RIVERSTONE HOLDINGS LLC; ARM ENERGY HOLDINGS LLC; BAYOU CITY ENERGY MANAGEMENT, LLC; HPS INVESTMENT PARTNERS, LLC; JAMES T. HACKETT, HARLAN H. CHAPPELLE, WILLIAM GUTERMUTH, JEFFREY H. TEPPER, DIANA J. WALTERS; MICHAEL E. ELLIS; and RONALD SMITH, <br><br> Defendants. | Civil Action No. 4:22-cv-02590 <br><br> [Consolidated Case] |

**ARM ENERGY HOLDINGS LLC'S JOINDER IN SUPPORT OF
BAYOU CITY ENERGY MANAGEMENT, LLC'S
<u>OBJECTION TO TRIAL BY CONSENT AND MOTION TO EXCLUDE</u>**

ARM Energy Holdings LLC ("ARM Energy") hereby submits this joinder to Bayou City Energy Management, LLC's ("BCE") Objection to Trial by Consent and Motion to Exclude ("Motion"). Dkt. No. 849. This joinder is made based on the same arguments that

2

were referred to by BCE in support of its Motion. In the interest of judicial economy, ARM Energy joins and does not repeat arguments made in BCE's Motion.

At summary judgment, the Court dismissed all Plaintiffs' Section 20(a) claims against ARM Energy "except for claims arising out of statements made by [Harlan] Chappelle before the SPAC transaction while Chappelle was Chief Executive Officer of [Alta Mesa Holdings, L.P. ("AMH")]"—an entity in which ARM Energy indisputably held *zero* ownership interest. Dkt. No. 778 ("MSJ Order") at 2. Therefore, like BCE, the only remaining claims purportedly against ARM Energy are Section 20(a) claims based on two alleged misstatements made by Chappelle in August 2017.

The Court should not allow Plaintiffs to litigate these claims because Plaintiffs failed to plead that ARM Energy controlled Chappelle's pre-Business Combination statements or had the power to do so in *any* version of Plaintiffs' Complaints. Indeed, despite litigating this case for five years, Plaintiffs only raised this claim for the first time in their Opposition to ARM Energy's joint motion for summary judgment—well past the April 15, 2022 deadline to amend the pleadings. Dkt. No. 457 ("Opposition").

In their Opposition, Plaintiffs raised a brand new, nonsensical theory that ARM Energy somehow controlled statements made by Chappelle—the CEO of **AMH**—because ARM Energy purportedly controlled the operations of **Kingfisher Midstream LLC** ("Kingfisher")—the other company acquired by Silver Run in the Business Combination. Pls. Summary Judgment Opp., Dkt. No. 457 at 13-15. But Plaintiffs never pled that ARM Energy controlled Chappelle's pre-Business Combination statements or had the power to do so. *See generally* Class Pls.' Third Am. Compl. ("TAC"). At most, Plaintiffs vaguely

3

pleaded that ARM Energy (along with every other Defendant) had the "power to control materially false and misleading public statements about Alta Mesa", *see id.* ¶ 369—that is, *AMR* and/or *Silver Run*, and not AMH or KFM.[1] But those allegations are patently insufficient to give ARM Energy notice of the only remaining claims purportedly against it. ARM Energy was not on notice that Plaintiffs would try to argue that ARM Energy is liable for the misstatements allegedly made by Chappelle—the CEO of a completely unrelated counterparty to AMR and Silver Run—before the Business Combination. The simple fact is that, at summary judgment, Plaintiffs took the "kitchen sink" approach and muddied the waters with respect to what is—and what is not—at issue in this case in order to save their flailing case against ARM Energy. Since Plaintiffs never alleged that ARM Energy controlled Chappelle, they should not be permitted to advance this theory further.

Further, ARM Energy has not consented to a trial on these new, unpled claims and declines to do so. The only claims that ARM Energy received notice on have been dismissed. Thus, ARM Energy maintains that any trial is improper and expressly objects to a trial on Plaintiffs' unpled theories.

Now is the appropriate time to dismiss ARM Energy from the case. Similar to BCE, a trial against ARM Energy on unpled claims would be highly prejudicial. Because ARM Energy was not given notice of these claims, it was deprived of the opportunity to conduct discovery on the issue of ARM Energy's purported control over Chappelle before the

---

[1] *See id.* at 1 (defining "Alta Mesa" as "Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II"); *see also* Orbis Compl. ¶ 334 (referring to Defendants' alleged "power to control public statements *about Alta Mesa*") (emphasis added); *id.* at 1 (abbreviating "Alta Mesa Resources, Inc." to "Alta Mesa"); Alyeska Compl. ¶ 409 (referring to Defendants' alleged "power to control public statements *about Alta Mesa*") (emphasis added); *id.* at 1 (abbreviating "Alta Mesa Resources, Inc." to "Alta Mesa").

4

Business Combination. Nowhere in Plaintiffs' Rule 26 disclosures or elsewhere did Plaintiffs raise this Chappelle-control theory. Indeed, as further evidence that Plaintiffs only recently fabricated these claims, Plaintiffs did not even bother questioning ARM Energy's two witnesses about ARM Energy's alleged control of Chappelle regarding the two statements still at issue. Moreover, the expense of a five-week jury trial on these new claims will be extraordinarily costly to ARM Energy. Thus, the Court should dismiss ARM Energy from the case now.

Finally, a motion in limine is an appropriate vehicle for dismissing these unpled claims. This Court can dismiss claims on a motion in limine where Plaintiffs failed to plead the claims they seek to try before a jury. *Fournier v. McCann Erickson*, 242 F. Supp. 2d 318, 334 (S.D.N.Y. 2003) (stating request to dismiss claims can be considered in motion in limine and collecting cases).

Thus, ARM Energy respectfully requests the Court grant Bayou City Energy Management, LLC's Objection to Trial By Consent and Motion to Exclude as to ARM Energy, dismiss this action with prejudice as to ARM Energy, and grant such other and further relief to which ARM Energy may be entitled.

Dated: October 17, 2024              Respectfully submitted,

                                                        **EVERSHEDS SUTHERLAND (US) LLP**

                                                        */s/ Jim L. Silliman*
                                                       Jim L. Silliman
                                                       Attorney-in-Charge
                                                       TX Bar No. 24081416
                                                       Federal Bar No. 2365032
                                                       1001 Fannin Street, Suite 3700

Houston, Texas 77002
Tel.: (713) 470-6100
Fax: (713) 654-1301
jimsilliman@eversheds-sutherland.com

Bruce M. Bettigole (*pro hac vice*)
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
Jessica R. Rodgers (*pro hac vice*)
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com
jessicarodgers@eversheds-sutherland.com

Samantha N. Darnell (*pro hac vice*)
Ian N. Jones (*pro hac vice*)
999 Peachtree Street, NE Suite 2300
Atlanta, GA 30309-3996
Telephone: (404) 853- 8000
SamanthaDarnell@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

**COUNSEL TO ARM ENERGY HOLDINGS, LLC**

**CERTIFICATE OF SERVICE**

I certify that this Joinder has been served by the Court's ECF system to counsel for all parties on October 17, 2024.

/s/ Jim L. Silliman
Jim L. Silliman

**CERTIFICATE OF CONFERENCE**

I certify that, on October 17, 2024, counsel for ARM Energy conferred with counsel for all parties regarding the substance of Bayou City Energy Management, LLC's Objection to Trial by Consent and Motion to Exclude to which ARM Energy herewith seeks joinder. Counsel were unable to obtain assent for the relief sought.

/s/ Jim L. Silliman
Jim L. Silliman