| ENTWISTLE & CAPPUCCI LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| 500 WEST 2ND STREET, SUITE 1900 | 655 WEST BROADWAY, SUITE 1900 |
| AUSTIN, TEXAS 78701 | SAN DIEGO, CALIFORNIA 92101 |
| TELEPHONE: (512) 710-5960 | TELEPHONE: (619) 231-1058 |
| FACSIMILE: (212) 894-7272 | FACSIMILE: (619) 231-7423 |

October 17, 2024

<u>VIA ECF</u>
The Honorable George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6206
Houston, Texas 77002

Re:   *In re Alta Mesa Resources, Inc. Securities Litigation*,
Case No. 4:19-cv-00957 (S.D. Tex.)

Dear Judge Hanks:

On behalf of the Class Plaintiffs, we write in response to Defendants' request for a further delay of the trial date and the date for pre-trial filings on the basis of certain settlements involving the Individual Action Plaintiffs ("IAPs").  Dkt. No. 853.  Defendants' request is simply not made in good faith and should be denied for at least the following reasons.

First, adjusting the JPTO and other pre-trial submissions to accommodate settlement with any party is a relatively straight forward task that can be done quite quickly.  That is particularly true here, where Defendants successfully requested that the Court delay the prior October 7, 2024, trial date on the basis that they had scheduled a mediation with the IAPs and expected that mediation to be fruitful.  Defendants' complaints about the difficulties they face following the settlements with the IAPs are nothing more or less than a transparent attempt to needlessly delay trial.

Second, finalizing the settlements agreed to between the IAPs and certain Defendants – presumably with detailed-executed Term Sheets – is irrelevant to the pre-trial submissions and trial of the claims against the remaining Defendants (and in that regard we note the IAPs also oppose the remaining Defendants' request for delay).  The IAP settlements do not require Court approval. And even if there were a reason those settlements could not be finalized in parallel to trial of the Class Action – which there is not – the appropriate remedy would be to revisit Class Plaintiffs' prior motion for separate trials (Dkt. 659) of whatever may be remaining of the IAPs' claims because of the demonstrable prejudice imposed on Class Plaintiffs caused by yet another continuance.

Third, it is often the case that some Defendants wait until they are on the proverbial "courthouse steps" to settle.  When, if, and as those settlements happen the parties and the Court typically can and do make required adjustments, even during trial.  To do otherwise would mean that defendants would be incentivized to and could make last-minute, piecemeal settlements and perpetually delay trial.

October 17, 2024
Page 2 of 2

Fourth, Class Plaintiffs already have a truck with trial-related materials and people on the way to Houston, room blocks are in place and paid for (and there is no guarantee the hotel will be willing or able to accommodate another shift of the trial date – particularly one that would presumably implicate the Christmas holidays), and Class Plaintiffs' witnesses have been rescheduled for the November 4th trial. It is simply not fair to make Plaintiffs go through that process again simply for the remaining Defendants' convenience.

Finally, on today's meet and confer with the Defendants we did ask them if their letter request could be satisfied by having the Court move the current October 21, 2024 deadline for pretrial submissions two days to October 23, 2024 (assuming Your Honor agreed to do so), but to leave the November 4th trial date as currently set. We were advised that accommodation would not satisfy the remaining Defendants' letter request which requests an unspecified delay of both the pre-trial submission date and the trial.

For these reasons, Class Plaintiffs ask that the Court require the parties remaining in the litigation to abide by the current deadlines and that the Court maintain the current November 4th trial setting. We also ask that, regardless of whether the Court adjusts any deadline, that Your Honor make clear that no further request by any party for delay will be granted.

Respectfully submitted,

_/s/ Andrew J. Entwistle_           _/s/ Trig Smith_

*Co-Lead Counsel for the Class*