# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 |

## CLASS PLAINTIFFS' OPPOSITION TO BAYOU CITY'S EMERGENCY MOTION TO STAY TRIAL AND FOR EXPEDITED BRIEFING SCHEDULE

Class Plaintiffs hereby oppose "Bayou City's Emergency Motion to Stay Trial to Avoid Due Process Violation and Request for Expedited Briefing Schedule" (Dkt. No. 858, "Stay Motion").

## I.  SUMMARY OF THE ARGUMENT

The fact that defendant BCE has three pending motions is no reason to stay the trial currently set to start on November 4, 2024, or to order expedited briefing of a motion BCE inexplicably waited until the eve of trial to file. One of those motions (Dkt. No. 852) is an *in limine* motion to exclude certain evidence, which will already be fully briefed by October 28, pursuant to a stipulated briefing schedule filed by the parties on October 20, 2024 (Dkt. No. 861). A second pending motion, BCE's August 2024 Rule 12 motion to dismiss, is *already* fully briefed (Dkt. Nos. 783, 811, 830) and can also readily be disposed of without delaying the trial.

The issues raised by the third pending motion, BCE's October 16, 2024 "Objection to Trial" (Dkt. No. 849) likewise do not support the emergency relief BCE seeks here or

EC.00139427.5

warrant expedited briefing. First, the same arguments were previously raised both in BCE's summary judgment motion, which the Court plainly denied at page 52 of its Opinion (Dkt. No. 778), and before that in connection with BCE's motion to dismiss, which the Court likewise rejected at pages 28-29 of its Opinion (Dkt. No. 160). In short, the Court has already addressed the issue twice, and the fact BCE doesn't like those rulings is not a basis for it to reargue the issue in a motion filed in a transparent attempt to delay the trial.

Second, it should not be lost on the Court that the putative "emergency" here is a creature of BCE's own creation. Had BCE seriously thought it had a legitimate argument, it could easily have raised it at any time following the Court's rejection of the same argument in the August 12, 2024 summary judgment opinion. That BCE waited until the eve of trial to do so makes clear this emergency motion, like the baseless Objection to Trial it is tied to, is a meritless and transparent attempt to delay the proceedings in this five-year-old class action. BCE's attempt to tactically advantage itself by lodging this baseless motion, and then arguing for a stay of the trial and/or expedited briefing, should be denied.

## II. ARGUMENT

### A. A Stay Is Not Warranted

BCE's argument that it will suffer irreparable harm boils down to the simple realities that BCE continues to believe the claims against it should not proceed to trial at all, and that BCE will incur expenses defending the claims against it if trial proceeds. Most if not all defendants could say the same. There is no deprivation of "due process" here, because BCE has already been heard on the issue and the Court has rightly recognized—twice— that the Complaint plainly pleads that BCE controlled the Management Defendants (which

include Chappelle) throughout the Class Period (which begins with Chappelle's August 2017 alleged misstatements).

BCE's cases on irreparable harm are inapposite, as neither addresses harm to reluctant civil defendants or harm due to purportedly unpled claims. *De Leon v. Perry*, 975 F. Supp. 2d 632, 663–64 (W.D. Tex. 2014), aff'd sub nom, 791 F.3d 619 (5th Cir. 2015) (denial of a marriage license to same-sex couples); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 332 (5th Cir. 1981) (denial of abortion access). In any event, even if there was irreparable harm to BCE, which there is not, the putative emergent situation is of BCE's own making by delaying until the eve of trial to make a baseless motion it could have raised anytime following the Court's August 12, 2024 summary judgment opinion.

Likewise, BCE's statements that it cannot afford to mount a defense at trial are blatantly irrelevant, factually unsupported, and contrary to both its own website which notes BCE has more than $1.6 billion under management (Ex. A) and related public SEC filings declaring a BCE affiliate owns, among other assets, more than 68 million shares of Mach Natural Resources worth more than $1 billion (Ex. B).[1]

On the other hand, a stay would prejudice the Class. When BCE requests that the Court stay the trial against BCE, it is not requesting a delay of the entire trial, but, rather, asking the Court to sever the claims against BCE and hold separate two separate trials. The prejudice, and complete waste of judicial resources, inherent in such a result, is manifest.

---

[1] "Ex. A" and "Ex. B" refer to the exhibits to the Declaration of Andrew J. Entwistle in Opposition To Bayou City's Emergency Motion To Stay Trial And For Expedited Briefing Schedule, filed contemporaneously herewith.

Class Plaintiffs would likewise be prejudiced by a stay of the entire proceedings on the eve of trial for the reasons stated in Class Plaintiffs' letters opposing defendants' various other requests to continue the trial, including that the trial team is already setting up in Houston, witnesses are scheduled, hotels are booked and paid for, etc.  BCE's sole and factually inapposite case on this issue, *Tullis v. ExxonMobil Corp.*, No. 2:22-CV-00192, 2022 WL 18359154, at *1 (S.D. Tex. Dec. 2, 2022), *report and recommendation adopted*, No. 2:22-CV-00192, 2023 WL 289723 (S.D. Tex. Jan. 18, 2023) (*citing Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021)), involved a discovery stay immediately following the denial of the defendant's Rule 12 motion to dismiss while the Supreme Court considered a legal question central to the prosecution of the remaining claims, not a stay of an impending trial while the trial court entertained serial motions for reconsideration, as here.

      **B.**      **Expedited Briefing Is Not Warranted**

BCE's request for expedited briefing on the late-filed Objection to Trial should be denied for the same reasons.  Expedited briefing on the Objection to Trial is not warranted because, by BCE's own admission, these issues have already been fully briefed twice, and because there is no reason BCE could not have filed its Objection more than 21 days prior to trial.  BCE's proposed expedited briefing on its motion *in limine* is likewise unnecessary and contrary to the parties' stipulated briefing schedule for the motions *in limine* requiring oppositions to those motions on October 28, 2024 (Dkt. No. 861).  And, BCE's request for expedited briefing on its Rule 12 motion is nonsensical because that motion has been fully briefed since BCE filed its reply papers on September 18, 2024 (Dkt. No. 830).

### III. CONCLUSION

For the foregoing reasons, the Court should deny "Bayou City's Emergency Motion to Stay Trial to Avoid Due Process Violation and Request for Expedited Briefing Schedule" (Dkt. No. 858, "Stay Motion") in all respects.

Dated: October 21, 2024                                          Respectfully submitted,

| | |
|---|---|
| */s/* Andrew J. Entwistle | */s/* Trig Smith |
| Andrew J. Entwistle (attorney-in-charge) | Trig Smith (*pro hac vice*) |
| State Bar No. 24038131 | Tor Gronborg (*pro hac vice*) |
| Callie Crispin | John Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN &** |
| State Bar No. 24127308 | **DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Suite 1900 | San Diego, CA 92101 |
| Austin, TX 78701 | Telephone: (619) 231-1058 |
| Telephone: (512) 710-5960 | Facsimile: (619) 231-7423 |
| Facsimile: (212) 894-7278 | |
| | |
| -and- | |
| | *Co-Lead Counsel for the Class* |
| Joshua K. Porter (*pro hac vice*) | |
| Brendan J. Brodeur (*pro hac vice*) | |
| Andrew M. Sher (*pro hac vice*) | |
| **ENTWISTLE & CAPPUCCI LLP** | |
| 230 Park Avenue, 3rd Floor | |
| New York, NY 10169 | |
| Telephone: (212) 894-7200 | |
| Facsimile: (212) 894-7278 | |
| | |
| *Co-Lead Counsel for the Class* | |
| | |
| Carol C. Villegas (*pro hac vice*) | |
| David Saldamando (*pro hac vice*) | |
| **LABATON KELLER SUCHAROW LLP** | |
| 140 Broadway | |
| New York, NY 10005 | |

Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*