**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

# CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 6: MOTION TO PRECLUDE CHARACTER EVIDENCE AND EVIDENCE OF <u>RELIGIOUS BELIEFS, OPINIONS, AND ACTIVITIES</u>

I. **INTRODUCTION**

Pursuant to Federal Rules of Evidence 404, 405, and 610, Class Plaintiffs seek an order precluding evidence or argument, including witness testimony, concerning any party or witness's: (a) character or reputation; (b) past instances of good conduct, including charitable contributions or the like; and (c) religious affiliation, beliefs, or associated conduct.[1]

Under Rule 404, evidence pertaining to a witness's character is inadmissible for the propensity inference that any witness or party acted in accordance or conformity therewith on any particular occasion. Fed. R. Evid. 404(a). Similarly, under Rule 404(b) evidence of any party or witness's conduct, or past acts, is inadmissible under Rule 404(b) when offered for any similar inference at any time throughout trial and, under Rule 405, specific instances of conduct are impermissible when offered (for any purpose, including a purpose that meets an exception under Rule 404(b)(2)) during direct examination. *See* Fed. R. Evid. 404(b)(1); Fed. R. Evid. 405. Finally, under Rule 610, any evidence concerning any party or witness's religious beliefs, opinions, or associated conduct is inadmissible as potentially bolstering or supporting the witness's credibility. Fed. R. Evid. 610.

Class Plaintiffs bring this motion *in limine* because Defendants have refused to agree to not place their character, their witnesses' character, or their religious beliefs at issue. Specifically, defendant Hackett received a master's degree in theological studies from Harvard Divinity School that, as he has publicly stated on several occasions, he sought to

---

[1] Class Plaintiffs hereby certify, in accordance with Court Procedures § 6.C.2, that Class Plaintiffs met and conferred with Defendants, in accordance with Local Civil Rule 7.1(d), and the parties were unable to reach an agreement on the requested relief. All references to "Ex. __" are to the Declaration of Stephen Johnson in Support of Class Plaintiffs' Motion *in Limine* No. 6 ("Johnson Decl.").

- 2 -

guide him in the wake of the securities fraud perpetuated at Enron. Hackett has since become an outspoken religious advocate, publicly commenting that his religious studies both guided his leadership at Alta Mesa and make him more credible. Defendants have confirmed they intend to have Hackett testify on the matter.

All such evidence should be precluded, and a motion *in limine* is necessary to prevent any commentary to such effect during opening statements or before the bell is rung during the examination of any witness.

## II. EVIDENCE OF PARTIES' AND WITNESSES' CHARACTER IS INADMISSIBLE

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Thus, any evidence of any party or witness's character in the form of reputation or opinion evidence should be precluded here.

Courts regularly preclude such evidence, *in limine* and otherwise, as impermissible under Rule 404(a), as well as Rules 402 and 403. *See, e.g.*, *In re Bankatlantic Bancorp, Inc., Sec. Litig.*, 2010 WL 11426133, at *2 (S.D. Fla. Aug. 25, 2010) ("Defendants shall not be permitted to introduce evidence of their good character or honesty."); *United States v. Manfredi*, 2009 WL 3762966, at *3 (W.D. Pa. Nov. 9, 2009) (citing cases and holding evidence of "generosity or charitableness is not relevant or germane to the issue of [defendant's] willfulness" in violating tax laws); *Smilovits v. First Solar, Inc.*, 2019 WL 6698199, at *7 (D. Az. Dec. 9, 2019) ("The Court agrees that it would be inappropriate to present evidence simply for the purpose of showing that Defendants are good people. That is not an issue in this case and such evidence could run afoul of Rules 403 and 404.").

- 2 -

4879-4755-8844.v3

While the Rules provide a limited exception to the broad ban on character evidence of witnesses, such evidence is only admissible "after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). However, because it is "well-settled" that evidence "relating to Defendants' alleged commission of securities fraud does not constitute an attack on Defendants' character," and Class Plaintiffs have not placed at issue – nor do they intend to place at issue – any defendants' character, the exception is inapposite. *See SEC v. ITT Educ. Servs., Inc.*, 2018 WL 3008632, at *4 (S.D. Ind. June 15, 2018) (precluding evidence of defendants' good character in securities fraud action); *SEC v. Morelli*, 1993 WL 603275, at *1 (S.D.N.Y. Dec. 21, 1993) ("Rule 404 expressly rejects the use of character evidence in civil cases to prove a person acted 'in conformity therewith on a particular occasion.'"); *SEC v. Jacobs*, 2014 WL 12597832, at *3 (N.D. Ohio Feb. 25, 2014) ("Filing a claim based on allegations of securities fraud does not constitute an attack on a defendant's character for truthfulness.").

Accordingly, the Court should preclude any commentary on or evidence concerning any party or witness's character or character traits for the purpose of demonstrating or providing for an inference of propensity or action in conformity therewith.

### III.   EVIDENCE OF SPECIFIC INSTANCES OF CONDUCT IS INADMISSIBLE

Under Rule 404(b), evidence of any "act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" demonstrated or reflected by that act. Fed. R. Evid. 404(b)(1). Such evidence is routinely excluded, including in securities fraud actions. *See, e.g.*, *Lopez v. Tyson Foods, Inc.*, 2011 WL 1791549, at *4-*5 (D. Neb. May 11, 2011) (granting motion *in limine* to

- 3 -

preclude evidence of defendant's "charitable contribution or involvement in community affairs . . . because such evidence is irrelevant"); *U.S., ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at *4 (C.D. Cal. July 3, 2019) ("[A]ny such evidence of 'good acts' is irrelevant to the alleged scheme of whether Defendant knowingly submitted false claims."); *Niver v. Travelers Indem. Co. of Ill.*, 433 F. Supp. 2d 968, 994-95 (N.D. Iowa 2006) ("The court finds that unrelated 'good acts' simply are not relevant pursuant to Rule 401, and therefore, not admissible pursuant to Rule 402 . . . ."); *Bellew v. Ethicon, Inc.*, 2014 WL 6680356, at *7 (S.D. W. Va. Nov. 25, 2014) (excluding as irrelevant evidence of "'prior acts of public benefit that are unrelated'" to product at issue, such as "community employment, charitable donations of money and medicine and medical contributions").

There is no applicable exception under Rule 404(b) and no rationale applies in this case to admit any such evidence. The Court should preclude any commentary or evidence concerning any party or witness's past acts for the purpose of demonstrating or providing for an inference of propensity or action in conformity therewith.

Moreover, as a procedural matter, Rule 405 precludes any such evidence from being admitted on direct examination of any witness. Fed. R. Evid. 405. Specifically, even "[w]hen evidence of a person's character or character trait is admissible," Rule 405 prohibits evidence of "specific instances of [a] person's conduct," from being admitted on direct examination, unless the "person's character or character trait is an essential element of a charge, claim, or defense." *Id.* Here, no person's character or character trait is an essential element of any charge, claim, or defense levied by any party, further precluding the admission of any evidence of past acts for the inadmissible inference of propensity or action in conformity

therewith. Accordingly, any evidence or argument regarding past acts offered for propensity inferences should be precluded.

## IV.  EVIDENCE OF PARTIES' AND WITNESSES' RELIGIOUS CONDUCT IS INADMISSIBLE

Pursuant to Rules 404 and 610, the Court should also preclude any evidence or argument, including witness testimony, concerning any party or witness's religious beliefs, opinions, or conduct. Such an order is particularly warranted here given Hackett's outspoken and well-documented record of commenting upon his religious beliefs and activity, including in connection with his leadership of Alta Mesa and the securities fraud committed by executives at Enron.

Following his time as Chief Executive Officer of Anadarko Petroleum Corporation, Hackett received a master's degree in theological studies at Harvard Divinity School. Thereafter, he returned to business and executive leadership at Alta Mesa and Riverstone. Prior to assuming these roles, and during his time in his roles at corporate defendants Alta Mesa and Riverstone, Hackett regularly spoke out in interviews about his religious beliefs, how they affected his leadership and management style, how they helped him to understand the securities fraud that took place at Enron, and even how they provided him a newfound sense of "credib[ility]."[2]

---

[2]  Ex. 1 at 3; *see also id.*, at 2 ("One of the reasons he was drawn there was his desire to try to make sense of the failure of Enron – 'a major corporation managed by Midwestern Christians like me'" . . . .); Ex. 2 at 5 (quoting Hackett as saying "the collapse of Enron" was one of "two events" that "made him think seriously about divinity school"); Ex. 3 at 2 (same); Ex. 4 at 1 ("Hackett was propelled to divinity school in part by insert . . . the Enron Corp. debacle"); James Hackett, "*How Theology Helped Me Succeed in International Business*", YouTube, March 7, 2024 (available at https://www.youtube.com/watch?v=gNMOQTijxfM).

- 5 -

As set forth above, evidence of a person's character – including religion – or specific acts, such as attending divinity school, is inadmissible to prove a person's character or action in conformity therewith under Rules 404(a) and 404(b), respectively. Moreover, under Rule 610, a witness's religious beliefs or opinions may not be used to attack or bolster their credibility. *Pham v. Beaver*, 445 F. Supp. 2d 252, 259 (W.D.N.Y. 2006) ("it is highly improper for [a party] to attempt to bolster a witness's credibility on the basis that he subscribes to a particular religion").[3]

Thus, any evidence or argument relating to Hackett's faith or time at Harvard Divinity School is inadmissible and cannot be allowed to be used by Defendants to draw impermissible inferences. Specifically, at least two improper inferences would flow from the introduction of such evidence or argument: (1) because of his religious affiliation, it is less likely that Hackett (and his colleagues) were dishonest or deceptive in the past (*i.e.*, when Class Plaintiffs allege he defrauded investors); and (2) because of his religious affiliation, he is a more credible witness. Rule 404 precludes the former. Rule 610 precludes the latter. This testimony is particularly problematic in light of the fact that Hackett's alleged misconduct would constitute a violation of his professed religious beliefs.[4]

---

[3]   *See also Brown v. K&L Tank Truck Serv., Inc.*, 2017 WL 5499408, at *3 (D. Kan. Nov. 16, 2017) ("references to a witness's religious beliefs or conduct are inadmissible"); *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1199 (8th Cir. 2015) (affirming exclusion of testimony as to defendant's involvement with the church); § 6153 Scope, 28 Fed. Prac. & Proc. Evid. § 6153 (2d ed.) ("Evidence also is unfairly prejudicial where it enhances credibility") (citing cases).

[4]   *Post-Confirmation Comm. for Small Loans, Inc. v. Martin*, 2016 WL 9243594, at *5 (M.D. Ga. Oct. 4, 2016) (precluding religious beliefs of defendant accused of "'fraudulent behavior'" as it "has the likely potential of prejudice, as it could improperly bolster [defendant's] credibility"); *McGail v. Noble*, 2018 WL 950184, at *14 (S.D. Ohio Feb. 20, 2018) ("The obvious purpose of all the church involvement testimony was to build up [defendant's] character: a . . . man who was involved in all this church work (albeit earlier in his life) wouldn't lie . . . would he?"); *Gov't of V.I. v. Petersen*,

It is certainly typical and common for a witness to describe their background, educational and employment history, and related facts, *if* those facts are relevant to the underlying case. Hackett's brief stint at Harvard Divinity School studying Hinduism and Economics is not relevant in this litigation, and certainly could not be so relevant as to overcome the proscriptions of Rules 404 and 610. Indeed, "exclusion of this evidence [is] not only justified but required by the Federal Rules of Evidence." *U.S. v. Sampol*, 636 F.2d 621, 666 (D.C. Cir. 1980).[5]

Nevertheless, Defendants insist upon presenting evidence of Hackett's religious studies, stating they would do so as part of "telling Jim's story about how he ended up at Riverstone; what he was doing before. He was studying theology at Harvard." *See* Johnson Decl. at ¶ 4.[6] Class Plaintiffs only take issue with one word of that sentence; one aspect of that story: what he was studying; the precise evidence precluded by Rule 610. To the extent

---

553 F.2d 324, 328 (3d Cir. 1977) (excluding defendant's religious beliefs where those beliefs negated the inference that defendant was, as the government alleged, the first aggressor).

[5]    *See also U.S. v. Teicher*, 987 F.2d 112, 119 (2d Cir. 1993) (holding where evidence of religious beliefs is "not probative of bias," exclusion is "not only proper, it [is] in fact compelled by Fed. R. Evid. 610"); *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 536 (6th Cir. 2005) ("district court's ruling was erroneous" in admitting testimony of a witness's religious beliefs); *United States v. Roach*, 502 F.3d 425, 436 (6th Cir. 2007) (party's comment on Ten Commandments during discussion of religious witness improper as "American '[c]ourts universally condemn the injection of religion into legal proceedings.'") (alteration in original) (quoting *Hicks v. Collins*, 384 F.3d 204, 223 (6th Cir. 2004))

[6]    Defendants' purported purpose in offering this evidence is not dispositive – the danger of the jury making the improper inference is sufficient to exclude the testimony. *See, e.g., Jones v. TCI Cablevision of Utah, Inc.*, 2000 WL 1092024, at *3 (10th Cir. Aug. 3, 2000) (affirming preclusion of witness testifying "that he knew plaintiff through his church" because of the risk it "may have sent the message to the jury that because the plaintiff attended church he must be an honest person"); *Norman v. Leonard's Express, Inc.*, 2023 WL 3531605, at *8 (W.D. Va. May 18, 2023) (granting motion to exclude any "terms that would convey or suggest [party's] religious affiliation"); *United States v. Idowu*, 2023 WL 6274788, at *1 (D. Utah Sept. 26, 2023) (granting motion to exclude defendant's mission service).

Defendants feel compelled to provide a complete timeline of Hackett's educational background or professional history to the jury, they may simply have him testify that he went to graduate school at Harvard. No further elaboration is necessary or admissible.

Defendant Hackett should not be permitted to bolster his credibility at trial in the same manner in which he has sought in the court of public opinion: by resorting to his graduate studies and religious beliefs. Accordingly, Class Plaintiffs seek an order precluding any evidence or argument concerning any witness's religious beliefs or associated activities, including Hackett's studies at Harvard Divinity School.

## V.     CONCLUSION

For the foregoing reasons, and as provided by the Fed. R. Evid., the Court should issue an order precluding any commentary upon or evidence of any party or witness's: (a) character or reputation; (b) past instances of good conduct, including charitable contributions or the like; and (c) religious affiliation, beliefs, or associated conduct.

DATED:  October 21, 2024                              Respectfully submitted,

| s/ Andrew J. Entwistle | s/ Trig R. Smith |
|---|---|
| Andrew J. Entwistle (attorney in charge) | Tor Gronborg (*pro hac vice*) |
| State Bar No. 24038131 | Trig R. Smith (*pro hac vice*) |
| Callie Crispin | John M. Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN** |
| State Bar No. 24127308 | **& DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Floor 19, Suite 140 | San Diego, CA  92101 |
| Austin, TX  78701 | Telephone:  (619) 231-1058 |
| Telephone:  (512) 710-5960 | Facsimile:  (619) 231-7423 |
| Facsimile:  (212) 894-7278 | |

– and –                                                                                       *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record via the Court's ECF system on October 21, 2024.

                                                       s/ Trig R. Smith
                                                       TRIG R. SMITH