**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC.<br>SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 7:**
**<u>MOTION AS TO GENERAL TRIAL PROCEDURES</u>**

## I.      INTRODUCTION

Pursuant to the Court's authority to control the mode and manner of examining witnesses and presenting evidence, Class Plaintiffs seek the following rulings *in limine*:

- Pursuant to Federal Rule of Evidence 615, non-party fact witnesses should be sequestered and barred from discussing other witnesses' testimony during trial;

- Witnesses should not be permitted to confer with counsel between being placed under oath and being excused from the stand;

- Fact witnesses that were not made available to testify live, or were deemed unavailable to testify live during Class Plaintiffs' case(s)-in-chief, should be precluded from testifying live during Defendants' case-in-chief;

- Witnesses should be precluded from testifying for the first time at trial as to matters which, during their deposition(s), they testified they "could not recall"; and

- Pursuant to Federal Rule of Evidence 611(c)(2), Class Plaintiffs should be permitted to examine witnesses identified with Defendants using leading questions.[1]

## II.     MOTIONS *IN LIMINE*

### A.      Pursuant to Federal Rule of Evidence 615, Non-Party Fact Witnesses Should be Sequestered, and Barred from Discussing Testimony During Trial

Class Plaintiffs request, pursuant to Rule 615, that all fact witnesses, barring parties and party representatives, be sequestered during trial and prior to their testimony. Fed. R. Evid. 615. Under Rule 615, "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." *Id.* The rule – by its plain language and under Fifth Circuit law – is mandatory. *U.S. v. Warren*, 578 F.2d 1058,

---

[1]     Class Plaintiffs hereby certify, in accordance with Court Procedures § 6.C.2, that Class Plaintiffs met and conferred with Defendants, in accordance with Local Civil Rule 7.1(d), and the parties were unable to reach an agreement on the requested relief.

1076 (5th Cir. 1978) (*en banc*), *abrogated on other grounds by U.S. v. Bengivenga*, 845 F.2d 593 (5th Cir. 1988).

Moreover, Class Plaintiffs request the Court issue an order barring all witnesses and parties from discussing any fact witness's testimony during the trial and prior to that witness testifying. As the Supreme Court has recognized, such orders serve and further a trial court's function and aim of promoting honest and accurate testimony:

> It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed. Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.

*Perry v. Leeke*, 488 U.S. 272, 281-82 (1989); *see also* Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual*, § 615.02 (2006); 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 339, at 561-62 (2d ed. 1994).

Accordingly, parties, counsel, and witnesses should be instructed to refrain from relaying any information concerning the trial or prior witness testimony to fact witnesses that are yet to testify. *See Palmer v. Lares*, 42 F.3d 975, 980 (5th Cir. 1995) ("The purpose of [Rule 615] is to prevent witnesses from tailoring their testimony to that of another witness's testimony."); *Jerry Parks Equip. Co. v. Se. Equip. Co. Inc.*, 817 F.2d 340, 342-43 (5th Cir. 1987) (upholding sanctions against a party whose president and counsel discussed an ongoing trial with a witness, in advance of his testimony, over lunch).

Class Plaintiffs thus request an order (a) sequestering all non-party fact witnesses; (b) precluding all parties, counsel, and witnesses, including their agents, representatives, or

anyone acting on their behalf, from discussing the ongoing trial or any fact witness's testimony with any non-party fact witness prior to their testimony; and (c) requiring counsel to instruct all parties and all witnesses that may foreseeably testify, as to the requirements of any court order upon this motion.

### B. Counsel Should Be Precluded from Communicating with a Witness Until That Witness's Testimony Is Concluded

Class Plaintiffs request that, once a witness has taken the stand, counsel be prohibited from communicating with that witness about their testimony until it is completed. Communications between a witness and counsel concerning matters related to the witness' testimony may be restricted to preserve the trial's truth-seeking function. *United States v. Padilla*, 203 F.3d 156, 160 (2d Cir. 2000). Such an order is essential to minimize the risk of witnesses being coached and to ensure the unobstructed discovery of truth during witness examinations. As the Supreme Court wrote in *Perry*, such communication is in direct conflict with the purpose of cross examination, the rules of evidence, and trial as a whole:

> Cross-examination often depends for its effectiveness on the ability of counsel to punch holes in a witness' testimony at just the right time, in just the right way. Permitting a witness . . . to consult with counsel after direct examination but before cross-examination grants the witness an opportunity to regroup and regain a poise and sense of strategy that the unaided witness would not possess.

488 U.S. at 282-83 (no constitutional violation on order barring defendant from consulting with his counsel during recess at the end of defendant's direct testimony); *see also* Fed. R. Evid. 102 ("These rules should be construed . . . to the end of ascertaining the truth and securing a just determination."); *Jaffe v. Household Int'l, Inc.*, Case No. 1:02-cv-05893, Dkt. 1505 at 3 (N.D. Ill. Mar. 13, 2009) (granting same *in limine*).

There is no reason why fact witnesses, including any party, should be permitted to consult with their counsel, or be coached by their counsel, after swearing an oath, and before leaving the witness stand. The Court should preclude such communication.

### C.   Defendants Should Be Precluded from Introducing Live Testimony from Witnesses Unavailable to Class Plaintiffs During Class Plaintiffs' Case in Chief

Pursuant to Rule 611, and in the interest of judicial economy and fairness, Class Plaintiffs ask the Court to require Defendants make available for examination in Class Plaintiffs' case-in-chief any fact witnesses they intend to call at trial. The Court has control over "the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for the determining the truth," and to "avoid needless consumption of time." Fed. R. Evid. 611(a); Fed. R. Evid. 611 advisory committee's notes to 1972 Proposed Rules.[2]

The Court "may utilize [Rule] 611 and preclude [defendants] from introducing witnesses who are not available to testify during the plaintiff's case in chief because this 'is the fairest method of making sure the complete truth is told to the jury in this case and the least likely method of wasting time.'" *In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 130 F.R.D. 647, 650 n.4 (E.D. Mich. 1989) (explaining the court's decision in *In re Beverly Hills Fire Litig.*, 583 F. Supp. 1163 (E.D. Ky. 1984)); *see also Manual for Complex Litigation (Fourth)*, § 12.23 (2024) ("If a party will not make available an

---

[2]   To prevent witnesses inconvenience from being called more than once, and to promote efficiency, on cross-examination of witnesses called live at trial, testimony beyond the scope of the direct examination but relevant to the cross-examining party's case should be allowed to be elicited on initial cross examination.

employee who is beyond the court's subpoena power, any party may offer that witness's deposition for any purpose 'unless it appears that the absence of the witness was procured by the party offering the deposition.' Though the court probably lacks authority to compel the appearance, it may encourage cooperation by precluding the uncooperative party from later calling such a witness."). As one district court explained, parties should not be permitted to call witnesses to testify live after requiring the other parties to introduce their testimony by deposition designation: "Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony." *Hillman v. U.S. Postal Serv.*, 171 F. Supp. 2d 1174, 1175 (D. Kan. 2001).

The Court should prevent any gamesmanship with witness availability. Accordingly, Class Plaintiffs request an order precluding Defendants from calling a fact witness for live testimony in their case-in-chief that they did not make available for Class Plaintiffs' case.

### D.   Witnesses Should Not be Permitted to Suddenly Recall, and Testify to, Matters Which They Claimed They Could Not Recall During Deposition

Class Plaintiffs request an order precluding all witnesses from testifying to matters that, during their depositions, they testified that they could not recall. As Judge Edison recently recognized, such an order was warranted to avoid a trial that would be "clearly unfair" to the plaintiff. *Exxonmobil Glob. Servs. Co. v. Bragg Crane Serv.*, 2023 WL 6274764, at *4 (S.D. Tex. Sept. 26, 2023). As Judge Edison held, a witness, "if called to testify at trial," should "be precluded from testifying to matters about which they claimed no knowledge when they were deposed" and to allow otherwise would reward "unacceptable

discovery behavior." *Id.* Class Plaintiffs merely seek an order recognizing the same manifest unfairness that would result if the same were permitted here.

This concern is not merely hypothetical. During discovery here, numerous defendants and defense witnesses repeatedly disavowed any recollection of relevant events, facts, and documents, including the rationale for key decisions being made with respect to the Business Combination and statements to investors. For example, defendant Chappelle stated he "could not recall," or words to that effect at least 153 times during his depositions. *See* Declaration of Stephen Johnson in Support of Class Plaintiffs' Motion *in Limine* No. 7 ("Johnson Decl.") at ¶ 4. Similar assertions of a lack of recollection of key events pervaded other depositions as well. *Id.* (defendant Ellis (117+ times); then-defendant Dimitrievich (95+ times); defendant Hackett (91+ times)).

In fairness, and to preclude a trial by ambush wherein witnesses repeatedly testify in untested fashion to sudden recollections as to matters that occurred over five years in the past, Class Plaintiffs request an order precluding witnesses from testifying as to matters they indicated they "could not recall" during their depositions.

### E. Pursuant to Federal Rule of Evidence 611(c), Class Plaintiffs Should be Permitted to Examine Witnesses Identified with Defendants Using Leading Questions

Class Plaintiffs will call, in their case-in-chief witnesses who are current or former employees, agents, or owners of various defendants, as well as certain defendants themselves. Class Plaintiffs should be permitted to examine these witnesses with leading questions.

Rule 611(c) provides that "the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *Id.* In the Fifth Circuit, an employee of an adverse party is "identified" with his or her employer. *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979). Furthermore, the Fifth Circuit has long recognized that individuals identified with defendants, including current and former employees and employers, may be examined using leading questions. *See, e.g.*, *Degelos v. Fid. & Cas. Co.*, 313 F.2d 809, 812 (5th Cir. 1963) (addressing predecessor to Fed. R. Evid. 611(c), Fed. R. Crim. P. 43(b)); *Chumbler v. Ala. Power Co.*, 362 F.2d 161, 162 (5th Cir. 1966) (same).

Moreover, Rule 611's language embracing a "'"witness identified with an adverse party" is intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated connection to an opposing party.'" *U.S. v. McLaughlin*, 1998 WL 966014, at *1 (E.D. Pa. Nov. 19, 1998); *see also Braswell v. Dretke*, 2004 WL 2583605, at *12 (N.D. Tex. Nov. 12, 2004) ("Rule 611(c) permits leading questions when necessary to develop the testimony.").

In addition to certain defendants and former defendants, Class Plaintiffs intend to call at trial the following witnesses "identified with" defendants during their case-in-chief:

| Fact Witness | Association with Defendants |
|---|---|
| Tim Turner | Former employee (Vice President of Corporate Planning and Reserves) of defendant Alta Mesa; Turner was represented by counsel for defendants Chappelle and Ellis at his deposition. |

| Fact Witness | Association with Defendants |
|---|---|
| Randy Limbacher | Former Alta Mesa VP of Strategy since 2019 and former employee of Riverstone affiliate Meridian which analyzed Alta Mesa during 2017-2018.<br>Limbacher was represented by counsel for defendants Alta Mesa, Chappelle, Hackett, Gutermuth, Tepper, Walters, Riverstone Investment Group LLC, Ellis, and Smith at his deposition. |
| Craig Collins | Former COO of Kingfisher Midstream. |
| Tamara Sheils | Former Alta Mesa employee. Sheils was represented by counsel for defendants Chappelle and Ellis at her deposition. |
| Michael Christopher | Former Chief Financial Officer and Current President and Chief Investment Officer of defendant ARM Energy.<br>Christopher was represented by counsel for defendant ARM Energy at his deposition. |
| Scott Grandt | Former employee of Alta Mesa.<br>Grandt was represented by counsel for defendants Alta Mesa, Chappelle, Hackett, Gutermuth, Tepper, Walters, Riverstone Investment Group LLC, Ellis, and Smith at his deposition. |
| Kevin Bourque | Former employee of Alta Mesa;<br>Bourque was represented by counsel for defendants Chappelle and Ellis at his deposition. |
| Gene Cole | Former employee of Alta Mesa;<br>Cole was represented by counsel for defendants Chappelle and Ellis at his deposition. |
| Jeffrey Hostettler | Former Managing Director of defendant HPS Investment Partners LLC;<br>Hostettler was represented by counsel for then-defendants HPS Investment Partners LLC and Don Dimitrievich at his deposition. |
| Bo Dunne | Chief Financial Officer of defendant ARM Energy.<br>Dunne was represented by counsel for defendant ARM Energy at his deposition. |
| Miles Palke | Employee of Ryder Scott Company, L.P., which was retained by Alta Mesa and audited Alta Mesa's 2017 and 2018 proved reserves in Alta Mesa SEC filings. |
| Jeffrey Knupp | Employee of TPH, which was retained by defendant Alta Mesa in 2017. |
| Mark Castiglione | CEO of Alta Mesa since 2019 and former employee of Riverstone affiliate Meridian which analyzed Alta Mesa during 2017-2018.<br>Castiglione was represented by counsel for defendants Alta Mesa, Chappelle, Hackett, Gutermuth, Tepper, Walters, |

| Fact Witness | Association with Defendants |
|---|---|
| | Riverstone Investment Group LLC, Ellis, and Smith at his deposition. |
| John Campbell | President & Chief Operating Officer of Alta Mesa since 2019 and former employee of Riverstone affiliate Meridian which analyzed Alta Mesa during 2017-2018. Campbell was represented by counsel for defendants Alta Mesa, Chappelle, Hackett, Gutermuth, Tepper, Walters, Riverstone Investment Group LLC, Coats, Ellis, and Smith at his deposition. |
| Kaye Rasmusson | Employee of KPMG, an auditor retained by defendant Alta Mesa. |

Class Plaintiffs should be permitted to question Defendants, the former defendants to this action, the witnesses listed above and any similarly situated fact witnesses called by any party, using leading questions.

DATED:  October 21, 2024                              Respectfully submitted,


s/ Andrew J. Entwistle                              s/ Trig R. Smith

Andrew J. Entwistle (attorney in charge)     Tor Gronborg (*pro hac vice*)
State Bar No. 24038131                          Trig R. Smith (*pro hac vice*)
Callie Crispin                                   John M. Kelley (*pro hac vice*)
State Bar No. 24104231                          Stephen Johnson (*pro hac vice*)
Sal H. Lee                                       **ROBBINS GELLER RUDMAN**
State Bar No. 24127308                             **& DOWD LLP**
**ENTWISTLE & CAPPUCCI LLP**                     655 West Broadway, Suite 1900
500 West 2nd Street, Floor 19, Suite 140     San Diego, CA  92101
Austin, TX  78701                                Telephone:  (619) 231-1058
Telephone:  (512) 710-5960                       Facsimile:  (619) 231-7423
Facsimile:  (212) 894-7278

- 9 -

– and –                                                       *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven
Fund, A Series of Frank Funds Trust*

<u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record via the Court's ECF system on October 21, 2024.

s/ Trig R. Smith
TRIG R. SMITH

4860-4281-8236.v3