**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 5:
MOTION TO PRECLUDE EVIDENCE OR ARGUMENT
<u>AS TO THE CLASS'S AGGREGATE DAMAGES</u>**

4874-5970-6812.v3

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 701 and 702 and Federal Rule of Civil Procedure 26, Class Plaintiffs move to preclude any argument or evidence concerning aggregate damages – *i.e.*, the total damages suffered by the Class Plaintiffs and members of the Class as a whole – including any reference to aggregate damages in opening statements or closing arguments.[1]

Here, as is typical in securities class actions, the jury will not be asked about Class-wide damages, but rather per-share damages. *See, e.g.*, *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403756, at *3 (C.D. Cal. June 3, 2005) (excluding testimony regarding aggregate damages where the jury would determine per share damage). As detailed below, fact witnesses are precluded from testifying about Class-wide damages under Rule 701, and no expert witness has offered an opinion in this matter regarding Class-wide damages. Moreover, any such testimony would be purely speculative. *See, e.g.*, *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 2010 WL 11883134, at *1 (S.D. Fla. Sept. 10, 2010) (barring evidence or reference to aggregate class damages because of the "inherently speculative nature of such evidence"). Accordingly, Class Plaintiffs request an order precluding any party from referring to aggregate damages.

---

[1] Class Plaintiffs hereby certify, in accordance with Court Procedures § 6.C.2, that Class Plaintiffs met and conferred with Defendants, in accordance with Local Civil Rule 7.1(d), and the parties were unable to reach an agreement on the requested relief.

- 1 -

- 2 -

## II.   ARGUMENT

### A.   The Court Should Preclude Aggregate Damages Testimony by Fact Witnesses

Rule 701 bars any lay witness from testifying, or being questioned as to, aggregate damages figures here. Lay witnesses offer two kinds of testimony: (1) their perceptions; and (2) lay opinions, governed by Rule 701. Fed. R. Evid. 701. Aggregate damages figures indisputably fall into the latter camp – one cannot perceive an aggregate damages figure suffered by a class of securities plaintiffs – and Rule 701 thus applies. Lay opinions are only admissible if they are: "(a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; ***and*** (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* (emphasis added). Lay opinions on aggregate damages figures meet none of the three requirements.

***First***, nothing perceived by a lay witness could provide a "rational[] bas[is]" for an opinion on class-wide damage figures in securities cases. Fed. R. Evid. 701(a); *see BankAtlantic*, 2010 WL 11883134, at *1 (recognizing opinions on class-wide damages are "inherently speculative").

***Second***, no party disputes that the jury should be instructed to calculate damages on a per-share basis. *See* Joint Pretrial Order ("JPTO"), Ex. G at 1 (Class Plaintiffs proposing the jury calculate damages on a "per share" basis); *id.*, Ex. F at 54 (Defendants proposing the jury be instructed to do same). Thus, any opinions offered as to Class-wide damages are inherently not "helpful to . . . determining a fact in issue." Fed. R. Evid. 701(b).

*Finally*, no party disputes that "scientific, technical, or other specialized knowledge within the scope of Rule 702" is required to reach a conclusion as to damages in a securities case. Fed. R. Evid. 701(c). Indeed, Class Plaintiffs and Defendants each submitted a report from a damages expert of their own. *See* Dkts. 511-1 (Exs. 1-2), 586-4.[2] Notably, as discussed below, neither expert offered any opinion on aggregate damages.

Pursuant to Rule 701(a)-(c), the Court should preclude lay opinion testimony or attorney argument regarding aggregate damages.

### B. The Court Should Preclude Aggregate Damages Testimony by Experts

No expert in this case may properly testify to, or be questioned concerning, the Class's aggregate damages.

*First*, no party has produced an expert report in which any expert states an opinion as to a potential Class-wide aggregate damages figure in this case. No stipulation or Court order has been entered altering the disclosure requirements of Rule 26(a)(2). Thus, Rule 26(a)(2) bars any expert testimony as to aggregate damages in Class Plaintiffs' claims. Fed. R. Civ. P. 26(a)(2)(B) (expert witness's reports "must contain . . . a complete statement of all opinions the witness will express"); Fed. R. Civ. P. 26(a)(2)(D) ("Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial . . . ."). Class Plaintiffs' expert, Steven Feinstein, provided his opinion as to Class-wide damages on an exclusively per-share basis. Dkt. 511-1, Ex. 1, ¶¶ 247-336 (Feinstein's analysis of "Per Share Declines" and "per warrant" declines caused by various corrective disclosures).

---

[2] Defendants additionally produced the Expert Report of Rene Stulz, Ph.D (Dkt. 586-15).

***Second***, no expert has provided any of the foundation required under Rule 702 on which to testify as to aggregate damages. Specifically, no expert has detailed: (1) any facts or data on which they relied in coming to such a conclusion, nor the availability, sufficiency, or review of those facts or data, as required by Rule 702(b); (2) any method any expert might have used in coming to such a conclusion, as required by Rule 702(c); nor (3) the reliability of the expert's application of the method (had a method been applied) to the facts of this case, as required by Rule 702(d). *See* Fed. R. Evid. 702(b)-(d).

***Third***, under Rule 702(a), any questioning of or testimony by any expert witness as to aggregate damages suffered by the Class would not "help the [jury] . . . determine a fact in issue." Fed. R. Evid. 702(a). The jury will not be instructed as to aggregate damages, nor will they be provided an opportunity to award aggregate damages. *See* JPTO at , Ex. G at 1; *id.*, Ex. F at 54 (jury verdict form and instruction cited *supra*). At no point in the jury's deliberations will it be asked to consider or determine aggregate damages suffered by the Class. Rather, as is routine in cases arising under the federal securities laws, the jury will determine damages on a per-share basis. *Id.* Accordingly, arguments and evidence concerning aggregate, class-wide damages should be precluded. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *3 (N.D. Cal. Mar. 31, 2021) ("[T]he better-reasoned cases exclude evidence of aggregate damages models when challenged, given the 'potential for error and questionable accuracy' of such models.") (citations omitted); *Broadcom*, 2005 WL 1403756, at *3 (excluding testimony regarding aggregate damages where the jury would determine per share damage); *Kaufman v. Motorola, Inc.*, 2000 WL 1506892, at *1 (N.D. Ill. Sept. 21, 2000) (excluding expert's testimony on aggregate damages and recognizing the

propriety of opining on per share losses); *cf. Smilovits v. First Solar, Inc.*, 2019 WL 6698199, at *5 (D. Ariz. Dec. 9, 2019) ("Defendants agree that damages will be calculated on a per-share basis and assert that they do not intend to present any aggregate damages figure estimating what the overall recovery would be for the Class.").

**Finally**, the reason for the absence of proffered expert conclusions as to aggregate, Class-wide damages is simple, and serves as an independent basis to preclude such testimony: it is impossible to know. Until the claims administration process that follows the resolution of federal securities claims is complete, any opinion as to aggregate damages would be inherently speculative. *See, e.g.*, *BankAtlantic*, 2010 WL 11883134, at *1 (recognizing opinions as to aggregate class damages are "inherently speculative"); *Pearlstein v. Blackberry, Ltd.*, 2022 WL 741941, at *1 (S.D.N.Y. Mar. 11, 2022) (granting motion *in limine*, precluding all "argument concerning aggregate damages").

## III. CONCLUSION

For the foregoing reasons, the Court should preclude any argument or evidence as to aggregate damages figures suffered or sought by the Class Plaintiffs or members of the Class as a whole, as well as any comment or argument thereon in opening statements or closing arguments.

DATED: October 21, 2024                                         Respectfully submitted,

| s/ Andrew J. Entwistle | s/ Trig R. Smith |
|---|---|
| Andrew J. Entwistle (attorney in charge) | Tor Gronborg (*pro hac vice*) |
| State Bar No. 24038131 | Trig R. Smith (*pro hac vice*) |
| Callie Crispin | John M. Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN** |
| State Bar No. 24127308 | **& DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Floor 19, Suite 140 | San Diego, CA 92101 |
| Austin, TX 78701 | Telephone: (619) 231-1058 |
| Telephone: (512) 710-5960 | Facsimile: (619) 231-7423 |
| Facsimile: (212) 894-7278 | |
| | *Court Appointed Co-Lead Counsel* |
| – and – | |

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7278

*Court Appointed Co-Lead Counsel*

4874-5970-6812.v3

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## **CERTIFICATE OF SERVICE**

I certify that this motion has been served on counsel of record via the Court's ECF system on October 21, 2024.

s/ Trig R. Smith
TRIG R. SMITH

4874-5970-6812.v3