**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 4:**
**MOTION TO PRECLUDE EVIDENCE CONCERNING THE**
**<u>INDIVIDUAL ACTION PLAINTIFFS' DAMAGES EXPERT</u>**

## I.      INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 702, and 802, and to provide clarity and prevent confusion or conflation as to the expert testimony relevant to the damages suffered by Class Plaintiffs, Class Plaintiffs move to: (1) preclude Defendants from introducing the expert reports prepared by the Individual Action Plaintiffs' ("IAPs") damages expert, Zachary Nye; (2) preclude Defendants from questioning Class Plaintiffs' damages expert, Steven Feinstein, as to Nye's reports, opinions, or testimony; and (3) preclude testimony from Defendants' damages expert, Renee Stulz, concerning Nye's reports, opinions, or deposition testimony.[1]

## II.     ARGUMENT

Given that the IAPs have now settled their case, the opinions of their damages expert are irrelevant and inadmissible. Nye's reports are inadmissible hearsay and entirely irrelevant to the Class Plaintiffs' claims. There are no admissible means by which Defendants could question Feinstein about Nye's report, analysis, or conclusions. Feinstein and Nye did not work together, discuss their analysis or conclusions with each other, rely on the other's work, or even read the other's reports. Any attempt to confront Feinstein with Nye's opinions would be inadmissible both as hearsay and lacking foundation, thus calling for improper expert opinions. And Defendants' expert, Stulz, should not be prepared to offer his rebuttal opinions regarding Nye (the only opinions about Nye that Stulz offers) since Nye is not

---

[1]   Class Plaintiffs hereby certify, in accordance with Court Procedures §6.C.2, that Class Plaintiffs met and conferred with Defendants, in accordance with Local Civil Rule 7.1(d), and the parties were unable to reach an agreement on the requested relief. All references to "Ex. __" are to the Declaration of Stephen Johnson in Support of Class Plaintiffs' Motion *in Limine* No. 4 ("Johnson Decl.").

4864-9257-1376.v1

testifying at the trial. Moreover, any testimony from Stulz concerning Nye's opinions would be confusing, prejudicial, and unhelpful to the jury's resolution of any fact in issue given the IAPs' settlement, the fact that Nye will not testify at the trial, and the different claims and measures of damages applicable to the Class Plaintiffs and the IAPs.

### A.      Dr. Nye's Report is Inadmissible Hearsay

Rule 802 precludes hearsay. Fed. R. Evid. 802; *see also* Fed. R. Evid. 801 (defining hearsay). "Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2)." *Balfour Beatty Rail, Inc. v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 413 (N.D. Tex. 2016) (citing *Bianco v. Globus Med., Inc.*, 30 F. Supp. 3d 565, 570 (E.D. Tex. 2014) ("expert reports . . . are hearsay and, absent agreement to their admission, are inadmissible")), *aff'd as modified*, 725 F. App'x 256 (5th Cir. 2018).[2]

Thus, Nye's reports are hearsay, and any attempts to introduce the contents of Nye's reports through questions posed to Feinstein or Stulz (or any other witness) would call for hearsay, and should be precluded.

### B.      Questions Posed to Feinstein Concerning Nye's Opinions Would Call for Improper Expert Opinions

Rules 702(b)-(d) require the proponent of expert testimony show that the expert relied on "sufficient facts or data," applied "reliable principles and methods," and "reliabl[y]

---

[2]    *See also Pizza Hut, LLC v. Ronak Foods, LLC*, 2022 WL 3544403, at *3 (E.D. Tex. June 17, 2022) ("An 'expert's written report "is hearsay to which no hearsay exception applies."'"), *aff'd sub. nom. Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535 (5th Cir. 2023). Unless otherwise noted, all emphasis is added and citations are omitted.

4864-9257-1376.v1

appli[ed] the principles and methods to the facts of the case." *Id.* Here, Feinstein has no basis

upon which to be asked to opine as to Nye's reports or opinions.

Defense counsel questioned Feinstein as to whether he reviewed Nye's reports,

discussed with him any of their findings, or relied upon Nye's reports in coming to any of his

conclusions. Feinstein testified unequivocally that he did not review, rely upon, or discuss

with Nye the review Nye performed or the conclusions he reached:

> Q. Okay. Are you aware that the opt-out plaintiffs also retained experts in this litigation?
>
> A. Yes.
>
> Q. Did you have any interactions with any of the opt-out plaintiffs' experts?
>
> A. No.
>
> Q. Are you familiar with Dr. Zachary Nye?
>
> A. I am.
>
> Q. Okay. Did you have any interactions with Doctor Nye?
>
> A. No.
>
> *   *   *
>
> Q. Did you read Doctor Nye's report?
>
> A. No. No, I didn't.

Ex. 1 at 2 (Feinstein Dep. Tr. at 49:1-18).

> Dr. Nye's deposition testimony was functionally identical:
>
> Q. . . . And are you aware that class plaintiffs also retained experts in this litigation?
>
> A. I am.
>
> Q. And did you have any interactions with class plaintiffs' experts?
>
> A. No.

- 3 -

*     *     *

Q. So did you have – I take it you didn't have any interactions with Dr. Feinstein?

A. None, no.

Q. Have you read Dr. Feinstein's report in the class action?

A. No, I have not.

Q. Are you aware that Dr. Feinstein was deposed on Friday?

A. Yes. I – I heard that.

Q. Okay. And what did you hear about his deposition?

A. Just that he was being deposed.

Q. Okay. Have you reviewed his transcript?

A. No.

Ex. 2 at 2-3 (Nye Dep. Tr. at 83:1-84:12).

There is simply no basis for allowing Feinstein to be examined as to Nye's opinions when those opinions will not be offered at trial and Feinstein did not review, rely on, or have any role in Nye reaching those opinions.

In addition to being irrelevant to and outside the bounds of any of Feinstein's opinions, any questioning of Feinstein about the Nye's opinions would inevitably be misleading and confusing. Rule 402 precludes evidence that is not (or does not bear relevance to facts that are) "of consequence in determining the action." Fed. R. Evid. 401(defining relevant evidence); Fed. R. Evid. 402 (only "[r]elevant evidence is admissible"). Rule 702 requires that all expert testimony must be "help[ful to] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

- 4 -

Given that the IAPs are no longer parties to this action, the sole subject of Nye's

reports (the IAPs' damages) is no longer at issue, and Nye will not testify at trial, Nye's

reports and opinions are not "of consequence in determining the action," are irrelevant, and

are unhelpful to resolving any "fact in issue." Rather, introducing evidence about the

damages claimed by two sets of plaintiffs that have already settled – with claims that differed

materially from the Class Plaintiffs' – and that the jury will otherwise will not hear evidence

concerning, presents a clear danger of confusing the issues and misleading the jury.

### C.   Stulz's Rebuttal Testimony Regarding Nye is Inadmissible and Irrelevant

Defendants should also be precluded from trying to inject Nye's opinions into the case

through their own damages expert, Stulz. Stulz offered opinions regarding Nye's reports, but

those were *rebuttal* opinions. And now that Nye is not going to testify at trial, Stulz has

nothing to rebut and his prior rebuttal opinions regarding Nye should be excluded. *See, e.g.,*

*U.S. v. 9.345 Acres of Land*, 2016 WL 5723665, at \*3 (M.D. La. Sept. 30, 2016). ("if [the

underlying opinion] is excluded, the Defendants' rebuttal opinions responding to [those

opinions] will be irrelevant.").[3] Moreover, as discussed above, any testimony that Stulz

offered regarding Nye and his opinions would be irrelevant, as well as misleading and

confusing, at a trial involving the Class Plaintiffs' claims.

---

[3]   *See also U.S. Commodity Futures Trading Comm'n v. Gramalegui*, 2017 WL 491185, at \*1 (D. Colo. Feb. 7, 2017) (excluding all rebuttal opinions "not rebutting the [opinions the court ruled admissible]."); *Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 4, 9 (D. Mass. 2020) ("Allowing a rebuttal witness to testify without the introduction of [the opinions the rebuttal expert rebuts] is therefore improper.") (citing cases).

4864-9257-1376.v1

## III.    CONCLUSION

For the foregoing reasons, the Court should: (1) preclude Defendants from introducing Nye's expert reports; (2) preclude Defendants from questioning Feinstein about Nye's reports, opinions, or testimony; and (3) preclude testimony from Stulz about Nye's reports, opinions, or deposition testimony.

DATED:  October 21, 2024                                  Respectfully submitted,


s/ Andrew J. Entwistle                                    s/ Trig R. Smith

Andrew J. Entwistle (attorney in charge)                  Tor Gronborg (*pro hac vice*)
State Bar No. 24038131                                    Trig R. Smith (*pro hac vice*)
Callie Crispin                                            John M. Kelley (*pro hac vice*)
State Bar No. 24104231                                    Stephen Johnson (*pro hac vice*)
Sal H. Lee                                                **ROBBINS GELLER RUDMAN**
State Bar No. 24127308                                    **& DOWD LLP**
**ENTWISTLE & CAPPUCCI LLP**                              655 West Broadway, Suite 1900
500 West 2nd Street, Floor 19, Suite 140                  San Diego, CA  92101
Austin, TX  78701                                         Telephone:  (619) 231-1058
Telephone:  (512) 710-5960                                Facsimile:  (619) 231-7423
Facsimile:  (212) 894-7278

– and –                                                   *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

4864-9257-1376.v1

- 7 -

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven*
*Fund, A Series of Frank Funds Trust*

4864-9257-1376.v1

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record via the Court's ECF system on October 21, 2024.

s/ Trig R. Smith
TRIG R. SMITH

4864-9257-1376.v1