# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., *et al.*<br><br>Defendants. | Judge George C. Hanks, Jr.<br><br>No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., *et al.*,<br><br>Defendants. | No. 4:22-cv-2590 |

## BAYOU CITY'S MOTION IN LIMINE TO ENFORCE SUMMARY JUDGMENT RULINGS AND JOINDER IN OTHER MOTIONS IN LIMINE

Bayou City Energy Management, LLC ("BCE") submits this Motion in Limine to Enforce the Court's Summary Judgment Rulings (the "Motion"). BCE asks the Court to exclude any evidence, argument, reference, or implication that:

1. BCE or McMullen allegedly controlled statements other than the two statements made by Chappelle in the August 16, 2017 press release and the August 17, 2017 investor presentation where Chappelle is listed as a defendant;

2. BCE or McMullen controlled AMH or KFM;

3. BCE or McMullen exercised control over Chappelle by providing or failing to provide edits either before or after the August 16, 2017 press release and the August 17, 2017 investor presentation;

4. BCE is a "Control Entity Defendant";

5. Hearsay statements made by other defendants or non-parties are admissions by BCE under the purported opposing party statements; and

6. BCE or McMullen committed a primary violation of the securities laws.

BCE also joins the other Defendants' Motions in Limine and briefs. ECF 874; ECF 878. Those arguments apply to BCE. This Motion incorporates the legal standard, background, and arguments in those motions and does not repeat them here.

This Motion is subject to BCE's Motion to Dismiss for Lack of Standing (ECF No. 783) and Objection to Trial by Consent and Motion to Exclude (ECF No. 849). The sole claim against BCE scheduled for trial was not pleaded and is one that Plaintiffs lack standing to bring. The Court should grant those motions, in which case this motion to

ii

exclude is moot. Nothing in this Motion operates as a consent or waiver of BCE's objection to Plaintiffs' lack of standing and their failure to plead the claim at issue.

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 1

    I.    MIL 1: That BCE or McMullen allegedly controlled statements other than the two made by Chappelle in the August 2017. .................................. 1

    II.    MIL 2: That BCE or McMullen allegedly controlled AMH or KFM. ........... 3

    III.    MIL 3: That any edits, inputs, or commentary by BCE show that BCE had control over Chappelle's August 2017 statements. ................................ 4

    IV.    MIL 4: That BCE is a "Control Entity Defendant." ...................................... 6

    V.    MIL 5: This Court Should Preclude Any Hearsay Statement Offered as a Purported Opposing Party Statement ....................................................... 7

    VI.    MIL 6: That BCE participated in a primary violation. ................................. 7

**CONCLUSION** ........................................................................................................................... 7

**CERTIFICATE OF SERVICE** .................................................................................................. 8

**CERTIFICATE OF CONFERENCE** ........................................................................................ 8

## INTRODUCTION

For the Court's rulings to have meaning and narrow the issues at trial, they must be enforced. This motion seeks to enforce this Court's prior rulings made in its Order on the Motions for Summary Judgment (the "Order"). *See* ECF No. 778; Status Conference Tr., Aug. 22, 2024, at 12:14-18 (Court stating that the purpose of its summary judgment rulings was so that the parties could "figure out what evidence [they] needed to get together to go to trial" and "fine tune [their] trial strategy."). All evidence running counter to these holdings should be excluded, or, in the alternative, this Court should grant a motion in limine.

This Motion joins in and incorporates by reference the arguments made in the other Defendants' Motions in Limine and supporting briefs (filed by Latham Watkins, Winston Strawn, and Eversheds Sutherland). ECF 874; ECF 878. Those arguments are fully applicable to BCE. For brevity, they are not repeated here.

## ARGUMENT

**I.     MIL 1: That BCE or McMullen allegedly controlled statements other than the two made by Chappelle in the August 2017.**

For the reasons argued in BCE's Objection to Trial by Consent, ECF 849, Plaintiffs cannot be allowed to present evidence or argument that BCE controlled misstatements by any defendants. If the Court allows the claim to be tried over BCE's objection, then the only claim against BCE is for controlling Chappelle's pre-merger statements about AMH and KFM. ECF 778 at 52.

1

The only pre-merger statements by Chappelle about AMH and KFM are two alleged misstatements attributed to Chappelle in August 2017. According to Plaintiffs' "Chart of Alleged Misstatements," filed at the outset of this case, ECF No. 139-3, these August 2017 Statements are the only statements that can arguably be at issue for BCE because these are the only pre-merger statements where Chappelle is identified as a "Defendant." *See* ECF No. 139-3 at 1 (Statement 1: "We see this as a tremendous way to continue our evolution as a low-cost, high-value producer in the STACK."); *id.* (Statement 2: "We have over 200 wells that we've drilled here and we've demonstrated the value, and we have confidence in the upside. As an illustration of that, at the end of the second quarter [of 2017], we drilled on the order of 200 wells; of those, over 160 were on production. And of that number, about 114 had sufficient production history to give us confidence that at the end of this year, our year-end reserves will reflect better than 650,000 BOE.").

Having made these representations about the claims they were bringing against Chappelle, Plaintiffs cannot present evidence or argument that BCE controlled any other alleged misstatements by Chappelle or any other defendants. ECF 849 at 23-25 (citing caselaw that unpleaded claims cannot be tried).

For the same reasons, BCE joins MIL 1 filed by Latham Watkins and Winston Strawn, ECF 874, which likewise objects to any evidence or argument that was not pleaded. For the same reasons Plaintiffs should not be allowed to inject unpleaded arguments against the other defendants, they should not be allowed to inject unpleaded arguments against BCE.

## II.   MIL 2: That BCE or McMullen allegedly controlled AMH or KFM.

Plaintiffs apparently intend to rely on the theory that BCE controlled AMH. However, there are no statements by AMH at issue, as the Court already found: "Although HPS, BCE, and ARM did own portions of AMH and Kingfisher prior to the SPAC transaction, Plaintiffs have not accused either AMH or Kingfisher of making false statements." ECF No. 778 at 52. As such, BCE's purported control over AMH is irrelevant and will confuse the jury regarding the claims at issue against BCE.

The jury may improperly evaluate BCE's actions or inactions as demonstrating control of *entirely different statements than have been alleged as creating a primary violation*. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("Control person liability is secondary only and cannot exist in the absence of a primary violation."). Even worse, the jury may improperly view BCE's actions or inactions *as evidence of a primary violation itself*. But Plaintiffs have not pleaded that BCE acted as a primary violator and the Court has squarely foreclosed this basis for liability. *See* ECF No. 778 at 51 ("Plaintiffs have sued HPS, BCE, and ARM solely under Section 20(a) and have not alleged that any of the three firms made any misleading statements.").

For the same reason, Plaintiffs should not be able to publish PX1055 (BCEM_0155279 and its attachments) without permission from the Court. That document was written in 2019, two years after the alleged misstatements about BCE now at issue. The document never mentions any control by BCE of the August 2017 statements by Chappelle—or of Chappelle himself. Instead, it discusses BCE's general investment in

AMH. Because it does not relate to the two alleged misstatements at issue, or control over Chappelle, it is irrelevant, confusing, and unduly prejudicial.

### III. MIL 3: That any edits, inputs, or commentary by BCE show that BCE had control over Chappelle's August 2017 statements.

Plaintiffs apparently intend to offer emails from both before and after August 2017 to show that BCE controlled Chappelle's two statements in August 2017. Allowing these emails to be admitted for the purpose of showing control would violate the Court's summary judgment rulings.

At summary judgment, this Court made three key rulings: **First**, the Court held that "Section 20(a) liability is based on the power to control, not on a duty to correct," explaining that "[i]t is not enough to argue, as Plaintiffs do, that [Defendants]. . . could have—but chose not to—stop the false and misleading information statements from being issued." ECF No. 778, Order at 42; *see also id.* at 46 ("Section 20(a) liability cannot be based solely on a party's purported duty to correct someone else's false or misleading statements."). **Second**, this Court held that "input does not equate to control over any person who committed an alleged primary violation." *Id.* at 44–45; *see also id.* at 43 (dismissing control claims against a defendant who was alleged to have authored an email providing "thoughts/comments" to certain filings through track-changes in Microsoft Word). **Third**, the Court held that "[g]eneral allegations about day-to-day participation in corporate affairs are insufficient to allege the ability to control the *specific* transaction identified as the basis for primary liability." *Id.* at 50.

For any and all of these reasons, emails by BCE from before August 2017 regarding possible revisions to the press release are irrelevant.[1] None of those emails show that BCE provided edits or input to the two specific alleged misstatements made by Chappelle now at issue. Whatever general input or involvement BCE had does not equate to control as a matter of law under the Court's rulings. As such, they are irrelevant. Any mention or attempt to use those emails will mislead the jury into believing BCE had a duty to edit the two alleged misstatements, which likewise cannot illustrate control. No such argument should be permitted.

Excluding BCE's emails from after August 2017 showing edits and input is an even easier call.[2] Plaintiffs intend to rely on BCE's emails from November 2017 through January 2018 to somehow show BCE exercised control over Chappelle. In addition to the above points, emails after August 2017 cannot be probative of control in August 2017. Again, the jury may improperly evaluate BCE's actions or inactions as demonstrating control of entirely different statements than have been alleged as creating a primary violation. And the jury may improperly view BCE's actions or inactions as evidence of a primary violation itself.

This is especially true given that the trial will already be difficult to squeeze into five weeks where there are two different plaintiff groups and three different defense groups

---

[1] *See, e.g.*, PX 26; PX 42; PX 44; PX 46; PX 197; PX 198.

[2] *See, e.g.*, PX 7; PX 50; PX 56; PX 64; PX 76; PX 78; PX 80; PX 81; PX 83; PX 84; PX 88; PX 90; PX 91; PX 94; PX 143; PX 144; PX 145; PX 153; PX 187; PX 190.

competing for time. The admission of evidence that contradicts this Court's rulings will undoubtedly and unnecessarily increase the length of the trial proceeding.

BCE will need to present evidence counterbalancing Plaintiffs' accusations of control, which will necessarily require that BCE present evidence of specific line-by-line, word-by-word edits and track-changes allegedly proposed by BCE and compare those with the language of the final versions to determine what edits, if any, were implemented. It will also require a careful review of the email exchanges back and forth in the days leading up to the August 2017 Statements, to determine who made which suggestions and to whom and whether those statements had any bearing on the August 2017 Statements. This detailed cross-referencing process will not only be time consuming but will entirely undermine what the Court has already ruled: that such evidence is insufficient to demonstrate Plaintiffs' allegations of control.

## IV. MIL 4: That BCE is a "Control Entity Defendant."

Throughout this case, Plaintiffs have misleadingly referred to BCE as a "Control Entity Defendant" to create the false impression that BCE was part of a group of controlling defendants. This gimmick should not be allowed to continue in front of the jury. The verbiage of "Control Entity Defendant" sounds like some kind of official category of defendant made up by the Court, and if allowed to use that term, the jury will be misled into believing the Court has somehow endorsed it. This is particularly true because the Class intends to tell the jury that the Court certified the Class Action against the "Control Entity Defendants," which may confuse the jury into thinking the Court certified BCE as fitting in that category. That would unduly prejudice BCE.

There is no benefit at all of allowing Plaintiffs to use this verbiage. The jury is being asked to decide control based on the facts, not linguistic sleight of hand.

## V. MIL 5: This Court Should Preclude Any Hearsay Statement Offered as a Purported Opposing Party Statement

BCE fully joins in MIL 2 filed by Latham Watkins and Winston Strawn. Statements made by other defendants or non-parties, including AMH, KFM, Chappelle, Ellis, Riverstone, Silver Run, ARM Energy, and so forth, are not statements by BCE. As such, they cannot be offered as admissions of BCE. BCE joins in the request for relief by the other defendants.

## VI. MIL 6: That BCE participated in a primary violation.

The Court has squarely foreclosed BCE as being liable for a primary violation. *See* ECF No. 778 at 51 ("Plaintiffs have sued HPS, BCE, and ARM solely under Section 20(a) and have not alleged that any of the three firms made any misleading statements."). Plaintiffs should not be allowed to argue or imply otherwise.

BCE fully joins in MIL 7 filed by Eversheds Sutherland. ECF ###.

## CONCLUSION

Introducing or admitting evidence that contravenes this Court's rulings will likewise add unnecessary complexity and confusion when the Court has already determined these facts do not demonstrate control. BCE respectfully requests that this Court enter an order excluding all evidence that is contrary to this Court's holdings and any other relief as this Court deems just and proper.

| | |
|---|---|
| DATED: October 21, 2024 | */s/ Kenneth A. Young*<br>Kenneth A. Young (*Attorney-in-Charge*)<br>Texas Bar No. 25088699<br>S.D. Tex. ID 2506614<br>Nick Brown<br>Texas Bar No. 24092182<br>S.D. Tex. ID 2725667<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Phone:   (713) 836-3600<br>Fax:       (713) 836-3601<br>Emails:  kenneth.young@kirkland.com<br>              nick.brown@kirkland.com<br><br>*Counsel for Bayou City Energy Management, LLC* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on October 21, 2024.

*/s/ Kenneth A. Young*
Kenneth A. Young

## CERTIFICATE OF CONFERENCE

I certify that, on October 8, 2024, counsel for Bayou City conferred by e-mail and by Zoom call with counsel for all parties regarding the relief sought in this motion. Plaintiffs are opposed.

*/s/ Kenneth A. Young*
Kenneth A. Young

8