## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.* <br><br> Defendants. | Judge George C. Hanks, Jr. <br><br> No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.*, <br><br> Defendants. | No. 4:22-cv-2590 |

1

**REPLY IN SUPPORT OF BAYOU CITY'S EMERGENCY MOTION TO STAY TRIAL TO  AVOID DUE PROCESS VIOLATION AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Bayou City Energy Management, LLC ("BCE") submits its Reply in Support of Its Emergency Motion to Stay Trial to Avoid Due Process Violation and Request for Expedited Briefing Schedule (the "Motion").  Nowhere does the Opposition to BCE's Motion, ECF No. 862, (the "Response") identify where in the operative Complaint it was that Plaintiffs alleged facts about BCE's control of Chappelle's 2017 statements—the only claim against BCE that Plaintiffs are now attempting to submit to a jury.  Plaintiffs ignore this due process issue and insist that the Court send BCE to trial.  The Court should reject Plaintiffs' invitation to taint any trial verdict and to inflict constitutional and practical harm on BCE.  The Court should grant BCE's Motion.

## I.     ARGUMENT

### A.     A trial on the claims against BCE would cause irreparable harm and violate due process

Plaintiffs did not plead the theory or facts for the Section 20(a) claim they now intend to try.  Once again attempting to recharacterize their complaint, Plaintiffs assert "the Complaint plainly pleads that BCE controlled the Management Defendants (which include Chappelle) throughout the Class Period (which begins with Chappelle's August 2017 alleged misstatements)."  Resp., ECF No. 862 at 2–3.  But if that were true, Plaintiffs would have cited where the Complaint does so; they do not—because the Complaint does not contain that theory, let alone the facts required to support it.

2

Plaintiffs' complaint is impossibly dense and Plaintiffs mischaracterize what it says.  Full briefing is needed on an expedited basis to dissect their arguments.

### 1.    The complaint does not plead that BCE ever controlled Chappelle's 2017 statements

The sole Section 20(a) claim set for trial is apparently based on BCE working "with *Chappelle* to craft public statements *regarding AMH and Kingfisher* before the SPAC transaction," meaning conduct from 2017.  Mem. Op. and Order, ECF 778 at 52 (emphasis added).  But nothing in Plaintiffs' pleaded Section 20(a) claim alleges that BCE controlled Chappelle's 2017 statements about AMH or KFM.

*First*, there is only one Section 20(a) claim in the complaint that concerns 10(b) claims, and the very first line of that claim asserts that "Defendants each acted as controlling persons of [*the public company formed in 2018 formerly known as Silver Run II*] within the meaning of Section 20(a) . . . ."  Compl., ECF No. 218, at 117. Chappelle was not even affiliated with the public company formerly known as Silver Run in 2017.  Similarly, the claim states it is about BCE's "power to control materially false and misleading public statements about [*the public company formed in 2018 formerly known as Silver Run II*]."  *Id.*  This stands in direct contrast to the claim scheduled for trial against BCE, which are about statements concerning AMH and KFM.  The actually pleaded claim says nothing about BCE's control over Chappelle's statements in 2017.

*Second*, Plaintiffs cannot point to anything in their Complaint where they allege as a factual matter that BCE controlled Chappelle.  And lest Plaintiffs argue otherwise, Plaintiffs cannot show they pleaded the disputed claims by asserting that if one assembles

disparate puzzle pieces of the Complaint in just the right fashion, the reader will unlock a cipher that would, in turn, allow them to unearth an allegation that BCE controlled Chappelle. It is improper "puzzle pleading" where one must "wade through a complaint and pick out properly pleaded segments" to piece together a claim. *See Talarico v. Johnson*, 2023 WL 2618255, at *28 (S.D. Tex. Feb. 7, 2023) (dismissing claims) (citing *Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015)).

What Plaintiffs needed to plead was factual content about BCE (not some other Defendant) and its control over Chappelle (not some other person or entity) during the relevant time (not some other time). Plaintiffs did not do so, and they are attempting to take BCE to trial on their unpleaded claim.

### 2.    The Court has never before ruled on BCE's argument

Plaintiffs incorrectly argue that there is no due process issue because the Court considered BCE's "unpleaded claim" argument as part of the motion to dismiss briefing. Resp., ECF No. 862, at 2. Plaintiffs' assertion is again undermined by their failure to cite any support for their statements. Specifically, here, Plaintiffs do not cite any motion to dismiss briefing where anyone said BCE controlled Chappelle's 2017 statements. This is the exact strategy Plaintiffs used before for the unpleaded claims, *i.e.*, simply asserting that somewhere in the thousands of pages on file an issue was previously raised.

But as with the unpleaded claims and the complaint, the actual record does not substantiate Plaintiffs' representations. Instead, the motion to dismiss briefing shows that the pleaded Section 20(a) claim turned on BCE's alleged control over the public company formed in 2018 formerly known as Silver Run II, not Chappelle. Plaintiffs'

summary of "Issues" for the motion to dismiss briefing had only one issue regarding whether the Section 20(a) claim had been pleaded, and it is also confined to the public company formed in 2018 formerly known as Silver Run (not Chappelle's statements in 2017 about AMH or KFM).

> Does the Complaint plead Section 20(a) claims where, as here, the Control Entity Defendants had nearly universal control over the creation and operation of *[the public company formed in 2018 formerly known as Silver Run II]*, including providing all information for the Proxy, appointing the majority of the board, and holding 55.8% economic interest in *[the public company formed in 2018 formerly known as Silver Run II]* and over 73% of the voting rights in the [*the public company formed in 2018 formerly known as Silver Run II]*).

Opp'n to Mot. to Dismiss, ECF No. 139, at 24. Thus, even according to Plaintiffs' own statements in the briefing upon which Plaintiffs rely, the Section 20(a) claim has never had anything to do with BCE's control over Chappelle's 2017 statements. And if the motion to dismiss briefing was focused on a different version of the Section 20(a) claim, the Court has never before addressed BCE's pending arguments.

If this were an actual live claim in the case, Plaintiffs would have asked BCE about it during BCE's 16-hour deposition. The fact that they did not even use the August 2017 statements as an exhibit shows this a farce designed to keep BCE on the hook for trial on a claim that has never been in the case and was not tested through discovery.

### 3. A stay would not prejudice Plaintiffs

Plaintiffs' assertions about prejudice are a single, conclusory sentence: "The prejudice, and complete waste of judicial resources, inherent in such a result [*i.e.*, a stay of claims against BCE], is manifest." Resp., ECF No. 862, at 3. As a threshold matter,

Plaintiffs are the authors of any waste because they, not BCE, are the ones barreling forward with a trial on unpleaded claims despite pending motions.

Regardless, Plaintiffs' alleged concern about waste stemming from a BCE-only trial is inapposite.  The Court need not require two separate trials.  It can simply stay trial as to all Defendants pending expedited briefing and resolution of these issues.  This would avoid tainting the trial with constitutional harm to BCE and would address Plaintiffs' alleged concerns about wasted resources, while also avoiding the health issues raised by other Defendants.  *See* Letter Regarding Request for Continuance by Alta Mesa Resources, ECF No. 857.

### 4. Trial on the unpleaded claims would violate due process and would, practically, be devastating for BCE

Finally, Plaintiffs try to deflect the law that says a due process violation is reason to stay a trial and they manufacture imaginary finances for BCE.  But Plaintiffs' efforts to avoid BCE's identification of serious legal and practical harms must fail.

*First*, Plaintiffs argue that BCE's cases "are inapposite, as neither addresses harm to reluctant civil defendants or harm due to purportedly unpled claims."  Resp., ECF No. 862, at 3.  But BCE is not relying on its cases for that proposition.  BCE's cases support a different point: issues of constitutional significance, like due process violations, warrant a stay of an anticipated trial.  On this point, Plaintiffs offer no rebuttal.  BCE will suffer irreparable harm if it is forced to trial on claims not properly before the Court, for which Plaintiffs do not have standing, and for which BCE has had no fair notice or opportunity for discovery or disclosure of experts.

**Second**, Plaintiffs concede that multi-week, multi-phase trials will result in astronomical expense and burden for BCE that BCE will never recover—the definition of irreparable harm.  Plaintiffs minimize this harm by arguing that BCE, as a private equity firm, must have loads of cash for trial.  As BCE has repeatedly told Plaintiffs, that is false.  "Sending BCE to trial on an unpleaded claim would be disastrous for BCE, and tantamount to imposing a fatal, $1.3 million fine on BCE.  No longer could BCE meaningfully litigate; no longer could BCE offer any contribution to any settlement; no longer, perhaps, could BCE continue to exist."  Mot. for Emergency Stay, ECF 857 at 9.

Nevertheless, Plaintiffs cite a Bayou City Energy website for the proposition that "BCE has more than $1.6 billion under management."  Resp., ECF No. 862, at 3.  But that money is not Bayou City Energy Management, LLC's,[1] which is not referenced on the webpage.  That is money invested by **third-party investors**.  Nor did those **third parties** invest their money in Bayou City Energy Management, LLC; they invested their money with other legal entities and funds that are neither parties to this case nor share the same ownership structure as Bayou City Energy Management, LLC, which does not have the legal right to access those funds for its own use or benefit.

In the same vein, Plaintiffs point to third party "Mach Natural Resources['] worth [of] more than $1 billion," *id.*,  but Bayou City Energy Management, LLC, is not Mach Natural Resources ("Mach") and does not own any economic interest in Mach.  Mach is a publicly traded company with its own independent management team.  Mach's assets are

---

[1]   We use Defendant Bayou City Energy Management, LLC's full name here to distinguish it from the use of BCE on the website, which is in reference to other Bayou City Energy entities, and not Bayou City Energy Management, LLC.

not under the control of Bayou City Energy Management, LLC.  Nor does Bayou City Energy Management, LLC, have any rights to the value held by Mach, or the ability to access its assets.  Mach does not pay BCE any management funds, and BCE does not earn any fees from Mach.

Plaintiffs try to make things complex, but they are simple: it is unconstitutional to send a defendant to trial on a claim that was never pleaded and to which the defendant does not consent.  Here, that violation will cause real harm because it will push BCE to the brink of its assets, perhaps beyond, dooming its ability to litigate even if the violation is remedied on appeal.

## B.    BCE raised the relevant issues in a timely fashion

Although BCE moved to dismiss the unpleaded claims (which arose in response to BCE's Motion for Summary Judgment, ECF No. 463) in August 21, 2024, *see* Motion to Dismiss, ECF No. 783, Plaintiffs still argue that BCE's timing predicament is a result of BCE's delay.  *See* Resp., ECF No. 862, at 3.  Not so.

- On September 28, 2023, BCE raised the issue of these claims not being pleaded in its Reply in Support of its Motion for Summary Judgment, which argued that "Plaintiffs have not actually alleged a Section 20(a) claim for any pre-Business Combination statements other than the Proxy Statement."  Reply in Support of Mot. for Summ. J., ECF No. 463, at 14.

- On August 12, 2024, the Court ruled on the Motions for Summary Judgment, dismissing the only pleaded claim against BCE, but crediting Plaintiffs' assertion that an allegation that BCE controlled Chappelle in 2017 was somewhere in hundreds of pages of materials.  *See* Mem. Op. and Order, ECF No. 778 at 52.  The Court did not address BCE's argument that the claims against it were not pleaded.

- On August 21, 2024, within two weeks of the Court's Order, BCE filed a motion seeking to dismiss the unpleaded claims.  *See* Motion to Dismiss, ECF No. 783.  That motion remains pending.

- On September 24, 2024, once fully briefed, BCE filed a letter with the Court requesting a hearing on its Motion to Dismiss. *See* Letter to the Court Requesting Oral Argument, ECF No. 835.

- On October 16, 2024, with its motion to dismiss still pending and no hearing scheduled, BCE filed an Objection to Trial By Consent, ECF No. 849.

- On October 18, 2024, with trial fast approaching and its motions still outstanding, BCE was forced to file the instant Motion.

Ever since their inception, BCE has objected to the unpleaded claims but the issue still remains outstanding. It is wrong for Plaintiffs to assert that BCE's Motion is not timely and is meant to cause delay. BCE filed this motion because it seeks a ruling on these issues prior to trial. Plaintiffs never pleaded these claims and delaying matters traps BCE in this case despite there being no pleaded claim against it. In other words, delay only benefits Plaintiffs.

**C.    Expedited briefing is warranted because it imposes minimal burden.**

Plaintiffs say expedited briefing is not warranted and is wasteful. *See* Resp., ECF No. 862, at 4. One cannot agree with Plaintiffs given that (1) the instant Motion was fully briefed within days, upon the filing of this reply; (2) one underlying motion is already fully briefed, as Plaintiffs admit; and (3) the remaining motions overlap substantially with this Motion and the other, fully briefed motion.

## II.    CONCLUSION

For the foregoing reasons and those also given in the Motion, the Court should grant the Motion.

DATED: October 22, 2024

/s/ *Kenneth A. Young*

Kenneth A. Young (*Attorney-in-Charge*)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone:        (713) 836-3600
Fax:           (713) 836-3601
Emails:       kenneth.young@kirkland.com
                  nick.brown@kirkland.com

*Counsel for Bayou City Energy Management, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on October 22, 2024.

*/s/ Kenneth A. Young*
Kenneth A. Young