**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' UNOPPOSED MOTION**
**FOR AN ORDER PRELIMINARILY APPROVING**
**<u>SETTLEMENT WITH THE HPS DEFENDANTS</u>**

Plaintiffs and Court-appointed Class Representatives FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trust, on behalf of themselves and the Court-certified Class (collectively, "Class Plaintiffs"), respectfully move, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure ("Rule(s)"), for entry of the Parties' agreed-upon [Proposed] Order Preliminarily Approving Unopposed Partial Settlement Agreement ("Preliminary Approval Order") submitted herewith. The Preliminary Approval Order will, among other things, grant preliminary approval of the proposed $6.3 million settlement ("Settlement") reached with defendants HPS Investment Partners, LLC and Donald Dimitrievich (the "Settling Defendants") in this action ("Action").[1] But, to be clear, preliminary approval of this partial settlement will have no effect on the ongoing prosecution of the trial of this matter against the remaining, non-settling defendants.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

This Action is a securities class action asserting claims under §§ 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b), 78n(a), and 78t(a)), and Rules 10b-5 and 14a-9 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") (17 C.F.R. §§ 240.10b-5, 240.14a-9). After more than five years of litigation, Class Plaintiffs have agreed to resolve the Action against the Settling

---

[1]    All capitalized terms not defined herein have the meanings ascribed to them in the Stipulation and Agreement between Class Plaintiffs and HPS Investment Partners, LLC and Donald Dimitrievich ("Stipulation" or "Stip."), which is attached as Exhibit 1 to the accompanying Declaration of Tor Gronborg ("Gronborg Decl."). Citations are omitted and emphasis is added throughout unless otherwise indicated.

Defendants for $6.3 million in cash. At this time, Class Plaintiffs seek the Court's preliminary approval of the Settling Parties' proposed Settlement under Rule 23. The Settling Parties do not intend to provide notice of this partial settlement to the Class at this time, but will seek the Court's approval to provide it at a later date following a verdict or resolution of the claims against the remaining defendants.

## II.     STATEMENT OF ISSUE TO BE RULED UPON

1.     Whether the Court will likely be able to approve the proposed $6.3 million Settlement of the claims against the Settling Defendants under Rule 23(e)(2) so that notice of the Settlement's terms and conditions may be provided to members of the Class at a later, agreed upon-date approved by the Court.

## III.    SUMMARY OF THE ARGUMENT

Following more than five years of highly contested litigation, Class Plaintiffs have agreed to resolve the Class's claims against the Settling Defendants for a $6.3 million cash payment pursuant to the terms of the Stipulation.[2] In agreeing to settle, Class Plaintiffs and Class Counsel made a fully-informed evaluation of the risks of continuing to litigate this complex case against the Settling Defendants – including risks related to the upcoming trial and potential appeals – against the benefits of a certain recovery at this time.

Class Plaintiffs and Class Counsel believe that the Settlement – reached following well-informed, arm's-length negotiations facilitated by an experienced mediator – provides an excellent benefit to the Class given the significant risks, costs, and delays attendant to

---

[2]    Litigation and the trial set to begin November 4, 2024 are proceeding against the non-settling defendants.

continued litigation. While Class Plaintiffs and Class Counsel believe strongly in the merits of their case against the Settling Defendants, they recognize that these defendants do as well. Indeed, in the absence of settlement, the Settling Defendants would continue to vigorously assert numerous defenses to Class Plaintiffs' claims, and Class Plaintiffs faced the risk that they would not prevail at the upcoming trial of the Action and the likely appeals that would follow, which could have precluded *any* recovery for the Class from the Settling Defendants, let alone a recovery greater than the Settlement Amount.

When the Settlement was reached, the Action was at an advanced stage and Class Plaintiffs and Class Counsel had a well-developed understanding of the strengths and weaknesses of the Class's claims and the Settling Defendants' defenses. In addition to the Court's rulings on, among other things, motions to dismiss, a motion for class certification, discovery and other evidentiary motions, summary judgment and pretrial motions, Class Plaintiffs and Class Counsel had developed a robust factual record through their extensive investigation into the claims at issue, including several years of document discovery and depositions. Further, the Settling Parties engaged in arm's-length negotiations facilitated by a highly-experienced and well-respected mediator, the Honorable Layn R. Phillips (Ret.) of Phillips ADR Enterprises, P.C., including formal and informal mediation sessions. Both sides ultimately accepted Judge Phillips' proposal to resolve the Action against the Settling Defendants for $6.3 million.

At the Settlement Hearing, the Court will have before it more extensive submissions in support of the Settlement, and will be asked to determine whether, in accordance with Rule 23(e)(2), the Settlement is fair, reasonable, and adequate. Entry of the Preliminary

- 3 -

Approval Order will begin this process by, among other things: (i) preliminarily approving the Settlement; (ii) approving the Settling Parties' request that notice not be provided at this time; and (iii) approving JND Legal Administration ("JND") as the Claims Administrator for the Settlement.

For the reasons stated herein, Class Plaintiffs respectfully submit that the Settlement warrants the Court's preliminary approval and respectfully request entry of the Preliminary Approval Order.

## IV.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case was initiated in March 2019, and in January 2020, FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund were appointed Lead Plaintiffs, Camelot Event Driven Fund, a series of Frank Funds Trust, was appointed as an additional class representative, and Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP were appointed as Co-Lead Counsel.  Class Plaintiffs subsequently filed a consolidated complaint and the named defendants collectively filed eight motions to dismiss.  On March 31, 2021, the Court denied all eight motions to dismiss, and the stay of discovery that had been imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") was lifted.

As the Court is aware, the parties engaged in over two years of intensive fact discovery, including document requests, interrogatories, requests for admissions, and both party and third-party depositions.  While this was ongoing, Class Plaintiffs moved for class certification, which was granted in January 2022.  Following the completion of fact discovery, the parties engaged in expert discovery, including the exchange of more than a

dozen expert reports and the depositions of each of the parties' experts.  During and after expert discovery, defendants filed 14 summary judgment motions and the parties collectively filed 20 *Daubert* motions.  On August 12, 2024, the summary judgment motions were granted in part and denied in part and the *Daubert* motions were all denied without prejudice to being reasserted at trial.

Subsequent to the August 12, 2024 Memorandum Opinion and Order (ECF 778), Class Plaintiffs continued to prepare for trial.  At the time of the Settlement with the Settling Defendants, Class Plaintiffs had largely completed and circulated to defendants their jury instructions, trial witness list, trial exhibit list, *motion in limine* topics, and the Joint Pretrial Order (ECF 868) and were completing preparations for the start of trial.

## V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.     STANDARDS GOVERNING APPROVAL OF CLASS ACTION SETTLEMENTS

Settlement is a strongly favored method for resolving class action litigation. *See In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (noting the "'overriding public interest in favor of settlement' that [the Fifth Circuit has] recognized '[p]articularly in class action suits'") (alteration in original); *Marcus v. J.C. Penney Co.*, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) ("There is a strong judicial policy in favor of settlements, particularly in the class action context."), *R. & R. adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018). Further, the Fifth Circuit has consistently held that, as a result of their highly-favored status, settlements "'will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits.'" *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977).

Rule 23(e) requires judicial approval of class action settlements. Such approval is a two-step process. First, the court performs a preliminary review to determine whether the terms of the proposed settlement are sufficient to warrant notice of the settlement to the class and a hearing; and second, after notice has been provided and a hearing held, the court determines whether to grant final approval of the settlement. *See Claudet v. Cytec Ret. Plan*, 2020 WL 3128611, at *3 (E.D. La. June 12, 2020) (describing two-step process as required under Rule 23 and applied in the Fifth Circuit); *Manual for Complex Litigation (Fourth)* § 13.14 (2020).

With respect to the first step of the approval process, a court should grant preliminary approval and authorize notice to the class upon a finding that the court "***will likely be able***" to: (i) finally "approve the [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of [the settlement]." Fed. R. Civ. P. 23(e)(1)(B).[3] In considering whether final approval is likely, Rule 23(e)(2) provides that courts should consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.[4]

---

[3]   Here, the Court already certified the Class in the course of litigation. ECF 241. There is no difference between the Class previously certified and the Class the proposed Settlement will bind.

[4]   Final approval will involve an analysis of the Rule 23(e)(2) factors and, to the extent they do not overlap, the following Fifth Circuit approval factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

Fed. R. Civ. P. 23(e)(2). All of these factors support approval of the Settlement and, thus, preliminary approval is appropriate here.

### B.  THE COURT "WILL LIKELY BE ABLE" TO APPROVE THE PROPOSED SETTLEMENT UNDER RULE 23(e)(2)

#### 1.  Class Plaintiffs and Class Counsel Have Zealously Represented the Class

In determining whether to approve a class action settlement, a court should consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A).

Here, Class Plaintiffs, sophisticated investors, have been active and informed participants in the Action. Class Plaintiffs consulted with Class Counsel on litigation strategy and case developments, oversaw the drafting of the complaints and reviewed briefing on Defendants' motions to dismiss and their class certification motion, and actively participated in discovery, producing documents to Defendants and sitting for depositions. Class Plaintiffs also conferred with Class Counsel during the Settling Parties' settlement negotiations, were aware of both sides' principal arguments, and reviewed and approved the terms of the Settlement. Additionally, by appointing Class Plaintiffs as Class Representatives in connection with class certification, the Court has already found Class Plaintiffs to have

---

probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). The Rule 23(e)(2) factors are not intended to "displace any factor" traditionally used by courts to assess settlement approval, but rather to focus on core concerns to guide the approval decision. Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment; *see also, e.g.*, *Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, 2019 WL 387409, at *3 (S.D. Tex. Jan. 30, 2019) (considering "the criteria set forth in [Rule] 23(e)(2) as well as the Fifth Circuit's '*Reed* factors'").

claims typical of those of other Class Members. Moreover, like the rest of the Class, Class Plaintiffs have an interest in obtaining the largest possible recovery from all Defendants, including the Settling Defendants.

Likewise, Class Counsel, law firms experienced in prosecuting complex class actions, had a clear view of the strengths and risks of the case and were equipped to make an informed decision regarding the reasonableness of a potential settlement with the Settling Defendants. *See Schwartz v. TXU Corp.*, 2005 WL 3148350, at *21 (N.D. Tex. Nov. 8, 2005) ("where the parties have conducted an extensive investigation, engaged in significant fact-finding and Lead Counsel is experienced in class-action litigation, courts typically 'defer to the judgment of experienced trial counsel who has evaluated the strength of his case'"). Prior to reaching the Settlement, Class Counsel developed a deep understanding of the case by conducting a comprehensive investigation into the claims asserted, completing fact and expert discovery, and ultimately preparing the case for a trial which is scheduled to commence in less than two weeks. Further, through the mediation process, Class Counsel comprehensively vetted the factual record, analyzed Settling Defendants' arguments and contrary facts, thoroughly considered their arguments (and their potential impact on recoverable damages) and the costs and risks of ongoing litigation, and negotiated vigorously with Settling Defendants to secure the $6.3 million recovery.

    **2.**    **The Settlement Is the Product of Good Faith, Informed, and Arm's-Length Negotiations by Experienced Counsel**

In assessing a proposed settlement, courts must also consider whether the settlement "was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). In conducting this assessment, courts recognize "[t]he involvement of 'an experienced and well-known mediator [to be] a

- 8 -

strong indicator of procedural fairness.'" *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 295 (5th Cir. 2017); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *4 (N.D. Tex. Apr. 25, 2018) (approving securities class action settlement that was "obtained through formal mediation before [an experienced mediator], which strongly suggests that the settlement was not the result of improper dealings").

Here, the Settling Parties' negotiations were at arm's length and Judge Phillips' close involvement in the settlement process (including through formal mediation sessions and additional settlement discussions) – as well as the issuance of a mediator's proposal to resolve the Action against the Settling Defendants following these negotiations – further supports that the Settlement is fair and that the Settling Parties achieved it free of collusion.

### 3. The Settlement Provides Substantial Relief, Especially in Light of the Costs, Risks, and Delay of Further Litigation

A key factor in assessing whether to approve a class action settlement is a plaintiff's likelihood of success on the merits, balanced against the relief offered in settlement. *See* Fed. R. Civ. P. 23(e)(2)(C).[5] Here, the Settlement provides for a substantial and certain cash recovery of $6.3 million to be allocated among Class Members who submit valid claims following deduction of Court-approved fees and costs.

In comparison, if the Action had continued against the Settling Defendants, Class Plaintiffs would face numerous factual and legal risks at the upcoming trial that could have

---

[5] "It is common knowledge that class action suits have a well-deserved reputation as being most complex." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Further, courts repeatedly recognize federal securities litigation to be an "extremely complex" and "highly technical and specialized area of the law." *City of Omaha Police & Fire Ret. Sys. v. LHC Grp.*, 2015 WL 965693, at *7 (W.D. La. Mar. 3, 2015).

substantially decreased the Class's potential recovery from the Settling Defendants, or eliminated it altogether. To this day, the Settling Defendants adamantly deny any wrongdoing. As they have throughout the course of the Action, the Settling Defendants undoubtedly would have argued at trial that, *inter alia*, they are not control persons with respect to the remaining August 2017 statements they are alleged to be liable for, that Class Plaintiffs do not have standing to pursue claims regarding those statements, and that even if the August 2017 statements were false or misleading, they did not result in any damages to Class Plaintiffs.

The Settlement is a strong result when balanced against these risks. Thus, the Settlement provides a significant recovery for Class Members.

### 4. The Settlement Does Not Unjustly Favor Any Class Member

The Court must also assess the Settlement's effectiveness in equitably distributing relief to the Class. Fed. R. Civ. P. 23(e)(2)(C)(ii), (e)(2)(D). At this time, there is no proposed Plan of Allocation ("Plan"), as litigation is continuing against the non-settling defendants and notice of this proposed partial settlement is not being provided at this time. However, the Plan which will ultimately be submitted to the Court for approval will provide for a *pro rata* distribution of the Net Settlement Fund to Class Members who submit timely and valid claims demonstrating a loss on their transactions in Alta Mesa securities during the relevant period.[6]

---

[6] The Settlement will be effectuated with the assistance of an experienced claims administrator. If approved to serve as Claims Administrator, upon Court approval of the form and manner of providing notice to the Class, JND will employ a standard and well-tested protocol for processing claims in securities class actions. Namely, Class Members will

- 10 -

### 5.       No Attorneys' Fees Are Being Sought at this Time

Prior to seeking a fee award in the Action, Class Plaintiffs will notify Class Members of the fee they intend to seek. Class Members will have an opportunity to address the fee request before the Settlement Hearing, and after Class Counsel have made submissions in support of their request.

### 6.       Class Plaintiffs Have Identified All Agreements Made in Connection with the Settlement

Notice of the pendency of this Action has been provided to the Class, and Class Members have had the opportunity to request exclusion. Therefore, the Settling Parties do not believe an additional opportunity to opt out of the Class is required. *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 663 (N.D. Tex. 2010). However, if the Court permits a second opt out opportunity, the Settling Parties have entered into a standard, confidential Supplemental Agreement that gives the Settling Defendants the option to terminate the Settlement in the event that requests for exclusion from the Class exceed certain agreed-upon conditions. Stip., ¶ 10.2. "This type of agreement is common in securities fraud actions and does not weigh against [settlement] approval." *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019).[7]

---

submit claims, either by mail or electronically and, based on the information submitted, JND will determine each claimant's eligibility to participate in the Settlement by calculating his, her, or its "Recognized Claim" under the Plan.  Claimants will be notified of (and given the chance to remedy) any defects in their claims, and will also have the opportunity to contest a rejection. Any claim disputes that cannot be resolved will be presented to the Court. JND was previously approved by the Court to serve as Notice Administrator for the Notice of Pendency of Class Action. ECF 721.

[7]   Also, as is standard in securities class actions, agreements of this kind are not made public to avoid incentivizing the formation of a group of opt-outs for the sole purpose of

- 11 -

## VI.    The Class Satisfies the Standards for Class Certification

The second part of the settlement approval process is to determine whether the litigation may be maintained as a class action for settlement purposes under Rule 23. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). Here, the Court certified a class on January 24, 2022, finding that the Class satisfied Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements as well as Rule 23(b)(3)'s requirement that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. ECF 241. Accordingly, the Court need not determine whether, pursuant to Rule 23(e)(1)(B) it "will likely be able to" certify the Class, as it has already certified a class in this Action and there is no difference between the class previously certified and the Class.

## VII.   PROPOSED SCHEDULE OF SETTLEMENT-RELATED EVENTS

In connection with preliminary approval of the Settlement, the Court must also set deadlines for certain future events (*i.e.*, the Settlement Hearing, mailing of notice, and deadlines for submitting claims, requesting exclusion from the Class and objecting to the Settlement). Class Plaintiffs respectfully propose that the Court preliminarily approve the Settlement but not yet schedule any additional deadlines with respect to this Partial Settlement, until such time as the Settling Parties request that the Court do so.

---

leveraging the opt-out threshold to exact individual settlements. In accordance with its terms, the Supplemental Agreement may be submitted to the Court *in camera*.

## VIII.  CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court (i) preliminarily approve the Settlement; (ii) approve the retention of JND as the Claims Administrator for the Settlement; and (iii) permit the Settling Parties to submit the proposed forms and manner of notice to the Class at a later date.

DATED:  October 28, 2024                              Respectfully submitted,


/s/ Andrew J. Entwistle
Andrew J. Entwistle (attorney in charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Floor 19, Suite 140
Austin, TX  78701
Telephone:  (512) 710-5960
Facsimile:  (212) 894-7278

– and –

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*


/s/ Tor Gronborg
Tor Gronborg (*pro hac vice*)
Trig R. Smith (*pro hac vice*)
John M. Kelley (*pro hac vice*)
Stephen Johnson (*pro hac vice*)
**ROBBINS GELLER RUDMAN
  & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423


*Court Appointed Co-Lead Counsel*

- 13 -

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven*
*Fund, A Series of Frank Funds Trust*

- 14 -

<u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record via the Court's ECF system on October 28, 2024.

s/ Tor Gronborg
TOR GRONBORG