**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Civil Action No. 4:19-cv-00957

**CLASS PLAINTIFFS' OPPOSITION TO ALTA MESA RESOURCES**
**DEFENDANTS' MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

**Page**

I.      OPPOSITION TO MIL 1: PUBLIC STATEMENTS ............................................. 1

    A.      Plaintiffs Are Not Seeking Claims Against Any New Misstatements .......... 2

    B.      Defendants' Public Statements Are Highly Relevant and Not Subject
        to Exclusion ................................................................................................. 4

II.     OPPOSITION TO MIL 2: OPPOSING PARTY STATEMENTS ......................... 8

III.    CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988) ............................................................................................ 6

*Domar Ocean Transp., Ltd. Div. of Lee-Vac, Ltd. v. Indep. Refin. Co.*,
   783 F.2d 1185 (5th Cir. 1986) ............................................................................ 7

*EEOC v. First Metro. Fin. Serv., Inc.*,
   515 F. Supp. 3d 573 (N.D. Miss. 2021) .............................................................. 9

*FDIC v. Wheat*,
   970 F.2d 124 (5th Cir. 1992) .............................................................................. 8

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*,
   2017 WL 3841608 (N.D. Tex. June 28, 2017) .................................................... 8

*In re Tesla Sec. Litig.*,
   2022 WL 17582008 (N.D. Cal. Dec. 7, 2022) .................................................... 5

*Matrixx Initiatives, Inc. v. Siracusano*,
   563 U.S. 27 (2011) .............................................................................................. 5

*Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*,
   2021 WL 6327683 (S.D. Tex. Oct. 19, 2021) .................................................... 9

*United States v. Pace*,
   10 F.3d 1106 (5th Cir. 1993) .............................................................................. 8

*Williams v. Delta Bus Lines, Inc.*,
   2024 WL 586828 (N.D. Miss. Feb. 13, 2024) .................................................... 8

## STATUES, RULES, AND REGULATIONS

Federal Rules of Evidence
   Rule 403 .......................................................................................................... 7, 8
   Rule 406 ............................................................................................................ 6
   Rule 801(d)(2) .................................................................................................. 9

Class Plaintiffs FNY Partners Fund L.P., FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund, and additional plaintiff Camelot Event Driven Fund respectfully submit this opposition to defendants Alta Mesa Resources, Inc. ("Alta Mesa"), Riverstone Holdings LLC, Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald Smith, Jeffrey H. Tepper, and Diana J. Walters (collectively, "Defendants") motions *in limine*. Dkt. 874.

## I.       OPPOSITION TO MIL 1: PUBLIC STATEMENTS

Defendants' MIL 1 appears to seek two distinct forms of relief: (1) to prohibit Class Plaintiffs from pursuing claims against "new, unpled misstatements;" and (2) to prohibit Class Plaintiffs from introducing evidence or argument about any public statements Defendants may have made at any time other than those statements Class Plaintiffs have alleged were false or misleading. Dkt. 874 at 3-8. The first request lacks any basis and serves no purpose. Class Plaintiffs are not pursuing claims for any statements that have not been plead and litigated in this case. That is apparent from Class Plaintiffs' Proposed Verdict Form (the "Verdict Form"). Dkt. 868-7. The second request is an unprecedented attempt to preclude Class Plaintiffs from introducing relevant evidence. Statements Defendants made before, during, and after the Class Period are indisputably relevant for assessing, *inter alia*, materiality, omissions, scienter, loss causation, and Defendants' truth-on-the-market defense. Defendants' suggestion that Class Plaintiffs should not be permitted to put the alleged misstatements in context is nonsensical. Dkt. 874 at 1. Defendants themselves have repeatedly cited to various unpled statements they made during the Class Period to argue that they did not defraud investors. Indeed, Defendants' MIL 1 would only bar Class Plaintiffs

from introducing evidence regarding public statements while leaving Defendants free to use those statements to support their defenses. Not surprisingly, Defendants fail to cite any authority supporting the relief they request.

### A.    Plaintiffs Are Not Seeking Claims Against Any New Misstatements

The first relief sought in Defendants' MIL 1 presupposes that Class Plaintiffs are seeking to bring claims for false statements that were not plead or litigated. But that presupposition is wrong. Plaintiffs' Verdict Form (Dkt. 868-7) sets forth the 29 distinct statements from Defendants' SEC filings, press releases, and conference calls and investor presentations, all of which were identified in the operative Third Consolidated Amended Complaint (the "Complaint") (Dkt. 218) and Defendants have known about for years.

In a footnote, Defendants contend that MIL 1 is warranted because, they say, there were three statements referenced in Class Plaintiffs' summary judgment briefing "which were not alleged to be false or misleading. . . [or] even discussed in the [Complaint] at all." Dkt. 874 at 3 n.1. But the three statements they identify do not provide a basis for their MIL. Class Plaintiffs are not pursuing claims for two of the statements Defendants identify: an August 17, 2017 statement that KFM was "capable of providing takeaway solutions to end-market today" and a purported March 3, 2018 statement that "'large third-party producers ha[d] delayed drilling on dedicated acreage." *Id.*[1] The third statement – the assertion in Alta Mesa's August 16, 2017 press release about the "4,200 gross identified drilling locations" –

---

[1]    Class Plaintiffs have never alleged that there were any misstatements on March 3, 2018. To the extent Defendants meant to reference a false statement about third-party producers made during Alta Mesa's March 29, 2018 Investor Presentation and Conference Call, that is addressed below.

is indisputably in the Complaint. As stated at ¶ 190 of the Complaint: Alta Mesa's press release announcing the business combination further stated that Alta Mesa Holding ("AMH") had identified "about 4,200 gross identified drilling locations" and based on its currently producing wells AMH "expects EURs at year end to exceed 650 MBOE per well." That is the exact language used in the Verdict Form. *See* Dkt. 868-7 at Question 6. It is also the statement Defendants include in the "Chart of Alleged False and Misleading Statements" attached to their Pretrial Memorandum of Law, and which they acknowledge comes from ¶ 190 of the Complaint. *See* Dkt. 866-1 at 1.

While Defendants' "Chart of Alleged False and Misleading Statements" is replete with inaccuracies, it belies the notion that Class Plaintiffs are pursuing claims against new or unpled misstatements and omissions. In fact, there are only three statements in the Verdict Form (out of 29) that do not appear in Defendants' "Chart of Alleged False and Misleading Statements," and each is a result of Defendants' error:

- Verdict Form Question 33 identifies the following statement from the January 19, 2018 Proxy: "Alta Mesa's deep inventory includes over 4,000 primary gross locations and over 12,000 possible locations from down spacing, as well as additional zone penetration." Dkt. 868-7 (emphasis omitted). That exact statement is plead at ¶ 105 of the Complaint (bullet point one).

- Verdict Form Question 36 identifies a slide from the February 21, 2018, EnerCom Conference titled: "Alta Mesa: Sustainable STACK Development." Dkt. 868-7. While Defendants' chart includes a second slide from that conference, titled: "Development Process Underway" (Dkt. 866-1 at 8), Defendants appear to have ignored the fact that the same statements alleged to be false and misleading in ¶ 209 of the Complaint (including "2012-2017 Execution and Results De-Risk [the] Investment" and "Consistency and geographic breadth of well results underscores repeatable development") (emphasis omitted) appear on ***both*** slides.

- Verdict Form Question 54 identifies the following statement from Alta Mesa's March 29, 2018 Investor Presentation and Conference Call: "Most

- 3 -

significantly, large third party producers have delayed drilling on dedicated acreage, and these customers have begun to shift their activity back to acreage we serve, again we believe only on order of six months' shift in completed wells into our system." Dkt. 868-7 (emphasis omitted). This statement is plead at ¶¶ 140 and 306 of the Complaint.[2] Defendants appear to be taking the position that because this statement was identified as a partial disclosure, it cannot be a misleading statement. But it is a ***partial*** disclosure specifically because it did not fully disclose Defendants' fraud and continued to mislead investors.[3]

Because Class Plaintiffs are not pursuing claims for any "new, unpled misstatements,"

Defendants' MIL 1 serves no purpose and should be denied.

### B. Defendants' Public Statements Are Highly Relevant and Not Subject to Exclusion

In addition to the baseless relief sought regarding supposed unpled misstatements,

Defendants' MIL 1 also appears to seek an order barring Class Plaintiffs from introducing

evidence or argument regarding any public statements Defendants made other than the

statements alleged to be false or misleading. Dkt. 874 at 1, 7-8. According to Defendants,

"'context' should not be permitted" and all of their public statements, other than those

---

[2]    Specifically, the Complaint states: At an earnings call on March 29, 2018, Defendant Chappelle attributed the material reduction in guidance regarding Kingfisher's 2018 prospects to "delayed drilling on dedicated acreage" by "large third-party producers." But, he assured investors, "these customers have begun to shift their activity to acreage we serve." As a result, Chappelle represented, the delay in reaching original estimates would only be "on the order of a six-month shift." Complaint, ¶ 306.

[3]    In a letter received by Class Plaintiffs on the evening of October 25, 2024, Defendants' claimed that the statements identified at Questions 33, 54, and 72 of the Verdict Form were not challenged in the Complaint. The statements at Questions 33 and 54 are discussed above. Question 72 of the Verdict Form identifies the statement in Alta Mesa's May 21, 2018 Form 10-Q regarding the Company's disclosure and internal control. In the Complaint, that statement is expressly referenced in ¶ 233: "The 2018 First Quarter Form 10-Q also discussed the Company's disclosure controls and internal controls in Item 4 Controls and Procedures. Item 4 again represented that the Company's internal controls over financial reporting were effective and required no change." Defendants' letter also claims that Class Plaintiffs did not bring § 10(b) claims for any statements in the Proxy. That is plainly incorrect. *See* Complaint, ¶¶ 198-208; *compare* Verdict Form at Questions 18-35.

4869-1278-6931.v1

—

alleged to be misleading, are irrelevant and allowing evidence about them would result in undue prejudice. *Id*. These are the very same Defendants who, at the motion to dismiss stage, insisted that their false statements were "manifestly benign when read in their entirety and ***in context***." Dkt. 125 at 3; *see also* Dkt. 146 at 13 (accusing Class Plaintiffs of taking "the statement out of context").[4]

Defendants generically claim that statements other than those alleged to be misleading "do not relate to any matter the jury must decide" and therefore are irrelevant under Federal Rule of Evidence ("FRE") 401. Dkt. 874 at 7. That could not be further from the truth. The various public statements Defendants made before, during, and after the Class Period not only put the alleged false statements in context, but they are directly relevant to the jury's assessment of materiality, omissions, scienter, loss causation, and the truth-on-the-market defense. For example, the Supreme Court has made it clear that the materiality analysis requires a fact-intensive inquiry into "the source, content, ***and context***" of the allegedly misleading or omitted information. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 43 (2011). In *In re Tesla Sec. Litig.*, 2022 WL 17582008, at *12 (N.D. Cal. Dec. 7, 2022), relied on by Defendants elsewhere in their MIL, the court bluntly recognized that "***[t]he law is clear that context matters for purposes of determining materiality***."

Similarly, the context in which alleged misstatements are made is critical to assessing whether Defendants omitted material facts, as they are alleged to have done here. While a statement may trigger the duty to disclose material facts, only a review of the surrounding statements will confirm that those facts were material and never disclosed. As the Supreme

---

[4]    Citations are omitted and emphasis is added unless otherwise stated.

Court held in *Basic Inc. v. Levinson*, 485 U.S. 224, 231 (1988), misstated or omitted information is material if its disclosure would have "'***significantly altered the "total mix" of information made available***.'" Defendants MIL improperly seeks to deprive Class Plaintiffs of the ability to present the jury with evidence about what that "total mix of information" was at the time of the alleged misstatements.

Defendants' public statements are also probative evidence of scienter, including what Defendants knew and when. The fact that Defendants repeated their false statements and referenced back to them undercuts any potential defense that they just made a simple mistake or otherwise were acting in good faith. Indeed, to the extent other statements made by Defendants identify a pattern or habit of misleading investors, that evidence is admissible under FRE 406 ("Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit."). And, as with materiality, evidence of scienter, as well as any good faith defense, has to be viewed in context, and that context includes the scope of what Defendants were publicly telling investors during the Class Period.

Defendants' public statements are also highly relevant to any assessment of loss causation, damages, and the truth-on-the-market defense. Indeed, Class Plaintiffs' market efficiency and damages experts reviewed ***all*** of the public statements issued by Defendants during the Class Period in opining on the efficiency of the market and loss causation, as well as to assess whether any of the true facts were revealed before an identified disclosure event. *See* Dkt. 188-1 (Expert Report of Michael L. Hartzmark) at Appendix C (chronology of all news events and related stock statistics) and at 39-50 (assessing market efficiency by

- 6 -

examining all public statements about Alta Mesa excluding alleged misstatements); Dkt. 569-19 at PX 385 (Professor Steven Feinstein's Report on Loss Causation and Damages) at Exhibit-1 (consideration of all public statements about Alta Mesa between March 2, 2017 and April 14, 2023) and at 63-64 (analyzing post-Class Period statements about Alta Mesa). Moreover, any assessment of Defendants' so-called truth-on-the-market defense would require evidence and argument about the gamut of public statements that were made, not just those alleged to have been false or misleading, and whether those unpled statements revealed the true facts Class Plaintiffs allege were hidden from investors.

Defendants also generically argue that all of their statements, other than those pled to be misleading, should be excluded under FRE 403 because they would cause "significant prejudice and confusion." Dkt. 874 at 7. But Defendants fail to cite to even a single statement and explain how evidence about it would be in any way prejudicial or confusing. They just cite to *Domar Ocean Transp., Ltd. Div. of Lee-Vac, Ltd. v. Indep. Refin. Co.*, 783 F.2d 1185, 1189 (5th Cir. 1986) for the proposition that "'[b]asic fairness entitles a defendant to notice, before trial, of who sued it and the nature of the claims being asserted against it.'" Dkt. 874 at 7. There is no explanation of how this is relevant to Defendants' request to exclude their public statements, and there is no credible basis for Defendants to claim that they do not know who is suing them and the nature of Class Plaintiffs' claims.[5] The complete failure to provide any specific basis for the claim that evidence regarding their public

---

[5]     Defendants also cite *Luv n' care v. Laurain*, 2021 WL 7907283, at *14 (W.D. La. Mar 29, 2021). Dkt. 874 at 7-8. But the court there was not addressing the admissibility of public statements, let alone such evidence in the context of a securities fraud suit. The fact that the *Luv n' care* court excluded a "registered mark" in a patent infringement case has no relevance here. The fact that this is apparently the best authority Defendants could find speaks volumes.

statements would be prejudicial or confusing dooms Defendants' MIL 1. *See, e.g.*, *Williams v. Delta Bus Lines, Inc*., 2024 WL 586828, at *1 (N.D. Miss. Feb. 13, 2024) (citing *FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992)) ("The movant bears the burden of demonstrating that the evidence is inadmissible."); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig*., 2017 WL 3841608, at *4 (N.D. Tex. June 28, 2017) ("Because Defendants have not provided any evidence that the probative value of this relevant evidence is substantially outweighed by the risk of unfair prejudice, the evidence is admissible."); *see also United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993) ("'[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'").

Because Defendants' public statements and the context in which they made their alleged misstatements are highly relevant and will not be prejudicial or otherwise confuse the jury, MIL 1 should be denied.

## II.    OPPOSITION TO MIL 2: OPPOSING PARTY STATEMENTS

Defendants' MIL 2 begins and ends with a list of three requests that they claim are necessary because this case (like the vast majority of securities fraud cases) involves multiple defendants and opposing party statements: (1) no evidence that is potentially admissible as an opposing party statement should be admitted for any purpose without prior notice and approval from the Court; (2) the Court should provide some form of a limiting instruction regarding opposing party statements; and (3) the parties should be required to prepare a joint table identifying the defendants against which any piece of evidence is admissible. Dkt. 874

at 8, 11. In between these requests, Defendants make no effort to justify their requested relief or cite any authority supporting it. Instead, Defendants just regurgitate the language and scope of FRE 801(d)(2) and identify a smattering of documents that they insist can only be admissible as to some Defendants but not others. Dkt. 874 at 8-11. But

> "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify **specific** issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*."

*Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*, 2021 WL 6327683, at *1 (S.D. Tex. Oct. 19, 2021) (quoting *EEOC v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021).

Defendants tacitly admit in MIL 2 that all of the evidence they address, including the documents quoted, are relevant and admissible as to at least some of the Defendants. But they blatantly ignore the fact that evidence admissible as an opposing party statement as to some Defendants may also be admissible under a different hearsay exception as to other Defendants. Context, of course, matters. These two points mean that, at a minimum, Defendants' MIL 2 is entirely premature. As the Court noted at the March 22, 2024 Status Conference, motions *in limine* should be limited to "issues that there is a serious concern that these issues would be broached before the jury, before there'd be a chance of an objection or an opportunity for the Court to understand . . . the background on the issue and the Court to issue a proper ruling." Mar. 22, 2024 Status Conference transcript at 16:11-15. Defendants MIL 2 does not meet the criteria laid out by the Court for an appropriate motion *in limine*.

Addressing each of Defendants' requests in turn reinforces why this is a motion that never should have been brought and should be denied.

First, Defendants want to grind the trial to halt by requiring that before offering any exhibit that is admissible in whole or in part as an opposing party statement, Plaintiffs would have to seek "prior notice and approval from the Court." Dkt. 874 at 8. But Defendants' counsel are certainly experienced enough to know that they will have the opportunity to raise their objections to the admission of any document before it is published to the jury. If Class Plaintiffs cannot overcome the objection(s), whether they are to hearsay or otherwise, the evidence will not come before the jury. This is the process that has been used in state and federal trials for decades and there is no reason to adopt a different procedure here, particularly a procedure that seems aimed at addressing only one type of objection (the scope of the opposing party statement exception to hearsay) leaving all other objections to be addressed in the usual manner.[6]

Second, Defendants request that "the Court provide a limiting instruction that opposing party statements are admitted, if at all, only against the party that made the statement." Dkt. 874 at 8 (emphasis removed). Defendants do not propose any specific instruction in their motion and did not include any such instruction in the Parties' Proposed Jury Charge and Jury Instructions. Dkt. 868-6. The Fifth Circuit also does not have an applicable pattern jury instruction on opposing party statements or any other hearsay

---

[6]     Since the exchange of initial exhibit lists in March 2024, Class Plaintiffs' counsel has asked Defendants' counsel to meet and confer on the parties' objections in an effort to narrow them down before trial. To date, those efforts have not been successful and Defendants' counsel has taken the position that meeting and conferring on the objections to exhibits would not be fruitful.

- 10 -

exception. As a result, Defendants' request is impossible to assess (reinforcing the fact that MIL 2 is, at best, premature). Nevertheless, to the extent the Court comes to believe that an instruction about the opposing party statement hearsay exception, or any other hearsay exception, is necessary as an jury instruction, Class Plaintiffs would be amenable to preparing such an instruction with Defendants and offering either an agreed instruction or disputed instructions to the Court.

Third, Defendants request that the Court order the Parties to "prepare a joint table to provide to the jury identifying against which Defendants evidence is admissible." Dkt. 874 at 8. Again, Defendants do not cite to any other case where this has been ordered or done and they fail to specify what such a "joint table" would include. *Id.* For example, are they suggesting that for every piece of evidence that comes in the parties would then have to list who it was admissible against and why? Is this just for exhibits or testimony as well? Would the table have to explain why it was admissible as to each Defendant? What if the parties can't agree on what goes in the joint table? There are certainly thousands of trials a year involving multiple defendants and opposing party statements, but Defendants make no effort to explain why this trial is so different as to warrant some sort of "joint table" procedure. *Id.* The closest they come is the suggestion that the jury here may not be able to "reliably tell, much less recall, what evidence applies to whom." Dkt. 874 at 11. Defendants need to have more faith in the jury system. Because, for all of the evidence the jurors see and hear, not just opposing party statements, they will be entrusted with recalling it and applying it in accordance with the instructions provided by the Court. Indeed, it was only a short time ago that these same Defendants insisted that the jury would have no difficulty differentiating

- 11 -

between the various claims, burdens of proof, and damages methodologies brought by the Class Plaintiffs and Individual Action Plaintiffs. *See* Dkt. 703. Once again, Defendants' requested relief is unwarranted and, at best, premature. Accordingly, their MIL 2 should be denied in its entirety.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny the Alta Mesa Defendants' motions *in limine* in their entirety.

DATED:  October 28, 2024                    Respectfully submitted,

s/ Andrew J. Entwistle                          s/ Trig R. Smith

Andrew J. Entwistle (attorney in charge)        Tor Gronborg (*pro hac vice*)
State Bar No. 24038131                          Trig R. Smith (*pro hac vice*)
Callie Crispin                                  John M. Kelley (*pro hac vice*)
State Bar No. 24104231                          Stephen Johnson (*pro hac vice*)
Sal H. Lee                                      **ROBBINS GELLER RUDMAN**
State Bar No. 24127308                          **  & DOWD LLP**
**ENTWISTLE & CAPPUCCI LLP**                    655 West Broadway, Suite 1900
500 West 2nd Street, Floor 19, Suite 140        San Diego, CA  92101
Austin, TX  78701                               Telephone:  (619) 231-1058
Telephone:  (512) 710-5960                      Facsimile:  (619) 231-7423
Facsimile:  (212) 894-7278

– and –                                         *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

- 12 -

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven*
*Fund, A Series of Frank Funds Trust*

4869-1278-6931.v1

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record via the Court's ECF system on October 28, 2024.

s/ Trig R. Smith
TRIG R. SMITH