**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' OPPOSITION TO DEFENDANT BAYOU CITY ENERGY MANAGEMENT, LLC'S MOTIONS *IN LIMINE***

4881-7705-6499.v1

- i -

## TABLE OF CONTENTS

                                                               **Page**

I.    BCE MIL 1: Control of Statements Other than Those Made by Harlan Chappelle ............................................................................................................... 1

II.    BCE MIL 2: Control of AMH or Kingfisher ........................................................... 3

III.    BCE MIL 3: Edits, Inputs, or Commentary by BCE to the August 2017 Statements ................................................................................................................ 4

IV.    BCE MIL 4: BCE as a "Control Entity Defendant" ................................................. 6

V.    BCE MIL 5: Opposing Party Statements .................................................................. 6

VI.    BCE MIL 6: BCE's Participation in a Primary Violation ........................................ 7

VII.    CONCLUSION ......................................................................................................... 7

4881-7705-6499.v1

Class Plaintiffs FNY Partners Fund L.P., FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund, and additional plaintiff Camelot Event Driven Fund (collectively, "Class Plaintiffs"), hereby submit this opposition to Bayou City Energy Management, LLC's ("BCE") Motions *in Limine* (Dkt. 881).[1]

This Court has directed the Parties to use motions *in limine* sparingly, saving them for evidentiary issues where "there is a serious concern that these issues would be broached before the jury, before there'd be a chance of an objection or an opportunity for the Court to understand . . . the background on the issue and the Court to issue a proper ruling." Mar. 22, 2024 Status Conference transcript at 16:11-15. Instead, BCE has filed motions *in limine* "made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial" that the Fifth Circuit has long recognized are properly denied. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). None rises to the level of undue prejudice that this Court has instructed the Parties to focus on.

## I.  BCE MIL 1: Control of Statements Other than Those Made by Harlan Chappelle

BCE's MIL 1 initially asserts that "Plaintiffs cannot be allowed to present evidence or argument that BCE controlled misstatements by ***any*** defendant." Dkt 881 at 2.[2] But this is directly at odds with the Court's reasoned determination that Class Plaintiffs have adduced sufficient evidence to proceed to trial on their § 20(a) control person claim against BCE for

---

[1]  To the extent BCE has joined in and incorporated by reference the arguments made in the other Defendants' motions *in limine* (Dkts. 874, 878), Class Plaintiffs oppose those arguments for the same reasons stated in Class Plaintiffs' contemporaneously filed oppositions to those motions.

[2]  Unless otherwise noted, emphasis is added and citations are omitted throughout.

certain August 2017 misstatements that predate the Business Combination. More specifically, in its Memorandum Opinion and Order, this Court dismissed control person claims against BCE, "***except for*** claims arising out of statements made by Defendant Harlan Chappelle ("Chappelle") before the SPAC transaction while Chappelle was Chief Executive Officer of Alta Mesa Holdings, LP ("AMH")." Dkt. 778 at 53. It goes without saying that a motion *in limine* is not a means to re-raise summary judgment arguments that have already been rejected after fulsome briefing and oral argument.

Recognizing the futility of its primary argument, BCE also states that Class Plaintiffs should not be able to present evidence or argument that BCE controlled any misstatements by Chappelle or any other defendants other than the August 2017 false statements. Dkt. 881 at 2. But as set forth in Class Plaintiffs' Proposed Verdict Form (Dkt. 868-7) (the "Verdict Form"), the jury will only be asked to find BCE liable on the § 20(a) control person claim for the appropriate August 2017 statements. *See id.* at 37 ("[H]ave Class Plaintiffs proved their § 20(a) control person claim as to any of the following defendants: . . . BCE (only for August 16, 2017 and/or August 17, 2017 statements)."). In fact, BCE appears in only two questions on one page of the Verdict Form. *Id.* Accordingly, there is no real reason to believe that Class Plaintiffs would waste trial time to prove BCE was a control person for any other statements, and no basis for BCE and the other Defendants' purported concerns about jury confusion or them somehow being held liable for unrelated statements. *See* Dkt. 890 at 9, filed herewith.

BCE's attempt to alter this Court's summary judgment holdings under the guise of a "motion *in limine* to enforce summary judgment rulings" should be denied in its entirety.

- 2 -

## II. BCE MIL 2: Control of AMH or Kingfisher

BCE's MIL 2 seeks to preclude any evidence or argument that it controlled AMH or Kingfisher on the basis that its purported control is irrelevant and will confuse the jury regarding the claims at issue against BCE. Dkt. 881 at 3. This argument is disingenuous at best. Contrary to BCE's conclusory assertions, this Court already determined at summary judgment that the relationship between BCE and AMH is directly relevant to the remaining § 20(a) claim against BCE. That claim concerns the August 2017 statements made by Chappelle, who was the President and CEO of AMH up through the February 9, 2018 Business Combination. As the Court held at summary judgment:

> Given the large ownership stakes held by . . . BCE[] and ARM in AMH and Kingfisher, the close relationship between AMH and Kingfisher, and Chappelle's position as AMH's CEO, the Court concludes that a reasonable jury could return a verdict for Plaintiffs on their Section 20(a) claims against . . . BCE[] and ARM for statements made by Chappelle that predate the SPAC transaction.

Dkt. 778 at 52. Moreover, the Court found that the record contains ample evidence supporting Class Plaintiffs' theory that BCE and its representatives "worked extensively with Chappelle to craft public statements regarding AMH and Kingfisher before the SPAC transaction, ***while Chappelle was AMH's CEO***." *Id.* In other words, one of the ways that BCE controlled Chappelle is through its control of AMH and Kingfisher.

It is not possible to divorce BCE from AMH – or Chappelle from AMH – where BCE's relationship to Chappelle as AMH's CEO is at the core of the § 20(a) control person claim against BCE that this Court explicitly upheld at summary judgment. The notion that "the jury may improperly view BCE's actions or inactions as evidence of a primary violation

itself" only serves to support the control person claims here. Dkt. 881 at 3 (emphasis omitted).[3] Accordingly, BCE's MIL 2 should be denied in its entirety.

### III.     BCE MIL 3: Edits, Inputs, or Commentary by BCE to the August 2017 Statements

BCE's MIL 3 points to what BCE refers to as this Court's "three key rulings" at summary judgment as a basis to exclude an unspecified number of "emails from both before and after August 2017," including those that Class Plaintiffs relied on at summary judgment. Dkt. 881 at 4. None of those rulings, however, pertained to BCE or the admissibility of those documents at trial. To the contrary, this Court upheld the control person claim against BCE for the August 2017 statements because "there is evidence in the record showing that representatives of . . . BCE[] and ARM *worked extensively with Chappelle to craft public statements* regarding AMH and Kingfisher before the SPAC transaction, while Chappelle was AMH's CEO." Dkt. 778 at 52. BCE ignores this holding and fails to explain why the very evidence that the Court found sufficient to raise a material question of fact about BCE's and ARM's control should now be excluded from the trial.

Instead of addressing the Court's holding regarding its § 20(a) liability, BCE points to the Court's analysis of the § 20(a) claim against former defendant David Leuschen in which the Court found that Class Plaintiffs did not provide sufficient evidence to support their claim that Leuschen personally contributed to the August 2017 press releases containing the

---

[3]     BCE relies on these same arguments to suggest that Trial Ex. 0300 (PX 0155), which contains a "year-end letter" written by William McMullen – a founder and Managing Partner of BCE – to BCE investors, should be excluded. Dkt. 881 at 3. BCE is wrong. First, that letter is highly relevant to BCE's role and control, and there is no basis to deny its admissibility. Second, BCE does not actually seek to exclude this document or explain why the Court could not address BCE's evidentiary concerns of relevance and jury confusion upon a timely objection at trial.

- 4 -

misstatements. Unlike the Court's clear finding that the summary judgment evidence showed BCE "worked extensively with Chappelle to craft public statements regarding AMH and Kingfisher before the SPAC transaction," the Court noted that the only evidence against Leuschen was "an email, on which Leuschen was carbon-copied." Dkt. 778 at 41, 52. The Court explained that, without more, it was not enough for Class Plaintiffs to merely argue that Leuschen had been personally involved in the crafting of the August 2017 misstatements and other public statements. But the Court did not make any finding regarding the admissibility of that document (or any other document for that matter) at trial. *Id.* And BCE itself acknowledges at least **26** different emails as examples of where BCE provided edits, commented on, or provided input on public statements made by Chappelle in connection with the Business Combination. *See* Dkt. 881 at 5. BCE's feigned concerns about the time it will take to rebut Class Plaintiffs' evidence at trial (*id.* at 6) is simply not a basis for this Court to preclude such compelling evidence of control. *See also* Class Plaintiffs' Opposition to Defendant ARM Energy Holdings, LLC's Motions *in Limine* at 9, filed herewith.

      BCE fails to acknowledge the hypocrisy of its own arguments, pointing to evidence that the Court already found to be sufficient to create a triable issue of fact as to whether BCE controlled Chappelle's August 2017 misstatements while attempting to argue for a limitation on its use at trial. Simply stated, a motion *in limine* is not a proper vehicle for BCE to use in an attempt to rewrite the Court's summary judgment rulings for its own benefit and, accordingly, BCE's MIL 3 should be denied in its entirety.

### IV. BCE MIL 4: BCE as a "Control Entity Defendant"

BCE's MIL 4 argues that the Court should categorically preclude Class Plaintiffs from referring to it as a "Control Entity Defendant" as pled in the operative Third Consolidated Amended Complaint. Dkt. 881 at 6; Dkt. 218 at ¶ 10 ("Control Entity Defendant" allegation). According to BCE, policing how Class Plaintiffs refer to BCE is necessary because the term "'Control Entity Defendant' sounds like some kind of official category of defendant made up by the Court." Dkt. 881 at 6. "Control Entity Defendants" is nothing more than a neutral term that Class Plaintiffs have used to collectively refer to the § 20(a) entity defendants, and there is no reason why they should not be able to continue to do so at trial. BCE's argument that it would be prejudiced by any such references because the jury might be confused into thinking that "the Court certified BCE as fitting in that category" is rank speculation and not the proper subject of a motion *in limine*. Dkt. 881 at 6. The jury will have clear instructions regarding what each Defendant is alleged to be liable for and a verdict form that will require the jurors to specifically identify whether BCE (not "Control Entity Defendants") violated § 20(a). There is no realistic concern about confusion or prejudice if Class Plaintiffs, a witness, or the Court use the term "Control Entity Defendants" at trial. Accordingly, BCE's MIL 4 should be denied.

### V. BCE MIL 5: Opposing Party Statements

BCE's MIL 5 simply joins in the Alta Mesa Resources Defendants' (Dkt. 874) regarding the admissibility of opposing party statements. Accordingly, Class Plaintiffs incorporate herein their Opposition to the Alta Mesa Resources Defendants' Motions *in*

- 6 -

*Limine* (Dkt. 892 at 8-12). And for the reasons stated in that Opposition, BCE's MIL 5 should be denied.

## VI. BCE MIL 6: BCE's Participation in a Primary Violation

BCE's MIL 6 simply joins in ARM Energy Holdings, LLC's MIL 7 (Dkt. 878). Accordingly, Class Plaintiffs incorporate herein their Opposition to Defendant ARM Energy Holdings, LLC's Motion *in Limine* (Dkt. 890 at 9-10). And for the reasons stated in that Opposition, BCE's MIL 6 should be denied.

## VII. CONCLUSION

For the foregoing reasons, the Court should deny BCE's Motions *in Limine* in their entirety.

DATED:  October 28, 2024                                        Respectfully submitted,

| s/ Andrew J. Entwistle | s/ Trig R. Smith |
|---|---|
| Andrew J. Entwistle (attorney in charge) | Tor Gronborg (*pro hac vice*) |
| State Bar No. 24038131 | Trig R. Smith (*pro hac vice*) |
| Callie Crispin | John M. Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN** |
| State Bar No. 24127308 | **  & DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Floor 19, Suite 140 | San Diego, CA  92101 |
| Austin, TX  78701 | Telephone:  (619) 231-1058 |
| Telephone:  (512) 710-5960 | Facsimile:  (619) 231-7423 |
| Facsimile:  (212) 894-7278 | |

– and –

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

*Court Appointed Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record via the Court's ECF system on October 28, 2024.

/s/ Trig R. Smith
TRIG R. SMITH