UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 |

CLASS PLAINTIFFS' OPPOSITION TO BAYOU CITY ENERGY MANAGEMENT, LLC'S OBJECTION TO TRIAL BY CONSENT AND MOTION TO EXCLUDE

Class Plaintiffs hereby oppose Bayou City Energy Management, LLC's Objection to Trial by Consent and Motion to Exclude. Dkt. 849 ("Objection to Trial").

I.  **SUMMARY OF THE ARGUMENT**

Bayou City Energy Management, LLC's ("BCE") October 16, 2024 Objection to Trial is nothing more than another improper attempt to raise the same arguments that BCE previously raised both in its summary judgment motion, which the Court plainly denied at page 52 of its Opinion (Dkt. No. 778), and before that in connection with BCE's motion to dismiss, which the Court likewise rejected at pages 28-29 of its Opinion (Dkt. No. 160). In short, the Court has already addressed the issue twice, and the fact that BCE dislikes those rulings is not a basis for BCE to reargue the issue in a motion filed in a transparent attempt to delay the trial. BCE's Objection to Trial is a meritless and transparent attempt to delay the proceedings in this five-year-old class action, and it should be denied.

## II. ARGUMENT

### A. Class Plaintiffs adequately pleaded its claims against BCE

Count II of the Third Amended Complaint ("TAC") plainly pleads Section 20(a) control person claims "during the Class Period" against "All Defendants"—including BCE—for control over "the Management Defendants, Board Defendants, Alta Mesa and the Company's employees." *See* TAC, at p. 113 ("Count II For Violations of Section 20(a) of the Exchange Act Against All Defendants").  In this regard, ¶ 367 of the TAC repeats, reiterates, and incorporates all prior allegations (other than disclaimers of fraud claims). The prior allegations include all of the various control allegations and the allegations in TAC ¶¶ 190-197 detailing the allegations regarding the August 2017 Chappelle statements. TAC ¶ 368 reiterates the direct violations of Section 10(b) and Rule 10b-5 by all Defendants.  And TAC ¶ 369 provides that:

> Defendants each acted as controlling persons of Alta Mesa within the meaning of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). By virtue of their high-level positions, participation in and/or awareness of the Company's operations, direct involvement in the day-today operations of the Company, and/or intimate knowledge of the Company's actual performance, and their power to control the materially false and misleading public statements about Alta Mesa during the Class Period, Defendants had the power and ability to control the actions of the Management Defendants, Board Defendants, Alta Mesa, and the Company's employees. By reason of such conduct, Defendants are each liable pursuant to Section 20(a) of the Exchange Act.

With regard to TAC ¶ 369, "Defendants" clearly includes BCE, and the previously defined reference to the "Class Period" means "the period from August 16, 2017 through May 17, 2019" (*see* TAC at the introductory paragraph on page 1 (ii)), which clearly includes the statements by Mr. Chappelle alleged in TAC ¶¶ 190-197).  Mr. Chappelle is

among those defined as "Management Defendants" (TAC ¶¶ 50, 53). BCE is also named as one of the "Control Entity Defendants" (TAC ¶¶ 61, 63, 64 and 65).[1] TAC ¶¶ 61, 64, and 65, in particular, detail BCE's control over AMH (and information concerning AMH) through its control of High Mesa, the owner of AMH prior to the business combination (*i.e.*, during the period Mr. Chappelle, AMH's CEO and the proposed CEO of AMR, made the statements at issue in BCE's Objection to Trial).

The facts related to BCE's control over AMH and Chappelle are further detailed in TAC ¶¶ 87-95, including that: (i) in January 2016, an AMH subsidiary entered into a joint development agreement with a fund advised by BCE to pay for a portion of AMH's drilling operations and to allow AMH to accelerate development of its STACK acreage—an agreement that also gave BCE control over AMH's development plan and budget; and (ii) "on November 10, 2016, AMH announced that High Mesa contributed a $300 million equity investment to AMH, which was derived from the sale of preferred equity to Bayou City for a minority interest in High Mesa" (TAC ¶ 91).

BCE's new argument that "Alta Mesa" only refers to the post-2018 public entity Alta Mesa Resources, Inc. and not Silver Run II is equally wrong because the TAC plainly pleads BCE controlled the "Management Defendants," which is defined to include Mr. Chappelle. The TAC also quite unambiguously states, "For consistency and to minimize confusion, this complaint refers to 'Silver Run Acquisition Corporation II' and 'Alta Mesa

---

[1] Using BCE's apparent preferred method of ad nauseum parentheticals, the relevant portion of ¶ 369 can be read "during [August 16, 2017 to May 17, 2019], [Bayou City Energy Management, LLC] had the power and ability to control the actions of [Chappelle] . . . ."

Resources, Inc.' as 'Alta Mesa.'" TAC p. 40, fn. 9.

### B. BCE had notice of Class Plaintiffs' claims against it

BCE's argument that it did not have notice of the claim is disingenuous at best. First, as discussed above, Class Plaintiffs clearly and adequately asserted claims against BCE as evidenced by the plain language of the TAC. Second, counsel for Class Plaintiffs have indicated at every juncture that BCE is liable for its control of the Management Defendants pre-de-SPAC. Third, BCE also admitted that this was apparent from Class Plaintiffs' opposition to BCE's summary judgment motion filed in September 2023 (Dkt. No. 445).

Finally, while BCE chose not to serve interrogatories, fellow Control Entity HPS did serve an interrogatory seeking clarification regarding what it is alleged to have controlled, to which Class responded: "Defendants HPS and Dimitrievich are also each liable pursuant to Section 20(a) of the Exchange Act for all misleading statements made by Alta Mesa (whether AMH or AMR) and its officers/directors from August 17, 2017 through November 14, 2018. *See* ¶¶ 190, 192, 194, 196, 209, 211, 213, 216, 219, 221-222, 224, 226-227, 229, 231, 233, 235, 237, 239, 241, 244-246, 248, 250, 252-254, 256." (*See* Dkt. 444 at PX 161 at Response to Interrogatory No. 5).

### C. The Court has previously ruled on the arguments raised in BCE's Objection to Trial

BCE previously argued in support of its motion for summary judgment that "Plaintiffs have not adequately pled and cannot establish that Moving Defendants *controlled* certain Individual Defendants" with a footnote identifying Mr. Chappelle. Dkt.

No. 432, p. 1. BCE even admits in its present motion that "BCE's reply brief objected that the claim had not been pleaded [] but because of page limits, that argument was confined to a single page." (Dkt. No. 849, p. 3). BCE's admission concedes: (i) the issue has already been briefed, considered and rejected by the Court; (ii) BCE's instant motion is no more than a re-cast motion for consideration; and (iii) that in addition to the plain language of the TAC itself, BCE admits it was put on notice of the claim by the detailed proof and pleadings filed by Plaintiffs in opposition to BCE's summary judgment motions. That BCE chose to devote only a single page in its reply papers and to wait until the courthouse steps to file this motion only serves to highlight the lack of merit of this improper, last-minute attempt delay the imminent trial.

Detailing the applicable pleading standard for Section 20(a) claims in this Circuit, this Court noted in connection with its denial of Defendants' motions to dismiss the control person claims in Count II of the TAC that:

> "Courts in the Fifth Circuit apply a relaxed and lenient pleading standard for evaluating whether a plaintiff has sufficiently alleged a claim for control person liability." At the pleading stage, "a plaintiff need only allege that [the defendant] possessed the power to control the primary violator, not that control was exercised." The PSLRA's heightened pleading standard does not apply to claims under Section 20(a)."

Dkt. No. 160, p. 24 (quoting *One Longhorn Land I, L.P. v. Defendant FF Arabian, LLC*, 2015 WL 7432360, at *2-*3 (E.D. Tex. Nov. 23, 2015)). The Court properly concluded that the TAC more than adequately met the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure under applicable Fifth Circuit law; there is no basis to revisit that finding now.

And, of course, this Court plainly denied the argument that BCE raises again here, holding at page 52 of its Summary Judgment Opinion (Dkt. No. 778), that:

> However, there is evidence in the record showing that representatives of HPS, BCE, and ARM worked extensively with Chappelle to craft public statements regarding AMH and Kingfisher before the SPAC transaction, while Chappelle was AMH's CEO. (Dkt. 444- 7). Given the large ownership stakes held by HPS, BCE, and ARM in AMH and Kingfisher, the close relationship between AMH and Kingfisher, and Chappelle's position as AMH's CEO, the Court concludes that a reasonable jury could return a verdict for Plaintiffs on their Section 20(a) claims against HPS, BCE, and ARM for statements made by Chappelle that predate the SPAC transaction.

The fact that BCE has recast its prior arguments as an "Objection to Trial by Consent" offers no basis for reconsideration of this Court's prior rulings, and the objection should be denied.

### D. BCE'S "Additional Due Process Objection" is unsupported by fact or law

BCE's argument that it will suffer irreparable harm boils down to the simple reality that BCE does not believe the claims against it should proceed to trial at all, and that it will incur expenses defending the claims against it if trial proceeds. Most if not all defendants in every case could say the same.

There is no deprivation of "due process" here because BCE has already been heard on the issue and the Court has rightly recognized—twice—that the Complaint plainly pleads that BCE controlled the Management Defendants (which include Chappelle) throughout the Class Period (which begins with Chappelle's August 2017 alleged misstatements).

BCE's cases on irreparable harm are inapposite, as neither addresses harm to reluctant civil defendants or harm due to purportedly unpled claims. *De Leon v. Perry*, 975 F. Supp. 2d 632, 663–64 (W.D. Tex. 2014), aff'd sub nom, 791 F.3d 619 (5th Cir. 2015) (denial of a marriage license to same-sex couples); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 332 (5th Cir. 1981) (denial of abortion access).

### III. CONCLUSION

For the foregoing reasons, the Court should deny BCE's Objection to Trial in all respects.

Dated: October 28, 2024                                         Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Entwistle* | */s/ Trig R. Smith* |
| Andrew J. Entwistle (attorney-in-charge) | Trig Smith (*pro hac vice*) |
| State Bar No. 24038131 | Tor Gronborg (*pro hac vice*) |
| Callie Crispin | John Kelley (*pro hac vice*) |
| State Bar No. 24104231 | Stephen Johnson (*pro hac vice*) |
| Sal H. Lee | **ROBBINS GELLER RUDMAN &** |
| State Bar No. 24127308 | **DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | 655 West Broadway, Suite 1900 |
| 500 West 2nd Street, Suite 1900 | San Diego, CA 92101 |
| Austin, TX 78701 | Telephone: (619) 231-1058 |
| Telephone: (512) 710-5960 | Facsimile: (619) 231-7423 |
| Facsimile: (212) 894-7278 | |
| | -and- |
| -and- | |
| | Shawn A. Williams (*pro hac vice*) |
| Joshua K. Porter (*pro hac vice*) | Daniel J. Pfefferbaum (*pro hac vice*) |
| Brendan J. Brodeur (*pro hac vice*) | **ROBBINS GELLER RUDMAN &** |
| Andrew M. Sher (*pro hac vice*) | **DOWD LLP** |
| **ENTWISTLE & CAPPUCCI LLP** | Post Montgomery Center |
| 230 Park Avenue, 3rd Floor | One Montgomery Street, Suite 1800 |
| New York, NY 10169 | San Francisco, CA 94104 |
| Telephone: (212) 894-7200 | Telephone: (415) 288-4545 |
| Facsimile: (212) 894-7278 | Facsimile: (415) 288-4534 |

| | |
|---|---|
| *Co-Lead Counsel for the Class* | *Co-Lead Counsel for the Class* |

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## **CERTIFICATE OF SERVICE**

I certify that this motion has been served on counsel of record via the Court's ECF system on October 28, 2024.

s/ Trig R. Smith
TRIG R. SMITH
