UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957 <br><br> Judge George C. Hanks, Jr |

**DEFENDANT ARM ENERGY HOLDINGS, LLC'S
OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE**

Defendant ARM Energy Holdings, LLC ("ARM Energy"), submits this Memorandum of Law in Opposition to Plaintiffs' Motions in Limine relevant to ARM Energy. ARM Energy opposes the Plaintiffs' requested exclusion of the following areas of evidence relevant to ARM Energy's case:

**A.    ARM Energy Opposes Class Plaintiffs' Second Motion in Limine: Counsel Correspondence Fair Game Since It Shows Drafting Process.**

ARM Energy joins Alta Mesa Resources, Inc.'s opposition to Plaintiffs' motion to exclude counsel correspondence. *See* Pls. Mot., ECF No. 867-2.  In the interest of judicial economy, ARM Energy will not repeat the arguments made by Alta Mesa.

ARM Energy also opposes this motion in limine since counsel correspondence is directly relevant to one of the pivotal issues in this case: the origin of the alleged misstatements that Plaintiffs claim ARM Energy controlled. Plaintiffs' motion not only seeks to exclude the reliance on the advice of counsel defense but also "any evidence or argument regarding the role of attorneys in the Business Combination or in reviewing or approving Defendants' statements to investors." ECF 867-2 at 8. Yet Plaintiffs' sole argument for excluding this evidence is that Alta Mesa waived the reliance on the advice of counsel defense. They fail to address that this evidence is also relevant

in other contexts, including rebutting Plaintiffs' contention that ARM Energy and other Defendants are responsible for the language in various alleged misstatements.

Identifying who drafted each statement is directly relevant to ARM Energy's case. To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence," and the fact in question must be "of consequence in determining the action." Fed. R. Evid. 401. Plaintiffs' only remaining claims against ARM Energy following the Summary Judgment Order concern "statements made by [Harlan] Chappelle before the SPAC transaction while Chappelle was Chief Executive Officer of [Alta Mesa Holdings, L.P. ("AMH")]." Dkt. 778 ("MSJ Order") at 2. Plaintiffs contend that ARM Energy supposedly worked "with Chappelle to craft alleged misleading statements regarding AMH and Kingfisher in August 2017." ECF No. 868 ("JPTO") at p. 57. Even if this were true, ARM Energy and Chappelle can only be liable for statements for which Chappelle had "ultimate authority. . . including its content and whether and how to communicate it." *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011). Educating jurors on the process of drafting the alleged misstatements is critical for them to understand Chappelle's role and ARM Energy's complete lack of involvement in crafting these statements.  Thus, to the extent Plaintiffs seek to assert that ARM Energy controlled statements made by Chappelle before the Business Combination, ARM Energy should be able to show the actual origin of those statements. And while ARM Energy does not intend to introduce evidence of counsel's involvement to negate any scienter requirement, ARM Energy does intend to show who drafted the alleged misstatements at issue, including counsel.

At its core, Plaintiffs' motion obscures a large swath of relevant evidence applicable to multiple Defendants in the name of barring a single party's defense. The Court should not prevent

ARM Energy and other Defendants from presenting evidence of the drafting process for the statements that Plaintiffs claim misled them.

Finally, Plaintiffs argue that evidence of counsel correspondence should be excluded because Defendants didn't include the relevant witnesses in their initial disclosures. ECF No. 867-1 at p. 2. However, it was Plaintiffs who failed to make the necessary disclosures since they did not plead their current claims against ARM Energy, leaving ARM Energy without notice of the accusations and deprived of the opportunity to conduct needed discovery. *See* ECF No. 854. As a result, ARM Energy couldn't anticipate which witnesses would be necessary to defend against Plaintiffs' shifting theories. Further, Plaintiffs have known about the role of various counsels in drafting correspondence since those documents were produced during discovery. Therefore, they must have been aware that counsel testimony would be relevant if they intended to challenge those statements. Ultimately, it's the Plaintiffs' claims that should be dismissed, not ARM Energy's witnesses.

    **B.**    **ARM Energy Opposes Class Plaintiffs' Fourth Motion in Limine: Plaintiffs' Exclusion of Zachary Nye's Testimony Is Too Broad And Should Apply In Equal Force To Plaintiffs Or Not At All.**

ARM Energy joins Alta Mesa Resources, Inc.'s opposition to Plaintiffs' motion to exclude Zachary Nye's expert report. *See* Pls. Mot., ECF No. 867. In the interest of judicial economy, ARM Energy will not repeat the arguments made by Alta Mesa.

Further, if Plaintiffs' motion is granted, Plaintiffs and their witnesses should be equally precluded from mentioning or alluding to Zachary Nye's report. Plaintiffs' motion seeks only to preclude **Defendants** from mentioning Mr. Nye's report—not *any* use or mention of Mr. Nye's report. This is lopsided and fundamentally unfair. For example, Plaintiffs' damages expert, Steven Feinstein, should not be able to reference or argue that his damages calculations align with Mr.

Nye's opinions if Defendants cannot similarly point to the significant inconsistencies between and flaws underpinning Mr. Nye's and Mr. Feinstein's damages calculations. Thus, if the Court grants Plaintiffs' motion, the Order should equally preclude both Plaintiffs and Defendants from raising Mr. Nye's report.

### C. ARM Energy Opposes Class Plaintiffs' Fifth Motion in Limine: Plaintiffs Wrongly Seek To Exclude All Evidence, Argument, Or Commentary On Aggregate Damages Figures.

ARM Energy joins Alta Mesa Resources, Inc.'s opposition to Plaintiffs' motion to exclude evidence, argument, or commentary on aggregate damages figures. *See* Pls. Mot., ECF No. 869. In the interest of judicial economy, ARM Energy will not repeat the arguments made by Alta Mesa.

### D. ARM Energy Opposes Class Plaintiffs' Seventh Motion in Limine, Part B: A Wholesale Ban On Witness Communications Between Testimony Is Improper And Unnecessary.

ARM Energy joins Alta Mesa Resources, Inc.'s opposition to the Plaintiffs' motion to preclude communications between witness and counsel during breaks in testimony. *See* Pls. Mot., ECF No. 864 at 3-4. In the interest of judicial economy, ARM Energy will not repeat the arguments made by Alta Mesa.

### E. ARM Energy Opposes Class Plaintiffs' Seventh Motion in Limine, Part D: Witnesses Can Testify As To Facts Remembered.

Plaintiffs vaguely seek to exclude witnesses from testifying about matters that they did not recall during their deposition because it purportedly would be inconsistent with their prior testimony. *See* Pls. Mot., ECF No. 864 at pp. 5-6. But the rules of evidence do not bar alleged inconsistencies in testimony; they leave resolving those issues to counter evidence and cross examination. The appropriate remedy for any claimed "inconsistency" in trial testimony is attempted impeachment based on the prior testimony, not preemptive exclusion. *United States v. Ortega-Chavez*, 682 F.2d 1086, 1091 (5th Cir. 1982) ("Issues of credibility, the weight of the

4

evidence, and conflicts in evidence are matters for the jury.") (quoting *United States v. Parr*, 516 F.2d 458, 464 (5th Cir. 1975)).

Further, Plaintiffs lack authority to support their position. Plaintiffs only cite to a single case where the Court sanctioned a party for utterly failing to prepare a Rule 30(b)(6) corporate witness by precluding that Rule 30(b)(6) witness from supplementing their testimony. *ExxonMobil Glob. Servs. Co. v. Bragg Crane Serv.*, No. 4:21-CV-03008, 2023 WL 6274764, at *2 (S.D. Tex. Sept. 26, 2023). But Rule 30(b)(6) uniquely prohibits a corporate designee from "disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject." *Id.* (quoting *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-CV-1355, 2016 WL 7157522, at *3 (S.D. Tex. Dec. 7, 2016)). This does not change the typical rule that witnesses—who base their opinions on personal rather than corporate knowledge—may have inconsistencies between their trial and prior testimony. The remedy for this hypothetical concern is effective cross examination, not exclusion.

Finally, Plaintiffs' concern is purely theoretical and there is no evidence that witnesses' testimony will materially change from their depositions. Such a "purely theoretical" concern cannot be dealt with in a vacuum without any specific testimony or evidence for the parties to challenge or defend. *Skelton v. Examiner Corp.*, No. 1:18-CV-203, 2019 WL 13217114, at *4 (E.D. Tex. Oct. 29, 2019) (denying vague, premature motion in limine because "the court cannot make an informed ruling in a vacuum"). That is precisely what Plaintiffs attempt here bringing a vague motion that fails to specify any actual or anticipated evidence or testimony that they are seeking to exclude.

## CONCLUSION

For the reasons set forth herein, Defendant ARM Energy Holdings, LLC respectfully requests that the Court deny the above Plaintiffs' Motions in Limine, and for any other such relief to which it may be justly entitled.

Dated:  October 28, 2024

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

/s/ *James L. Silliman*
James L. Silliman (*Attorney-in-Charge*)
State Bar No. 24081416
Fed. ID No. 2365032
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Fax: (713) 654-1301
jimsilliman@eversheds-sutherland.com

Bruce M. Bettigole (*pro hac vice*)
The Grace Building, 40th Floor
1114 Avenues of the Americas
New York, NY 10023
Telephone: (212) 389-5000
Fax: (212) 389-5099
brucebettigole@eversheds-sutherland.com

Adam C. Pollet (*pro hac vice*)
Andrea Gordon (*pro hac vice*)
Jessica R. Rodgers (*pro hac vice*)
700 Sixth Street N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Fax: (202) 637-3593
adampollet@eversheds-sutherland.com
andreagordon@eversheds-sutherland.com

Samantha N. Darnell (*pro hac vice*)
Ian Jones (*pro hac vice*)
999 Peachtree Street, NE Suite 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000

Fax: (404) 853-8806
samanthadarnell@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

**Counsel for Defendant ARM Energy Holdings, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a copy of the foregoing Defendant ARM Energy Holdings, LLC's Opposition to Plaintiffs' Motions in Limine was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel and parties of record.

/s/ *Jim Silliman*
Jim Silliman (*Attorney-in-Charge*)