# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr.<br><br>ORAL ARGUMENT REQUESTED |

**ALTA MESA RESOURCES, THE INDIVIDUAL DEFENDANTS, AND RIVERSTONE'S[1] OPPOSITION TO DEFENDANTS BAYOU CITY ENERGY MANAGEMENT, LLC'S AND ARM ENERGY, LLC'S MOTIONS *IN LIMINE***

---

[1] The filing Defendants are Alta Mesa Resources, Inc., Riverstone Holdings LLC, Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald J. Smith, Jeffrey H. Tepper, and Diana J. Walters (collectively "Opposing Defendants").

**STATEMENT OF THE ISSUES**

Should Defendants ARM Energy, LLC ("ARM") and Bayou City Management, LLC ("BCE") be able to keep from the jury evidence of their role in the Business Combination that is at the heart of this litigation?

**INTRODUCTION**

In defending against Class Plaintiffs' claims challenging the Business Combination through which Alta Mesa Resources (then Silver Run II) acquired AMH and Kingfisher, the Individual Defendants and Riverstone must be permitted both to place the transaction in context of the timeline of relevant events at issue, including the roles of all participants, and to lay the foundation for the jury's required allocation of responsibility under the Private Securities Litigation Reform Act ("PSLRA"). Thus, the Opposing Defendants' defense will necessarily involve probative evidence about the actions and involvement of ARM and BCE as sellers of AMH and Kingfisher.

ARM's and BCE's motions seeking to keep out evidence of their conduct before, during, and after the Business Combination[2] would therefore severely prejudice the

---

[2] ARM moves to exclude evidence (1) "purporting to show that [ARM] controlled or bears responsibility for any other alleged misstatements, including statements in the Proxy"; (2) that it "knew statements were false but did nothing"; (3) that it "controlled . . . AMH or Kingfisher"; (4) regarding "Kingfisher's financial projections and models that were not provided" to other defendants but were given "to Kingfisher's lenders for the purpose of obtaining revolving credit facility"; (5) "[a]ny statements or suggestions that the Proxy or other investor communications reflected financial projections" from Kingfisher's "Project Rugby" sell-side projections; (6) that it was "involved in a primary violation"; (7) of its "state of mind or intent"; and (8) regarding its "proceeds from the Business Combination." *See* ARM MIL Nos. 1-4, 6-9. BCE moves to exclude evidence (1) that "BCE or McMullen

1

Opposing Defendants. *See* ARM MIL Nos. 1, 2, 3, 4, 6, 7, 8, 9, ECF No. 878; BCE MIL Nos. 1, 2, 3, 6, ECF No. 881.³ Excluding that evidence would make it impossible to explain to the jury the basics of the Business Combination without mentioning two of the primary participants. The parties could not even show the jury a full copy of the Proxy at issue as it details ARM's and BCE's roles. And the jury would be deprived of critical information needed to make findings about "the percentage of responsibility of [ARM and BCE], measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff[s]." 15 U.S.C. § 78u-4(f)(3)(A).

## LEGAL STANDARD

To be admissible, evidence need only have "*any tendency*" to make a "fact of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Relevant evidence should be excluded only if its "probative value is substantially outweighed" by risk of prejudice, confusion, or delay. Fed. R. Evid. 403.

## ARGUMENT

**I.    ARM's and BCE's Conduct Is Relevant to Opposing Defendants' Primary Liability and Defenses**

---

allegedly controlled statements other than the two statements made by Chappelle in the August 16, 2017 press release and the August 17, 2017 investor presentation"; (2) that "BCE or McMullen controlled AMH or KFM"; (3) that "BCE or McMullen exercised control over Chappelle by providing or failing to provide edits either before or after the August 16, 2017 press release and the August 17, 2017 investor presentation"; and (6) that "BCE or McMullen committed a primary violation of the securities laws." *See* BCE MIL Nos. 1-3, 6.

³ Moving Defendants do not oppose ARM MIL Nos. 5, 10, or 11, or BCE MIL Nos. 4 or 5.

2

The evidence about ARM's and BCE's conduct bears enormous relevance to Plaintiffs' Section 14(a) claims, as well as the Individual Defendants' and Riverstone's Section 20(a) good-faith defenses. This evidence is centrally relevant to the Opposing Defendants' liability for the alleged false Kingfisher Projections in the Proxy. These Projections are immunized by the Safe Harbor if, among other things, Plaintiffs cannot prove that these Opposing Defendants actually knew the Projections were false. In order to respond to Plaintiffs' claims, the Opposing Defendants must be allowed to introduce evidence showing that ARM (1) prepared the Kingfisher Projections; (2) approved their inclusion in the Proxy; (3) repeatedly stated that Kingfisher was on track to meet the projections; (4) had a contractual obligation to inform Silver Run II of changes in Kingfisher's business that could cause the projections to be false and misleading; (5) testified that they never told any of the Opposing Defendants that the Kingfisher Projections were unachievable or misleading; and (6) received over $100 million in connection with the Business Combination.

And even for statements other than forward-looking statements, this Court has held that Plaintiffs must prove that "defendants acted at least negligently" in making any false statement in the Proxy. *Camelot Event Driven Fund v. Alta Mesa Res.*, No. 4:19-cv-957, 2021 WL 1416025, at *10 (S.D. Tex. Apr. 14, 2021) (citing *In re Browning-Ferris Indus., Inc. S'holder Derivative Litig.*, 830 F. Supp. 361, 365 (S.D. Tex. 1993)). The evidence ARM moves to exclude shows the steps the Opposing Defendants took to ensure the accuracy of the statements in the Proxy.

3

The evidence BCE and ARM seek to exclude is also relevant to the Opposing Defendants' good-faith defense to Section 20(a) liability. The Opposing Defendants intend to offer proof that their robust diligence, reliance upon qualified subject-matter experts, and compliance with the customs and practices of company directors demonstrates their good faith. *See G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 962 & n.33 (5th Cir. 1981). Inherent in that proof will be ARM's and BCE's roles and conduct as primary players in the Business Combination. In fact, as described in the Proxy:

> On March 31, 2017, William McMullen, Founder & Managing Partner of Bayou City, and Mr. Hackett were introduced via email and agreed to meet in person to discuss Bayou City's investment in Alta Mesa. Following the discussion, Mr. Hackett asked to be introduced to the management teams at Alta Mesa and ARM, the operator of Kingfisher's assets. Mr. McMullen introduced Mr. Hackett to both Harlan Chappelle, Chief Executive Officer of Alta Mesa, and Zach Lee, Chief Executive Officer of ARM, via email.

ECF No. 529-5 (Proxy) at 161. Indeed, the Proxy is replete with mentions of ARM- and BCE-related persons and entities: ARM is mentioned 34 times in the Proxy; BCE is mentioned over 80 times. William McMullen's name occurs 17 times in the Proxy, while together those of ARM's Mike Christopher and Zach Lee occur 19 times. *See* Proxy Statement. Were ARM's and BCE's MILs to be granted, the jury could not even receive a full copy of the Proxy Statement—the most foundational document in the case.

Similarly, ARM's MIL Nos. 8 and 9 concern its intent and motive to deceive. *See* ECF No. 878 at 7-8. Both are relevant to the Opposing Defendants' defense: if the jury finds ARM's failure to correct any misstatement in the Proxy was intentional, not mere oversight, that will inform their evaluation of the Opposing Defendants' conduct. And the

4

Opposing Defendants would be severely prejudiced if they could not point out the stark difference in motives between the $600 million investment that Riverstone made and lost in the Business Combination versus the cash proceeds that ARM took from the Business Combination.

Introduction of this irrefutable and relevant evidence imposes no unfair prejudice on ARM or BCE. Indeed, ARM and BCE have failed to identify any tangible and serious unfair prejudice that can outweigh such important evidence. *See United States v. Hall*, 152 F.3d 381, 401 (5th Cir. 1998) ("Relevant evidence is, by nature, inherently prejudicial; but it is only *unfair* prejudice, which substantially outweighs any probative value, which is subject to exclusion under Rule 403.") (citation omitted), *abrogated on other grounds by United States v. Martinez-Salazar*, 528 U.S. 304 (2000). At most, ARM asserts this evidence would "confus[e] the issues" and "mislead[] the jury" into thinking ARM "could be responsible for a primary violation or claims already dismissed against it." ARM MIL No. 1, ECF No. 878 (quoting Fed. R. Evid. 403); *see also* BCE MIL, ECF No. 881, at 3 (similar). It is unclear how this could happen, however, given that neither the Plaintiffs' nor the Defendants' proposed verdict forms provides an opportunity for the jury to find ARM or BCE primarily liable.

II. **ARM's and BCE's Conduct Is Relevant to PSLRA Apportionment of Fault**

The PSLRA mandates that the jury answer special interrogatories apportioning "the percentage of responsibility" "as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff" among every defendant and any other person or entity "claimed by any of the parties to have caused or contributed to the loss

5

incurred by the plaintiff." 15 U.S.C. § 78u-4(f)(3)(A). To answer those interrogatories, the jury will need to hear the evidence about ARM's and BCE's role and conduct with respect to the Proxy and the other alleged misstatements. And there is ample evidence to allow a jury to find the sellers responsible for substantial portions of the alleged misstatements, particularly as to the financial information and projections they provided which are at the core of this action. As one example, ARM was Kingfisher's operator, and the Proxy detailed how Kingfisher "prepared prospective financial information to assist Silver Run's board of directors in evaluating . . . Kingfisher's operations and prospects and the potential business combination." Proxy Statement, at 172. The Proxy further described how the Kingfisher Projections "were prepared on a reasonable basis [and] reflected [Kingfisher's] best currently available estimates and judgments of . . . Kingfisher," adding that "none of the unaudited financial projections reflect any impact of the [Business Combination] and have not been updated since the date of preparation." Proxy Statement at 83. A reasonable jury could conclude from that evidence that ARM—as Kingfisher's operator—bears "a percentage of the total fault" for any "loss incurred by the plaintiff." 15 U.S.C. § 78u-4(f)(3)(A). It is no wonder that ARM is determined to keep the jury from hearing it.

Excluding any evidence other than that which is directly related to remaining Section 20(a) claims is tantamount to pretending that ARM and BCE had no other involvement in the Business Combination or with Alta Mesa Resources, which unlawfully deprives the Opposing Defendants of their statutory right to be liable only for that portion of any loss that can fairly be apportioned to their fault and not that of others like ARM and

6

BCE. And the evidence does not adversely impact ARM and BCE since Plaintiffs cannot recover against ARM and BCE other than the limited Section 20(a) claims that survived summary judgment. In other words, ARM and BCE will not incur any liability at all if the jury assigns them any proportionate fault for alleged misstatements other than those made by Mr. Chappelle prior to the Business Combination. Thus, they cannot be unfairly prejudiced by the Opposing Defendants' use of this evidence.

## CONCLUSION

For the foregoing reasons, the Opposing Defendants respectfully request that the Court deny ARM's first, second, third, fourth, sixth, seventh, eighth, and ninth and BCE's first, second, third, and sixth motions *in limine*.

Dated: October 28, 2024                                  Respectfully submitted,

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
S.D. Tex. Bar No. 3398485
Andrew S. Clubok
S.D. Tex. Bar No. 3891875
Matthew J. Peters (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
Brittany M.J. Record (*pro hac vice*)
Jansen M. VanderMeulen (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
christian.word@lw.com
andrew.clubok@lw.com
matthew.peters@lw.com
sarah.gragert@lw.com
brittany.record@lw.com
Jansen.vandermeulen@lw.com

Heather A. Waller
S.D. Tex. Bar No. 2886108
Kathryn George (*pro hac vice*)
Arthur F. Foerster (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
heather.waller@lw.com
katie.george@lw.com
arthur.foerster@lw.com

*Counsel for Alta Mesa Resources, Inc., Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald Smith, Jeffrey H. Tepper, Diana J. Walters, and Riverstone Holdings LLC*

8

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com

*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *J. Christian Word*
J. Christian Word