# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Case No. 4:19-cv-00957<br><br>Judge George C. Hanks, Jr.<br><br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANTS'[1] OPPOSITION TO
## PLAINTIFFS' MOTIONS *IN LIMINE* NO. 7:
## MOTION AS TO GENERAL TRIAL PROCEDURES

---

[1] Alta Mesa Resources, Inc., Riverstone Holdings LLC, Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald J. Smith, Jeffrey H. Tepper, and Diana J. Walters (collectively "Defendants").

## SUMMARY OF ARGUMENT

Plaintiffs seek five rulings *in limine* in their Motion as to General Trial Procedures ("Pls.' MIL 7"). For the reasons stated below, the Court should deny all five requests.

**Pls.' Request No. 1**: Plaintiffs seek a ruling that non-party fact witnesses be sequestered throughout trial, including discussing the trial with such witnesses. This is far too broad and would ostensibly prohibit Defendants from preparing their witnesses once trial has commenced. Federal Rule of Evidence ("FRE") 616 is more than sufficient and is the most that should be implemented.

**Pls.' Request No. 2:** Plaintiffs seek a ruling barring witnesses from conferring with counsel between being placed under oath and being excused from the stand. Such a blanket prohibition on communications with counsel would impinge upon witnesses' constitutional rights and should be denied.

**Pls.' Request No. 3:** Plaintiffs seek a ruling barring Defendants from calling any fact witness to present live testimony during their case-in-chief that was not made available during Plaintiffs' case-in-chief. Defendants are not aware of any witness that warrants such an order and Plaintiffs have been unable to identify any witnesses to which this applies.

**Pls.' Request No. 4:** Plaintiffs seek a ruling barring witnesses from testifying for the first time at trial as to matters which, during their deposition(s), they testified they "could not recall." Witnesses cannot be precluded from expanding on or explaining deposition testimony simply because they previously did not recall a piece of information at the time of the deposition based on Plaintiffs' questions. Evaluating any differences in

1

a witness's testimony between trial and a prior deposition is an issue of evidentiary weight for the trier of fact, not a motion *in limine*.

**Pls.' Request No. 5:** Plaintiffs seek a ruling that Plaintiffs are permitted to examine witnesses "identified with" Defendants using leading questions. Defendants do not oppose Plaintiffs' request to use leading questions with Defendants and former Defendants. However, a blanket determination that all witnesses arguably "identified with" Defendants should be examined with leading questions is inappropriate and premature. This Court can and should determine whether a particular witness must be examined with leading questions during the trial based on that witness's testimony.

## STATEMENT OF THE ISSUES

1. Whether the Court should prohibit non-party fact witnesses from communicating with counsel throughout trial, even for purposes of preparing for testifying at trial. ("Pls.' Request No. 1").

2. Whether the Court should prohibit witnesses from conferring with counsel between being placed under oath and being excused from the stand where any such blanket prohibition impinges upon witnesses' constitutional rights. ("Pls.' Request No. 2").

3. Whether the Court should issue a ruling prohibiting Defendants from calling a hypothetical fact witness to present live testimony during Defendants' case-in-chief that was not made available to testify live during Plaintiffs' case-in-chief even where there are no witnesses relevant to the issue. ("Pls.' Request No. 3").

4. Whether the Court should prohibit witnesses from testifying as to matters they could not recall at their deposition where any such prohibition unfairly constrains witness trial testimony. ("Pls.' Request No. 4").

5. Whether the Court should order that Plaintiffs are permitted to examine any witness they claim are "identified with" Defendants using leading questions where any such blanket determination is inappropriate and premature. ("Pls.' Request No. 5").

## ARGUMENT

### I. Counsel Must Be Permitted to Prepare Non-Party Fact Witnesses to Testify at Trial

Plaintiffs seek a ruling that non-party fact witnesses be completely sequestered during trial. This request appears to go far beyond FRE 615(b), which already sufficiently deals with this issue by "prohibit[ing] disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit[ing] excluded witnesses from accessing trial testimony."[2]  Nothing more is needed.  Plaintiffs improperly seek a ruling barring communications beyond the scope of FRE 615(b), that would limit counsel's ability to

---

[2] FRE 615(b) is limited to "exclud[ing] witnesses from the courtroom" to "(1) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from accessing trial testimony."

3

communicate and prepare non-party fact witnesses once trial has commenced. Plaintiffs' Request No. 1 should be denied.

## II. Constitutional Principles Require Witnesses to Have Access to Counsel

Plaintiffs ask this Court to bar witnesses from communicating with their counsel during breaks in testimony. But any such request would impinge upon witnesses' right to counsel and should be denied.

"Blanket prohibitions on defendants' communications with their attorneys, even for a relatively short period of time, have been held to violate the" Constitution. *United States v. Padilla*, 203 F.3d 156, 160 (2d Cir. 2000) (citing *Geders v. U.S.* 425 U.S. 80, 88 (1976)). Any restrictions on communications with counsel should be narrowly drawn. *Id.* at 160 (upholding order prohibiting defendants' counsel from disclosing to defendant an ongoing investigation into witness and jury tampering where the order "was drawn *as narrowly as possible* to ensure that defendants were able to discuss with counsel *all matters pertaining to their defense* so that the communications proscribed did not implicate counsel's representation regarding the crimes charged") (emphasis added); *see also Geders*, 425 U.S. at 91 ("[T]here are a variety of ways to further the purpose served by sequestration without placing a sustained barrier to communication between a defendant and his lawyer.").

While *Padilla* and *Geders* applied the Sixth Amendment in a criminal context, courts have extended this analysis to civil cases and to non-party witnesses. *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980) ("[r]ecognizing that a civil litigant has a constitutional right to retain hired counsel" and finding that a "rule prohibiting a litigant from consulting with his attorney during breaks and recesses in the litigant's

4

testimony impinges upon that right") (citing *Geders*, 425 U.S. at 91, 96); *id.* at 1119 (overruling district court decision to bar communications between non-party witness and counsel); *King v. CVS Caremark Corp.*, 2015 WL 12778000, at *7-8 (N.D. Ala. Feb. 8, 2015) (denying sequestration motion seeking to bar non-party witnesses from communicating with counsel for the duration of trial) (citing *Potashnick*, 609 F.2d at 1118).

Here, Plaintiffs seek to prohibit any communication between counsel and witnesses for the duration of their testimony. Pls.' Mil 7 at 3-4. Plaintiffs make no attempt to tailor this request "as narrowly as possible" and instead opt for a complete bar on all communications. Plaintiffs' request impinges upon witnesses' right to counsel and must be denied.

### III. An Order Precluding Fact Witnesses that Were Not Made Available to Testify Live During Plaintiffs' Case-in-Chief from Testifying Live for Defendants Is Unnecessary

Plaintiffs seek an order precluding fact witnesses who were not made available to testify live during Plaintiffs' case-in-chief from testifying live during Defendants' case-in-chief. Plaintiffs do not specify whether they intend this order to broadly extend to all witnesses, even if not on Plaintiffs' witness list, or if they seek to only preclude Defendants from calling witnesses live from Plaintiffs' witness list that were unavailable to testify live for Plaintiffs. The former is far too broad and unreasonable. The latter is inapplicable. The court should deny Plaintiffs' request.

Defendants are not aware of any witness on Plaintiffs' witness list that would warrant such an order. Plaintiffs themselves acknowledge that the Fifth Circuit has "properly denied" motions *in limine* made "in anticipation of some hypothetical

5

circumstance that may not develop at trial." ECF No. 890 at 1. Indeed, the only unavailable witness on Plaintiffs' witness list that Defendants indicated is unavailable to testify live is Craig Collins. Defendants have made clear in conversations, on the Joint Trial Worksheet, and through submitting affirmative deposition designations, that Defendants will not be calling Mr. Collins live. Accordingly, this request is not relevant and should be denied.

## IV. Witnesses Must be Permitted to Testify to a Refreshed Recollection

Plaintiffs next ask the Court to bar all witnesses from testifying to a refreshed recollection. This request inappropriately and unfairly constrains witness trial testimony and must be denied.

The Federal Rules of Evidence contemplate situations in which a witness' recollection changes over the course of litigation. *See* FRE 612(a) (permitting the use of a writing to "refresh [the] memory [of a witness] while testifying; or before testifying"). Witnesses must be permitted to explain deposition testimony, which is merely a "commit[ment] to a position at a particular point in time." *See W.R.Grace & Co. v. Viskase Corp.*, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991) (denying motion *in limine* to preclude a witness from testifying contrary to the witness's deposition, and noting "[a]ll [deposition testimony] means is that the witness has committed to a position at a particular point in time. [...] Deposition testimony is simply evidence, nothing more. Evidence may be explained or contradicted"). Here, witnesses must be permitted to have their recollection refreshed at trial. Plaintiffs cannot pin witnesses for all time to an unrefreshed recollection.

*Exxonmobil Global Services Co. v. Bragg Crane Service*, 2023 WL 6274764 (S.D. Tex. Sept. 26, 2023), is not to the contrary. In *Exxonmobil*, the witnesses at issue did not know they had been designated as corporate representatives and "did absolutely nothing to prepare to testify as a corporate representative on the [designated] topics." *Id.* at *2. Here, several of the witnesses Plaintiffs rely on to support their argument testified in their *personal* capacity, not their corporate capacity. Witnesses testifying on behalf of an organization must be prepared by the organization prior to testifying. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 30 (2024) ("Because a Rule 30(b)(6) witness is testifying on behalf of the organization, the organization must prepare the person it designates to testify on all information known or reasonably available to the corporation."). Witnesses testifying in their personal capacity are limited to facts or information within their personal knowledge. *Garcia v. City of Amarillo, Texas*, 2019 WL 11250160, at *3 (N.D. Tex. Sept. 26, 2019) ("A Rule 30(b)(6) designee speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation. However, when the same deponent testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions." (quoting *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2013 WL 1722998, at *1 (S.D.W. Va. Apr. 22, 2013))).

If these witnesses' recollections have been (or could be) refreshed during trial testimony, there is no reason counsel for either party should not be permitted to probe these issues. Further, from a practical standpoint, Plaintiffs propose no strategy for how the parties and the Court are expected to police the line of what was definitively not recalled

7

at deposition such that the witness can determine what they can and cannot discuss at trial. Accordingly, Plaintiffs' request that all witnesses be prohibited from testifying to a refreshed recollection must be denied.

### V. Plaintiffs Should Not Be Permitted to Examine Any Witness Allegedly "Identified with" Defendants Using Leading Questions

Plaintiffs seek blanket permission to use leading questions with 15 fact witnesses that Plaintiffs characterize as "identified with" Defendants, as well as a catchall group of "any similarly situated fact witnesses called by any party." Pls.' MIL 7 at 6-9. Plaintiffs allege that since FRE 611 *permits* leading questions on witnesses "identified with an adverse party," this warrants a pre-trial blanket order allowing leading questions with over a dozen specified and unspecified witnesses. This argument fails for two reasons.

*First*, FRE 611(c) is discretionary, and permits leading questions only "*as necessary* to develop the witnesses." FRE 611(c) (emphasis added). "The rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable." *See* FRE 611(c), advisory committee notes (1972). It "does not give the calling party an absolute right to ask leading questions even when the witness is identified with an adverse party." *Robinson v. R.J. Reynolds Tobacco Co.*, 86 Fed. App'x 73, 76 (6th Cir. 2004) (quoting *Gates v. City of Memphis*, 2000 WL 377343, *2 (6th Cir. Apr. 6, 2000)).

*Second*, a blanket determination is inappropriate and premature. If needed, Plaintiffs can revisit this request at trial. At that time, the Court can make an individualized determination specific to the witness at issue. *See SEC v. World Info. Tech., Inc.*, 250

8

F.R.D. 149, 151 (S.D.N.Y. 2008) (reserving a decision on leading questions until trial, so that the Court may determine whether "the witness evidences hostility, bias, or recalcitrance during his testimony"); *see also U.S. v. Mills*, 2010 WL 353060, at*2 (D. Nev. Jan. 22, 2010) (declining "to make a blanket order that leading questions may be used on all… proposed witnesses… . [absent] any showing that…proposed witnesses are hostile" and where the proposed witnesses are employees of an agency affiliated with the prosecution and therefore "not so adverse as to warrant a blanket rule for leading questions"). Plaintiffs make no argument as to why this determination must be made before trial, and in one fell swoop. In fact, Plaintiffs do not cite to any case that grants discretion at the pre-trail stage to use leading questions on a group of unnamed witnesses at trial.

By denying Plaintiffs' request for a blanket order for all proposed witnesses at this time, the Court reserves the opportunity to make any such determination at trial on a witness-specific basis.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion *in limine*.

9

Dated: October 28, 2024

Respectfully submitted,

/s/ *J. Christian Word*
J. Christian Word
Attorney-in-Charge for Defendants
D.C. Bar No. 461346
S.D. Tex. Bar No. 3398485
Andrew S. Clubok
S.D. Tex. Bar No. 3891875
Matthew Peters (*pro hac vice*)
Laura E. Bladow (*pro hac vice*)
Brittany M.J. Record (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
Christian.Word@lw.com
Andrew.Clubok@lw.com
Matthew.Peters@lw.com
Laura.Bladow@lw.com
brittany.record@lw.com

Of Counsel:
Heather A. Waller
IL Bar No. 6302537
S.D. Tex. Bar No. 2886108
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Heather.Waller@lw.com

*Counsel for Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II; Riverstone Holdings LLC; Harlan H. Chappelle; Michael E. Ellis; William D. Gutermuth; James T. Hackett; Ronald J. Smith; Jeffrey H. Tepper; and Diana J. Walters*

Walter M. Berger
TX Bar No. 00798063
Attorney-in-Charge
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
cberger@winston.com

Of Counsel:
Katherine A. Preston
TX Bar No. 24088255
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002-2925
Tel.: (713) 615-2699
Fax: (713) 651-2700
kpreston@winston.com

John E. Schreiber (*pro hac vice*)
CA Bar No. 261558
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Fax: (213) 615-1750
JSchreiber@winston.com
*Co-Counsel for Harlan H. Chappelle, Michael E. Ellis*

11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *J. Christian Word*
J. Christian Word