# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., *et al.*<br><br>Defendants. | Judge George C. Hanks, Jr.<br><br>No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA MESA RESOURCES, INC., *et al.*,<br><br>Defendants. | No. 4:22-cv-2590 |

### BAYOU CITY'S OPPOSITION TO CLASS PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND MOTION FOR AN ORDER DEEMING CERTAIN ADMITTED FACTS ESTABLISHED

Bayou City Energy Management, LLC ("Bayou City") submits this Opposition to Class Plaintiffs' Request for Judicial Notice and Motion for an Order Deeming Certain Admitted Facts Established (the "Motion") at ECF No. 844.[1] Bayou City further joins in AMR and Riverstone's Opposition to Plaintiffs' Motion for Judicial Notice filed on October 28.

Plaintiffs' motion is troubling for a slew of reasons, not the least of which is Class Plaintiffs' desire for the Court to take judicial notice of disputed facts by using the admissions of HPS—a non-party and former defendant—against Bayou City. This is wholly improper. Judicial notice is further inappropriate because these facts are ***irrelevant to the claims at bar***. Plaintiffs also cherry-pick facts for judicial notice, namely facts relating to AMR's bankruptcy proceedings. The bankruptcy proceeding is not relevant to any claim asserted against Bayou City, nor is judicial notice of these facts in isolation appropriate without judicial notice of other relevant filings in the bankruptcy

---

[1] This Opposition Motion is subject to Bayou City's Motion to Dismiss for Lack of Standing (ECF No. 783) and Objection to Trial by Consent and Motion to Exclude (ECF No. 849). The sole claim against Bayou City scheduled for trial was not pleaded and is one that Plaintiffs lack standing to bring. The Court should grant those motions, in which case this motion in opposition is moot. Nothing in this motion operates as a consent or waiver of Bayou City's objection to Plaintiffs' lack of standing and their failure to plead the claim at issue.

court. This Court should see Plaintiffs' Motion for what it is: a final attempt to squeeze water from a stone.

iii

## I.   ISSUE TO BE RULED UPON

Whether the Court should take judicial notice of (1) disputed facts relating to the Joint Well Development Agreement that are irrelevant to the claims at bar and (2) certain facts in isolation relating to AMR's bankruptcy proceeding without taking judicial notice of more fair and fulsome facts relating to the bankruptcy proceedings.

## II.   FACTUAL BACKGROUND

To avoid duplicative briefing, Bayou City incorporates by reference the briefing on the factual background and procedural posture of this case in its pending motions. *See* Bayou City's Objection to Trial By Consent, ECF No. 849 and Motion to Exclude Joint Well Development Program, ECF No. 852.

## III.   LEGAL STANDARD

Under Federal Rule of Evidence 201, courts may take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b). "Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document . . . from which any number of distinct facts may be drawn is the object of the notice." *Mascitti v. Quarterman*, No. C-09-093, 2009 WL 4728003 at *1 (S.D. Tex. 2009) (quoting *Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985)).

Facts relating to the Joint Well Development Agreement and bankruptcy proceedings are inappropriate for judicial notice and Plaintiffs' motion should be denied.

1

## IV. ARGUMENT

### A. Plaintiffs cannot satisfy the standard required to take judicial notice of purported "facts" surrounding the Joint Well Development Program.

Plaintiffs ask the Court to take notice of purported "facts" regarding how the Joint Well Development Agreement supposedly worked. ECF 844 at 45, Facts 12-13. Plaintiffs cannot meet the standard for judicial notice or judicial admission.

#### 1. Judicial notice is improper because Plaintiffs cannot show the indisputable accuracy of the purported facts they seek to notice.

Bayou City disputes the purported "indisputable facts" about the Joint Well Development Program that Plaintiffs improperly request be judicially noticed. The Fifth Circuit standard is simple: a fact is not indisputable "where it was, in fact, disputed by the parties." *Doe v. McKesson*, 945 F.3d 818, 833 (5th Cir. 2019) (judgment vacated on separate grounds) (citing *Taylor*, 162 F.3d at 830). Bayou City does not agree to Plaintiffs' characterizations of the Joint Well Development Agreement, what it purportedly says, how it worked, or even the language used to describe the relationships between the parties. Bayou City denied the requested allegations on the basis that they are inconsistent with the Joint Well Development Agreement and the corresponding descriptions of the Development Agreement in the Proxy statement. *See* ECF No. 170 at 23.

Plaintiffs meet *none* of the requirements to establish judicial notice regarding any facts they seek to notice about the Joint Well Development Program. Plaintiffs do not cite anything to show the purported facts are generally known within the trial court's jurisdiction, nor could they given that the Joint Well Development Agreement is a non-

2

public document for which the details are not readily ascertainable by the public. Plaintiffs fail to provide a source "whose accuracy cannot reasonably be questioned" for the purported "ascertainable fact" relating to the Joint Well Development Program. Nor do Plaintiffs explain those facts are "not subject to reasonable dispute" because they can be "readily determined" from the source. *Mascitti*, 2009 WL 4728003 at *1 (quoting 21B Wright & Graham, FED. PRAC. & PROC. § 5107.1 (2d ed. 2005)).

Rather than pointing to admissions from Bayou City or another source "whose accuracy cannot reasonably be questioned," Plaintiffs point to **HPS's** and **Don Dimitrievich's** admissions regarding the Joint Well Development Agreement—not Bayou City's or McMullen's. *Compare* ECF No. 844 Ex. B *with* ECF No. 170 at 23 (Bayou City's refusal to admit these facts). Plaintiffs cannot demonstrate how the veracity of HPS's admissions—a non-party to the Joint Well Development Agreement and a former defendant in the case—cannot reasonably be questioned. Bayou City disputes that HPS or Dimitrievich can credibly admit facts about the Joint Well Development Agreement when they were not a party to that agreement. The basis for HPS's and Dimitrivech's admission is unclear.

Plaintiffs' efforts to use **HPS's** admissions against **Bayou City** is foreclosed by the very precedent cited by Plaintiffs. *See* ECF No. 844 at 3 ("The Fifth Circuit 'has long noted that factual statements in the pleadings constitute binding judicial admissions.'" (citing *W.G. Yates & Sons Constr. Co. v. Hoch Assocs., P.C.*, No. 3:15-CV-80-MPM-RP, 2018 WL 315401 at *1 (N.D. Miss. Jan. 5, 2018)). In *W.G. Yates & Sons*, the court held that "[f]actual assertions in pleadings are . . . judicial admissions *conclusively* **binding on**

3

*the party that made them*." 2018 WL 315401 at *1 (citing *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987)) (second emphasis added); *see also McCreary v. Richardson*, 738 F.3d 651, 659 (5th Cir. 2013) (holding that statements made in plaintiff's complaint were "potentially binding at trial" and at the very least constituted evidence against "*[the plaintiff] should he try to contradict his pleadings*") (emphasis added). Bayou City never made these admissions and Plaintiffs cannot bind Bayou City to admissions made by non-party HPS. This Court should likewise deny Plaintiffs' Motion for Judicial Notice regarding proposed statements 12 and 13.

### 2. Judicial notice is improper because the purported facts being noticed are irrelevant to the Section 20(a) claim against Bayou City.

The Fifth Circuit has further explained that a court's power to take judicial notice "may be circumscribed by other considerations." *Colonial Leasing Co.*, 762 F.2d at 461. As courts have long since recognized, judicial notice is merely an alternative means of proof that is subject to the same rules of evidence, including Rules 401 and 403. *See Ohio Bell Tel. Co. v. Pub. Util. Comm'n,* 301 U.S. 292, 301–02 (1937) ("[N]otice, even when taken, has no other effect than to relieve one of the parties to a controversy of the burden of resorting to the usual forms of evidence . . . . It does not mean that the opponent is prevented from disputing the matter by evidence if he believes it disputable.'" (citation omitted)). Simply put, "[a]n irrelevant fact could hardly be an 'adjudicative fact' within the meaning of Rule 201." 1B Wright & Graham, Fed. Prac. & Proc. § 5104 (2d ed. 2024); *see also Miller v. Stroman*, No. 1-19-CV-00475-ADA, 2020 WL 2494576 at *2 (W.D. Tex. May 14, 2020) (finding "no merit" to the argument that the court should take

4

judicial notice of a public record "regardless of whether the public record is relevant to the issue of the case").

Yet Plaintiffs seek judicial notice of irrelevant facts when they seek notice of facts relating to the Joint Well Development Agreement. ECF No. 844, Ex. B, Facts 12 and 13. As fully briefed in Bayou City's Motion to Exclude Joint Well Development Program, ECF No. 852, the Court already ruled at summary judgment that evidence of the Joint Well Development Program was irrelevant to Plaintiffs' control claims. ECF No. 778 at 50 ("Plaintiffs' evidence does not show that the [joint] well development agreement gave BCE, let alone McMullen, the power to control Alta Mesa's statements to investors or potential investors.").[2]

### B. Judicial notice of the Alta Mesa bankruptcy in isolation is improper because it paints an inaccurate and unfair picture.

Plaintiffs similarly seek judicial notice of the fact that bankruptcy proceedings occurred, without any of the details about what followed. ECF 844 at 10, Fact 5. Plaintiffs want the Court to take notice of the bankruptcy, but not the details of the bankruptcy, to prove wrongdoing by Bayou City and the other defendants. There is no other reason for Plaintiffs to mention the fact of bankruptcy, but none of the details.[3] By

---

[2] Not only are facts surrounding the Joint Well Development Agreement irrelevant, but as more fully explained in Bayou City's Motion to Exclude, ECF No. 852, the facts surrounding the Agreement are likely to confuse the jury. *See Wooden v. Miss. Pac. R.R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989) (holding that judicial notice of a fact was improper when it would confuse the jury).
[3] For Plaintiffs' damages, for example, the Court could allow evidence of the decrease in share price without any reference to the bankruptcy.

5

omitting any reference to what transpired in the bankruptcy proceedings, Plaintiffs' clear hope is the jury will react negatively to a "bankruptcy."

Taking judicial notice of the fact of the bankruptcy, but none of the details about the findings of the bankruptcy proceeding as to Bayou City, would allow Plaintiffs to mislead the jury. Plaintiffs do not want the jury to know, for example, that Judge Isgur commissioned an independent law firm to investigate Bayou City, and that independent law firm found zero evidence of wrongdoing by Bayou City.[4] Judge Isgur granted Bayou City a full release, making numerous findings that clear Bayou City of any wrongdoing, most notably that, based on the report, he "didn't see any claims that [he] thought had material value."[5]

Plaintiffs cannot use the word "bankruptcy" as a sword, and then shield the jury from hearing the evidence about what actually transpired in the bankruptcy. Plaintiffs object to Bayou City's ability to reference the findings from the bankruptcy, and under the "goose/gander" rule, cannot themselves be allowed to reference the bankruptcy. The Court should not take judicial notice solely of the fact that a bankruptcy occurred when

---

[4] ECF 849, Ex. C, Robbins Russell Report on the Investigation Into Alta Mesa Holdings, LP's 2018 Drilling Program.

[5] *See, e.g.*, *In re: Alta Mesa Resources, Inc. and Alta Mesa Holdings, LP*, Case No. 19-35133-H1-11 (S.D. Tex. Bankr.), Continued Sale Hearing Tr., Jan. 23, 2020 at 227:5–6 (holding that he "didn't see any claims that [he] thought had material value."); *id.* at 227:3–5 (holding there were "extreme reports done, extreme analysis done, and millions of dollars spent to conduct [an] independent analysis" of Bayou City); *id.* at 227: 19–22 ("[t]here is simply no evidence, literally none that the initiation of [the Joint Well Development Program] program was not done properly, that it was not done independently and that it was not done after thorough work."); *id.* at 228:8–10 ("There is **zero** evidence that there was bias in the decision-making process in which BCE participated to keep the program going . . . ." (emphasis added)).

doing so paints an incomplete and misleading picture. *See Mascitti*, 2009 WL 4728003 at *1 (holding that "care should be taken by the court" in taking judicial notice of facts particularly when "any number of distinct facts may be drawn").

Finally, the bankruptcy filing has no relevance to Plaintiffs' claims that Bayou City made or controlled pre-merger statements by Chappelle. As such, this evidence is irrelevant and prejudicial as to Bayou City, and cannot be the subject of judicial notice against Bayou City. *See Funk v. Stryker Corp.*, 7631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice where the facts were "***directly relevant to the issue at hand***") (emphasis added); *Stanfield v. Boston Scientific Corp.*, 166 F. Supp. 3d 873, 877 (5th Cir. 2011) (holding that judicial notice is proper when the fact was "directly relevant" to the issue in dispute).

### C. Conditional request for judicial notice of other facts related to the Joint Well Development Agreement and Bankruptcy.

If Plaintiffs are allowed to open the door by having the bankruptcy judicially noticed, then Bayou City should be allowed to have the related relevant proceedings judicially noticed too. *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (per curiam) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation **and related filings**." (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)) (emphasis added)). Namely, this Court should notice the facts listed in Ex. A, which provide a more complete and accurate picture of the Bankruptcy Court's holdings:

7

| 1 | In the Alta Mesa Resources, Inc. Bankruptcy, Judge Isgur commissioned an independent law firm to investigate possible wrongdoing by Bayou City. | *In re: Alta Mesa Resources, Inc. and Alta Mesa Holdings, LP*, Case No. 19-35133-H1-11 (S.D. Tex. Bankr.), Continued Sale Hearing Tr., Jan. 23, 2020 at 227:5–228:10. |
|---|---|---|
| 2 | The independent law firm commissioned by Judge Isgur to investigate possible wrongdoing by Bayou City provided the report to Judge Isgur reflected in Defendants Exhibit 147. | ECF 849, Ex. C, Robbins Russell Report on the Investigation Into Alta Mesa Holdings, LP's 2018 Drilling Program. |
| 3 | On the basis of the report provided to Judge Isgur in Defendants Exhibit 147, Judge Isgur granted Bayou City a full and final release, holding that "he didn't see any claims that [he] thought had material value." | *In re: Alta Mesa Resources, Inc. and Alta Mesa Holdings, LP*, Case No. 19-35133-H1-11 (S.D. Tex. Bankr.), Continued Sale Hearing Tr., Jan. 23, 2020 at 227:5–228:10. |

These facts would be judicially noticeable for the exact same reason that the fact of bankruptcy itself would be.

## V.     CONCLUSION

Bayou City respectfully requests that this Court deny Plaintiffs' Motion for Judicial Notice in accordance with the arguments set forth above and in AMR and Riverstone's Opposition to Plaintiffs' Motion for Judicial Notice filed on October 28. In the alternative, if the Court deems Plaintiffs' proposed statement number 5 as appropriate for judicial notice, Bayou City requests that this Court also take judicial notice of the

8

facts 1–3 in Exhibit A and grant Bayou City any other relief as this Court deems just and proper.

DATED: October 28, 2024

/s/ Kenneth A. Young
Kenneth A. Young (*Attorney-in-Charge*)
Texas Bar No. 25088699
S.D. Tex. ID 2506614
Nick Brown
Texas Bar No. 24092182
S.D. Tex. ID 2725667
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Emails: kenneth.young@kirkland.com
nick.brown@kirkland.com

*Counsel for Bayou City Energy Management, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on October 28, 2024.

/s/ Kenneth A. Young
Kenneth A. Young

9