UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.* <br><br> Defendants. | Judge George C. Hanks, Jr. <br><br> No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.*, <br><br> Defendants. | No. 4:22-cv-2590 |

1

**BAYOU CITY'S OPPOSITION TO
CLASS PLAINTIFFS' MOTION IN LIMINE NO. 1**

Bayou City Energy Management, LLC ("Bayou City") submits this Opposition to Class Plaintiffs' Motion in Limine Number 1, ECF No. 871.[1] Bayou City further joins in AMR and Riverstone's briefing in Opposition to Plaintiffs' Motion in Limine Number 1. ECF 900.

Plaintiffs seek to exclude all evidence and argument relating to Robbins Russell Englert Orseck Untereiner & Sauber LLP ("Robbins Russell," ECF 849, Ex. C) on the theory that Robbins Russell was purportedly "not identified in any Defendant's initial disclosures." It is easy to see why Plaintiffs desperately want to exclude this evidence: in the very same AMR bankruptcy that Plaintiffs intend to mention in their opening, Robbins Russell investigated whether Bayou City knew that the AMH drilling program was destined to fail and concluded that Bayou City did not. The report found that:

- There is no evidence that Bayou City "knew the drilling program was going to or was failing;[2]
- Operational decisions under the Joint Well Development Program, including "how many and where to drill wells were made by AMH executives, *i.e.*, Chappelle, Ellis, McCabe, Cole, Bourque and Turner" and that "[n]either

---

[1] This Opposition is subject to Bayou City's Motion to Dismiss for Lack of Standing (ECF No. 783) and Objection to Trial by Consent and Motion to Exclude (ECF No. 849). The sole claim against Bayou City scheduled for trial was not pleaded and is one that Plaintiffs lack standing to bring. The Court should grant those motions, in which case this motion in opposition is moot. Nothing in this motion operates as a consent or waiver of Bayou City's objection to Plaintiffs' lack of standing and their failure to plead the claim at issue.

[2] ECF 849, Ex. C at 26.

2

- Bourque nor Turner could recall input on this decision from McMullen or anyone else at BCE";[3] and
- Bayou City's actions regarding the Joint Well Development Program "provide[d] evidence that [Bayou City] believed that AMH's [Joint Well Development Program] would be successful." [4]

Plaintiffs' claim of unfair surprise is simply false. Plaintiffs have known of Bayou City's intentions to rely on third party reports since at least June 2021, when Bayou City filed its initial disclosures. Plaintiffs cannot now exclude such third-party evidence solely because it fails to satisfy Plaintiffs' (incorrect) narrative of the case. And given the extensive investigation that Robbins Russell conducted on the very same issue before the Court today, this Court should take judicial notice of its findings in accordance with Exhibit A to Bayou City's Response in Opposition to Plaintiffs' Motion for Judicial Notice, ECF No. 907.

## I. ISSUE TO BE RULED UPON

Whether the Court should exclude at trial evidence relating to the Robbins Russell Report where Plaintiffs had notice for over three years of Bayou City's intentions to rely on such reports.

## II. FACTUAL BACKGROUND

To avoid duplicative briefing, Bayou City incorporates by reference the briefing on the factual background and procedural posture of this case in its pending motions. *See* Bayou City's Objection to Trial By Consent, ECF No. 849 and Motion to Exclude Joint Well Development Program, ECF No. 852.

---

[3]  *Id.*
[4]  *Id.* at 27.

### III. LEGAL STANDARD

Riverstone's and ARM's briefing set forth the standard for Motions in Limine, which Bayou City incorporates by reference for the sake of brevity.

In accordance with Rule 26, a party must provide a description by category of all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." FED. R. CIV. PRO. 26(a)(1)(A)(ii). Failure to produce such information may not preclude a party from using that information as evidence if the failure to disclose was "harmless." FED. R. CIV. PRO. 37(c)(1). A court, using its "wide discretion," may nonetheless allow the evidence to be used at trial. *Austin v. Sontheimer Offshore/Catering Co.*, No. 23-1602, 2024 WL 217498 at *3 (E.D. La. Jan. 19, 2024); *see also Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). The Rule's "basic purpose [is] of preventing prejudice and surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

Plaintiffs here cannot claim prejudice nor surprise. Bayou City captured the Robbins Russell Report within the categories of documents identified in its initial disclosures. And to the extent that this Court disagrees, any failure to disclose was harmless given the parties' extensive reference and discussion of the Report.

### IV. ARGUMENT

Plaintiffs intend to use the AMR bankruptcy as a sword, and thus cannot shield the Robbins Russell Report from that same bankruptcy. As an initial matter, Bayou City does not intend to offer the Robbins Russell Report as evidence of good faith reliance, as Plaintiffs suggest. Mot. at 2 ("Defendants are precluded from introducing evidence or

4

argument at trial regarding any good faith reliance on third parties . . . ."). Bayou City obviously could not have relied on the Robbins Russell Report, commissioned in the bankruptcy, when Bayou City allegedly controlled Chappelle's *August 2017* pre-deSPAC statements.

Instead, with Plaintiffs opening the door to the AMR bankruptcy, the Robbins Russell Report is relevant to, among other things: (1) give the jury a complete picture of what happened in the bankruptcy rather than the distorted view presented by Plaintiffs, (2) rebut Plaintiffs' arguments surrounding the Joint Drilling Program, (3) rebut Plaintiffs' arguments that Bayou City somehow acted in bad faith by buying the assets out of bankruptcy, and (4) support Bayou City's good faith defense by demonstrating the absence of an intent to defraud investors. *See G.A. Thompson & Co., Inc. v. Partridge*, 636 F.2d 945, 958-59 (5th Cir. 1981).

> A. **Bayou City properly disclosed the Robbins Russell Report in its initial disclosures.**

Bayou City provided categories of documents that it intended to rely upon in its initial disclosures—categories that encapsulated the Robbins Russell Report. Under Rule 26, a party must provide a "description by category and location" of documents in its possession, custody, or control that it may use to support its claims. FED. R. CIV. P. 26(a)(l)(A)(ii). In its initial disclosures, served on June 15, 2021, Bayou City identified as relevant "[p]ublic documents, including media articles and public filings by Bayou City Energy Management, LLC, and Alta Mesa Resources Inc. and/or related entities."[5] Bayou

---

[5] Ex. 1, Bayou City Initial Disclosures (emphasis added).

City also notified Plaintiffs of its intent to rely on "publicly available documents, documents produced by Plaintiffs, *or third parties*,"[6] such as the Robbins Russell Report. Plaintiffs did not move to compel Bayou City to disclose further information.

Robbins Russell was an independent law firm hired by AMH's trustee and approved by Judge Isgur in the public bankruptcy proceedings. This third-party investigated Bayou City's knowledge and actions in connection with the Joint Well Development Agreement. And the Robbins Russell Report—which compiled the law firm's findings—was provided to the bankruptcy court in connection with the sale hearing. *See, e.g., In re: Alta Mesa Resources, Inc. and Alta Mesa Holdings, LP*, Case No. 19-35133-H1-11 (S.D. Tex. Bankr.), Continued Sale Hearing Tr., Jan. 23, 2020 at 29:17–30:11. The Robbins Russell Report relates to public filings of related AMR entities and third-party documents and falls within the categories that Bayou City disclosed in 2021.

What's more, Bayou City provided notice of its intent to rely on "[d]ocuments referenced and relied upon in the Second Corrected Amended Class Action Complaint."[7] And Plaintiffs expressly identify the bankruptcy documents—*including the transcripts and exhibits*—in their Amended Complaint.[8] The allegations in the Complaint are based on the "investigation conducted by and through Plaintiffs' attorneys, which included, among other things a review of . . . the publicly filed documents, *transcripts and exhibits from the bankruptcy proceedings* captioned *In re: Alta Mesa Resources, Inc. and Alta*

---

6  *Id.*
7  *Id.*
8  TAC, ECF No. 218 at 1–2; *see also* Second Amended Compl. ECF No. 69 at 1.

*Mesa Holdings, LP*, Case No. 19-35133-H1-11 (S.D. Tex. Bankr.) (the 'Chapter 11 Cases')."[9] The Robbins Russell Report was an exhibit in the bankruptcy and thus within the materials for which **Plaintiffs** expressly relied upon and for which Bayou City appropriately disclosed.

### B. Independently, Plaintiffs cannot demonstrate harm given the parties' extensive discussion of such Report.

Even accepting Plaintiffs' false premise that the Robbins Russell Report was not disclosed, Plaintiffs cannot demonstrate harm in allowing the evidence to be admitted, especially because it is Plaintiffs who are opening the door to the AMR bankruptcy. In determining whether a failure to disclose is harmless, the Fifth Circuit considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M*, 338 F.3d at 402.

Plaintiffs' knowledge of the Robbins Russell Report (and likewise lack of prejudice) defeats any argument of surprise or harm. Not only do Plaintiffs explicitly reference in their complaint having reviewed AMR's bankruptcy proceedings—including its documents, transcripts, and exhibits (and thus, the Robbins Russell Report)—but throughout this five-year case, the parties have discussed at length the bankruptcy proceedings ***and the Robbins Russell Report specifically.***

---

[9] TAC, ECF No. 218 at 1–2 (emphasis added).

Beginning in at least June of 2022, all parties—including Class Plaintiffs—received documents in connection with the bankruptcy, provided by the bankruptcy trustee.[10] As part of this production, Plaintiffs received a copy of the Robins Russell Report. Also in the course of discovery, Plaintiffs' counsel deposed dozens of individuals, including Robert Albergotti. Albergotti was the trustee in the bankruptcy proceeding and was the 30(b)(6) corporate representative for AMR. In Albergotti's June 2023 deposition, Albergotti discussed the materials he reviewed in preparation for his testimony and identified one such document as the Robbins Russell Report.[11] In Albergotti's deposition, the following exchange also took place, with Plaintiffs' counsel directly asking about the Robbins Russell Report:

> Q. Are you aware of whether AMR has asserted or is asserting in this litigation that it was reasonable to assume that Alta Mesa's STACK acreage could support 12 to 14 wells per section?
>
> A: "I think the way I would answer that is that in the work that we've done as part of the bankruptcy, when ***we relied on an outside law firm, Robbins Russell, to perform an investigation around what transpired with related parties and various other transactions that took place specifically around the 2018 drilling program***, which I think formed the basis for this December 2017 presentation, at the time that it was put together I think the company felt that it was the most logical or possible well development program it could come up with. So I think that what we uncovered through our investigation as part of the Chapter 11, we didn't find anything that would lead us to believe that at the time that the presentation was put together, that there was anything that wouldn't support that.
>
> Q. And that's based on, as I understand it, ***on the findings in the Robbins Russell report***?

---

[10] Ex. 2, June 16, 2020 email from Plaintiffs' counsel, A. Sher.
[11] Albergotti Dep. Tr. at 17:22–18:4 (having reviewed "a number of reports that were done during the Chapter 11, namely that supported the sale and releases that were issued, namely the Robbins Russell report that was commissioned by the independent manager at Alta Mesa Holdings").

    A. Correct.

    Q. *Who retained Robbins Russell to draft that report*?

    A. So it was AMH GP's independent manager, Patrick Bartels. [12]

The Robbins Russell Report was also discussed at several points throughout discovery. In May 2023, the parties filed a joint discovery dispute letter in which counsel for Hal Chappelle stated that Plaintiffs "have the benefit of the fully developed factual record in the bankruptcy action," including "an independent investigation report from **Robbins Russell**." ECF No. 326 (emphasis added). And in response to Defendants' First Set of Requests for Admission, filed in August 2023, Plaintiffs admitted that "with respect to defendants BCE and McMullen" "Robbins Russell concluded that AMH's or AMR's potential claims for breach of fiduciary duty against the AMR Board of Directors, based on the AMR Board of Directors' adoption of the 2018 drilling plan, were meritless."[13]

Several motions also make mention of the Robins Russell Report—with **one of Plaintiffs' own briefs referring explicitly to the Robbins Russell Report**.[14] In December 2023, certain Board Defendants filed their Motion for Summary Judgment relating to allegations outside of the 10-K.[15] In the section of undisputed facts, Defendants explained that in connection with the bankruptcy, Robbins Russell had been hired to "investigate possible claims AMH may have against AMR directors."[16] Defendants then recounted the

---

[12] *Id.* at 115:8–116:11 (emphasis added).
[13] Ex. 3 Plaintiffs' Responses & Objections to Defendants First Set of Requests for Admission.
[14] ECF No. 572, Plaintiffs' Opposition to Motion for Summary Judgment by Defendants Alta Mesa Resources, Chappelle, Ellis, and Smith.
[15] ECF No. 526, AMR Directors' Motion for Summary Judgment.
[16] ECF No. 526.

9

findings of the Robbins Russell Report: "[t]here is no evidence that the information provided to the board by management suggested that continued drilling in the later half of 2018 would be a failure or wasteful."[17] In opposition, the Plaintiffs themselves discussed the Robbins Russell Report, arguing that the defendants "[g]rossly [m]isstate the [r]ecord and [r]ely on [u]nreliable and [i]nadmissible [o]pinions of Robbins Russell and KPMG."[18] This argument shows Plaintiffs have long known Defendants intended to rely on this Report.

The Fifth Circuit has held that a failure to disclose certain invoice documents was "negligible" because the "witness in support of whose testimony the invoices were offered had been designated properly as a witness before trial." *Texas A&M Rsch. Found.*, 338 F.3d at 402. The court further held that any prejudice was "cured" when the adverse party had "approximately one month" to "examine and respond to the contested evidence." *Id.* Here, Albergotti was a witness and Plaintiffs had the opportunity to cross-examine him. Further, Plaintiffs had far more than one month to examine and respond to the Robbins Russell Report—they had years.

---

[17] *Id.*
[18] ECF No. 572 at 13.

### C. This Court should take judicial notice of the Robbins Russell facts.

Not only should the Court deny Plaintiffs' Motion in Limine to exclude the Robbins Russell Report, but this Court should take judicial notice of the contents of the Report. Namely, this Court should notice the facts listed in ECF 907 at Ex. A which provide a complete and accurate picture of the Bankruptcy Court's holdings and the Robbins Russell Report findings. These facts would be judicially noticeable for the exact same reason that the fact of bankruptcy itself would be.

And even if this court disagrees, Bayou City urges this Court to deny Plaintiffs' Motion in Limine because third-party reports such as the Robbins Russell Report will be relevant if and when Plaintiffs mention the AMR bankruptcy proceedings in their opening, including that Bayou City bought the assets out of the bankruptcy. If Plaintiffs intend to show that Bayou City purchased the assets in the bankruptcy as evidence of some nefarious behavior, Bayou City should be able to rebut those contentions by offering the Robbins Russell Report and other bankruptcy documents which show that Judge Isgur found no claims exist against Bayou City.

### V. CONCLUSION

Bayou City respectfully requests that this Court deny Plaintiffs' Motion in Limine No. 1 to exclude third party reports for the arguments set forth above and in ECF No. 900. Additionally, Bayou City requests that this Court also take judicial notice of the facts in Exhibit A to ECF No. 907 and grant Bayou City any other relief as this Court deems just and proper.

| | |
|---|---|
| DATED: October 28, 2024 | */s/ Kenneth A. Young* <br> Kenneth A. Young (*Attorney-in-Charge*) <br> Texas Bar No. 25088699 <br> S.D. Tex. ID 2506614 <br> Nick Brown <br> Texas Bar No. 24092182 <br> S.D. Tex. ID 2725667 <br> **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> 609 Main Street <br> Houston, Texas 77002 <br> Phone: (713) 836-3600 <br> Fax: (713) 836-3601 <br> Emails: kenneth.young@kirkland.com <br> nick.brown@kirkland.com <br><br> *Counsel for Bayou City Energy Management, LLC* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on October 28, 2024.

*/s/ Kenneth A. Young*
Kenneth A. Young