# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| In re ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | § § § § § § | Civil Action No. 4:19-cv-00957 |
| | | <u>CLASS ACTION</u> |
| | | Judge George C. Hanks, Jr. |

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the applicable Local Rules of the United States District Court for the Southern District of Texas (the "Local Rules"), Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund) (together, the "Plaintiffs"), by their undersigned attorneys, hereby submit their responses (each, individually, a "Response" and, collectively, the "Responses") to Defendants' First Set of Requests for Admissions to Lead Plaintiffs, dated July 31, 2023 (each, individually, a "Request" and, collectively, the "Requests") propounded by Defendants Alta Mesa Resources, Inc., f/k/a Silver Run Acquisition Corporation II, Riverstone Holdings LLC, ARM Energy Holdings LLC, Bayou City Energy Management, LLC, HPS Investment Partners, LLC, Donald Dimitrievich, Harlan H. Chappelle, Stephen Coats, Michael E. Ellis, William Gutermuth, James Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey Tepper, Thomas Walker, and Diana Walters (collectively, the "Propounding Defendants").

## I.      OBJECTIONS TO DEFINITIONS

1.      Plaintiffs specifically object to the definition of "AMH's Unaudited Projections" as factually incorrect.  The unaudited financial projections for "Alta Mesa" at page 173 of the January 18, 2018 Proxy are not the projections of Alta Mesa Holdings, LP, but rather reflect estimated business operations limited to the STACK oil and gas play in Kingfisher County, Oklahoma. Further, the unaudited financial projections for "Alta Mesa" reflect the estimated business operational results of the merged entity, Alta Mesa Resources, Inc., presuming voters approved the merger on February 8, 2018.

2.      Plaintiffs specifically object to the definition of "Business Combination" because it is not clear which reference to "Business Combination Proposal" in the January 19, 2018 Proxy is being relied upon by Defendants.  For purposes of responding to these Requests, Plaintiffs will

assume Defendants were/are referencing the section entitled "Proposal No. 1 – The Business Combination Proposal."

3.      Plaintiffs specifically object to the definition of "Document" to the extent it is inconsistent with Federal Rule 34(a).   Plaintiffs further object to this definition as unduly burdensome to the extent that it would require Plaintiffs to search for and assess information in any such source identified in the definition during the process of responding to these Requests. Plaintiffs further object to this definition to the extent that they purport to encompass information that is protected by the attorney-client privilege, the work product doctrine, and/or any other lawfully recognized privilege, protection, or immunity from disclosure.

4.      Plaintiffs specifically object to the definition of "Dogleg Severity" on the basis that it is factually incorrect, vague, and ambiguous.   Dogleg severity (or "DLS") is not limited to the change in a well's inclination over a 100-foot interval of the wellbore.   Defendants measured DLS in this case over the entire length of the well bore.  For purposes of responding to these Requests, Plaintiffs will presume that DLS is expressed in terms of the change in any given well's inclination or declination over any given 100-foot interval, or contiguous combination thereof, of the well bore.

5.      Plaintiffs specifically object to the definition of "Plaintiff," "You," "Lead Plaintiffs," and "Your" on the bases that they are overly broad and unduly burdensome, and to the extent that they purport to encompass information that is protected by the attorney-client privilege, the work product doctrine, and/or any other lawfully recognized privilege, protection, or immunity from disclosure, and/or to the extent that they purport to impose any obligations greater than those set from in the Federal Rules.

6.      Plaintiffs specifically object to the definition of "Recovery Factor" as factually incorrect.  For purposes of responding to these requests, Plaintiffs will presume that "Recovery Factor" means the estimated amount of oil (or other relevant fluid or gas) to be extracted from a specific reservoir over the course of a given time range.

## II.      OBJECTIONS TO INSTRUCTIONS

Plaintiffs object to the Instructions to the extent that they purport to impose any obligations upon Plaintiffs that are not imposed by law or are otherwise broader than or inconsistent with Federal Rules 26 and 36, the applicable Local Rules, the Individual Rules of the Court, its standing Orders, and/or any Orders of the Court in this Action.

## III.     GENERAL OBJECTIONS

1.      Plaintiffs object to each Request to the extent that it purports to require the disclosure of information and/or communications protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or immunity from disclosure, regardless of whether such privilege or immunity from disclosure is specifically identified in the Response(s) to which it applies.  Any inadvertent disclosure of privileged or otherwise protected information shall not be deemed to be a waiver by Plaintiffs of any applicable privilege or immunity from disclosure.

2.      Plaintiffs object to each Request to the extent it calls for information that is not relevant to either party's claim or defense and/or to the extent it seeks information that is not proportional to the needs of the case, in light of the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues in the case and the burden or expense of obtaining the information

3.      Plaintiffs do not admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the Requests.  In responding to the Requests, Plaintiffs will admit or deny (if possible) only the facts stated in the Requests, as clarified by Plaintiffs' Responses (where applicable).

4.      By responding to the Requests, Plaintiffs do not concede, or waive any rights to subsequently object to, the relevance, materiality or admissibility as evidence of any of the information sought.

5.      By making a specific objection to an Request, Plaintiffs do not imply that the specific objection is not applicable in response to any other Request, or that the General Objections are not applicable to the Request.

6.      In providing information in response to the Requests, Plaintiffs do not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

(a)      all objections as to competency, proportionality, relevancy, materiality, authenticity and admissibility of any Request, the Responses, and their subject matter;

(b)      all objections as to vagueness, ambiguity, or other infirmity in the form of the discovery requests, and any objections based on the undue burden imposed by the Requests;

(c)      all rights to object on any ground to the use of any of the information produced in response to the Requests or their subject matter in any subsequent proceedings, including at summary judgment or trial in this or any other action;

(d)      all rights to object on any ground to any further Requests or other discovery involving or related to the subject matter of any Request;

(e)      rights to amend, modify, supplement, or clarify any of the responses or objections set forth herein at a later time; and

(f)      any and all privileges and rights under the applicable sections of the Federal Rules, the Local Rules, or other statutes, guidelines, or common law.

No incidental or implied admissions are intended in these Responses, and Plaintiffs' response to all or any part of a Request also is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of its objections to that Request.

## IV.      SPECIFIC RESPONSES AND OBJECTIONS

REQUEST FOR ADMISSION NO. 1:

Admit that Riverstone Holdings LLC did not receive founders' shares in Silver Run II.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "receive" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 1.

REQUEST FOR ADMISSION NO. 2:

Admit that Riverstone Holdings LLC did not at any time own founders' shares in Silver Run II.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "own" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 2.

REQUEST FOR ADMISSION NO. 3:

Admit that Silver Run Sponsor II, LLC held founders' shares in Silver Run II.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "held" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 3.

REQUEST FOR ADMISSION NO. 4:

Admit that investors in Fund VI paid management fees on the entirety of the committed capital in Fund VI.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on the entirety" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 4.

REQUEST FOR ADMISSION NO. 5:

Admit that investors in Fund VI paid management fees on Fund VI's committed capital regardless of whether the committed capital was ultimately used.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "used" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 5.

REQUEST FOR ADMISSION NO. 6:

Admit that the investment manager for Fund VI would have received the same management fee that it received from Fund VI even had Fund VI not invested in Alta Mesa.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "management fee" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 6.

REQUEST FOR ADMISSION NO. 7:

Admit that AMH did not tell Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 7.

REQUEST FOR ADMISSION NO. 8:

Admit that You have no evidence that AMH told Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 8.

REQUEST FOR ADMISSION NO. 9:

Admit that Bayou City did not tell Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 9.

REQUEST FOR ADMISSION NO. 10:

Admit that You have no evidence that Bayou City told Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

- 7 -

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 10.

REQUEST FOR ADMISSION NO. 11:

Admit that HPS did not tell Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 11.

REQUEST FOR ADMISSION NO. 12:

Admit that You have no evidence that HPS told Riverstone Holdings LLC prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 12.

REQUEST FOR ADMISSION NO. 13:

Admit that AMH did not tell any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

- 8 -

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 13.

REQUEST FOR ADMISSION NO. 14:

Admit that You have no evidence that AMH told any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 14.

REQUEST FOR ADMISSION NO. 15:

Admit that Bayou City did not tell any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 15.

REQUEST FOR ADMISSION NO. 16:

Admit that You have no evidence that Bayou City told any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 16.

REQUEST FOR ADMISSION NO. 17:

Admit that HPS did not tell any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 17.

REQUEST FOR ADMISSION NO. 18:

Admit that You have no evidence that HPS told any Riverstone Affiliates prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 18.

REQUEST FOR ADMISSION NO. 19:

Admit that AMH did not tell Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

- 10 -

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 19.

REQUEST FOR ADMISSION NO. 20:

Admit that You have no evidence that AMH told Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 20.

REQUEST FOR ADMISSION NO. 21:

Admit that Bayou City did not tell Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 21.

REQUEST FOR ADMISSION NO. 22:

Admit that You have no evidence that Bayou City told Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

- 11 -

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 22.

REQUEST FOR ADMISSION NO. 23:

Admit that HPS did not tell Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 23.

REQUEST FOR ADMISSION NO. 24:

Admit that You have no evidence that HPS told Silver Run II prior to the Business Combination that AMH would not meet AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "told" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 24.

REQUEST FOR ADMISSION NO. 25:

Admit that AMH did not identify to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

- 12 -

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 25.

REQUEST FOR ADMISSION NO. 26:

Admit that You have no evidence that AMH identified to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 26.

REQUEST FOR ADMISSION NO. 27:

Admit that Bayou City did not identify to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 27.

REQUEST FOR ADMISSION NO. 28:

Admit that You have no evidence that Bayou City identified to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 28.

REQUEST FOR ADMISSION NO. 29:

Admit that HPS did not identify to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 29.

REQUEST FOR ADMISSION NO. 30:

Admit that You have no evidence that HPS identified to Riverstone Holdings LLC prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 30.

REQUEST FOR ADMISSION NO. 31:

Admit that AMH did not identify to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

- 14 -

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 31.

REQUEST FOR ADMISSION NO. 32:

Admit that You have no evidence that AMH identified to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 32.

REQUEST FOR ADMISSION NO. 33:

Admit that Bayou City did not identify to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 33:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 33.

REQUEST FOR ADMISSION NO. 34:

Admit that You have no evidence that Bayou City identified to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

- 15 -

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 34.

REQUEST FOR ADMISSION NO. 35:

Admit that HPS did not identify to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 35.

REQUEST FOR ADMISSION NO. 36:

Admit that You have no evidence that HPS identified to any Riverstone Affiliates prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 36.

REQUEST FOR ADMISSION NO. 37:

Admit that AMH did not Identify to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 37.

REQUEST FOR ADMISSION NO. 38:

Admit that You have no evidence that AMH Identified to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 38.

REQUEST FOR ADMISSION NO. 39:

Admit that Bayou City did not Identify to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 39.

REQUEST FOR ADMISSION NO. 40:

Admit that You have no evidence that Bayou City Identified to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 40.

REQUEST FOR ADMISSION NO. 41:

Admit that HPS did not Identify to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 41:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identify" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 41.

REQUEST FOR ADMISSION NO. 42:

Admit that You have no evidence that HPS Identified to Silver Run II prior to the Business Combination a single projection in the Proxy that AMH would not meet.

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "identified" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 42.

REQUEST FOR ADMISSION NO. 43:

Admit that You knew or could have known as of March 29, 2018, that AMR would not meet Kingfisher's and AMH's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it mischaracterizes certain projections as those of AMH's.  The projections provided in connection with the potential SPAC transaction were not for AMH, but rather only for Alta Mesa's operations within Kingfisher County, Oklahoma, presuming shareholders voted to approve the merger on February 8, 2018.  Plaintiffs further object to this Request as inconsistent with Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request to the extent that it erroneously implies Plaintiffs knew or could have known that Alta Mesa would not, or did not, meet its unaudited financial projection for 2017 due to commodity production complications at Alta Mesa during 2017, or due to unsubstantiated assumptions underlying its projections.  To wit, AMH explained in its March 29, 2018 press release that "[t]he change in adjusted EBITDAX between the annual periods is, in part, a result of lower average realized commodity prices," and 2017 EBITDAX from AMH's continuing operations (that is, less Weeks Island results) was reported as $138.7 million versus the 2017 unaudited financial projection of $145 million.  Plaintiffs further object to this Request to the extent that it erroneously implies Alta Mesa reported the results of KFM's operations for 2017 to the public, when AMH's 2017 Form 10-K reported nothing more than a two-em dash for the consolidated revenue and earnings of Alta Mesa and KFM.

Subject to the foregoing objections, Plaintiffs deny Request No. 43.

REQUEST FOR ADMISSION NO. 44:

Admit that You knew or could have known as of March 29, 2018 that AMR no longer believed it would meet Kingfisher's and AMH's Unaudited Financial Projections for 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it mischaracterizes certain projections as those of AMH's.  The projections provided in connection with the potential SPAC transaction were not for AMH, but rather only for Alta Mesa's operations within Kingfisher County, Oklahoma, presuming shareholders voted to approve the merger on February 8, 2018.  Plaintiffs further object to this Request as inconsistent with Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request to the extent that it erroneously asserts that Alta Mesa reported to the investing public that it had reduced its 2018 unaudited financial projection of $358 million downward, when it never did so.  Indeed, Alta Mesa reported a downward revision to KFM's 2018 EBITDA from $185 million to a range of $95 to $110 million, but did not reference any such downward revision to the upstream EBITDAX projection of $358 million.

Subject to the foregoing objections, Plaintiffs admit Request No. 44 to the extent that Alta Mesa issued a press release on March 29, 2018 in which it reduced its 2018 EBITDA projection for KFM.  Plaintiffs deny the remainder of Request No. 44.

REQUEST FOR ADMISSION NO. 45:

Admit that Kingfisher did not tell Riverstone Holdings LLC prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 45.

REQUEST FOR ADMISSION NO. 46:

Admit that Kingfisher did not tell any Riverstone Affiliates prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 46.

REQUEST FOR ADMISSION NO. 47:

Admit that Kingfisher did not tell Silver Run II prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 47.

REQUEST FOR ADMISSION NO. 48:

Admit that ARM did not tell Riverstone Holdings LLC prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

- 21 -

Subject to the foregoing objections, Plaintiffs deny Request No. 48.

REQUEST FOR ADMISSION NO. 49:

Admit that ARM did not tell any Riverstone Affiliates prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 49:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 49.

REQUEST FOR ADMISSION NO. 50:

Admit that ARM did not tell Silver Run II prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 50.

REQUEST FOR ADMISSION NO. 51:

Admit that HPS did not tell Riverstone Holdings LLC prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 51:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

- 22 -

Subject to the foregoing objections, Plaintiffs deny Request No. 51.

REQUEST FOR ADMISSION NO. 52:

Admit that HPS did not tell any Riverstone Affiliates prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 52:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 52.

REQUEST FOR ADMISSION NO. 53:

Admit that HPS did not tell Silver Run II prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 53:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 53.

REQUEST FOR ADMISSION NO. 54:

Admit that Bayou City did not tell Riverstone Holdings LLC prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 54:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 54.

REQUEST FOR ADMISSION NO. 55:

Admit that Bayou City did not tell any Riverstone Affiliates prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 55:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 55.

REQUEST FOR ADMISSION NO. 56:

Admit that Bayou City did not tell Silver Run II prior to the Business Combination that Kingfisher would not meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 56:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "tell" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 56.

REQUEST FOR ADMISSION NO. 57:

Admit that Kingfisher provided its financial results for the fourth quarter of 2017 to AMR on March 1, 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 57:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "provided" is undefined, vague, ambiguous, and subject to multiple interpretations.

- 24 -

Subject to the foregoing objections, Plaintiffs admit Request No. 57.

REQUEST FOR ADMISSION NO. 58:

Admit that on October 4, 2017, Kevin Wang asked Kingfisher whether it was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 58:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 58.

REQUEST FOR ADMISSION NO. 59:

Admit that on October 27, 2017, Olivia Wassenaar asked Kingfisher whether it was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 59:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs deny Request No. 59.

REQUEST FOR ADMISSION NO. 60:

Admit that on January 5, 2018, Kevin Wang asked Kingfisher whether it was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 60:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 60 to the extent that Mr. Wang asked KFM for its balances on cash and the draw-down revolver.  Plaintiffs otherwise deny the remainder of Request 60.

REQUEST FOR ADMISSION NO. 61:

Admit that on October 4, 2017, Michael Christopher communicated to Kevin Wang that Kingfisher was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 61:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 61.

REQUEST FOR ADMISSION NO. 62:

Admit that on October 27, 2017, Michael Christopher communicated to Olivia Wassenaar that Kingfisher was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 62:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 62.

REQUEST FOR ADMISSION NO. 63:

Admit that on January 5, Michael Christopher communicated to Kevin Wang that Kingfisher was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 63:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.  Plaintiffs further object that the Request is ambiguous because it does not state what year defendant Christopher purportedly communicated such information to Mr. Wang.

Subject to the foregoing objections, Plaintiffs deny Request No. 63.

REQUEST FOR ADMISSION NO. 64:

Admit that on November 13, 2017, Kingfisher communicated to representatives of Riverstone and SRII that Kingfisher was on track to meet Kingfisher's Unaudited Financial Projections for 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 64:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "on track" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 64.

REQUEST FOR ADMISSION NO. 65:

Admit that Kingfisher, in its pre-Business Combination "Project Rugby" materials, projected higher volumes of AMH-produced hydrocarbons would flow through Kingfisher's system than did AMH in its Roadshow materials.

RESPONSE TO REQUEST FOR ADMISSION NO. 65:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 65.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 66:

Admit that Citigroup's Roadshow model for Kingfisher used AMH's projections for AMH volumes flowing through Kingfisher's system, not Kingfisher's projected volumes from the "Project Rugby" materials.

RESPONSE TO REQUEST FOR ADMISSION NO. 66:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "Project Rugby" is undefined, vague, ambiguous, and subject to multiple interpretations concerning what production assumptions were being applied during 2017, and to the extent that those assumptions changed during 2017 as the AMR/KFM merger was being analyzed in the context of a potential SPAC transaction.

Subject to the foregoing objections, Plaintiffs admit Request No. 66.

REQUEST FOR ADMISSION NO. 67:

Admit that Citigroup's Roadshow model for Kingfisher used Kingfisher's "Project Rugby" projections for non-AMH volumes flowing through Kingfisher's system.

RESPONSE TO REQUEST FOR ADMISSION NO. 67:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "Project Rugby" is undefined, vague, ambiguous, and subject to multiple interpretations concerning what production assumptions were being applied during 2017, and to the extent that those assumptions changed during 2017 as the AMR/KFM merger was being analyzed in the context of a potential SPAC transaction.

Subject to the foregoing objections, Plaintiffs admit Request No. 67.

REQUEST FOR ADMISSION NO. 68:

Admit that Harlan H. Chappelle did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 68:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 68.

REQUEST FOR ADMISSION NO. 69:

Admit that James T. Hackett did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 69:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 69.

REQUEST FOR ADMISSION NO. 70:

Admit that Thomas J. Walker did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 70:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 70.

REQUEST FOR ADMISSION NO. 71:

Admit that William D. Gutermuth did not sell AMR stock at any time while he was on the Board of AMR.

RESPONSE TO REQUEST FOR ADMISSION NO. 71:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 71.

REQUEST FOR ADMISSION NO. 72:

Admit that William D. Gutermuth did not sell AMR stock at any time in 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 72:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 72.

REQUEST FOR ADMISSION NO. 73:

Admit that Jeffrey H. Tepper did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 73:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 73.

REQUEST FOR ADMISSION NO. 74:

Admit that Diana J. Walters did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 74:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 74.

REQUEST FOR ADMISSION NO. 75:

Admit that Stephen Coats did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 75:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 75.

REQUEST FOR ADMISSION NO. 76:

Admit that Michael E. Ellis did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 76:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 76.

REQUEST FOR ADMISSION NO. 77:

Admit that Pierre F. Lapeyre, Jr. did not sell AMR stock at any time during the Class Period.

4876-8796-0184.v1

RESPONSE TO REQUEST FOR ADMISSION NO. 77:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 77.

REQUEST FOR ADMISSION NO. 78:

Admit that David M. Leuschen did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 78:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 78.

REQUEST FOR ADMISSION NO. 79:

Admit that Donald Sinclair did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 79:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 79.

REQUEST FOR ADMISSION NO. 80:

Admit that Riverstone Holdings LLC did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 80:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 80.

REQUEST FOR ADMISSION NO. 81:

Admit that the Riverstone Affiliates did not sell AMR stock at any time during the Class Period.

- 31 -

RESPONSE TO REQUEST FOR ADMISSION NO. 81:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 81.

REQUEST FOR ADMISSION NO. 82:

Admit that ARM did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 82:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 82.

REQUEST FOR ADMISSION NO. 83:

Admit that BCE did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 83:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 83.

REQUEST FOR ADMISSION NO. 84:

Admit that HPS did not sell AMR stock at any time during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 84:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 84.

REQUEST FOR ADMISSION NO. 85:

Admit that in connection with the Business Combination, the Riverstone Contributor agreed to make a $200 million capital contribution to AMH in exchange for limited partner interests in AMH.

- 32 -

RESPONSE TO REQUEST FOR ADMISSION NO. 85:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "in connection with" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 85 to the extent that the Riverstone Contributor received a limited partnership interest in AMH upon execution of the August 2017 contribution agreements with other parties, including AMH and Silver Run Acquisition Corporation II.  Plaintiffs deny the remainder of Request No. 85.

REQUEST FOR ADMISSION NO. 86:

Admit that in connection with the Business Combination, the Riverstone Contributor made a $200 million capital contribution to AMH in August 2017 in exchange for limited partner interests in AMH.

RESPONSE TO REQUEST FOR ADMISSION NO. 86:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "in connection with" is undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 86.

REQUEST FOR ADMISSION NO. 87:

Admit that the Riverstone Contributor's $200 million capital contribution to AMH in August 2017 did not include any governance rights in AMH for the Riverstone Contributor.

RESPONSE TO REQUEST FOR ADMISSION NO. 87:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "any governance rights" is undefined, vague, ambiguous, and subject to multiple interpretations.  Relatedly, Plaintiffs further

object to this Request as inconsistent with the Federal Rule 26(b)(1) because the Riverstone Contributor is not an identified party to the August 2017 contribution agreements, and this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.

Subject to the foregoing objections, Plaintiffs deny Request No. 87.

REQUEST FOR ADMISSION NO. 88:

Admit that the limited partner interests the Riverstone Contributor acquired actually were exchanged for 20 million Silver Run II Opco Common Units upon the closing of the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 88:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "actually" is both argumentative, undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs admit Request No. 88.

REQUEST FOR ADMISSION NO. 89:

Admit that at the closing of the Business Combination the Riverstone Contributor's limited partnership interests in AMH were exchanged for 20 million Silver Run II Opco Common Units.

RESPONSE TO REQUEST FOR ADMISSION NO. 89:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 89.

REQUEST FOR ADMISSION NO. 90:

Admit that the Riverstone Contributor was not contractually or legally obligated to agree to make the $200 million capital contribution to AMH.

RESPONSE TO REQUEST FOR ADMISSION NO. 90:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 90.

REQUEST FOR ADMISSION NO. 91:

Admit that pursuant to the IPO Forward Purchase Agreement, Riverstone VI SR II Holdings, L.P. agreed to purchase 40,000,000 shares of AMR Class A Common Stock.

RESPONSE TO REQUEST FOR ADMISSION NO. 91:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit that Riverstone VI SR II holdings agreed to purchase up to 40 million AMR Class A common stock. Plaintiffs deny the remainder of Request No. 91.

REQUEST FOR ADMISSION NO. 92:

Admit that pursuant to the IPO Forward Purchase Agreement, Riverstone VI SR II Holdings, L.P. agreed to acquire warrants to purchase 13,333,333 shares of AMR Class A Common Stock for $400 million upon shareholder approval and the consequent closing of the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 92:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit that Riverstone VI SR II holdings agreed to acquire warrants for 13.3 million shares of AMR Class A common stock for $400 million.  Plaintiffs deny the remainder of Request No. 92.

REQUEST FOR ADMISSION NO. 93:

Admit that Riverstone VI SR II Holdings, L.P. purchased 40,000,000 shares of AMR Class A Common Stock and acquired warrants to purchase 13,333,333 shares of AMR Class A Common Stock for $400 million.

- 35 -

RESPONSE TO REQUEST FOR ADMISSION NO. 93:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 93.

REQUEST FOR ADMISSION NO. 94:

Admit that Riverstone VI SR II Holdings, L.P. did not sell any of the shares or warrants it purchased.

RESPONSE TO REQUEST FOR ADMISSION NO. 94:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 94.

REQUEST FOR ADMISSION NO. 95:

Admit that Riverstone VI SR II Holdings, L.P. was required to pay $400 million pursuant to the IPO Forward Purchase Agreement only if the Business Combination closed.

RESPONSE TO REQUEST FOR ADMISSION NO. 95:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit that Riverstone VI SR II holdings was required to pay up to $400 million pursuant to the Forward Purchase Agreement presuming the Business Combination closed.  Plaintiffs deny the remainder of Request No. 95.

REQUEST FOR ADMISSION NO. 96:

Admit that pursuant to the Business Combination Forward Purchase Agreement, Riverstone VI SR II Holdings, L.P. agreed to purchase up to an additional 20,000,000 shares of AMR Class A Common Stock from AMR for an aggregate purchase price of $200 million if necessary to satisfy any exercise of redemption rights of the public stockholders in connection with the Business Combination or determined by AMR and Riverstone VI SR II Holdings, L.P.to be necessary for

general corporate purposes of AMR in connection with or following consummation of the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 96:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 96.

REQUEST FOR ADMISSION NO. 97:

Admit that Riverstone VI SR II Holdings, L.P. was not contractually or legally obligated to agree to the Business Combination Forward Purchase Agreement.

RESPONSE TO REQUEST FOR ADMISSION NO. 97:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 97.

REQUEST FOR ADMISSION NO. 98:

Admit that Riverstone VI SR II Holdings, L.P. was not contractually or legally obligated to purchase an additional 20 million shares of AMR Class A Common Stock for an additional $200 million.

RESPONSE TO REQUEST FOR ADMISSION NO. 98:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 98.

REQUEST FOR ADMISSION NO. 99:

Admit that Riverstone VI SR II Holdings, L.P. was contractually obligated to invest in AMR only if the Business Combination closed.

RESPONSE TO REQUEST FOR ADMISSION NO. 99:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 99.

REQUEST FOR ADMISSION NO. 100:

Admit that Exhibit CP 160 introduced in this matter is a true and correct copy of the Proxy filed with the SEC.

RESPONSE TO REQUEST FOR ADMISSION NO. 100:

Subject to the objections identified in Section 1 through III, above, Plaintiffs admit Request No. 100.

REQUEST FOR ADMISSION NO. 101:

Admit that Silver Run II stated at page 172 of the Proxy that it was providing no assurance that the Unaudited Financial Projections in the Proxy would be accurate because Unaudited Financial Projections are inherently subjective in nature.

RESPONSE TO REQUEST FOR ADMISSION NO. 101:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy. Plaintiffs further object to this Request because it also ignores written language in the Proxy that places the misstated and/or paraphrased Proxy language in context.

Subject to the foregoing objections, Plaintiffs deny Request No. 101.

REQUEST FOR ADMISSION NO. 102:

Admit that Silver Run II stated at page 45 of the Proxy that AMR's use of horizontal drilling, completion, and production technologies could be unsuccessful, leading to significant cost overruns, reduced production, or abandoned wells.

RESPONSE TO REQUEST FOR ADMISSION NO. 102:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 102.

REQUEST FOR ADMISSION NO. 103:

Admit that Silver Run II stated at page 47 of the Proxy that future oil and gas production depended on finding or acquiring new reserves, a costly process that could be negatively impacted by reduced cash flow or limited sources of outside funding.

RESPONSE TO REQUEST FOR ADMISSION NO. 103:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 103.

REQUEST FOR ADMISSION NO. 104:

Admit that Silver Run II stated at page 48 of the Proxy that actual production results could affect reserve estimates.

- 39 -

RESPONSE TO REQUEST FOR ADMISSION NO. 104:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 104.

REQUEST FOR ADMISSION NO. 105:

Admit that Silver Run II stated at page 83 of the Proxy that independent auditors had not compiled, examined, or performed any procedures with respect to the Unaudited Financial Projections.

RESPONSE TO REQUEST FOR ADMISSION NO. 105:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 105.

REQUEST FOR ADMISSION NO. 106:

Admit that Silver Run II stated at page 50 of the Proxy that it could not promise it would maintain production levels for its wells because of the numerous risks involved in drilling oil and gas wells.

RESPONSE TO REQUEST FOR ADMISSION NO. 106:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 106.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 107:

Admits that Silver Run II stated at page 267 of the Proxy that actual future production, oil-and-gas prices, revenues, taxes, capital expenditures, operating expenditures, recovery of oil and gas, and reserves will most likely vary from estimates AMH provided.

RESPONSE TO REQUEST FOR ADMISSION NO. 107:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.  Plaintiffs further object to the phrase "AMH provided" as not being a part of the purported Proxy language, and thereby implies that it was just AMH that provided financial and/or operational projections to investors.

Subject to the foregoing objections, Plaintiffs deny Request No. 107.

REQUEST FOR ADMISSION NO. 108:

Admit that Silver Run II stated at page 80 of the Proxy that it could not assure investors that its due diligence of AMH and KFM revealed all material issues with either company.

RESPONSE TO REQUEST FOR ADMISSION NO. 108:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 108.

REQUEST FOR ADMISSION NO. 109:

Admit that Silver Run II stated at page 83 of the Proxy that the Unaudited Financial Projections had not been updated since the date of the projections' preparation.

- 41 -

RESPONSE TO REQUEST FOR ADMISSION NO. 109:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.  Plaintiffs further object to this Request on the basis that it presumes Silver Run II was, or is, the only speaker associated with the Proxy.

Subject to the foregoing objections, Plaintiffs deny Request No. 109.

REQUEST FOR ADMISSION NO. 110:

Admit that Silver Run II stated at page 80 of the Proxy that AMR later may have to write down assets, restructure its operations, or incur impairment charges or other charges leading to losses.

RESPONSE TO REQUEST FOR ADMISSION NO. 110:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it presumes Silver Run II was, or is, the only speaker associated with the Proxy.

Subject to the foregoing objections, Plaintiffs admit Request No. 110.

REQUEST FOR ADMISSION NO. 111:

Admit that AMR warned investors in the AMR 2017 Form 10-K that AMR's stock price could go down significantly due to various factors.

RESPONSE TO REQUEST FOR ADMISSION NO. 111:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs admit Request No. 111.

- 42 -

REQUEST FOR ADMISSION NO. 112:

Admit that AMR warned investors in the AMR 2017 Form 10-K that it had increased its planned 2018 capital expenditures for drilling and completing wells by over $200 million.

RESPONSE TO REQUEST FOR ADMISSION NO. 112:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and/or attempts to paraphrase the written language contained in the Proxy.

Subject to the foregoing objections, Plaintiffs admit Request No. 112.

REQUEST FOR ADMISSION NO. 113:

Admit that the "most recently completed fiscal quarter" referenced on page 54 of the AMR 2017 Form 10-K was the fourth quarter of 2017 which ended on December 31, 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 113:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 113.

REQUEST FOR ADMISSION NO. 114:

Admit that as of December 31, 2017, AMR was a special purpose acquisition company under the name Silver Run Acquisition Corporation II.

RESPONSE TO REQUEST FOR ADMISSION NO. 114:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 114.

REQUEST FOR ADMISSION NO. 115:

Admit that there were no changes in the internal controls of the SPAC Silver Run II in the fourth quarter of 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 115:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request as irrelevant because they have made no allegation regarding any changes in Silver Run II's internal control over financial reporting

Subject to the foregoing objections, Plaintiffs deny Request No. 115.

REQUEST FOR ADMISSION NO. 116:

Admit that there were no changes in the internal controls of the SPAC Silver Run II in the fourth quarter of 2017 that had materially affected, or were reasonably likely to materially affect, Silver Run II's internal control over financial reporting.

RESPONSE TO REQUEST FOR ADMISSION NO. 116:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request because Plaintiffs have made no allegation regarding the any changes in Silver Run II's internal control over financial reporting

Subject to the foregoing objections, Plaintiffs deny Request No. 116.

REQUEST FOR ADMISSION NO. 117:

Admit that during the fourth quarter of 2017, Silver Run II's internal controls did not include KFM's internal controls.

- 44 -

RESPONSE TO REQUEST FOR ADMISSION NO. 117:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time or facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request because Plaintiffs have made no allegation regarding changes in Silver Run II's internal control over financial reporting.

Subject to the foregoing objections, Plaintiffs deny Request No. 117.

REQUEST FOR ADMISSION NO. 118:

Admit that during the fourth quarter of 2017, Silver Run II's internal controls did not include AMH's internal controls.

RESPONSE TO REQUEST FOR ADMISSION NO. 118:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request because Plaintiffs have made no allegation regarding any changes in Silver Run II's internal control over financial reporting.

Subject to the foregoing objections, Plaintiffs deny Request No. 118.

REQUEST FOR ADMISSION NO. 119:

Admit that Defendant Harlan H. Chappelle did not receive cash in exchange for his ownership in AMH in connection with the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 119:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 119.

REQUEST FOR ADMISSION NO. 120:

Admit that Defendant Michael Ellis did not receive cash in exchange for his ownership in AMH in connection with the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 120:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 120.

REQUEST FOR ADMISSION NO. 121:

Admit that AMR disclosed on March 29, 2018, that AMH did not meet the AMH Unaudited Financial Projections for 2017 and would not meet the AMH Unaudited Financial Projections for 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 121:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it mischaracterizes certain projections as those of AMH's. The projections provided in connection with the potential SPAC transaction were not for AMH, but rather only for Alta Mesa's operations within Kingfisher County, Oklahoma, presuming shareholders voted to approve the merger on February 8, 2018. Plaintiffs further object to this Request as inconsistent with Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Plaintiffs further object to this Request to the extent that it erroneously implies Plaintiffs knew or could have known that Alta Mesa would not, or did not, meet its unaudited financial projection for 2017 due to commodity production complications at

- 46 -

Alta Mesa during 2017, or due to unsubstantiated assumptions underlying its projections.  To wit, AMH explained in its March 29, 2018 press release that "[t]he change in adjusted EBITDAX between the annual periods is, in part, a result of lower average realized commodity prices," and 2017 EBITDAX from AMH's continuing operations (that is, less Weeks Island results) was reported as $138.7 million versus the 2017 unaudited financial projection of $145 million.  Plaintiffs further object to this Request to the extent that it erroneously asserts that Alta Mesa reported to the investing public that it had reduced its 2018 unaudited financial projection of $358 million downward, when it never did so.

Subject to the foregoing objections, Plaintiffs deny Request No. 121.

REQUEST FOR ADMISSION NO. 122:

Admit that AMR disclosed on March 29, 2018, that Kingfisher did not meet the Kingfisher Unaudited Financial Projections for 2017 and would not meet the Kingfisher Unaudited Financial Projections for 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 122:

Plaintiffs specifically object to this Request to the extent that it erroneously implies Alta Mesa reported the results of KFM's operations for 2017 to the public, when there was no public disclosure as of March 9, 2018 regarding KFM's 2017 actual results.

Subject to the foregoing objections, Plaintiffs admit Request No. 122 to the extent that on March 29, 2018, it was publicly disclosed that KFM would not meet its unaudited financial projections for 2018.  Plaintiffs deny the remainder of Request No. 122.

REQUEST FOR ADMISSION NO. 123:

Admit that when it was auditor of AMH, BDO USA, LLP had to report to the Audit Committee any material weakness it identified in AMH's internal controls over financial reporting.

- 47 -

RESPONSE TO REQUEST FOR ADMISSION NO. 123:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to the term "had to report" as undefined, vague, and ambiguous. It is the "responsibility" of the auditor to report such information to any publicly-traded issuer's audit committee.

Subject to the foregoing objections, Plaintiffs admit Request No. 123.

REQUEST FOR ADMISSION NO. 124:

Admit that when it was auditor of AMR, BDO USA, LLP had to report to the Audit Committee any material weakness it identified in AMR's internal controls over financial reporting.

RESPONSE TO REQUEST FOR ADMISSION NO. 124:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to the term "had to report" as undefined, vague, and ambiguous. It is the "responsibility" of the auditor to report such information to any publicly-traded issuer's audit committee.

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 124.

REQUEST FOR ADMISSION NO. 125:

Admit that when it was auditor of AMR, KPMG had to report to the Audit Committee any material weakness it identified in AMR's internal controls over financial reporting.

RESPONSE TO REQUEST FOR ADMISSION NO. 125:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to the term "had to report" as undefined, vague, and ambiguous. It is the "responsibility" of the auditor to report such information to any publicly-traded issuer's audit committee.

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 125.

REQUEST FOR ADMISSION NO. 126:

Admit that on March 28, 2018, BDO USA, LLP reported to AMR's Audit Committee that it had noted no material weaknesses.

RESPONSE TO REQUEST FOR ADMISSION NO. 126:

Subject to the objections and limitations identified in Sections I through III above, Plaintiffs admit Request No. 126.

REQUEST FOR ADMISSION NO. 127:

Admit that Weaver and Tidwell, LLP reported to AMR's Audit Committee on November 13, 2018 that it did not identify any material weaknesses in AMR's internal controls.

RESPONSE TO REQUEST FOR ADMISSION NO. 127:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and misrepresents what was presented to the Audit Committee on November 13, 2018. Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Specifically, Weaver and Tidwell reported that as part of its SOX compliance work leading up to November 13, 2018, it had identified control risks with respect to depletion and oil and gas properties from moderate to high, and reported that risks related to another six internal control processes were also high. As of November 13, 2018, moreover, none of those internal control processes categorized as being at high risk of being a material weakness had been remediated. The Weaver and Tidwell report also made clear that it was Alta Mesa's management's responsibility to conclude whether there existed material weaknesses in the Company's internal

- 49 -

controls, adding that internal control "[d]esign evaluation testing has started for controls finalized last week and final testing will continue into December [2018]."  Lastly, Weaver and Tidwell's internal control consulting work was planned to be completed in February 2019.  Plaintiffs further object to this Request on the basis that Weaver and Tidwell was not Alta Mesa's independent auditor.

Subject to the foregoing objections, Plaintiffs deny Request No. 127.

REQUEST FOR ADMISSION NO. 128:

Admit that as of November 13, 2018, KPMG had not identified any material weaknesses in AMR's internal controls.

RESPONSE TO REQUEST FOR ADMISSION NO. 128:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object to this Request because KPMG conducted a review process of AMR's internal controls (not an audit), and during that risk-based review process, KPMG  identified several significant risks areas that may result in a material misstatement (due or error or fraud) in the financial statements.  Each of those risks, were indicative as indicators of a significant deficiency and/or a material weakness.

Subject to the foregoing objections, Plaintiffs admit Request No. 128.

REQUEST FOR ADMISSION NO. 129:

Admit that Ryder Scott determined that AMH's procedures and methodologies for estimating AMH's proved reserves as of August 31, 2017 complied with SEC regulations.

RESPONSE TO REQUEST FOR ADMISSION NO. 129:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 129.

REQUEST FOR ADMISSION NO. 130:

Admit that Ryder Scott determined that AMH's procedures and methodologies for estimating AMH's proved reserves as of December 31, 2017 complied with SEC regulations.

RESPONSE TO REQUEST FOR ADMISSION NO. 130:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 130.

REQUEST FOR ADMISSION NO. 131:

Admit that Ryder Scott determined that AMR's procedures and methodologies for estimating AMR's proved reserves as of December 31, 2018 complied with SEC regulations.

RESPONSE TO REQUEST FOR ADMISSION NO. 131:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 131.

REQUEST FOR ADMISSION NO. 132:

Admit that Ryder Scott found that AMH's estimates of its proved reserves as of August 31, 2017 were reasonable within the established audit tolerance guidelines of 10 percent as set forth by the Society of Petroleum Engineers.

RESPONSE TO REQUEST FOR ADMISSION NO. 132:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 132.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 133:

Admit that Ryder Scott found that AMH's estimates of its proved reserves as of December 31, 2017 were reasonable within the established audit tolerance guidelines of 10 percent as set forth by the Society of Petroleum Engineers.

RESPONSE TO REQUEST FOR ADMISSION NO. 133:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 133.

REQUEST FOR ADMISSION NO. 134:

Admit that Ryder Scott found that AMR's estimates of its proved reserves as of December 31, 2018 were reasonable within the established audit tolerance guidelines of 10 percent as set forth by the Society of Petroleum Engineers.

RESPONSE TO REQUEST FOR ADMISSION NO. 134:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 134.

REQUEST FOR ADMISSION NO. 135:

Admit that Ryder Scott testified that it is not unusual for oil and gas companies to drill locations that are not considered proved.

RESPONSE TO REQUEST FOR ADMISSION NO. 135:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 135.

REQUEST FOR ADMISSION NO. 136:

Admit that Riverstone Affiliates relied on Rock Oil to assist with technical and operational diligence related to the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 136:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Plaintiffs further object because despite being given ample opportunity to identify Rock Oil in its initial disclosures and despite being warned that the fact discovery cut-off was rapidly approaching, Riverstone elected to again omit Rock Oil from its initial disclosures.  Specifically, during May 2023, the parties engaged in extensive discussions regarding the adequacy of Defendants' Rule 26(b)(1) initial disclosures, including whether Defendants had identified all consultants who they would rely on in support of their defenses in this action.   Riverstone, to date, has failed to identify Rock Oil (or its representatives) as a person with relevant information that Riverstone may use in support of its defenses, despite supplementing its initial disclosures on May 24, 2023.  Riverstone claimed in the January 29, 2018 Proxy that Rock Oil purportedly assisted in technical and operational due diligence, but when the relevant Meridian personnel were deposed, Plaintiffs adduced evidence suggesting that that statement in the Proxy was also false or misleading.  As a result of Defendants' refusal to identify Rock Oil in its initial disclosures prior to the close of discovery in this matter, Plaintiffs did not depose Rock Oil or its representatives regarding what it/they did, if anything, in support of Riverstone's good faith defense asserted in this action.

Subject to the foregoing objections, Plaintiffs admit Request No. 136 to the extent that Defendants stated the following in the January 19, 2018 Proxy:  "[R]epresentatives of Rock Oil . . . were invited by Silver Run and Riverstone to assist further with technical and operational due diligence given their technological and operational experience, particularly in the Anadarko Basin."  Because it is Defendants' burden to establish what, in fact, they relied upon Rock Oil for, and

- 53 -

Defendants must establish that they were not reckless in relying on Rock Oil, Defendants failed to establish those facts during discovery.  As such, Plaintiffs are unable to either admit or deny the remainder of Request No. 136.

REQUEST FOR ADMISSION NO. 137:

Admit that Riverstone Affiliates and Silver Run II relied on Meridian to assist with technical and operational diligence related to the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 137:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Evidence adduced to date indicates that Meridian personnel chosen "to assist" with Riverstone and/or Silver Run II's due diligence did little more than watch a TPH presentation in early June 2017.

Subject to the foregoing objections, Plaintiffs deny Request No. 137.

REQUEST FOR ADMISSION NO. 138:

Admit that Riverstone Affiliates and Silver Run II relied on TPH to assist in the technical due diligence of AMH's acreage and reserves.

RESPONSE TO REQUEST FOR ADMISSION NO. 138:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 138.

REQUEST FOR ADMISSION NO. 139:

Admit that TPH performed geological and petrophysical analysis of AMH's STACK acreage from April to July 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 139:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 139.

REQUEST FOR ADMISSION NO. 140:

Admit that TPH presented its evaluation of the geology and petrophysics of AMH's STACK reserves to Silver Run II's Board of Directors on July 19, 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 140:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 140.

REQUEST FOR ADMISSION NO. 141:

Admit that Defendants' Exhibit 39 is a true and correct copy of the presentation provided to the Silver Run II Board of Directors for TPH's presentation on July 19, 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 141:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 141.

REQUEST FOR ADMISSION NO. 142:

Admit that TPH's presentation to Silver Run II's Board of Directors on July 19, 2017, contained at the document with the Bates number beginning Tepper_SDTX0000024, stated that TPH projected 51.1 MBOE per day of production in 2018 and 90.9 MBOE per day of production in 2019 versus AMH's projections of 46.6 MBOE per day and 81.6 MBOE per day in the same years, respectively.

RESPONSE TO REQUEST FOR ADMISSION NO. 142:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 142.

REQUEST FOR ADMISSION NO. 143:

Admit that TPH's presentation to Silver Run II's Board of Directors on July 19, 2017, contained in the document with the Bates number beginning at Tepper_SDTX0000024, stated that TPH projected $490 million of pre-G&A EBITDA in 2018 and $853 million of pre-G&A EBITDA in 2019, versus AMH's projections of $467 million and $789 million in the same years, respectively.

RESPONSE TO REQUEST FOR ADMISSION NO. 143:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 143.

REQUEST FOR ADMISSION NO. 144:

Admit that the "base case" in TPH's July 19, 2017 presentation to the Silver Run II Board of Directors assumed a 15% Recovery Factor.

RESPONSE TO REQUEST FOR ADMISSION NO. 144:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 144.

REQUEST FOR ADMISSION NO. 145:

Admit that TPH believed that it was "way too early" in the summer of 2017 "to form a consensus as to how parent and child wells would interact."

RESPONSE TO REQUEST FOR ADMISSION NO. 145:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Mr. Knupp's testimony was set in the context of whether there was consensus among other operators in the STACK. Defendant Ellis, however, has testified that once Alta Mesa management saw the results of the

- 56 -

Bullis-Coleman 10 WPS spacing test, which came on line no later than February 2017, that the Company's 12 WPS assumption, with each well producing on average 250 MBO, was probably wrong.

Subject to the foregoing objections, Plaintiffs admit Request No. 145 to the extent that Mr. Knupp testified that it was "way too early" in the Summer of 2017 "to form a consensus as to how parent and child wells would interact." Plaintiffs deny the remainder of Request No. 145.

REQUEST FOR ADMISSION NO. 146:

Admit that TPH believed that it was a common practice among STACK operators to extrapolate the number of wells that could be drilled per section from spacing tests involving fewer than the total predicted number of wells.

RESPONSE TO REQUEST FOR ADMISSION NO. 146:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "extrapolate" is vague and ambiguous.

Subject to the foregoing objections, Plaintiffs admit Request No. 146.

REQUEST FOR ADMISSION NO. 147:

Admit that Silver Run II's Board of Directors relied on TPH's analysis and projections in deciding to proceed with the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 147:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "relied" is vague and ambiguous. For example, this Request does not ask whether such reliance was reasonable.

Subject to the foregoing objections, Plaintiffs admit Request No. 147.

REQUEST FOR ADMISSION NO. 148:

Admit that after TPH's July 19, 2017 presentation, the Silver Run II Board of Directors discussed TPH's presentation and were satisfied with TPH's technical review and valuation of the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 148:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "satisfied" is vague and ambiguous. For example, this Request does not ask whether such satisfaction was based on a good faith, reasonable reliance on TPH's work.

Subject to the foregoing objections, Plaintiffs admit Request No. 148 to the extent that Defendants publicly claimed the Silver Run II Board of Directors were "satisfied with the management of Silver Run's proposed valuation for the Alta Mesa and Kingfisher assets." Plaintiffs deny the remainder of Request No. 148.

REQUEST FOR ADMISSION NO. 149:

Admit that Riverstone Affiliates and Silver Run II relied on Ernst & Young to assist Riverstone and Silver Run II on accounting and financial due diligence with respect to the Business Combination.

RESPONSE TO REQUEST FOR ADMISSION NO. 149:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Plaintiffs further object to this Request on the basis that the term "relied" is vague and ambiguous. For example, this Request does not ask whether such reliance was reasonable. Plaintiffs further object because despite

being given ample opportunity to identify Ernst & Young in its initial disclosures and despite being warned that the fact discovery cut-off was rapidly approaching, Riverstone elected to again omit Ernst & Young from its initial disclosures. Specifically, during May 2023, the parties engaged in extensive discussions regarding the adequacy of Defendants' Rule 26(b)(1) initial disclosures, including whether Defendants had identified all consultants who they would rely on in support of their defenses in this action. Riverstone, to date, has failed to identify Ernst & Young (or its representatives) as a person with relevant information that Riverstone may use in support of its defenses, despite supplementing its initial disclosures on May 24, 2023. Nobody from Ernst & Young was deposed in this case. As a result of Defendants' refusal to identify Ernst & Young in its initial disclosures prior to the close of discovery in this matter, Plaintiffs did not depose Ernst & Young or its representatives regarding what it/they did, if anything, in support of Riverstone's good faith defense asserted in this action.

Subject to the foregoing objections, Plaintiffs admit Request No. 136 to the extent that Defendants stated the following in the January 19, 2018 Proxy: "Also on May 31, 2017, Rivestone engaged Ernst & Young . . . to assist Riverstone and Silver Run on accounting and financial due diligence with respect to Alta Mesa and Kingfisher." Because it is Defendants' burden to establish what, in fact, they relied upon Ernst & Young for, and that Defendants must establish that they were not reckless in relying on Ernst & Young, and Defendants have failed to establish those facts during discovery, Plaintiffs are unable to either admit or deny the remainder of Request No. 149.

REQUEST FOR ADMISSION NO. 150:

Admit that AMH was contractually required to correct and notify Silver Run II stockholders of any misstatement or omission of material fact in the Proxy or other SEC filings.

RESPONSE TO REQUEST FOR ADMISSION NO. 150:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 150.

REQUEST FOR ADMISSION NO. 151:

Admit that AMH was contractually required to inform Silver Run II of any material development that could have a material adverse effect on the business, properties, condition (financial or otherwise) or results of operations of Silver Run II.

RESPONSE TO REQUEST FOR ADMISSION NO. 151:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 151.

REQUEST FOR ADMISSION NO. 152:

Admit that KFM was contractually required to correct and notify Silver Run II stockholders of any misstatement or omission of material fact in the Proxy or other SEC filings.

RESPONSE TO REQUEST FOR ADMISSION NO. 152:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 152.

REQUEST FOR ADMISSION NO. 153:

Admit that KFM was contractually required to inform Silver Run II of any material development that could have a material adverse effect on the business, properties, condition (financial or otherwise) or results of operations of Silver Run II.

RESPONSE TO REQUEST FOR ADMISSION NO. 153:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it calls for a legal conclusion, to which Plaintiffs are not required to respond.

Subject to the foregoing objections, Plaintiffs decline to respond to Request No. 153.

REQUEST FOR ADMISSION NO. 154:

Admit that Silver Run II relied upon Citigroup as a capital markets advisor and placement agent in connection with a possible transaction with Alta Mesa Holdings and Kingfisher Midstream.

RESPONSE TO REQUEST FOR ADMISSION NO. 154:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "with a possible transaction" as vague and ambiguous.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Riverstone stated in the Proxy that Citigroup would have acted only as a placement agent "if Silver Run engaged in a PIPE transaction."  No PIPE transaction materialized.

Subject to the foregoing objections, Plaintiffs deny Request No. 154 to the extent that Silver Run II relied on Citibank for purposes of the business combination.  Plaintiffs admit the remainder of Request No. 154.

REQUEST FOR ADMISSION NO. 155:

Admit that Silver Run II and the Silver Run II Board of Directors relied upon Citigroup's advice on valuation analyses, financial terms, and other financial matters concerning the proposed transaction.

RESPONSE TO REQUEST FOR ADMISSION NO. 155:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Plaintiffs further object to this Request on the basis that the term "proposed transaction" is undefined, vague, and ambiguous. Riverstone did not engage Citigroup to provide advice regarding the SPAC transaction. According to representations made to investors, Alta Mesa engaged Citigroup in May 2017 as a financial advisor in connection with a possible transaction with Silver Run.

Subject to the foregoing objections, Plaintiffs deny Request No. 155.

REQUEST FOR ADMISSION NO. 156:

Admit that, prior to the close of the Business Combination, AMH disclosed to Silver Run II each of the tests it performed to determine the proper spacing of wells in each drilling pattern.

RESPONSE TO REQUEST FOR ADMISSION NO. 156:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 156.

REQUEST FOR ADMISSION NO. 157:

Admit that TPH said in its June 2, 2017 technical review that certain of AMH's STACK competitors, including Devon, Cimarex, Chesapeake, Continental, and Newfield, were evaluating drilling as many as 20-30 wells per drilling and spacing unit in the STACK.

- 62 -

RESPONSE TO REQUEST FOR ADMISSION NO. 157:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 153 to the extent that Devon was evaluating drilling as many as 20-30 wells per section.  Plaintiffs deny the remainder of Request No. 157.

REQUEST FOR ADMISSION NO. 158:

Admit that AMR disclosed approximately 130 days of well performance data from the Ash-Foster flowback on slide six of its March 21, 2018 presentation given publicly at the Susquehanna International Group conference.

RESPONSE TO REQUEST FOR ADMISSION NO. 158:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "given publicly" and "well performance data" are undefined, vague, and ambiguous.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  During March 2018, Alta Mesa had excluded wells associated with the Ash-Foster well spacing test for purposes of preparing and presenting the "flowback" graphs to investors.

Subject to the foregoing objections, Plaintiffs deny Request No. 158.

REQUEST FOR ADMISSION NO. 159:

Admit that the presentation given publicly at AMR at the Susquehanna International Group conference was available publicly on AMR's website at least between March 21, 2018 and August 13, 2018.

RESPONSE TO REQUEST FOR ADMISSION NO. 159:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "publicly" and "available publicly" are undefined, vague, ambiguous, and subject to multiple interpretations.

Subject to the foregoing objections, Plaintiffs do not have sufficient information available, after reasonable inquiry, to either admit or deny, in whole or part, Request No. 159.

REQUEST FOR ADMISSION NO. 160:

Admit that as part of the audit for the year-ended December 31, 2018, KPMG undertook procedures to substantiate AMR management's assessment that there had been no indicators of fraud by AMR.

RESPONSE TO REQUEST FOR ADMISSION NO. 160:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to the term "management's assessment" as undefined, vague, and ambiguous.  According to testimony provided by the Company's Chair of the Audit Committee, it does not appear that AMR's management conducted an investigation by which it could reach the conclusion that there were no indicators of fraud.

Subject to the foregoing objections, Plaintiffs admit Request No. 160.

REQUEST FOR ADMISSION NO. 161:

Admit that, as of June 17, 2019, KPMG concluded that management's actions were appropriate and no further remedial actions had to be taken at that time.

RESPONSE TO REQUEST FOR ADMISSION NO. 161:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "management's actions" and "remedial actions" are undefined, vague, ambiguous, and subject to multiple interpretations.

Plaintiffs further object to this Request because to the extent Defendants rely on KPMG's June 17, 2019 letter to senior management, KPMG concluded that management's procedures in response to the SEC investigation and this action were timely and appropriate.  Accordingly, Defendants have misinterpreted the document.

Subject to the foregoing objections, Plaintiffs admit that on June 17, 2019, KPMG informed Defendants in a letter that it believed that management's actions were timely and appropriate. Plaintiffs deny the remainder of Request No. 161.

REQUEST FOR ADMISSION NO. 162:

Admit that, as of June 17, 2019, KPMG concluded that nothing had been identified which would indicate any material misstatements in the current or prior period financial statements.

RESPONSE TO REQUEST FOR ADMISSION NO. 162:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "nothing had been identified" is undefined, vague, and ambiguous.  Anything that would have been "identified" would have been provided to KPMG by Alta Mesa, and the record indicates that Alta Mesa did not provide all material information regarding the accuracy of Company's previously issued financial statements.

Subject to the foregoing objections, Plaintiffs admit that on June 17, 2019, KPMG informed Defendants in a letter that it had concluded that it had not identified anything which would indicate any material misstatements in the current or prior period financial statements.  Plaintiffs deny the remainder of Request No. 162.

REQUEST FOR ADMISSION NO. 163:

Admit that, as of June 17, 2019, KPMG concluded that nothing had been identified which would indicate any material misstatements in AMR management's assessment of the effectiveness of internal control over financial reporting.

- 65 -

RESPONSE TO REQUEST FOR ADMISSION NO. 163:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "nothing had been identified" is undefined, vague, and ambiguous.  Anything that would had been "identified" would have been provided to KPMG by Alta Mesa, and the record indicates that Alta Mesa did not provide all material information regarding the effectiveness of Alta Mesa's internal controls.

Subject to the foregoing objections, Plaintiffs admit that on June 17, 2019, KPMG informed Defendants in a that it had not identified anything which would indicate any material misstatements in AMR management's assessment of the effectiveness of internal control over financial reporting. Plaintiffs deny the remainder of Request No. 163.

REQUEST FOR ADMISSION NO. 164:

Admit that, as of June 17, 2019, KPMG concluded that nothing had been identified which would indicate an inability for KPMG to continue to rely on the representations of management.

RESPONSE TO REQUEST FOR ADMISSION NO. 164:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "nothing had been identified" is undefined, vague, and ambiguous.  Anything that would had been "identified" would have been provided to KPMG by Alta Mesa, and the record indicates that Alta Mesa did not provide all material information from which KPMG could have determined the veracity of management's prior representations to KPMG.

Subject to the foregoing objections, Plaintiffs admit that on June 17, 2019, KPMG informed Defendants in a letter that it had concluded that it had not identified anything which would indicate it could no longer rely upon management's representations to it.  Plaintiffs deny the remainder of Request No.164.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 165:

Admit that KPMG did not conclude that AMR management had committed any fraud.

RESPONSE TO REQUEST FOR ADMISSION NO. 165:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "committed any fraud" is undefined, vague, ambiguous, and subject to multiple interpretations.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  The scope of KPMG's audit of AMR's 2017 financial reporting did not include a requirement to determine, one way or the other, whether AMR management had committed fraud.  Pursuant to PCAOB 230.10, an auditor cannot give absolute assurance that any given audit client did not commit fraud due to the limits of audit evidence and the characteristics of fraud itself.  Further, KPMG only opined about whether the financial statements were free of material misstatements whether due to error or fraud.  As such, KPMG could have identified indicators of fraud associated with any given Alta Mesa employee, officer, or director, but concluded those indicators of fraud (if true) would have no material impact on the Company's financial statements.

Subject to the foregoing objections, Plaintiffs admit Request No. 165.

REQUEST FOR ADMISSION NO. 166:

Admit that Meridian did not conclude that AMR management had committed any fraud.

RESPONSE TO REQUEST FOR ADMISSION NO. 166:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "committed any fraud" is undefined, vague, ambiguous, and subject to multiple interpretations.  Plaintiffs further object to this

- 67 -

Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  The scope of Meridian's work for AMR during 2017 and 2018 did not include a requirement to determine, one way or the other, whether AMR management had committed fraud.  Plaintiffs also object to this Request on the basis that Meridian does not maintain the expertise or qualifications to opine whether any individual committed fraud.

Subject to the foregoing objections, Plaintiffs admit Request No. 166.

REQUEST FOR ADMISSION NO. 167:

Admit that the technical review Meridian conducted for AMR in 2018 did not reveal any intentional or reckless malfeasance.

RESPONSE TO REQUEST FOR ADMISSION NO. 167:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "technical review" and "intentional or reckless malfeasance" is undefined, vague, ambiguous, and subject to multiple interpretations.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. The scope of Meridian's work for AMR during 2017 and 2018 did not include a requirement to determine, one way or the other, whether AMR management had engaged in intentional or reckless malfeasance.  Plaintiffs also object to this Request on the basis that Meridian does not maintain the expertise or qualifications to determine whether any individual engaged in intentional or reckless malfeasance.

Subject to the foregoing objections, Plaintiffs admit Request No. 167.

- 68 -

REQUEST FOR ADMISSION NO. 168:

Admit that Robbins Russell concluded that AMH's or AMR's potential claims for breach of fiduciary duty against the AMR Board of Directors, based on the AMR Board of Directors' adoption of the 2018 drilling plan, were meritless.

RESPONSE TO REQUEST FOR ADMISSION NO. 168:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  The Robbins Russell report did not opine on claims against either AMH or AMR, but opined on whether certain adversarial proceedings could proceed against defendants BCE and McMullen.

Subject to the foregoing objections, Plaintiffs admit Request No. 168 with regard to defendants BCE and McMullen.  Plaintiffs deny the remainder of Request No. 168.

REQUEST FOR ADMISSION NO. 169:

Admit that Judge Isgur held that, with respect to AMR's 2018 drilling plan, there was no evidence that the 2018 drilling plan was not done properly as a result of thorough work.

RESPONSE TO REQUEST FOR ADMISSION NO. 169:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Judge Isgur ruled that the record before the court at that time indicated that there was no evidence that the 2018 drilling plan was not done properly as a result of thorough work.  But Judge Isgur found just the opposite based similar allegations brought forward by a new AMH litigation trustee.

- 69 -

Subject to the foregoing objections, Plaintiffs admit Request No. 169 to the extent that Judge Isgur first ruled that the record before the court at that time indicated that there was no evidence that the 2018 drilling plan was not done properly as a result of thorough work.  Plaintiffs deny the remainder of Request No. 169.

REQUEST FOR ADMISSION NO. 170:

Admit that the SEC investigated AMR in the matter captioned *In the Matter of Alta Mesa Resources, Inc.*, case no. FW-4312.

RESPONSE TO REQUEST FOR ADMISSION NO. 170:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 170.

REQUEST FOR ADMISSION NO. 171:

Admit that the SEC has not brought any enforcement action against any Defendant in connection with its investigation relating to AMR.

RESPONSE TO REQUEST FOR ADMISSION NO. 171:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Lack of action by the SEC, failure to close a formal investigation, or a decision not to proceed with an enforcement action, is generally not admissible to support any inference that any Defendant in this action had not violated the federal securities laws.  *See, e.g.*, 17 C.F.R. §202.5(d), SEC Enforcement Manual, Securities Exchange Act of 1934, Release No. 9796.

Subject to the foregoing objections, Plaintiffs admit Request No. 171.

REQUEST FOR ADMISSION NO. 172:

Admit You have no evidence that James T. Hackett did not sincerely hold the opinion cited in paragraph 190 of the Third Amended Complaint when it was made: "We formed [Alta Mesa] with the objective of acquiring-low breakeven, stacked-pay, oil-weighted assets, preferably with an integrated midstream platform."

RESPONSE TO REQUEST FOR ADMISSION NO. 172:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 172.

REQUEST FOR ADMISSION NO. 173:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion cited in paragraph 190 of the Third Amended Complaint when it was made: "We see this as a tremendous way to continue our evolution as a low-cost, high-value producer in the STACK."

RESPONSE TO REQUEST FOR ADMISSION NO. 173:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 173.

REQUEST FOR ADMISSION NO. 174:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 190 of the Third Amended Complaint, that AMH had identified "about 4,200 gross identified drilling locations" and "expect[ed] EURs at year end to exceed 650 MBOE per well" was false or misleading at the time the statement was made.

RESPONSE TO REQUEST FOR ADMISSION NO. 174:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 174.

REQUEST FOR ADMISSION NO. 175:

Admit You have no evidence that Silver Run II did not sincerely hold the opinion cited in paragraph 190 of the Third Amended Complaint when it was made that AMH had identified "about 4,200 gross identified drilling locations" and "expect[ed] EURs at year end to exceed 650 MBOE per well."

RESPONSE TO REQUEST FOR ADMISSION NO. 175:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 175.

REQUEST FOR ADMISSION NO. 176:

Admit You have no evidence that James T. Hackett did not sincerely hold the opinion cited in paragraph 192 of the Third Amended Complaint, when it was made: "First, we'll talk about the introduction. When we went out to look for targets for [Silver Run II], we had laid out investment criteria that are shown on slide 5. And both individually as an Upstream and Midstream company and collectively as an integrated platform, this transaction satisfies those criteria."

RESPONSE TO REQUEST FOR ADMISSION NO. 176:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 176.

REQUEST FOR ADMISSION NO. 177:

Admit You have no evidence that Silver Run II did not sincerely hold the opinion cited in paragraph 192 of the Third Amended Complaint that the STACK was a "[h]igh margin core basin with low field break-evens [with] deep inventory" was false or misleading at the time the statement was made.

- 72 -

RESPONSE TO REQUEST FOR ADMISSION NO. 177:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 177.

REQUEST FOR ADMISSION NO. 178:

Admit You have no evidence that Harlan H. Chappelle knew the following statement, contained at paragraph 194 of the Third Amended Complaint, was false or misleading at the time the statement was made: "We have over 200 wells that we've drilled here and we've demonstrated the value, and we have confidence in the upside. As an illustration of that, at the end of the second quarter [of 2017], we drilled on the order of 200 wells; of those, over 160 were on production. And of that number, about 114 had sufficient production history to give us confidence that at the end of this year, our year-end reserves will reflect better than 650,000 BOE."

RESPONSE TO REQUEST FOR ADMISSION NO. 178:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 178.

REQUEST FOR ADMISSION NO. 179:

Admit You have no evidence that Harlan H. Chappelle did not sincerely believe the opinion in paragraph 194 of the Third Amended Complaint when it was made: "We have over 200 wells that we've drilled here and we've demonstrated the value, and we have confidence in the upside. As an illustration of that, at the end of the second quarter [of 2017], we drilled on the order of 200 wells; of those, over 160 were on production. And of that number, about 114 had sufficient production history to give us confidence that at the end of this year, our year-end reserves will reflect better than 650,000 BOE.

RESPONSE TO REQUEST FOR ADMISSION NO. 179:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 179.

REQUEST FOR ADMISSION NO. 180:

Admit You have no evidence that Harlan H. Chappelle knew the statement, contained at paragraph 196 of the Third Amended Complaint, that KFM was "rapidly expanding," "position to capture volume growth from the STACK," ""well positioned to serve other operators,'" and "opportunity to monetize Kingfisher and fund upstream capital needs through spinning off Kingfisher as a master limited partnership (MLP) IPO" was false or misleading at the time the statement was made.

RESPONSE TO REQUEST FOR ADMISSION NO. 180:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 180.

REQUEST FOR ADMISSION NO. 181:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 196 of the Third Amended Complaint when it was publicly stated, that KFM was "rapidly expanding," "position to capture volume growth from the STACK," ""well positioned to serve other operators,'" and "opportunity to monetize Kingfisher and fund upstream capital needs through spinning off Kingfisher as a master limited partnership (MLP) IPO."

RESPONSE TO REQUEST FOR ADMISSION NO. 181:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 181.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 182:

Admit You have no evidence that AMR did not sincerely hold the opinion in paragraph 209 of the Third Amended Complaint when it was publicly stated: "'2012-2017 Execution and Results De-Risk [the] Investment,' 'Multi-well development projects initiated in 2017'; 'previous pattern tests validate approach,' 'Consistency and geographic breadth of well results underscores repeatable development,' and 'Spacing test pilots establish basis for development approach.'"

RESPONSE TO REQUEST FOR ADMISSION NO. 182:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 182.

REQUEST FOR ADMISSION NO. 183:

Admit You have no evidence that AMR did not sincerely hold the opinion in paragraph 211 of the Third Amended Complaint when it was publicly stated: "[W]e have de-risked our acreage with over 250 operated horizontal wells and a comprehensive scientific and engineering effort to begin systematic development with multi-well patterns."

RESPONSE TO REQUEST FOR ADMISSION NO. 183:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 183.

REQUEST FOR ADMISSION NO. 184:

Admit You have no evidence that AMR knew the following statement in paragraph 211 of the Third Amended Complaint was false or misleading when it was publicly stated: "We expect drilling and completion costs on these wells to average $3.8 million."

RESPONSE TO REQUEST FOR ADMISSION NO. 184:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 184.

REQUEST FOR ADMISSION NO. 185:

Admit You have no evidence that AMR did not sincerely hold the opinion in paragraph 211 of the Third Amended Complaint when it was publicly stated: "We expect drilling and completion costs on these wells to average $3.8 million."

RESPONSE TO REQUEST FOR ADMISSION NO. 185:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 185.

REQUEST FOR ADMISSION NO. 186:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 213 of the Third Amended Complaint when it was publicly stated: "During this time [2017 and early 2018], we fortified our balance sheet, further de-risked and delineated our Kingfisher County acreage [in STACK][.]  We have transition from spacing tests to development patterns."

RESPONSE TO REQUEST FOR ADMISSION NO. 186:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 186.

REQUEST FOR ADMISSION NO. 187:

Admit You have no evidence that AMR did not sincerely hold the opinion in paragraph 214 of the Third Amended Complaint at the time it was publicly stated that well density of 8-10 wells per section was optimal for the STACK at the time the statement was made.

RESPONSE TO REQUEST FOR ADMISSION NO. 187:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 187.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 188:

Admit You have no evidence that Harlan H. Chappelle did not believe the statement contained at paragraph 216 of the Third Amended Complaint that "despite setbacks in late 2017 and early 2018, with regard to [Kingfisher], our vision for growth remains strong" and "our margins are going to continue to expand as we build out critical infrastructure and expand production on existing wells" at the time the statement was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 188:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 188.

REQUEST FOR ADMISSION NO. 189:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 216 of the Third Amended Complaint at the time it was publicly stated that "despite setbacks in late 2017 and early 2018, with regard to [Kingfisher], our vision for growth remains strong" and "our margins are going to continue to expand as we build out critical infrastructure and expand production on existing wells" at the time the statement was made.

RESPONSE TO REQUEST FOR ADMISSION NO. 189:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 189.

REQUEST FOR ADMISSION NO. 190:

Admit You have no evidence that AMR did not sincerely hold the opinions paragraphs 217, 231, and 241 of the Third Amended Complaint at the time they were publicly stated: "If third-party pipelines or other midstream facilities interconnected to our gathering, processing, storage or transportation systems become partially or fully unavailable, or if the volumes we gather, process,

store or transport do not meet the quality requirements of the pipelines or facilities to which we connect, our gross profit and cash flow could be adversely affected."

RESPONSE TO REQUEST FOR ADMISSION NO. 190:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 190.

REQUEST FOR ADMISSION NO. 191:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 222 of the Third Amended Complaint at the time it was publicly stated: "Now, here's one simple example of a well that we optimized with an ESP, obviously a very good outcome if you're producing on the order of 800 barrels a day…. But the point is there are opportunities like this. We've got a lot of effort focused on that."

RESPONSE TO REQUEST FOR ADMISSION NO. 191:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 191.

REQUEST FOR ADMISSION NO. 192:

Admit You have no evidence that AMR knew the following statement, contained at paragraph 224 of the Third Amended Complaint, was false or misleading at the time the statement was made: "[c]onsistent [w]ell [r]esults [with] [d]urable economics over time across acreage position" and "maximize ROI, EBITDA and optimize reserves."

RESPONSE TO REQUEST FOR ADMISSION NO. 192:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 192.

REQUEST FOR ADMISSION NO. 193:

Admit You have no evidence that AMR did not sincerely hold the opinion in paragraphs 226 and 237 of the Third Amended Complaint at the time it was publicly stated: "Multi-well development patterns across field are favorable."

RESPONSE TO REQUEST FOR ADMISSION NO. 193:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 193.

REQUEST FOR ADMISSION NO. 194:

Admit You have no evidence that Harlan H. Chappelle knew the following statement, contained at paragraph 229 of the Third Amended Complaint, was false or misleading at the time the statement was made: "We are reaffirming our FY '18 guidance. We have confidence in presenting operating results such as production, revenue, expenses as those numbers will not change."

RESPONSE TO REQUEST FOR ADMISSION NO. 194:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 194.

REQUEST FOR ADMISSION NO. 195:

Admit You have no evidence that Harlan H. Chappelle did not sincerely believe the opinion paragraph 229 of the Third Amended Complaint at the time it was publicly stated: "We are reaffirming our FY '18 guidance. We have confidence in presenting operating results such as production, revenue, expenses as those numbers will not change."

RESPONSE TO REQUEST FOR ADMISSION NO. 195:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 195.

- 79 -

REQUEST FOR ADMISSION NO. 196:

Admit You have no evidence Harlan H. Chappelle did not sincerely hold the opinion in paragraph 233 of the Third Amended Complaint, regarding Item 4 in the Form 10-Q reports AMR filed in 2018, referenced at paragraph 233 of the Third Amended Complaint at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 196:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 196

REQUEST FOR ADMISSION NO. 197:

Admit You have no evidence that AMR did not sincerely hold the opinion in slide 17 in the Investor Presentation AMR gave on August 14, 2018, referenced at paragraph 237 of the Third Amended Complaint at the time it was publicly stated

RESPONSE TO REQUEST FOR ADMISSION NO. 197:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 197.

REQUEST FOR ADMISSION NO. 198:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 242 of the Third Amended Complaint at the time it was publicly stated: AMR "offer[ed] compelling long-term returns to [its] shareholders."

RESPONSE TO REQUEST FOR ADMISSION NO. 198:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 198.

4876-8796-0184.v1

REQUEST FOR ADMISSION NO. 199:

Admit You have no evidence that Harlan H. Chappelle did not sincerely hold the opinion in paragraph 248 of the Third Amended Complaint when it was publicly stated: "That period established the basis for the development drilling with multi-well pads that we're engaged in today . . . .  During that period of time, we performed 7 pattern tests that gave us insight into the intensive multi-well patterns that we see as being necessary to produce all the economic oil that we have here . . . that would infer 24 wells per section. We're not going with that, but it does illustrate the potential for down spacing, and in fact, it gave us a lot of confidence because one of our strategic anchors is that we need to limit our downside."

RESPONSE TO REQUEST FOR ADMISSION NO. 199:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 199.

REQUEST FOR ADMISSION NO. 200:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 109 of the Third Amended Complaint, that AMH had achieved 2017 adjusted EBITDAX (i.e., earnings before interest, taxes, depreciation, depletion, amortization and exploration expenses) of $155 million, and was expected to increase its 2018 adjusted EBITDAX to $358 million and its 2019 adjusted EBITDAX to $701 million, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 200:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 200.

REQUEST FOR ADMISSION NO. 201:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 109 of the Third Amended Complaint, that Kingfisher was estimated to have achieved $42

- 81 -

million in 2017 EBITDA and was expected to increase its 2018 EBITDA to $185 million and its 2019 EBITDA to $318 million, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 201:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 201.

REQUEST FOR ADMISSION NO. 202:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 201 of the Third Amended Complaint, that AMH had achieved an estimated 2017 average net daily production of 20.8 MBOE/d and was expected to increase its 2018 average net daily production to 38.5 MBOE/d and its 2019 average net daily production to 68.9 MBOE/d, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 202:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 202.

REQUEST FOR ADMISSION NO. 203:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 374 of the Third Amended Complaint, that AMH planned to increase the average number of rigs in operation to 10 in 2018, and to 11 in 2019, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 203:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 203.

REQUEST FOR ADMISSION NO. 204:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 374 of the Third Amended Complaint, that AMH was operating six horizontal drilling rigs in the STACK with plans to continue to operate that number of rights through the end of 2017, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 204:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 204.

REQUEST FOR ADMISSION NO. 205:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 201 of the Third Amended Complaint, that AMH had achieved an estimated 2017 average net daily production of 20.8 MBOE/d and was expected to increase its 2018 average net daily production to 38.5 MBOE/d and its 2019 average net daily production to 68.9 MBOE/d, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 205:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 205.

REQUEST FOR ADMISSION NO. 206:

Admit You have no evidence that Silver Run II knew that the statement, contained at paragraph 201 of the Third Amended Complaint, that of the 220 wells drilled, over 183 were on production, and of that number, about 116 had sufficient production history to give Alta Mesa's management confidence that [AMH's] type well EUR is greater than 650 MBOE, was false or misleading at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 206:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 206.

REQUEST FOR ADMISSION NO. 207:

Admit You have no evidence that Silver Run II did not sincerely hold the opinion in paragraph 201 of the Third Amended Complaint at the time it was publicly stated that of the 220 wells drilled, over 183 were on production, and of that number, about 116 had sufficient production history to give Alta Mesa's management confidence that [AMH's] type well EUR is greater than 650 MBOE.

RESPONSE TO REQUEST FOR ADMISSION NO. 207:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 207.

REQUEST FOR ADMISSION NO. 208:

Admit You have no evidence that AMR did not sincerely hold the opinion in slide 21 in the Barclays CEO Energy Power Conference presentation AMR gave on September 6, 2018, referenced in paragraph 237 of the Third Amended Complaint at the time it was publicly stated.

RESPONSE TO REQUEST FOR ADMISSION NO. 208:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 208.

REQUEST FOR ADMISSION NO. 209:

Admit that You are unaware of any way to estimate oil-and-gas reserves with 100% accuracy.

RESPONSE TO REQUEST FOR ADMISSION NO. 209:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 209.

- 84 -

REQUEST FOR ADMISSION NO. 210:

Admit that there is no way to know in advance of production how much oil a well will produce.

RESPONSE TO REQUEST FOR ADMISSION NO. 210:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "to know" and "will produce" are vague and ambiguous.  Plaintiffs further object to the term "no way to know" as unduly broad. To wit, there are ways in which people can "know" with various degrees of confidence how much oil any given well will produce in advance of production.

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 210.

REQUEST FOR ADMISSION NO. 211:

Admit that You are unaware of any oil-and-gas exploration company operating primarily or exclusively in the STACK whose ultimate performance matched their oil-and-gas projections during the 2016-2019 time period, including reserve estimates, type curve estimates, or wells per section.

RESPONSE TO REQUEST FOR ADMISSION NO. 211:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 211.

REQUEST FOR ADMISSION NO. 212:

Admit that on March 22, 2018, RS Energy published an analyst report that conclude that 8 wells per section "maximizes value."

RESPONSE TO REQUEST FOR ADMISSION NO. 212:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the term "maximizes value" is

- 85 -

undefined, vague, ambiguous, and subject to multiple interpretations.  The report itself addresses only perceived "land values."  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  The RS Energy report did not consider any well spacing data obtained from AMR, and did not address AMR's leasehold in the STACK, or whether a certain well spacing assumption applied to AMR's STACK leasehold would do anything with regard to perceived "value."

Subject to the foregoing objections, Plaintiffs admit Request No. 212 to the extent that it opined that spacing tests conducted by NFX, CLR, DVN, and MRO could increase land values. Plaintiffs deny the remainder of Request No. 212.

REQUEST FOR ADMISSION NO. 213:

Admit that on August 23, 2018, Guggenheim Securities published an analyst report that listed "Parent – Child Relationships" as among the "[k]ey industry debates."

RESPONSE TO REQUEST FOR ADMISSION NO. 213:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 213.

REQUEST FOR ADMISSION NO. 214:

Admit that on September 15, 2017, Guggenheim Securities published an analyst report that stated that there was "No Agreement in What a Successful Infill Test Looks Like."

RESPONSE TO REQUEST FOR ADMISSION NO. 214:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it makes only a vague reference to a purported Guggenheim Securities report dated September 15, 2017, which Defendants failed to produce during discovery in this case.  Plaintiffs further object to this Request as inconsistent with

- 86 -

the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  The statement that there was "No Agreement in What a Successful Infill Test Looks like," appears to reference examples of various spacing tests conducted by operators, including AMH, and a general statement that larger operators conduct different tests, but the report does not say there is disagreement among the operators about what a successful test is.

Subject to the foregoing objections, Plaintiffs admit that the September 15, 2017 report says "No Agreement in What a Successful Infill Test Looks Like."  Plaintiffs deny the remainder of Request No. 214.

REQUEST FOR ADMISSION NO. 215:

Admit that the analyst report published by Guggenheim Securities on September 15, 2017 shows other STACK operators planning as many as 19 wells per section.

RESPONSE TO REQUEST FOR ADMISSION NO. 215:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it makes only a vague reference to a purported Guggenheim Securities report dated September 15, 2017, which Defendants failed to produce during discovery in this case.  Plaintiffs further object to this Request on the basis that it uses the term "planning," which is vague and ambiguous, and subject to a number of interpretations. Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  There is nothing in the report that supports the factual assertion that one or more STACK operators contemplated testing as many as 19 wells per section in the STACK within Kingfisher County.

Subject to the foregoing objections, Plaintiffs admit that the September 15, 2017 report identifies Cimarex Energy as potentially testing 19 wells per DSU in Canadian County, Oklahoma. Plaintiffs deny the remainder of Request No. 215.

REQUEST FOR ADMISSION NO. 216:

Admit that in the years 2017 and 2018, other STACK oil-and-gas operators (*i.e*, operators other than AMH and AMR) drilled or planned to drill between four and 24 wells per section in the STACK.

RESPONSE TO REQUEST FOR ADMISSION NO. 216:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it uses the term "other STACK oil-and-gas operators," which is vague, ambiguous, and subject to a number of interpretations.  Plaintiffs further object to this Request on the basis that it uses the terms "planned" and "drilled" which are vague and ambiguous, and subject to a number of interpretations.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Specifically, it does not identify which operators it is speaking about, and fails to define which operators were operating in the STACK within Kingfisher County.  Plaintiffs further object to this Request as unduly burdensome to the extent that it imposes on Plaintiffs the responsibility of inquiring with other operators in the STACK, none of whom are identified, whether within and without Kingfisher County, to determine what they "planned" to do in 2017 and 2018, let alone what they actually drilled in terms of wells per section within or without of Kingfisher County, Oklahoma.

Subject to the foregoing objections, Plaintiffs deny Request No. 216.

REQUEST FOR ADMISSION NO. 217:

Admit that when AMH/AMR planned their STACK development, several oil-and-gas operators in the STACK play had publicly stated their views that the Mississippian formation of the STACK play contained multiple strata ("benches") that held hydrocarbons in commercial quantities, each of which could potentially be produced independently of the other benches without well interference.

RESPONSE TO REQUEST FOR ADMISSION NO. 217:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it uses the terms "several oil-and-gas operators" and "publicly stated" which are vague, ambiguous, and subject to a number of interpretations.  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be. Specifically, it does not identify which operators it is speaking about, and fails to define which operators were operating in the STACK.  Plaintiffs further object to this Request as unduly burdensome to the extent that it imposes on Plaintiffs the responsibility of inquiring into purported public statements made by unidentified operators within the STACK for purposes of responding to the Request.

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs deny Request No. 217.

REQUEST FOR ADMISSION NO. 218:

Admit that Schlumberger – now SLB – is an internationally recognized oil-and-natural- gas technology company with decades of expertise in subsurface characterization.

- 89 -

RESPONSE TO REQUEST FOR ADMISSION NO. 218:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it uses the term "decades of experience in subsurface characterization," which is vague, ambiguous, and subject to a number of interpretations.

Subject to the foregoing objections, Plaintiffs admit that SLB is a reputable oil-and-natural-gas technology company.  Plaintiffs deny the remainder of Request No. 218.

REQUEST FOR ADMISSION NO. 219:

Admit that in a presentation to AMR on June 12, 2018, Schlumberger concluded that "8 wells/section is the optimal scenario for single and multi-bench development."

RESPONSE TO REQUEST FOR ADMISSION NO. 219:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it excludes any limitations that Schlumberger placed on its own conclusion.  Plaintiffs further object to this Request on the basis that it uses the term "optimal scenario," which is vague, ambiguous, and subject to a number of interpretations.  Plaintiffs further object to this Request to the extent that Schlumberger's June 12, 2018 report was limited to the Mississipian Lime area of the STACK, but Alta Mesa's drilling was not located in the Mississipian Lime.

Subject to the foregoing objections, Plaintiffs admit that Schlumberger's June 12, 2018 report said "8 wells/section is the optimal scenario for single and multi-bench development."

REQUEST FOR ADMISSION NO. 220:

Admit that in a presentation to AMR on June 12, 2018, Schlumberger identified three benches—as upper, middle, and lower—and described each of these three benches as containing two Mississippian zones.

- 90 -

RESPONSE TO REQUEST FOR ADMISSION NO. 220:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that it misstates and mischaracterizes the June 12, 2018 SLB report.  For example, the SLB report concluded that the there is only one bench in the Osage, not two, because of the near certain risk of communication/interference.  Plaintiffs further object to this Request as inconsistent with Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.

Subject to the foregoing objections, Plaintiffs deny Request No. 220.

REQUEST FOR ADMISSION NO. 221:

Admit that one feature of all investment decision-making in the oil-and-gas industry is that investment decisions are made under conditions of uncertainty.

RESPONSE TO REQUEST FOR ADMISSION NO. 221:

In addition to the objections and limitations identified in Sections I through III, above, Plaintiffs specifically object to this Request on the basis that the terms "all investment decision-making" and "conditions of uncertainty" are unduly broad, vague, ambiguous, and subject to multiple interpretations.  For instance, modern finance theory posits that market uncertainty or market risk associated with a single investment can be minimized, or eliminated, by various investment diversification methods.  Or, for example, there exist financial engineering methods that allow one to eliminate all pricing risk from an asset, and thereby converting it to a synthetic U.S. government t-bill (which is, in essence, a "risk-free" investment).  Plaintiffs further object to this Request as inconsistent with the Federal Rule 26(b)(1), because this Request is not designed to reduce trial time, facilitate proof with respect to issues that cannot be eliminated from the case, or narrow issues by eliminating those that can be.  Rather, by nature of its over-inclusiveness, the

- 91 -

Request does not appear to be intended to helpful in reducing open factual issues for the parties, or the Court.

Subject to the foregoing objections, Plaintiffs deny Request No. 221.

REQUEST FOR ADMISSION NO. 222:

Admit that assumptions on which investment decisions are made in the oil-and-gas industry can be reasonable and still prove to be wrong.

RESPONSE TO REQUEST FOR ADMISSION NO. 222:

Subject to the objections and limitations identified in Sections I through III, above, Plaintiffs admit Request No. 222.

DATED:  August 30, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
LONNIE A. BROWNE (admitted *pro hac vice*)
SEAN C. McGUIRE (admitted *pro hac vice*)
JOHN M. KELLEY (admitted *pro hac vice*)

           TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
Email:  trigs@rgrdlaw.com
Email:  lbrowne@rgrdlaw.com
Email:  smcguire@rgrdlaw.com
Email:  jkelly@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
Email:  drosenfeld@rgrdlaw.com

4876-8796-0184.v1

ENTWISTLE & CAPPUCCI LLP
ANDREW J. ENTWISTLE
(Texas Bar No. 24038131)
500 West 2nd Street, Floor 19, Suite 140
Austin, TX  78701
Telephone:  (512) 710-5960
Email:  aentwistle@entwistle-law.com

*Co-Lead Counsel for the Lead Plaintiff and the Class*

ASON A. RICHARDSON
Texas Bar No. 24056206
Southern District No. 827917
1001 Fannin Street, Suite 2700
Houston, TX  77002
Telephone:  (713) 337-8872
Facsimile:  (713) 337-8862
Email:  Jason.Richardson@mhllp.com

*Liaison Counsel*

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  (202) 362-0041
Facsimile:  (202) 362-2640
Email:  lmalone@odonoghuelaw.com

*Additional Counsel for Lead Plaintiff*

LABATON SUCHAROW LLP
IRA A. SCHOCHET (Admitted *Pro Hac Vice*)
DAVID SCHWARTZ (Admitted *Pro Hac Vice*)
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
Email:  ischochet@labaton.com
Email:  dschwartz@labaton.com

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

- 93 -

## <u>DECLARATION OF SERVICE BY EMAIL</u>

I hereby certify that on this 30th day of August 2023, a true and correct copy of the foregoing

document was served by electronic mail to the designated counsel of record in the above-captioned

action.

_____
TRIG R. SMITH

- 94 -