**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING <u>RELIANCE ON THE ADVICE OF COUNSEL</u>**

4881-4866-1236.v1

Class Plaintiffs FNY Partners Fund L.P., FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund, and additional plaintiff Camelot Event Driven Fund respectfully submit this reply in support of their Motion *in Limine* No. 2: Motion to Preclude Evidence or Argument Regarding Reliance on the Advice of Counsel (Dkt. 867-1) ("MIL No. 2") and in response to defendants Alta Mesa Resources, Inc., Riverstone Holdings LLC, Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald Smith, Jeffrey H. Tepper, and Diana J. Walters' ("Defendants") opposition to Class Plaintiffs' MIL No. 2 (Dkt. 901) ("Opposition" or "Opp.").[1]

## I.    INTRODUCTION

Defendants' Opposition is entirely predicated on the substitution of a single word: "involvement" for "advice." That is because Defendants did not make an advice of counsel defense during the course of the litigation and now concede that they "are not asserting an affirmative 'advice of counsel' defense." Opp. 901 at 1. Instead, Defendants say their defense rests on "the involvement of lawyers." *Id*. Through this attempted sleight of hand, Defendants hope to introduce evidence about the role of their attorneys and impart on the jury that their actions were blessed by those attorneys, all while not having to bear the burden that comes with making an advice of counsel defense. Defendants did not come up with this gambit on their own. It has been tried and rejected numerous times, most recently in high-profile criminal cases involving Samuel Bankman-Fried and Donald Trump. Similarly,

---

[1]    ARM Energy Holdings, LLC ("ARM") also filed an opposition to Class Plaintiffs' MIL No. 2. Dkt. 898 at 1-3. Because ARM has now settled all of the claims against it in this litigation and that opposition advanced essentially the same arguments as those in Defendants' Opposition, Class Plaintiffs do not separately address their arguments.

- 1 -

it should be rejected here and, as requested in Class Plaintiffs' MIL No. 2, Defendants should be precluded from introducing evidence or argument regarding their reliance on the advice of counsel, including any evidence or argument regarding the role of attorneys in the Business Combination or in reviewing or approving Defendants' statements to investors.

## II. EVIDENCE AND ARGUMENT REGARDING THE ADVICE AND INVOLVEMENT OF COUNSEL SHOULD BE PRECLUDED

While apparently hedging their bets with the vague statement that "an advice of counsel defense would, if raised, also be relevant," Defendants acknowledge that they have not invoked the advice of counsel defense and claim that they do not intend to introduce any evidence or argument about the advice of counsel. Opp. 1 n.2, 2.[2] Nevertheless, Defendants argue that they should be permitted to introduce evidence and argument about the involvement of their counsel in "preparing the public filings Plaintiffs now assert were false." *Id*. at 2. Of course, the only purpose of this "involvement of counsel" defense is to create the impression for the jury that Defendants' counsel blessed those public filings and, therefore, Defendants could not have violated the federal securities laws. The inherent advice Defendants intend for the jury to believe they relied on is that their counsel approved the statements at issue through their involvement in preparing and reviewing them.

This exact tactic was recently employed in the criminal trial of the cryptocurrency fraudster Samuel Bankman-Fried. In response to the Government's motion *in limine* to

---

[2] The Fifth Circuit has confirmed that a defendant may not introduce an advice of counsel defense without: (1) evidence that the defendant sought advice from counsel regarding compliance with federal securities laws; (2) what information defendant provided to counsel when seeking that advice; (3) what advice defendant received, if any; (4) and whether defendant's conduct was consistent with the advice received. *United States v. Peterson*, 101 F.3d 375, 381 n.5 (5th Cir. 1996). Defendants here withheld all such evidence, to the extent it exists, on the basis of attorney-client privilege and attorney work product.

exclude claims regarding the advice of counsel, Bankman-Fried, like Defendants here, argued that he only intended to introduce "'evidence that [he] was aware that counsel . . . were involved in decisions related to'" the alleged fraud and that this evidence was "'directly relevant to his good faith and lack of criminal intent.'" *United States v. Bankman-Fried*, 2023 WL 6392718, at *1 (S.D.N.Y. Oct. 1, 2023) (alteration in original). Judge Lewis Kaplan recognized that "the risk of confusion and unfair prejudice to the government were defendant to focus on the presence or involvement of lawyers . . . is palpable." *Id*. at 3. Initially, based on Bankman-Fried's assurance that he did not intend to focus on the involvement of lawyers or suggest that attorneys blessed any documents – assurances Defendants have conspicuously ***not*** made here – Judge Kaplan "preclude[d] the defendant from referring in his opening statement to the presence or involvement of attorneys and from offering any evidence, argument, or testimony on those subjects absent prior notice to the Court and the government outside of the presence of the jury." *Id.*

At Bankman-Fried's trial in February 2024, the issue of involvement of counsel came up again. And again, the defendant, like Defendants here, sought to introduce "evidence of the presence of attorneys at various times and the effect of the attorneys' presence on the defendant's state of mind." *United States v. Bankman-Fried*, 2024 WL 477043, at *2 (S.D.N.Y. Feb. 7, 2024). After an offer of proof,

> ***[t]he Court found that testimony on these topics would be minimally probative but would be likely to be substantially "confusing and highly prejudicial" because it "falsely impl[ied] . . . that the lawyers, with full knowledge of the facts . . . blessed what the defendant is alleged to have done***."

*Id.* (ellipses in original).[3] Moreover, Judge Kaplan observed "***that it is not entirely clear how, if at all, the relevance of evidence introduced through an informal advice-of-counsel defense varies from that of a formal advice-of-counsel defense***." *Id.* at 2 n.24.

While Defendants falsely state that "Plaintiffs can point to no prejudice from the admission of these facts" (Opp. at 1), here, as in *Bankman-Fried*, evidence regarding the involvement of counsel in the documents alleged to contain false and misleading statements "risks suggesting to the jury that, because lawyers were involved to some degree with one aspect of events, the defendant was entitled to conclude that he was acting within the law with respect to some other aspect of events." *Bankman-Fried*, 2024 WL 477043, at *3.[4] As a result, "[s]uch a misunderstanding would unfairly prejudice the government because it would 'give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.'" *Id.* at *3. Accordingly, the court excluded testimony and argument concerning the presence, involvement, or advice of attorneys. *Id.* at *4.[5]

---

[3] Unless otherwise stated, citations are omitted and emphasis is added. All references to "Exhibit _" are to the Declaration of John M. Kelley in Support of Class Plaintiffs' Reply in Support of Motion *in Limine* No. 2: Motion to Preclude Evidence or Argument Regarding Reliance on the Advice of Counsel.

[4] As Class Plaintiffs did in their motion (MIL No. 2 at 6-7), Judge Kaplan quoted *SEC v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013): "As Judge Forrest explained in *SEC v. Tourre*, a 'jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly "blessed" the legality of ***all*** aspects of a transaction.'" *Bankman-Fried*, 2024 WL 477043, at *3 (emphasis in original).

[5] Judge Kaplan made a single exception allowing for testimony regarding the role of attorneys "in implementing document retention policies" because those policies were not related to the charged conduct. *Id.* at *2.

Following the *Bankman-Fried* trial, the defendant in another high-profile criminal case, Donald Trump, also tried to introduce advice of counsel evidence using the involvement of counsel gambit. *People v. Trump*, 209 N.Y.S. 3d 878 (N.Y. Sup. Ct., Mar. 18, 2024). Trump, like Defendants here, stated that he did "'not intend to assert a formal advice-of-counsel defense'" but that he would assert a defense that he "'"lacked criminal intent" based on "the involvement of attorneys in certain decision-making."'" *Id*. at 885-86 (referred to by the court as a "'presence of counsel'" defense). But once again, the court saw through the substitution of "involvement" for "advice" and excluded the evidence, holding "***[i]t would not be fair, nor would it advance the search for truth to 'give defendant all of the essential benefits of an advice of counsel defense without having to bear' the other responsibilities that come with it***." *Id*. at 887. Based on the same federal cases cited by Judge Kaplan in *Bankman-Fried* and by Class Plaintiffs in their motion, the *Trump* court

> rule[d] that Defendant may not offer, or even suggest, the defense of "presence-of-counsel." To allow said defense in this matter would effectively permit Defendant to invoke the very defense he has declared he will not rely upon, without the concomitant obligations that come with it. ***The result would undoubtedly be to confuse and mislead the jury***. This Court can not endorse such a tactic.

*Id*. The Court here should also decline to endorse Defendants' involvement of counsel tactic.[6]

---

[6] Defendants argue that Class Plaintiffs' motion would somehow exclude exhibits "relevant to the case for reasons entirely distinct from the presence of legal counsel." Opp. at 3-4. That is incorrect. Exhibits that do not create the impression that Defendants' counsel blessed the Business Combination or related statements alleged to be misleading would be unaffected by this Motion, even if they incidentally included the name of a law firm or lawyer. To that end, Class Plaintiffs have already agreed to pre-admit exhibits that contain lawyer and law firm names. This motion simply precludes Defendants from arguing or introducing testimony about what counsel did and how the Defendants relied on counsel.

## III. CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court grant their MIL No. 2 and preclude Defendants from introducing any evidence or argument regarding their reliance on the advice or involvement of counsel, including any evidence or argument regarding the role of attorneys in the Business Combination or in reviewing or approving Defendants' statements to investors. At a minimum, and in accordance with *Bankman-Fried*, the Court should preclude Defendants' counsel in their opening statement from making any reference to the presence or involvement of lawyers and from offering any evidence or argument on that subject absent prior notice to the Court and Class Plaintiffs' counsel outside the presence of the jury.[7]

| | |
|---|---|
| DATED: November 4, 2024 | Respectfully submitted, |
| s/ Andrew J. Entwistle | s/ Trig R. Smith |
| Andrew J. Entwistle (attorney in charge)<br>State Bar No. 24038131<br>Callie Crispin<br>State Bar No. 24104231<br>Sal H. Lee<br>State Bar No. 24127308<br>**ENTWISTLE & CAPPUCCI LLP**<br>500 West 2nd Street, Floor 19, Suite 140<br>Austin, TX 78701<br>Telephone: (512) 710-5960<br>Facsimile: (212) 894-7278 | Tor Gronborg (*pro hac vice*)<br>Trig R. Smith (*pro hac vice*)<br>John M. Kelley (*pro hac vice*)<br>Stephen Johnson (*pro hac vice*)<br>**ROBBINS GELLER RUDMAN**<br>  **& DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058<br>Facsimile: (619) 231-7423 |

---

[7] To the extent that any evidence or argument regarding the involvement of counsel is permitted, the Court should provide a cautioning instruction. *See, e.g.*, *United States v. Shea*, No. 20 Cr 412 (S.D.N.Y.), Dkt. 245 (May 31, 2022 Tr. at 78:16-20, attached as Exhibit A) ("A lawyer's involvement with an individual or entity does not itself constitute a defense to any [claim] in this case. The defense has not claimed and cannot claim that the defendant's conduct was lawful because he acted in good faith on the advice of a lawyer.").

- 7 -

– and –                                                                                          *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

## CERTIFICATE OF SERVICE

I certify that this motion has been served on counsel of record via the Court's ECF system on November 4, 2024.

                                            s/ Trig R. Smith
                                            TRIG R. SMITH