# EXHIBIT A

M5VVSHE1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4            v.                              20 Cr. 412 (AT)

5   TIMOTHY SHEA,

6                Defendant.                  Trial

7   ------------------------------x

8                                            May 31, 2022
                                             9:00 a.m.
9

10  Before:

11               HON. ANALISA TORRES,

12                                           District Judge
                                               and a Jury
13

14                          APPEARANCES

15
    DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17  BY:  ALISON G. MOE
         NICOLAS T. ROOS
18       ROBERT B. SOBELMAN
         Assistant United States Attorneys
19
    MERINGOLO & ASSOCIATES P.C.
20       Attorneys for Defendant
    BY:  JOHN C. MERINGOLO
21       ANGELICA B. CAPPELLINO
         CLARA S. KALHOUS
22

23  Also Present:  Sunny Drescher, Paralegal Specialist, USAO

24

25
```

Case 1:20-cv-09572-AT   Document 126-224   Filed 11/04/22   Page 32 of 32    787
Case 1:20-cr-00951-AT   Document 826-224   Filed 11/04/21 in TXSD   Page 32 of 33

M5VVSHE3                        Charge

1    is immaterial what the defendant's motive for the crime or

2    crimes may be or whether the defendant's motive was shown at

3    all.  The presence or absence of motive is, however, a

4    circumstance which you may consider as bearing on the intent of

5    the defendant.

6          It is unimportant whether a victim might have

7    discovered the fraudulent scheme charged in Count One had the

8    victim probed further.  If you find that a scheme or artifice

9    to defraud or obtain money or property by means of materially

10   false or fraudulent pretenses, representations, or promises

11   existed, it is irrelevant whether you believe that a victim was

12   careless, gullible, or even negligent.  Carelessness,

13   gullibility, or negligence on the part of the victim is no

14   defense to a charge of fraud.

15         You have heard evidence that We Build the Wall hired

16   lawyers.  A lawyer's involvement with an individual or entity

17   does not itself constitute a defense to any of the charges in

18   this case.  The defense has not claimed and cannot claim that

19   the defendant's conduct was lawful because he acted in good

20   faith on the advice of a lawyer.

21         If you conclude that other people may have been

22   involved in criminal acts charged in the indictment, you may

23   not draw any inference, favorable or unfavorable, toward either

24   the government or the defendant from the fact that those people

25   are not named as defendants in the indictment or are not