# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

## CLASS PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3: MOTION TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE POST-HOC INVESTIGATION AND CONCLUSIONS OF KPMG

Class Plaintiffs FNY Partners Fund L.P., FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund, and additional plaintiff Camelot Event Driven Fund respectfully submit this reply in support of their Motion *in Limine* No. 3: Motion to Preclude Evidence or Argument Regarding the Post-Hoc Investigation and Conclusions of KPMG (Dkt. 872-1) ("MIL No. 3") and in response to defendants Alta Mesa Resources, Inc., Riverstone Holdings LLC, Harlan H. Chappelle, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Ronald Smith, Jeffrey H. Tepper, and Diana J. Walters' ("Defendants") opposition to Class Plaintiffs' Motion *in Limine* No. 3 (Dkt. 902) ("Opposition" or "Opp.").[1]

## I.  THE KPMG MEMO IS HEARSAY AND ANY TESTIMONY REGARDING THE KPMG MEMO SHOULD BE EXCLUDED

With auditors like these, who needs a jury? Defendants' Opposition reveals the express purpose of offering the KPMG Memo and Kaye Rasmusson's testimony: to usurp the role of the jury with KPMG's determination – that Defendants' conduct was "not an error (or fraud)" and that Defendants were not "severely reckless" in making the "drilling assumptions at the heart of Plaintiffs' case." Opp. at 2. But the KPMG Memo is based on nothing more than self-serving, post-hoc hearsay statements by Defendants and people who worked for them.

While Defendants suggest that the KPMG Memo should be admissible under the business records exception, it does not even satisfy the first element: The KPMG Memo, dated May 15, 2019, was not made at or near the time of what it describes (the alleged

---

[1]  Unless stated otherwise all other defined terms have the same meaning as in Class Plaintiffs' MIL No. 3.

4870-5885-6693.v2

fraudulent activity in late 2017 and early 2018) and the authors of the KPMG Memo did not have any personal knowledge of that fraudulent activity, relying instead on the statements of Defendants and their employees. *See* MIL No. 3 at 1-4. Defendants' contention is essentially that the KPMG Memo was made *at or near the time the KPMG Memo was made* and that the authors must have knowledge because they are the authors. Opp. at 11-12. But by this circular logic, every memo ever written would fall under the business records exception.

Moreover, Defendants concede (as they must) that the KPMG Memo is based on, and riddled with, hearsay-within-hearsay. *Id.* at 4 ("even if the Court finds that statements made by AMR's management . . . do not meet the Business Records Exception, it should exclude only the inadmissible portions"). Defendants' only argument as to the second layer of hearsay – Defendants' self-serving statements that they did not commit fraud – is internally contradictory. *Id.* at 17 ("Plaintiffs[] . . . fail[] to consider that Defendants may offer the KPMG Memo to prove something other than truth of the matter asserted."). But Defendants offer no such alternative purpose. Instead, in the following two sentences, Defendants confirm that the truth of the matter asserted is the only purpose for which they will offer the KPMG Memo. *Id.* at 17-18 (arguing that KPMG's conclusions constitute "evidence that demonstrates Defendants did not act with an intent to defraud or with severe recklessness.").

Rasmusson's proffered testimony about the KPMG Memo is improper opinion testimony. Federal Rule of Evidence 701's conjunctive test requires that lay opinion testimony be "based on personal perception" and "helpful to the jury." MIL No. 3 at 5 (quoting *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997)). On both counts, KPMG's conclusions fail. The conclusions in the KPMG Memo are based on post-hoc

statements made by the Defendants after they had already been sued for fraud, not any personal knowledge or perception of the fraudulent conduct. And Rasmusson's testimony about KPMG's conclusions would not help the jury resolve any factual dispute relevant to an element of any claim, but rather are clearly intended to tell the jury what result to reach in the manner of an ancient oath-helper.

Perhaps recognizing that her testimony is not admissible under Rule 701, Defendants attempt to recast Rasmusson as a witness with personal knowledge of events that occurred prior to KPMG being retained. Opp. at 18-19. That argument also fails. Defendants state "it is undisputed that Ms. Rasmusson has personal knowledge of the content and procedures of the KPMG Memo." *Id.* Of course, Class Plaintiffs do not dispute that Rasmusson knows what the document says and knows how it was created. But there is a difference between (a) knowing what words and facts a document contains; and (b) having personal knowledge that those underlying facts are true. Defendants ignore this distinction. But the KPMG Memo itself confirms that Class Plaintiffs are correct – the KPMG Memo is based on a laundry list of hearsay statements; not personal knowledge of a witness that observed the events or conditions first-hand. *See* MIL No. 3 at 3-4 (listing 11 instances where the KPMG Memo expressly states that KPMG relied on hearsay statements of Defendants and their agents). Any testimony about the events described in the KPMG Memo, which KPMG only learned through interviews of Defendants and their agents, is inadmissible because Rasmusson lacks personal knowledge of those facts.

4870-5885-6693.v2

## II.   CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court preclude from trial any evidence of, arguments based on, or references to the post-hoc investigation conducted by KPMG, the KPMG Memo itself, and any conclusions reached by KPMG in the KPMG Memo.

DATED:  November 4, 2024

Respectfully submitted,

s/ Andrew J. Entwistle

Andrew J. Entwistle (attorney in charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Floor 19, Suite 140
Austin, TX  78701
Telephone:  (512) 710-5960
Facsimile:  (212) 894-7278

– and –

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

s/ Trig R. Smith

Tor Gronborg (*pro hac vice*)
Trig R. Smith (*pro hac vice*)
John M. Kelley (*pro hac vice*)
Stephen Johnson (*pro hac vice*)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

*Court Appointed Co-Lead Counsel*

4870-5885-6693.v2

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven*
*Fund, A Series of Frank Funds Trust*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion has been served on counsel of record via the Court's ECF system on November 4, 2024.

s/ Trig R. Smith
TRIG R. SMITH