# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.* <br><br> Defendants. | Judge George C. Hanks, Jr. <br><br> No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.*, <br><br> Defendants. | No. 4:22-cv-2590 |

**BAYOU CITY'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
JOINT WELL DEVELOPMENT PROGRAM AS EVIDENCE OF CONTROL**

Bayou City Energy Management, LLC ("Bayou City") submits this reply in support of its Motion to Exclude evidence concerning the 2016 joint well development agreement (the "JDA" or the "Joint Well Development Program"), ECF 852, which the Court has already held is not relevant to demonstrate Bayou City's alleged Section 20(a) control.[1]

---

[1] This motion is subject to Bayou City's Motion to Dismiss for Lack of Standing (ECF 783) and Objection to Trial by Consent and Motion to Exclude (ECF 849). The sole claim against Bayou City scheduled for trial was not pleaded and is one that Plaintiffs lack standing to bring. The Court should grant those motions, in which case the motion to exclude is moot. Nothing in this motion operates as a consent or waiver of Bayou City's objection to Plaintiffs' lack of standing and their failure to plead the claim at issue.

ii

## I.    SUMMARY OF ARGUMENT

Plaintiffs' back-door attempt to circumvent this Court's summary judgment ruling is obvious on its face. As a last-ditch effort to cast blame on Bayou City, and in direct contravention to this Court's Order, Plaintiffs use a variety of tactics to try and justify the inclusion of plainly irrelevant evidence relating to the Joint Well Development Agreement. But no amount of legal "gymnastics" can obfuscate Plaintiffs' clear intentions to use this evidence to taint the jury and unfairly prejudice Bayou City. This Court must therefore uphold its rulings and the Federal Rules of Evidence and exclude such evidence.

## II.    ARGUMENT

### A.    This Court already held that the Joint Well Development Agreement does not demonstrate Bayou City's control and there is no need to revisit this holding.

In this Court's Summary Judgment order, it explicitly held that the Joint Well Development Agreement does not demonstrate that Bayou City acted with control under Section 20(a), holding that:

> Plaintiffs also fail to explain how the existence of a joint well development agreement between BCE and Alta Mesa proves that McMullen personally had the ability to control some specific transaction or activity upon which a primary violation is based. Plaintiffs argue that the agreement gave McMullen "significant operational involvement in [Alta Mesa] through the joint wells." (Dkt. 449 at pp. 29–30). However, ***Plaintiffs' evidence does not show that the well development agreement gave BCE***, let alone McMullen, ***the power to control Alta Mesa's statements to investors or potential investors***.

Memorandum Opinion & Order, ECF 778 at 49–50 (emphasis added). While Bayou City does not contend that the Court made an *evidentiary ruling*, it does contend that the Court made a *legal determination* as to the relevance of the evidence when it held that the

evidence "does not show" that the agreement gave Bayou City "power to control Alta Mesa's statements to investors or potential investors." *Id.* at 50.

But according to Plaintiffs, 0 + 0 = 1. That is, even though this Court held that the Joint Well Development Agreement does not demonstrate control, Plaintiffs argue that perhaps offering the Joint Well Development Agreement plus some *additional* evidence alleging control, might somehow tip the proverbial scales in Plaintiffs' favor. Opp. at 1 ("Put simply, there is no reason why the jury should not be permitted to consider the Joint Well Development Program evidence ***as an indicium, and possible mechanism, of BCE's control***."). This Court's ruling was clear: it did not rule that the Joint Well Development Agreement *alone* was not evidence of control—it ruled that ***the Joint Well Development Agreement was not evidence of control***. Full stop. In other words, the Joint Well Development Agreement has no bearing—or relevance—to the issue of control.

In a meager attempt to demonstrate the relevance of the Joint Well Development Agreement, Plaintiffs attempt to jam their narrative of the Agreement into the Court's narrow holding. Plaintiffs point to this Court's finding at summary judgment that a reasonable jury could return a verdict for Plaintiffs on their Section 20(a) claims against Bayou City for statements made by Chappelle that predate the SPAC transaction "[g]iven the large ***ownership stakes*** held by HPS, ***BCE,*** and ARM ***in AMH*** and Kingfisher, ***the close relationship between AMH and Kingfisher, and Chappelle's position as AMH's CEO*** . . . ." Opp. at 3 (quoting ECF 778 at 51–52). According to Plaintiffs, the Joint Well Development Agreement demonstrates "BCE's 'ownership stakes' in and 'close relationship' to AMH and Chappelle." *Id.* at 4.

2

But the Joint Well Development Agreement is separate and apart from Bayou City's minority interest in Alta Mesa Holdings: Bayou City's status as a minority shareholder of AMH is not impacted by the drilling partnership. Similarly, this Court found that a reasonable jury could return a verdict for Plaintiffs on a 20(a) claim against Bayou City due to the "close relationship between AMH and Kingfisher"—not the allegedly close relationship between Bayou City and "AMH and Chappelle"—as Plaintiffs contend. *Compare* ECF 778 at 51–52 ("the close relationship between AMH and Kingfisher") *with* Opp. at 4 ("[The Joint Well Development Program] is clear evidence of BCE's . . . 'close relationship' to AMH and Chappelle."). The Joint Well Development Agreement does nothing to support the allegedly close relationship between AMH and Kingfisher: the wells were financed by a Bayou City entity, and drilled by a subsidiary of AMH; Kingfisher had no involvement in the deal.

B.  **Plaintiffs intend to use the Joint Well Development Agreement to prejudice Bayou City.**

Control over statements made to potential investors is the ***only remaining issue*** asserted against Bayou City. Memorandum Opinion & Order, ECF 778 at 52 (concluding that Plaintiffs failed to create a triable fact issue on "most" of their claims, but finding a fact question as to whether Bayou City controlled Chappelle in his pre-deSPAC statements). Because this Court has already determined that the Joint Well Development Program provides no evidentiary support for control, admitting such evidence ***necessarily*** allows the jury to decide the case on a basis other than control, *i.e.*, a non-pleaded basis. *See United States v. Williams,* 30 F.4th 263, 268 (5th Cir. 2022) (affirming the exclusion

of evidence where "[a]dmitting the evidence gives the jury the chance to decide the case on an improper basis").

In the face of this Court's ruling, Plaintiffs' Opposition establishes its true intentions for offering this evidence: Plaintiffs view the Joint Well Development Program as "unfavorable evidence" for which they seek to prejudice Bayou City at trial. Opp. at 1. Plaintiffs thus intend to use the evidence to show that the Joint Well Development Agreement provided Bayou City with "intimate knowledge, information, and control and approval rights over AMH's development program." *Id.* at 4. In other words, Plaintiffs intend to offer this evidence as a way to show that Bayou City somehow had special knowledge about AMH or was otherwise deeply involved in a conspiracy with AMH or its shareholders, and thus should be found culpable on a basis that the Court has already dismissed at summary judgment. For this reason, Bayou City will have to go to great "lengths to explain the evidence" because Plaintiffs make clear that the inferences they intend to make are improper. Mot. at 1.

## III.   CONCLUSION

Bayou City respectfully requests that this Court enter an order excluding all evidence relating to the Joint Well Development Program to further Plaintiffs' Section 20(a) control claims against Bayou City and any other relief as this Court deems just and proper.

4

| | |
|---|---|
| DATED: November 4, 2024 | */s/ Kenneth A. Young*<br>Kenneth A. Young (*Attorney-in-Charge*)<br>Texas Bar No. 25088699<br>S.D. Tex. ID 2506614<br>Nick Brown<br>Texas Bar No. 24092182<br>S.D. Tex. ID 2725667<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Phone: (713) 836-3600<br>Fax: (713) 836-3601<br>Emails: kenneth.young@kirkland.com<br>nick.brown@kirkland.com<br><br>*Counsel for Bayou City Energy Management, LLC* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on November 4, 2024.

*/s/ Kenneth A. Young*
Kenneth A. Young