# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | No. 4:19-cv-00957 |
| ALYESKA MASTER FUND, L.P., ALYESKA MASTER FUND 2, L.P., and ALYESKA MASTER FUND 3, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.* <br><br> Defendants. | Judge George C. Hanks, Jr. <br><br> No. 4:22-cv-01189 |
| ORBIS GLOBAL EQUITY LE FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL EQUITY FUND (AUSTRALIA REGISTERED), ORBIS GLOBAL BALANCED FUND (AUSTRALIA REGISTERED), ORBIS SICAV, ORBIS INSTITUTIONAL GLOBAL EQUITY L.P., ORBIS GLOBAL EQUITY FUND LIMITED, ORBIS INSTITUTIONAL FUNDS LIMITED, ALLAN GRAY AUSTRALIA BALANCED FUND, ORBIS OEIC, and ORBIS INSTITUTIONAL U.S. EQUITY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALTA MESA RESOURCES, INC., *et al.*, <br><br> Defendants. | No. 4:22-cv-2590 |

**BAYOU CITY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO ENFORCE SUMMARY JUDGMENT RULINGS**

Bayou City submits this Reply in Support of its Motion in Limine to Enforce the Court's Summary Judgment Rulings (the "Motion"). ECF 881. Bayou City asks the Court to exclude any evidence, argument, reference, or implication that contradicts this Court's prior holdings in the case.

Plaintiffs seemingly oppose Bayou City's Motion in hopes of keeping the door cracked open to use such evidence in the future—supposing it fits their evolving narrative. But given Plaintiffs' extensive track record of moving the ever-shifting target by raising new unpleaded claims and identifying new alleged misstatements, this Court should squarely foreclose the use of evidence that it has already held is irrelevant.

## I. ARGUMENT

By Plaintiffs' own standard, a motion in limine is proper here where there is a "serious concern that these issues would be broached before the jury." Opp. at 1.

### A. MIL 1: That Bayou City or McMullen allegedly controlled statements other than the two made by Chappelle in August 2017.

Plaintiffs argue that the "jury will only be asked to find BCE liable on the § 20(a) control person claim for the *appropriate August 2017 statements*." Opp. at 4 (citing Class Plaintiffs' Proposed Verdict Form at 37 (Dkt. 868-7) ("Plaintiffs' Proposed Verdict Form") (emphasis added)).[1] But Plaintiffs yet again hide the ball because their definition of "appropriate" August 2017 statements includes even those statements for which ***Chappelle was not even the speaker***. *Compare id.* at 7 *with* Trial Ex. 6006 at 246 (bringing § 10(b) allegations against Chappelle when Mike McCabe was the speaker of these statements). Further, Bayou City is not at all tethered to Chappelle on Plaintiffs' Proposed Verdict Form, creating the alarming possibility that a jury might return a 20(a) verdict against Bayou City, even if the jury did not find that Chappelle committed a 10(b) violation. *Compare* Memorandum Opinion & Order, ECF 778 at 52 (finding a fact question only as to whether Bayou City controlled statements made by Chappelle), *with* Plaintiffs' Proposed Verdict Form ECF 868-7 at 3–8 (providing a box to check for whether Alta Mesa, Hackett, ***and/or*** Chappelle should be found liable for a 10(b) violation relating to the August 2017 statements). This Court should grant Bayou City's Motion to foreclose this issue.

---

[1] For brevity, Bayou City does not re-raise—but continues to maintain—the arguments in its Objection to Trial by Consent, ECF 849.

1

B.     **MIL 2: That Bayou City or McMullen controlled AMH or Kingfisher.**

It goes without saying that AMH is not Chappelle and Chappelle is not AMH. This is corporate governance 101. Plaintiffs are plainly wrong that it is "not possible to divorce BCE from AMH – or Chappelle from AMH." Opp. at 3. In fact, this Court did just that when it granted judgment on "most" of Plaintiffs' Section 20(a) claims against Bayou City, because even though Bayou City owned a portion of AMH prior to the SPAC transaction, "Plaintiffs have not accused . . . AMH . . . of making false statements." ECF 778 at 51–52.

In doing so, this Court made clear that there are no underlying primary violations against AMH for which a Section 20(a) control claim may be premised. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("Control person liability is secondary only and cannot exist in the absence of a primary violation."). Likewise, Plaintiffs cannot argue as they now intend that "one of the ways that BCE controlled Chappelle is through its control of AMH and Kingfisher." Opp. at 3. The relevant inquiry is whether ***Bayou City*** controlled ***Chappelle*** in certain pre-deSPAC August statements. Any other evidence relating to purported control of AMH or Kingfisher is wholly irrelevant.

C.     **MIL 3: That Bayou City or McMullen exercised control over Chappelle by providing or failing to provide edits either before or after the August 16, 2017 press release and the August 17, 2017 investor presentation.**

Plaintiffs' arguments run afoul of basic legal principles when they contend that none of the Court's key rulings at summary judgment "pertained to BCE" because Bayou City was not explicitly referenced. *See id.* at 4 (arguing that the Court's holding applied only to

2

former defendant, David Leuschen). Surely, Plaintiffs recognize that legal precedent applies broadly, and that counsel cannot put blinders on to adverse rulings simply because the counsel's client is not explicitly referenced in a court's holding. Moreover, Plaintiffs' attempts to distinguish between the *amount* or *substance* of edits provided by Leuschen is futile because this Court squarely held that edits are insufficient to demonstrate control: "It is not enough to argue, as Plaintiffs do, that Leuschen 'had the opportunity to review and comment on [Alta Mesa] press releases and other public statements in advance of them being publicly issued and could have—but chose not to—stop the false and misleading information statements from being issued.'" Memorandum Opinion & Order, ECF 778 at 42.

### D.     MIL 4: That Bayou City is a "Control Entity Defendant."

Allowing Bayou City to be referred to as a "Control Entity Defendant" is akin to referring to all Defendants as "Fraudsters"—not only is the name clearly prejudicial, but the root of the name contains the very argument for which Defendants seek to rebut. Further, any utility of once referring to several parties collectively as "Control Entity Defendants" is no longer applicable given that Bayou City is the only remaining party included within Plaintiffs' definition of a "Control Entity Defendant." Plaintiffs should be barred from referring to Bayou City in this manner and should instead use Bayou City's company name.

E. **MIL 5: That hearsay statements made by other defendants or non-parties are admissions by Bayou City under the purported opposing party statements.**

Throughout this five-year-long case, it has been clear that Plaintiffs' strategy is to muddy and confuse the issues—beginning with the Complaint in which Plaintiffs group various Defendants together and make collective allegations, despite each Defendant having unique involvement, roles, and duties within the SPAC transaction. It is virtually certain that Plaintiffs will continue their trend at trial by seeking to use certain parties' statements as admissions against Bayou City, as if Bayou City itself had made those statements. This is not about having not enough "faith in the jury system" to compartmentalize the various statements and the speakers of such statements. Opp. to AMR's Motions in Limine, ECF 892 at 11. No amount of "faith" can overcome the fact that this evidence runs directly counter to Federal Rules of Evidence 801(d)(2) and is ripe for adjudication.

F. **MIL 6: That Bayou City or McMullen committed a primary violation of the securities laws.**

It is undisputed that neither Bayou City nor McMullen *made* the alleged misstatements for which Plaintiffs complain. In this way, allowing evidence that Bayou City or McMullen committed a primary violation is inappropriate given that no 10(b) claims are at issue for either party and such evidence would allow the jury to decide the case on an improper, unpleaded basis. *United States v. Williams*, 30 F.4th 263, 268 (5th Cir. 2022) (barring evidence where it gave the jury "the chance to decide the case on an improper basis").

4

## II. CONCLUSION

Bayou City respectfully requests that in accordance with the above argument, this Court enter an order excluding all evidence that is contrary to this Court's holdings and any other relief as this Court deems just and proper.

| | |
|---|---|
| DATED: November 4, 2024 | /s/ Kenneth A. Young<br>Kenneth A. Young (*Attorney-in-Charge*)<br>Texas Bar No. 25088699<br>S.D. Tex. ID 2506614<br>Nick Brown<br>Texas Bar No. 24092182<br>S.D. Tex. ID 2725667<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Phone:  (713) 836-3600<br>Fax:  (713) 836-3601<br>Emails:  kenneth.young@kirkland.com<br>            nick.brown@kirkland.com<br><br>*Counsel for Bayou City Energy Management, LLC* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on November 4, 2024.

/s/ Kenneth A. Young
Kenneth A. Young