# EXHIBIT 1

# LATHAM&WATKINS LLP

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

October 25, 2024

**VIA EMAIL**

Andrew J. Entwistle, Esq.
Entwistle & Cappucci LLP
500 West 2nd Street
Suite 1900
Austin, TX 78701

Trig R. Smith, Esq.
Tor Gronborg, Esq.
Robbins Gellar Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Re:   *In re Alta Mesa Resources, Inc. Sec. Litig.*, C.A. No. 19-cv-00957 (S.D. Tex.)

Dear Andrew and Trig,

Your verdict form confirms precisely what we previewed for the Court in our motion in limine: Class Plaintiffs continue to improperly add unpled statements not in the Third Amended Complaint ("Complaint") and attribute statements to Mr. Hackett and Mr. Chapelle when it is clear they did not make the challenged statements. When we had our meet and confer on September 10, 2024, Class Plaintiffs said they were not going to point to statements not pled. Your verdict form confirms otherwise.

We have outlined below the problems with your verdict form statements, which are also evident in the enclosed chart comparing Defendants' Verdict Form and Plaintiffs' Verdict Form. Defendants request a meet and confer to determine if the parties can resolve or narrow the issues before we again raise this issue to Judge Hanks.

- **Statements improperly attributed to Mr. Hackett**: It is facially obvious that Mr. Hackett did not make all of the statements that Plaintiffs attribute to him in the verdict form. For example, Plaintiffs propose to ask jurors to assign liability for statements made

**LATHAM&WATKINS**LLP

during earnings calls in which the transcript clearly reflects the speaker of said statements or in a press release where the release identifies the speaker. *See, e.g.*, Plaintiffs' Questions 9, 42, 51, 57, 81. Further, Plaintiffs propose to ask jurors to assign liability to either Mr. Hackett or Mr. Chappelle for a statement made at the IPAA-OGIS Conference and Investor Presentation during which *only* Mr. Chappelle speaks and presents materials. *See, e.g.*, Plaintiffs' Question 57. Finally, Plaintiffs attribute SRII press releases and AMR press releases and presentations to Mr. Hackett when the company (*i.e.*, SRII or AMR) is the only "maker" of such statement. *See* Plaintiffs' Questions 6, 12, 45, 48, 60, 63, 66, 78.

- **Statements improperly attributed to Mr. Chappelle**: Along these same lines, it is facially obvious that Mr. Chappelle did not make all of the statements that Plaintiffs attribute to him in the verdict form. Plaintiffs attribute SRII press releases and AMR press releases and presentations to Mr. Chappelle when the company (*i.e.*, SRII or AMR) is the only "maker" of such statement. *See* Plaintiffs' Questions 6, 12, 36, 39, 45, 48, 60, 63, 66, 78.

- **Statements not challenged in the Complaint at all**: Plaintiffs continue to add statements that were not alleged as false or misleading in the Complaint. This is a problem for Question 33, which asks about a statement that does not appear in the challenged statements, but rather captures information included in the background section of the Complaint. Questions 54 and 72 likewise ask about statements that were not alleged to be false or misleading in the Complaint, nor did Plaintiffs allege why these statements were false or misleading.

- **Misleading characterizations of the challenged statements**: Plaintiffs also continually fail to designate exactly which portions of materials presented are challenged. For example, in Plaintiffs' verdict form Question 57, Plaintiffs present entire slides from the April 9, 2018 IPAA-OGIS Conference and Presentation without designating only those statements which are challenged. As another example, Plaintiffs challenge only the 2018 and 2019 EBITDA for KFM in the August 17, 2017 Investor Presentation, yet Question 15 of Plaintiffs' verdict form includes the entire slide and Question 12 improperly asks the jury about Alta Mesa's projections which were not challenged in the complaint. *See* ¶ 196. The verdict form must accurately reflect the portion of any given statement or slide that Plaintiffs challenged.

- **Proxy statements improperly included in Plaintiffs' Section 10(b) questions**: Plaintiffs improperly include the challenged proxy statements in their verdict form as challenged statements for Plaintiffs' Section 10(b) claim. Plaintiffs did not assert a challenge to the proxy statements pursuant to Section 10(b), ECF No. 571, in response to Defendants' summary judgment motion, ECF No. 1 n.3.

**LATHAM&WATKINS**LLP

  Thank you for your prompt attention to this matter.  Defendants reserve all rights and waive none, including to raise additional unpled statements or defendants as the parties continue to meet and confer regarding the Verdict Form and other trial matters.

          Sincerely,

          */s/  J. Christian Word*

          J. Christian Word
          of LATHAM & WATKINS LLP

Cc:  All Counsel of Record

## Chart of Alleged False and Misleading Statements

*In re Alta Mesa Resources, Inc. Securities Litigation*

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| August 16, 2017 Press Release | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "With approximately 120,000 contiguous net acres and **about 4,200 gross identified drilling locations**, [AMH] is among the largest and most active operators in the STACK. Since 2012, Alta Mesa [AMH] has drilled to total-depth 205 STACK horizontal wells, in order to further delineate and de-risk its approximate 300 square mile position in the up-dip oil window of the STACK. To date, Alta Mesa [AMH] has completed 173 of these wells, with 167 on production. Based upon production through the second quarter of 2017, Alta Mesa [AMH] **expects EURs at year end to exceed 650 MBOE per well** or approximately 140 BOE per foot of lateral." [emphasis added] ¶ 190. | **Question 6:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the August 16, 2017 Press Release? **AMH had identified "about 4,200 gross identified drilling locations" and based on its currently producing wells AMH "expects EURs at year end to exceed 650 MBOE per well."** | Alta Mesa, Hackett, Chappelle |
| August 17, 2017 Investor Conference Call and Investor Presentation | Chappelle | Section 10(b) | Riverstone, BCE, ARM Energy, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "We have over 200 wells that we've drilled here and we've demonstrated the value, and we have confidence in the upside. As an illustration of that, at the end of the second quarter [of 2017], we drilled on the order of 200 wells; of those, over 160 were on production. And of that number, about 114 had sufficient production history to give us confidence that at the end of this year, our year-end reserves will reflect better than 650,000 BOE." ¶ 194. | **Question 9:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the August 17, 2017 Investor Conference Call? **"We have over 200 wells that we've drilled here and we've demonstrated the value, and we have confidence in the upside. As an illustration of that, at the end of the second quarter [of 2017], we drilled on the order of 200 wells; of those, over 160 were on production. And of that number, about 114 had sufficient production history to give us confidence that at the end of this year, our year-end reserves will reflect better than 650,000 BOE."** | Alta Mesa, Hackett, Chappelle |

---

[1] Where emphasis is added, the emphasized portion of the statement is the only portion that Plaintiffs allege to be false or misleading. Additionally, where Plaintiffs challenge particular statements or depictions within a larger slides or charts, the challenged portion is identified with a red box. Paragraph citations are to Plaintiffs' Third Amended Complaint ("TAC").

[2] Defendants have identified in red where Plaintiffs have improperly added Defendants who are not responsible for the challenged statement.

1

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| August 17, 2017 Investor Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | [slide image] ¶ 196 (2018 and 2019 EBITDA). | **Question 12:** Have Class Plaintiffs proved their §10(b) Claim for the information in the following slide regarding Alta Mesa's Projected 2018 and 2019 EBITDA in the August 17, 2017 Investor Conference? [slide image] **Question 15:** Have Class Plaintiffs proved their §10(b) Claim for the information in the following slide regarding Kingfisher's Projected 2018 and 2019 EBITDA in the August 17, 2017 Investor Conference? [slide image] | Alta Mesa, Hackett, Chapelle |

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| January 19, 2018 Form DEFA 14A Proxy | Riverstone Hackett Gutermuth Tepper Walters AMR | Section 14(a) | Riverstone, Hackett, Gutermuth, Tepper, Walters | ¶¶ 109, 374. | **Question 18:** Have Class Plaintiffs proved their §10(b) Claim for the information in the following table regarding Alta Mesa's Adjusted EBITDAX in the January 19, 2018 Proxy? | Alta Mesa, Hackett |
| January 19, 2018 Form DEFA 14A Proxy | Riverstone Hackett Gutermuth Tepper Walters AMR | Section 14(a) | Riverstone, Hackett, Gutermuth, Tepper, Walters | "The unaudited financial projections of Alta Mesa and Kingfisher set forth in the forecasts included under 'Proposal No. 1—The Business Combination Proposal—Unaudited Financial Projections of Alta Mesa and Kingfisher' were not prepared with a view toward public disclosure or with a view toward complying with the guidelines established by the American Institute of Certified Public Accountants with respect to prospective financial information. In the view of Alta Mesa's management and Kingfisher's management, the **financial projections were prepared on a reasonable basis, reflected the best currently available estimates and judgments of Alta Mesa and Kingfisher, as applicable**, and **presented, to the best of their knowledge and belief, the expected course of action and the expected future financial performance of Alta Mesa and Kingfisher, respectively**. However, the financial projections are not fact. Further, none of the unaudited financial projections reflect any impact of the proposed transaction and have not been updated since the date of preparation." [emphasis added] ¶¶ 198, 207. | **Question 24:** Have Class Plaintiffs proved their §10(b) Claim for the following statements in the January 19, 2018 Proxy? **The Proxy contains "financial projections . . . prepared on a reasonable basis" and "reflected the best currently available estimates and judgments of [AMH] and Kingfisher, as applicable." The Proxy represents that the financial figures are "presented, to the best of their knowledge and belief, the expected course of action and the expected future financial performance of Alta Mesa and Kingfisher, respectively."** | Alta Mesa, Hackett |
| January 19, 2018 Form DEFA 14A Proxy | Riverstone Hackett Gutermuth Tepper Walters AMR | Section 14(a) | Riverstone, Hackett, Gutermuth, Tepper, Walters | "As of September 30, 2017, Alta Mesa has drilled more than 220 horizontal STACK wells, and currently has a multi-rig program, averaging six rigs in 2017. **Of the 220 wells drilled, over 183 were on production, and of that number, about 116 had sufficient production history to give Alta Mesa's management confidence that Alta Mesa's type well EUR is greater than 650 MBOE."** [emphasis added] ¶¶ 105, 199, 289. | **Question 27:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the January 19, 2018 Proxy? **"Of the 220 wells drilled, over 183 were on production, and of that number, about 116 had sufficient production history to give Alta Mesa's management confidence that [AMH's] type well EUR is greater than 650 MBOE."** | Alta Mesa, Hackett |
| January 19, 2018 Form DEFA 14A Proxy | Riverstone Hackett Gutermuth Tepper Walters AMR | Section 14(a) | Riverstone, Hackett, Gutermuth, Tepper, Walters | ¶¶ 201, 290, 373. | **Question 30:** Have Class Plaintiffs proved their §10(b) Claim for the information in the following table relating to Alta Mesa's Projected Average Net Daily Production in the January 19, 2018 Proxy? | Alta Mesa, Hackett |

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | | | [Alta Mesa Projections table image] | |
| January 19, 2018 Form DEFA 14A Proxy | Riverstone Hackett Gutermuth Tepper Walters AMR | Section 14(a) | Riverstone, Hackett, Gutermuth, Tepper, Walters | [Kingfisher Projections table image]<br><br>¶¶ 109, 206, 374. | **Question 21:** Have Class Plaintiffs proved their §10(b) Claim for the information in the following table regarding Kingfisher's 2018 and 2019 Adjusted EBITDA in the January 19, 2018 Proxy?<br><br>[Kingfisher Projections table image] | Alta Mesa, Hackett |
| January 19, 2018 Form DEFA 14A Proxy | | | | [This is a statement from the background section of the Complaint. The Complaint does not allege this statement is a false/misleading statement or why. This is not a properly challenged statement.] | **Question 33:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the January 19, 2018 Proxy?<br><br>**Alta Mesa's deep inventory includes over 4,000 primary gross locations and over 12,000 possible locations from down spacing, as well as additional zone penetration.** | Alta Mesa, Hackett |
| February 21, 2018 EnerCom Dallas Conference Investor Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | [Development Process Underway slide image]<br><br>¶ 209. | **Question 39:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented at the February 21, 2018 EnerCom Conference?<br><br>[Development Process Underway slide image] | Alta Mesa, Chappelle |

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| February 21, 2018 EnerCom Dallas Conference Investor Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | *[Slide image: "Alta Mesa: Sustainable STACK Development — Integrated upstream & midstream with fully funded growth and low leverage"; bullets include Disciplined Operations, 2012-2017 Execution and Results De-Risk Investment (with highlighted sub-bullets on 250+ horizontal STACK wells, Multi-well development projects initiated in 2017; previous pattern tests validate approach, Consistency and geographic breadth of well results underscores repeatable development), Experienced Management Team Aligned with Shareholders, Comprehensive Application of Best Practices and Technology.]* | **Question 36:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented at the February 21, 2018 EnerCom Conference? *[Same slide image]* | Alta Mesa, Chappelle |
| March 29, 2018 Press Release Announcing Earnings Results and Earnings Presentation | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "2017 was a year of significant progress for our company marked by several important milestones that we believe has set us up for success in 2018 and beyond. We achieved year-over-year growth in our production, reserves and EBITDAX; **we have de-risked our acreage with over 250 operated horizontal wells and a comprehensive scientific and engineering effort to begin systematic development with multi-well patterns**. Creating Alta Mesa Resources with the upstream assets of Alta Mesa Holdings and midstream assets of Kingfisher, we believe we have a strong balance sheet that will allow us to execute on our vision for years to come." [emphasis added] ¶ 211. | **Question 42:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the March 29, 2018 Press Release?<br><br>"we have de-risked our acreage with over 250 operated horizontal wells and a comprehensive scientific and engineering effort to begin systematic development with multi-well patterns." | Alta Mesa, Hackett, Chappelle |
| March 29, 2018 Press Release Announcing Earnings Results and Earnings Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "In [AMH's] STACK play, the company has assembled a highly contiguous leasehold position of over 130,000 net acres. In the fourth quarter of 2017, AMHLP completed 36 horizontal wells in the Osage and Meramec formations. AMHLP had 43 horizontal wells in progress as of the end of the fourth quarter, 22 of which were on production subsequent to the end of the quarter. AMHLP currently has seven rigs operating in the STACK play, with a contracted eighth rig arriving in April and plans to maintain this level for the balance of 2018. In total, AMHLP plans to drill between 170 and 180 gross wells during the year. **We expect drilling and completion costs on these wells to average $3.8 million and our type curve has been approximately 650 MBOE per well**." [emphasis added] ¶ 211. | **Question 45:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the March 29, 2018 Press Release?<br><br>"We expect drilling and completion costs on these wells to average $3.8 million and our type curve has been approximately 650 MBOE per well." | Alta Mesa, Hackett, Chappelle |

5

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| March 29, 2018 Press Release Announcing Earnings Results and Earnings Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | ¶ 214. | **Question 48:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented at the March 29, 2018 Investor Presentation and Conference Call? | Alta Mesa, Hackett, Chappelle |
| March 29, 2018 Fourth Quarter 2017 Earnings Conference Call | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "I'd like to start by reviewing highlights from 2017 and then follow with some key messages of our 2018 program. 2017 and, of course, early 2018 were literally transformational for Alta Mesa as we changed from a private upstream company to a publicly traded fully integrated midstream and upstream company. **During this time [2017 and early 2018]**, we fortified our balance sheet, **further de-risked and delineated our Kingfisher County acreage [in STACK]** and began a larger-scale development of our STACK assets in the normally pressured naturally fractured oil window. We have accelerated infrastructure investments to further reduce both our capital and our operating expenses and support our growth. . . . . **We have transitioned from spacing tests to development patterns.** As shown in the slide deck, we now have 4 multiwell patterns with more than 60 days of flowback and are systematically drilling, completing and bringing more multiwell patterns on production." [emphasis added] ¶ 213. | **Question 51:** Have Class Plaintiffs proved their §10(b) Claim for the following statement during the March 29, 2018 Investor Presentation and Conference Call?<br><br>"During [2017 and early 2018] we … further de-risked and delineated our Kingfisher County acreage [in STACK]…. We have transitioned from spacing tests to development patterns." | Alta Mesa, Hackett, Chappelle |
| March 29, 2018 Fourth Quarter 2017 Earnings Conference Call | | | | *[The Complaint does not allege this statement is a false/misleading statement or why. This is not a properly challenged statement, as illustrated by the fact that Plaintiffs did not identify it as a challenged statement in their interrogatory responses.]* | **Question 54:** Have Class Plaintiffs proved their §10(b) Claim for the following statement during the March 29, 2018 Investor Presentation and Conference Call?<br><br>**"Most significantly, large third party producers have delayed drilling on dedicated acreage, and these customers have begun to shift their activity back to acreage we serve, again we believe only on order of six months' shift in** | Alta Mesa, Hackett, Chappelle |

6

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | | completed wells into our system." | | |
| April 9, 2018 IPAA-OGIS Conference and Investor Presentation | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "Now, here's one simple example of a well that we optimized with an ESP, obviously a very good outcome if you're producing on the order of 800 barrels a day when in fact you are very, very low until you are able to put in the right solution. But the point is there are opportunities like this. We've got a lot of effort focused on that." [emphasis added] ¶ 222.<br><br>*[For context only, below is the slide being discussed. The slide is not part of this challenged statement.]* | **Question 57:** Have Class Plaintiffs proved their §10(b) Claim for the following statement and accompanying slide presented at the April 9, 2018 IPAA-OGIS Conference and Presentation?<br><br>"Now, here's one simple example of a well that we optimized with an ESP, obviously a very good outcome if you're producing on the order of 800 barrels a day…. But the point is there are opportunities like this. We've got a lot of effort focused on that." | Alta Mesa, Hackett, Chappelle |
| April 9, 2018 IPAA-OGIS Conference and Investor Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | ¶ 224. | **Question 60:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented at the April 9, 2018 IPAA-OGIS Conference and Presentation? | Alta Mesa, Hackett, Chappelle |

7

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | | | *Consistent Well Results chart showing EUR for 146 Wells in Distribution with data table for Townships 15N–20N* | |
| May 14, 2018 First Quarter 2018 Investor Call | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | *Development Patterns Underway slide: "Multi-well development pattern results across field are favorable" with map and production chart* ¶ 226. | **Question 63:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the May 14, 2018 Investor Presentation? "Multi-well development pattern results across field are favorable." | Alta Mesa, Hackett, Chappelle |
| May 14, 2018 First Quarter 2018 Investor Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | | **Question 66:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented at the May 14, 2018 Investor Presentation? | Alta Mesa, Hackett, Chappelle |

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | | *[production optimization slide image]* | *[production optimization slide image]* | |
| May 14, 2018 First Quarter 2018 Investor Call | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | "We are reaffirming our FY '18 guidance. We have confidence in presenting operating results such as production, revenue, expenses as those numbers will not change." ¶ 227. | **Question 69:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the May 14, 2018 Investor Call?<br><br>**"We are reaffirming our FY '18 guidance. We have confidence in presenting operating results such as production, revenue, expenses as those numbers will not change."** | Alta Mesa, Chappelle |
| May 21, 2018 First Quarter 2018 Form 10-Q | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Gutermuth, Tepper, Walters | *[The Complaint does not allege this statement regarding disclosure controls and procedures is a false/misleading statement or why. This is not a properly challenged statement.]* | **Question 72:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the May 21, 2018 Form 10-Q?<br><br>**"Based on that evaluation, our Chief Executive Officer and Chief Financial Officer concluded that our disclosure controls and procedures were effective as of March 31, 2018 to provide reasonable assurance that information required to be disclosed in our reports filed or submitted under the Exchange Act is recorded, processed, summarized and reported within the time periods specified in the Securities and Exchange Commission's rules and forms."** | Alta Mesa, Chappelle |
| May 21, 2018 First Quarter 2018 Form 10-Q | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, | **CERTIFICATION OF CHIEF EXECUTIVE OFFICER**<br><br>I, Harlan H. Chappelle, certify that:<br><br>1. I have reviewed this Quarterly Report on Form 10-Q of Alta Mesa Resources, | **Question 75:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the May 21, 2018 Form 10-Q?<br><br>**"The information contained in this Report fairly presents, in all material respects, the financial condition and results of operations of Alta Mesa Resources, Inc."** | Alta Mesa, Chappelle |

9

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | Walters | Inc.; <br><br> … <br><br> 3. Based on my knowledge, the financial statements, and other financial *information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of Alta Mesa Resources, Inc.* as of, and for, the periods presented in this report; <br><br> ¶ 235 [emphasis added]. | | |
| August 14, 2018 Second Quarter 2018 Earnings Call and Presentation | AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, Walters | [Development Patterns Underway slide image] <br><br> ¶ 237. | **Question 78:** Have Class Plaintiffs proved their §10(b) Claim for the following slide presented during the August 14, 2018 Earnings Call? <br><br> [Development Patterns Underway slide image] | Alta Mesa, Hackett, Chappelle |
| August 14, 2018 Second Quarter 2018 Earnings Call | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, Walters | "I would like to start off by highlighting our announcement that the Board of Directors has approved a share buyback program. When the business combination of Alta Mesa Holdings, Kingfisher Midstream and Silver Run II was conceived, management and investors saw significant opportunity to capture and create long-term value in the STACK. Our belief in that has strengthened as we have integrated these businesses and continue to grow production and progress our knowledge of this incredible resource. <br><br> The opportunity to invest in our own high-quality acreage and integrated midstream business at recent trading levels **offers compelling long-term returns to our shareholders**." [emphasis added]  ¶ 242. | **Question 81:** Have Class Plaintiffs proved their §10(b) Claim the following statement during the August 14, 2018 Earnings Call? <br><br> **"The opportunity to invest in our own high quality acreage in integrated midstream business at recent trading levels offers compelling long term returns to our shareholders."** | Alta Mesa, Hackett, Chappelle |
| September 6, 2018 Barclays CEO Energy Power Conference | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, | "During that 5-year period that preceded our becoming a public company, combining earlier this year with Kingfisher Midstream and Silver Run, we drilled about 250 wells and we went through 4 generations of completions. We also engaged in 7 pattern tests. That period established the basis for the development drilling with multi-well pads that we're engaged in today. | **Question 84:** Have Class Plaintiffs proved their §10(b) Claim for the following statement at the September 6, 2018 Barclays Conference? <br><br> **"During that period of time, we performed 7 pattern tests that gave us insight into the intensive multi-well patterns** | Alta Mesa, Chappelle |

10

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| | | | Walters | . . . .<br><br>Now with regard to our future development, I just showed 5 years of progressive definition and delineation. We've got a large resource. It's in the normally pressured, naturally fractured Black-Oil Window. We've applied engineering and science in a very intensive way to affirm the multi-billion barrel resource that we have. We drilled over 250 wells, defined a mean well result for an original DSU well, in other words, the first well in the pattern being -- a lot of people would use the word the parent well. **During that period of time, we performed 7 pattern tests that gave us insight into the intensive multi-well patterns that we see as being necessary to produce all the economic oil that we have here.**<br><br>We found that 1,500 feet spacing between wells is a good base case from which to start. We tested the boundaries of those as well, and we had as narrow as 660 feet within a given bench or 330 feet, if you will, as you look at the staggered spacing between multiple benches. That literally would have been – **that would infer 24 wells per section**. We're not going with that, **but it does illustrate the potential for down spacing, and in fact, it gave us a lot of confidence because one of our strategic anchors is that we need to limit our downside.** That boundary condition of 660-foot spacing still gave us an economic pattern. So that gave us the confidence to move forward with this base case of 1,500-foot spacing." [emphasis added] ¶ 248. | that we see as being necessary to produce all the economic oil that we have here. . . . . That literally would have been -- that would infer 24 wells per section. We're not going with that, but it does illustrate the potential for down spacing, and in fact, it gave us a lot of confidence because one of our strategic anchors is that we need to limit our downside." | |
| November 14, 2018 Third Quarter 2018 Form 10-Q | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, Walters | "As discussed in this quarterly report, on February 9, 2018, we completed the acquisition of Alta Mesa and Kingfisher. We are currently integrating these acquisitions into our control environment. In executing this integration, we are analyzing, evaluating and, where appropriate, making changes in controls and procedures in a manner commensurate with the size, complexity and scale of operations subsequent to the acquisitions. We expect to complete the Kingfisher integration in fiscal year 2019 and consequently expect to exclude Kingfisher from our assessment of internal control over financial reporting as of December 31, 2018. The evaluation of internal controls over financial reporting for the Company has required and will continue to require significant time and resources from management and other personnel.<br><br>. . . .<br><br>**Other than the changes described above, there have been no changes in our internal control over financial reporting during the three months ended September 30, 2018 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.**" [emphasis added] ¶ 256. | **Question 87:** Have Class Plaintiffs proved their §10(b) Claim for the following statement in the November 14, 2018 Form 10-Q?<br><br>**"Based on that evaluation, our Chief Executive Officer and Chief Financial Officer concluded that our disclosure controls and procedures were effective as of March 31, 2018 to provide reasonable assurance that information required to be disclosed in our reports filed or submitted under the Exchange Act is recorded, processed, summarized and reported within the time periods specified in the Securities and Exchange Commission's rules and forms. . . . Other than the changes described above, there have been no changes in our internal control over financial reporting during the three months ended September 30, 2018 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."** | Alta Mesa, Chappelle |

11

| Date and Source | Defendant(s) for Primary Violation | Statutory Claim(s) for Primary Violation | Defendants for Section 20(a) Control Violation | Defendants' Verdict Form[1] | Plaintiffs' Verdict Form | Plaintiffs' List of Violators[2] |
|---|---|---|---|---|---|---|
| November 14, 2018 Third Quarter 2018 Form 10-Q | Chappelle AMR | Section 10(b) | Riverstone, Hackett, Chappelle, Ellis, Smith, Tepper, Walters | **CERTIFICATION OF CHIEF EXECUTIVE OFFICER**<br><br>I, Harlan H. Chappelle, certify that:<br><br>1. I have reviewed this Quarterly Report on Form 10-Q of Alta Mesa Resources, Inc.;<br><br>[…]<br><br>3. Based on my knowledge, the financial statements, and other ***financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of Alta Mesa Resources, Inc.*** as of, and for, the periods presented in this report;<br><br>[emphasis added]  ¶ 257. | **Question 90:**  Have Class Plaintiffs proved their §10(b) Claim for the following statement in the November 14, 2018 Form 10-Q?<br><br>**"The information contained in this Report fairly presents, in all material respects, the financial condition and results of operations of Alta Mesa Resources, Inc."** | Alta Mesa, Chappelle |