# KIRKLAND & ELLIS LLP

Anna Elizabeth Swanson
To Call Writer Directly:
+1 713 836 3782
anna.swanson@kirkland.com

609 Main Street
Houston, TX 77002
United States

+1 713 836 3600

www.kirkland.com

Facsimile:
+1 713 836 3601

November 5, 2024

**VIA ECF & EMAIL**

The Honorable George C. Hanks, Jr.
United States District Court Judge
Southern District of Texas
515 Rusk St., Room 6202
Houston, TX 77002

Re: In re Alta Mesa Resources Securities Litigation, 4:19-cv-00957-GCH

Dear Judge Hanks:

I write on behalf of Bayou City Energy Management, LLC ("Bayou City") to respectfully seek a pre-trial ruling from the Court on two pending dispositive motions—Bayou City's Motion to Dismiss for Lack of Standing (ECF No. 783)[1] and its Emergency Objection to Trial By Consent (ECF No. 849)[2] (the "Motions"). Both Motions have been fully briefed and are ready for the Court's review and order. Either of the Motions would completely resolve all claims against Bayou City. Bayou City respectfully requests the Court's ruling on the Motions ahead of trial.

In short, Bayou City is about to be subjected to a five-week, forty-witness, multi-phase trial *by ambush* that will be so costly it threatens Bayou City's very existence and violates Bayou City's due process rights. The Class proposes to use the trial against Bayou City to adjudicate an *unpleaded* controlling person claim for statements that the Class *plainly lacks standing to challenge*, as they concededly were not about a public company in which they owned stock—*i.e.*, not Alta Mesa Resources, Inc. or Silver Run II. In fact,

---

[1] Class Plaintiffs' response is filed at ECF No. 811. Bayou City's reply in support of the Motion to Dismiss for Lack of Standing was filed at ECF No. 830.
[2] Class Plaintiffs' response is filed at ECF No. 895. Bayou City's reply in support of the Objection to Trial By Consent was filed at ECF No. 930.

## KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
November 5, 2024
Page 2

these alleged statements were made about two other ***private*** companies several months ***before*** the close of the relevant business combination.

      We believe the Court will unquestionably agree that this recently reframed controlling person claim against Bayou City should be dismissed for lack of standing or lack of pleading, both threshold issues that must be resolved prior to trial. The Motions provide the legal bases for the disposition of this unpleaded claim, which the Class lack standing to assert. Allowing the Class to pursue an unpleaded claim they lack standing to bring would taint the entire trial with harmful error.

      Bayou City has exhausted every possible effort to reach a resolution with the Class, as have the defendants represented by Latham & Watkins. But the Class, apparently enamored with their "surviving" unpleaded claim following summary judgment, is making settlement demands that far exceed Bayou City's total assets, making it *impossible* for Bayou City to fund a settlement in relation to Bayou City's dwindling resources. The Opt-Out Plaintiffs, on the other hand, have resolved all claims with Defendants, including Bayou City. Unfortunately, only Court-intervention can bring the Class claim against Bayou City to an efficient resolution.

      Certainly, we wish to resolve this case and to prevent the waste and duplication of a trial of a claim that is foreclosed under Supreme Court and Fifth Circuit precedent. The Motions provide the only efficient path to do so at this juncture. We appreciate the Court's consideration.

Sincerely,

*Anna Swanson*

Anna Elizabeth Swanson