**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**UNOPPOSED PARTIAL SETTLEMENT AGREEMENT**

WHEREAS, an action is pending before this Court entitled *In re Alta Mesa Res., Inc. Sec. Litig.*, Civil Action No. 4:19-cv-00957 (the "Action");

WHEREAS, on January 24, 2022, the Court certified the Action to proceed as a class action on behalf of: all persons and entities who held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II units on January 22, 2018; and all persons or entities who purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019 (the "Class");[1]

WHEREAS, Class Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trusts, have entered into and executed the Stipulation and Agreement of Settlement (the "Settlement Agreement") with defendant ARM Energy Holdings, LLC ("Settling Defendant"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendant;

---

[1] Excluded from the Class are: Defendants; the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); members of the immediate families of the Individual Defendants and the Excluded Officers and Directors; any entity in which any Defendants, the Excluded Officers and Directors (or any of their respective immediate family members) has and/or had during the Class Period a controlling interest; Defendants' liability insurance carriers; any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM, or the Control Entity Defendants; all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Class are those Persons and entities who requested exclusion from the Class in connection with the Notice of Pendency of Class Action provided to the Class in April 2024.

WHEREAS, in full and final settlement of the claims asserted against it in this Action, Settling Defendant has agreed to pay $3,000,000 (the "Settlement Amount");

WHEREAS, Class Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against the Settling Defendant and for dismissal of the Action against the Settling Defendant;

WHEREAS, the Court has read and considered the Settlement Agreement and other documents submitted in connection with Class Plaintiffs' Unopposed Motion for an Order Preliminarily Approving Settlement with ARM, and good cause appearing therefore; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.     PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Settlement Hearing described below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the

Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Preliminary Approval Order.

## II. PLAN OF ALLOCATION, NOTICE, AND SETTLEMENT HEARING

1. At a later date, Class Counsel shall submit for the Court's approval a proposed Plan of Allocation of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

2. At a later date, Class Counsel shall submit for the Court's approval a notice plan and proposed form of notice for purposes of advising members of the Class, among other things, of their right to object to the Settlement Agreement, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and of their right to appear at the Settlement Hearing.

## III. OTHER PROVISIONS

1. The Court authorizes Class Counsel to select and retain a Claims Administrator to fulfill the duties and responsibilities set forth in the Settlement Agreement.

2. The Court approves Class Plaintiffs' designation of Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP as the Escrow Agent. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

3. The Court approves the establishment of the Escrow Account under the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B, 26 U.S.C. § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the

formulation or administration of the QSF. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

4. In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of October 29, 2024, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the Settlement Agreement (including any amendment(s) thereto) and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person. Any portion of the Settlement Amount previously deposited into the Escrow Account by the Settling Defendant shall be returned to the Settling Defendant within thirty (30) days after written notification of such event is sent by counsel for the Settling Defendant or Class Counsel to the Escrow Agent, except for sums actually paid from the Settlement Fund for the reasonable costs of notice and administration expenses.

5. The Settling Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action. As such, neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreement shall be construed to constitute a

presumption, concession, or admission by the Settling Defendant of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

6. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Class.

7. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Class who does not enter an appearance will be represented by Class Counsel.

8. Unless otherwise ordered by the Court, all proceedings in the Action are stayed against the Settling Defendant, except as may be necessary to implement the Settlement or comply with the Settlement Agreement or other agreement of the Class Plaintiffs and the Settling Defendant. Pending final determination of whether the proposed settlement with the Settling Defendant should be approved, neither Class Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against the Settling Defendant any action or proceeding in any Court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _____    _____
                                                                  THE HONORABLE GEORGE C. HANKS, JR.
                                                                  UNITED STATES DISTRICT JUDGE