# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Civil Action No. 4:19-cv-00957

## STIPULATION AND AGREEMENT BETWEEN CLASS PLAINTIFFS AND ARM ENERGY HOLDINGS, LLC

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement Agreement"), dated October 29, 2024 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure embodies a settlement (the "Settlement") made and entered into by and among: (i) FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trust ("Class Plaintiffs," as defined in Section III.1 below) for themselves and on behalf of each Class Member, on the one hand, and (ii) ARM Energy Holdings, LLC ("ARM Energy" as defined in Section III.1 below or the "Settling Defendant"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of Texas. This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section III.1 below.

## I.    CLASS PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Class Counsel believe Class Plaintiffs' claims asserted in the Action have substantial merit, but also have taken into account the uncertain outcome and risks of further litigation against the Settling Defendant. Class Counsel believe that entering into the Settlement at this time confers substantial benefits upon the Class. Based on their evaluation, Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Plaintiffs and the Class, and is fair, reasonable, and adequate.

## II.    SETTLING DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendant has denied and continues to deny that it has violated any laws and maintains that its conduct was at all times proper and in compliance with all applicable provisions of law. The Settling Defendant has denied and continues to deny that anyone suffered monetary harm as a result of any conduct by the Settling Defendant. The Settling Defendant has denied and continues to deny specifically each, every, and all of the claims and contentions of wrongful conduct by the Settling Defendant alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Action. Settling Defendant is entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

## III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Class Plaintiffs, on the one hand, and the Settling Defendant, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released as to all Releasees, and the Action shall be settled, compromised, and dismissed with prejudice as to the Releasees, without costs, except as stated herein, and releases extended as set forth in this Settlement Agreement, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Action" means the consolidated securities class action styled *In re Alta Mesa Resources, Inc. Securities Litigation*, Case No. 4:19-cv-00957 (GCH), and includes all actions consolidated therein, *with the exception of* the actions titled *Alyeska Master Fund, L.P. et al. v. Alta Mesa Resources, Inc. et al.*, Case No. 4:22-cv-01189 and *Orbis Global Equity LE Fund (Australia Registered) et al. v. Alta Mesa Resources, Inc. et al.*, Case No. 4:22-cv-02590.

1.2    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

1.3    "Amended Complaint" means the Third Consolidated Amended Complaint, dated December 6, 2021, filed in this Action, ECF No. 218.

1.4    "ARM Energy" means ARM Energy Holdings, LLC, and each of its respective past or present direct and indirect subsidiaries, parents (including holding companies), affiliates, associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and account managed or advised by ARM Energy or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co- insurers), assigns, assignees, and current and former employees, officers, and directors, members or partners of any other of the foregoing entities. ARM Energy does not include any non-Settling Defendants in this Action.

1.5    "Authorized Claimant" means any Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.6    "Bar Date" is defined in Paragraph 8.5.

1.7    "Claims Administrator" means JND Legal Administration or other qualified administrator selected by Class Counsel and approved by the Court.

1.8    The "Class" is the Class certified and defined by the Court on January 24, 2022 (ECF No. 241).

1.9    "Class Counsel" means Class Counsel appointed by the Court on January 24, 2022 (ECF No. 241), Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP, and any counsel who appeared on behalf of Class Plaintiffs in the Action.

1.10    "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred by the Claims Administrator and/or Class Counsel in connection with providing Notice, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release Forms, and paying escrow fees and costs, if any.

1.11    "Class Plaintiffs" means FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trust for themselves and on behalf of each Class Member.

1.12    "Court" means the United States District Court for the Southern District of Texas.

1.13    "Defendants" means any and all parties named as defendants in the Amended Complaint and/or in any further amended complaint or pleading filed in this Action.

1.14    "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 10.1 of the Stipulation have been met and have occurred.

1.15    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which the Settlement Amount is deposited by or on behalf of the Settling Defendant in accordance with the schedule specified in Paragraph 3.1.

1.16    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP or their successors.

1.17    "Fee and Expense Application" is defined in Paragraph 9.1.

1.18    "Fee and Expense Award" is defined in Paragraph 9.1.

1.19    "Final" means when the last of the following with respect to the Judgment and Order of Dismissal shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any Plaintiffs' Award, or any Plan of Allocation of the Net Settlement Fund.

1.20    "Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in a form agreed to by the Settling Parties.

1.21    "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any Plaintiffs' Award, if requested, and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.22    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, as approved by the Court.

1.23    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.24    "Plaintiffs' Award" is defined in Paragraph 9.2.

1.25    "Plaintiffs' Award Application" is defined in Paragraph 9.2.

1.26    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Settling Defendant shall have no responsibility or liability with respect to the Plan of Allocation.

1.27    "Preliminary Approval Order" means the order granting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation.

1.28    "Proof of Claim and Release Form" means the form as eventually approved by the Court for such use.

1.29    "Released Claims" means all Released Settling Defendant's Claims and all Released Plaintiffs' Claims.

1.30    "Released Settling Defendant's Claims" means all claims (including "Unknown Claims" as customarily defined in settlements of this kind), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not

limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendant in the Action. The foregoing release does not include claims relating to the enforcement of the settlement ("Excluded Settling Defendant's Claims").

      1.31   "Released Plaintiffs' Claims" means all claims (including "Unknown Claims"), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Co-Lead Plaintiffs, the Additional Class Representative, or any other member of the Settlement Class: (i) (A) asserted in any of the complaints filed in the Action; or (B) could have asserted in the Action (or in any other action or in any other forum) that arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and (ii) relate to the purchase of any securities issued by Alta Mesa, Silver Run II, or any of their

subsidiaries, affiliates, or related entities or the holding of shares of Alta Mesa (CUSIP 02133L109) and/or Silver Run II Units (CUSIP 82812A202) on the January 22, 2018 record date that were entitled to vote on the Business Combination. This release will not cover, include, or release: (i) claims by any governmental entity that arise out of any governmental investigation of the Settling Defendant relating to the conduct alleged in the Action; (ii) claims asserted in any ERISA or derivative action; (iii) claims made by the plaintiffs in *Alyeska Master Fund, L.P. et al. v. Alta Mesa Resources, Inc. et al.* and *Orbis Global Equity LE Fund (Australia Registered) et al. v. Alta Mesa Resources, Inc. et al.*; or (iv) claims relating to the enforcement of the settlement ("Excluded Plaintiffs' Claims").

     1.32   "Releasee(s)" means each and any of the Settling Defendant's Releasees and each and any of the Plaintiffs' Releasees.

     1.33   "Releasors" means any Person providing a Release in Section III.7 of this Stipulation.

     1.34   "Releases" means the releases set forth in Paragraphs 7.2 and 7.3 of this Stipulation.

     1.35   "Settlement Amount" means three million U.S. dollars and no cents ($3,000,000.00).

     1.36   The "Settlement Class" consists of:

          (i)   All persons and entities that held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II")) common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with Alta Mesa Holdings and Kingfisher Midstream (the "Business Combination") (collectively, persons and entities with these claims may be referred to in these proceedings as the "Section 14a Class Members");

(ii)      All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN")), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (collectively, persons and entities with these claims may be referred to in these proceedings as the "Silver Run Class Members"); and

(iii)      All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive) (collectively, persons and entities with these claims may be referred to in these proceedings as the ("Alta Mesa Class Members").

Excluded from the Settlement Class are the following: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendant, any Excluded Officer or Director or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; (viii) and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such (collectively the "Excluded Persons"). For the avoidance of doubt, the Settlement Class does not include the Plaintiffs in *Alyeska Master Fund, L.P. et al. v. Alta Mesa Resources,*

*Inc. et al.*, Case 4:22-cv-01189 and in *Orbis Global Equity LE Fund (Australia Registered) et al. v. Alta Mesa Resources, Inc. et al.*, Case 4:22-cv-02590 (collectively the "Individual Action Plaintiffs") (the Excluded Persons and Individual Action Plaintiffs are collectively known as "Excluded Entities").

    1.37    "Class Member" means a Person who falls within the definition of the Settlement Class.

    1.38    "Class Period" means the period from August 16, 2017 through May 17, 2019, inclusive.

    1.39    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

    1.40    "Settlement Hearing" is defined in Paragraph 6.5.

    1.41    "Settling Parties" means Class Plaintiffs and the Settling Defendant.

    1.42    "Taxes" is defined in Paragraph 4.3.

    1.43    "Tax Expenses" is defined in Paragraph 4.3.

    1.44    "Termination Notice" is defined in Paragraph 10.2.

    1.45    "Unknown Claims" means any and all Released Claims against the Releasees which the Releasors do not know or suspect to exist in his, her, their, or its favor as of the Effective Date, which if known by the Releasors or the Releasees might have affected his, her, their, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, the Releasors shall have expressly waived, and each Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, which is similar, comparable, or equivalent to Cal.

Civ. Code Section 1542. The Releasors and the Releasees may hereafter discover facts other than

or different from those which he, she, they, or it now knows or believes to be true with respect to

the subject matter of the Released Claims. Nevertheless, the Releasors shall expressly, fully,

finally, and forever settle and release, and each Class Member upon the Effective Date shall be

deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally,

and forever settled and released, any and all of their respective Released Claims, whether or not

concealed or hidden, without regard to the subsequent discovery or existence of such different or

additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the

definition of Released Claims was separately bargained for and was a key element of the

Settlement Agreement.

### 2. CAFA Notice

2.1    The Settling Defendant shall bear the costs and responsibility of serving notice of

the settlement upon the "Appropriate State Official" and "Appropriate Federal Official," as those

terms are defined by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(a), and shall do

so in a timely manner.

### 3. The Settlement

#### a. The Settlement Fund

3.1    The Settling Defendant shall cause the Settlement Amount to be deposited into the

Escrow Account by no later than November 21, 2024.

3.2     Except as required by Paragraph 3.1 concerning payment of the Settlement Amount, the Settling Defendant shall have no obligation to make any payment into the Escrow Account pursuant to this Stipulation, and shall have no responsibility or liability with respect to the Escrow Account or the funds maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, allocation, or distribution of any portion of the Settlement Amount.

3.3     Without further order of the Court the Settlement Fund may be used by Class Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Settlement Class, locating Class Members, assisting with the submission of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). No portion of the Settlement Fund shall be used for any purpose prior to the Court's execution of the Preliminary Approval Order.

**b.     The Escrow Agent**

3.4     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.5     Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Settling Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.6     Except as provided herein or pursuant to orders of the Court, the entire Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by

the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with Paragraphs 8.3, 8.4, 8.7, and 8.9. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

**4. Taxes**

4.1    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and agree not to take any position for tax purposes inconsistent therewith. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation Section 1.468B-2(k)).

4.3     All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Section 4 (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 4) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of the Settling Defendant, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2(l)(2)). The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.

**5.    Refund Upon Termination of Settlement**

5.1    In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment and Order of Dismissal is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, any portion of the Settlement Fund that has been deposited into the Escrow Account by the Settling Defendant shall be returned to the Settling Defendant within thirty (30) calendar days, except sums actually paid from the Settlement Fund for the reasonable costs of Notice and Administration Expenses.

**6.    Preliminary Approval Order and Settlement Hearing**

6.1    Absent agreement of the Settling Parties, within 10 calendar days of execution of the Settlement Agreement, Class Counsel will move for preliminary approval ("Preliminary Approval"). Class Counsel will provide Settling Defendant with drafts of the motion for preliminary approval papers they intend to file no later than three (3) calendar days in advance of filing.

6.2    Notice shall be provided in accordance with Rule 23, based on direction from the Court. Plaintiffs shall provide to the Settling Defendant for review and comment any proposed Notice that is to be submitted to the Court for approval at least five (5) business days prior to submission to the Court of such Notice. The cost of providing Notice to Class Members in the manner set forth above shall be paid out of the Settlement Fund, and the Claims Administrator shall administer dissemination of the Notice, under the direction of Class Counsel. Provided the Settling Defendant complies with their obligations under this Settlement Agreement, Class Members shall have no recourse as to the Settling Defendant or counsel for the Settling Defendant with respect to any claims they may have that arise from any failure of the notice process.

6.3     Class Counsel may, in their discretion and subject to Court approval, combine the Settlement Class Notices to Class Members for settlements reached with one or more other defendants in the Action and/or notice of a verdict or judgment.

6.4     Class Counsel will be responsible for developing a Plan of Allocation to be approved by the Court.

6.5     Class Counsel shall request that after Notice is given to the Settlement Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Class Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Award.

**7.     Releases**

7.1     The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Settling Defendant; and (b) the Releases provided for herein.

7.2     Pursuant to the Judgment and Order of Dismissal, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Settling Defendant and Settling Defendant's Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against the Settling Defendant and the Settling Defendant's Releasees.  This Release shall not apply to the Excluded Plaintiffs' Claims.

7.3    Pursuant to the Judgment and Order of Dismissal, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Settling Defendant, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Settling Defendant's Claims against Plaintiffs and Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Settling Defendant's Claims against any of the Plaintiffs and the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Settling Defendant's Claims.

7.4    Notwithstanding Paragraphs 7.2 and 7.3 above, nothing in the Judgment and Order of Dismissal, or the Alternate Judgment, if applicable, shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment and Order of Dismissal, or Alternate Judgment, if applicable.

**8.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

8.1    The Claims Administrator, subject to such supervision and direction of the Court or Class Counsel, shall provide Notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

8.2    In accordance with the schedule approved by the Court, Class Counsel will cause the Claims Administrator to provide notice in accordance with the procedure and schedule approved by the Court. The cost of providing such notice shall be paid out of the Settlement Fund.

8.3    The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay the Fee and Expense Award subject to the approval of the Court;

(d)     to pay any Plaintiffs' Award subject to the approval of the Court;

and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

8.4     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

8.5     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury, and supported by such documents, if any, as are specified in the Proof of Claim and Release Form.

8.6     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment and Order of Dismissal. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for

processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

8.7    The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. The Settling Defendant will have no involvement in reviewing or challenging claims. Following the Effective Date, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is too small to distribute in an economically feasible manner, in which case Class Counsel will make a proposal to the Court as to how to disperse of the remaining balance.

8.8    Class Counsel will be responsible for developing a Plan of Allocation to be approved by the Court.

8.9    No person or entity shall have any claim against Class Counsel, Plaintiffs, the Settling Defendant, the Claims Administrator, or any other agent designated by Class Counsel or the Settling Defendant and/or their respective counsel, arising from distributions to Class Members, the Plan of Allocation approved by the Court, or any order of the Court. Neither Class Counsel, Plaintiffs, nor the Settling Defendant, or their respective counsel, shall have any liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

8.10    Other than in the event of the termination of the Settlement pursuant to Paragraph 5.1 or as provided in Paragraphs 10.2 and 10.4, the Settling Defendant shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net

Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, the Claims Administrator shall, if economically feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is too small to distribute in an economically feasible manner, in which case Class Counsel will make a proposal to the Court as to how to disperse of the remaining balance.

8.11    The finality of the Court's Judgment and Order of Dismissal approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal and the release of the Released Claims.

8.12    No Person shall have any claim against Plaintiffs, Class Counsel, the Settling Defendant, the Settling Defendant's counsel, or the Claims Administrator based on distributions made substantially in accordance with this Stipulation and the Settlement contained herein, or the Plan of Allocation. This provision does not include any claim by any party for breach of this Stipulation.

8.13    The Settling Defendant shall not have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Counsel, Plaintiffs, or any Class Members in connection with the foregoing. Settling Defendant's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

**9.     Class Counsel's Attorneys' Fees, Costs, Charges and Expenses**

9.1     Class Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; (b) payment of expenses or charges resulting from the institution and/or prosecuting the Action; and (c) any interest on such attorneys' fees and expenses as may be awarded by the Court at the same rate and for the same periods as earned by the Settlement Fund (until paid). Any and all such fees, expenses, and charges awarded by the Court (the "Fee and Expense Award"), shall be payable solely out of the Settlement Fund.

9.2     Class Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Award Application") for awards for their time and expenses in representing the Settlement Class. Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Award"), shall be payable solely out of the Settlement Fund.

9.3     The Fee and Expense Award shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award, notwithstanding the existence of any appeal or potential for appeal thereof. Class Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution and/or resolution of the Action. In the event that the Effective Date does not occur, or the Fee and Expense Award is reversed or modified by a final non-appealable order, or the Settlement Agreement is canceled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid to any extent, the fees and expenses received by Class Counsel, plus interest earned thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification, shall be repaid to the Escrow Account within twenty (20) business days of any such reversal or modification of the order, or such termination or

rejection of the Settlement. Any refunds required pursuant to this paragraph shall be the several obligation of each firm receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP, as a condition of receiving such fees and/or expenses on its behalf, agree that each firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

9.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Award to be paid out of the Settlement Fund are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs' Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the releases contained herein).

9.5     The Settling Defendant shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Class Counsel, or with respect to the allocation among Class Counsel and/or any other Person who may assert a claim thereto, of any Fee and Expense Award that the Court may make in the Action.

9.6     The Settling Defendant shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Class Notice and Administration Expenses. The attorneys' fees and Class Notice and Administration Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account.

**10.     Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)    the Court has entered the Preliminary Approval Order;

(c)    the Settlement Amount has been deposited into the Escrow Account as provided by Paragraph 3.1;

(d)    no party has exercised its option to terminate the Stipulation pursuant to Paragraphs 10.2 or 10.4;

(e)    the Court has entered the Judgment and Order of Dismissal that, *inter alia*, dismisses with prejudice the Action, as to the Settling Defendant;

(f)    the Judgment and Order of Dismissal has become Final.

10.2    Class Plaintiffs, through Class Counsel, and the Settling Defendant, through the Settling Defendant's counsel, shall, in the discretion of each, have the right to terminate the Settlement set forth in this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Settlement Parties within thirty (30) days of the date on which any of the following should happen: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any material respect; or (iv) the Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.3    This is not a claims-made settlement; there will be no reversion. If the Stipulation is finally approved and a Judgment and Order of Dismissal has become Final, the Settling Defendant shall have no ability to get back any of the Settlement Amount. In the event that the Settlement Agreement is terminated, any monies paid by the Settling Defendant into the Escrow Account less the reasonable costs of Notice, shall be returned to the Settling Defendant within 30 business days of termination.

10.4    Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action. In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 5.1, 9.3, 10.2, 11.1, and any other Paragraph that expressly survives termination of the Settlement, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be returned, to the maximum extent possible, to the position that existed as of October 29, 2024—the day before the execution of this Stipulation. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Award shall constitute grounds for cancellation or termination of the Stipulation.

10.5    In addition to the grounds set forth in Paragraph 10.2 above, the Settling Defendant shall have the unilateral right to terminate the Settlement in the event that the Court provides an additional opportunity for Class Members to opt out of the Settlement Class and timely and valid requests for exclusion from the Settlement Class meet the conditions set forth in the Settling Defendant's confidential supplemental agreement with Plaintiffs (the "Supplemental

Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and the Settling Defendant concerning its interpretation or application, in which event the Settling Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

### 11. No Admission of Wrongdoing

11.1   Neither this Stipulation (whether or not consummated), including the exhibits hereto and any Plan of Allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Settling Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by the Settling Defendant or in any way referred to for any other reason as against the Settling Defendant, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs

that any of their claims are without merit, that the Settling Defendant had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### 12.     Miscellaneous Provisions

12.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate. The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

12.3    The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, including through discussions mediated by the Honorable Layn R. Phillips, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

12.4    The Settling Parties and their counsel agree that, as between the Class Plaintiffs and the Settling Defendant, they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of the Action, and the Judgment and Order of Dismissal shall contain a finding, as between the Class Plaintiffs and the Settling Defendant, that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.5    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as admissions of, or evidence of the liability of or wrongdoing by the Settling Defendant, or of any wrongdoing or liability of the Settling Defendant; or (b) are or may be deemed to be or may be used as admissions of any fault or omission of the Settling Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Defendant and their counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action or proceeding that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

12.6    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to the terms of such agreements.

12.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

12.8    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and the Settling Defendant (or their successors-in-interest) or by order of the Court.

12.9    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.10   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.11   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be

construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

12.12 The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and supersede prior understandings and agreements, if any, among or between the Settling Parties with respect to the subject matter hereof.

12.13 DISCLAIMER OF RELIANCE. The Settling Parties expressly acknowledge and agree that there are no representations, agreements, arrangements or understandings, oral or written, concerning the subject matter hereof between and among the Settling Parties which are not fully expressed or incorporated by reference herein. Each of the Settling Parties further expressly acknowledges and agrees that it has not relied on, or been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by any other Settling Party (or any agent or representative of any Settling Party), except as expressly set forth in this Stipulation. Each of the Settling Parties expressly disclaims reliance upon any communication or information, whether written or oral, between or among the Settling Parties at any time prior to and during the negotiation and execution of this Stipulation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.14 Class Counsel, on behalf of the Settlement Class, are expressly authorized by Class Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

12.15 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so. All notices, requests, demands, claims, and other communications hereunder shall be in writing and

shall be deemed duly given (a) when delivered personally to the recipient, (b) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (c) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> If to Class Plaintiffs or to Class Counsel:
>
> Andrew J. Entwistle
> ENTWISTLE & CAPPUCCI LLP
> 500 West 2nd Street, Suite 1900
> Austin, TX 78701
>
> If to the Settling Defendant or the Settling Defendant's counsel:
>
> Adam Pollet
> EVERSHEDS SUTHERLAND (US) LLP
> 700 Sixth Street, NW
> Suite 700
> Washington, DC 20001-3980

12.16 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

12.17 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

12.18 All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

12.19 The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the

Stipulation. The terms of the Stipulation shall be governed by and construed in accordance with the laws of the State of Texas without regard to its conflict of law principles.

12.20    Nothing in this Settlement Agreement or in the approval process for the Settlement shall compromise any of Class Plaintiffs' claims in this Action against any party other than the Settling Defendant and nothing in this Settlement Agreement or in the approval process for the Settlement shall be used to delay the trial in this Action against any defendant other than the Settling Defendant.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated October 29, 2024.

Respectfully submitted,

Andrew J. Entwistle (attorney in charge)
State Bar No. 24038131
Callie Crispin
State Bar No. 24104231
Sal H. Lee
State Bar No. 24127308
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Floor 19, Suite 140
Austin, TX  78701
Telephone:  (512) 710-5960
Facsimile:  (212) 894-7278

Tor Gronborg (*pro hac vice*)
Trig R. Smith (*pro hac vice*)
John M. Kelley (*pro hac vice*)
Stephen Johnson (*pro hac vice*)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

*Court Appointed Co-Lead Counsel*

4879-3708-5172.v1

Adam Pollet
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street, NW
Suite 700
Washington, DC 20001-3980

*Counsel for ARM Energy*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Civil Action No. 4:19-cv-00957

# [PROPOSED] ORDER PRELIMINARILY APPROVING
# UNOPPOSED PARTIAL SETTLEMENT AGREEMENT

WHEREAS, an action is pending before this Court entitled *In re Alta Mesa Res., Inc. Sec. Litig.*, Civil Action No. 4:19-cv-00957 (the "Action");

WHEREAS, on January 24, 2022, the Court certified the Action to proceed as a class action on behalf of: all persons and entities who held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II units on January 22, 2018; and all persons or entities who purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019 (the "Class");[1]

WHEREAS, Class Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trusts, have entered into and executed the Stipulation and Agreement of Settlement (the "Settlement Agreement") with defendant ARM Energy Holdings, LLC ("Settling Defendant"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendant;

---

[1]     Excluded from the Class are: Defendants; the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); members of the immediate families of the Individual Defendants and the Excluded Officers and Directors; any entity in which any Defendants, the Excluded Officers and Directors (or any of their respective immediate family members) has and/or had during the Class Period a controlling interest; Defendants' liability insurance carriers; any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM, or the Control Entity Defendants; all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Class are those Persons and entities who requested exclusion from the Class in connection with the Notice of Pendency of Class Action provided to the Class in April 2024.

WHEREAS, in full and final settlement of the claims asserted against it in this Action, Settling Defendant has agreed to pay $3,000,000 (the "Settlement Amount");

WHEREAS, Class Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against the Settling Defendant and for dismissal of the Action against the Settling Defendant;

WHEREAS, the Court has read and considered the Settlement Agreement and other documents submitted in connection with Class Plaintiffs' Unopposed Motion for an Order Preliminarily Approving Settlement with ARM, and good cause appearing therefore; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Settlement Hearing described below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the

Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Preliminary Approval Order.

## II. PLAN OF ALLOCATION, NOTICE, AND SETTLEMENT HEARING

1. At a later date, Class Counsel shall submit for the Court's approval a proposed Plan of Allocation of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

2. At a later date, Class Counsel shall submit for the Court's approval a notice plan and proposed form of notice for purposes of advising members of the Class, among other things, of their right to object to the Settlement Agreement, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and of their right to appear at the Settlement Hearing.

## III. OTHER PROVISIONS

1. The Court authorizes Class Counsel to select and retain a Claims Administrator to fulfill the duties and responsibilities set forth in the Settlement Agreement.

2. The Court approves Class Plaintiffs' designation of Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP as the Escrow Agent. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

3. The Court approves the establishment of the Escrow Account under the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B, 26 U.S.C. § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the

formulation or administration of the QSF. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

4. In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of October 29, 2024, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the Settlement Agreement (including any amendment(s) thereto) and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person. Any portion of the Settlement Amount previously deposited into the Escrow Account by the Settling Defendant shall be returned to the Settling Defendant within thirty (30) days after written notification of such event is sent by counsel for the Settling Defendant or Class Counsel to the Escrow Agent, except for sums actually paid from the Settlement Fund for the reasonable costs of notice and administration expenses.

5. The Settling Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action. As such, neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreement shall be construed to constitute a

presumption, concession, or admission by the Settling Defendant of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

6.      All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Class.

7.      Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Class who does not enter an appearance will be represented by Class Counsel.

8.      Unless otherwise ordered by the Court, all proceedings in the Action are stayed against the Settling Defendant, except as may be necessary to implement the Settlement or comply with the Settlement Agreement or other agreement of the Class Plaintiffs and the Settling Defendant. Pending final determination of whether the proposed settlement with the Settling Defendant should be approved, neither Class Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against the Settling Defendant any action or proceeding in any Court or tribunal asserting any of the Released Claims.

      IT IS SO ORDERED.

DATED: _____       _____
                                  THE HONORABLE GEORGE C. HANKS, JR.
                                  UNITED STATES DISTRICT JUDGE