United States District Court
Southern District of Texas
**ENTERED**
January 17, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**ORDER PRELIMINARILY APPROVING
<u>SETTLEMENT AND PROVIDING FOR NOTICE</u>**

WHEREAS, an action is pending before this Court entitled *In re Alta Mesa Resources, Inc. Securities Litigation*, Civil Action No. 4:19-cv-00957 (S.D. Tex.) (the "Action");

WHEREAS, on January 24, 2022, the Court certified the Action to proceed as a class action on behalf of the following class (the "Class" or "Settlement Class"):

(a)    All persons and entities that held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with Alta Mesa Holdings and Kingfisher Midstream (the "Business Combination") (collectively, persons and entities with these claims may be referred to in these proceedings as the "Section 14a Class Members");

(b)    All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (collectively, persons and entities with these claims may be referred to in these proceedings as the "Silver Run Class Members"); and

(c)    All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run

Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive).[1]

WHEREAS, Class Plaintiffs have been appointed Class Representatives and Robbins Geller Rudman & Dowd LLP and Entwistle & Cappucci LLP have been appointed Class Counsel.

WHEREAS, notice of pendency of the Action was provided to Class Members in April, 2024, and Class Members were afforded an opportunity to seek exclusion which has since expired;

WHEREAS, Class Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with separate Stipulations of Settlement between Class Plaintiffs and four groups of Defendants, dated, respectively, October 16, 2024, October 29, 2024, November 8, 2024,

---

[1]    For the avoidance of doubt, the three above categories are not mutually exclusive. Excluded from the Class are the following: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendant, any of the Excluded Officers and Directors or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; and (viii) the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such (the "Excluded Persons"). For the avoidance of doubt, the Class does not include the plaintiffs in *Alyeska Master Fund, L.P., et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-01189 and in *Orbis Global Equity LE Fund (Australia Registered), et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-02590 (collectively, the "Individual Action Plaintiffs"), and any Person who timely and validly sought exclusion from the Class (the "Opt Outs"). The Excluded Persons, the Opt Outs, and the Individual Action Plaintiffs are collectively known as "Excluded Entities."

and January 6, 2025 (the "Stipulations"), which, together with the Exhibits annexed thereto, collectively set forth the terms and conditions for a proposed global settlement of the Action ("Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having been presented with the four Stipulations for review on Class Plaintiffs' single motion and having read and considered the Stipulations and the Exhibits annexed thereto;

WHEREAS, the Stipulations do not provide for a further opportunity for Class Members to seek exclusion; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulations.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced mediator; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide undue preferential treatment to Class Plaintiffs or to segments of the Class; (iv) does not provide excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court does hereby preliminarily approve the Settlement set forth in the Stipulations, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on **April 30 , 2025, at  11:00 a.m**. [a date that is at least 100 days from the date of this Order],

- 3 -

at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, for the following purposes:

(a)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to finally determine whether Judgment as provided in the Stipulations should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Settling Defendants' Releasees as set forth in the Stipulations, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiffs' Claims or Released Settling Defendants' Claims extinguished by the Settlement;

(c)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)     to consider the application of Class Counsel for an award of attorneys' fees and expenses, including awards to Class Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4);

(e)     to consider any Class Member's objections to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such

modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.    The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice, annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the distribution of the Postcard Notice by email or regular mail (where an email is unavailable) and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶ 7-8 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.    Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, which have or shall be paid as set forth in the Stipulations, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulations, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6.     The firm of JND Legal Administration ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7.     Class Counsel, through the Claims Administrator, shall commence emailing or mailing (where an email is unavailable) the Postcard Notice, substantially in the form annexed hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), by email or by first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the Settlement website at www.AltaMesaSecuritiesLitigation.com, from which copies of the documents can be downloaded.

8.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10.    Nominees who purchased, acquired, or held Alta Mesa shares for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar

days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.    Any Postcard Notice provided by a third-party must include a link to the website www.altamesasecuritieslitigation.com as well as contact information for the Claims Administrator.

12.    In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an

authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

13.     Any Class Member who does not submit a valid Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net

Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulations and the Judgment, if entered. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

14.     Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

15.     All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons previously requested to be excluded, or "opted out," from the Class. Pursuant to the Court's Order dated March 27, 2024, a Class Member wishing to be excluded from the Class had to submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it was postmarked no later than May 17, 2024, to the address listed in the notice of class certification disseminated pursuant to the Court's Order Granting Class Representatives' Uncontested Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures and Appointment of Notice Administrator (ECF 721). All Persons who submitted valid and timely Requests for Exclusion shall have no rights under the Stipulations, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulations or any Final Judgment. The Court has determined that no further exclusion opportunity is necessary or appropriate in

connection with the Settlement. Any Class Member who did not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulations and the Judgment, if entered.

16.    The Court will consider comments or objections to the Settlement or any of the separate Stipulations that comprise the Settlement, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and expenses, including awards to Class Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are delivered by hand or sent by First-Class Mail such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the Settlement Hearing, by Entwistle & Cappucci LLP, Attn: Andrew J. Entwistle or Robert Cappucci, 500 West 2nd Street, Suite 1900, Austin, TX 78701; Robbins Geller Rudman & Dowd LLP, Attn: Trig R. Smith, 655 West Broadway, Suite 1900, San Diego, CA 92101; Latham & Watkins LLP, Attn: J. Christian Word, 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004; Winston & Strawn LLP, Attn: Walter M. Berger, 800 Capitol Street, Suite 2400, Houston, TX 77002-2925, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, TX 77002 on or before twenty-one (21) calendar days prior to the Settlement Hearing. Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement (in whole or in part), the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class,

including the: (i) number of Alta Mesa/Silver Run shares or units held on January 22, 2018; (ii) the number of Alta Mesa/Silver Run shares or units purchased or otherwise acquired between August 16, 2017 and February 9, 2018, inclusive; and (iii) the number of Alta Mesa common shares or warrants purchased or otherwise acquired between February 9, 2018 and May 17, 2019, inclusive, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulations, to the Plan of Allocation, or to the award of attorneys' fees, expenses to Class Counsel or awards to Class Plaintiffs unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

18.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses

and awards to Class Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or ___March 26___, 2025. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or April 23____, 2025.

19.    The Settling Defendants' Releasees shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or awards to Class Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulations, or affect or delay the finality of the Judgment approving the Stipulations and the Settlement of the Action.

20.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulations.

22.    Neither the Stipulations, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23.    If the Settlement set forth is not approved or consummated for any reason whatsoever (in whole or in part), the Stipulations and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in the Stipulations as applicable.

24.    Pending final determination of whether the proposed Settlement should be approved, neither the Class Plaintiffs, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall institute, commence, or prosecute against any of the Settling Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED:    January 17, 2025

THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

<u>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**EXHIBIT A-1**

*A Federal Court Authorized This Notice. This Is Not a Solicitation from a Lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you (1) held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock and/or Silver Run II units on January 22, 2018; or (2) purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT: Please also be advised that Class Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trust, on behalf of the Class (as defined in ¶ 1 below), have reached separate proposed settlements of the Action with four groups of Defendants that collectively total $126.3 million in cash that will resolve all claims against all Defendants in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully.**

       1.    **Description of the Action and the Class**: This Notice relates to a proposed Settlement reached in a class action lawsuit pending against the following defendants: Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, Diana J. Walters, Alta Mesa Resources, Inc., ARM Energy Holdings, LLC, Bayou City Energy Management LLC, William McMullen, HPS Investment Partners, LLC, and Donald Dimitrievich ("Defendants") (collectively, with Class Plaintiffs, the "Settling Parties"). The proposed global Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons and entities who: (1) held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with Alta Mesa Holdings and Kingfisher Midstream (the "Business Combination"); or (2) purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018; or (3) purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive). Excluded from the Class

are: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendant, any of the Excluded Officers and Directors or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM, or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; (viii) and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such. Anyone who previously validly excluded themselves from the class certified by the Court is not a member of the Class. To have excluded yourself from the Class, you must have mailed a written request for exclusion so that it was postmarked by May 17, 2024, in accordance with the instructions set forth in the notice of class certification disseminated pursuant to Court order. No further exclusion opportunity is being provided under the Settlement. Also excluded from the Class are plaintiffs in *Alyeska Master Fund, L.P., et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-01189 and in *Orbis Global Equity LE Fund (Australia Registered), et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-02590. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-855-208-4124.

2.    **Statement of Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶ 3-6 below, Class Plaintiffs, on behalf of the Class, have agreed to settle all Released Plaintiffs' Claims (as defined in each of the Stipulations of Settlement ("Stipulations")) against Defendants and other Settling Defendants' Releasees (as defined in each of the Stipulations) in exchange for a settlement payment of $126.3 million in cash (the "Settlement Amount"). The Net Settlement Fund (the Settlement Fund less the amount of the Fee and Expense Award and any Plaintiffs' Award, if requested, and to the extent allowed by the Court, Taxes and Tax Expenses, Notice and Administration Expenses, any other fees or expenses approved by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    **Statement of Average Distribution Per Share**:  The Settlement Fund consists of the $126.3 million Settlement Amount plus interest earned. Assuming all potential Class Members elect to participate, the estimated average recovery is $0.68 per damaged common share and $0.17 per warrant before fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; what type of security and when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so,

when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4. **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Class Plaintiffs and/or the Class and that Class Plaintiffs or other members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Class Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false, or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought**:  Class Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Class Counsel also will apply to the Court for payment from the Settlement Fund for Class Counsel's litigation expenses, in a total amount not to exceed $7 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Class Counsel's fee and expense application, the estimated average cost per damaged common share is $0.26 and per warrant is $0.06. In addition, Class Counsel will apply for an award to Class Plaintiffs in an amount not to exceed $175,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6. **Identification of Attorneys' Representatives**:  Class Plaintiffs and the Class are being represented by Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP ("Class Counsel"). Any questions regarding the Settlement should be directed to Andrew J. Entwistle or Robert N. Cappucci at Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, TX 78701, 1-512-710-5960, aentwistle@entwistle-law.com, rcappucci@entwistle-law.com; or Trig R. Smith at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
| SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2025 | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), postmarked or submitted |

| | online no later than _____, 2025. |
|---|---|
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2025 | Write to the Court about your view on the Settlement, or why you do not think the Settlement is fair to the Class.<br><br>If you did not exclude yourself from the Class by May 17, 2024, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Net Settlement Fund. |
| GO TO THE HEARING ON [_____], 2025, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2025 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Class Representatives' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE?

7.    The purpose of this Notice is to inform you about: (i) this Action; (ii) the terms of the proposed Settlement; and (iii) your rights in connection with a hearing to be held before the United States District Court, Southern District of Texas (the "Court"), on _____, 2025, at_____ .m., to consider the fairness, reasonableness, and adequacy of the

Settlement and related matters. This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. In the Action, the Court has certified the Class and appointed Class Plaintiffs as the representatives of the Class.

9.     The Court in charge of this case is the United States District Court for the Southern District of Texas, and the case is known as *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 4:19-cv-00957 (S.D. Tex.). The judge presiding over this case is the Honorable George C. Hanks, Jr., United States District Judge. The people who are suing are called Class Plaintiffs, and those who are being sued are called Defendants. In this case, the Defendants are Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald Smith, Jeffrey H. Tepper, Thomas J. Walker, Diana J. Walters, Alta Mesa Resources, Inc., ARM Energy Holdings, LLC, Bayou City Energy Management LLC, William McMullen, HPS Investment Partners, LLC, and Donald Dimitrievich.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider, among other things, the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Class Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.     The Court has determined to conduct a single Settlement Hearing on _____, 2025, at __:__ __.m., at the United States District Court, Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, for the following purposes:

          (a)     to determine whether the proposed Settlement on the terms and conditions provided for in the respective Stipulations is fair, reasonable, and adequate and should be approved by the Court;

          (b)     to determine whether the Judgment as provided for under the Stipulations should be entered;

          (c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)    to determine whether the application by Class Counsel for an award of attorneys' fees and litigation expenses (including awards to Class Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4)) should be approved; and

(e)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after appeals, if any, are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.    This is a securities class action against Defendants for alleged violations of the federal securities laws. Class Plaintiffs allege that certain Defendants made material misrepresentations and omissions of material facts in the Definitive Proxy Statement ("Proxy") issued in connection with the Business Combination in which Silver Run II "de-SPACed," combining with Alta Mesa Holdings and Kingfisher Midstream to become a single public company. Class Plaintiffs also allege that certain Defendants made material misrepresentations and omissions of material facts in other public statements during the Class Period. Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

14.    On January 15, 2020, the Court consolidated three related federal securities class actions, appointed Lead Plaintiffs to lead the consolidated Action, and appointed Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as co-Lead Counsel.

15.    On April 6, 2020, Class Plaintiffs filed the Second Corrected Consolidated Amended Complaint against all Defendants except AMR, alleging that those Defendants violated, variously, Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934. On March 31, 2021, the Court denied Defendants' eight separate motions to dismiss the Complaint. The Court issued a Memorandum Opinion and Order regarding the motions to dismiss on April 14, 2021.

16.    On May 14, 2021, Defendants (other than AMR, which was in bankruptcy and was not then a party) filed their Answers to the Second Corrected Consolidated Amended Complaint, denying all wrongdoing and asserting affirmative and other defenses. (Two defendants amended their Answers on June 2, 2021).

17.    Please note that this Notice does not fully describe all claims and defenses asserted by the parties. The section entitled "Can I See the Court File? Whom Should I Contact if I Have Questions" describes the process by which you can obtain additional information about the Action and the claims and defenses asserted.

18.    On July 30, 2021, Class Plaintiffs filed their motion for class certification.

19.    On December 6, 2021, Class Plaintiffs filed their Third Consolidated Amended Complaint ("TAC"), which added claims against AMR. (Class Plaintiffs had obtained permission from the bankruptcy court to bring certain claims against AMR, after the Second Corrected Consolidated Amended Complaint was filed). AMR filed its Answer on January 5, 2022.

20.    As mentioned above, the Court entered an order on January 24, 2022 certifying the Action as a class action, appointing Class Plaintiffs as Class Representatives, and appointing co-Lead Counsel Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel.

21.    On November 30, 2022, the Court consolidated the class action with two individual actions that were filed earlier in 2022 (but after the Class was certified). The individual actions asserted certain of the same claims as Class Plaintiffs', and were based on similar but not identical allegations, in addition to certain claims that apply only to the plaintiffs in those actions. The two individual actions were subsequently settled and dismissed.

22.    The parties completed fact and expert discovery in 2023 and proceeded to a jury trial in November 2024 against a number of Defendants. Class Plaintiffs reached settlements with three groups of Defendants shortly before trial, and with the final group prior to the jury reaching a verdict.

23.    Neither the Court nor a jury have made a ruling on the merits of Class Plaintiffs' allegations or on Defendants' denials and defenses. By authorizing this Notice, the Court is not suggesting that the Class Plaintiffs would win or lose this case.

24.    In the course of the Action, the Settling Parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator. The Settling Parties engaged in settlement discussions with Judge Phillips on multiple occasions and ultimately separate agreements were reached by the four groups of Defendants to settle the Action collectively totaling $126.3 million.

25.    Class Plaintiffs sought and obtained an order granting preliminary approval of the Settlement and permitting notice to the Class, which was entered on January ____, 2025.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

26.    If you are a member of the Class, you are subject to the Settlement unless you previously timely requested to be excluded as the Settlement does not provide for an additional exclusion opportunity. The Class consists of all persons and entities who: (1) held shares of Alta Mesa (Silver Run II) common stock and/or Silver Run II Units on January 22, 2018; or (2) purchased or otherwise acquired securities of Alta Mesa/Silver Run II from

August 16, 2017 through May 17, 2019, inclusive. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-855-208-4124.

RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE CLAIM FORM POSTMARKED OR SUBMITTED ONLINE (AT WWW.ALTAMESASECURITIESLITIGATION.COM) NO LATER THAN [_____], 2025.

## WHAT ARE CLASS PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27.    Class Plaintiffs and Class Counsel believe that the claims asserted against Defendants have merit. Class Plaintiffs and Class Counsel recognize, however, the risk of pursuing their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Class Plaintiffs and subsequent Class Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, in particular, the risk that Class Plaintiffs would be unsuccessful in proving at trial that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

28.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Class Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Class Plaintiffs and Class Counsel believe that the Settlement provides a substantial benefit now, namely $126.3 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after trial and any appeals, possibly years in the future.

29.    Defendants have denied and continue to deny each and all of the claims alleged by Class Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Class Plaintiffs or the Class have suffered any damage, that Class Plaintiffs or the Class were harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Class Plaintiffs failed to establish any essential legal or factual element of the alleged claims at trial, neither Class Plaintiffs nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

31.    Defendants have agreed to pay or cause to be paid a total of One Hundred Twenty Six Million and Three Hundred Thousand Dollars ($126,300,000.00) in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement. Class Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms. The Plan of Allocation proposed by Class Plaintiffs is set forth below, and additional information is available on the case-specific website, www.AltaMesaSecuritiesLitigation.com.

32.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulations and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Class Counsel, Class Plaintiffs, Class Members, the Claims Administrator, Defendants and the other Settling Defendants' Releasees (as defined in the Stipulations), or any person or entity designated by Class Counsel. All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Plaintiffs' Claims.

33.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

34.    The Plan of Allocation set forth below is the proposed plan submitted by Class Plaintiffs and Class Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

35.    Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of Texas, with respect to his, her, or its Claim Form.

36.    Persons and entities that excluded themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms. To have excluded yourself from the Class, you must have mailed a written

request for exclusion so that it was postmarked by May 17, 2024, in accordance with the instructions set forth in the notice of class certification disseminated pursuant to Court order. No further exclusion opportunity is being provided under the Settlement.

## PLAN OF ALLOCATION

37.     The Settlement Amount of $126,300,000 together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim Forms to the Claims Administrator ("Authorized Claimants").

38.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action.

39.     In this case, Class Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading prices of Alta Mesa stock, warrants, and units (each Alta Mesa unit comprised one share of Alta Mesa stock and one-third of one Alta Mesa warrant). Class Plaintiffs allege that corrective information was released to the market, resulting in potentially recoverable damages ("Corrective Disclosure") on March 29, 2018, April 2, 2018, April 3, 2018, August 14, 2018, August 15, 2018, November 14, 2018, November 15, 2018, February 26, 2019, February 27, 2019, and May 20, 2019. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("10(b) Claims") and/or Section 14(a) ("14(a) Claims") of the Securities Exchange Act of 1934 ("Exchange Act").

40.     For Section 14(a) Claims, the Plan of Allocation is intended to compensate investors who owned Alta Mesa stock or units on January 22, 2018 and held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.

41.     For Section 10(b) Claims, the Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Alta Mesa stock, warrants, or units during the Class Period, held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.[1]

42.     The Plan of Allocation is not a formal damages analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to

---

[1]     For purposes of identifying the date of sale, any transactions in Alta Mesa stock, warrants, and units executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

recover after a trial, nor to estimate the amount the Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period stock and warrant purchases and sales as well as the statutory PSLRA 90-day look-back amount of $0.15 per share of Alta Mesa stock and $0.0071 per Alta Mesa warrant.[2]

43.    The Plan of Allocation was developed in consultation with the Class Representatives' damages expert. In developing the Plan of Allocation, the Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the prices of Alta Mesa stock and warrants that was allegedly proximately caused by Defendants' allegedly materially false and misleading statements and omissions the Court previously found to be actionable. In calculating the estimated impact allegedly caused by those misrepresentations and omissions, the Class Representatives' damages expert considered the price changes in Alta Mesa stock and warrants in reaction to the public disclosures that allegedly corrected the alleged misrepresentation or omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud-related Company-specific information.

44.    Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Alta Mesa stock and Alta Mesa warrant during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

**Calculation of Recognized Loss Amount for Class Members with 14(a) Claims**

45.    For each share of Alta Mesa stock owned on January 22, 2018 and:

(a)    sold prior to March 29, 2018, the Recognized Loss Amount will be $0.00;

---

[2]    "In any private action arising under this [Exchange Act] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Exchange Act, Recognized Loss Amounts for Alta Mesa stock and warrants are reduced to an appropriate extent by taking into account the closing prices of Alta Mesa stock and Alta Mesa warrants during the 90-day look-back period. The mean (average) closing price for Alta Mesa stock during this 90-day look-back period was $0.15 per share. The mean (average) closing price for Alta Mesa warrants during this 90-day look-back period was $0.0071 per warrant.

(b)       sold from March 29, 2018 through August 16, 2019, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price; or

(c)       held as of the close of trading on August 16, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $0.15, the average closing price for Alta Mesa stock between May 20, 2019 and August 16, 2019.

46.    Recognized Loss Amounts for Class Members with 14(a) Claims determined pursuant to (b) and/or (c) above will be multiplied by 1.20. Among other factors, in formulating this multiplier, the Class Representatives considered the maximum potential damages for Class Members with 14(a) Claims, as well as the burden of proving the 14(a) Claims, relative to the 10(b) Claims and the maximum potential damages for Class Members with 10(b) Claims.

**Calculation of Recognized Loss Amount for Class Members with 10(b) Claims**

47.    For each share of Alta Mesa stock purchased or otherwise acquired between January 23, 2018 and May 17, 2019[3] and:

(a)       sold prior to March 29, 2018, the Recognized Loss Amount will be $0.00;

(b)       sold from March 29, 2018 through August 16, 2019, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 2 below), and (ii) the purchase price minus the sale price; or

(c)       held as of the close of trading on August 16, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 2 below), or (ii) the purchase price minus $0.15, the average closing price for Alta Mesa stock between May 20, 2019 and August 16, 2019.

48.    For each whole Alta Mesa warrant purchased or otherwise acquired during the Class Period and:

(a)       sold prior to March 29, 2018, the Recognized Loss Amount will be $0.00;

---

[3]      Class Members who purchased between August 16, 2017 and January 22, 2018 and owned Alta Mesa stock or units on January 22, 2018 will only recover for the loss, if any, calculated pursuant to their 14(a) Claim.

(b)    sold from March 29, 2018 through August 16, 2019, inclusive, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 2 below), and (ii) the purchase price minus the sale price; or

(c)    held as of the close of trading on August 16, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 2 below), or (ii) the purchase price minus $0.0071, the average closing price for Alta Mesa warrants between May 20, 2019 and August 16, 2019.

49.    Alta Mesa units purchased during the Class Period (for 10(b) Claims) or held on January 22, 2018 (for 14(a) Claims) that were subsequently separated into their component securities prior to or in connection with the Business Combination (*i.e.*, separated into one share of Alta Mesa stock and one-third of an Alta Mesa warrant), shall be treated as a purchase of the component securities received upon the separation of such Alta Mesa units at a purchase price equal to the sum of the closing price of the stock and one-third the closing price of the warrant on the day of the unit purchase.[4] Class Members who held Alta Mesa units on January 22, 2018 will not have 14(a) Claims (a Recognized Loss Amount) for the warrant component securities, but may have 14(a) Claims (a Recognized Loss Amount) for the stock component securities.

50.    For Class Members who held Alta Mesa stock or warrants at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Alta Mesa stock or warrants during the Class Period will be matched, in chronological order, first against Alta Mesa stock or warrants held at the beginning of the Class Period. The remaining sales of Alta Mesa stock or warrants during the Class Period will then be matched, in chronological order, against Alta Mesa stock or warrants purchased or acquired during the Class Period.

51.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in Alta Mesa stock and warrants described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Alta Mesa stock or warrants that have been matched against Alta Mesa stock or warrants held at the beginning of the Class Period will not be used in the calculation of such net loss. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in

---

[4] Alta Mesa units purchased prior to the Class Period that were subsequently separated into their component securities during the Class Period are not securities eligible to participate in the Settlement.

the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. Distributions will be rounded to the nearest penny.

52.    If a claimant suffered an overall market loss with respect to their overall transactions in Alta Mesa stock or warrants during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Alta Mesa stock or warrants during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7]

53.    A purchase, acquisition, or sale of Alta Mesa stock, warrants, or units shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Alta Mesa stock, warrants, or units during the Class Period shall not be deemed a purchase, acquisition or sale of Alta Mesa stock, warrants, or units for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such security unless specifically provided in the instrument of gift or assignment. The receipt of Alta Mesa stock, warrants, or units during the Class Period in exchange for securities of

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Alta Mesa stock, warrants, or units purchased or otherwise acquired during the Class Period.

[6] The Claims Administrator will match any sales of Alta Mesa stock, warrants, or units from the start of the Class Period through and including the close of trading on May 17, 2019 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Alta Mesa stock, warrants, or units sold from the start of the Class Period through and including the close of trading on May 17, 2019 will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a holding value equal to $0.15 for each share of Alta Mesa stock purchased or acquired during the Class Period and still held as of the close of trading on May 17, 2019. The Claims Administrator will ascribe a holding value equal to $0.0071 for each Alta Mesa warrant purchased or acquired during the Class Period and still held as of the close of trading on May 17, 2019. A claimant's total holding values for Alta Mesa stock and warrants acquired during the Class Period that were still held as of the close of trading on May 17, 2019 shall be the claimant's "Total Holding Value." Due to the Business Combination and separation of the units prior to May 17, 2019, the units are not to be ascribed a holding value.

any other corporation or entity shall not be deemed a purchase or acquisition of Alta Mesa stock, warrants, or units.

54.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Alta Mesa stock. The date of a "short sale" is deemed to be the date of sale of Alta Mesa stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Alta Mesa stock, their earliest Class Period purchases or acquisitions of Alta Mesa stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/17/2017 - 3/28/2018 | 3/29/2018 | 4/2/2018 | 4/3/2018 - 8/13/2018 | 8/14/2018 | 8/15/2018 - 11/13/2018 | 11/14/2018 | 11/15/2018 - 2/25/2019 | 2/26/2019 | 2/27/2019 - 5/17/2019 | Sold on or Retained Beyond 5/20/2019 |
| 8/17/2017 - 3/28/2018 | $0.00 | $0.49 | $0.95 | $1.29 | $2.62 | $2.87 | $3.25 | $3.41 | $3.98 | $4.05 | $4.09 |
| 3/29/2018 | | $0.00 | $0.46 | $0.80 | $2.13 | $2.38 | $2.76 | $2.92 | $3.49 | $3.56 | $3.60 |
| 4/2/2018 | | | $0.00 | $0.34 | $1.67 | $1.92 | $2.30 | $2.46 | $3.03 | $3.10 | $3.14 |
| 4/3/2018 - 8/13/2018 | | | | $0.00 | $1.33 | $1.58 | $1.96 | $2.12 | $2.69 | $2.76 | $2.80 |
| 8/14/2018 | | | | | $0.00 | $0.25 | $0.63 | $0.79 | $1.36 | $1.43 | $1.47 |
| 8/15/2018 - 11/13/2018 | | | | | | $0.00 | $0.38 | $0.54 | $1.11 | $1.18 | $1.22 |
| 11/14/2018 | | | | | | | $0.00 | $0.16 | $0.73 | $0.80 | $0.84 |
| 11/15/2018 - 2/25/2019 | | | | | | | | $0.00 | $0.57 | $0.64 | $0.68 |
| 2/26/2019 | | | | | | | | | $0.00 | $0.07 | $0.11 |
| 2/27/2019 - 5/17/2019 | | | | | | | | | | $0.00 | $0.04 |
| Purchased on or Beyond 5/20/2019 | | | | | | | | | | | $0.00 |

- 16 -

## TABLE 2

### Decline in Inflation Per Warrant by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/17/2017 - 3/28/2018 | 3/29/2018 | 4/2/2018 | 4/3/2018 - 8/13/2018 | 8/14/2018 | 8/15/2018 - 11/13/2018 | 11/14/2018 | 11/15/2018 - 2/25/2019 | 2/26/2019 | 2/27/2019 - 5/17/2019 | Sold on or Retained Beyond 5/20/2019 |
| 8/17/2017 - 3/28/2018 | $0.0000 | $0.2480 | $0.3608 | $0.4247 | $0.8289 | $0.8820 | $0.9600 | $0.9924 | $1.0606 | $1.0663 | $1.0664 |
| 3/29/2018 | | $0.0000 | $0.1128 | $0.1767 | $0.5809 | $0.6340 | $0.7120 | $0.7444 | $0.8126 | $0.8183 | $0.8184 |
| 4/2/2018 | | | $0.0000 | $0.0639 | $0.4681 | $0.5212 | $0.5992 | $0.6316 | $0.6998 | $0.7055 | $0.7056 |
| 4/3/2018 - 8/13/2018 | | | | $0.0000 | $0.4042 | $0.4573 | $0.5353 | $0.5677 | $0.6359 | $0.6416 | $0.6417 |
| 8/14/2018 | | | | | $0.0000 | $0.0531 | $0.1311 | $0.1635 | $0.2317 | $0.2374 | $0.2375 |
| 8/15/2018 - 11/13/2018 | | | | | | $0.0000 | $0.0780 | $0.1104 | $0.1786 | $0.1843 | $0.1844 |
| 11/14/2018 | | | | | | | $0.0000 | $0.0324 | $0.1006 | $0.1063 | $0.1064 |
| 11/15/2018 - 2/25/2019 | | | | | | | | $0.0000 | $0.0682 | $0.0739 | $0.0740 |
| 2/26/2019 | | | | | | | | | $0.0000 | $0.0057 | $0.0058 |
| 2/27/2019 - 5/17/2019 | | | | | | | | | | $0.0000 | $0.0001 |
| Purchased on or Beyond 5/20/2019 | | | | | | | | | | | $0.0000 |

55.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Lone Star Legal Aid.

56.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Plaintiffs, Class Counsel, Class Plaintiffs' damages expert, or the Claims Administrator or other agent designated by Class Counsel, or the Settling Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulations, the Plan of Allocation approved by the Court, or further orders of the Court. The Class Plaintiffs, and Defendants, their respective counsel, Class Plaintiffs' damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

57.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Class Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

58.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Class Plaintiffs, and all other Settling Plaintiffs' Releasees (as defined in the respective Stipulations) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in the respective Stipulations), including Unknown Claims (as defined in the respective Stipulations), against each and every one of the Settling Defendants' Releasees (as defined in the respective Stipulations) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or

maintaining any and all of the Released Plaintiffs' Claims against any and all of the Settling Defendants' Releasees, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

59.    Class Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Class Counsel been paid for their expenses. Before final approval of the Settlement, Class Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 33% of the Settlement Amount, plus interest. At the same time, Class Counsel also intend to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $7 million, plus interest. The Court will determine the amount of the award of fees and expenses. Class Plaintiffs may also seek awards not to exceed $175,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

60.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you did not previously elect to exclude yourself from the Class, then you are a Class Member, and you will accordingly be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form. The website is www.AltaMesaSecuritiesLitigation.com. You may also request a Claim Form by calling toll-free 1-855-208-4124. Those who previously excluded themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

61.    As a Class Member, for purposes of the Settlement, you are represented by Class Plaintiffs, and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

62.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Class Counsel's application for attorneys' fees and litigation expenses, and if you did not previously exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you previously excluded yourself from the Class, you are not entitled to submit an objection.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

**63.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

64.    The Settlement Hearing will be held on _____, 2025, at __:__ _.m., before the Honorable George C. Hanks, Jr., at the United States District Court, Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. The Court reserves the right to approve the Settlement or the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.    Any Class Member who did not request exclusion such that it was postmarked no later than May 17, 2024, may object to the Settlement, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and litigation expenses.[8] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement or the separate Stipulations that comprise it. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

66.    Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing,

---

[8]    Class Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2025, and available after that date on the Settlement website, www.AltaMesaSecuritiesLitigation.com.

either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object to any aspect of the Settlement, you must send a signed letter saying that you wish to object to the proposed settlement in *In re Alta Mesa Resources, Inc. Securities Litigation*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number and type of securities purchased, acquired, held, or sold of Alta Mesa securities during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.

67.     The objection must also include a statement of whether the objector intends to appear at the Settlement Hearing. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector and his, her, or its counsel have previously objected. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.     Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** no later than _____, 2025:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS Bob Casey United States Courthouse 515 Rusk Street Houston, TX  77002 | Andrew J. Entwistle Robert N. Cappucci Entwistle & Cappucci LLP 500 W. 2nd Street, Suite 1900 Austin, TX 78701 1-512-710-5960 aentwistle@entwistle-law.com rcappucci@entwistle-law.com Trig R. Smith Robbins Geller Rudman & Dowd LLP 655 W. Broadway, Suite 1900 San Diego, CA 92101 1-800-449-4900, settlementinfo@rgrdlaw.com | J. Christian Word Latham & Watkins LLP 555 Eleventh Street, NW Suite 1000 Washington, D.C.  20004

Walter M. Berger Winston & Strawn LLP 800 Capitol Street, Suite 2400 Houston, TX 77002-2925 |

69.     You may not object to the Settlement or any aspect of it, if you previously excluded yourself from the Class. To have excluded yourself from the Class, you must have mailed a written request for exclusion so that it was postmarked by May 17, 2024, in accordance with the instructions set forth in the notice of class certification disseminated pursuant to Court order. No further exclusion opportunity is being provided under the Settlement.

70.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

71.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before _____, 2025.

72.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.AltaMesaSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73.     Nominees who purchased, acquired, or held Alta Mesa securities for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full

compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses per record; up to a maximum of $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-855-208-4124, and may be downloaded from the Settlement website, www.AltaMesaSecuritiesLitigation.com.

---

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

74.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.AltaMesaSecuritiesLitigation.com, including, among other documents, copies of the Stipulations and Proof of Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulations available at www.AltaMesaSecuritiesLitigation.com, or by contacting Class Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of Texas, between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*Alta Mesa Securities Litigation*
c/o JND Legal Administration
P.O. Box 91218
Seattle, WA  98111

**-or-**

Andrew J. Entwistle
Robert N. Cappucci
ENTWISTLE & CAPPUCCI LLP
500 W. 2nd Street, Suite 1900
Austin, TX 78701
1-512-710-5960
aentwistle@entwistle-law.com
rcappucci@entwistle-law.com

**-or-**

Trig R. Smith
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
rcappucci@entwistle-law.com

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____           By Order of the Court
                                   United States District Court
                                   Southern District of Texas

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Class Member based on the claims in the Action, you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Proof of Claim"). This Proof of Claim incorporates by reference the definitions in the Stipulations of Settlement dated October 16, 2024, October 29, 2024, November 8, 2024, and January 6, 2025 (collectively, the "Stipulations"), which can be obtained at www.AltaMesaSecuritiesLitigation.com. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2025**, ADDRESSED AS FOLLOWS:

*Alta Mesa Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91218
Seattle, WA  98111

Online Submissions:
www.AltaMesaSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

- 1 -

4.    If you are a Class Member and you did not timely request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    CLAIMANT IDENTIFICATION

You are a member of the Class if you: (1) held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with Alta Mesa Holdings and Kingfisher Midstream (the "Business Combination"); or (2) purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run Units (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018; or (3) purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive) (collectively, with Alta Mesa (Silver Run II) common stock and Alta Mesa (Silver Run II) warrants, "Alta Mesa Securities"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each holder, purchaser, or acquirer of record ("nominee") of the Alta Mesa Securities that forms the basis

of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF ALTA MESA SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Alta Mesa Securities from August 16, 2017 through May 17, 2019, inclusive (the "Class Period").

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Alta Mesa Securities" to supply all required details of your transaction(s). If you need more space or additional

schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Alta Mesa Securities that took place between August 16, 2017 and May 17, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number and type of Alta Mesa Securities you held at the close of trading on August 16, 2017, January 22, 2018, and May 17, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Alta Mesa Securities. The date of a "short sale" is deemed to be the date of sale of Alta Mesa Securities.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ALTA MESA SECURITIES SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ALTA MESA SECURITIES**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at _____.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

*In re Alta Mesa Resources, Inc. Securities Litigation*

No. 4:19-cv-00957

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____, 2025**

<u>Please Type or Print</u>

- 5 -

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ALTA MESA SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number ____—____—____   or   Taxpayer Identification Number ____—____

Telephone Number (Primary Daytime) ____—____—____   Telephone Number (Alternate) ____—____—____

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II:        SCHEDULE OF TRANSACTIONS IN ALTA MESA SECURITIES

**A.**    **Number of Alta Mesa shares or units held at the close of trading on August 16, 2017. If none, write "0" or "zero."** \_\_\_

**B.**    **Number of shares of Alta Mesa (Silver Run II) common stock held on January 22, 2018. If none, write "0" or "zero."** _____

**C.**    **Purchases or other acquisitions of Alta Mesa Securities between August 16, 2017 and May 17, 2019, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Type of Security Shares (S), Warrants (W), or Units (U) | Number of Securities Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | □ Y □ N <br> □ Y □ N <br> □ Y □ N |

IMPORTANT: (i)  If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii)  If you received shares through an acquisition or merger at some date beginning August 16, 2017 through May 17, 2019, please identify the date, the share amount, and the company acquired:

\_\_\_\_/ \_\_\_\_/ \_\_\_\_\_        _____        _____
  MM  DD YYYY                Merger Shares                  Company

**D.**    **Sales of Alta Mesa Securities between August 16, 2017 and May 17, 2019, inclusive:**

| Trade Date Month Day Year | Type of Security Shares (S), Warrants (W), or Units (U) | Number of Securities Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|
| 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | □ Y □ N <br> □ Y □ N <br> □ Y □ N |

E.     **Number of Alta Mesa Securities held at the close of trading on May 17, 2019:** _____

Proof of Position Enclosed:□ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

IV.     **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulations described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Texas with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, holdings, or sales of Alta Mesa Securities during the relevant period and know of no other person having done so on my (our) behalf.

V.     **RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge and dismiss from the Released Plaintiffs' Claims each and all of the "Settling Defendants' Releasees," as defined in each of the Stipulations.

2.     "Released Plaintiffs' Claims" is defined in each of the Stipulations.

3.     These releases shall be of no force or effect unless and until the Court approves the Stipulations and the Settlement becomes effective on the Effective Date.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Alta Mesa Securities that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on August 16, 2017, January 22, 2018, and May 17, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____

                                                                (Month/Year)

in _____

         (City)                              (State/Country)


_____

(Sign your name here)


_____

(Type or print your name here)


_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

- 9 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      **Do not send** originals of certificates or other documentation as they will not be returned.

4.      Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send your new address to the address below.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*Alta Mesa Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91218
Seattle, WA  98111

Online Submissions: www.AltaMesaSecuritiesLitigation.com

- 10 -

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

Civil Action No. 4:19-cv-00957

**<u>SUMMARY NOTICE</u>**

**EXHIBIT A-3**

***IF YOU (1) HELD SHARES OF ALTA MESA RESOURCES, INC. ("ALTA MESA") F/K/A SILVER RUN ACQUISITION CORPORATION II ("SILVER RUN II") COMMON STOCK AND/OR SILVER RUN II UNITS ON JANUARY 22, 2018; OR (2) PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF ALTA MESA/ SILVER RUN II FROM AUGUST 16, 2017 THROUGH MAY 17, 2019, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATIONS OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, that in the above-captioned litigation (the "Action"), several separate settlements have been proposed totaling $126.3 million in cash (collectively, the "Settlement"). A hearing will be held on _____, 2025, at __:__ _.m., before the Honorable George C. Hanks, Jr., at the United States District Court, Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX  77002, for the purpose of determining, among other things, whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Class Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and awards to Class Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.**

You may obtain a copy of the Stipulations of Settlement, the Notice of Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release Form ("Proof of Claim") at www.AltaMesaSecuritiesLitigation.com or by contacting the Claims Administrator: *Alta Mesa Securities Litigation*, c/o JND Legal Administration, P.O. Box 91218, Seattle, WA 98111; 1-855-208-4124.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2025, or electronically via the website by that date. If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To have excluded yourself from the Class, you must have mailed a written request for exclusion so that it was postmarked by May 17, 2024, in accordance with the instructions set forth in the notice of class certification disseminated pursuant to Court order. No further exclusion opportunity is being provided under the Settlement, and if you are a Class Member and did not previously exclude yourself from the Class, you will accordingly be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submitted a valid request for exclusion, you are not a Class Member and have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or the fee and expense application must be filed with the Court and sent to Class Counsel and Defendants' counsel no later than _____, 2025, in the manner and form explained in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**. If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Class Counsel at the following addresses:

ENTWISTLE & CAPPUCCI LLP
ANDREW J. ENTWISTLE
ROBERT N. CAPPUCCI
500 W. 2nd Street, Suite 1900
Austin, TX 78701
aentwistle@entwistle-law.com
rcappucci@entwistle-law.com
Telephone: 1-512-710-5960

ROBBINS GELLER RUDMAN & DOWD LLP
TRIG R. SMITH
655 W. Broadway, Suite 1900
San Diego, CA 92101
settlementinfo@rgrdlaw.com
Telephone: 1-800-449-4900

DATED: _____    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**

*In re Alta Mesa Resources, Inc. Securities Litigation*
No. 4:19-cv-00957 (S.D. Tex.)
c/o JND Legal Administration
P.O. Box 91218
Seattle, WA  98111

www.AltaMesaSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

*In re Alta Mesa Resources, Inc. Securities Litigation*
No. 4:19-cv-00957 (S.D. Tex.)
THIS POSTCARD CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.ALTAMESASECURITIESLITIGATION.COM OR CALL 1-855-208-4124 FOR MORE INFORMATION.

If you (1) held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock and/or Silver Run II units on January 22, 2018; or (2) purchased or otherwise acquired securities of Alta Mesa/Silver Run II from August 16, 2017 through May 17, 2019, inclusive (the "Class Period"), you could be entitled to a payment from several separate proposed settlements (collectively, the "Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2025, at _____ ("Settlement Hearing") before the Honorable George C. Hanks, Jr. at the United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002 to determine, among other things, (a) whether the proposed Settlement of the Action against Defendants for $126.3 million and the Plan of Allocation should be approved as fair, reasonable, and adequate, and the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulations of Settlement ("Stipulations") filed with the Court, and (b) whether Class Counsel's application for an award of attorneys' fees of up to 33% of the Settlement Amount, plus interest, expenses not to exceed $7 million, plus interest, and awards to Class Plaintiffs not to exceed $175,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4), should be granted.

The proposed Settlement would resolve a class action lawsuit alleging Defendants violated the federal securities laws. Class Plaintiffs allege that certain Defendants made material misrepresentations and omissions of material facts in the Definitive Proxy Statement issued in connection with the Business Combination in which Silver Run II "de-SPACed," acquiring Alta Mesa Holdings and Kingfisher Midstream and changing its name to Alta Mesa. Class Plaintiffs also allege that certain Defendants made material misrepresentations in other public statements during the Class Period. Defendants deny the allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulations, long-form Notice of Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release Form ("Proof of Claim") by visiting the website: www.AltaMesaSecuritiesLitigation.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Alta Mesa Securities Litigation*, c/o JND Legal Administration, P.O. Box 91218, Seattle, WA 98111; or (ii) call toll-free: 1-855-208-4124.

To qualify for payment, you must submit a valid Proof of Claim, with supporting documentation, postmarked or submitted online no later than _____, 2025. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you previously excluded yourself from the Class as the Settlement does not provide for an additional exclusion opportunity. If you previously excluded yourself, you cannot get money from this Settlement. If you did not exclude yourself and stayed in the Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than _____, 2025. The long-form Notice and the Website explain how to object.

Class Plaintiffs and the Class are represented by Class Counsel: Andrew J. Entwistle and Robert N. Cappucci, Entwistle & Cappucci LLP, 500 W. 2nd Street, Suite 1900, Austin, TX 78710, 1-512-710-5960; and Trig R. Smith, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.