**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO <u>PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)</u>**

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ............................................................................. 1

II. THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR
 APPROVAL OF THE MOTIONS ........................................................................ 2

    A. The Class's Reaction to the Settlement Has Been Overwhelmingly
 Favorable ................................................................................................... 3

    B. The Class's Favorable Reaction Also Strongly Supports Approval of
 Class Counsel's Request for Attorneys' Fees and Expenses .................... 4

III. CONCLUSION ..................................................................................................... 5

## TABLE OF AUTHORITIES

Page

**CASES**

*Burnett v. CallCore Media, Inc.*,
  2024 WL 3166453 (S.D. Tex. June 25, 2024) .............................................................. 3

*Celeste v. Intrusion Inc.*,
  2022 WL 17736350 (E.D. Tex. Dec. 16, 2022) ............................................................ 4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ......................................................... 3, 4

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005) .................................................................. 3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  2017 WL 2481782 (N.D. Cal. June 8, 2017) ............................................................... 3

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ......................................................................................... 5

*Marcus v. J.C. Penney Co., Inc.*,
  2017 WL 6590976 (E.D. Tex. Dec. 18, 2017),
  *R. & R. adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018) ..................................... 4

*Melby v. Am.'s MHT*,
  2018 WL 10399004 (N.D. Tex. June 22, 2018) ........................................................... 3

*Schwartz v. TXU Corp.*,
  2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ............................................................... 4

*Spegele v. USAA Life Ins. Co.*,
  2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ............................................................ 4

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(4) ................................................................................................................. 5

Federal Rules of Civil Procedure
  Rule 23(e)(2) ................................................................................................................ 1

Plaintiffs and Court-appointed Class Representatives FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund (together, "Plaintiffs"),[1] on behalf of themselves and the Court-certified Class, and Lead Counsel respectfully submit this reply memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Settlements and Approval of Plan of Allocation (Dkt. 1022); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (Dkt. 1023) (together, the "Motions").

I.   **PRELIMINARY STATEMENT**

As detailed in Plaintiffs' and Lead Counsel's opening papers in support of the Motions filed on March 26, 2025 (Dkt. Nos. 1022-1024) ("Opening Papers"), the proposed Settlements – providing for $126,300,000 in cash in exchange for the resolution of all claims asserted in the Litigation against Defendants – are fair, reasonable, and adequate under Rule 23(e)(2) and an excellent result for the Class. The Settlements account for the risks of continued prosecution of the Class's claims through the completion of trial, as well as the inevitable post-trial appeals. The Settlements are also the result of protracted arm's-length negotiations, including mediation before former United States District Judge Layn R. Phillips, a highly experienced and respected mediator. The Settlement Fund (after deduction of Court-approved fees and expenses) will be distributed fairly to Class Members pursuant to the Plan of Allocation developed in consultation with Plaintiffs' damages expert. Likewise, Lead Counsel's request for a 33% fee[2] and payment of expenses is fair

---

[1]   Capitalized terms not defined in this reply memorandum have the meanings set forth in the Stipulations of Settlement dated October 16, 2024 (Dkt. 891-3), October 29, 2024 (Dkt. 937-3), November 8, 2024 (Dkt. 946-3), and January 6, 2025 (Dkt. 1019-6), or in the Joint Declaration of Andrew J. Entwistle and Trig R. Smith dated March 26, 2025 (Dkt. 1024).

[2]   If approved, a 33% fee will result in a fractional (or ***negative***) multiplier of approximately 0.59 on Plaintiffs' Counsel's lodestar, meaning that Plaintiffs' Counsel will receive ***less*** than the value of their time spent working on the case for the past six years. As set forth in the previously-filed Fee and Expense Motion, through February 28, 2025, Plaintiffs' Counsel devoted more than

and reasonable considering the excellent result achieved for the Class, the magnitude and caliber of the work performed by Lead Counsel, and the significant risks presented in the Litigation.

In accordance with the Court's January 17, 2025 Order Preliminarily Approving Settlement and Providing for Notice (Dkt. 1020), the Court-appointed Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including dissemination of over 21,790 Postcard Notices to potential Class Members and nominees, publishing a summary notice in *The Wall Street Journal* and transmitting the same over *PR Newswire*, and posting relevant information and documents related to the Settlement – including the Opening Papers – on the dedicated website: www.AltaMesaSecuritiesLitigation.com.[3] Defendants also issued notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq*. (Dkt. 1025). This comprehensive notice program has informed Class Members of the Settlements, the Plan of Allocation, and the requested fees and expenses, as well as their options in connection with the Settlements.

Following this robust notice campaign, there have been ***no*** objections to any aspect of the Settlements, including the Settlement Amounts and terms, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and expenses, further underscoring the positive reaction of the Class.

## II.   THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS

In their Opening Papers, Plaintiffs and Lead Counsel demonstrated that the Settlements, the Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable and

---

82,900 hours to the Litigation, resulting in a lodestar of $70,576,801.50. Dkt. 1023 at 9. Since that date, Lead Counsel have continued to expend time on the Litigation and, if the Settlements are approved, they will expend further time on the Litigation through the completion of the administration of the Settlements and distribution of the Net Settlement Fund.

[3]   *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Continued Notice Dissemination; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion and Objections Received to Date ("Supp. Segura Decl.") attached as Exhibit 1 hereto, ¶¶3-4, as well as the previously-filed Declaration of Luiggy Segura dated March 24, 2025 (Dkt. 1024-2) ("Initial Segura Decl.").

warrant the Court's approval. Now that the time for objecting has passed (on April 9, 2025), the Class's reaction also strongly supports approval of the Motions.

        **A.    The Class's Reaction to the Settlements Has Been Overwhelmingly Favorable**

The absence of any objections clearly supports a finding that the Settlements are fair, reasonable, and adequate. *See, e.g.*, *Burnett v. CallCore Media, Inc.*, 2024 WL 3166453, at *5 (S.D. Tex. June 25, 2024) ("A lack of objection from the class members supports the adequacy of the settlement.");[4] *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *Melby v. Am.'s MHT, Inc.*, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("[O]ne indication of the fairness of a settlement is the lack of or small number of objections.").

Moreover, the absence of any objections by any institutional investors provides particularly strong evidence of the Settlements' fairness. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of objections from institutions means "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The overwhelmingly positive reaction of the Class also supports approval of the Plan of Allocation. *See, e.g.*, *Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017) (approving plan of allocation where "[n]o objections have been filed by any class members to the plan of allocation"), *R. & R. adopted*, 2018 WL 307024, at *1 (E.D. Tex. Jan. 4, 2018); *Schwartz*

---

[4]     Unless otherwise noted, all internal quotation marks, citations, and other punctuation are omitted, and all emphasis is added.

*v. TXU Corp.*, 2005 WL 3148350, at *24 (N.D. Tex. Nov. 8, 2005) (finding plan of allocation fair, reasonable and adequate where, "there has only been one objection to the Plan of Allocation").

**B.     The Class's Favorable Reaction Also Strongly Supports Approval of Lead Counsel's Request for Attorneys' Fees and Expenses**

The positive reaction of the Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and expenses. The absence of any objection to the requested attorneys' fees and expenses strongly supports a finding that the requests are fair and reasonable. *See, e.g.*, *Halliburton*, 2018 WL 1942227, at *12 (finding "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award" and granting requested fee of one-third of the settlement fund); *Celeste v. Intrusion Inc.*, 2022 WL 17736350, at *11 (E.D. Tex. Dec. 16, 2022) (finding that "the reasonableness of the fee award is supported further by the lack of any objection to the request" and granting requested fee of one-third of the settlement fund as "squarely in the accepted range" in the Fifth Circuit); *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at *6 (W.D. Tex. Aug. 26, 2021) (finding that "only one object[ion] to the requested fee and expense award" out of over 110,000 potential class members "supports a finding that the Settlement is fair, reasonable, and adequate" and granting requested fee).

And, as with the Settlements, the lack of any objections by institutional investors further confirms the reasonableness of Lead Counsel's fee and expense request. Institutional investors are sophisticated and often have their own in-house legal departments and access to experienced outside lawyers. They know how to object to fee requests when appropriate. It is telling that none did so here. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

- 4 -

Accordingly, the favorable reaction of the Class provides strong support for the Settlements, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses (including Plaintiffs' requests for reimbursement of their reasonable costs incurred in representing the Class in the Litigation), and this support warrants the Court's approval of the Motions.

### III.   CONCLUSION

This case has been diligently litigated for six years and was three weeks into trial with the remaining Defendants when the final settlement was reached. Lead Counsel obtained an outstanding recovery for the Class.

For the above reasons, and those set forth in their Opening Papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlements, the Plan of Allocation, and the request for attorneys' fees and expenses, including Plaintiffs' request for costs pursuant to 15 U.S.C. §78u-4(a)(4). Copies of: (i) the [Proposed] Final Judgment and Order of Dismissal With Prejudice; (ii) the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund; and (iii) the [Proposed] Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) are submitted herewith.

DATED:  April 23, 2025                                                             Respectfully submitted,

| s/ Andrew J. Entwistle | s/ Trig R. Smith |
|---|---|
| Andrew J. Entwistle (attorney in charge) | Tor Gronborg (*pro hac vice*) |
| State Bar No. 24038131 | Ellen Gusikoff Stewart (*pro hac vice*) |
| Callie Crispin | Trig R. Smith (*pro hac vice*) |
| State Bar No. 24104231 | John M. Kelley (*pro hac vice*) |
| Sal H. Lee | Stephen Johnson (*pro hac vice*) |
| State Bar No. 24127308 | **ROBBINS GELLER RUDMAN** |
| **ENTWISTLE & CAPPUCCI LLP** | **  & DOWD LLP** |
| 500 West 2nd Street, Floor 19, Suite 140 | 655 West Broadway, Suite 1900 |
| Austin, TX  78701 | San Diego, CA  92101 |
| Telephone:  (512) 710-5960 | Telephone:  (619) 231-1058 |
| Facsimile:  (212) 894-7278 | Facsimile:  (619) 231-7423 |

– and –                                                                 *Court Appointed Co-Lead Counsel*

Joshua K. Porter (*pro hac vice*)
Brendan J. Brodeur (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7278

*Court Appointed Co-Lead Counsel*

Carol C. Villegas (*pro hac vice*)
David Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Counsel for Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust*

CERTIFICATE OF SERVICE

I certify that this reply memorandum has been served on counsel of record via the Court's ECF system on April 23, 2025.

                                                     s/ Trig R. Smith
                                                     TRIG R. SMITH