**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**[PROPOSED] FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 17, 2025 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulations of Settlement dated October 16, 2024, October 29, 2024, November 8, 2024, and January 6, 2025 (collectively, the "Stipulations").[1] Due and adequate notice having been given to the Class previously certified by the Court's January 24, 2022 Order as required in the Preliminary Approval Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulations, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise stated herein.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

---

[1] "Settling Parties" means FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, United Association National Pension Fund (f/k/a Plumbers and Pipefitters National Pension Fund), and Camelot Event Driven Fund, a series of Frank Funds Trust (collectively, "Class Plaintiffs") and (i) Riverstone Holdings LLC, Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis, William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald J. Smith, Jeffrey H. Tepper, Thomas J. Walker, Diana J. Walters, and Alta Mesa Resources, Inc., (ii) ARM Energy Holdings, LLC, (iii) Bayou City Energy Management LLC and William McMullen, and (iv) HPS Investment Partners, LLC and Donald Dimitrievich (collectively, the "Settling Defendants"). Although the four groups of Settling Defendants entered into separate Stipulations with Class Plaintiffs, they were presented for review on Class Plaintiffs' single motion and collectively comprise the "Settlement."

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's January 24, 2022 Order, the Class consists of:

(a)   All persons and entities that held shares of Alta Mesa Resources, Inc. ("Alta Mesa") f/k/a Silver Run Acquisition Corporation II ("Silver Run II") common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with Alta Mesa Holdings and Kingfisher Midstream (the "Business Combination") (collectively, persons and entities with these claims may be referred to in these proceedings as the "Section 14a Class Members");

(b)   All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (collectively, persons and entities with these claims may be referred to in these proceedings as the "Silver Run Class Members"); and

(c)   All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive).

Excluded from the Class under the Court's January 24, 2022 Order are the following: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendant, any of the Excluded Officers or Directors or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; and (viii) the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such (collectively, the "Excluded Persons"). For the avoidance of doubt, the Class does not include the plaintiffs in *Alyeska Master Fund, L.P., et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-01189 and in *Orbis Global Equity LE Fund (Australia Registered), et al. v. Alta Mesa Resources, Inc., et al.*, Case No. 4:22-cv-02590 (collectively, the "Individual Action Plaintiffs"). Also excluded from the Class is any other person who opted out of the Class (the "Opt Outs"), as identified in Exhibit A hereto. The Stipulations do not provide for a further opportunity for Class Members to seek exclusion, and the Court has determined that no such further exclusion opportunity is necessary or appropriate.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that:

  (a) in light of the benefits to the Class and the complexity and expense of further litigation, the Settlement is, in all respects, fair, reasonable, and adequate;

  (b) there was no collusion in connection with the Stipulations;

  (c) Class Plaintiffs and Class Counsel have adequately represented the Class;

  (d) the Stipulations were the product of informed, arm's length negotiations among competent, able counsel;

  (e) the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and likely subsequent appeals; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

  (f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

  (g) the record is sufficiently developed and complete to have enabled Class Plaintiffs and Defendants to have adequately evaluated and considered their positions.

  5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulations, as well as the terms and provisions hereof. The Action and all claims contained therein are dismissed with prejudice as to the Class Plaintiffs, and the other Class Members and as against each and all of the Settling

Defendants' Releasees. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulations.

6. No Person shall have any claim against the Class Plaintiffs, Class Counsel, or the Claims Administrator, or any other Person designated by Class Counsel based on determinations or distributions made substantially in accordance with the Stipulations and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7. Upon the Effective Date, Class Plaintiffs, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Settling Defendants' Releasees with prejudice on the merits, whether or not the Class Plaintiffs or such Class Member executes and delivers the Proof of Claim and whether or not each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulations are not released.

8. Upon the Effective Date, Settling Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived,

released, discharged, and dismissed the Settling Plaintiffs' Releasees from all Released Settling Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulations are not released.

9. Upon the Effective Date, the Class Plaintiffs, all Class Members, and anyone claiming through or on behalf of any of them are forever permanently barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Settling Defendants' Releasees.

10. Upon the Effective Date, Settling Defendants shall be discharged from all claims for contribution brought by any other Person, including any Defendant whose Stipulation is not approved, against any of the Settling Defendants and by the Settling Defendants against any other Person other than a Person whose liability has been extinguished by the Settling Defendants' Settlement. Settling Defendants are also finally discharged of all obligations to the Class Plaintiffs and all Class Members arising out of the Action. All Persons whose claims for contribution have been extinguished by this bar order shall be entitled to a judgment reduction to the extent provided by law.

11. The distribution of the Postcard Notice by email and mail (where no email was available), posting of the Notice and Proof of Claim Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice

practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulations, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment.

12.     Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment in this Action.

13.     Neither the Stipulations nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulations or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Settling Defendants' Releasees; or (ii) is or may be deemed to be or may be used as an

admission of, or evidence of, any fault or omission of any of the Settling Defendants' Releasees; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amounts in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Settling Defendants' Releasees may file the Stipulations and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Settlement does not become effective in accordance with the terms of all of the Stipulations, or the Effective Date does not occur as to all of the Stipulations, or in the event that the Settlement Fund, or any portion thereof, is returned to the respective Defendants or their insurers who funded it, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with some or all of the Stipulations; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the applicable Stipulations.

17. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulations or in this Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulations.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

20. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Judgment.

IT IS SO ORDERED.

DATED: _____       _____
THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

*In re Alta Mesa Resources, Inc. Securities Litigation*,
Civil Action No. 4:19-cv-00957

**REQUESTED EXCLUSIONS**

1. Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Global Equity L.P., Orbis Global Equity Fund Limited, Orbis Institutional Funds Limited, Allan Gray Australia Balanced Fund, Orbis OEIC, and Orbis Institutional U.S. Equity L.P. (the "Orbis Funds")
2. Alyeska Master Fund, L.P., Alyeska Master Fund 2, L.P., and Alyeska Master Fund 3, L.P. (the "Alyeska Funds")
3. Luis F. Gutierrez Quintana
4. Michelle Delaney