**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter having come before the Court on April 30, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses (the "Fee Motion"); the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement[1] of this litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Order incorporates by reference the definitions in the separate Stipulations of Settlement between Class Plaintiffs and four groups of Defendants, dated, respectively, October 16, 2024, October 29, 2024, November 8, 2024, and January 6, 2025 (the "Stipulations"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulations.

2.  The Court has jurisdiction to enter this Order and over the subject matter of this Action, as well as personal jurisdiction over all parties to the Action, including all members of the Class who have not timely and validly requested exclusion.

3.  Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law,

---

[1] Although the four groups of Settling Defendants entered into separate Stipulations with Class Plaintiffs, they were presented for review on Class Plaintiffs' single motion and collectively comprise the "Settlement."

constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 33% of the Settlement Amount, plus expenses in the amount of $6,068,414.24, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulations, and in particular, ¶9.3 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Fifth Circuit and found that:

(a) The Settlement has created a fund of $126.3 million in cash, pursuant to the terms of the Stipulations, and Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved by the Class Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The amount of attorneys' fees awarded hereby are fair and reasonable and are consistent with fee awards approved in cases within the Fifth Circuit with similar recoveries;

(d) Lead Counsel have conducted the Action and achieved the Settlements with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e) Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(f) Lead Counsel pursued the Action on a contingent basis;

(g) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h) The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Class Members to benefit from the recovery without further delay or expense; and

(i) over 21,000 Postcard Notices were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 33% of the Settlement Amount and for expenses in an amount not to exceed $7 million, and no objections to the fees or expenses were filed by Class Members.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), for the time they spent directly related to their representation of the Class, the Court awards: (i) a total of $50,000 to FNY Partners Fund LP and FNY Managed Accounts, LLC; (ii) $50,000 to Paul J. Burbach; (iii) $10,232.75 to United Association National Pension Fund; and (iv) $10,000 to Camelot Event Driven Fund, a series of Frank Funds Trust.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulations, this Order shall be rendered null and void to the extent provided in the Stipulations and shall be vacated in accordance with the Stipulations.

IT IS SO ORDERED.

DATED: _____   _____
                                  THE HONORABLE GEORGE C. HANKS, JR.
                                  UNITED STATES DISTRICT JUDGE