United States District Court
Southern District of Texas
**ENTERED**
October 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-00957 |

## ORDER APPROVING DISTRIBUTON PLAN

Lead Plaintiffs and Court-appointed Class Representatives FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach, and United Association National Pension Fund moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of Lead Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Luiggy Segura in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan attached thereto (the "Segura Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement Between the Class Plaintiffs and HPS Investment Partners, LLC and Donald Dimitrievich (Dkt. 1019-3), Stipulation and Agreement Between the Class Plaintiffs and ARM Energy Holdings, LLC (Dkt. 1019-4), Stipulation and Agreement Between the Class Plaintiffs and Bayou City Energy Management LLC and William McMullen (Dkt. 1019-5) and Stipulation and Agreement Between the Class Plaintiffs and Alta Mesa Resources, Inc., Harlan H. Chappelle, Stephen S. Coats, Michael E. Ellis,

William D. Gutermuth, James T. Hackett, Pierre F. Lapeyre, Jr., David M. Leuschen, Donald R. Sinclair, Ronald Smith, Jeffrey H. Tepper, Thomas J. Walker, Diana J. Walters and Riverstone Holdings LLC (Dkt. 1019-6) (collectively, the "Stipulations"), and the Segura Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulations or in the Segura Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

4. The administrative recommendations of the Court-approved Claims Administrator, JND Legal Administration ("JND"), to accept the Timely Eligible Claims stated in Exhibit C to the Segura Declaration and the Late But Otherwise Eligible Claims stated in Exhibit D to the Segura Declaration, are adopted;

5. The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit F to the Segura Declaration, are adopted;

6. No new Claims received after September 15, 2025 will be accepted, and no further adjustments to submitted Claims received on or before September 15, 2025, may be made for any reason on or after September 15, 2025, except for good cause shown.

7. JND is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing

2

appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability and claims administration-related contingencies that may arise, as stated in paragraph 45 of the Segura Declaration. Specifically, as stated in paragraph 45 of the Segura Declaration:

a) JND will calculate award amounts to all Authorized Claimants by calculating their pro rata share of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

b) Pursuant to the terms of the Plan of Allocation, JND will eliminate from the Initial Distribution any Authorized Claimants whose pro rata share calculates to less than $10.00.

c) After removing all Claimants who would have received less than $10.00, JND will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would receive $10.00 or more pursuant to the calculations described above. This *pro rata* share is the Authorized Claimant's "Distribution Amount."

d) Authorized Claimants whose Distribution Amount calculates to less than $100.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions.

e) After deducting the payments to Claims Paid in Full, 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $100.00 or more. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise following the Initial Distribution. To the extent that the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in paragraph 46 of the Segura Declaration.

f) In order to encourage Authorized Claimants to promptly deposit their payments, all Initial Distribution checks will bear a notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION 90 DAYS AFTER ISSUE DATE.

g) Authorized Claimants that do not cash their Initial Distribution checks within the time allotted or on the conditions set forth above will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants that do not cash their second or subsequent distribution checks, should such distributions occur, within the time allotted or according to the conditions set forth in footnote 2 of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

8.  After JND has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in footnote 2 of the Segura Declaration, if there is any balance remaining in the Net Settlement Fund after a reasonable time after the Initial Distribution (whether by reason of tax refunds, uncashed checks or otherwise), then, if feasible and economical, JND will conduct a Second Distribution of the Net Settlement Fund pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed in an equitable and economic fashion to Authorized Claimants in the Initial Distribution (other than Claims Paid in Full) that cashed their Initial Distribution checks and that would receive at least $10.00 in the Second Distribution based on their *pro rata* share of the remaining funds.

9.  After the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks or otherwise, if cost effective, JND will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after deducting JND's unpaid fees and expenses incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated costs of such additional distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be

5

distributed to Authorized Claimants who cashed their most recent distribution checks in an equitable and economic fashion. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter at reasonable intervals until Class Counsel, in consultation with JND, determines that further redistribution is not cost-effective.  Once Class Counsel determine it is not cost effective to make any further distributions, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Settlement and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be donated to Lone Star Legal Aid.

10. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlements, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlements beyond the amounts allocated to Authorized Claimants;

11. All of JND's fees and expenses incurred in the administration of the Settlements and estimated to be incurred in connection with the Distribution of the Net

Settlement Fund as stated in the invoices attached as Exhibit F to the Segura Declaration are approved, and Lead Counsel are directed to pay the outstanding balance of $140,864.13 out of the Settlement Fund to JND;

12.　　Unless otherwise ordered by the Court, JND may destroy the paper copies of the Claims and all supporting documentation one year after all funds have been distributed, and may destroy electronic copies of the same three years after all funds have been distributed; and

13.　　This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and any other and further relief that this Court deems appropriate.

SO ORDERED this ___30th___ day of ___October___ 2025.

*George C. Hanks Jr*
The Honorable George C. Hanks
United States District Judge